# EXHIBIT 1

FILED: NEW YORK COUNTY CLERK 04/19/2010
NYSCEF DOC. NO. 1

INDEX NO. 650279/2010
RECEIVED NYSCEF: 04/19/2010

10-03635-jpm   Doc 3-1   Filed 09/21/10   Entered 09/21/10 17:32:58   Exhibits 1-5
Pg 2 of 33

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

FAIRFIELD SENTRY LIMITED,                              :
FAIRFIELD SIGMA LIMITED,                               :
                                                       :        Index No.
                                  Plaintiffs,          :
                                                       :
        -against-                                      :        **SUMMONS WITH NOTICE**
                                                       :
HSBC PRIVATE BANK (SUISSE) SA and                      :
BENEFICIAL OWNERS OF THE ACCOUNTS HELD                 :
IN THE NAME OF HSBC PRIVATE BANK (SUISSE)              :
SA 1-1000,                                             :
                                                       :
                                  Defendants.          :

-------------------------------------------------------------------X

        To:    HSBC PRIVATE BANK (SUISSE) SA
               2 QUAI GENERAL GUISAN
               P.O. BOX 3580
               CH-1211 GENEVA
               SWITZERLAND

               BENEFICIAL OWNERS OF THE ACCOUNTS HELD IN THE NAME OF
               HSBC PRIVATE BANK (SUISSE) SA 1-1000
               C/O HSBC PRIVATE BANK (SUISSE) SA
               2 QUAI GENERAL GUISAN
               P.O. BOX 3580
               CH-1211 GENEVA
               SWITZERLAND

        You are hereby summoned and required to serve upon plaintiff's attorney, at the address

stated below, a notice of appearance or demand for a complaint.

        If this summons was personally served upon you in the State of New York, your notice of

appearance or demand for a complaint must be served within twenty (20) days after such service

of the summons, excluding the date of service.  If the summons was not personally delivered to

you within the State of New York, your notice of appearance or demand for a complaint must be

served within thirty (30) days after service of the summons is complete, as provided by law.

The nature of this action is for mistake and restitution based on payments made by plaintiffs Fairfield Sentry Limited and Fairfield Sigma Limited ("Plaintiffs") to Defendants from and after April 20, 2004. Plaintiffs seek damages in the amount of all such mistaken payments, believed to exceed $121.7 million, restitution of amounts paid by mistake and/or such other contractual and equitable remedies as are available to it under law. Plaintiffs' claims arise out of payments made to Defendants in respect of interests in the shares of the Plaintiffs.

If you do not serve a notice of appearance or demand for a complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the sum of $121,703,846.01, in addition to any applicable interest and the costs and disbursements associated with this action.

The action will be heard in the Supreme Court of the State of New York, County of New York. The basis of venue is the designation by Plaintiffs pursuant to CPLR 503(a).

Dated: New York, New York
       April 19, 2010

BROWN RUDNICK LLP

By: _David    Molton_

David Molton, Esq.
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
dmolton@brownrudnick.com
*Counsel for Plaintiffs*

EXHIBIT 2

**THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

Claim No: BVIHC (COM) 7/2009



Between



Fairfield Sentry Limited (in Liquidation)

**Claimant**

and

Banco General SA/ Banca Privada

**First Defendant**

and Others (See Attached Schedule)

**Second – Thirty First Defendants**

**Claim Form**

The Claimant, FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) of Romasco Place, Wickhams Cay I, Road Town, Tortola, British Virgin Islands claims against the Defendants:

1.    Restitution severally from the Defendants of the sums set out against each of their names in the attached schedule, amounting in aggregate to the sum of US$36,862,658.02 and paid by the Claimant under a mistake of fact as to the amount payable to each of the Defendants upon the redemption of the various Defendants' shareholdings in the Claimant during November 2003 Alternati~~ such other sum as the Court thinks fit;

2.    Interest on the said sum to be assessed;

3.    Further or other relief; and

4.    Costs.

**NOTICE TO THE DEFENDANTS – See the notes served with this claim form**

This claim form must contain or have served with it either a statement of claim or a copy of a court order entitling the claimant to serve the claim form without a statement of claim.

If you do not complete the form of acknowledgement of service served on you with this claim form and deliver or send it to the court office (address below) so that they receive it within 14/21 days of service of this claim form on you, the Claimant will be entitled to apply to have judgment entered against you.  The form of acknowledgement of service may be completed by you or a legal practitioner acting for you.

You should consider obtaining legal advice with regard to this claim

This claim form has no validity if it is not served within 6 months of the date below unless it is accompanied by an order extending that time.

Dated the 18th day of November 2009


Robert Nader
FORBES HARE
Legal Practitioners for the Claimant

The Claimant's solicitors are Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola. Tel: 494 1890. Fascimile: 494 1316

The court office is at Main Street, Road Town, Tortola, British Virgin Islands telephone number 468 5808, Fascimile 494 6664.  The office is open between 8:30am and 4:30pm Monday to Friday except public holidays.

The Claimant's address for service is c/o Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola. Tel: 494 1890. Fascimile: 494 1316

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

Claim No: BVIHC (COM)     /2009

Between

Fairfield Sentry Limited (in Liquidation)

Claimant

and

and Banco General SA/ Banca Privada

Defendant

and Others (see Schedule)

Second – Thirty First Defendants

## SCHEDULE OF DEFENDANTS

| | Name | Address | Date | Amount (US$) |
|---|---|---|---|---|
| 1) | Banco General SA/ Banca Privada | c/o Celideth Guevara, Wall Street Securities Building, Calle Aquilano de la Guardia, Panama, Republic of Panama. | 19/11/03 | 108,573.84 |
| 2) | Bank Julius Baer & Co Limited | Bahnhofstrasse 36, Postfach   CH-8010 Zurich, Switzerland | 19/11/03 | 19,110.07 |
| | | | 19/11/03 | 38,220.13 |

| | | | | |
|---|---|---|---|---|
| | | | 19/11/03 | 217,854.75 |
| | | | 19/11/03 | 229,320.79 |
| 3) | Bank Morgan Stanley AG | Bahnhofstrasse 92, 8023, Zurich, Switzerland | 19/11/03 | 703,642.19 |
| 4) | Bankmed (Suisse) SA | 3 Rue du Mont-Blanc, 1201 Geneva, Switzerland | 19/11/03 | 47,775.17 |
| | | | 19/11/03 | 51,597.18 |
| 5) | Banque Colbert Luxembourg SA FBO Arab Investor Fund of Funds | B.P. 736, L-2017, R.C. Luxembourg B 34726 | 19/11/03 | 299,999.37 |
| 6) | Barclays Bank SA | Matteo Innurria 15, 28036, Madrid, Spain | 19/11/03 | 301,681.06 |
| 7) | Blubank Ltd | Apartado 87-0553, Panama 7, Republic of Panama | 19/11/03 | 323,839.18 |
| 8) | Caja de Ahorros y Monte de Piedad de Madrid | Paseo de la Castellana 189, 3e Planta, 28046, Madrid, Spain | 19/11/03 | 2,181,060.50 |
| 9) | Melrose Investments Ltd | Maria Del Cocorro de Garces, 785 Park Avenue (8E), New York NY10021, USA | 19/11/03 | 25,000.00 |
| 10) | Citco Global Custody NV - Reinvest | Citco Global Security Services Ltd, 2600, Cork Airport Business Parke, Kinsale Road, Cork, Ireland | 19/11/03 | 2,985,947.81 |
| 11) | Citco Global Custody NV- Cash | Citco Global Security Services Ltd, 2600, Cork Airport Business Parke, Kinsale Road, Cork, Ireland | 19/11/03 | 100,002.98 |
| | | | 19/11/03 | 126,212.43 |
| | | | 19/11/03 | 225,317.23 |
| | | | 19/11/03 | 800,004.69 |
| | | | 19/11/03 | 2,039,044.04 |
| | | | 19/11/03 | 2,040,286.20 |
| | | | 19/11/03 | 2,149,997.09 |
| | | | 19/11/03 | 2,985,947.81 |
| | | | 19/11/03 | 4,000,004.35 |

| | | | | |
|---|---|---|---|---|
| | | | | 71,118.11 |
| 12) | Citivic Nominees Ltd | Citigroup NA, 1st Floor, North Quay, Dublin, Ireland | 19/11/03 | 139,503.48 |
| 13) | Coutts (USA) International | Suite 2300, 701 Brickell Avenue, Miami, Florida 33131, USA | 19/11/03 | 30,002.80 |
| 14) | Credit Suisse (Luxembourg) SA A/C LEU Prima Global Fund | PO Box 40, L-2010, Luxembourg | 19/11/03 | 100,002.98 |
| 15) | Credit Suisse London Nominees Ltd | 5 Cabot Square, London E14 4QR, United Kingdom | 19/11/03 | 519,354.26 |
| 16) | Deutsche Bank (Suisse) SA | PO Box 1416, CH-1211, Geneva 1, Switzerland | 19/11/03 | 209,255.22 |
| 17) | Firstrand Nominees Limited | PO Box 7283, Pretoria, South Africa | 19/11/03 | 143,067.51 |
| | | | | 367,572.56 |
| 18) | Hyposwiss Private Bank Geneve SA | 7 Rue des Alpes, Case Postale 1380, CH-1211, Geneva 1, Switzerland | 19/11/03 | 74,309.49 |
| 19) | Stonehage SA | Rue du Puits-Godet 12, PO Box 126, CH-2005 Neuchatel, Switzerland | 19/11/03 | 383,644.13 |
| 20) | Lloyds TSB Bank Plc | One Biscayne Tower, Suite 3200, 2 South Biscayne Boulevard, Miami, Florida 33131, USA | 19/11/03 | 473,920.08 |
| | | | 19/11/03 | 262,362.10 |
| | | | 19/11/03 | 369,903.99 |
| | | | 19/11/03 | 239,315.36 |
| | | | 28/11/03 | 369,903.99 |
| 21) | Merrill Lynch Bank (Suisse) SA | 18 Rue des Contamines, CH-1211, Geneva 3, Switzerland | 19/11/03 | 366,607.51 |
| 22) | PRS International (Cayman) Ltd | 801 Brickell Avenue, 16th Floor, Miami, Florida, 33131 | 19/11/03 | 100,002.98 |
| 23) | Quilvest Switzerland Ltd | Stockerstrasse 23, CH-8002, Zurich, Switzerland | 19/11/03 | 578,079.50 |
| 24) | SG Private Banking (Suisse) SA | PO Box 220, Avenue de Rumine 20, CH-1001, | 19/11/03 | 143,325.50 |

| | | Lausanne | | |
|---|---|---|---|---|
| 25) | SNS Global Custody BV REF SNS Bank | Pettelaarpark 120, Postbus 70053, 5201 DZ'S Hertogenbosch, the Netherlands | 19/11/03 | 119,437.91 |
| 26) | UKFP (Asia) Nominees Ltd | Unit D, 10F Greenwich Centre, 260 Kings Road, Fortress Hill, Hong Kong | 19/11/03 | 29,563.27 |
| | | | 19/11/03 | 38,009.92 |
| 27) | W.J.G Aalders Junior | Westplein 5, 3016 BM Rotterdam, the Netherlands | 19/11/03 | 249,997.88 |
| 28) | ZCM Asset Holding Company (Bermuda) Ltd | c/o BNP Paribas Securities Corp, 787 Seventh Avenue, New York, NY 10019 USA | 19/11/03 | 135,003.06 |
| 29) | Zeban Nominees Ltd | c/o Barclays Private Bank Limited, Eagle Court, Lynch Wood, Peterborough, United Kingdom | 19/11/03 | 270,598.53 |
| 30) | Banco Atlantico Bank & Trust Ltd (Bahamas) | c/o FT Consultants Ltd, PO Box N-3932, Nassau, Bahamas | 21/11/03 | 8,791,184.55 |
| 31) | Lombard Odier Darier Hentsch & Cie | 11 Rue de la Corraterie, Case Postale 1211, Geneva 11, Switzerland | 24/11/03 | 287,176.52 |
| | TOTAL | | | $36,862,658.02 |

**The Eastern Caribbean Supreme Court**
**In the High Court of Justice**
**Virgin Islands**
**Commercial Division**

**Claim No: BVIHC (COM)     /2009**

**Between**

> **Fairfield Sentry Limited (in Liquidation)**

**Claimant**

**and**

> **Banco General SA/ Banca Privada**

**First Defendant**

**And Others**

**Second to Thirty First Defendants**

---

## CLAIM FORM

---

Forbes Hare
P.O. Box 4649
Road Town
Tortola
British Virgin Islands
Tel: (284) 494 1890
Fax: (284) 494 1136
Legal Practitioners for the Claimant

EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

# Minutes of Proceedings

_____

Date:   **July 22, 2010**
-------------------------------------------------------------
In re:

| | |
|---|---|
| **Fairfield Sentry Limited, et al.** | **Chapter 15** |
| | **Case No.  10-13164 (BRL)** |
| | **Jointly Administered** |
| **Debtors in Foreign Proceedings.** | |

-------------------------------------------------------------

**Present:   Hon.   Burton R. Lifland        Monica Saenz de Viteri        ECRO**
                  **Bankruptcy Judge         Courtroom Deputy         Court Reporter**

**Proceedings:**

⊠ **Chapter 15 Petitions of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma") and Fairfield Lambda Limited ("Lambda") for Recognition of Foreign Proceedings**

**Orders:**      ⊠ **Relief sought in the Motion:**
                   ¤ **Denied**   ⊠ **Granted**   ¤ **Dismissed**      ¤ **Awarded by Default**
                   ⊠ **Matter taken under advisement**
                   ¤ **Formal order or Judgment to enter**
                   ¤ **Confirmation/modification of plan**        ¤ **granted**      ¤ **denied**

⊠ **As per the record of the hearing held on July 22, 2010, and based on Exhibit A attached hereto, the Court finds that (1) the Sentry British Virgin Islands ("BVI") liquidation proceeding is a foreign main proceeding as defined in section 1517(b)(1) of the Bankruptcy Code; (2) the Sigma and Lambda BVI liquidation proceedings are recognized as foreign main proceedings; and (3) the Petitioners' request for specific relief under section 1521 of the Bankruptcy Code, with the limited exception of the BLMIS Trustee's pending adversary proceeding against Sentry (Adv. Proc. No. 09-1239), as described in Exhibit A to this Minute Order, is hereby granted.**

**It is So Ordered.**

**BY THE COURT**                              **FOR THE COURT:  Vito Genna, Clerk**

  **/s/ Burton R. Lifland**              **July 22, 2010**    By: **/s/ Monica Saenz de Viteri**
**United States Bankruptcy Judge**          **Date**              **Deputy Clerk**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:                                                                        Chapter 15

FAIRFIELD SENTRY LIMITED, et al.,                    Case No. 10-13164 (BRL)

                                                                              Jointly Administered

        Debtors in Foreign Proceedings.
----------------------------------------------------------X

APPEARANCES**:**

BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Tel.: (212) 209-4800
David J. Molton
William R. Baldiga
Daniel J. Saval
May Orenstein
Tally M. Wiener

*Attorneys for Petitioners*

MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
Tel.: (212) 594-5300
Robert A. Wallner
Kent A. Bronson
Kristi Stahnke McGregor

SEEGER WEISS LLP
One William Street
New York, New York 10004
Tel.: (212) 584-0700
Stephen A. Weiss
James A. O'Brien III
Christopher M. Van de Kieft
Parvin Aminolroaya

*Attorneys for Morning Mist Holdings*
*Limited and Miguel Lomeli*

<u>Before</u>: Hon. Burton R. Lifland
      United States Bankruptcy Judge

### EXHIBIT A - BENCH MEMORANDUM AND ORDER GRANTING CHAPTER 15 PETITIONS OF FAIRFIELD SENTRY LIMITED, FAIRFIELD SIGMA LIMITED, AND <u>FAIRFIELD LAMBDA LIMITED FOR RECOGNITION OF FOREIGN PROCEEDINGS</u>

Before the Court is the petition (the "Petition")[1] of Kenneth Krys and Christopher Stride (the "Petitioners" or "Liquidators"), Liquidators of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma"), and Mr. Stride as Liquidator of Fairfield Lambda Limited ("Lambda," and together with Sentry and Sigma, the "Debtors"), for foreign recognition of each of the Debtors' liquidation proceedings (collectively, the "BVI Liquidation Proceedings") pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court"). The Debtors were established as vehicles for mainly non-U.S. persons and certain tax-exempt United States entities to invest with Bernard L. Madoff Investment Securities LLC ("BLMIS"). Between February and April 2009, shareholders and creditors of the Debtors applied for the appointment of liquidators for each of the Debtors in the BVI Court. Mr. Stride was appointed liquidator of Lambda pursuant to an April 23, 2009 Order of the BVI Court. On July 11, 2009, the Sentry and Sigma BVI Liquidation Proceedings were commenced, followed by the appointment of the Petitioners as joint liquidators of Sentry and Sigma on July 21, 2009.

The Petitioners seek recognition of the BVI Liquidation Proceedings as foreign main proceedings under section 1517(b)(1) of the Bankruptcy Code (the "Code"), or in the alternative, as foreign nonmain proceedings under section 1517(b)(2) of the Code. The only objection to the Petition was filed with respect to Sentry by Morning Mist Holdings Limited and Miguel Lomeli

---

[1] The Court's June 16, 2010 Order authorizes the joint administration of the Sentry, Sigma, and Lambda chapter 15 proceedings. *See* Dkt. No. 10.

(collectively, the "Objectors"), who are investors in Sentry and plaintiffs in a putative derivative action on Sentry's behalf in New York State Supreme Court.  At bottom, the main point of contention between the parties seems to be whether, as the Petitioners argue, citing *Lavie v. Ran*, No. 09-20288, 2010 WL 2106638, at *7 (5th Cir. May 27, 2010), the Debtors' center of main interests ("COMI") should be measured as of the date of the Petition and the Court should consider the liquidation proceeding as ongoing business activities, or, as the Objectors argue, COMI should include the period prior to and leading up to the filing of the Petition and the Court should focus only on the Debtors' business activities prior to the liquidation, as those were the economic and business functions contemplated by their charters.  The contentions of both parties are misplaced, as a review of the relevant factors places the COMI focus in the BVI for the pre- and post-liquidation periods.

## DISCUSSION

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 1011(a) and (b) relates to contested petitions for recognition of a foreign proceeding, as is the case here.  Thus, it would not appear that a hearing is usually necessary, as Bankruptcy Rule 1011(b) treats the matter as a "motion" under Federal Rule of Civil Procedure ("Rule") 12 with no other pleadings permitted. FED. R. BANKR. P. 1011(a), (b), (e).  Nevertheless, the parties have amplified the proceedings by an evidentiary hearing and submissions, not all of which are relevant to the basic issue of recognition.

As a preliminary matter, and based upon the relevant evidence, the Court finds that the BVI Liquidation Proceedings are foreign proceedings under section 101(23) of the Code, as they are "collective judicial or administrative proceeding[s] in a foreign country . . . under a law relating to insolvency . . . in which . . . the assets and affairs of the debtor are subject to control

3

or supervision by a foreign court for the purpose of . . . liquidation." 11 U.S.C. § 101(23).

Section 1517(a) of the Code requires recognition of the BVI Liquidation Proceedings if (1) they are main or nonmain proceedings within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515. Requirements (2) and (3) are undisputed and clearly satisfied, as the Petitioners are "persons," and the Petition includes the necessary certifications under section 1515(b) of the Code. *See, e.g.*, Verified Petition, Ex. A, Dkt. No. 2. In addition, the Petitioners have filed updated statements under section 1515(c) of the Code apprising the Court of Sentry's pending foreign recognition proceeding in Ireland, where Sentry apparently maintains an account holding approximately $73 million. The parties have agreed on the record that this case concerns (i) whether the BVI Liquidation Proceedings should be recognized as main proceedings or, in the alternative, foreign nonmain proceedings pursuant to Chapter 15 of the Bankruptcy Code, and (ii) if the Debtors' foreign proceedings are so recognized, whether Petitioners are entitled to other relief as requested in the Verified Petition filed by the Petitioners. Dkt. No. 2. Therefore, the Court will focus solely on whether under requirement (1) the proceedings are main or nonmain.

### a.  Recognition of the BVI Liquidation Proceedings as Foreign Main Proceedings

Courts will recognize a liquidation proceeding as a "foreign main proceeding" if it is "pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). It is the Petitioners' burden to persuade the Court by a preponderance of the evidence that the Debtors' COMI is in the BVI. Section 1516(c) of the Code recognizes the importance of the debtor's place of registration in determining COMI by creating a rebuttable presumption that "[i]n the absence of evidence to the contrary, the debtor's registered

4

office . . . is presumed to be [its COMI]." 11 U.S.C. § 1516(c). Here, it is undisputed that the

Debtors are incorporated and maintain their registered offices in the BVI.[2] However, as the

Objectors have advanced evidence in support of their position that New York is the proper

COMI, the Court cannot rely solely upon this presumption, but rather must consider all of the

relevant evidence. *See In re Bear Stearns High-Grade Structured Credit Strategies Master*

*Fund, Ltd.*, 374 B.R. 122, 128 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008); *In*

*re Betcorp Ltd.*, 400 B.R. 266, 285–86 (Bankr. D. Nev. 2009).

In this case, it is apparent from all of the relevant evidence that the Debtors effectively

ceased doing business more than 18 months before their Petition and 7 months before the BVI

Liquidation Proceedings commenced. Upon the revelation of the notorious Madoff fraud in

December of 2008, the Debtors discontinued the transfer of funds for investment with BLMIS in

New York, which comprised 95% of Sentry's investments. The board of representatives at the

Debtors' New York-based investment managers, Fairfield Greenwich Group ("FGG"), resigned

shortly thereafter, and the Debtors' contracts with FGG were severed in 2009, still long before

the filing of the Petition. As a result, the Debtors have no place of business, no management, and

no tangible assets located in the United States. Rather, the Debtors' activities for an extended

period of time have been conducted only in connection with winding up the Debtors' business.

Under these circumstances, it is appropriate for the Court to consider this extended period in

determining COMI. The Court finds that the facts now extant provide a sufficient basis for

---

[2] The Objectors point out that Sentry's Memorandum of Association (the "MOA") restricts Sentry from "carry[ing] on business with persons resident in the [BVI]" or "own[ing] an interest in real property situate[d] in the [BVI]" other than "for use as an office from which to communicate with members or where books and records of the Company are prepared or maintained." Decl. of Kenneth Krys, Ex. E, at 1–2, ¶ 4. In response, the Petitioners argue that "the MOA in no way restricts the conduct of COMI-determinative activities in the BVI, including management activities and the maintenance and administration of assets," nor does it restrict "any of the activities of the liquidators in the BVI in furtherance of the liquidation of Sentry." Reply at 25–26, ¶¶ 36–37.

finding that the Debtors' COMI for the purpose of recognition as a main proceeding is in the BVI, and not elsewhere.

Although the Debtors' assets and investors are international, the facts before the Court suggest that the Debtors' most feasible administrative "nerve center" has existed for some time in the BVI. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193–94 (2010). In the approximately 7 months between December 2008 and the commencement of the BVI Liquidation Proceedings, an independent litigation committee governed Sentry's affairs. This committee was comprised of non-United States-based directors, and the majority of its administrative decision-making originated in the BVI. Although one board meeting was held in New York days after the Madoff fraud disclosure, 41 meetings were conducted telephonically by Sentry's counsel, Forbes Hare, in the BVI. Further, since the commencement of the BVI Liquidation Proceedings in July 2009, the BVI-based Liquidators have been directing and coordinating the Debtors' affairs. The Debtors maintain liquid assets of approximately $17.5 million in a BVI account, and United States citizens hold less than 10% of the equity in Sentry and comprise only approximately 17% of all record Sentry shareholders. At oral argument today, it became apparent that out of 1100 record shareholders, 195 are based in the United States, which is a substantial number, but clearly not a majority. The Liquidators continue to garner assets from various international locations, including Ireland and England, to administer in the BVI. The Liquidators have BVI-resident employees and offices, and have undertaken to transfer significant books and records to office space leased by the Debtors in the BVI. It has been held that where, by necessity and in good faith, a foreign representative "relocates all of the primary business activities of the debtor to his location (or brings business to a halt), thereby causing other parties to look to the judicial manager as the location of [the] debtor's business," the debtor's COMI may "become lodged

6

with the foreign representative." *See In re British Am. Ins. Co. Ltd.*, 425 B.R. 884, 914 (Bankr. S.D. Fla. 2010). [3] There being no showing of bad faith on the part of the BVI Liquidators, and given that the Debtors are incorporated in and maintain their registered offices in the BVI, the Court finds it more compelling that the Debtors' COMI lies in the BVI than in New York, or in any of the Debtors' other various international contacts.

Furthermore, while the Objectors argue that the Debtors presently maintain substantial intangible assets in New York, these primarily consist of contingent and disputed litigation claims. The BLMIS Trustee seeks to have the Debtors' claims of over $6.2 billion against BLMIS disallowed, and the Petitioners dispute the Objectors' putative derivative claim pending in the New York State Supreme Court against Sentry's managers and advisors on the bases that, *inter alia*, (i) the Objectors lack standing and (ii) the actions were commenced in violation of BVI law. Based on the facts before the Court at this time, these unliquidated, contingent, and disputed claims should be given no greater weight for COMI purposes than any of the Debtors' other substantial litigations relating to assets that are pending in Ireland and the BVI.[4]

In any proceeding for foreign recognition, of great concern to the Court is the potential for mischief and COMI manipulation, as recently expressed by the Fifth Circuit in *In re Ran*, 2010 WL 2106638, at *8 (recognizing, in dicta, that the case before it, involving an individual and not an entity, "d[id] not involve a recent change of domicile by the party in question, [and]

---

[3] Some commentators would treat COMI like a migrating concept that—roulette wheel-like—gets measured at the moment (the "foreign proceeding commencement date") when the wheel stops. This concept leaves the door open for an untoward gaming of the proceedings (a situation contemplated recently by court in *In re Ran*, 2010 WL 2106638, at *8).

[4] The Petitioners are seeking relief in Ireland for $73 million and have commenced 6 sets of proceedings in the BVI against 160 defendants seeking recovery of redemptions paid out of Sentry before the exposure of the BLMIS fraud. In addition, as of the Petition date, approximately 85% of all actions against redeemers were directed at non-U.S. defendants.

[a] similar case brought immediately after the party's arrival in the United States following a long period of domicile in the country where the bankruptcy is pending would likely lead to a different result").  The Court is mindful that some consolidated BVI-focused activity occurred during the 11-month period between the Liquidators' appointment and the Petition, and that the Debtors are no longer doing business in accordance with the original Sentry charter.  However, the record as to the relevant time period beginning December 2008, which straddles the Liquidators' appointment dates, does not support a finding of an opportunistic shift of the Debtors' COMI or any biased activity or motivation to distort factors to establish a COMI in the BVI.[5]  Indeed, during this key period between December 2008 and the BVI Liquidation Proceedings, the Debtors' administrative nerve center existed in the BVI.  *See Hertz Corp.*, 130 S. Ct. at 1193–94.

Accordingly, and bearing in mind that "non-recognition where recognition is due may forestall needed inter-nation cooperation," the Petition for recognition of the BVI Liquidation Proceedings as a foreign main proceeding is hereby granted, subject to a further review under sections 1517(d) and 1522(c) of the Code should other contrary factors come to light to indicate that a different holding is warranted.[6]  *In re Betcorp*, 400 B.R. at 291.

---

[5] Of note, the procurement of the Sentry BVI Liquidation Proceedings was at the behest of shareholders, and not management.

[6] Section 1517(d) of the Code states:

> the provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or ceased to exist, but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition.

Section 1522(c) of the Code states:

> The court may, at the request of the foreign representative or an entity affected by relief granted

### b. The Petitioners' Requested Relief Under Section 1521(a) of the Code

Furthermore, even if the Court were to alternatively recognize the BVI Liquidation Proceedings as nonmain proceedings, the Court is constrained to grant the specific relief the Petitioners separately request under section 1521 of the Code as a supplement to the automatic relief accorded under section 1520. The Petitioners seek relief under section 1521 of the Code, *inter alia*, staying the Objectors' purported derivative action, as well as all actions concerning the Debtors' rights and assets, with the limited exception of recognizing and implementing the stipulation entered into in the BLMIS Trustee's adversary proceeding against Sentry, with respect to which the parties continue to engage in good faith efforts to facilitate settlement.

The Court is empowered to grant relief under section 1521 of the Code upon its recognition of a foreign proceeding, "whether main or nonmain, where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). Such relief includes "staying . . . proceeding[s] concerning the debtor's assets, rights . . . or obligations" and "entrusting the . . . realization of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative." Granting the specific relief sought by the Petitioners with regard to the BLMIS Trustee's adversary proceeding does not violate United States public policy under section 1506 of the Code, which should be narrowly construed. *See In re RSM Richter Inc. v. Aguilar (In re Ephedra Prods. Liab. Litig.)* 349 B.R. 333 (S.D.N.Y. 2006). The Petitioners and the BLMIS Trustee represent that they have been engaged in good faith, bilateral settlement discussions. The Court finds currency in the Petitioners' assessment of the continuation of the adversary proceeding as "wasteful,

---

under section 1519 or 1521, or at its own motion, modify or terminate such relief.

9

unnecessary and value destructive litigation" that would derail potential BLMIS-Sentry settlement. United States policy considerations, including the need for efficiency and judicial economy, favor promoting the Debtors' and the BLMIS Trustee's stated intent to consensually resolve the adversary proceeding. Finally, granting the requested relief under section 1521 of the Code fosters the "fair and efficient administration of [the Debtors'] cross-border insolvencies" by ensuring that only one unbiased party—the Liquidators—quarterback the Debtors' causes of action "in the interests of all creditors and other interested entities, including the debtor." *See* 11 U.S.C. § 1501(a)(3).

In conclusion, the Court finds that (1) the Sentry BVI Liquidation Proceeding is a foreign main proceeding as defined in section 1517(b)(1) of the Code; (2) with respect to Sigma and Lambda, there being no rebuttal to the registered office presumption, nor any objection to their recognition, the Sigma and Lambda BVI Liquidation Proceedings are recognized as foreign main proceedings; and (3) the Petitioners' request for specific relief under section 1521 of the Code, with the limited exception of the BLMIS Trustee's pending adversary proceeding against Sentry, is hereby granted.

IT IS SO ORDERED.


Dated: New York, New York
        July 22, 2010


                                    /s/ Burton R. Lifland
                                    UNITED STATES BANKRUPTCY JUDGE

10

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
FAIRFIELD SENTRY LIMITED and            :
FAIRFIELD SIGMA LIMTED,                 :
                                        :
                Plaintiffs,             :
                                        :    10 Cv. 6376 (BSJ)
        v.                              :    **Order**
                                        :
SAFRA NATIONAL BANK OF NEW YORK and     :
BENEFICIAL OWENRS OF ACCOUTNS HELD IN   :
THE NAME OF SAFRA NATIONAL BANK OF      :
NEW YORK 1-1000,                        :
                                        :
                Defendant.              :
----------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

        The Court grants Defendant's request for a conference

in the above-captioned matter.  The parties are directed to

appear in Courtroom 17C of the United States District Court, 500

Pearl Street, New York, New York, 10007 on September 24, 2010 at

11 A.M. for a status conference.


SO ORDERED:


                            _____
                            BARBARA S. JONES
                            UNITED STATES DISTRICT JUDGE



Dated:    New York, New York
          September 15, 2010




1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/10

# EXHIBIT 5


RECEIVED
SEP 03 2010
U.S.D.C. S.D. N.Y.
CASHIERS

**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton
May Orenstein
Daniel J. Saval
Kerry L. Quinn

*Attorneys for Plaintiffs Fairfield Sentry Limited (In Liquidation)*
*and Fairfield Sigma Limited (In Liquidation),*
*by the Foreign Representatives Thereof*

**10 CIV 6602**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 15 Case |
| | ) |
| **Fairfield Sentry Limited, et al.,** | ) Case No: 10-13164 (BRL) |
| | ) |
| Debtors in Foreign Proceedings. | ) Jointly Administered |
| | ) |
| **Fairfield Sentry Limited (In Liquidation) and Fairfield Sigma Limited (In Liquidation),** | ) |
| | ) |
| Plaintiffs, | ) Adv. Pro. No. _____ |
| | ) |
| V. | ) **NOTICE OF REMOVAL** |
| | ) |
| **HSBC Private Bank (Suisse) SA and Beneficial Owners of the Accounts Held In the Name of HSBC Private Bank (Suisse) SA 1-1000,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:

      Pursuant to 28 U.S.C. §§ 157, 1334, 1441 and 1452, Rule 9027 of the Federal

Rules of Bankruptcy Procedure, plaintiffs Fairfield Sentry Limited (in liquidation) ("<u>Sentry</u>")

and Fairfield Sigma Limited (in liquidation) ("Sigma"), by Kenneth Krys and Christopher Stride

(the "Foreign Representatives") in their capacities as the duly appointed foreign representatives

of the liquidation proceedings of Sentry and Sigma pending before the Commercial Division of

the High Court of Justice, British Virgin Islands (the "BVI Court"), and Christopher Stride, in his

capacity as the foreign representative of the liquidation proceeding of Fairfield Lambda Limited

("Lambda," and together with Sentry and Sigma, the "Debtors") pending before the BVI Court,

through their attorneys Brown Rudnick LLP, hereby give notice of the removal to the United

States District Court for the Southern District of New York (the "District Court"), and referral to

the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court") of all claims and causes of action asserted in the action captioned below (the "HSBC

Redeemer Action"):

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

```
-----------------------------------------------------------------------X
FAIRFIELD SENTRY LIMITED (IN LIQUIDATION)          :
and FAIRFIELD SIGMA LIMITED (IN                    :
LIQUIDATION),                                      :     Index No. 650279/2010
                                                   :
                                  Plaintiffs,      :
                                                   :
                   -against-                       :
                                                   :
HSBC PRIVATE BANK (SUISSE) SA and                  :
BENEFICIAL OWNERS OF THE ACCOUNTS HELD             :
IN THE NAME OF HSBC PRIVATE BANK (SUISSE)          :
SA 1-1000,                                         :
                                                   :
                                  Defendants.      :
-----------------------------------------------------------------------X
```

In support of this Notice of Removal, Sentry and Sigma, by the Foreign Representatives,

respectfully represent as follows:

## BACKGROUND

### HSBC Redeemer Action

1.      On April 19, 2010, Sentry and Sigma, by and through the Foreign Representatives, commenced the HSBC Redeemer Action in the Supreme Court for the State of New York, New York County (the "New York State Court") against HSBC Private Bank (Suisse) SA and the Beneficial Holders of the accounts held in the name of HSBC Private Bank (Suisse) SA 1-1000 (collectively, the "HSBC Defendants"), seeking recovery of $121,703,846.01 in funds paid to the HSBC Defendants for the redemption of Sentry and Sigma shares prior to December 2008, the month when the Madoff fraud was discovered.

2.      The nature of the HSBC Redeemer Action is for mistake and restitution arising out of such redemption payments, and such action asserts claims of unjust enrichment, money had and received, mistaken payment and constructive trust.

3.      On April 19, 2010, Sentry and Sigma filed a Summons with Notice, commencing the HSBC Redeemer Action, which was served on the HSBC Defendants on June 11, 2010. On July 13, 2010, counsel for Sentry and Sigma entered into a stipulation with the HSBC Defendants extending the time by which the HSBC Defendants have to respond to the Summons with Notice to September 10, 2010. The HSBC Redeemer Action remains pending in the New York State Court.

### Chapter 15 Cases

4.      On June 14, 2010, the Foreign Representatives filed voluntary petitions in the Bankruptcy Court for recognition of each of the Debtors' insolvency proceedings pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Proceedings"), as foreign main proceedings under Chapter 15 of title 11 of the United States

-3-

Code (the "Bankruptcy Code"). On July 22, 2010, the Bankruptcy Court entered a Minute Order

in the Debtors' jointly-administered Chapter 15 cases recognizing the BVI Proceedings as

foreign main proceedings under Chapter 15 of the Bankruptcy Code  [Docket No. 47] (as

amended by Docket No. 48 and Docket No. 51, the "Recognition Order").  A true and correct

copy of the Recognition Order, with amendments, is attached hereto as **Exhibit A**.

## BASIS FOR REMOVAL

5.    The claims asserted in the HSBC Redeemer Action are removable to the District

Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

6.    The District Court has jurisdiction over the claims asserted in the HSBC

Redeemer Action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because they arise in and/or are

related to the Debtors' Chapter 15 cases pending in the Bankruptcy Court, styled In re Fairfield

Sentry Limited, et al., Debtors in Foreign Proceedings, Case No. 10-13164 (BRL).  The claims

and causes of action asserted in the HSBC Redeemer Action represent significant assets of

Sentry and Sigma that are currently being administered in the United States, and the resolution of

such claims will impact the Debtors' Chapter 15 cases and Sentry's and Sigma's liquidation in

the BVI Proceedings.

7.    Moreover, the claims and causes of action in the HSBC Redeemer Action can be

heard and determined in the Bankruptcy Court on reference from the District Court pursuant to

28 U.S.C. § 157(a) and the July 10, 1984 Standing Order of Referral of Cases to Bankruptcy

Judges issued by the District Court for the Southern District of New York (Ward, Acting Chief

Judge) (the "Standing Order of Referral") because the HSBC Redeemer Action arises in and/or is

-4-

related to the Debtors' Chapter 15 cases and the Bankruptcy Court derives its jurisdictional authority from the District Court.

8.      The claims asserted in the HSBC Redeemer Action constitute components of a broader-scale litigation undertaken by the Foreign Representatives to recover and administer assets belonging to the Debtors.  Removal of the claims asserted in the HSBC Redeemer Action and referral to the Bankruptcy Court best facilitates the Foreign Representatives' goals of efficiently and timely administering the Debtors' affairs and assets through the Chapter 15 cases and the BVI Proceedings by concentrating all matters related to the Debtors before one court.

9.      Upon removal, the claims asserted in the HSBC Redeemer Action are core proceedings within the meaning of 28 U.S.C. § 157(b)(2) because they, *inter alia*, concern the administration of the Debtors' Chapter 15 cases,  affect the liquidation of the Debtors' assets, and are in furtherance of the Foreign Representatives' efforts to administer and realize upon the Debtors' assets in the United States pursuant to the Recognition Order and applicable provisions of Chapter 15 of the Bankruptcy Code.

10.     In the event any of the claims asserted in the HSBC Redeemer Action are determined to be non-core, the Foreign Representatives consent to the entry of a final order or judgment by the Bankruptcy Court.

11.     Pursuant to the requirements of Rule 9027, copies of all significant pleadings filed in the HSBC Redeemer Action are attached hereto as **Exhibit B**.

12.     In accordance with Rule 9027, the Foreign Representatives will serve a filed copy of this Notice of Removal on all parties to the HSBC Redeemer Action, as well as the clerk of the New York State Court and the clerk of the Bankruptcy Court.

NOW THEREFORE, the parties to the HSBC Redeemer Action, captioned as <u>Fairfield Sentry Limited, et al. v. HSBC Private Bank (Suisse) SA, et al.</u>, Index No. 650279/2010, pending in the New York State Court, are HEREBY NOTIFIED, pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedures, that:

A.    Removal of all claims and causes of action asserted in the HSBC Redeemer Action was effected upon the filing of a copy of this Notice of Removal with the clerk of the New York State Court.

B.    The claims and causes of action asserted in the HSBC Redeemer Action are removed from the New York State Court to the United States District Court for the Southern District of New York and, pursuant to 28 U.S.C. §§ 1452(a),157(a) and the Standing Order of Referral, are referred to the United States Bankruptcy Court for the Southern District of New York for hearing and determination in connection with the Debtors' pending Chapter 15 cases, styled <u>In re Fairfield Sentry Limited, et al., Debtors in Foreign Proceedings</u>, Case No. 10-13164 (BRL).

C.    The parties to the HSBC Redeemer Action shall proceed no further in the New York State Court unless and until the action is remanded by the Bankruptcy Court.

Dated:  September 3, 2010
       New York, New York

**BROWN RUDNICK LLP**

By:  _____

David J. Molton
May Orenstein
Daniel J. Saval
Kerry L. Quinn
Seven Times Square
New York, New York 10036
(212) 209-4822

*Attorneys for Plaintiffs Fairfield Sentry Limited (In
Liquidation) and Fairfield Sigma Limited (In
Liquidation), by the Foreign Representatives Thereof*

# 1770228