**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 Case |
| | ) |
| **Fairfield Sentry Limited, et al.,** | ) Case No. 10-13164 (BRL) |
| | ) |
| Debtors in Foreign Proceedings. | ) Jointly Administered |
| | ) |

| | |
|---|---|
| **Fairfield Sentry Limited (In Official Liquidation),** | ) |
| **acting by and through the** | ) |
| **Foreign Representatives thereof,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -against- | ) Adv. Pro. No. 10-03633 (BRL) |
| | ) |
| **HSBC Private Bank (Suisse) SA and** | ) |
| **Beneficial Owners of the Accounts Held in the** | ) |
| **Name of HSBC Private Bank (Suisse) SA 1-1000,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| **Fairfield Sentry Limited (In Official Liquidation),** | ) |
| **acting by and through the** | ) |
| **Foreign Representatives thereof,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -against- | ) Adv. Pro. No. 10-03630 (BRL) |
| | ) |
| **HSBC Securities Services (Luxembourg) SA and** | ) |
| **Beneficial Owners of the Accounts Held in the** | ) |
| **Name of HSBC Securities Services** | ) |
| **(Luxembourg) SA,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

| | |
|---|---|
| **Fairfield Sentry Limited (In Official Liquidation),** acting by and through the Foreign Representatives thereof, | ) ) ) ) |
| | ) |
| **Plaintiffs,** | ) ) |
| **-against-** | ) ) **Adv. Pro. No. 10-03629 (BRL)** |
| | ) |
| **FS/HSBC Private Banking Nom and Beneficial Owners of the Accounts Held in the Name of FS/HSBC Private Banking Nom 1-1000,** | ) ) ) ) ) |
| | ) |
| **Defendants.** | ) ) |

| | |
|---|---|
| **Fairfield Sentry Limited, et al. (In Official Liquidation), acting by and through the Foreign Representatives thereof,** | ) ) ) |
| | ) |
| **Plaintiffs,** | ) ) |
| **-against-** | ) **Adv. Pro. No. 10-03628 (BRL)** ) |
| | ) |
| **Robinson & Co. and Beneficial Owners of the Accounts Held in the Name of Robinson & Co. 1-1000,** | ) ) ) |
| | ) |
| **Defendants.** | ) ) |

_____

**Fairfield Sentry Limited, et al. (In Official Liquidation), acting by and through the Foreign Representatives thereof,**

**Plaintiffs,**

**-against-**

**HSBC Private Bank (Guernsey) LTD and Beneficial Owners of the Accounts Held in the Name of HSBC Private Bank (Guernsey) LTD 1-1000,**

**Defendants.**

_____

**Adv. Pro. No. 10-03631 (BRL)**


_____

**Fairfield Sentry Limited, et al. (In Official Liquidation), acting by and through the Foreign Representatives thereof,**

**Plaintiffs,**

**-against-**

**Caceis Bank Luxembourg and Beneficial Owners of the Accounts Held in the Name of Caceis Bank Luxembourg 1-1000,**

**Defendants.**

_____

**Adv. Pro. No. 10-03624 (BRL)**

**Fairfield Sentry Limited (In Official Liquidation),** )
**acting by and through the** )
**Foreign Representatives thereof,** )
)
  **Plaintiffs,** )
)
  **-against-** )
)
**Citibank NA London and Beneficial Owners of** )
**the Accounts Held in the Name of** )
**Citibank NA London 1-1000,** )
)
  **Defendants.** )
)

**Adv. Pro. No. 10-03622 (BRL)**

**Fairfield Sentry Limited, et al. (In Official** )
**Liquidation), acting by and through the** )
**Foreign Representatives thereof,** )
)
  **Plaintiffs,** )
)
  **-against-** )
)
**Citibank (Switzerland) Zurich, Citibank** )
**Switzerland (AG), Beneficial Owners of the** )
**Accounts Held in the Name of Citibank** )
**(Switzerland) Zurich 1-1000, and Beneficial** )
**Owners of the Accounts Held in the Name of** )
**Citibank Switzerland (AG),** )
)
  **Defendants.** )
)

**Adv. Pro. No.**

**Fairfield Sentry Limited (In Official Liquidation),
acting by and through the
Foreign Representatives thereof,**

    **Plaintiffs,**

    **-against-**

 **Zurich Capital Markets Company and
Beneficial Owners of the Accounts Held in the
Name of Zurich Capital Markets
Company 1-1000 et al.,**

    **Defendants.**

**Adv. Pro. No. 10-03634 (BRL)**

---

**Fairfield Sentry Limited, et al. (In Official
Liquidation), acting by and through the
Foreign Representatives thereof,**

    **Plaintiffs,**

    **-against-**

**BNP Paribas Securities Services
Luxembourg and Beneficial Owners of the
Accounts Held in the Name of BNP Paribas
Securities Services Luxembourg 1-1000,**

    **Defendants.**

**Adv. Pro. No. 10-03627 (BRL)**

|  |  |
|---|---|
| **Fairfield Sentry Limited (In Official Liquidation),** **acting by and through the** **Foreign Representatives thereof,** **Plaintiffs,** **-against-** **BNP Paribas Luxembourg SA and Beneficial Owners of the Accounts Held in the Name of BNP Paribas Luxembourg SA 1-1000,** **Defendants.** | **Adv. Pro. No. 10-03626 (BRL)** |

|  |  |
|---|---|
| **Fairfield Sentry Limited, et al. (In Official Liquidation), acting by and through the** **Foreign Representatives thereof,** **Plaintiffs,** **-against-** **ABN AMRO Schweiz AG, et al.,** **Defendants.** | **Adv. Pro. No. 10-03636 (BRL)** |

|  |  |
|---|---|
| Fairfield Sentry Limited, (In Official Liquidation), acting by and through the Foreign Representatives thereof, | ) ) ) ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Adv. Pro. No. 10-03635 (BRL)** |
| **-against-** | ) |
| | ) |
| | ) |
| ABN AMRO Schweiz AG, et al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO WITHDRAW THE
## <u>REFERENCE TO THE UNITED STATES BANKRUPTCY COURT</u>

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Evan A. Davis
Lawrence B. Friedman
Breon S. Peace
Carmine D. Boccuzzi Jr.
Marla A. Decker
Charles J. Keeley, III

One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Defendants HSBC Private Bank (Suisse) SA, HSBC Securities Services (Luxembourg) SA, HSBC Bank USA NA, HSBC Private Bank (C.I.) Limited, HSBC Private Banking Nominee 1 (Jersey) Limited, Robinson & Co., Caceis Bank Luxembourg, Citibank NA London, Citibank (Switzerland) AG, Citigroup, Citivic Nominees Limited, BNP Paribas Securities Services Luxembourg, BNP Paribas Luxembourg SA, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, and BNP Paribas (Suisse) SA Private*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

PROCEDURAL AND FACTUAL BACKGROUND...................................................... 3

    A. Plaintiffs' Novel And Highly Dubious Claims ............................................ 3

    B. Plaintiffs' Blatant And Calculated Forum Shopping ................................... 4

    C. Plaintiffs' Improper Attempts At Service Of Process ................................. 7

 ARGUMENT ................................................................................................................. 8

I.    THE AUTOMATIC REFERENCE TO THE BANKRUPTCY COURT
     UNDER THE STANDING ORDER SHOULD BE WITHDRAWN— IT
     MISTAKENLY ASSUMES THE PLAINTIFFS WILL PREVAIL IN
     ESTABLISHING JURISDICTION, BUT NO SUCH JURISDICTION
     EXISTS ............................................................................................................ 8

II.   EVEN IF THERE WERE BANKRUPTCY JURISDICTION, THIS
     COURT SHOULD STILL WITHDRAW THE REFERENCE UNDER 28
     U.S.C. 157(d) ................................................................................................ 10

    A. The Actions Are Not Core Proceedings.................................................... 11

         1.    It Is Appropriate For This Court To Make The Core/Non-
             Core Determination................................................................. 11

         2.    The Actions Are Not Core Proceedings.................................. 12

    B. The Other *Orion* Factors Favor Withdrawal ........................................... 15

         1.    Redundant Briefing Before Both The Bankruptcy Court
             And This Court Is A Waste Of Judicial Resources And
             Cause For Unnecessary Delay And Costs To The Parties...................... 15

         2.    There Are No Issues Of Uniform Bankruptcy
             Administration That Support Reference To The Bankruptcy
             Court ....................................................................................... 16

         3.    Plaintiffs' Calculated and Blatant Forum Shopping
             Warrants Withdrawal Of The Reference ................................. 17

CONCLUSION............................................................................................................. 20

# TABLE OF AUTHORITIES

Page(s)

## Rules and Statutes

11 U.S.C. § 304 ................................................................................................................ 10, 14

11 U.S.C. § 1509(b)(3) ..................................................................................................... 17

11 U.S.C. § 157(b)(2)(O) ................................................................................................. 15

28 U.S.C. § 157(d) ........................................................................................................... 1, 10

28 U.S.C. § 157(a) ........................................................................................................... 6, 8

28 U.S.C. § 157(b) ........................................................................................................... 12, 13

28 U.S.C. § 157(c)(1) ....................................................................................................... 13

28 U.S.C. § 157(d) ........................................................................................................... 10

28 U.S.C. § 1334 .............................................................................................................. 2, 8, 13

28 U.S.C. § 1334(b) ......................................................................................................... 13

28 U.S.C. § 1452 .............................................................................................................. 2

Federal Rule of Bankruptcy Procedure 5011 .................................................................. 1

Local Bankruptcy Rule 5011-1 ....................................................................................... 1

## Cases

Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,
130 B.R. 405 (S.D.N.Y. 1991) ........................................................................................ 9

Durso Supermarkets v. D'Urso (In re Durso Supermarkets),
170 B.R. 211 (S.D.N.Y. 1994) ........................................................................................ 15

In re CIS Corp.,
172 B.R. 748 (S.D.N.Y.1994) ......................................................................................... 12

In re Enron,
No. 05 Civ. 4079 (GBD), 2005 WL 1185804 (S.D.N.Y. May 18, 2005) ........................ 11

ii

In re Houbigant, Inc.,
185 B.R. 680 (S.D.N.Y. 1995)..........................................................................................   17

In re JSC BTA Bank,
No. 10-10638 (JPM), 2010 WL 3306885 (Bankr. S.D.N.Y. Aug. 23, 2010)....................   9-10

In re Leco Enterprs., Inc.,
144 B.R. 244 (S.D.N.Y. 1992).........................................................................................   13

In re Northwest Airlines Corp.,
348 B.R. 51 (S.D.N.Y. 2008)...........................................................................................   12

In re Riverside Nursing Home,
144 B.R. 951 (S.D.N.Y. 1992).........................................................................................   9

In re VWE Group, Inc.,
359 B.R. 441 (S.D.N.Y. 2007).........................................................................................   11

Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship,
No. 04 Civ. 708 (GEL), 2004 WL 1048239 (S.D.N.Y. May 7, 2004) ..............................   14

M. Fabrikant & Sons, Inc. v. Long's Jewlers Ltd.,
No. 08 Civ. 1982 (CM), 2008 WL 2596322 (S.D.N.Y. June 26, 2008)............................   3, 16

Mt. McKinley Ins. Co. v. Corning Inc.,
399 F.3d 436 (2d Cir. 2005).............................................................................................   13

Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,
458 U.S. 50 (U.S. 1982)...................................................................................................   13

O'Sullivan v. Loy (In re Loy),
No. 07-51040 (FJS), 2009 WL 2381339 (Bankr. E.D. Va. Aug 3, 2009) .........................   10, 14

Official Comm. of Unsecured Creditors of FMI Forwarding Co. v. Union Transp.
Corp. (In re FMI Forwarding Corp.),
No. 01 Civ. 9462 (DAB), 2004 WL 1348956 (S.D.N.Y. June 16, 2004)..........................   11

Oneida Ltd. v. Pension Ben. Guar. Corp.,
372 B.R. 107 (S.D.N.Y. 2007).........................................................................................   17

Orion Picture Corp. v. Showtime Networks Inc. (In re Orion),
4 F.3d 1095 (2d Cir. 1993)........................................................................................10, 11, 16

Osanitsch v. Marconi plc., (In re Marconi plc),
363 B.R. 361 (S.D.N.Y 2007)..................................................................................9, 10, 13, 14

S. St. Seaport Ltd. P'ship v. Burger Boys (In re Burger Boys),
94 F.3d 755 (2d Cir. 1996)................................................................................................... 11

Solutia Inc. v. FMC Corp.,
No. 04 Civ. 2842 (WHP), 2004 WL 1661115 (S.D.N.Y. July 27, 2004)........................... 15, 16

Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP,
201 B.R. 635 (S.D.N.Y. 1996)............................................................................................. 17

Wood v. Wood (In re Wood),
825 F.2d 90 (5th Cir. 1987) ................................................................................................. 13

World Travel Vacation Brokers, Inc. v. Bowery Sav. Bank (In re Chargit Inc.),
81 B.R. 243 (Bankr. S.D.N.Y. 1987).................................................................................. 9

Defendants HSBC Private Bank (Suisse) SA, HSBC Securities Services (Luxembourg) SA, HSBC Bank USA NA, HSBC Private Bank (C.I.) Limited, HSBC Private Banking Nominee 1 (Jersey) Limited, Robinson & Co., Caceis Bank Luxembourg, Citibank NA London, Citibank (Switzerland) AG, Citigroup, Citivic Nominees Limited, BNP Paribas Securities Services Luxembourg, BNP Paribas Luxembourg SA, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas (Suisse) SA Private (collectively, the "Moving Defendants"), by their attorneys Cleary Gottlieb Steen & Hamilton LLP, respectfully submit this motion, pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011 and Local Bankruptcy Rule 5011-1, for the entry of an order directing the withdrawal of the reference of the above-captioned actions (the "Actions") to the United States Bankruptcy Court for the Southern District of New York.[1]

## PRELIMINARY STATEMENT

The sole issue presented by this motion is who will decide whether the Actions, which seek a novel and far-reaching application of New York State law of payment by mistake, should be remanded to the New York Supreme Court in which they were commenced—as they should be—or will remain in this Court, to which Plaintiffs removed them, months after Plaintiffs commenced them in New York Supreme Court. Plaintiffs' position is that remand should be decided by the Bankruptcy Judge who has granted an Order under Chapter 15 of the Bankruptcy Code recognizing Plaintiffs'

---

[1] In *Fairfield Sentry Limited et al. v. Citibank (Switzerland) Zurich, et al.*, Adv. Pro. No. _, Plaintiffs name Citibank (Switzerland) Zurich as one of the defendants. This entity does not exist.

1

liquidation proceedings in the British Virgin Islands (the "BVI").  Plaintiffs are wrong; as set forth below, this Court should decide this question.

This Court should decide the issue of remand because it does not turn on unique issues of bankruptcy law, but instead primarily on the issue of federalism and protection of state court jurisdiction as enacted in 28 U.S.C. § 1334 and its mandatory abstention requirement in favor of state proceedings for cases that can be timely adjudicated in state court.  Nor does the remand issue involve considering the impact of a state adjudication on the administration of an estate by the Bankruptcy Court, because that Court is administering no such estate.  It is merely recognizing the BVI administration of that estate.  Indeed, the bankruptcy removal provisions of 28 U.S.C. § 1452, by barring Court of Appeals review of any remand decision, show a preference for expedition, which will be served by having the Actions heard by this Court and obviating appeal to this Court from a decision of the Bankruptcy Court.

Following the remand decision, if it is decided adversely to the Moving Defendants, this Court then can consider whether the Actions should thereafter proceed in the District Court or the Bankruptcy Court.  Moving Defendants will demonstrate that in the event the Actions remain in federal court, they should remain in the District Court before an Article III Judge, for the reason that this Court is in a better position to predict how the New York Court of Appeals would decide the novel jurisdictional and merits

issues presented here and because Plaintiffs have demanded a jury trial.[2]  That question,

however, need not be decided at this time.

**PROCEDURAL AND FACTUAL BACKGROUND**

A.    **Plaintiffs' Novel And Highly Dubious Claims**

Plaintiffs,[3] domiciled and in liquidation in the BVI, are the largest (and

two indirect feeders of) of the "feeder funds" that sold shares to investors and then

invested the proceeds with Bernard L. Madoff Investment Securities, LLC ("BMIS").

Between April and July 2010, they commenced more than 140 related actions, including

the instant Actions, in the Supreme Court of the State of New York for New York

County.  Each was commenced by the filing of a Summons with Notice, as is permitted

by the CPLR.  *See, e.g.*, Summons with Notice, *Fairfield Sentry Limited et al. v. HSBC

Private Bank (Suisse) SA et al.*, No. 650279/2010 (N.Y. Sup. Ct. Apr. 19, 2010) (Docket

No. 1), attached as Ex. 1 to the Declaration of Charles J. Keeley, III, sworn on Sept. 20,

2010 ("Keeley Decl.").  The Funds are seeking restitution of redemption payments

received from BMIS and allegedly then paid by "mistake" to registered shareholders and

unnamed "beneficial owners" in respect of interests in the Funds' shares.

It is Plaintiffs' novel, and highly dubious, legal theory under New York

state law that, even though they are not out of pocket one penny of the amount they paid

---

[2] *See M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*, No. 08-CV-1982, 2008 WL 2596322 at *3 (S.D.N.Y. June 26, 2008) (noting that demands for jury trials in non-core proceedings "weigh heavily toward removing the reference").

[3] Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited ("Fairfield Sigma"), and Fairfield Lambda Limited ("Fairfield Lambda") (together, "Plaintiffs" or the "Funds").

3

to redeeming investors, they are nonetheless entitled to a windfall recovery from those who in good faith decided to redeem some or all of their investment in the Funds at any point within the six year statute of limitations.  Thus, the Actions are hardly the typical payment by mistake case where the failure to require restitution would be unjust because the payor (e.g., the drawer of a check mistakenly made out for one thousand dollars instead of one hundred) will be out of pocket absent restitution, and the payee has suffered and will suffer no loss if restitution is ordered.  Here, it is the ordering of restitution that would be unjust, because Plaintiffs are not out of pocket as a result of the "mistake" they claim, and no Defendant has been unjustly enriched by anything Plaintiffs did or did not do.

### B.     Plaintiffs' Blatant And Calculated Forum Shopping

Moreover, these cases are marked not just by a novel and highly dubious application of New York law, but also by Plaintiffs' blatant and calculated forum shopping, both as between BVI courts and courts in New York, and as between state and federal courts in New York.  Before commencing their actions in New York Supreme Court, Plaintiffs brought similar claims for mistake and restitution in the BVI against over 90 registered shareholders.  *See, e.g.*, Keeley Decl. Ex. 2 (Notice, Claim No.: BVIHC (COM) 405/2009 Between Fairfield Sentry Limited and Banco General SA/Banca Privada et al.).  Many of these shareholders are also defendants in the New York actions, and so are facing essentially the same claims in both the BVI and New York.  From all that appears, Plaintiffs are waiting to see in which forum they fare better.

Then, on August 25, 2010, Plaintiffs removed one of the state court actions to this Court, *Fairfield Sentry Ltd. v. Safra National Bank of New York*, No. 10-

cv-6376 (BSJ) (S.D.N.Y. Aug. 25, 2010).  They predicated their assertion of federal

jurisdiction in part on the fact that, on June 14, 2010, the liquidators for the Funds filed

petitions in the U.S. Bankruptcy Court for the Southern District of New York to have the

BVI liquidation proceedings recognized as foreign main proceedings under Chapter 15 of

the U.S. Bankruptcy Code, which the Bankruptcy Court granted on July 22, 2010.  *See*

Keeley Decl. Ex. 3 (Minute Order Granting Chapter 15 Petitions of Fairfield Sentry

Limited, Fairfield Sigma Limited and Fairfield Lambda Limited for Recognition of

Foreign Proceedings, *In re Fairfield Sentry Limited, et al.*, No. 10-13164 (BRL) (Bankr.

S.D.N.Y. July 22, 2010) (Docket No. 47)).

      Plaintiffs also requested reference of the *Safra* action to the Bankruptcy

Court pursuant to the Court's Standing Order of Referral of Cases to Bankruptcy Judges,

dated July 10, 1984 (the "Standing Order").  That action was assigned to and is currently

pending before Judge Barbara Jones.  On September 10, 2010, defendant Safra National

Bank of New York ("Safra") filed a motion to remand the case back to New York State

Supreme Court and opposed the requested referral to the Bankruptcy Court.  On

September 15, Judge Jones issued an Order granting Safra's request for a conference on

these subjects and scheduling that conference for September 24, 2010.  Keeley Decl. Ex.

4 (Order, *Fairfield Sentry Ltd. v. Safra National Bank of New York*, No. 10-cv-6376

(BSJ) (S.D.N.Y. Sept. 24, 2010) (Docket No. 13)).

      On September 3, 2010, Plaintiffs continued their blatant and calculated

forum shopping by beginning to remove the other actions Plaintiffs had commenced in

New York Supreme Court, including the instant Actions, to this Court.  *See, e.g.*, Keeley

Decl. Ex. 5 (Notice of Removal ¶ 3, *Fairfield Sentry Limited et al. v. HSBC Private Bank (Suisse) SA et al.*, No. 10-cv-06602 (S.D.N.Y. Sept. 3, 2010) (Docket No. 1)).

On September 15, 2010, after an unsuccessful attempt to reach a stipulation with Plaintiffs, Moving Defendants wrote to this Court requesting that it direct Plaintiffs to file complaints in the Actions, set a briefing schedule for motions to remand, and postpone Moving Defendants' time to answer or respond to the complaints until 30 days after the Court decides the remand motions.  *See* Keeley Decl. Ex. 6 (Letter of Evan A. Davis to Hon. George B. Daniels, U.S.D.J., dated Sept. 15, 2010 ("Davis Letter")).[4] The next day, Plaintiffs responded with a letter opposing the requests.  *See* Keeley Decl. Ex. 7 (Letter of Kerry L. Quinn to Hon. George B. Daniels, U.S.D.J., dated Sept. 16, 2010 ("Quinn Letter")) p. 2.).

Around this time, a copy of the Standing Order appeared on the dockets in the Actions.  *See, e.g.*, Keeley Decl. Ex. 8 (Duplicate Original Order Referring Case to Bankruptcy Court as related to Bankruptcy Court Case No. 10-13164 (BRL), *Fairfield Sentry Limited et al. v. HSBC Private Bank (Suisse) SA et al.*, No. 10-cv-06602 (S.D.N.Y. entered Sept. 16, 2010) (Docket No. 4)).  The Standing Order provides that "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district" pursuant the 28 U.S.C. § 157(a).  *Id.*  The Clerk then transferred the Actions to the

---

[4] Moving Defendants made these requests without prejudice to or waiver of any rights or defenses, including without limitation defenses based upon lack of personal jurisdiction and improper service of process.  This motion to withdraw the reference is also without prejudice to or waiver of any such defenses, which Moving Defendants intend to assert in a timely manner no sooner than after Plaintiffs have filed complaints in the Actions.

Bankruptcy Court, apparently pursuant to the Standing Order under the assumption that these proceeding do "arise under" title 11 or "arise in" or are "related to" a case under title 11, which they do not at all, as the Moving Defendants will amply demonstrate in their remand motions.

As of September 16, 2010, Plaintiffs had removed approximately 60 actions from state court. Many have been transferred to the Bankruptcy Court pursuant to the Standing Order. In addition, Plaintiffs have purported to commence a number of adversary proceedings directly in the Bankruptcy Court, asserting the same novel and highly dubious theories as the actions commenced in New York state court. Upon information and belief, defendants in many of the other removed actions as well as the adversary proceedings intend to move for withdrawal of the reference.

### C. Plaintiffs' Improper Attempts At Service Of Process

Plaintiffs' efforts to obtain unwarranted restitution from their investors, who are located around the world, are also predicated on improper service of process by means of a global mass mailing and an effort to haul into a New York State court thousands of investors who lack minimum contacts with the forum. The named defendants in these cases are almost all foreign registered shareholders of the Funds who in many instances are nominees for the unnamed beneficial owners that are also defendants. Plaintiffs have not effected any service under the Hague Convention on Service of Process, but rather have purported to make service under a provision of a form subscription agreement the nominees are said to have signed on behalf of themselves and the beneficial owners, in which they supposedly consented to the jurisdiction of the New

York state courts and to service by mail in accordance with New York law.[5]  However,

that provision of that agreement, which is governed by New York law, only applies to

disputes "with respect to" that agreement, and the Actions present a restitution dispute

over redemption payments that arises wholly apart from and outside of that agreement.[6]

## ARGUMENT

**I.    THE AUTOMATIC REFERENCE TO THE BANKRUPTCY COURT
       UNDER THE STANDING ORDER SHOULD BE WITHDRAWN—IT
       MISTAKENLY ASSUMES PLAINTIFFS WILL PREVAIL IN
       ESTABLISHING BANKRUPTCY JURISDICTION, BUT NO SUCH
       JURISDICTION EXISTS**

          The Actions should not have been referred to the Bankruptcy Court

pursuant to the Standing Order, which provides for referral of "cases under title 11" (i.e.,

the Bankruptcy Code) and "proceedings arising under title 11 or arising in or related to a

case under title 11."  The scope of the reference under the Standing Order is identical to

this Court's bankruptcy jurisdiction under 28 U.S.C. § 1334 and the authorization for

referring matters to the Bankruptcy Court in 28 U.S.C. § 157(a).  But because these

---

[5] Plaintiffs have not yet even purported to attempt service of process on certain of the
Moving Defendants, HSBC Private Bank (C.I.) Limited and HSBC Private Banking Nominee 1
(Jersey) Limited.  Nonetheless, to avoid duplicative filings if and when Plaintiffs attempt to serve
these entities, these entities join in this motion without prejudice or waiver of any applicable
defenses, including without limitation defenses based on the failure to attempt service.  *See also*,
*infra*, n. 4.

[6] *See e.g.,* Keeley Decl. Ex. 9 (Form Subscription Agreement (¶ 19) appended to
Confidential Private Placement Memorandum dated July 1, 2003, Amended Compl. Ex. 6, *Anwar
v. Fairfield Greenwich Limited*, No. 09-cv-118 (VM) (S.D.N.Y filed Apr. 24, 2009)).  The
Moving Defendants provide this information about their understanding of Plaintiffs' position
without prejudice to any contention as to which version of the subscription agreement, if any, any
particular defendant signed.

Actions are not within that bankruptcy jurisdiction, they are not subject to the Standing

Order or referable under § 157(a).

       This Court, however, need not decide the subject matter jurisdiction

question on this motion to withdraw the reference.  It is enough that Moving Defendants

show there is a substantial issue concerning this Court's bankruptcy jurisdiction over the

Actions.  Because there is no basis to apply the terms of the Standing Order automatically

when the application of those terms to the Actions is in sharp dispute, the Standing Order

cannot be the basis for this Court not to decide the question of subject matter jurisdiction.

       Plaintiffs' claims unquestionably do not "arise under" the Bankruptcy

Code because they are not "predicated on a right created by a provision of title 11."

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y.

1991) (quoting *World Travel Vacation Brokers, Inc. v. Bowery Sav. Bank (In re Chargit

Inc.*), 81 B.R. 243, 246-47 (Bankr. S.D.N.Y. 1987)  (Lifland, J)); *see also In re Riverside

Nursing Home*, 144 B.R. 951, 55 (S.D.N.Y. 1992).  Instead, Plaintiffs purport to invoke

rights created, if at all, <u>exclusively</u> by state common law and are not based on any

provision of the Bankruptcy Code.  Furthermore, the Actions do not "arise in" a

bankruptcy case because plaintiffs brought them in state court, in most instances before

they even commenced their Chapter 15 cases.  *Id.* (stating that a proceeding "arises in" a

case under the Bankruptcy Code "if it is a proceeding that, by its very nature, could only

arise in a bankruptcy case and has no existence outside of bankruptcy").

       Equally, the Actions are not "related to" the Chapter 15 cases.  An action

is "related to" a bankruptcy case only "if its outcome might have any conceivable effect

on the <u>bankrupt estate</u>."  *Osanitsch v. Marconi plc (In re Marconi plc)*, 363 B.R. 361, 366

9

(S.D.N.Y 2007) (emphasis added).  However, a Chapter 15 case is an ancillary

proceeding in which no estate is created.  *In re JSC BTA Bank*, No. 10-10638 (JPM),

2010 WL 3306885, at *5-6, 9 (Bankr. S.D.N.Y. Aug. 23, 2010).  Because "no estate is

being administered" in an ancillary proceeding, "there is no basis for contending

that . . . common-law tort and contract claims are *related to* any bankruptcy case . . . even

under th[e] quite expansive 'related to' test for jurisdiction."  *In re Marconi plc*, 363 B.R.

at 366 (applying 11 U.S.C. § 304, the precursor to chapter 15); *see also O'Sullivan v. Loy*

*(In re Loy)*, No. 07-51040 (FJS), 2009 WL 2381339 at *6 (Bankr. E.D. Va. Aug. 3, 2009)

(holding that state law claims asserted in a Chapter 15 proceeding have "no impact

whatsoever on the bankruptcy estate, simply for the reason that no estate is created upon

the filing of a chapter 15 petition").

       Accordingly, as Moving Defendants will reiterate in their remand motions,

the Actions are not within this Court's bankruptcy jurisdiction and are not referable to the

Bankruptcy Court.  At a minimum, there is a substantial jurisdictional issue that this

Court, not the Bankruptcy Court, should decide.

## II.  EVEN IF THERE WERE BANKRUPTCY JURISDICTION, THIS COURT SHOULD STILL WITHDRAW THE REFERENCE UNDER 28 U.S.C. § 157(d)

       This Court should withdraw the reference of the Actions even if they were

within this Court's bankruptcy jurisdiction.  Under 28 U.S.C. § 157(d), "the district court

may withdraw, in whole or in part, any case or proceedings referred under this section, on

its own motion or on timely motion of any party, for cause shown."  While 28

U.S.C. § 157(d) does not define "cause," the Second Circuit has established a two-part

test for determining whether there is cause to withdraw a reference under the permissive

withdrawal standard.  *Orion Picture Corp. v. Showtime Networks Inc. (In re Orion)*, 4 F.3d 1095, 1101 (2d Cir. 1993).  Efficiency and uniformity are the overriding considerations.  "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn."  *Orion,* 4 F.3d at 1101.  Second, the court must weigh directly "questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Id.*; *see also S. St. Seaport Ltd. P'ship v. Burger Boys (In re Burger Boys),* 94 F.3d 755, 762 (2d Cir. 1996).

Here, the claims at issue are undeniably non-core, and <u>all</u> other factors favor withdrawing the reference.

### A.    The Actions Are Not Core Proceedings

#### 1.    *It Is Appropriate For This Court To Make The Core/Non-Core Determination*

The first part of the *Orion* test calls for the District Court to consider whether the claims are core or non-core.  *Orion*, 4 F.3d at 1101.  "Courts of this circuit have held repeatedly that district courts may determine the nature of the proceeding in the first instance."  *In re VWE Group, Inc.*, 359 B.R. 441, 448 (S.D.N.Y. 2007) (collecting cases); *Official Comm. of Unsecured Creditors of FMI Forwarding Co. v. Union Transp. Corp. (In re FMI Forwarding Corp.)*, No. 01 Civ. 9462 (DAB), 2004 WL 1348956, at *6 (S.D.N.Y. June 16, 2004) ("The courts of this Circuit have ruled time and again that, in the context of a withdrawal motion, the district court ruling on such motion does not have to wait for the bankruptcy court to determine whether the claims at issue are core or non-core.").  A District Court's determination of this issue is especially appropriate where, as

11

here, the Bankruptcy Court has "no prior familiarity" with the substance of the claims and accordingly there would be "no judicial economies realized from having the Bankruptcy Court make the core/non-core determination in the first instance." *In re Northwest Airlines Corp.*, 348 B.R. 51, 56 (S.D.N.Y. 2008). *Cf. In re Enron*, No. 05 Civ. 4079 (GBD), 2005 WL 1185804, at *3 (S.D.N.Y. May 18, 2005) (Daniels, J.) (declining to make the core/non-core determination where "the Bankruptcy Court has presided over the Enron bankruptcy cases for over three years" and was "more thoroughly familiar with the Debtors' claims and issues in the instant matter and all of the other Enron-related cases").

Here, the Clerk referred the Actions to the Bankruptcy Court just days ago. The Bankruptcy Court has no prior familiarity with Plaintiffs' state law claims and the novel and untested theories of mistake upon which they rest. Furthermore, nothing of substance has happened in the Chapter 15 proceedings except for the recognition of the Funds' BVI liquidations. There are no judicial economies to be achieved by requiring the Bankruptcy Court to make the core/non-core determination, especially because either of the parties will surely appeal that determination to this Court. *See In re CIS Corp.*, 172 B.R. 748, 755 (S.D.N.Y.1994) (holding that a remand to the bankruptcy court to make the core/non-core determination "would generate an undue delay occasioned by an unnecessary added layer of judicial decision-making. Once the bankruptcy court makes its decision, it would undoubtedly come back to this Court for *de novo* review. An initial decision by this Court is therefore necessary in the interest of conserving judicial resources and preventing any further delay of these proceedings.").

 2.     *The Actions Are Not Core Proceedings*

12

Section 157(b) authorizes Bankruptcy Judges to hear and determine all cases under title 11 and "core proceedings arising under title 11, or arising in a case under title 11." In non-core proceedings related to a title 11 case, a Bankruptcy Judge may only submit findings of fact and conclusions of law to the Article III District Court Judge for his or her final determination of the matter. *See* 28 U.S.C. § 157(c)(1).

Section 157's core/non-core distinction was enacted in response to the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 87 (U.S. 1982), which curtailed Congress's authority to delegate to the Bankruptcy Court matters reserved for Article III courts. *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447 (2d Cir. 2005). The Supreme Court held that a proceeding to determine "a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the Bankruptcy Court," is a non-core proceeding. *Marathon Pipe Line Co.*, 458 U.S. at 84.

Courts in this District have held that "core proceedings" under section 157(b) are "essentially identical" to the categories of "arising under" and "arising in" proceedings under 28 U.S.C. § 1334(b). *In re Marconi plc*, 363 B.R. at 366 (quoting *In re Leco Enterprs., Inc.*, 144 B.R. 244, 248 (S.D.N.Y. 1992)); *see also Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987) ("[S]ection 157 apparently equates core proceedings with the categories of 'arising under' and 'arising in' proceedings [under 28 U.S.C. § 1334."). "A proceeding is encompassed within the bankruptcy court's core . . . jurisdiction 'if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. By contrast, a proceeding is non-core if it exists independently under state law and is merely

13

'related to' the bankruptcy case because of a conceivable effect upon the debtor's estate." *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, No. 04 Civ. 708 (GEL), 2004 WL 1048239 at *2 (S.D.N.Y. May 7, 2004).

Accordingly, courts have consistently rejected attempts, such as Plaintiffs' attempt here, to project common law claims arising from pre-petition transactions as core proceedings in the context of ancillary cases under Chapter 15 or former Section 304. For example, in *Marconi*, a former employee sought to assert common law tort and contract claims for severance benefits against the foreign debtor in a proceeding under former Section 304.  363 B.R. at 366.  The court noted that, "[t]o be a core proceeding, an action must have at its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment." *Id.*  The claimant's common law claims, which were not "created by or unique to bankruptcy law," "manifestly [did] not fall within this category." *Id.*; *In re Loy*, 2009 WL 2381339, at *5-6 (Bankr. E.D. Va. Aug. 3, 2009) (rejecting the foreign representative's attempt to remove a state law action concerning a real property dispute in the context of a Chapter 15 case, and finding that the action was not core because it "depend[ed] solely on the application of non-bankruptcy law" and had "an independent existence outside of the bankruptcy case").

Here, Plaintiffs' common law claims, which they commenced in state court to recover payments made well before they entered liquidation in the BVI or sought recognition of that proceeding under Chapter 15, unquestionably do <u>not</u> arise under the bankruptcy laws nor are they of a character that would arise only in the context of a Chapter 15 proceeding.  At most, the outcome of the claims will affect the amount

14

available for distribution to the creditors of the estate being administered in the BVI.  It is well-settled that this fact does not render a claim "core."  *See Durso Supermarkets v. D'Urso (In re Durso Supermarkets)*, 170 B.R. 211, 214 (S.D.N.Y. 1994) (noting that while debtors' fraud claim might enlarge or benefit the estate, "that fact without more does not affect the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship" to make the claims core under Section 157(b)(2)(O)).

Accordingly, applying the first *Orion* factor, the Actions are not core proceedings.

**B.     The Other *Orion* Factors Favor Withdrawal**

The other *Orion* factors are efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping and other related considerations.  All of these factors favor withdrawal of the reference.

*1.     Redundant Briefing Before Both The Bankruptcy Court And This Court Is A Waste Of Judicial Resources And Cause For Unnecessary Delay And Costs To The Parties*

It is reasonable to expect that the non-prevailing party on the Moving Defendants' remand motions (and any remand motions by similarly situated defendants) would appeal to this Court, were the remand motions to be decided by the Bankruptcy Court.  It is a waste of time and resources to duplicate the process of having the plaintiffs and defendants in 59 actions brief (even on a coordinated basis) the same issues before the Bankruptcy Court and then again before the District Court.  *Solutia Inc. v. FMC Corp.*, No. 04 Civ. 2842 (WHP), 2004 WL 1661115 (S.D.N.Y. July 27, 2004) ("By

15

litigating this non-core matter in the district court, judicial resources will be conserved instead of having two courts administer two rounds of briefing and argument on the same issues."). The undeniable result of having an extra layer of non-binding Bankruptcy Court review is needless delay and cost in resolving these cases. This Court must "conclude that in [this] case unnecessary costs could be avoided by a single proceeding in the district court." *Orion*, 4 F.3d at 1101; *see also Solutia*, 2004 WL 1661115 at *4 ("If this Court did not withdraw the reference it would conduct a *de novo* review of the bankruptcy court's rulings, resulting in relitigation of claims and significant additional costs and expenditure of time and effort to both parties.").

2.   *There Are No Issues Of Uniform Bankruptcy Administration That Support Reference To The Bankruptcy Court*

Moreover, the remand motions will not raise issues that a bankruptcy judge is more aptly suited to decide or can more efficiently address. *Fabrikant,* 2008 WL 2596322 at *4 (finding that the plaintiff's non-core claims do not "involve bankruptcy law, so the bankruptcy court is not in a better position to handle pre-trial proceedings"); *see also Solutia*, 2004 WL 1661115 at *4 (where "there are no bankruptcy-related issues . . . this factor weighs in favor of withdrawal of the reference").

Rather, those motions raise primarily issues of federalism—not only as to the scope of bankruptcy jurisdiction but also as to the mandate of Congress that this Court abstain in favor of state court proceedings in cases falling in its "related to" bankruptcy jurisdiction, where those cases can be timely adjudicated in state court. Article III federal judges are particularly qualified to resolve these issues, especially in the context of a Chapter 15 proceeding where the Bankruptcy Court is not administering

16

an estate.  Because there is no Fairfield bankruptcy estate being administered in the United States and little activity in Plaintiffs' Chapter 15 proceedings, there are no issues of uniform bankruptcy administration that require the Actions to be heard by the Bankruptcy Court.  *C.f. Oneida Ltd. v. Pension Ben. Guar. Corp.*, 372 B.R. 107, 112 (S.D.N.Y. 2007) (denying motion to withdraw reference, finding that the bankruptcy judge "presided over this case for more than a year, and has carefully considered and confirmed [debtor's] Plan of Reorganization" and "is thoroughly familiar with the dispute between [the parties] and his view would assist the district court in reviewing the issue in case of an appeal.")  Any recovery in the Actions will inure to the benefit of the estate being administered in the BVI.

> 3.    *Plaintiffs' Calculated and Blatant Forum Shopping Warrants Withdrawal of the Reference*

Forum shopping is a reason in itself to withdraw the reference.  *See, e.g. Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP*, 201 B.R. 635, 641 (S.D.N.Y. 1996) (granting motion to withdraw reference and finding it "is in the interest of the prevention of forum shopping that this case be litigated by the District Court"); *In re Houbigant, Inc.*, 185 B.R. 680, 686 (S.D.N.Y. 1995) (finding "the concern about forum shopping alone, almost compels the Court to keep the case [in District Court]").

In this context it is important to remember that recognition under Chapter 15 does not eliminate considerations of forum shopping.  Instead, following Chapter 15 recognition both federal <u>and</u> state courts are required to give comity and respect to the foreign proceeding.  11 U.S.C. § 1509(b)(3) (stating that a "court in the United States" must grant comity or cooperation).

17

The evidence of Plaintiffs' forum shopping here is manifest. Plaintiffs started lawsuits against their own investors in October 2009 by filing six actions against at least 90 defendants in the British Virgin Islands. These actions are still pending, and in fact, three of the Moving Defendants are facing claims both in the United States and the BVI.

Apparently unsure of their prospects for success in the BVI, Plaintiffs then filed over 140 lawsuits in New York Supreme Court from April 2010 through July 2010 against many (but not all) of the defendants in the BVI actions and against additional defendants. Still unsatisfied, they removed the cases they purportedly plan to pursue to this Court, including the Actions, and have made obvious their desire to be before the Bankruptcy Court for reasons on which the Moving Defendants can only speculate. Keeley Decl. Ex.6 (Davis Letter). Plaintiffs' forum shopping is self-evident.

Even in their resistance to having this Court decide the remand issue, the Plaintiffs are engaging in a form of forum shopping. Plaintiffs have made clear that they want to have all issues decided by the Bankruptcy Judge who is also presiding over the Madoff SIPC proceeding. The SIPC Trustee is a major potential creditor of the Fairfield liquidation estate in the BVI for a clawback claim predicated on the Funds' complicity in the Madoff fraud.[7] Were Plaintiffs to raise funds through these payment by mistake

---

[7] *See* Keeley Decl. Ex. 10, Amended Complaint, *Picard v. Fairfield Sentry Ltd., et al.*, No. 09-1239 (BRL) (Bankr. S.D.N.Y. filed July 20, 2010) (Docket No. 23), ¶ 3 (alleging defendants, including the Funds, "had actual and constructive knowledge of Madoff's fraud" and "engaged in a systematic, purposeful enterprise with Madoff to maintain and profit from a fraud and wrongly enrich themselves"); ¶ 4(b) (alleging that defendants, including the Funds, "knowingly conspired with Madoff to deceive the Securities Exchange Commission (the "SEC") by misrepresenting the true nature of their respective investment advisory roles and by intentionally misstating Madoff's role").

18

proceedings, much of those funds would be paid in the BVI proceedings to the SIPC
Trustee in satisfaction of the clawback claims against the Funds.  From all that appears,
Plaintiffs' hope is that the Bankruptcy Court will view these claims more favorably
because of their potential favorable impact not on the Fairfield estate in the BVI, but on
the Madoff estate which it is administering.  In reality, however, it is unconscionable that
Plaintiffs should be seeking to visit the consequences of their alleged complicity in the
Madoff fraud on their innocent investors.  Their effort to buttress this poorly conceived
and unjust effort with what they view as a potentially sympathetic forum should not be
countenanced.

## CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully request that the Court enter an order withdrawing the reference of these Actions to the Bankruptcy Court.

Dated:  New York, New York
September 20, 2010

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By _____

Evan A. Davis, a Member of the Firm

*Attorneys for Defendants HSBC Private Bank
(Suisse) SA, HSBC Securities Services
(Luxembourg) SA, HSBC Bank USA NA, HSBC
Private Bank (C.I.) Limited, HSBC Private Banking
Nominee 1 (Jersey) Limited, Robinson & Co.,
Caceis Bank Luxembourg, Citibank NA London,
Citibank (Switzerland) AG, Citigroup, Citivic
Nominees Limited, BNP Paribas Securities Services
Luxembourg, BNP Paribas Luxembourg SA, BNP
Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex
Fortis, and BNP Paribas (Suisse) SA Private*