UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | Chapter 15 Case |
| **Fairfield Sentry Limited, et al.,** | Case No: 10-13164 (BRL) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| **Fairfield Sentry Limited (In Liquidation),** | |
| Plaintiff, | Adv. Pro. No. 10-03635 |
| -against- | |
| **ABN AMRO Schweiz AG, et al.,** | |
| Defendants. | |
| **Fairfield Sentry Limited (In Liquidation), Fairfield Sigma Limited (In Liquidation) and Fairfield Lambda Limited (In Liquidation),** | Adv. Pro. No. 10-03636 |
| Plaintiffs, | |
| -against- | |
| **ABN AMRO Schweiz AG, et al.,** | |
| Defendants. | |

**JOINDER OF DEFENDANT FIDULEX MANAGEMENT INC.
IN MOTION TO REMAND AND FOR ABSTENTION**

Defendant Fidulex Management Inc. ("Fidulex") hereby submits this joinder in the motion (the "Motion") dated October 4, 2010 of Defendants HSBC Private Bank (Suisse) SA, HSBC Securities Services (Luxembourg) SA, HSBC Bank USA NA, HSBC Private Bank (C.I.) Limited, HSBC Private Banking Nominee 1 (Jersey) Limited, Robinson & Co., Caceis

Bank Luxembourg, Citibank NA London, Citibank (Switzerland) AG, Citigroup, Citivic Nominees Limited, BNP Paribas Securities Services Luxembourg, BNP Paribas Luxembourg SA, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, and BNP Paribas (Suisse) SA Private (the "Moving Defendants"), pursuant to 28 U.S.C. §§ 1334(c), 1447 and 1452(b), and Federal Rule of Bankruptcy Procedure 9027, for an order remanding the above-captioned actions (the "Actions") to the New York State Supreme Court for New York County, and/or abstaining from hearing the Actions.[1]

In further support of the Motion, Fidulex submits as Exhibit A hereto a copy of the memorandum of law that Fidulex filed in support of its Motion to Remand and for Abstention in a parallel action that Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma") brought against Fidulex. *Fairfield Sentry (In Official Liquidation)* v. *Fidulex Management and Beneficial Owners of the Accounts Held in the Name of Fidulex Management 1-1000*, Adv. Pro. No. 10-03751 (Docket No. 6).

As set forth in the Motion and in the memorandum of law attached hereto as Exhibit A, plaintiffs' claims against Fidulex are subject to remand and abstention on numerous grounds. *First*, this Court lacks subject matter jurisdiction over plaintiffs' claims. As common law claims that are wholly independent of any bankruptcy case, the claims do not "arise in" a bankruptcy case or "under" the Bankruptcy Code for purposes of 28 U.S.C. § 1334(b). The claims also are not "related to" a bankruptcy case under that statutory provision because, as a matter of law, a chapter 15 case does not create an "estate" on which plaintiffs' claims could have any cognizable effect. Moreover, chapter 15 only confers jurisdiction within the territory of

---

[1] Fidulex expressly reserves all defenses in these actions, including defenses based on failure to state a claim, ineffective service of process, statutes of limitation, and lack of personal and subject matter jurisdiction.

the United States, and the claims at bar plainly extend beyond that territory. Finally, any connection between the Actions and the Madoff liquidation proceeding is too tenuous to support bankruptcy jurisdiction. *See* Ex. A at 6-15; Motion at 8-17.

*Second*, the removal of plaintiffs' claims to federal court was untimely. Plaintiffs commenced the Actions in April 2010 by filing a Summons with Notice in each action,[2] they commenced their chapter 15 case on June 14, 2010, and they filed their notices of removal in the Actions on September 7, 2010. *See* Ex. A at 15-18; Motion at 17-21.

*Third*, the Actions are subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). The requirements for mandatory abstention are all met here. *See* Ex. A at 18-22; Motion at 21-25.

*Fourth*, there also is a strong basis for remand based on considerations of comity and sound administration. *See* Ex. A at pp. 22-25; Motion at 25-30.

Accordingly, Fidulex respectfully requests that the Court issue an order remanding plaintiffs' claims in the Actions to the New York State Supreme Court and/or abstaining from hearing those claims.

---

[2] Sentry filed a Summons with Notice in the New York state action underlying Adv. Pro. No. 10-3635 on April 20, 2010. Sentry, Sigma, and Fairfield Lambda Limited filed a Summons with Notice in the New York state action underlying Adv. Pro. No. 10-3636 on April 19, 2010.

3

| | |
|---|---|
| Dated: New York, New York<br>October 7, 2010 | Respectfully submitted,<br><br> /s Herbert M. Wachtell<br>Herbert M. Wachtell<br>Stephen R. DiPrima<br>Emil A. Kleinhaus<br>Graham W. Meli<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York  10019<br>(212) 403-1000<br><br>Attorneys for Defendant Fidulex<br>Management Inc. |