# EXHIBIT A

Hearing Date:  December 15, 2010 at 10:00 a.m.
Objection Deadline:  November 15, 2010

## UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 Case |
| Fairfield Sentry Limited, et al., | Case No: 10-13164 (BRL) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| Fairfield Sentry Limited (In Official Liquidation), acting by and through the Foreign Representatives thereof, | |
| Plaintiff, | Adv. Pro. No. 10-03751 |
| -against- | |
| Fidulex Management and Beneficial Owners of the Accounts Held In the Name of Fidulex Management 1-1000, | |
| Defendants. | |

## MEMORANDUM OF LAW OF FIDULEX MANAGEMENT INC. IN SUPPORT OF MOTION TO REMAND AND FOR ABSTENTION

WACHTELL, LIPTON, ROSEN & KATZ
Herbert M. Wachtell
Stephen R. DiPrima
Emil A. Kleinhaus
Graham W. Meli
51 West 52nd Street
New York, New York  10019
(212) 403-1000

*Attorneys for Defendant Fidulex Management Inc.*

October 4, 2010

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................................1

BACKGROUND ........................................................................................................3

ARGUMENT ............................................................................................................6

I.     THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFFS' CLAIMS..................................................................................6

     A.     The action does not arise under the Bankruptcy Code
or in a bankruptcy case .......................................................................7

     B.     The action is not related to a bankruptcy case ......................................8

          1.     Chapter 15 does not create an "estate" on which plaintiffs'
claims can have an effect ........................................................9

          2.     Chapter 15 does not confer extraterritorial jurisdiction
on federal courts...................................................................12

          3.     Plaintiffs' claims are not "related to" the Madoff
liquidation proceeding ..........................................................13

II.     PLAINTIFFS' NOTICE OF REMOVAL WAS UNTIMELY..........................15

III.     THE ACTION IS SUBJECT TO ABSTENTION.............................................18

     A.     This motion is timely. ........................................................................18

     B.     The action is based on state law..........................................................19

     C.     Plaintiffs' claims do not arise under the Bankruptcy Code or
in a bankruptcy case...........................................................................19

     D.     There is no other basis for federal jurisdiction. ...................................20

     E.     The action was commenced in state court. ...........................................20

     F.     The New York State Supreme Court can
timely adjudicate plaintiffs' claims......................................................20

IV.     THE ACTION IS SUBJECT TO EQUITABLE REMAND ............................22

CONCLUSION........................................................................................................25

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*9281 Shore Rd. Owners Corp.* v. *Seminole Realty Co. (In re 9281 Shore Rd.*
   *Owners Corp.)*, 214 B.R. 676 (Bankr. E.D.N.Y. 1997) ............................................... 23

*Baker* v. *Simpson*,
   613 F.3d 346 (2d Cir. 2010) ................................................................... 7

*Banque Nationale de Paris* v. *Murad (In re Housecraft Indus. USA, Inc.)*,
   310 F.3d 64 (2d Cir. 2002) ................................................................... 7

*Binder* v. *Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*,
   372 F.3d 154 (3d Cir. 2004) .................................................................. 8

*Drexel Burnham Lambert Grp., Inc.* v. *Vigilant Ins. Co.*,
   130 B.R. 405 (S.D.N.Y. 1991) ............................................................ 22, 23

*Durso Supermarkets, Inc.* v. *D'Urso (In re Durso Supermarkets)*,
   170 B.R. 211 (S.D.N.Y. 1994) ................................................................ 8

*Feldman* v. *Beck Indus., Inc. (In re Beck Indus., Inc.)*,
   479 F.2d 410 (2d Cir. 1973) ............................................................... 13-14

*Gen. Am. Tank Car Co.* v. *Gobel (In re Gobel, Inc.)*,
   80 F.2d 849 (2d Cir. 1936) .................................................................. 14

*Gen. Ry. Signal Co.* v. *City of New York (In re Leco Enters., Inc.)*,
   144 B.R. 244 (S.D.N.Y. 1992) ............................................................... 21

*IIG Capital LLC* v. *Wollmuth Maher & Deutsch, LLP (In re Amanat)*,
   338 B.R. 574 (Bankr. S.D.N.Y. 2005) ...................................................... 21

*In re JSC BTA Bank*,
   2010 WL 3306885 (Bankr. S.D.N.Y. Aug. 23, 2010) ......................... 10, 11, 12, 21

*In re MTBE Prods. Liab. Litig.*,
   341 F. Supp. 2d 386 (S.D.N.Y. 2004) ....................................................... 24

*Intellitek Computer Corp.* v. *Kollmorgen Corp. (In re Nanodata Computer Corp.)*,
   74 B.R. 766 (W.D.N.Y. 1987) ................................................................ 8

*JCPL Leasing Corp.* v. *Treco (In re Treco)*,
   227 B.R. 343 (Bankr. S.D.N.Y. 1998) ...................................................... 13

*Joremi Enters., Inc.* v. *Hershkowitz (In re New 118th LLC)*,
   396 B.R. 885 (Bankr. S.D.N.Y. 2008) ................................................. 8, 20, 21

*Maxwell Commc'n Corp. plc* v. *Barclays Bank, plc (In re Maxwell Commc'n
   Corp. plc)*, 170 B.R. 800 (Bankr. S.D.N.Y. 1994),
   *aff'd* 186 B.R. 807 (S.D.N.Y. 1995) ................................................................. 13

*MBNA Am. Bank, N.A.* v. *Hill*,
   436 F.3d 104 (2d Cir. 2006) ..................................................................... 7

*Morrison* v. *Nat'l Austl. Bank Ltd.*,
   130 S. Ct. 2869 (2010) .......................................................................... 13

*Mt. McKinley Ins. Co.* v. *Corning Inc.*,
   399 F.3d 436 (2d Cir. 2005) ..................................................................... 20

*Orion Pictures Corp.* v. *Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
   4 F.3d 1095 (2d Cir. 1993) ...................................................................... 8

*Osanitsch* v. *Marconi PLC (In re Marconi PLC)*,
   363 B.R. 361 (S.D.N.Y 2007) .............................................................. 9, 11, 12

*O'Sullivan* v. *Loy (In re Loy)*,
   2009 WL 2381339 (Bankr. E.D. Va. Aug 3, 2009),
   *aff'd on other grounds*, 432 B.R. 551 (E.D. Va. 2010) ................................... 11-12

*Pacor, Inc.* v. *Higgins (In re Pacor, Inc.)*,
   743 F.2d 984 (3d Cir. 1984) ................................................................... 9, 14

*Penthouse Media Grp.* v. *Guccione (In re Gen. Media, Inc.)*,
   335 B.R. 66 (Bankr. S.D.N.Y. 2005) ............................................................ 8

*Pinson* v. *Knoll, Inc.*,
   2007 WL 1771554 (S.D.N.Y. June 18, 2007) ................................................... 16

*Publicker Indus. Inc.* v. *United States (In re Cuyahoga Equip. Corp.)*,
   980 F.2d 110 (2d Cir. 1992) ..................................................................... 9

*Rednel Tower, Ltd.* v. *Riverside Nursing Home (In re Riverside Nursing Home)*,
   144 B.R. 951 (S.D.N.Y. 1992) ................................................................... 7

*Sturge* v. *Smouha (In re Smouha)*,
   136 B.R. 921 (S.D.N.Y. 1992) .................................................................. 11

*Tech. Outsource Solutions, LLC* v. *Eni Tech., Inc.*,
   2003 WL 252141 (W.D.N.Y. Jan. 23, 2003) .................................................... 21

*Things Remembered Inc.* v. *Petrarca*,
   516 U.S. 124 (1995) ....................................................................... 17 n.6

*Tower Auto., Mexico, S. De R.L. De C.V.* v. *Grupo Proeza, S.A. De C.V. (In re Tower Auto., Inc.)*, 356 B.R. 598 (Bankr. S.D.N.Y. 2006) ....................................... 14

*Wachsmuth* v. *Cohen (In re Wachsmuth ex rel. Gussen)*, 272 B.R. 766 (Bankr. M.D. Fla. 2001) .................................................................... 11

*Whitaker* v. *Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ................................................................................... 16

*Wood* v. *Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987) ................................................................................ 7, 8

## **Statutes**

11 U.S.C. § 301(b) ............................................................................................. 17

11 U.S.C. § 302(a) ............................................................................................. 17

11 U.S.C. § 303(h) ............................................................................................. 17

11 U.S.C. § 304 .................................................................................................. 11

11 U.S.C. § 541(a) ............................................................................................... 9

11 U.S.C. § 1504 ............................................................................................. 9, 15

11 U.S.C. § 1511(a) ..................................................................................... 10 n.2, 17

11 U.S.C. § 1520(a)(2) ....................................................................................... 10

28 U.S.C. 157(b)(2) ............................................................................................. 8

28 U.S.C. § 157(d) ............................................................................................... 6

28 U.S.C. § 1334(b) ...................................................................................... *passim*

28 U.S.C. § 1334(c)(1) ................................................................................... 22, 24

28 U.S.C. § 1334(c)(2) ........................................................................... 2, 18, 19, 20

28 U.S.C. § 1446(b) ...................................................................................... *passim*

28 U.S.C. § 1447 ............................................................................................ 17 n.6

28 U.S.C. § 1447(c) ..................................................................................... 14-15, 18

28 U.S.C. § 1452(a) ...................................................................................... 4, 6, 19

28 U.S.C. § 1452(b) ........................................................................................... 22

28 U.S.C. § 2075 ................................................................................................................ 17 n.6

**Other Authorities**

Fed. R. Bankr. P. 9027(a)(2) ......................................................................................... 16, 17

Fed. R. Bankr. P. 9027(a)(3) .................................................................................... 2, 16, 17

22 N.Y. Comp. Codes R. & Regs. tit, 22 § 202.70(b)(6) ............................................... 20

Fidulex Management Inc. ("Fidulex") respectfully submits this memorandum of law in support of its motion to remand this action to the New York State Supreme Court and for abstention.

## PRELIMINARY STATEMENT

By this action, Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma") seek to recover payments made to certain of their shareholders, including Fidulex, based on common law theories such as mistake and unjust enrichment. As funds that invested with Bernard L. Madoff Investment Securities LLC ("BMIS"), Sentry and Sigma calculated the value of their assets, and paid out redemptions to their shareholders, using information from BMIS that, in retrospect, was not accurate. The funds are now claiming that they are entitled to recover the payments made to their shareholders, even if the shareholders invested more money in the funds than they withdrew.

Sentry commenced this action in New York State Supreme Court. Subsequently, the foreign liquidators for Sentry, as well as the foreign liquidators for Sigma, obtained recognition from the Bankruptcy Court, under chapter 15 of the Bankruptcy Code, of the funds' insolvency proceedings in the British Virgin Islands. Sentry proceeded to remove its claims against Fidulex to federal court on the basis that they supposedly "arise in and/or are related to" the chapter 15 case. Sentry then filed a Complaint against Fidulex, in which Sigma joined.

For numerous reasons, this action should not be heard by a federal court. *First*, this Court lacks subject matter jurisdiction over plaintiffs' claims. As common law claims that are wholly independent of any bankruptcy case, the claims do not "arise in" a bankruptcy case. The claims also are not "related to" a bankruptcy case because, as a matter of law, a chapter 15 case does not create an "estate" on which plaintiffs' claims could have any cognizable effect.

Moreover, chapter 15 only confers jurisdiction within the territorial jurisdiction of the United States, and the claims at bar plainly extend beyond that territorial jurisdiction. Finally, any connection between this action and the BMIS bankruptcy proceeding is too tenuous to support bankruptcy jurisdiction.

*Second*, the removal of Sentry's claims to federal court was untimely. Under 28 U.S.C. § 1446(b), an action has to be removed to federal court within 30 days after receipt of the initial pleading, or at the latest within 30 days after the basis for removal becomes ascertainable. The Bankruptcy Rules do not vary that requirement here, because they do not fix the time period in which an action commenced prior to a chapter 15 case needs to be removed to federal court. Under section 1446(b), therefore, the notice of removal was not timely, because it was filed more than 30 days after the filing (and even the grant) of the chapter 15 petitions. Moreover, to the extent plaintiffs try to rely on the BMIS case as a source of jurisdiction, their removal notice was likewise untimely, because this action was not removed with 30 days of the filing of the initial pleading, as required by Bankruptcy Rule 9027(a)(3) when a state-court action is filed *after* a bankruptcy case is commenced.

*Third*, the action commenced by Sentry is subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). That statute requires a federal court to abstain from hearing state-law claims that are only "related to" a bankruptcy case, provided there is no other basis for federal jurisdiction and the claims can be timely adjudicated in state court. The requirements for mandatory abstention are easily met here. Accordingly, Sentry's claims should be remanded, and this Court should also, in its discretion, abstain from hearing Sigma's related claims.

*Fourth*, there also is a strong basis for remand, as well as discretionary abstention, based on considerations of comity and sound administration.

## BACKGROUND

On April 20, 2010, Sentry commenced its action against Fidulex by filing a Summons with Notice in the New York Supreme Court for New York County.[1]  *See* Declaration of Emil A. Kleinhaus, Ex. 1 (Summons with Notice).  In addition to this action, Sentry also filed a large number of similar actions in New York State Supreme Court.  Those actions have likewise been removed to federal court.

Sentry was established as a vehicle to invest with BMIS, which was managed by Bernard L. Madoff.  *See* Kleinhaus Decl. Ex. 2 (Complaint) ¶¶ 2, 21.  Sigma, in turn, invested in Sentry.  *Id*. ¶ 21.  Both Sentry and Sigma are incorporated in the British Virgin Islands ("BVI"), and each is presently the subject of a liquidation proceeding in the Commercial Division of the High Court of Justice in the BVI.  *Id*. ¶ 32.

Prior to the revelation of the Madoff fraud, Sentry's investment manager was Fairfield Greenwich (Bermuda) Ltd. and its custodian bank was Citco Bank Nederland, N.V. (Dublin Branch).  *See* Kleinhaus Decl. Ex. 5 (Private Placement Memorandum for Fairfield Sentry Ltd. dated May 8, 2006), at 7, 16.  With the exception of tax-exempt entities, citizens and residents of the United States were not permitted to subscribe for Sentry shares.  *Id*. at 1.  Sigma had the same manager as Sentry, its custodian was Citco Global Custody N.V., and it was entirely closed to U.S. investors.  *See* Kleinhaus Decl. Ex. 5 (Private Placement Memorandum for Fairfield Sigma Ltd. dated February 16, 2006), at 5, 15, 1.

---

[1] All defenses in this action, including defenses based on failure to state a claim, ineffective service of process, statutes of limitation, and lack of personal and subject matter jurisdiction, are expressly reserved.

On June 14, 2010, the foreign liquidators of Sentry and Sigma filed petitions in the Bankruptcy Court for recognition of the BVI liquidation proceedings as "foreign main proceedings" under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"). On July 22, 2010, the Bankruptcy Court entered an order recognizing the BVI proceedings as "foreign main proceedings." *See* Kleinhaus Decl. Ex. 3 (Order Granting Chapter 15 Petitions of Fairfield Sentry Limited, Fairfield Sigma Limited, et al.).

On June 16, 2010, counsel for Sentry filed an affidavit in New York State Supreme Court stating that on June 11, 2010, Sentry had purported to serve Fidulex by sending the Summons with Notice to Fidulex in Switzerland on June 11, 2010, by international registered mail, return receipt requested. *See* Kleinhaus Decl. Ex. 4 (Notice of Removal), at Ex. B (Affidavit of Service).

Sentry filed a notice of removal of its action against Fidulex on September 3, 2010. The Notice of Removal asserts that the action is subject to removal under 28 U.S.C. § 1452(a), which permits removal of claims that are subject to federal bankruptcy jurisdiction under 28 U.S.C. § 1334(b). *See* Kleinhaus Decl. Ex. 4 (Notice of Removal) ¶¶ 5-6. Specifically, the Notice of Removal states that the claims at issue are subject to this Court's jurisdiction under section 1334(b) because "they arise in and/or are related to [Sentry's] Chapter 15 cases pending in the Bankruptcy Court." *Id*. ¶ 6. No other basis for federal jurisdiction is alleged.

Upon removal, Sentry's action was originally assigned to Judge George B. Daniels of the District Court. On September 14, 2010, however, an entry appeared on the docket of the District Court stating that the action had been referred from the District Court to the Bankruptcy Court. On September 24, 2010, a proceeding in the Bankruptcy Court was opened through the filing on the Bankruptcy Court's docket of the District Court's Standing Order of

Reference of Acting Chief Judge Robert J. Ward, entered on July 11, 1984.  Under that order, which tracks the language of 28 U.S.C. § 1334(b), the District Court refers to the Bankruptcy Court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11."

On September 27, 2010, Sentry and Sigma filed a complaint against Fidulex.  *See* Kleinhaus Decl. Ex. 2 (Complaint).  The Complaint asserts seven causes of action:  (1) "unjust enrichment" against Fidulex; (2) "unjust enrichment" against beneficial holders of Sentry shares that allegedly held their shares in Fidulex's name; (3) "money had and received" against Fidulex; (4) "money had and received" against beneficial holders that allegedly held their shares in Fidulex's name; (5) "mistaken payment" against Fidulex; (6) "mistaken payment" against beneficial holders that allegedly held their shares in Fidulex's name; and (7) "constructive trust" against all defendants.  The essence of the complaint is that Fidulex — as well as unnamed defendants that allegedly held Sentry or Sigma shares in Fidulex's name — should be required to return redemption payments made by Sentry or Sigma that were based on inaccurate information provided by BMIS.

While the merits of the action are not before this Court, it should be pointed out that the claims being asserted are patently meritless:  for example, they run afoul of the fairly obvious proposition that if the redemptions made from Sentry or Sigma were somehow the result of a "mistake" as to the Madoff Ponzi scheme, it is indisputable that the initial investments in those funds were likewise based on the same "mistake."  Thus, by way of a defense or counterclaim, the investments cancel out the redemptions.  And here, the Complaint contains no allegation that Fidulex was anything but a "net loser" with respect to its overall investments in Sentry and Sigma.

Simultaneous with the filing of this motion, Fidulex is filing a motion for entry of an order withdrawing the reference to the Bankruptcy Court of this adversary proceeding pursuant to 28 U.S.C. § 157(d).  Fidulex respectfully requests that a decision be withheld on this motion until such time as the District Court determines the motion to withdraw the reference.

## ARGUMENT

This action does not belong in federal court.  As demonstrated below, this Court does not have jurisdiction over the claims asserted in the Complaint, the removal of Sentry's claims was untimely and, even if the Court had jurisdiction over plaintiffs' claims, those claims are subject to abstention or equitable remand.

## I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS.

Section 1452 of title 28 of the Unites States Code authorizes removal of a claim or cause of action to a federal district court "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  Section 1334 confers exclusive jurisdiction on the district courts of "cases under title 11," such as cases under chapter 11 or chapter 15, and also provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

Accordingly, removal under section 1452 is permitted if the claims at issue "arise under" the Bankruptcy Code or "arise in" or "relate to" a case under the Bankruptcy Code.  Here, Sentry makes no claim that its causes of action "arise under" the Bankruptcy Code.  Sentry does claim, however, that its causes of action "arise in and/or are related to" its chapter 15 case.  *See*

Kleinhaus Decl. Ex. 4 (Notice of Removal) ¶ 6.  As demonstrated below, that position lacks any sound basis, and this action should be remanded.

### A.    The action does not arise under the Bankruptcy Code or in a bankruptcy case.

Under settled law, claims "arise under" the Bankruptcy Code when they "clearly invoke substantive rights created by federal bankruptcy law."  *MBNA America Bank, N.A.* v. *Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006); *accord Banque Nationale de Paris* v. *Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70 (2d Cir. 2002).  As noted above, Sentry does not allege in the Notice of Removal that its claims "arise under" the Bankruptcy Code, nor could it, since the claims that it has brought are pure common-law claims and are not based in any way upon federal bankruptcy law.

Claims "arise in" a bankruptcy case when they "are not based on any right expressly created by" the Bankruptcy Code, "but nevertheless, would have no existence outside of the bankruptcy."  *Baker* v. *Simpson*, 613 F.3d 346, 350-51 (2d Cir. 2010) (quoting *Wood* v. *Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).  Here, the common law claims asserted in the Complaint preexisted the chapter 15 petitions, and they are clearly capable of being advanced in state court with or without a chapter 15 case.  Accordingly, the claims do not "arise in" Sentry's or Sigma's chapter 15 case any more than they "arise under" the Bankruptcy Code.  *See, e.g.*, *Rednel Tower, Ltd.* v. *Riverside Nursing Home (In re Riverside Nursing Home)*, 144 B.R. 951, 955 (S.D.N.Y. 1992) (holding that "arising in" jurisdiction does not lie over "a state law cause of action that, absent a bankruptcy, would have been advanced in the State Court").

.

For the same reasons, the assertion in the Notice of Removal that this action is a "core proceeding within the meaning of 28 U.S.C. § 157(b)(2)," Kleinhaus Decl. Ex. 4 ¶ 9, is incorrect.  As recognized by case law, "core jurisdiction extends to all civil proceedings *arising under title 11 or arising in a case under title 11.*" *Joremi Enters., Inc.* v. *Hershkowitz* (*In re New 118th LLC*), 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) (emphasis added); *accord Penthouse Media Grp.* v. *Guccione (In re Gen. Media, Inc.)*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005).  The statute, in other words, "equates core proceedings with the categories of '*arising under*' and '*arising in*' proceedings."  *In re Wood*, 825 F.2d at 96 (emphasis added); *accord, e.g.*, *Binder* v. *Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 162-63 (3d Cir. 2004).

The claims asserted in the Complaint, as demonstrated above, do not meet the requirements for "arising under" or "arising in" jurisdiction.  Although those claims, if successful, could benefit Sigma and Sentry, "that fact without more does not affect 'the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship,'" so as to render the claims core.  *Durso Supermarkets, Inc.* v. *D'Urso (In re Durso Supermarkets)*, 170 B.R. 211, 214 (S.D.N.Y. 1994) (quoting *Intellitek Computer Corp.* v. *Kollmorgen Corp. (In re Nanodata Computer Corp.)*, 74 B.R. 766, 770-71 (W.D.N.Y. 1987)); *see also Orion Pictures Corp.* v. *Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2d Cir. 1993) (holding that a debtor's pre-petition contract action, even if it would benefit the estate, was not a core proceeding under § 157(b)(2)(A), which classifies as core "matters concerning the administration of the estate").

**B.      The action is not related to a bankruptcy case.**

Plaintiffs' claims also are not "related to" a bankruptcy case under 28 U.S.C. § 1334(b).  The claims have no possible effect on an *estate* being administered by the

Bankruptcy Court, as required for "related to" jurisdiction, and they reach outside the territory of the United States, thus contravening the jurisdictional limits of chapter 15. The claims also are not "related to" the Madoff liquidation proceeding for purposes of section 1334(b).

### 1.    Chapter 15 does not create an "estate" on which plaintiffs' claims can have an effect.

The Second Circuit has held that a proceeding is "related to" a bankruptcy case if its outcome could have an effect on *the bankrupt estate*." *Publicker Indus. Inc.* v. *United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992) (emphasis added); *accord, e.g.*, *Osanitsch* v. *Marconi PLC (In re Marconi PLC)*, 363 B.R. 361, 366 (S.D.N.Y 2007) ("related to" jurisdiction exists when the outcome of a proceeding "could conceivably have any effect on the *estate being administered in bankruptcy*" (quoting *Pacor, Inc.* v. *Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis added))). Accordingly, the minimum requirement for "related to" jurisdiction is that the claims being asserted have some possible effect on the *estate* being administered by the Bankruptcy Court. Here, however, there is no estate being administered by the Bankruptcy Court and, therefore, "related to" jurisdiction does not lie.

Section 541 of the Bankruptcy Code states that "[t]he commencement of a case under section 301, 302, or 303 of this title" — the statutory provisions that permit the filing of voluntary, joint or involuntary case, respectively — "creates an estate." 11 U.S.C. § 541(a). A chapter 15 case, however, unlike a case under chapter 11 or chapter 7, is *not* commenced with a filing under section 301, 302, or 303 of the Bankruptcy Code. Rather, under section 1504 of the Bankruptcy Code, "[a] case under [chapter 15] is commenced by the filing of a petition for recognition of a foreign proceeding under section 1515," which simply sets forth the requirements to be met in a petition for recognition. 11 U.S.C. § 1504. Accordingly, the mere filing of an ancillary chapter 15 case, without the subsequent filing of a plenary case under

section 301, 302, or 303, "does not create an estate as that term is used in the Bankruptcy Code."

*In re JSC BTA Bank*, 2010 WL 3306885, at *5 (Bankr. S.D.N.Y. Aug. 23, 2010).  This result is

entirely consistent with the purpose of a chapter 15 case, in which the Bankruptcy Court plays

the limited "auxiliary role" of protecting the U.S. property of a foreign debtor.  *Id*. at *6.

By its plain terms, the language of chapter 15 itself confirms that recognition of a

foreign liquidation as a "foreign main proceeding" does not create an estate.  Section 1520 of the

Bankruptcy Code provides that, upon recognition of a foreign proceeding as a "foreign main

proceeding," sections 363, 549 and 552 of the Bankruptcy Code "apply to a transfer of an

interest of the debtor in property that is within the territorial jurisdiction of the United States *to

the same extent that the sections would apply to property of an estate*."  11 U.S.C. § 1520(a)(2)

(emphasis added).  The statute thus makes clear that recognition of a foreign main proceeding

does not itself give rise to an "estate"; rather, after recognition, certain enumerated provisions of

the Bankruptcy Code apply *as if* there were an estate.

Here, Sentry and Sigma have sought and obtained recognition of their BVI

liquidation proceedings as "foreign main proceedings."  As a result, they are entitled to the

specific protections afforded by chapter 15 of the Bankruptcy Code, and they are also entitled to

commence plenary proceedings if they can meet the Code's requirements for such proceedings.[2]

Those funds, however, have elected *not* to commence either an involuntary case under section

303 or a voluntary case under section 301 or 302.  Accordingly, the recognition of their foreign

---

[2]  Section 1511 of the Bankruptcy Code provides that, "[u]pon recognition, a foreign
representative may commence — (1) an involuntary case under section 303; or (2) a voluntary
case under section 301 or 302, if the foreign proceeding is a foreign main proceeding."  11
U.S.C. § 1511(a).  Thus, upon recognition of a foreign proceeding, a foreign liquidator is entitled
to file a plenary case under section 301, 302 or 303 and thus "create an estate" under section 541.
But absent such a filing, there is no "estate" created.

liquidations "does not create an estate." *In re JSC BTA Bank*, 2010 WL 3306885, at *5; *see also*

*Sturge* v. *Smouha (In re Smouha)*, 136 B.R. 921, 929 (S.D.N.Y. 1992) ("[T]he filing of a section

304 proceeding [the predecessor to a chapter 15 case] does not create a bankruptcy 'estate' that

must be 'administered' by the Court.").

The absence of an "estate" being administered by the Bankruptcy Court defeats

any claim of "related to" jurisdiction. In *Osanitsch* v. *Marconi PLC*, now-Circuit Judge Lynch

was faced with the same basic issue presented here. A former employee of a foreign debtor in a

proceeding under 11 U.S.C. § 304 — the predecessor statute to chapter 15 — filed an adversary

proceeding against the debtor seeking severance benefits. The Bankruptcy Court dismissed the

plaintiff's damages claim for lack of subject matter jurisdiction, and the District Court affirmed

that determination (while reversing another aspect of the decision). Judge Lynch explained that,

"in a § 304 proceeding, . . . there is no 'estate being administered in bankruptcy' in the United

States" and, accordingly, "there is no basis for contending that [plaintiff's] common-law tort and

contract claims are related to any bankruptcy case." *Osanitsch*, 363 B.R. at 366.

Similarly, in *Wachsmuth* v. *Cohen (In re Wachsmuth ex rel. Gussen)*, 272 B.R.

766 (Bankr. M.D. Fla. 2001), the representative of a foreign debtor sought to bring an action to

recover transfers made by the debtor based solely on state law, in that case the fraudulent transfer

statute of the State of Florida. Notwithstanding the proceeding that was pending under section

304 of the Bankruptcy Code, the court concluded that it lacked "related to" jurisdiction over the

plaintiff's claims. *Id.* at 770.

The same result is required under chapter 15, as reflected by the recent decision in

*O'Sullivan* v. *Loy (In re Loy)*, 2009 WL 2381339 (Bankr. E.D. Va. Aug 3. 2009). In that case, a

chapter 15 debtor asserted state-law claims against the trustee administering his estate in the

United Kingdom.  As in *Osanitsch*, the court concluded that "[t]he action has no impact

whatsoever on the bankruptcy estate, simply for the reason that *no estate is created upon the*

*filing of a Chapter 15 petition*."  2009 WL 2381339, at *6 (emphasis added), *aff'd on other*

*grounds*, 432 B.R. 551 (E.D. Va. 2010).

       In sum, the filing of a chapter 15 petition does not in itself create an "estate"

administered by the Bankruptcy Court and, as a result, state-law claims asserted by a chapter 15

debtor or its foreign representative can have no affect on any such "estate."  For that reason, the

common law claims asserted in the Complaint are not "related to" a bankruptcy case for

purposes of 28 U.S.C. § 1334(b).

         **2.**      **Chapter 15 does not confer extraterritorial jurisdiction**
                  **on federal courts.**

       Jurisdiction is lacking over plaintiffs' claims for the additional reason that they do

not concern property of the debtor within the territorial jurisdiction of the United States.  "[I]n

the chapter 15 context, a bankruptcy court's jurisdiction over property of the debtor is expressly

limited to property located 'within the territorial jurisdiction of the United States.'"  *In re JSC*

*BTA Bank*, 2010 WL 3306885, at *9 (quoting provisions of chapter 15 that apply only within

"the territorial jurisdiction of the United States")).  A chapter 15 proceeding, accordingly, is

explicitly not intended to have an extraterritorial effect, but instead "requires the Court to look

outside the United States and recognize that the entity in question is already subject to the

authority of a foreign court."  *Id*. at *5.

       The claims being asserted in the Complaint plainly look beyond the territory of

the United States.  The Complaint, which has been brought by the liquidators of BVI

corporations owned primarily by non-U.S. investors, seeks to recover payments made by those

BVI corporations to Fidulex, a Panamanian corporation affiliated with Union Bancaire Privée, a Swiss bank. *See, e.g.*, *Maxwell Commc'n Corp. plc* v. *Barclays Bank, plc (In re Maxwell Commc'n Corp. plc)*, 170 B.R. 800, 809 (Bankr. S.D.N.Y. 1994) (concluding that an action by an English corporation to recover payments made to foreign lenders had a "center of gravity outside the U.S." and required "extraterritorial" application of U.S. law), *aff'd* 186 B.R. 807 (S.D.N.Y. 1995); *cf. Morrison* v. *Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2884 (2010) (explaining that "extraterritorial application" of U.S. law can be improper even where "*some* domestic activity is involved in the case" (emphasis in original)). Since chapter 15 expressly limits the jurisdiction of the Bankruptcy Court by reference to U.S. territory, and the purpose of a chapter 15 case is to shield assets of the debtor held *in this country* in aid of a foreign proceeding, the extraterritorial nature of plaintiffs' claims defeats any claim of jurisdiction. *See JCPL Leasing Corp.* v. *Treco (In re Treco)*, 227 B.R. 343, 350 (Bankr. S.D.N.Y. 1998) (holding that the pendency of a section 304 proceeding did not confer jurisdiction over claims that did "not seek to recover property or otherwise implicate the foreign debtors' assets *in this country*" (emphasis added)).

> **3.    Plaintiffs' claims are not "related to" the Madoff liquidation proceeding.**

Sentry and Sigma allege that this action "relates to" the BMIS liquidation proceeding for purposes of 28 U.S.C. § 1334(b). Kleinhaus Decl. Ex. 2 (Complaint) ¶ 10. That position has no merit.

Under long-settled law, a dispute between non-debtors that merely has a potential effect on a bankrupt estate is not "related to" a bankruptcy for jurisdictional purposes. For example, in *Feldman* v. *Beck Indus., Inc. (In re Beck Indus., Inc.)*, 479 F.2d 410 (2d Cir. 1973), the Second Circuit held that bankruptcy jurisdiction did not permit a referee to restrain state

court proceedings against a subsidiary of the debtor, even though the value of the debtor's stock holdings in the subsidiary would be directly impacted by the results of the state litigation, *see id*. at 416 (citing *Gen. Am. Tank Car Corp*. v. *Gobel (In re Gobel, Inc.)*, 80 F.2d 849, 852 (2d Cir. 1936) (holding that "mere financial interest of a bankrupt estate in the outcome of the litigation pending in state courts does not authorize the issuance of an injunction against such prosecution")). As a Bankruptcy Court in this District has explained, "despite the breadth of the 'conceivable impact' formulation in *Pacor* [*Inc.* v. *Higgins*, 743 F.2d 984 (3d Cir. 1984)], there is nothing in that decision that suggests that a dispute that only indirectly impacts a bankruptcy estate — by affecting the value of one of its assets — comes within 'related to' bankruptcy jurisdiction." *Tower Auto. Mexico, S. De R.L. De C.V.* v. *Grupo Proeza, S.A. De C.V. (In re Tower Auto., Inc.)*, 356 B.R. 598, 602 (Bankr. S.D.N.Y. 2006).

Here, therefore, whatever indirect interest the BMIS estate may have in plaintiffs' lawsuit against Fidulex, that interest is too tenuous to support the assertion of bankruptcy jurisdiction.[3]

*          *          *

Given the absence of federal jurisdiction under 28 U.S.C. § 1334(b), and the absence of any claim of federal jurisdiction on any other basis, removal was not authorized, and Sentry's action should be remanded to the New York State Supreme Court. *See* 28 U.S.C.

---

[3] Any argument that plaintiffs' claims are "related to" the BMIS proceeding also fails because 28 U.S.C. § 1334(b) confers jurisdiction over "civil proceedings arising under *title 11*, or arising in or related to cases under *title 11*." (emphasis added). The proceeding commenced against BMIS was commenced under the Securities Investor Protection Act, not under title 11.

§ 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

matter jurisdiction, the case shall be remanded.").[4]

## II.    PLAINTIFFS' NOTICE OF REMOVAL WAS UNTIMELY.

As discussed above, Sentry commenced this action on April 20, 2010 by filing a

Summons with Notice, and it mailed the Summons with Notice on June 11, 2010.  Sentry

commenced its chapter 15 case on June 14, 2010, *see* 11 U.S.C. § 1504 ("A case under [chapter

15] is commenced by the filing of a petition for recognition of a foreign proceeding under section

1515."), and Sentry filed its notice of removal on September 3, 2010 — over four months after

the Summons with Notice was filed, two-and-a-half months after the Summons with Notice was

delivered by mail, and well over 30 days after the commencement of Sentry's chapter 15 case.

Under no plausible theory was the notice of removal timely filed.

The timing of removal is governed by 28 U.S.C. § 1446(b) and Federal Rule of

Bankruptcy Procedure 9027(a).  Section 1446(b) provides in relevant part that "[t]he notice of

removal of a civil action or proceeding shall be filed within thirty days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

for relief upon which such action or proceeding is based. . . ."  28 U.S.C. § 1446(b).  Moreover,

when a case is not removable at the time of an initial pleading, section 1446(b) requires removal

within 30 days of receipt of the motion or paper from which it can "first be ascertained that the

case is one which is or has become removable."  *Id.*

---

[4] Sigma's claims against Fidulex, which have been asserted for the first time in this Court, should
be dismissed for lack of subject matter jurisdiction at the same time as the action commenced by
Fairfield Sentry is remanded to state court.  Alternatively, as discussed below, those claims can
be dismissed on abstention grounds.  If appropriate, Sigma can then file claims in state court.

The Bankruptcy Rules supplement section 1446(b).  Bankruptcy Rule 9027(a)(2) provides, in relevant part, that when a "claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within . . . 90 days after the order for relief in the case under the Code. . . ."  Bankruptcy Rule 9027(a)(3) provides, in relevant part, that "[i]f a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within . . . 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed . . . ."  Accordingly, when an action is pending as of the commencement of a bankruptcy case, removal is generally required within 90 days of the "order for relief" in the case; but when an action is brought *after* the commencement of a bankruptcy case, removal is generally required within 30 days of the initial pleading.

Here, the notice of removal filed by Sentry was untimely under 28 U.S.C. § 1446(b).  A summons with notice constitutes an "initial pleading" if it contains "sufficient information" to enable the removing party to "intelligently ascertain" the basis for removal.  *Whitaker* v. *Am. Telecasting, Inc.*, 261 F.3d 196, 203 (2d Cir. 2001); *Pinson* v. *Knoll, Inc.*, 2007 WL 1771554, at *2 (S.D.N.Y. June 18, 2007).  Here, Sentry was in a position to ascertain that its Summons with Notice was — according to its view of the law — subject to removal as of, at the very latest, June 14, 2010, the date on which Sentry commenced its chapter 15 case.  Within days of that time, moreover, the Summons with Notice had clearly been "received" by Fidulex.[5]

---

[5] When the plaintiff is the party removing an action, it is only reasonable for the 30-day period that begins to run upon "receipt by the defendant" of the initial pleading to begin to run when the pleading is *filed*.  Unlike a defendant, a plaintiff indisputably has possession of an initial pleading from the time it is filed, making any further "receipt" irrelevant.  Here, in any event,

Under section 1446(b), therefore, Sentry was required to remove this action by no later than approximately July 15, 2010 — 30 days after the last possible date when it could "first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). But it did not remove the action until September 3, 2010.

Bankruptcy Rule 9027(a)(2) does not allow for a different result. Under that rule, an action commenced prior to a bankruptcy case may be removed within 90 days after the "order for relief" is entered. Sections 301, 302 and 303 of the Bankruptcy Code provide that the commencement of a voluntary, joint or involuntary bankruptcy case constitutes "an order for relief." 11 U.S.C. § 301(b), 302(a), 303(h). While section 1511 of the Bankruptcy Code permits the representative of a foreign debtor to commence a voluntary, joint or involuntary bankruptcy case "upon recognition," 11 U.S.C. § 1511(a) — the result of which would be an "order for relief" — the commencement of a chapter 15 case does not itself constitute an "order for relief." Accordingly, Bankruptcy Rule 9027(a)(2) is not applicable here on its face, and the only operative rule is section 1446(b), under which Sentry's removal notice was untimely.[6]

Finally, to the extent Sentry is predicating its claim of removal jurisdiction on the BMIS bankruptcy, its removal notice was also untimely. The BMIS liquidation proceeding was commenced in December 2008, approximately 16 months before the Summons with Notice was filed. Under Bankruptcy Rule 9027(a)(3), removal of an action filed *after* a bankruptcy case must be effected within 30 days of receipt of the initial pleading. Here, Sentry filed a Summons

---

Fidulex "received" delivery of the Summons with Notice by June 16, 2010, several days after Sentry's mailing of that document on June 11, 2010, as reflected in Sentry's affidavit of service.

[6] In any event, even if the 30-day requirement of 28 U.S.C. 1446(b) conflicted with a time period for removal set out in Rule 9027(a)(3), the statute would supersede the Rule. *See* 28 U.S.C. § 2075; *Things Remembered, Inc.* v. *Petrarca*, 516 U.S. 124, 128-29 (1995) (holding that 28 U.S.C. § 1447 is applicable to actions removed pursuant to 28 U.S.C. § 1452).

with Notice on April 20, 2010 and mailed it on June 11, 2010, and was in a position to ascertain

immediately whether the Summons with Notice was capable of removal as "related to" the BMIS

case.  Nonetheless, Sentry did not file a notice of removal until September 3, 2010.

## III.    THE ACTION IS SUBJECT TO ABSTENTION.

Even if the action commenced by Sentry in New York Supreme Court were

"related to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b), it would be subject to

mandatory abstention and the same result — *i.e.*, remand to state court — would be required.

Under section 1334(c)(2) of the Judicial Code:

> Upon timely motion of a party in a proceeding based upon a State
> law claim or State law cause of action, related to a case under title
> 11 but not arising under title 11 or arising in a case under title 11,
> with respect to which an action could not have been commenced in
> a court of the United States absent jurisdiction under this section,
> the district court shall abstain from hearing such proceeding if an
> action is commenced, and can be timely adjudicated, in a State
> forum of appropriate jurisdiction.

Accordingly, this Court is required to abstain from hearing claims or causes of action if:

(a) there is a timely motion to abstain; (b) the proceeding is based upon a state law claim; (c) the

state law claim is related to a bankruptcy case but does not arise under the Bankruptcy Code or in

a bankruptcy case; (d) there is no basis for federal jurisdiction other than section 1334; (e) the

proceeding is commenced in state court; and (f) the state court can timely adjudicate the

proceeding.  All of these requirements are met here as to the claims asserted by Sentry and, as

discussed below, discretionary abstention is appropriate as to the claims asserted by Sigma.

### A.    This motion is timely.

There can be no doubt that this motion is timely.  Fidulex has moved for

abstention and remand within 30 days of removal to federal court, the time period prescribed by

28 U.S.C. § 1447(c).  Assuming that section 1447(c) applies when an action is removed under 28

U.S.C. § 1452(a), a motion to remand brought within 30 days of removal is unquestionably timely.  Here, moreover, there has been minimal activity in this litigation, precluding any possible prejudice as a result of remand.

**B.      The action is based on state law.**

The Notice of Removal filed by Sentry states that the action "asserts claims of unjust enrichment, money had and received, mistaken payment and constructive trust." Kleinhaus Decl. Ex. 4 ¶ 2.  These are state law claims, they have been asserted by a BVI liquidator in the courts of New York, and there is no allegation that they are based on federal law.[7]  Moreover, the Complaint invokes Sentry's subscription agreement, *see* Kleinhaus Decl. Ex. 2 ¶ 14, which is governed by New York law.  Accordingly, the only possible inference is that Sentry purports to base its claims on New York law.[8]

**C.      Plaintiffs' claims do not arise under the Bankruptcy Code
          or in a bankruptcy case.**

As discussed in detail above, the claims in the Complaint do not arise under the Bankruptcy Code or in a bankruptcy case.  If bankruptcy jurisdiction lies over those claims at all, it is only because they are "related to" the chapter 15 proceedings.  Under the plain terms of the statute, such "related to" jurisdiction does not suffice to overcome an abstention motion.  *See* 28 U.S.C. § 1334(c)(2) (abstention required where a proceeding is based upon claims that are "related to a case under title 11 but not arising under title 11 or arising in a case under title 11").

---

[7] The Complaint against Fidulex states that "[i]ssues to be resolved in this case *may* be determined to be governed by the laws of the British Virgin Islands" and that "*[i]n that event*, Plaintiffs intend to rely upon the applicable laws of that territory."  Kleinhaus Decl. Ex. 2 ¶ 20 (emphasis added)  The conditional nature of this statement suggests that plaintiffs are attempting to rely upon New York law.

[8] Fidulex reserves all rights to argue that New York law does not govern plaintiffs' claims.

D.    **There is no other basis for federal jurisdiction.**

The Notice of Removal does not allege any basis for federal jurisdiction other than 28 U.S.C. § 1334.  There is no such basis:  the plaintiffs and Fidulex are both foreign parties, eliminating any possible claim of diversity jurisdiction.

E.    **The action was commenced in state court.**

Sentry removed this action from the New York State Supreme Court.  The Second Circuit has squarely held that a removed action satisfies the requirement of section 1334(c)(2) that an action have been commenced in state court.  *See Mt. McKinley Ins. Co.* v. *Corning Inc.*, 399 F.3d 436, 446-47 (2d Cir. 2005).

F.    **The New York State Supreme Court can
timely adjudicate plaintiffs' claims.**

This action can certainly be adjudicated in a timely fashion by the New York courts.  Wherever it is litigated, this action requires the resolution of common law claims based on an alleged "mistake."  Neither this Court nor the State Court has yet reached the merits of those claims in any action commenced by plaintiffs, and thus neither court is familiar with the underlying issues.  *See Joremi Enters.*, 396 B.R. at 894-95 (concluding that "the state court is as equally capable" as a federal court to adjudicate state law claims as to which neither court has substantial familiarity).

This action, moreover, is likely to be heard in the New York Supreme Court by that court's Commercial Division.  Section 202.70(b)(6) of the Rules of the Commercial Division, 22 N.Y. Comp. Codes R. & Regs. tit 22, § 202.70, provides that, in New York County, actions seeking to recover more than $100,000 are heard by the Commercial Division if they involve, *inter alia*, "business transactions involving or arising out of dealings with commercial banks and other financial institutions."  Here, plaintiffs seek to recover payments made to

numerous financial institutions, including Fidulex.[9]  The Commercial Division was "designed to be a 'world-class forum for the resolution of business disputes.'"  *Tech. Outsource Solutions, LLC* v. *Eni Tech., Inc.*, 2003 WL 252141, at *4 (W.D.N.Y. Jan. 23, 2003) (finding timely adjudication factor satisfied) (quoting Chief Judge Judith Kaye, "The Commercial Division of the State of New York" (2002)).  Courts in this District, accordingly, have abstained from hearing claims that "will likely be assigned to the Commercial Division of the Supreme Court, where cases move on a fast-track basis."  *IIG Capital LLC* v. *Wollmuth Maher & Deutsch, LLP (In re Amanat)*, 338 B.R. 574, 582-83 (Bankr. S.D.N.Y. 2005).

The nature of the underlying bankruptcy proceeding here further confirms that this action can be timely adjudicated in state court.  "[I]n deciding whether a matter may be timely adjudicated, perhaps the single most important factor is the nature of the underlying chapter proceeding."  *Joremi Enters. Inc.*, 396 B.R. at 894 (quoting *World Solar Corp.* v. *Steinbaum (In re World Solar Corp.)*, 81 B.R. 603, 612 (Bankr. S.D. Cal. 1988)).  As discussed above, a chapter 15 case is a proceeding of an "ancillary nature" where the U.S. court plays an "auxiliary role," and the proceeding "applies only to property within the United States."  *In re JSC BTA Bank*, 2010 WL 3306885, at *5-6.  Here, moreover, the foreign proceeding that has been recognized is a *liquidation* rather than a reorganization — precluding any claim of urgency. *See Joremi Enters. Inc.*, 396 B.R. at 894 ("In an adversary proceeding related to a Chapter 7 proceeding, timely adjudication can be weighed relatively lightly."); *Gen. Ry. Signal Co.* v. *City of New York (In re Leco Enterprises, Inc.)*, 144 B.R. 244, 252 (S.D.N.Y. 1992) (abstaining "given the lack of urgency in . . . chapter 7 bankruptcy proceeding[s]").

---

[9] An action filed by Sentry against Safra National Bank of New York based on the same theories alleged in this action was, prior to its removal, assigned to Justice Bernard Fried of the Commercial Division.  *See Fairfield Sentry Ltd. et al.* v. *Safra Nat'l Bank of New York et al.*, Docket No. 650645/2010 (N.Y. Sup. Ct.).

If Sentry's action against Fidulex is remanded to state court, the Commercial Division will be as well-positioned as this Court to consolidate the related actions that are pending before it, including all actions that have been remanded, and to administer those actions in an efficient and consolidated fashion that ensures uniform results. Accordingly, remand to state court is required under the mandatory abstention statute.

The claims commenced by Sentry, in sum, are subject to mandatory abstention and should be remanded. For that reason alone, this Court should also abstain in it discretion from hearing Sigma's claims against Fidulex, which were not commenced in state court. Under 28 U.S.C. § 1334(c)(1), a federal court may abstain in its discretion from hearing claims arising in or related to a bankruptcy "in the interest of comity with State courts or respect for State law." If Sentry's claims are remanded, the interests or comity and judicial efficiency would plainly be achieved by having the New York courts adjudicate Sigma's claims as well.

## IV.    THE ACTION IS SUBJECT TO EQUITABLE REMAND.

Section 1452(b) of the Judicial Code grants the Court discretion to remand a proceeding removed under section 1452 "on any equitable ground." Courts consider the following factors, among others, in determining whether equitable remand is appropriate:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Drexel Burnham Lambert Grp., Inc.* v. *Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991).

Here, these factors weigh decisively in favor of remand to state court.

*First*, as discussed above, adjudication of the claims at issue in state court will not have any "effect on the administration of" a "bankruptcy *estate*." Plaintiffs' chapter 15 petitions do not create a "bankruptcy estate" and, in any event, the common law claims brought by plaintiffs do not concern the "administration" of an estate. At most, they are assets of a foreign debtor that have the potential to increase creditor recoveries in a foreign proceeding.

*Second*, the claims in the Complaint are all based on state — not federal — law. Accordingly, issues of state law "predominate."

*Third*, the issues of state law that are presented are, to say the least, being raised in an unusual way, with Sentry and Sigma apparently claiming that everyone who redeemed from it has to return the redemptions, regardless of the shareholder's losses or other factors.

*Fourth*, "[i]t is well settled that comity considerations dictate that federal courts should be hesitant to exercise jurisdiction when state issues substantially predominate," as they do here. *9281 Shore Rd. Owners Corp.* v. *Seminole Realty Co. (In re 9281 Shore Rd. Owners Corp.)*, 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997) (internal quotation marks omitted).

*Fifth*, the action does not have a high "degree of relatedness" to a "main bankruptcy case." Beyond the insufficient truism that the claims at issue could, if successful, expand the corpus of assets available for distribution to plaintiffs' creditors, the claims asserted will not affect the BVI proceedings, or the chapter 15 case, in any cognizable way.

*Sixth*, Sentry has demanded a jury trial. *See* Kleinhaus Decl. Ex. 4 (Notice of Removal), at Ex. B. "Demands for jury trials in non-core proceedings have been considered a sufficient ground for an equitable remand." *Drexel Burnham Lambert Grp., Inc.*, 130 B.R. at 409.

*Seventh*, plaintiffs would not be prejudiced by a remand.  If this action is remanded, it can be coordinated with similar actions that are pending in or remanded to the New York state court.  Moreover, given the early stage of this proceeding, there is no basis to claim that a remand would delay the proceeding or otherwise prejudice plaintiffs by moving the proceeding to a court that is less familiar with the claims for relief.

Finally, for the same reasons that equitable remand is appropriate as to Sentry's claims commenced in state court, discretionary abstention is appropriate as to both Sentry's and Sigma's claims.  The factors analyzed in considering discretionary abstention under 28 U.S.C. § 1334(c)(1) are "essentially identical" to the equitable remand factors discussed above.  *In re MTBE Prods. Liab. Litig.*, 341 F. Supp. 2d 386, 411 (S.D.N.Y. 2004).  If Sentry's claims are remanded, therefore, this Court should abstain from hearing Sigma's claims, which can be re-filed if appropriate in New York State Court.

## CONCLUSION

For each of the independent reasons stated above, plaintiffs' claims should be remanded to the New York State Supreme Court or this Court should abstain from hearing plaintiffs' claims.

Dated:  New York, New York
      October 4, 2010

WACHTELL, LIPTON, ROSEN & KATZ

By: _____
Herbert M. Wachtell
Stephen R. DiPrima
Emil A. Kleinhaus
Graham W. Meli
51 West 52nd Street
New York, New York  10019
(212) 403-1000

Attorneys for Defendant Fidulex
Management Inc.