Hearing Date: October 26, 2010
Objection Deadline: October 12, 2010

KING & SPALDING LLP
Richard A. Cirillo
Lauren W. Mitchell
1185 Avenue of the Americas -- Suite 3400
New York, NY 10036-4003
Telephone: 212-556-2100
Telecopier: 212-556-2222

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re FAIRFIELD SENTRY LIMITED, et al.,

        Debtors in Foreign Proceedings.

-------------------------------------------------------------------x
-------------------------------------------------------------------x

FAIRFIELD SENTRY LIMITED, et al.,

        Plaintiffs,

-against-

ABN AMRO SCHWEITZ AG, et. al.,

        Defendants.
-------------------------------------------------------------------x

Chapter 15 Case

Case No. 10-13164 (BRL)

Adv. Pro. Nos.:
10-3635 and 10-3636

(District Court Civ. Nos.:
1:10-cv-06640; 1:10-cv-06641)

**RESPONSE OF NBK BANQUE PRIVÉE TO FOREIGN REPRESENTATIVES' MOTION SEEKING (1) CONSOLIDATION, (2) A COORDINATED SCHEDULE, AND (3) A CASE MANAGEMENT ORDER**

    NBK BANQUE PRIVÉE (SUISSE) S.A., a Swiss corporation named as one of the defendants in the caption of these actions, reserving all its rights including its right to seek dismissal of the action for lack of jurisdiction and on other grounds, makes the following response to the Foreign Representatives' Motion Seeking (1) Consolidation of Certain Adversary Proceedings; (2) Implementation of a coordinated Schedule for those Proceedings and (3) Entry

of a Case Management Order to Govern all Adversary Proceedings and Contested Matters Related to these Chapter 15 Cases":

(1) This motion is premature. The Foreign Representative recognize that motions are pending both to withdraw the reference of these matters to this Court and to remand them to the Court where they were commenced, Supreme Court, New York State, Commercial Division, docket of Hon. Bernard J. Fried. The Foreign Representatives also recognize that the time for the defendants named in the actions to respond has not expired and themselves propose to set the date for them to answer or move for relief as December 3, 2010. The Foreign Representatives recognize that there are questions about service of process and, therefore, whether effective notice has been given to the defendants named in their actions. Finally, the Foreign Representative have not satisfactorily explained how they have achieved proper and effective notice to other persons and entities affected by the motion, merely saying that they mailed the motions to "all registered shareholders of the" funds they represent, presumably based on a register that is nearly two years out of date.

(2) The pending motions to withdraw the references to this Court and to remand the cases should be decided before this Court takes any action. This Court may lack jurisdiction over these matter, as the pending motions argue.

(3) The Court should wait for the time for parties to appear, answer, or move to expire before requiring those parties to respond to the motion and before taking action that may affect those parties.

(4) The Court should require constitutionally sufficient notice to all parties who may be affected by the motion before requiring them to respond to the motion or taking action that may affect them.

(5) At the proper time, and if the cases remain before this Court, there may well be reasons for entry of orders dealing with the issues raised by the Foreign Representatives' motion. However, that time is not now, the presence of the cases before this Court is not established, the parties affected by the motion are not before the Court, and there is no reason for undue haste. Neither the Court nor the parties will benefit from an insufficient consideration of the matters raised by the motion, and there is no reason those matters should not be thoroughly considered.

WHEREFORE, the Court should defer the Foreign Representatives' motion and set a schedule for briefing and argument after the pending motions for withdrawal of the reference and remand have been decided, and the time for parties to answer, move, or appear has expired.

In making this response, NBK Banque Privée (Suisse) S.A. is not making an appearance in this proceeding, does not admit the jurisdiction of this or any other Court, does not consent to the entry of final orders or judgment by the Bankruptcy Court, and reserves its right to move to dismiss the actions for lack of jurisdiction or otherwise when the pending motions to withdraw the reference and to remand the cases have been decided.

Dated: New York, NY
October 12, 2010

Respectfully submitted,
KING & SPALDING LLP

by _____
Richard A. Cirillo
Lauren W. Mitchell
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212-556-2100
Telecopier: 212-556-2222
*Attorneys for NBK Banque Privée (Suisse) S.A.*