Hearing Date:  October 26, 2010 at 10:00 a.m.

**BROWN RUDNICK LLP**

Seven Times Square
New York, NY 10036
(212) 209-4800
David J. Molton
May Orenstein
Daniel J. Saval
Kerry L. Quinn

*Attorneys for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 15 Case** |
| | ) | |
| **Fairfield Sentry Limited, et al.,** | ) | **Case No. 10-13164 (BRL)** |
| | ) | |
| **Debtors in Foreign Proceedings.** | ) | **Jointly Administered** |
| | ) | |
| | ) | **Related Adversary** |
| | ) | **Proceedings Listed in Exhibit A** |
| | ) | |

**FOREIGN REPRESENTATIVES OMNIBUS REPLY IN
SUPPORT OF MOTION SEEKING: (1) CONSOLIDATION OF CERTAIN
ADVERSARY PROCEEDINGS; (2) IMPLEMENTATION OF A COORDINATED
SCHEDULE FOR THOSE PROCEEDINGS; AND (3) ENTRY OF A CASE
MANAGEMENT ORDER TO GOVERN ALL ADVERSARY PROCEEDINGS
AND CONTESTED MATTERS RELATED TO THESE CHAPTER 15 CASES**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 2

ARGUMENT ............................................................................................................................... 5

I.     THE REDEEMER ACTIONS SHOULD BE CONSOLIDATED NOW ......................... 5

II.    THE REDEEMER ACTIONS SHOULD PROGRESS ON A COORDINATED
       SCHEDULE ...................................................................................................................... 9

III.   THE ENTRY OF A CASE MANAGEMENT ORDER TO GOVERN ALL
       ADVERSARY PROCEEDINGS AND CONTESTED MATTERS IN THE DEBTORS'
       CHAPTER 15 CASES IS TIMELY AND APPROPRIATE ............................................ 12

CONCLUSION ........................................................................................................................... 14

# TABLE OF AUTHORITIES

Cases

Devlin v. Transp. Commnc'ns Int'l Union,
175 F.3d 121 (2d Cir. 1999) .................................................................................... 6

Export-Import Bank of the United States v. Hi-Films S.A. de C.V.,
2010 WL 3743826 (S.D.N.Y. Sept. 24, 2010) ......................................................... 11

Gorbaty v. Wells Fargo Bank, N.A.,
2010 WL 3034145 (E.D.N.Y. July 27, 2010) .......................................................... 6

In re Practice of Naturopathy Litig.,
434 F. Supp. 1240 (J.P.M.L. 1977) .......................................................................... 6

Johnson v. Celotex Corp.,
899 F.2d 1281 (2d Cir. 1990) ................................................................................... 5

Landis v. North America, Co.,
299 U.S. 248 (1936) .................................................................................................. 11

Motorola, Inc. v. Abeckaser,
2009 WL 816343 (E.D.N.Y. Mar. 26, 2009) ........................................................... 11

NationsRent, Inc. v. Sheffield (In re NationsRent, Inc.),
2003 WL 21414667 (Bankr. D. Del. June 18, 2003) ............................................... 8

Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc.,
229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................. 6

Shultz v. Mfrs. & Traders Trust Co.,
29 F. Supp. 37 (W.D.N.Y. 1937) .............................................................................. 6

Skwortz v. Crayfish Co. Ltd.,
2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) ......................................................... 7

Transeastern Shipping Corp. v. India Supply Mission,
53 F.R.D. 204 (S.D.N.Y. 1971) ................................................................................ 8

Statutes

11 U.S.C. § 1521(a)(7) ..................................................................................................... 13

11 U.S.C. § 105(a) ............................................................................................................ 13

Rules

Fed. R. Bank. P. 5011 ........................................................................................................... 3, 10

Fed. R. Civ. P. 42(a) .................................................................................................................. 5

Secondary Sources

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2382..................... 6

Kenneth Krys and Joanna Lau (together with their predecessors, the "Foreign Representatives" or "Liquidators")[1], in their capacities as foreign representatives and liquidators of the foreign liquidation proceedings of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma") and Fairfield Lambda Limited ("Lambda," and together with Sentry and Sigma, the "Debtors"), pending before the Commercial Division of the High Court of Justice, British Virgin Islands, through their attorneys Brown Rudnick LLP, respectfully submit this omnibus response ("Response") to the objections, statements, responses, and joinders thereto of certain defendants[2] (collectively, the "Objectors") in opposition to the *Motion of Foreign Representatives Seeking (1) Consolidation of Certain Adversary Proceedings, (2) Implementation of a Coordinated Schedule for Those Proceedings, and (3) Entry of a Case Management Order to Govern All Adversary Proceedings and Contested Matters Filed in Connection with the Debtors' Chapter 15 Cases* ("Motion") (D.I. 115).

In further support of the Motion, the Foreign Representatives respectfully state as follows:

---

[1]    Capitalized terms not defined herein shall have those meanings ascribed to them in the Motion.

[2]    The following objections, responses, statements, and joinders were filed in the debtors' Chapter 15 cases: (i) Objection of HSBC Private Bank (Suisse) SA, HSBC Securities Services (Luxembourg) SA, HSBC Bank USA NA (sued here as HSBC Bank USA), HSBC Private Bank (C.I.) Limited (sued here as HSBC Private Bank (Guernsey) Ltd), HSBC Private Banking Nominee 1 (Jersey) Limited (sued here as FS/HSBC Private Banking Nom), HSBC Institutional Trust Services (Asia) Limited, Robinson & Co., Caceis Bank Luxembourg, CDC IXIS and Caceis Bank EX-IXIS IS, Citibank NA London, Citibank (Switzerland) AG, Citigroup, Citivic Nominees Limited, BNP Paribas Securities Services Luxembourg, BGL BNP Paribas (sued here as BNP Paribas Luxembourg SA), BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, and BNP Paribas (Suisse) SA Private [D.I. 183]; (ii) Objection of Northern Navigation America Inc. [D.I. 186]; (iii) Response of NBK Banque Privée (Suisse) S.A. [D.I. 188]; (iv) Statement of Fidulex Management Inc. [D.I. 190]; (v) Opposition of Safra National Bank of New York [D.I. 192]; (vi) Joinder of Kookmin Bank [D.I. 195]; (vii) Joinder of Credit Suisse AG Nassau [D.I. 196]; (viii) Statement of Fidulex Management Inc. [D.I. 197]; (ix) Limited Objection of AXA Isle of Man Limited [D.I. 198].

The following joinders were filed in the individual adversary proceedings associated with each defendant: (i) Joinder of FS Mizrahi Tefahot Bank Ltd (Adv. Pro. No. 10-03512) [D.I. 8]; (ii) Joinder of Bank of America National Trust and Savings Association (Adv. Pro. No. 10-03615) [D.I. 6]; (iii) Joinder of Merrill Lynch, Pierce, Fenner & Smith, Inc. (Adv. Pro. No. 10-03516) [D.I. 9]; (iv) Joinder of Merrill Lynch Bank (Suisse) SA (Adv. Pro. No. 10-03634) [D.I. 31]; (v) Joinder of Merrill Lynch Bank (Suisse) SA (Adv. Pro. No. 10-03788) [D.I. 9].

## PRELIMINARY STATEMENT

1.      Debtors seek administrative consolidation of certain actions filed in connection with their Chapter 15 Cases – namely, actions pending against subscribers that took redemptions from the Funds ("Redeemers") in the years prior to the exposure of the Madoff fraud (collectively, the "Redeemer Actions").   A revised schedule of pending Redeemer Actions is attached as Exhibit A.  Debtors also seek entry of a preliminary scheduling order to govern the Redeemer Actions, as set forth in the proposed order attached as Exhibit B.   Finally, Debtors seek entry of a Case Management Order to govern all adversary proceedings and contested actions filed in connection with Debtors' Chapter 15 Cases.  Objectors have offered no reason to deny any part of Debtors' Motion.

2.      On the consolidation issue, Objectors have not shown any reason to delay administrative consolidation of the 102 Redeemer Actions[3] already pending in this Court. Consolidation of these proceedings is not only necessary and appropriate, it is imperative to reduce costs that Debtors are incurring because of administrative issues that consolidation would easily solve.  As just one example, consolidation would obviate the need for Debtors to file identical copies of pleadings such as this Response on 102 separate dockets.

3.      In response, Objectors say that consolidation is premature, prejudges jurisdictional issues, and should await a decision on remand and withdrawal motions.  Objectors are simply wrong.  Nothing about administrative consolidation prejudges jurisdictional issues. The remand and withdrawal motions (and any dismissal motions on jurisdictional grounds) can and will be heard and decided regardless of consolidation.  The Foreign Representatives, of

---

[3]      To clarify, there are 102 Redeemer Actions currently pending in the Bankruptcy Court.  This figure excludes several mistaken duplicates that are in the process of being removed from the Court's docket.  The Objectors' figures undoubtedly include these duplicative actions.

course, submit that those motions should be denied, but regardless – even assuming *arguendo* that they are granted, consolidation could facilitate the disposition of the actions or be un-done or re-worked later if necessary.   Further, the remand motions actually highlight the need for consolidation, as consolidation will allow Debtors to file a single response to all such motions, and for this Court to enter a single order thereto.   Objectors cannot seriously argue that Debtors and this Court should be filing hundreds of essentially identical documents on different dockets.

4.      On the scheduling issue, the Foreign Representatives have proposed a reasonable schedule that will allow Redeemers to respond to complaints only after a decision on remand motions.   This proposed schedule is already a concession to Redeemers as it postpones *all* of the Redeemer Actions pending a decision on remand motions made in only some cases.   Further, it postpones Redeemer Actions pending a decision on the remand motions even though the default rule under Fed. R. Bank. P. 5011 provides that actions should move forward (and not be stayed) in similar situations.   Nevertheless, the Foreign Representatives attempted to respond to Redeemers' concerns about the possibility of duplicative briefing of jurisdictional issues in motions to remand and motions to dismiss by proposing a compromise schedule, under which responses to complaints would be due 30 days after remand motions are decided.

5.      Most Redeemers agreed to this compromise.   But Objectors want more.   In fact, they want much more.   They want this Court to enter an order providing for *a complete stay of all proceedings in all actions* pending a decision on remand, even in actions where they do not represent defendants, and even in actions where no remand motions have been filed.   Further, they do not want any deadline at all for responses to complaints but instead want this Court to order that a to-be-determined deadline will be decided at some indefinite point in the future. This extreme and indefinite proposal is not only unnecessary and unwarranted, it would be

prejudicial to the Foreign Representatives' ability to manage the Redeemer Actions on an ongoing basis, including dismissing or settling actions, or filing administrative motions. Objectors' request should be denied, and Debtors' proposed order should be entered.

6.      On the Case Management Order that Debtors proposed, Objectors do not take issue with any particular aspect of the proposed order, but rather they make vague arguments that this type of order is "inappropriate" in a Chapter 15 case or "premature" in any event.  But again, Objectors are simply wrong that case management orders cannot be used in Chapter 15 cases. Further, they offer no reason to delay entry of a Case Management Order pending a decision on remand motions filed in a few cases.  The Case Management Order would apply not just to the actions where remand motions have been filed, and not just to the Redeemer Actions as a group, but to all adversary proceedings and contested matters filed in connection with the Debtors' Chapter 15 cases.  The terms of the Case Management Order can always be revisited and revised as necessary, but, in the meantime, the Foreign Representatives should not be precluded from using this and other tools to facilitate and streamline the administration of adversary proceedings and contested matters.

7.      In short, the Foreign Representatives respectfully request that the Court enter the relief requested in the Motion.[4]

---

[4]      The Foreign Representatives will not take up this Court's time in this pleading with a response to the merits-based arguments that Objectors included in their Objections, among them irrelevant and simply inaccurate arguments that Objectors made about the merits of claims and arguments about withdrawal and remand.  Suffice it to say, none of the Redeemers named in these actions disputes having received redemption payments in the years prior to the exposure of the Madoff fraud, and none dispute that those payments were based on inaccurate and inflated NAV calculations.  As for the rest of Objectors' merit-based arguments, the Foreign Representatives will address those arguments at the appropriate time, and for now note only that silence or lack of response in this pleading should not be deemed acquiescence to any of those arguments, all of which the Foreign Representatives dispute.

## ARGUMENT

### I.   THE REDEEMER ACTIONS SHOULD BE CONSOLIDATED NOW

8.     The Redeemer Actions are in need of administrative consolidation.  Scheduling and administrative matters need to be dealt with on an omnibus and coordinated basis, rather than in the piecemeal and *ad hoc* manner in which they are currently being handled.  For example, consolidation would avoid the problem of needing to file a single pleading (such as this Response) on more than 100 separate dockets.  It would also allow Debtors to file a single, omnibus response to all of the remand motions on a single docket.  Similarly, it would allow this Court to enter a single order on a single docket disposing of those motions.  At present, the Foreign Representatives must file identical documents on hundreds of individual dockets.  This is a time consuming task that is draining tens of thousands of dollars from the Debtors' estates.  As just one example, it takes a paralegal approximately 15-20 minutes per docket to file single a pleading (including the time it takes to file the pleading and the time it takes to prepare and file separate affidavits of service for each action).  With 102 separate dockets, this can mean dozens of hours of paralegal time, with additional attorney time to supervise this process, to file a single document applying to all Redeemer Actions.

9.     The law in the Second Circuit strongly supports consolidation of these actions.  Under Rule 42 of the Federal Rule of Civil Procedure: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."   Fed. R. Civ. P. 42(a).   Consolidation is appropriate for the convenience of the parties and in the interests of "judicial economy."   Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).  Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," id. at 1284, and to "eliminate

unnecessary repetition and confusion." Devlin v. Transp. Commnc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted).   The 102 Redeemer Actions – separate actions with nearly identical claims and parties – are a classic example of cases that should be consolidated.

10.    Objectors' principal argument against consolidation is that consolidation, they say, is premature pending resolution of the remand and withdrawal motions.  They argue that consolidation somehow prejudges jurisdictional issues raised in the remand motions and that a decision on consolidation should await a decision on those motions.  They further suggest that the judge ultimately presiding over the actions after the remand motions are decided (whether the actions remain in this Court or go elsewhere) is the only one that should be allowed to decide the terms of any consolidation order.

11.    Objectors are wrong.  Administrative consolidation is routinely used to promote judicial economy and efficiency at the very outset of proceedings, even before jurisdictional or other dispositive issues are resolved.  Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc., 229 F.R.D. 395, 401-402 (S.D.N.Y. 2004) (consolidating actions prior to time defendants had to answer or otherwise respond); In re Practice of Naturopathy Litig., 434 F. Supp. 1240, 1242 (J.P.M.L. 1977) (holding that consolidation was not "premature because of defendants' desire to challenge the sufficiency of the complaints and/or the jurisdiction of the federal courts"); Gorbaty v. Wells Fargo Bank, N.A., 2010 WL 3034145, at *1 (E.D.N.Y. July 27, 2010) (consolidating actions immediately after complaints were filed and before responses had been submitted); Shultz v. Mfrs. & Traders Trust Co., 29 F. Supp. 37, 38 (W.D.N.Y. 1937) (holding that consolidation was not premature even though answers had not been filed); see generally 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2382 (3d

ed. 2008) ("Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court.").  In fact, consolidation is often used to streamline and facilitate briefing on preliminary issues, as in cases governed by the Private Securities Litigation Reform Act of 1995, where consolidation happens before motions to dismiss.  See, e.g., Skwortz v. Crayfish Co. Ltd., 2001 WL 1160745, at *1-2 (S.D.N.Y. Sept. 28, 2001).  Similarly here, consolidation is necessary to streamline the administration of these proceedings even in their early stages.

12.    Further, as stated above, administrative consolidation in no way pre-judges the jurisdictional issues raised in the remand motions as those jurisdictional issues (and any dismissal motions based on jurisdictional grounds) can and will be decided regardless of consolidation.  Obviously, the Foreign Representatives submit that the remand motions should be denied, but even were they granted, consolidation could facilitate the disposition of the actions, or if not, it could be un-done or reworked as necessary.  Consolidation is a flexible procedural device, and modifications to the consolidation order can be made throughout the course of proceedings.  Further, Objectors' fears about the "terms" of consolidation are clearly overstated, if not entirely invented, as the only "terms" that Debtors have proposed is an administrative consolidation of the Redeemer Actions so that identical pleadings can be filed on a single docket.

13.    In this situation, with the benefits of consolidation so clear, and the law so strongly in favor of consolidating these proceedings, it is unsurprising that, among 14 objections, statements, and joinders filed in opposition to the Motion on behalf of 35 defendants, Objectors have not cited a single case to support the contention that consolidation should be postponed pending a decision on jurisdictional issues.  Instead, Objectors have offered a single, one and a half page decision from 1971 in which a motion to consolidate was denied.  See Obj. of HSBC

Private Bank (Suisse) SA et al. ¶ 11 (citing <u>Transeastern Shipping Corp. v. India Supply</u> <u>Mission</u>, 53 F.R.D. 204 (S.D.N.Y. 1971)).    What the Objectors omit are the clearly distinguishable circumstances between that case and the present.    In <u>Transeastern</u>, the court denied consolidation of ten actions despite the similarity of the legal and factual issues because their procedural postures "var[ied] greatly." <u>Id</u>. at 206.    There, the cases had been pending for two years and the motion to consolidate was not filed until the eve of trial in one of the cases. <u>See</u> <u>id</u>.    The Court refused to hold up cases ready for trial in order to allow other cases to catch up. <u>See</u> <u>id</u>.

14.    In contrast, the procedural posture of the Redeemer Actions is the polar opposite -- each action is in its infancy and at the same procedural stage as other Redeemer Actions. Avoidance of duplication and unnecessary expense goes to the very heart of the Foreign Representatives' requested relief, and consolidation would reduce costs, not unnecessarily complicate proceedings.    The inescapable fact is that the benefits in time and cost of a consolidated and coordinated approach are maximized through expeditious consolidation - not delay.    Indeed, as <u>Transeastern</u> demonstrates, the failure to seek expeditious consolidation of similar cases is grounds in itself for denial of such a motion.

15.    Simply put, consolidation of the Redeemer Actions will promote the efficient and economical disposition of these matters.    Given the common legal and factual issues, there is no need to continue to burden the parties and the Court with duplicative briefing and repetitive argument on the same legal issues arising from the same set of facts. <u>See</u> <u>NationsRent, Inc. v.</u> <u>Sheffield (In re NationsRent, Inc.)</u>, 2003 WL 21414667, at *2 (Bankr. D. Del. June 18, 2003). The Foreign Representatives therefore request the Court enter an order consolidating the Redeemer Actions.

## II.    THE REDEEMER ACTIONS SHOULD
##        PROGRESS ON A COORDINATED SCHEDULE

16.    To maximize the benefit of consolidation, the Redeemer Actions should progress on a coordinated schedule, which should encompass pretrial motion practice and discovery. Objectors do not seem to oppose this notion, but they differ on the exact schedule that should be ordered.

17.    Debtors have proposed what the Foreign Representatives believe is a reasonable schedule that best balances expediency against efficiency, as set forth in the revised proposed schedule attached as <u>Exhibit B</u>.  Debtors are in communication with Redeemers on a daily basis, and the proposed schedule is the result of extensive negotiations with Redeemers on a schedule that would best accommodate the interests of all parties involved.  Originally, Debtors proposed a December 3, 2010 deadline for responding to complaints, a date that would have given all Redeemers at least 60 days to respond, and many far longer.  That is the schedule proposed in the Motion that Debtors filed on September 23, 2010 (as reflected in Exhibit C to that original motion).  At the time the Foreign Representatives proposed this schedule, this deadline would have also allowed briefing to be completed on the remand motions before any possible briefing on dismissal motions.  Although the Foreign Representatives did not want to postpone the actions indefinitely, they did want to give the Court the opportunity to consider the jurisdictional issues raised in the remand motions before being asked to consider potentially duplicative briefing in dismissal motions that Redeemers indicated they intended to file.  Subsequently, the briefing schedule for remand motions was extended through December, with an omnibus hearing on these motions scheduled for December 15, 2010.

18.    In view of this revised schedule, the Foreign Representatives informed Redeemers that they were revising the proposed scheduling order so that the deadline for responding to

complaints would be postponed until a decision on the remand motions – specifically that the proposed deadline would be 30 days after a decision on the remand motions.  This revised schedule already represents a major concession to Objectors insofar as the applicable rule, Fed. R. Bankr. P. 5011, states that proceedings will ordinarily move forward (and not be stayed) pending decisions on motions to withdraw the reference or motions to abstain similar to the motions that Objectors have filed.

19.    Further, the Foreign Representatives have agreed to postpone responses to complaints in Redeemer Actions where no remand/abstention motions have been made.  Thus, the postponement extends to actions where no remand motions have been made.  The Foreign Representatives further agreed to postpone actions where Redeemers have answered complaints or otherwise indicated that they are prepared to move toward resolution quickly.  In this situation, the Foreign Representatives' agreement to delay response dates until a decision on remand motions already makes a large sacrifice of expediency for the sake of efficiency.

20.    Although many Redeemers have indicated an agreement to the revised schedule, Objectors want more.  Objectors have asked for *a complete stay of all proceedings in all Redeemer Actions* pending a decision on the remand motions.  This request is extreme in all respects.  Objectors are asking for a stay of all actions, even actions where they do not represent any of the defendants, and where remand motions have not been made.  Such a blanket stay would further preclude Debtors from, for example, settling or dismissing actions.  In addition, the Objectors want the Court to postpone responses to complaints indefinitely, pending not only a decision on remand motions but also a court conference to be scheduled once remand motions are decided.  And even then, in Objectors' view, the deadline might be pushed back even further while they appeal this Court's decision on remand motions.  In short, Objectors want this Court

- 10 -

to postpone setting any deadline at all, and order that a to-be-determined deadline on a response date will not even be considered until some indefinite point in the future.  There is no justification for such an indefinite and protracted schedule.

21.    With respect to the schedule for responding to complaints, Objectors will need to respond to complaints at some point regardless of where the Redeemer Actions proceed, and the parties should be moving forward and progressing these actions immediately upon a decision on the remand motions.  If Objectors choose, they can move for a stay of proceedings pending an appeal on the remand motions.  However, it is premature to assume that they will even file such a motion, much less prevail on it.  Further, it is their burden to make this motion if they want to stay proceedings.  Export-Import Bank of the United States v. Hi-Films S.A. de C.V., 2010 WL 3743826, at *12 (S.D.N.Y. Sept. 24, 2010) (party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward") (quoting Landis v. North America, Co., 299 U.S. 248, 255 (1936)).  They should not be allowed to avoid the typical procedure and unnecessarily delay these actions through a preliminary scheduling order that essentially sets no schedule at all.  Courts have rejected similar requests for indefinite scheduling mandates, citing the weight courts must give to a plaintiff's "strong interest in proceeding with its litigation." Id. at *12-13 (rejecting request to "postpone any further proceedings, hearings, and litigation deadlines" until uncertain future date).  Nor is an indefinite freeze of all of the Redeemer Actions in the Court's interest.  See Motorola, Inc. v. Abeckaser, 2009 WL 816343, at *3 (E.D.N.Y. Mar. 26, 2009) (recognizing a "court's interest is usually best served by discouraging motions to stay").

22.    With respect to the complete stay of all proceedings – including discovery – that Objectors have requested, this is, again, extreme, unwarranted and unnecessary.  As discussed

above, the Foreign Representatives have already agreed to postpone the deadlines to respond to complaints pending a decision on remand motions. In this situation, no further discovery is going to be taking place while remand motions are pending, making a stay of proceedings unnecessary. Further, progressing discovery would not be a wasted exercise. The discovery that the Foreign Representatives are seeking is applicable regardless of the forum in which the Redeemer Actions are heard. But, in any event, discovery in these actions will be effectively stayed until remand motions are decided and Redeemers respond to complaints.[5]

23.      As described above, a Court-authorized schedule, rather than the *ad hoc* and duplicative multi-party negotiations currently in place, will greatly assist in the efficient and cost-effective administration of these Redeemer Actions. The Foreign Representatives, therefore, respectfully request that the Court deny Objectors' request for a complete stay of all proceedings and instead enter a scheduling order attached hereto as Exhibit B.

## III.    THE ENTRY OF A CASE MANAGEMENT ORDER TO GOVERN ALL ADVERSARY PROCEEDINGS AND CONTESTED MATTERS IN THE DEBTORS' CHAPTER 15 CASES IS TIMELY AND APPROPRIATE

24.      At the outset, it is worth reiterating that the Motion seeks implementation of a proposed Case Management Order to govern *all* adversary proceedings *and all contested matters* in these Chapter 15 cases – not just the Redeemer Actions. As a result, irrespective of whether some, all or none of the Redeemer Actions are remanded, withdrawn or dismissed at any point, there is still a necessity for the implementation of case management procedures in light of remaining Redeemer Actions and other adversary proceedings and contested matters currently pending or likely to be filed on the Court's docket.

---

[5]      Objectors want even more. They want a complete stay of all proceedings in all actions. This is not only unwarranted, it would be extremely prejudicial to Foreign Representatives' strong interest in proceeding with its litigation and its efforts to manage the Redeemer Actions on an ongoing basis even while the remand motions are

25.     Objectors do not point to a single aspect of the proposed case management order that they find objectionable.  Instead, the Objectors offer vague assertions that the proposed case management order is "premature" or "inappropriate" in a Chapter 15 case.  See Obj. of HSBC Private Bank (Suisse) SA ¶ 12-13.  Both these arguments are without merit, as demonstrated by the case management order entered by Judge Robert E. Gerber, upon his own motion, filed within *seven days* of the petition for recognition in the *Chapter 15 case* of <u>In re Basis Yield Alpha Fund (Master)</u>, Case No. 07-12762 (D.I. 8).  As explained in the Motion, the proposed case management order submitted by the Foreign Representatives was expressly patterned on Judge Gerber's order in <u>Basis Yield</u>.

26.     Moreover, there is no provision of the Bankruptcy Code or policy consideration that would support the denial of a tool designed to promote the efficient and economical disposition of a Chapter 15 case.  Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  In addition, Section 1521(a)(7) provides that "where necessary to effectuate the purposes of this chapter . . . the court may, at the request of the foreign representative, grant any appropriate relief, including . . . (7) granting any additional relief that may be available to a trustee."  11 U.S.C. § 1521(a)(7).  In short, the Code and pertinent policy considerations support, rather than prohibit, the relief requested.

27.     Given the volume of adversary proceedings filed to date, including the Redeemer Actions (and those expected to be filed in the future), as well as other contested matters that will likely arise, the Foreign Representatives believe that the implementation of case management

---

pending, including potentially dismissing or settling actions, cleaning up docketing issues, or filing motions on administrative issues such as the deadline to identify and serve unknown "John Doe" defendants.

procedures is a necessary, appropriate and cost-effective means to assist the parties and the Court in effectively managing the Debtors' Chapter 15 cases.

## CONCLUSION

28.     WHEREFORE, the Foreign Representatives respectfully request entry of the Proposed Orders annexed to the Motion (i) consolidating the Redeemer Actions, (ii) setting a scheduling order, and (iii) implementing certain case management procedures for these Chapter 15 cases and related adversary proceedings and contested matters.

Dated:  New York, New York
         October 19, 2010

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ David J. Molton
    David J. Molton
    May Orenstein
    Daniel J. Saval
    Kerry L. Quinn
    7 Times Square
    New York, New York  10036
    Tel.: (212) 209-4800
    Fax: (212) 209-4801

# 8274918

# EXHIBIT A

## EXHIBIT A

| | CASE NAME | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| 1. | Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG, et al. | 10-03635-BRL |
| 2. | Fairfield Sentry Ltd., et al. v. ABN AMRO Schweiz AG, et al. | 10-03636-BRL |
| 3. | Fairfield Sentry Ltd. v. Al Nahyan Mansour B. Zayed et al. | 10-03790-BRL |
| 4. | Fairfield Sentry Ltd. v. Almel Ltd./Pacific Inter. et al. | 10-03789-BRL |
| 5. | Fairfield Sentry Ltd. v. Alton Select Ltd., et al. | 10-03541-BRL |
| 6. | Fairfield Sentry Ltd. v. Arden International Capital Limited, et al. | 10-03870-BRL |
| 7. | Fairfield Sentry Ltd. v. AXA Isle of Man A/C L & C, et al. | 10-03623-BRL |
| 8. | Fairfield Sentry Ltd. v. Banco Atlantico (Bah.) et al. | 10-03783-BRL |
| 9. | Fairfield Sentry Ltd., et al. v. Banco Atlantico (Gib.), et al. | 10-03787-BRL |
| 10. | Fairfield Sentry Ltd. v. Banco Bilbao Vizcaya Argentaria, S.A. | 10-03515-BRL |
| 11. | Fairfield Sentry Ltd. et al. v. Banco Itau Europa Lux. SA et al. | 10-03755-BRL |
| 12. | Fairfield Sentry Ltd., et al. v. Banco Santander (Suisse) S.A., et al. | 10-03509-BRL |
| 13. | Fairfield Sentry Ltd., et al. v. Bank Hapoalim (Suisse) Ltd., et al. | 10-03510-BRL |
| 14. | Fairfield Sentry Ltd. v. Bank of Am. Nat'l Trust & Sav. Ass'n, et al. | 10-03615-BRL |
| 15. | Fairfield Sentry Ltd., et al. v. Banque de Commerce et de Placements, et al. | 10-03748-BRL |
| 16. | Fairfield Sentry Ltd., et al. v. Banque de Lux., et al. | 10-03616-BRL |
| 17. | Fairfield Sentry Ltd., et al. v. Banque Piguet & Cie SA., et al. | 10-03514-BRL |
| 18. | Fairfield Sentry Ltd., et al. v. Banque Privee Edmond De Rothschild (Eur.), et al. | 10-03505-BRL |
| 19. | Fairfield Sentry Ltd. et al. v. Banque Safra Luxembourg SA, et al. | 10-03872-BRL |
| 20. | Fairfield Sentry Ltd., et al. v. Banque Sudameris, et al. | 10-03586-BRL |
| 21. | Fairfield Sentry Ltd., et al. v. Banque Sudameris, et al. | 10-03749-BRL |
| 22. | Fairfield Sentry Ltd., et al. v. Banque Syz & Co. SA, et al. | 10-03513-BRL |
| 23. | Fairfield Sentry Ltd. et al. v. Blubank Ltd., et al. | 10-03750-BRL |
| 24. | Fairfield Sentry Ltd. v. BNP Paribas Lux. , et al. | 10-03626-BRL |
| 25. | Fairfield Sentry Ltd., et al. v. BNP Paribas Sec. Servs. Lux., et al. | 10-03627-BRL |
| 26. | Fairfield Sentry Ltd. et al. v. Bordier & Cie, et al. | 10-03873-BRL |
| 27. | Fairfield Sentry Ltd. v. Brown Brothers Harriman & Co. et al. | 10-03752-BRL |
| 28. | Fairfield Sentry Ltd. v. Caceis Bank EX-IXIS IS, et al. | 10-03871-BRL |
| 29. | Fairfield Sentry Ltd., et al. v. Caceis Bank Lux., et al. | 10-03624-BRL |
| 30. | Fairfield Sentry Ltd., et al. v. Cathay United Bank, et al. | 10-03506-BRL |
| 31. | Fairfield Sentry Ltd. v. CDC IXIS et al. | 10-03754-BRL |
| 32. | Fairfield Sentry Ltd. et al. v. Celfin International Limited, et al. | 10-03865-BRL |
| 33. | Fairfield Sentry Ltd. v. Citibank NA London, et al. | 10-03622-BRL |
| 34. | Fairfield Sentry Ltd., et al. v. Citibank (Switz.) Zurich, et al. | 10-03640-BRL |
| 35. | Fairfield Sentry Ltd., et al. v. Clarks Fork Found., et al. | 10-03511-BRL |

| CASE NAME | ADVERSARY PROCEEDING NUMBER |
|---|---|
| 36. Fairfield Sentry Ltd. et al. v. Credit Suisse (Bah.), et al. | 10-03782-BRL |
| 37. Fairfield Sigma Ltd. v. Credit Suisse Int'l, et al. | 10-03620-BRL |
| 38. Fairfield Sentry Ltd. v. Creditio Privato Commerciale SA, et al. | 10-03797-BRL |
| 39. Fairfield Sentry Ltd. v. Delta Nat'l Bank, et al. | 10-03589-BRL |
| 40. Fairfield Sentry Ltd. v. Delta Nat'l Bank, et al. | 10-03796-BRL |
| 41. Fairfield Sentry Ltd. v. Deutsche Bank AG Sing. et al. | 10-03747-BRL |
| 42. Fairfield Sentry Ltd. v. Deutsche Bank (Cayman) et al. | 10-03746-BRL |
| 43. Fairfield Sentry Ltd. et al. v. Deutsche Bank (Suisse) SA Geneve et al. | 10-03745-BRL |
| 44. Fairfield Sentry Ltd. v. Deutsche Bank Trust Co. Am. et al. | 10-03744-BRL |
| 45. Fairfield Sentry Ltd. et al. v. Dresdner Bank LateinAmerika AG et al. | 10-03753-BRL |
| 46. Fairfield Sentry Ltd., et al. v. EFG Bank, et al. | 10-03625-BRL |
| 47. Fairfield Sentry Ltd. v. FIBI Bank (Switz.) et al. | 10-03779-BRL |
| 48. Fairfield Sentry Ltd. v. Fidulex Mgmt. et al. | 10-03751-BRL |
| 49. Fairfield Sentry Ltd. v. Fortis (Isle of Man) Nominees Ltd et al. | 10-03776-BRL |
| 50. Fairfield Sentry Ltd., et al. v. FS ABN AMRO Global Custody, et al. | 10-03504-BRL |
| 51. Fairfield Sentry Ltd., et al. v. FS/AND Banc Andorra, et al. | 10-03632-BRL |
| 52. Fairfield Sentry Ltd. v. FS/BBVA Miami, et al. | 10-03618-BRL |
| 53. Fairfield Sentry Ltd. et al. v. FS/CBESSA et al. | 10-03756-BRL |
| 54. Fairfield Sentry Ltd. v. FS/HSBC Private Banking Nom, et al. | 10-03629-BRL |
| 55. Fairfield Sentry Ltd., et al. v. FS Mizrahi Tefahot Bank Ltd., et al. | 10-03512-BRL |
| 56. Fairfield Sigma Ltd. v. FS Oddo & Cie, et al. | 10-03621-BRL |
| 57. Fairfield Sentry Ltd. et al. v. FS Stichting Stroeve Global Custody, et al. | 10-03867-BRL |
| 58. Fairfield Sentry Ltd. v. Fund Nominees Ltd., et al. | 10-03525-BRL |
| 59. Fairfield Sentry Ltd. v. Hambros Guernsey Nominees et al. | 10-03799-BRL |
| 60. Fairfield Sentry Ltd. v. HSBC Institutional Trust Srvs. (Asia) Ltd., et al. | 10-03619-BRL |
| 61. Fairfield Sentry Ltd., et al. v. HSBC Private Bank (Guernsey) Ltd., et al. | 10-03631-BRL |
| 62. Fairfield Sentry Ltd. v. HSBC Private Bank (Suisse) SA et al. | 10-03633-BRL |
| 63. Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Lux.) SA et al. | 10-03630-BRL |
| 64. Fairfield Sentry Ltd. et al. v. ING Bank (Suisse) SA et al. | 10-03801-BRL |
| 65. Fairfield Sentry Ltd. v. JP Morgan Trust Co. (Cayman) et al. | 10-03785-BRL |
| 66. Fairfield Sentry Ltd. v. Juan Jose Lacroze, et al. | 10-03528-BRL |
| 67. Fairfield Sentry Ltd. v. Juan Jose Lacroze, et al. | 10-03762-BRL |
| 68. Fairfield Sentry Ltd. v. Kay Torshen, et al. | 10-03866-BRL |
| 69. Fairfield Sentry Ltd. v. Kookmin Bank et al. | 10-03777-BRL |
| 70. Fairfield Sentry Ltd. et al. v. Kredietbank SA Luxembourgeoise, et. al | 10-03868-BRL |

| | CASE NAME | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| 71. | Fairfield Sentry Ltd. et al. v. Lombard Odier Darier Hentsch & Cie, et al. | 10-03795-BRL |
| 72. | Fairfield Sentry Ltd., et al. v. Lombardy Props. Ltd., et al. | 10-03521-BRL |
| 73. | Fairfield Sentry Ltd., et al. v. Meritz Fire & Marine Ins. Co. Ltd., et al. | 10-03507-BRL |
| 74. | Fairfield Sentry Ltd. v. Merrill Lynch Bank (Suisse) SA et al. | 10-03788-BRL |
| 75. | Fairfield Sentry Ltd., et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al. | 10-03516-BRL |
| 76. | Fairfield Sentry Ltd. v. Monte Paschi Ireland Ltd et al. | 10-03791-BRL |
| 77. | Fairfield Sigma Ltd. et al. v. Natixis Private Banking International, et al. | 10-03864-BRL |
| 78. | Fairfield Sentry Ltd., et al. v. Neue Bank AG, et al. | 10-03519-BRL |
| 79. | Fairfield Sentry Ltd. et al. v. Nomura Int'l plc et al. | 10-03793-BRL |
| 80. | Fairfield Sentry Ltd. v. Northern Navigation Am. Inc. et al | 10-03781-BRL |
| 81. | Fairfield Sentry Ltd. v. Pictet & Cie et al. | 10-03764-BRL |
| 82. | Fairfield Sentry Ltd., et al. v. RBC Dominion Sec. Sub A/C, et al. | 10-03502-BRL |
| 83. | Fairfield Sentry Ltd., et al. v. Robinson & Co., et al. | 10-03628-BRL |
| 84. | Fairfield Sentry Limited, et al. v. Safra National Bank of New York, et al. | 10-3761-BRL |
| 85. | Fairfield Sentry Ltd., et al. v. Schroder & Co. (Asia) Ltd., et al. | 10-03508-BRL |
| 86. | Fairfield Sentry Ltd., et al. v. SG Private Banking (Suisse) SA et al. | 10-03786-BRL |
| 87. | Fairfield Sentry Ltd., et al. v. SG Private Banking (Suisse) SA et al. | 10-03595-BRL |
| 88. | Fairfield Sentry Ltd. v. Sherli Elghanian Krayem, et al. | 10-03614-BRL |
| 89. | Fairfield Sentry Ltd. et al. v. Six Sis AG, et. al | 10-03869-BRL |
| 90. | Fairfield Sentry Ltd. et al. v. SNS Global Custody, et al. | 10-03757-BRL |
| 91. | Fairfield Sentry Ltd. v. State Street Bank Lux. SA et al. | 10-03760-BRL |
| 92. | Fairfield Sentry Ltd. v. Strina Luisa et al. | 10-3798-BRL |
| 93. | Fairfield Sentry Ltd. et al. v. Sumitomo Banking & Trust Co., et al. | 10-03863-BRL |
| 94. | Fairfield Sentry Ltd., et al. v. Tercas – Cassa di Risparmio della Provincia di Teramo S.P.A., et al. | 10-03503-BRL |
| 95. | Fairfield Sentry Ltd., et al. v. Theodoor GGC Amsterdam, et al. | 10-03496-BRL |
| 96. | Fairfield Sentry Ltd. v. UBS AG New York et al. | 10-03780-BRL |
| 97. | Fairfield Sentry Ltd. v. UBS Cayman REF Greenlake Arbitrage et al. | 10-03758-BRL |
| 98. | Fairfield Sentry Ltd. v. Vontobel Asset Mgmt., et al. | 10-03540-BRL |
| 99. | Fairfield Sentry Ltd. v. Wall Street Sec. SA, et al. | 10-03778-BRL |
| 100. | Fairfield Sentry Ltd. v. Weston Sec. Ltd., et al. | 10-03784-BRL |
| 101. | Fairfield Sentry Ltd. v. ZCM Asset Holding Co. (Berm.) Ltd., et al. | 10-03792-BRL |
| 102. | Fairfield Sentry Ltd. v. Zurich Capital Mkts. Co., et al. | 10-03634-BRL |

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 15 Case** |
|  | ) |  |
| **Fairfield Sentry Limited, et al.,** | ) | **Case No. 10-13164 (BRL)** |
|  | ) |  |
| **Debtors in Foreign Proceedings.** | ) | **Jointly Administered** |
|  | ) |  |
|  | ) | **Related Adversary** |
|  | ) | **Proceedings Listed in Exhibit A** |
|  | ) |  |

### PRELIMINARY SCHEDULING ORDER FOR REDEEMER ACTIONS

Upon the motion (the "Motion") of Kenneth Krys and Joanna Lau (the "Foreign Representatives"), filed on September 23, 2010, in their capacities as the foreign representatives and liquidators of Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited, for the entry of an Order establishing a schedule for responding to complaints in certain adversary proceedings (the "Redeemer Actions") currently pending in this Court in connection with the above-captioned action, as defined in Exhibit A of the Motion (updated as of October 19, 2010). Upon consideration of the Motion and the arguments contained therein; and the Court having found sufficient cause appearing therefore, it is hereby ORDERED:

1.    To the extent responses to complaints have not yet been filed in the Redeemer Actions, the deadline for such responses, whether by answer, motion or otherwise, shall be thirty (30) days from a decision on (or other disposition of) motions to remand that are currently scheduled to be heard on December 15, 2010 (the "Remand Motions").

2.    The deadline for submitting opposing briefs in response to any motions filed in response to the complaints shall be forty five (45) days from the date any such motions are filed.

3.    The deadline for submitting reply briefs in further support of any motions filed in response to complaints shall be twenty one (21) days from the date any opposition is filed.

4.    Service of this Order as provided in the Motion shall be deemed good and sufficient notice.

5.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: October ___, 2010
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE