**Presentment Date: March 22, 2011 at 10:00 a.m.**
**Objection Deadline: March 15, 2011 at 4:00 p.m.**

**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton

*Attorneys for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**FAIRFIELD SENTRY LIMITED, et al.,**<br><br>Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No: 10-13164 (BRL)<br>Jointly Administered |
| **FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), et al.,**<br><br>Plaintiffs,<br>-against-<br><br>**THEODOOR GGC AMSTERDAM, et al.,**<br><br>Defendants.<br><br>This document applies to the actions listed on Exhibit A. | Adv. Pro. No. 10-03496<br><br>Administratively Consolidated |

**FOREIGN REPRESENTATIVES' MOTION FOR LEAVE**
**TO AMEND COMPLAINTS IN CERTAIN REDEEMER ACTIONS**

Kenneth Krys and Joanna Lau (together with their predecessors, the "Foreign Representatives"), in their capacities as Foreign Representatives and court-appointed Liquidators of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma") and Fairfield Lambda Limited (In Liquidation) ("Lambda" and, together with Sentry

and Sigma, the "Funds" or the "Debtors") respectfully submit this motion (the "Motion") to amend the complaints in the adversary proceedings listed on Exhibit A.

In support of the Motion, the Foreign Representatives respectfully represent as follows:

1. As the Court is aware, the Foreign Representatives have filed numerous actions seeking the return of redemption payments made to shareholders in the years prior to the exposure of the Madoff fraud (the "Redeemer Actions"). At present, 205 Redeemer Actions are pending in this Court. In most of those cases, amended complaints were filed in December 2010 and January 2011 to add avoidance claims under the BVI Insolvency Act of 2003. The Foreign Representatives now seek to amend certain of the previously amended complaints to make ministerial changes to the allegations or the claims in those complaints.

**Factual Background**

2. The Foreign Representatives seek leave to amend complaints in six Redeemer Actions listed in Exhibit A.[1] The proposed amendments involve one or more of the following types of changes: (1) adding newly-identified redemptions payments; (2) identifying additional beneficiaries of redemption payments, previously described as "Beneficial Owners of Accounts Held in the Name" of registered shareholders; (3) clarifying allegations and eliminating duplicative claims in two actions where the registered shareholders are not currently named as defendants; and (4) fixing minor typographical or grammatical errors.

3. The actions where the Foreign Representatives seek to add redemption payments are: *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* (10-04087), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* (10-04236), and *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* (10-3628). Blackline

---

[1] The Foreign Representatives are filing amended complaints as of right in seven additional Redeemer Actions, where no previous amendment has been made. All of these amendments involve similar ministerial corrections.

2

versions of the amended complaints proposed in these actions are attached as Exhibits B, C, and D. The additional redemption payments to be added to these actions came to the attention of the Foreign Representatives after the initial amended complaints were filed.

4. The actions where the Foreign Representatives seek to name newly-identified defendants are: *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* (10-03622) and *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* (10-3636). Blackline versions of the amended complaints proposed in these actions are attached as Exhibits E and F. The additional defendants being named in those actions are newly-identified beneficiaries of redemption payments, previously described in the complaints as "Beneficial Owners of Accounts Held in the Name of" registered shareholders.

5. The complaint in *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* (10-3636), as well as the complaint in *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* (10-03635) are also being amended to clarify that the registered shareholders described in these actions – the Funds' administrators – are not currently named as defendants, and thus no separate claims are pending against them. A blackline version of the amended complaint proposed in Adv. Pro. No. 10-3635 is attached as Exhibit G.

6. Typographical and grammatical errors are being corrected wherever identified.

**Argument**

7. Fed. R. Civ. P. 15, made applicable through Fed. R. Bankr. P. 7015, sets forth the standard governing amendment of pleadings. Under this rule, leave to amend a complaint "should be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2); *accord Sista v. CDC IXIS N. Am., Inc.,* 445 F.3d 161, 177 (2d Cir. 2006). A court should not deny leave to

amend absent "undue delay, bad faith, undue prejudice to the non-movant, or futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

8.  None of the reasons for denying leave is present here. The Redeemer Actions are in a preliminary procedural posture, with answers yet to be filed in all but a few actions. Further, the amendments do not seek to add claims or theories of recovery. To the contrary, the amendments involve ministerial changes to clarify allegations and defendants, and to remove duplicate claims. In this situation, defendants would not be prejudiced by amendments, and delay, futility and bad faith are not at issue.

9.  In similar circumstances, courts routinely grant leave to amend. *See, e.g.*, *Sea-Land Serv., Inc. v. Able Shipping, Ltd.*, No. 93 Civ. 8039, 1995 WL 75479, at *1 (S.D.N.Y. Feb. 22, 1995) (granting motion to amend "to increase the amount claimed"); *Roswell Capital Partners LLC, et al. v. Alt. Constr. Techs., Inc., et al.*, No. 08 Civ. 10647, 2009 WL 1357226, at *1 (S.D.N.Y. 2009) (granting motion to amend to identify John Doe defendant); *accord Alexander v. Whitney, et al.*, No. 9:04-CV-1298, 2006 WL 3422205, at *1-2 (N.D.N.Y. 2006); *see also G.G. Survivor Creditor Corp. v. Eli Harari (In re G. Survivor Corp.)*, 217 B.R. 433, 436-38 (Bankr. S.D.N.Y. 1998) (granting trustee's motion to amend complaint).

**Conclusion**

10. For the foregoing reasons, the Foreign Representatives respectfully request that the motion be granted and that the proposed order, attached as Exhibit H, be entered.

Dated: New York, New York  
      March 8, 2011

**BROWN RUDNICK LLP**

By: /s/ Kerry L. Quinn
    David J. Molton
    May Orenstein
    Daniel J. Saval
    Kerry L. Quinn
    Seven Times Square
    New York, New York  10036
    Tel.: (212) 209-4800
    Fax: (212) 209-4801

*Attorneys for the Foreign Representatives*