**Presentment Date: April 15, 2011 at 10:00 a.m.**
**Objection Deadline: April 8, 2011 at 4:00 p.m.**

**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton

*Attorneys for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LIMITED, et al., | Case No: 10-13164 (BRL) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), et al., | Adv. Pro. No. 10-03496 |
| Plaintiffs, | Administratively Consolidated |
| -against- | |
| THEODOOR GGC AMSTERDAM, et al., | |
| Defendants. | |
| This document applies to the actions listed on Exhibit A. | |

**FOREIGN REPRESENTATIVES' MOTION FOR LEAVE**
**TO AMEND COMPLAINTS IN CERTAIN REDEEMER ACTIONS**

Kenneth Krys and Joanna Lau (together with their predecessors, the "Foreign Representatives"), in their capacities as Foreign Representatives and court-appointed Liquidators of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma") and Fairfield Lambda Limited (In Liquidation) ("Lambda" and, together with Sentry

and Sigma, the "Funds" or the "Debtors") respectfully submit this motion (the "Motion") to amend the complaints in the adversary proceedings listed on Exhibit A.

In support of the Motion, the Foreign Representatives respectfully represent as follows:

1. As the Court is aware, the Foreign Representatives have filed numerous actions seeking the return of redemption payments made to shareholders in the years prior to the exposure of the Madoff fraud (the "Redeemer Actions"). At present, 208 Redeemer Actions are pending in this Court. In most of those cases, amended complaints were filed in December 2010 and January 2011 to add avoidance claims under the BVI Insolvency Act of 2003. On March 8, 2011, the Foreign Representatives sought leave to amend certain of the previously amended complaints to, *inter alia*, add newly-identified redemptions, additional beneficiaries or to make ministerial changes. The Foreign Representatives now seek to further amend certain of the previously amended complaints to add additional, newly-identified defendants.

**Factual Background**

2. The Foreign Representatives seek leave to amend complaints in the two Redeemer Actions listed in Exhibit A. The proposed amendments involve the naming as defendants of additional beneficiaries of redemption payments, previously described as "Beneficial Owners of Accounts Held in the Name" of registered shareholders.

3. The actions where the Foreign Representatives seek to add defendants are: *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. (10-3635)* and *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. (10-3636)*. Blackline versions of the amended complaints proposed in these actions are attached as Exhibits B and C. The additional defendants to be added to these actions came to the attention of the Foreign Representatives after the initial amended complaints were filed. For the sake of clarity,

2

the amendments proposed in this Motion are in addition to, and shall supersede, the amendments proposed in the Foreign Representatives' motion for leave to amend, dated March 8, 2011, with respect to these two Redeemer Actions.

**Argument**

4. Fed. R. Civ. P. 15, made applicable through Fed. R. Bankr. P. 7015, sets forth the standard governing amendment of pleadings. Under this rule, leave to amend a complaint "should be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2); *accord Sista v. CDC IXIS N. Am., Inc.*, 445 F.3d 161, 177 (2d Cir. 2006). A court should not deny leave to amend absent "undue delay, bad faith, undue prejudice to the non-movant, or futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

5. None of the reasons for denying leave is present here. The Redeemer Actions are in a preliminary procedural posture, with answers yet to be filed in all but a few actions. Further, the amendments do not seek to add claims or theories of recovery. To the contrary, the amendments involve ministerial changes to add defendants. In this situation, defendants would not be prejudiced by amendments, and delay, futility and bad faith are not at issue.

6. In similar circumstances, courts routinely grant leave to amend. *See, e.g., Sea-Land Serv., Inc. v. Able Shipping, Ltd.*, No. 93 Civ. 8039, 1995 WL 75479, at *1 (S.D.N.Y. Feb. 22, 1995) (granting motion to amend "to increase the amount claimed"); *Roswell Capital Partners LLC, et al. v. Alt. Constr. Techs., Inc., et al.*, No. 08 Civ. 10647, 2009 WL 1357226, at *1 (S.D.N.Y. 2009) (granting motion to amend to identify John Doe defendant); *accord Alexander v. Whitney, et al.*, No. 9:04-CV-1298, 2006 WL 3422205, at *1-2 (N.D.N.Y. 2006); *see also G.G. Survivor Creditor Corp. v. Eli Harari (In re G. Survivor Corp.)*, 217 B.R. 433, 436-38 (Bankr. S.D.N.Y. 1998) (granting trustee's motion to amend complaint).

**Conclusion**

      *7.*     For the foregoing reasons, the Foreign Representatives respectfully request that the motion be granted and that the proposed order, attached as Exhibit D, be entered.

| | |
|---|---|
| Dated: New York, New York | **BROWN RUDNICK LLP** |
| April 1, 2011 | By: /s/ Kerry L. Quinn |
| | David J. Molton |
| | May Orenstein |
| | Daniel J. Saval |
| | Kerry L. Quinn |
| | Seven Times Square |
| | New York, New York  10036 |
| | Tel.: (212) 209-4800 |
| | Fax: (212) 209-4801 |
| | |
| | *Attorneys for the Foreign Representatives* |