**LATHAM & WATKINS LLP**
Christopher R. Harris
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1880
*Attorneys for the ABN AMRO Entities (as defined below)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | | |
|---|---|---|
| **In re:** | : | **Chapter 15 Case** |
| | : | |
| **Fairfield Sentry Limited, et al.,** | : | **Case No. 10-13164 (BRL)** |
| | : | |
| **Debtors in Foreign Proceedings.** | : | **Jointly Administered** |
| | : | |

---------------------------------------------------------------X

| | | |
|---|---|---|
| | : | |
| **Fairfield Sentry Limited, et al** | : | **Adv. Pro. No. 10-03496 (BRL)** |
| | : | |
| **Plaintiffs,** | : | **Procedurally Consolidated** |
| | : | **Under this matter** |
| **-against-** | : | |
| | : | |
| **Theodoor GGC Amsterdam, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

---------------------------------------------------------------X

| | | |
|---|---|---|
| | : | |
| **Fairfield Sentry Limited (In** | : | **Adv. Pro. No. 10-03504 (BRL)** |
| **Liquidation), Fairfield Sigma Limited** | : | |
| **(In Liquidation) and Fairfield Lambda Limited** | : | |
| **(In Liquidation), acting by and through the** | : | |
| **Foreign Representatives thereof, and Kenneth** | : | |
| **Krys and Joanna Lau, solely in their** | : | |
| **Capacities as Foreign Representative and** | : | |
| **Liquidators thereof,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **-against-** | : | |
| | : | |
| **FS ABN AMRO Global Custody and Beneficial** | : | |
| **Owners of the Accounts Held in the Name** | : | |
| **FS ABN AMRO Global Custody 1-1000,** | : | |
| | : | |
| **Defendants.** | : | |

---------------------------------------------------------------X

```
-----------------------------------------------------------X
                                                           :
Fairfield Sentry Limited, et al.  (In                      :        Adv. Pro. No. 10-03635 (BRL)
Liquidation), acting by and through the                    :
Foreign Representative thereof,                            :
                                                           :
              Plaintiffs,                                  :
                                                           :
          -against-                                        :
                                                           :
ABN AMRO Schweiz AG a/k/a ABA AMRO                         :
(Switzerland) AG, et al.,                                  :
                                                           :
              Defendants.                                  :
                                                           :
-----------------------------------------------------------X
                                                           :
Fairfield Sentry Limited, et al.  (In                      :        Adv. Pro. No. 10-03636 (BRL)
Liquidation), acting by and through the                    :
Foreign Representative thereof,                            :
                                                           :
              Plaintiff,                                   :
                                                           :
          -against-                                        :
                                                           :
ABN AMRO Schweiz AG a/k/a ABN AMRO                         :
(Switzerland) AG, et al.,                                  :
                                                           :
              Defendants.                                  :
                                                           :
-----------------------------------------------------------X
```

```
-----------------------------------------------------------X
                                                           :
Fairfield Sentry Limited (In Liquidation)                  :        Adv. Pro. No. 10-3776 (BRL)
and Fairfield Sigma Limited (In Liquidation),              :
acting by and through the Foreign                          :
Representatives thereof, and Kenneth Krys                  :
and Joanna Lau, solely in their capacities                 :
as Foreign Representatives and Liquidators                 :
thereof,                                                   :
                                                           :
                    Plaintiffs,                            :
                                                           :
                  -against-                                :
                                                           :
Fortis (Isle of Man) Nominees Limited a/k/a                :
ABN AMRO Fund Services (Isle of Man)                       :
Nominees Limited, Seven Seas, LP Hedge,                    :
Platinum, and Beneficial Owners of the                     :
Accounts Held in the Name of Fortis                        :
(Isle of Man) Nominees LTD 1-1000,                         :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------X
                                                           :
Fairfield Sentry Limited (In                               :        Adv. Pro. No. 11-2422 (BRL)
Liquidation), Fairfield Sigma Limited                      :
(In Liquidation) and Fairfield Lambda Limited              :
(In Liquidation), acting by and through the                :
Foreign Representatives thereof, and Kenneth               :
Krys and Joanna Lau, solely in their                       :
Capacities as Foreign Representative and                   :
Liquidators thereof,                                       :
                                                           :
                    Plaintiffs,                            :
                                                           :
                  -against-                                :
                                                           :
Fortis Global Custody Services N.V. n/k/a                  :
ABN AMRO Global Custody Services N.V.,                     :
Fortis Bank (Nederland) N.V. n/k/a ABN                     :
AMRO Bank N.V. and Beneficial Owners                       :
of  Accounts Held In The Name Of Fortis                    :
Global Custody Services N.V. 1-1000,                       :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------X
```

```
------------------------------------------------------------X
                                                            :
Fairfield Sentry Limited (In                                :    Adv. Pro. No. 12-01119 (BRL)
Liquidation), acting by and through the                     :
Foreign Representative thereof, and                         :
Kenneth Krys solely in his capacity as Foreign              :
Representative and Liquidator thereof,                      :
                                                            :
                    Plaintiffs,                             :
                                                            :
                 -against-                                  :
                                                            :
Fortis Bank Nederland N.V., Sempervirens                    :
Capital Management Limited Class E-F Fund                   :
and Beneficial Owners of Accounts Held In                   :
The Name Of Fortis Bank Nederland                           :
NV 1-1000,                                                  :
                                                            :
                                                            :
                    Defendants.                             :
------------------------------------------------------------X
                                                            :
Fairfield Sentry Limited (In                                :    Adv. Pro. No. 12-1568 (BRL)
Liquidation), acting by and through the                     :
Foreign Representative thereof, and                         :
Kenneth Krys solely in his capacity as Foreign              :
Representative and Liquidator thereof,                      :
                                                            :
                    Plaintiffs,                             :
                                                            :
                 -against-                                  :
                                                            :
Fortis Global Custody Services N.V., Auriga                 :
International Limited and Beneficial Owners                 :
of Accounts Held In The Name of Fortis Global               :
Custody Services N.V. 1-1000, including                     :
without limitation Beneficial Owners Of                     :
Accounts Associated With REF 7227,                          :
                                                            :
                    Defendants.                             :
------------------------------------------------------------X
```

```
-----------------------------------------------------------------X
                                                       :
Fairfield Sentry Limited (In Liquidation),             :        Adv. Pro. No. 12-1571 (BRL)
acting by and through the Foreign                      :
Representative thereof, and Kenneth Krys,              :
solely in his capacity as Foreign                      :
Representative and Liquidator thereof,                 :
                                                       :
                      Plaintiffs,                      :
                                                       :
                   -against-                           :
                                                       :
Fortis Bank Cayman Limited n/k/a ABN                   :
AMRO Fund Services Bank (Cayman) Limited,              :
Tradex Global Master Fund SPC Limited and              :
Beneficial Owners of Accounts Held In The              :
Name of Bank Cayman Limited 1-1000,                    :
                                                       :
                      Defendants.                      :
-----------------------------------------------------------------X
```

**OPPOSITION OF ABN AMRO ENTITIES TO FOREIGN REPRESENTATIVE'S
MOTION SEEKING LIMITED RELIEF FROM ORDER STAYING REDEEMER
ACTIONS AND ENTRY OF ORDER DIRECTING DEFENDANTS TO MAKE
EXPEDITED INITIAL DISCLOSURES ON BENEFICIAL HOLDERS AND
AUTHORIZING AMENDMENT TO COMPLAINTS IN REDEEMER ACTIONS**

ABN AMRO Global Custody (sued as FS ABN AMRO Global Custody) ("AA Global

Custody"), ABN AMRO Fund Services (Isle of Man) Nominees Ltd. f/k/a Fortis (Isle of Man)

Nominees Ltd. ("AA IOM"), ABN AMRO Bank (Switzerland) A.G. (sued as ABN AMRO

Schweiz) ("AA Switzerland"), ABN AMRO Global Custody Services N.V. f/k/a Fortis Global

Custody Services N.V. ("AA Services"), ABN AMRO Bank N.V. f/k/a Fortis Bank (Nederland)

N.V. ("AA N.V."), and ABN AMRO Fund Services Bank (Cayman) Ltd. f/k/a Fortis Bank

Cayman Ltd. ("AA Cayman") (together, the "ABN AMRO Entities"), by and through their

undersigned counsel, hereby submit this opposition (the "Opposition") to the *Foreign

Representative's Motion Seeking Limited Relief from Order Staying Redeemer Actions and Entry

of Order Directing Defendants to Make Expedited Initial Disclosures on Beneficial Holders and*

*Authorizing Amendment to Complaints in Redeemer Actions* (the "Motion"), filed on May 25,

2012 by the Plaintiffs in each of these adversary proceedings, on the grounds set forth below.

### BACKGROUND

1.      The above-captioned cases arise out of the liquidation of Fairfield Sentry

Limited, Fairfield Lambda Limited and Fairfield Sigma Limited (the "Fairfield Funds") in the

British Virgin Islands.  The Plaintiffs Foreign Representatives and Liquidators (the "Foreign

Representatives") of the Fairfield Funds brought the these and related cases to attempt to recover

payments made by the Fairfield Funds to their shareholders, including the ABN AMRO Entities.

The ABN AMRO Entities' responses to the Foreign Representative's complaints are not yet due,

and this Court has issued an amended order staying the actions pending developments in

connection with separate but related judicial proceedings.  (*See Amended Order Staying*

*Redeemer Actions, Fairfield Sentry Ltd. v. Theodor GGC Amsterdam*, Adv. Pro. No. 10-03496

(BRL), [ECF No. 418] (Bankr. S.D.N.Y. Oct. 19, 2011) (the "Stay Order").)  Although the

Foreign Representative is permitted to "participat[e] in settlement discussions [or] enter[] into

settlement, tolling or any other type of agreements," the Stay Order provides that "all

proceedings in the actions … are stayed … ."  (Stay Order ¶ 5.)

2.      On May 25, 2012, the Foreign Representatives filed the Motion.  In it, the Foreign

Representatives ask the Court to lift the litigation stay so that it may compel the ABN AMRO

Entities, among other defendants in similar actions, to disclose information regarding the

beneficial owners of shares in the Fairfield Funds held by the ABN AMRO Entities.

Specifically, the Foreign Representatives seek the names, addresses, telephone numbers,

facsimile numbers, and email addresses of beneficial owners or any person or entity known to

2

have received payment by the ABN AMRO Entities on account of the redemption of shares in

the Fairfield Funds.  (*See* Proposed Order Attached to Motion.)

3.      As a sanction for a defendant's failure to comply with the requested order, the

Foreign Representatives suggest "waiver of any type of conduit or change-in-position defense on

the basis of the transfer or remittance of redemption payments to Beneficial Holders," (Motion at

¶ 38), although the proposed Order that the Foreign Representatives submitted with the Motion

did not specify any sanction for failure to comply.

## DISCUSSION

4.      As more fully explained below and in the memoranda of opposition incorporated

by reference below, the Motion is premature, identifies no valid reason to lift the stay, and seeks

disclosures that not only are not required under the discovery rules, but that would actually

violate applicable foreign laws.  Accordingly, the Motion should be denied.

5.      Each of the ABN AMRO Entities joins in, and incorporates by reference, the

arguments set forth in each of the following sections of memoranda in opposition to the Motion

filed by other Defendants to these cases:

> a.  Sections I, II, III.A, III.B1-3, IV.A.1., and IV.B.1-3 of the opposition filed by
> Cleary Gottlieb Steen & Hamilton LLP (the "Cleary Opposition") on behalf of
> HSBC Securities Services (Luxembourg) SA and other defendants (together, the
> "Cleary Defendants") on June 8, 2012 in Adv. Pro. No. 10-03496 and others.
> These sections of the Cleary Opposition explain that (i) the Court lacks subject
> matter jurisdiction, and to the extent that the Court concludes otherwise, should
> first consider abstention; [1] (ii) the Court lacks personal jurisdiction over the
> Cleary Defendants; [2] and that (iii) international comity requires denying the
> Motion.

---

[1] For avoidance of doubt, the ABN AMRO Entities do not concede that New York law governs the Liquidators' common law claims.

[2] With respect to personal jurisdiction, the Foreign Representatives assert the same bases for personal jurisdiction over the ABN AMRO Entities as they assert against the Cleary Defendants.  Specifically, the Foreign Representatives assert that AA Global Custody, AA IOM, AA Services and AA NV consented to jurisdiction under the subscription agreements they allegedly entered with the Fairfield Funds.  (*See, e.g.*, Compl. ¶¶ 18-19, Adv. Pro.

b.  Section IV of the opposition filed by Cravath, Swaine & Moore LLP (the "Cravath Opposition") on behalf of Banco Santander (Suisse) S.A. and other defendants on June 8, 2012 in Adv. Pro. No. 10-3509 (BRL), which explains that the Bankruptcy Rules do not authorize the relief sought in the Motion; and

c.  Section I of the opposition filed by King & Spalding (the "K&S Opposition") on behalf of Korea Exchange Bank and other defendants on June 8, 2012 in Adv. Pro. No. 11-1486 (BRL), which explains that there are no grounds to lift the stay.

6.  Each of the foregoing arguments applies equally to the ABN AMRO Entities, and each provides independent and sufficient grounds to deny the Motion with respect to all of the ABN AMRO Entities.

7.  In addition, the Foreign Representatives' attempts to serve the ABN AMRO Entities by mail were not proper unless authorized by the foreign states in which the relevant ABN AMRO Entities operate. For example, the Foreign Representatives' attempted service of AA Switzerland was not proper. AA Switzerland joins in, and incorporates by reference, the arguments in Section III.C of the Cleary Opposition, as supported by the declaration of Professor

---

No. 10-3504, ECF No. 18, Filed Dec. 23, 2010 (hereinafter "AA Global Custody Compl."); Compl. ¶¶ 18-19, Adv. Pro. No. 10-3776 (BRL), ECF No. 20, filed Dec. 23, 2010 (hereinafter "AA IOM Compl."); Compl. ¶¶ 18-19, Adv. Pro. No. 11-2422 (BRL), ECF No. 1, filed Jul. 22, 2011 (hereinafter "AA Services Compl. I"); Compl. ¶¶ 20-21, Adv. Pro. No. 12-1119 (BRL), ECF No. 1, filed Mar. 10, 2012 (hereinafter "AA NV Compl.").) As for AA Switzerland, the Foreign Representatives merely allege that it invested via the Citco Defendants or the Citco Subscribers (as defined in the Foreign Representatives' complaints in Adv. Pros. 10-3635 (BRL) and 10-3636 (BRL))—all of whom allegedly signed subscription agreements—but not that AA Switzerland itself signed any such agreement. (*See* Compl. ¶¶ 8-9, 19-20, Adv. Pro. No. 10-3635, ECF No. 67, Filed Jan. 10, 2011 (hereinafter "Citco Compl. I"); Compl. ¶¶ 9-10, 18-19, Adv. Pro. No. 10-3636, ECF No. 87, Filed May 3, 2011 (hereinafter "Citco Compl. II") (together with Citco Complaint I, the "Citco Complaints").) The Foreign Representatives also rely on allegations regarding the ABN AMRO Entities' investment activities, or propose to rely on amended allegations, that are substantively the same as allegations against the Cleary Defendants discussed in Parts III.B.1-2 of the Cleary Opposition. Specifically, these allegations and proposed allegations allege that the ABN AMRO Entities (i) invested in, and redeemed shares from, the Fairfield Funds, knowing and intending that the proceeds would be placed with Bernard L. Madoff Investment Securities ("BLMIS"), and /or (ii) used bank accounts in the United States to invest in and / or receive payments from the Fairfield Funds. (*See* AA IOM Compl. ¶¶ 2-14, 17; AA Global Custody Compl. ¶¶ 2-14, 17; AA Services Compl. I ¶¶ 2-14, 17; AA NV Compl. ¶¶ 2-16, 19; Compl. ¶¶ 2-16, 19, Adv. Pro. No. 12-1568 (BRL), ECF No. 1, filed Apr. 26, 2012 (hereinafter "AA Services Compl. II"); Compl. ¶¶ 2-16, 19, Adv. Pro. No. 12-1571, ECF No. 1, filed Apr. 27, 2012 (hereinafter "AA Cayman Compl."); Citco Compl. I ¶ 18; Citco Compl. II ¶ 17; Notice of Proposed Amendments to Complaints in the Fairfield Redeemer Actions, Ex. B, Schedule 1 at 4, 9 Adv. Pro. No. 10-3496 (BRL), ECF No. 429-3, filed Nov. 29, 2011.) For the reasons explained in Parts III.A and III.B.1-3 of the Cleary Opposition, none of the foregoing allegations, if proven, would establish personal jurisdiction over any of the ABN AMRO Entities.

Nicolas Jeandin.  As with the Swiss Cleary Defendants, the Foreign Representatives attempted to

serve AA Switzerland by mail only.  For the reasons explained in the Cleary Opposition, these

attempts were inadequate to effect service.[3]

8.       In addition, all of the ABN AMRO Entities are subject to financial privacy, data

protection and /or confidentiality laws in the countries in which they operate.  These laws

prohibit the disclosure of the identities of account holders and beneficial owners pursuant to the

Motion, and could subject the ABN AMRO Entities to criminal penalties and / or civil liability if

violated.  With respect to Swiss, Dutch and Cayman Islands laws, the ABN AMRO Entities

identified below join in the following sections of oppositions filed by other Defendants:

a.  **Swiss law**: AA Switzerland joins in, and incorporates by reference, section
    VI.A.1 of the Cleary Opposition, as supported by the Declarations of Professor
    Luc Thévenoz and Professor Alain Macaluso.

b.  **Dutch law**: AA Global Custody, AA N.V. and AA Services join in, and
    incorporate by reference, section II of the opposition filed by Wilmer Cutler
    Pickering Hale & Dorr LLP on June 8, 2012 in Adv. Pro. No. 10-3757 (BRL) on
    behalf of SNS Global Custody and other defendants, as supported by the
    Declaration of Allart J. Haasjes.

c.  **Cayman Islands law**: AA Cayman joins in, and incorporates by reference,
    Section VI.D of the opposition filed by Gibson, Dunn & Crutcher LLP on June 8,
    2012 in Adv. Pro. No. 10-4095 (BRL), on behalf of UBS Fund Services
    (Cayman) Limited and other defendants.

9.       With respect to Isle of Man law, AA IOM owes a duty to its customers to

preserve the confidentiality of information provided in connection with their accounts.  Thus, as

explained in the Declaration of Peter Clucas (the "Clucas Declaration") filed in support of this

Opposition, disclosing confidential information from account holders could subject AA IOM to

---

[3] Nor were the Foreign Representatives' attempts to effect service on AA Switzerland by mailing the Citco
Complaints to the Citco Defendants and Citco Subscribers adequate.  Nowhere in the Citco Complaints do the
Foreign Representatives allege that AA Switzerland designated any of the Citco Defendants or Citco Subscribers as
its agent for service of process.  The Foreign Representatives merely allege that AA Switzerland somehow
consented to service by mail by virtue of the fact that the Citco Defendants and Citco Subscribers allegedly signed
the subscription agreements.  (*See* Citco Compl. I ¶¶ 8-9, 19-20; Citco Compl. II ¶¶ 9-10, 18-19.)

claims of breach of its duty of confidentiality under Isle of Man Law, by customers who are the

subject of the information in question and would not otherwise consent to its disclosure.  (*See*

Clucas Decl. ¶¶ 7, 26.)  In addition, AA IOM would be vulnerable to claims under provisions of

the Data Protection Act 2002, and to potential enforcement action by the Isle of Man Data

Protection Supervisor.  (*See id.* ¶¶ 7, 27, 38-40.)

          10.     As explained in Section IV.B.2 of the Cleary Opposition and elsewhere, it would

be improper for the Court to enter an order that would require the ABN AMRO Entities to

violate the laws of their home countries, or expose them to potential liability in those countries.

For these reasons, as well, the Motion should be denied with respect to the ABN AMRO Entities.

**CONCLUSION**

          11.     For the reasons set forth above, the ABN AMRO Entities respectfully request that

the Court deny the Motion.

Dated:  June 8, 2012
New York, New York

LATHAM & WATKINS LLP

By: /s/ Christopher Harris
   Christopher Harris
    885 Third Avenue, Suite 1000
    New York, NY 10022
    Telephone: (212) 906-1628
    Email: christopher.harris@lw.com

*Attorneys for the ABN AMRO Entities (as
defined above)*