**Objection Deadline: June 8, 2012 at 4:00 p.m.**
**Hearing Date:       June 26, 2012 at 10:00 a.m.**

CHADBOURNE & PARKE LLP
Scott S. Balber
Benjamin D. Bleiberg
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
Facsimile:  (646) 710-5466

*Attorneys for Defendants Bank Hapoalim Switzerland Ltd.; Bank Hapoalim (Suisse) Ltd.; FS/BK Hapoalim/B M Tel Aviv; No Treaty CL Taviv; Peilim; and Bank Hapoalim BM, London*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LIMITED, et al., | Case No. 10-13164 (BRL) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | |
| Plaintiffs, | Adv. Pro. No. 10-03496 (BRL) |
| -against- | Administratively Consolidated |
| THEODOOR GGC AMSTERDAM, et al., | |
| Defendants. | |
| This notice is submitted in the following Adversary Proceedings: | |
| 10-03510 (BRL) | |
| 10-03635 (BRL) | |
| 10-03636 (BRL) | |
| 11-01467 (BRL) | |
| 12-01144 (BRL) | |

**MEMORANDUM OF LAW IN OPPOSITION TO THE FOREIGN
REPRESENTATIVE'S MOTION SEEKING LIMITED RELIEF
FROM ORDER STAYING REDEEMER ACTIONS AND ENTRY OF
AN ORDER DIRECTING DEFENDANT TO MAKE EXPEDITED INITIAL
DISCLOSURES ON BENEFICIAL HOLDERS AND AUTHORIZING
AMENDMENT TO COMPLAINTS IN REDEEMER ACTIONS**

Defendants Bank Hapoalim Switzerland Ltd. (Adv. Pro. Nos. 10-03635 and 10-03636); Bank Hapoalim (Suisse) Ltd. (Adv. Pro. No. 10-03510); FS/BK Hapoalim/B M Tel Aviv, No Treaty CL Taviv, and Peilim (Adv. Pro. No. 11-01467); and Bank Hapoalim BM, London (Adv. Pro. No. 12-01144) (collectively, the "Bank Hapoalim Defendants"), respectfully submit this memorandum of law in opposition to the motion filed on May 25, 2012 in the above-captioned Adversary Proceedings by Kenneth Krys, the liquidator and Foreign Representative (the "Plaintiff") of Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited, and Fairfield Lambda Limited (together, the "Fairfield Funds"), seeking limited relief from the order staying the redeemer actions and requesting the entry of an order directing the Bank Hapoalim Defendants to make expedited initial disclosures (the "Motion"). Without waiving any of their rights or defenses, including without limitation any defenses based on insufficiency of service or lack of personal jurisdiction, the Bank Hapoalim Defendants request that the Court deny the Motion.

**INTRODUCTION**

The Plaintiff now moves this Court – despite the Court's amended order staying this action – to compel the Bank Hapoalim Defendants to provide immediate, premature, and improper disclosure of the identities and contact information of their customers or other persons who, among other things, received funds from the redemption of shares in Fairfield Sentry. Plaintiff claims that this immediate disclosure is necessary because certain defendants may assert

2

conduit or change-in-position defenses, and he wishes to ascertain the identities of the alleged recipients of the funds so he may amend the complaints to name additional defendants.

Plaintiff's motion should be denied. First, the Bank Hapoalim Defendants have not yet answered or otherwise responded to the complaints in the above-captioned actions, and their responses are not yet due. Accordingly, there has been no determination regarding (i) whether the Bank Hapoalim Defendants are subject to personal jurisdiction in New York, or (ii) the appropriateness of personal jurisdiction in this proceeding. The Bank Hapoalim Defendants, therefore, intend to move to dismiss the complaints at such time as their responses are due, in part on the grounds that Plaintiff's service of process was insufficient and that he has no valid basis to assert claims against the Bank Hapoalim Defendants in New York.[1] Second, Plaintiff's request for disclosure of the Bank Hapoalim Defendants' current and former customers is unreasonable under the circumstances and the Motion has failed to assert any likelihood of success on the merits.

In addition, the Motion should be denied for the reasons stated in the numerous opposition memoranda filed concurrently with this memorandum in the adversary proceedings that have been administratively consolidated under <u>Fairfield Sentry Ltd</u>. v. <u>Theodor GGC Amsterdam</u>, Adv. Pro. No. 10-03496 (BRL), and to which the Bank Hapoalim Defendants join, adopt, and incorporate by reference. These additional reasons for rejecting the Motion include, in part, (i) the circumstances giving rise to the litigation stay have not changed to warrant granting Plaintiff's requested relief, (ii) the Court should consider abstention before considering Plaintiff's Motion, (iii) the Motion is not supported by Fed. R. Civ. P. 26(a)(1)(A); and (iv) while

---

[1] The Bank Hapoalim Defendants oppose Plaintiff's Motion without prejudice to these defenses by making a limited appearance for the sole purpose of opposing the Motion.

3

the applicable financial privacy laws of foreign nations do not categorically prohibit disclosure of customer information, they require that requests for such disclosure be submitted in accordance with the applicable treaties between these countries and the United States, a procedure plaintiffs have chosen not to follow.

### STATEMENT OF FACTS

Beginning in 2010, the Fairfield Funds, acting through their liquidators, began filing numerous lawsuits against the Bank Hapoalim Defendants. (See Compl. Adv. Pro. Nos. 10-03635 and 10-03636 ¶ 146; Compl. Adv. Pro. No. 10-03510 ¶ 54; Compl. Adv. Pro. No. 11-01467 ¶ 56; Compl. Adv. Pro. No. 12-01144 ¶ 57.) Plaintiff sent Bank Hapoalim (Suisse) Ltd. a copy of the complaint against it via international registered mail to three addresses in Luxembourg and Switzerland. (See Affidavit of Service of Christopher Michael Lau Kamg (Feb. 18, 2011), attached at Declaration of Scott S. Balber ("Balber Aff.") Ex. A.) Plaintiff sent FS/BK Hapoalim/B M Tel Aviv, No Treaty CL Taviv, and Peilim a copy of the complaint against them via international registered mail to multiple addresses in Israel and Brussels. (See Affidavit of Service of Christopher Michael Lau Kamg (Apr. 15, 2011), attached at Balber Aff. Ex. B.) Plaintiff sent Bank Hapoalim Switzerland Ltd. a copy of the complaints against it via international registered mail to an address in Switzerland, as well as via international registered mail to a Luxembourg address and via certified mail to the New York address of a U.S. company not listed as a defendant in the complaints. (See, e.g., Affidavit of Service of Christopher Michael Lau Kamg ¶ 4 (June 17, 2011), attached at Balber Aff. Ex. C.)

Plaintiff avers that certain entities, which Plaintiff defines as "Citco Subscribers," entered into subscription agreements with the Fairfield Funds pursuant to which the Citco Subscribers purportedly submitted to personal jurisdiction in New York and alternative service of process by mail. (See, e.g., Compl. Adv. Pro. No. 10-03636 ¶¶ 18, 19.) Plaintiff's theory for asserting

4

personal jurisdiction over the Bank Hapoalim Defendants in New York and for attempting alternative methods of service of process is that the Bank Hapoalim Defendants are somehow obligated under those alleged subscription agreements – which are not attached to any of the complaints against the Bank Hapoalim Defendants – either because the Bank Hapoalim Defendants purportedly signed the agreements or because Citco purportedly signed them on behalf of the Bank Hapoalim Defendants. (See, e.g., id. ¶ 20.) The complaints do not allege that the Bank Hapoalim Defendants – or the claims asserted against them – have any nexus to New York.[2]

The Bank Hapoalim Defendants subsequently conducted a diligent search of their files to locate any agreement between the Bank Hapoalim Defendants and Fairfield, or any agreement authorizing Citco to consent to jurisdiction or service on behalf of the Bank Hapoalim Defendants. (See Letter to David J. Molton (May 9, 2011), attached at Balber Decl. Ex. D.) After being unable to locate any such documentation, on May 9, 2011, the Bank Hapoalim Defendants, through counsel, sent Plaintiff's counsel a letter informing Plaintiff that the Bank Hapoalim Defendants intended to move to dismiss the complaints, in part, for lack of personal jurisdiction and improper service, and requesting a copy of the subscription agreements that the Bank Hapoalim Defendants had allegedly executed.[3] (Id.) On May 16, 2011, the Bank Hapoalim Defendants again requested copies of the subscription agreements, but Plaintiff's counsel refused to provide copies. (See Letter to Kerry Quinn (May 17, 2011), attached at

---

[2] The complaint against Bank Hapoalim BM, London uniquely asserts that jurisdiction is appropriate because Bank Hapoalim BM, London conducts business and maintains bank accounts in New York. (See Compl. Adv. Pro. No. 12-01144 ¶ 19.)

[3] The Plaintiff did not file its complaint against Bank Hapoalim BM, London until March 11, 2012 and, consequently, inquiries regarding Bank Hapoalim BM, London were not included in the Bank Hapoalim Defendants' May 2011 correspondence with Plaintiff's counsel.

5

Balber Decl. Ex. E.)  Thus, despite the Bank Hapoalim Defendants' attempt to obtain voluntary discovery from Plaintiff in an effort to narrow the scope of their forthcoming motion to dismiss, Plaintiff's counsel rejected the request and, ironically, characterized the request as "try[ing] to obtain documents that [the Bank Hapoalim Defendants have] no legal right to obtain – at least not at this point in the litigation . . . . before discovery begins . . . ."  (See Letter from Kerry L. Quinn (May 18, 2011), attached at Balber Decl. Ex. F.)  On May 27, 2011, the Bank Hapoalim Defendants, through counsel, sent the attorneys for Citco a letter requesting, in part, the subscription agreements referenced in Plaintiff's complaints.  (See Letter to Citco Legal Department (May 27, 2011), attached at Balber Decl. Ex. G.)  However, the Bank Hapoalim Defendants have yet to receive a response.  (See Balber Decl. ¶ 8.)

On October 19, 2011, this Court issued an amended order staying the actions pending developments in connection with separate but related judicial proceedings (the "Stay Order"). (See Amended Order Staying Redeemer Actions, Fairfield Sentry Ltd. v. Theodor GGC Amsterdam, Adv. Pro. No. 10-03496 (BRL) (Bankr. S.D.N.Y. Oct. 19, 2011), ECF #418.) Accordingly, the Bank Hapoalim Defendants responses to the complaints are still not yet due.

When appropriate, the Bank Hapoalim Defendants will move to dismiss the complaints, asserting that the grounds for personal jurisdiction and the basis for service of process asserted by the liquidators in the complaints are deficient; namely, that the Bank Hapoalim Defendants (i) never entered into a subscription agreement with any of the Fairfield Funds; (ii) never authorized Citco to enter into any such subscription agreements on behalf of the Bank Hapoalim Defendants; (iii) are unaware that any such subscription agreements exist; (iv) never executed any agreements in which they consented to personal jurisdiction in New York; (v) never

6

10-03635-jpm    Doc 113    Filed 06/08/12    Entered 06/08/12 15:59:39    Main Document
Pg 7 of 16

consented to alternative service of process, and (vi) that the alternative service of process is contrary to applicable foreign law and unenforceable. (See Balber Decl. ¶ 9.)

On May 16, 2012, Plaintiff's counsel notified counsel for the Bank Hapoalim Defendants and the defendants in similar actions that Plaintiff intended to file a motion to request this Court to the lift the Stay Order and order expedited disclosure of the Bank Hapoalim Defendants' customers or persons that held beneficial interest in shares in connection with the "redemption payments" at issue in the actions. (See Letter from Kerry L. Quinn, Fairfield Sentry Ltd. v. Theodor GGC Amsterdam, Adv. Pro. No. 10-03496 (BRL) (Bankr. S.D.N.Y. May 16, 2012), ECF #470). The letter reads, in part:

> This motion will be seeking similar, although not identical, relief to that sought by the Application that the Madoff Trustee recently filed. We will be seeking the disclosures on an expedited basis so as to be able to ascertain the existence and identities of any Beneficial Holders in advance of the expiration of the Section 108 toll on July 22, 2012.

The Plaintiff filed the Motion on May 25, 2012, requesting that the court lift the litigation stay for the purposes of obtaining an order compelling the Bank Hapoalim Defendants and other defendants in similar actions, to disclose within 10 days after entry of the order, the names and contact information for:

> i.   any person or entity on whose account or for whose benefit such Defendant subscribed for or held shares of the Funds that were redeemed in exchange for redemption payments identified in exhibits to complaints filed in Redeemer Actions; and
>
> ii.  any other person or entity known by a Defendant to have received the payments or any portion of payments identified in exhibits to complaints filed in Redeemer Actions by virtue of such person having a beneficial interest in shares redeemed in exchange for such payments.

(See Proposed Order Granting Limited Relief, attached at Pl. Mot. at Ex. 1.) Notably, unlike the Trustee's similar application, the Plaintiff's Motion does *not* seek the alternative relief proposed by the Trustee of providing notice of the Trustee's lawsuits to customers and former customers.

7

Because there is no basis for Plaintiff's request for expedited discovery, the Motion should be denied.

## ARGUMENT

### I. The Court Should Not Grant Expedited Discovery Before Determining the Threshold Issue of Personal Jurisdiction

As a threshold matter, the Court should not order disclosure before it has determined whether it has personal jurisdiction over the Bank Hapoalim Defendants to proceed with this matter on the merits.  See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case." (citations omitted)); Basile v. Walt Disney Co., 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010) ("[I]t is hornbook law that . . . personal jurisdiction [is a] threshold procedural issue[] to be decided before the substantive grounds in a motion to dismiss."); Antwi v. United States, 349 F. Supp. 2d 663, 669 (S.D.N.Y. 2004) ("The obligation that courts must resolve threshold questions of jurisdiction and standing before proceeding to consider the merits of a claim at any stage of a proceeding is inflexible and without exception." (quotations and citations omitted)).

Plaintiff's request for expedited discovery implicates the merits of any conduit or change-in-position defenses – defenses that the Bank Hapoalim Defendants have not yet determined whether they will assert – and necessarily requires the Court to make an immediate determination on the merits of the case.  Specifically, the Motion requires a preliminary determination regarding whether the Bank Hapoalim Defendants redeemed any funds from the Fairfield Funds and whether they made any subsequent transfers of those funds.  However, the Court may not make this merits determination before resolving whether jurisdiction is appropriate.  See Sinochem Int'l Co., 549 U.S. at 431.

8

Even on the face of the complaints against the Bank Hapoalim Defendants, Plaintiff has failed to allege a viable basis for this Court to exercise personal jurisdiction over the Bank Hapoalim Defendants in New York. Accordingly, the Bank Hapoalim Defendants, through counsel, made several good faith attempts to contact counsel for Plaintiff and Citco to obtain copies of the subscription agreements that allegedly provide the basis for Plaintiff's claim that the Bank Hapoalim Defendants submitted to personal jurisdiction in New York. (See Balber Decl. ¶¶ 5-8.) In response, Plaintiff's counsel refused to provide their supposed evidence, explaining that the Bank Hapoalim Defendants' pre-answer request for limited jurisdictional discovery had no legal basis. (See id.) Yet now, more than a year after the Bank Hapoalim Defendants first attempted to resolve any personal jurisdiction issues, Plaintiff suddenly believes that he should be awarded pre-answer discovery on merits-based, non-threshold jurisdictional issues from parties the Court has no jurisdiction over. More likely than not, neither Plaintiff nor Citco would provide the Bank Hapoalim Defendants with these agreements because they simply do not exist.

The Bank Hapoalim Defendants, therefore, will move to dismiss the complaints pursuant to Fed. R. Civ. P. 12(b)(2), asserting that the grounds for personal jurisdiction asserted by the liquidators in the complaints are deficient because the Bank Hapoalim Defendants (i) never entered into a subscription agreement with any of the Fairfield Funds; (ii) never authorized Citco to enter into any such subscription agreements on behalf of the Bank Hapoalim Defendants; (iii) are unaware that any such subscription agreements exist; and (iv) never executed any agreements in which they consented to personal jurisdiction in New York. (See Balber Decl. ¶ 9.) Moreover, the Bank Hapoalim Defendants' motion to dismiss will further establish that

9

"No Treaty CL Taviv" and "Peilim" are not cognizable legal entities or bank accounts and, as such, no action may be maintained against them. (See id. ¶ 10.)

The Bank Hapoalim Defendants additionally join, adopt, and incorporate by reference the Opposition of Cleary Gottlieb Steen & Hamilton LLP, filed on behalf of the HSBC Defendants (the "Cleary HSBC Opposition") on June 8, 2012 in Adv. Pro. Nos. 10-3619 (BRL), et al., and for the reasons stated in sections III.A and B of the Cleary HSBC Opposition, further opposes the Motion on the basis that the relief sought therein may not be granted before threshold questions of the Court's personal jurisdiction over the Bank Hapoalim Defendants have been addressed.

## II. The Court Should Not Grant Expedited Discovery Before Determining the Threshold Issue of Sufficiency of Service of Process

The Court should further reject the Plaintiff's motion as premature because questions regarding Plaintiff's service of process have not yet been addressed. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. N.Y. 2006) (internal quotations and citation omitted).

Plaintiff claims to have provided sufficient service of process on the Bank Hapoalim Defendants by sending a copy of the complaints via international registered mail. (See, e.g., Balber Aff. Exs. A, B, C ¶ 4). However, even on the face of the complaints, Plaintiff has failed to allege any plausible grounds demonstrating that alternative service is appropriate in this action. Despite commencing the filing of these actions almost two years ago, to the best of the Bank Hapoalim Defendants' knowledge, Plaintiff has still not attempted to perfect service by complying with the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). (See Balber Decl. ¶ 4.) Accordingly, the Bank Hapoalim Defendants plan to file a motion to dismiss

10

the complaints pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds that (i) no subscription agreement exists establishing that the Bank Hapoalim Defendants consented to alternative service of process; and (ii) Plaintiff's attempt to serve by mail does not constitute valid service of process under applicable foreign law and, accordingly, is not enforceable by a New York court. (See Balber Decl. ¶ 4.)

In addition, for the reasons stated in section III.C of the Cleary HSBC Opposition and its attached Declaration of Professor Nicolas Jeandin, the Bank Hapoalim Defendants further opposes the Motion on the basis that the relief sought therein may not be granted before threshold questions regarding the sufficiency of service of process have been addressed.

## III. Plaintiff Fails to Demonstrate that Expedited Discovery is Reasonable or Any Evidence of His Likelihood of Success on the Merits

In addition, Plaintiff's motion fails to establish that expedited discovery is appropriate under either of the two tests used by New York courts when evaluating requests for expedited discovery. The first is a "'reasonableness standard' which 'requires the party seeking the discovery to prove that the requests are reasonable under the circumstances.'" KWG Partners, LLC v. Sigel, No. 11-CV-2890, 2011 U.S. Dist. LEXIS 75900, at *3 (E.D.N.Y. July 14, 2011) (citation omitted). The second is a test set out in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982). Under Notaro, a party seeking expedited discovery must show:

> (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted.

Id. at 405; See Litwin v. OceanFreight, Inc., No. 11-7218, 2011 U.S. Dist. LEXIS 127362, at *44-45 (S.D.N.Y. Nov. 2, 2011) (denying expedited discovery after conducting analysis under

11

both Notaro test and reasonableness standard); KWG Partners, LLC, 2011 U.S. Dist. LEXIS 75900, at *3-4 (same).

The Motion should be denied under either standard.  First, the request should be rejected under the Notaro test, as Plaintiff's Motion has failed to provide *any* evidence of a likelihood of success on the merits.  Second, the request is unreasonable under the circumstances.  As stated above, Plaintiff rebuffed the Bank Hapoalim Defendants' May 2011 attempts to immediately address the personal jurisdictional issues that were apparent on the face of the complaints.  Now over one year later, with questions regarding personal jurisdiction still unresolved, Plaintiff hypocritically seeks expedited discovery after claiming that the Bank Hapoalim Defendants had "no legal right to obtain" the pre-answer discovery they requested.  (Balber Decl. Ex. F.)  In addition, Plaintiff has still not attempted to perfect service by complying with the Hague Convention.  (See id. ¶ 4.)  Moreover, Plaintiff's request for disclosure is unreasonable even as compared to the Trustee's similar request, which sought the less legally problematic alternative relief of providing notice of the Trustee's lawsuits to customers and former customers.

Furthermore, Plaintiff's demand for the Bank Hapoalim Defendants to disclose the requested information within 10 days after the entry of an order, while threshold jurisdictional questions remain unresolved, is unreasonably burdensome.  Plaintiff's request will require the Bank Hapoalim Defendants to review records and other information that are not readily accessible, including data from possibly tens of thousands of customers and former customers spanning multiple years.  This exercise will likely take weeks if not months to complete.  Plaintiff, however, is seeking relief on an expedited basis due to nothing more than his own decision to wait until a deadline he has known about for at least a year.  (See Pl. Mem. ¶¶ 20-24.)  The Bank Hapoalim Defendants should not be penalized for Plaintiff's conscious inaction.

12

**IV.    The Bank Hapoalim Defendants Join, Adopt, and Incorporate by
Reference the Arguments Made in the Opposition Memoranda Filed
on Behalf of Defendants in Adversary Proceedings that have been
<u>Administratively Consolidated under Adv. Pro. No. 10-03496 (BRL)</u>**

**A.    <u>The Bankruptcy Rules Do Not Authorize the Relief Sought</u>**

The Bank Hapoalim Defendants additionally join, adopt, and incorporate by reference the Opposition of Cravath, Swaine & Moore LLP (the "Cravath Opposition"), filed on June 8, 2012 in Adv. Pro. No. 10-03509 (BRL), and for the reasons stated in section IV of the Cravath Opposition, further opposes the Motion on the basis that the Federal and Bankruptcy Rules, including Fed. R. Civ. P. 26(a)(1)(A)(i) (made applicable by Fed. R. Bankr. P. 7026), do not authorize the relief sought in Plaintiff's Motion.

**B.    <u>The Circumstances Giving Rise to the Stay
Have Not Changed to Warrant Lifting It</u>**

The Bank Hapoalim Defendants join, adopt, and incorporate by reference in the Opposition of King & Spalding (the "King & Spalding Opposition"), filed on June 8, 2012 in Adv. Pro. No. 11-01486 (BRL), and for the reasons stated in section I of the King & Spalding Opposition, oppose the Motion on the basis that the circumstances giving rise to the litigation stay have not changed to warrant lifting the stay.

**C.    <u>The Court Should Consider Abstention
Before Considering the Motion</u>**

For the reasons stated in section I of the King & Spalding Opposition, and section II of the Cleary HSBC Opposition, the Bank Hapoalim Defendants oppose the Motion on the basis that the District Court has instructed the Court to consider abstention in favor of proceedings in the New York State Courts before it reaches other issues such as the relief sought in the Motion.

### D. Foreign Financial Privacy Laws Prohibit Disclosure of Defendant's Customer Information

For the reasons stated in section IV of the Cleary HSBC Opposition and its attached Declarations of Professor Luc Thévenoz and Alain Macaluso, the Bank Hapoalim Defendants oppose the Motion on the basis that applicable Swiss law does not permit Bank Hapoalim Switzerland Ltd. to provide the requested disclosure. Bank Hapoalim Switzerland Ltd. is subject to Swiss financial privacy laws, which prohibit the disclosure of customer information and which clearly prohibit the disclosure of the identities of account holders and beneficial owners. (See Thévenoz Decl. ¶ 9; Macaluso Decl. ¶¶ 25-27.) These laws are criminal laws, punishable by imprisonment of the individual officers or employees who violate them. (Thévenoz Decl. ¶ 10; Macaluso Decl. ¶ 12(b).) Therefore, it would be improper for the Court to enter an order that would require Bank Hapoalim Switzerland Ltd. to violate the criminal laws of its home country.

For the reasons stated in section IV of the Cleary HSBC Opposition and its attached Declaration of Professor André Prum; and section II of the Opposition of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Caceis Opposition") and its attached Declaration of Professor Pierre Henri Conac, filed on behalf of Caceis Bank Defendants on June 8 2012 in Adv. Pro. Nos. 10-03754 (BRL), et al., the Bank Hapoalim Defendants oppose the Motion on the basis that applicable Luxembourg law does not permit Bank Hapoalim (Suisse) Ltd. to provide the requested disclosure. Bank Hapoalim (Suisse) Ltd. is subject to Luxembourg financial privacy laws, which prohibit the disclosure of customer information and which clearly prohibit the disclosure of the identities of account holders and beneficial owners. (See Prum Decl. ¶¶ 9-23; Conac Decl. ¶¶ 9-10.) These laws are criminal laws, punishable by imprisonment of the individual officers or employees who violate them. (Prum Decl. ¶¶ 24, 28; Conac Decl. ¶ 11.)

Therefore, it would be improper for the Court to enter an order that would require Bank Hapoalim (Suisse) Ltd. to violate the criminal laws of its home country.

The Bank Hapoalim Defendants join, adopt, and incorporate by reference in the Opposition of Arnold & Porter LLP (the "Arnold & Porter Opposition") and its attached Declaration of Nissim Madjar, filed June 8, 2012 in Adv. Pro. No. 11-01610 (BRL), and for the reasons stated in section I of the Arnold & Porter Opposition, oppose the Motion on the basis that applicable Israeli law does not permit disclosure of the requested information. Therefore, it would be improper for the Court to enter an order that would require a defendant to violate the criminal laws of its home country.

### E. The Court Lacks Subject Matter Jurisdiction

For the reasons stated in section II of the Cleary HSBC Opposition, the Bank Hapoalim Defendants oppose the Motion on the basis that this Court lacks subject matter jurisdiction to order the requested disclosures.

### CONCLUSION

For the foregoing reasons, the Bank Hapoalim Defendants respectfully request that the court deny Plaintiff's Motion Seeking Limited Relief From Order Staying Redeemer Actions and Entry of an Order Directing Defendant to Make Expedited Initial Disclosures on Beneficial Holders and Authorizing Amendment to Complaints in Redeemer Actions.

Dated: New York, New York
       June 8, 2012

                CHADBOURNE & PARKE LLP

          By  /s/ Scott S. Balber
              Scott S. Balber
              Benjamin D. Bleiberg
              30 Rockefeller Plaza
              New York, NY  10112
              (212) 408-5100
              (646) 710-5466

              *Attorneys for Defendants Bank Hapoalim Switzerland Ltd.; Bank Hapoalim (Suisse) Ltd.; FS/BK Hapoalim/B M Tel Aviv; No Treaty CL Taviv; Peilim; and Bank Hapoalim BM, London*