**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>    Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (BRL)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>                      Plaintiffs,<br><br>    -against-<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>                     Defendants. | Adv. Pro. No. 10-03496 (BRL)<br><br>Administratively Consolidated |
| This notice is submitted in the following Adversary Proceedings:<br><br>10-03510 (BRL)<br><br>10-03635 (BRL)<br><br>10-03636 (BRL)<br><br>11-01467 (BRL)<br><br>12-01144 (BRL) | |

**DECLARATION OF SCOTT S. BALBER IN SUPPORT OF OPPOSITION TO THE FOREIGN REPRESENTATIVE'S MOTION SEEKING LIMITED RELIEF FROM ORDER STAYING REDEEMER ACTIONS AND ENTRY OF AN ORDER DIRECTING DEFENDANT TO MAKE EXPEDITED INITIAL DISCLOSURES ON BENEFICIAL HOLDERS AND AUTHORIZING AMENDMENT TO COMPLAINTS IN REDEEMER ACTIONS**

SCOTT S. BALBER hereby declares as follows:

1.　　I am a member of the law firm of Chadbourne & Parke LLP, counsel to defendants Bank Hapoalim Switzerland Ltd. (Adv. Pro. Nos. 10-03635 and 10-03636); Bank Hapoalim (Suisse) Ltd. (Adv. Pro. No. 10-03510); FS/BK Hapoalim/B M Tel Aviv, No Treaty CL Taviv, and Peilim (Adv. Pro. No. 11-01467); and Bank Hapoalim BM, London (Adv. Pro. No. 12-01144) (collectively, the "Bank Hapoalim Defendants"). I am fully familiar with the facts set forth herein. I make this declaration in support of the Bank Hapoalim Defendants' opposition to the motion filed on May 25, 2012 in the above-captioned Adversary Proceedings by Kenneth Krys, the liquidator and Foreign Representative (the "Plaintiff") of Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited, and Fairfield Lambda Limited (together, the "Fairfield Funds"), seeking limited relief from the order staying the redeemer actions and requesting the entry of an order directing the Bank Hapoalim Defendants to make expedited initial disclosures (the "Motion").

2.　　A true and correct copy of the Affidavit of Service of Christopher Michael Lau Kamg dated February 18, 2011 is attached hereto as Exhibit A.

3.　　A true and correct copy of the Affidavit of Service of Christopher Michael Lau Kamg dated April 15, 2011 is attached hereto as Exhibit B.

4.　　A true and correct copy of the Affidavit of Service of Christopher Michael Lau Kamg dated June 17, 2011 is attached hereto as Exhibit C. To the best of my knowledge, Plaintiff has still not attempted to perfect service by complying with the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

5. Plaintiff does not attach to the complaints and refuses to produce copies of the subscription agreements they claim bind the Bank Hapoalim Defendants to personal jurisdiction in New York. On May 9, 2011, I sent a letter to David J. Molton of Brown Rudnick LLP, counsel for Plaintiffs, requesting a copy of the alleged subscription agreements. A true and correct copy of the May 9, 2011 letter is attached hereto as Exhibit D.

6. On May 16, 2011, I reiterated my request verbally to Kerry Quinn, Mr. Molton's colleague who represented that Plaintiffs were in possession of one or more agreements pursuant to which the Bank Hapoalim Defendants consented to personal jurisdiction in New York. Ms. Quinn, however, refused to provide a copy of any such agreement. On May 17, 2011, I sent Ms. Quinn a letter memorializing our May 16, 2011 conversation. A true and correct copy of the May 17, 2011 letter is attached hereto as Exhibit E.

7. In a letter dated May 18, 2011, counsel for Plaintiff once more flatly refused to produce the alleged subscription agreements. A true and correct copy of the May 18, 2011 letter is attached hereto as Exhibit F.

8. Counsel to Citco Bank Nederland N.V. Dublin Branch and Citco Global Custody N.V. (together, "Citco") have also rejected my request for the production of the purported subscription agreements. On May 27, 2011, I sent a letter to Citco's Legal Department, requesting copies of any of the relevant agreements. To date, I have received no response to this request. A true and correct copy of the May 27, 2011 letter is attached hereto as Exhibit G.

9. When appropriate, the Bank Hapoalim Defendants will move to dismiss the complaints, asserting that the grounds for personal jurisdiction and the basis for service of process asserted by the liquidators in the complaints are deficient; namely, that the Bank Hapoalim Defendants (i) never entered into a subscription agreement with any of the Fairfield

3

Funds; (ii) never authorized Citco to enter into any such subscription agreements on behalf of the Bank Hapoalim Defendants; (iii) are unaware that any such subscription agreements exist; (iv) never executed any agreements in which they consented to personal jurisdiction in New York; (v) never consented to alternative service of process, and (vi) that the alternative service of process is contrary to applicable foreign law and unenforceable.

10. Moreover, the Bank Hapoalim Defendants' motion to dismiss will further establish that "No Treaty CL Taviv" and "Peilim" are not cognizable legal entities or bank accounts and, as such, no action may be maintained against them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: June 8, 2012
New York, New York

/s/ Scott S. Balber
Scott S. Balber