# EXHIBIT D

# CHADBOURNE
## & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**Scott S. Balber**
direct tel (212) 408-5466
sbalber@chadbourne.com

May 9, 2011

**VIA E-MAIL AND REGULAR MAIL**

David J. Molton, Esq.
Brown Rudnick LLP
Seven Times Square
New York, New York 10036

> Re: *In re Fairfield Sentry Limited, et al.*, Chapter 15 Case No. 10-13164 (BRL);
>
> *Fairfield Sentry Limited, et al. v. Bank Hapoalim (Suisse) Ltd., et al.*,
> Adv. Pro. No. 10-03510 (BRL);
>
> *Fairfield Sentry Limited, et al. v. ABN AMRO Schweiz AG, et al.*,
> Adv. Pro. No. 10-03635 (BRL);
>
> *Fairfield Sentry Limited, et al. v. ABN AMRO Schweiz AG, et al.*,
> Adv. Pro. No. 10-03636 (BRL);
>
> *Fairfield Sentry Limited, et al. v. FS/BK Hapoalim/B M Tel Aviv, et al.*,
> Adv. Pro. No. 11-01467 (BRL)

Dear Mr. Molton:

    We represent Bank Hapoalim B.M., Bank Hapoalim (Switzerland) Ltd., and Peilim Portfolio Management Ltd. (collectively, the "Hapoalim Defendants") in connection with the above-referenced matters.

    Plaintiffs in the above-referenced adversary proceedings ("Plaintiffs") have alleged that each of the Hapoalim Defendants executed, or somehow are otherwise bound by, subscription agreements with certain or all of the Funds (as defined in the complaints referenced herein) and that those subscription agreements serve as the basis for the exercise of personal jurisdiction over the Hapoalim Defendants in New York and have permitted Plaintiffs to rely on alternative methods of service of process. *See, e.g.*, First Amended Complaint, dated December 23, 2010, filed in *Fairfield Sentry Limited, et al. v. Bank Hapoalim (Suisse) Ltd., et al.*, Adv. Pro. No. 10-03510 (BRL), at ¶¶ 18-20; Corrected First Amended Complaint, dated January 28, 2011, filed in *Fairfield Sentry Limited, et al. v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-03636 (BRL), at ¶¶ 19-21.

    The Hapoalim Defendants do not have copies, and have no record, of executing any such subscription agreements or otherwise agreeing to be bound by them. We do not believe that any such executed subscription agreements exist. As we intend to move to dismiss the complaints for lack of personal jurisdiction and improper service, we hereby demand that you



CHADBOURNE
    & PARKE LLP

David J. Molton, Esq.                              -2-                              May 9, 2011

immediately provide copies of the subscription agreements that you relied upon in making your allegations of personal jurisdiction against the Hapoalim Defendants in the various complaints, in accordance with your obligations under Rule 11 of the Federal Rules of Civil Procedure.

    We trust that providing us with the requested documents, which are specifically referenced within the various complaints, will cause Plaintiffs no undue burden. To the contrary, if these documents do exist, we will be able to narrow the scope of our anticipated motions to dismiss and spare both the Court and the parties unnecessary burden and expense.

    The Hapoalim Defendants reserve all rights with respect to these proceedings.

Very truly yours,

Scott S. Balber