# Exhibit C

Supplement No. 5 published with Gazette No. 14 of 7th July, 2009.

# CONFIDENTIAL RELATIONSHIPS (PRESERVATION) LAW

## (2009 Revision)

Consolidated with Laws 26 of 1979 and 22 of 1993.

Revised under the authority of the Law Revision Law (1999 Revision).

Originally enacted-

Law 16 of 1976-8th September, 1976
Law 26 of 1979-6th September, 1979
Law 22 of 1993-24th September, 1993.

Consolidated and revised this 16th day of June, 2009.

*Notes:*

1. *This revision replaces the 1995 Revision which should now be discarded.*
2. ***See notes A and B on page 9.***

2

**CONFIDENTIAL RELATIONSHIPS (PRESERVATION) LAW**

**(2009 Revision)**

**ARRANGEMENT OF SECTIONS**

1. Short title
2. Definitions
3. Application and scope
4. Directions regarding the giving in evidence of confidential information
5. Offences and penalties
6. Regulations
7. Attorney-General's *fiat*

4

10-03635-jpm Doc 116-3 Filed 06/08/12 Entered 06/08/12 16:37:55 Exhibit C Pg 6 of 13

# CONFIDENTIAL RELATIONSHIPS (PRESERVATION) LAW

## (2009 Revision)

1. This Law may be cited as the Confidential Relationships (Preservation) Law (2009 Revision).

Short title

2. In this Law -

Definitions

"Authority" means the Cayman Islands Monetary Authority established under section 3(1) of the Monetary Authority Law (2008 Revision) and includes any employee of the Authority acting under the Authority's authorisation.

2008 Revision

"bank", "licensee" and "trust company" have the meanings ascribed to them in the Banks and Trust Companies Law (2009 Revision);

2009 Revision

"business of a professional nature" includes the relationship between a professional person and a principal, however the latter may be described;

"confidential information" includes information concerning any property which the recipient thereof is not, otherwise than in the normal course of business, authorised by the principal to divulge;

"criminal" in relation to an offence means an offence contrary to the criminal law of the Islands;

"Governor" means the Governor in Cabinet;

"normal course of business" means the ordinary and necessary routine involved in the efficient carrying out of the instructions of a principal including compliance with such laws and legal process as arises out of and in connection therewith and the routine exchange of information between licensees;

"principal" means a person who has imparted to another confidential information in the course of the transaction of business of a professional nature;

"professional person" includes a public or government official, a bank, trust company, an attorney-at-law, an accountant, an estate agent, an insurer, a broker and every kind of commercial agent and adviser whether or not answering to the above descriptions and whether or not licensed or authorised to act in that capacity and every person subordinate to or in the employ or control of such person for the purpose of his professional activities; and

"property" includes every present, contingent and future interest or claim direct or indirect, legal or equitable, positive or negative, in any money, moneys worth, realty or personalty, movable or immovable, rights and securities thereover and all documents and things evidencing or relating thereto.

Application and scope
**See note A on page 9.*

*3. (1) Subject to subsection (2), this Law has application to all confidential information with respect to business of a professional nature which arises in or is brought into the Islands and to all persons coming into possession of such information at any time thereafter whether they be within the jurisdiction or thereout.

(2) This Law has no application to the seeking, divulging or obtaining of confidential information-

(a) in compliance with the directions of the Grand Court under section 4;

(b) by or to-

(i) any professional person acting in the normal course of business or with the consent, express or implied, of the relevant principal;

(ii) a constable of the rank of Inspector or above investigating an offence committed or alleged to have been committed within the jurisdiction;

(iii) a constable of the rank of Inspector or above, specifically authorised by the Governor in that behalf, investigating an offence committed or alleged to have been committed outside the Islands which offence, if committed in the Islands, would be an offence against its laws;

(iv) the Financial Secretary, the Authority or, in relation to particular information specified by the Governor, such other person as the Governor may authorise;

(v) a bank in any proceedings, cause or matter when and to the extent to which it is reasonably necessary for the protection of the bank's interest, either as against its customers or as against third parties in respect of transactions of the bank for, or with, its customer; or

(vi) the relevant professional person with the approval of the Financial Secretary when necessary for the protection of himself or any other person against crime; or

(c) in accordance with this or any other law.

Directions regarding the giving in evidence of confidential information
**See note B on page 9.*

*4. (1) Whenever a person intends or is required to give in evidence in, or in connection with, any proceeding being tried, inquired into or determined by any court, tribunal or other authority (whether within or without the Islands) any confidential information within the meaning of this Law, he shall before so doing apply for directions and any adjournment necessary for that purpose may be granted.

(2) Application for directions under subsection (1) shall be made to, and be heard and determined by, a Judge of the Grand Court sitting alone and *in camera.* At least seven days' notice of any such application shall be given to the Attorney-General and, if the Judge so orders, to any person in the Islands who is a party to the proceedings in question. The Attorney-General may appear as *amicus curiae* at the hearing of any such application and any party on whom notice has been served as aforesaid shall be entitled to be heard thereon, either personally or by counsel.

(3) Upon hearing an application under subsection (2), a Judge shall direct-

    (a) that the evidence be given;

    (b) that the evidence shall not be given; or

    (c) that the evidence be given subject to conditions which he may specify whereby the confidentiality of the information is safeguarded.

(4) In order to safeguard the confidentiality of a statement, answer or testimony ordered to be given under subsection (3) (c), a Judge may order-

    (a) divulgence of the statement, answer or testimony to be restricted to certain named persons;

    (b) evidence to be taken *in camera*; and

    (c) reference to the names, addresses and descriptions of any particular persons to be by alphabetical letters, numbers or symbols representing such persons the key to which shall be restricted to persons named by him.

(5) Every person receiving confidential information by operation of subsection (2) is as fully bound by this Law as if such information had been entrusted to him in confidence by a principal.

(6) In considering what order to make under this section, a Judge shall have regard to-

    (a) whether such order would operate as a denial of the rights of any person in the enforcement of a just claim;

    (b) any offer of compensation or indemnity made to any person desiring to enforce a claim by any person having an interest in the preservation of secrecy under this Law; and

    (c) in any criminal case, the requirements of the interests of justice.

(7) In this section -

"court" bears the meaning ascribed to it in section 2 of the Evidence Law (2007 Revision);    2007 Revision

"given in evidence" and its cognates means make a statement, answer an interrogatory or testify during or for the purposes of any proceeding; and

"proceeding" means any court proceeding, civil or criminal and includes a preliminary or interlocutory matter leading to or arising out of a proceeding.

Offences and penalties

5. (1) Subject to section 3(2), whoever-

(a) being in possession of confidential information however obtained-

(i) divulges it; or

(ii) attempts, offers or threatens to divulge it; or

(b) wilfully obtains or attempts to obtain confidential information,

is guilty of an offence and liable on summary conviction to a fine of five thousand dollars and to imprisonment for two years.

(2) Whoever commits an offence under subsection (1) and receives or solicits on behalf of himself or another any reward for so doing is liable to double the penalty therein prescribed and to a further fine equal to the reward received and also to forfeiture of the reward.

(3) Whoever, being in possession of confidential information, clandestinely, or without the consent of the principal, makes use thereof for the benefit of himself or another, is guilty of an offence and liable on summary conviction to the penalty prescribed in subsection (2), and for that purpose any profit accruing to any person out of any relevant transaction shall be regarded as a reward.

(4) Whoever being a professional person, entrusted as such with confidential information, the subject of the offence, commits an offence under subsection (1), (2) or (3) is liable to double the penalty therein prescribed.

(5) For the removal of doubt it is declared that, subject to section 3(2), a bank which gives a credit reference in respect of a customer without first receiving the authorisation of that customer is guilty of an offence under subsections (1) and (4).

Regulations

6. The Governor may make regulations for the administration of this Law.

Attorney-General's fiat

7. No prosecution shall be instituted under this Law without the consent of the Attorney-General.

Publication in consolidated and revised form authorised by the Governor in Cabinet this 16th day of June, 2009.

Carmena Watler
Clerk of Cabinet

***Notes-A:*** ***See section 18 of the Tax Information Authority Law (2009 Revision) which deals with the protection, in certain circumstances, of persons disclosing confidential information under that law.***

***B:*** ***Section 19 of the Tax Information Authority Law (2009 Revision) deems that section 4 of this Revised Law shall not apply to confidential information given by any person in conformity with a request under that law.***

10

11

(Price $ 2.40)