# **EXHIBIT C**



THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION
Claim No. BVIHC (COM) 30/2010



B E T W E E N :-

  (1) CREDIT SUISSE LONDON NOMINEES LIMITED
  (2) BUCKMORE NOMINEES LIMITED

Applicants/7th and 25th Defendants

- and -

FAIRFIELD SENTRY LIMITED (in Liquidation)

Respondent/Claimant

---

### NOTICE OF APPLICATION
### CPR 26.1 (2)(e)

---

The Applicants (1) Credit Suisse London Nominees Limited (the 7th Defendant) and (2) Buckmore Nominees Limited (the 25th Defendant) both of 5 Cabot Square, London E14 4QR, United Kingdom, apply to the Court for the following relief, namely:-

(i) a direction pursuant to CPR Part 26.1 (2)(e) that there be a trial of the preliminary issues identified in paragraph 1 of the draft order attached hereto ("**the Preliminary Issues**"); and

(ii) an order that all the parties to this action and to action numbers (a) BVIH COM 336/2009, (b) BVIH COM 357/2009, (c) BVIH COM 405/2009, (d) BVIH COM 425/2009, (e) BVIH COM 5/2010 and (f) BVIH COM 15/2010 ("**the Actions**") be bound by the Court's decision on the trial of the Preliminary Issues; and

(iii) that directions be given for the trial of the Preliminary Issues.

A draft of the Order sought by the Applicants is attached.

The grounds of the application, which are more fully set out in the first witness statement of Ben Mays dated 2 February 2011 made in support of this application, are that the trial of the Preliminary Issues will further the Overriding Objective in that, if the Applicants are successful on the trial of the Preliminary Issues, the Claimant's claims in each of the Actions will fail in their entirety, there will be no need for a full trial of the Actions, considerable expense will therefore be saved (in furtherance of CPR Part 1.1(2)(b)), and the Court will have dealt with the Actions expeditiously (in furtherance of CPR Part 1.1(2)(d)). In any event, the trial of the Preliminary Issues will further CPR Part 1.1(2)(c) because a trial of the Preliminary Issues is, in all the circumstances, proportionate and, in accordance with CPR Part 25.1(b), the likely benefits of a trial of the Preliminary Issues will justify the cost of the trial of the Preliminary Issues. The Court's determination of the Preliminary Issues should be binding on all of the parties to the Actions so as to avoid a multiplicity of trials on the same issue.

DATED this 2nd day of February 2011.

*[signature]*

Arabella di Iorio
Maples and Calder
Sea Meadow House
P O Box 173
Road Town
Tortola VG1110
British Virgin Islands
Legal Practitioners for the Applicants/7th and 25th Defendants

**NOTICE**

This Application will be heard by the Commercial Court on Monday, the 18th day of April 2011 at 10:00 a.m. at the sitting of the Court with a time estimate of half day

**IF YOU DO NOT ATTEND THIS HEARING AN ORDER MAY BE MADE IN YOUR ABSENCE**

The Court Offices are at: Main Street, Road Town, Tortola, British Virgin Islands Telephone number 1 284-494-3492 Fax number 1 284-494-6664. The office is open between 8:30 a.m. and 4:30 p.m. Monday to Friday except public holidays.

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

Claim No. BVIHC (COM) 30/2010

B E T W E E N :-

    (1)    CREDIT SUISSE LONDON NOMINEES LIMITED
    (2)    BUCKMORE NOMINEES LIMITED

                                            Applicants/7th and 25th Defendants

- and -

FAIRFIELD SENTRY LIMITED (in Liquidation)

                                             Respondent/Claimant

---

Draft O R D E R

---

UPON the application by the 7th and 25th Defendants dated 2nd February 2011

UPON hearing Counsel for the 7th and 25th Defendants and for the Claimant

AND UPON reading the Witness Statement of Ben Mays and the other documents recorded on the Court file as having been read

IT IS ORDERED:-

1    That there be a trial of the following preliminary issues between the Claimant and the 7th and 25th Defendants ("**the Preliminary Issues**"):-

(1) Whether any certificates within the meaning of Article 11(1) of the Claimant's Articles of Association ("**the Articles**") were given by or on behalf of the Claimant's Directors in connection with the 7th and 25th Defendants' subscription for and redemption of shares in the Claimant ("**the Shares**").

(2) Whether Article 11(1) of the Articles provides the 7th and 25th Defendants with a complete defence to the claims brought by the Clamant in this action based on contractual allocation of risk and/or contractual estoppel.

(3) Whether the 7th and 25th Defendants, by surrendering the Shares, gave good consideration for the Claimant's payment of the Redemption Price thereof, and if so, whether this constitutes a complete defence to the claim.

2   All of the parties to this action and to action numbers 336/2009, 357/2009, 405/2009, 425/2009, 5/2010 and 15/2010 are to be bound by the Court's decision on the trial of the Preliminary Issues.

3   The following directions shall apply to the trial of the Preliminary Issues:-

(1) Standard disclosure is to be made by 25 March 2011, with inspection 7 days after notice.

(2) Signed statements of witnesses of fact are to be exchanged no later than 29 April 2011.

(3) Signed statements of witnesses of fact in reply are to be exchanged no later than 13 May 2011.

(4) The parties shall use their best endeavours to agree a statement of facts to be filed at court on or before 27 May 2011. In the event that agreement cannot be reached, the parties may file separate statements.

(5) Unless otherwise ordered, witness statements are to stand as the evidence in chief of the witness at trial. Unless the parties agree otherwise, witnesses of fact are to be tendered for cross-examination.

(6) The provisional estimated length of the trial is 3 - 4 days.

(7) Preparation of trial bundles to be completed in accordance with CPR Part 69.B.9.

(8) The trial of the Preliminary Issues is to be fixed through the usual channels and will be heard on the first convenient date after 13 June 2011.

(9) There is to be a Pre-Trial Review in accordance with CPR Part 69B.8 in the week commencing 30 May 2011, time estimate half a day.

(10) Skeleton arguments are to be exchanged no later than 7 days before the commencement of the trial of the Preliminary Issues.

(11) Permission to apply.

4  Costs in the trial of the Preliminary Issues.

BY ORDER OF THE COURT

_____
REGISTRAR

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION
Claim No. BVIHC (COM) 30/2010
B E T W E E N :-

(1)     CREDIT SUISSE LONDON NOMINEES LIMITED
(2)     BUCKMORE NOMINEES LIMITED

Applicants/7th and 25th Defendants

- and -

FAIRFIELD SENTRY LIMITED (in Liquidation)

Respondent/Claimant

---

Draft ORDER

---

Maples and Calder
Sea Meadow House
P O Box 173
Road Town
Tortola VG1110
British Virgin Islands
Tel: +1 284 852 3000
Fax: +1 284 852 3097
Legal Practitioners for the Applicants/
7th and 25th Defendants

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION
Claim No. BVIHC (COM) 30/2010
B E T W E E N :-

(1)     CREDIT SUISSE LONDON NOMINEES LIMITED

(2)     BUCKMORE NOMINEES LIMITED

Applicants/7th and 25th Defendants

- and -

FAIRFIELD SENTRY LIMITED (in Liquidation)

Respondent/Claimant

---

**NOTICE OF APPLICATION**

CPR 26.1 (2)(e)

---

Maples and Calder
Sea Meadow House
P O Box 173
Road Town
Tortola VG1110
British Virgin Islands
Tel: +1 284 852 3000
Fax: +1 284 852 3097
Legal Practitioners for the Applicants/
7th and 25th Defendants