# EXHIBIT D

THE EASTERN CARIBBEAN SUPREME COURT

VIRGIN ISLANDS

IN THE COURT OF APPEAL

BETWEEN:

Civil Appeal No:   14 of 2011



FAIRFIELD SENTRY LIMITED (in Liquidation)

                             Appellant

-and-

ALFREDO MIGANI & 22 Others

                             Respondents

Civil Appeal No:   15 of 2011

FAIRFIELD SENTRY LIMITED (in Liquidation)

                             Appellant

-and-

BANCO GENERAL SA/BANCA PRIVADA & 30 Others

                             Respondents

Civil Appeal No:   16 of 2011

FAIRFIELD SENTRY LIMITED (in Liquidation)

                             Appellants

-and-

BANK JULIUS BAER & CO LTD & 26 Others

                             Respondents

Civil Appeal No: 17 of 2011

FAIRFIELD SENTRY LIMITED (in Liquidation)

Appellant

-and-

BANK JULIUS BAER & CO LIMITED & 26 Others

Respondents

Civil Appeal No: 18 of 2011

FAIRFIELD SENTRY LIMITED (in Liquidation)

Appellant

-and-

ARBITRAL FINANCE INC & 23 Others

Respondents

Civil Appeal No: 19 of 2011

FAIRFIELD SENTRY LIMITED (in Liquidation)

Appellant

-and-

BANK JULIUS BAER & CO LTD & 33 Others

Respondents

Civil Appeal No: 20 of 2011

FAIRFIELD SENTRY LIMITED (in Liquidation)

Appellant

-and-

WISE GLOBAL FUND LIMITED

Respondents

15

Civil Appeal No: 21 of 2011

## FAIRFIELD SENTRY LIMITED (in Liquidation)

Appellant

-and-

## CREDIT SUISSE LONDON NOMINEES LIMITED

Respondents

## NOTICE OF APPEAL

TAKE NOTICE that the Appellant, Fairfield Sentry Limited (in liquidation) ("Sentry") (being the Respondent in the court below) HEREBY APPEALS to the Court of Appeal against the order and judgment of the Honourable Mr Justice Edward Bannister, Q.C., dated 20 April 2001, in commercial matters numbered: 357 of 2009; 404 of 2009; 425 of 2009; 5 of 2010; 15 of 2010; 30 of 2010; 153 of 2010; and 20 of 2011 (together the "Claims"). A copy of the judgment is appended to this Notice of Appeal. The order has not yet been settled.

1. **Parts of the order appealed:**

   The orders that:

   1.1 There be a determination of preliminary issues in respect of the Claims as set out at paragraph 23 of the judgment;

   1.2 There be no order for disclosure of any documents in respect of the preliminary issues hearing; and

   1.3 Sentry and its liquidators be refused permission to search and index the documents in their control for the purpose of finding documentary evidence relevant to the determination of the preliminary issues.

2. **Details of Findings of Fact that are challenged**

The Appellant does not seek to challenge any findings of fact.

3. **Details of Findings of Law that are challenged**

3.1   The Judge failed to have any or any sufficient regard to the proper criteria for the purpose of deciding whether the Claims were suitable for a determination of preliminary issues.

3.2   Despite ordering that Sentry have the right to challenge an adverse determination on the preliminary issues on the basis of facts not known to its liquidators at the time of the hearing, the Judge wrongly prevented Sentry from having any practical means to exercise that right by:

3.2.1   refusing to make any order for disclosure; and

3.2.2   refusing Sentry and its liquidators permission to search and index the documents in their control for the purpose of finding and disclosing documentary evidence relevant to the determination of the preliminary issues.

4. **Grounds of Appeal**

4.1 In deciding that the issues identified by the Respondents were suitable to be determined as preliminary issues, the Judge erred in failing to have regard to the fact that the preliminary issues are difficult points of law that need to be decided in their full factual context. This is demonstrated by the fact that the Judge afforded Sentry the right to challenge an adverse determination on the preliminary issues on the basis of facts not know to its liquidators at the time of the hearing.

4.2 The Judge erred in failing to appreciate that a hearing of preliminary issues should be ordered only in "clear and simple" cases. The Claims and, in particular the

17

preliminary issues, are both factually and legally complex and not appropriate for determination as preliminary issues.

4.3 Contrary to the Judge's view, the "binding NAV" point is not short and easily decided as it is common ground that there were no documents provided to the Respondents and other redeemers that were expressed to be certificates. It is likely that whichever way that preliminary issue were to be decided there would be an appeal to this Court and, most likely, an appeal to the Privy Council.

4.4 Contrary to the Judge's view, the alleged "good consideration" defence is likewise not an issue that is short and easily decided. There is no clear authority in point as to whether any consideration will suffice or whether the defence operates only *pro tanto* the value given. In the latter case, the issue is conclusive in neither direction, as any alleged value given will have to be ascertained as a matter of disputed fact. In any event it is likely that whichever way that preliminary issue were to be decided there would be an appeal to this Court and, most likely, an appeal to the Privy Council.

4.5 The Judge further erred in impliedly accepting in his judgment, that it does not matter whether the preliminary issues are appealed at the preliminary issues stage or after a trial on the full facts. An appeal from a hearing of preliminary issues will necessarily delay very considerably the trial of the totality of the Claims.

4.6 The Judge erred in refusing to order disclosure in that he failed to pay any or any sufficient regard to the fact that the preliminary issues raised points of law that needed to be decided in their full factual context as demonstrated by the direction he made at 23(3) of the Judgment in providing for a "open door" which allowed the Appellant to assert, on facts not known to the liquidators at the time of the hearing of preliminary issues in respect of particular defendants to the Claims, that, notwithstanding the determination of the preliminary issues in favour of the Respondents, that defendant remained liable to make restitution in the manner pleaded in the Claims. It is undesirable that legal issues be determined on the basis of unknown material facts which may be determinative.

18

4.7 Further, the Judge erred in refusing the Appellant and its liquidators permission to search and index the documents in their control for the purpose of finding and disclosing documentary evidence relevant to the determination of the preliminary issues.

4.8 Despite making provision he made at paragraph 23(3) of the judgment, the Judge erred in refusing the Appellant and its liquidators permission to search and index the documents under their control. The effect of this is to deprive Sentry of the ability to avail itself of the provision made at paragraph 23(3).

5. **Orders Sought**

5.1 That the order providing for a hearing of preliminary issues in respect of the Claims be set aside.

5.2 In the event that the order sought at 5.1 above is not granted, an order that standard disclosure be made and for directions to accommodate this.

5.3 Further or in the further alternative, that Sentry and its liquidators be permitted to search and index the documents in their control for the purpose of adducing documentary evidence relevant to the preliminary issues.

5.4 That the Respondents pay the Appellant's costs in this Court and the Court below.

6. **Specific Power that the Court is Being Asked to Exercise**

6.1 By a separate application, the Court is asked to stay the order below pending the outcome of this appeal.

19

6.2 The Court is further asked, pursuant to ECSC CPR 62.10 (5), to direct that the parties make oral submissions to the full court on the hearing of this appeal.

| Name | Address for Service |
|---|---|
| Fairfield Sentry Limited (in liquidation) | c/o Forbes Hare<br>Palm Grove House<br>P.O. Box 4649<br>Road Town<br>Tortola<br>British Virgin Islands |
| Bank Julius Baer & Co Ltd;<br>Caja de Ahorros y Monte de Piedad de Madrid;<br>Deutsche Bank (Suisse) SA;<br>Deutsche Bank Trust Company Americas;<br>ABN Amro Fund Services (Isle of Man);<br>Nominees Limited;<br>Lloyds TSB Bank Plc;<br>Martello Nominees Ltd;<br>Quilvest Finance Limited;<br>SNS Global Custody BV; and<br>Wise Global Fund Limited | c/o Harney Westwood & Riegels<br>Craigmuir Chambers<br>PO Box 71<br>Road Town, Tortola<br>British Virgin Islands VG1110 |
| Buckmore Nominees Limited; and<br>Credit Suisse London Nominees Ltd | c/o Maples & Calder<br>Sea Meadow House, PO Box 173<br>Road Town, Tortola<br>British Virgin Islands VG1110 |
| UBS (Cayman Islands) Ltd;<br>UBS (Cayman) Limited;<br>UBS (Luxembourg) SA; and<br>UBS AG New York | c/o O'Neal Webster<br>Simmonds Building,<br>30 DeCastro Street,<br>Road Town, Tortola,<br>British Virgin Islands VG1110 |

20

10-03635-jpm    Doc 145-4    Filed 10/26/16    Entered 10/26/16 10:48:58    Exhibit D -
Notice of Appeal Regarding Direction    Pg 9 of 9

21

EFG Bank SA;  
EFG Bank European Financial Group SA;  
Lombard Odier Darier Hentsch & Cie;  
Mirabaud & Cie;  
Pictet & Cie; and  
SG Private Banking (Suisse) SA  

c/o Ogier  
Qwomar Complex, 4th Floor  
PO Box 3170  
Road Town, Tortola  
British Virgin Islands VG1110  

Dated the      day of May 2011  

Signed      ....................................  
Robert Nader  
Forbes Hare  
Legal Practitioners for the Appellant  

The court office is at Road Town, Tortola, British Virgin Islands. Telephone number 284-468-0039, Fax: 284-494-6664. The office is open between 8:30am and 4:30pm Monday to Friday except public holidays.

The Legal Practitioners for the Appellants are:  
Forbes Hare, Palm Grove House, P.O. Box 4649, Road Town, Tortola, British Virgin Islands  
Tel: +1 (284) 494 1890 Fax: +1 (284) 494 131630