# EXHIBIT H

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

Claim No: BVIHC (COM) 357/2009
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
ALFREDO MIGANI & 22 Others

Claim No: BVIHC (COM) 404/2009
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
BANCO GENERAL SA/BANCA PRIVADA & 30 Others

Claim No: BVIHC (COM) 425/2009
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
BANK JULIUS BAER & CO LTD & 26 Others

Claim No. BVIHC (COM) 5/2010
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
BANK JULIUS BAER & CO LIMITED & 26 Others

Claim No. BVIHC (COM) 15/2010
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
ARBITRAL FINANCE INC & 23 Others

Claim No. BVIHC (COM) 30/2010
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
BANK JULIUS BAER & CO LTD & 33 Others

Claim No. BVIHC (COM) 153/2010
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
WISE GLOBAL FUND LIMITED

Claim No. BVIHC (COM) 20/11
FAIRFIELD SENTRY LIMITED (in Liquidation)
-and-
CREDIT SUISSE LONDON NOMINEES LIMITED

---

**SKELETON ARGUMENT ON BEHALF OF**
**FAIRFIELD SENTRY LIMITED**
**For hearing on 18 April 2011**

---

1. This skeleton argument is made on behalf of Fairfield Sentry Limited (in liquidation) ("Sentry") in opposition to the applications made by various Defendants in the above-mentioned actions for there to be a trial of certain preliminary issues arising in the proceedings and for directions to be given for such issues to be tried.

2. The proceedings in question are all claims brought by Sentry against redeemers seeking recovery of the redemption payments on the grounds that they were paid on the basis of a mistake as to Sentry's Net Asset Value ("NAV").

3. The Applicants have all applied for the following issues to be tried as preliminary issues:

    (a) Whether any certificates within the meaning of Articles 11(1) of Sentry's Memorandum and Articles of Association were given by or on behalf of Sentry's directors in connection with the Defendants' redemptions; and

    (b) Whether Article 11(1) provides a complete defence to the Claims on the basis of estoppel/contractual allocation of risk.

4. In addition, some Applicants apply for a preliminary issue to be tried as to whether, irrespective of the true NAV, the Defendants by surrendering their shares gave good consideration for Sentry's payment of redemption monies and whether or not this provides a complete defence to the Claims.

5. The grounds on which Sentry opposes the applications are set out in the 3rd Witness Statement of Kenneth Krys dated 8 April 2011 (CB/16).[1]

6. It is common ground that the issues referred to in paragraph 3 above (the "Binding NAV Issues") require disclosure to take place.

7. The Applicants contend that disclosure on the Binding NAV Issues will be limited as they rely on a small number of documents that they claim amount to certificates.

8. However, it is common ground that none of the documents in question are expressed to be certificates for the purposes of Article 11(1) or at all.

9. It therefore follows that the Binding NAV Issues cannot be properly determined on the basis of the documents disclosed by the Applicants, since there may well be documents in the control the Liquidators that could assist or harm any party's case.

10. For example, documents in the Liquidators' control might show that the question of certification was raised or considered with the result that certain documents were, or were not, treated as being certificates for the purposes of Article 11(1). There may be documents showing whether the Fund Administrator was, or was not, authorised by Sentry's board to certify the NAV for the purposes of Article 11(1).

---

[1] This Witness Statement was made in action 30/2010 but Mr Krys has made Witness Statements in *mutatis mutandis* the same terms in all the relevant actions.

3

11. The Liquidators have received more than 500,000 pages of documents from the Administrator, Citco Fund Services Europe BV ("Citco") and these would have to be reviewed to determine whether they were relevant to the Binding NAV Issues.

12. Moreover, the Liquidators have yet to obtain all of the documents held by Citco (through no fault of the Liquidators) and it is likely that the process of obtaining the remainder of the documents will take several months. Accordingly, the Liquidators are not yet in a position to ensure that they disclose all documents relevant to the Binding NAV Issues.

13. The issue identified in paragraph 4 above (the "Good Consideration Issue") is a point of law.

14. It is however, a difficult point of law point of law on which there is no clear authority (see, *Goff & Jones*, 7th Edition 41-001 – 41-003).

**Proper Approach to Preliminary Issues**

15. The Courts are particularly reluctant to order that matters be tried as preliminary issues where:

    (a) there is some substantial dispute as to the facts[2];

    (b) the questions of law at issue are not simple[3];

---

[2] *Allen v Gulf Oil Refining Ltd* [1981] AC 1001 per Lord Wilberforce at pp. 1010-1011; *Lonrho Plc v Fayed* [1992] 1 AC 448 per Lord Bridge at 470; *Nyembo v Refugee Appeals Tribunal and another* [2007] IESC 25
[3] *Tilling v Whiteman* [1980] AC 1 per Lord Wilberforce at 18; *Allen v Gulf Oil Refining Ltd* [1981] AC 1001 per Lord Wilberforce at pp. 1010-1011; *Lonrho Plc v Fayed* [1992] 1 AC 448 per Lord Bridge at 470

4

(c) the process is only likely to add the cost and length of legal proceedings[4]; and

(d) (related to (c)), where there is some likelihood of an appeal.

16. It cannot be known prior to disclosure whether there will be any factual dispute on the Binding NAV Issues but it is known that the Liquidators are not yet able to conduct a proper disclosure exercise (as they do not as yet have all the documentation possessed by Citco) and, on the basis of the documents that they already have, disclosure (albeit limited to the Binding NAV Issues) will be a very time consuming exercise.

17. As to the Good Consideration Issue, this is a difficult point of law and, particularly given the sums involved and the novelty of the point, there must be a significant prospect that whichever party were to lose on that issue would appeal.

**Directions**

18. The Liquidators' contention is that, until disclosure, inspection and (possibly) exchange of witness statements has taken place, it cannot confidently be determined that this is a suitable case for the determination of preliminary issues.

19. The fact that the Applicants are seeking disclosure on this application implicitly acknowledges that their application is premature.

---

[4] *Windsor Refrigerator Co Ltd v Branch Nominees Ltd* [1961] Ch 375 per Lord Evershed MR at 396; *Tilling v Whiteman* [1980] AC 1 per Lord Wilberforce at 18; *Customs and Excise Commissioners v Zoological Society of London* [1999] All ER (D) 778 per Lightman J.

5

20. Given that some of the defendants do not plead change of position as a defence, it may be possible after disclosure and exchange of witness statements to identify lead cases that raise all the other issues, and where the facts are not materially in dispute.

21. In any event, the suggestion of 9 working days for disclosure in this case is wholly unrealistic. The Liquidators suggest that an appropriate direction in this regard would be for disclosure to take place in, at minimum, 12 weeks (with liberty to apply).

MICHAEL GADD
WILLIAM HARE

Forbes Hare

14 April 2011