# **EXHIBIT K**

| | |
|---|---|
| IN THE JUDICIAL COMMITTEE OF THE PRIVY COUNCIL | JCPC 2012/0061 |
| ON APPEAL FROM THE EASTERN CARIBBEAN SUPREME COURT | 2013/0058 |
| COURT OF APPEAL, TERRITORY OF THE VIRGIN ISLANDS | 2013/0059 |
| | 2013/0060 |
| | 2013/0061 |

B E T W E E N:-

**FAIRFIELD SENTRY LIMITED**
**(in liquidation)**

Appellant/ Respondent

- and -

**QUILVEST FINANCE LIMITED**
**& OTHERS**

Respondents/ Appellants

_____

**SUBMISSIONS OF FAIRFIELD SENTRY LIMITED
IN RELATION TO THE PROPOSED DECLARATIONS**

_____

**INTRODUCTION**

1. These are the submissions of Fairfield Sentry Limited ("Sentry") in response to those of the PI Defendants dated 13 May as to the terms of the declarations to be made following the Board's judgment.

2. In summary, Sentry's position is as follows:

    2.1 In circumstances where the effect of the Board's judgment is clear, there is in fact no need for any declarations. The judgment speaks for itself.

    2.2 Alternatively, if the Board nonetheless considers it appropriate to make declarations, it is invited to make declarations in the form advanced by Sentry for the reasons set out below.

1

### NO DECLARATIONS

3. The judgment of the Board is clear and, in Sentry's submission, acts as a sufficient statement of the law without the need for formal declarations. The PI Defendants recognise as much in relation to at least Preliminary Issue 4, inviting the Board not to make any declaration in relation to that issue. The fact that there is no formal declaration of the lower courts in favour of the PI Defendants on Preliminary Issues 1-3 (those issues having been decided in favour of Sentry below) is not a reason to adopt a different course in relation to those issues. The Board's judgment is sufficiently clear for there to be no need of formal declarations.

### POINTS OF DISPUTE

4. If, contrary to Sentry's primary submission, the Board nonetheless considers it appropriate to make formal declarations, then, as indicated by the PI Defendants, the parties have agreed an appropriate form of declaration on Preliminary Issues 1 and 2, as set out in the draft annexed to the PI Defendants' written submissions.

5. Sentry's submissions on the appropriate form of declaration on Preliminary Issues 3 and 4 are set out below. For the convenience of the Board, those submissions follow the order of the matters in dispute set out in paragraph 5 of the PI Defendants' submissions.

**(a)   Good faith**

6. Sentry submits that any declaration in relation to Preliminary Issues 3 and 4 should, when referring to PRK-1 certificates, include the wording "*if given in good faith*".

7. The inclusion of such wording does no more than reflect what is required under the express wording of Article 11. In so far as relevant for these purposes, Article 11 states that any certificate as to the NAV per Share or as to the Subscription Price or Redemption Price given in good faith by or on behalf of the Directors shall be binding on all parties. A certificate only has binding effect, therefore, if it is given in good faith. Sentry submits that there can be no objection to that requirement being reflected in any declaration as to the effect of a certificate under Article 11. It is entirely appropriate that such a declaration should properly and fully reflect the wording of the Article and what is required under it.

8. Further and in any event, good faith was not an issue which was before the Board (or the lower courts) and, as such, it was not one on which it heard any argument or made any finding, thereby reinforcing the inappropriateness of omitting any reference to the relevant

2

words in a formal declaration. That is particularly so where such an omission would create (or might be capable of creating) the impression that the issue had in fact been dealt with.

9. The PI Defendants suggest that if Sentry had wanted to take any point on good faith then it should have done so when the preliminary issues were ordered. However, at the hearing of the application for preliminary issues, Sentry expressly and unequivocally made clear that there were evidential issues which it wished to investigate. Bannister J expressly preserved Sentry's right to argue in relation to any particular Defendant that, because of some previously unknown fact, the Preliminary Issues were not necessarily determinative of the action. In paragraph 18 of that judgment [1/1], Bannister J said:

> *"... I accept that what seems now to be improbable or irrelevant may turn out when more is known to be both probable and relevant. In order to cater for this possibility I propose that my order in respect of the Article 11(1) preliminary issue should be in a form which does not extinguish it."*

10. The Judge went on include in paragraph 23(3) of the judgment and in paragraph 2 of the Order of 20 April 2011 [1/2] an express reservation to this effect. Paragraph 2 of the Order was in the following terms:

> *"Determination against the Claimants of any of the questions falling to be determined in issue (1)-(3) of the Preliminary Issues shall not debar the Claimants from subsequently asserting on the basis of a fact or facts not actually known to the Liquidators of the Claimants at the time of the hearing of Preliminary Issues (1)-(3) that notwithstanding the determination of that question a particular defendant is liable to repay to the Claimants all or some part of any redemption monies paid to that defendant."*

11. The PI Defendants are accordingly wrong to say that the Preliminary Issues relating to the certification issue were intended to be necessarily determinative as to anything more than whether the identified documents were "certificates" under the relevant Articles of Association. Furthermore, the question whether (*e.g.* on *Henderson v. Henderson* principles) Sentry is precluded from raising any issues of good faith is pre-eminently a matter for the court at first instance, if and when any actual issues of good faith are raised: it is not a matter for the Board, because it is not an issue under appeal. It would therefore be inappropriate to make a declaration which: (a) does not reflect the wording of Article 11; (b) addresses (or appears to address) an issue which was not before the Board and on which it heard no argument; and (c) which ignores the express reservation in Bannister J's judgment directing the trial of the Preliminary Issues.

**(b)    Defendant / Redeeming or redeemed Member**

12. Sentry submits that the declarations should refer to "a Defendant" rather than "a redeeming or redeemed Member". It does so on the basis that the declarations should be as between the parties that were before the Court and are therefore bound by them, rather than extending to unidentified parties who were not before the Court.

13. The PI Defendants' objection to Sentry's proposal (at paragraph 23 of their written submissions) is that it might give the impression that the Board contemplated that the effect of a certificate might differ according to whether or not the redeeming or redeemed Member happened to be a defendant in the proceedings. It does nothing of the sort; it simply makes the formal declaration one between the parties who were before the court and who are bound by it.

**(c)    PRK-1 Certificate**

14. The difference between the parties is whether, as Sentry submits, the declaration on Preliminary Issue 3 should refer just to a "PRK-1 Certificate" or whether, as the PI Defendants submit, it should also extend to documents "in the form of a PRK-1 Certificate".

15. The PI Defendants submit (in paragraphs 26 and 27 of their written submissions) that it is appropriate for the declaration to be expressed in the wider terms which they advance because:

    15.1    Preliminary Issue 3 was not limited to the specific documents before the Court but referred to "*a document containing substantially the same items of information as a [PRK-1 Certificate]*"; and

    15.2    The Board's judgment "*plainly applies to all documents in the relevant categories and not solely to the examples that happened to be exhibited to the affidavit of Mr Kite*".

16. Whilst it is correct that the formulation of Preliminary Issue 3 refers to a document containing substantially the same items of information as a PRK-1 certificate, it is clear from the Board's judgment that the question of whether or not a particular document is a "certificate" does not depend simply on the items of information which it contains. At paragraph 27 of its judgment the Board set out five matters which are ordinarily comprised in a "certificate". "Form" was only part of one of those five matters *("(v) in a form or context which shows that it is*

4

*intended to be definitive*"). Further, the Board went on in paragraph 28 of its judgment to hold that there were two critical questions in the present case about the relevant transaction documents. Again, "form" was only part of one of those "critical questions" (question (ii), namely whether the document was "*in a form or context which shows that it is intended to be definitive*").

17. Accordingly, framing the declaration so as just to refer to a "document <u>in the form</u> of a PRK-1 certificate" would not properly or accurately reflect the Board's judgment.

18. The Board was concerned with specific documents which were before the Court and whether, in all the circumstances, they satisfied the requirements identified in paragraph 27 of the judgment. In particular, the Board expressed no concluded view on whether the screenshot from a website constituted a certificate for these purposes: this demonstrates that the answer to the question whether any particular document is or is not to be classified as a certificate is necessarily fact specific, and it would create unwelcome uncertainty to use imprecise language in a declaration, as suggested by the PI Defendants.

19. Accordingly, it would be inappropriate for the declaration to go beyond the particular documents which have been held to be certificates, particularly where the wording proposed by the PI Defendants does not accurately reflect the Board's judgment.

**(d)    Good consideration**

20. Sentry submits that a declaration on Preliminary Issue 4 in the form which it has proposed is appropriate. It does so for the following reasons:

   20.1    The Board (at paragraph 24) expressly rejected the suggestion that the directors' determination was, in and of itself and without a "certificate", binding on the parties:

   > *"If, as the Articles clearly envisage, the Subscription Price and the Redemption Price are to be definitively ascertained at the time of the subscription or redemption, then the NAV per share on which those prices are based must be the one determined by the Directors at the time, whether or not the determination was correctly carried out in accordance with Articles 11(2) and (3). That means either (i) that the Directors' determination at the time must be treated as conclusive whether or not there is a certificate under Article 11(1)[c]; or else (ii) that Article 11(1)[c] must be read as referring to the ordinary transaction documents recording the NAV per share or the Subscription or Redemption price which will necessarily be generated and communicated to the Member at the time, and not to some special document issued at the discretion of the Directors. The Board considers, for the reasons given below, that in a case where a provision for certification such as*

5

> *Article 11(1)[c] has been included as part of the mechanics of subscription and redemption, the correct approach is the second one."*

20.2  In the circumstances of this case it was the certification (assuming given in good faith) that rendered the determinations binding. The declaration should therefore properly reflect that holding. Doing so would not, contrary to the submissions of the PI Defendants, conflate Preliminary Issue 4 with the question of certification; rather, it would accurately reflect the Board's decision.

20.3  To declare that the answer to Preliminary Issue 4 was simply "Yes and Yes" would (arguably) be inappropriate where there was ambiguity as to the scope of the Preliminary Issue (namely, whether it addressed the Contractual Issue). To do so would only serve to embed uncertainty in the declaration itself.

20.4  By the time of the hearing before the Board, it was common ground that receipt by a defendant of a sum that was contractually due to it did not give Sentry a claim to restitution of such sum. As the Board noted in paragraph 18 of its judgment, "*The basic principle is not in dispute*".

20.5  Such a declaration does not disregard the fact that the appeal on Preliminary Issue 4 is to be dismissed. The dismissal is made clear in the Order. The purpose of the declaration is accurately to record the Board's reasons for the dismissal.

**Jonathan Crow QC**
4 Stone Buildings

**Andrew Westwood**
Maitland Chambers

16 May 2014