# **EXHIBIT O**

31.MAY.2011 10:47 7584573601                           EASTERN CARIBBEAN SUPREME COURT  #3655 P.001 /007

# EASTERN CARIBBEAN SUPREME COURT
## P.O. BOX 1093
## CASTRIES, ST. LUCIA
## WEST INDIES
## FACSIMILE TRANSMISSION

|  |  |
|---|---|
| Telephone: | [758] 457-3600 |
| Fax: | [758] 457-3601 |
| email: | offices@eccourts.org |

**TO:**  Forbes Hare
1-284-494-1316

Maples & Calder
1-284-852-3007

Ogier
1-284-494-0883

Harneys Westwood & Riegels
1-284-494-4885

O'Neal Webster
1-284-494-5811

**CC:**  Registrar
1-284-494-6664

**ORGANIZATION:** Chambers, Tortola, Territory of the Virgin Islands

**FROM:**  Dep. Chief Registrar

**DATE:**  31st May 2011

**SUBJECT:**  Fairfield Sentry Limited (In Liquidation) v
Alfredo Migani et al
High Court Civil Appeal Nos. 14 to 21 of 2011

Dear Sirs,

Please find the attached Order and the reasons for the decision of His Lordship, the Hon. Mr. Davidson Kelvin Baptiste, Justice of Appeal, dated 31st May 2011.

Yours faithfully,

22

The Eastern Caribbean Supreme Court

In the Court of Appeal

Territory of the Virgin Islands

High Court
Civil Appeal Nos. 14 to 21 of 2011

Fairfield Sentry Limited (In Liquidation)     Applicant

and

Alfredo Migani et al
Banco General Sa/Banca Privada et al
Bank Julius Baer & Co. Ltd. et al
Arbitral Finance Inc. et al
Wise Global Fund Limited
Credit Suisse London Nominees Limited

    Respondents

## ORDER

BEFORE HIS LORDSHIP, THE HON. DAVIDSON KELVIN BAPTISTE, JUSTICE OF APPEAL on the 31st day of May 2011;

UPON reading the applications for leave to appeal and stay of execution with supporting affidavits and exhibits filed on 4th May 2011;

AND UPON READING the joint skeleton argument of the respondents filed on 13th May 2011;

IT IS HEREBY ORDERED THAT:

1. The application for leave to appeal in Civil Appeal Nos. 14 to 21 of 2011 is refused.
2. The application for a stay of execution in Civil Appeal Nos. 14 to 21 of 2011 is refused.

Dated the 31st day of May, 2011

BY THE COURT

23

**TERRITORY OF THE VIRGIN ISLANDS**

**IN THE COURT OF APPEAL**

**HCVAP 2011/014**

**BETWEEN:**

FAIRFIELD SENTRY LIMITED (In Liquidation)

Appellant/Defendant

and

ALFREDO MIGANI AND 22 OTHERS

Respondents

**HCVAP 2011/015**

**BETWEEN:**

FAIRFIELD SENTRY LIMITED (In Liquidation)

Appellant/Defendant

and

BANCO GENERAL SA/BANCA PRIVADA & 30 OTHERS

Respondents

**HCVAP 2011/016**

**BETWEEN:**

FAIRFIELD SENTRY LIMITED (in Liquidation)

Appellant/Defendant

and

BANK JULIUS BAER & CO LTD & 26 OTHERS

Respondents

24

1

**HCVAP 2011/017**

**BETWEEN:**

**FAIRFIELD SENTRY LIMITED (In Liquidation)**

Appellant/Defendant

and

**BANK JULIUS BAER & CO LTD & 26 OTHERS**

Respondents

**HCVAP 2011/018**

**BETWEEN:**

**FAIRFIELD SENTRY LIMITED (in Liquidation)**

Appellant/Defendant

and

**ARBITRAL FINANCE INC & 26 OTHERS**

Respondents

**HCVAP 2011/019**

**BETWEEN:**

**FAIRFIELD SENTRY LIMITED (in Liquidation)**

Appellant/Defendant

and

**BANK JULIUS BAER & CO LTD & 33 OTHERS**

Respondents

25

2

**HCVAP 2011/020**

**BETWEEN:**

**FAIRFIELD SENTRY LIMITED (In Liquidation)**

Appellant/Defendant

and

**WISE GLOBAL FUND LIMITED**

Respondent

**HCVAP 2011/021**

**BETWEEN:**

**FAIRFIELD SENTRY LIMITED (in Liquidation)**

Appellant/Defendant

and

**CREDIT SUISSE LONDON NOMINEES LIMITED**

Respondent

**On Paper Before:**
The Hon. Mr. Davidson Kelvin Baptiste                    Justice of Appeal

**Appearances:**
Forbes Hare, Legal Practitioner for the Applicant
The firms (1) Maples and Calder, (2) Ogier, (3) Harneys and (4) O'neal Legal Practioners for the Respondents

---

2011: May 31.

---

**REASONS FOR DECISION**

26

3

[1]  **BAPTISTE, J.A.:** The Judge's decision to order the trial of the preliminary issues in relation to the Article 11 and Good Consideration defences was a case management decision taken in the exercise of his desertion. By its nature case management is quintessentially a matter for the court in which the proceedings are being conducted and the scope for appellate intervention in relation to case management decisions taken by that court is necessarily limited. Only in most compelling circumstances would intervention of that kind be warranted.

[2]  The applicant has not shown that the judge was plainly wrong, reached a manifestly unjust conclusion or his decision exceeded the generous ambit within which reasonable disagreement is possible.

[3]  The learned judge was mindful of the well-known pitfalls of ordering trial of preliminary issues. He held that the Article 11 Defence was "peculiarly suited" to be taken as a preliminary issue and explained why it was so suited in paragraph 14 of his judgment. The judge also recognised that the Article 11 Defence was capable of saving potentially very large amounts of cost and delay. With respect to the Good Consideration defence, the judge stated that it was a pure point of law and nothing will be lost by having it determined as a preliminary issue.

[4]  In his judgment, the judge considered the impact of an appeal and concluded that the possibility of an appeal against any of the preliminary issues did not outweigh the advantages of ordering the hearing of the preliminary issues. The judge was entitled to come to that conclusion.

[5]  With respect to disclosure, the appellant's main complaint is that the judge should not have ordered the preliminary issues in relation to the Article 11 Defence until the liquidators had been given the opportunity to examine the documents in their possession, or to obtain further documents in their possession or to obtain further documents, which might be relevant to the Article 11 Defence.

[6]  The preliminary issue in relation to the Article 11 Defence is intended to establish an important general principle. That is, if certificates, within the meaning of Article 11 were given by or on behalf of the directors of the appellant, then Article 11 presents the NAV from being recalculated ("the

27

General Principle"). Under the scheme established by the judge's order if the General Principle has been established by the preliminary issue, it is then open to the appellant to argue at a later date that the General Principle does not apply in any particular case because of facts or circumstances peculiar to that case which provide an exception to the General Principle. In this case, no disclosure is required in order to establish the General Principle.

[7]  The scheme established by the learned judge was within the wide case management discretion he possessed. The judge weighed the relevant factors and concluded that (a) the advantages of ordering the preliminary issues in relation to the Article 11 Defence outweighed any potential disadvantages; (b) if the preliminary issues were determined in the respondent's favour, the General Principle would be established; (c) that the appellant should not be shut out from arguing at a later date that in any particular case there was an exception to the General Principle.

[8]  In conclusion there is no basis upon which leave to appeal should be granted. The applicant has not demonstrated a realistic prospect of success. Further, there is no basis upon which a stay should be granted. It is ordered that the application for leave to appeal is refused and so also is the application for a stay.

*[signature]*

Davidson Kelvin Baptiste
Justice of Appeal

28