**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**Fairfield Sentry Limited, et al.,**<br><br>　　Debtors in Foreign Proceedings. | **Chapter 15 Case**<br><br>**Case No. 10-13164 (SMB)**<br><br>**Jointly Administered** |
| **Fairfield Sentry Limited (In Liquidation), et al., acting by and through the Foreign Representatives thereof,**<br>　　　　　　　**Plaintiffs,**<br><br>　　　　-against-<br><br>**Theodoor GGC Amsterdam, et al.,**<br>　　　　　　**Defendants.** | **Adv. Pro. No. 10-03496 (SMB)**<br><br>**Administratively Consolidated** |

**CONSOLIDATED MEMORANDUM OF LAW**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**
**AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................... 5

ARGUMENT ................................................................................ 16

I.   The Court Lacks Subject Matter Jurisdiction ................................................ 17

    A.   The Actions Do Not Fall Within the Court's "Core" Jurisdiction ........................ 17

    B.   There Is No Basis for the Court to Exercise "Related to" Jurisdiction ................. 19

        1.   "Related to" Jurisdiction Does Not Extend to a Chapter 15 Proceeding
           When No Assets Are Located in the United States ................................ 20

        2.   No "Related to" Jurisdiction Exists Here ..................................... 21

II.  The Court Lacks Personal Jurisdiction over Foreign Defendants .................................... 23

    A.   The Forum Selection Clause Does Not Apply to the Liquidators' Claims .......... 24

        1.   There Is No Reason to Revisit Prior Court Rulings that the Common Law
           Claims Are Governed by the Articles ........................................... 25

        2.   The Liquidators Are Judicially Estopped from Asserting that Their Claims
           Are "with Respect to" the Subscription Agreement and the Funds .......... 26

        3.   The Liquidators' Claims Are Not "with Respect to" the Subscription
           Agreement and the Funds ...................................................... 27

    B.   The Complaints and Proposed Amendments Otherwise Fail to Establish Personal
        Jurisdiction over Foreign Defendants ................................................. 29

        1.   The Complaints and Proposed Amendments Fail to Establish Sufficient
           Minimum Contacts ............................................................. 29

        2.   The Liquidators' Claims Do Not "Arise out of" Any Jurisdictional Contact
           ...................................................................... 33

        3.   Exercising Personal Jurisdiction Would Be Unreasonable ....................... 35

III. The Complaints Fail to State a Claim, Which Is Not Cured by the Futile Proposed
    Amendments ............................................................................. 36

    A.   All Claims Are Barred by Section 546(e) of the Bankruptcy Code .................... 36

        1.   The Redemption Payments Were "Settlement Payments" ....................... 40

        2.   The Redemption Payments Also Were "in Connection with a Securities
           Contract" ..................................................................... 41

         3.   The Redemption Payments Were Made by or to "Financial Participants"
           or "Financial Institutions" ................................................. 43

i

B.    The Common Law and Contract Claims Are Barred as a Matter of Law ............ 44

1.    The Liquidators Are Estopped from Raising the Alleged Bad Faith of Citco to Plead Their Proposed Amended Common and Contract Claims ................................................................................................................... 44

2.    The Alleged Bad Faith of Citco Does Not Affect the Binding Nature of the Certificates ............................................................................................. 51

3.    The Alleged Bad Faith of Citco Does Not Affect the EC Court of Appeal's Good Consideration Decision, Which Was Upheld By the Privy Council ............................................................................................. 53

4.    The Funds Are Culpable Parties that Cannot Assert Common Law and Contract Claims Against Any Defendant .................................................. 54

5.    The Liquidators' Common Law Claims Are Independently Barred Because the Liquidators Pleaded the Existence of a Contract Governing the Subject Matter of This Dispute .......................................................... 55

6.    Citco Subscribers' Alleged Bad Faith Cannot Be Attributed to Defendants ............................................................................................. 56

C.    The Common Law and Contract Claims Must Be Dismissed for Failure to Allege Damages or Establish Standing ............................................................................... 58

D.    The BVI Insolvency Claims Fail as a Matter of BVI Law ................................... 61

1.    The BVI Insolvency Claims Fail Because the Funds Cannot Have (a) Preferred Their Members, Who Were Not Creditors, or (b) Entered into Undervalue Transactions by Redeeming Shares that Had Their Full Value ....................................................................................................... 62

2.    The BVI Insolvency Claims Fail Because the Funds Were Solvent ........ 65

3.    The Complaints' Allegations Establish the Complete Defenses that the Transactions Were (a) Made in the Ordinary Course of Business, and (b) Undertaken with a Good Faith Belief that They Would Benefit the Funds ....................................................................................................... 66

4.    This Court Cannot Grant the Statutory Remedy for Violations of Sections 245 and 246 ............................................................................................. 69

IV.    Plaintiffs Have Not Properly Served Many Defendants ................................................. 70

CONCLUSION ................................................................................................................. 75

# TABLE OF AUTHORITIES

**Page(s)**

## Rules and Statutes

| | |
|---|---|
| 11 U.S.C. § 101(22) | 43 |
| 11 U.S.C. § 101(22A) | 43 |
| 11 U.S.C. § 101(49)(A)(ii) | 40 |
| 11 U.S.C. § 546(e) | *passim* |
| 11 U.S.C. § 546(g) | 39 |
| 11 U.S.C. § 561(d) | 36, 39 |
| 11 U.S.C. § 741(7)(A)(i) | 41 |
| 11 U.S.C. § 1506 | 43 |
| 11 U.S.C. § 1531 | 65 |
| 28 U.S.C. § 1334(b) | 17 |
| BVI Business Companies Act 2004 § 31 | 51 |
| BVI Insolvency Act § 8(1)(c) | 65 |
| BVI Insolvency Act § 9(1) | 63 |
| BVI Insolvency Act § 10 | 65 |
| BVI Insolvency Act § 197 | 63 |
| BVI Insolvency Act § 244(2) | 66 |
| BVI Insolvency Act § 244(3) | 65 |
| BVI Insolvency Act § 245 | *passim* |
| BVI Insolvency Act § 245(1) | 62 |
| BVI Insolvency Act § 245(2) | 66 |

BVI Insolvency Act § 246 ..................................................................................... *passim*

BVI Insolvency Act § 246(1)(b)............................................................................... 64

BVI Insolvency Act § 246(2)..................................................................................... 68

BVI Insolvency Act § 249 .......................................................................................... 69

Eastern Caribbean Supreme Court Civil Procedure Rule 7.3(3)(b)(ii)........................ 27

Fed. R. Civ. P. 4(f)(1) ................................................................................................ 71

Fed. R. Civ. P. 4(f)(2)(C)............................................................................................ 74

Fed. R. Civ. P. 4(h)(2)................................................................................................ 71

Fed. R. Civ. P. 8 ........................................................................................................ 57

Fed. R. Civ. P. 9(b) .................................................................................................... 57

Fed. R. Civ. P. 12(b)(5).............................................................................................. 70

H.R. Rep. 109-31(I), 2005, *reprinted in* 2005 U.S.C.C.A.N. 88 ...................... 20, 36

U.S. Const. Art. III, § 2.............................................................................................. 21

U.S. Const. Art. VI..................................................................................................... 71

## Cases

*Absolute Activist Master Value Fund v. Ficeto*,
No. 09 Civ. 8862 (GBD), 2013 WL 1286170 (S.D.N.Y. Mar. 28, 2013) ......................... 34

*Ackermann v. Levine*,
788 F.2d 830 (2d Cir. 1986)........................................................................................ 74

*Adelphia Recovery Tr. v. Goldman, Sachs & Co.*,
748 F.3d 110 (2d Cir. 2014)........................................................................................ 26

*Al Fatah Int'l Nav. Co. Ltd. v. Shivsu Canadian Clear Waters Tech. (P) Ltd.*,
649 F. Supp. 2d 295 (S.D.N.Y. 2009)........................................................................... 70

*Al Rushaid v. Pictet & Cie*,
No. 180, 2016 WL 6837930 (N.Y. Nov. 22, 2016) ........................................................ 32

*Alfadda v. Fenn,*
966 F. Supp. 1317 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 41 (2d Cir. 1999) ............................ 44

*Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.,*
572 F.3d 86 (2d Cir. 2009).................................................................................... 28

*Ansell Healthcare, Inc. v. Maersk Line,*
545 F. Supp. 2d 339 (S.D.N.Y. 2008)...................................................................... 75

*Anwar v. Fairfield Greenwich Ltd.,*
728 F. Supp. 2d 372 (S.D.N.Y. 2010)................................................................. 7, 50

*AP Servs. LLP v. Silva,*
483 B.R. 63 (S.D.N.Y. 2012)........................................................................ 38, 40, 43

*Asa-Brandt, Inc. v. ADM Inv'r Servs., Inc.,*
344 F.3d 738 (8th Cir. 2003) ................................................................................ 49

*Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal., Solano Cty.,*
480 U.S. 102 (1987)............................................................................................... 35

*Baines v. City of New York,*
No. 10-CV-9545 (JMF), 2015 WL 3555758 (S.D.N.Y. June 8, 2015) ............................ 27

*Bloomfield v. Bloomfield,*
764 N.E.2d 950 (N.Y. 2001)................................................................................... 73

*Breeden v. Kirkpatrick & Lockhart, LLP,*
268 B.R. 704 (S.D.N.Y. 2001)................................................................................. 7

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ........................................... 74-75

*Bruesewith v. Wyeth LLC,*
562 U.S. 223 (2011)............................................................................................... 28

*Bullmore v. Ernst & Young Cayman Is.,*
861 N.Y.S.2d 578 (Sup. Ct. 2008).......................................................................... 53

*Celotex Corp. v. Edwards,*
514 U.S. 300 (1995)............................................................................................... 22

*Chevron Corp. v. Naranjo,*
667 F.3d 232 (2d Cir. 2012)................................................................................... 17

*Chew v. Dietrich*,
143 F.3d 24 (2d Cir. 1998) ............................................................................. 34

*Coan v. State Farm Mut. Auto. Ins. Co.*,
911 F. Supp. 81 (E.D.N.Y. 1996) .................................................................... 28

*Conn. Nat'l Bank v. Germain*,
503 U.S. 249 (1992) ........................................................................................ 36

*Contemp. Indus. Corp. v. Frost*,
564 F.3d 981 (8th Cir. 2009) ..................................................................... 38, 41

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ...................................................................................... 23

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
191 F. Supp. 2d 382 (S.D.N.Y. 2002) ............................................................. 71

*Deutsche Alt-A Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prod., Inc.*,
958 F. Supp. 2d 488 (S.D.N.Y. 2013) ............................................................. 56

*DiLaura v. Power Auth. of State of N.Y.*,
982 F.2d 73 (2d Cir. 1992) .............................................................................. 19

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005) ........................................................................................ 59

*E. Cont'l Gems, Inc. v. Yakutiel*,
582 N.Y.S.2d 594 (Sup. Ct. 1992), *aff'd*, 591 N.Y.S.2d 778 (1st Dep't 992) ................... 72

*Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V. (In re Enron Creditors Recovery Corp.)*,
651 F.3d 329 (2d Cir. 2011) ....................................................................... 37, 40

*Fleisher v. Phoenix Life Ins. Co.*,
858 F. Supp. 2d 290 (S.D.N.Y. 2012) ............................................................. 56

*Garcia-Villeda v. Mukasey*,
531 F.3d 141 (2d Cir. 2008) ............................................................................ 36

*Green v. Mansour*,
474 U.S. 64 (1985) .......................................................................................... 56

*Harris v. N.Y. State Dep't of Health*,
202 F. Supp. 2d 143 (S.D.N.Y. 2002)................................................................. 7

*Haughton v. Burroughs*,
No. 98 Civ. 3418 (BSJ), 2004 WL 330242 (S.D.N.Y. Feb. 23, 2004)............................ 16, 17

*Hill v. HSBC Bank plc*,
No. 14-cv-09745(LTS), 2016 WL 4926199 (S.D.N.Y. Sept. 15, 2016)............................ 32

*Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecommunications (Luxembourg) II SCA)*,
526 B.R. 499 (Bankr. S.D.N.Y. 2015).................................................................. 39

*IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*,
783 F.3d 383 (2d Cir. 2015)........................................................................... 16

*In re Amaranth Natural Gas Commodities Litig.*,
587 F. Supp. 2d 513 (S.D.N.Y. 2008).................................................................. 31

*In re Bancredit Cayman Ltd.*,
Bankr. No. 06-11026 (SMB), Adv. No. 08-1147, 2008 WL 5396618 (Bankr. S.D.N.Y. Nov. 25, 2008) .......................................................................................... 21

*In re CBI Holding Co., Inc.*, 529 F.3d 432 (2d Cir. 2008) ................................................ 58

*In re Compuware Sec. Litig.*,
386 F. Supp. 2d 913 (E.D. Mich. 2005)................................................................ 60

*In re Cornerstone Propane Partners, L.P. Sec. Litig.*,
No. C 03-2522 MHP, 2006 WL 1180267 (N.D. Cal. May 3, 2006) ................................ 60

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
922 F. Supp. 2d 445 (S.D.N.Y. 2013), *aff'd sub nom.*,797 F.3d 148 (2d Cir. 2015).......... 24

*In re Fairfield Sentry Ltd.*,
452 B.R. 64 (Bankr. S.D.N.Y. 2011)................................................................... 9, 19

*In re Fairfield Sentry Ltd. Litig.*,
458 B.R. 665 (S.D.N.Y. 2011).......................................................................... *passim*

*In re Fed.-Mogul Glob., Inc.*,
300 F.3d 368 (3d Cir. 2002)............................................................................ 22

*In re First Cent. Fin. Corp.*,
377 F.3d 209 (2d Cir. 2004)........................................................................ 55

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
574 F.3d 29 (2d Cir. 2009).......................................................................... 60

*In re IMAX Sec. Litig.*,
272 F.R.D. 138 (S.D.N.Y. 2010) ................................................................ 60

*In re Impax Labs., Inc. Sec. Litig.*,
No. C 04-4802 JW, 2008 WL 1766943 (N.D. Cal. Apr. 17, 2008)............... 60

*In re JSC BTA Bank*,
434 B.R. 334 (Bankr. S.D.N.Y. 2010)................................................... 20, 22

*In re QSI Holdings, Inc.*,
571 F.3d 545 (6th Cir. 2009) ...................................................................... 43

*In re Sledziejowski*,
No. 13-22050 (RDD), 2016 WL 6155929 (Bankr. S.D.N.Y. Oct. 21, 2016).... 31

*In re Tribune Co. Fraudulent Conveyance Litig.*,
818 F.3d 98 (2d Cir. 2016).......................................................................... 37

*In re W.R. Grace & Co.*,
591 F.3d 164 (3d Cir. 2009)......................................................................... 22

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)............................................................................... 23, 24

*J. McIntyre Mach., Ltd. v. Nicastro*,
564 U.S. 873 (2011).................................................................................... 30

*Jazini v. Nissan Motor Co.*,
148 F.3d 181 (2d Cir. 1998)........................................................................ 23

*JCPL Leasing Corp. v. Treco*,
227 B.R. 343 (Bankr. S.D.N.Y. 1998)......................................................... 21

*Kirschner v. KPMG LLP*,
938 N.E.2d 941 (N.Y. 2010)................................................................... 46, 55

*Korea Life Ins. Co. v. Morgan Guar. Tr. Co. of N.Y.*,
269 F. Supp. 2d 424 (S.D.N.Y. 2003).......................................................... 73

*Kuenzle v. HTM Sport-Und Freizeitgeräte AG*,
102 F.3d 453 (10th Cir. 1996) ........................................................................... 34

*Leema Enters., Inc. v. Willi*,
575 F. Supp. 1533 (S.D.N.Y. 1983)..................................................................... 31

*Lehman Bros. Spec. Fin. Inc. v. Bank of America, Nat'l. Assoc. (In re Lehman Bros. Holdings Inc.)*,
553 B.R. 476 (Bankr. S.D.N.Y. 2016).................................................................. 37

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
732 F.3d 161 (2d Cir. 2013)................................................................................. 32

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
No. 12 Civ. 3723(RJS), 2013 WL 1294668 (S.D.N.Y. Mar. 28, 2013) ............ 32

*LT Game Int'l Ltd. v. DEQ Sys. Corp.*,
No. Civ. 2:13-4593 WJM, 2013 WL 5536195 (D.N.J. Oct. 7, 2013) ............... 75

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)............................................................................................. 58

*Manley v. AmBase Corp.*,
337 F.3d 237 (2d Cir. 2003)................................................................................. 28

*Marvel Characters, Inc. v. Simon*,
310 F.3d 280 (2d Cir. 2002)................................................................................. 45

*Mesa v. California*,
489. U.S. 121, 136 (1989).................................................................................... 22

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
84 F.3d 560 (2d Cir. 1996).................................................................................. 35

*Mgmt. Techs., Inc. v. Morris*,
961 F. Supp. 640 (S.D.N.Y. 1997)...................................................................... 41

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
431 F. App'x 17 (2d Cir. 2011) .......................................................................... 57

*Murphy v. Long Island Oyster Farms, Inc.*,
491 N.Y.S.2d 721 (2d Dep't 1985)...................................................................... 28

*Mut. Benefits Offshore Fund v. Zeltser*,
37 N.Y.S.3d 1 (1st Dep't 2016) ...................................................................................... 71

*New Greenwich Litig. Tr., LLC v. Citco Fund Servs. (Eur.) B.V.*,
41 N.Y.S.3d 1 (1st Dep't 2016) ................................................................................ 53, 55

*O'Connell v. Andersen (In re AlphaStar Ins. Grp. Ltd.)*,
383 B.R. 231 (Bankr. S.D.N.Y. 2008) ............................................................................ 54

*Official Comm. of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*,
549 B.R. 56 (S.D.N.Y. 2016) ........................................................................................... 33

*Official Comm. of Unsecured Creditors of Hechinger Inv. Co. v. Fleet Retail Fin. Group
(In re Hechinger Inv. Co.)*,
274 B.R. 71 (D. Del. 2002) ............................................................................................. 38

*Official Comm. of Unsecured Creditors of Quebecor World (USA) Inc. v. Am. United Life
Ins. Co. (In re Quebecor World (USA) Inc.)*,
453 B.R. 201 (Bankr. S.D.N.Y. 2011), *aff'd*, 719 F.3d 94 (2d Cir. 2013) ........................ 40, 43

*Official Comm. of Unsecured Creditors of Quebecor World (USA) Inc. v. Am. United Life
Ins. Co. (In re Quebecor World (USA) Inc.)*,
719 F.3d 94 (2d Cir. 2013) ........................................................................................ 41, 42

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
484 U.S. 97 (1987) .......................................................................................................... 70

*Oppenheimer & Co. Inc. v. Metal Mgmt., Inc.*,
No. 08 Civ. 3697 (LTS) (FM), 2009 WL 2432729 (S.D.N.Y. July 31, 2009), *objections
overruled*, No. 08 Civ. 3697 (LTS) (FM), 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010)..... 49-50

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*,
639 F.3d 572 (2d Cir. 2011) ...................................................................................... 20, 21

*Peterson v. Somers Dublin Ltd.*,
729 F.3d 741 (7th Cir. 2013) ..................................................................................... 40-41

*Phillips v. Audio Active Ltd.*,
494 F.3d 378 (2d Cir. 2007) ........................................................................................... 24

*Picard v. ABN AMRO Bank (Ir.) Ltd.*,
505 B.R. 135 (S.D.N.Y. 2013) ......................................................................................... 39

*Picard v. Ceretti*,
Case No. 08-99000 (SMB), 2015 WL 4734749 (Bankr. S.D.N.Y. Aug. 11, 2015) ........... 53

*Picard v. Cohmad (In re Bernard L. Madoff Inv. Sec. LLC)*,
418 B.R. 75 (Bankr. S.D.N.Y. 2009) .................................................................................. 72

*Picard v. Ida Fishman Revocable Tr. (In re Bernard L. Madoff Inv. Sec. LLC)*,
773 F.3d 411 (2d Cir. 2014)...................................................................................... 37, 41-43

*Picard v. JPMorgan Chase & Co. (In re Bernard L. Madoff Inv. Sec.)*,
721 F.3d 54 (2d Cir. 2013)........................................................................................51-52, 55

*Quadrant Structured Prods. Co., Ltd. v. Vertin*,
23 N.Y.3d 549 (2014) ........................................................................................................ 28

*Rapture Shipping, Ltd. v. Allround Fuel Trading B.V.*,
350 F. Supp. 2d 369 (S.D.N.Y. 2004)................................................................................ 27

*Rezzonico v. H&R Block, Inc.*,
182 F.3d 144 (2d Cir. 1999)............................................................................................... 19

*Sec. Indus. Ass'n v. Bd. of Governors of Fed. Reserve Sys.*,
900 F.2d 360 (D.C. Cir. 1990) ........................................................................................... 47

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
513 B.R. 222 (S.D.N.Y. 2014)...................................................................................... 18, 36

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
Adv. Pro. No. 11-02732 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016) ...   6

*Seismic Reservoir 2020, Inc. v. Paulsson*,
785 F.3d 330 (9th Cir. 2015) ............................................................................................. 70

*Simon v. Safelite Glass Corp.*,
128 F.3d 68 (2d Cir. 1997).................................................................................................. 27

*Somers Dublin Ltd. A/C KBCS v. Monarch Pointe Fund Ltd.*,
HVCAP 2011/040 (Mar. 11, 2013)..................................................................................... 63

*Spiegel v. Schulman*,
604 F.3d 72 (2d Cir. 2010) ................................................................................................. 29

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) ....................................................................................................... 58

*SPV OSUS Ltd. v. UBS AG*,
114 F. Supp. 3d 161, 170 (S.D.N.Y. 2015), *appeal docketed*, No. 16-2173 (2d Cir. June
24. 2016) .................................................................................................................    34

*Stern v. Marshall*,
564 U.S. 462 (2011).............................................................................................    17

*Sunward Elecs., Inc. v. McDonald*,
362 F.3d 17 (2d Cir. 2004).................................................................................    23

*Thomas & Agnes Carvel Found. v. Carvel*,
736 F. Supp. 2d 730 (S.D.N.Y. 2010).................................................................    44

*Universal Trading & Inv. Co., Inc. v. Tymoshenko*,
No. 11 Civ. 7877(PAC), 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012) .........    30, 33

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988).............................................................................................    71

*Walden v. Fiore*,
134 S. Ct. 1115 (2014).........................................................................................    23,33

*Waldman v. Palestine Liberation Org.*,
835 F.3d 317 (2d Cir. 2016)............................................................ 23, 29, 30, 34

*Walsh v. McGee*,
918 F. Supp. 107 (S.D.N.Y. 1996).....................................................................    19

*Water Splash, Inc. v. Menon*,
No. 16–254, 2016 WL 4523079 (U.S. Dec. 2, 2016) .......................................    75

*Wellness Int'l Network, Ltd. v. Sharif*,
135 S. Ct. 1932 (2015) .......................................................................................    19

*Westford Special Situations Fund Ltd. v. Barfield Nominees Ltd.*,
HVCAP 2010/014 (Mar. 28, 2011)......................................................................    63

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980).............................................................................................    35

*Yamaha Corp. of Am. v. United States*,
961 F.2d 245 (D.C. Cir. 1992).............................................................................    47

## **Other Authorities**

8 Collier on Bankruptcy ¶ 1502.01 ................................................... 20

Benjamin Geva, *International Funds Transfers—Performance by Wire Payment*, 4
BANKING & FIN. L. REV. 111 (1990)................................................... 18

David Glovin, *Fairfield Investors Suit Says Actions Rose to Fraud*, BLOOMBERG NEWS
(Apr. 27, 2009), http://www.bsfllp.com/news/in_the_news/000096_extras/docs/002/_res
/id=sa_File1/fairfield.pdf ................................................... 50

Halah Touryalai, *Protection Racket*, FORBES (Apr. 6, 2011) ............................................ 51

Heath P. Tarbert & Liangshun Qian, *The Perils and Promise of Correspondent Banking*,
133 BANKING L.J. 53 (2016) ............................................ 31, 32

Jonathan Stempel, *Madoff feeder fund firm faces narrowed lawsuit*, REUTERS (Aug. 18,
2010), http://uk.reuters.com/article/madoff-fairfieldgreenwich-
idUSN1822316720100818 ............................................ 51

Philip Aldrick, *Madoff victims to sue accountants PwC over feeder fund audits*, THE
TELEGRAPH (Aug. 22, 2009)............................................ 51

Robert J. Carbaugh & David W. Hedrick, *Will the Dollar be Dethroned as the Main
Reserve Currency?*, 9 GLOBAL ECON. J. 1 (2009) ............................................ 31

Second Interim Consolidated Report of the Liquidators (Mar. 29, 2010),
http://www.fairfieldsentry.com/wp-content/uploads/2014/08/Second-Interim-
Consolidated-Report-29Mar10.pdf........................................................ 50

The defendants listed on Appendix A (the "Defendants"), by their attorneys listed on Appendix E, respectfully submit this memorandum of law (i) in opposition to the Motion for Leave to Amend filed by the Liquidators of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield Lambda Limited ("Lambda," and together with Sigma and Sentry, the "Funds"), and (ii) in support of Defendants' motion, pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(1), (2), (5), and (6), made applicable here by Federal Rules of Bankruptcy Procedure 7008, 7009, and 7012, for an order dismissing with prejudice all of the Liquidators' claims, including their Common Law, Contract, and BVI Insolvency Claims (as defined below), and their requests for constructive trust and declaratory judgment, set forth in the complaints and/or proposed amended complaints (the "Complaints")[1] against Defendants[2] in the above-captioned actions (the "Actions").

## PRELIMINARY STATEMENT

Myriad investors subscribed for shares in the Funds and received redemptions over many years. Their subscriptions and redemptions were priced at the Funds' net asset value ("NAV") as calculated by the Funds and their agents. The Liquidators now claim that the Funds miscalculated the share redemption prices and their redemption payments were therefore "mistaken" (even though the Funds' investors subscribed for shares on the same "mistaken" basis).

---

[1]    The Complaints are largely identical as to the key issues discussed in this memorandum of law. Accordingly, for citation purposes, Defendants rely on the proposed amended complaint ("PAC") in *Fairfield Sentry Ltd. v. HSBC Guyerzeller Zurich.*, Adv. Pro. No. 11-01594 (SMB) (Bankr. S.D.N.Y. Sept. 22, 2016) (Dkt No. 11-1). Defendants will address any other allegations contained in the relevant proposed amended complaints in their individual briefs.

[2]    The captions of most, if not all, of the Complaints include as defendants unidentified "Beneficial Owners of Accounts Held in the Name of [Named Defendant] 1-1000." *See* PAC ¶ 14. Defendants deem the references to, and any claims pleaded against, these unidentified "Beneficial Owners" as mere placeholder allegations and claims, not requiring any further specific response at this juncture. Moreover, for all the reasons set forth in support of Defendants' motion, those claims should also be dismissed in their entirety.

These Actions were held in abeyance while the Liquidators pursued this theory of "mistaken" payment for more than five years and through every level of the court system of the British Virgin Islands ("BVI"). The Liquidators lost three times. In the final round of appeals, the Privy Council of the United Kingdom (the "Privy Council") found that the Funds were contractually obligated to make redemption payments based on the NAV as calculated at the time of the redemptions. The Privy Council also left intact the ruling by the court below, which held that, irrespective of whether the NAV statement was correct, the Funds' investors had given good consideration by surrendering their shares. Thus, the Privy Council wholly precluded the Liquidators from recovering redemption payments pursuant to their mistake-based claims.

The Liquidators now want to pretend that all of these rulings do not matter, and seek a *fourth* bite at the apple. They premise this purported entitlement largely on the asserted malfeasance of Citco, the Funds' own chosen agent for calculating the NAV. This argument—which the Liquidators could and should have made in the BVI, but chose not to make—is unavailing in any event. They also now try to pursue here BVI Insolvency Claims they never sought to bring in the BVI, even though this Court has no ability to give any relief on such claims (even if they had merit, which they do not).

The Complaints should be dismissed and the Liquidators' motion for leave to amend denied, as none of the proposed amendments cure the Complaints' numerous deficiencies.

*First*, this Court lacks subject matter jurisdiction over these non-core proceedings. Section 1334(b) does not grant "related to" jurisdiction over the Actions, which have no nexus to the United States or federal law, and any effect the resolution of the Actions might have on the Funds' foreign estates would be too remote to support such jurisdiction. Exercising federal jurisdiction in these circumstances would also contravene both the express territorial limitations

on Chapter 15 proceedings and the jurisdictional limits of Article III, Section 2 of the U.S. Constitution.

*Second*, the Liquidators have failed to plead a *prima facie* case of personal jurisdiction over Defendants that are neither incorporated nor have principal places of business in the United States (the "Foreign Defendants").[3]  Neither the Funds' subscription agreements (the "Subscription Agreements") nor their Articles of Association (the "Articles") provides any basis to support personal jurisdiction over those Foreign Defendants here.  Also, none of the proposed amendments alleges any purposeful contact by Foreign Defendants with this forum, and the Liquidators' claims do not arise from any Foreign Defendant's alleged forum-related contacts.  Moreover, exercising personal jurisdiction over Foreign Defendants in these Actions would otherwise be unreasonable and therefore constitutionally prohibited.

*Third*, all of the Liquidators' claims are barred by Section 546(e) of the Bankruptcy Code, which is incorporated into and applies to Chapter 15 proceedings through Section 561(d).  Because Section 546(e) protects the very payments the Liquidators seek to unwind—settlement payments to financial institutions made in connection with a securities contract—the Liquidators' Complaints must be dismissed.  The Liquidators have not alleged actual-intent fraudulent transfer claims under Section 548(a)(1) of the Bankruptcy Code—the only exception to Section 546(e)'s safe-harbor—nor could they do so.

*Fourth*, the Liquidators' Common Law and Contract Claims are barred as a matter of BVI law and the U.S. doctrine of collateral estoppel.  The Privy Council has already held that the Funds' redemption payments are "irrecoverable" because the Funds were contractually bound to honor their investors' redemption requests based on the price per share calculated at the time of

---

[3]    The Foreign Defendants are listed in Appendix B.

3

redemption.  The practical basis for the Privy Council's opinion requires that the certificates be

deemed binding, irrespective of the extent of the "good faith" of the Funds' directors or agents.

Moreover, the Liquidators are estopped by their knowledge and conduct in that litigation from

now seeking to amend their Complaints to allege Citco's "bad faith."  Even if the Liquidators

were not so estopped, their proposed amendments would fail, including because BVI statutory

law and BVI contract interpretation principles independently bar the Funds from relying on

Citco's bad faith to recover the redemption payments.  And even if Citco's bad faith were

adequately pleaded (which it is not), it would be imputed to the Funds, so that dismissal of these

claims would be required under the doctrine of *ex turpi causa*.  Citco's alleged bad faith also

does nothing to displace the independent ground the BVI courts found to preclude the

Liquidators' claims—namely, that redeeming investors gave "good consideration" upon

redemption, which bars any claim sounding in restitution.

*Fifth*, the Liquidators' Common Law and Contract Claims must be dismissed because

they do not allege how the Funds were injured, and thus fail to plausibly allege damages.

*Sixth*, the Liquidators' BVI Insolvency Claims fail as a matter of BVI law for a multitude

of reasons.  First, at a threshold level, the Liquidators cannot plead, as is required for their

Section 245 preference claims to be viable, how, at the time the relevant transactions at issue

were undertaken, Defendants were creditors, as opposed to members of the Funds.  Nor have

they pleaded how the transactions were "undervalue," as required for a Section 246 undervalue

claim, particularly since the prices paid for redemption were the same prices at which the Funds

offered to sell shares at the time.  Second, the Liquidators fail to plead, based on facts known at

the time of the relevant transactions, that the Funds were insolvent, as BVI law requires to

maintain both the Section 245 and Section 246 claims.  Third, the pleadings establish dispositive

4

affirmative defenses to these claims.  The Complaints make clear that the relevant transactions

were made in the ordinary course of business, which defeats the Section 245 claim, and were

undertaken with a good faith belief that they would benefit the Funds, which defeats the Section

246 claim.  Finally, the statutory relief sought by the Liquidators is the right to request that the

BVI Court provide a discretionary remedy.  That discretion cannot be exercised by this Court.

*Seventh*, the Complaints against certain Defendants domiciled in Switzerland (the "Swiss

Moving Defendants")[4] and elsewhere must be dismissed for failure to properly serve these

Defendants with process.  The Liquidators allegedly served Swiss Moving Defendants by

international registered mail, but such service is prohibited by Swiss law and contrary to the

Federal Rules, and thus is ineffective.

This Court should deny the Liquidators' Motion for Leave to Amend and dismiss the

Complaints in their entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

### Defendants Invest in the Funds

Defendants are purported investors in Sentry, Sigma, and Lambda, the largest group of

"feeder funds" for Bernard L. Madoff Investment Securities LLC ("BLMIS").  PAC ¶ 2.  The

Funds, which are organized under BVI law, sold shares to foreign investors in accordance with

each Fund's Articles.  A number of the Funds' shareholders invested as nominees on behalf of

underlying beneficial owners (the "Beneficial Owners").  To purchase shares in the Funds,

certain investors were required to sign Subscription Agreements.  *Id.* ¶ 29.  The terms of their

investments, including the redemption rights, were not governed by the Subscription

Agreements, however, but by the Articles.  *See* Privy Council Decision ¶ 10 (Decl. of William

---

[4]    The Swiss Moving Defendants are listed in Appendix C.

Hare, dated October 21, 2016 ("Hare Decl."), Ex. Q); *Sec. Inv'r Prot. Corp. v. Bernard L.*

*Madoff Inv. Sec. LLC*, Adv. Pro. No. 11-02732 (SMB), 2016 WL 6900689, at *15 (Bankr.

S.D.N.Y. Nov. 22, 2016) (the "*Extraterritoriality Decision*") ("[T]he Privy Council in *Fairfield*

*Sentry* ruled that the redemptions were governed by the Articles of Association and BVI law.").

The Articles granted investors the right to redeem their shares at a price equal to the Funds'

NAV, which the Funds calculated based on the value of each of the Funds divided by their

outstanding shares, minus certain expenses.  PAC ¶ 179.  This was the same basis that the Funds

used to determine the subscription price for a share in the Funds.  *Id.* ¶ 180.  The Funds' NAV

was calculated by their administrator, Citco Fund Services (Europe) B.V. and its delegate Citco

(Canada) Inc. (together, "Citco"), which issued NAV statements to shareholders on behalf of the

Funds.  *Id.* ¶ 46.  Following a redemption request, the Funds were required to pay the redeeming

shareholder an amount based on the NAV in return for the redemption of the shares.  *Id.*

In December 2008, BLMIS's massive fraud was revealed, and in April 2009 the Funds

entered liquidation proceedings before the BVI High Court of Justice, Commercial Division (the

"BVI Court").  *Id.* ¶¶ 25-27.

**Fund Investors Bring a Class Action Against Citco, Alleging Bad Faith**

Years before the Liquidators sought to amend their Complaints here to allege Citco's bad

faith, certain of the Funds' shareholders commenced a proposed class action against Citco, as

well as several of the Funds' other service providers, in the U.S. District Court for the Southern

District of New York (the "District Court").  *See* Consolidated Am. Compl., *Anwar v. Fairfield*

*Greenwich Ltd.*, No. 09-cv-118 (VM) (S.D.N.Y. Apr. 24, 2009) (Dkt. No. 116).  The *Anwar*

plaintiffs alleged that Citco, among other misconduct, had "agreed to act in good faith in the

performance of its services as Fund Administrator," including calculating the Funds' NAV, but

failed to do so, "breach[ing] its Administration Agreements." *Id.* ¶¶ 268(d), 270.  The *Anwar*

plaintiffs amended their pleadings in September 2009, raising similar bad faith allegations.

Second Consolidated Am. Compl. ¶¶ 336-39, *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118

(VM) (S.D.N.Y. Sept. 29, 2009) (Dkt. No. 273).

      In August 2010, the District Court denied Citco's and the other defendants' motions to

dismiss, holding that the *Anwar* plaintiffs' allegations were sufficient to support, among other

theories, claims against Citco for securities fraud.  *Anwar v. Fairfield Greenwich Ltd.*, 728 F.

Supp. 2d 372, 423 (S.D.N.Y. 2010) ("[T]he facts alleged by Plaintiffs [against Citco] are

sufficient to support a strong inference of scienter.").

**Sentry Sues its Directors and Other Agents for Acting in Bad Faith**

      In May 2009, Sentry brought an action in the Supreme Court of the State of New York

alleging that one of its directors and various of its agents acted in bad faith with respect to

calculating the NAV.  *See* Compl., *Fairfield Sentry Ltd. v. Fairfield Greenwich Grp.*, Adv. Pro.

No. 10-3800 (SMB) (Bankr. S.D.N.Y. Sept. 29, 2010) (Dkt. No. 1-5) ("*Sentry v. FGG* Compl.").

      Specifically, Sentry claimed that these individuals "were grossly negligent and recklessly

disregarded their fiduciary duties by their conduct and inaction," including by "[f]ailing to

supervise CITCO" and failing to "independently verify the underlying information of the Net

Asset Value Reports on which management and performance fees were calculated and paid."

*Sentry v. FGG* Compl. ¶¶ 13-17, 19-22, 79, 99.[5]  The case was ultimately removed to this Court

and remains pending.

---

[5]    The Court can take judicial notice of these admissions, and the burden rests on the Liquidators to controvert
them.  *Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) ("[T]he Court may take
judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial
proceedings …."); *Breeden v. Kirkpatrick & Lockhart, LLP*, 268 B.R. 704, 712 n.6 (S.D.N.Y. 2001) (allegations
made by a party in another proceeding are "binding on the [party] unless he persuasively controverts them").

**The Liquidators Commence the BVI Actions and the Actions Now Before This Court**

Between October 2009 and March 2010, following the commencement of the *Anwar* and *Sentry v. FGG* actions, the Liquidators commenced actions in the BVI Court against a number of the Funds' own alleged investors (including many Defendants) seeking restitution of redemption payments paid by the Funds prior to BLMIS's collapse (the "BVI Actions"). *See* Hare Decl. ¶ 15; Sentry Statement of Claim (*id.*, Ex. A). The Liquidators' claims were based on the theory that the Funds' "NAV was calculated under a mistake of fact as, unbeknown to the Claimant, BLMIS was in fact operating a Ponzi scheme," the actual NAV was "nil or a nominal value," and therefore the investors "ha[d] been unjustly enriched at the expense of the [Funds] and … are liable to make restitution." Sentry Statement of Claim ¶¶ 9-11 (*id.*, Ex. A). The Liquidators ultimately brought 33 separate claims in the BVI Actions against 74 defendants, seeking to recover approximately $1.45 billion. Hare Decl. ¶ 20.

Between April and July 2010, the Liquidators separately commenced additional actions in New York state court against hundreds of the Funds' shareholders—including many already sued in the BVI Actions—and underlying Beneficial Owners. The Liquidators' claims for unjust enrichment, mistaken payment, and money had and received (the "Common Law Claims") concerned different time periods than those in the BVI Actions, but were all based on the same theory of mistake.

On July 22, 2010, this Court granted the Liquidators' petitions seeking recognition of the Funds' BVI liquidation proceedings as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code. Recognition Order, *In re Fairfield Sentry Ltd.*, No. 10-13164 (Bankr. S.D.N.Y. July 22, 2010) (Dkt. No. 47). Upon recognition, the Liquidators filed directly in this Court numerous additional actions against investors. They then removed certain of the Actions

8

they had originally brought in New York state court to the District Court, claiming that these actions were subject to federal bankruptcy jurisdiction under 28 U.S.C. § 1334. The District Court referred those actions to this Court, where they were administratively consolidated with the directly-filed actions.[6] The Liquidators tried to serve Defendants in the Actions solely via international registered mail only to registered shareholders. *See, e.g.*, Affidavit of Service, *Fairfield Sentry Ltd. v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-03633 (SMB) (Bankr. S.D.N.Y. Sept. 10, 2010) (Dkt. No. 1-4).

**The District Court Determines This Court Lacks Core Jurisdiction**

In October 2010, defendants in many of the removed actions (the "Remand Defendants") moved this Court to remand those actions to New York state court for lack of subject matter jurisdiction and/or mandatory or permissive abstention. The Liquidators then amended their Complaints in many of the Actions to assert alternative claims under the BVI Insolvency Act of 2003 (the "BVI Insolvency Act") (the "BVI Insolvency Claims"). In May 2011, the Bankruptcy Court denied the Remand Defendants' motions, finding that it had subject matter jurisdiction and that the Court would not abstain from exercising jurisdiction. *See In re Fairfield Sentry Ltd.*, 452 B.R. 64 (Bankr. S.D.N.Y. 2011). In September 2011, after granting leave for an interlocutory appeal, the District Court reversed the Bankruptcy Court's ruling that it had "core" jurisdiction over the Actions, and remanded the cases to this Court to determine whether the removed actions could be timely adjudicated in state court for purposes of remand under 28 U.S.C. § 1334(c)(2). *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665 (S.D.N.Y. 2011).[7]

---

[6]   *See* Order and Am. Order Authorizing the Consolidation of the Redeemer Actions Pursuant to Fed. R. Bankr. P. 7042, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.)*, Adv. Pro. No. 10-03496 (SMB) (Bankr. S.D.N.Y. Nov. 10, 2010) (Dkt. Nos. 24, 25).

[7]   Due to the passage of time, the filing of additional cases that are not subject to remand, and the clarification of the law in the BVI, the Remand Defendants listed in Appendix D are seeking to withdraw their remand motions.

**The Actions Are Stayed While the Liquidators Exhaustively Litigate (and Lose)
"Preliminary Issues" in the BVI Actions**

Shortly after the District Court remanded the Actions to this Court, the BVI Court

dismissed a group of BVI "test cases" after resolving a set of "preliminary issues" that were

dispositive of the BVI Actions.  Prelim. Issues Order (Decl. of Phillip Kite, dated January 12,

2017 ("Kite Decl."), Ex. C); Summary Judgment Order (Kite Decl., Ex. E).  To save time and

cost, certain defendants in the BVI Actions applied for a trial of two preliminary issues of law

(the "PI Defendants").  If decided in the PI Defendants' favor, either of the issues would

independently preclude claims based on the Funds' use of an allegedly incorrect NAV to

calculate the redemption price.  *See* Kite Decl. ¶ 9; PI Defs.' Prelim. Issues Skeleton (Hare Decl.,

Ex. G).

The first preliminary issue was whether Article 11 of the Articles irrevocably bound the

Funds to their published NAV statements (the "Article 11 Issue").  Article 11 provides in

relevant part:

> Any certificate as to the Net Asset Value per Share or as to the
> Subscription Price or Redemption Price therefor given in good
> faith by or on behalf of the Directors shall be binding on all parties.

Sentry's Articles, Art. 11(1), (Hare Decl., Ex. F).  The PI Defendants asserted that the Article 11

Issue could be resolved based on a simple review of certain sample documents published by the

Funds to determine whether they constituted "certificates" within the meaning of Article 11.  PI

Defs.' Prelim. Issues Skeleton ¶ 20 (Hare Decl., Ex. G).  The PI Defendants argued that, in this

context, it was unnecessary as a matter of law to determine whether the certificates were given in

good faith by or on behalf of the Funds' directors because (a) if the directors acted in bad faith

when publishing inflated NAV statements, then the Liquidators' claims for mistake must fail

because the Funds were not genuinely mistaken, and (b) if, as necessary to preserve their claims,

10

the Liquidators alleged that the directors acted in good faith, then the Liquidators admitted the

requirement was met. *Id.* ¶ 22.  In that context, the Liquidators never disputed the proposition

that the directors' good faith was irrelevant, although they had every opportunity to do so.  Even

now, they continue to take the position that the Funds at all times acted in good faith.  *See, e.g.*,

PAC ¶¶ 5, 39, 40, 75.

The second preliminary issue was "whether the surrender of the shares, as bundles of

rights, was good consideration whatever the NAV per share may have been" (the "Good

Consideration Issue" and, with the Article 11 Issue, the "Preliminary Issues").  PI Defs.' Prelim.

Issues Skeleton ¶ 30 (Hare Decl., Ex. G).  The Liquidators accepted that the Good Consideration

Issue was a "point of law."  Sentry's Prelim. Issues Skeleton ¶ 13 (Hare Decl., Ex. H).

In September 2011, the BVI Court ruled on the Preliminary Issues.  On the Article 11

Issue, the BVI Court held that the sample documents were not "certificates" within the meaning

of Article 11, because they were routine communications, while any certificates would have been

discretionary issuances from the directors and would have required the directors' signatures to

prove their direct certification.  Prelim. Issues Judgment ¶¶ 31-33 (Kite Decl., Ex. B).

On the Good Consideration Issue, however, the BVI Court held that, even without any

Article 11 certificate, the redeemed members had given good consideration by surrendering their

shares and thus the Liquidators could not recover the redemption payments.  *Id.* ¶¶ 34-36 ("I

cannot see how the subsequently discovered fact that BLMIS was a Ponzi scheme can be said to

have vitiated that bargain so as to entitle Sentry to recover the redemption money/purchase

price.").  In light of its decision on these Preliminary Issues, the BVI Court granted summary

judgment dismissing in their entirety the Liquidators' claims against the PI Defendants.

Summary Judgment Order (Kite Decl., Ex. E).  In doing so, the Court rejected the Liquidators'

attempt to delay judgment on the basis of facts not yet known to them, finding that such facts were irrelevant given its decisions as a matter of law. *Id.* ¶¶ 20-22. The Liquidators and the PI Defendants subsequently cross-appealed the BVI Court's Preliminary Issues decision, including with respect to the BVI Court's summary judgment ruling, to the Eastern Caribbean Court of Appeal (the "EC Court of Appeal"). Hare Decl. ¶ 36.

Following the BVI Court's Preliminary Issues Judgment, this Court stayed the Actions pending the outcome of any appeal of that decision, *see* Am. Order Staying Redeemer Actions (Oct. 19, 2011) (Dkt. No. 418),[8] recognizing that this would "permit resolution of controlling issues relating . . . to the merits of Plaintiffs' claims" Mem. Endorsement of Letter to Judge Lifland (Jan. 10, 2012) (Dkt. No. 445).

The Liquidators tried to have the stay lifted even before the EC Court of Appeal adjudicated their appeal of the BVI Court's decision. *See* Letter to Judge Lifland (Dec. 14, 2011) (Dkt. No. 434); Mot. to Allow Limited Relief from Order Staying Redeemer Actions (May 25, 2012) (Dkt. No. 477). Those attempts were repeatedly denied, *see* Mem. Endorsing Order (Jan. 10, 2012) (Dkt. No. 445); Minute Order and Bench Ruling (July 19, 2012) (Dkt. No. 799), and the Court acknowledged "the glaring uncertainty of the offshore underpinnings for this litigation in its entirety," Bench Ruling at 2 (July 19, 2012) (Dkt. No. 799-2).

On June 13, 2012, the EC Court of Appeal dismissed the Liquidators' appeal of the BVI Court's decision on the Preliminary Issues, upholding the BVI Court's ruling on both the Article 11 Issue and the Good Consideration Issue, as well as the BVI Court's grant of summary judgment based on the Good Consideration Issue having been decided in the PI Defendants'

---

[8]    The Actions were also stayed pending resolution of the Liquidators' motion seeking in the Second Circuit interlocutory appeal of the District Court's remand and abstention decision, which was denied on March 1, 2012. *See* Denial of Leave to Appeal, *Fairfield Sentry Ltd. v. HSBC Private Bank (Suisse) S.A.*, Lead Case No. 11-4425-mb (2d Cir. Mar 1, 2012) (Dkt. No. 52).

favor.  EC Court of Appeal Judgment & Order (Kite Decl., Exs. G, H).  The Liquidators and the

PI Defendants appealed to the Privy Council the portion of the EC Court of Appeal decision that

was adverse to each.[9]

Meanwhile, the Actions remained stayed in this Court, though the Liquidators filed

amended Complaints in 183 of the Actions, asserting new claims for breach of contract (the

"Breach Claims") and breach of the implied covenant of good faith and fair dealing (the "Fair

Dealing Claims," and together with the Breach Claims, the "Contract Claims") on the theory that

"the Madoff fraud-inflated NAV was subject to revision until finally certified (and could not be

used to defeat those claims), and the redeemers were under an implied obligation to return

overpaid redemption amounts."  Mem. of Law in Supp. of Mot. for Leave to Amend at 11 (Oct.

21, 2016) (Dkt. No. 923) ("Mot. for Leave to Amend Br.").[10]

**The Privy Council Issues Its Decision and the Funds Try to Proceed Before This Court**

On April 26, 2014, the Privy Council issued a decision (the "Privy Council Decision")

reversing the EC Court of Appeal's determination on the Article 11 Issue and dismissing the

Liquidators' appeal of the Good Consideration Issue.  Privy Council Decision (Hare Decl., Ex.

Q).  Although the Privy Council found the two Preliminary Issues "closely related" and

"considered [them] together," *id.* ¶ 6, it decided them separately, as its judgment reflects.

The Privy Council began from the principle that restitution is not available to recover

payments made pursuant to contractual obligations.  *Id.* ¶ 18.  In light of that principle, the

Liquidators conceded that if the documents under review were "certificates" establishing the

---

[9]   While the Liquidators sought appeal on the basis that the summary judgment application should have been
adjourned, the Privy Council declined to hear that procedural question, and the only remaining challenge to the grant
of summary judgment in the PI Defendants' favor was the appeal of the Good Consideration Issue.  Kite Decl.
¶¶ 15-19.

[10]   As the Liquidators point out, because they had amended as of right in 129 of the Actions, they were not
permitted to amend their Complaints as of right to assert the Contract Claims, and accordingly seek leave to do so
now.  Mot. for Leave to Amend Br. at 11.

NAV per share, then restitution was not available.  *Id.* ¶ 6.  The Privy Council reviewed the

Articles and concluded that the Funds could not function unless NAV per share was "definitively

ascertained" based on the available documents at the time of a redemption (or subscription).  *Id.*

¶ 21.  If it were otherwise, investors would face "open-ended" liability to repay sums based on

later certificates issued if and when the directors obtained information suggesting the previous

NAV statements were inaccurate.  *Id.* ¶ 23.  The Privy Council concluded that this was an

"impossible construction."  *Id.*  Instead, the Privy Council conceived of only two options:  either

(i) any statement of NAV was binding regardless of its status as a certificate, or (ii) any

statement of NAV issued under the authority of the directors *was* a certificate, and therefore

binding.  *Id.* ¶ 24.  The Privy Council concluded that the Articles supported the latter option

because the ordinary course transaction documents were within the meaning of the word

"certificate," were issued by Citco "under the authority of the Directors," and were "intended to

be definitive."  *Id.* ¶¶ 27-30; *see also* Decl. of Simon Mortimore QC, dated January 13, 2017

("Mortimore Decl."), ¶¶ 28-31.

    The Privy Council therefore reversed the EC Court of Appeal's judgment on the Article

11 Issue by "allow[ing]" the appeal of that issue.  Privy Council Order ¶ 1 (Hare Decl., Ex. R).

As to the Good Consideration Issue (*i.e.*, whether the Funds' claims were precluded regardless of

whether certificates of NAV existed), the Privy Council left the EC Court of Appeal's decision

unaffected and intact by "dismiss[ing]" the Liquidators' appeal of that question, thereby

rendering the BVI Court's summary judgment ruling final.  *Id.* ¶ 2; *see also* Mortimore Decl.

¶ 33.  The result was that the Liquidators' claims against the PI Defendants were barred

independently by the Article 11 decision of the Privy Council *and* the good consideration

decision of the EC Court of Appeal, which the Privy Council upheld.  Mortimore Decl. ¶ 34.

14

After the Privy Council's decision, the Liquidators' actions against the PI Defendants were dismissed, although the rest of the BVI Actions remained pending.  Hare Decl. ¶ 67.  Neither the remaining BVI Actions nor the Actions before this Court moved forward, however, due to a separate application brought by a subset of the PI Defendants and others before the BVI Court pursuant to Section 273 of the BVI Insolvency Act (the "273 Application").  The 273 Application sought to obtain an order from the BVI Court directing the Liquidators to terminate, or enjoining them from pursuing, the Actions before this Court.  *Id.* ¶ 69.  In March 2016, the BVI Court determined that the applicants did not have standing to pursue the relief they sought, and alternatively held that it would be more appropriate for this Court to determine whether the Actions are properly before it:

> The U.S. Bankruptcy Court may determine that there is nothing left of any form of restitutionary claims or that whatever is left is for the determination of this Court given the fact and history of, and judicial admissions and determinations in, the BVI Proceedings, the governing law of the Articles of Association, and other factors it deems legally and factually relevant under its mandate to make preliminary determinations.  And with respect to the BVI Insolvency Act Claims, the U.S. Bankruptcy Court may determine, based on considerations elsewhere in this Judgment . . ., that they should be determined in this jurisdiction and any remedy granted by this Court.

Section 273 Judgment ¶¶ 62-63 (Hare Decl., Ex. S).

While the applicants appealed the Section 273 Judgment to the EC Court of Appeal, Hare Decl. ¶ 71, this Court permitted the Liquidators to file proposed amendments to their Complaints in the Actions.  *See* July 27, 2016 Hr'g Tr. (Decl. of Thomas J. Moloney, dated January 13, 2017 ("Moloney Decl."), Ex. F).  Shortly thereafter, the Liquidators, apparently eager to avoid incurring further unfavorable rulings in the BVI, discontinued all of the remaining BVI

Actions,[11] and proceeded to file their Motion for Leave to Amend and proposed amendments in

each of the Actions before this Court.  Despite having pursued the Preliminary Issues for more

than five years and through three courts, and having lost on both dispositive issues before the

Privy Council, the Liquidators now attempt a "do-over" before this Court.  Defendants oppose

the Liquidators' Motion for Leave as futile and simultaneously move to dismiss the Actions,

which do not belong in this Court and otherwise fail to state a claim for multiple reasons.

## ARGUMENT

The Court should deny the Liquidators' Motion for Leave to Amend and dismiss the

Complaints.  It is well established that leave to amend should not be granted when amendment

would be futile.  *See Haughton v. Burroughs*, No. 98 Civ. 3418 (BSJ), 2004 WL 330242, at *7

(S.D.N.Y. Feb. 23, 2004).  The "standard for denying leave to amend based on futility is the

same as the standard for granting a motion to dismiss."  *IBEW Local Union No. 58 Pension Tr.*

*Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

Amendments are futile and should not be permitted where they "fail to cure prior deficiencies or

to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure," *id.* (quoting

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)), or where

they would be "barred by *res judicata* and collateral estoppel," *Haughton*, 2004 WL 330242, at

---

[11]    The Liquidators' explanation for why they discontinued the BVI Actions is disingenuous.  Rather than
advancing any of their arguments as to why the Privy Council and EC Court of Appeal decisions do not preclude
their claims before a BVI Court, which is inherently the best-situated court to answer that question of procedural and
substantive BVI law, the Liquidators instead claim for the first time that a "cost-benefit analysis" requires them to
pursue their claims in New York because litigating them in the BVI has too many "costs."  However, the only
purported "costs" identified by the Liquidators—namely, that "a substantial number [of defendants] had not
submitted to [] jurisdiction, may not have been successfully served, and/or may have been wound up or struck off as
companies"—are equally present in the Actions before this Court.  *See* Hare Decl. ¶¶ 67-68.

*7.  Thus, if leave to amend is denied because the amendments would be futile, the Complaints

must be dismissed as well.[12]

### I.    The Court Lacks Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction over "all civil proceedings arising under

title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Bankruptcy courts

may "hear and enter final judgments" only in certain "core" proceedings "arising under title 11"

or "arising in" cases under title 11.  *Stern v. Marshall*, 564 U.S. 462, 474 (2011).  Proceedings

that are merely "related to" cases under title 11, on the other hand, are considered "non-core."

*Id.* at 475.  In "non-core" cases, bankruptcy courts "may only" submit proposed findings of fact

and conclusions of law to the district court, which may then enter a final judgment after a *de*

*novo* review of "any matter to which a party objects."  *Id.*

Here, the District Court has already ruled that the Actions neither "arise under" title 11

nor "arise in" a case under title 11 and thus do not fall within this Court's core jurisdiction.  *In re*

*Fairfield Sentry Litig.*, 458 B.R. at 675.  The proposed amendments provide no basis for

revisiting this ruling.  The District Court did not reach the question of whether "related to"

jurisdiction exists in this case, but it plainly does not.

### A.  The Actions Do Not Fall Within the Court's "Core" Jurisdiction

As the District Court held, the Actions "are not within the bankruptcy court's core

jurisdiction."  *Id.* at 689.  There is "no question" that the Actions "do not 'arise under' title 11,"

as "[n]either the causes of action nor substantive rights claimed in these cases are created by the

---

[12]    This Court has substantial discretion as to the sequence in which it decides the issues in this case.  Thus, this Court may dismiss all of the Complaints for failure to state a claim on any of the grounds raised by Defendants without reaching the personal jurisdiction defenses raised by only Foreign Defendants.  *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 247 n.17 (2d Cir. 2012) ("[I]n cases such as this one with multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action, we may address first the facial challenge to the underlying cause of action and, if we dismiss the claim in its entirety, decline to address the personal jurisdictional claims made by some defendants.").

Bankruptcy Code." *Id.* at 675.  The Actions also do not "arise in" a title 11 case "because there

is no statutory basis for United States bankruptcy jurisdiction here" and the claims, which consist

primarily of "standard common law claims for money had and received, mistaken payment, or

unjust enrichment," are "entirely independent" of federal bankruptcy law.  *Id.* at 684-85.

In rejecting the Liquidators' claim that "core" jurisdiction exists because they purport to

seek relief under 11 U.S.C. §§ 1521(a)(5) and (a)(7), the District Court explained that those

statutory provisions permit the exercise of jurisdiction only where a foreign representative seeks

to recover assets located in the United States, and here "*no assets* sought [by the Liquidators] are

located within the territorial jurisdiction of the United States." *Id.* at 677-82.  The Liquidators

try to sidestep the District Court's finding by claiming in a footnote that "transfers of property

that were directed into the territorial jurisdiction of the United States[] render the claims asserted

in this complaint core in accordance with the District Court's decision."  PAC ¶ 18 n.1.  This

argument fails for multiple reasons.  As an initial matter, the proposed amendments do not allege

that any redemption payments remain in the United States.  To the contrary, what they do

allege—the use of correspondent accounts to receive redemption payments, *see id.*, Ex. A—in

fact necessarily contemplates a subsequent international transfer from the correspondent

accounts, meaning that no redemption payments remain here.[13]  In any event, even if it were or

could be properly alleged that redemption payments are located in the United States, such

payments are not now property of the Funds, and thus they cannot provide a basis for core

---

[13]    *See* Benjamin Geva, *International Funds Transfers—Performance by Wire Payment*, 4 BANKING & FIN. L. REV.
111, 122-25 (1990) (explaining that "where the originating bank [*i.e.*, Fairfield's bank] and destination bank [*i.e.*,
foreign shareholder's bank] do not employ a common correspondent, each may use its own correspondent" to
complete the transfer, which is a two-step process of "(i) debit on the books of the transmitting bank, and (ii) a credit
on books of the receiving [foreign] bank"); *see also Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513
B.R. 222, 228 n.1 (S.D.N.Y. 2014) (noting that the use of correspondent accounts entails "the movement of funds
into *and out of* U.S.-based bank accounts") (emphasis added) (internal citation omitted).

jurisdiction.  *See In re Fairfield Sentry Litig.*, 458 B.R. at 686 n.12.  Accordingly, the District

Court's holding that this Court lacks core jurisdiction over the Actions must stand.[14]

### B.  There Is No Basis for the Court to Exercise "Related to" Jurisdiction

The District Court's reasoning in concluding that there is "at least" no core jurisdiction

over the Actions strongly indicates that non-core jurisdiction is also lacking.  *Id.* at 682 ("Where

no assets are located within the territorial jurisdiction of the United States and the foreign

representative seeks an order of the court that acts upon assets, at least core jurisdiction does not

lie.").[15]  Section 1334(b) does not confer federal jurisdiction over civil proceedings "related to

cases under title 11" in a Chapter 15 case involving wholly foreign-based claims (foreign

plaintiffs, foreign transfers, foreign defendants with foreign assets, and foreign law claims that

do not implicate any assets located in the United States), as jurisdiction in Chapter 15 cases is

territorially limited.  To construe Section 1334(b) otherwise would impermissibly expand federal

jurisdiction, contrary to the express territorial limitations of Chapter 15, and effectively render

U.S. bankruptcy courts collection courts for the entire world.

---

[14]    Even if it were or could be properly pleaded that the Liquidators seek the recovery of Fund property located in the United States, this would not change the District Court's holding that the Liquidators' claims have "nothing to do with" a matter of public right and thus cannot be constitutionally decided by a non-Article III court, *In re Fairfield Sentry Litig.*, 458 B.R. at 687-88, without Defendants' consent, *see Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), which Defendants here do not give.  Accordingly, should this Court determine that the Liquidators seek recovery of U.S. assets, it is limited to entering proposed findings of fact and conclusions of law.

[15]    Although Judge Lifland found that "related to" jurisdiction exists in these Actions, *In re Fairfield Sentry Ltd.*, 452 B.R. 64, 74 (Bankr. S.D.N.Y. 2011), Judge Preska, in reviewing Judge Lifland's decision, expressly chose not to reach this issue and instead directed this Court to reconsider mandatory abstention.  *In re Fairfield Sentry Litig.*, 458 B.R. at 689.  Judge Lifland's ruling is not law of the case because "questions of subject matter jurisdiction are generally exempt from law of the case principles."  *Walsh v. McGee*, 918 F. Supp. 107, 112-13 (S.D.N.Y. 1996); *see also Rezzonico v. H&R Block, Inc.*, 182 F.3d 144, 149 (2d Cir. 1999) ("[R]eexamination of a question regarding [subject matter] jurisdiction is especially important whenever there is reason to believe that it may be lacking."); *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 77 (2d Cir. 1992) (approving of district court's rejection of law of the case doctrine and noting that "subject matter jurisdiction is particularly suited for reconsideration").

1.  <u>"Related to" Jurisdiction Does Not Extend to a Chapter 15 Proceeding
When No Assets Are Located in the United States</u>

Although the Second Circuit has determined that federal jurisdiction may be extended to

cases "related to" Chapter 15 ancillary proceedings implicating U.S.-based assets, *see Parmalat*

*Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011), no court has ever

found that "related to" jurisdiction extends to a Chapter 15 proceeding where, as here, the *assets*

*sought* are located abroad.

As the District Court explained, the purpose of an ancillary Chapter 15 proceeding "is to

provide assistance to a foreign representative in a country where the foreign court may not have

jurisdiction to prevent debtors from hiding assets." *In re Fairfield Sentry Litig.*, 458 B.R. at 680.

Accordingly, "Chapter 15's position and structure in the international bankruptcy context does

not contemplate jurisdiction over assets located abroad." *Id.* Instead, "Chapter 15 ancillary

cases assert only territorial jurisdiction over a debtor's assets located here." *Id.* at 679; *see also*

*In re JSC BTA Bank*, 434 B.R. 334, 345 (Bankr. S.D.N.Y. 2010) ("[I]n the chapter 15 context, a

bankruptcy court's jurisdiction over property of the debtor is expressly limited to property

located 'within the territorial jurisdiction of the United States.'"); H.R. Rep. No. 109-31(I), at

114-15 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 177 ("The only property covered by this

section is property within the territorial jurisdiction of the United States . . . ."); 8 Collier on

Bankruptcy ¶ 1502.01[8] ("[C]hapter 15, and the Model Law, intend that ancillary cases be

limited to property within the recognizing country."). Indeed, even where a foreign

representative commences a plenary case under another chapter of title 11, "the application of

United States law, which ordinarily applies universally, is limited to assets 'within the territorial

jurisdiction of the United States.'" *In re Fairfield Sentry Litig.*, 458 B.R. at 679-80 (quoting 11

U.S.C. § 1528).

20

Notably, courts analyzing subject matter jurisdiction with respect to Chapter 15's

predecessor, Section 304, refused to find "related to" jurisdiction where the claims "[did] not

seek to recover property or otherwise implicate the foreign debtors' assets in this country" and

lacked any "clear nexus" to the United States. *See, e.g.*, *JCPL Leasing Corp. v. Treco*, 227 B.R.

343, 350 (Bankr. S.D.N.Y. 1998). Chapter 15 case law is equally "consistent with the territorial

application of foreign law." *In re Fairfield Sentry Litig.*, 458 B.R. at 681.

Allowing the unprecedented expansion of subject matter jurisdiction that the Liquidators

demand would invite foreign liquidators to file suits in the United States asserting foreign-law

claims to avoid foreign transfers based solely on a prior grant of Chapter 15 recognition,

undermining the United States' "strong interest in not assuming the singular burden of collection

court to the world." *In re Bancredit Cayman Ltd.*, Bankr. No. 06-11026 (SMB), Adv. No. 08-

1147, 2008 WL 5396618, at *9 (Bankr. S.D.N.Y. Nov. 25, 2008) (Bernstein, J.).

2. No "Related to" Jurisdiction Exists Here

Even if the Court finds that the absence of any potentially recoverable U.S. assets is not

an absolute impediment to these cases moving forward, the Actions are still only "'related to' a

title 11 case if [their] outcome might have any conceivable effect on the bankrupt estate."

*Parmalat*, 639 F.3d at 578-79 (internal quotation marks omitted).

Although the Second Circuit in *Parmalat* held that the relevant "estate" for jurisdictional

purposes was a foreign estate, it did not consider whether this interpretation comports with the

requirements of Article III of the U.S. Constitution when the claims brought do not otherwise

have any connection to federal law, as indeed it does not. The grant of bankruptcy jurisdiction to

federal courts is premised on Article III's authorization of jurisdiction over "[c]ases . . . arising

under . . . the [l]aws of the United States." U.S. Const. Art. III, § 2. The claims here involve

foreign law, foreign parties, and an effort to recover transfers made by a foreign entity to

21

investors located overseas for the remote potential benefit of a foreign estate.  Under these

circumstances, it is clear that these Actions do not implicate the laws of the United States and

cannot support the exercise of Article III "arising under" jurisdiction.[16]

This Court does not need to reach this constitutional issue, however, because even if the

Funds' foreign estate is considered relevant, "related to" jurisdiction does not exist here.  The

Supreme Court has made clear that "related to" jurisdiction "cannot be limitless."  *Celotex Corp.*

*v. Edwards*, 514 U.S. 300, 308 (1995).  In particular, as the Third Circuit, which crafted this test,

has repeatedly held, "related to" jurisdiction does not exist if another action would need to be

filed before the current action could affect a bankruptcy proceeding.  *See, e.g.*, *In re W.R. Grace*

*& Co.*, 591 F.3d 164, 172 (3d Cir. 2009) (no "related to" jurisdiction where "an entirely separate

action would be necessary for any liability incurred by [defendant] to have an impact on [the]

estate"); *see also In re Fed.-Mogul Glob., Inc.,* 300 F.3d 368, 382 (3d Cir. 2002).

Here, the outcome of the Actions would have no impact on this Chapter 15 case and

would have too tangential an effect on the Funds' foreign estates to support "related to"

jurisdiction.  The potential effect of any determination this Court could make with respect to the

BVI Insolvency Claims is especially attenuated, as the BVI Court would need to independently

assess the merits of these claims and exercise its discretion to grant the relief sought before there

could be any impact on the estates.  *See infra* Part III.D.4.  Moreover, the Liquidators have

admitted that any judgment against Defendants "will then have to leave here and be enforced

---

[16]    The mere fact that the Liquidators have been recognized as foreign representatives under Chapter 15 does not
alter this conclusion.  Notably, "cases under chapter 15 are ancillary in nature and do not create an estate within the
meaning of section 541 of the Bankruptcy Code."  *In re JSC BTA Bank*, 434 B.R. at 337.  Moreover, as the Supreme
Court has made clear, there is a "distinction between 'jurisdictional statutes' and 'the federal law under which [an]
action arises, for Art. III purposes.'"  *Mesa v. California*, 489. U.S. 121, 136 (1989) (quoting *Verlinden B.V. v.
Central Bank of Nigeria*, 461 U.S. 480 (1983)) (holding that Section 1442(a), which authorizes removal of certain
actions against federal officers, does not constitute the federal law under which any removed action must arise for
Article III purposes).  It cannot be that a bankruptcy court has jurisdiction over any action commenced by a foreign
representative solely by virtue of Chapter 15 recognition.

elsewhere"—in the jurisdictions where Defendants' assets are actually located—before any

recovery will inure to the estates.  Recognition Hr'g Tr. at 28-29, *In re Fairfield Sentry Ltd.*, No.

10-13164 (Bankr. S.D.N.Y. July 26, 2010) (Dkt. No. 49).  This renders any effect of the Actions

on the Funds' estates too remote to support "related to" jurisdiction.

## II.    The Court Lacks Personal Jurisdiction over Foreign Defendants

The Liquidators bear the burden of establishing that this Court has personal jurisdiction

over each Defendant, *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016),

and "with respect to *each* claim asserted," *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24

(2d Cir. 2004) (emphasis in original).  The Liquidators cannot satisfy their burden by relying on

"conclusory non-fact-specific jurisdictional allegations."  *Jazini v. Nissan Motor Co.*, 148 F.3d

181, 185 (2d Cir. 1998).  Further, in assessing the sufficiency of the allegations, this Court may

not "accept as true a legal conclusion couched as a factual allegation."  *Id.* at 185 (internal

quotation marks and citation omitted).

The Liquidators also must make a *prima facie* showing that exercising personal

jurisdiction over each Foreign Defendant would be consistent with the requirements of the Due

Process Clause of the Fifth Amendment.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945).  To do so, the Complaints must allege (i) sufficient "minimum contacts" showing either

that Foreign Defendants have a "substantial connection" to the United States or that they

"purposefully" directed their actions to the United States, and (ii) that the claims "arise out of"

such contacts.  *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014).[17]  The Court's inquiry must

"focus[] on the relationship among the defendant, the forum, and *the litigation*."  *Id.* (emphasis

---

[17]    General jurisdiction over Foreign Defendants is lacking as there is no allegation that any Foreign Defendant is incorporated or has its principal place of business in the United States.  *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760-62 (2014).

added).  The Liquidators must also demonstrate that exercising jurisdiction would be reasonable. *Int'l Shoe Co.*, 326 U.S. at 316.

The Complaints' threadbare jurisdictional allegations, even considering the Liquidators' proposed amendments, fail to satisfy these requirements.

### A.  The Forum Selection Clause Does Not Apply to the Liquidators' Claims

Contrary to the Liquidators' assertions here, PAC ¶¶ 19-20, the forum selection clause contained in certain of the Subscription Agreements (the "Forum Selection Clause" or the "Clause") purportedly signed by some Defendants does not establish personal jurisdiction over any of those Defendants.[18]  A forum selection clause governs only if it "covers the claims and parties involved in the dispute." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383, 389 (2d Cir. 2007) ("[W]hen ascertaining the applicability of a contractual provision to particular claims, we examine the substance of those claims, shorn of their labels.").  In making this determination, the Court must view "the facts in the light most favorable to the party *resisting* enforcement of the forum selection clause." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 445, 458 (S.D.N.Y. 2013) (emphasis added), *aff'd*, 797 F.3d 148 (2d Cir. 2015).  While federal law controls the question of the enforceability of forum selection clauses, such clauses must be interpreted pursuant to the governing law chosen by the parties in the relevant contract, which in this case is New York law.  Sentry Subscription Agreement ¶ 16 (Moloney Decl., Ex. A).  The Forum Selection Clause does not govern here.

*First*, as this Court has observed, the Privy Council has already ruled that the claims here are governed by the Articles, not the Subscription Agreements.  The Liquidators offer no reason to revisit that court's pronouncement.  *Second*, the Liquidators previously conceded that their

---

[18]    The Foreign Defendants not alleged to have signed any Subscription Agreement themselves are listed in Appendix B-1.

"claims are *not* made on or *in respect of* those [subscription] agreements,"[19] which judicially

estops the Liquidators from changing course at this late juncture.  *Third*, it is plain that the

Liquidators' claims—which all relate to redemption payments made by the Funds in accordance

with the Articles and after the contractual relationship was formed—are simply not covered by

the Forum Selection Clause.  To the contrary, the Clause relates solely to claims "with respect

to" both (a) the *Subscription Agreement*—which merely "binds the subscriber to his

subscription," Privy Council Decision ¶ 10 (Hare Decl., Ex. Q)—and (b) the Fund.  For these

reasons, the Forum Selection Clause is irrelevant to the Court's jurisdictional analysis.

> 1. <u>There Is No Reason to Revisit Prior Court Rulings that the Common Law
>    Claims Are Governed by the Articles</u>

The Liquidators' allegation that the Forum Selection Clause confers personal jurisdiction

over certain Defendants contradicts previous rulings.  The Privy Council determined that the

Liquidators' Common Law Claims "depend wholly on the construction of the Articles, which is

governed by the law of the British Virgin Islands."  *Id.* ¶ 20.  The Privy Council also made

abundantly clear that the Subscription Agreements "bind[] the subscriber to his subscription . . ."

and are "otherwise concerned entirely with acknowledgements, representations and warranties as

to [the subscriber's] understanding of the investment."  *Id.* ¶ 10.  However, "what matters is not

the subscriber's acknowledgements, representations and warranties" but "the terms of the

subscriber's membership of the Fund," which "are to be found in the Articles of Association of

the Fund."  *Id.*; *see also* Decision of Bannister, J. ¶ 14 (Hare Decl., Ex. N) (identifying the

Articles as "*the very agreement[s] pursuant to which the defendants . . . were paid their

redemption monies*") (emphasis added); July 27, 2016 Hr'g Tr. 36:13-15 (Moloney Decl., Ex. F)

---

[19]    *See* Sentry Skeleton for Application for Permission to Serve Out of the Jurisdiction (May 12, 2010) ¶ 16(6)
(Kite Decl., Ex. Q) (emphasis added).

(Bankruptcy Court identifying the Liquidators' claims as those "[that Plaintiffs have] asserted

relating to the inflated NAVs").  The Articles—not the Subscription Agreements—set forth in

detail the procedures to be followed in determining the NAV, how shares could be redeemed,

and how the Funds would make redemption payments.  *See, e.g.*, Sentry Articles, Arts. 9-11

(Hare Decl., Ex. F).  These terms are the subject of the Liquidators' claims.  *See* PAC ¶¶ 179-85.

And this Court, in holding that the BVI has the greater interest in regulating the activity

between the Funds and their shareholders, found that "the Privy Council in *Fairfield Sentry* ruled

that the redemptions were governed by the Articles of Association and BVI law."

*Extraterritoriality Decision*, at *14-15 ("[I]f shareholders had any expectations relating to which

law governed redemptions, they should have expected BVI law governed.").  Based on the

collateral estoppel principles discussed *infra* at Part III.B.1, the Liquidators are not now at liberty

to argue otherwise.  There is no basis for revisiting this issue.

### 2. The Liquidators Are Judicially Estopped from Asserting that Their Claims Are "with Respect to" the Subscription Agreement and the Funds

In any event, the Liquidators are now judicially estopped from reversing course by

arguing that their claims are "with respect to" the Subscription Agreement and the Funds.  A

party is judicially estopped from raising an argument that is "clearly inconsistent with its earlier

position" where the party "has succeeded in persuading a court to accept that party's earlier

position."  *See Adelphia Recovery Tr. v. Goldman, Sachs & Co.*, 748 F.3d 110, 116 (2d Cir.

2014) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001)).  That is precisely what

the Liquidators did in 2010, in an application filed with the BVI Court seeking permission to

serve certain Defendants with the pleadings in these Actions.  To demonstrate that the manner in

which service was to be effected on defendants in those proceedings complied with BVI law, the

Liquidators stated that their "claims are *not* made on or *in respect of* [the subscription]

26

agreements." *See* Sentry Skeleton for Application for Permission to Serve Out of the

Jurisdiction (May 12, 2012) ¶ 16(6) (emphasis added) (Kite Decl., Ex. Q).[20]   The Liquidators

conceded instead that the redemption payments at issue were made "pursuant to the mechanisms

set out in Articles 9 to 11 of the *Articles of Association*" and that their Common Law Claims

were "made on the basis that a redemption price in excess of that due under the Articles [of

Association] was paid by mistake." *Id.* ¶ 16(4)-(5) (emphasis added).   More than six years ago,

the BVI Court granted this service application and adopted the Liquidators' characterization, *see*

Order Granting Service Application (Kite Decl., Ex. R), thus triggering the preclusive effect of

judicial estoppel.[21]   Accordingly, the Liquidators may not now take the contrary position in these

Actions, years after their declaration and the BVI Court's recognition that their claims are

governed by the Articles.  *Cf. Baines v. City of New York*, No. 10-CV-9545 (JMF), 2015 WL

3555758, at *1 (S.D.N.Y. June 8, 2015) (explaining that courts "may disregard the factual

allegations in an amended complaint where a plaintiff blatantly changes his story to directly

contradict[] his earlier pleadings") (internal quotation marks omitted).

### 3.  The Liquidators' Claims Are Not "with Respect to" the Subscription Agreement and the Funds

Even were this Court to visit this issue anew, the Liquidators cannot rely on the Forum

Selection Clause because their claims do not "relate to the precise language of the specific

---

[20]     Specifically, the Liquidators argued that their claims were governed by BVI law in order to strategically take advantage of the extraterritorial service procedures prescribed by Eastern Caribbean Supreme Court Civil Procedure Rule 7.3(3)(b)(ii), which states that "(3) A claim form be served out of the jurisdiction if . . . (b) a claim is made in respect of a contract where the contract . . . (ii) is by its terms or by implication governed by the law of any Member State Territory . . . ."  A claim arising under the Subscription Agreement, with its New York choice-of-law and forum selection provisions, would not meet this requirement.

[21]     Judicial estoppel applies with special force where, as here, the adoption was made by a *foreign* court.  *See Rapture Shipping, Ltd. v. Allround Fuel Trading B.V.*, 350 F. Supp. 2d 369, 374 (S.D.N.Y. 2004) (applying judicial estoppel in an otherwise "close call as to whether" to apply it, due in part to the "strong presumption in favor of extending comity to foreign courts"); *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 69 (2d Cir. 1997) ("Judicial estoppel prevents a party in a legal proceeding from taking a position contrary to a position the party has taken in an earlier proceeding.").

[forum selection] clause at issue." *See Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 90 (2d Cir. 2009) (internal quotation marks omitted).[22]

Critically, the Forum Selection Clause includes the conjunctive "and" between the terms "this Subscription Agreement" and "the Fund," which means that the Clause only applies if the claims are "with respect to" both. *See Bruesewith v. Wyeth LLC*, 562 U.S. 223, 236 (2011) ("[L]inking independent ideas is the job of a coordinating junction like 'and' . . . ."). Changing the word "and" to "or" would not only rewrite the contractual language but would render the words "Subscription Agreement and" entirely superfluous:  under that misreading, *every* dispute relating to the Fund would be covered by the Forum Selection Clause, in which case there would be no need to specify that claims with respect to the Subscription Agreement are likewise covered. *See, e.g., Manley v. AmBase Corp.*, 337 F.3d 237, 250 (2d Cir. 2003) (New York law "disfavors interpretations that render contract provisions meaningless or superfluous").[23] Because these claims are not "with respect to" *both* the Subscription Agreement *and* the Fund, they therefore fall squarely outside of the scope of the Forum Selection Clause.

---

[22]    The Forum Selection Clause states as follows:  "New York Courts.  Subscriber agrees that any suit, action or proceeding ("Proceeding") with respect to *this* Subscription Agreement *and* the Fund may be brought in New York. Subscriber irrevocably submits to the jurisdiction of New York courts with respect to any Proceeding and consents that service of process as provided by New York law may be made upon Subscriber in such Proceeding . . . ." Sentry Subscription Agreement ¶ 19 (Moloney Decl., Ex. A) (emphasis added).

[23]    New York courts have read "and" in the disjunctive in limited circumstances, but only when a contrary construction would lead to a "wholly unreasonable and even counter-intuitive result." *Compare Coan v. State Farm Mut. Auto. Ins. Co.*, 911 F. Supp. 81, 85 (E.D.N.Y. 1996) (rejecting plaintiff's attempt to characterize "and" as disjunctive in insurance policy provision), *with Murphy v. Long Island Oyster Farms, Inc.*, 491 N.Y.S.2d 721, 722-23 (2d Dep't 1985) (rejecting plaintiff's attempt to characterize "and" as conjunctive, which would have limited the defendant's contractual rights in a way that ran counter to the "unambiguous[]" meaning of the relevant provision). Here, reading the word "and" as "or" would recast the Forum Selection Clause to cover any dispute whatsoever related to the Fund—an approach the parties rejected by including the words "Subscription Agreement and." Because the Clause is "clear and unambiguous," the written agreement "must be enforced according to the plain meaning of its terms." *Quadrant Structured Prods. Co., Ltd. v. Vertin*, 23 N.Y.3d 549, 559-60 (2014) (quoting *Greenfield v. Philles Records Ltd.*, 98 N.Y.2d 562, 569 (2002)).

**B.  The Complaints and Proposed Amendments Otherwise Fail to Establish Personal Jurisdiction over Foreign Defendants**

The Liquidators have failed to allege any other basis for personal jurisdiction over

Foreign Defendants, as (i) their proposed amendments fail to plead sufficient minimum contacts

by Foreign Defendants with New York, (ii) their claims do not arise out of Foreign Defendants'

purported jurisdictional contacts, and (iii) the exercise of jurisdiction here would otherwise be

unreasonable.  Where, as here, a proposed amended complaint fails to establish personal

jurisdiction, the amendment is properly denied as futile.  *See, e.g.*, *Spiegel v. Schulman*, 604 F.3d

72, 78 (2d Cir. 2010).

1.  The Complaints and Proposed Amendments Fail to Establish Sufficient Minimum Contacts

In these Actions by *foreign* Liquidators against *foreign* Defendants arising from an

alleged "mistake" made by the *foreign* Funds or their *foreign* administrator Citco regarding the

value of the Funds' assets, the proposed amendments try to establish specific personal

jurisdiction by alleging that Foreign Defendants:

- "invest[ed] money with the Funds, knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS;"

- "select[ed] U.S. dollars as the currency in which to invest and execute their transactions in Sentry;" and

- "maintain[ed] bank accounts in the United States," "designated United States-based bank accounts to receive their Redemption Payments from the Funds" and "actively directed Redemption Payments at issue in this action into those bank accounts."  PAC ¶ 19.

As shown below, these allegations are insufficient to establish a "substantial connection"

between Foreign Defendants and the United States; nor do they show that Foreign Defendants

"purposefully directed" their conduct towards the United States.  *See Waldman*, 835 F.3d at 338.

*i.   Intent to make investments in New York is irrelevant*

The allegation that Foreign Defendants knew and intended that the Funds make investments in New York with BLMIS is irrelevant, as it advances nothing more than a stream of commerce theory of jurisdiction, which the Supreme Court has explicitly rejected. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) ("[I]t is not enough that the defendant might have predicted its [money] will reach the forum."). Moreover, that the Funds may have directed *their* activity toward the United States—by depositing *their* assets with BLMIS—cannot support personal jurisdiction over Foreign Defendants because it was Sentry that required funds to be sent to a New York account. *See* Sentry Subscription Agreement at 1 (Moloney Decl., Ex. A). To create jurisdiction here, "the relationship between the defendant and the forum must arise out of contacts that the defendant *himself* creates with the forum." *Waldman*, 835 F.3d at 335 (emphasis in original) (internal quotation marks and citation omitted).

*ii.   Use of U.S. currency is also irrelevant*

Some Foreign Defendants' purported "selection" of the U.S. dollar as the currency in which to transact also plainly cannot support jurisdiction. *See Universal Trading & Inv. Co., Inc. v. Tymoshenko*, No. 11 Civ. 7877(PAC), 2012 WL 6186471, at *3 (S.D.N.Y. Dec. 12, 2012) (finding that transactions made in U.S. dollars did not provide jurisdiction over defendant).[24] It is jurisdictionally irrelevant because Sentry dictated to investors the currency that it would accept for subscriptions, as well as the currency it would use to make the redemption payments. *See, e.g.*, Sentry Articles, Art. 1 (Hare Decl., Ex. F) (defining "Base Currency" as "the currency of the United States of America"), Art. (9)(1)(c) ("[P]ayment [in respect of the issuance of Shares] shall be made in the Base Currency at such time and place and in such manner as the Directors may

---

[24]   The Foreign Defendants against which there is no allegation of use of U.S. dollars in connection with any transaction are listed in Appendix B-2.

from time to time determine . . . ."), Art. 10(1)(c) ("[P]ayment shall be made to the Applicant in the Base Currency in respect of the redemption or purchase of Shares.").  Thus, the "selection" of U.S. dollars was the Funds' purposeful act—not Defendants' act—and cannot support personal jurisdiction.  *See In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 536-37 (S.D.N.Y. 2008) (personal jurisdiction cannot be exercised over a defendant whose jurisdictional contact was investing in a Cayman Islands hedge fund managed by the plaintiffs).[25]

### iii.  *Use of bank accounts in the United States is insufficient*

The Liquidators cannot establish a "substantial connection" to the United States by alleging that some Foreign Defendants maintained and used bank accounts in the United States[26] to receive the redemption payments made by the Funds.[27]  It is well established that the "mere maintenance" of bank accounts and the "knowing receipt of funds" through them do not support personal jurisdiction.  *See, e.g.*, *In re Sledziejowski*, No. 13-22050 (RDD), 2016 WL 6155929, at *7 (Bankr. S.D.N.Y. Oct. 21, 2016); *Leema Enters., Inc. v. Willi*, 575 F. Supp. 1533, 1537 (S.D.N.Y. 1983).

---

[25]    Exercising personal jurisdiction on this basis would dramatically expand federal jurisdiction, as nearly "90 percent of global foreign exchange transactions involve[] the U.S. dollar and more than 80 percent of trade finance [is] conducted in U.S. dollars."  Heath P. Tarbert & Liangshun Qian, *The Perils and Promise of Correspondent Banking*, 133 BANKING L.J. 53, 55-56 (2016).  Moreover, such a ruling could disadvantage the U.S. economy and discourage the use of U.S. dollars, which would make the U.S. dollar less likely to remain the reserve currency of the world.  *Id.* at 53 ("Correspondent banking is important to the U.S. economy as it facilitates global trade . . . ."); Robert J. Carbaugh & David W. Hedrick, *Will the Dollar be Dethroned as the Main Reserve Currency?*, 9 GLOBAL ECON. J. 1, 3 (2009) ("The United States realizes substantial benefits from the dollar's serving as the main reserve currency of the world.  Americans can purchase products at a marginally cheaper rate than other nations, which must exchange their currency with each purchase and pay a transaction cost.").

[26]    The Foreign Defendants against whom there is no allegation that they maintained or used a bank account in the United States in connection with any transaction are listed in Appendix B-3.

[27]    Notably, the correspondent account allegations cannot support jurisdiction over the Liquidators' claims against Foreign Defendants seeking recovery of redemption payments made by Sigma and Lambda.  Although Sigma and Lambda, in turn, invested in Sentry, transforming even those investments into the U.S. dollars Sentry required for all investments, the redemption payments made to investors in those Sigma and Lambda were not paid in U.S. currency and did not require the use of U.S.-based correspondent accounts.  For that reason, the Liquidators do not even try to allege that U.S. accounts were used to receive the Sigma and Lambda redemption payments.

Nor can the Liquidators establish that Foreign Defendants' alleged use of U.S.

correspondent accounts was "purposeful," as is required to support jurisdiction. Correspondent

account contacts must be assessed for their "quality and nature." *See Licci ex rel. Licci v.*

*Lebanese Canadian Bank, SAL*, 732 F.3d 161, 171 (2d Cir. 2013) (internal quotation marks and

citation omitted). Here, the quality of the contacts is definitively thin and weak. As noted

above, the Funds, not Foreign Defendants, dictated the terms of investment, including the

currency in which the redemption payments were made. As a result, Foreign Defendants' U.S.

contact was not purposeful, but incidental to foreign contracts with the foreign Funds, as the use

of correspondent accounts to process Sentry's redemption payment was unavoidable.[28]

Moreover, certain Defendants received the redemption payments in their capacity as "trustee,

agent, representative, nominee or custodian" for the Beneficial Owners, PAC ¶ 14, further

demonstrating the lack of purposeful conduct by Foreign Defendants here, as the purported

jurisdictional contacts of their principals, *i.e.*, the Beneficial Owners, cannot be imputed to them.

*See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, No. 12 Civ. 3723(RJS), 2013 WL

1294668, at *6 (S.D.N.Y. Mar. 28, 2013) ("[T]he acts of a principal [cannot] be imputed to a

foreign agent to confer jurisdiction over the agent."). These allegations are thus insufficient to

support jurisdiction. *See Hill v. HSBC Bank plc*, No. 14-cv-09745(LTS), 2016 WL 4926199, at

*3 (S.D.N.Y. Sept. 15, 2016) (allegations that defendants "transmitted information and funds to

and from [Sentry] in New York" are "insufficient to 'project' Foreign Defendants into New

York" because such contacts are "incidental consequences of fulfilling a foreign contract").

*Compare Al Rushaid v. Pictet & Cie*, No. 180, 2016 WL 6837930 (N.Y. Nov. 22, 2016)

(allegations that a Swiss bank knowingly used a New York correspondent account to hide

---

[28]    "[A] foreign bank has no choice but to rely upon correspondent relationships to clear U.S. dollar denominated
payments and obligations." Tarbert & Qian, *supra* note 25, at 53, 56.

payments to the Bank's overseas customers who were the ultimate recipients of the bribes established a "purposeful" New York contact and a basis for jurisdiction against the Swiss bank with respect to claims for its knowing involvement in the money laundering scheme).

The Liquidators' reliance on *Official Comm. of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*, 549 B.R. 56, 69 (S.D.N.Y. 2016), is unavailing because the contacts there were plainly more purposeful than those alleged here. The *Arcapita* defendants, unlike Foreign Defendants, dictated on their own the use of U.S. dollars and U.S. correspondent accounts, which they used for making investments on behalf of the foreign debtor. As the court noted, the *Arcapita* defendants could have selected bank accounts located in any other jurisdiction to do so, but they did not. *Id.* By contrast, Foreign Defendants had no such choice, as their conduct was directed to the BVI-based Funds, which dictated the use of U.S. dollars and the other terms of the investments. The mere "passage of money 'through' New York [or United States] banks is insufficient to confer jurisdiction over" Foreign Defendants. *Tymoshenko*, 2012 WL 6186471, at *3 ("[C]ourts have long recognized that there are significant policy reasons which caution against the exercise of personal jurisdiction based only on a correspondent bank account.") (internal quotation marks and citation omitted).

### 2. The Liquidators' Claims Do Not "Arise out of" Any Jurisdictional Contact

In addition to establishing Defendants' alleged contacts with this forum, the Liquidators must also establish that their claims "arise out of" such contacts. *See Walden*, 134 S. Ct. at 1121. Here, the Liquidators' Common Law, Contract, and BVI Insolvency Claims arise out of an alleged "mistake" made by the Funds' *foreign* administrator outside the United States regarding the value of the Funds' assets and the ultimate receipt of the redemption payments. These claims do not "arise out of" Foreign Defendants' purported intent to invest in BLMIS, their alleged use of U.S. dollars, or their alleged maintenance of U.S. correspondent accounts. Indeed, the Funds

33

"would have suffered the same injury [*i.e.*, the transfers] even if none of the [Foreign Defendants'] forum contacts had taken place," *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456-57 (10th Cir. 1996) (internal quotation marks and citation omitted), because the Funds were contractually obligated to make the redemption payments irrespective of the currency in which, or the means by which, the redemption payments were made. *See, e.g.*, Sentry Articles, Art. 10(c) (Hare Decl., Ex. F).

Moreover, when a defendant is alleged to have only limited jurisdictional contacts, due process requires that those contacts "proximately cause" a plaintiff's injuries. *See Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998). Here, the Liquidators fail to plead even a but-for relationship between Foreign Defendants' alleged jurisdictional contacts and the Funds' injuries. *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 170 (S.D.N.Y. 2015), *appeal docketed*, No. 16-2173 (2d Cir. June 24, 2016). The Liquidators "fail to allege any meaningful connection whatsoever between [Foreign Defendants'] conduct (much less their forum-directed conduct) and [the Funds'] injuries" because the Funds' injuries were caused by multiple third parties, including, according to the Liquidators, Citco and BLMIS. *Id.*; *see also Absolute Activist Master Value Fund v. Ficeto*, No. 09 Civ. 8862 (GBD), 2013 WL 1286170, at *12 (S.D.N.Y. Mar. 28, 2013) (no personal jurisdiction where a defendant's contacts did not proximately cause plaintiffs' injuries, but were "at best, attenuated, 'but-for' causes of the injury"). The fact that Sigma and Lambda suffered identical "injuries" without the use of U.S. currency or bank accounts conclusively establishes the lack of causation. *See supra* note 27.

Nor can it "be said that the United States is the focal point" of the conduct alleged by the Liquidators. *Waldman*, 835 F.3d at 340. Rather, the "focal point" of the Actions is the BVI, where the Funds were incorporated and where the harm, if any, occurred. *Cf. Extraterritoriality*

34

*Decision*, at *14-15.  Thus, there is no basis to exercise personal jurisdiction over Foreign Defendants.

### 3.  Exercising Personal Jurisdiction Would Be Unreasonable

Foreign Defendants' alleged contacts with the United States primarily arose from acts performed on *foreign* soil pursuant to and directed towards their *foreign* contracts with the *foreign* Funds.  Foreign Defendants therefore could not have reasonably anticipated being haled into a U.S. court in connection with their *foreign* conduct relating to their *foreign* investments, as due process requires.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The reasonableness factors weigh entirely against exercising jurisdiction.  *See Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113-14 (1987) ("A court must consider the burden on defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief."); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 573 (2d Cir. 1996).  Defending these Actions would undeniably create a substantial burden on all Foreign Defendants since "none of [their] records, files, or witnesses with information about the litigation are located" here.  *Metro Life Ins.*, 84 F.3d at 574.  The United States has little interest in determining disputes between foreign parties arising exclusively under foreign law and relating exclusively to the recovery of foreign assets.  *Extraterritoriality Decision*, at *14-15.  The "most efficient resolution of the controversy" cannot be obtained here, where the Court is not even authorized to grant the relief the Liquidators seek under the BVI Insolvency Act.  *See infra* Part III.D.4.  Thus, exercising jurisdiction would not "comport[] with 'traditional notions of fair play and substantial justice.'"  *Metro Life Ins.*, 84 F.3d at 578.

### III.    The Complaints Fail to State a Claim, Which Is Not Cured by the Futile Proposed Amendments

#### A.    All Claims Are Barred by Section 546(e) of the Bankruptcy Code

Section 546(e) of the Bankruptcy Code applies to these Chapter 15 proceedings through the plain language of Section 561(d), which provides that the Bankruptcy Code's provisions "relating to securities contracts . . . shall apply in a case under chapter 15 . . . to the same extent as in a proceeding under [another] chapter . . . ." 11 U.S.C. § 561(d).  Section 561(d) expressly provides that the application of provisions relating to "securities contracts" such as Section 546(e) is "not to be limited based on the presence or absence of assets of the debtor in the United States." *Id.*  This statutory language reflects Congress's intent that Section 546(e) apply in Chapter 15 proceedings without limitation so as to preclude foreign law avoidance claims brought in the United States even where the property subject to such claims is located outside of the United States. *See Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.").[29]  Indeed, to interpret Section 561(d) otherwise would render it meaningless. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 147 (2d Cir. 2008) ("There is a presumption against construing a statute as containing superfluous or meaningless words or giving it a construction that would render it ineffective." (quoting *United States v. Blasius,* 397 F.2d 203, 207 n.9 (2d Cir.1968)); *see also* H.R. Rep. 109-31(I), at 134 (2005) (explaining that "new section 561[(d)] of the Bankruptcy Code clarifies that the provisions of the Bankruptcy Code related to securities contracts . . . apply in a proceeding ancillary to a foreign insolvency proceeding . . . .").  Because Section 546(e) expressly applies to transfers made "in connection with a securities contract,"

---

[29]    This language in Section 561(d) distinguishes this provision from Section 550(a), which has no similar language indicating an express intention that the statute apply extraterritorially. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. at 228-29.

foreign representatives in a Chapter 15 proceeding cannot avoid transfers that fall within the statutory provisions of Section 546(e).

Section 546(e) bars a trustee from unwinding "settlement payments" or "transfer[s] . . . in connection with a securities contract," which are "made by or to (or for the benefit of) a . . . financial institution [or] financial participant." 11 U.S.C. § 546(e). This "very broadly-worded safe-harbor" precludes any claim that would in effect avoid a protected transfer, with the sole exception of actual fraudulent transfer claims under Section 548(a)(1)(A). *Picard v. Ida Fishman Revocable Tr.* (*In re Bernard L. Madoff Inv. Sec. LLC*), 773 F.3d 411, 416 (2d Cir. 2014). "Many courts have explained that a broad reading of the safe harbors is consistent, and goes hand-in-hand, with congressional intent in creating (and subsequently expanding) the safe harbors to promote the stability and efficiency of financial markets." *Lehman Bros. Spec. Fin. Inc. v. Bank of Am. Nat'l. Assoc. (In re Lehman Bros. Holdings Inc.)*, 553 B.R. 476, 501-02 (Bankr. S.D.N.Y. 2016); *see also id.* at 501 n.17. Specifically, the Section 546(e) safe-harbor was designed to protect against the ripple effect of requiring a transferee to "repay amounts received in settled securities transactions," which could leave the transferee with "insufficient capital or liquidity to meet its current securities trading obligations, placing other market participants and the securities markets themselves at risk." *Enron Creditors Recovery Corp. v. Alfa, S.A.B. de C.V. (In re Enron Creditors Recovery Corp.)*, 651 F.3d 329, 334 (2d Cir. 2011); *see also In re Tribune Co. Fraudulent Conveyance Litig.*, 818 F.3d 98, 120-21 (2d Cir. 2016) (Section 546(e)'s "larger purpose was to promote finality and certainty for investors, by limiting the circumstances, e.g., to cases of intentional fraud, under which securities transactions could be unwound") (alterations and quotations omitted).

37

In light of its broad language, courts have found that Section 546(e) precludes not only Bankruptcy Code and state law avoidance claims, but also common law restitution and other non-bankruptcy law claims where they effectively seek the same relief as the avoidance claims barred by the safe-harbor. *See, e.g.*, *Contemp. Indus. Corp. v. Frost*, 564 F.3d 981, 988 (8th Cir. 2009) (common law unjust enrichment and "excessive shareholder distributions" claims barred because they sought "to recover the same payments . . . [that] are unavoidable under Section 546(e)"); *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. v. Fleet Retail Fin. Group (In re Hechinger Inv. Co.)*, 274 B.R. 71, 96 (D. Del. 2002) (unjust enrichment claim barred where it "effectively acts as an avoidance claim against the shareholders in a transaction that the court has already found is an unavoidable settlement payment"); *AP Servs. LLP v. Silva*, 483 B.R. 63, 71 (S.D.N.Y. 2012) (unjust enrichment claim could not be permitted without "frustrating the purpose of Section 546(e)").

Here, the Liquidators' claims under multiple legal theories all seek the same relief, *i.e.*, the return to the Funds of the transfers the Funds made to satisfy redemption requests by the Funds' shareholders. Thus, the Liquidators' quasi-contract theories of recovery are premised on allegations that each Defendant "did not provide valuable consideration to Sentry in exchange for each of the Redemption Payments received by it." PAC ¶¶ 90, 97 (unjust enrichment); ¶¶ 103, 112 (money had and received); ¶¶ 123, 132 (mistaken payment). Their Contract Claims similarly seek to unwind the redemption payments based on an alleged agreement compelling Defendants "to return amounts in excess of the actual NAV." *Id.* ¶ 190. The BVI Insolvency Claims are, by their own terms, claims for "unfair preference" and "undervalue transactions," which the Liquidators contend allow them to "avoid" the redemption payments. *See id.* ¶¶ 161, 172; *see also id.* ¶¶ 145-76.

38

Although Section 546(e) does not apply to claims under Section 548(a)(1)(A) involving actual intent to hinder, delay or defraud creditors, the Liquidators have not invoked that provision or even an analogous actual-intent provision of BVI law;[30] to the contrary, the Liquidators have explicitly pleaded that BLMIS's fraud was "unknown to the Funds." *See id.* ¶ 40. It is for this reason that this case is distinguishable from *Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecommunications (Luxembourg) II SCA)*, 526 B.R. 499 (Bankr. S.D.N.Y. 2015). In that case, the court found that common law claims for unjust enrichment were not precluded by Section 546(e), because the plaintiff alleged that the transfers were made with the intent to hinder, delay, or defraud creditors. *Id.* at 510. Moreover, while the *Hellas* court questioned the extraterritorial application of Section 546(e) under the circumstances, it did not address Section 561(d)'s plain requirement that Section 546(e) apply in Chapter 15 cases, regardless of "the presence or absence of assets of the debtor in the United States." *Id.* at 513-14.

As shown below, on the face of the Liquidators' Complaints, the redemption payments plainly fall within the class of transactions that Section 546(e) renders immune from avoidance in a Chapter 15 case, because they constitute both "settlement payments" and "transfers made in connection with a securities contract," which were made by, to, or for the benefit of a "financial participant" or "financial institution." Accordingly, the Liquidators' claims are undeniably the functional equivalents of garden variety avoidance claims precluded by Section 546(e).[31] Moreover, the potential ripple effect here could be significant, as the Liquidators seek to recover,

---

[30]    Although BVI law provides a statutory claim for actual-intent fraudulent transfer analogous to claims under Section 548(a)(1)(A), the Liquidators chose not to bring such a claim. *See* Mortimore Decl. ¶ 147 n.134.

[31]    Because the Liquidators also seek under the same theories to recover redemption payments made to certain Defendants in connection with swap agreements, Section 546(g) precludes those claims and is addressed in the relevant individual briefs. *See* 11 U.S.C. §§ 546(g), 561(d); *Picard v. ABN AMRO Bank (Ireland) Ltd.*, 505 B.R. 135, 142-50 (S.D.N.Y. 2013).

long after the events in question, "over $6 billion" in redemption payments from more than 700

named defendants and many more Beneficial Shareholders.  Mot. for Leave to Amend Br. at 1.

Section 546(e) thus mandates dismissal of the Complaints.  *See, e.g.*, *Official Comm. of*

*Unsecured Creditors of Quebecor World (USA) Inc. v. Am. United Life Ins. Co. (In re Quebecor*

*World (USA) Inc.)*, 453 B.R. 201, 211 (Bankr. S.D.N.Y. 2011) (requiring "all safe harbor

disputes [to] proceed to trial would effectively undermine the objective legal certainty of

securities transactions that motivated Congress' adoption of the safe harbor provisions"), *aff'd*,

719 F.3d 94 (2d Cir. 2013).

### 1.    The Redemption Payments Were "Settlement Payments"

Section 546(e) precludes the Liquidators from avoiding "settlement payment[s]."  11

U.S.C. § 546(e).  The term "settlement payment" is "extremely broad" and includes any "transfer

of cash or securities made to complete a securities transaction."  *AP Servs. LLP*, 483 B.R. at 67,

69 (citations omitted).  Thus, any payment that concludes (*i.e.*, "settles") a securities transaction

is a "settlement payment."  *In re Enron*, 651 at 334.

The redemption payments squarely constitute "settlement payments."  They were "paid to

shareholders, for each Share tendered for redemption."  PAC ¶ 36.  These "Shares" were "voting

participating shares," *id.* ¶ 4, and thus constitute "securities" as defined by the Bankruptcy Code.

*See* 11 U.S.C. § 101(49)(A)(ii) (defining "security" to include "stock").  In accordance with the

Funds' Articles, the Funds purchased the Shares at the "Redemption Price" from the

shareholders, who were thereafter removed from the shareholder register.  *See, e.g.*, Sentry

Articles, Art. 10(1)(b) (Hare Decl., Ex. F).  The redemption payments were thus "settlement

payments" because they were made to complete transactions in the Funds' Shares.  *See In re*

*Enron*, 651 F.3d at 337 (payments made to redeem commercial paper constitute "settlement

payments"); *Peterson v. Somers Dublin Ltd.*, 729 F.3d 741, 749 (7th Cir. 2013) (in the context of

transfers from a fund invested in the Thomas Petters Ponzi scheme, "the investors told the Funds

to redeem some of their shares; the swap of money for shares was a settlement payment");

*Contemp. Indus. Corp.*, 564 F.3d at 986 (payments made to shareholders in exchange for

privately held stock were "settlement payments").  The redemption payments are therefore

"settlement payments" under Section 546(e).

> 2.  The Redemption Payments Also Were "in Connection with a Securities
>     Contract"

Section 546(e) also precludes any type of claim that would avoid certain transfers made

"in connection with a securities contract."  11 U.S.C. § 546(e).  A "securities contract" is

expansively defined "with extraordinary breadth" and includes "a contract for the purchase [or]

sale . . . of a security," 11 U.S.C. § 741(7)(A)(i), as well as "agreements that are similar or

related to contracts for the purchase or sale of securities."  *Ida Fishman*, 773 F.3d at 418 (2d Cir.

2014) (citing 11 U.S.C. § 741(7)(A)(vii)).

Here, the Funds' Articles constitute a "securities contract."  *In re Quebecor*, 719 F.3d 94,

98-99 (2d Cir. 2013) (holding that a "securities contract" includes an agreement providing for the

repurchase of debt securities); *Mgmt. Techs., Inc. v. Morris*, 961 F. Supp. 640, 646 (S.D.N.Y.

1997) ("[A] company's certificate of incorporation and by-laws in substance are a contract

between the corporation and its shareholders.").  The Articles govern both the mechanics by

which the Funds would issue (or sell) Shares to investors, as well as the Funds' obligations to

repurchase Shares upon a shareholder's redemption request.  *See, e.g.*, Sentry Articles, Arts. 9-11

(Hare Decl., Ex. F).  Specifically, whenever a shareholder redeemed its Shares, as noted above,

the Articles obligated the Fund to purchase those Shares at the redemption price.  *See id.* Art.

10(1) (explaining how redemption payments would be made to redeeming shareholders), Art.

10(4) ("Upon the redemption or purchase of a Share being effected pursuant to this Article, the

41

[shareholder] shall cease to be entitled to any rights in respect of that Share . . . ."). The Articles

meet the "securities contract" definition because they contractually provide "for the purchase [or]

sale" of securities. *In re Quebecor*, 719 F.3d at 98-99 (contracts that "provided for both the

original purchase and the 'repurchase' of the [Shares]" constitute "securities contracts" under

Section 546(e)). As the redemption payments were made "in accordance with . . . the Articles,"

PAC ¶ 36, they were transfers "made in connection with a securities contract" within the

meaning of Section 546(e).

In addition, the redemption payments were made "in connection with" Sentry's securities

contracts with BLMIS. "[A] transfer is 'in connection with' a securities contract if it is 'related

to' or 'associated with' the securities contract." *Ida Fishman*, 773 F.3d at 422. "Section 546(e)

sets a low bar for the required relationship between the securities contract and the [protected]

transfer." *Id.* Here, the relationship between the redemption payments and Sentry's BLMIS

securities contracts plainly clears this "low bar." The Second Circuit has already determined that

the agreements entered into with BLMIS by BLMIS customers, including Sentry, constitute

"securities contracts" in the context of Section 546(e). *Id.* at 418. Indeed, according to the

Complaints, "Sentry generally made withdrawals from its BLMIS accounts" so that it could

"make payments to investors for the redemption of shares." PAC ¶ 5. Thus, the redemption

payments were made "in connection with" Sentry's BLMIS securities contract.

Further, the redemption payments' relationship to Sentry's securities contract with

BLMIS, a U.S. broker-dealer, directly implicates the United States' strong public policy,

embodied in Section 546(e), to protect the integrity of securities markets, and illustrates why

Congress amended the Bankruptcy Code to make clear that "transfers in connection with a

securities contract" would be protected from avoidance in Chapter 15 proceedings. *See supra*

Part III.A; *see also* 11 U.S.C. § 1506 ("Nothing in this chapter prevents the court from refusing

to take an action governed by this chapter if the action would be manifestly contrary to the public

policy of the United States.").

3.  The Redemption Payments Were Made by or to "Financial Participants"
    or "Financial Institutions"

Section 546(e) separately requires that the protected settlement payments or transfers

made in connection with a securities contract be made by or to a "financial participant." 11

U.S.C. § 546(e). A "financial participant" is defined as any entity that has "securities contracts"

with "any other entity" worth at least $1 billion at any time during the 15 months prior to the

filing of a bankruptcy petition. 11 U.S.C. § 101(22A). Sentry—the originator of all redemption

payments—meets the "financial participant" definition. *First*, as noted above, the agreements

entered into between Sentry and BLMIS constitute "securities contracts" in the context of

Section 546(e). *See Ida Fishman*, 773 F.3d at 418. *Second*, the Liquidators allege that Sentry

held "in excess of $6 billion of assets" with BLMIS as of October 2008, far more than the $1

billion threshold and well within the 15-month time period. PAC ¶ 2.

Alternatively, the redemption payments were made to a "financial institution," 11 U.S.C.

§ 546(e), which includes any "commercial or savings bank." 11 U.S.C. § 101(22). Under settled

Second Circuit law, Section 546(e) "only requires payment to a 'financial institution' without

any qualification as to the capacity of that recipient." *In re Quebecor*, 453 B.R. at 212 n.8. This

includes payments "[that] were made to [Defendants'] banks." *AP Servs. LLP v. Silva*, 483 B.R.

at 69; *accord, e.g.*, *In re QSI Holdings, Inc.*, 571 F.3d 545, 550-51 (6th Cir. 2009) (agreeing that

"the plain language of § 546(e) simply does not require a 'financial institution' to have a

'beneficial interest' in the transferred funds"). Here, the Liquidators cannot dispute that the

redemption payments were made to "financial institutions" because they allege that Defendants

received the redemption payments in "bank accounts," *see* PAC ¶ 19, all of which were at commercial or savings banks.

Section 546(e) thus bars the Liquidators from unwinding the redemption payments because they were "settlement payments" and transfers "in connection with a securities contract" that were made by a "financial participant" (*i.e.*, Sentry) and to "financial institutions" (*i.e.*, Defendants' banks).  Therefore, all of the Liquidators' claims must be dismissed.

### B.  The Common Law and Contract Claims Are Barred as a Matter of Law

#### 1.  The Liquidators Are Estopped from Raising the Alleged Bad Faith of Citco to Plead Their Proposed Amended Common and Contract Claims

Under the Privy Council Decision, the Funds' NAV certificates must be treated as final and binding, so that the Common Law Claims are no longer viable.  *See* Privy Council Decision ¶¶ 6, 19, 28-31 (Hare Decl., Ex. Q) ("[T]he redemption payments are irrecoverable" under restitutionary theories because the Funds were "obliged upon a redemption to pay . . . the NAV per share which was determined by the Directors at the time of redemption."); Mortimore Decl. ¶¶ 31-34.  Under general New York and federal law principles of issue preclusion, the Privy Council Decision thus collaterally estops any argument to the contrary.

U.S. law, not the law of the foreign jurisdiction that issued the judgment, "determine[s] the preclusive effect" of foreign judgments—including those by the Privy Council and the EC Court of Appeal—"entitled to recognition by this Court."  *Alfadda v. Fenn*, 966 F. Supp. 1317, 1325, 1329 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 41 (2d Cir. 1999); *see also Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 746 (S.D.N.Y. 2010) (U.K. judgments are entitled to recognition, and contrary argument "border[s] on the risible") (citations and alterations omitted).  New York and federal law hold that collateral estoppel applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous

proceeding; (3) the [losing] party had a full and fair opportunity to litigate the issue; and (4) the

resolution of the issue was necessary to support a valid and final judgment on the merits."

*Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89 (2d Cir. 2002).

Hence, the Common Law Claims must be dismissed, because the Privy Council held that

the NAV reported to investors is binding on the Liquidators:  that was the issue raised to the

Privy Council; the Liquidators actually litigated the issue, with a full and fair opportunity to do

so; and the issue was the basis for the Privy Council Decision.  *See* Mortimore Decl. ¶¶ 35-41.

The Contract Claims also must be dismissed because the Privy Council held that the

redemption payments discharged valid contractual obligations.  *See* Privy Council Decision ¶ 18

(Hare Decl., Ex. Q) ("[T]o the extent that a payment made under a mistake discharges a

contractual debt of the payee, it cannot be recovered, unless (which is not suggested) the mistake

is such as to avoid the contract."); Mortimore Decl. ¶¶ 31-34.  The Liquidators cannot escape this

result by inventing an "implied" contract term requiring the return of alleged overpayments upon

demand.  *See* PAC ¶ 187.  The proposed amendments assert that the existence of such an implied

term arises from a "true interpretation of the [Articles] . . . on the basis of obviousness and/or as

being necessary for the business efficacy of the Fund Documents and/or to give effect to the

reasonable expectations of the parties."  *Id.*  The logic of the Privy Council Decision, however,

forecloses this assertion, which is the crux of the Contract Claims.  *See* Mortimore Decl. ¶ 106.

As noted, the Privy Council concluded that business efficacy requires that redeeming

shareholders obtain finality rather than "open-ended [clawback] liability," even if BLMIS's fraud

rendered the NAV calculations incorrect in hindsight and even if they were improperly

calculated as a procedural matter.  Privy Council Decision ¶¶ 18, 23, 31 (Hare Decl., Ex. Q).

The Liquidators' assertion that they have newly discovered evidence that the certificates were issued in bad faith as the result of Citco's purported knowledge does not allow them to evade the Privy Council Decision. *First*, the proposed amendments continue to allege that the Funds acted in good faith, *see, e.g.*, PAC ¶¶ 5, 39, 40, 75, while the Moss Declaration submitted by the Liquidators indicates that, under BVI law, Citco's knowledge would be attributed to the Funds because it was acting as their agent, Moss Decl. ¶ 43. The only logical way of reconciling these two otherwise contradictory contentions is to conclude that the allegations against Citco do not meet the standard for alleging bad faith, as opposed to gross negligence. *See* Mortimore Decl. ¶¶ 108-16.[32]

*Second*, the Liquidators have, in any event, waived this bad faith argument through their conduct of the Preliminary Issues litigation. The precise issue of the relevance, or more specifically the *irrelevance*, of the good faith of the Funds (including their directors and agents) was raised in those proceedings. *See, e.g.*, PI Defs.' Prelim. Issues Skeleton ¶ 22 (Hare Decl., Ex. G) (PI Defendants argue in April 2011 that "PI Defendants will win whether or not Fairfield Sentry's Directors acted in good faith"); PI Defs.' Prelim. Issues Trial Skeleton ¶ 62 (Kite Decl., Ex. A) (though the Liquidators had "not admitted in their pleadings that the Directors of Sentry acted in good faith," "[t]his in no way detracts from the preclusive effect of a certificate" because if the Funds (or their agents) acted in bad faith, the Liquidators could not "take advantage of [their] own wrong"); Mortimore Decl. ¶ 63. The Liquidators never objected, and in fact acceded, before the Privy Council to the conclusion that the good faith of the Funds' directors and agents

---

[32]    The Funds plead that they have no responsibility for Citco's knowledge or actions because they were the "primary victims" of Citco's conduct. *See* PAC ¶ 75. Under New York law, this pleading would not prevent attribution of Citco's knowledge and actions to the Funds because it does not rebut the facts that Citco was acting directly within the scope of its agency in calculating the Funds' NAV and the Funds directly benefited from the receipt of monies from defrauded investors. *See, e.g., Kirschner v. KPMG LLP*, 938 N.E.2d 941, 950-53 (N.Y. 2010). The Moss Declaration concedes the same is true under BVI law. *See* Moss Decl. ¶ 43.

was irrelevant.  *See* Sentry's Case for Appeal of the Article 11 Issue to the Privy Council ¶ 6

(Kite Decl., Ex. N) (Liquidators argued before the Privy Council that "if (contrary to its main

case) any of the Documents is a 'certificate' within Article 11, then [the Liquidators] cannot

maintain a cause of action based on restitution for the purpose of recovering any overpayment so

certified"); Mortimore Decl. ¶ 65 (Liquidators' "concession further waived as a matter of law

any argument that Sentry would not be bound by certificates issued in bad faith").

Thus, the Liquidators cannot now re-litigate before this Court the matters that were

resolved before the Privy Council by asserting the relevance of good faith, regardless of whether

they raised there the precise arguments they want to make now.  *See, e.g.*, *Yamaha Corp. of Am.*

*v. United States*, 961 F.2d 245, 257-58 (D.C. Cir. 1992) ("A new contention is not . . .

necessarily a new issue.  If a new legal theory or factual assertion put forward in the second

action is related to the subject-matter and relevant to the issues that were litigated and

adjudicated previously, so that it *could* have been raised, the judgment is conclusive on it despite

the fact that it was not in fact expressly pleaded or otherwise urged."); *Sec. Indus. Ass'n v. Bd. of*

*Governors of Fed. Reserve Sys.*, 900 F.2d 360, 364 (D.C. Cir. 1990) ("Whether petitioner

actually argued that position is irrelevant, however, since preclusion because of a prior

adjudication results from the resolution of a question *in issue*, not from the litigation of specific

*arguments* directed to the issue.") (citations omitted); *accord* Hare Decl. ¶¶ 23, 26-28, 40-42, 44,

46-47, 50-53 (discussing the "pitfalls" of the preliminary issues procedure, describing the Funds'

opposition to Defendants' motion, and criticizing the preliminary issues order, all irrelevant to

the binding nature of the Privy Council Decision); Mortimore Decl. ¶¶ 60-67.

*Third*, the Liquidators cannot avoid preclusion by relying on BVI Court Justice

Bannister's limited carve-out from his ruling that, notwithstanding the resolution of the

Preliminary Issues, the Liquidators could later pursue repayment from "a particular defendant" based on "facts not actually known to the Liquidators at the time of the preliminary-issues hearing [in September 2011]."  Mot. for Leave to Amend Br. at 29.  Justice Bannister added this proviso to his Preliminary Issues Order to address the Liquidators' stated concern that a review of existing documents might disclose (a) pre-existing agreements with certain defendants about whether certain documents were certificates, or (b) conditions to the authority of Citco to issue certificates.  *See* Decision of Bannister, J. ¶¶ 16-18 (Hare Decl., Ex. N).  This carve-out did not preserve the ability of the Liquidators to make new contentions at some future time that were relevant to the issues the court decided.  Because Justice Bannister ultimately ruled that no valid certificates existed, these preserved issues became irrelevant, and he subsequently denied the Liquidators' attempt to delay summary judgment for further factual development.  Summary Judgment Decision ¶¶ 20-22 (Hare Decl., Ex. P).

In any event, the Liquidators cannot rely on any exception for purportedly later-discovered facts for the simple reason that, well before September 2011, the Liquidators actually knew of facts that would have permitted them to argue that the NAV had not been "given in good faith by or on behalf of the Directors."  Sentry Articles, Art. 11(1) (Hare Decl., Ex. F).  In May 2009, Sentry (which was then in liquidation in the BVI but had not yet requested recognition under Chapter 15) actually alleged that one of its directors, Walter Noel, Jr., and agents of the Funds had acted in bad faith with respect to the NAV.  *Sentry v. FGG* Compl.  In its complaint, Sentry pleaded that Mr. Noel, *id.* ¶ 19, Sentry's managers, *id.* ¶¶ 13-17, and certain individuals who served as principals or controlling persons of the managers or on the boards of directors of the managers, *id.* ¶¶ 19-23, "were grossly negligent and recklessly disregarded their fiduciary duties by their conduct and inaction, including, but not limited to . . . [f]ailing to

supervise CITCO and PricewaterhouseCoopers, each of which prepared and delivered to the

Fund inaccurate audited financial reports and other financial information." *Id.* ¶¶ 79-99 (the

managers failed to "independently verify the underlying information of the Net Asset Value

Reports on which management and performance fees were calculated and paid").

The managers acted as Sentry's agents. *Sentry v. FGG* Compl., Ex. 1 ¶ 2, Ex. 2 ¶ 2, Ex. 3

¶ 2, Ex. 4 ¶ 2, (Dkt. Nos. 1-5, 1-6) (1990, 2002, 2003, and 2004 investment management

agreements between Sentry and its manager stating that the managers acted "on behalf of the

Fund").[33] According to the Liquidators' expert, those allegations of recklessness, including the

"failure to take obvious steps to check the position," themselves constituted "bad faith" as a

matter of BVI and English law. Moss Decl. ¶ 41(c). In other words, in May 2009, the

Liquidators pleaded that a Sentry director and Sentry's managers acted in bad faith by recklessly

failing to supervise Citco's calculation of the NAV. Whether the Liquidators also knew that

Citco itself may have acted in bad faith is not relevant: the Liquidators' legal argument, as they

admit, is whether the certificates were *given* "by or on behalf of the Directors" in bad faith. Mot.

for Leave to Amend Br. at 13. The Liquidators knew well before April 2011 facts that would

have allowed them to argue that their directors and other agents may have issued the NAV in bad

faith, and they had already pleaded such allegations, "based upon the Fund's personal knowledge

and business records." *Sentry v. FGG* Compl. at 1. The Liquidators thus are not free to

subsequently assert this then-known fact as a claim covered by the carve-out. *See Oppenheimer*

*& Co. Inc. v. Metal Mgmt., Inc.*, No. 08 Civ. 3697 (LTS) (FM), 2009 WL 2432729, at *3

(S.D.N.Y. July 31, 2009), *objections overruled*, No. 08 Civ. 3697 (LTS) (FM), 2010 WL 743793

---

[33]    Although the management agreements later state that each of the managers is "not an agent or employee of the
Fund," agency is determined by a functional test and a contractual disclaimer cannot alter the analysis. *See Asa-
Brandt, Inc. v. ADM Inv'r Servs., Inc.*, 344 F.3d 738, 749-50 (8th Cir. 2003) ("[T]he existence of documents
disclaiming an agency relationship only negates the existence of actual authority; it does not, however, affect the
creation of an agency relationship through apparent authority.").

(S.D.N.Y. Mar. 2, 2010) (denying leave to amend where, although recently-produced documents "may further have underscored" the existence of a potential legal issue, "the issue was not new," and thus the defendant "had ample opportunity to assert" arguments with respect to that issue).

Further, the Liquidators also had a basis to claim, before September 2011, that Citco acted in bad faith in calculating the NAV. The Liquidators reported to their investors and creditors in March 2010 that they were "keeping a watchful eye" on the *Anwar* litigation, which included allegations by Fairfield investors that Citco had acted in bad faith with respect to calculating the NAV. *See* Second Interim Consolidated Report of the Liquidators (Mar. 29, 2010), http://www.fairfieldsentry.com/wp-content/uploads/2014/08/Second-Interim-Consoliated-Report-29Mar10.pdf. In that class action, shareholders of the Funds alleged that, as administrator, Citco "represented that it would act in good faith and reasonable care in execution of its duties," Second Consolidated Am. Compl. ¶ 482, *Anwar v. Fairfield Greenwich Ltd.*, No. 09-cv-118 (S.D.N.Y. Sept. 29, 2009) (Dkt. No. 273), but instead "breached the Administration Agreements with the Funds by, among other omissions, grossly failing to discharge its responsibility to calculate accurately the Funds' NAVs," *id.* ¶ 484. On August 18, 2010, Judge Marrero held that these allegations were sufficient to support claims that Citco actually knew BLMIS was running a Ponzi scheme. *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 423 (S.D.N.Y. 2010) ("[T]he Court finds that the facts alleged by Plaintiffs are sufficient to support a strong inference of scienter."). The Liquidators' statement that they were closely monitoring the *Anwar* litigation shows that Citco's supposed bad faith was "actually known" to the Funds by April 2011, and thus the Liquidators' failure to raise it before Justice Bannister was the result of a strategic choice and not a lack of information.[34] Having long known relevant facts

---

[34]    Further, the litigation and the decision by Judge Marrero were widely reported around the world. *See, e.g.*, David Glovin, *Fairfield Investors Suit Says Actions Rose to Fraud*, BLOOMBERG NEWS (Apr. 27, 2009),

supporting the assertion that the certificates were issued in bad faith, and having long abandoned any attempt to argue the relevance of bad faith as a legal matter, the Liquidators cannot pretend to discover bad faith now to avoid the effect of the Privy Council Decision.

>    2.    The Alleged Bad Faith of Citco Does Not Affect the Binding Nature of the
>           Certificates

Even if the Liquidators were now allowed to amend their Complaints to make allegations regarding Citco's bad faith, such amendment would be futile.

*First*, BVI law precludes the Liquidators from asserting the invalidity of the NAV certificates against redeeming investors.  Under BVI law, "a company may not assert against a person dealing with the company . . . that . . . a document issued on behalf of a company by a director, employee or agent of the company with actual or usual authority to issue the document is not valid or not genuine."  BVI Business Companies Act 2004 § 31.  This prohibition applies even if the person acting on behalf of the company acted fraudulently, unless the person dealing with the company also had actual knowledge of the fraud.  *Id.*; Mortimore Decl. ¶¶ 83-87.  Here, most Defendants face no proposed allegation of actual knowledge of BLMIS's fraud, and, for reasons explained *infra* Part III.B.6, the Liquidators' limited allegations of actual knowledge as to certain Defendants are hopelessly deficient.  As a result, BVI statutory law clearly and simply prohibits the Liquidators, who stand in the shoes of the Funds, *accord Picard v. JPMorgan*

---

http://www.bsfllp.com/news/in_the_news/000096_extras/docs/002/_res/id=sa_File1/fairfield.pdf; Philip Aldrick, *Madoff victims to sue accountants PwC over feeder fund audits*, THE TELEGRAPH (Aug. 22, 2009) ("Angry Fairfield investors initially only launched proceedings against the hedge fund but have since been broadened their case to include the Dutch custodian bank Citco . . . ."); Jonathan Stempel, *Madoff feeder fund firm faces narrowed lawsuit*, REUTERS (Aug. 18, 2010), http://uk.reuters.com/article/madoff-fairfieldgreenwich-idUSN1822316720100818 ("Citco Group Ltd . . . [is] among the dozens of other defendants in the case."); Halah Touryalai, *Protection Racket*, FORBES (Apr. 6, 2011) ("[The *Anwar* investors] contend that Citco was required to calculate independently the funds' NAVs and to provide those numbers to shareholders.  Yet, the suit claims, 'Citco blindly and recklessly relied on information provided by Madoff and the Funds to calculate and disseminate the Funds' NAV . . . even though that information was manifestly erroneous.'").

*Chase & Co. (In re Bernard L. Madoff Inv. Sec.)*, 721 F.3d 54, 63 (2d Cir. 2013), from denying the validity of the NAV certificates.

*Second*, even if BVI statutory law did not prohibit such denials of validity, the Privy Council Decision does so. The Privy Council grounded its opinion on the need for finality for the good of investors, Privy Council Decision ¶ 23 (Hare Decl., Ex. Q), and on its complementary conclusion that the Articles "envisage[d]" that "the Subscription Price and the Redemption Price [would] be *definitively determined* at the time of subscription or redemption," *id.* ¶ 24 (emphasis added). In light of the need for such definitive determinations, the Privy Council conceived only of the two options already discussed, *i.e.*, either any statement of NAV was binding even if not a certificate, or any statement of NAV issued under the authority of the directors was a binding certificate. *Id.* The Privy Council imagined no third option whereby such certificates could exist but cease to be binding. The availability of any such option would have led to the precise "unworkable" situation the Privy Council held must be avoided: an open-ended option to recalculate NAV. *See id.* ¶¶ 22-23; *see also* Mortimore Decl. ¶¶ 31, 106.

*Third*, even if the Privy Council had left open such a possibility, it is inconceivable that, under BVI law, the Articles would be interpreted in a manner that would allow the Funds to evade their obligations under the certificates based on their own or their agent's bad faith. *See* Mortimore Decl. ¶ 88 ("There is a well-established principle of the construction of contracts under BVI and English law that a contract will be interpreted so far as possible in such a manner as not to permit one party to it to take advantage of his own wrong."). Here, under clearly-established principles of BVI law, the bad faith of Citco, if adequately alleged, would be imputed to the Funds. *See* Mortimore Decl. ¶¶ 90-91; Moss Decl. ¶ 43 (Liquidators' own expert recognizing that "[k]nowledge gained by an employee or other agent while acting in the course

of his employment for his principal will ordinarily be attributed to his principal"); *New Greenwich Litig. Tr., LLC v. Citco Fund Servs. (Eur.) B.V.*, 41 N.Y.S.3d 1, 7-9 (1st Dep't 2016) (imputing negligence and recklessness of Fairfield Greenwich Group, its affiliates, directors and officers, and Citco to Fairfield sub-funds Greenwich Sentry, L.P. and Greenwich Sentry Partners, L.P.); *Picard v. Ceretti*, Case No. 08-99000 (SMB), 2015 WL 4734749, at *15 (Bankr. S.D.N.Y. Aug. 11, 2015) (Bernstein, J.) (imputing knowledge of managers, individual directors of managers and affiliates, and administrator to BLMIS feeder funds); *Bullmore v. Ernst & Young Cayman Is.*, 861 N.Y.S.2d 578, 583 (Sup. Ct. 2008) (imputing alleged wrongdoing of hedge fund's investment managers to the fund). BVI law thus prevents the Funds from asserting claims that exploit their own bad faith to the detriment of their investors. Mortimore Decl. ¶¶ 88-92.

### 3. The Alleged Bad Faith of Citco Does Not Affect the EC Court of Appeal's Good Consideration Decision, Which Was Upheld By the Privy Council

Even if all of the foregoing were incorrect, the EC Court of Appeal's good consideration decision would *still* bar the Liquidators' Common Law and Contract Claims. As noted above, the Privy Council upheld the EC Court of Appeal's good consideration decision by dismissing the Liquidators' appeal of that decision. Mortimore Decl. ¶ 33. Contrary to the Liquidators' self-serving assertions, Moss Decl. ¶ 37, the Privy Council did not in any way "merge" the Article 11 and Good Consideration Issues. Rather, as shown above, *see supra* Part III.B.2, the Privy Council concluded that binding certificates must have existed and therefore resolved the Article 11 Issue against the Liquidators. However, the Privy Council also separately dismissed, rather than allowed, the Liquidators' appeal of the binding EC Court of Appeal decision that, assuming the certificates did not exist, good consideration would still bar the Liquidators' claims. *See* Privy Council Decision at 11 (Hare Decl., Ex. Q); Mortimore Decl. ¶ 33. Moreover, the decision granting the PI Defendants summary judgment was based only on the good

consideration holding.  *See* Mortimore Decl. ¶¶ 22, 24; Summary Judgment Decision ¶ 4 (Hare

Decl., Ex. P); EC Court of Appeal Judgment ¶ 80 (Kite Decl., Ex. G).  Having given good

consideration for the redemption payments, the Liquidators are collaterally estopped from

asserting the Common Law or Contract Claims to undo transactions for which Defendants gave

fair value.  *See* Mortimore Decl. ¶¶ 39-40, 50-56.

### 4.  The Funds Are Culpable Parties that Cannot Assert Common Law and Contract Claims Against Any Defendant

The Common Law Claims also would fail pursuant to the *ex turpi causa* principle, if the

allegations against Citco were deemed adequate to establish its "blind-eye" knowledge of

BLMIS's fraud.[35]  The Liquidators have alleged that numerous agents of the Funds were

"grossly negligent" and acted in bad faith with respect to issuing the NAV certificates.  That

misconduct must be imputed to the Funds.  The Liquidators—who stand in the Funds' shoes—

therefore cannot benefit from the Funds' own bad conduct.  *See id.* ¶¶ 93-98.

As described in greater detail above, the Liquidators are currently suing Sentry's manager

and affiliates, one of Sentry's directors, and the directors and officers of Sentry's managers and

affiliates.  *See supra* pp. 48-49.  In their operative complaint, the Liquidators allege that those

defendants were "grossly negligent and recklessly disregarded their fiduciary duties" and did not

"independently verify the underlying information of the Net Asset Value Reports."  *Sentry v.*

*FGG* Am. Compl. ¶¶ 75, 84.  Now, the Liquidators also allege (inadequately) that Citco acted in

bad faith.  PAC ¶ 46.

All of these parties acted as the Funds' representatives and agents.  *See supra* Part III.B.1;

*see also* Citco Administration Agreement (Kite Decl., Ex. O) (Citco may act "on behalf of the

---

[35]    As this Court has recognized, the *ex turpi causa* "doctrine is essentially the same as *in pari delicto*."  *O'Connell v. Andersen (In re AlphaStar Ins. Grp. Ltd.)*, 383 B.R. 231, 274 (Bankr. S.D.N.Y. 2008) (Bernstein, J.).

Fund" and "use the name of the Fund and sign any necessary letters or other documents for and on behalf of the Fund as administrator and/or registrar and transfer agent of the Fund").  As already noted, under BVI law, the acts and knowledge of the Funds' authorized agents must be attributed to the Funds, and the Liquidators stand in the Funds' shoes, *accord Picard v. JPMorgan Chase & Co.*, 721 F.3d 54, 63 (2d Cir. 2013).  Thus, because the Funds, according to the Liquidators' own allegations, are "the culpable parties," the Common Law Claims are barred by *ex turpi causa*.  Mortimore Decl. ¶ 93-98; *accord JPMorgan Chase & Co.*, 721 F.3d at 63 ("[C]ommon law claims asserted on behalf of [the Funds] are barred by the doctrine of *in pari delicto*."); *Kirschner*, 938 N.E.2d at 959 (recognizing "the important public policies that undergird" the *in pari delicto* doctrine in New York).  The Funds' imputed alleged wrongdoing, namely intentionally covering up the largest Ponzi scheme in history in exchange for higher fees, PAC ¶¶ 64-75, is "at least equal" to that alleged against all Defendants, including the supposed "bad faith" Defendants.  *Accord New Greenwich Litig.*, 41 N.Y.S.3d at 9.

> 5. The Liquidators' Common Law Claims Are Independently Barred Because the Liquidators Pleaded the Existence of a Contract Governing the Subject Matter of This Dispute

All of the Common Law Claims also fail because the Liquidators assert the existence of a contract governing the subject matter of these claims.  *See* Mortimore Decl. ¶ 126 n.121 ("Where there is a contract between the parties relating to the benefit transferred, no claim in unjust enrichment will generally lie while the contract is subsisting."  (quoting Goff & Jones, *The Law of Unjust Enrichment* § 3-13 (9th ed. 2011))).  The Liquidators' request for a constructive trust is barred for the same reason.  PAC ¶¶ 137-44; Mortimore Decl. ¶ 126 n.121; *see also In re First Cent. Fin. Corp.*, 377 F.3d 209, 213 (2d Cir. 2004) ("[W]e conclude that this principle—that the existence of a written agreement precludes a finding of unjust enrichment—also applies to constructive trust claims.").  Similarly, the Liquidators' request for declaratory relief under

federal law should be rejected in light of the Contract Claims.  PAC ¶¶ 214-18; *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 301-02 (S.D.N.Y. 2012) (dismissing declaratory judgment claim where "it seeks no relief that is not implicitly sought in the other causes of action"); *see also Deutsche Alt-A Sec. Mortg. Loan Tr., Series 2006-OA1 v. DB Structured Prods., Inc.*, 958 F. Supp. 2d 488, 507 (S.D.N.Y. 2013) (declaratory relief inappropriate where an adequate, alternative remedy at law, such as breach of contract, is available).[36]

### 6.    Citco Subscribers' Alleged Bad Faith Cannot Be Attributed to Defendants

In another attempt to circumvent adverse rulings in the BVI on their Common Law Claims, the Liquidators purport to attribute alleged bad faith to certain Defendants based on those Defendants' alleged knowledge and suspicions of BLIMS's Ponzi scheme[37] and to certain other groups of Defendants based on the alleged knowledge and suspicions of so-called "Citco Subscribers" used as financial intermediaries by these groups of Defendants to subscribe to the Funds, make redemptions, and receive redemption payments.[38]

It is well established under BVI law that, in order to prove "bad faith" in the circumstances presented here, at a minimum, the Liquidators must show that Defendants had a suspicion "grounded and targeted at specific facts" and made a "deliberate decision . . . to avoid obtaining confirmation of [those] facts."  Mortimore Decl. ¶ 112 (quoting *Manifest Shipping Co.*

---

[36]    To the extent the Complaints seek declaratory relief with respect to the BVI Insolvency Claims, that relief also should be denied on the grounds that providing such relief would be an inappropriate exercise of this Court's discretion, *see Green v. Mansour*, 474 U.S. 64, 72-73 (1985), as well as on the other substantive grounds discussed in Part D.4, *infra*.

[37]    See, for example, the allegations against certain Citibank and HSBC defendants discussed at ¶ 117 of the Mortimore Declaration.  It is clear that the Liquidators have not met the high hurdle necessary to plead blind-eye knowledge against any defendants (or even Citco).  Defendants that are individually subject to such allegations will address these arguments in their own individual briefs as needed.

[38]    The Liquidators' allegations regarding the Citco Subscribers appear in Prop. Am. Compl. ¶¶ 149-52, *Fairfield Sentry Ltd. v. ABN AMRO*, Adv. Pro. No. 10-03635 (Bankr. S.D.N.Y. Sept. 20, 2016) (Dkt. No. 139-1) and Prop. Am. Compl. ¶¶ 157-60, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y. Sept. 21, 2016) (Dkt. No. 152-1).

*Ltd. v. Uni-Polaris Insurance Co. Ltd.*, [2003] 1 AC 469 (H.L.)).  As would be true if BVI

pleading rules applied, Federal Rules of Civil Procedure 8 and 9(b) require that the Liquidators

plead plausible and particular facts to meet this standard.  *See MLSMK Inv. Co. v. JP Morgan*

*Chase & Co.*, 431 F. App'x 17, 18-19 (2d Cir. 2011); Mortimore Decl. ¶¶ 112-16.

The Liquidators' attempt to impute the Citco Subscribers' knowledge to certain other

Defendants fails for three independent reasons.  *First*, the Citco Subscribers' agency relationship

to investors was limited to the ministerial function of processing redemptions for investors.[39]

The only knowledge that could be imputed to Defendants, even assuming it were adequately

pleaded, is the knowledge the Citco Subscribers gained while acting within the scope of their

very limited agency for Defendants, and not the knowledge they purportedly gained while acting

as the Funds' agent in calculating and certifying the NAV.  Mortimore Decl. ¶ 90 (citing

*Blackburn, Low & Co. v. Vigors* (1887) 12 App Cas 531, 537, 538).

*Second*, the relevant Complaints do not make any allegations whatsoever concerning the

Citco Subscribers' knowledge or suspicions of BLMIS's fraud that they gained in their alleged

limited capacities as subscribers or redeemers on behalf of Defendants.  The Liquidators cannot

attribute the knowledge or suspicions of the Citco administrators to all Citco entities in "the

entire Citco organization," but must instead particularize their allegations as to the relevant

individual Citco entities that acted for certain investors, which they have failed to do.  *Id.* ¶ 113.

In addition, they do not allege that the Citco Subscribers made a deliberate decision to avoid

---

[39]    *See* Prop. Am. Compl. ¶ 157, *Fairfield Sentry Ltd. v. ABN AMRO*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y. Sept. 21, 2016) (Dkt. No. 152-1) ("The Citco Subscribers served as trustee, agent, representative, nominee or custodian for the Beneficial Shareholders in connection with their investments in the Funds, including, by: subscribing to Shares of the Funds on behalf of the Beneficial Shareholders, maintaining custody of the Shares as record shareholders, paying redemption proceeds from the Shares of the Funds to the Beneficial Shareholders, and otherwise exercising control over the Shares of the Funds.").

confirming any such knowledge or suspicions. These pleading deficiencies are fatal to the

Liquidators' imputation theory. *See id.*

    *Finally*, based on the Liquidators' own pleading, there is no reason to impute the Citco

Subscribers' alleged knowledge to any Defendants. Specifically, the Liquidators plead that none

of Citco's alleged knowledge and suspicions can be attributed to the Funds because they were

"the primary victims of Citco's conduct . . . ." PAC ¶ 75. Assuming *arguendo* that the

allegations against Citco are adequate to establish Citco's "blind-eye knowledge" of BLMIS's

fraud, then Citco plainly also victimized Defendants who were induced to buy securities based

on fictitious NAV values. Citco's alleged criminal conduct aimed at defrauding those

Defendants defeats any claim of attributed knowledge as to them. *Accord In re CBI Holding*

*Co., Inc.*, 529 F.3d 432, 438, 448 (2d Cir. 2008) (no imputation where agent "totally abandoned"

principal's interests).

### C. The Common Law and Contract Claims Must Be Dismissed for Failure to Allege Damages or Establish Standing

    As plaintiffs, the Liquidators bear the burden of establishing the existence of an injury,

both to establish a substantive claim for relief on their Common Law and Contract Claims and as

a threshold matter of Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016);

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).[40]

    The Liquidators' only relevant allegation in this regard is that the NAV was overstated at

the time of the redemptions by each Defendant. *See* PAC ¶ 191. But the fact that redemption

payments were made on the basis of an inflated NAV, even if true, does not establish that the

Funds were injured. Rather, the Liquidators allege that those redemptions were funded through

---

[40]    The failure to plead an injury fairly traceable to Defendants' conduct is fatal to all of the Liquidators' claims. The Supreme Court recently confirmed that injury in fact is a constitutional requirement that applies equally to statutory claims and common law claims. *See Spokeo*, 1540 S. Ct. at 1547-48.

withdrawals from the Funds' BLMIS accounts that were *also* made on the basis of valuations alleged to have been equally inflated (or possibly from incoming subscriptions based on the same valuations).  PAC ¶ 39.  Because the Funds' NAV and the values of their BLMIS portfolios were *both* inflated by BLMIS's fraud to the same degree, the Funds did not suffer any injury from redemptions made while BLMIS's fraud was ongoing.

The Liquidators try to create the appearance of injury by emphasizing that the Funds purchased their shares from Defendants at an inflated price.  PAC ¶ 142; *accord* Sentry Statement of Claim (Hare Decl., Ex. A) ("[T]he NAV . . . *at all times* was nil or a nominal value and the Aggregate Redemption Sum should, accordingly, have been nil or, in the alternative, a nominal sum.") (emphasis added).  But as the Supreme Court made clear in *Dura Pharmaceuticals, Inc. v. Broudo*, merely purchasing a security at an inflated price does not result in injury because the purchaser obtains an interest that, at that moment, has a value reflecting that inflated price.  544 U.S. 336, 342 (2005).  Indeed, over the same period, the Funds sold billions of dollars of shares to Defendants, allegedly worthless at the time of sale and at the time of redemption, and no allegation is made in the proposed amendments that the Funds suffered a net injury if those inflows are taken into account.

This is clearest with respect to "net losers," namely those investors in the Funds who redeemed from the Funds less than they invested.  The Liquidators' allegations that such Defendants "did not provide valuable consideration to" the Funds when their shares were redeemed are implausible and, frankly, untrue:  they gave the Funds billions of dollars in cash for worthless shares, and then received at most a portion of those billions back in recompense.  *See, e.g.*, Compl. ¶¶ 23, 33, *Picard v. Fairfield Sentry Ltd.*, Adv. Pro. No. 09-1239 (Bankr. S.D.N.Y. July 20, 2010) (Dkt. No. 23) ("Fairfield Sentry deposited almost $4.3 billion and withdrew

approximately $3.3 billion from" their accounts with BLMIS, and all Fairfield feeder funds

"transferred over one billion dollars to other FGG entities as payments for purported

management, performance, and administrative fees.").

When the redemptions occurred, for net losers and winners alike, the Funds' situation

was similar, if not identical, to that of an "in-and-out trader" who both purchases and sells a

security at an inflated price.  In the context of securities fraud actions, courts have held that such

in-and-out traders cannot demonstrate any economic injury.  *See In re Flag Telecom Holdings,

Ltd. Sec. Litig.*, 574 F.3d 29, 41 (2d Cir. 2009) (excluding in-and-out traders from proposed

claims because plaintiffs could not establish that they suffered any loss); *In re Cornerstone

Propane Partners, L.P. Sec. Litig.*, No. C 03-2522 MHP, 2006 WL 1180267, at *9 (N.D. Cal.

May 3, 2006) (same); *In re Compuware Sec. Litig.*, 386 F. Supp. 2d 913, 920 (E.D. Mich. 2005)

(finding that in-and-out trader could not prove that it suffered damages from an inflated share

price).[41]  That the Funds' transactions involved different assets—Fairfield shares and Fairfield's

BLMIS account—should not affect the analysis.  Because the Funds invested substantially all of

their assets with BLMIS, the NAV of the Funds was calculated based on the apparent value of

the BLMIS accounts.  *See* PAC ¶¶ 36-37.  There necessarily was a direct relationship between

the Funds' NAV and the stated value of the Funds' BLMIS accounts.

The conclusion that the Funds suffered no injury from their redemptions also follows

from their basic structure and operation.  Like a domestic mutual fund, the Funds were organized

so that no injury would result from routine share redemptions.  That is because the NAV that was

---

[41]   Although most of these cases discuss the issue in terms of the loss causation element of securities fraud, courts
have recognized that the absence of any economic injury also would deprive a plaintiff of Article III standing. *See
In re IMAX Sec. Litig.*, 272 F.R.D. 138, 151-52 (S.D.N.Y. 2010) (noting that inability of in-and-out trader to
establish loss causation would also implicate Article III standing); *In re Impax Labs., Inc. Sec. Litig.*, No. C 04-4802
JW, 2008 WL 1766943, at *6-7 (N.D. Cal. Apr. 17, 2008) (holding that in-and-out trader suffered no loss and thus
lacked Article III standing).

used for share redemptions was calculated based on the current realizable value of the assets

owned by the Funds.  As long as the Funds' assets could be liquidated (as was the case for

Fairfield's BLMIS account while BLMIS's fraud was ongoing), the calculation of the NAV itself

ensured that no injury to the Funds could result from a share redemption.  Thus, for the same

reason that Fidelity and Vanguard do not suffer injury when an investor withdraws from their

mutual funds, the Funds did not suffer any injury from the routine redemptions at issue here.

### D.  The BVI Insolvency Claims Fail as a Matter of BVI Law

The Liquidators assert that Defendants' redemptions and/or the redemption payments

made within a two-year look-back period were "unfair preferences" and/or "undervalue

transactions" under the BVI Insolvency Act.  PAC ¶¶ 145-76.  The Liquidators never asserted

the BVI Insolvency Claims in their BVI liquidation, despite the BVI courts' greater familiarity

with BVI law, and for good reason:  these allegations fail to state a claim.

*First*, these claims fail at a threshold level because the Funds could not have preferred

Defendants, as they were *members* rather than *creditors* of the Funds at all relevant times.

Likewise, the Funds also could not have entered into undervalue transactions with Defendants

because the redeemed shares had the full value stated in the relevant NAV certificate as of the

date of each redemption and/or redemption payment.  *Second*, the Funds were solvent at all

relevant times as a matter of BVI law and were thus incapable of granting preferences or entering

into undervalue transactions.  *Third*, even assuming the Funds were insolvent and the claims

suffered from no other facial deficiencies, the allegations in the proposed amendments establish

complete defenses to those claims:  the transactions were (a) carried out in the ordinary course of

the Funds' business (foreclosing a preference claim), and (b) with a good faith belief that they

would benefit the Funds (foreclosing an undervalue transaction claim).[42] *Finally*, the BVI

Insolvency Claims fail because they require a remedy that only the BVI Court has the

discretionary power to grant.

    1.   <u>The BVI Insolvency Claims Fail Because the Funds Cannot Have (a)
Preferred Their Members, Who Were Not Creditors, or (b) Entered into
Undervalue Transactions by Redeeming Shares that Had Their Full Value</u>

    *i.   Defendants were members, not creditors, of the Funds*

Section 245 prevents preferential treatment of one creditor over another and has no

application to transactions with persons who are not creditors.  *See* Mortimore Decl. ¶ 152.

("[P]references are concerned with transactions that unfairly favour one creditor at the expense

of the others," and so any payment received not by a creditor is not a preference (quoting Roy

Goode, *Principles of Corporate Insolvency Law* § 13-107 (4th ed. 2011))).  Specifically, Section

245 applies to "a transaction entered into by a company" with a "creditor" that has the effect of

"putting the creditor into a position which, in the event of the company going into insolvent

liquidation, will be better than the position he would have been in if the transaction had not been

entered into."  BVI Insolvency Act § 245(1).  The Liquidators assert equivocally that the

"Redemptions *and/or* the Redemption Payments" were the relevant transactions for purposes of

their claims.  PAC ¶ 155 (emphasis added).

In an attempt to create the appearance of a preference transaction for purposes of Section

245, the Liquidators focus exclusively on the redemption *payment*, and claim that Defendants

had become creditors after surrendering their shares but before receiving payment for those

shares.  PAC ¶¶ 157, 160.  In plain English, however, the Funds did not enter into a transaction

when they made a payment, but rather when they received a redemption request that was in

---

[42]    Whether the recipient of any redemption payment acted in good faith has no relevance to a Section 245 unfair
preference claim, Mortimore Decl. ¶ 179, or to whether a Section 246 undervalue claim has been stated, *id.* ¶ 230.

conformity with the Articles.  The payment to a member in accordance with the terms of those Articles was not a distinct transaction "entered into" by the Funds, but was simply incidental to the redemption transaction previously entered into.  *See* Mortimore Decl. ¶¶ 168-71.

The Funds were dealing with a "member" and not a "creditor" when they "entered into" the transaction (the conduct which is the focus of a Section 245 claim) by receiving a redemption request and becoming bound by the plain terms of Article 10 to redeem the shares on the next Dealing Day and to make a payment (the so-called "redemption payment") as soon thereafter as possible.  *See, e.g.*, Sentry Articles, Art. 10 (Hare Decl., Ex. F); Mortimore Decl. ¶¶ 180-86.  Accordingly, when the relevant transaction was "entered into," the criteria for establishing a Section 245 claim—in preferring one creditor over another—was not met.  Indeed, the Liquidators themselves appear to recognize that the redemption request marks the moment of entry into the transaction, *see* PAC ¶ 160 ("notice of redemption . . . triggered the redemption process under the Articles"), and the Liquidators also appear to concede that, at that point, Defendants were members, not creditors, of the Funds, *id.*  Because the payments did not involve entering into a distinctly new transaction but were merely the completion of preexisting arrangements, Section 245 does not apply to them.[43]

---

[43]    In addition, the BVI Insolvency Act itself precludes members, and former members, from being creditors. Section 9(1) of the Act defines a creditor as a person holding a claim that would be admissible in a liquidation of the company.  Section 197 of the Act provides that "[a] member, and a past member, of a company *may not claim* in the liquidation of the company for a sum due to him in his character as a member, *whether by way of dividend, profits, redemption proceeds or otherwise*, but such sum is to be taken into account for the purposes of the final adjustment of the rights of members and, if appropriate, past members between themselves." BVI Insolvency Act § 197 (emphasis added).  Because a member—or a past member—may not claim in the liquidation of the company, it cannot be a creditor within the meaning of Section 9(1).

The EC Court of Appeal in *Westford Special Situations Fund Ltd. v. Barfield Nominees Ltd.*, HVCAP 2010/014 (Mar. 28, 2011), held that, in light of Section 197, a member or past member is not a creditor.  The EC Court of Appeal's later decision in *Somers Dublin Ltd. A/C KBCS v. Monarch Pointe Fund Ltd.*, HVCAP 2011/040 (Mar. 11, 2013), follows *Westford* while clarifying that redeeming members are entitled to claim any surplus ahead of non-redeeming members.  *See* Mortimore Decl. ¶ 185 n.165.

*ii.  The shares had the full value ascribed to them by the Funds*

Section 246 targets transactions entered into by an insolvent company for insufficient consideration.  BVI Insolvency Act § 246(1)(b) (transaction is at undervalue if "the company enters [the] transaction . . . for a consideration the value of which, in money or money's worth, is significantly less than the value, in money or money's worth, of the consideration provided by the company").  The burden is on the Liquidators to prove the insufficiency of the consideration given.  Mortimore Decl. ¶ 235.  The value of the consideration is to be determined (a) as of the date of the transaction, (b) on the basis of the price "a reasonably well informed purchaser is prepared in arms' length negotiations[] to pay for it," and (c) generally without reference to subsequent events that reveal an asset to be worth more or less than generally understood at the time.  Mortimore Decl. ¶¶ 237-39 (quoting *Phillips v. Brevin Dolphin Bell Lawrie Ltd.* [2001] 1 WLR 143 (HL) (Eng.), at § 30).

Here, the Liquidators fail to plausibly allege that the redeemed shares were worth less than the price the Funds paid for them at the time of the redemptions.  At the time of the transactions, the Funds were willing, reasonably well-informed purchasers of the shares and set the value of those shares themselves.  *See* Mortimore Decl. ¶¶ 245, 247-48.  The redemption price, and the corresponding subscription price, represented the open market value of the shares at that time:  the Funds offered to, and presumably did, sell shares for the exact same price that they redeemed shares for on the same dates.  *See, e.g.*, Sentry Articles, Art. 9 (Hare Decl., Ex. F) (subscriptions taken at same NAV per share as redemptions).  Accordingly, the redemptions and/or redemption payments cannot have been at undervalue, and Section 246 cannot apply.

64

## 2.    The BVI Insolvency Claims Fail Because the Funds Were Solvent

The BVI Insolvency Claims also fail because Section 245 (unfair preferences) and Section 246 (undervalue transactions) apply only to *insolvent* companies, and the Funds were solvent at all relevant times.[44]

Section 8(1)(c) of the BVI Insolvency Act defines "insolvent" to mean exclusively that "the company is unable to pay its debts as they fall due."  BVI Insolvency Act § 8(1)(c).  An alternate definition, namely that "the value of the company's liabilities exceeds its assets," is excluded from the definition for purposes of Sections 245 and 246.  *Id.* §§ 8(1)(c), 244(3).  In other words, insolvency under the Act is exclusively a "cash-flow" test.  *See* Mortimore Decl. ¶ 189.

The BVI Insolvency Act's cash-flow test looks only to known debts.  "Debt" within Section 8(1)(c) has its ordinary meaning, *i.e.*, a liquidated monetary obligation, and must be contrasted with the broader concept of "liabilities" referenced in the excluded, alternate definition of insolvent.  *See id.* ¶ 190.  A liability *includes* a debt, but unlike a debt may also be, among other things, contingent and/or unliquidated.  *See* BVI Insolvency Act § 10.  Accordingly, while cash-flow insolvency under BVI law takes account of debts coming due in the near future, it specifically does not attempt to take account of unexpected or unknown liabilities, and does not apply hindsight to make previously unknown liabilities relevant.  *See* Mortimore Decl. ¶¶ 190-92; *id.* ¶ 194 ("[A]bility [to pay] must be determined in the circumstances as they were known or ought to have been known at the relevant time, without intrusion of hindsight . . . . Unexpected later discovery of a liability, or later quantification of a liability at a particular level,

---

[44]    Chapter 15's presumption of insolvency does not help the Liquidators, as the presumption applies only "for the purpose of commencing a proceeding under section 303."  11 U.S.C. § 1531.  BVI law also creates a presumption of insolvency with respect to transfers to members, but the presumption is rebuttable and is rebutted on the face of the Complaints.  *See infra* pp.65-66.

may be excluded from consideration if the liability was properly unknown or seen in a lesser

amount at the relevant time."  (quoting *Lewis v. Doran* [2005] NSWCA 243 (Austl.) at § 103)).

Here, the allegations in the proposed amendments establish that the Funds were able to

pay all debts as they fell due, and the Complaints *admit* the same.  *See* PAC ¶ 158 (Funds "were

. . . able to pay debt falling due").  Under the BVI Insolvency Act, that is the end of the inquiry.

BVI Insolvency Act § 244(2).  The Liquidators cannot change this result by alleging that the

Funds were insolvent because the Funds invested in an entity—BLMIS—that was *later*

discovered to be engaging in a Ponzi scheme.  *See* PAC ¶ 158.  The Liquidators themselves

allege that, at all relevant times, BLMIS's fraud was "unknown to the Funds."  *Id.* ¶ 40.  The

"[u]nexpected later discovery of liability" is "irrelevant to the application of the cash-flow test."

Mortimore Decl. ¶¶ 193-198, 211.  The Funds therefore were solvent under BVI law and the BVI

Insolvency Claims fail.

3.  The Complaints' Allegations Establish the Complete Defenses that the
Transactions Were (a) Made in the Ordinary Course of Business, and (b)
Undertaken with a Good Faith Belief that They Would Benefit the Funds

*i.   The transactions were made in the ordinary course of business*

Section 245 provides that "[a] transaction is not an unfair preference if the transaction

took place in the ordinary course of business."  BVI Insolvency Act § 245(2).  The phrase "in the

ordinary course of business" refers to "transactions regularly taking place in a sustained course

of activity or some usual process naturally passing without examination."  Mortimore Decl.

¶ 220 (quoting *Taylor v. White* [1964] 10 CLR 129 (Austl.)).  The "ordinary course" test asks

whether "*at the time it was made*" and "in its objective commercial setting" the transaction was

an "ordinary transaction for the parties to have entered into."  *Id.* ¶ 222 (quoting *Waikato Freight

& Storage v. Meltzer* [2001] NZCA 106 (N.Z.) (emphasis added)).  Ordinary course transactions

are those that are "undistinguished [from the] common flow of business done."  *Id.* ¶ 219

66

(quoting *Downs Distrib. Co. Pty. Ltd. v. Associated Blue Star Stores Pty. Ltd.* [1948] 76 CLR 463 (Austl.)); *see also id.* ¶¶ 213-27.

Here, the Complaints' allegations themselves demonstrate that the redemptions (and/or redemption payments) were ordinary course transactions of the Funds. The opening paragraphs of the Complaints state that the Funds' business was to be "a means for private investment in [BLMIS]"; that "[f]rom time to time, in order to make payments to investors for the redemption of Shares, [the Funds] made withdrawals from [BLMIS]"; that "[a]t all relevant times, the Funds believed payments . . . from BLMIS represented the proceeds of sales of securities and/or investments held by BLMIS for Sentry"; and that the Funds then paid members who requested redemption the calculated "per share Net Asset Value" based on the supposed assets held by BLMIS for the Funds. PAC ¶¶ 2, 5. In other words, the business of the Funds was to take and redeem indirect investments in BLMIS through the sale and repurchase of their own shares. There could hardly be a more ordinary transaction for the Funds than to redeem the shares of their members at the stated NAV per share.

The Liquidators' sole response to this basic fact is to assert that it "was no part of the ordinary course of business of the Funds to invest in and distribute profits of a Ponzi scheme." PAC ¶ 159. That is another meaningless *post hoc* characterization of the Funds' activities: the Liquidators themselves admit that investing in and distributing funds from BLMIS was *precisely* the Funds' ordinary business; the later discovery that BLMIS was a Ponzi scheme makes that business unfortunate in retrospect, but no less ordinary in its "objective commercial setting" "at the time." *See* Mortimore Decl. ¶ 222 (quoting *Waikato*, [2001] NZCA 106); *id.* ¶ 226 ("It is not permissible under BVI law to have regard to subsequent unexpected events when determining

67

whether a transaction or payment took place in the ordinary course of business.")).  The

Liquidators cannot recover these ordinary course redemption payments under BVI law.

> ### ii.  The transactions were undertaken with a good faith belief that they would benefit the Funds

Section 246 provides that "a company does not enter into an undervalue transaction with

a person if (a) the company enters into the transaction in good faith and for the purpose of its

business; and (b) at the time when it enters into the transaction, there were reasonable grounds

for believing that the transaction would benefit the company."  BVI Insolvency Act § 246(2).[45]

Here again, the transactions are to be assessed as they would have been by a reasonable observer

at the time they were entered into, *not* with the benefit of hindsight.  Mortimore Decl. ¶¶ 193-95.

The Complaints themselves establish that, at the time the Funds entered into the

redemptions (and/or redemption payments), the Funds did so (a) in good faith, (b) for the

purpose of their business, and (c) with a reasonable basis to believe that the transactions would

benefit the Funds.  *First*, as to good faith, the Complaints allege that "[a]t all relevant times, the

Funds believed payments . . . received from BLMIS" and used to honor redemption requests

"represented the proceeds of sales of securities and/or investments held by BLMIS for [the

Funds]," PAC ¶ 5, and that the Funds were in fact the innocent victims of any bad faith on the

part of Citco, *id.* ¶ 75; Mortimore Decl. ¶ 254.  *Second*, as to business purpose, redeeming

investments of members, together with taking investments from them, was the Funds' essential

business.  *See* PAC ¶¶ 2-5; Sentry Articles, Arts. 9-11 (Hare Decl., Ex. F); Mortimore Decl.

¶ 255.  *Third*, as to the belief that the transactions would benefit the Funds, again, redeeming

---

[45]    Although the good faith of the Funds in entering into the redemption transactions is relevant to Section 246(2), "whether or not the other party [*i.e.*, Defendants] to an alleged undervalue transaction acted in good faith is not an issue under Section 246."  Mortimore Decl. ¶ 230.

investments was part of the Funds' essential business and was the Funds' basic contractual

obligation.  *See* PAC ¶¶ 2-5; Sentry Articles, Art. 10 (Hare Decl., Ex. F), Mortimore Decl. ¶ 256.

The Liquidators try to overcome these facts by again relying on hindsight to allege that

"the purpose of the Funds was not to invest in and distribute fictitious profits from a Ponzi

scheme such as BLMIS."  PAC ¶ 171.  As noted above, the later discovery of BLMIS's fraud did

not alter the *Funds'* legitimate business purpose and cannot undermine transactions the Funds

entered into before the discovery of the fraud.  *See supra* Part III.D.3.i.  Thus, the Liquidators

have not stated a Section 246 claim, and that claim must be dismissed.

4.  This Court Cannot Grant the Statutory Remedy for Violations of Sections
    245 and 246

Even if none of the above dispositive arguments prevailed, the Liquidators still would be

barred from recovery because this Court cannot grant the statutory remedy for the BVI

Insolvency Act Claims—only a BVI court can do so.

Sections 245 and 246 set forth the criteria for preferences and undervalue transactions but

establish no remedy.  Section 249 of the BVI Insolvency Act lists possible remedies under the

Act but provides that any such remedy can only be adopted by the BVI Court.  *See* BVI

Insolvency Act § 249 (setting forth remedies the "Court" may adopt), § 2(1) (defining "Court" to

mean the BVI Court).  Furthermore, relief under Section 249 is discretionary, *id.* § 249 (setting

forth remedies the BVI Court "*may*" adopt" (emphasis added)), and "the BVI Court may decide

to make no order, even though the provisions of Section 245 or 246 are satisfied," Mortimore

Decl. ¶ 150 (citing authorities).

Nothing in the BVI Insolvency Act empowers a foreign court to exercise the discretion

afforded to the BVI Court.  Mortimore Decl. ¶¶ 261, 266.  Furthermore, while the BVI Court

could ask this Court for assistance in applying provisions of the BVI Insolvency Act, *id.* ¶ 263,

there is no allegation that the BVI Court has done so here.  On the contrary, the BVI Court has already suggested that this Court *cannot* grant relief under Section 249.[46]  In the course of denying the BVI defendants' 273 Application, Justice Leon of the BVI Court stated that:  "it is difficult to see . . . that the U.S. Bankruptcy Court could grant the statutory relief under Section 249 of the Act that this Court could grant."  Section 273 Judgment ¶ 119 (Hare Decl., Ex. S). Justice Leon went on to seriously question the reasonableness of this Court's attempting to analyze the Section 245 and 246 claims at all, and then concluded that if this Court nevertheless did so and saw fit to enter some form of "declaratory determinations," then "the office holder (the Liquidators) would [still] need to apply to [the BVI Court] under Section 249."  *Id.* ¶ 122. Justice Leon further noted the complete inefficiency of such a protracted procedure, given that the BVI Court would in any event independently need to satisfy itself that the elements of Section 245 or 246 had been met.  *Id.*

The Liquidators offer no showing that this Court can undertake the act of discretion required by Section 249 and reserved by statute to the BVI Court.  For this final reason as well, the Liquidators' statutory claims fail as a matter of BVI law.

## IV.    Plaintiffs Have Not Properly Served Many Defendants

With respect to Swiss Moving Defendants, the Liquidators' claims should be dismissed for defective service.  *See* Fed. R. Civ. P. 12(b)(5).  Absent legally sufficient service, a lawsuit cannot proceed.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

---

[46]    This Court's inability to grant relief pursuant to Section 249 is not a matter of its subject matter jurisdiction, which (unlike the substantive claim) is governed by U.S. law.  *See Al Fatah Int'l Nav. Co. Ltd. v. Shivsu Canadian Clear Waters Tech. (P) Ltd.*, 649 F. Supp. 2d 295, 299 n.4 (S.D.N.Y. 2009).  Rather, as a substantive matter, the Liquidators do not have the right to obtain a remedy from this Court.  The Liquidators purport to assert claims derived from the BVI Insolvency Act, but that same statute explicitly prohibits the remedy that they seek (*i.e.*, an order from a U.S. court pursuant to Sections 245 and 246).  "Although foreign law cannot limit the jurisdiction of an Article III court to entertain controversies, when it creates a right, that foreign law can determine the remedy." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).  Justice Leon's opinion regarding the remedies available pursuant to Section 249 should therefore be considered dispositive.  Accordingly, the Liquidators have not set forth a statutory claim upon which relief can be granted.  *See Seismic Reservoir*, 785 F.3d at 335.

Here, the Liquidators have tried only one form of service on Swiss Moving Defendants: service

by international registered mail,[47] which is expressly prohibited under Swiss law and therefore

ineffective.  Although Swiss Moving Defendants alerted the Liquidators to this failure of proper

service more than four years ago,[48] the Liquidators elected not to cure this glaring deficiency.

Their claims against Swiss Moving Defendants should now be dismissed.

The United States and Switzerland are both parties to the Hague Convention on the

Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the

"Hague Convention"), and "compliance with the Hague Convention is mandatory in all cases."

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *see also* Fed. R. Civ.

P. 4(h)(2), 4(f)(1).[49]

Under the Hague Convention, the exclusive permitted means of service within Swiss

territory is (a) service through the Swiss "central authority," or (b) service by any means

otherwise permitted by Swiss law.  Hague Convention Arts. 2, 5, 19.  In particular, Switzerland

has filed a reservation to Article 10(a) of the Hague Convention, which otherwise might permit

service by mail, conclusively establishing that service by mail in Swiss territory is not permitted.

Decl. of Nicolas Jeandin, dated January 11, 2017 ("Jeandin Decl."), ¶ 14 (citing Swiss

Reservation); *see* Hague Convention, Declarations Reservation, Re: Art. 8 and 10 ("Switzerland

---

[47]    *See, e.g.*, Copy of Certified Order Transferring Case, Ex. A, *Fairfield Sentry Ltd. v. HSBC Private Bank (Suisse) S.A.*, Adv. Pro. No. 10-03633 (Bankr. S.D.N.Y. Sept. 21, 2010) (Dkt. No. 1).

[48]    Obj. Foreign Representative Mot. Seeking Limited Relief from Order Staying Redeemer Actions at 35, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. June 8, 2012) (Dkt. No. 640).

[49]    To the extent the Liquidators intend to rely, where applicable, on pre-removal service of process in certain of the Actions, New York law compels the same result.  *See Schlunk*, 486 U.S. at 699 ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies."); *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ("Because service on a foreign corporation requires the transmittal of a judicial document abroad, the [Hague Service Convention] applies and preempts contrary state law."); *Mut. Benefits Offshore Fund v. Zeltser*, 37 N.Y.S.3d 1, 2 (1st Dep't 2016) ("[T]he only way to serve [the Swiss defendants] is . . . pursuant to the Convention.") (internal citation omitted).

declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10.").  For this reason, courts in this District have consistently held that attempted postal service on Swiss defendants is ineffective.  *See, e.g.*, *Picard v. Cohmad (In re Bernard L. Madoff Inv. Sec. LLC)*, 418 B.R. 75, 82-83 (Bankr. S.D.N.Y. 2009) (attempted service by direct mail on Swiss defendant was insufficient because "direct mail is not an 'internationally agreed means' permitted by Rule 4(f) and the [Hague] Convention," and "Switzerland has also made a formal objection to Article 10(a) [of the Hague Convention], thereby prohibiting transmission of judicial documents directly to persons abroad").

The Liquidators may argue that the Forum Selection Clause in some of the Subscription Agreements validates service by mail in Switzerland.  That argument fails for three reasons. *First*, the Forum Selection Clause is inapplicable to this dispute, and clearly does not apply to Defendants that did not sign documents containing the Forum Selection Clause.  *See supra* Part II.A.  *Second*, even if the Forum Selection Clause were applicable, Swiss Moving Defendants consented only  to "service of process as provided by New York law," which in turn requires compliance with the Hague Convention.  *See supra* note 49.  *Third*, Swiss law and public policy do not allow parties to "contract around" the Swiss prohibition on service by mail. Service of judicial documents within Swiss territory is strictly a governmental function and is considered to be directly related to Swiss sovereignty.  Jeandin Decl. ¶¶ 11, 17; *see E. Cont'l Gems, Inc. v. Yakutiel*, 582 N.Y.S.2d 594, 596 (Sup. Ct. 1992) (service by registered mail upon a defendant corporation in Switzerland was a "violation of the laws of Switzerland" and thus invalid), *aff'd*, 591 N.Y.S.2d 778 (1st Dep't 1992).  Thus, even if the Forum Selection Clause were applicable, because serving Swiss entities in contravention of the Hague Convention is a crime in Switzerland, Jeandin Decl. ¶¶ 9, 20(b), only two interpretations of the Clause exist

72

under New York law:  either the provision requires service in compliance with the laws of

Switzerland in order to construe the provision lawfully, *see Bloomfield v. Bloomfield*, 764 N.E.2d

950, 953 (N.Y. 2001) (explaining that New York courts will adopt a lawful interpretation of a

contract provision where another possible unlawful interpretation exists); or the provision is

unenforceable due to its illegality.  *See Korea Life Ins. Co. v. Morgan Guar. Tr. Co. of N.Y.*, 269

F. Supp. 2d 424, 441-42 (S.D.N.Y. 2003) (illegality is determined by law of jurisdiction where

illegal act takes place).  Under either interpretation, service has not been properly effected on

Swiss Moving Defendants.

Setting aside that postal service into Swiss territory is clearly ineffective, the Liquidators'

attempt to serve Swiss Moving Defendants also failed to comply with the requirement under the

Hague Convention that the papers served be translated into the language of the country in which

they were served.  Hague Convention, Declarations Reservation, Re: Art. 5 ¶ 3.[50]  The

Liquidators did not provide the required translations when they tried to serve Swiss Moving

Defendants, and service was ineffective for this independent reason.

This Court should therefore dismiss the Actions against Swiss Moving Defendants due to

defective service.  The Liquidators have had six years to perfect service—the means of which are

clearly articulated in the Hague Convention—but have declined to do so.  Because of this failure,

any judgment resulting from this case, apart from being defective in this jurisdiction, also would

not be enforceable in Switzerland.

---

[50]    This provision states, in relevant part:  "Switzerland declares that in cases where the addressee does not
voluntarily accept a document, it cannot officially be served on him or her in accordance with Article 5, first
paragraph, unless it is in the language of the authority addressed, *i.e.*, in German, French or Italian, or accompanied
by a translation into one of these languages, depending on the part of Switzerland in which the document is to be
served (cf. annex)."  Hague Convention, Declarations Reservation, Re: Art. 5 ¶ 3.  The Liquidators cannot claim that
Swiss Moving Defendants voluntarily accepted service of the Complaints, as they have consistently reserved their
service-of-process defenses, among other defenses.  *See, e.g.*, Notices of Appearance, *Fairfield Sentry Ltd. v.
Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y.) (Dkt. Nos. 349, 507, 657, 833).

The Court should also dismiss the claims against those Foreign Defendants whom the Liquidators purported to serve by mailing the summons and complaint to foreign addresses in jurisdictions other than Switzerland, because such privately-dispatched postal service is not permitted under Federal Rule of Civil Procedure 4.  While Article 10(a) of the Hague Convention does not *prohibit* service by postal means, it also does not affirmatively authorize such service.  *See* Fed. R. Civ. P. 4(f)(2)(C); *see also Brockmeyer v. May*, 383 F.3d 798, 803 (9th Cir. 2004) ("Article 10(a) does not itself affirmatively authorize international mail service."). Nor does any other provision of Rule 4 authorize service outside of the United States to be effected by privately dispatched postal service.  *Compare* Fed. R. Civ. P. 4(f)(2)(C) (permitting service by international postal service *only* when dispatched by the Clerk).

In *Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986), the Second Circuit held that Article 10(a) of the Hague Convention governs service of originating process (even though it refers only to "sending," not "serving" judicial papers), and further held that service of judicial documents originating *from* foreign courts (and presumably properly served in accordance with those courts' rules) and *into* the United States need not comport with Rule 4, provided that the method of service is not contrary to the Hague Convention, *id.* at 840.  But these Actions involve the converse scenario—postal service of originating process in an action pending in this Court and *into* a foreign jurisdiction.  The Second Circuit has never held that Article 10(a)—which merely states an intention not to "interfere" with the "freedom" to serve by mail—affirmatively permits such service when it would otherwise be contrary to the rules of the court from which such process originates.  In *Brockmeyer*, the Ninth Circuit expressly followed *Ackerman* insofar as it interpreted the text of the Hague Convention, 383 F.3d at 802, but went on to conclude that because "Article 10(a) does not itself affirmatively authorize international mail service," such

74

authorization "must come from the law of the forum in which the suit is filed," and therefore—in a federal case such as this one—must comply with Rule 4, *id.* at 804. Several district courts around the country have reached the same conclusion. *See, e.g.*, *LT Game Int'l Ltd. v. DEQ Sys. Corp.*, No. Civ. 2:13-4593 WJM, 2013 WL 5536195, at *1 (D.N.J. Oct. 7, 2013) ("[S]ervice by mail, where permitted by Article 10(a), must still comply with the requirements of Federal Rule of Civil Procedure 4(f)."); *Ansell Healthcare, Inc. v. Maersk Line*, 545 F. Supp. 2d 339, 342 (S.D.N.Y. 2008) (Rule 4 "pertains . . . if [the] international agreement allows but does not specify other means [of service]"). The method of service used by the Liquidators to serve most Foreign Defendants here—privately-dispatched postal service—is not a method authorized by Rule 4, and is therefore ineffective.

Finally, the U.S. Supreme Court is currently considering whether the reference to postal service in Article 10(a) of the Hague Convention applies to service of originating process at all (as opposed to the mere "sending" of other types of documents). *See Water Splash, Inc. v. Menon*, No. 16–254, 2016 WL 4523079 (U.S. Dec. 2, 2016) (granting certiorari). Defendants reserve the right to challenge the effectiveness of postal service to foreign jurisdictions in the event the Court concludes that Article 10(a) does not apply to service of originating process.

## CONCLUSION

For the reasons set forth above, this Court should deny the Liquidators' Motion for Leave to Amend and dismiss the Complaints with prejudice.

Dated:  New York, New York
         January 13, 2017

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON
LLP


By:  */s/ Thomas J. Moloney*
         Thomas J. Moloney

One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999
(tmoloney@cgsh.com)

# Appendix A
# Defendants[1]

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 1. | Adv. Pro. 10-03496 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.* | Theodoor GGC Amsterdam a/k/a Theodoor Gilissen Global Custody N.V. |
| 2. | Adv. Pro. 10-03502 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Securities Sub A/C, et al.* | RBC Dominion Securities |
| 3. | Adv. Pro. 10-03504 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody, et al.* | FS ABN AMRO Global Custody |
| 4. | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* | Banque Privee Edmond de Rothschild (Europe) |
| 5. | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* | Standard Chartered International (USA) Ltd. |
| 6. | Adv. Pro. 10-03507 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Meritz Fire & Marine Insurance Company Ltd., et al.* | Meritz Fire & Marine Insurance Company Ltd. |
| 7. | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Perenco SA |
| 8. | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Schroder & Co. (Asia) Ltd. |
| 9. | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* | Banco Santander (Suisse) S.A. |
| 10. | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* | Bank Hapoalim (Suisse) Ltd. |
| 11. | Adv. Pro. 10-03512 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Mizrahi Tefahot Bank Ltd., et al.* | Mizrahi Tefahot Bank Limited |
| 12. | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* | Banque Syz & Co. SA |
| 13. | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* | Banque Piguet & Cie SA |

---

[1] The names of defendants included in this Appendix, as well as in Appendices B through D, reflect parties named as defendants by the Liquidators in the relevant Complaints (or to the extent there has been an update to the docket in a particular Action changing the name of a defendant, the updated defendant name) (the "As-Named Defendants"). The inclusion of the As-Named Defendants in this Appendix or any other Appendix is not and shall not be construed as an acknowledgement that any such As-Named Defendants are cognizable legal entities or as a waiver of any substantive or procedural rights and remedies by any such As-Named Defendants, all of which are hereby expressly reserved.

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 14. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. |
| 15. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | Banco Bilbao Vizcaya Argentaria, S.A. |
| 16. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | BBVA Fundas Privanza |
| 17. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | BBVA Grand Cayman |
| 18. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | BBVA Miami |
| 19. | Adv. Pro. 10-03516 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.* | Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| 20. | Adv. Pro. 10-03521 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombardy Properties Limited, et al.* | Lombardy Properties Limited |
| 21. | Adv. Pro. 10-03540 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Vontobel Asset Management, et al.* | Vontobel Asset Management Inc. |
| 22. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 23. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 24. | Adv. Pro. 10-03615 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of America National Trust and Savings Association, et al.* | Bank of America National Trust and Savings Association |
| 25. | Adv. Pro. 10-03616 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Luxembourg, et al.* | Banque de Luxembourg |
| 26. | Adv. Pro. 10-03618 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Miami, et al.* | BBVA Miami |
| 27. | Adv. Pro. 10-03619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Institutional Trust Services (Asia) Limited, et al.* | HSBC Institutional Trust Services (Asia) Limited |
| 28. | Adv. Pro. 10-03620 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International, et al.* | Credit Suisse International |
| 29. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | OAM |
| 30. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | Oddo & Cie |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 31. | Adv. Pro. 10-03622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* | Citibank NA London |
| 32. | Adv. Pro. 10-03623 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AXA Isle of Man A/C L&C, et al.* | AXA Isle of Man Limited |
| 33. | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Caceis Bank Luxembourg |
| 34. | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Natixis S.A. or its predecessors in interest as the owner/operator of certain accounts named as defendants |
| 35. | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 36. | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Murdoch & Co. |
| 37. | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Robinson & Co. |
| 38. | Adv. Pro. 10-03629 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom, et al.* | HSBC Private Banking Nominee 1 (Jersey) Ltd. (n/k/a Republic Nominees Limited) |
| 39. | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg), SA |
| 40. | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private-Space Ltd. |
| 41. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (C.I.) Limited |
| 42. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (Guernsey) Ltd. (n/k/a HSBC Private Bank (C.I.) Limited) |
| 43. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | Republic Nominees Limited |
| 44. | Adv. Pro. 10-03632 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Andbanc Andorra, et al.* | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. |
| 45. | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) SA, et al.* | HSBC Private Bank (Suisse) S.A. |
| 46. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 47. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 48. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited |
| 49. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA a/k/a Banque Privee Espirito Santo SA |
| 50. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Bank f/k/a EFG Private Bank S.A. |
| 51. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | HSBC Bank USA, N.A. |
| 52. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank |
| 53. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Safra National Bank of New York |
| 54. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda |
| 55. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Matched Funding Corp. |
| 56. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Zurich Capital Markets Company |
| 57. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianz Bank Financial Advisors SpA |
| 58. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC |
| 59. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 60. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 61. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |
| 62. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |
| 63. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 64. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 65. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 66. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |
| 67. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 68. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 69. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 70. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 71. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 72. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 73. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 74. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 75. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 76. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 77. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 78. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 79. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank (Monaco) f/k/a EFG Eurofinanciere D'Invest MCL |
| 80. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 81. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 82. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 83. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 84. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 85. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 86. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 87. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC |
| 88. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 89. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 90. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 91. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | KBC Investments Ltd. |
| 92. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG |
| 93. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische LB Reinvest AMS |
| 94. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 95. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 96. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait S.A.K. |
| 97. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 98. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 99. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 100. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. |
| 101. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 102. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 103. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 104. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 105. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 106. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 107. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 108. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 109. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York |
| 110. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich |
| 111. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited |
| 112. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket |
| 113. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 114. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 115. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 116. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianz Bank Financial Advisors SpA |
| 117. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC |
| 118. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 119. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 120. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |
| 121. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi le-Israel B.M. |
| 122. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |
| 123. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 124. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 125. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 126. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |
| 127. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 128. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 129. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 130. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 131. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 132. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 133. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 134. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 135. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 136. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 137. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 138. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 139. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank (Monaco) f/k/a EFG Eurofinanciere D'Invest MCL |
| 140. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 141. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |
| 142. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 143. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 144. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 145. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 146. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 147. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC |
| 148. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 149. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 150. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 151. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | KBC Investments Ltd. |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 152. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG |
| 153. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische LB Reinvest AMS |
| 154. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 155. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 156. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait S.A.K. |
| 157. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 158. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 159. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 160. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. |
| 161. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 162. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 163. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 164. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 165. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 166. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 167. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 168. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 169. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich |
| 170. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York |
| 171. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited |
| 172. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket |
| 173. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 174. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 175. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 176. | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG a/k/a Citibank (Switzerland) Zurich |
| 177. | Adv. Pro. 10-03744 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Company America, et al.* | Deutsche Bank Trust Company Americas |
| 178. | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA Geneve |
| 179. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Deutsche Bank (Cayman) |
| 180. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens CFO 1 Feeder Fund Ltd. |
| 181. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens Global Opportunity Fund |
| 182. | Adv. Pro. 10-03747 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al.* | Deutsche Bank AG Singapore |
| 183. | Adv. Pro. 10-03750 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Ltd., et al.* | Blubank Ltd. n/k/a Inteligo Bank Ltd. |
| 184. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Bank Boston International Florida |
| 185. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Brown Brothers Harriman & Co. |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 186. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Agricole (Miami) |
| 187. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais Miami n/k/a Credit Lyonnais S.A. Miami |
| 188. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais n/k/a LCL-LE Credit Lyonnais S.A. |
| 189. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Raiffeisen Zentralbank Oesterreich AG |
| 190. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | SCB Nominees (CI) Ltd. |
| 191. | Adv. Pro. 10-03753 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Bank LateinAmerika AG, et al.* | Dresdner Lateinamerika AG |
| 192. | Adv. Pro. 10-03753 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Bank LateinAmerika AG, et al.* | UBS Deutschland AG |
| 193. | Adv. Pro. 10-03754 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CDC IXIS, et al.* | CDC Ixis |
| 194. | Adv. Pro. 10-03755 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg SA, et al.* | Banco Itau Europa Luxembourg SA |
| 195. | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 196. | Adv. Pro. 10-03757 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. a/k/a SNS Bank N.V., et al.* | SNS Global Custody B.V. a/k/a SNS Bank N.V. |
| 197. | Adv. Pro. 10-03758 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Ltd. Ref Greenlake Arbitrage Fund Ltd., et al.* | UBS Fund Services (Cayman) Limited |
| 198. | Adv. Pro. 10-03764 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA |
| 199. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited |
| 200. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Odyssey Alternative Fund Limited |

|  | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 201. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Platinum All Weatheer Fund |
| 202. | Adv. Pro. 10-03778 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities SA, et al.* | Wall Street Securities S.A. f/k/a Bantal Brothers S.A. |
| 203. | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG New York |
| 204. | Adv. Pro. 10-03782 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al.* | Credit Suisse (Bahamas) a/k/a Credit Suisse (Bahamas) Limited |
| 205. | Adv. Pro. 10-03782 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al.* | Credit Suisse AG, Nassau Branch |
| 206. | Adv. Pro. 10-03783 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Bahamas), et al.* | Maria Férère as Liquidator of Banco Atlantico (Bahamas) a/k/a Banco Atlantico (Bahamas) Bank & Trust Limited |
| 207. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 208. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 209. | Adv. Pro. 10-03787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Gibraltar), et al.* | EFG Bank (Gibraltar) Ltd. |
| 210. | Adv. Pro. 10-03787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Gibraltar), et al.* | European Financial Group EFG S.A. and European Financial Group EFG (Luxembourg) S.A. |
| 211. | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA |
| 212. | Adv. Pro. 10-03791 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al.* | Monte Paschi Ireland Ltd. |
| 213. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | American Express Offshore Alternative Investment Fund |
| 214. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | ZCM Asset Holding Company (Bermuda) Ltd. |
| 215. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | Zurich Bank |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 216. | Adv. Pro. 10-03793 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC, et al.* | Nomura International PLC |
| 217. | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie |
| 218. | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Graziela Strina De Toledo Arruda |
| 219. | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Luis M. Strina |
| 220. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | Hambros Guernsey Nominees |
| 221. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Bank & Trust (Guernsey) Ltd. n/k/a SG Hambros Bank (Channel Islands) Limited |
| 222. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Bank (Channel Islands) Limited-Guernsey Branch |
| 223. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Nominees (Jersey) |
| 224. | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, et al.* | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 225. | Adv. Pro. 10-03863 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Trust & Banking Co., LTD.* | Sumitomo Trust & Banking Co., Ltd. |
| 226. | Adv. Pro. 10-03864 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA, et al.* | Natixis Bank, formerly known as Natixis Private Banking International S.A. |
| 227. | Adv. Pro. 10-03865 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin Int'l Ltd., et al.* | Celfin International Limited |
| 228. | Adv. Pro. 10-03867 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody, et al.* | Stichting Stroeve Global Custody |
| 229. | Adv. Pro. 10-03868 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al.* | Kredietbank SA Luxembourgeoise |
| 230. | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* | SIX SIS AG |
| 231. | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | Caceis Bank Ex Ixis Is |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 232. | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | Natixis Multimanager, formerly known as IXIS Private Capital Management ("IPCM") |
| 233. | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* | Bordier & Cie |
| 234. | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. |
| 235. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Credit Suisse (Luxembourg) SA |
| 236. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Leu Performance Fund |
| 237. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Leu Prima Global Fund |
| 238. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Prima Global Fund |
| 239. | Adv. Pro. 10-04089 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA, et al.* | Banco Inversis S.A. |
| 240. | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 241. | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Candriam World Alternative (F/K/A Dexia World Alternative) |
| 242. | Adv. Pro. 10-04091 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia Private Bank (Switzerland), et al.* | Banque Internationale à Luxembourg (Suisse) SA f/k/a Dexia Private Bank (Switzerland) SA |
| 243. | Adv. Pro. 10-04094 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natexis Banques Populaires, et al.* | Natixis S.A., formerly known as Natexis Banques Populaires |
| 244. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell A |
| 245. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell B |
| 246. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund L.P. |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 247. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Asset Allocation Fund L.P. |
| 248. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | UBS Fund Services (Cayman) Limited |
| 249. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Banco di Desio e Della Brianza |
| 250. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Zenit Alternative Investment |
| 251. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Zenit Master |
| 252. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Zenit Advanced Strategies |
| 253. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Fondo Hunter |
| 254. | Adv. Pro. 10-04097 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Nominees (IOM) Limited, et al.* | Banco Nominees (IOM) Limited (n/k/a Banco Nominees 2 (Guernsey) Limited) |
| 255. | Adv. Pro. 10-04098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* | BNP Paribas Arbitrage SNC |
| 256. | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | BNP Paribas Private Bank and Trust Cayman Ltd. |
| 257. | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | Tremont Market Neutral Portfolio Ltd. |
| 258. | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | Tremont Partners Inc. |
| 259. | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* | BNYM SA/NV f/k/a ABN Amro Mellon Global Security Services B.V. |
| 260. | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* | Citivic Nominees Limited |
| 261. | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse Gibraltar Limited |
| 262. | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 263. | Adv. Pro. 10-04238 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hansard Europe Ltd., et al.* | Hansard Europe Ltd. |
| 264. | Adv. Pro. 11-01467 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BK Hapoalim/B M Tel Aviv, et al.* | Bank Hapoalim B.M., Tel Aviv |
| 265. | Adv. Pro. 11-01242 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Fortis Banque Luxembourg, et al.* | Fortis Banque Luxembourg |
| 266. | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* | Bank Julius Baer & Co. Ltd. |
| 267. | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole (Suisse) SA a/k/a Banque du Credit Agricole (Suisse) SA, et al.* | Credit Agricole (Suisse) SA a/k/a Banque Du Credit Agricole (Suisse) SA |
| 268. | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* | Schroder & Co. Bank AG |
| 269. | Adv. Pro. 11-01250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Luxembourg SA, et al.* | UBS Luxembourg SA |
| 270. | Adv. Pro. 11-01253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SWEDCLIENT/IAM, et al.* | FS/Swedclient/IAM |
| 271. | Adv. Pro. 11-01254 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux a/k/a American Express Bank (London), et al.* | FS/AEB LUX a/k/a American Express Bank (London) a/k/a Standard Chartered PLC |
| 272. | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* | Banque SCS Alliance SA |
| 273. | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* | Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives |
| 274. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Zurich |
| 275. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Fund Services (Ireland) Ltd. |
| 276. | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* | Barclays Bank (Suisse) SA |
| 277. | Adv. Pro. 11-01260 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait a/k/a National Bank of Kuwait, et al.* | National Bank of Kuwait S.A.K. |
| 278. | Adv. Pro. 11-01460 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. FS/LAB/AXA PM, et al.* | FS/LAB/AXA PM |
| 279. | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Caliber Investments Ltd. |

|     | Case No. | Case Name | Defendant Name |
|-----|----------|-----------|----------------|
| 280. | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Melrose Investments Ltd. |
| 281. | Adv. Pro. 11-01462 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Grand Cathay Securities (Hong Kong) Limited, et al.* | Grand Cathay Securities (Hong Kong) Limited |
| 282. | Adv. Pro. 11-01463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* | Merrill Lynch International |
| 283. | Adv. Pro. 11-01464 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis f/k/a IXIS Corporate and Investment Bank, et al.* | Natixis S.A. (in its own capacity and as successor-in-interest of IXIS Corporate & Investment Bank) |
| 284. | Adv. Pro. 11-01470 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barfield Nominees Limited, et al.* | Barfield Nominees Limited |
| 285. | Adv. Pro. 11-01486 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Korea Exchange Bank, et al.* | Korea Exchange Bank |
| 286. | Adv. Pro. 11-01564 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Limited, et al.* | Deutsche Bank Nominees (Jersey) |
| 287. | Adv. Pro. 11-01565 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/ING Lux, et al.* | ING Luxembourg |
| 288. | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA |
| 289. | Adv. Pro. 11-01567 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Global Fund Porvenir, et al.* | Global Fund Porvenir |
| 290. | Adv. Pro. 11-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Banque Degroof Bruxelles, et al.* | Banque Degroof Bruxelles a/k/a Banque Degroof SA Bruxelles |
| 291. | Adv. Pro. 11-01571 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banc of America Securities LLC, et al.* | Banc of America Securities LLC |
| 292. | Adv. Pro. 11-01575 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Industriel et Commercial Singapore Branch, et al.* | Credit Industriel et Commercial Singapore Branch |
| 293. | Adv. Pro. 11-01576 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Multi-Strategy Fund Limited, et al.* | Multi-Strategy Fund Limited |
| 294. | Adv. Pro. 11-01577 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Insurance Co. Ltd., et al.* | Cathay Life Insurance Company Limited. |
| 295. | Adv. Pro. 11-01578 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. NYROY, et al.* | NYROY, Royal Bank of Canada |
| 296. | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | BNP Paribas Securities Services Nominees Ltd. |

|  | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 297. | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* | Rahn & Bodmer Banquiers |
| 298. | Adv. Pro. 11-01582 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Asia) Limited, et al.* | Royal Bank of Canada (Asia) Limited |
| 299. | Adv. Pro. 11-01584 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al.* | Societe Generale Bank & Trust (Luxembourg) |
| 300. | Adv. Pro. 11-01585 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Reescompte et de Placement, et al.* | Banque de Reescompte et de Placement a/k/a BAREP |
| 301. | Adv. Pro. 11-01586 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank, et al.* | Swedbank |
| 302. | Adv. Pro. 11-01587 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bie Bank & Trust Bahamas Ltd., et al.* | BIE Bank & Trust Bahamas Ltd. |
| 303. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | BNY AIS Nominees, Ltd. |
| 304. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Andorrà/ Crediinvest |
| 305. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Fons Alternatiu Dinàmic Dòlar FI |
| 306. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Fons Alternatiu Dinàmic |
| 307. | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al.* | AllFunds Bank |
| 308. | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al.* | NMAS1 Gestion SGIIC S.A. |
| 309. | Adv. Pro. 11-01592 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cherwinka, et al.* | Judith Cherwinka a/k/a Judith Cherwinka IRA and Beneficial Owners of Accounts Held in the Name of Judith Cherwinka |
| 310. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | FS/HSBC Guyerzeller Zurich (n/k/a HSBC Trust Company AG) |
| 311. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | Stanhope Capital |
| 312. | Adv. Pro. 11-01595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. KWI, et al.* | KWI |
| 313. | Adv. Pro. 11-01598 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque et Caisse D'epargne de L'Etat Lux, et al.* | Banque et Caisse D'Epargne de L'Etat Luxembourg |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 314. | Adv. Pro. 11-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo, et al.* | Eduardo Fernandez de Valderrama Murillo |
| 315. | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* | BBVA Zurich/Shares |
| 316. | Adv. Pro. 11-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management, et al.* | Credit Suisse AG Nassau Branch Wealth Management |
| 317. | Adv. Pro. 11-01604 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. PFPC Bank Limited, et al.* | BNY Mellon International Bank Ltd. f/k/a PFPC International Bank Ltd., PNC International Bank Limited and PFPC Bank Ltd. |
| 318. | Adv. Pro. 11-01606 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Koch Investment (UK) Company, et al.* | Koch Investment (UK) Company |
| 319. | Adv. Pro. 11-01610 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Israel Discount Bank, Limited, Tel Aviv, et al.* | Israel Discount Bank, Limited, Tel Aviv |
| 320. | Adv. Pro. 11-01612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie AG, et al.* | Bank Sarasin & Cie AG |
| 321. | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | Fortis Bank Nederland NV |
| 322. | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund |
| 323. | Adv. Pro. 11-01615 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Societe Europeenne de Banque S.A.* | Societe Europeenne de Banque S.A. |
| 324. | Adv. Pro. 11-01617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* | BNP Paribas Fortis |
| 325. | Adv. Pro. 11-01619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBP Titres, et al.* | NBP Titres |
| 326. | Adv. Pro. 11-01719 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Abu Dhabi Investment Authority et al.* | Abu Dhabi Investment Authority |
| 327. | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* | Bank Vontobel AG |
| 328. | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | RBC Dominion Securities, Inc. |
| 329. | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | Royal Bank of Canada a/k/a RBC Capital Markets Corporation |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 330. | Adv. Pro. 11-02336 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al.* | Bessemer Trust Company |
| 331. | Adv. Pro. 11-02336 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al.* | Naidot & Co. |
| 332. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Lion Global Investors f/k/a Lion Fairfield Capital Management |
| 333. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Brunei Life Ins FD – Lion Capital Balanced (330008) |
| 334. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life |
| 335. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life Shareholders FD – Lion Capital FI (330007) |
| 336. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Trust PTE Ltd. – Lion Capital FI (330012) |
| 337. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Life Ins Fund – Par (FI) – Lion Capital - SCND |
| 338. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Shareholders Fund - SCMS |
| 339. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life S Pore LI Inv FD Par Slam (FI) |
| 340. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life S Pore LI In FD Par Slam (FL) |
| 341. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | SCND Life Ins Fund Par FI Slam |
| 342. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Brunei Life Ins FD Slam Balanced |
| 343. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life Shareholders FD Slam FL |
| 344. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 345. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |

|  | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 346. | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* | Deutsche Bank (Suisse) SA as successor to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG A/K/A Bank Sal Oppenheim Jr. & CIE |
| 347. | Adv. Pro. 11-02530 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al.* | Avalon Absolute Return Funds PLC |
| 348. | Adv. Pro. 11-02532 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deltec Bank & Trust Limited, et al.* | Deltec Bank & Trust Limited |
| 349. | Adv. Pro. 11-02534 | *Fairfield Sigma Ltd. (In Liquidation) et al. v. Simgest SpA et al.* | Simgest SpA |
| 350. | Adv. Pro. 11-02594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild Trust (Schweiz) AG, et al.* | Rothschild Trust (Schweiz) AG |
| 351. | Adv. Pro. 11-02611 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Andorra Banc Agricol Reig SA, et al.* | Andorra Banc Agricol Reig S.A. |
| 352. | Adv. Pro. 11-02612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Limited, et al.* | Credit Suisse Nominees (Guernsey) Limited |
| 353. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Oval Alpha Palmares |
| 354. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Palmares Europlus |
| 355. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Societe Generale Bank & Trust SA (Luxembourg) |
| 356. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | UMR |
| 357. | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited |
| 358. | Adv. Pro. 11-02771 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fullerton Capital PTE, Ltd., f/k/a Goldtree Invest, et al.* | Fullerton Capital PTE, Ltd. |
| 359. | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse) S.A. f/k/a Banque de la Mediterra, et al.* | BankMed (Suisse) SA |
| 360. | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | CPR Online |
| 361. | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | Credit Agricole Titres |
| 362. | Adv. Pro. 12-01119 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V., et al.* | Fortis Bank (Nederland) N.V. |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 363. | Adv. Pro. 12-01119 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V., et al.* | Sempervirens Capital Management Limited Class E-F Fund |
| 364. | Adv. Pro. 12-01123 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BANCA CARIGE SPA, et al.* | Banca Carige S.P.A. |
| 365. | Adv. Pro. 12-01124 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa International, et al.* | Banco Itau Europa International |
| 366. | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* | Investec Bank (Switzerland) AG |
| 367. | Adv. Pro. 12-01127 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited, et al.* | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited |
| 368. | Adv. Pro. 12-01128 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Seoul Branch, Ltd., et al.* | HSBC Seoul Branch, Ltd. |
| 369. | Adv. Pro. 12-01131 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild & Cie Banque Paris, et al.* | Rothschild & Cie Banque Paris |
| 370. | Adv. Pro. 12-01132 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dexia Investor Services Espana S.A.* | RBC Dexia Investor Services España, S.A. |
| 371. | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | Millennium Multi-Strategy Fund |
| 372. | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | SEI Investments Trustee and Custodial Services (IRELAND) Ltd. |
| 373. | Adv. Pro. 12-01135 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited, et al.* | Bank of Ireland Nominees Limited |
| 374. | Adv. Pro. 12-01136 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bred Banque Populaire, et al.* | BRED Banque Populaire |
| 375. | Adv. Pro. 12-01140 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Cesare Ponti SPA, et al.* | Banca Cesare Ponti S.P.A. |
| 376. | Adv. Pro. 12-01142 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank Korea Inc., et al.* | Citibank Korea Inc. |
| 377. | Adv. Pro. 12-01143 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Centre College, et al.* | Centre College |

|  | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 378. | Adv. Pro. 12-01144 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim BM, London, et al.* | Bank Hapoalim B.M., London |
| 379. | Adv. Pro. 12-01147 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fair and Banque Degroof Luxembourg, S.A., et al.* | Banque Degroof Luxembourg S.A. |
| 380. | Adv. Pro. 12-01148 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim., et al.* | Banca Popolare dell'Alto Adige Soc. coop. pa. |
| 381. | Adv. Pro. 12-01155 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kiangsu Chekiang and Shanghai Residents (H.K.) Association, et al.* | Kiangsu Chekiang and Shanghai Residents (H.K.) Association |
| 382. | Adv. Pro. 12-01158 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel, et al.* | Bank Leumi Israel |
| 383. | Adv. Pro. 12-01162 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta S.P.A., et al.* | Delta S.P.A. |
| 384. | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Hong Kong) Limited |
| 385. | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Nominees) Limited |
| 386. | Adv. Pro. 12-01187 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Popolare Di Verona E Novara Luxembourg S.A. n/k/a Banco Popolare Luxembourg S.A., et al.* | Banco Popolare Di Verona E Novara Luxembourg S.A. *n/k/a* Banco Popolare Luxembourg S.A. |
| 387. | Adv. Pro. 12-01264 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Jared Trading Limited/BVI et al.* | Jared Trading Limited/BVI |
| 388. | Adv. Pro. 12-01265 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al.* | Barclays Bank SA Madrid |
| 389. | Adv. Pro. 12-01267 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. TAIB Bank E.C., et al.* | Taib Bank E.C. n/k/a Taib Bank B.S.C. |
| 390. | Adv. Pro. 12-01270 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities (Panama) SA, et al.* | HSBC Securities (Panama) SA |
| 391. | Adv. Pro. 12-01271 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Insurance Company Limited, et al.* | Hontai Life Insurance Company Limited |
| 392. | Adv. Pro. 12-01272 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al.* | Schroders Italy SIM SpA |
| 393. | Adv. Pro. 12-01285 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Profilo SPA, et al.* | Banca Profilo SPA |
| 394. | Adv. Pro. 12-01286 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada, et al.* | Banco General SA Banca Privada |

| | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 395. | Adv. Pro. 12-01287 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Patagonia (Uruguay) S.A.I.F.E., et al.* | Banco Patagonia (Uruguay) S.A.I.F.E. |
| 396. | Adv. Pro. 12-01288 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cais Bank, et al.* | Cais Bank |
| 397. | Adv. Pro. 12-01288 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cais Bank, et al.* | Calyon Paris |
| 398. | Adv. Pro. 12-01290 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC International Trustee Limited, et al.* | HSBC International Trustee Limited |
| 399. | Adv. Pro. 12-01294 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Alok Sama, et al.* | Alok Sama |
| 400. | Adv. Pro. 12-01295 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie a/k/a Bank Sarasin & Co., et al.* | Bank Sarasin & Cie a/k/a Bank Sarasin & Co. |
| 401. | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* | Cititrust Bahamas Limited |
| 402. | Adv. Pro. 12-01301 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited, et al.* | Unicorp Bank & Trust Limited |
| 403. | Adv. Pro. 12-01550 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Atlantic Security Bank, et al.* | Atlantic Security Bank |
| 404. | Adv. Pro. 12-01551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* | BNP Paribas España |
| 405. | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | HSH Nordbank Securities S.A. |
| 406. | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | HSBC Bank Bermuda Limited |
| 407. | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | Somers Nominees (Far East) Limited |
| 408. | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV, et al.* | Fortis Global Custody Services NV |
| 409. | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* | FS/GSCO London |
| 410. | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* | FS/GSCO New York |
| 411. | Adv. Pro. 12-01571 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited, et al.* | Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited |
| 412. | Adv. Pro. 12-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al.* | Barclays Private Bank & Trust (Channel Islands) Limited |

|  | Case No. | Case Name | Defendant Name |
|---|---|---|---|
| 413. | Adv. Pro. 12-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hyposwiss Private Bank Geneve F/K/A Anglo Irish Bank (Suisse), S.A. et al.* | Hyposwiss Private Bank Geneve SA |
| 414. | Adv. Pro. 12-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Select Absolute Strategies SICAV, et al.* | Select Absolute Strategies SICAV |
| 415. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | DMC (HD) Limited |
| 416. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Essex 17 Limited |
| 417. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Essex 21 Limited |
| 418. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Hyperion (HD) Limited |
| 419. | Adv. Pro. 16-01214 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Investor Services Bank SA, et al.* | RBC Dexia Investor Services Bank, S.A. |

# Appendix B
# Foreign Defendants[1]

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 1. | Adv. Pro. 10-03496 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.* | Theodoor GGC Amsterdam a/k/a Theodoor Gilissen Global Custody N.V. |
| 2. | Adv. Pro. 10-03502 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Securities Sub A/C, et al.* | RBC Dominion Securities |
| 3. | Adv. Pro. 10-03504 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody, et al.* | FS ABN AMRO Global Custody |
| 4. | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* | Banque Privee Edmond de Rothschild (Europe) |
| 5. | Adv. Pro. 10-03507 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Meritz Fire & Marine Insurance Company Ltd., et al.* | Meritz Fire & Marine Insurance Company Ltd. |
| 6. | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Perenco SA |
| 7. | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Schroder & Co. (Asia) Ltd. |
| 8. | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* | Banco Santander (Suisse) S.A. |
| 9. | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* | Bank Hapoalim (Suisse) Ltd. |
| 10. | Adv. Pro. 10-03512 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Mizrahi Tefahot Bank Ltd., et al.* | Mizrahi Tefahot Bank Limited |
| 11. | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* | Banque Syz & Co. SA |
| 12. | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* | Banque Piguet & Cie SA |
| 13. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. |

[1] Foreign Defendants that are identified with "†" include those who are alleged in the relevant Complaint filed in this Action to have been incorporated in the U.S. and/or had their principal places of business ("PPOB") in the U.S., but nonetheless may raise arguments to the contrary, either in the supplemental memoranda of law to be filed before or on January 27, 2017 or otherwise. For the avoidance of doubt, the exclusion of any defendant in the Actions from this Appendix shall not be construed either as an acknowledgement that any such defendant was incorporated in the U.S. or had its PPOB in the U.S. or as a waiver of their rights to contend that the Liquidators' allegations in respect of their place of incorporation or PPOB were in error, inadequately pled, or otherwise insufficient for conferring personal jurisdiction over them.

|  | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 14. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | Banco Bilbao Vizcaya Argentaria, S.A. |
| 15. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | BBVA Fundas Privanza |
| 16. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | BBVA Grand Cayman |
| 17. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd.† |
| 18. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 19. | Adv. Pro. 10-03616 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Luxembourg, et al.* | Banque de Luxembourg |
| 20. | Adv. Pro. 10-03619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Institutional Trust Services (Asia) Limited, et al.* | HSBC Institutional Trust Services (Asia) Limited |
| 21. | Adv. Pro. 10-03620 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International, et al.* | Credit Suisse International |
| 22. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | OAM |
| 23. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | Oddo & Cie |
| 24. | Adv. Pro. 10-03623 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AXA Isle of Man A/C L&C, et al.* | AXA Isle of Man Limited |
| 25. | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Caceis Bank Luxembourg |
| 26. | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Natixis S.A. or its predecessors in interest as the owner/operator of certain accounts named as defendants |
| 27. | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 28. | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Murdoch & Co. |
| 29. | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Robinson & Co. |

Appendix B [2]

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 30. | Adv. Pro. 10-03629 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom, et al.* | HSBC Private Banking Nominee 1 (Jersey) Ltd. (n/k/a Republic Nominees Limited) |
| 31. | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg), SA |
| 32. | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private-Space Ltd. |
| 33. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (C.I.) Limited |
| 34. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (Guernsey) Ltd. (n/k/a HSBC Private Bank (C.I.) Limited) |
| 35. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | Republic Nominees Limited |
| 36. | Adv. Pro. 10-03632 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Andbanc Andorra, et al.* | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. |
| 37. | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) SA, et al.* | HSBC Private Bank (Suisse) S.A. |
| 38. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg |
| 39. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 40. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited |
| 41. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA a/k/a Banque Privee Espirito Santo SA |
| 42. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Bank f/k/a EFG Private Bank S.A. |
| 43. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank |
| 44. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda |
| 45. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Zurich Capital Markets Company |

|     | Case No. | Case Name | Foreign Defendant |
|-----|----------|-----------|-------------------|
| 46. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianz Bank Financial Advisors SpA |
| 47. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC |
| 48. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 49. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 50. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |
| 51. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |
| 52. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 53. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 54. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 55. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |
| 56. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 57. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 58. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 59. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 60. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 61. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 62. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 63. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 64. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 65. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 66. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 67. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 68. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank (Monaco) f/k/a EFG Eurofinanciere D'Invest MCL |
| 69. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 70. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd.† |
| 71. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI† |
| 72. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 73. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd.† |
| 74. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 75. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 76. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC |
| 77. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 78. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 79. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 80. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | KBC Investments Ltd.† |
| 81. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 82. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische LB Reinvest AMS |
| 83. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 84. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 85. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait S.A.K. |
| 86. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 87. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 88. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 89. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. |
| 90. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 91. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 92. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 93. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 94. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 95. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 96. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 97. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 98. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York† |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 99. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich† |
| 100. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited |
| 101. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket |
| 102. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 103. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 104. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 105. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianz Bank Financial Advisors SpA |
| 106. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC |
| 107. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 108. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 109. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |
| 110. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi le-Israel B.M. |
| 111. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |
| 112. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 113. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 114. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 115. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 116. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 117. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 118. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 119. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 120. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 121. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 122. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 123. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 124. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 125. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 126. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 127. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 128. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank (Monaco) f/k/a EFG Eurofinanciere D'Invest MCL |
| 129. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 130. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd.† |
| 131. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI† |
| 132. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 133. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd.† |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 134. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 135. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 136. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC |
| 137. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 138. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 139. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 140. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | KBC Investments Ltd.† |
| 141. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG |
| 142. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische LB Reinvest AMS |
| 143. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 144. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 145. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait S.A.K. |
| 146. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 147. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 148. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 149. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. |
| 150. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 151. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 152. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 153. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 154. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 155. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 156. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 157. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 158. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York† |
| 159. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich† |
| 160. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited |
| 161. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket |
| 162. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 163. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 164. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 165. | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG a/k/a Citibank (Switzerland) Zurich |
| 166. | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA Geneve |
| 167. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Deutsche Bank (Cayman) |
| 168. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens CFO 1 Feeder Fund Ltd. |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 169. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens Global Opportunity Fund |
| 170. | Adv. Pro. 10-03747 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al.* | Deutsche Bank AG Singapore |
| 171. | Adv. Pro. 10-03750 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Ltd., et al.* | Blubank Ltd. n/k/a Inteligo Bank Ltd. |
| 172. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais n/k/a LCL-LE Credit Lyonnais S.A. |
| 173. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Raiffeisen Zentralbank Oesterreich AG |
| 174. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | SCB Nominees (CI) Ltd. |
| 175. | Adv. Pro. 10-03753 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Bank LateinAmerika AG, et al.* | Dresdner Lateinamerika AG |
| 176. | Adv. Pro. 10-03753 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Bank LateinAmerika AG, et al.* | UBS Deutschland AG |
| 177. | Adv. Pro. 10-03754 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CDC IXIS, et al.* | CDC Ixis |
| 178. | Adv. Pro. 10-03755 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg SA, et al.* | Banco Itau Europa Luxembourg SA |
| 179. | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 180. | Adv. Pro. 10-03757 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. a/k/a SNS Bank N.V., et al.* | SNS Global Custody B.V. a/k/a SNS Bank N.V. |
| 181. | Adv. Pro. 10-03758 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Ltd. Ref Greenlake Arbitrage Fund Ltd., et al.* | UBS Fund Services (Cayman) Limited |
| 182. | Adv. Pro. 10-03764 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA |
| 183. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited |
| 184. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Odyssey Alternative Fund Limited |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 185. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Platinum All Weatheer Fund |
| 186. | Adv. Pro. 10-03778 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities SA, et al.* | Wall Street Securities S.A. f/k/a Bantal Brothers S.A. |
| 187. | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG New York† |
| 188. | Adv. Pro. 10-03782 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al.* | Credit Suisse (Bahamas) a/k/a Credit Suisse (Bahamas) Limited |
| 189. | Adv. Pro. 10-03782 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al.* | Credit Suisse AG, Nassau Branch |
| 190. | Adv. Pro. 10-03783 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Bahamas), et al.* | Maria Férère as Liquidator of Banco Atlantico (Bahamas) a/k/a Banco Atlantico (Bahamas) Bank & Trust Limited |
| 191. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd.† |
| 192. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 193. | Adv. Pro. 10-03787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Altantico (Gibraltar), et al.* | EFG Bank (Gibraltar) Ltd. |
| 194. | Adv. Pro. 10-03787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Altantico (Gibraltar), et al.* | European Financial Group EFG S.A. and European Financial Group EFG (Luxembourg) S.A. |
| 195. | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA |
| 196. | Adv. Pro. 10-03791 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al.* | Monte Paschi Ireland Ltd. |
| 197. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | American Express Offshore Alternative Investment Fund |
| 198. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | ZCM Asset Holding Company (Bermuda) Ltd. |
| 199. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | Zurich Bank |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 200. | Adv. Pro. 10-03793 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC, et al.* | Nomura International PLC |
| 201. | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie |
| 202. | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Graziela Strina De Toledo Arruda |
| 203. | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Luis M. Strina |
| 204. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | Hambros Guernsey Nominees |
| 205. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Bank (Channel Islands) Limited-Guernsey Branch |
| 206. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Nominees (Jersey) |
| 207. | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, et al.* | ING (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 208. | Adv. Pro. 10-03863 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Trust & Banking Co., LTD.* | Sumitomo Trust & Banking Co., Ltd. |
| 209. | Adv. Pro. 10-03864 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA, et al.* | Natixis Bank, formerly known as Natixis Private Banking International S.A. |
| 210. | Adv. Pro. 10-03865 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin Int'l Ltd., et al.* | Celfin International Limited |
| 211. | Adv. Pro. 10-03867 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody, et al.* | Stichting Stroeve Global Custody |
| 212. | Adv. Pro. 10-03868 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al.* | Kredietbank SA Luxembourgeoise |
| 213. | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* | SIX SIS AG |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 214. | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | Caceis Bank Ex Ixis Is |
| 215. | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | Natixis Multimanager, formerly known as IXIS Private Capital Management ("IPCM") |
| 216. | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* | Bordier & Cie |
| 217. | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. |
| 218. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Credit Suisse (Luxembourg) SA |
| 219. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Leu Performance Fund |
| 220. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Leu Prima Global Fund |
| 221. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Prima Global Fund |
| 222. | Adv. Pro. 10-04089 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA, et al.* | Banco Inversis S.A. |
| 223. | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 224. | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Candriam World Alternative (F/K/A Dexia World Alternative) |
| 225. | Adv. Pro. 10-04091 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia Private Bank (Switzerland), et al.* | Banque Internationale à Luxembourg (Suisse) SA f/k/a Dexia Private Bank (Switzerland) SA |
| 226. | Adv. Pro. 10-04094 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natexis Banques Populaires, et al.* | Natixis S.A., formerly known as Natexis Banques Populaires |
| 227. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell A |
| 228. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell B |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 229. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund L.P. |
| 230. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Asset Allocation Fund L.P. |
| 231. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | UBS Fund Services (Cayman) Limited |
| 232. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Banco di Desio e Della Brianza |
| 233. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Zenit Alternative Investment |
| 234. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Zenit Master |
| 235. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Zenit Advanced Strategies |
| 236. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* | Fondo Hunter |
| 237. | Adv. Pro. 10-04097 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Nominees (IOM) Limited, et al.* | Banco Nominees (IOM) Limited (n/k/a Banco Nominees 2 (Guernsey) Limited) |
| 238. | Adv. Pro. 10-04098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* | BNP Paribas Arbitrage SNC |
| 239. | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | BNP Paribas Private Bank and Trust Cayman Ltd. |
| 240. | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* | BNYM SA/NV f/k/a ABN Amro Mellon Global Security Services B.V. |
| 241. | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* | Citivic Nominees Limited |
| 242. | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse Gibraltar Limited |
| 243. | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib |
| 244. | Adv. Pro. 10-04238 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hansard Europe Ltd., et al.* | Hansard Europe Ltd. |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 245. | Adv. Pro. 11-01242 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Fortis Banque Luxembourg, et al.* | Fortis Banque Luxembourg |
| 246. | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* | Bank Julius Baer & Co. Ltd. |
| 247. | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole (Suisse) SA a/k/a Banque du Credit Agricole (Suisse) SA, et al.* | Credit Agricole (Suisse) SA a/k/a Banque Du Credit Agricole (Suisse) SA |
| 248. | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* | Schroder & Co. Bank AG |
| 249. | Adv. Pro. 11-01250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Luxembourg SA, et al.* | UBS Luxembourg SA |
| 250. | Adv. Pro. 11-01253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SWEDCLIENT/IAM, et al.* | FS/Swedclient/IAM |
| 251. | Adv. Pro. 11-01254 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux a/k/a American Express Bank (London), et al.* | FS/AEB LUX a/k/a American Express Bank (London) a/k/a Standard Chartered PLC |
| 252. | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* | Banque SCS Alliance SA |
| 253. | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* | Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives |
| 254. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Zurich |
| 255. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Fund Services (Ireland) Ltd. |
| 256. | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* | Barclays Bank (Suisse) SA |
| 257. | Adv. Pro. 11-01260 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait a/k/a National Bank of Kuwait, et al.* | National Bank of Kuwait S.A.K. |
| 258. | Adv. Pro. 11-01460 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. FS/LAB/AXA PM, et al.* | FS/LAB/AXA PM |
| 259. | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Caliber Investments Ltd.† |
| 260. | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Melrose Investments Ltd.† |
| 261. | Adv. Pro. 11-01462 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Grand Cathay Securities (Hong Kong) Limited, et al.* | Grand Cathay Securities (Hong Kong) Limited |

|  | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 262. | Adv. Pro. 11-01463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* | Merrill Lynch International |
| 263. | Adv. Pro. 11-01464 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis f/k/a IXIS Corporate and Investment Bank, et al.* | Natixis S.A. (in its own capacity and as successor-in-interest of IXIS Corporate & Investment Bank) |
| 264. | Adv. Pro. 11-01467 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BK Hapoalim/B M Tel Aviv, et al.* | Bank Hapoalim B.M., Tel Aviv |
| 265. | Adv. Pro. 11-01470 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barfield Nominees Limited, et al.* | Barfield Nominees Limited |
| 266. | Adv. Pro. 11-01486 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Korea Exchange Bank, et al.* | Korea Exchange Bank |
| 267. | Adv. Pro. 11-01564 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Limited, et al.* | Deutsche Bank Nominees (Jersey) |
| 268. | Adv. Pro. 11-01565 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/ING Lux, et al.* | ING Luxembourg |
| 269. | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA |
| 270. | Adv. Pro. 11-01567 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Global Fund Porvenir, et al.* | Global Fund Porvenir |
| 271. | Adv. Pro. 11-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Banque Degroof Bruxelles, et al.* | Banque Degroof Bruxelles a/k/a Banque Degroof SA Bruxelles |
| 272. | Adv. Pro. 11-01575 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Industriel et Commercial Singapore Branch, et al.* | Credit Industriel et Commercial Singapore Branch |
| 273. | Adv. Pro. 11-01576 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Multi-Strategy Fund Limited, et al.* | Multi-Strategy Fund Limited |
| 274. | Adv. Pro. 11-01577 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Insurance Co. Ltd., et al.* | Cathay Life Insurance Company Limited. |
| 275. | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | BNP Paribas Securities Services Nominees Ltd. |
| 276. | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* | Rahn & Bodmer Banquiers |
| 277. | Adv. Pro. 11-01582 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Asia) Limited, et al.* | Royal Bank of Canada (Asia) Limited |
| 278. | Adv. Pro. 11-01584 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al.* | Societe Generale Bank & Trust (Luxembourg) |

|  | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 279. | Adv. Pro. 11-01585 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Reescompte et de Placement, et al.* | Banque de Reescompte et de Placement a/k/a BAREP |
| 280. | Adv. Pro. 11-01586 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank, et al.* | Swedbank |
| 281. | Adv. Pro. 11-01587 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bie Bank & Trust Bahamas Ltd., et al.* | BIE Bank & Trust Bahamas Ltd. |
| 282. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | BNY AIS Nominees, Ltd. |
| 283. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Andorrà/ Crediinvest |
| 284. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Fons Alternatiu Dinàmic Dòlar FI |
| 285. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Fons Alternatiu Dinàmic |
| 286. | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al.* | AllFunds Bank |
| 287. | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al.* | NMAS1 Gestion SGIIC S.A. |
| 288. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | FS/HSBC Guyerzeller Zurich (n/k/a HSBC Trust Company AG) |
| 289. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | Stanhope Capital |
| 290. | Adv. Pro. 11-01598 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque et Caisse D'epargne de L'Etat Lux, et al.* | Banque et Caisse D'Epargne de L'Etat Luxembourg |
| 291. | Adv. Pro. 11-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo, et al.* | Eduardo Fernandez de Valderrama Murillo |
| 292. | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* | BBVA Zurich/Shares |
| 293. | Adv. Pro. 11-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management, et al.* | Credit Suisse AG Nassau Branch Wealth Management |
| 294. | Adv. Pro. 11-01604 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. PFPC Bank Limited, et al.* | BNY Mellon International Bank Ltd. f/k/a PFPC International Bank Ltd., PNC International Bank Limited and PFPC Bank Ltd. |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 295. | Adv. Pro. 11-01606 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Koch Investment (UK) Company, et al.* | Koch Investment (UK) Company |
| 296. | Adv. Pro. 11-01610 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Israel Discount Bank, Limited, Tel Aviv, et al.* | Israel Discount Bank, Limited, Tel Aviv |
| 297. | Adv. Pro. 11-01612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie AG, et al.* | Bank Sarasin & Cie AG |
| 298. | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | Fortis Bank Nederland NV |
| 299. | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund |
| 300. | Adv. Pro. 11-01615 | *Fairfield Sigma Ltd. (In Liquidation ), et al. v. Societe Europeenne de Banque S.A.* | Societe Europeenne de Banque S.A. |
| 301. | Adv. Pro. 11-01617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* | BNP Paribas Fortis |
| 302. | Adv. Pro. 11-01619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBP Titres, et al.* | NBP Titres |
| 303. | Adv. Pro. 11-01719 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Abu Dhabi Investment Authority et al.* | Abu Dhabi Investment Authority |
| 304. | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* | Bank Vontobel AG |
| 305. | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | RBC Dominion Securities, Inc. |
| 306. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Lion Global Investors f/k/a Lion Fairfield Capital Management |
| 307. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Brunei Life Ins FD – Lion Capital Balanced (330008) |
| 308. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life |
| 309. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life Shareholders FD – Lion Capital FI (330007) |
| 310. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Trust PTE Ltd. – Lion Capital FI (330012) |
| 311. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Life Ins Fund – Par (FI) – Lion Capital - SCND |
| 312. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Shareholders Fund - SCMS |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 313. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life S Pore LI Inv FD Par Slam (FI) |
| 314. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life S Pore LI In FD Par Slam (FL) |
| 315. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | SCND Life Ins Fund Par FI Slam |
| 316. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Brunei Life Ins FD Slam Balanced |
| 317. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life Shareholders FD Slam FL |
| 318. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 319. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |
| 320. | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* | Deutsche Bank (Suisse) SA as successor to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG A/K/A Bank Sal Oppenheim Jr. & CIE |
| 321. | Adv. Pro. 11-02530 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al.* | Avalon Absolute Return Funds PLC |
| 322. | Adv. Pro. 11-02532 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deltec Bank & Trust Limited, et al.* | Deltec Bank & Trust Limited |
| 323. | Adv. Pro. 11-02534 | *Fairfield Sigma Ltd. (In Liquidation) et al. v. Simgest SpA et al.* | Simgest SpA |
| 324. | Adv. Pro. 11-02594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild Trust (Schweiz) AG, et al.* | Rothschild Trust (Schweiz) AG |
| 325. | Adv. Pro. 11-02611 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Andorra Banc Agricol Reig SA, et al.* | Andorra Banc Agricol Reig S.A. |
| 326. | Adv. Pro. 11-02612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Limited, et al.* | Credit Suisse Nominees (Guernsey) Limited |
| 327. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Oval Alpha Palmares |
| 328. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Palmares Europlus |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 329. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Societe Generale Bank & Trust SA (Luxembourg) |
| 330. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | UMR |
| 331. | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited |
| 332. | Adv. Pro. 11-02771 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fullerton Capital PTE, Ltd., f/k/a Goldtree Invest, et al.* | Fullerton Capital PTE, Ltd. |
| 333. | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse) S.A. f/k/a Banque de la Mediterra, et al.* | BankMed (Suisse) SA |
| 334. | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | CPR Online |
| 335. | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | Credit Agricole Titres |
| 336. | Adv. Pro. 12-01119 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V., et al.* | Fortis Bank (Nederland) N.V. |
| 337. | Adv. Pro. 12-01119 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V., et al.* | Sempervirens Capital Management Limited Class E-F Fund |
| 338. | Adv. Pro. 12-01123 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BANCA CARIGE SPA, et al.* | Banca Carige S.P.A. |
| 339. | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* | Investec Bank (Switzerland) AG |
| 340. | Adv. Pro. 12-01127 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited, et al.* | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited |
| 341. | Adv. Pro. 12-01128 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Seoul Branch, Ltd., et al.* | HSBC Seoul Branch, Ltd. |
| 342. | Adv. Pro. 12-01131 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild & Cie Banque Paris, et al.* | Rothschild & Cie Banque Paris |
| 343. | Adv. Pro. 12-01132 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dexia Investor Services Espana S.A.* | RBC Dexia Investor Services España, S.A. |
| 344. | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | Millennium Multi-Strategy Fund |
| 345. | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | SEI Investments Trustee and Custodial Services (IRELAND) Ltd. |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 346. | Adv. Pro. 12-01135 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited, et al.* | Bank of Ireland Nominees Limited |
| 347. | Adv. Pro. 12-01136 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bred Banque Populaire, et al.* | BRED Banque Populaire |
| 348. | Adv. Pro. 12-01140 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Cesare Ponti SPA, et al.* | Banca Cesare Ponti S.P.A. |
| 349. | Adv. Pro. 12-01142 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank Korea Inc., et al.* | Citibank Korea Inc. |
| 350. | Adv. Pro. 12-01144 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim BM, London, et al.* | Bank Hapoalim B.M., London |
| 351. | Adv. Pro. 12-01147 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fair and Banque Degroof Luxembourg, S.A., et al.* | Banque Degroof Luxembourg S.A. |
| 352. | Adv. Pro. 12-01148 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim., et al.* | Banca Popolare dell'Alto Adige Soc. coop. pa. |
| 353. | Adv. Pro. 12-01155 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kiangsu Chekiang and Shanghai Residents (H.K.) Association, et al.* | Kiangsu Chekiang and Shanghai Residents (H.K.) Association |
| 354. | Adv. Pro. 12-01158 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel, et al.* | Bank Leumi Israel |
| 355. | Adv. Pro. 12-01162 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta S.P.A., et al.* | Delta S.P.A. |
| 356. | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Hong Kong) Limited |
| 357. | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Nominees) Limited |
| 358. | Adv. Pro.12-01187 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Popolare Di Verona E Novara Luxembourg S.A. n/k/a Banco Popolare Luxembourg S.A., et al.* | Banco Popolare Di Verona E Novara Luxembourg S.A. n/k/a Banco Popolare Luxembourg S.A. |
| 359. | Adv. Pro. 12-01264 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Jared Trading Limited/BVI et al.* | Jared Trading Limited/BVI |
| 360. | Adv. Pro. 12-01265 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al.* | Barclays Bank SA Madrid |
| 361. | Adv. Pro. 12-01267 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. TAIB Bank E.C., et al.* | Taib Bank E.C. n/k/a Taib Bank B.S.C. |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 362. | Adv. Pro. 12-01270 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities (Panama) SA, et al.* | HSBC Securities (Panama) SA |
| 363. | Adv. Pro. 12-01271 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Insurance Company Limited, et al.* | Hontai Life Insurance Company Limited |
| 364. | Adv. Pro. 12-01272 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al.* | Schroders Italy SIM SpA |
| 365. | Adv. Pro. 12-01285 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Profilo SPA, et al.* | Banca Profilo SPA |
| 366. | Adv. Pro. 12-01286 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada, et al.* | Banco General SA Banca Privada |
| 367. | Adv. Pro. 12-01287 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Patagonia (Uruguay) S.A.I.F.E., et al.* | Banco Patagonia (Uruguay) S.A.I.F.E. |
| 368. | Adv. Pro. 12-01288 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cais Bank, et al.* | Cais Bank |
| 369. | Adv. Pro. 12-01288 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cais Bank, et al.* | Calyon Paris |
| 370. | Adv. Pro. 12-01290 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC International Trustee Limited, et al.* | HSBC International Trustee Limited |
| 371. | Adv. Pro. 12-01294 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Alok Sama, et al.* | Alok Sama |
| 372. | Adv. Pro. 12-01295 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie a/k/a Bank Sarasin & Co., et al.* | Bank Sarasin & Cie a/k/a Bank Sarasin & Co. |
| 373. | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* | Cititrust Bahamas Limited |
| 374. | Adv. Pro. 12-01301 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited, et al.* | Unicorp Bank & Trust Limited |
| 375. | Adv. Pro. 12-01550 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Atlantic Security Bank, et al.* | Atlantic Security Bank |
| 376. | Adv. Pro. 12-01551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* | BNP Paribas España |
| 377. | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | HSH Nordbank Securities S.A. |
| 378. | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | HSBC Bank Bermuda Limited |
| 379. | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | Somers Nominees (Far East) Limited |
| 380. | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV, et al.* | Fortis Global Custody Services NV |

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 381. | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* | FS/GSCO London |
| 382. | Adv. Pro. 12-01571 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited, et al.* | Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited |
| 383. | Adv. Pro. 12-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al.* | Barclays Private Bank & Trust (Channel Islands) Limited |
| 384. | Adv. Pro. 12-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hyposwiss Private Bank Geneve F/K/A Anglo Irish Bank (Suisse), S.A. et al.* | Hyposwiss Private Bank Geneve SA |
| 385. | Adv. Pro. 12-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Select Absolute Strategies SICAV, et al.* | Select Absolute Strategies SICAV |
| 386. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | DMC (HD) Limited |
| 387. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Essex 17 Limited |
| 388. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Essex 21 Limited |
| 389. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Hyperion (HD) Limited |
| 390. | Adv. Pro. 16-01214 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Investor Services Bank SA, et al.* | RBC Dexia Investor Services Bank, S.A. |

# Appendix B-1
# Foreign Defendants

**In the following Actions, the Liquidators do not allege that the relevant Foreign Defendants signed the Subscription Agreement:**

|    | Case No. | Case Name | Moving Defendant Name |
|----|----------|-----------|----------------------|
| 1. | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Perenco SA |
| 2. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. |
| 3. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | BBVA Fundas Privanza |
| 4. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* | BBVA Grand Cayman |
| 5. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 6. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | OAM |
| 7. | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Natixis S.A. or its predecessors in interest as the owner/operator of certain accounts named as defendants |
| 8. | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Murdoch & Co. |
| 9. | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private-Space Ltd. |
| 10. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | Republic Nominees Limited |
| 11. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg |
| 12. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 13. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited |

|  | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 14. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA a/k/a Banque Privee Espirito Santo SA |
| 15. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Bank f/k/a EFG Private Bank S.A. |
| 16. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank |
| 17. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda |
| 18. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianz Bank Financial Advisors SpA |
| 19. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC |
| 20. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 21. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 22. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |
| 23. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |
| 24. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 25. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 26. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 27. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |
| 28. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 29. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 30. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |

|  | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 31. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 32. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 33. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 34. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 35. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 36. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 37. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 38. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 39. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 40. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank (Monaco) f/k/a EFG Eurofinanciere D'Invest MCL |
| 41. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 42. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |
| 43. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 44. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 45. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 46. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 47. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 48. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC |
| 49. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 50. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 51. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 52. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | KBC Investments Ltd. |
| 53. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG |
| 54. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische LB Reinvest AMS |
| 55. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 56. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 57. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait S.A.K. |
| 58. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 59. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 60. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 61. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. |
| 62. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 63. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 64. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 65. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 66. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 67. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 68. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 69. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 70. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York |
| 71. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich |
| 72. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited |
| 73. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket |
| 74. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 75. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 76. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 77. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianz Bank Financial Advisors SpA |
| 78. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC |
| 79. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 80. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 81. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 82. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi le-Israel B.M. |
| 83. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |
| 84. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 85. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 86. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 87. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |
| 88. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 89. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 90. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 91. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 92. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 93. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 94. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 95. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 96. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 97. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 98. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 99. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 100. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank (Monaco) f/k/a EFG Eurofinanciere D'Invest MCL |
| 101. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 102. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |
| 103. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 104. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 105. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 106. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 107. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 108. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC |
| 109. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 110. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 111. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 112. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | KBC Investments Ltd. |
| 113. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG |
| 114. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische LB Reinvest AMS |
| 115. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |

|  | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 116. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 117. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait S.A.K. |
| 118. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 119. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 120. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 121. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. |
| 122. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 123. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 124. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 125. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 126. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 127. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 128. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 129. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 130. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York |
| 131. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich |
| 132. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 133. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket |
| 134. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 135. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 136. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 137. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens CFO 1 Feeder Fund Ltd. |
| 138. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens Global Opportunity Fund |
| 139. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais n/k/a LCL-LE Credit Lyonnais S.A. |
| 140. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Raiffeisen Zentralbank Oesterreich AG |
| 141. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | SCB Nominees (CI) Ltd. |
| 142. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Odyssey Alternative Fund Limited |
| 143. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Platinum All Weatheer Fund |
| 144. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 145. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | American Express Offshore Alternative Investment Fund |
| 146. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* | Zurich Bank |
| 147. | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Graziela Strina De Toledo Arruda |
| 148. | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Luis M. Strina |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 149. | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | Natixis Multimanager, formerly known as IXIS Private Capital Management ("IPCM") |
| 150. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Leu Performance Fund |
| 151. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Leu Prima Global Fund |
| 152. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Prima Global Fund |
| 153. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell A |
| 154. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell B |
| 155. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund L.P. |
| 156. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Asset al.location Fund L.P. |
| 157. | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* | BNYM SA/NV f/k/a ABN Amro Mellon Global Security Services B.V. |
| 158. | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse Gibraltar Limited |
| 159. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Zurich |
| 160. | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Caliber Investments Ltd. |
| 161. | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Melrose Investments Ltd. |
| 162. | Adv. Pro. 11-01467 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BK Hapoalim/B M Tel Aviv, et al.* | Bank Hapoalim B.M., Tel Aviv |
| 163. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Andorrà/ Crediinvest |
| 164. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Fons Alternatiu Dinàmic Dòlar FI |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 165. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Fons Alternatiu Dinàmic |
| 166. | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al.* | NMAS1 Gestion SGIIC S.A. |
| 167. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | Stanhope Capital |
| 168. | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund |
| 169. | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | RBC Dominion Securities, Inc. |
| 170. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Brunei Life Ins FD – Lion Capital Balanced (330008) |
| 171. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life |
| 172. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life Shareholders FD – Lion Capital FI (330007) |
| 173. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Trust PTE Ltd. – Lion Capital FI (330012) |
| 174. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Life Ins Fund – Par (FI) – Lion Capital - SCND |
| 175. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | Shareholders Fund - SCMS |
| 176. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life S Pore LI Inv FD Par Slam (FI) |
| 177. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life S Pore LI In FD Par Slam (FL) |
| 178. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | SCND Life Ins Fund Par FI Slam |
| 179. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Brunei Life Ins FD Slam Balanced |
| 180. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* | GE Life Shareholders FD Slam FL |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 181. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 182. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Oval Alpha Palmares |
| 183. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Palmares Europlus |
| 184. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | UMR |
| 185. | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited |
| 186. | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | CPR Online |
| 187. | Adv. Pro. 12-01119 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V., et al.* | Sempervirens Capital Management Limited Class E-F Fund |
| 188. | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | Millennium Multi-Strategy Fund |
| 189. | Adv. Pro. 12-01264 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Jared Trading Limited/BVI et al.* | Jared Trading Limited/BVI |
| 190. | Adv. Pro. 12-01265 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al.* | Barclays Bank SA Madrid |
| 191. | Adv. Pro. 12-01267 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. TAIB Bank E.C., et al.* | Taib Bank E.C. n/k/a Taib Bank B.S.C. |
| 192. | Adv. Pro. 12-01286 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada, et al.* | Banco General SA Banca Privada |
| 193. | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* | Cititrust Bahamas Limited |
| 194. | Adv. Pro. 12-01301 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited, et al.* | Unicorp Bank & Trust Limited |
| 195. | Adv. Pro. 12-01550 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Atlantic Security Bank, et al.* | Atlantic Security Bank |
| 196. | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | HSBC Bank Bermuda Limited |
| 197. | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | Somers Nominees (Far East) Limited |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 198. | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV, et al.* | Fortis Global Custody Services NV |
| 199. | Adv. Pro. 12-01571 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited, et al.* | Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited |
| 200. | Adv. Pro. 12-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al.* | Barclays Private Bank & Trust (Channel Islands) Limited |
| 201. | Adv. Pro. 12-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hyposwiss Private Bank Geneve F/K/A Anglo Irish Bank (Suisse), S.A. et al.* | Hyposwiss Private Bank Geneve SA |
| 202. | Adv. Pro. 12-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Select Absolute Strategies SICAV, et al.* | Select Absolute Strategies SICAV |
| 203. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | DMC (HD) Limited |
| 204. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Essex 17 Limited |
| 205. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Essex 21 Limited |
| 206. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* | Hyperion (HD) Limited |

# Appendix B-2
# Foreign Defendants

**In the following Actions, the Liquidators do not allege the use of USD in connection with the relevant transactions:**

| | Case No. | Case Name | Foreign Defendant |
|---|---|---|---|
| 1. | Adv. Pro. 10-03620 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International, et al.* | Credit Suisse International |
| 2. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | OAM |
| 3. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | Oddo & Cie |
| 4. | Adv. Pro. 10-03791 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al.* | Monte Paschi Ireland Ltd. |
| 5. | Adv. Pro. 10-03864 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA, et al.* | Natixis Bank, formerly known as Natixis Private Banking International S.A. |
| 6. | Adv. Pro. 11-01460 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. FS/LAB/AXA PM, et al.* | FS/LAB/AXA PM |
| 7. | Adv. Pro. 11-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo, et al.* | Eduardo Fernandez de Valderrama Murillo |
| 8. | Adv. Pro. 11-01619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBP Titres, et al.* | NBP Titres |
| 9. | Adv. Pro. 11-02530 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al.* | Avalon Absolute Return Funds PLC |
| 10. | Adv. Pro. 11-02534 | *Fairfield Sigma Ltd. (In Liquidation) et al. v. Simgest SpA et al.* | Simgest SpA |
| 11. | Adv. Pro. 11-02594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild Trust (Schweiz) AG, et al.* | Rothschild Trust (Schweiz) AG |
| 12. | Adv. Pro. 12-01135 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited, et al.* | Bank of Ireland Nominees Limited |
| 13. | Adv. Pro. 12-01136 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bred Banque Populaire, et al.* | BRED Banque Populaire |
| 14. | Adv. Pro. 12-01148 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim., et al.* | Banca Popolare dell'Alto Adige Soc. coop. pa. |
| 15. | Adv. Pro. 12-01272 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al.* | Schroders Italy SIM SpA |
| 16. | Adv. Pro. 12-01285 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Profilo SPA, et al.* | Banca Profilo SPA |

# Appendix B-3
# Foreign Defendants[1]

**In the following Actions, the Liquidators do not allege that the Foreign Defendants used U.S. bank accounts with the relevant transactions:**

|  | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 1. | Adv. Pro. 10-03504 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody, et al.* | FS ABN AMRO Global Custody |
| 2. | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Perenco SA |
| 3. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 4. | Adv. Pro. 10-03620 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International, et al.* | Credit Suisse International |
| 5. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | OAM |
| 6. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | Oddo & Cie |
| 7. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited |
| 8. | Adv. Pro. 10-03778 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities SA, et al.* | Wall Street Securities S.A. f/k/a Bantal Brothers S.A. |
| 9. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 10. | Adv. Pro. 10-03791 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al.* | Monte Paschi Ireland Ltd. |

---

[1] The exclusion of any defendant in the Actions from this Appendix shall not be construed either as an acknowledgement that any allegations related to any such defendants' purported use and/or maintenance of U.S. bank accounts are either adequately pled or sufficient for conferring personal jurisdiction over them or as a waiver of any such defendants' rights to contend to the contrary. For example, the Liquidators do not specify in the relevant Complaints which (if any) of the Foreign Defendants named in the two Actions captioned *Fairfield Sentry Ltd. (In Liquidation) et al. v. ABN AMRO, et al.*, Adv. Pro. No 10-03635 (SMB) and *Fairfield Sentry Ltd. (In Liquidation) et al. v. ABN AMRO, et al.*, Adv. Pro. No 10-03636 (SMB) (the "ABN Actions") are alleged, in particular, to have maintained and/or used bank accounts in the U.S. Further, the Liquidators also appear to allege that Foreign Defendants in the ABN Actions and in certain other Actions had directed and/or instructed the Funds to make the same redemption payment(s) to both a bank account in the U.S. and a bank account abroad, without providing an explanation as to the apparent contradiction.

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 11. | Adv. Pro. 10-03864 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA, et al.* | Natixis Bank, formerly known as Natixis Private Banking International S.A. |
| 12. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell A |
| 13. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC - Cell B |
| 14. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund L.P. |
| 15. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Asset al.location Fund L.P. |
| 16. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Fund Services (Ireland) Ltd. |
| 17. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Zurich |
| 18. | Adv. Pro. 11-01260 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait a/k/a National Bank of Kuwait, et al.* | National Bank of Kuwait S.A.K. |
| 19. | Adv. Pro. 11-01460 | *Fairfield Sigma Ltd. (In Liquidation) et al. v. FS/LAB/AXA PM, et al.* | FS/LAB/AXA PM |
| 20. | Adv. Pro. 11-01486 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Korea Exchange Bank, et al.* | Korea Exchange Bank |
| 21. | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA |
| 22. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | Stanhope Capital |
| 23. | Adv. Pro. 11-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo, et al.* | Eduardo Fernandez de Valderrama Murillo |
| 24. | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund |
| 25. | Adv. Pro. 11-01615 | *Fairfield Sigma Ltd. v. Societe Europeenne de Banque S.A.* | Societe Europeenne de Banque S.A. |
| 26. | Adv. Pro. 11-01619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBP Titres, et al.* | NBP Titres |

|  | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 27. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 28. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |
| 29. | Adv. Pro. 11-02530 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al.* | Avalon Absolute Return Funds PLC |
| 30. | Adv. Pro. 11-02534 | *Fairfield Sigma Ltd. (In Liquidation) et al. v. Simgest SpA et al.* | Simgest SpA |
| 31. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Oval Alpha Palmares |
| 32. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | Palmares Europlus |
| 33. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* | UMR |
| 34. | Adv. Pro. 12-01128 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Seoul Branch, Ltd., et al.* | HSBC Seoul Branch, Ltd. |
| 35. | Adv. Pro. 12-01135 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited, et al.* | Bank of Ireland Nominees Limited |
| 36. | Adv. Pro. 12-01136 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bred Banque Populaire, et al.* | BRED Banque Populaire |
| 37. | Adv. Pro. 12-01148 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim., et al.* | Banca Popolare dell'Alto Adige Soc. coop. pa. |
| 38. | Adv. Pro. 12-01158 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel, et al.* | Bank Leumi Israel |
| 39. | Adv. Pro. 12-01272 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al.* | Schroders Italy SIM SpA |
| 40. | Adv. Pro. 12-01285 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Profilo SPA, et al.* | Banca Profilo SPA |
| 41. | Adv. Pro. 12-01294 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Alok Sama, et al.* | Alok Sama |
| 42. | Adv. Pro. 16-01214 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Investor Services Bank SA, et al.* | RBC Dexia Investor Services Bank, S.A. |

# Appendix C
## Swiss Moving Defendants

| | Case No. | Case Name | Moving Defendant |
|---|---|---|---|
| 1. | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* | Banco Santander (Suisse) S.A. |
| 2. | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* | Bank Hapoalim (Suisse) Ltd. |
| 3. | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* | Banque Syz & Co. SA |
| 4. | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* | Banque Piguet & Cie SA |
| 5. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 6. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 7. | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 8. | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) SA, et al.* | HSBC Private Bank (Suisse) S.A. |
| 9. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 10. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA a/k/a Banque Privee Espirito Santo SA |
| 11. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Bank f/k/a EFG Private Bank S.A. |
| 12. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank |
| 13. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 14. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |
| 15. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |
| 16. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |

|  | Case No. | Case Name | Moving Defendant |
|---|---|---|---|
| 17. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 18. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 19. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |
| 20. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 21. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 22. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 23. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 24. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 25. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 26. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 27. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 28. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 29. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 30. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 31. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 32. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 33. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |

|  | Case No. | Case Name | Moving Defendant |
|---|---|---|---|
| 34. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 35. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 36. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 37. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 38. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 39. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 40. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 41. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 42. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 43. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 44. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 45. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 46. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 47. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 48. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. |
| 49. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi le-Israel B.M. |
| 50. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie |

|  | Case No. | Case Name | Moving Defendant |
|---|---|---|---|
| 51. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 52. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 53. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 54. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Al Fund |
| 55. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 56. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 57. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 58. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG and BSI Ex Banca Del Gottardo |
| 59. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 60. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 61. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 62. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 63. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 64. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank f/k/a EFG Bank S.A. Switzerland |
| 65. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 66. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 67. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 68. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |

|  | Case No. | Case Name | Moving Defendant |
|---|---|---|---|
| 69. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 70. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 71. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 72. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 73. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 74. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 75. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 76. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 77. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 78. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle |
| 79. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 80. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 81. | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG a/k/a Citibank (Switzerland) Zurich |
| 82. | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA Geneve |
| 83. | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 84. | Adv. Pro. 10-03764 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA |

| | Case No. | Case Name | Moving Defendant |
|---|---|---|---|
| 85. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 86. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 87. | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA |
| 88. | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie |
| 89. | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, et al.* | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd |
| 90. | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* | SIX SIS AG |
| 91. | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* | Bordier & Cie |
| 92. | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. |
| 93. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Leu Prima Global Fund |
| 94. | Adv. Pro. 10-04091 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia Private Bank (Switzerland), et al.* | Banque Internationale à Luxembourg (Suisse) SA f/k/a Dexia Private Bank (Switzerland) SA |
| 95. | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* | Bank Julius Baer & Co. Ltd. |
| 96. | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole (Suisse) SA a/k/a Banque du Credit Agricole (Suisse) SA, et al.* | Credit Agricole (Suisse) SA a/k/a Banque Du Credit Agricole (Suisse) SA |
| 97. | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* | Schroder & Co. Bank AG |
| 98. | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* | Banque SCS Alliance SA |
| 99. | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* | Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives |
| 100. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Zurich |

| | Case No. | Case Name | Moving Defendant |
|---|---|---|---|
| 101. | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* | Barclays Bank (Suisse) SA |
| 102. | Adv. Pro. 11-01467 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BK Hapoalim/B M Tel Aviv, et al.* | Bank Hapoalim B.M., Tel Aviv |
| 103. | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA |
| 104. | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* | Rahn & Bodmer Banquiers |
| 105. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | FS/HSBC Guyerzeller Zurich (n/k/a HSBC Trust Company AG) |
| 106. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | Stanhope Capital |
| 107. | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* | BBVA Zurich/Shares |
| 108. | Adv. Pro. 11-01612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie AG, et al.* | Bank Sarasin & Cie AG |
| 109. | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* | Bank Vontobel AG |
| 110. | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* | Deutsche Bank (Suisse) SA as successor to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG A/K/A Bank Sal Oppenheim Jr. & CIE |
| 111. | Adv. Pro. 11-02594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild Trust (Schweiz) AG, et al.* | Rothschild Trust (Schweiz) AG |
| 112. | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse) S.A. f/k/a Banque de la Mediterra, et al.* | BankMed (Suisse) SA |
| 113. | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* | Investec Bank (Switzerland) AG |
| 114. | Adv. Pro. 12-01295 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie a/k/a Bank Sarasin & Co., et al.* | Bank Sarasin & Cie a/k/a Bank Sarasin & Co. |
| 115. | Adv. Pro. 12-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hyposwiss Private Bank Geneve F/K/A Anglo Irish Bank (Suisse), S.A. et al.* | Hyposwiss Private Bank Geneve SA |

## Appendix D
## Remand Defendants

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 1. | Adv. Pro. 10-03616 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Luxembourg, et al.* | Banque de Luxembourg |
| 2. | Adv. Pro. 10-03622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* | Citibank NA London |
| 3. | Adv. Pro. 10-03623 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AXA Isle of Man A/C L&C, et al.* | AXA Isle of Man Limited |
| 4. | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Caceis Bank Luxembourg |
| 5. | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 6. | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Robinson & Co. |
| 7. | Adv. Pro. 10-03629 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom, et al.* | HSBC Private Banking Nominee 1 (Jersey) Ltd. (n/k/a Republic Nominees Limited) |
| 8. | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg), SA |
| 9. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (Guernsey) Ltd. (n/k/a HSBC Private Bank (C.I.) Limited) |
| 10. | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) SA, et al.* | HSBC Private Bank (Suisse) S.A. |
| 11. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg |
| 12. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 13. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited |
| 14. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA a/k/a Banque Privee Espirito Santo SA |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 15. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | HSBC Bank USA, N.A. |
| 16. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank |
| 17. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Safra National Bank of New York |
| 18. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 19. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 20. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 21. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 22. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 23. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 24. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 25. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 26. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 27. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 28. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |
| 29. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 30. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 31. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 32. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 33. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 34. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 35. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 36. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 37. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 38. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 39. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 40. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 41. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 42. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 43. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 44. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 45. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasarfuns SPC |
| 46. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. |

|  | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 47. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 48. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin) |
| 49. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 50. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 51. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privee, UBP SA |
| 52. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft |
| 53. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 54. | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG a/k/a Citibank (Switzerland) Zurich |
| 55. | Adv. Pro. 10-03744 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Company America, et al.* | Deutsche Bank Trust Company Americas |
| 56. | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA Geneve |
| 57. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Deutsche Bank (Cayman) |
| 58. | Adv. Pro. 10-03747 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al.* | Deutsche Bank AG Singapore |
| 59. | Adv. Pro. 10-03750 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Ltd., et al.* | Blubank Ltd. n/k/a Inteligo Bank Ltd. |
| 60. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Brown Brothers Harriman & Co. |
| 61. | Adv. Pro. 10-03754 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CDC IXIS, et al.* | CDC Ixis |
| 62. | Adv. Pro. 10-03755 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg SA, et al.* | Banco Itau Europa Luxembourg SA |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 63. | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 64. | Adv. Pro. 10-03757 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. a/k/a SNS Bank N.V., et al.* | SNS Global Custody B.V. a/k/a SNS Bank N.V. |
| 65. | Adv. Pro. 10-03764 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA |
| 66. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited |
| 67. | Adv. Pro. 10-03782 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al.* | Credit Suisse (Bahamas) a/k/a Credit Suisse (Bahamas) Limited |
| 68. | Adv. Pro. 10-03782 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al.* | Credit Suisse AG, Nassau Branch |
| 69. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 70. | Adv. Pro. 10-03787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Altantico (Gibraltar), et al.* | EFG Bank (Gibraltar) Ltd. |
| 71. | Adv. Pro. 10-03787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Altantico (Gibraltar), et al.* | European Financial Group EFG S.A. and European Financial Group EFG (Luxembourg) S.A. |
| 72. | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA |
| 73. | Adv. Pro. 10-03793 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC, et al.* | Nomura International PLC |
| 74. | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie |
| 75. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | Hambros Guernsey Nominees |
| 76. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Bank & Trust (Guernsey) Ltd. n/k/a SG Hambros Bank (Channel Islands) Limited |

| | Case No. | Case Name | Moving Defendant Name |
|---|---|---|---|
| 77. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Bank (Channel Islands) Limited-Guernsey Branch |
| 78. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* | SG Hambros Nominees (Jersey) |
| 79. | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, et al.* | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |

## Appendix E
## Additional Counsel

### AKERMAN LLP

David W. Parham
(david.parham@akerman.com)

2001 Ross Avenue
Suite 2550
Dallas, TX 75201
(214) 720-4300

### ALLEN & OVERY LLP

Laura Hall
(laura.hall@allenovery.com)
Jonathan Cho
(jonathan.cho@allenovery.com)

1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

### ARNOLD & PORTER KAYE SCHOLER LLP

Kent Yalowitz
(kent.yalowitz@apks.com)
Daniel Bernstein
(daniel.bernstein@apks.com)

399 Park Avenue
New York, NY 10022
(212) 715-1000

### ARNOLD & PORTER KAYE SCHOLER LLP

Scott B. Schreiber
(scott.schreiber@apks.com)
Rosa J. Evergreen
(rosa.evergreen@apks.com)

601 Massachusetts Ave. NW
Washington, DC 20001-3743
(202) 942-5000

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**

Zeb Landsman
(zlandsman@beckerglynn.com)
Jordan Stern
(jstern@beckerglynn.com)

299 Park Avenue
New York, NY 10171
(212) 888-3033

**BEYS LISTON & MOBARGHA LLP**

Joshua D. Liston
(jliston@blmllp.com)

825 Third Avenue, 2nd Floor
New York, NY 10022
(646) 755-3600

**BOIES, SCHILLER & FLEXNER LLP**

Alan B. Vickery
(avickery@bsfllp.com)
Jack G. Stern
(jstern@bsfllp.com)

575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300

**BOND, SCHOENECK & KING, PLLC**

Brian J. Butler
(bbutler@bsk.com)
Sara C. Temes
(stemes@bsk.com)

One Lincoln Center
Syracuse, NY 13224
(315) 218-8000

**BUTZEL LONG, P.C.**

Joshua E. Abraham
(abraham@butzel.com)
Robert Sidorsky
(sidorsky@butzel.com)

477 Madison Avenue
Suite 1230
New York, NY 10022
(212) 818-1110

**CADWALADER, WICKERSHAM & TAFT LLP**

Howard R. Hawkins, Jr.
(howard.hawkins@cwt.com)
Ellen M. Halstead
(ellen.halstead@cwt.com)

200 Liberty Street
New York, NY 10281
(212) 504-6000

**CAPLIN & DRYSDALE, CHARTERED**

James P. Wehner
(jwehner@capdale.com)

One Thomas Circle, 11th Floor
Washington, DC 20005
(202) 862-5075

**CHAFFETZ LINDSEY LLP**

Andreas A. Frischknecht
(a.frischknecht@chaffetzlindsey.com)
Tania G. Cohen
(t.cohen@chaffetzlindsey.com)

1700 Broadway, 33rd Floor
New York, NY 10019
(212) 257-6960

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Lawrence B. Friedman
(lfriedman@cgsh.com)
Jeffrey A. Rosenthal
(jrosenthal@cgsh.com)
Carmine D. Boccuzzi, Jr.
(cboccuzzi@cgsh.com)
Breon S. Peace
(bpeace@cgsh.com)
Elizabeth Vicens
(evicens@cgsh.com)
Ari D. MacKinnon
(amackinnon@cgsh.com)
Erica Klipper
(eklipper@cgsh.com)

One Liberty Plaza
New York, NY 10006
(212) 225-2000

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Nowell D. Bamberger (pro hac vice motion pending)
(nbamberger@cgsh.com)

2000 Pennsylvania Ave. NW
Washington, DC 20002
(202) 974-1500

**CLIFFORD CHANCE US LLP**

Jeff E. Butler
(jeff.butler@cliffordchance.com)

31 West 52nd Street
New York, NY 10019
(212) 878-8000

**COHEN & GRESSER LLP**

Daniel H. Tabak
(dtabak@cohengresser.com)

800 Third Avenue
New York, NY 10022
(212) 957-7600

**COOLEY LLP**

Jonathan Bach
(jbach@cooley.com)

1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000

**DAVIS & GILBERT LLP**

Joseph Cioffi
(jcioffi@dglaw.com)
Bruce Ginsberg
(bginsberg@dglaw.com)
James R. Serritella
(jserritella@dglaw.com)

1740 Broadway
New York, NY 10019
(212) 468-4800

**DAVIS POLK & WARDWELL LLP**

Elliot Moskowitz
(elliot.moskowitz@davispolk.com)
Andrew Ditchfield
(andrew.ditchfield@davispolk.com)

450 Lexington Avenue
New York, NY 10017
(212) 450-4000

**DEBEVOISE & PLIMPTON LLP**

Erica S. Weisgerber
(eweisgerber@debevoise.com)

919 Third Avenue
New York, NY 10022
(212) 909-6998

**DECHERT LLP**

Gary J. Mennitt
(gary.mennitt@dechert.com)
Daphne Ha
(daphne.ha@dechert.com)

1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500

**DENTONS US LLP**

Reid L. Ashinoff
(reid.ashinoff@dentons.com)
D. Farrington Yates
(farrington.yates@dentons.com)
Justin N. Kattan
(justin.kattan@dentons.com)

1221 Avenue of the Americas
New York, NY 10020
(212) 768-6700

**DLA PIPER LLP (US)**

Christopher P. Hall
(Kip.Hall@dlapiper.com)
Rachel E. Albanese
(Rachel.Albanese@dlapiper.com)

1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4500

**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**

John F. Zulack
(jzulack@fzwz.com)
Elizabeth A. O'Connor
(eoconnor@fzwz.com)

One Liberty Plaza
New York, NY 10006
(212) 412-9500

**FREJKA PLLC**

Elise S. Frejka
(efrejka@frejka.com)

205 East 42nd Street, 20th Floor
New York, NY 10017
(212) 641-0848

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**

David M. Morris
(david.morris@friedfrank.com)

One New York Plaza
New York, NY 10004
(212) 859-8000

**FRIEDMAN KAPLAN SEILER & ADELMAN LLP**

Bruce S. Kaplan
(bkaplan@fklaw.com)
Christopher M. Colorado
(ccolorado@fklaw.com)
Robert J. Lack
(rlack@fklaw.com)
Alexander D. Levi
(alevi@fklaw.com)

7 Times Square
New York, NY 10036-6516
(212) 833-1100

7

**FROST BROWN TODD LLC**

Douglas L. Lutz
(dlutz@fbtlaw.com)

3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
(513) 651-6724

**GIBSON, DUNN & CRUTCHER LLP**

Marshall R. King[1]
(Mking@gibsondunn.com)

200 Park Avenue
New York, NY 10166
(212) 351-4000

**GILMARTIN, POSTER & SHAFTO LLP**

Michael C. Lambert
(mclambert@lawpost-nyc.com)

845 Third Avenue, 19th Floor
New York, NY 10022
(212) 425-3220

**GOODWIN PROCTER LLP**

William Weintraub
(wweintraub@goodwinlaw.com)
Gregory Fox
(gfox@goodwinlaw.com)

620 Eighth Avenue
New York, NY 10018
(212) 813-8800

---

[1]    The defendants represented by Marshall R. King at Gibson Dunn do not join in the arguments set forth in Section I.B.2.

**GREENBERG TRAURIG LLP**

Stephen Mendelsohn
(mendelsohns@gtlaw.com)
Ronald D. Lefton
(leftonr@gtlaw.com)

200 Park Avenue
New York, NY 10166
(212) 801-9200

**HARNIK LAW FIRM**

Stephen M. Harnik
(stephen@harnik.com)

623 Fifth Avenue, 24th Floor
New York, NY 10023
(212) 599-7575

**HERBERT SMITH FREEHILLS NEW YORK
LLP**

Scott S. Balber
(scott.balber@hsf.com)
Jonathan Cross
(jonathan.cross@hsf.com)

450 Lexington Avenue
New York, NY 10017
(917) 542-7600

**HOGAN LOVELLS US LLP**

Marc J. Gottridge
(marc.gottridge@hoganlovells.com)
Benjamin J.O. Lewis
(ben.lewis@hoganlovells.com)

875 Third Ave
New York, NY 10022
(212) 918-3000

**HUGHES HUBBARD & REED LLP**

Christopher K. Kiplok
(chris.kiplok@hugheshubbard.com)
Jeffrey S. Margolin
(jeff.margolin@hugheshubbard.com)

One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

**HUNTON & WILLIAMS LLP**

Michael P. Richman
(mrichman@hunton.com)

200 Park Avenue, 52nd Floor
New York, NY 10166
(212) 309-1015

**JENNER & BLOCK LLP**

Richard Levin
(rlevin@jenner.com)

919 Third Avenue
New York, NY 10022
(212) 891-1600

**KASOWITZ BENSON TORRES &
FRIEDMAN LLP**

David J. Mark
(dmark@kasowitz.com)

1633 Broadway
New York, NY 10019
(212) 506-1700

**KATTEN MUCHIN ROSENMAN LLP**

Anthony L. Paccione
(anthony.paccione@kattenlaw.com)
Mark T. Ciani
(mark.ciani@kattenlaw.com)

575 Madison Avenue
New York, NY 10022
(212) 940-8800

**KING & SPALDING LLP**

Richard A. Cirillo
(rcirillo@kslaw.com)

1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

Norris D. Wolff
(nwolff@kkwc.com)

551 Fifth Avenue, 18th Floor
New York, NY 10176
(212) 986-6000

**KOBRE & KIM LLP**

Jonathan D. Cogan
(jonathan.cogan@kobrekim.com)
Kimberly Perrotta Cole
(kimberly.cole@kobrekim.com)
Sara B. Gribbon
(sara.gribbon@kobrekim.com)

800 Third Avenue
New York, NY 10022
(212) 488-1200

**KRISS & FEUERSTEIN LLP**

Dwight Yellen
(dyellen@kandfllp.com)

360 Lexington Avenue, 12th Floor
New York, NY 10017
(212) 661-2900

**LATHAM & WATKINS LLP**

Christopher R. Harris
(christpher.harris@lw.com)

885 Third Avenue
New York, NY 10022
(212) 906-1200

**LINKLATERS LLP**

Paul S. Hessler
(paul.hessler@linklaters.com)
Brenda D. DiLuigi
(brenda.diluigi@linklaters.com)

1345 Avenue of the Americas
New York, NY 10105
(212) 903-9080

**LITMAN, ASCHE AND GIOIELLA, LLP**

Richard M. Asche
(richardasche@lagnyc.com)

666 Fifth Avenue
New York, NY 10103
(212) 809-4500

**MAYER BROWN LLP**

Joaquin M. C De Baca
(jcdebaca@mayerbrown.com)
John M. Conlon
(jconlon@mayerbrown.com)

1221 Avenue of the Americas
New York, NY 10020
(212) 506-2500

12

**MAYER BROWN LLP**

Fred W. Reinke
(freinke@mayerbrown.com)

1999 K Street NW
Washington, DC 20006
(202) 263-3359

**MCKOOL SMITH, PC**

Eric B. Halper
(ehalper@mckoolsmith.com)
Virginia I. Weber
(vweber@mckoolsmith.com)

One Bryant Park, 47th Floor
New York, NY 10036
(212) 402-9413

**MILBANK, TWEED, HADLEY & MCCLOY
LLP**

Andrew M. Leblanc
(aleblanc@milbank.com)
Stacey Rappaport
(srappaport@milbank.com)
Dorothy Heyl
(dheyl@milbank.com)

28 Liberty Street
New York, NY 10006
(212) 530-5000

**MOSES & SINGER LLP**

Mark N. Parry
(mparry@mosessinger.com)

405 Lexington Avenue
New York, NY 10174
(212) 554-7876

**NORRIS, MCLAUGHLIN & MARCUS, PA**

Melissa A. Pena
(mapena@nmmlaw.com)

875 Third Avenue, 8th Floor
New York, NY 10022
(212) 808-0700

**O'MELVENY & MYERS LLP**

Pamela A. Miller
(pmiller@omm.com)
William J. Sushon
(wsushon@omm.com)
Daniel S. Shamah
(dshamah@omm.com)

7 Times Square
New York, NY 10036
(212) 326-2000

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Jonathan P. Guy
(jguy@orrick.com)

1152 15th Street NW
Washington, DC 20005
(202) 339-8516

**OTTERBOURG, P.C.**

Richard G. Haddad
(rhaddad@otterbourg.com)

230 Park Avenue
New York, NY 10169-0075
(212) 661-9100

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

Eric Fishman
(eric.fishman@pillsburylaw.com)

1540 Broadway
New York, NY 10036
(212) 858-1000

**PROSKAUER ROSE LLP**

Gregg M. Mashberg
(gmashberg@proskauer.com)
Russell T. Gorkin
(rgorkin@proskauer.com)

11 Times Square
New York, NY 10036
(212) 969-3000

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Marc L. Greenwald
(marcgreenwald@quinnemanuel.com)
Eric M. Kay
(erickay@quinnemanuel.com)

51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

**REED SMITH LLP**

David M. Schlecker
(dschlecker@reedsmith.com)
James C. McCarroll
(jmccarroll@reedsmith.com)
John C. Scalzo
(jscalzo@reedsmith.com)

599 Lexington Avenue
New York, NY 10022
(212) 521-5400

**REISS+PREUSS LLP**

Jascha D. Preuss
(jpreuss@reisspreuss.com)
Erik M. Tikkanen
(etikkanen@reisspreuss.com)

200 W. 41st Street, 20th Fl.
New York, NY 10036
(646) 731-2775

**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**

Steven Eichel
(se@robinsonbrog.com)
Andrew B. Zinman
(abz@robinsonbrog.com)

875 Third Avenue
New York, NY 10022
(212) 603-6300

**ROPES & GRAY LLP**

Robert S. Fischler
(robert.fischler@ropesgray.com)
Martin J. Crisp
(martin.crisp@ropesgray.com)

1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

**SCHEICHET & DAVIS, PC**

Victor P. Muskin
(victor@scheichetdavis.com)

767 Third Avenue, Suite 2400
New York, NY 10017
(212) 688-3200

**SHEARMAN & STERLING LLP**

Brian Polovoy
(BPolovoy@Shearman.com)

599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

**SHEARMAN & STERLING LLP**

Heather L. Kafele
(HKafele@Shearman.com)
Keith Palfin
(Keith.Palfin@Shearman.com)

401 9th Street NW
Washington, DC 20004-2128
(202) 508-8000

**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**

Seong H. Kim (admitted pro hac vice)
(SHKim@sheppardmullin.com)

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
(310) 228-6161

**SIDLEY AUSTIN LLP**

Alan M. Unger
(aunger@sidley.com)
Andrew P. Propps
(apropps@sidley.com)
Alex R. Rovira
(arovira@sidley.com)
Andrew D. Hart
(ahart@sidley.com)
Steven M. Bierman
(sbierman@sidley.com)

787 Seventh Avenue
New York, NY 10019
(212) 839-5300

**SULLIVAN & CROMWELL LLP**

Jeffrey T. Scott
(scottj@sullcrom.com)

125 Broad Street
New York, NY 10004
(212) 558-4000

**SULLIVAN & CROMWELL LLP**

Diane L. McGimsey
(mcgimseyd@sullcrom.com)

1888 Century Park East
Los Angeles, CA 90067
(310) 712-6600

**TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP**

Ralph A. Siciliano
(Siciliano@thsh.com)
Richard W. Trotter
(Trotter@thsh.com)

900 Third Avenue
New York, NY 10022
(212) 508-6718

**THOMPSON HINE LLP**

Tammy P. Bieber
(tammy.bieber@thompsonhine.com)
Emily J. Mathieu
(emily.mathieu@thompsonhine.com)
Barry M. Kazan
(barry.kazan@thompsonhine.com)

335 Madison Avenue
12th Floor
New York, NY 10017
(212) 344-5680

**WACHTELL, LIPTON, ROSEN & KATZ**

Emil A. Kleinhaus
(eakleinhaus@wlrk.com)

51 West 52nd Street
New York, NY 10019
(212) 403-1000

**WILLKIE FARR & GALLAGHER LLP**

Cristina Quiñones-Betancourt
(cquinonesbetancourt@willkie.com)
Martin Klotz
(mklotz@willkie.com)

787 Seventh Avenue
New York, NY 10019
(212) 728-8000

**WILMER CULTER PICKERING HALE AND DORR LLP**

Andrea J. Robinson
(andrea.robinson@wilmerhale.com)
Charles C. Platt
(charles.platt@wilmerhale.com)
George W. Shuster, Jr.
(george.shuster@wilmerhale.com)

7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7518

**WOLLMUTH MAHER & DEUTSCH LLP**

Frederick R. Kessler
(fkessler@wmd-law.com)
Philip R. Schatz
(pschatz@wmd-law.com)
Fletcher W. Strong
(fstrong@wmd-law.com)

500 Fifth Avenue
New York, NY 10110
(212) 382-3300

19

**WUERSCH & GERING LLP**

Gregory F. Hauser
(gregory.hauser@wg-law.com)

100 Wall Street, 10th Floor
New York, NY 10005
(212) 509-5050