# EXHIBIT Q

Sentry's Skeleton Arguments in Support of
Applications for Permission to Serve out of the
Jurisdiction dated 8 April 2010 and 12 May 2010

**REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT**

AND IN THE MATTER OF

**FAIRFIELD SENTRY LIMITED (IN LIQUIDATION)**

<u>Applicant</u>

and

**ALFREDO MIGANI & OTHERS**

<u>Respondent</u>

<u>APPLICANTS' SKELETON ARGUMENT</u>

<u>(for hearing on 12 April 2010)</u>

Introduction

**REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT**

**REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT**

3. There are two applications before the court:

   (1) For permission to serve a claim form out of the jurisdiction on various redeemers, the claim form having been issued against those redeemers on 13 October 2009 with t he pe rmission of the c ourt given b y o rder da ted 9 O ctober 2009 . **This application is urgent as, unless leave is given, the Claim Form will expire on 13 A pril 2010** (CPR 8.12( 1)). The bundl e of doc uments r elating t o t his application is the bundle with the "comb" spine. References to documents in that bundle are as follows: B1/tab/page.

**REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT**

**REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF
FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE
COURT**

# REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT

**Permission to serve out of the jurisdiction**

11. The Claim Form was issued on 13 October 2009 **(B1/5)** pursuant to permission given on 12 October 2009 **(B1/4)**. It is a claim by Sentry against Alfredo Migani and the other 22 Defendants whose particulars are set out in the schedule to the Claim Form **(B1/5)**. The Statement of Claim was filed on 20 October 2009 **(B1/6)**.

12. The validity of the Claim Form will expire on 13 April 2010 unless the validity period is extended pursuant to CPR 8.13 or permission is granted to serve out of the jurisdiction.

13. It is submitted that the better course is to serve the claim rather than seek an extension for which there are no compelling grounds and which would achieve nothing beyond delaying a decision which should be made now. Accordingly, the court is invited to make an order giving permission to serve out of the jurisdiction on the grounds set out in the following paragraphs.

*Serious issue to be tried*

14. It is submitted that there is a serious issue to be tried.

15. It remains to be seen whether the Defendants, or any of them, can make out a change of position defence.

4

16. Article 11(1) of Sentry's Articles of Association **(B1/3/ at page 17)** provides that:

> "*Any certificate as to the Net Asset Value per share or as to the ... redemption price therefore given in good faith by or on be half of the Directors shall be binding on all parties.*"

17. The Articles of Sigma and Lambda contain identical provision as to the certification of net asset value.

18. So far as the Liquidators are aware, there was no certificate provided to redeemers **(B2/4, para 7)**. Instead, redeemers were given a statement of account, which stated the redemption price **(B2/5)**. It is at least arguable that the process apparently adopted did not result in the redemption price being binding on Sentry.

*Rules permitting service out of the jurisdiction with the court's permission*

19. The claims against the Defendants fall within the ambit of CPR 7.3(3)(b)(ii) for the following reasons:

   (1) Sentry was incorporated in the BVI.

   (2) Its Articles of Association are therefore a statutory contract governed by BVI law and binding on its members.

   (3) Each of the Defendants was a member of Sentry.

   (4) Each of the Defendants redeemed their shares pursuant to the mechanisms set out in Articles 9 to 11 of the Articles of Association.

   (5) The claim in restitution is made on the basis that a redemption price in excess of that due under the Articles was paid by mistake.

   (6) Prima facie the restitution claim is governed by the same law as governs the Articles (This is so despite the subscription agreements being subject to NYS law: the claims are not made on or in respect of those agreements: they contain agreements to submit to the jurisdiction of NYS in respect of other claims, but that is not a choice of law provision).

5

(7) A c laim in  restitution  is  a cl aim i n  quasi-contract  and t hus f alls w ithin  CPR
7.3(3)(b)(ii).

# REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT

**MICHAEL GADD**

8 April 2010

6

IN THE EASTERN CARIBBEAN
SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

## REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT

AND IN THE MATTER OF

FAIRFIELD SENTRY LIMITED (IN
LIQUIDATION)

<u>Applicant</u>

and

ALFREDO MIGANI & OTHERS

<u>Respondent</u>

_____

### APPLICANTS' SKELETON ARGUMENT

_____

7

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
VIRGIN ISLANDS
COMMERCIAL DIVISION

Claim Nos: BVIHC(COM)  405/2009
                            425/2009
                            005/2010
                            015/2010
                            030/2010

Fairfield Sentry Limited (in liquidation)

**Claimant/Applicant**

and

Others

**Defendants/Respondents**

### APPLICANTS' SKELETON ARGUMENT

#### (for hearing on 13 May 2010)

# REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT

**REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF
FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF
THE COURT**

# REDACTED - REFERENCE TO THE LIQUIDATION PROCEEDINGS OF FAIRFIELD SENTRY LIMITED WHICH ARE SEALED BY ORDER OF THE COURT

**Permission to serve out of the jurisdiction**

10. The validity of the Claim Forms will expire on the six month anniversaries of the filing of each Claim Form respectively unless the validity period is extended pursuant to CPR 8.13 or permission is granted to serve out of the jurisdiction.

11. It is submitted that the better course is to serve the claim rather than seek an extension for which there are no compelling grounds and which would achieve nothing beyond delaying a decision which should be made now. Accordingly, the court is invited to make an order giving permission to serve out of the jurisdiction on the grounds set out in the following paragraphs.

*Serious issue to be tried*

12. It is submitted that there is a serious issue to be tried.

13. It remains to be seen whether the Defendants, or any of them, can make out a change of position defence.

14. Article 11(1) of Sentry's Articles of Association [**2/1-49**] provides that:

> "*Any certificate as to the Net Asset Value per share or as to the ... redemption price therefore given in good faith by or on behalf of the Directors shall be binding on all parties.*"

15. So far as the Liquidators are aware, there was no certificate provided to redeemers. Instead, redeemers were given a statement of account, which stated the redemption price. It is at least arguable that the process apparently adopted did not result in the redemption price being binding on Sentry.

*Rules permitting service out of the jurisdiction with the court's permission*

16. The claims against the Defendants fall within the ambit of CPR 7.3(3)(b)(ii) for the following reasons:

   (1) Sentry was incorporated in the BVI.

   (2) Its Articles of Association are therefore a statutory contract governed by BVI law and binding on its members.

   (3) Each of the Defendants was a member of Sentry.

   (4) Each of the Defendants redeemed their shares pursuant to the mechanisms set out in Articles 9 to 11 of the Articles of Association.

   (5) The claim in restitution is made on the basis that a redemption price in excess of that due under the Articles was paid by mistake.

   (6) Prima facie the restitution claim is governed by the same law as governs the Articles (This is so despite the subscription agreements being subject to NYS law: the claims are not made on or in respect of those agreements: they contain agreements to submit to the jurisdiction of NYS in respect of other claims, but that is not a choice of law provision).

(7) A claim in restitution is a claim in quasi-contract and thus falls within CPR.

17. For the reasons set out above, the Applicants invite the Court to grant orders in the terms of the drafts at tabs 4, 6 8, 9 and 11.

**DANIEL WALDEK**

12 May 2010

**IN THE EASTERN CARIBBEAN**
**SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**Claim Nos: BVIHC(COM)  405/2009**
**425/2009**
**005/2010**
**015/2010**
**030/2010**

**Fairfield Sentry Limited (in liquidation)**
**Claimant/Applicant**
and

**Others**
**Defendants/Respondents**

---

**APPLICANTS' SKELETON ARGUMENT**

---

**FORBES HARE**

Palm Grove House
PO Box 4649
Road Town
Tortola
BVI

Legal Practitioners for the Applicants

# EXHIBIT R

Orders of BVI Commercial Court Granting
Permission to Serve out of the Jurisdiction
dated 12 April 2010 and 13 May 2010, entered
14 April 2010 and 14 May 2010

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHC (COM) 357/2009



Between

**Fairfield Sentry Limited (in liquidation)**

Claimant/Applicant

and

**Alfredo Migani**

Defendant/Respondent

and Others (see Schedule of Defendants)

Second – Twenty Third Defendants/Respondents

**ORDER**

**BEFORE:**       The Honourable Justice Edward Bannister Q.C.

**DATED:**         The 12th day of April 2010

**ENTERED:**     The 14th day of April 2010

**UPON** the Applicant's Application dated 6 April 2010

**AND UPON** reading the First Affidavit of Jose Santos Torres and the Exhibit thereto

**AND UPON HEARING** Michael Gadd of counsel and Daniel Waldek of Forbes Hare for the Applicants

**IT IS HEREBY ORDERED THAT:**

(i)      the Applicant be permitted to serve the claim form and statement of claim in respect of Claim No. BVIHC(Com) 357/2009 on the Defendants out of the jurisdiction in accordance with the Hague Convention unless in any particular jurisdiction lawful alternative methods of service are available;

(ii)     service in accordance with (i) above shall be effected not later than 12 October 2010 (unless the time for service is extended by further order);

(iii)    the time within which a Defendant may:

    (a) file an acknowledgement of service is 35 days after the claim form is served on that Defendant

    (b) file a Defence is 56 days after the claim form is served on that Defendant;

(iv)    a copy of this order shall be served together with the other documents required to be served; and

(v)    costs reserved

**BY THE COURT**

**Deputy REGISTRAR**

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHC (COM) 357/2009

Between

Fairfield Sentry Limited (in liquidation)

Claimant/Applicant

and

Alfredo Migani

Defendant/Respondent
and Others (see Schedule of Defendants)

Second – Twenty Third
Defendants/Respondents

---

## ORDER

---

FORBES HARE

Palm Grove House
P.O. Box 4649
Road Town
Tortola
British Virgin Islands

Legal Representatives for the Applicant

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 405/2009



FILED
Registrar's Office
MAY 1~ 2010
Virgin Islands
at  2:10 PM

Between

### Fairfield Sentry Limited (in liquidation)

Claimant/Applicant

and

### Banco General SA/Banca Privada

Defendant/Respondent

and Others

Second – Thirty First Defendants/Respondents



## ORDER

**BEFORE:**       The Honourable Justice Edward Bannister Q.C.

**DATED:**        The 13th day of May 2010

**ENTERED:**      The 14 day of May 2010

**UPON** the Applicant's Application dated 23 April 2010

**AND UPON** reading the First Affidavit of Jose Santos Torres, dated 23 April 2010, and the Exhibit thereto

**AND UPON HEARING** Daniel Waldek for the Applicant

**IT IS HEREBY ORDERED THAT:**

1) the Applicant be permitted to serve the claim form and statement of claim in respect of Claim No. BVIHC(Com) 405/2009 on the Defendants out of the jurisdiction in accordance with the Hague Convention unless in any particular jurisdiction lawful alternative methods of service are available;

2) The time within which a Defendant may:

    a.  file an acknowledgement of service is 35 days after the claim form is served on that Defendant; and

    b.  file a Defence is 56 days after the claim form is served on that Defendant;

3) A copy of this order shall be served together with the other documents required to be served; and

4) The costs of this application be costs in the liquidation of Fairfield Sentry Limited.

**BY THE COURT**

**REGISTRAR**

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 405/2009

Between

    Fairfield Sentry Limited (in liquidation)
                     Claimant/Applicant
          and

    Banco General SA/Banca Privada
                Defendant/Respondent
        and Others

             Second – Thirty First
             Defendants/Respondents

---

## ORDER

---

Forbes Hare

Palm Grove House
P.O. Box 4649
Road Town
Tortola

Tel: +1 (284) 494 1896
Fax: +1 (284) 494 1316

Legal Practitioners for the Applicants

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 425/2009



Between

Fairfield Sentry Limited (in liquidation)

Claimant/Applicant

and

Bank Julius Baer & Co Ltd

Defendant/Respondent

and Others

Second – Twenty Seventh Defendants/Respondents



---

## ORDER

---

| | |
|---|---|
| **BEFORE:** | The Honourable Justice Edward Bannister Q.C. |
| **DATED:** | The 13th day of May 2010 |
| **ENTERED:** | The 14 day of May 2010 |

**UPON** the Applicant's Application dated 23 April 2010.

**AND UPON** reading the First Affidavit of Jose Santos Torres, dated 23 April 2010, and the Exhibit thereto.

**AND UPON HEARING** Daniel Waldek for the Applicant.

**IT IS HEREBY ORDERED THAT:**

1) the Applicant be permitted to serve the claim form and statement of claim in respect of Claim No. BVIHC(Com) 425/2009 on the Defendants out of the jurisdiction in accordance with the Hague Convention unless in any particular jurisdiction lawful alternative methods of service are available;

2) The time within which a Defendant may:

    a.  file an acknowledgement of service is 35 days after the claim form is served on that Defendant; and

    b.  file a Defence is 56 days after the claim form is served on that Defendant;

3) A copy of this order shall be served together with the other documents required to be served; and

4) The costs of this application be costs in the liquidation of Fairfield Sentry Limited.

**BY THE COURT**

**REGISTRAR**

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 425/2009

Between

Fairfield Sentry Limited (in liquidation)
Claimant/Applicant
and

Bank Julius Baer & Co Ltd
Defendant/Respondent
and Others

Second – Twenty Seventh
Defendants/Respondents

---

## ORDER

---

Forbes Hare

Palm Grove House
P.O. Box 4649
Road Town
Tortola

Tel: +1 (284) 494 1896
Fax: +1 (284) 494 1316

Legal Practitioners for the Applicants

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 005/2010

Between

Fairfield Sentry Limited (in liquidation)

Claimant/Applicant

and

Bank Julius Baer & Co Ltd        Defendant/Respondent

and Others

Second – Twenty Seventh Defendants/Respondents

ORDER

BEFORE:        The Honourable Justice Edward Bannister Q.C.

DATED:         The 13th day of May 2010

ENTERED:       The 14th day of May 2010

UPON the Applicant's Application dated 23 April 2010 coming on for hearing

AND UPON reading the First Affidavit of Jose Santos Torres, dated 23 April 2010, and the Exhibit thereto

AND UPON HEARING Daniel Waldek for the Applicant

IT IS HEREBY ORDERED THAT:

1) the Applicant be permitted to serve the claim form and statement of claim in respect of Claim No. BVIHC(Com) 005/2010 on the Defendants out of the jurisdiction in accordance with the Hague Convention unless in any particular jurisdiction lawful alternative methods of service are available;

Delta National Bank and Trust Company
                **Twenty Third Defendant**

F/S Fortis Banque Luxembourg
                **Twenty Fourth Defendant**

Bankmed (Suisse) SA
                **Twenty Fifth Defendant**

Wolnoms Limited
                **Twenty Sixth Defendant**

Fox Horan & Camerini LLP
                **Twenty Seventh Defendant**

2) The time within which a Defendant may:

    a.  file an acknowledgement of service is 35 days after the claim form is served on that Defendant; and

    b.  file a Defence is 56 days after the claim form is served on that Defendant;.

3) A copy of this order shall be served together with the other documents required to be served; and

4) The costs of this application be costs in the liquidation of Fairfield Sentry Limited.

BY THE COURT

REGISTRAR

5

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 005/2010

Between

Fairfield Sentry Limited (in liquidation)

Claimant/Applicant

and

Bank  Julius Baer & Co Ltd

Defendant/Respondent

and Others

Second – Twenty Seventh
Defendants/Respondents

ORDER

Forbes Hare

Palm Grove House
P.O. Box 4649
Road Town
Tortola

Tel: +1 (284) 494 1896
Fax: +1 (284) 494 1316

Legal Practitioners for the Applicants

FEE STAMPS ON
ORIGINAL
$ 1.20

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 30/2010

Between

Fairfield Sentry Limited (in liquidation)

Claimant/Applicant

and



Bank Julius Baer & Co Ltd          Defendant/Respondent

and Others

Second – Thirty Fourth Defendants/Respondents

---

## ORDER

---

**BEFORE:**      The Honourable Justice Edward Bannister Q.C.

**DATED:**      The 13th day of May 2010

**ENTERED:**      The 14th day of May 2010

**UPON** the Applicant's Application dated 23 April 2010.

**AND UPON** reading the First Affidavit of Jose Santos Torres, dated 23 April 2010, and the Exhibit thereto.

**AND UPON HEARING** Daniel Waldek for the Applicant.

**IT IS HEREBY ORDERED THAT:**

1) the Applicant be permitted to serve the claim form and statement of claim in respect of Claim No. BVIHC(Com) 30/2010 on the Defendants out of the jurisdiction in accordance with the Hague Convention unless in any particular jurisdiction lawful alternative methods of service are available;

2) The time within which a Defendant may:

    a.  file an acknowledgement of service is 35 days after the claim form is served
        on that Defendant; and

    b.  file a Defence is 56 days after the claim form is served on that Defendant;

3) A copy of this order shall be served together with the other documents required to be
served; and

4) The costs of this application be costs in the liquidation of Fairfield Sentry Limited.

BY THE COURT

REGISTRAR

The Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division
Claim No: BVIHCV (COM) 30/2010

Between

Fairfield Sentry Limited (in liquidation)

Claimant/Applicant

and

Bank Julius Baer
& Co Ltd.                Defendant/Respondent

and Others

Second – Thirty Fourth
Defendants/Respondents

---

**ORDER**

---

**Forbes Hare**

Palm Grove House
P.O. Box 4649
Road Town
Tortola

Tel: +1 (284) 494 1896
Fax: +1 (284) 494 1316

Legal Practitioners for the Applicants