**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Fairfield Sentry Limited, et al.,<br><br>    Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (BRL)<br><br>Jointly Administered |
| Fairfield Sentry Limited, et al.<br>(In Liquidation), acting by and<br>through the Foreign Representatives thereof,<br><br>        Plaintiffs,<br><br>        -against-<br><br>Theodoor GGC Amsterdam, et al.,<br><br>        Defendants. | Adv. Pro. No. 10-03496<br><br>Administratively Consolidated |
| FAIRFIELD SENTRY LTD. (In Liquidation), et al.,<br><br>        Plaintiffs,<br><br>        -against-<br><br>HSBC PRIVATE BANK (SUISSE) S.A., et al.<br><br>        Defendants. | Adv. Pro. No. 10-03633 (BRL) |

## DECLARATION OF PROF. NICOLAS JEANDIN

I, Nicolas Jeandin, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 and the

laws of the United States of America, that the following is true and correct:

    A.    <u>Qualifications</u>

    1.    I am a professor of Swiss civil procedure and debt enforcement and

bankruptcy law at the University of Geneva. I am also a partner at the law firm Fontanet

1

& Associés in Geneva, Switzerland. I am admitted to the Geneva Bar. My particular interest and expertise relate to the fields of civil procedural law and debt enforcement and bankruptcy. I have extensively published and given expert advice in these fields.

2.      A copy of my curriculum vitae is attached hereto as Exhibit A.

B.    Overview & Summary of Opinions

3.      On 6 June 2012, being retained by counsel for HSBC Private Bank (Suisse) SA, I had rendered a declaration on the legality under Swiss law of the attempt to serve a summons with notice of the complaint by Fairfield Sentry Limited (in liquidation), Fairfield Sigma Limited (in liquidation), and Kenneth Krys, in his capacity as the liquidator (the "Foreign Representative"), upon HSBC Private Bank (Suisse) SA ("HSBC Suisse") by international registered mail.  In this declaration, I had also given an opinion on whether private parties may agree to service in Switzerland by a method that violates Swiss law, or whether any such agreement would be void and unenforceable under Swiss law.

4.      I have been again retained by counsel for HSBC Private Bank (Suisse) SA, named as defendant in the above-captioned proceeding, to give an opinion on the same matter taking into account any possible changes in the applicable Swiss laws and case law since June 2012.

5.      I understand that other Swiss defendants in proceedings administratively consolidated with the above-captioned proceeding that the Foreign Representative has purported to serve by international registered mail will also rely on this Declaration to challenge the validity of such purported service.

6.    I have reviewed the following documents (collectively, the "Service

Documents") that purport to serve legal process (collectively, the "Complaints"):

(a)    Copy of the Affidavit of Service of Ms. Elizabeth Giler, dated 15 June

2010 and filed on 16 June 2010 in the Supreme Court of the State of New York, stating

that, on 11 June 2010, Ms. Giler:

> caused [to be served] true and correct copies of (1) the Summons with Notice and
> (2) the Court Notice Regarding Availability of Electronic Filing to be served,
> pursuant to the service provisions of Defendants' subscription agreement(s) with
> Plaintiff(s), by international registered mail, return receipt requested, enclosed and
> properly sealed in a postpaid envelope, [] deposited in an official depository under
> the exclusive care and custody of the United States Postal Service within the State
> of New York

The Summons and Notice were addressed to "HSBC Private Bank (Suisse) SA" and

certain unnamed "Beneficial Owners of the Accounts Held in the Name of HSBC Private

Bank (Suisse) SA 1-1000" at addresses in Geneva, Switzerland.

(b)    Unsigned copy of the Affidavit of Service of Christopher Michael Lau

Kamg, dated 6 October 2010 and filed on 19 October 2010 in the Bankruptcy Court for

the Southern District of New York (the "Bankruptcy Court"), stating that, on 6 October

2010, Mr. Kamg:

> caused to be served a true and correct copy of the Amended Complaint against
> HSBC Private Bank (Suisse) SA filed in this proceeding, together with a copy of
> the Summons in an Adversary Proceeding, by enclosing same in a postage pre-
> paid envelope to be delivered via International Registered Mail and depositing
> same in an official depository under the exclusive care and custody of the United
> States Postal Service within the State of New York

The Amended Complaint and Summons were addressed to "HSBC Private Bank (Suisse)

SA" and certain unnamed "Beneficial Owners of the Accounts Held in the Name of

HSBC Private Bank (Suisse) SA 1-1000" at addresses in Geneva, Switzerland and to

3

Cleary Gottlieb Steen & Hamilton LLP in its capacity as "Attorneys for Defendant HSBC

Private Bank (Suisse) SA" at an address in New York, New York.

(c)      Unsigned copy of the Affidavit of Service of Christopher Michael Lau

Kamg, dated 18 February 2011 and filed on 18 February 2011 in the Bankruptcy Court,

stating that, on 14 January 2011, Mr. Kamg:

> caused to be served a true and correct copy of the First Amended Complaint
> against HSBC Private Bank (Suisse) SA, et al., filed in this proceeding, by
> enclosing same in a postage pre-paid envelope to be delivered via International
> Registered Mail and depositing same in an official depository under the exclusive
> care and custody of the United States Postal Service within the State of New York

The First Amended Complaint was addressed to "HSBC Private Bank (Suisse) SA" and

certain unnamed "Beneficial Owners of the Accounts Held in the Name of HSBC Private

Bank (Suisse) SA 1-1000" at addresses in Geneva, Switzerland.

(d)      Unsigned copy of the Affidavit of Service of Christopher Michael Lau

Kamg, dated 9 August 2012 and filed on 10 August 2012 in the Bankruptcy Court,

stating that, on 31 July 2012, Mr. Kamg:

> caused to be served a true and correct copy of the Second Amended Complaint
> against HSBC Private Bank Suisse SA, et al., filed in this proceeding, together
> with a copy of the Second Summons in an Adversary Proceeding, by enclosing
> same in a postage pre-paid envelope to be delivered via International Registered
> Mail and depositing same in an official depository under the exclusive care and
> custody of the United States Postal Service within the State of New York

The Second Amended Complaint was addressed to, among other entities, "Pan

International Limited c/o HSBC Private Bank Suisse SA" at an address in Geneva,

Switzerland.

7.      It is thus my understanding, in light of the Service Documents and the lack

of written evidence to the contrary, that the Complaints have not been purportedly served

on HSBC Suisse and the alleged "beneficial owners" through other means, for example,

4

by means of international cooperation between the competent judicial/justice authorities of the United States of America and Switzerland.

8.    It is my further understanding that the Foreign Representative has taken the position in these proceedings that service by registered mail is provided for under subscription agreement(s) allegedly entered into by the parties. I take no position on whether this is a proper reading of the subscription agreement, which I am advised is governed by New York law, or whether it would be good service under the laws of New York, as I am advised that agreement requires. Rather, I opine on whether, even assuming service was made in accordance with the subscription agreement, that service is violative of Swiss law, and that, further, the fact that the subscription agreement is governed by New York is irrelevant to the Swiss law analysis that follows.

9.    Under Swiss law, judicial documents with respect to a litigation before a court in the United States such as the Complaints may only be served in Switzerland through the appropriate Swiss Central Authority under the Hague Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"),[1] to which both Switzerland and the United States are signatories, or by means of letters rogatory (the "Permitted Means"). In its accession to the Hague Service Convention, Switzerland noted that service by mail directly to the parties involved is not permitted. As a result, service of judicial documents in Switzerland other than through the Permitted Means, such as by international registered mail, does not constitute valid service as a matter of Swiss law. Further, the Swiss Criminal Code ("SCC") provides in its Article 271 that whoever performs on Swiss soil an act which by its nature is an act of public authority,

---

[1] 20 UST 361; TIAS 6638, RS 0.274.131.

5

such as service of judicial documents directly on a Swiss defendant, may be subject to criminal charges.[2]

10.    In this respect, regarding the second question, insofar as the service of judicial documents is a matter of Swiss public policy, private parties are not free to consent – irrespective of the law chosen by the parties for such consent – to any means of service other than the Permitted Means.  Consequently, the consent or agreement by a private party to service other than by the Permitted Means would be void and unenforceable as a matter of Swiss law.  The law governing such consent or agreement is irrelevant for the Swiss law analysis.

C.    Analysis and Opinion

11.    According to Swiss public policy ("*ordre public*") – which contains the core principles of the Swiss legal order and public interests – foreign states, their authorities or their auxiliaries are not entitled to serve by post on Swiss territory.  The express reservation that Switzerland has made with respect to this method of service addressed by the Hague Service Convention flows out of Switzerland's notion of state sovereignty.  Any such act would thus be deemed null and void and would be deprived of effect under Swiss law, even if the parties to the contract had specifically agreed to such illicit method, irrespective of any actual intent of the parties to circumvent Swiss public policy in so doing.

12.    According to Swiss legal doctrine and case law, the international notification of judicial documents in Switzerland is considered a *de jure imperii* (by right of the sovereign) act, subject to the principle of territoriality, which is part and parcel of a State's sovereignty. Absent any particular treaties providing for the legal possibility to

---

[2] RS 311.0, *available at* https://www.admin.ch/opc/fr/classified-compilation/19370083/index.html.

6

serve such judicial documents, international notification by mail is not a permitted means of notification and is hence null and void.[3] Thus, for instance, the judgment of a court in the United States based on a proceeding to which a Swiss party was notified only by international mail could not be recognized or enforced by the Swiss authorities.[4] Until the ratification of the Hague Service Convention, the Swiss authorities had never, throughout the legal history of the country, abandoned their practice of requiring diplomatic notification.[5] Nowadays, international service of judicial documents in Switzerland is governed either by multilateral or bilateral treaties. In the vast majority of cases, the service of foreign judicial documents in Switzerland is governed by the Hague Service Convention. The Hague Service Convention has been ratified by and is in force with respect to both Switzerland and the United States,[6] and no bilateral treaty exists between those two States on the subject matter of service of judicial documents.

13.     Service of judicial documents from the United States on individuals or companies in Switzerland must therefore compulsorily,[7] as well as exclusively,[8] be

---

[3] THOMAS BISCHOF, Die Zustellung im internationalen Rechtsverkehr in Zivil- und Handelssachen (*Notification in international judicial civil and commercial matters*), Zurich 1997, 172 s; LOUIS GAILLARD, L'entraide internationale civile en matière judiciaire et arbitrale: l'état des questions, in Récents développements en matière d'entraide civile, pénale et administrative (*International mutual assistance in civil judicial matters and arbitration: state of the questions*, in *Recent development in mutual assistance in civil, criminal and administrative matters*) [RAPHAËL GANI (éd.)], Lausanne 2004, 35-78, p. 40 ; ATF 142 III 355, consid. 3.3.3, and mentioned references; TAF A-4668/2014, consid. 8.2.1.

[4] ATF 142 III 355, consid. 3.3.3; ATF 135 III 623, SJ 2010 I 211, consid. 2; ATF 131 III 448, JdT 2006 II 143, consid. 2.1; Judgment of the Cantonal Tribunal of Argovia of 12/17/1999, AGVE 1999 70-74, quoted in RSDIE 2/2001, p. 224 s.

[5] LOUIS GAILLARD, p. 41.

[6] http://hcch.e-vision.nl/index_en.php?act=conventions.status&cid=17.

[7] LOUIS GAILLARD, p. 52.

[8] Declarations Reservations, Articles: 1, 5, 8, 10, 15 ("With regard to Article 1, Switzerland takes the view that the Convention applies exclusively to the Contracting States. In particular, it believes that documents which are effectively addressed to a person resident abroad cannot be served on a legal entity who is not authorized to receive them in the country in which they were drawn up without derogating from Articles 1 and 15, first paragraph, of the Convention."), https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=424&disp=resdn (last visited 10 November 2016).

performed in accordance with the provisions of the Hague Service Convention.[9] "Judicial document" under Art. 1 of the Hague Service Convention refers to any document that is linked to a judicial procedure (contentious or non-contentious) or to an enforcement recovery procedure.[10] The regular procedure provided for under the Hague Service Convention is the transmission from the competent authority under the law of the State in which the documents originate and the so-called "central authority" of the State in which the process is to be served.[11] Pursuant to Article 5 of the Hague Service Convention, service within the State addressed shall be performed "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory" – in this case, according to Swiss domestic law.

14.    The Hague Service Convention also provides for alternative methods of service, for example, diplomatic or consular channels.[12] The convention also states that it shall not interfere with, among other things, the freedom to send judicial documents by postal channels directly to persons abroad, "[p]rovided the State of destination does not object."[13] Switzerland has, however, formulated an express reservation to the application of alternative methods of service and the sending of judicial document by postal means, in accordance with Article 21(2)(a) of the Hague Service Convention.[14] That reservation has been made in conformity with the international principles laid down at Articles 19-23

---

[9] BSK IPRG-STEPHEN V. BERTI/LORENZ DROESE, Art. 11a N 11 & 12.
[10] DANIELLE GAUTHEY, ALEXANDER R. MARKUS, L'entraide judiciaire internationale en matière civile (*International mutual assistance in civil matters*), Bern 2014, N 277.
[11] Article 3 Hague Service Convention.
[12] Article 8 Hague Service Convention.
[13] Article 10 Hague Service Convention.
[14] Declarations Reservations, Articles: 1, 5, 8, 10, 15 ("In accordance with Article 21, second paragraph (a), Switzerland declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10."), https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=424&disp=resdn (last visited 10 November 2016).

of the Vienna Convention on the Law of Treaties of May 23, 1969,[15] as well as with

Articles 10(a) and 21(2)(a) of the Hague Service Convention, which allow specifically

for such a declaration. Switzerland's reservation to the sending of judicial documents by

mail is thus entirely valid and accepted by the other States which are signatories to the

Hague Service Convention.  As shall be examined below, the service of process by mail

falls under the express Swiss reservation concerning the sending of judicial documents.

15.    As mentioned above, Swiss scholars and case law have traditionally

considered the service of judicial documents on Swiss territory part of the Swiss

sovereignty.  Formal notification procedures of judicial documents are thus considered a

part of the Swiss procedural public policy (*ordre public formel*).[16]  Accordingly, these

procedures cannot simply be undertaken from beyond the frontiers of the State concerned

without compliance with the Permitted Means, otherwise such acts will violate the Swiss

sovereignty.

16.    The Swiss Federal Supreme Court (the "Federal Court"), has confirmed

this traditional approach by reasserting that direct service by post of a foreign judicial act

– in that case, an introductive summons ("*decreto ingiuntivo unitamente al ricorso

introdottivo*") – on a defendant in Switzerland constituted an irreparable breach of the

reservation made to Article 10(a) of the Hague Service Convention.[17]  The Federal Court

considered that such an irregular service of judicial document was not capable of, as a

matter of principle, being cured at a later stage, irrespective of whether the defendant

was, as a matter of fact, aware or informed of the judicial proceedings initiated against

---

[15] RS 0.111, *available at* https://www.admin.ch/opc/fr/classified-compilation/19690099/index.html.
[16] TAF A-4668/2014, consid. 8.2.1; ATF 124 V 47.
[17] ATF 135 III 623,SJ 2010 I 211, consid. 2.2. See also ATF 142 III 180, consid. 3.3.2 and ATF 142 III 355.

him and had the opportunity to appear in the foreign proceedings and present a defense on the merits.[18]

17.    In this respect, insofar as the service of a judicial document is a matter of Swiss public policy, the consent of the defendant to such means of service would be null and void ("*privi di una qualsiasi efficacia*") and would not cure the violation of Swiss law and sovereignty inherent to such service. In other words, even if the defendant on whom the process is served by post gave express written consent to the direct service by post of a foreign judicial act (including a summons), such prior consent would not be able to "cure" the absence of legal effects contemplated by such judicial documents. The fact that such consent or agreement to service by any means other than the Permitted Means may have been made by the private parties under foreign law, such as New York law, is irrelevant for the Swiss law analysis. Indeed, Swiss public policy represents a certain core of the Swiss legal order that rules out the application of incompatible foreign laws or practices.[19] *A fortiori*, Swiss public policy also governs private law such that agreements and other acts between private parties which are contrary to Swiss public policy are deprived of their validity or efficacy.[20] As a consequence, the consent or agreement by a private party to service other than by the Permitted Means would be void and unenforceable under Swiss law.

18.    In view of the above, direct service of judicial documents in Switzerland by regular or registered mail and/or any other means other than the Permitted Means is

---

[18] ATF 135 III 623, SJ 2010 I 211, consid. 2.2.

[19] ANDREAS BUCHER / ANDREA BONOMI, Droit international privé (free translation: Private international law), 3rd ed., Basel 2013, p. 131 N 480; BERNARD DUTOIT, Droit international privé Suisse (free translation: Swiss private international law), 5th ed., Basle 2016, art. 17 N 1 & 2.

[20] IPRG-Kommentar [ANTON HEINI et al. (eds.)] – FRANK VISCHER, Art. 18, p. 196 N 4; ATF 117 II 48; ATF 115 II 364; ATF 102 II 404.

not valid as a matter of Swiss law and constitutes a breach of the Hague Service Convention.

19.    Incidentally, it is to be noted that, in Swiss domestic civil proceedings, in accordance with Article 136 of the Swiss Civil Procedure Code ("CPC")[21], the service of judicial documents is an action which is exclusively handled by the courts themselves, and private parties are not permitted to intervene in such process. To the extent that the service of judicial documents is an official activity under Swiss domestic law, a private party may therefore not take any action that would qualify as service of judicial documents. Hence, any manner of "service" by a private party would not be considered as a "service" and such a communication would have no effect.

20.    The consequences as a matter of Swiss law of attempting to serve judicial documents other than by Permitted Means are twofold:

(a)    Firstly, such an attempted service, insofar as it constitutes a failure to comply with the rules on service of judicial documents and is contrary to Swiss law, would mean that a foreign judgment that is rendered against a defendant in a proceeding in which only such an attempted service was made on that defendant, would not be recognizable or enforceable in Switzerland;[22] and

(b)    Secondly, insofar as service of judicial documents in Switzerland is an act of public authority by nature,[23] an attempt by a foreign private party or attorney to serve judicial documents on a defendant in Switzerland by

---

[21] RS 272, *available at* https://www.admin.ch/opc/fr/classified-compilation/20061121/index.html.
[22] Article 27(2)(a) of the Swiss Private International Law.
[23] BSK Strafrecht II- MARKUS HUSMANN, Art. 271 N 23, mentioning the judgment of the Polizeirichteramt Zug of 01.25.1990 R.M., concerning an attorney who served judicial summons and documents to a Swiss party.

regular or registered mail would constitute a criminal offence as a matter of Swiss law[24]. Indeed, pursuant to Article 271 SCC, "*any person who carries out activities on behalf of a foreign state on Swiss territory without lawful authority, where such activities are the responsibility of a public authority or public official, any person who carries out such activities for a foreign party or organisation, [and] any person who encourages such activities*" commits a criminal offence. The deliberate service of judicial documents by mail to a person or entity in Switzerland may therefore be reported to the Office of the Attorney General for a violation of Article 271 SCC. The potential sanction for performing – on Swiss soil – a prohibited act on behalf of a foreign state is a jail sentence up to three years or a fine of up to CHF 1,080,000 (approximately the equivalent of US$1,100,000)[25] for the individual(s) involved, or even a jail sentence of up to 20 years in serious cases.[26] It is to be noted that the service of any judicial document in violation of Article 271 SCC constitutes a criminal offence even if the private concerned person has agreed to be served by non-Permitted Means such as by registered mail[27].

21.    Incidentally, the U.S. authorities are fully aware of (1) the invalidity as a matter of Swiss law of an attempted service otherwise than through Permitted Means under the Hague Service Convention and (2) of the potential sanctions of attempting to

---

[24] PC CP art. 271 N 7; DANIELLE GAUTHEY, ALEXANDER R. MARKUS, L'entraide judiciaire internationale en matière civile (free translation: International judicial mutual assistance in civil matters), Bern 2014, N 140, 153 and 191 ; BSK Strafrecht II- MARKUS HUSMANN, Art. 271 N 35.
[25] At an exchange rate of US $1 = CHF 0.9883 as of November 11, 2016, bid rate Swiss National Bank.
[26] Article 271(1) SCC in connection with Articles 34 & 40 SCC.
[27] BERNARD CORBOZ, Les infractions en droit suisse (*Criminal offences under Swiss law*), 3rd ed., Bern 2010, Art. 271 N 14 ; PC CP, art. 271 N 12.

circumvent relevant Swiss law requirements, in particular for U.S. attorneys to attempt direct service by mail on a Swiss defendant. Specific information on this subject matter is available on the website of the Embassy of the United States in Switzerland at:

https://ch.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/judicial-information/service-process/?_ga=1.249022407.1560742496.1478716499.

22.    Private parties cannot agree to service by mail in contravention of Swiss law, since this would constitute an illicit attempt to circumvent Swiss law and the express reservation made to an international treaty, as well as a severe breach of Swiss public policy, *i.e.* of such rules which are deemed crucial and fundamental by Switzerland in order to defend its core values and its sovereignty. Service by mail and any agreement to such service by private parties would – irrespective of the foreign law governing such agreement – thus be void and null and unenforceable as a matter of Swiss law.

23.    In view of the above, it is my opinion that:

(a)    Service of judicial documents in Switzerland by international registered mail is illegal as a matter of Swiss law and does not constitute valid service;

(b)    Attempting to serve judicial documents in Switzerland otherwise than through the Permitted Means may constitute a criminal offence pursuant to Article 271 SCC; and

(c)    Any agreement to effect service by mail on Swiss soil in contravention of Swiss law is void and unenforceable under Swiss law because of its incompatibility with Swiss public policy (sovereignty) and with Switzerland's express reservation made to the Hague Service Convention.

13

Executed on 11 January 2017, at Geneva, Switzerland.


_____

By:     Prof. Dr. Nicolas Jeandin

**EXHIBIT A**

# CURRICULUM VITAE

| | |
|---|---|
| **Name** | JEANDIN |
| **First name** | Nicolas, Richard, François, Benoît |
| **Address** | Etude Fontanet et Associés, Grand-Rue 25, 1204 Geneva, Switzerland |
| **Telephone** | +41 22 818 09 09 |
| **E-mail** | n.jeandin@fontanet.ch |
| **Date/place of birth** | January 2, 1959 / Chêne-Bougeries (Geneva, Switzerland) |
| **Nationality** | Swiss |
| **Native of** | Thônex (Geneva, Switzerland) |
| **Languages** | French (mother tongue), English and German (fluent) |

## EDUCATION, DEGREES

| | |
|---|---|
| **1978** | High School Federal Degree ("Maturité Fédérale de type A") |
| **1981** | Law Degree from the University of Geneva School of Law |
| **1984** | Degree in Business Administration from the University of Geneva |
| **1981 - 1984** | Various degrees from the Geneva School of Music (harmony, counterpoint, history of music, forms and styles in music Gregorian chants) |
| **1985** | Diploma in Advanced Studies from the University of Geneva School of Law (traveler's check) |
| **1992** | Doctorate in Law (thesis on the Traveler's check) from the University of Geneva School of Law |
| **1994** | "Professor Walther Hug" Prize for the above mentioned thesis |

- 2 -

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| **Sept 1984 - Oct 1986** | Trainee at the law firm of Jean-Mario Torello in Geneva |
| **December 1986** | Admitted to the Geneva bar |
| **Jan. 1987 - Sept 1991** | Assistant to Professor Louis Dallèves at the University of Geneva School of Law (first on a full time basis and then on a part-time basis), including namely extensive legal research, preparation of case studies for students, correction of exams, and teaching of Debt Collection and Property Laws |
| **Nov. 1987 – June 1994** | Associate at the law firm of Guy and Bénédict Fontanet in Geneva, first on a part-time basis, then on a full time basis |
| **From July 1994** | Partner at the law firm Fontanet & Partners in Geneva |
| **From October 1994** | Teacher at the University of Geneva School of Law, then Substitute Professor (Securities Law and Debt Collection and Bankruptcy Laws) |
| **From October 1999** | Deputy Judge at the Geneva "Cour de justice" |
| **From October 2000** | Teacher at the University of Geneva School of Law (Debt Collection and Bankruptcy Laws) |
| **From October 2002** | Professor at the University of Geneva School of Law (Procedure Law and Debt Collection and Bankruptcy Law) |
| **From September 2007-2013** | Vice Dean of the Geneva School of Law |

## **PUBLICATIONS**

– *Le chèque de voyage*, (The traveller's check), thesis, Helbing & Lichtenhahn, Bâle, 1994

– *Actes de défaut de biens et retour à meilleure fortune selon le nouveau droit*, (Certificate of shortfall and come into new fortune according to the new law), published *in* SJ 1997 pp. 261-310

– *A propos du devoir des autorités de renseigner l'office*, (The duty of authorities to inform the office), published *in* BlSchK 1998 pp. 81-99

– *Actes de défaut de biens et certificat d'insuffisance de gage* (Certificate of Shortfall in general and for secured claims), FJS 990, 1999 (also published in German)

– *L'exception de non-retour à meilleure fortune* (Exception of non-return to new fortune), FJS 990a, 1999 (also published in German)

– *Délais, féries et suspensions* (Time limits, closed periods and standstills), FJS 518, 1999 (also published in German)

– *Etat de collocation* (Schedule of claims), FJS 990b, 2000 (also published in German)

– *La plainte* (The complaint), FJS 679, 2001 (also published in German)

– *LPC et production de pièces de lege ferenda* (Geneva civil procedure law and submission of documents *de lege ferenda*), published *in* SJ 2000 II pp. 373-407

– *L'article 725a CO: no man's land procédural ?* (Article 725a of the Swiss Code of Obligations: procedural no man's land?), published *in* Insolvence, désendettement et redressement, Etudes réunies en l'honneur de Louis Dallèves, Bâle, 2000, pp. 145-169

– *Loi sur les fors et poursuite pour dettes et la faillite* (Statutory jurisdiction law and debt enforcement and bankruptcy), *in "Das Gerichtsstandsgesetz / La loi sur les fors"*, published by C. Leuenberger et Renate Pfister-Liechti, Berne, 2001, pp. 81-108

– *Calcul du délai d'appel, suspension, rectification d'une erreur matérielle et principe de la bonne foi* (Calculation of the deadline for appeals, standstills, rectification of material mistakes and principal of good faith), published *in* Bulletin n° 26 de l'Ordre des Avocats de Genève, March 2001

– *De la non application des féries en matière prud'homale* (The non-application of closed periods before labour jurisdictions), published *in* Bulletin n° 28 de l'Ordre des Avocats de Genève, May 2001

- *Du nouveau à propos du séquestre LP* (New developments concerning freezing orders in the Swiss debt enforcement and bankruptcy law), published in Bulletin n° 31 de l'Ordre des Avocats de Genève, December 2001

- *Commentaire sur les articles 120 à 126 CO* (Comments on Articles 120 to 126 of the Swiss Code of Obligations), *in: "Commentaire romand du Code des obligations"* (eds L. Thévenoz / F. Werro), Bâle-Genève, 2003

- *Commentaire sur les articles 513 à 515a CO* (Comments on the Articles 513 to 515a of the Swiss Code of Obligations), *in: "Commentaire romand du Code des obligations"* (eds L. Thévenoz / F. Werro), Bâle-Genève, 2003

- *Assainissement des particuliers: bilan de santé* (Consolidations of individuals : review of the situation), *in: "Défaillance de paiement: retard et défaut de paiement"*, contribution au $3^e$ cycle de Cartigny, Fribourg, 2002, pp. 223-243

- *Parties au procès: mouvement et (r)évolution* (Parties of proceedings : movement and (r)evolution), Schulthess, Genève, 2003

- *La production des pièces protégées par le secret bancaire en procédure civile* (Submission of documents protected by bank secrecy in civil procedure), *in "Journée 2002 de droit bancaire et financier"*, Berne, 2003, pp. 107-142

- *Conclusion générale* (General conclusion), *in "Unification of civil procedure, Journée en l'honneur du Professeur François Perret"* (eds R. Trigo Trindade / N. Jeandin), Genève, 2004, pp. 171-188

- *Les effets de la faillite sur le contrat de durée* (Bankruptcy effect on long-term contracts), *in "Le contrat dans tous ses états"*, Berne, 2004, pp. 71-99

- Editor, together with the late Professor Louis Dallèves and Professor Bénédict Foëx, of the *Commentaire romand de la loi fédérale sur la poursuite pour dettes et la faillite ainsi que des articles 166 à 175 de la loi fédérale sur le droit international privé* (The Swiss debt enforcement and bankruptcy law commentary, as well as comments on Articles 166 to 175 of the Switzerland's federal code on private international law), Bâle-Genève, 2005

- Comments on different articles of the Swiss debt enforcement and bankruptcy law (Comments on Articles 58 to 63 (together with B. Foëx), 112 to 115 (together with Y. Sabeti), 261 to 264 (together with N. Casonato) and 265 to 270 LP, *in "Commentaire romand de la LP"* (The Swiss debt enforcement and bankruptcy law commentary) (eds L. Dallèves / B. Foëx / N. Jeandin), Bâle-Genève, 2005

- *L'exécution des titres authentiques en Suisse: vers la fin d'une autodiscrimination ?* (Execution of notarised deeds in Switzerland: towards the end of self-discrimination?), *in "Schweizerisches und internationales Zwangsvollstreckungsrecht: Festschrift für Karl Spühler zum 70. Geburtstag"*. Zurich-Bâle-Genève, 2005, pp. 135-148

- *L'insolvabilité en relation avec les contrats de bail et de travail* (Insolvency in relation to lease and employment contracts), Revue de droit Suisse, Bâle, 2005, pp. 189-218

- *Aspects judiciaires relatifs à l'octroi du séquestre* (Judicial aspects relating to the granting of freezing order), *in* Journal des Tribunaux 2006, II pp. 51-76

- *Le séquestre en Suisse d'avoirs bancaires à l'étranger: fiction ou réalité ?* (Freezing order in Switzerland over bank deposits held abroad: fiction or reality?) with C. Lombardini, AJP 2006 pp. 967-980

- *Resolving the conflict between creditors and the "weak party" in long-term contracts in insolvency cases, in "The challenges of insolvency law reform in the 21st century"* (eds H. Peter / J. Kilborn / N. Jeandin), Zurich-Bâle-Genève, 2006, pp. 153-164

- *Les dispositions générales de la LTF* (General provisions of the Federal Supreme Court Act), *in "Les recours au Tribunal fédéral"* (Ed. B. Foëx / M. Hottelier / N. Jeandin), Genève, 2007, pp. 43-69

- *Le recours en matière civile* (The appeal in civil matter), *in "La nuova legge sul Tribunale federale"*, Lugano, 2007, pp. 79-101

- *Le séquestre civil et la localisation des avoirs bancaires* (Civil freezing order and localization of bank deposits), with S. Lembo, *in "Journée 2006 de droit bancaire et financier"*, Genève, 2007, pp. 21-49

- *Défaillance, réalisation, insolvabilité: enseignements pour le droit suisse* (Default, realization, insolvency: lessons for the Swiss law), *in "Réforme des sûretés mobilières"*, Genève, 2007

- *La loi sur les Fors: dispositions générales* (Statutory jurisdiction : general clauses), FJS (also published in German)

- *Le droit de rétention de l'avocat* (The lawyer's retention right) *in : "Défis de l'avocat au XXIe siècle : mélanges en l'honneur de Madame le bâtonnier Dominique Burger"*, Genève, Slatkine, 2008, pp. 267-290

- *Introduction à la gestion des conflits* (Introduction to conflict management), *in: "La gestion des conflits"*, Lausanne, CEDIDAC, 2008, pp. 1-19

- *Les voies de droit et l'exécution des jugements* (Legal process and execution of judgments), *in "Le projet de Code de procédure civile fédérale"*, CEDIDAC, Lausanne, 2008, pp. 333-371

- *Le devoir de conseil du notaire selon la loi genevoise sur le notariat: une "Genferei" exemplaire?* (The duty of advice of the public notary according to the Geneva law on notary's practice: an exemplary particularity of Geneva ?) *in: "La responsabilité pour l'information fournie à titre professionnel"*, Genève, Schulthess, 2009, pp. 59-65

- 6 -

- *Mainlevée sommaire de l'opposition - développements récents et perspectives* (The setting aside of the debtor's objection [in debt enforcement proceedings]- recent developments and perspectives), *in* SJ 2009 II, pp. 275-292

- *Le changement de légitimation en cours d'instance, de lege lata et de lege futura* (The change of legitimization [right of action] in the course of legal proceedings, *de lege lata* and *de lege futura*) note *in* : RSPC 2009, pp. 260-263

- *Vente d'un immeuble loué* (Sale of a rented building), *in*: *"Der Grundstückkauf"*, Zurich, 2010, pp. 449-468

- *Les actions en responsabilité dans la LP* (Liability claims for damages in the Swiss Debt Enforcement and bankruptcy Act), *in* SJ 2010, II, pp. 90-112

- *Les titres exécutoires* (Enforceable deeds) *in*: *"Procédure civile suisse : les grands thèmes pour le practicien, Neuchâtel"*, CEMAJ, Faculté de droit de l'Université de Neuchâtel, 2010, pp. 453-473

- *Secret de la confession et justice laïque* (Secret of confession and secular justice), *in*: *"Transparence et secret dans l'ordre juridique"*, Genève, Slatkine, 2010, pp. 223-241

- *L'administration des preuves* (The administration of evidence) *in*: *"Le code de procédure civile : aspects choisis"*, Genève, Schulthess, 2011, pp. 89-110

- *Banques suisses, droit élu et for prorogé* (Swiss banks, choice of law and the choice of jurisdiction), *in*: *"Innovatives Recht : Festschrift für Ivo Schwander"*, Zürich, Dike, 2011, pp. 711-727

- *Incidence des nouvelles règles de procédure sur le procès en responsabilité civile* (Impact of the new procedural rules for the trial in civil liability) *in*: *"La preuve en droit de la responsabilité civile"*, Genève, Schulthess, 2011, pp. 71-94

- *Procédure civile : moyens de preuve et secret bancaire* (Civil procedure: means of proof and bank secrecy) *in*: *"Journée 2010 de droit bancaire et financier"*, Geneva, Schulthess, 2011, pp. 45-69

- *La force exécutoire des titres authentiques selon le CPC et la Convention de Lugano révisée* (The enforceability of notarised deeds according to the Swiss Civil Procedure Code and the revised Lugano Convention) *in*: Not@lex, Zurich, 2011, Nr. 1, pp. 1-16

- *Le contrat constitutif de servitude* (The contract establishing easements), *in*: *"Die Dienstbarkeiten und das neue Schuldbriefrecht"*, Zürich, Schulthess, 2012, pp. 109-137

- Comments on the Articles 118 to 126 of the Federal Criminal Procedure Code concerning the plaintiff and the civil action before the criminal authorities, lead author with Henry

Matz, *in: "Commentaire romand du Code de procédure pénale"* (Swiss Criminal procedure commentary) (eds A. Kuhn / Y. Jeanneret), Bâle, 2011

— *Code de procédure commenté* (Commentary of the Federal Civil Procedure Code), co-author with F. Bohnet, J. Haldy, D. Tappy and P. Schweizer, Bâle, 2011

— *Consorité et action associative dans le CPC* (Joinder of parties and class action in the Swiss Civil Procedure Code), *in "Nouvelle procédure civile et espace judiciaire européen"*, Genève, 2012

— *La plainte et le recours (art. 17-22 et 26 LP)* (The complaint and the appeal (Articles 17-22 and 36 of the Swiss Debt Enforcement and Bankruptcy Act), *in "Sviluppi e orientamenti del diritto esecutivo federale"*, Lugano, CFPG 2012, pp. 3-41

— *Convention de Lugano: for et droit élu à l'épreuve de la protection du consommateur dans l'activité transfrontalière des banques* (Lugano Convention : jurisdiction and choice of law in view of the protection of consumers within the context of cross-border banking activities), co-author with Aude Peyrot, *in "Le droit civil dans le contexte international"*, Genève, Schultess, 2012

— *Les privilèges de l'art. 219 LP* (Privileges pursuant to article 219 of the Swiss Enforcement and Bankruptcy Act), *in* SJ 2013 II, pp. 177-214

— *Précis de procédure civile* (Compendium on civil procedure), co-author with Aude Peyrot, Genève, 2015

— *La plainte et le recours (art. 17-22 et 36 LP)* (The complaint and the appeal (art. 17-22 and 36 of the Swiss debt enforcement and bankruptcy law)), *in* Sviluppi e orientamenti del diritto esecutivo fegerale, Lugano, CFPG 2012 p. 3 - 41

— *La gérance légale d'immeubles,* (Legal management of properties), *in* BlSchK 2015, p. 81

— *Approche critique de l'interdiction de postuler chez l'avocat aux prises avec un conflit d'intérêts* (Critical approach of the prohibition for an attorney to represent a client when conflicted), co-author with Stéphane Grodecki, *in* SJ 2015 II, pp. 107-133

— *Le blocage du registre du commerce et sa validation* (The blockage of the commercial register and it's validation), co-author with Stéphanie Fontanet, *in* Not@lex 2016 p. 55 – 64

— *La communauté des copropriétaires en procédure* (The community of joint owners in proceedings) *in*, La propriété par étages aujourd'hui, une alerte cinquantenaire, Genève, 2016, p. 81 – 97

— *Les nouveautés du droit de l'assainissement* (New developments in restructuring law) *in* La société au fil du temps, Zurich, 2016, p. 315 – 359

- *L'arbitrage immobilier* (Real estate arbitration) *in* Propriété et liberté d'entreprendre, Genève, 2016, p. 83 – 121

- *Nouveau droit de l'assainissement: contrats de durée et travailleur (*New restructuring law : long-term contracts and employee) *in* JdT 2016 II p. 5 – 18


## LECTURES


- Lecture given on 12 June 1998 at the "*Assemblée générale annuelle de la Conférence des préposés aux poursuites et faillites de Suisse*" on the duty of the authorities to inform the Debt Collection and Bankruptcy Office *("A propos du devoir des autorités de renseigner l'office")*

- Lecture given for the Geneva Young Bar Association on 19 November 1998, on the procedural aspects of the Swiss Debt Collection and Bankruptcy Act (*"Aspects procéduraux de la LP")*

- Speaker at a conference organized on 5 May 1999 by the "*Association genevoise du droit des affaires*" on the foreign trusts and the Swiss legal order *("Trusts étrangers et ordre juridique suisse")*

- Lecture given on 31 January 2000 at the "*Société genevoise de droit et de législation*", on the Geneva Civil Procedure Law and the establishment of facts *de lege ferenda ("LPC et établissement des faits de lege ferenda")*

- Lecture given on 23 November 2000 at a conference organized in Geneva by the "*Fondation pour la formation continue des juges suisses*" on the Statutory Jurisdiction law and the Debt Collection and Bankruptcy (*"Loi sur les fors et poursuite pour dettes et la faillite")*

- Lecture given on 23 October 2002 at a conference organized by the "*Association genevoise de droit des affaires*" on the reform of the Debt Collection and Bankruptcy Offices (*"La réforme des offices des poursuites et des faillites")*

- Lecture given at the "*Journée de droit bancaire et financier*" on 30 October 2002 on the production of documents protected by banking secrecy in civil proceedings *("La production de pièces protégées par le secret bancaire en procédure civile")*

- Lecture given on 17 March 2003 for the Geneva Bar Association on how the Geneva Civil Procedural Law will be affected by the new Swiss Civil Procedure Code (*"Comment la LPC survivra-t-elle  à la nouvelle PCS en préparation ?")*

- Lecture given on 6 November 2003 at the "*Assemblée générale de la SchKG – Vereinigung*" on the insolvency in relation with lease contracts and employment contracts (*"L'insolvabilité en relation avec les contrats de bail et de travail")*

- Organizer with Prof. Rita Trigo Trindade of a conference on 6 March 2003 for Prof. François Perret about the unification of the civil procedure (*"Unification de la procédure civile"*) and speaker at said conference

- Lecture given on 26 January 2004 at the *"Société genevoise de droit et de législation"* on the effects of bankruptcy on long-term contracts (*"Les effets de la faillite sur le contrat de durée")*

- Lecture given at the *"Cercle romand Richard Wagner"* on 18 May 2004 on the Swiss Penal Code (*"Héros wagnériens et code pénal")*

- Co-chair with Prof. Henry Peter of a conference on Financing and refinancing companies in the prospective of insolvency, held in Geneva on 17 and 18 September 2004

- Chair of the conference on civil liability (*"Journée de la responsabilité civile"*) on 19 November 2004 on the damage (*"Le préjudice: une notion en devenir")*

- Speaker at a conference organized by the *"Centre de droit bancaire et financier (Réforme des sûretés mobilières)"* on 7  June 2006 on insolvency (*"Défaillance, Réalisation, Insolvabilité: Enseignements pour le droit suisse"*)

- Lecture given on 22 September 2006 (*"Journée d'études consacrée à la nouvelle Loi sur le tribunal fédéral"*) on the appeal on civil matters at the Swiss Federal Supreme Court (*"Le recours en matière civile"*)

- Speaker at a conference organized on 8 March 2007 by the "CEDIDAC" (*"Journée sur le projet de code de procédure civile suisse"*) on appeals and the execution of judgments (*"Les voies de droit et l'exécution des jugements"*)

- Speaker at a conference on the real estate sale (*"La Vente immobilière"*) organized by the *"Fondation Notariat suisse"* on 20 January 2009

- Speaker at a conference on debt collection and bankruptcy organized in Geneva on 3 December 2009 (*"SchKG Vereinigung"*)

- Speaker at a conference for the legal trainees (*"Journée Romande des avocats stagiaires"*) on 16 January 2010

- Lecture on the agreement to conclude a contract *"Promesse et contrat chez Richard Wagner"* on 21 January 2010

- Lecture on the Swiss Civil Procedure Code on 18 February 2010

- Lectures on the new Swiss Civil Procedure Code given to judges on 12 March 2010 and 26 March 2010

- Speaker at a conference organised by "GASI" in Lugano about the enforcement of non-monetary obligations (*"L'exécution forcée des obligations non pécuniaires"*) on 26 April 2010

- Lecture given to the  Master in Business Law students at the University of Geneva on debts restructuring (*Assainissement, « entreprises en difficultés : détection et remède »*) on 4 May 2010

- Lecture on the enforceability of notarised deeds under the new Swiss Civil Procedure Code on 21 May 2010

- Speaker at a conference on international private law held at the University of Bern on 10 September 2010

- Lecture on civil liability at the University of Geneva (*"Journée de la responsabilité civile 2010"*) on 14 September 2010

- Course given to the administrative staff of the Geneva Tribunals about the new Swiss Civil Procedure Code on 8 and 11 October 2010

- Lecture given at a conference organized by the Chamber of public notaries in Geneva (*"Chambre des notaires de Genève"*) on the enforceability of the notarised deed on 14 October 2010

- Lecture given at a conference organized by the notaries of the canton of Fribourg (*"Conférence des notaires à Fribourg"*), on civil liability (*"Journée responsabilité civile"*) on 27 October 2010

- Course given to the judges of the labour law Court in Geneva on the new Swiss Civil Procedure Code on 18 October and 1 November 2010

- Course "FSA" given to Swiss lawyers about the Swiss Civil Procedure Code on 4 November 2010

- Lecture given at the University of Neuchâtel on the enforceable titles (*"Journées de formation continue sur les titres exécutoires"*) on 5 November and 2 December 2010

- Lecture (*"Conférence ICONE"*) on the enforceable notarized deed (*"L'acte authentique exécutoire"*) in Yverdon-les-Bains on 18 November 2010

- Lecture at the University of Geneva at a conference on the banking and finance law on 25 November 2010 (*"Journée de droit bancaire et financier"*)

- Lecture given to the members of the Counsel of the public notaries of the canton of Jura on 30 November 2010

- Lecture (*"Séminaire FNS"*) on the easement contract (*"Contrat constitutif de servitude"*) on 18 January 2011

- Lecture given at the Swiss Conference of the civil procedure teachers (*"Conférence suisse des professeurs de procédure civile"*) on the procedural aspects of the revised Lugano Convention (*"Aspects procéduraux liés à la Convention de Lugano révisée"*) on 6 May 2011

- Speaker at the cross-border seminar held by the Conference of the *Barreaux lémaniques* on 27 May 2011

- Course "FSA" given to Swiss lawyers on labour law on 17 June 2011

- Lecture given at the conference on civil law on the Lugano Convention (*"Journée de droit civil"*) on 20 and 21 June 2011 (*"Conférence sur la Convention de Lugano, du for à certaines figures procédurales en passant par le droit élu"*)

- Lecture at a conference organized by the Debt Collection and Bankruptcy Association in Bern (*"Association LP"*) on the Swiss Civil Procedure Code on 9 September 2011

- Lecture at a conference organized in Lugano on the civil appeal (*"Le recours en matière civile"*) before the Swiss Federal Supreme Court (*"Journée d'étude LP, Commission tessinoise de formation des juristes"*) on 20 October 2011

- Lecture (*"Conférence SGDL"*) on the Swiss Civil Procedure Code on 5 March 2012 (*"Le CPC après 14 mois de pratique : tour d'horizon des premières expériences genevoises"*)

- Presentation given at the conference organized by the Commission de formation des notaires (*Committee of formation for the public notary*) about enforcement in Switzerland on 8 March 2012

- Lecture at the University of Fribourg on Swiss Civil Procedure on 11 May 2012 (*"Schweizeriche Konferenz der Hochschullehrer für Zivilverfahrensrecht"*)

- Lecture at a conference on Debt Collection and Bankruptcy Law in Lausanne on 15 May 2012 (*"Conférence des Préposés"*)

- Lecture at a conference on Debt Collection and Bankruptcy Law in Lausanne (*"Séminaire LP"*) on 14 May 2013

- Lecture at a conference on property law in Geneva (*"Journée du droit de la propriété"*) on 31 May 2013

- Lecture at the continuing training Seminar (*Séminaire formation continue*) about the special procedures under the civil procedure code of Geneva given on 10 June 2013

- Lecture at a conference organized for the Tunisian lawyers in Geneva on the Swiss Civil Procedure Code (*"Les nouveautés du CPC en matière de maîtrise de l'instruction pour le juge et les dispositions pertinentes de la LTF en matière de traitement des dossiers"*) on 4 July 2013

- Speaker at a conference on real estate on the recent case law rendered on the legal protection in clear cases (*"La jurisprudence récente en matière de cas clairs"*) on 25 September 2014

- Lecture given at a conference (*"Conférence FIDLEG"*) on litigation proceedings, (*"Procédure contentieuse et procédure collective"*) on 1 October 2014

- Lecture given at a conference of the notaries in Lugano (*"Conférence des notaires à Lugano"*) on the public deed (*"L'Acte public exécutif"*) on 23 October 2014

- Lecture given at a conference on debt collection and Bankruptcy law (*"Conférence des préposés aux poursuites et faillites de Suisse, Séminaire de formation"*) on 12 May 2015

- Lecture given on debt collection and Bankruptcy law (*"Journée lausannoise de droit des poursuites, le nouveau droit de l'assainissement, entre droit de l'exécution forcée, droit des sociétés et droit du travail"*) on 2 September 2015

- Lecture given in Lausanne at the seminar organized by the Swiss public notary Foundation (*la Fondation notariat Suisse*) in Lausanne on 8 September 2015

- Lecture given at a conference on a debt restructuring of individuals on 1 October 2015 (*"Conférence sur l'assainissement des particuliers, "Eine Restschuldbefreiung in der Schweiz aus Gläubigerperspektive"*)

- Lecture given at a conference in the University of Geneva during the study day about enforcement on 12 February 2016

- Lecture given at a conference organized by the Society of law and legislation of Geneva (*Société genevoise de droit et de législation*) about the freezing of assets on 11 April 2016

- Lecture given at a training Seminar organized by the *"Conférence des préposés aux poursuites et faillites de Suisse"* on debt collection and Bankruptcy law (*"suspension et réouverture de faillite"*) on 18 May 2016

- Course "FSA" given to Swiss lawyers on debt collection and Bankruptcy law (*"privilège, exécution"*) on 2 June 2016

\*   \*   \*

# **EXHIBIT B**

This declaration applies to the adversary proceedings listed below:

| | Case No. | Case Name |
|---|---|---|
| 1. | Adv. Pro. 10-03496 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.* |
| 2. | Adv. Pro. 10-03502 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Securities Sub A/C, et al.* |
| 3. | Adv. Pro. 10-03504 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody, et al.* |
| 4. | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* |
| 5. | Adv. Pro. 10-03507 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Meritz Fire & Marine Insurance Company Ltd., et al.* |
| 6. | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* |
| 7. | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* |
| 8. | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* |
| 9. | Adv. Pro. 10-03512 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Mizrahi Tefahot Bank Ltd., et al.* |
| 10. | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* |
| 11. | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* |
| 12. | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria S.A., et al.* |
| 13. | Adv. Pro. 10-03516 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.* |
| 14. | Adv. Pro. 10-03521 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombardy Properties Limited, et al.* |
| 15. | Adv. Pro. 10-03540 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Vontobel Asset Management, et al.* |
| 16. | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* |
| 17. | Adv. Pro. 10-03615 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of America National Trust and Savings Association, et al.* |
| 18. | Adv. Pro. 10-03616 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Luxembourg, et al.* |
| 19. | Adv. Pro. 10-03618 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Miami, et al.* |
| 20. | Adv. Pro. 10-03619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Institutional Trust Services (Asia) Limited, et al.* |
| 21. | Adv. Pro. 10-03620 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International, et al.* |
| 22. | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* |
| 23. | Adv. Pro. 10-03622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* |

| | Case No. | Case Name |
|---|---|---|
| 24. | Adv. Pro. 10-03623 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AXA Isle of Man A/C L&C, et al.* |
| 25. | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* |
| 26. | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* |
| 27. | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* |
| 28. | Adv. Pro. 10-03629 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom, et al.* |
| 29. | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* |
| 30. | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* |
| 31. | Adv. Pro. 10-03632 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Andbanc Andorra, et al.* |
| 32. | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) SA, et al.* |
| 33. | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* |
| 34. | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* |
| 35. | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* |
| 36. | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* |
| 37. | Adv. Pro. 10-03744 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Company America, et al.* |
| 38. | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* |
| 39. | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* |
| 40. | Adv. Pro. 10-03747 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al.* |
| 41. | Adv. Pro. 10-03750 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Ltd., et al.* |
| 42. | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* |
| 43. | Adv. Pro. 10-03753 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner Bank LateinAmerika AG, et al.* |
| 44. | Adv. Pro. 10-03754 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CDC IXIS, et al.* |
| 45. | Adv. Pro. 10-03755 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg SA, et al.* |
| 46. | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* |
| 47. | Adv. Pro. 10-03757 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. a/k/a SNS Bank N.V., et al.* |
| 48. | Adv. Pro. 10-03758 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Ltd. Ref Greenlake Arbitrage Fund Ltd., et al.* |
| 49. | Adv. Pro. 10-03764 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* |
| 50. | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* |
| 51. | Adv. Pro. 10-03778 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities SA, et al.* |

| | Case No. | Case Name |
|---|---|---|
| 52. | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* |
| 53. | Adv. Pro. 10-03782 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bahamas), et al.* |
| 54. | Adv. Pro. 10-03783 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Bahamas), et al.* |
| 55. | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* |
| 56. | Adv. Pro. 10-03787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Gibraltar), et al.* |
| 57. | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* |
| 58. | Adv. Pro. 10-03791 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al.* |
| 59. | Adv. Pro. 10-03792 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Company (Bermuda) Limited, et al.* |
| 60. | Adv. Pro. 10-03793 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC, et al.* |
| 61. | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* |
| 62. | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* |
| 63. | Adv. Pro. 10-03799 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al.* |
| 64. | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, et al.* |
| 65. | Adv. Pro. 10-03863 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Trust & Banking Co., LTD.* |
| 66. | Adv. Pro. 10-03864 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA, et al.* |
| 67. | Adv. Pro. 10-03865 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin Int'l Ltd., et al.* |
| 68. | Adv. Pro. 10-03867 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody, et al.* |
| 69. | Adv. Pro. 10-03868 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al.* |
| 70. | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* |
| 71. | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* |
| 72. | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* |
| 73. | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* |
| 74. | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* |
| 75. | Adv. Pro. 10-04089 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA, et al.* |
| 76. | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* |
| 77. | Adv. Pro. 10-04091 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia Private Bank (Switzerland), et al.* |
| 78. | Adv. Pro. 10-04094 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natexis Banques Populaires, et al.* |

Exhibit B-3

|   | Case No. | Case Name |
|---|----------|-----------|
| 79. | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* |
| 80. | Adv. Pro. 10-04096 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Di Desio E Della Brianza/Zenit Altern. Inv./Zenit Master, et al.* |
| 81. | Adv. Pro. 10-04097 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Nominees (IOM) Limited, et al.* |
| 82. | Adv. Pro. 10-04098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* |
| 83. | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* |
| 84. | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* |
| 85. | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* |
| 86. | Adv. Pro. 10-04238 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hansard Europe Ltd., et al.* |
| 87. | Adv. Pro. 11-01467 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BK Hapoalim/B M Tel Aviv, et al.* |
| 88. | Adv. Pro. 11-01242 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Fortis Banque Luxembourg, et al.* |
| 89. | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* |
| 90. | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole (Suisse) SA a/k/a Banque du Credit Agricole (Suisse) SA, et al.* |
| 91. | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* |
| 92. | Adv. Pro. 11-01250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Luxembourg SA, et al.* |
| 93. | Adv. Pro. 11-01253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SWEDCLIENT/IAM, et al.* |
| 94. | Adv. Pro. 11-01254 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux a/k/a American Express Bank (London), et al.* |
| 95. | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* |
| 96. | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* |
| 97. | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* |
| 98. | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* |
| 99. | Adv. Pro. 11-01260 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait a/k/a National Bank of Kuwait, et al.* |
| 100. | Adv. Pro. 11-01460 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. FS/LAB/AXA PM, et al.* |
| 101. | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* |
| 102. | Adv. Pro. 11-01462 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Grand Cathay Securities (Hong Kong) Limited, et al.* |
| 103. | Adv. Pro. 11-01463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* |
| 104. | Adv. Pro. 11-01464 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis f/k/a IXIS Corporate and Investment Bank, et al.* |
| 105. | Adv. Pro. 11-01470 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barfield Nominees Limited, et al.* |

|  | Case No. | Case Name |
|---|---|---|
| 106. | Adv. Pro. 11-01486 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Korea Exchange Bank, et al.* |
| 107. | Adv. Pro. 11-01564 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Limited, et al.* |
| 108. | Adv. Pro. 11-01565 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/ING Lux, et al.* |
| 109. | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* |
| 110. | Adv. Pro. 11-01567 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Global Fund Porvenir, et al.* |
| 111. | Adv. Pro. 11-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Banque Degroof Bruxelles, et al.* |
| 112. | Adv. Pro. 11-01571 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banc of America Securities LLC, et al.* |
| 113. | Adv. Pro. 11-01575 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Industriel et Commercial Singapore Branch, et al.* |
| 114. | Adv. Pro. 11-01576 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Multi-Strategy Fund Limited, et al.* |
| 115. | Adv. Pro. 11-01577 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Insurance Co. Ltd., et al.* |
| 116. | Adv. Pro. 11-01578 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. NYROY, et al.* |
| 117. | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* |
| 118. | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* |
| 119. | Adv. Pro. 11-01582 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Asia) Limited, et al.* |
| 120. | Adv. Pro. 11-01584 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al.* |
| 121. | Adv. Pro. 11-01585 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Reescompte et de Placement, et al.* |
| 122. | Adv. Pro. 11-01586 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank, et al.* |
| 123. | Adv. Pro. 11-01587 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bie Bank & Trust Bahamas Ltd., et al.* |
| 124. | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* |
| 125. | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. All Funds Bank, et al.* |
| 126. | Adv. Pro. 11-01592 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cherwinka, et al.* |
| 127. | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* |
| 128. | Adv. Pro. 11-01595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. KWI, et al.* |
| 129. | Adv. Pro. 11-01598 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque et Caisse D'epargne de L'Etat Lux, et al.* |
| 130. | Adv. Pro. 11-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo, et al.* |

| | Case No. | Case Name |
|---|---|---|
| 131. | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* |
| 132. | Adv. Pro. 11-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management, et al.* |
| 133. | Adv. Pro. 11-01604 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. PFPC Bank Limited, et al.* |
| 134. | Adv. Pro. 11-01606 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Koch Investment (UK) Company, et al.* |
| 135. | Adv. Pro. 11-01610 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Israel Discount Bank, Limited, Tel Aviv, et al.* |
| 136. | Adv. Pro. 11-01612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie AG, et al.* |
| 137. | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* |
| 138. | Adv. Pro. 11-01615 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Societe Europeenne de Banque S.A.* |
| 139. | Adv. Pro. 11-01617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* |
| 140. | Adv. Pro. 11-01619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBP Titres, et al.* |
| 141. | Adv. Pro. 11-01719 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Abu Dhabi Investment Authority et al.* |
| 142. | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* |
| 143. | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* |
| 144. | Adv. Pro. 11-02336 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al.* |
| 145. | Adv. Pro. 11-02392 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lion Global Investors f/k/a Lion Fairfield Capital Management, et al.* |
| 146. | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* |
| 147. | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* |
| 148. | Adv. Pro. 11-02530 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al.* |
| 149. | Adv. Pro. 11-02532 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deltec Bank & Trust Limited, et al.* |
| 150. | Adv. Pro. 11-02534 | *Fairfield Sigma Ltd. (In Liquidation) et al. v. Simgest SpA et al.* |
| 151. | Adv. Pro. 11-02594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild Trust (Schweiz) AG, et al.* |
| 152. | Adv. Pro. 11-02611 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Andorra Banc Agricol Reig SA, et al.* |
| 153. | Adv. Pro. 11-02612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Limited, et al.* |
| 154. | Adv. Pro. 11-02613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Luxembourg), et al.* |
| 155. | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* |

Exhibit B-6

| | Case No. | Case Name |
|---|---|---|
| 156. | Adv. Pro. 11-02771 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fullerton Capital PTE, Ltd., f/k/a Goldtree Invest, et al.* |
| 157. | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse) S.A. f/k/a Banque de la Mediterra, et al.* |
| 158. | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* |
| 159. | Adv. Pro. 12-01119 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank (Nederland) N.V., et al.* |
| 160. | Adv. Pro. 12-01123 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BANCA CARIGE SPA, et al.* |
| 161. | Adv. Pro. 12-01124 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa International, et al.* |
| 162. | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* |
| 163. | Adv. Pro. 12-01127 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited, et al.* |
| 164. | Adv. Pro. 12-01128 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Seoul Branch, Ltd., et al.* |
| 165. | Adv. Pro. 12-01131 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rothschild & Cie Banque Paris, et al.* |
| 166. | Adv. Pro. 12-01132 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dexia Investor Services Espana S.A.* |
| 167. | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* |
| 168. | Adv. Pro. 12-01135 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited, et al.* |
| 169. | Adv. Pro. 12-01136 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bred Banque Populaire, et al.* |
| 170. | Adv. Pro. 12-01140 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Cesare Ponti SPA, et al.* |
| 171. | Adv. Pro. 12-01142 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank Korea Inc., et al.* |
| 172. | Adv. Pro. 12-01143 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Centre College, et al.* |
| 173. | Adv. Pro. 12-01144 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim BM, London, et al.* |
| 174. | Adv. Pro. 12-01147 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fair and Banque Degroof Luxembourg, S.A., et al.* |
| 175. | Adv. Pro. 12-01148 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim., et al.* |
| 176. | Adv. Pro. 12-01155 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kiangsu Chekiang and Shanghai Residents (H.K.) Association, et al.* |
| 177. | Adv. Pro. 12-01158 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel, et al.* |
| 178. | Adv. Pro. 12-01162 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta S.P.A., et al.* |
| 179. | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* |
| 180. | Adv. Pro. 12-01187 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Popolare Di Verona E Novara Luxembourg S.A. n/k/a Banco Popolare Luxembourg S.A., et al.* |

| | Case No. | Case Name |
|---|---|---|
| 181. | Adv. Pro. 12-01264 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Jared Trading Limited/BVI et al.* |
| 182. | Adv. Pro. 12-01265 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al.* |
| 183. | Adv. Pro. 12-01267 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. TAIB Bank E.C., et al.* |
| 184. | Adv. Pro. 12-01270 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities (Panama) SA, et al.* |
| 185. | Adv. Pro. 12-01271 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Insurance Company Limited, et al.* |
| 186. | Adv. Pro. 12-01272 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al.* |
| 187. | Adv. Pro. 12-01285 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Profilo SPA, et al.* |
| 188. | Adv. Pro. 12-01286 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada, et al.* |
| 189. | Adv. Pro. 12-01287 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Patagonia (Uruguay) S.A.I.F.E., et al.* |
| 190. | Adv. Pro. 12-01288 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cais Bank, et al.* |
| 191. | Adv. Pro. 12-01290 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC International Trustee Limited, et al.* |
| 192. | Adv. Pro. 12-01294 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Alok Sama, et al.* |
| 193. | Adv. Pro. 12-01295 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie a/k/a Bank Sarasin & Co., et al.* |
| 194. | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* |
| 195. | Adv. Pro. 12-01301 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited, et al.* |
| 196. | Adv. Pro. 12-01550 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Atlantic Security Bank, et al.* |
| 197. | Adv. Pro. 12-01551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* |
| 198. | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* |
| 199. | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* |
| 200. | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV, et al.* |
| 201. | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* |
| 202. | Adv. Pro. 12-01571 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Cayman Limited n/k/a ABN AMRO Fund Services Bank (Cayman) Limited, et al.* |
| 203. | Adv. Pro. 12-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al.* |
| 204. | Adv. Pro. 12-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hyposwiss Private Bank Geneve F/K/A Anglo Irish Bank (Suisse), S.A. et al.* |
| 205. | Adv. Pro. 12-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Select Absolute Strategies SICAV, et al.* |

Exhibit B-8

|  | Case No. | Case Name |
|---|---|---|
| 206. | Adv. Pro. 12-01716 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Essex 21 Limited, et al.* |
| 207. | Adv. Pro. 16-01214 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Investor Services Bank SA, et al.* |