SIDLEY AUSTIN LLP
Alan M. Unger
Andrew P. Propps
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
aunger@sidley.com
apropps@sidley.com

*Attorneys for KBC Investments Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| Fairfield Sentry Limited, et al., | Case No. 10-13164 (SMB) |
| Debtors In Foreign Proceedings. | Jointly Administered |
| Fairfield Sentry Limited, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, | |
| Plaintiffs, | Adv. Pro. No. 10-03496 (SMB) |
| -against- | Administratively Consolidated |
| Theodoor GGC Amsterdam, et al., | |
| Defendants. | |
| Fairfield Sigma Limited, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, | |
| Plaintiffs, | Adv. Pro. No. 10-03635 (SMB) |
| -against- | |
| ABN Amro Schweiz AG, et al., | |
| Defendants. | |
| Fairfield Sigma Limited, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, | |
| Plaintiffs, | Adv. Pro. No. 10-03636 (SMB) |
| -against- | |
| ABN Amro Schweiz AG, et al., | |
| Defendants. | |

**KBC INVESTMENTS LIMITED'S SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
<u>AND IN SUPPORT OF KBC'S MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

I. The Liquidators Cannot Demonstrate General Jurisdiction Because KBC Investments Is Not "At Home" in the United States............................................................3

II. This Court Cannot Exercise Specific Jurisdiction Over KBC Investments.........................4

CONCLUSION..................................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beach v. Citigroup Alt. Invs. LLC*,
    2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) ...............................................................................3

*Chloé v. Queen Bee, LLC*,
    616 F.3d 158 (2d Cir. 2010).....................................................................................................2

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)......................................................................................................2, 3, 4

*Hosking v. TPG Cap. Mgmt (In re Hellas Telecomm's (Luxembourg) II SCA)*,
    547 B.R. 80 (Bankr. S.D.N.Y. 2016) .......................................................................................3

*Liberty Cable Co. v. City of New York*,
    893 F. Supp. 191 (S.D.N.Y.), *aff'd*, 60 F.3d 961 (2d Cir. 1995) ..............................................3

*Penguin Group (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010).......................................................................................................2

*Refco Group Ltd. v. Cantor Fitzgerald, L.P.*,
    2014 WL 2610608 (S.D.N.Y. June 10, 2014) .........................................................................3

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994).......................................................................................................2

*In re Terrorist Attacks on September 11, 2001*,
    714 F.3d 659 (2d Cir. 2013).....................................................................................................2

**Other Authorities**

Fed. R. Bankr. P. 7008................................................................................................................1

Fed. R. Bankr. P. 7009................................................................................................................1

Fed. R. Bankr. P. 7012................................................................................................................1

Fed. R. Civ. P. 8(a) .....................................................................................................................1

Fed. R. Civ. P. 9(b) .....................................................................................................................1

Fed. R. Civ. P. 12(b) ............................................................................................................1, 3, 4

Defendant KBC Investments Ltd. ("KBC Investments") respectfully submits this supplemental memorandum of law (i) in opposition to the Motion for Leave to Amend filed by the Liquidators of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield Lambda Limited ("Lambda," and together with Sigma and Sentry, the "Funds"), and (ii) in support of its motion, pursuant to Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(1), (2), (5), and (6), made applicable here by Federal Rules of Bankruptcy Procedure 7008, 7009, and 7012, for an order dismissing with prejudice all of the Liquidators' claims, including their Common Law, Contract, and BVI Insolvency Claims, and their requests for constructive trust and declaratory judgment, set forth in the Complaints[1] against KBC Investments.

## PRELIMINARY STATEMENT

The Liquidators allege in their Complaints against KBC Investments that "[u]pon information and belief, KBC Investments Ltd. is a corporate entity organized under the laws of New York and has as its registered address 140 East 45th Street, 42nd Floor, New York 10017." 3635 PAC ¶ 75; 3636 PAC ¶ 81. Based on these allegations, the Liquidators presumably intend to argue that this Court has personal jurisdiction over KBC Investments on a theory of general jurisdiction.

However, the Liquidators' allegations are not true. In fact, as indisputably established by the *Declaration of Marc Boelens in Support of KBC Investments Limited's Motion to Dismiss for Lack of Personal Jurisdiction* dated January 11, 2017 (the "Boelens Declaration"), KBC

---

[1] "Complaints" refers to, collectively, the Proposed Amended Complaint filed in *Fairfield Sentry Ltd. v. ABN Amro Schweiz AG*, Adv. Pro. No 10-03635 (SMB) (Bankr. S.D.N.Y.) (Dkt. No. 139-1) (the "3635 PAC") and the Proposed Amended Complaint filed in *Fairfield Sentry Ltd. v. ABN Amro Schweiz AG*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y.) (Dkt. No. 152-1) (SMB) (the "3636 PAC"). All capitalized terms used but not defined herein are used as defined in the Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss, filed in *Fairfield Sentry Ltd. v. ABN Amro Schweiz AG*, Adv. Pro. No 10-03635 (SMB) (Bankr. S.D.N.Y.) (Dkt. No. 171) and *Fairfield Sentry Ltd. v. ABN Amro Schweiz AG*, Adv. Pro. No. 10-03636 (SMB) (Bankr. S.D.N.Y.) (Dkt. No. 190) (the "Consolidated Brief").

1

Investments is organized under the laws of England and Wales, and its principal place of business is in London, United Kingdom. Therefore, under the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), KBC Investments is not "at home" in the United States, and this Court cannot exercise general jurisdiction over KBC Investments. Because, as shown in the Consolidated Brief, there is no basis for this Court to exercise specific jurisdiction over KBC Investments, the Complaints against KBC Investments should be dismissed for lack of personal jurisdiction.

## ARGUMENT

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Group (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Id.* at 34-35 (citation and internal quotation marks omitted). The prima facie showing "must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Chloé v. Queen Bee, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citation and internal quotation marks omitted). The Court need not "draw argumentative inferences in the plaintiff's favor," *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (citation and internal quotation marks omitted).

Personal jurisdiction can be general (all-purpose) or specific (conduct-linked). *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673-74 (2d Cir. 2013). The Liquidators have not and cannot meet their burden of showing that either general or specific jurisdiction exists over KBC Investments in this case.

I.    **The Liquidators Cannot Demonstrate General Jurisdiction Because KBC Investments Is Not "At Home" in the United States.**

Under the Supreme Court's opinion in *Daimler*, "a court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]', only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). "With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction." *Id.* at 760 (citation and internal quotation marks omitted). Following *Daimler*, to exercise jurisdiction over a foreign corporation, "[e]ssentially, the foreign entity must be 'comparable to a domestic enterprise in that State.'" *Refco Group Ltd. v. Cantor Fitzgerald, L.P.*, 2014 WL 2610608, at *8 (S.D.N.Y. June 10, 2014) (quoting *Daimler*, 134 S. Ct. at 758 n.11). In the bankruptcy context, the relevant affiliations of the defendant are those with the United States rather than with the forum state. *Hosking v. TPG Cap. Mgmt (In re Hellas Telecomm's (Luxembourg) II SCA)*, 547 B.R. 80, 97 (Bankr. S.D.N.Y. 2016) (In bankruptcy, "[b]ecause the sovereign exercising jurisdiction is the United States, not a particular state, minimum contacts with the United States is sufficient to satisfy the Fifth Amendment due process requirement, whether the claims asserted arise under federal, state or foreign law." (citing *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 630 (4th Cir. 1997))).

As demonstrated in the Boelens Declaration,[2] KBC Investments was incorporated under the laws of England and Wales on July 9, 2003, and has never been incorporated under the laws

---

[2] "On a motion pursuant to Rule 12(b)(2), courts may rely upon materials that are outside the pleadings," including affidavits and declarations. *See Beach v. Citigroup Alt. Invs. LLC*, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014); *see also Liberty Cable Co. v. City of New York*, 893 F. Supp. 191, 199 n.11 (S.D.N.Y.), *aff'd*, 60 F.3d 961 (2d Cir.

3

of New York (as alleged by the Liquidators) or of any other state or territory of the United States.  Boelens Decl. ¶ 2.  Furthermore, KBC Investments has its primary place of business at its registered address in London, and has never had a principal place of business in the United States.  *Id.* ¶ 3.  The Liquidators' false allegation as to KBC Investments' place of incorporation and their deficient allegation as to KBC Investments' place of business (which the Liquidators do not even allege to be a principal place of business) do not suffice to establish that KBC Investments is "at home" in New York or anywhere in the United States.  Nor will the Liquidators will be able to produce any evidence to contradict the sworn statements in the Boelens Declaration.  Because KBC Investments is not "at home" in the United States under *Daimler*, this Court cannot exercise general jurisdiction over KBC Investments.

## II.     This Court Cannot Exercise Specific Jurisdiction Over KBC Investments

KBC Investments is a signatory to the Consolidated Brief submitted on its behalf.  Section II of the Consolidated Brief demonstrates that, notwithstanding the Liquidators' allegations, specific jurisdiction does not lie over any of the Foreign Defendants, including KBC Investments.  Because there is no basis for this Court to exercise either general or specific jurisdiction over KBC Investments, the Complaints against KBC Investments should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

1995) ("It is well-established that when considering a motion to dismiss based on lack of jurisdiction, a court may consider matters outside the pleadings.").

## **CONCLUSION**

For the reasons set forth above and in the Consolidated Brief, this Court should deny the Liquidators' Motion for Leave to Amend and dismiss the Liquidators' Complaints against KBC with prejudice.

Dated: New York, New York  
       January 26, 2017

Respectfully submitted,

*/s/ Alan M. Unger*
Alan M. Unger
Andrew P. Propps
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
aunger@sidley.com
apropps@sidley.com

*Attorneys for KBC Investments Ltd.*