WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Tel.: (212) 382-3300
Fax: (212) 382-0050
Frederick R. Kessler
Fletcher W. Strong

*Attorneys for Defendants Fairfield Investment Fund Limited,*
*Fairfield Investment GCI, and FIF Advanced Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 case |
| Fairfield Sentry Limited, et al., | Case No. 10-13164 (SMB) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| Fairfield Sentry Limited, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, | Adv. Pro. No. 10-03496 (SMB) |
| Plaintiffs, | |
| v. | Administratively Consolidated |
| Theodoor GGC Amsterdam, et al., | |
| Defendants. | |
| Fairfield Sentry Limited, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, | |
| Plaintiffs, | Adv. Pro. No. 10-03595 (SMB) |
| v. | |
| SG Private Banking (Suisse) SA, et al., | |
| Defendants. | |

| | |
|---|---|
| Fairfield Sentry Limited (In Liquidation), et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 10-03635 (SMB) |
| Union Bancaire Privee, UBP SA, et al., | |
| Defendants. | |
| Fairfield Sentry Limited (In Liquidation), et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 10-03636 (SMB) |
| Union Bancaire Privee, UBP SA, et al., | |
| Defendants. | |
| Fairfield Sentry Limited (In Liquidation), et al., | |
| Plaintiffs, | |
| v. | Adv. Pro. No. 10-03786 (SMB) |
| SG Private Banking (Suisse) SA, et al., | |
| Defendants. | |

**INDIVIDUAL SUPPLEMENTAL BRIEF OF DEFENDANTS
FAIRFIELD INVESTMENT FUND LIMITED, FAIRFIELD
INVESTMENT GCI, AND FIF ADVANCED LIMITED IN
OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**Table of Contents**

I.    The Court Lacks Personal Jurisdiction over the FIFL Defendants ..................................... 2

II.    Plaintiffs Have Not Properly Served the FIFL Defendants ................................................. 8

CONCLUSION ...................................................................................................................... 8

## Table of Authorities

<u>**Cases**</u>                                                                                                                    <u>**Page(s)**</u>

*Arista Records, LLC v. Doe 3*,
 604 F.3d 110 (2d Cir. 2010)...................................................................................... 3-4

*Biro v. Conde Nast*,
 963 F. Supp. 2d 255 (S.D.N.Y. 2013).............................................................................7

*Boyce v. Cycle Spectrum, Inc.*,
 148 F. Supp. 3d 256 (E.D.N.Y. 2015) .............................................................................6

*Concord Assocs., L. P. v. Entm't Props. Tr.*,
 817 F.3d 46 (2d Cir. 2016)..............................................................................................7

*Haru Holding Corp. v. Haru Hana Sushi, Inc.*,
 No. 13-cv-7705 (RWS), 2016 WL 1070849 (S.D.N.Y. Mar. 15, 2016) ...........................6

*Maller v. Rite Aid Corp.*,
 No. 14-cv-0270 (GTS), 2016 WL 1275628 (N.D.N.Y. Mar. 31, 2016).............................6

*Sanders v. Grenadier Realty, Inc.*,
 367 F. App'x 173 (2d Cir. 2010) .....................................................................................4

*Taormina v. Thrifty Car Rental*,
 No. 16-cv-3255 (VEC), 2016 WL 7392214 (S.D.N.Y. Dec. 21, 2016) ............................4

<u>**Statutes and Rules**</u>

N.Y. C.P.L.R. § 302........................................................................................................3

Fed. R. Evid. 201 ...........................................................................................................4

<u>**Other Authorities**</u>

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224 (3d ed.
2004) ..............................................................................................................................4

Along with many other defendants, Defendants Fairfield Investment Fund Limited ("FIFL"), Fairfield Investment GCI ("Fairfield GCI") and FIF Advanced Limited ("FIFA") caused to be filed (i) the Notice of Motion to Dismiss, dated January 13, 2017, (ii) the Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss, dated January 13, 2017 (the "Consolidated Motion to Dismiss Brief"), (iii) the Declaration of Thomas J. Moloney, dated January 13, 2017 (the "Moloney Declaration"), and exhibits appended thereto, (iv) the Declaration of Simon Mortimore, QC, dated January 13, 2017, and exhibits appended thereto, (v) the Declaration of Phillip Kite, dated January 12, 2017, and exhibits appended thereto, and (vi) the Declaration of Nicolas Jeandin, dated January 11, 2017, and exhibits appended thereto (collectively, the "Consolidated Motion to Dismiss Papers").[1]

In order to raise additional personal jurisdiction and service of process grounds and arguments for dismissal that are specific to them and have not otherwise been raised in the Consolidated Motion to Dismiss Brief, Defendants FIFL, Fairfield GCI and FIFA (collectively, the "FIFL Defendants") submit this Individual Supplemental Brief in opposition to the motion for leave to amend (the "Motion for Leave to Amend") filed by the Liquidators of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited and Fairfield Lambda Limited (collectively, "Plaintiffs") and in support of Defendants' motion to dismiss (the "Motion to Dismiss").

For the reasons set forth in the Consolidated Motion to Dismiss Papers and this

---

[1] *See Fairfield Sentry Ltd. (In Liquidation) v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-03496 (Administratively Consolidated) [Dkt. Nos. 959-964]; *Fairfield Sentry Ltd. (In Liquidation) v. SG Private Banking (Suisse) SA*, Adv. Pro. No. 10-03595 [Dkt. Nos. 32-39]; *Fairfield Sentry Ltd. (In Liquidation) v. Union Bancaire Privee, UBP SA*, Adv. Pro. No. 10-03635 [Dkt. Nos. 170-175]; *Fairfield Sentry Ltd. (In Liquidation) v. Union Bancaire Privee, UBP SA*, Adv. Pro. No. 10-03636 [Dkt. Nos. 189-194]; *Fairfield Sentry Ltd. (In Liquidation) v. SG Private Banking (Suisse) SA*, Adv. Pro. No. 10-03786 [Dkt. Nos. 34-41].  For the avoidance of doubt, the FIFL Defendants join in and incorporate by reference all the Consolidated Motion to Dismiss Papers.

Individual Supplemental Brief, the claims against the FIFL Defendants should be dismissed with prejudice and Plaintiffs' Motion for Leave to Amend should be denied as futile.

I.      **The Court Lacks Personal Jurisdiction over the FIFL Defendants**

FIFL and FIFA are BVI entities with registered offices in the BVI, and Fairfield GCI is a series trust of Fairfield Investment Trust, a Cayman Islands trust having a trustee incorporated, and having a registered office, in the Cayman Islands. Nevertheless, the Plaintiffs' complaints in Adv. Pro. Nos. 10-03635 and 10-03636 against the FIFL Defendants allege, incorrectly, "upon information and belief" that they were "organized" under New York law and have a "registered address" in New York. *See* Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3635 [Dkt. No. 139-1] ¶¶ 64 (Fairfield GCI), 65 (FIFL), 67 (FIFA); Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3636 [Dkt. No. 152-1] ¶¶ 69 (Fairfield GCI), 70 (FIFL), 72 (FIFA). The FIFL Defendants present the grounds and arguments below to rebut these gratuitous and false allegations.[2] *See* Consolidated Motion to Dismiss Brief at 3 n.3 ("The Foreign Defendants are listed in Appendix B"); *id.* App. B & n.1 (listing the FIFL Defendants as "Foreign Defendants" and noting that "Foreign Defendants that are identified with '†' [such as the FIFL Defendants] include those who are alleged in the relevant Complaint filed in this Action to have been incorporated in the U.S. and/or had their principal places of business ('PPOB') in the U.S., but nonetheless may raise arguments to the contrary, either in the supplemental memoranda of law to be filed before or on January 27, 2017 or otherwise").

Plaintiffs have failed to plead a prima facie case of specific personal jurisdiction over the FIFL Defendants. The proposed amended complaints in Adv. Pro. Nos. 10-03635 and 10-03636

---

[2] The FIFL Defendants make no such arguments concerning the Plaintiffs' complaints in Adv. Pro. Nos. 10-3595 and 10-3786 because those complaints do not allege that the FIFL Defendant named therein – FIFA – was organized under New York law or maintained a registered address in New York. Proposed Third Amended Complaints Adv. Pro. No. 10-03595 [Dkt. No. 21-1]; Proposed Third Amended Complaint, Adv. Pro. No. 10-03786 [Dkt. No. 23-1].

expressly rely on New York's long-arm statute in an attempt to plead personal jurisdiction over

the defendants (including the FIFL Defendants):

> This Court has jurisdiction over the Beneficial Shareholders [defined to include
> the FIFL Defendants] pursuant to Rules 7004(d) and (f) of the Federal Rules of
> Bankruptcy Procedure and New York Civil Practice Law & Rules § 302
> (McKinney 2008) because the Beneficial Shareholders purposely availed
> themselves of the laws of the United States and the State of New York by, among
> other things, investing money with the Funds, knowing and intending that the
> Funds would invest substantially all of that money in New York-based BLMIS.

*See* Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3635 [Dkt. No. 139-1] ¶¶ 14, 19;

Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3636 [Dkt. No. 152-1] ¶¶ 14, 19.

By its very title, however, New York's long-arm statute provides certain bases for "[p]ersonal

jurisdiction by acts of *non-domiciliaries*." N.Y. C.P.L.R. § 302 (emphasis added). In addition,

the proposed amended complaints rely on subscription agreements in an effort to plead personal

jurisdiction. *See* Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3635 [Dkt. No. 139-

1] ¶¶ 14, 20-23; Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3636 [Dkt. No. 152-

1] ¶¶ 14, 20-23. If they could have pleaded general jurisdiction over the defendants, there would

have been no need to try to allege jurisdiction by written agreement. In any event, as set forth in

the Consolidated Motion to Dismiss Brief, all claims against the FIFL Defendants should be

dismissed because the Court lacks personal jurisdiction over these wholly foreign Defendants.

*See* Consolidated Motion to Dismiss Brief at 23-35.

 Although Plaintiffs do not assert general personal jurisdiction over the FIFL Defendants,

they could not sustain any such assertion because their gratuitous allegations – "on information

and belief," each FIFL Defendant was "organized" under New York law and has a "registered

address" in New York – are demonstrably false. A plaintiff may plead facts "'upon information

and belief' where the facts are peculiarly within the possession and control of the defendant."

3

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).  However, "pleading on

information and belief is not an appropriate form of pleading if the matter is within the personal

knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that

presumption."  *Sanders v. Grenadier Realty, Inc.*, 367 F. App'x 173, 175 n.2 (2d Cir. 2010).

Thus, "matters of public record ... should not be alleged on information and belief."  *Id.* (citing 5

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1224, at 300-01 (3d

ed. 2004)).  On the contrary, on a motion to dismiss, "the Court may take judicial notice of

public records for the purposes of evaluating personal jurisdiction." *Taormina v. Thrifty Car

Rental*, No. 16-cv-3255 (VEC), 2016 WL 7392214, at \*5 n.6 (S.D.N.Y. Dec. 21, 2016) (taking

judicial notice of defendant's SEC filings and business registration in New York); *see also* Fed.

R. Evid. 201 (permitting court to take judicial notice of fact that "(1) is generally known within

the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned").  Here, as set forth below, four

categories of documents in the public record establish that none of the FIFL defendants is

organized under New York law or has a registered office in New York. [3]

　　　*First*, certain filings by Irving H. Picard as the trustee for Bernard L. Madoff Investment

Securities LLC (the "BLMIS Trustee"), which preceded Plaintiffs' filing of their proposed

amended complaints, attest to the foreign nature of the FIFL Defendants.  In *Picard v. Fairfield

Investment Fund Ltd.*, Adv. Pro. No. 09-01239 (Bankr. S.D.N.Y.), the BLMIS Trustee's

Amended Complaint, dated July 20, 2010 [Dkt. No. 23] ("BLMIS Complaint"), correctly

identifies each of the FIFL Defendants as a foreign entity:

---

[3] Because the Supplemental Case Management Order, dated October 18, 2016 [Dkt. No. 918], ¶ I.B, expressly
permits submission of an Individual Supplemental Brief only, the FIFL Defendants have not filed a declaration
attaching certificates of incorporation, etc. showing that they are foreign entities.  Nonetheless, the FIFL Defendants
reserve their right to do so and, of course, will make such filings to the extent the Court requests them.

- FIFL was "created as a British Virgin Islands International Business Company on July 27, 2000, and began operations on July 1, 2004. Its registered office is c/o Codan Trust Company (B.V.I.) Ltd., Romasco Place, Wickhams Cay 1, P.O. Box 3140, Road Town, Tortola, B.V.I." BLMIS Compl. ¶ 79;

- "Defendant FIT is a multi-series unit trust established under the Trusts Law of the Cayman Islands on December 12, 2001. . . . [T]he trust's registered office is located at Corporate Center, Windward One, West Bay Road, P.O. Box 31106 SMB, Grand Cayman, Cayman Islands, B.W.I. FIT has established at least two series trusts: Fairfield GCI (USD) Fund and Fairfield GCI (JPY) Fund (the 'FIT Funds')." BLMIS Compl. ¶¶ 98-99;

- "FIFA was incorporated as an international business company under the laws of the British Virgin islands. Its registered office is located at Romasco Place, Wickhams Cay 1, P.O. Box 3140, Road Town, Tortola, B.V.I." BLMIS Compl. ¶ 103.

In the substantively consolidated BLMIS case entitled *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, Case No. 08-01789 (SMB), the Court filed on December 10, 2014, the Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery [Dkt. No. 8800] and Exhibit A thereto [Dkt. No. 8800-1] (the "Extraterritoriality Scheduling Order"). In that Order, the BLMIS Trustee stipulated, and the Court so ordered, an agreement that FIFL was organized under BVI law:

- "Attached as Exhibit A is a schedule agreed to by counsel for the Trustee and counsel for certain of the alleged subsequent transferees listed therein which lists certain defendants . . . ." Extraterritoriality Scheduling Order ¶ K.

- "For each alleged transferor and transferee, Exhibits A and B list as the party's 'Location' the jurisdiction under whose laws the transferors and transferees that are not natural persons are organized . . . ." *Id.* ¶ M.

- "Fairfield Investment Fund Ltd. (BVI)" *Id.* Exhibit A at 4 (row 3b).

*Second*, the publicly available government records of various New York state and federal agencies attest to the fact that the FIFL Defendants are not New York entities. A search of New York State's Department of State database of all New York registered entities does not reveal

any of the FIFL Defendants as being either active or inactive New York registered entities. *See*

New York Department of State, Division of Corporations Corporate and Business Entity

Database, https://www.dos.ny.gov/corps/bus_entity_search.html.  In other words, the FIFL

Defendants are not currently, nor have they ever been, registered to do business in the State of

New York according to the State of New York. *See Maller v. Rite Aid Corp.*, No. 14-cv-0270

(GTS), 2016 WL 1275628, at \*3 (N.D.N.Y. Mar. 31, 2016) (taking judicial notice of defendant's

status as a business incorporated in New York based on documents filed with the Department of

State); *Haru Holding Corp. v. Haru Hana Sushi, Inc.*, No. 13-cv-7705 (RWS), 2016 WL

1070849, at \*2 (S.D.N.Y. Mar. 15, 2016) (taking judicial notice that defendant was inactive in

New York based on documents filed with the Department of State); *Boyce v. Cycle Spectrum,

Inc.*, 148 F. Supp. 3d 256, 268 (E.D.N.Y. 2015) ("The court takes judicial notice of the records

of the New York Secretary of State. A search of the records of the Secretary of State's Division

of Corporations reveals no records for [Defendant] as either a domestic company or a foreign

company authorized to do business in New York.  [Defendant] is not subject to general

jurisdiction in New York.").

In addition, a search of records of federal agencies also demonstrates that FIFL and FIFA

are foreign entities.  For example, the SEC's EDGAR database shows the filings of both FIFL

and FIFA pursuant to Regulation D of the Securities Act, indicating that both entities are foreign

corporations with their executive offices in the BVI.  *See* EDGAR Company Filings,

https://www.sec.gov/cgi-bin/browse-edgar?CIK=0000797404&action=getcompany; EDGAR

Company Filings, https://www.sec.gov/cgi-bin/browse-

edgar?company=FIF+Advanced&owner=exclude&action=getcompany.  Likewise, the IRS's

FATCA Foreign Financial Institution List shows FIFL as a BVI entity. *See* FATCA Foreign

6

Financial Institution List (FFI) Search and Download Tool,

https://apps.irs.gov/app/fatcaFfiList/flu.jsf.

*Third*, the Subscription Agreement of Sentry – which the proposed amended complaints

extensively quotes – limits investment in the fund to non-United States persons:

- "SUBSCRIPTION AGREEMENT (NON-UNITED STATES OF AMERICA SUBSCRIBERS ONLY) FAIRFIELD SENTRY LIMITED," Moloney Declaration Ex. A, p.1;

- Subscriber represents that "Subscriber is not a 'U.S. Person' under Regulation S of the U.S. Securities and Exchange Commission …," *id.* ¶ 5(a); and

- Subscriber represents that "Subscriber is not a 'U.S. Person' under Regulation 4.7 of the U.S. Commodity Futures Trading Commission …," *id.* ¶ 5(b).

*See Concord Assocs., L. P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016) (even on

motion to dismiss under Rule 12(b)(6), court may consider documents "incorporated in the

complaint by reference"); *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 264 (S.D.N.Y. 2013) (same).

If, as Plaintiffs incorrectly allege, the FIFL Defendants were United States entities, Sentry would

have issued them shares in violation of its own Subscription Agreement.

*Fourth*, Plaintiffs represent that they served each of the FIFL Defendants by

"International Registered Mail" at the following three foreign locations:

(1) c/o Citco Data Processing Services Ltd., 2600 Cork Airport Business Park, Kinsale Road, Cork, Ireland;

(2) c/o Citco Bank Nederland NV, Telestone 8 – Teleport, Narritaweg 165, 1043BW Amsterdam, The Netherlands; and/or

(3) c/o Advanced Strategies Ltd, 45 Beech Street, London, England, EC2Y 8AD.

Affidavits of Service in *Fairfield Sentry Ltd. (In Liquidation) v. Union Bancaire Privee, UBP

SA*, Adv. Pro. No. 10-03635 [Dkt. Nos. 54, 79]; Affidavits of Service in *Fairfield Sentry Ltd. (In

Liquidation) v. Union Bancaire Privee, UBP SA*, Adv. Pro. No. 10-03636 [Dkt. Nos. 54, 78].

7

Surely if the FIFL Defendants were organized under New York law and maintained a "registered address" in New York, then such far-flung putative service would have been unnecessary.

## II.    Plaintiffs Have Not Properly Served the FIFL Defendants

Service of process upon the FIFL Defendants was improper in Adv. Pro. Nos. 10-3635 and 10-3636.[4]  As set forth in the prior paragraph, Plaintiffs represent that they served the FIFL Defendants in these two matters by "International Registered Mail."  For the reasons set forth in the Consolidated Motion to Dismiss Papers, however, such privately-dispatched postal service is not permitted under Federal Rule of Civil Procedure 4.  Consolidated Motion to Dismiss Brief at 74-75.

## CONCLUSION

For the reasons set forth above and in the Consolidated Motion to Dismiss Papers, this Court should deny Plaintiffs' Motion for Leave to Amend and dismiss the complaints as against FIFL, Fairfield GCI and FIFA in Adv. Pro. Nos. 10-3595, 10-3635, 10-3636 and 10-3786 with prejudice.

**[SIGNATURE PAGE FOLLOWS]**

---

[4] FIFA, the sole FIFL Defendant named in Adv. Pro. Nos. 10-3595 and 10-3786, relies on its previous arguments (as a Swiss Moving Defendant) that service of process in these two matters was improper.  *See* Consolidated Motion to Dismiss Brief at 70-73.

Date:   New York, New York
          January 27, 2017

                                        WOLLMUTH MAHER & DEUTSCH LLP

                                        By:    */s/ Frederick R. Kessler*
                                                  Frederick R. Kessler
                                                  Fletcher W. Strong

                                        500 Fifth Avenue
                                        New York, New York 10110
                                        Tel:     (212) 382-3300
                                        Fax:     (212) 382-0050

                                        *Attorneys for Defendants Fairfield Investment Fund*
                                        *Limited, Fairfield Investment GCI, and FIF*
                                        *Advanced Limited*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Individual

Supplemental Brief of Defendants Fairfield Investment Fund Limited, Fairfield Investment GCI,

and FIF Advanced Limited in Opposition to Plaintiffs' Motion for Leave to Amend and in

Support of Defendants' Motion to Dismiss was filed electronically this 27th day of January,

2017.  Notice of this filing will be sent electronically to all parties and attorneys who have

entered an appearance and receive notices in this case through the Court's CM/ECF.  Parties may

access this filing through the Court's electronic filing system.


/s/ Frederick R. Kessler
Frederick R. Kessler