BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP
299 Park Avenue, 16th Floor
New York, New York 10171
Telephone: 212-888-3033
Facsimile: 212-888-0255
Zeb Landsman
zlandsman@beckerglynn.com

*Attorneys for The Sumitomo Trust & Banking Co,. Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, *et al.*,<br><br>　　　　　　Debtors in Foreign Proceedings | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>　(Jointly Administered) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), *et al*.,<br><br>　　　　　　　Plaintiffs,<br>-against-<br><br>THEODOOR GGC AMSTERDAM, *et al.,*<br><br>　　　　　　　Defendants. | Adv. Pro. No. 10-03496<br><br>Administratively<br>Consolidated |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), *et al*.,<br><br>　　　　　　　Plaintiffs,<br>-against-<br><br>THE SUMITOMO TRUST & BANKING CO., LTD[1],<br><br>　　　　　　　Defendants. | Ad. Pro. No. 10-03863 |

**INDIVIDUAL SUPPLEMENTAL BRIEF**
**(CONCERNING PREEMPTION AND SERVICE)**

---

[1] The Sumitomo Trust & Banking Co., Ltd. has changed its name to Sumitomo Mitsui Trust Bank, Limited.

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ........................................................................................................... i

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**INTRODUCTION** ...................................................................................................................... 1

**ARGUMENT** .............................................................................................................................. 1

      **I.**      **THE LIQUIDATORS' CLAIMS, TO THE EXTENT THEY RAISE STATE LAW CAUSES OF ACTION, ARE PREEMPTED** .......................................................................... 1

      **II.**     **SERVICE UPON SUMITOMO WAS IMPROPER** ....................................... 3

**CONCLUSION** ........................................................................................................................... 3

# TABLE OF AUTHORITIES

## Cases

*Contemporary Indus. Corp. v. Frost,*
  564 F.3d 981 (8th Cir. 2009) ................................................................................................. 1

*Fogerty v. Petroquest Resources, Inc. (In re Condor Ins. Ltd.),*
  601 F.3d 319 (5th Cir. 2010) ................................................................................................. 2

*In re Atlas Shipping A/S,*
  404 B.R. 726 (Bankr. S.D.N.Y. 2009)................................................................................... 2

*Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Group (In re Hechinger Inv. Co.),*
  274 B.R. 71 (D. Del. 2002)..................................................................................................... 2

## Statutes

11 U.S.C. § 1521(a)(7)............................................................................................................1,2

11 U.S.C. § 546(e) ................................................................................................................... 1

## INTRODUCTION

This is the Individual Supplemental Brief of the defendant Sumitomo Trust & Banking Co., Ltd. ("Sumitomo").  It is filed pursuant to the Supplemental Case Management Order of October 18, 2016.  (Adv. Pro. No. 10-03496; ECF No. 918).  Sumitomo joins the arguments raised in the Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss, filed on January 13, 2017 (Adv. Pro. No. 10-03496; ECF No. 960) (the "Consolidated Brief").[2]

We write separately with two points:  (1) the Common Law Claims and Contract Claims (that is, the non-insolvency claims) raised by the Liquidators, to the extent they rely on the law of New York or any other U.S. state, are preempted by 11 U.S.C. § 1521(a)(7), which precludes foreign representatives, such as the Liquidators, from using state law avoidance remedies in Chapter 15 proceedings, and (2) the service of process argument raised in the Consolidated Brief (Adv. Pro. No. 10-03496; ECF No. 960) applies to Sumitomo because the Liquidators attempted service of process by mail.

## ARGUMENT

### I.     THE LIQUIDATORS' CLAIMS, TO THE EXTENT THEY RAISE STATE LAW CAUSES OF ACTION, ARE PREEMPTED

The Consolidated Brief correctly contends that federal law preempts and blocks common law and other non-bankruptcy law claims that seek the same relief as the avoidance claims expressly barred by Section 546(e) of the Bankruptcy Code.  *See Contemporary Indus. Corp. v. Frost*, 564 F.3d 981, 988 (8th Cir. 2009) (common law claims barred because they sought "to recover the same payments" that were unavoidable pursuant to 11 U.S.C. 546(e);

---

[2] All capitalized terms not defined in this memorandum have the same meaning as in the Consolidated Brief.

1

*Official Comm. of Unsecured Creditors v. Fleet Retail Fin. Group (In re Hechinger Inv. Co.)*, 274 B.R. 71, 96-97 (D. Del. 2002) (barring common law claim because it "effectively acts" as a prohibited avoidance claim).

This same principle also precludes the Liquidators from pursuing under the laws of a U.S. state any common law or other non-bankruptcy law claims that mimic the avoidance actions barred by another section of the Bankruptcy Code—namely, Section 1521(a)(7), which precludes foreign representatives from seeking domestic avoidance remedies generally. Although it appears that the Liquidators' Common Law Claims and Contract Laws are governed by the laws of the BVI, in the event that the Liquidators' occasional references to the laws of New York[3] are meant to preserve the position that they may rely on New York law to avoid redemption payments to Defendants, that position is foreclosed by Chapter 15 of the Bankruptcy Code.

Section 1521(a)(7) empowers courts to grant relief to foreign representatives, such as the Liquidators, that may be available to a trustee, "***except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)***." (emphasis added). Section 1521(a)(7), thus, denies to foreign representatives the avoidance powers available under those provisions. *See In re Atlas Shipping A/S*, 404 B.R. 726, 742-43 (Bankr. S.D.N.Y. 2009) (Section 1521(a)(7) carves out avoidance powers under §§ 544, 547 and 548, which are only available to the trustee in a full case under another chapter); *Fogerty v. Petroquest Resources, Inc. (In re Condor Ins. Ltd.)*, 601 F.3d 319, 327 (5th Cir. 2010) (Congress designed § 1521 to limit the powers of foreign representatives operating in Chapter 15 by assuring that they "do not gain access to avoidance powers not provided by the law of the foreign proceeding").

---

[3] *See, e.g.,* William Hare Decl. in Support of Mot. for Leave to Amend ¶ 16 (Oct. 21, 2016) (Adv. Pro. No. 10-03496; ECF No. 925).

Here, as well described in the Consolidated Brief, the Common Law and Contract Claims seek the exact type of avoidance remedies denied foreign representatives.  (Consolidated Brief at 38).  The unequivocal bankruptcy nature of these claims confirms that the Liquidators seek to raise prohibited domestic avoidance actions, notwithstanding the common law labels they have applied.  The Common Law and Contract Claims are consequently preempted, to the extent they rely on New York law or the law of another U.S. state.

## II.        SERVICE UPON SUMITOMO WAS IMPROPER

The Consolidated Brief contends that service by international mail was improper, even where the defendant's home jurisdiction has not objected to postal service.  We write separately to direct the Court's attention to Adv. Pro. No. 10-03863; ECF No. 9, where the Liquidators admit that Sumitomo was served by international mail.  Accordingly, the arguments raised in the Consolidated Brief apply to Sumitomo.

## CONCLUSION

For the reasons stated, the Court should dismiss the action and deny the request of the Liquidators to amend the complaint.

Dated:  New York, New York          BECKER, GLYNN, MELAMED & MUFFLY LLP
        January 26, 2017             Attorneys for Sumitomo Trust & Banking Co., Ltd.

                                     By:  /s/ Zeb Landsman
                                         Zeb Landsman
                                         Alec P. Ostrow
                                         Jordan E. Stern
                                          299 Park Avenue
                                          New York, New York  10171
                                          Telephone:  (212) 888-3033

3