**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, *et al.*,<br><br>      *Debtors in Foreign Proceedings*. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>(Jointly Administered) |
| FAIRFIELD SENTRY LTD., *et al.* (IN LIQUIDATION), acting by and through the Foreign Representatives thereof,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>THEODOOR GGC AMSTERDAM, *et al.*,<br><br>      *Defendants*. | Adv. Pro. No. 10-03496 (SMB)<br><br>(Administratively Consolidated) |
| FAIRFIELD SENTRY LTD. (In Liquidation), *et al.*,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>ABN AMRO SCHWEIZ AG, *et al.*,<br><br>      *Defendants*. | Adv. Pro. No. 10-03635 (SMB) |
| FAIRFIELD SENTRY LTD. (In Liquidation), *et al.*,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>ABN AMRO SCHWEIZ AG, *et al.*,<br><br>      *Defendants*. | Adv. Pro. No. 10-03636 (SMB) |

# TABLE OF CONTENTS

ARGUMENT ................................................................................................................................. 1

    I.   ALLIANZ BANK JOINS THE CONSOLIDATED BRIEF AND RELATED MOTION, BUT RESERVES ALL RIGHTS CONCERNING THE LIQUIDATORS' SUIT OF A NON-EXISTENT DEFENDANT ..................................................................................... 1

    II.  ALLIANZ BANK RESERVES ALL RIGHTS TO CHALLENGE THE PURPORTED MAIL SERVICE UNDER THE HAGUE CONVENTION .............................................. 2

    III. THE PURPORTED MAIL SERVICE VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 4 ................................................................................................................. 3

CONCLUSION .............................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases**

*Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986) .................................................................. 2, 3

*Bankston v. Toyota Motor Corp.,* 889 F.2d 172 (8th Cir. 1989) ..................................................... 2

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ............................................................... passim

*Heredia v. Transp. S.A.S., Inc.*, 101 F.Supp.2d 158 (S.D.N.Y. 2000) ........................................... 4

*Lobo v. Celeb. Cruises, Inc.*, 667 F. Supp. 2d 1324 (S.D. Fla. 2009) ............................................ 4

*Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002) .................................... 2

*The Knit With v. Knitting Fever, Inc*., 2010 WL 2788203 (E.D. Penn. Jul. 13, 2010) ........... 3, 4, 5

**Rules**

Fed. R. Civ. P. 4 .................................................................................................................... 3, 4, 5

**Statutes & Conventions**

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
Commercial Matters, Nov. 15, 1965 ............................................................................................ 4

**Other Authorities**

*Italy Judicial Assistance (Service)*, https://travel.state.gov/content/travel/en/legal-
considerations/judicial/country/italy.html ..................................................................................... 4

**JOINDER & INDIVIDUAL SUPPLEMENTAL MEMORANDUM OF LAW BY ALLIANZ BANK FINANCIAL ADVISORS SpA IN SUPPORT OF DEFENDANTS' CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION TO DISMISS**

Subject to and without waiving any jurisdictional, service-related or other defenses, Allianz Bank Financial Advisors SpA ("Allianz Bank") hereby joins in Defendants' Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Notice of Motion to Dismiss [Adv. Pro. No. 10-3635, ECF No. 171; Adv. Pro. No. 10-3636, ECF No. 190] ("Consolidated Brief"), and related motion to dismiss [Adv. Pro. No. 10-3635, ECF No. 170; Adv. Pro. No. 10-3636, ECF No. 189]. Allianz Bank submits this individual memorandum to address and preserve the three issues discussed below.

## ARGUMENT

**I.    ALLIANZ BANK JOINS THE CONSOLIDATED BRIEF AND RELATED MOTION, BUT RESERVES ALL RIGHTS CONCERNING THE LIQUIDATORS' SUIT OF A NON-EXISTENT DEFENDANT**

The Liquidators have not actually named Allianz Bank as a defendant. They have named the nonexistent entity of "Allianzbank SPA/Unifortune Conservative Side Pocket" (the "Non-Existent Defendant"). To that end, the Liquidators purport to allege that the Citco Defendant may have subscribed for shares on behalf of the Non-Existent Defendant. *See* Prop. Am. Compl., Adv. Pro. No. 10-3635, ECF No. 139-1, at ¶ 33, 149; Prop. Am. Compl., Adv. Pro. No. 10-3636, ECF No. 152-1, at ¶ 34, 157. They also purport to allege that they served the Non-Existent Defendant abroad via U.S. Postal Service, by mailing certain documents to the Non-Existent Defendant "c/o AllianzBank S.p.A." at two different addresses in Italy, as well as to Citco Global Custody N.V. in Ireland and The Netherlands. *See, e.g.,* Aff. of Service at 5, 6, Adv. Pro. No. 10-3635, ECF No. 54; Aff. of Service at 5, 6, Adv. Pro. No. 10-3636, ECF No. 54.

1

The proposed amended complaints do not cure these defects. Accordingly, Allianz Bank preserves all arguments and/or defenses relating to the Liquidators' failure to properly: (i) name and/or identify Allianz Bank as a defendant; (ii) identify and/or describe Allianz Bank or its purported role in alleged events; and (iii) serve Allianz Bank.

Assuming (without conceding) that the Liquidators' references to the Non-Existent Defendant are intended to refer to Allianz Bank, the arguments in the Consolidated Brief and its supporting materials apply to Allianz Bank. Out of an abundance of caution, then, Allianz Bank joins the Consolidated Brief and motion to dismiss. It adopts and incorporates by reference all arguments and authorities set forth in the Consolidated Brief and supporting declarations and other materials, as if fully re-stated here.

## II. ALLIANZ BANK RESERVES ALL RIGHTS TO CHALLENGE THE PURPORTED MAIL SERVICE UNDER THE HAGUE CONVENTION

Italy is a signatory of the Hague Convention. For the avoidance of doubt, Allianz Bank is therefore one of the non-Swiss defendants to which the discussion on pages 74 and 75 of the Consolidated Brief applies.

Although Italy has not objected to Article 10(a), there remains a split of authority regarding whether "send[ing]" judicial documents is the same thing as "serv[ing]" them. *Compare, e.g., Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 383-84 (5th Cir. 2002), *and Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 173–74 (8th Cir. 1989), *with, e.g., Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004), *and Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986). The Second Circuit believes that it is. *See Ackermann,* 788 F.2d at 839. Allianz Bank respectfully submits that the better view is to the contrary. *See, e.g., Nuovo Pignone,* 310 F.3d at 383-84 (applying traditional canons of statutory construction to hold that Article 10(a) does not permit service by Fed Ex of Italian citizen in Italy). It therefore reserves

2

the right to challenge the Liquidators' purported mail service under Article 10(a), if subsequent developments so merit. *See* Consol. Br. at 74-75 (noting grant of cert in *Menon v. Water Splash, Inc.*).

### III. THE PURPORTED MAIL SERVICE VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 4

Regardless of whether Article 10(a) of the Hague Convention forecloses mail service of an Italian defendant, it is far from clear that the Liquidators may "serve" as they did here – *i.e.*, by dropping a single English-language copy of the documents in the U.S. mail, addressed to a nonexistent entity in Italy, without using a court officer. *See, e.g.,* Aff. of Service at 6, Adv. Pro. No. 10-3635, ECF No. 54; Aff. of Service at 6, Adv. Pro. No. 10-3636, ECF No. 54. To be sure, well-reasoned authority requires that the service abroad of a foreign defendant satisfy Federal Rule of Civil Procedure 4. *See, e.g., Brockmeyer*, 383 F.3d at 804 ("[W]e must look outside the Hague Convention for affirmative authorization of the international mail service that is merely not forbidden by Article 10(a)"; Rule 4 governs for U.S. cases); *The Knit With v. Knitting Fever, Inc.*, 2010 WL 2788203, at *11 (E.D. Penn. Jul. 13, 2010) (following same).[1] The Liquidators do not allege that they did that here. For example:

(i) The Liquidators purport to have served the Non-Existent Defendant directly; not through "the clerk." *See* Fed. R. Civ. P. 4(f)(2)(C)(ii) (permitting use of "any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt");

(ii) The Liquidators do not allege that they satisfied Italian service requirements for "service ***in that country*** in an action ***in its courts*** of general jurisdiction." *See* Fed. R. Civ. P.

---

[1] *Ackermann*, 788 F.2d at 840, does not counsel otherwise. There, the Second Circuit appears to have ***assumed*** that Article 10(a) affirmatively authorizes international mail service, and then to have concluded (technically in dictum) that "the Convention 'supplements'—and is manifestly not limited by—Rule 4.'" *See* 788 F.2d at 840.

3

4(f)(2)(A) (emphasis added).  "[T]he common understanding of Rule 4(f)(2)(A) is that it is limited to personal service." *See, e.g., Brockmeyer*, 383 F.3d at 806.  But, in any event, "[u]nder Italian law, service within Italy for an action in an Italian court . . . must be done by a proper judicial officer." *The Knit With,* 2010 WL 2788203, at *10; *see also id.* at *9; Italy Judicial Assistance (Service), available at https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/italy.html (last visited Jan. 26, 2017) ("[O]nly judicial officers working for the Italian courts may serve documents in Italy").  As noted above, the Liquidators do not contend that a proper judicial officer mailed the documents;

    (iii) The Liquidators did not comply with the requirements for any service method that the Hague Convention *does* affirmatively authorize – such as service by request through the Italian Central Authority, with duplicate and Italian-language copies.  *See* Fed. R. Civ. P. 4(f)(1) (permitting service abroad "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention"); Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, Arts. 3, 5 (affirmatively authorizing service through Central Authority, with duplicate copies and translations); *Brockmeyer,* 383 F.3d at 804 ("Rule 4(f)(1), by incorporating the Convention . . . affirmatively authorizes use of a Central Authority"); *see also Lobo v. Celeb. Cruises, Inc.*, 667 F.Supp.2d 1324, 1339 (S.D. Fla. 2009) (concluding that even if Article 10(a) permits mail service to Italian litigant, lack of Italian-language translations violates Hague Convention);[2] and

---

[2] *But see Heredia v. Transp. S.A.S., Inc.*, 101 F.Supp.2d 158 (S.D.N.Y. 2000) (interpreting translation requirements to apply only when serving through Central Authority under Article 5).

4

(iv) There is no indication that the Liquidators obtained prior court approval for service "by [any] other means not prohibited by international agreement." *See* Fed. R. Civ. P. 4(f)(3); *Brockmeyer*, 383 F.3d at 806; *The Knit With,* 2010 WL 2788203, at *9.

At bottom, the Liquidators ignored Rule 4. The Court should therefore dismiss the complaints.[3]

## CONCLUSION

For these reasons and the ones explained in the Consolidated Brief and its supporting declarations and exhibits, Allianz Bank respectfully requests that the Court deny the motion for leave to amend and grant the motion to dismiss.

Dated: January 27, 2017

Respectfully submitted,

s/Kimberly Perrotta Cole
Jonathan D. Cogan
Kimberly Perrotta Cole
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Tel: +1 202 664 1900
Fax: +1 202 664 1920
jonathan.cogan@kobrekim.com
kimberly.cole@kobrekim.com

*Counsel for Allianz Bank Financial Advisors, S.p.A.*

---

[3] The Citco Subscribers' alleged consent to mail service does not make proper the purported mail service of Allianz Bank; nor does it confer personal jurisdiction over Allianz Bank. *See, e.g.,* Consol. Br. at 72; *id.* at 24-28. The Liquidators do not allege that Allianz Bank signed any subscription agreement, *see* Consol. Br. at 24 n.18 & Appx. B-1, and do not sufficiently allege general jurisdiction or minimum contacts, *see id.* at 23-24, 28-35.