UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>    Debtors in Foreign Proceedings. | ) Chapter 15 Case<br>)<br>) Case No: 10-13164 (SMB)<br>)<br>) Jointly Administered<br>) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>    Plaintiffs,<br><br>-against-<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>    Defendants. | )<br>)<br>) Adv. Pro. No. 10-03496<br>)<br>)<br>) Administratively<br>) Consolidated<br>) Under This Matter<br>) |
| THIS DOCUMENT APPLIES TO:<br><br>ALL ADVERSARY PROCEEDINGS LISTED IN EXHIBIT A | ) Adv. Pro. Nos. Listed on<br>) Exhibit A Attached<br>) Hereto<br>) |

### DECLARATION OF PHILLIP KITE
### IN SUPPORT OF CERTAIN DEFENDANTS' SUPPLEMENTAL
### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR
### LEAVE TO AMEND AND IN SUPPORT OF DEFENDANTS' MOTION TO
### DISMISS ON GROUNDS OF *FORUM NON CONVENIENS*

I, PHILLIP KITE, do hereby declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief:

1. I am a partner and the Global Head of Litigation in the law firm Harney Westwood & Riegels ("Harneys"), which by number is the oldest and largest law firm practising British Virgin Islands ("BVI") law.

2.     For more information about my background and qualifications, please refer to the declaration I submitted in support of the Defendants' Motion to Dismiss, dated January 12, 2017 (Decl. of Phillip Kite in Opp. to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Mot. to Dismiss, [ECF No. 963]).

3.     On December 7, 2011, Harneys filed applications in the BVI Commercial Court, in the insolvency proceedings of each of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited and Fairfield Lambda Limited (collectively, the "Funds"), on behalf of five members or former members of the Funds, some or all of whose shares in the Funds had been redeemed before December 2008 (the "Harneys Applicants"), seeking against the Liquidators of the Funds, and against the Funds themselves, orders under Section 273 of the BVI Insolvency Act or alternatively an anti-suit injunction. These applications were served on Forbes Hare, counsel for the Liquidators on December 9, 2011.

4.     O'Neal Webster, another firm of BVI lawyers, issued applications in substantially the same form (together with the applications issued by Harneys, the "273 Applications") on behalf of nine further members or former members of the Funds (the "O'Neal Webster Applicants") on January 17, 2012, and served those applications on Forbes Hare on the same date.

5.     All of the Harneys Applicants and O'Neal Webster Applicants are defendants in Adversary Proceedings brought by the Liquidators and the Funds in this Court (the "Adversary Proceedings") for the recovery of redemption payments made by the Funds under various common law theories and/or under section 249 of the BVI Insolvency Act. All of the Harneys Applicants and three of the O'Neal Webster Applicants were also defendants to actions previously brought by Sentry in the BVI Commercial Court for the recovery of redemption

payments on grounds of unjust enrichment or mutual mistake. Those actions were dismissed by Bannister J on October 11, 2011 following his determination of certain preliminary issues on September 16, 2011 and a subsequent application for summary judgment against Sentry.

6.  The 273 Applications sought orders from the BVI Commercial Court that would: (1) reverse or modify the Liquidators' decisions to file and pursue, and to cause the Funds to file and pursue the Adversary Proceedings and direct the Liquidators to withdraw or discontinue the Adversary Proceedings; (2) discharge or vary previous orders authorizing the Liquidators to file the Adversary Proceedings in the United States; and (3) in the alternative, issue injunctions restraining the Liquidators from taking any further steps against the Harneys Applicants and the O'Neal Webster Applicants, except those necessary to withdraw or discontinue the Adversary Proceedings or claims against them.

7.  The hearing of the 273 Applications was adjourned for a long period pending the determination of appeals to the Eastern Caribbean Court of Appeal and Privy Council against the orders of September 16, 2011 (determining the preliminary issues) and October 11, 2011 (dismissing certain actions). Sentry's appeals were finally dismissed by Order in Council dated 8 October 2014.

8.  Between March 23 and 26, 2015, the 273 Applications were heard in the BVI Commercial Court by Leon J. A true and correct excerpt of the transcript, which is a formal record of the hearing, for the March 23, 2015 proceedings before that Court is attached hereto as Exhibit A. On March 11, 2016, Leon J gave judgment dismissing the 273 Applications.

That judgment is currently under appeal to the Eastern Caribbean Court of Appeal. The hearing of the appeal took place on January 23, 24 and 25, 2017.

Executed on the 25th day of January 2017

Tortola, British Virgin Islands

_____
Phillip Kite