Hearing Date and Time:  TBD
Objection Date:  March 27, 2017

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
In re:                                                            :
                                                                  :
FAIRFIELD SENTRY LIMITED, *et al.*,                               :    Chapter 15 Case
                                                                  :
         Debtors in Foreign Proceedings.                          :    Case No. 10-13164 (SMB)
                                                                  :
                                                                  :    Jointly Administered
------------------------------------------------------------------X
FAIRFIELD SENTRY LTD. (IN LIQUIDATION),                           :
et al.,                                                           :
                                                                  :
                                                                  :    Adv. Proc. No. 10-03496 (SMB)
         Plaintiffs,                                              :
                                                                  :    Administratively Consolidated
-against-                                                         :    Under This Matter
                                                                  :
THEODOOR GGC AMSTERDAM, *et al.*,                                 :
                                                                  :
         Defendants.                                              :
                                                                  :
------------------------------------------------------------------X
THIS DOCUMENT APPLIES TO:                                         :
                                                                  :    Adv. Pro. Nos. Listed In
ALL ADVERSARY PROCEEDINGS LISTED IN                               :    Appendix A
APPENDIX A                                                        :
                                                                  :
------------------------------------------------------------------X

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS BASED ON THE DOCTRINE OF *RES JUDICATA***

Alan Kolod
Mark N. Parry
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800
akolod@mosessinger.com
mparry@mosessinger.com

*Attorneys for Defendants Deutsche Bank (Suisse) SA
and Deutsche Bank Trust Company Americas*

*Additional Counsel Listed in Appendix B*

3558247

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................................... 2

ARGUMENT .................................................................................................................................... 3

I.  The Doctrine Of *Res Judicata* Bars The Liquidators' And the Funds' Actions
    Against The PI Defendants In Their Entirety ...................................................................... 3

    A.  The Common Law Claims In These Cases Are Barred As "Additional
        Instances" of Claims Dismissed On The Merits In The BVI Actions ................... 5

    B.  The BVI Insolvency Act Claims And Contractual Claims Arise From The
        Same Transactions As The Common Law Claims And Are Barred By The
        Doctrine Of *Res Judicata* ....................................................................................... 6

CONCLUSION ................................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alfadda v. Fenn*,
  966 F. Supp. 1317 (S.D.N.Y. 1997)................................................................................4

*Berlitz Sch. of Languages of Am., Inc. v. Everest House*,
  619 F.2d 211 (2d Cir. 1980)............................................................................................7

*Chase Manhattan Bank v. Celotex Corp.*,
  56 F.3d 343 (2d Cir.1995)...............................................................................................4

*Computer Associates International, Inc. v. Altai, Inc.*,
  126 F.3d 365 (2d Cir. 1997)............................................................................................5

*Evangelical All. Mission/Nihon Domei Kirisuto Kyrodan v. Lockman Found.*,
  No. 95 Civ. 7214, 1995 WL 688958 (S.D.N.Y. Nov. 21, 1995) ....................................7

*Funches v. Barra*,
  No. 14 Civ. 7382, 2016 WL 2939165 (S.D.N.Y. May 17, 2016)...................................7

*Index Fund, Inc v. Hagopian*,
  677 F. Supp. 710 (S.D.N.Y. 1987) .................................................................................6

*Interoceanica Corp. v. Sound Pilots, Inc.*,
  107 F.3d 86 (2d Cir. 1997)..............................................................................................7

*Kamdem-Ouaffo v. Pepsico, Inc.*,
  160 F. Supp. 3d 553, 564 (S.D.N.Y. 2016), *aff'd sub nom. Kamdem–Ouaffo v. PepsiCo Inc.*, No. 2016-1668, 2016 WL 4151245 (Fed. Cir. Aug. 5, 2016)..............................8

*Monahan v. New York City Dept. of Corr.*,
  214 F.3d 275 (2d Cir. 2000)............................................................................................4

*RA Glob. Servs., Inc. v. Avicenna Overseas Corp.*,
  843 F. Supp. 2d 386 (S.D.N.Y. 2012)............................................................................4

*Simmtech Co. v. Citibank, N.A.*,
  No. 13-CV-6768 (KBF), 2016 WL 4184296 (S.D.N.Y. Aug. 3, 2016) .......................4

*In Re Teltronics Servs., Inc.*,
  762 F.2d 185 (2d Cir. 1985)............................................................................................4

*Waldman v. Village of Kiryas Joel*,
  207 F.3d 105 (2d Cir. 2000)................................................................................5, 7, 8

*Woods v. Dunlop Tire Corp.*,
    972 F.2d 36 (2d Cir. 1992)........................................................................................................7

Pursuant to paragraph B of the *Supplemental Case Management Order of October 18, 2016* (ECF No. 918),[1] the defendants listed in Appendix A (the "PI Defendants"),[2] by their attorneys listed in Appendix B, respectfully submit this supplemental memorandum in support of their motion to dismiss the complaints against them based on the doctrine of *res judicata* (the "Supplemental Memorandum") and in further opposition to the motion for leave to amend filed by the Liquidators[3] of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield Lambda Limited ("Lambda," and, together with Sigma and Sentry, the "Funds").

## PRELIMINARY STATEMENT

Beginning in 2009, the Liquidators commenced the BVI Actions against the PI Defendants, seeking the return of funds received prior to December 2008 from the redemption of shares in the Funds. The present actions in the United States (the "US Proceedings") also seek the return of funds received by the PI Defendants, among many others, from the redemption of shares in the Funds prior to December 2008.

The PI Defendants, consisting of thirteen entities who are also defendants in the US Proceedings, applied to have the BVI Court try two potentially dispositive preliminary issues. The preliminary issues were both ultimately decided in favor of the PI Defendants. As a result, summary judgment was entered in their favor and all of the BVI Actions against the PI

---

[1] All citations in this memorandum that refer to the jointly administered docket Case No. 10-13164 (SMB), shall be referred to as (ECF No. __).

[2] A list of the PI Defendants, along with their respective BVI Action claim number and the US adversary proceeding number, is set forth on Appendix A.

[3] Capitalized terms not defined in this memorandum have the same meanings as in the Consolidated Memorandum of Law in Support of Defendants' Motion to Dismiss (the "Consolidated Brief"), filed on January 13, 2017 (ECF No. 960).

Defendants were dismissed by final judgment. The doctrine of *res judicata* compels the dismissal of the actions pending in the United States against all of the PI Defendants.

## FACTUAL BACKGROUND

The facts leading up to the Privy Council's decision on the Preliminary Issues are set forth in detail in the Consolidated Brief (Consolidated Brief, pp. 5-16, ECF No. 960), and, therefore, are only briefly summarized here.

On application of the PI Defendants, the BVI Court addressed two dispositive issues in the BVI Actions: (1) whether certain documents issued on behalf of Sentry constituted binding "certificates" of the NAV and redemption price pursuant to Article 11 of Sentry's Articles, precluding Sentry from recovering redemption payments made on the basis of those certificates; and (2) whether the defendants gave good consideration to Sentry in surrendering their shares for the redemption payments received, precluding Sentry from seeking the return of those payments. Declaration of Phillip Kite, dated January 12, 2017 ("Kite Declaration"), ¶ 9 (ECF No. 963). On September 16, 2011, the BVI Court issued its decision on these two issues, concluding (1) that the NAV calculations could be challenged because the documents relied upon by the PI Defendants were not "certificates" within the meaning of Article 11, and (2) that the PI Defendants gave good consideration and, consequently, Sentry was not entitled to recover the price that was paid to redeem their shares merely because Sentry had relied upon information that subsequently proved incorrect. On October 10, 2011, the BVI Court granted summary judgment to the PI Defendants dismissing Sentry's claims to recover the redemption payments at issue. (Kite Declaration, ¶ 13, ECF No. 963).

Sentry and the PI Defendants cross-appealed to the EC Court of Appeals, which affirmed

the summary judgment decision of the BVI Court.[4] Then, both Sentry and the PI Defendants cross-appealed to the Privy Council in London. Sentry sought permission to appeal from the EC Court of Appeals' decision on three bases: (1) the good consideration defense did not apply; (2) Sentry's claims were in any event not bound to fail because it had an alternative claim based upon mutual mistake; and (3) the summary judgment application should have been adjourned. On March 13, 2013, the Privy Council accepted Sentry's appeal of the first two issues, but refused to hear the procedural question as to whether the summary judgment application should have been adjourned. In Sentry's presentation of its case to the Privy Council, it abandoned the mutual mistake argument. Consequently, the only issues heard by the Privy Council were: (1) Sentry's appeal of the good consideration issue, and (2) the PI Defendants' appeal of the Article 11 issue. (Kite Declaration, ¶¶ 15-19, ECF No. 963).

On April 16, 2014, the Privy Council issued its decision, ruling in favor of the PI Defendants on both issues presented. (Hare Decl., Ex. Q, ECF No. 925). The Privy Council Decision was the final decision on the merits related to the Preliminary Issues. There was no remaining separate challenge to the grant of summary judgment in favor of the PI Defendants. (Kite Declaration, ¶ 19, ECF No. 963).

## ARGUMENT

### I. THE DOCTRINE OF *RES JUDICATA* BARS THE LIQUIDATORS' AND THE FUNDS' ACTIONS AGAINST THE PI DEFENDANTS IN THEIR ENTIRETY

Despite the decision of the Privy Council and the resulting final judgment of dismissal, the Liquidators and the Funds continue to pursue claims in the US Proceedings against the PI

---

[4] Following the BVI Court's grant of summary judgment in favor of the PI Defendants, Sentry appealed both: (i) the determination of the good consideration preliminary issue; and (ii) the grant of summary judgment. On June 13, 2012, the EC Court of Appeals dismissed both of Sentry's appeals. (Kite Declaration, ¶ 14, ECF No. 963).

Defendants involving the same issues, facts and circumstances determined adversely to them in the BVI.

The doctrine of *res judicata* controls where (1) the prior action involved an adjudication on the merits; (2) the prior action involved the same parties or their privies as the subsequent action; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. New York City Dept. of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).[5] *See Simmtech Co. v. Citibank*, 2016 WL 4184296, *8 (S.D.N.Y. 2016) (quoting *In Re Teltronics Servs., Inc.*, 762 F.2d 185, 193 (2d Cir. 1985) ("The bottom line is that plaintiff cannot slice and dice its theories into separate lawsuits. The doctrine of res judicata applies 'not only as to what was pleaded, but also as to what could have been pleaded.'").

All three elements for application of the doctrine of *res judicata* are satisfied here. The BVI Actions were dismissed on the merits. The parties are identical or involve Sentry's privies.[6]

---

[5] Here, federal *res judicata* rules apply to determine the preclusive effect of the BVI judgment. "When determining the preclusive effect of a judgment from a foreign country, rather than applying the law of that country, 'a federal court should normally apply either federal or state law, depending on the nature of the claim.'" *RA Glob. Servs., Inc. v. Avicenna Overseas Corp.*, 843 F. Supp. 2d 386, 389 n.2 (S.D.N.Y. 2012) (quoting *Alfadda v. Fenn*, 966 F. Supp. 1317, 1329 (S.D.N.Y. 1997)). In non-diversity cases, such as these, federal *res judicata* rules apply to determine the preclusive effect of a foreign judgment. *Simmtech Co. v. Citibank, N.A.*, No. 13-CV-6768 (KBF), 2016 WL 4184296, at *8 (S.D.N.Y. Aug. 3, 2016) (applying federal *res judicata* rules to determine preclusive effect of Korean judgment).

[6] Here, there can be no dispute that Sigma and Lambda are in privity with Sentry. It is "well settled in this circuit that literal privity is not a requirement for *res judicata* to apply." *Monahan*, 214 F.3d at 285. *See Chase Manhattan Bank v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir.1995) ("Res judicata may bar non-parties to earlier litigation not only when there was a formal arrangement for representation in, or actual control of, the earlier action but also when the interests involved in the prior litigation are virtually identical to those in later litigation."). Sentry, Sigma and Lambda are in privity with each other because: (i) the Funds are in liquidation in the BVI, (ii) the Funds have the same Liquidators; (iii) the Funds have the same legal representation in both the BVI and the US Proceedings; (iv) the Funds' Articles all have the same terms; and (v) Sentry's interest in the preliminary issues applications was identical to the interests of Sigma and Lambda.

The claims asserted here against the PI Defendants all involve pre-December 2008 redemptions and were or could have been asserted in the BVI Actions.

### A. The Common Law Claims In These Cases Are Barred As "Additional Instances" of Claims Dismissed On The Merits In The BVI Actions

Although the common law claims asserted here seek recovery of additional redemptions not included in the BVI Actions, such claims could have been asserted in the BVI and, therefore, the doctrine of *res judicata* still applies. Specifically, the redemptions challenged here occurred prior to December 2008, years before the commencement of the BVI Actions. While they could have been challenged in those actions, the Funds simply failed to plead them. The redemptions challenged in the US Proceedings, otherwise, are identical to those challenged in the BVI Actions, involve identical defendants and are challenged on identical grounds.

The Second Circuit has emphasized that *res judicata* is satisfied when facts essential to relief in the second case were present in the first action, as is the case here with respect to the additional redemptions:

> the facts essential to the barred second suit need not be the same as the facts that were necessary to the first suit. It is instead enough that "the facts *essential to the second* were [already] present in the first."

*Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110-111 (2d Cir. 2000) (quoting *Computer Associates International, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997) (emphasis in original).

The Funds claims in this Court are based on "additional instances" of the same type of conduct complained of in the BVI Actions and arise out of the same nucleus of operative facts, *i.e.*, the redemption of Sentry shares pursuant to its Articles prior to the disclosure of the Madoff Ponzi scheme. As a result, the claims are barred by the doctrine of *res judicata*. *See Waldman*, 207 F.3d at 113 (*res judicata* applies when the new facts are "nothing more than additional

instances of what was previously asserted … [and the plaintiff] based his [second] action principally upon the common nucleus of operative facts shared with [the previous action]"); *Index Fund, Inc v. Hagopian*, 677 F. Supp. 710 (S.D.N.Y. 1987) (claims to recover for losses on securities transactions resulting from bribery of corporate officer were barred as additional instances of improper transactions as to which claims had previously been dismissed).

In sum, the Funds' common law claims asserted here may seek recovery of different redemptions, but they rest on the same facts and the same interpretation of Sentry's Articles, both of which were rejected as a basis for recovery by the Privy Council in the BVI Actions. Moreover, the Liquidators seek recovery from the same PI Defendants who defeated the Liquidators' claims in the BVI Actions. Accordingly, these additional claims are barred by the doctrine of *res judicata*.

### B.    The BVI Insolvency Act Claims And Contractual Claims Arise From The Same Transactions As The Common Law Claims And Are Barred By The Doctrine Of *Res Judicata*

In addition to the common law claims, the Liquidators seek to rely on alternative causes of action to recover the redemptions. In particular, the Liquidators have asserted claims based on the BVI Insolvency Act and have asserted, or seek to assert, additional claims for breach of contract and breach of an implied covenant of good faith. Finally, the Liquidators argue that the proposed additional allegations regarding Citco's bad faith address facts or causes of action that were not before the BVI Court.[7] All of the additional causes of action are equally barred by the doctrine of *res judicata*.

---

[7]    The Liquidators' proposed allegations regarding Citco's alleged bad faith are merely additional, irrelevant, facts that the Liquidators were well aware of prior to the commencement of the BVI Actions. (Consolidated Brief, pp. 44-51, ECF No. 960). The common law causes of action asserted in the proposed amended complaints are identical to the common law causes of action asserted in the BVI Actions. To the extent that the Liquidators assert that the allegations

The Second Circuit has made clear that "a plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)." *Waldman*, 207 F.3d at 110 (quoting *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992)); *see Woods*, 972 F.2d at 39 ("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff] chose to frame her complaint.") (citing *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980) ("whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata.")).

In *Waldman*, the Second Circuit explained:

> "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether *the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations* ….'"

*Waldman*, 207 F.3d at 108 (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997)), quoting Restatement (Second) of Judgments § 24(b)) (emphasis added). "As a general rule, *multiple claims based on the same contract are usually part of the same transaction for purposes of res judicata* unless the party could not assert the second cause of action in the first action." *Evangelical All. Mission/Nihon Domei Kirisuto Kyrodan v. Lockman Found.*, No. 95 Civ. 7214, 1995 WL 688958 * 3 (S.D.N.Y. Nov. 21, 1995) (emphasis added); *see Funches v. Barra*, No. 14 Civ. 7382, 2016 WL 2939165, at *7 (S.D.N.Y. May 17, 2016) (new claims with

---

regarding Citco's alleged bad faith are relevant, the Liquidators should have raised those facts with the BVI Court.

respect to an extended warranty could not be asserted in second action); *Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 564 (S.D.N.Y. 2016) ("It is well-settled that multiple claims based upon a single contract are considered part of the same transaction, unless the plaintiff could not have asserted a claim in the original action."), *aff'd sub nom. Kamdem–Ouaffo v. PepsiCo Inc.*, No. 2016-1668, 2016 WL 4151245 (Fed. Cir. Aug. 5, 2016).

The Second Circuit's *Waldman* test is satisfied where the two actions arise from the same contract. The redemptions challenged in these cases and the BVI Actions all occurred under the same contract, the Fund's Articles, which provided for the right of redemption.

In addition, in April 2009, Lambda, and in July 2009, Sentry and Sigma, were placed in liquidation in the BVI. Their Liquidators could have asserted claims under the BVI Insolvency Act and for breach of contract in the BVI, but chose not to do so. The Liquidators' BVI Insolvency Act claims and breach of contract claims relate to the same contract as the common law claims, and they rest on the same facts and circumstances that were asserted in the BVI Actions (*i.e.,* redemptions of Funds' shares before Madoff's fraud was discovered). Furthermore, under Section 249 of the BVI Insolvency Act, only the BVI Court may grant relief on the BVI Insolvency Act claims. (Consolidated Brief, pp. 69-70, ECF No. 960). Therefore, the Liquidators would have been expected to assert the BVI Insolvency Act Claims in the BVI. Thus, the BVI Insolvency Act claims and the breach of contract claims are also barred by the doctrine of *res judicata*.

The Liquidators chose not to assert in the BVI Actions all of their claims with respect to every redemption by each defendant. Instead, they asserted some instances of redemptions for the PI Defendants in the BVI Court and other instances for the same defendants in this Court, notwithstanding that there were no material differences between the redemptions. Furthermore,

with respect to the redemptions that were sued on in the BVI Actions, the Liquidators failed to assert all of the theories of recovery available to them based on the circumstances they alleged. By proceeding in two jurisdictions simultaneously on claims based on materially identical facts and transactions, the Liquidators took the risk that an adverse final decision in one of those jurisdictions would be fatal to the continuation of the actions in the other jurisdiction. The Liquidators cannot escape the *res judicata* effect of the final adverse decision of the Privy Council. Accordingly, all US Proceedings seeking to recover any redemptions from the PI Defendants on any theory relating to the BLMIS fraud must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should deny the Liquidators' Motion for Leave to Amend and dismiss the complaints against all of the PI Defendants with prejudice.

Dated:   New York, New York
         January 27, 2017

                Respectfully submitted,

                MOSES & SINGER LLP

                By   /s/ Mark N. Parry
                    Alan Kolod
                    Mark N. Parry
                The Chrysler Building
                405 Lexington Avenue
                New York, New York 10174
                (212) 554-7800
                akolod@mosessinger.com
                mparry@mosessinger.com

                *Attorneys for Defendants Deutsche Bank (Suisse) SA Geneve and Deutsche Bank Trust Company Americas*

                *Additional Counsel Listed in Appendix B*