**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10022
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Reid Ashinoff
reid.ashinoff@dentons.com
D. Farrington Yates
farrington.yates@dentons.com
Justin N. Kattan
justin.kattan@dentons.com

*Attorneys for EFG Bank and EFG Bank (Monaco)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>FAIRFIELD SENTRY LIMITED, *et al.*,<br>    Debtors in Foreign Proceedings. | Ch. 15 Case<br>Case No. 10-13164 (SMB)<br>Jointly Administered |
| FAIRFIELD SENTRY LIMITED, *et al.* (In Liquidation), acting by and through the Foreign Representatives thereof,<br>    Plaintiffs,<br>    -against-<br>THEODOOR GGC AMSTERDAM, *et al.*,<br>    Defendants. | Adv. Pro. No. 10-03496 (SMB)<br>Administratively Consolidated |
| FAIRFIELD SENTRY LIMITED, *et al.* (In Liquidation), acting by and through the Foreign Representatives thereof,<br>    Plaintiffs,<br>    -against-<br>ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, *et al.*,<br>    Defendants. | Adversary Pro. No. 10-03635 (SMB) |
| FAIRFIELD SENTRY LIMITED, *et al.* (In Liquidation), acting by and through the Foreign Representatives thereof,<br>    Plaintiffs,<br>    -against-<br>ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, *et al.*,<br>    Defendants. | Adversary Pro. No. 10-03636 (SMB) |

**INDIVIDUAL SUPPLEMENTAL MEMORANDUM OF**
**EFG BANK AND EFG BANK (MONACO)**

# **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

   I. THE LIQUIDATORS FAILED TO PROPERLY SERVE EFG MONACO ...................... 2

   II. THE COMPLAINT SHOULD BE DISMISSED UNDER THE PRINCIPLES OF COMITY ............................................................................................................................. 3

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Aerofoil Techs., AG v. Todaro*,
   No. 11 CIV. 9505 (ALC) (DCF), 2012 WL 299959 (S.D.N.Y. Jan. 31, 2012).........................3

*In re Bernard L. Madoff Inv. Sec. LLC*,
   418 B.R. 75 (Bankr. S.D.N.Y. 2009).............................................................................................2

*In re Fairfield Sentry Ltd. Litig.*,
   458 B.R. 665 (S.D.N.Y. 2011)..............................................................................................4, 6

*Fairfield Sentry Ltd. v. Migani*,
   [2014] UKPC 9 ................................................................................................................................4

*Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.)*,
   452 B.R. 64 (Bankr. S.D.N.Y. 2011)..........................................................................................6

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,
   412 F.3d 418 (2d Cir. 2005)........................................................................................................5

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987).........................................................................................................................3

*Securities Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   Adv. P. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 21,
   2016) ......................................................................................................................................1, 4, 5

**Statutes**

11 U.S.C. § 550(a)(2)..............................................................................................................................4

11 U.S.C. § 1507(b) ................................................................................................................................5

**Other Authorities**

Hague Convention on the Service Abroad of Judicial and Extrajudicial
   Documents in Civil or Commercial Matters, Nov. 15, 1965. ............................................2, 3

Pursuant to paragraph B of the *Supplemental Case Management Order of October 18, 2016*, Case No. 10-03496 (ECF No. 918), EFG Bank ("EFG") and EFG Bank (Monaco) ("EFG Monaco") (the "Moving Defendants") by their undersigned attorneys, respectfully submit this individual supplemental memorandum of law.

## BACKGROUND

The Moving Defendants join in and incorporate by reference the Consolidated Brief[1], which details the Liquidators' failure to properly serve foreign defendants, including EFG and other Swiss defendants. The Moving Defendants submit this supplemental memorandum, as well as the accompanying Declaration of Geradline Gazo ("Gazo Decl.")—a Monaco attorney, that country's representative member at the International Court of Arbitration of the ICC, and an expert on Monegasque procedural law—to demonstrate that Monaco, like Switzerland, does not permit service by mail. Therefore the Liquidators' putative attempt to serve EFG Monaco, a Monegasque entity, with process is likewise ineffective. In the six years since the Liquidators filed their initial complaints, they have never made an attempt at proper service. For that reason, their claims should be dismissed.

Additionally, the Liquidators' claims against the Moving Defendants are barred under the doctrine of comity, following this Court's rationale in its recent decision in *Securities Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. P. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 21, 2016) ("Picard Extraterritoriality Opinion").

For all of the reasons set forth herein, as well as in the Consolidated Brief, the Moving Defendants' motion to dismiss should be granted, and the Liquidators should not be granted leave to amend their complaint.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Consolidated Memorandum of Law in Support of Defendants' Motion to Dismiss (the "Consolidated Brief"), filed on January 13, 2017 in these Adversary Proceedings 10-03635 (ECF No. 171) and 10-03634 (ECF No. 190).

**ARGUMENT**

**I.    THE LIQUIDATORS FAILED TO PROPERLY SERVE EFG MONACO**

As discussed in the Consolidated Brief (pp. 70-73), the Liquidators failed to comply with the Hague Convention, as well as Swiss law, in attempting to serve the complaints on EFG and the other Swiss Defendants, and for that reason the action against EFG should be dismissed.

The same rationale requires dismissal of the Liquidators' claims against EFG Monaco, a Monaco entity.  The Liquidators have attempted to serve EFG Monaco only by mail,[2] which is ineffective as it is expressly prohibited under Monegasque law and the Hague Convention.  Like Switzerland, Monaco filed a reservation to Article 10(a) of the Hague Convention, which otherwise might permit service by mail.  *See* Gazo Decl. ¶ 12.

Under the Hague Convention, the exclusive permitted means of service within Monaco is (a) service through the Monaco "central authority," or (b) service by any means otherwise permitted by Monegasque law.  Hague Convention arts. 2, 3, 5, 19; Gazo Decl., ¶¶ 10-14 (citing Monegasque Reservation); *see* Hague Convention, Declarations Reservation, Re: Art. 10 ("The Principality of Monaco declares that it objects to the exercise of the freedom described in article 10, paragraph 1(a).").  Courts in this District have consistently held that attempted postal service on defendants in countries that have formally objected to Article 10(a)  is ineffective.  *See, e.g.*, *In re Bernard L. Madoff Inv. Sec. LLC*, 418 B.R. 75, 82-83 (Bankr. S.D.N.Y. 2009) (attempted service by direct mail on Swiss defendant was insufficient because "direct mail is not an 'internationally agreed means' permitted by Rule 4(f) and the [Hague] Convention," and "Switzerland has also made a formal objection to Article 10(a) [of the Hague Convention],

---

[2]    *See, e.g.*, Affidavit of Service, *Fairfield Sentry Ltd. v. ABN AMRO SCHWEIZ AG, et al.*, No. 10-03635 (SMB) (Bankr. S.D.N.Y. Apr. 7, 2011) (ECF No. 78); Affidavit of Service, *Fairfield Sentry Ltd. v. ABN AMRO SCHWEIZ AG, et al.*, No. 10-03636 (SMB) (Bankr. S.D.N.Y Apr. 7, 2011) (ECF Nos. 78, 79).  The Affidavits of Service list the party served as EFG Eurofinancier D'Invest MCL.  This is a former name of EFG Monaco.

2

thereby prohibiting transmission of judicial documents directly to persons abroad"); *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 CIV. 9505 (ALC) (DCF), 2012 WL 299959, at *2-3 (S.D.N.Y. Jan. 31, 2012) (denying motion to permit international mail service).

The Liquidators may argue that the Forum Selection Clause in some of the Subscription Agreements validates service by mail in Monaco. That argument fails for three reasons. *First*, as discussed in Part II.A of Consolidated Brief, the Forum Selection Clause is inapplicable to this dispute. *Second*, even if the Forum Selection Clause were applicable, EFG Monaco consented only to "service of process as provided by New York law" which requires compliance with the Hague Convention. *See* Consolidated Brief, notes 22, 49. *Third*, Monegasque law does not allow parties to "contract around" the Monegasque prohibition on service by mail. Because the forum selection clause authorizing service via postal service in Monaco is contrary to the Hague Convention and Monaco's reservation, it is not enforceable in Monaco. Gazo Decl., ¶¶ 15-21. For the same reasons, provisions purportedly binding EFG Monaco to accept service care of registered mail to the plan administrator are unenforceable under Monagasque law. Gazo Decl., ¶¶ 22-23.

Absent legally-sufficient service, a lawsuit cannot proceed. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Although the Liquidators were alerted to problems with service of some foreign defendants more than four years ago,[3] the Liquidators elected not to cure this deficiency. Their claims against EFG Monaco should therefore be dismissed.

## II.    THE COMPLAINT SHOULD BE DISMISSED UNDER THE PRINCIPLES OF COMITY

---

[3]    Obj. Foreign Representative Mot. Seeking Limited Relief from Order Staying Redeemer Actions at 35, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, No. 10-3496 (SMB), at 25-26 (Bankr. S.D.N.Y. June 8, 2012) (Dkt. No. 640).

In its November 21, 2016 decision granting certain subsequent transferees' motion to dismiss claims brought by the SIPC trustee for the liquidation of Bernard L. Madoff Investment Securities LLC, this Court stated:

> As between the United States on the one hand and the BVI and Bermuda on the other, the latter jurisdictions have a greater interest in regulating the activity that gave rise to the common claims asserted by … the liquidators.  The Funds were formed under foreign law, and their liquidation, including the marshaling of assets and the payment of claims, is governed by local insolvency law, to which particular deference is due under our own jurisprudence.  The United States has no interest in regulating the relationship between the Funds and their investors or the liquidation of the Funds and the payment of their investors' claims.
>
> \*   \*   \*
>
> Accordingly, the recovery of Subsequent Transfers under 11 U.S.C. § 550(a)(2) arising from the avoidance of initial transfers made by BLMIS to the Fairfield Funds or the Kingate Funds is barred under the doctrine of comity….

Picard Extraterritoriality Opinion at \*14-15.

The same logic applies here, and warrants dismissal of the instant action under the principles of comity.  The BVI Court has already asserted its interest in these claims, with the UK Privy Council ruling that Fund redemptions are governed by the Articles of Association and BVI law.  *Fairfield Sentry Ltd. v. Migani*, [2014] UKPC 9, ¶¶ 10, 20.  The BVI Court is best situated to decide substantive and procedural issues of BVI law, including the impact of UK Privy Council opinion on the new allegations raised about the fund administrator, Citco.

By contrast, this Court's tenuous jurisdiction over these proceedings, discussed at length in the Consolidated Brief, further supports abstaining on the basis of comity.  Judge Preska of this Federal District Court has ruled that these actions do not fall within this Court's "core" jurisdiction.  *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 675 (S.D.N.Y. 2011).  As demonstrated in the Consolidated Brief (pp. 19-23), this Court also lacks "related to"

4

jurisdiction. Furthermore, this Court has held that the forum selection and choice of law clauses in the Funds' Subscription Agreements do not preclude this Court "from deferring on grounds of international comity to a foreign tribunal where deference is otherwise warranted." Picard Extraterritoriality Opinion at *15 (*quoting JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 429 (2d Cir. 2005)). It is especially warranted in these chapter 15 actions because the Court must consider principles of comity when considering what relief to grant the Liquidators under chapter 15. *See, e.g.*, 11 U.S.C. §1507(b).

Moreover, dismissal of these actions will be consistent with the expectations of the BVI Court, which expressly contemplated, in ruling on a request to withdraw the authority for the Liquidators to proceed with these actions in the United States under BVI law, that:

> The U.S. Bankruptcy Court may determine that there is nothing left of any form of restitutionary claims or that whatever is left is for the determination of this Court given the fact and history of, and judicial admissions and determinations in, the BVI Proceedings, the governing law of the Articles of Association, and other factors it deems legally and factually relevant under its mandate to make preliminary determinations. ***And with respect to the BVI Insolvency Act Claims, the U.S. Bankruptcy Court may determine, based on considerations elsewhere in this Judgment … , that they should be determined in this jurisdiction and any remedy granted by this Court***.

*See* Consolidated Brief at 15 (*quoting* Hare Decl., Exhibit S (Section 273 Judgment ¶¶ 62-63) (emphasis added).

Although the Liquidators may argue that this issue has previously been resolved, no prior motion brought in this action has sought dismissal on the basis of comity. Prior motions to abstain and for remand only sought remand of this and similarly situated actions to New York state court, s*ee, e.g., Fairfield Sentry Ltd. V. EFG Bank, et al.*, No. 10-03625 (SMB), (Bankr. S.D.N.Y. Oct. 4, 2010) (ECF No. 4); *Fairfield Sentry Ltd. v. Banco Atlántico (Gibraltar) Ltd., et al.*, No. 10-03787 (SMB), (Bankr. S.D.N.Y. Oct. 8, 2010) (ECF No. 6), and those motions have

5

now been withdrawn, *see* Motion to Withdraw Remand Motion, *Fairfield Sentry Ltd. v. Theodore GGC Amsterdam, et al.*, No. 10-03496 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2017) (ECF No. 954).[4] Therefore, comity warrants dismissal of the actions against all of the Moving Defendants.

## CONCLUSION

For all of the reasons set forth herein, as well as in the Consolidated Brief, the Moving Defendants request that the Court grant their motion to dismiss and deny the Liquidators leave to amend their complaint.

Dated: January 27, 2017           Respectfully submitted,

BY:      */s/ D. Farrington Yates*
**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10022
Telephone:  (212) 768-6700
Facsimile:  (212) 768-6800
Reid Ashinoff
reid.ashinoff@dentons.com
D. Farrington Yates
farrington.yates@dentons.com
Justin N. Kattan
justin.kattan@dentons.com

*Attorneys for EFG Bank and EFG Bank (Monaco)*

102380056\V-7

---

[4] In considering the prior motions to abstain, Judge Lifland held that mandatory abstention was not warranted and that permissive abstention is not available in chapter 15 cases, including matters within those cases. *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.)*, 452 B.R. 64, 69, 83-86 (Bankr. S.D.N.Y. 2011). While Judge Lifland's ruling with respect to permissive abstention was not subject to appeal, Judge Preska reversed and indicated that "[m]andatory abstention should be considered on remand." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. at 691. No subsequent court, including the Second Circuit Court of Appeals has considered whether abstention because of comity is proper in the context of a chapter 15 case including matters within those cases or the present facts.

6