UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Fairfield Sentry Limited, et al.,<br><br>    Debtors in Foreign Proceedings | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>Jointly Administered |
| Fairfield Sentry Limited, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Theodoor GGC Amsterdam, et al.,<br><br>    Defendants | Adv. Proc. No. 10-3496 (SMB)<br><br>Administratively Consolidated |
| This brief is submitted in the following Adversary Proceedings:<br><br>10-3159, 10-3635, 10-3636 | |

**LIECHTENSTEIN DEFENDANTS' INDIVIDUAL SUPPLEMENTAL
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR
LEAVE TO AMEND AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT AND FACTS ...................................................................... 1

ARGUMENT ........................................................................................................................ 3

    A.    Service on the Liechtenstein Defendants by International Registered Mail Is Invalid, and the Complaints Therefore Should Be Dismissed. ............................ 3

    B.    The Forum Selection Clause in the Subscription Agreements Does Not Validate Service by Mail in Liechtenstein. ............................................................. 7

CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Darden v. DaimlerChrysler North America Holding Corp.*,
   191 F. Supp. 2d 382 (S.D.N.Y. 2002)........................................................................................9

*Hawthorne v. Citicorp Data Sys., Inc.*,
   219 F.R.D. 47 (E.D.N.Y. 2003)..................................................................................................1

*Jung v. Neschis*,
   No. 01 Civ. 6993, 2003 WL 1807202 (S.D.N.Y. Apr. 7, 2003).........................................5, 6, 7

*Lewis v. Dimeo Consr. Co.*,
   41 F. Supp. 3d 108 (D. Mass. 2014) ...................................................................................5, 6, 7

*Marks v. Alpha Group*,
   615 F. Supp. 2d 375 (E.D. Pa. 2009) .....................................................................................5, 7

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987).....................................................................................................................1

*OSRecovery, Inc. v. One Group Int'l, Inc.*,
   234 F.R.D. 59 (S.D.N.Y. 2005) .................................................................................................1

*Sanchez v. Hoosac Bank*,
   No. 12 Civ. 8455, 2014 WL 1326031 (S.D.N.Y. Mar. 31, 2014) ..............................................6

*In re Ski Train Fire in Kaprun, Austria on November 11, 2000*,
   No. MDL 14238, 2003 WL 21659368 (S.D.N.Y. July 15, 2003) .............................................7

*In re Ski Train Fire in Kaprun, Austrian on November 11, 2000*,
   No. 01 Civ. 7342, 2003 WL 1807148 (S.D.N.Y. Apr. 4, 2003).................................................7

*U.S. v. Wiseman*,
   445 F.2d 792 (2d Cir. 1971).......................................................................................................6

**Page(s)**

**Statutes**

The Liechtenstein Law of October 22, 2008 on the Service of Official Documents.......................4

**Other Authorities**

CPLR 311(a) ...................................................................................................................................3

CPLR 313.........................................................................................................................................3

Fed. R. Bankr. P. 7012 ....................................................................................................................1

Fed. R. Civ. P. 4(a) .........................................................................................................................6

Fed. R. Civ. P. 4(f)......................................................................................................................3, 5

Fed. R. Civ. P. 4(h).........................................................................................................................3

Fed. R. Civ. P. 12(b) .......................................................................................................................1

**PRELIMINARY STATEMENT AND FACTS**

Five Liechtenstein banks[1] oppose the Liquidators' motion for leave to amend and move to dismiss the complaints in adversary proceedings 10-3635, 10-3636, and 10-3519 (the "Complaints") on the additional ground that they were not properly served with process.[2] This motion is made pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

"Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Without proper service a court has no personal jurisdiction over a defendant." *Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003); *see also OSRecovery, Inc. v. One Group Int'l, Inc.*, 234 F.R.D. 59, 61 (S.D.N.Y. 2005) ("[Without proper service] actual notice alone will not sustain personal jurisdiction over a defendant").

The Liquidators have purported to serve the Liechtenstein Defendants (as with the Swiss Moving Defendants) only by international registered mail,[3] which – as set forth in an official

---

[1] These banks, incorporated under the laws of Liechtenstein with registered offices and corporate headquarters in Liechtenstein, are LGT Bank in Liechtenstein AG (now known as LGT Bank AG) ("LGT"), Liechtensteinische Landesbank Aktiengesellschaft ("LLB"), Verwaltungs-und Privat-Bank Aktiengesellschaft (now known as VP Bank AG) ("VPB"), Centrum Bank Aktiengesellschaft ("Centrum"), which is now owned by VPB, and Neue Bank AG ("Neue") (collectively, the "Liechtenstein Defendants").

[2] Each Liechtenstein Defendant also joins in the Consolidated Motion to Dismiss Brief (Dkt. No. 960) to the extent set forth in Appendices A-E thereto, or in additional filings. Joinder in that motion does not waive this jurisdictional objection. Fed. R. Civ. P. 12(b).

[3] *See* Affidavit of Service, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Oct. 22, 2010) (Dkt. No. 54) (Defendants LGT, LLB, and Centrum); Affidavit of Service, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. Oct. 22, 2010) (Dkt. No. 54) (Defendants LGT, LLB, and Centrum); Affidavit of Service, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Apr. 7, 2011) (Dkt. No. 79) (Defendant VPB); Affidavit of Service, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. Apr. 7, 2011) (Dkt. No. 78) (Defendant VPB); Affidavit of Service, *Fairfield Sentry Ltd. v. Neue Bank AG*, Adv. Pro. No. 10-3519 (Bankr. S.D.N.Y. Oct. 22, 2010) (Dkt. No. 10) (Defendant Neue).

...

diplomatic note from the Office of Foreign Affairs of the Principality of Liechtenstein and in a declaration from the Deputy Chief Justice of the Constitutional Court of Liechtenstein (the highest court of Liechtenstein) and an experienced Liechtenstein practitioner for 25 years – is both ineffective and forbidden under Liechtenstein law.[4]  Liechtenstein (unlike Switzerland) is not a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and Federal Rule 4(f)(1) is therefore inapplicable.  Accordingly, service would be valid only if effected through one of the three methods prescribed in Federal Rule 4(f)(2).  International registered mail is not one of these permitted methods.  Although the Liechtenstein Defendants alerted the Liquidators to this failure of proper service more than four years ago, the Liquidators have not cured this deficiency.[5]

Furthermore, the summonses and complaints were served only in English, without a translation into German as Liechtenstein law would have required for a properly served document.  *See* Note Verbale ¶ 13; Hoch Decl. ¶ 13(f).

---

In addition, in the actions against Defendants LGT, LLB, VPB, and Centrum, the Liquidators claim to have served a summons with notice on Citco Data Processing in Ireland (without identifying any of the Liechtenstein Defendants) in New York State Supreme Court (index nos. 650277/2010 and 650316/2010).  *See* Affidavit of Service, *Fairfield Sentry Ltd. v. Beneficial Owners of the Accounts Held in the Name of Citco Global Custody NV 1-1000*, Index No. 650277/2010 (Sup. Ct. N.Y. County June 29, 2010) (Dkt. No. 4); Affidavit of Service, *Fairfield Sentry Ltd. v. Citco Global Custody NV*, Index No. 650316/2010 (Sup. Ct. N.Y. County June 29, 2010) (Dkt. No. 2).  However, neither the summons nor the notice identified any of the Liechtenstein Defendants, and thus are not valid service for this reason.  The Liquidators removed these actions to the Federal District Court for the Southern District of New York, which referred them to this Court, where they are pending with index nos. 10-3635 and 10-3636.  *See* Copy of Certified Order Transferring Case, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Sept. 26, 2010) (Dkt. No. 1); Copy of Certified Order Transferring Case, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. Sept. 26, 2010) (Dkt. No. 1).

[4]    *See* Declaration of Dr. Hilmar Hoch in Support of the Liechtenstein Defendants' Motion to Dismiss, dated January 27, 2017 ("Hoch Decl.") ¶ 13(a); Note Verbale of the Office of Foreign Affairs of the Principality of Liechtenstein to the Embassy of the United States of America, dated January 27, 2017, as quoted in the Letter of the Office to Dr. Hoch of the same date ("Note Verbale," attached to the Hoch Decl. as Exhibit B) ¶ 11.

[5]    *See* Obj. of Liechtenstein Defendants to Foreign Representative Mot. Seeking Limited Relief from Order Staying Redeemer Actions and Entry of Order Directing Defendants to Make Expedited Initial Disclosures on Beneficial Holders, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. June 6, 2012) (Dkt. No. 688).

Because the Complaints were never properly served on the Liechtenstein Defendants, the Liquidators' motion for leave to amend should be denied and the Complaints dismissed with prejudice.

## ARGUMENT

### A. Service on the Liechtenstein Defendants by International Registered Mail Is Invalid, and the Complaints Therefore Should Be Dismissed.

Under the Federal Rules, in the absence of an international agreement, service on a foreign entity may be effected pursuant to, and by means not prohibited by, the law of the foreign country in which service is to be made (here Liechtenstein). *See* Fed. R. Civ. P. 4(h)(2) (invoking Rule 4(f)(2)).[6]  Rule 4(f)(2) permits service (A) "as prescribed by the foreign country's law," (B) "as the foreign authority directs in response to a letter rogatory," or (C) "unless prohibited by the foreign country's law by . . . (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."  The Liquidators here did none of these, but instead sent the summons, and later the amended complaint, by registered international mail.  This purported service did not comply with Rule 4 and is invalid.

Under applicable Liechtenstein law, to serve foreign official documents in Liechtenstein, a foreign authority or court from where the documents originate <u>must</u> apply for legal assistance to the Liechtenstein District Court, which would then order an official or service provider to serve the documents.  Note Verbale ¶ 9; Hoch Decl. ¶¶ 19, 22.  Liechtenstein, "as a matter of

---

[6] Fed. R. Civ. P. 4(h) ("Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: . . . (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)").

To the extent the Liquidators intend to rely on pre-removal service of process even though the certificate of service filed in state court neither names nor was directed to any of the Liechtenstein Defendants, New York law compels the same result.  CPLR 313 requires that service outside of the state be made "in the same manner as service is made within the state," and CPLR 311(a) requires that service "upon any domestic or foreign corporation" must be served by personal delivery.

-3-

10-03635-jpm    Doc 217    Filed 01/27/17    Entered 01/27/17 15:53:33    Main Document
Pg 8 of 13


public order objects to any attempt of service of foreign official documents by any form of mail . . . from a foreign country, including the United States." Note Verbale ¶ 11. Consequently, "[d]elivery of the Foreign Official Documents on the Liechtenstein Banks by international registered mail is not valid service and is prohibited by Liechtenstein Law." Hoch Decl. ¶ 13(a). Indeed, "delivery of Foreign Official Documents by registered (or other) mail is prohibited under Liechtenstein criminal law as a violation of Liechtenstein sovereignty and carries a penalty of imprisonment." *Id.* ¶ 13(g); Note Verbale ¶ 15. Without proper service under Liechtenstein law, Liechtenstein courts will not enforce a foreign judgment against a party. *See* Hoch Decl. ¶ 13(h).

Liechtenstein considers service of official documents, including documents commencing a lawsuit, to be a sovereign act reserved to Liechtenstein government agencies and officials. Note Verbale ¶¶ 1-3, 6; Hoch Decl. ¶¶ 14-17. The Liechtenstein Law of October 22, 2008 on the Service of Official Documents (the "Liechtenstein Law on Service") provides that "[t]o serve foreign official documents in Liechtenstein, the foreign authority or court from where the documents originate must make an application for legal assistance to the Liechtenstein District Court" and that "service of official documents in Liechtenstein must be carried out by court-appointed officials or court-appointed service providers." Hoch Decl. ¶¶ 22, 19; Note Verbale ¶ 10. Liechtenstein law also requires that documents must be served along with a translation into German (the official language of Liechtenstein).[7] Note Verbale ¶ 13; Hoch Decl. ¶ 28. The Liquidators do not claim to have requested such assistance or to have provided German

---

[7] The Liechtenstein Law on Service permits waiver of the translation requirement but only if the party being served is advised of its right to refuse to accept service without the translation and only if the document is otherwise served properly. Note Verbale ¶ 13; Hoch Decl. ¶¶ 29-30. Neither of those conditions was satisfied here.

-4-

translations of the Complaints.[8] Thus, the Complaints were not served in accordance with Liechtenstein law, and service was not effective under Federal Rule (2)(A).

Nor was service effective under rule 4(f)(2)(C), which can be used "unless prohibited by the foreign country's law." Liechtenstein prohibits service by mail. *See* Note Verbale ¶ 11 ("The Principality of Liechtenstein as a matter of public order objects to any attempt of service of foreign official documents by any form of mail"); Hoch Decl. ¶ 27 ("Liechtenstein does not permit service of process by international registered mail"); *Jung v. Neschis*, No. 01 Civ. 6993, 2003 WL 1807202 (S.D.N.Y. Apr. 7, 2003) (service by international registered mail invalid under Federal Rule 4(f) because Liechtenstein law did not permit such service).

Furthermore, the Liquidators are not within Rule 4(f)(2)(C)(ii) because the Rule requires that the "clerk addresses and sends" the mail and "requires a signed receipt." But the summonses at issue here were mailed by the Liquidators themselves, and not the clerk of the court, and the Liquidators do not even allege that they required a signed receipt.

*Marks v. Alpha Group*, 615 F. Supp. 2d 375 (E.D. Pa. 2009), and *Lewis v. Dimeo Consr. Co.*, 41 F. Supp. 3d 108 (D. Mass. 2014), are consistent with this result. Both *Marks* and *Lewis* found that service of process was not valid when, like here, it did not comply with Federal Rule 4(f)(2)(C)'s requirements. *See Marks*, 615 F. Supp. 2d at 379 (service not proper under Rule 4(f)(2)(C)(ii) where signed receipt was not returned for package mailed by the clerk); *Lewis*, 41 F. Supp. 3d at 110-11 (service not proper under Federal Rule 4(f)(2)(C)(ii) where summons and complaint were mailed by plaintiffs rather than the clerk). Although those courts opined that Liechtenstein law did not forbid service by mail, they did not have the benefit of the official

---

[8] The Liechtenstein Law on Service permits the Liechtenstein District Court to order other methods of service only upon specific request of the foreign court. Note Verbale ¶ 10; Hoch. Decl. ¶ 24. No such request was made by the Liquidators.

-5-

Liechtenstein statement of the law in the Note Verbale. Furthermore, that conclusion is inconsistent with both the decision in this district addressing the issue (*Jung v. Neschis*) and with the sworn opinion of Dr. Hoch, the Deputy Chief Justice of the Constitutional Court of Liechtenstein and an experienced Liechtenstein practitioner. Hoch Decl. ¶¶ 1, 13(a).

Furthermore, the *Lewis* court premised its conclusion on the erroneous assumption that "[i]n effectuating service of process in a lawsuit, a party acts as a private party and not on behalf of the United States," 41 F. Supp.2d at 111, which is wrong as a matter of both Liechtenstein and U.S. law. Whether service in Liechtenstein is a public or private act ought to be determined by Liechtenstein law, Note Verbale ¶ 5, and as the Liechtenstein Office for Foreign Affairs makes clear, service of process in Liechtenstein is a public function and an "exercise of governmental power" that is "reserved to the public officials of Liechtenstein." Note Verbale ¶¶ 1-2; Hoch Decl. ¶ 14. Even under U.S. law, "the service of summons is essentially and traditionally a public function" and "'the service of process is an act of public power.'" *U.S. v. Wiseman*, 445 F.2d 792, 796 (2d Cir. 1971) (citations omitted) (affirming criminal convictions before Judge Weinfeld of private process servers who filed false affidavits of service for deprivation of constitutional rights "under color of law" because "[u]nlike most functions involved in the conduct of a lawsuit by private parties, the service of summons is essentially and traditionally a public function" and therefore "we conclude that the activity involved in this case is activity which even when performed by a private party constitutes a 'public function,' and constitutes State action"); *see also Sanchez v. Hoosac Bank*, No. 12 Civ. 8455, 2014 WL 1326031, at *7 (S.D.N.Y. Mar. 31, 2014). That issuance of a summons is a public, state action is highlighted by the Federal Rules themselves: the summons itself must be "signed by the clerk," Rule 4(a)(1)(F),

-6-

and "bear the court's seal," Rule 4(a)(1)(G), and under Rule 4(f)(2)(C)(ii) it is the clerk of the court who must address and send the summons to the foreign party.

Dr. Hoch specifically addresses *Marks* and *Lewis* and concludes that they incorrectly interpret the Liechtenstein law of service. Hoch Decl. ¶ 27. Dr. Hoch, without equivocation, states that service by international registered mail is "not valid service and is prohibited under Liechtenstein law," and that "[t]here can thus be no doubt that any attempt to serve a party in Liechtenstein in any other way than prescribed by Liechtenstein law is prohibited." *Id.* ¶¶ 13(a), 34. Respectfully, the Liechtenstein government's official statement of Liechtenstein law, as well as Dr. Hoch's analysis, are authoritative and should be adopted over the unsupported views of *Marks* and *Lewis* – which are inconsistent with the *Jung* decision in this district.

Courts in this district have also recognized that "service by direct mail is prohibited by Austrian law" and that such service is "improper . . . under Rule 4(f)(C)(ii) and 4(f)(3)." *In re Ski Train Fire in Kaprun, Austrian on November 11, 2000*, No. 01 Civ. 7342, 2003 WL 1807148, at *7 (S.D.N.Y. Apr. 4, 2003); *see also In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, No. MDL 14238, 2003 WL 21659368, at *3 (S.D.N.Y. July 15, 2003). Because the Liechtenstein Law on Service is similar to Austrian law, Hoch Decl. ¶¶ 14 n.8, 31 n.32, those decisions support the conclusion that service by mail is prohibited by Liechtenstein law, and that the Liquidators have not properly served the Liechtenstein Defendants here.

B. **The Forum Selection Clause in the Subscription Agreements Does Not Validate Service by Mail in Liechtenstein.**

Any attempt by the Liquidators to rely on the forum selection clause in the subscription agreements, which purports to permit service by first class mail, also fails. *First*, as set forth in Section II.A of the Consolidated Motion to Dismiss Brief, the adversary proceedings do not arise under the subscription agreements, and the forum selection clause is therefore inapplicable.

*Second*, even if the forum selection clause were applicable, the clause by its terms permits only "service of process as provided by New York law,"[9] which in turn requires compliance with Liechtenstein law. *See supra* note 6.

*Third*, Liechtenstein law and public policy do not allow parties to "contract around" Liechtenstein's prohibition on service by mail. As the Liechtenstein Office of Foreign Affairs explains, "any agreement purporting to deviate from the relevant provisions of [Liechtenstein service] laws would be null and void ab initio under Liechtenstein law and would not render lawful any attempt to complete service of official documents in any way not sanctioned by the District Court and completed in accordance with Liechtenstein law." Note Verbale ¶ 14; *see also* Hoch Decl. ¶ 13(i). The Liechtenstein government "views the provisions of the Law of Service and Law of Jurisdiction with respect to methods of service of official documents and jurisdiction of the [Liechtenstein] District Court as mandatory," Note Verbale ¶ 14, and "private parties may not enter into any agreements providing for service by any specific means, including means that differ from those contemplated by the Law on Service," because any such agreement "would be deemed an illegal attempt at circumventing the mandatory provisions for service in Liechtenstein." Hoch Decl. ¶ 34; *see also id.* ¶ 18 ("The provisions of the Law on Service are mandatory throughout, i.e., they are not subject to the disposition of private parties and may not be altered by private agreement."). "Any attempted service in accordance with such an agreement on Liechtenstein territory would be a criminal offense." *Id.* ¶ 34; Note Verbale ¶ 15. Accordingly, "Liechtenstein courts will not enforce a foreign judgment against a party in Liechtenstein" based on such service. Hoch Decl. ¶ 13(h). *Finally*, the Liquidators have not pled that each of the Liechtenstein Defendants actually signed a subscription agreement, and they

---

[9]     *See* Subscription Agreement of Fairfield Sentry, at ¶ 19, attached as Exhibit A to the Declaration of Thomas J. Moloney, filed with the Consolidated Motion to Dismiss Brief (Dkt No. 961-1).

bear the burden of proving effective service.[10] *See Darden v. DaimlerChrysler North America Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) ("Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy").

## CONCLUSION

For the reasons set forth above and in the Consolidated Motion to Dismiss Brief, the Court should deny the Liquidators' motion for leave to amend and dismiss the Complaints with prejudice.

Dated: New York New York
January 27, 2017

/s/ Jascha D. Preuss
Jascha D. Preuss
REISS+PREUSS LLP
200 West 41st Street
New York, NY 10036
(646) 731-2770
jpreuss@reisspreuss.com

*Counsel for Liechtensteinische Landesbank AG*

/s/ David M. Morris
David M. Morris
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8000
david.morris@friedfrank.com

*Counsel for Verwaltungs-und Privat-Bank Aktiengesellschaft (now known as VP Bank AG) and Centrum Bank Aktiengesellschaft*

/s/ Dorothy Heyl
Dorothy Heyl
MILBANK, TWEED, HADLEY
 & McCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000
dheyl@milbank.com

*Counsel for LGT Bank AG*

/s/ William M. Brodsky
William M. Brodsky
Amit Shertzer
FOX HORAN & CAMERINI LLP
825 Third Avenue
New York, NY 10022
(212) 480-4800
william.brodsky@foxlex.com
ashertzer@foxlex.com

*Counsel for Neue Bank AG*

---

[10] *See* Notice of Filing of Proposed Amended Complaint, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635, at ¶ 21 (Bankr. S.D.N.Y. Sept. 20, 2016) (Dkt. No. 139, Ex. A); Notice of Filing of Proposed Amended Complaint, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636, at ¶ 21 (Bankr. S.D.N.Y. Sept. 21, 2016) (Dkt. No. 152, Ex. A) ("The Citco Subscriber, upon information and belief, entered into a Subscription Agreement with Sentry").

12941756