# EXHIBIT B

AMT FÜR AUSWÄRTIGE ANGELEGENHEITEN
FÜRSTENTUM LIECHTENSTEIN

Mr. Hilmar Hoch
Lawyer
Advocatur Seeger, Frick & Partner AG
Landstrasse 81
9494 Schaan
Liechtenstein

| Ihr Schreiben | Aktenzeichen | Sachbearbeitung | Vaduz |
|---|---|---|---|
| | | IF/cs | 27 January 2017 |

**Service of Foreign Official Documents in Liechtenstein**

Dear Mr. Hoch,

The Office of Foreign Affairs in Liechtenstein herewith confirms the dispatch of a Note Verbale to the Embassy of the United States of America in Bern on 27 January 2017 containing the information bellow concerning the question of service of official documents emanating from the agencies, courts and other authorities in the United States to addresses in the Principality of Liechtenstein.

"An increasing number of cases pending before courts in the United States have come to the attention of the Office for Foreign Affairs that involve the question of service of official documents emanating from the agencies, courts and other authorities of the United States, including its several States, territories and possessions, and the District of Columbia to addressees in the Principality of Liechtenstein.

1. The Principality of Liechtenstein takes the view, in accordance with the principle of territorial sovereignty under international law, that the carrying out of an act in the exercise of compulsory governmental power on Liechtenstein territory generally is reserved to the public officials of Liechtenstein or such individuals or entities that are otherwise empowered to perform such acts in accordance with Liechtenstein law. The relevant acts are herein referred to as "governmental acts".

2. The Principality of Liechtenstein, like many other European countries following the civil law tradition, considers the service on its territory of an document originating from a governmental agency, a court or other entity or person acting in the exercise of governmental power (each herein referred to as an "authority") to be a governmental act. Such documents are considered by Liechtenstein to be "official" (in German: *behördliche*) documents.

Heiligkreuz 14 | Postfach 684 | 9490 Vaduz | Liechtenstein | T +423 236 60 58 | F +423 236 60 59 | info.aaa@llv.li

3. The Principality of Liechtenstein considers "official" any document issued in or pursuant to the laws of any jurisdiction that is to be transmitted to an addressee on Liechtenstein territory, if such document contains a compulsory demand that the addressee perform or suffer an act imposed by an authority or participate in any type of proceeding before an authority.

4. The Principality of Liechtenstein moreover deems a demand in an official document compulsory if the addressee of the document is subject to compulsory measures of a government in case of non-compliance, for example a procedural default or a waiver or loss of defenses or remedies or a penalty (such as being held in contempt of court or a fine), or the entry of an order or a judgment that may be enforced against the addressee.

5. In making the determinations detailed in paragraphs 3 and 4 with respect to any document to be served on Liechtenstein territory, the Principality of Liechtenstein does not consider as dispositive: (i) who drafted or signed the document, (ii) whether a foreign jurisdiction would consider the document to be official or private under its own laws or whether the transmission or service of such document would be made by or on behalf of government officials or by private parties in a foreign jurisdiction.

6. Without limiting the generality of the foregoing, the Principality of Liechtenstein for example considers a document initiating a lawsuit before a court in the United States of America, such as a summons that contains a demand to appear in the court proceedings or respond to a complaint or be subject to a potential or actual default judgment, to be a foreign official document.

7. Service of a foreign official document on Liechtenstein territory must be completed in accordance with international agreements or international custom or in the absence thereof in compliance with the provisions of applicable Liechtenstein law. See Article 14 paragraph 1, first sentence, of the Law on Service of Official Documents of October 22, 2008 (*Gesetz über die Zustellung behördlicher Dokumente vom 22. Oktober 2008*, hereinafter „Law on Service").

8. No international agreement exists with respect to the service of official documents in civil matters to which the Principality of Liechtenstein and the United States are a party, in particular, the Principality of Liechtenstein is not a party to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. There also is no international custom with respect to the service of official documents between the Principality of Liechtenstein and the United States, except for commonly accepted practice of letters rogatory, as further detailed by Liechtenstein law.

9. A request for service on Liechtenstein territory of official documents in civil matters emanating from a foreign court, including without limitation a request for service of process on Liechtenstein territory (see *supra* at paragraphs 5 and 6), must be made by letters rogatory for legal assistance to the Liechtenstein District Court (*Landgericht*), unless a different procedure is provided for by an international treaty, a declaration of

the Liechtenstein government, or an ordinance of a Liechtenstein ministry. See Section 27, paragraph 1, of the Law of December 10, 1912 on the Exercise of Jurisdiction and the Jurisdiction of the Courts in Civl Matters (*Gesetz vom 10. Dezember 1912 über die Ausübung der Gerichtsbarkeit und die Zuständigkeit der Gerichte in bürgerlichen Rechtssachen*, hereinafter „Law on Jurisdiction"). No relevant international treaty with respect to legal assistance in civil matters exists between the Principality of Liechtenstein and the United States and there is no relevant Liechtenstein declaration or ordinance. Thus the District Court has exclusive jurisdiction to order the service of court documents in civil matters. Letters rogatory to the District Court should be effected through the assistance of the Ministry of Justice by way of diplomatic channels.

10. Foreign official documents generally must be served in the manner provided by the Law on Service. *See* Article 14, paragraph 1, and Article 5 of the Law on Service. The Liechtenstein District Court may approve a request to it by a foreign court to effectuate service in a different manner if it is compatible with the basic tenets of the Liechtenstein legal order. *See* Article 14, paragraph 1, second sentence, of the Law on Service.

11. The Principality of Liechtenstein as a matter of public order objects to any attempt of service of foreign official documents by any form of mail or overnight courier directly from a foreign country, including the United States of America, or by deputizing individuals or companies on Liechtenstein territory to complete service of such foreign official documents Liechtenstein deems such a form of service as incompatible with basic tenets of Liechtenstein legal order, including without limitation the principle of territorial sovereignty, as set forth above at paragraph 1.

12. If the act requested by the foreign court in its request for legal assistance in a civil matter – here: the manner of service – is prohibited by Liechtenstein law, or if the foreign court does not entertain reciprocal requests by Liechtenstein courts, then the District Court must reject the request for legal assistance. See Section 27, paragraph 2, subparagraphs 2 and 3, of the Law on Jurisdiction.

13. In any case, a foreign official document in a language that is not the official language of the Principality of Liechtenstein (that is, German), and that is to be served on Liechtenstein territory requires a certified (*beglaubigte*) translation, unless the addressee agrees to accept the document without translation. The addressee must be informed of his right to refuse acceptance without translation and is deemed to have accepted a foreign official document without translation if it has not objected within 14 days from receipt of the same. See Article 14, paragraph 2, of the Law on Service. The 14-day deadline begins to run only upon proper service in compliance with the relevant provisions of Liechtenstein law. In the event of a timely objection to receipt without translation by the addressee the District Court must certify that service was invalid; however, an untimely or impermissible objection will be refused by the District Court. See id., paragraph 3. Note that any certified translation prepared in a country other than Liechtenstein will require an *Apostille*, in accordance with the Convention of 5 October 1961 Abolishing the Requirement of Legalisation for Foreign

Public Documents. Both the United States of America and the Principality of Liechtenstein are members to said Convention.

14. The Principality of Liechtenstein views the provisions of the Law on Service and the Law on Jurisdiction with respect to methods of service of official documents and jurisdiction of the District Court as mandatory. Accordingly, any agreement purporting to deviate from the relevant provisions of these laws would be null and void ab initio under Liechtenstein law and would not render lawful any attempt to complete service of official documents in any way not sanctioned by the District Court and completed in accordance with Liechtenstein law.

15. In light of the explanations set forth above at paragraphs 3 through 5 and 14, any attempt to effectuate service of process or of other official documents emanating from the United States to addressees on Liechtenstein territory by any means other than as provided by Liechtenstein law, including without limitation (a) the sending from the United States by registered mail, whether dispatched by a private individual, such as the plaintiff or a process server, or a representative of the foreign court, or (b) the use of a private individual on Liechtenstein territory to transmit such documents, such as an attorney, or off duty public official, is viewed by the Principality of Liechtenstein as a governmental act, effectuated by an agent of a foreign government. Not only are such attempts at service of official documents on Liechtenstein territory invalid and void ab *initio*, the performance of an act that is reserved by Liechtenstein law to be performed by a duly elected public official without permission is prohibited as a criminal offense, punishable by imprisonment of up to three years under Article of the Liechtenstein Law on the Protection of the State of March 14, 1949 (*Staatsschutzgesetz vom 14. März 1949*)."

The Office of Foreign Affairs asked the Embassy of the United States of America to take the appropriate steps to inform the federal courts and authorities and those of its States, territories and possessions, and the American legal community, of the content of this Note Verbale.

Yours sincerely,

*[signature]*

Martin Frick
Director