WILMER CUTLER PICKERING
 HALE AND DORR LLP
250 Greenwich Street
7 World Trade Center
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for Finter Bank Zurich, IHAG Handelsbank AG, BSI AG, BSI Ex Banca Del Gottardo, Corner Banca SA, PKB Privatbank AG, and Rahn+Bodmer Co.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, *et al.*,<br><br>       Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB) |
| FAIRFIELD SENTRY LIMITED, *et al.* (IN LIQUIDATION), acting by and through the Foreign Representatives thereof,<br><br>       Plaintiffs,<br><br>     v.<br><br>THEODOOR GGC AMSTERDAM, *et al.*,<br><br>       Defendants, | Adv. Pro. No. 10-03496 (SMB)<br><br>Administratively Consolidated |
| This document relates to Adv. Pro. Nos.:<br><br>10-03635, 10-03636, 11-01581 | |

**FIBCPR SWISS DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Finter Bank Zurich, IHAG Handelsbank AG, BSI AG, BSI Ex Banca Del Gottardo, Corner Banca SA, PKB Privatbank AG, and Rahn & Bodmer Banquiers n/k/a Rahn+Bodmer Co. ("Rahn+Bodmer," and collectively, the "FIBCPR Swiss Defendants")[1] submit this supplemental memorandum of law ("Supplemental Brief") pursuant to the *Supplemental Case Management Order* dated October 18, 2016 [Adv. Pro No. 10-03496, ECF No. 918] and in furtherance of the *Defendants' Motion to Dismiss* [Adv. Pro. No. 10-03635, ECF No. 170; Adv. Pro. No. 10-03636, ECF No. 189; Adv. Pro. No. 11-01581, ECF No. 17] (the "Motion to Dismiss") and the *Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss* [Adv. Pro. No. 10-03635, ECF No. 171; Adv. Pro. No. 10-03636, ECF No. 190; Adv. Pro. No. 11-01581, ECF No. 18] (the "Consolidated Brief").[2]

**PRELIMINARY STATEMENT**

1.  This Supplemental Brief serves two purposes. First, the FIBCPR Swiss Defendants identify here the counts of the Liquidators' Proposed Amended Complaints against them [Adv. Pro. No. 10-03635, ECF No. 147; Adv. Pro. No. 10-03636, ECF No. 166; Adv. Pro. No. 11-01581, ECF No. 15] (the "Amended Complaints") that must be rejected based on each argument contained in the Consolidated Brief, this Supplemental Brief, and the Joined Supplemental Briefs (defined below) (collectively the "Dismissal Briefs"). The FIBCPR Swiss Defendants have attached as Annex I hereto a chart setting out those counts and corresponding arguments. Second, the FIBCPR Swiss Defendants addresses here the particularized allegations and defenses that compel the dismissal of

---

[1] The FIBCPR Swiss Defendants reserve all rights to the extent they have been improperly named or identified in this adversary proceeding.
[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Consolidated Brief.

ActiveUS 160615724v.3

the Liquidators' claims against them for the reasons described here and in the other Dismissal Briefs.

2. In serving these purposes, this Supplemental Brief and the other Dismissal Briefs demonstrate that this Court should deny the Liquidators' request for leave to pursue their Amended Complaints and dismiss with prejudice all the Liquidators' claims against the FIBCPR Swiss Defendants.[3]

## ARGUMENT

3. The Liquidators have faced adverse rulings at every level of the BVI court system on claims substantially the same as those at issue here. Yet through these actions, the Liquidators have continued their misguided attempt to claw back payments that were properly and irrevocably made to the FIBCPR Swiss Defendants by the Funds. That attempt must end here. The Liquidators' claims cannot be asserted against the FIBCPR Swiss Defendants in the U.S., and, even if they could, the claims would fail.

4. The many reasons for dismissal are catalogued on <u>Annex I</u> hereto. Without limiting that annex or the other Dismissal Briefs, the FIBCPR Swiss Defendants focus in the body of this Supplemental Brief on three of those reasons as to which the Court may require detail beyond that set forth in the other Dismissal Briefs and for which the FIBCPR Swiss Defendants want to demonstrate and emphasize the support. These three reasons are as follows: (a) absence of personal jurisdiction; (b) improper service; and (c) preemption.

**(a)** **The Court lacks personal jurisdiction over the FIBCPR Swiss Defendants.** The Liquidators bear the burden of adequately pleading and proving that this Court has personal jurisdiction over each of the FIBCPR Swiss Defendants with respect to each claim against it.

---

[3] The FIBCPR Swiss Defendants are movants in the Motion to Dismiss. The FIBCPR Swiss Defendants do not, by filing and joining the Motion to Dismiss and the Dismissal Briefs, or otherwise, submit to or consent to the jurisdiction of any court or admit any fact or waive any right, objection, or defense, including, without limitation, regarding the adequacy of service and the personal jurisdiction of any court over the FIBCPR Swiss Defendants, all of which rights, objections, and defenses are expressly reserved.

2

ActiveUS 160615724v.3

10-03635-jpm    Doc 220    Filed 01/27/17    Entered 01/27/17 17:06:52    Main Document

Consolidated Brief at 23.  The Amended Complaints concede that each of the FIBCPR Swiss Defendants is organized under the laws of, and has its principal place of business in, Switzerland.  Adv. Pro. No. 10-03635, ECF No. 147 ¶¶ 49, 50, 57, 68, 71, 85; Adv. Pro. No. 10-03636, ECF No. 166 ¶¶ 54, 55, 62, 73, 77, 92; Adv. Pro. No. 11-01581, ECF No. 15 ¶ 30.  At the same time, the Amended Complaints are devoid of any allegations that any of these banks located and doing business in a foreign country had any "minimum contacts" with the United States concerning the redemption payments to subject them to jurisdiction in this Court with respect to those transactions.  The Liquidators point to the FIBCPR Swiss Defendants' use of U.S. correspondent bank accounts as indicative of sufficient "minimum contacts" to subject them to personal jurisdiction.  But those allegations do not show that the FIBCPR Swiss Defendants purposely directed their conduct toward the United States in a way that would be sufficient to give rise to personal jurisdiction.  Consolidated Brief at 30-35.  And even if such flimsy allegations could give rise to personal jurisdiction, the Amended Complaints have several other fatal defects as a matter of law:

- while the Amended Complaint against Rahn+Bodmer alleges that it received redemption payments from two Funds—Sentry and Sigma—the allegations of personal jurisdiction against Rahn+Bodmer refer only to the redemption payments made by one of the Funds—Sentry—and thus state no grounds for personal jurisdiction with respect to redemptions made by Sigma;

- the Amended Complaints' allegations against the remaining FIBCPR Swiss Defendants broadly allege that "at Defendants' directions and instructions, some or all of the Redemption Payments were received at, upon information and belief, designated United States-based bank accounts."  Adv. Pro. No. 10-03635, ECF No. 147 ¶ 115; Adv. Pro. No. 10-03636, ECF No. 166 ¶ 123.  But this allegation, made only "upon information and belief," fails to identify which of the dozens of

3

defendants and hundreds of redemption payments it is referring to, and unlike some of the Liquidators' other amended complaints, the exhibits to the Amended Complaints against these remaining FIBCPR Swiss Defendants do not identify a single U.S. bank account; and

- the Liquidators concede that Sigma and Lambda conducted transactions in foreign currency and without the use of U.S. correspondent bank accounts, and thus cannot plead that there is any personal jurisdiction with respect to redemptions made by those two funds.  Consolidated Brief at 31, n.27.

**(b) The Liquidators have not properly served the FIBCPR Swiss Defendants.** The Liquidators have purported to serve the FIBCPR Swiss Defendants only by international registered mail.  *See* Affidavits of Service, Adv. Pro. No. 10-03635, ECF Nos. 54, 78, 79, 91; Adv. Pro. No. 10-03636, ECF Nos. 54, 78, 79, 80, 92; Adv. Pro. No. 11-01581, ECF No. 5.[4]  But the Hague Convention conclusively establishes that service by mail in Swiss territory is not permitted, Consolidated Brief at 71-72, and even if it were, the Liquidators have failed to comply with the Hague Convention's requirement that the papers be translated into the language of the country in which they were served, *id.*  The Court should therefore dismiss all claims against the FIBCPR Swiss Defendants due to defective service.

**(c) Any U.S. state law claims are barred by the Bankruptcy Code.**  To the extent that the Liquidators assert claims under U.S. state law (it appears that their claims are asserted only under BVI law, but that is not certain from the face of their proposed Amended Complaints), chapter 15 of the U.S. Bankruptcy Code expressly precludes them from doing so. Bankruptcy Code section 1521(a)(7) precludes the use in chapter 15 of the avoidance remedies provided to trustees in plenary cases under other chapters of the Bankruptcy Code.

---

[4]   The Liquidators do not appear to have directly served IHAG Handelsbank AG with the initial complaint, even by registered mail, in either of the adversary proceedings in which it is a defendant.

4

As set forth in more detail in the Preemption Supplemental Brief (defined below), this prohibition cannot be limited to avoidance remedies expressly set forth in the statute—it must also include claims that are substantively indistinguishable from such remedies under other law. Preemption Supplemental Brief at 1-3. As the Consolidated Brief makes clear, the Liquidators' claims, however described, mirror the Bankruptcy Code's avoidance remedies. Motion to Dismiss Brief at 38. Fairly interpreted, section 1521(a)(7) thus precludes the Liquidators from pursuing their claims against the FIBCPR Swiss Defendants. The FIBCPR Swiss Defendants hereby join the preemption arguments contained in the *Individual Supplemental Brief (Concerning Preemption and Service)*, filed as ECF No. 36 in Adversary Proceeding No. 10-03863 (the "Preemption Supplemental Brief").[5]

5.      For these reasons and the other reasons set forth in the Dismissal Briefs and noted on Annex I hereto, all claims against the FIBCPR Swiss Defendants should be dismissed, and the Liquidators' motion for leave to pursue their Amended Complaints should be denied on the basis of futility. "The standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Because the Liquidators have failed to state, even in their proposed Amended Complaints, a claim upon which relief may be granted, their proposed amendments must be denied as futile, and all claims against the FIBCPR Swiss Defendants must be dismissed.

---

[5] The FIBCPR Swiss Defendants also join in any other supplemental brief to the extent the statements and arguments therein apply to them or otherwise support dismissal of the claims against them. Such supplemental briefs, together with the Preemption Supplemental Brief are referred to herein as the "Joined Supplemental Briefs."

## **CONCLUSION**

For the reasons set forth in the Dismissal Briefs, the Court should deny the Liquidators' Motion for Leave to Amend and dismiss all claims against the FIBCPR Swiss Defendants with prejudice.

Dated: New York, New York
       January 27, 2017

                                Respectfully submitted,

                                WILMER CUTLER PICKERING HALE AND DORR LLP

                                /s/ George W. Shuster, Jr.
                                Charles C. Platt
                                Andrea J. Robinson
                                George W. Shuster, Jr.

                                250 Greenwich Street
                                7 World Trade Center
                                New York, New York 10007
                                Telephone: (212) 230-8800
                                Facsimile: (212) 230-8888
                                andrea.robinson@wilmerhale.com
                                charles.platt@wilmerhale.com
                                george.shuster@wilmerhale.com

                                *Attorneys for Finter Bank Zurich, IHAG Handelsbank AG, BSI AG, BSI Ex Banca Del Gottardo, Corner Banca SA, PKB Privatbank AG, and Rahn+Bodmer Co.*

6

## ANNEX I

| **Defense** | **Count(s) Requiring Dismissal** | |
|---|---|---|
| | Adv. Pro. No. 11-01581 | Adv. Pro. Nos. 10-03635, 10-03636 |
| The Court lacks subject matter jurisdiction<br><br>(Consolidated Brief § I) | Claims 1 through 16 | Claims 1 through 9 |
| The Court lacks personal jurisdiction over the FIBCPR Swiss Defendants<br><br>(Consolidated Brief § II; Supplemental Brief ¶ 4(a)) | Claims 1 through 16 | Claims 1 through 9 |
| All claims must be dismissed because the Liquidators have not properly served the FIBCPR Swiss Defendants<br><br>(Consolidated Brief § IV; Supplemental Brief ¶ 4(b)) | Claims 1 through 16 | Claims 1 through 9 |
| Bankruptcy Code section 546(e) bars all claims<br><br>(Consolidated Brief § III.A) | Claims 1 through 16 | Claims 1 through 9 |
| The Common Law and Contract Claims are barred as a matter of law<br><br>(Consolidated Brief § III.B) | Claims 1 through 7, 12 through 16 | Claims 1 through 4, 7 through 9 |
| The Common Law and Contract Claims must be dismissed for failure to establish standing or allege damages<br><br>(Consolidated Brief § III.C) | Claims 1 through 7, 12 through 16 | Claims 1 through 4, 7 through 9 |
| The BVI Insolvency Claims fail as a matter of BVI law<br><br>(Consolidated Brief § III.D) | Claims 8 through 11 | Claims 5 through 6 |
| The Common Law and Contract Claims (to the extent asserted under U.S. state law) are preempted by the Bankruptcy Code<br><br>(Preemption Supplemental Brief at 1-3; Supplemental Brief ¶ 4(c)) | Claims 1 through 7, 12 through 16 | Claims 1 through 4, 7 through 9 |

ActiveUS 160615724v.3