**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>　　Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>　　Defendants. | Adv. Pro. No. 10-03635 (SMB) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>　　Defendants. | Adv. Pro. No. 10-03636 (SMB) |

**INDIVIDUAL SUPPLEMENTAL BRIEF OF DEFENDANT
VORARLBERGER LANDES- UND HYPOTHEKENBANK AG
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND AND IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................................ 1

FACTS ................................................................................................................................................ 1

ARGUMENT ...................................................................................................................................... 2

    1.   The Liquidators Failed to Serve Hypo Bank in Accordance with Fed. R. Civ. P. 4 ........... 2

    2.   The Liquidators Failed to Serve Hypo Bank in Accordance with New York Law ............. 4

    3.   The Subscription Agreement does not Validate Service upon Hypo Bank ........................ 5

CONCLUSION ................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372
(S.D.N.Y. 1998) ................................................................................................................................. 4

*Buggs v. Ehrnschwender*, 968 F.2d 1544 (2d Cir. 1992) .................................................................. 4

*Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74
(D.C. Cir. 2014) ................................................................................................................................. 4

*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, No. 01 CIV. 7342,
2003 WL 1807148 (S.D.N.Y. 2003) ............................................................................................. 3, 4

*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, No. MDL 1428 SAS,
2003 WL 21659368 (S.D.N.Y. 2003) ........................................................................................... 3, 4

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987) ................................................. 4

*Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*,
451 F. Supp. 2d 585 (S.D.N.Y. 2006) ................................................................................................ 4

**Statutes**

Fed. R. Civ. P. 12 ............................................................................................................................... 1

Fed. R. Civ. P. 4 ........................................................................................................................ 2, 3, 4

NY CPLR § 312-a .............................................................................................................................. 4

**PRELIMINARY STATEMENT**

Defendant Vorarlberger Landes- Und Hypothekenbank AG ("Hypo Bank") respectfully submits this Individual Supplemental Brief pursuant to section 1 B of the Supplemental Case Management Order of October 18, 2016 (Adv. P. No. 10-03496, ECF No. 918). Hypo Bank heretofore joined the Consolidated Opposition to Plaintiff's Motion for Leave to Amend and Motion to Dismiss filed on January 13, 2017 in Adv. P. Nos. 10-03496 (ECF No. 959), 10-03635 (ECF No. 170) and 10-03636 (ECF No. 189) ("the Consolidated Motion"). Hypo Bank adopts and incorporates by reference the arguments raised in the Consolidated Memorandum of Law in support of the Consolidated Motion (the "Consolidated Brief") (ECF No. 960).[1]

This Individual Supplemental Brief offers additional support to the Consolidated Brief's argument, insofar as applicable to Hypo Bank, that the Liquidators' claims should be dismissed for defective service pursuant to Fed. R. Civ. P. 12(b)(5).

**FACTS[2]**

On June 8, 2012 Hypo Bank filed its Joinder in Opposition to the Foreign Representative's Motion Seeking Limited Relief from Order Staying Redeemer Actions and Entry of Order Directing Defendants to Make Expedited Initial Disclosures on Beneficial Holders and Authorizing Amendment to Complaints in Redeemer Actions, ECF No. 692 ("the Joinder"), arguing, *inter alia*, that the Liquidator failed to properly serve Hypo Bank.

As was explained in the Declaration of Hypo Bank's Head of Compliance, Reinhard Kaindl, dated May 30, 2012, ECF No. 696 ("the 2012 Declaration"), in August 2010, Hypo Bank received, at its home office in Bregenz, Austria, documents entitled "Summons with Notice" and

---

[1] Unless specifically indicated otherwise, all ECF citations in this memorandum refer to Adv. P. No. 10-03496 (SMB), the main administratively consolidated adversary proceeding. Capitalized terms not defined in this memorandum have the same meanings as in the Consolidated Brief.

[2] Hypo Bank incorporates by reference the factual and procedural background set forth in the Consolidated Brief at pp. 5-16.

1

"Amended Summons with Notice" sent by counsel for the Liquidators and pertaining to New York State Supreme Court proceedings which were later removed to this Court. *See* 2012 Declaration, ¶ 3 and Exhibits A through C. Hypo Bank is not aware of any further service of pleadings, other than the aforementioned service by mail as set forth in the 2012 Declaration. *See* Declaration of Reinhard Kaindl, dated January 24, 2017 (the "Kaindl Declaration"), submitted herewith.

## ARGUMENT

### 1. The Liquidators Failed to Serve Hypo Bank in Accordance with Fed. R. Civ. P. 4

Hypo Bank incorporates by reference the argument set forth in the Joinder at pp. 3-7 and respectfully refers the Court to the Declaration of Dr. A. Nicholas Simon, dated June 6, 2012, ECF No. 695 (the "Simon Declaration"), submitted in support of the Joinder. As was argued therein, service on Hypo Bank was invalid pursuant to Fed. R. Civ. P. 4(f).

Austria is not a signatory to the Hague Convention and has not entered into any other agreement with the United States regarding service of legal process issued in or related to U.S. court proceedings. (Simon Declaration ¶¶2, 7.) The official policy of the Republic of Austria is set forth in the Federal Ministry for Foreign Affairs' Note Verbale addressed to the U.S. Embassy, No. 224.10/10008e 1.2/2002 dated January 7, 2003 (the "Note Verbale"), attached to the Simon Declaration as Exhibit A. As provided therein, direct service of foreign legal documents by foreign authorities or by private individuals or entities without the assistance or consent of Austrian authorities constitutes an infringement of Austria's sovereignty. Simon Decl. ¶ 2. Rather, service in Austria of foreign legal documents should be "…effected by letters rogatory through diplomatic channels … and in the manner prescribed by Austrian law." (Simon Declaration ¶ 3.) Austrian law further mandates that foreign legal process documents, if not in

2

German, be accompanied by certified German translations. (*Id.*) If no certified translation is provided, the recipient may object to service within three days, failing which consent to service will be assumed. (*Id.*) However, under Austrian law no constructive consent can be given if the recipient is not informed of its right to object, as is the case for service by mail. (*Id.*)

The Note Verbale provides that "…service in Austria of legal documents in judicial proceedings before United States Courts that is not effected in accordance with [Austrian] legal rules and procedures is to be considered contrary to and therefore not effective under Austrian as well as International law." (*Id.* ¶ 4.) Thus, Dr. Simon concludes, service by mail on Hypo Bank of the two summonses "…was ineffective under Austrian law, and the senders of the documents thereby violated Austrian sovereignty." (*Id.* ¶ 8.)

The Southern District Court has had occasion to rule on these restrictions on service of process in Austria, holding that "…the direct service of foreign legal documents by foreign authorities or by private individuals without the assistance or consent of Austrian authorities is regarded as an infringement of Austria's sovereignty" and that "…service by direct mail is prohibited by Austrian law." *See, In re Ski Train Fire in Kapru*n, Austria on Nov. 11, 2000, No. 01 CIV. 7342, 2003 WL 1807148, at *7 (S.D.N.Y. 2003) ("*AHP*"); and *In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, No. MDL 1428 SAS, 2003 WL 21659368, at *3 (S.D.N.Y. 2003) ("*Waagner*"). In both of those cases, the court had ordered service by mail after plaintiffs unsuccessfully attempted to effectuate service pursuant to letters rogatory. Although German translations were included, they were not certified. While the court in both cases found that service of process was invalid pursuant to Fed. R. Civ. P. 4, the court in *Waagner* held that the case should not be dismissed. That was because the defendants had failed to allege that service had not been effected or that they lacked actual notice, and since they had not objected to service

3

based on the uncertified German translation. Waagner Decision, at *4.

However, *Wagner* is easily distinguished from the instant facts as they pertain to Hypo Bank. Notably, the Liquidators here did not attempt to effectuate service of process pursuant to letters rogatory through diplomatic channels and there is no court order directing the Liquidators to serve Hypo Bank by mail.[3] Furthermore, as shown in the 2012 Declaration, no translations were enclosed. In any case, even if translations had been enclosed, no constructive consent could have been given pursuant to Austrian law, as explained in the Simon Declaration.

Hypo Bank alerted the Liquidators of their failure to effectuate service when it submitted the Joinder in 2012. Despite ample means and time, this deficiency was never cured.[4] Accordingly, the Liquidators failed to serve Hypo Bank in accordance with Fed. R. Civ. P. 4.

2. **The Liquidators Failed to Serve Hypo Bank in Accordance with New York Law**

To the extent the Liquidators intend to rely on pre-removal service of process, the Court is respectfully referred to pp. 1-5 of the Joinder, wherein Hypo Bank demonstrated that the Liquidators' attempts to serve Hypo Bank are ineffective pursuant to New York law. Thus, NY CPLR § 312-a provides that service by mail can only be effected if the plaintiff encloses "…two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to sender." Neither communication by the Liquidators included the statement and acknowledgement (or a

---

[3] To validly effectuate service under Rule 4(f)(3), plaintiffs must affirmatively seek and obtain the court's authorization for a particular means of service. *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 80 (D.C. Cir. 2014). In any case,"[w]hile Rule 4(f)(3) provides for substitute service 'as may be directed by the court,' any such service must comport with the laws of the foreign country." *See AHP*, at*7.

[4] While the Liquidators may try to argue that Hypo Bank was on notice of the adversary proceedings, it is well-established that defective service of process cannot be cured by the mere assertion that a defendant had actual notice of the action. *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006). *See,* also, *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("…there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum."); *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1548 (2d Cir. 1992) ("…the statutory procedures must be strictly followed for service to be effective."); and *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 377 (S.D.N.Y. 1998) ("actual notice of the action will not, in itself, cure an otherwise defective service."

return envelope).  Accordingly, as set forth in pp. 1-5 of the Joinder, service on Hypo Bank was ineffective pursuant to New York law.

3. **<u>The Subscription Agreement does not Validate Service upon Hypo Bank</u>**

Insofar as the liquidator intends to rely on the Subscription Agreement's Forum Selection Clause to validate service, this argument must also fail.  As the Consolidated Brief points out, the Subscription Agreement - and thus the Forum Selection Clause - is inapplicable to this dispute and was not signed by Hypo Bank.  (Consolidated Brief, pp. 24-28, 72-73.)  In any case, the Forum Selection Clause requires "service of process as provided by New York law," pursuant to which, as was shown, the Liquidators' service on Hypo Bank was invalid.  Finally, Austrian law and public policy do not allow parties to "contract around" the Austrian prohibition on service by mail.  (Simon Declaration ¶ 9.)

## CONCLUSION

For the reasons set forth above and in the Consolidated Brief, the Liquidators motion for leave to amend should be denied, Defendants' motion to dismiss should be granted and the action should be dismissed in its entirety, together with such other and further relief as may be just and proper.

Dated: New York, New York
January 27, 2017

Harnik Law Firm

_____/S/_____
Stephen M. Harnik, Esq.

623 Fifth Avenue, 24th Floor
New York, New York 10022-6831
Telephone: (212) 599-7575
Facsimile : (212) 867-8120
Email: stephen@harnik.com
*Attorneys for Defendant Vorarlberger Landes- Und Hypothekenbank AG*

5