UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**FAIRFIELD SENTRY LIMITED, et al.,**<br><br>Debtors in Foreign Proceedings. | **Chapter 15 Case**<br><br>**Case No: 10-13164 (SMB)**<br><br>**Jointly Administered** |
| **Fairfield Sentry Limited (In Liquidation), et al.,**<br><br>Plaintiffs,<br><br>-against-<br><br>**Theodoor GGC Amsterdam, et al.**<br><br>Defendants. | **Administratively Consolidated**<br><br>**Adv. Pro. No. 10-03496 (SMB)** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,**<br><br>Plaintiffs,<br><br>-against-<br><br>**UNION BANCAIRE PRIVEE, UBP SA, et al.,**<br><br>Defendants. | **Adv. Pro. No. 10-03635 (SMB)** |

**BANK J. SAFRA SARASIN AG'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND AND IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Bank J. Safra Sarasin AG, formerly known as Bank Sarasin & Cie ("BJSS"), a bank incorporated under the laws of Switzerland, respectfully submits this supplemental brief in support of its motion to dismiss all claims against it in the above-referenced adversary proceeding. BJSS adopts and incorporates all applicable arguments for

dismissal in the January 13, 2017 Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss (the "Consolidated Brief").[1] In addition to those arguments, the Operative Complaint[2] and Liquidators' Proposed Amended Complaint[3] in this proceeding fail to allege facts sufficient to support the exercise of personal jurisdiction over BJSS, and BJSS has never been properly served. Even if the Liquidators had pled a plausible claim—and they have not—the Court should dismiss this case in favor of the British Virgin Islands ("BVI") on *forum non conveniens* grounds.

## ARGUMENT

### I.    The Liquidators Fail To Plead Adequately Personal Jurisdiction Over BJSS.

As a threshold matter, the Liquidators must allege facts establishing that exercising personal jurisdiction over BJSS, a Swiss bank, would be consistent with the Due Process Clause of the Fifth Amendment and otherwise reasonable. *See Int'l Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945). Here, the Operative Complaint and Proposed Amended Complaint do not allege BJSS has *any* continuous contact with the U.S. such that it could be subject to general personal jurisdiction. *See Daimler AG* v. *Bauman*, 134 S. Ct. 746, 760-62 (2014). According to the Proposed Amended Complaint, BJSS "is a corporate entity organized under the laws of Switzerland" with its registered address in Basel, Switzerland. (*See* ¶ 41.)[4]

---

[1] *See* Consolidated Br., *Fairfield Sentry Ltd.* v. *Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Dkt. No. 960). Unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Consolidated Brief.

[2] Am. Compl., *Fairfield Sentry Ltd.* v. *Union Bancaire Privee, UBP SA*, Adv. Pro. No. 10-03635 (Dkt. No. 121) ("Operative Complaint").

[3] Proposed Am. Compl., *Fairfield Sentry Ltd.* v. *Union Bancaire Privee, UBP SA*, Adv. Pro. No. 10-03635 (Dkt. No. 139) ("Proposed Amended Complaint").

[4] Unless otherwise noted, citations to ¶ numbers reference the Proposed Amended Complaint. *See also* Operative Compl. at ¶ 40.

There is no allegation BJSS maintained an office in the U.S. or conducted any business in the U.S.  Moreover, the other factors the Liquidators allege in the Operative and Proposed Amended Complaints are insufficient as a matter of law to establish specific jurisdiction.

*First*, the Liquidators cannot establish this Court's jurisdiction based on a Forum Selection Clause in Subscription Agreements that certain investors were required to sign to purchase shares in the Funds.  The Liquidators do not even allege that BJSS actually signed a Subscription Agreement, instead alleging only that the "Citco Subscriber" did so.  (*See* ¶¶ 21-23.)  And even if the Liquidators had alleged BJSS signed a Subscription Agreement, the Forum Selection Clause does not apply to the type of claims that the Proposed Amended Complaint asserts for the reasons set forth in the Consolidated Brief at 24-29.

*Second*, the Liquidators' allegations that (i) BJSS "invest[ed] money with the Funds, knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS," (¶ 19); (ii) redemption payments were received at "United States-based bank accounts," (¶ 115); or (iii) redemption payments were in U.S. dollars (Proposed Am. Compl., Ex. A) and are all insufficient as a matter of law because, as set forth in the Consolidated Brief at 29-33, these allegations are either irrelevant to personal jurisdiction or set forth nothing more than a stream of commerce theory of jurisdiction, which the Supreme Court has roundly rejected.  (Consol. Br. at 30.)

Because neither the Operative Complaint nor the Proposed Amended Complaint establishes personal jurisdiction, all of the Liquidators' claims must be dismissed.

## II.  The Liquidators Have Never Properly Served BJSS.

The Liquidators' claims against BJSS should also be dismissed for defective service.  *See* Fed. R. Civ. P. 12(b)(5); *Omni Capital Int'l, Ltd.* v. *Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (dismissal warranted absent legally sufficient service).  Here, the Liquidators'

only purported attempt to serve BJSS was by international registered mail,[5] which is expressly prohibited under Swiss Law and thus ineffective as a matter of law for the reasons described in the Consolidated Brief at 70-72. Moreover, the Liquidators cannot rely on the Forum Selection Clause in the Subscription Agreement to argue that BJSS agreed to service by mail because, again, BJSS is not alleged to have signed any Subscription Agreement with respect to the amounts that the Liquidators seek to recover here. (*See* ¶¶ 21-23; Consolidated Br. at 24-29.) Additionally, Swiss law does not allow parties to contract out of the Swiss prohibition on service by mail. (*See* Consolidated Br. at 72.)

Further, the Liquidators have been on notice of this failure of service for years, but have not done nothing to cure it. (*See* Consolidated Br. at 71 n.48 (citing Obj. Foreign Representative Mot. Seeking Limited Relief from Order Staying Redeemer Actions at 35, *Fairfield Sentry Ltd.* v. *Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Dkt. No. 640)).) Thus, this Court should dismiss Liquidators' claims against BJSS.

### III. In the Alternative, the Court Should Dismiss This Proceeding on *Forum Non Conveniens* Grounds.

Dismissal of this proceeding in favor of the foreign main proceeding in the BVI also is warranted on *forum non conveniens* grounds.[6] This Court has already held that the BVI is an adequate alternative forum for liquidation proceedings, *In re Bancredit Cayman, Ltd.*, No. 06-11026 (SMB), 2008 WL 5396618, at *3 (Bankr. S.D.N.Y. Nov. 25, 2008) (Bernstein, C.J.), and the Liquidators' choice to litigate in New York after unsuccessfully litigating in the BVI against

---

[5] *See* Copy of Certified Order Transferring Case, Ex. B, *Fairfield Sentry Ltd.* v. *Union Bancaire Privee, UBP SA*, Adv. Pro. No. 10-03635 (Dkt. No. 1).

[6] BJSS adopts and incorporates the arguments made in Barclays Bank (Suisse) S.A., Barclays Bank S.A., and Barclays Private Bank & Trust Limited's Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens*. *Fairfield Sentry Ltd.* v. *Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Dkt. No. 1109) ("FNC Brief").

-4-

certain similarly situated defendants is clear forum-shopping and entitled no deference. *See Iragorri* v. *United Techs. Corp.*, 274 F.3d 65, 73 (2d Cir. 2001) (*en banc*). Moreover, as set forth in the FNC Brief, all of the public and private interest factors favor the BVI over this Court. *Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501 (1947). Thus, to the extent that the Liquidators could plead any plausible claim against BJSS—which they have not done—any such claim should be brought in the BVI, not in this Court.

## CONCLUSION

For the foregoing reasons, and those set forth in the Consolidated and FNC Briefs, BJSS respectfully requests that the Court dismiss all claims brought against BJSS and deny leave to amend.

Dated:  New York, New York
        January 27, 2017

**SULLIVAN & CROMWELL LLP**

By:  /s/ Jeffrey T. Scott
   Jeffrey T. Scott
   (scottj@sullcrom.com)
   Andrew J. Finn
   (finna@sullcrom.com)
   125 Broad Street
   New York, New York 10004
   (212) 558-4000

   *Attorneys for Bank J. Safra Sarasin AG,
   f/k/a Bank Sarasin & Cie*