**Cleary Gottlieb Steen & Hamilton LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for the BNP Paribas Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>**Fairfield Sentry Limited, et al.,**<br>    Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>Jointly Administered |
| **Fairfield Sentry Limited (In Liquidation), et al., acting by and through the Foreign Representatives thereof,**<br>    Plaintiffs,<br>    -against-<br>**Theodoor GGC Amsterdam, et al.,**<br>    Defendants. | Adv. Pro. No. 10-03496 (SMB)<br><br>Administratively Consolidated |
| This motion is submitted in the following Adversary Proceedings:<br>10-03635  10-03636  10-04098  10-04099  11-01242<br>11-01579  11-01617  12-01551 | |

**SUPPLEMENTAL MEMORANDUM OF LAW OF BNPP DEFENDANTS**
**JOINTLY IN SUPPORT OF THE FAIRFIELD DEFENDANTS' CONSOLIDATED**
**MOTION TO DISMISS AND IN OPPOSITION TO LIQUIDATORS'**
**MOTION FOR LEAVE TO AMEND**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    The Court Lacks Personal Jurisdiction Over The BNPP Defendants ................................. 2

    II.   BNPP Suisse, Among Other BNPP Defendants, Was Not Properly Served ..................... 3

    III.  The Liquidators Have Not Adequately Pled That Any Of The BNPP Defendants Had Knowledge Of The Fraud .................................................................................................. 6

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Rules and Statutes**            **Page(s)**

11 U.S.C. § 546(e) ..................................................................................................... 6, 8

Fed. R. Civ. P. 4(f)(1) ................................................................................................ 4

Fed. R. Civ. P. 4(f)(2)(C)(ii) ...................................................................................... 6

Fed. R. Civ. P. 9(b) .................................................................................................... 7

**Cases**

*Anastasia Int'l, Inc. v. EM Online Pty LTD.*,
No. 13 Civ. 2919, 2013 WL 5550211 (S.D.N.Y. Oct. 4, 2013) ........................................ 5

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ........................................................................................... 6

*Carney v. Beracha*,
996 F. Supp. 2d 56 (D. Conn. 2014) ................................................................................ 5

*Concord Assocs., L.P. v. Entm't Props. Tr.*,
No. 12 Civ. 1667, 2014 WL 1396524 (S.D.N.Y. Apr. 9, 2014) ....................................... 9

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ....................................................................................................... 2

*Fairfield Sentry Ltd. v. Migani*,
[2014] UKPC 9 ............................................................................................................... 10

*In re Bank of N.Y. Mellon Corp. Forex Transactions Litig.*,
991 F. Supp. 2d 479 (S.D.N.Y. 2014)..................................................................... 8–9

*In re Bernard L. Madoff Inv. Sec. LLC*,
418 B.R. 75 (Bankr. S.D.N.Y. 2009)........................................................................ 4

*In re Bernard L. Madoff Inv. Sec. LLC*,
548 B.R. 13 (Bankr. S.D.N.Y. 2016)........................................................................ 8

*In re Bernard L. Madoff Inv. Sec. LLC*,
No. 12 MC 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ................................. 8

*In re Bernard L. Madoff Inv. Sec. LLC*,
721 F.3d 54 (2d Cir. 2013).................................................................................... 9

*In re Fairfield Sentry Ltd.*,
452 B.R. 64, 90 (Bankr. S.D.N.Y. 2011).................................................................. 1

*In re Fairfield Sentry Ltd. Litigation*,
458 B.R. 665 (S.D.N.Y. 2011)................................................................................ 1

*In re Optimal U.S. Litig.*,
813 F. Supp. 2d 383 (S.D.N.Y. 2011)..................................................................... 10

*In re Regency Holdings (Cayman), Inc.*,
216 B.R. 371 (Bankr. S.D.N.Y. 1998)..................................................................... 9

*In re Terrorist Attacks on Sept. 11, 2001*,
714 F.3d 659 (2d Cir. 2013).................................................................................. 2

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)............................................................................................. 2

*Prado v. City of New York*,
No. 12 Civ. 4239, 2015 WL 5190427 (S.D.N.Y. Sept. 3, 2015) ....................................... 5

*Rosner v. Bank of China*,
No. 06 Civ. 13562, 2008 WL 5416380 (S.D.N.Y. Dec. 18, 2008), *aff'd,* 349 F. App'x
637 (2d Cir. 2009)................................................................................................. 7

*Sunward Elecs., Inc. v. McDonald*,
362 F.3d 17 (2d Cir. 2004)..................................................................................... 2

*United States v. Meregildo*,
  920 F. Supp. 2d 434 (S.D.N.Y. 2013), *aff'd sub nom. United States v. Pierce*, 785 F.3d
  832 (2d Cir. 2015) ................................................................................................... 9

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) ............................................................................................. 3

*Waldman v. Palestine Liberation Org.*,
  835 F.3d 317 (2d Cir. 2016) ..................................................................................... 2

*Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*,
  451 F. Supp. 2d 585 (S.D.N.Y. 2006) ...................................................................... 3, 5

**PRELIMINARY STATEMENT**

Defendants BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP Paribas (Suisse) SA Private (collectively, "BNPP Suisse"), BNP Paribas Arbitrage SNC, BNP Paribas Securities Nominees Ltd., BNP Paribas Fortis, BNP Paribas Private Bank and Trust Cayman Ltd., FS/Fortis Banque Luxembourg, Banque Generale du Luxembourg, and BNP Paribas España (collectively, the "BNPP Defendants")[1] respectfully submit this memorandum of law, to be read in conjunction with, and as a supplement to, the consolidated memorandum of law in support of the Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss.  Consolidated Mem. Law, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-03496 (Bankr. S.D.N.Y. Jan. 13, 2017), ECF No. 960 (the "Consolidated Motion").[2]  The BNPP Defendants fully join and incorporate by reference the arguments set forth in the Consolidated Motion.  For the additional reasons set forth below, the foregoing actions against the BNPP Defendants should be dismissed. Further, the Liquidators' motion for leave to amend should be denied, because the Liquidators' proposed amendments fail to cure the Complaints' defects and are therefore futile.[3]

---

[1] Two additional BNP Paribas defendants are not moving to dismiss the proceedings against them at this time, although they reserve the right to seek dismissal at a later date based on, among other things, the Court's resolution of the instant motions. On September 19, 2011, the District Court ruled that four of the actions that the Liquidators originally initiated in New York state court and later removed to this Court had been untimely removed. *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665, 691–92 (S.D.N.Y. 2011).  Two of those actions, Adv. Pro. Nos. 10-03626 and 10-03627, name BNP Paribas Luxembourg SA and BNP Paribas Securities Services Luxembourg as defendants, respectively. *In re Fairfield Sentry Ltd.*, 452 B.R. 64, 90 (Bankr. S.D.N.Y. 2011).  These actions were stayed pending the outcome of the instant motions to dismiss.  Suppl. Case Management Order at II.A, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-03496 (Bankr. S.D.N.Y. Oct. 18, 2016), ECF No. 918.

[2] All terms which are not defined herein have the definitions stated in the Consolidated Motion.

[3] The relevant pending Proposed Amended Complaints in each proceeding are available in Exhibit A to "Notice of Filing of Proposed Amended Complaint" in the following actions: Prop. Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03635 (Bankr. S.D.N.Y. Sept. 20, 2016), ECF No. 139 (hereinafter, "ABN AMRO I Prop. Compl."); Prop. Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y. Sept. 21, 2016), ECF No. 152 (hereinafter, "ABN AMRO II Prop. Compl."); Prop. Am. Compl., *Fairfield Sentry Ltd. v. BNP Paribas Arbitrage SNC*, Adv. Pro. No. 10-04098 (Bankr. S.D.N.Y. Sept. 13, 2016), ECF No. 11 (hereinafter, "Arbitrage Prop. Compl."); Prop. Am. Compl., *Fairfield Sentry*

## ARGUMENT

### I. The Court Lacks Personal Jurisdiction Over The BNPP Defendants

The Liquidators must establish—without relying on only conclusory allegations—that this Court has personal jurisdiction over each BNPP Defendant, with respect to each claim asserted. *See In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 676–77 (2d Cir. 2013); *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). They also must make a *prima facie* showing that the exercise of such jurisdiction would be consistent with the Due Process Clause of the Fifth Amendment. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, the Liquidators have failed to show that the Court can exercise jurisdiction over the BNPP Defendants.

The Liquidators concede—as they must—that the BNPP Defendants are all foreign entities incorporated under foreign law.[4] Accordingly, this Court does not possess general jurisdiction over the BNPP Defendants, as none are alleged to have had either their "place of incorporation" or their "principal place of business" in the United States. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014).

Nor can the Liquidators demonstrate that the isolated contacts that the BNPP Defendants are alleged to have had with the United States in these proceedings allow this Court to exercise

---

*Ltd. v. BNP Paribas Private Bank and Trust Cayman Ltd.*, Adv. Pro. No. 10-04099 (Bankr. S.D.N.Y. Sept. 15, 2016), ECF No. 13 (hereinafter, "BNPP Cayman Prop. Compl."); Prop. Am. Compl., *Fairfield Sentry Ltd. v. FS/Fortis Banque Luxembourg* Adv. Pro. No. 11-01242 (Bankr. S.D.N.Y. Sept. 22, 2016), ECF No. 13 (hereinafter, "FS/Fortis Banque Luxembourg Prop. Compl."); Prop. Am. Compl., *Fairfield Sentry Ltd. v. BNP Paribas Securities Nominees Ltd.*, Adv. Pro. No. 11-01579 (Bankr. S.D.N.Y. Sept. 15, 2016), ECF No. 10 (hereinafter, "BNPP Securities Nominees Prop. Compl."); Prop. Am. Compl., *Fairfield Sentry Ltd. v. Fortis Bank SA/NV*, Adv. Pro. No. 11-01617 (Bankr. S.D.N.Y. Sept. 23, 2016), ECF No. 9 (hereinafter, "Fortis Bank SA/NV Prop. Compl."); Prop. Am. Compl., *Fairfield Sentry Ltd. v. BNP Paribas España*, Adv. Pro. No. 12-01551 (Bankr. S.D.N.Y. Sept. 8, 2016), ECF No. 8 (hereinafter, "BNPP España Prop. Compl.").

[4]    ABN AMRO I Prop. Compl. ¶¶ 46–48; ABN AMRO II Prop. Compl. ¶¶ 51–53; Arbitrage Prop. Compl. ¶ 29; BNPP Cayman Prop. Compl. ¶ 29; FS/Fortis Banque Luxembourg Prop. Compl. ¶ 30; BNPP Securities Nominees Prop. Compl. ¶ 30; Fortis Bank SA/NV Prop. Compl. ¶ 29; BNPP España Prop. Compl. ¶ 29.

specific jurisdiction.  The Liquidators must plead that such contacts constitute either a "substantial connection" to the United States or a "purposeful[]" direction of defendants' actions towards the United States and that the claims themselves "arise out of" these contacts.  *Walden v. Fiore*, 134 S. Ct. 1115, 1121–22 (2014).  The *only* allegations related to the BNPP Defendants' supposed contacts with the United States, however, are the generic ones addressed in the Consolidated Motion.  *See* Consolidated Motion at 29–33.[5]  For the reasons stated therein, the Liquidators have failed to plead that this Court has personal jurisdiction over the BNPP Defendants.

## II. BNPP Suisse, Among Other BNPP Defendants, Was Not Properly Served

BNPP Suisse is a Swiss Moving Defendant[6] that joins in and incorporates by reference the argument contained in Part IV of the Consolidated Motion that the service effected on Swiss Moving Defendants was improper, and thus, the claims against them should be dismissed.  *See* Consolidated Motion at 70–75.  The Liquidators bear the burden to establish that proper service of process was made.  *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 590 (S.D.N.Y. 2006).  However, to date, despite years of litigation and multiple opportunities to cure their service defects, the Liquidators have purported to serve BNPP Suisse only by two legally insufficient methods: 1) privately-dispatched postal service (that is,

---

[5]  *Compare* Consolidated Motion at 29 (referencing the allegations in a representative proposed amended complaint in which defendants were alleged, among other things, to have invested money with the intention that that money be invested in BLMIS, maintained U.S. bank accounts, and received redemption payments denominated in U.S. dollars) *with* Arbitrage Prop. Compl. ¶ 19–22.  Further, as the Consolidated Motion makes clear, the BNPP Defendants' alleged signing of Subscription Agreements containing New York forum selection clauses has no bearing on claims which plainly fall outside the scope of such clauses.  Consolidated Motion at 23–24.

[6]  As the Liquidators concede, BNPP Suisse is incorporated under the laws of Switzerland and has its registered address in that jurisdiction.  ABN AMRO I Prop. Compl. ¶ 46; ABN AMRO II Prop. Compl. ¶ 51.

3

international registered mail sent by an entity or individual other than a court),[7] and 2) mailing to BNPP Suisse "care of" certain Citco entities identified below.[8]  Neither method was proper.

*First*, for the reasons set forth in the Consolidated Motion, neither the Federal Rules of Civil Procedure nor Swiss law authorizes service on a Swiss defendant through privately-dispatched postal service.  The two *exclusive* means through which the Liquidators could have properly effected service on BNPP Suisse in compliance with the Federal Rules of Civil Procedure and Swiss law are (i) through the Swiss Central Authority (as authorized by the Hague Convention, and, therefore, Fed. R. Civ. P. 4(f)(1)) or (ii) by means of letters rogatory (pursuant to Swiss law).  *See* Consolidated Motion at 71–72; Jeandin Decl. ¶ 9, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro No. 10-03496 (Bankr. S.D.N.Y. Jan. 18, 2017), ECF No. 991.  But the Liquidators have instead purported to effect service using the precise method that courts in this district—including this Court—have deemed wholly ineffective.  *See, e.g.*, *In re Bernard L. Madoff Inv. Sec. LLC*, 418 B.R. 75, 82–83 (Bankr. S.D.N.Y. 2009).

*Second*, the Liquidators' attempt to serve BNPP Suisse through international registered mail "care of" certain Citco entities (the "Citco Service Entities")[9] is additionally flawed because the Liquidators have failed to demonstrate that the Citco Service Entities were authorized to receive service.  To meet their pleading burden, the Liquidators must show that these entities

---

[7]     Aff. Service at 3, 9, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03635 (Bankr. S.D.N.Y. Oct. 22, 2010), ECF No. 54 (hereinafter, "ABN AMRO I Aff. Service"); Aff. Service at 3, 9, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y. Oct. 22, 2010), ECF No. 54 (hereinafter, "ABN AMRO II Aff. Service").

[8]     Notice of Removal at 4–5, 10, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-06640 (S.D.N.Y. Sept. 7, 2010), ECF No. 1-3 (hereinafter, "State Ct. I Aff."); Notice of Removal at 11–12, 17, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-06641 (S.D.N.Y. Sept. 7, 2010), ECF No. 1-3 (hereinafter, "State Ct. II Aff."); ABN AMRO I Aff. Service at 8–9; ABN AMRO II Aff. Service at 8–9.

[9]     The Citco Service Entities include Citco Global Custody N.V., Citco Global Custody (NA) NV, CGC (NA), CGC NV, Citco Global Securities Services Ltd., Citco Bank Nederland NV, and Citco Data Processing Services Ltd.  State Ct. I Aff. at 5; State Ct. II Aff. at 12; ABN AMRO I Aff. Service at 8–9; ABN AMRO II Aff. Service at 8–9.

4

were so authorized, either through explicit appointment, by law, or through facts showing that the purported relationship between defendant and the alleged agent included such authorization. *Prado v. City of New York*, No. 12 Civ. 4239, 2015 WL 5190427, at *3 (S.D.N.Y. Sept. 3, 2015).[10] Here, the Liquidators have, at best, alleged that the Citco *Subscribers*[11] (which largely are distinct from the Citco *Service Entities*) were involved in the ministerial process of subscribing to, holding custody of, and redeeming Fairfield shares on behalf of certain Fairfield investors such as BNPP Suisse. *See* ABN AMRO II Prop. Compl. ¶ 157; Consolidated Motion at 57 n.39. The Complaints contain no allegations whatsoever that the Citco Subscribers—or any other Citco entity—were explicitly authorized to accept service of process on behalf of BNPP Suisse. Nor does the limited scope of BNPP Suisse's alleged agency relationship with the Citco Subscribers establish a plausible inference that the Citco *Service Entities* were authorized to accept service on behalf of BNPP Suisse. *See Anastasia Int'l, Inc. v. EM Online Pty LTD.*, No. 13 Civ. 2919, 2013 WL 5550211, at *3 (S.D.N.Y. Oct. 4, 2013) (rejecting "conclusory allegations" regarding an agency relationship absent specific allegations related to the agent's scope of authority).

*Finally*, as to the BNPP Defendants other than BNPP Suisse (the "Non-Swiss BNPP Defendants"), service was similarly ineffective. *See* Consolidated Motion 74–75. The Liquidators likewise attempted to serve the Non-Swiss BNPP Defendants by privately-

---

[10] Many courts—including in this district—agree that the plaintiff must plead that a purported agent was specifically authorized to receive service. *See, e.g.*, *Weston*, 451 F. Supp. 2d at 590 (ruling plaintiff had not demonstrated that the purported agent on which service was effected was authorized to receive such service); *Carney v. Beracha*, 996 F. Supp. 2d 56, 69 (D. Conn. 2014) (ruling that, where an agent abroad was no longer authorized to receive service on behalf of the defendant, plaintiff's attempt to serve that agent was ineffective).

[11] The "Citco Subscribers" include CGC NA, Citco Global Custody NV, Citco Global Custody (NA) NV, Citco Fund Services (BVI), and Citco Fund Services (Europe). ABN AMRO I Prop. Compl. ¶ 9; ABN AMRO II Prop. Compl. ¶ 9.

dispatched postal service.[12]  The Non-Swiss BNPP Defendants all reside in Hague signatory jurisdictions that did not object to Article 10(a), the provision of the Hague Convention which allows for the transmission of judicial documents by mail.  As the Consolidated Motion demonstrates, *privately-dispatched* postal service is not authorized by the Federal Rules of Civil Procedure, which permit postal service in such non-objecting jurisdictions *only where* that postal service was effected by the clerk of the court.  *See* Fed. R. Civ. P. 4(f)(2)(C)(ii); *Brockmeyer v. May*, 383 F.3d 798, 803–08 (9th Cir. 2004); Consolidated Motion at 74.  Therefore, this requirement was plainly not met as regards the Non-Swiss BNPP Defendants.[13]

### III. The Liquidators Have Not Adequately Pled That Any Of The BNPP Defendants Had Knowledge Of The Fraud

The transfers at issue in the present litigations are protected by the safe harbor in 11 U.S.C. § 546(e), unless the Liquidators can plead that the BNPP Defendants possessed actual knowledge of Madoff's fraudulent conduct.  Consolidated Motion at 51–53, 56.  Here, the Liquidators' allegations fall far short of grounding any inference of actual knowledge.  Further, even if the Liquidators successfully pled that the BNPP Defendants acted either with a "blind-eye knowledge" of Madoff's fraud under BVI law or in "bad faith"—which they do not—the Privy Council Decision would still bar their claims.  Thus, the claims must be dismissed.

With respect to the BNPP Defendants other than BNPP Suisse, the Liquidators do not

---

[12]    Aff. Service, *Fairfield Sentry Ltd. v. BNP Paribas Arbitrage SNC*, Adv. Pro. No. 10-04098 (Bankr. S.D.N.Y. Nov. 16, 2010), ECF No. 3; Aff. Service, *Fairfield Sentry Ltd. v. BNP Paribas Private Bank and Trust Cayman Ltd.*, Adv. Pro. No. 10-04099 (Bankr. S.D.N.Y. Nov. 16, 2010), ECF No. 3; Aff. Service, *Fairfield Sentry Ltd. v. FS/Fortis Banque Luxembourg*, Adv. Pro. No. 11-01242 (Bankr. S.D.N.Y. Mar. 01, 2011), ECF No. 3; Aff. Service, *Fairfield Sentry Ltd. v. BNP Paribas Securities Nominees Ltd.*, Adv. Pro. No. 11-01579 (Bankr. S.D.N.Y. Mar. 25, 2011), ECF No. 5; Aff. Service, *Fairfield Sentry Ltd. v. Fortis Bank SA/NV*, Adv. Pro. No. 11-01617 (Bankr. S.D.N.Y. Mar. 25, 2011), ECF No. 5; Aff. Service, *Fairfield Sentry Ltd. v. BNP Paribas España*, Adv. Pro. No. 12-01551 (Bankr. S.D.N.Y. Apr. 18, 2012), ECF No. 3.

[13]    Specifically, these jurisdictions are Spain, the Cayman Islands, Luxembourg, France, and the Channel Islands.  *See supra* note 4.

even attempt to allege actual knowledge or bad faith. Thus, the claims against these defendants clearly must be dismissed.

Similarly, as against BNPP Suisse, the Liquidators' alleged theory cannot sustain any conclusion that BNPP Suisse had actual knowledge or acted in bad faith. Specifically, the Liquidators' allegations involve two separate categories of Citco entities: (i) certain Citco entities that calculated for the *Funds* the net asset value ("NAV") of the Funds' shares and issued certificates in respect of those NAVs (the "Citco Administrators") and (ii) certain other Citco entities which provided mere ministerial services for certain Fund *investors* that were limited to subscribing to, serving as the record shareholder of, and redeeming Fund shares (as described above, the Citco Subscribers). ABN AMRO II Prop. Compl. ¶¶ 113, 157. The Liquidators' *sole* theory as against BNPP Suisse is that the Citco *Administrators*' purported knowledge should be imputed to BNPP Suisse since certain accounts held by the Citco *Subscribers* were "associated with" BNPP Suisse.[14] In advancing that theory, the Liquidators conflate, once again, two different types of Citco entities that, by their own allegations, are legally distinct and provided separate services at the behest of separate entities. These allegations are likewise inadequate.

*First*, Federal Rule of Civil Procedure 9(b) requires allegations related to actual knowledge of fraud to be pled using specific "facts that give rise to a strong inference of actual knowledge." *Rosner v. Bank of China*, No. 06 Civ. 13562, 2008 WL 5416380, at *5 (S.D.N.Y. Dec. 18, 2008), *aff'd,* 349 F. App'x 637 (2d Cir. 2009) (internal quotation marks omitted). Recently, this Court held that in order to meet the "actual knowledge" exception to the

---

[14] The strained nature of the Liquidators' theory is evident. First, the Liquidators plead that "Citco acted with a lack of good faith by issuing Certificates in spite of its knowledge" of certain indicia that Madoff employed idiosyncratic business practices. ABN AMRO II Prop. Compl. ¶ 153. Then, they assert that this "lack of good faith permeated the entire Citco organization" without referring specifically to the Citco Subscribers. *Id*. ¶ 154. They further allege that "Citco Subscribers served as trustee, agent, representative, nominee or custodian for the Beneficial Shareholders." *Id*. ¶ 157. Finally, they conclude that "the Beneficial Shareholders . . . had the same knowledge as Citco regarding all relevant matters relating to BLMIS and the Funds' Net Asset Values[.]" *Id*. ¶ 160.

7

application of Section 546(e) of the Bankruptcy Code, a plaintiff must show that the defendant "had actual knowledge that BLMIS was not engaged in the trading of securities." *In re Bernard L. Madoff Inv. Sec. LLC*, 548 B.R. 13, 28 (Bankr. S.D.N.Y. 2016); *In re Bernard L. Madoff Inv. Sec. LLC.*, No. 12 MC 115 (JSR), 2013 WL 1609154, at *4 (S.D.N.Y. Apr. 15, 2013).  The Liquidators' generalized allegations about Madoff's administrative idiosyncrasies do not support the requisite strong inference that the Citco Administrators had actual knowledge that Madoff was not engaged in securities trading.  Instead, these allegations are, at best, the very type of "red flags" that this Court deemed insufficient to defeat the application of the Section 546(e) safe harbor.  *In re Bernard L. Madoff Inv. Sec. LLC*, 548 B.R. at 28.[15]

*Second*, even assuming that such red flags could satisfy either "actual knowledge" within the meaning of Section 546(e) or a lack of "good faith," the Liquidators have not demonstrated that the Citco Administrators' knowledge could be imputed to the Citco Subscribers.  Rather than plead specific facts related to the knowledge possessed by particular Citco entities that allegedly were BNPP Suisse's agents, the Liquidators adopt an impermissible group pleading strategy.[16]  *See, e.g.*, ABN AMRO II Prop. Compl. ¶ 154 (alleging generally that the "lack of good faith permeated the entire Citco organization"); *In re Bank of N.Y. Mellon Corp. Forex*

---

[15]    These allegations similarly fail under BVI law, which would require the Liquidators to plead that any Citco entity or the BNPP Defendants had "blind-eye knowledge" by demonstrating "(i) that specific relevant facts exist, (ii) a firmly grounded suspicion on the part of that person that those specific facts exists, and (iii) a deliberate decision by that person to avoid confirming that those specific facts exist, which involves identifying the steps that could have been taken, but were not taken to obtain confirmation of the specific facts." *See* Decl. Simon Mortimore ¶ 114, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro No. 10-03496 (Bankr. S.D.N.Y. Jan. 13, 2017), ECF No. 962 (hereinafter "Mortimore Decl."). The Liquidators' threadbare allegations do not suggest that BNPP Suisse or any Citco entities had a "firmly grounded suspicion" regarding the fraud, nor that they made a deliberate decision to avoid learning of relevant facts.

[16]    The Citco Subscriber entities alleged to be agents of BNPP Suisse are CGC NA, ABN AMRO I Prop. Compl. ¶ 9; and Citco Global Custody NV, Citco Global Custody (NA) NV, Citco Fund Services (BVI), and Citco Fund Services (Europe) BV in ABN AMRO II Prop. Compl. ¶ 9., whereas the allegations related to Citco's bad faith all relate to the knowledge of the Citco Administrators: Citco Fund Services (Europe) B.V. and its delegatee Citco (Canada) Inc. *Id.* ¶ 127.  Citco Fund Services (Europe) B.V. in Adv. Pro. No. 10-03636 is thus the only entity allegedly serving both functions, but even in that case the Liquidators make no specific allegations about its role.

*Transactions Litig.*, 991 F. Supp. 2d 479, 500–01 (S.D.N.Y. 2014); *see also Concord Assocs., L.P. v. Entm't Props. Tr.*, No. 12 Civ. 1667, 2014 WL 1396524, at *24 (S.D.N.Y. Apr. 9, 2014) (rejecting the use of "allegations . . . made against families of affiliated entities").[17]

*Third*, even if the purported knowledge of the Citco Administrators could be imputed to the Citco Subscribers, the Liquidators' allegations still fall short of the standards that would permit the Court to, in turn, impute the knowledge of the Citco Subscribers to BNPP Suisse, under well-settled principles of agency law. These principles allow an agent's knowledge to be imputed to a principal in only limited circumstances, in which either the agent has a "duty to give the principal information" or "when the agent acts on his knowledge regarding a matter that is 'within his power to bind the principal.'" *See United States v. Meregildo*, 920 F. Supp. 2d 434, 443–44 (S.D.N.Y. 2013) (citing Restatement (Second) of Agency § 272), *aff'd sub nom. United States v. Pierce*, 785 F.3d 832 (2d Cir. 2015); Consolidated Motion at 57. Neither of these circumstances applies here. In this case, the Liquidators have failed to allege that any of the Citco entities had a duty to provide information about their Madoff-related diligence to BNPP Suisse *or* that they provided such information to BNPP Suisse. Nor do the Liquidators demonstrate how the Citco *Administrators'* purported knowledge of the Madoff fraud could be deemed to be within the scope of the Citco *Subscribers'* narrow scope of ministerial authority.

*Fourth*, even if the Citco Administrators' alleged knowledge could be imputed to Fairfield investors—which it should not be—the Liquidators are still barred from pursuing their claims under the *in pari delicto* doctrine, which prevents bankruptcy trustees from suing third parties in cases of fraud in which the debtor was complicit. *In re Bernard L. Madoff Inv. Sec. LLC.*, 721 F.3d 54, 63 (2d Cir. 2013). Accordingly, as the Consolidated Motion argues, the

---

[17] The Liquidators also make no attempt to argue that the Citco entities are alter egos of one another and do not demonstrate that these allegations create an exception to the "rule" that "parent and subsidiary corporations are separate entities[.]" *In re Regency Holdings (Cayman), Inc.*, 216 B.R. 371, 375 (Bankr. S.D.N.Y. 1998).

9

Citco Administrators who allegedly recognized the warning signs regarding Madoff's practices were acting as agents of the Funds, and the Funds accordingly should be deemed to have acted in bad faith, thereby foreclosing their recovery. *See In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 399 (S.D.N.Y. 2011) (ruling that "the 'unclean hands' of a corporation's agent are imputed to the entire corporation"); Consolidated Motion at 54–55.[18]

*Finally*, even if BNPP Suisse were deemed to have had actual knowledge of the Madoff fraud—which it did not—the Liquidators would be barred from recovery on three independent bases: (i) the Privy Council Decision, which held that the Funds' obligations under the Articles of Association to make redemption payments do not depend upon the mental state of any of the Funds' investors; (ii) the Eastern Caribbean Court of Appeal's ruling that the Funds' investors gave good consideration in exchange for receiving redemption payments and, therefore, the Funds cannot now unwind the relevant transactions; and (iii) principles of preclusion, as the Liquidators could have raised in their BVI actions that either Citco entities or any BNPP Defendant acted with actual knowledge or bad faith, but did not do so. *See Fairfield Sentry Ltd. v. Migani* [2014] UKPC 9 ¶¶ 23–24 (Mortimore Decl., Ex. C); Mortimore Decl. ¶ 119, 121, 125 (explaining that these obligations to make redemption payments under the Articles are not qualified by "the good faith of the redeeming member," nor can now be ignored by the Funds since their investors gave good consideration); Consolidated Motion at 45–46.

## CONCLUSION

For the reasons set forth above, this Court should deny the Liquidators' Motion for Leave to Amend and dismiss the Complaints with prejudice.

---

[18] As set forth in the Consolidated Motion, even if the U.S. law *in pari delicto* defense were to be deemed inapposite to the Liquidators' BVI claims, the principle of *ex turpi causa* under BVI law would likewise preclude the Liquidators from benefitting from any misconduct imputed to them and, accordingly, require dismissal of their claims. *See* Consolidated Motion 54–55.

Dated: New York, New York
January 27, 2017

Respectfully submitted,

**Cleary Gottlieb Steen & Hamilton LLP**

By:  */s/ Breon S. Peace*

Breon S. Peace
Ari D. MacKinnon
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for the BNP Paribas Defendants*

11