**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| Fairfield Sentry Limited, et al., | Case No. 10-13164 (SMB) |
| Debtors in Foreign Proceedings | Jointly Administered |
| Fairfield Sentry Limited, et al., | |
| Plaintiffs, | Adv. Proc. No. 10-3496 (SMB) |
| v. | Consolidated under This Matter |
| Theodoor GGC Amsterdam, et al., | |
| Defendants | |
| This brief is submitted in the following Adversary Proceedings: 10-3635, 10-3636, and 10-4088. | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF**
**THE SWISS CREDIT SUISSE DEFENDANTS' MOTION TO DISMISS**

William J. Sushon
Daniel S. Shamah
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York  10036
Telephone:    (212) 326-2000
Facsimile:    (212) 326-2061
E-mail:   wsushon@omm.com
E-mail:   dshamah@omm.com

*Attorneys for the Swiss*
*Credit Suisse Defendants*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

SUPPLEMENTAL STATEMENT OF FACTS ........................................................................... 3

ARGUMENT .................................................................................................................................. 4

    I.    THE LIQUIDATORS' CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO SUPPORT SPECIFIC JURISDICTION .............................. 4

        A.    The Subscription Agreements' Jurisdiction Waiver Does Not Apply ............................................................................................................ 4

        B.    The Liquidators' Other Allegations are Insufficient to Confer Personal Jurisdiction over the Swiss Credit Suisse Defendants. ............... 6

        C.    The Claims Do No Arise Out of any Jurisdictional Contact with New York .................................................................................................. 6

        D.    Exercising Personal Jurisdiction over the Swiss Credit Suisse Defendants Would Be Unreasonable. .......................................................... 7

    II.    THE LIQUIDATORS HAVE NOT PROPERLY SERVED THE SWISS CREDIT SUISSE DEFENDANTS. ...................................................................... 7

    III.    THE CLAIMS AGAINST LEU PRIMA GLOBAL SHOULD BE DISMISSED BECAUSE LEU PRIMA GLOBAL LACKS CAPACITY TO BE SUED. ....................................................................................................... 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*,
   572 F.3d 86 (2d Cir. 2009)..................................................................................................5

*Amaprop Ltd. v. Indiabulls Fin. Servs.*,
   No. 11 Civ. 1853 (PGG) (JCF), No. 11 Civ. 2001 (PGG) (JCF),
   2012 U.S. Dist. LEXIS 146166 (S.D.N.Y. Oct. 5, 2012) ....................................................8

*Bisson v. United Nations*,
   No. 06 Civ. 6352, 2007 WL 2154181 (S.D.N.Y. July 27, 2007) .........................................9

*CBF Industria de Gusa S/A v. Steel Base Trade AG*,
   No. 14 Civ. 3034 (RWS),
   2015 U.S. Dist. LEXIS 31988 (S.D.N.Y. Mar. 12, 2015) ....................................................9

*Gay v. Carlson*,
   No. 89 Civ. 4757, 1991 WL 190584 (S.D.N.Y. Sept. 17, 1991) .........................................7

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)..............................................................................................................4

*J. McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011)..............................................................................................................6

*Khan v. Khan*,
   360 Fed. App'x 202 (2d Cir. 2010).......................................................................................9

*Kwon v. Yun*,
   No. 05 Civ. 1142, 2006 WL 416375 (S.D.N.Y. Feb. 21, 2006) ..........................................9

*Marsh v. Rosenbloom*,
   499 F.3d 165 (2d Cir. 2007)..................................................................................................9

*Mut. Benefits Offshore Fund v. Zeltser*,
   37 N.Y.S.3d 1 (N.Y. App. Div. 2016) .................................................................................8

*Phillips v. Audio Active Ltd.*,
   494 F.3d 378 (2d Cir. 2007)..................................................................................................8

*Qader v. Cohen & Slamowitz*,
   No. 10 CV 01664, 2011 WL 102752 (S.D.N.Y. Jan. 10, 2011) ..........................................9

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   Adv. Pro. No. 11-02732 (SMB),
   2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016)..........................................................4

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Spiegel v. Schulman*,
    604 F.3d 72 (2d Cir. 2010) ..................................................................................................4

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988) ............................................................................................................8

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ........................................................................................................4

*Waldman v. Palestine Liberation Org.*,
    835 F.3d 317 (2d Cir. 2016) ................................................................................................6

**Statutes**

11 U.S.C. § 546(e) .......................................................................................................................1

11 U.S.C. §1521(a)(7) ..................................................................................................................1

# PRELIMINARY STATEMENT[1]

The Swiss Credit Suisse Defendants hereby adopt and incorporate by reference the Consolidated Memorandum. As that submission shows, there are numerous separate and independent reasons why the complaint against the Swiss Credit Suisse Defendants should be dismissed with prejudice and leave to amend denied:

- This Court lacks subject matter jurisdiction over these actions. The complaints' foreign common-law and statutory claims do not "arise under" the Bankruptcy Code or "arise in" any bankruptcy proceeding, and so they are not core claims. And "related to" jurisdiction is lacking because the claims' connections to the United States or the Funds' liquidation are too attenuated. *See* Cons. Mem. at 17–23.

- This Court also lacks personal jurisdiction over the Swiss Credit Suisse Defendants. The Liquidators' reliance on the personal jurisdiction waiver in the Subscription Agreements is misplaced because, as both the Privy Council and this Court have previously held, these claims arise under the Fairfield Funds' Articles of Association, which have no provision concerning jurisdiction. And the complaints allege no other basis for personal jurisdiction here because the Swiss Credit Suisse Defendants' alleged contacts with the United States are not sufficient to give rise to personal jurisdiction here. *Id.* at 23–35.

- Section 546(e) bars all of the claims. Numerous courts have held that section 546(e) protects from recovery the exact type of transfers the Liquidators seek to unwind here—settlement payments in securities transactions. *Id.* at 36–44.[2]

- The Privy Council's decision collaterally estops the Liquidators from bringing their common-law and contract claims. Having spent years litigating—and losing—in the BVI the question of whether the redemptions payments are recoverable, the Liquidators cannot get yet another bite at the apple in this Court. The Privy Council's rulings—that the NAV

---

[1] This memorandum refers to (i) Adversary Proceedings 10-3536, 10-3636, 10-4088 as "the Actions"; (ii) Fairfield Sentry Limited, Fairfield Lambda Limited, and Fairfield Sigma Limited as "Fairfield" or "the Funds"; (iii) the Funds' Foreign Representatives as "Liquidators"; (iv) Clariden Leu Ltd. as "Clariden Leu"; (v) Credit Suisse AG Zurich as "Credit Suisse AG"; (vi) Leu Prima Global Fund as "Leu Prima Global"; (vii) Clariden Leu, Credit Suisse AG, and Leu Prima Global collectively, as "Swiss Credit Suisse Defendants," (viii) the Moving Defendants' Consolidated Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend and in support of Defendants' Motion to Dismiss filed on January 13, 2017 as the "Consolidated Memorandum" and abbreviated as "Cons. Mem."; (ix) the Proposed Amended Complaints against Clariden Leu, Credit Suisse AG, and Leu Prima Global in the Actions as "10-3635 PAC," "10-3636 PAC," and "10-4088 PAC" (collectively, "the Complaints"); (x) the restitution claims under New York law or BVI law as "the Common-Law Claims"; and (xi) the 1965 Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters as "the Hague Convention." Unless otherwise stated, all emphases are added and citations and internal quotation marks are omitted.

[2] The Swiss Credit Suisse Defendants also join, adopt, and incorporate by reference the arguments made in Sumitomo Trust & Banking Co., Ltd.'s Individual Supplemental Memorandum of Law (Case No. 10-03863) that even if the common law claims were governed by New York state law, and not BVI law, the claims would be preempted by Bankruptcy Code section 1521(a)(7).

certificates were binding on the Funds (and thus that the Funds were contractually obligated to honor defendants' redemption requests) and that the defendants gave good consideration in exchange for receiving redemption payments—eviscerate these claims. *Id.* at 44–51.

- The Liquidators' supposedly "new" allegations that Citco acted in bad faith, even if adequately pleaded, do not undermine the Privy Council's rulings. This is because (i) the Privy Council's and Eastern Caribbean Court of Appeals' good-consideration rulings defeat the BVI common-law and contract claims regardless of Citco's state of mind; and (ii) the Liquidators' attempt to impute Citco's bad faith to the defendants is unavailing in any event because, among other things, it turns BVI's *ex turpi causa* doctrine—which imputes Citco's bad faith to Fairfield, not to the Swiss Credit Suisse Defendants—on its head. *Id.* at 51–58.

- The complaints fail to allege how the Funds were injured, thus depriving the Liquidators of standing to assert those claims. *Id.* at 58–61.

- The Liquidators fail adequately to plead several elements of the BVI Insolvency Act claims. This is because (i) the Swiss Credit Suisse Defendants were not creditors of the Funds; (ii) the transactions were not "undervalue" because the prices paid for shares were the same as the price at which the Funds offered to sell the shares; and (iii) the Funds were not insolvent under BVI law when the transactions occurred. The Proposed Amended Complaints also establish on their faces several affirmative defenses, including that the transactions were undertaken in the ordinary course and that the Swiss Credit Suisse Defendants acted in good faith. And this Court cannot grant the statutory relief the Liquidators seek because the power to grant that relief is statutorily limited to the court in which the liquidation is proceeding. *Id.* at 61–70.

If the Court were to conclude that it has jurisdiction and that the Complaints adequately plead Liquidators' claims, the Court should nevertheless dismiss these Complaints for *forum non conveniens*. As explained in greater detail in the FNC Memorandum, filed contemporaneously with the Supplemental Memorandums, and which the Swiss Credit Suisse Defendants join, adopt, and incorporate by reference, these cases should be litigated in the BVI, where the Funds' liquidation is proceeding.

The Swiss Credit Suisse Defendants also submit this Supplemental Memorandum to address the additional, unique reasons why the Court should dismiss, and deny the Liquidators leave to amend, the operative complaints. *First*, the Liquidators' allegations are insufficient to establish personal jurisdiction over the Swiss Credit Suisse Defendants. *Second*, the Liquidators failed to serve the Swiss Credit Suisse Defendants in accordance with Swiss law. *Third*, Leu Prima Global is a Swiss contractual fund and therefore lacks capacity to be sued.

2

**SUPPLEMENTAL STATEMENT OF FACTS**

The Swiss Credit Suisse Defendants incorporate by reference the Consolidated Memorandum's Factual and Procedural Background and set forth below only relevant facts alleged specifically against them.

The Complaints allege that Credit Suisse AG, Clariden Leu, and Leu Prima are each organized under Swiss law and have their registered address in Zurich, Switzerland.[3] None of the Complaints alleges that the Swiss Credit Suisse Defendants signed Subscription Agreements or specifies the amounts of Redemption Payments received.[4]

Leu Prima Global Fund was a fund of funds—a form of contractual fund with no independent legal capacity—organized under Swiss law. Niggli Decl. ¶ 7. It changed its name to SAAF II (CH) Global Fund. Adv. Pro. No. 10-4088 (Dkt. No. 15) (SAAF II (CH) Corporate Disclosure Statement). On December 20, 2010, SAAF II's fund manager provided notice to SAAF II investors that it intended to dissolve and liquidate its assets. Niggli Decl. ¶¶ 9–10. A final payment was made to investors on September 18, 2012, and on October 4, 2012, FINMA—the Swiss authority responsible for overseeing contractual funds like SAAF II—removed SAAF II from its register of authorized Swiss investment vehicles. *Id.* ¶ 11. SAAF II thus no longer exists under Swiss law.

---

[3] *See* 10-3635 PAC ¶¶ 56 (Clariden Leu), 58 (Credit Suisse AG); 10-3636 PAC ¶¶ 61 (Clariden Leu), 63 (Credit Suisse AG); 10-4088 PAC ¶ 33 (Leu Prima Global Fund). Credit Suisse AG is the successor by merger to Clariden Leu. *See* Adv. Proc. No. 10-3496 (Dkt. No. 574, at 9).

[4] *See* 10-3635 PAC ¶ 20, Ex. A–B; 10-3636 PAC ¶ 20, Ex. A–C; 10-4088 PAC ¶¶ 20, 33 ("[S]ome or all of the Redemption Payments made to Credit Suisse (Luxembourg) may have been paid to an account holder or holders associated with Leu Prima Global Fund.").

3

## ARGUMENT

I. **THE LIQUIDATORS' CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO SUPPORT SPECIFIC JURISDICTION.**

As explained in the Consolidated Memorandum, to exercise specific personal jurisdiction over the Swiss Credit Suisse Defendants consistent with the Fifth Amendment's Due Process Clause, the Liquidators must allege (i) either sufficient contacts establishing each foreign defendant's substantial connection to the jurisdiction or that they purposefully directed their actions here, *and* (ii) that the Liquidators' claims arise out of those contacts or actions.[5] Further, the Liquidators must show that exercising personal jurisdiction would be reasonable.[6] The Complaint fails to satisfy any of these threshold requirements.[7]

A. **The Subscription Agreements' Jurisdiction Waiver Does Not Apply.**

The Complaints rely heavily on the Subscription Agreements' forum selection clauses to establish personal jurisdiction over all the Swiss Credit Suisse Defendants.[8] That reliance is misplaced. As this Court has already acknowledged, and the Privy Council has already held, the Liquidators' claims arise out of the Funds' Articles of Association.[9] Those Articles—not the Subscription Agreements—prescribe the "terms of the subscriber's membership of the Fund," including procedures for calculating NAV, redeeming shares, and making redemption payments.[10] The Liquidators admitted as much (for strategic purposes) in the BVI

---

[5] *See* Cons. Mem. at 23 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014)).

[6] *See* Cons. Mem. at 23–24 (citing *Int'l Shoe*, 326 U.S. at 316).

[7] *See, e.g.*, *Spiegel v. Schulman*, 604 F.3d 72, 78 (2d Cir. 2010) (proposed amendment properly denied as futile where it fails to establish personal jurisdiction).

[8] *See* 10-3635 PAC ¶¶ 20–23; 10-3636 PAC ¶¶ 20–23; 10-4088 PAC ¶¶ 20–23.

[9] *See* Cons. Mem. at 24–27 ("[T]he Privy Council in Fairfield Sentry ruled that the redemptions were governed by the Articles of Association and BVI law.") (citing *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 11-02732 (SMB), 2016 WL 6900689, at *14–15 (Bankr. S.D.N.Y. Nov. 22, 2016)).

[10] *See* Cons. Mem. at 24–27.

4

proceedings.[11]  Under equitable and collateral estoppel principles, Liquidators cannot now cast aside this Court's—and the Privy Council's—prior holdings (much less Liquidators' admissions).[12]

Even if those equitable doctrines did not bar the Liquidators from relying on the Subscription Agreements, the forum selection clauses, by their own terms, do not apply.[13]  As the Complaints concede, the forum selection clause applies to suits, actions, or proceedings only with respect to "this [Subscription] Agreement *and* the Fund."[14]  But the Liquidators' claims relate to the Articles—under which the defendants were paid their redemption monies—not the Subscription Agreements, which only bind the subscriber to his subscription.[15]  For this reason, too, the Subscription Agreements cannot provide the procedural hook the Liquidators seek.

And even if the Subscription Agreements' forum selection clauses were sufficient to confer personal jurisdiction over investors, the Liquidators do not allege that any of the Swiss Credit Suisse Defendants signed Subscription Agreements.  Thus, even if the forum selection clauses in those agreements governed the Liquidators' claims (and they do not), the Liquidators cannot rely on them to confer personal jurisdiction over the Swiss Credit Suisse Defendants.

---

[11]  *See* Cons. Mem. at 26–27.

[12]  *See* Cons. Mem. at 24–27.

[13]  *See* Cons. Mem. at 27–28 (citing *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, 572 F.3d 86, 90 (2d Cir. 2009) (to rely on a forum selection clause, the claims must "relate to the precise language of the specific clause at issue")).

[14]  *See, e.g.*, 10-4088 PAC. ¶ 22.

[15]  *See* Cons. Mem. at 24–28.

5

**B.   The Liquidators' Other Allegations are Insufficient to Confer Personal Jurisdiction over the Swiss Credit Suisse Defendants.**

Without Subscription Agreements' jurisdiction waiver, the Liquidators are left to plead facts showing that the Swiss Credit Suisse Defendants either had "a substantial connection" to New York or "purposefully directed" their conduct here.[16]  The Complaints do neither.

As the Consolidated Memorandum demonstrates, no allegations concerning the Swiss Credit Suisse Defendants' contacts with New York is sufficient to confer personal jurisdiction:

- It is not enough that the Swiss Credit Suisse Defendants might have predicted their money would reach New York.[17]  The relationship between the defendant and the forum "must arise out of the contacts that the defendant *himself* creates with the forum."[18]  So while the Swiss Credit Suisse Defendants might have known that the Funds intended to invest *the Funds'* assets in the New York-based BLMIS, the Swiss Credit Suisse Defendants themselves did not direct any of their own assets outside of the BVI.[19]

- The Swiss Credit Suisse Defendant's alleged "selection" of the U.S. dollar does not expose them to this Court's jurisdiction because the Funds dictated the choice of U.S. dollars for subscriptions and redemptions.[20]  The Swiss Credit Suisse Defendants were nothing more than passive observers to the Funds' purposeful "selection" and so the use of U.S. dollars is not enough to give rise to personal jurisdiction here.

- Similarly, the Swiss Credit Suisse Defendants' maintenance and designation of New York correspondent bank accounts does not support personal jurisdiction over them because the Fairfield Funds dictated those choices, too.[21]

As discussed in more detail in the Consolidated Memorandum, none of these allegation alone, nor all of them taken together, is sufficient to plead personal jurisdiction.[22]

**C.   The Claims Do No Arise Out of any Jurisdictional Contact with New York.**

Even if the Complaints pleaded sufficient contacts between the Swiss Credit Suisse Defendants and the United States, personal jurisdiction would not lie.  This is because the

---

[16] *See* Cons. Mem. at 29–33.
[17] *See* Cons. Mem. at 30 (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011)).
[18] Cons. Mem. at 30 (citing *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 334 (2d Cir. 2016)).
[19] *See, e.g.*, 10-4088 PAC ¶¶ 25–26; Cons. Mem. at 5 (the Funds are organized under BVI law).
[20] *See* Cons. Mem. at 30–31.
[21] *See* Cons. Mem. at 31–33.
[22] *See* Cons. Mem. at 29–33.

6

Liquidators' claims do not arise out of the Swiss Credit Suisse Defendants' contacts with New York or the United States, the other indispensable element of personal jurisdiction.[23] The complained-of conduct—allegedly mistaken payments—would have happened even without any of the alleged contacts with the forum. In other words, the focal point of the litigation is not here; the defendants' contacts with New York was not the proximate cause of the alleged harm.[24]

>    **D.    Exercising Personal Jurisdiction over the Swiss Credit Suisse Defendants Would Be Unreasonable.**

As the Consolidated Memorandum shows, this Court should not exercise personal jurisdiction over the Swiss Credit Suisse Defendants for yet another independent reason: exercising personal jurisdiction here would offend the traditional notions of fair play and substantial justice.[25] The Swiss Credit Suisse Defendants could not reasonably expect to appear before a New York court to defend against an action stemming from their alleged roles in directing assets to the BVI.

**II.    THE LIQUIDATORS HAVE NOT PROPERLY SERVED THE SWISS CREDIT SUISSE DEFENDANTS.**

As discussed in the Consolidated Memorandum, the Liquidators have failed properly to serve each Swiss defendant, including the Swiss Credit Suisse Defendants.[26] As to Credit Suisse AG and Clariden Leu, the Liquidators attempted to bring suit in New York State court by serving Summons with Notice by international mail.[27] Because this case was originally filed in state

---

[23] *See* Cons. Mem. at 33–35.

[24] *See* Cons. Mem. at 34.

[25] *See* Cons. Mem. at 35.

[26] *See* Cons. Mem. at 70–75.

[27] *See* Sushon Decl. Ex. 1 (June 29, 2010 Affidavit of Service Index No. 650316/2010) (affirming that service was attempted "by international registered mail"); Ex. 2 (June 29, 2010 Affidavit of Service Index No. 650277/2010) (affirming that service was attempted "by international registered mail"); *see also* Adv. Pro. No. 10-3635 (Dkt. No. 1, Ex. B); Adv. Pro. No. 10-3636 (same). Adversary Proceeding 10-3635 originated in New York State Court as Index No. 650316/2010 and Adversary Proceeding 10-3636 originated in New York State Court as Index No. 650277/2010.

7

court, the Liquidators had to satisfy New York's service requirement.[28] As to Leu Prima Global, the Liquidators initiated an adversary proceeding in this Court; service must therefore comply with Federal Rule of Civil Procedure 4, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7004. The Supremacy Clause, however, renders any distinction between state and federal law irrelevant, as the Hague Convention "pre-empts inconsistent methods of service prescribed" by both state and federal law.[29] In signing the Hague Convention, Switzerland expressly rejected the aspects of the treaty permitting service by mail.[30] Instead, the "only way"[31] to serve process on a Swiss defendant consistent with the Hague Convention is through the central authority Switzerland established under that treaty.[32] Furthermore, because Switzerland has *criminalized* service of process in contravention of the Hague Convention, compliance with the treaty cannot be waived by agreement.[33] In other words, as a matter of Swiss public policy and law, this Court cannot give effect to the Subscription Agreements' forum selection clauses as to the Swiss Credit Suisse Defendants.[34]

Even if a Swiss entity could waive the Hague Convention's requirements, the Liquidators' attempted service of the Swiss Credit Suisse Defendants would be deficient. As for Credit Suisse AG and Clariden Leu, the Liquidators maintain that they served those entities

---

[28] *See Gay v. Carlson*, No. 89 Civ. 4757, 1991 WL 190584, at *5 (S.D.N.Y. Sept. 17, 1991) ("In measuring sufficiency of process before removal, the court looks to standards established by state law.").

[29] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) ("By virtue of the Supremacy Clause, the [Hague] Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies."); *Amaprop Ltd. v. Indiabulls Fin. Servs.*, No. 11 Civ. 1853 (PGG) (JCF), No. 11 Civ. 2001 (PGG) (JCF), 2012 U.S. Dist. LEXIS 146166, *32 (S.D.N.Y. Oct. 5, 2012) ("[I]f the Hague Service Convention applies, its provisions are mandatory and pre-empt inconsistent methods of service allowed or required by state or federal statute or rule.").

[30] *See* Cons. Mem. at 70–75.

[31] *Mut. Benefits Offshore Fund v. Zeltser*, 37 N.Y.S.3d 1, 2 (N.Y. App. Div. 2016) ("The only way to serve [Swiss entities] is through the central authority that Switzerland has established pursuant to the [Hague] Convention.").

[32] *See* Cons. Mem. at 70–75 & 71 n.49.

[33] *See* Cons. Mem. at 72–73.

[34] *See* Cons. Mem. at 72–73.

under the Subscription Agreements "by international registered mail."[35] But the Liquidators do not even allege that either signed a Subscription Agreement; therefore, the Liquidators cannot rely on the Subscription Agreements to effectuate service on those defendants.[36] As for Leu Prima Global, the Liquidators do not even allege that they attempted to serve it at all.[37] Because the Liquidators have failed properly to serve the Swiss Credit Suisse Defendants, the Complaints against them must be dismissed.[38]

### III. THE CLAIMS AGAINST LEU PRIMA GLOBAL SHOULD BE DISMISSED BECAUSE LEU PRIMA GLOBAL LACKS CAPACITY TO BE SUED.

Under Federal Rule of Civil Procedure 17(b), the law under which a corporation was organized governs its capacity to be sued.[39] And if local law determines the corporation lacks the capacity to be sued, the claims against it should be dismissed.[40]

The Court should dismiss the Complaint as to Leu Prima Global because it lacks capacity to be sued under Swiss law, under which it was organized.[41] As explained in the accompanying

---

[35] *See supra* note 27.

[36] *See* Cons. Mem. at 24–27 (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383, 389 (2d Cir. 2007)).

[37] *See* Adv. Pro. No. 10-4088 (Dkt. No. 3).

[38] *See Qader v. Cohen & Slamowitz*, No. 10 CV 01664, 2011 WL 102752, at *2, 4 (S.D.N.Y. Jan. 10, 2011) (dismissing complaint for insufficient service of process); *Kwon v. Yun*, No. 05 Civ. 1142, 2006 WL 416375, at *5 (S.D.N.Y. Feb. 21, 2006) (finding service ineffective and observing that the plaintiff "must, through specific factual allegations and supporting materials, make a prima facie showing that service was proper") (collecting cases); *see also Khan v. Khan*, 360 Fed. App'x 202, 203–04 (2d Cir. 2010) (affirming dismissal of complaint under Federal Rule of Civil Procedure 12(b)(5) for ineffective service of process); *Bisson v. United Nations*, No. 06 Civ. 6352, 2007 WL 2154181, at *11 (S.D.N.Y. July 27, 2007) (recommending dismissal of complaint against foreign entity for failure to effect proper service).

[39] *See* Fed. R. Civ. P. 17(b)(2) ("Capacity to be sued is determined . . . for a corporation, by the law under which it was organized.").

[40] *See Marsh v. Rosenbloom*, 499 F.3d 165, 173 (2d Cir. 2007) (affirming dismissal of post-dissolution claim against Delaware corporation because "[w]hen [Delaware's] wind-up period expires, . . . so does the corporation's capacity to be sued"); *CBF Industria de Gusa S/A v. Steel Base Trade AG*, No. 14 Civ. 3034 (RWS), 2015 U.S. Dist. LEXIS 31988, *6, 12 (S.D.N.Y. Mar. 12, 2015) (dismissing sole claim because Swiss defendant lacked capacity to be sued under Swiss law).

[41] *See supra* at 3.

9

declaration of Gerhard Niggli, Swiss law prohibits a contractual fund, like Leu Prima Global, from being sued.[42] The Liquidators have thus failed to state a claim against Leu Prima Global.[43]

## CONCLUSION

For the foregoing reasons, and those stated in the Consolidated Memorandum and the FNC Memorandum, the Actions against the Swiss Credit Suisse Defendants should be dismissed.

Dated:  January 27, 2017
        New York, New York

Respectfully submitted,

/s/  William J. Sushon
William J. Sushon
Daniel S. Shamah
O'MELVENY & MYERS LLP
7 Times Square
New York, New York  10036
Telephone:   (212) 326-2000
Facsimile:   (212) 326-2061
E-mail:   wsushon@omm.com
E-mail:   dshamah@omm.com

*Attorneys for the Swiss Credit Suisse Defendants*

---

[42]  *See* Niggli Decl. ¶ 13.
[43]  *See supra* note 40.

10