**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | ) | |
|---|---|---|
| | ) | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | ) | |
| | ) | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | ) | |
| | ) | **Jointly Administered** |
| | ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **Adv. Pro. No. 10-03496** |
| -against- | ) | |
| | ) | |
| **THEODOOR GGC AMSTERDAM, et al.,** | ) | **Administratively** |
| | ) | **Consolidated** |
| Defendants. | ) | |
| | ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **Adv. Pro. No. 10-03635** |
| -against- | ) | |
| | ) | |
| **ABN AMRO Schweiz AG, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

|  |  |
|---|---|
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) |
|  | ) |
| Plaintiffs, | )   **Adv. Pro. No. 10-03636** |
| -against- | ) |
|  | ) |
| **ABN AMRO Schweiz AG, et al.,** | ) |
|  | ) |
| Defendants. | ) |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW IN
OPPOSITION TO BANK J. SAFRA SARASIN AG'S MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
AND IN SUPPORT OF ITS MOTION TO DISMISS AND IN FURTHER SUPPORT OF
<u>FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................................. ii
PRELIMINARY STATEMENT .............................................................................................................1
ARGUMENT ..........................................................................................................................................2
  I.    Incorporation of the Liquidators' Omnibus Brief. ............................................................2
  II.   The Court Has Personal Jurisdiction Over BJSS. .............................................................2
        A.    BJSS Expressly Consented to Jurisdiction. ............................................................ 3
        B.    The Court May Also Exercise Jurisdiction Based On BJSS's Contacts. ................ 3
  III.  BJSS Was Properly Served. ..............................................................................................4
  IV.   *Forum Non Conveniens* Dismissal Is Not Warranted. .......................................................5
CONCLUSION ........................................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*,
   No. 09-50026 (MG), 2017 WL 632126 (Bankr. S.D.N.Y. Feb. 16, 2017)................................2

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to *Bank J. Safra Sarasin AG's Memorandum of Law in Opposition to Plaintiffs' Motion For Leave to Amend and in Support of Its Motion to Dismiss* ("BJSS's Joinder and Supplemental MTD") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1] In opposition to BJSS's Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## PRELIMINARY STATEMENT

As detailed in the Liquidators' Omnibus Brief, Bank J. Safra Sarasin AG ("BJSS")[2] consented to this Court's jurisdiction over it in the Subscription Agreement, which broadly covers claims—like these—which are "with respect to" the Subscription Agreement and the Funds. Furthermore, BJSS purposefully availed itself of the privilege of doing business in this forum by investing in the Madoff feeder funds and by designating a U.S. correspondent bank to effectuate investments and redemptions.

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2] As alleged in the proposed Third Amended Complaint, upon information and belief, BJSS is a customer of the registered shareholder. *See* Proposed Third Amended Complaint, ¶¶ 14, 41.

Additionally, BJSS's argument that service was improper is similarly meritless. BJSS consented to service of process by mail in the Subscription Agreement, and the Liquidators served BJSS in compliance with that provision. Thus, service was effective for purposes of federal law.

**ARGUMENT**

**I.    Incorporation of the Liquidators' Omnibus Brief.**

BJSS joins in the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD Brief"). In opposition to BJSS's Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].

**II.   The Court Has Personal Jurisdiction Over BJSS.**

BJSS argues that the Court lacks jurisdiction over it for the reasons set forth in the Consolidated MTD Brief. For the reasons detailed in the Liquidators' Omnibus Brief, this Court has personal jurisdiction over BJSS. *See* Liquidators' Omnibus Brief, at § I.

As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant." *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, No. 09-50026 (MG), 2017 WL 632126, at * 7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.). While the Court may consider materials outside the pleadings, it must credit the plaintiffs' jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the plaintiffs and resolve all doubts in its favor. *See* Liquidators' Omnibus Brief, at § I.A.

2

### A.      BJSS Expressly Consented to Jurisdiction.

BJSS has consented to this Court's jurisdiction by agreeing in the Subscription Agreement to litigate in this Court. Ample precedent confirms that a valid and applicable forum selection clause conclusively affords the court personal jurisdiction over defendants bound by it. *See* Liquidators' Omnibus Brief, at § I.A. (collecting cases). The Proposed Amended Complaint against BJSS reflects that the Subscription Agreement contained the Forum Clause. *See id.* The Subscription Agreement is binding on the registered shareholders and the beneficial shareholders for whom they placed investments and applies to this action. *See id.*

BJSS argues that the Forum Clause does not confer personal jurisdiction over it because the Proposed Amended Complaint does not allege that BJSS signed the Subscription Agreement. As detailed in the Liquidators' Omnibus Brief, this argument fails because BJSS is bound by the Subscription Agreement as a "Beneficial Shareholder" or, at the very least, as a "closely related party" to the registered shareholder. *See* Liquidators' Omnibus Brief, at § I; Proposed Amended Compl. ¶¶ 14, 20-23. Accordingly, the Court has jurisdiction over BJSS.

### B.      The Court May Also Exercise Jurisdiction Based On BJSS's Contacts.

Beyond the Forum Clause, the allegations in the Proposed Amended Complaint are sufficient to confer jurisdiction over BJSS based on its contacts with the forum. The facts alleged show: (i) BJSS has "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the exercise of jurisdiction would not "offend traditional notices of fair play and substantial justice." *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegation that BJSS decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money

3

in New York-based BLMIS" is enough to establish that BJSS has minimum contacts necessary to support specific jurisdiction. *See id*. Moreover, BJSS's purposeful use of U.S. correspondent banks to effectuate the investments and redemption payments at issue here, similarly provides enough minimum contacts to support jurisdiction. *Id.*

### III. BJSS Was Properly Served.

As detailed in the Liquidators' Omnibus Brief, BJSS, a Swiss entity, expressly consented to service by mail in the Forum Clause of the Subscription Agreements. *See* Liquidators' Omnibus Brief, at § VI.A.1. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.* The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders. *See* Liquidators' Omnibus Brief, at §§ I.A.1, VI.B.

The Liquidators fully complied with the Forum Clause by serving BJSS by mail. The Subscription Agreement provided the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *Id.* Even if Swiss law prohibits mail service, as BJSS argues (*see* BJSS's Joinder and Supplemental MTD, at 4), service by mail remains effective for purposes of federal law. *See* Liquidators' Omnibus Brief, at § VI.B. Swiss law does not govern the legal effect of the Subscription Agreements in U.S. courts and BJSS cites to no case to support the view that Swiss law can change the law of service in this Court. *See id.* Thus, the Liquidators' service on BJSS

4

by International Registered Mail (*see* Copy of Order Transferring Case [Dkt. No. 1]), was effective.[3]

## IV.    *Forum Non Conveniens* **Dismissal Is Not Warranted.**

For the reasons detailed in the Liquidators' Opposition to Certain Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens* [Adv. Pro. 10-03496, 12-1599], this action should not be dismissed on the ground of *forum non conveniens*.

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that BJSS's Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 4, 2017

BROWN RUDNICK LLP

By:    */s/ David J. Molton*
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

---

[3] As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant. *See* Liquidators' Omnibus Brief, at § VI.B.

5