**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
Michael K. Kellogg (admitted *pro hac vice*)
Aaron M. Panner (admitted *pro hac vice*)
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
Telephone: (202) 326-7900

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | ) |
| | ) **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | ) |
| | ) **Jointly Administered** |
| | ) |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) |
| | ) |
| Plaintiffs, | ) **Adv. Pro. No. 10-03496** |
| -against- | ) |
| | ) |
| **THEODOOR GGC AMSTERDAM, et al.,** | ) **Administratively** |
| | ) **Consolidated** |
| Defendants. | ) |
| | ) |
| This Document applies to the adversary proceedings | ) |
| listed in Appendix A hereto. | ) |

**LIQUIDATORS' OPPOSITION TO CERTAIN DEFENDANTS'**
**MOTIONS TO DISMISS ON GROUNDS OF *FORUM NON CONVENIENS***

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 3

I.    Movants Waived Their *Forum Non Conveniens* Argument. .............................. 3

    A.    The Forum Selection Clause Covers These Claims................................3

    B.    Because the Clause is Mandatory and Enforceable, the *Forum Non
        Conveniens* Motion Must Be Denied. .......................................................5

II.   Even On its Merits, the Motion Should be Denied........................................... 7

    A.    The Applicable Standard .........................................................................7

    B.    Movants Identify No Adequate Alternative Forum...................................8

    C.    The Liquidators' Choice of Forum is Entitled to Deference. .................11

        1.    The Record Contradicts Movants' Forum-Shopping Narrative. ..............11

        2.    Movants Fail to Perform Sliding-Scale Deference Analysis That
            Considers Any "Genuine Conveniences" of Plaintiff's Chosen
            Forum. ............................................................................................13

    D.    The Balance of *Gilbert* Factors Does Not Weigh Heavily In Favor of The
        BVI........................................................................................................15

        1.    The Private Interest Factors Do Not Weigh Heavily In Favor of
            The BVI. ........................................................................................15

        2.    Public Interest Factors Do Not Weigh Heavily In Favor of The
            BVI..................................................................................................17

CONCLUSION................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adbullahi v. Pfizer, Inc.*,
   562 F.3d 163 (2d Cir. 2009) ........................................................................15, 16

*Aguas Lenders Recovery Grp. v. Suez, S.A.*,
   585 F.3d 696 (2d Cir. 2009) ................................................................................6

*Argonaut P'Ship L.P. v. Bankers Tr. Co. Ltd.*,
   Nos. 96 CIV. 1970 (MBM), 96 CIV. 2222 (MBM), 1997 WL 45521
   (S.D.N.Y. Feb. 4, 1997) ......................................................................................18

*Aspitz v. Witness Sys., Inc.*,
   No. C 07-02068 RS, 2007 WL 2318004 (N.D. Cal. Aug. 10, 2007)......................18

*Atlantic Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Tex.*,
   134 S. Ct. 568 (2013).............................................................................................5

*Baena v. Woori Bank*,
   No. 5 CIV. 7018 (PKC), 2006 WL 2935752 (S.D.N.Y. Oct. 11, 2006)..................8

*Bancredit Cayman Ltd. v. Santana (In re Bancredit Cayman Ltd.)*,
   No. 06-11026 (SMB), 2008 WL 5396618 (Bankr. S.D.N.Y. Nov. 25, 2008)..................12, 14

*Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*,
   273 F.3d 241 (2d Cir. 2001) ...............................................................................7, 8

*Blanco v. Banco Indus. de Venezuela, S.A.*,
   997 F.2d 974 (2d Cir. 1993) ..................................................................................6

*Castillo v. Shipping Corp. of India*,
   606 F. Supp. 497 (S.D.N.Y. 1985)........................................................................9

*CF 135 Flat LLC v. Triadou SPY S.A.*,
   No. 15-CV-5345 (AJN), 2016 WL 5945933(S.D.N.Y. June 21, 2016) ........................ *passim*

*DiRienzo v. Philip Servs. Corp.*,
   294 F.3d 21 (2d Cir. 2002) ................................................................................8, 16

*Do Rosario Veiga v. World Meteorological Org.*,
   486 F. Supp. 2d 297 (S.D.N.Y. 2007)...................................................................14

*Erausquin v. Notz Stucki Mgmt. (Bermuda) Ltd.*,
   806 F. Supp. 2d 712 (S.D.N.Y. 2011)...................................................................14

*Falzon v. Johnson*,
No. 12-CV-674 (ILG), 2012 WL 4801558 (E.D.N.Y. Sept. 11, 2012), *report and recommendation adopted by*, No. 12-CV-674 (ILG) (CLP), 2012 WL 4798670 (E.D.N.Y. Oct. 9, 2012) ........................................................................10

*Gordon v. Long Bay (1980) Ltd.*,
No. 94 CIV. 2141 (SHS), 1995 WL 489474 (S.D.N.Y. Aug. 16, 1995) ................................17

*Gross v. British Broad. Corp.*,
386 F.3d 224 (2d Cir. 2004) ..............................................................................17

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947)..........................................................................................15

*H.R.H. Prince Faisal Bin Khalid Bin Abdulaziz Saud v. PIA Invs. Ltd.*,
No. 07 CIV. 5603(NRB), 2007 WL 4457441 (S.D.N.Y. Dec. 14, 2007)................................16

*Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Luxembourg) II SCA)*,
555 B.R. 323 (Bankr. S.D.N.Y. 2016) ...........................................................10, 14

*ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*,
No. 1:16-CV-7836-GHW, 2017 WL 122994 (S.D.N.Y. Jan. 12, 2017) ..................................6

*Iragorri v. United Techs. Corp.*,
274 F.3d 65 (2d Cir. 2001) ..........................................................................11, 13

*JW Oilfield Equip., LLC v. Commerzbank, AG*,
764 F. Supp. 2d 587 (S.D.N.Y. 2011)................................................................17

*Langsam v. Vallarta Gardens*,
No. 08 CIV. 2222 (WCC), 2009 WL 8631353 (S.D.N.Y. June 15, 2009) .............................7

*Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*,
528 F. App'x 33 (2d Cir. 2013) ........................................................................6

*Levitin v. Sony Music Entm't*,
101 F. Supp. 3d 376, 391-92 (S.D.N.Y. 2015) ...........................................7, 10, 15

*Lfoundry Rousset SAS v. Atmel Corp.*,
No. 14CV1476-LTS-HBP, 2015 WL 4461617 (S.D.N.Y. July 21, 2015) ..............................7

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972)..........................................................................................5, 6

*Martinez v. Bloomberg LP*,
740 F.3d 211 (2d Cir. 2014) ............................................................................5, 6

*MM Ariz. Holdings LLC v. Bonanno*,
    658 F. Supp. 2d 589 (S.D.N.Y. 2009)..................................................................6

*Nat'l Union Fire Ins. Co. of Pittsburgh v. BP Amoco P.L.C.*,
    No. 03 CIV. 0200 (GEL), 2003 WL 21180421 (S.D.N.Y. May 20, 2003) ............................17

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
    416 F.3d 146 (2d Cir. 2005) ............................................................ *passim*

*In re Optimal U.S. Litig.*,
    837 F. Supp. 2d 244 (S.D.N.Y. 2011)....................................................8, 15, 16, 18

*Palacios v. Coca-Cola Co.*,
    499 F. App'x 54 (2d Cir. 2012) ..................................................................9

*Picard v. Estate of Doris Igoin (In re Bernard L. Madoff Inv. Secs. LLC)*,
    525 B.R. 871 (Bankr. S.D.N.Y. 2015)..........................................................7, 18

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981).............................................................................11

*Ramirez de Arellano v. Starwood Hotels & Resorts Worldwide, Inc.*,
    448 F. Supp. 2d 520 (S.D.N.Y. 2006)..........................................................16, 17

*Rubin v. Eurofinance*
    [2012] UKSC 46 ................................................................................10

*Rusyniak v. Gensini*,
    629 F. Supp. 2d 203 (N.D.N.Y. 2009) ...........................................................8

*Saeco Vending, S.P.A. v. Seaga Mfg., Inc.*,
    No. 15-CV-3280 (AJN), 2016 WL 1659132 (S.D.N.Y. Jan. 28, 2016) .........................6, 18

*Trump v. Deutsche Bank Tr. Co. Ams.*,
    887 N.Y.S.2d 121 (N.Y. App. Div. 2009) .......................................................6

*Veba-Chemie A.G. v. M/V Getafix*,
    711 F.2d 1243 (5th Cir. 1983) .................................................................9

*Vizcaya Partners Limited v. Picard*
    [2016] UKPC 5 ................................................................................10

**Statutes**

BVI Act Section 249................................................................................16

N.Y. Gen. Oblig. Law § 5-1402.....................................................................5

**Other Authorities**

Fed. R. Civ. P. 60(b) ................................................................................................................9

Hague Convention on the Service Abroad of Judicial and Extrajudicial
    Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 65
    U.N.T.S. 163 .................................................................................................................16

Hague Convention on the Taking of Evidence Abroad in Civil or Commercial
    Matters, July 27, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231.......................................16

N.Y. CPLR § 5304(a)(2)...........................................................................................................10

N.Y. CPLR §5305 .....................................................................................................................10

The Liquidators respectfully submit this opposition to the motion of certain Defendants (the "Movants") to dismiss on the grounds of *forum non conveniens* (the "Motion").

## PRELIMINARY STATEMENT

As a condition to investing in the Funds, nearly all Movants agreed to a New York forum for suit and expressly waived arguments that New York is an inconvenient forum. Through those investments, Movants received billions of dollars in redemption payments calculated based on what turned out to be the non-existent assets of a Ponzi scheme. Movants are happy to keep the payments, but have become unhappy with their waivers. They ask the Court to disregard the waivers and dismiss the claims on the ground that New York is an inconvenient forum.

The Court should enforce the waivers and deny the Motion. The waivers reach actions that are "with respect to" the Subscription Agreement as well as actions that are "with respect to" the Fund, and there is no dispute that the latter condition is satisfied. Even if Defendants were correct that a suit must be "with respect to" *both* the Subscription Agreement and the Fund, these suits plainly are:  the Subscription Agreement is the very contract by which Defendants placed their investments and became bound to the Articles provisions they now invoke. The Second Circuit strongly favors the enforcement of such contractual waivers and consents; indeed, enforcement is mandatory, absent limited exceptions that Movants do not invoke. The Motion never should have been filed, its sole argument has been waived, and it should be denied.

Even absent the waiver, the Motion fails on the merits. It is premised on a "forum shopping" narrative—*i.e.*, that the Liquidators turned to this Court out of disillusionment with developments in the BVI courts—that is contradicted by the chronology of the case. Over 200 suits seeking over $5 billion in aggregate damages already were pending in this Court before any substantive decision was issued by any BVI court (*i.e.*, the September 2011 "preliminary issues"

decision).  In fact, the Liquidators had initially commenced the BVI litigation before discovering the Forum Clause in the months following their appointment; promptly following that discovery, they began commencing suits in New York courts against Defendants for which a Subscription Agreement was located (or that had a U.S. presence).  Then, with a U.S. litigation that dwarfed the BVI litigation ready to proceed in this Court, it was *Defendants* that pushed the BVI litigation into the preliminary issues process (over the repeated objections of the Liquidators) and thereafter cited that process as support for a stay of the U.S. litigation (again, over the repeated objections of the Liquidators).

In any event, there is a more fundamental reason why the Motion must be denied: Movants fail to identify an adequate alternative forum.  Movants suggest the BVI Court, but acknowledge that statutes of limitations may bar suit there.  Indeed, they do.  And the rule in the Second Circuit is clear:  where suit in the alternative forum would be time-barred, that forum is not "adequate" and the motion must be denied.  While Movants argue that the time-bar issue is the Liquidators' fault, not only is their narrative misleading, it is irrelevant.  As the Second Circuit has explained in rejecting the argument that "plaintiff's fault" is a way around the alternative forum prerequisite, "[t]he second step of *forum non conveniens* analysis does not concern itself with the reason why an alternative foreign forum is no longer available; its singular concern is the fact of present availability."  *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 159 (2d Cir. 2005).

Numerous similar errors infect the Motion.  Its purported "analysis" of public and private factors merely examines the connections to the BVI while ignoring altogether the connections to New York.  Further, that only a subset of Defendants join the Motion provides yet another basis to deny the Motion.

2

* * *

This litigation is a textbook example of why the Second Circuit strongly favors enforcement of forum selection consents in the international investment context. The claims here lie against Defendants that purchased shares in Madoff feeder funds domiciled in the BVI with a Netherlands administrator, and directed redemption payments back into a multitude of home jurisdictions throughout the world. The potential for wasteful litigation over the proper forum is obvious. Accordingly, the investment contracts made consent to suit in New York and waiver of inconvenient forum arguments express conditions of investment. Because New York is the sole jurisdiction in the world to which Defendants have consented to suit, and because the BVI is not available as an alternative forum, New York is not merely the most convenient forum—it is the only convenient forum. The Motion should be denied.

## ARGUMENT

### I.    Movants Waived Their *Forum Non Conveniens* Argument.

As a condition to investing in the Funds, nearly all Movants by contract consented to suit in New York and expressly waived *forum non conveniens* arguments.[1] Those consents and waivers mandate denial of the Motion.

### A.    The Forum Selection Clause Covers These Claims.

As alleged in the Proposed Amended Complaints, record holders who subscribed in the Funds from 2003 onward signed subscription agreements that contains this provision:

> <u>New York Courts</u>.  Subscriber agrees that any suit, action or proceeding ("Proceeding") with respect to this Agreement and the Fund may be brought in New York.  Subscriber irrevocably submits to the jurisdiction of the New York courts with respect to any Proceeding and consents that service of process as provided by

---

[1] Defined terms have the meaning ascribed to them in the Liquidators' Omnibus Brief, except where otherwise noted.

> New York law may be made upon Subscriber in such Proceeding,
> and may not claim that a Proceeding has been brought in an
> inconvenient forum.

SA ¶ 19 ("Forum Clause").[2]   The registered shareholders made this commitment not only on their behalf, but also on behalf of the beneficial owners.  *See* Liq. Omn. 5-6 & n.5.  Thus, nearly all Movants expressly consented to a New York forum for suit, and expressly waived *forum non conveniens* arguments.  Movants incorporate contentions from Defendants' Omnibus Brief as to why the clause purportedly does not reach these claims.  *See* Mot. 7 (citing Def. Omn. at 24-28). As demonstrated in the Liquidators' Omnibus Brief, however, those contentions are meritless.

*First*, the most natural reading of the Forum Clause is that it reaches actions that are "with respect to" the Subscription Agreement as well as all actions that are "with respect to" the Fund.  *See* Liq. Omn. Part I-A-1.  Because Defendants do not contend that the claims are not with respect to the Fund, the clause applies.

*Second*, even if Defendants were correct that a proceeding must be with respect to *both* the Subscription Agreement and the Fund, the language would be satisfied.  Under the broad construction afforded to "with respect to" in the cases, the claims here, which concern overpaid redemptions and involve rights and defenses arising under the Articles, plainly are "with respect to" the Subscription Agreement—*i.e.*, the very contract by which Defendants placed the investments at issue, became bound by the Articles provisions they now invoke, and chose the banks through which they received the overpaid redemptions at issue.  *See id.*

*Third*, the Subscription Agreement, Fund Articles, and Private Placement Memorandum form an integrated contract; for this independent reason, the Forum Clause applies to each of these documents and suits which are with respect to them.  *See id.*

*Fourth*, the Privy Council's ruling that certain substantive rights arise from the Funds' Articles does not support Movants—it supports the Liquidators. Given the linkage between the Articles and Subscription Agreements, a finding that rights arise under the Articles only confirms that these claims are covered. *See id.*

*Fifth*, BVI counsel's 2010 argument addressing which law governed the Funds' restitutionary claims is consistent with the Liquidators' current position and so provides no basis for estoppel. *See id.*

**B.    Because the Clause is Mandatory and Enforceable, the *Forum Non Conveniens* Motion Must Be Denied.**

Because the Forum Clause covers the Liquidators' claims, the Motion should be denied without conducting a *forum non conveniens* analysis. First, the clause is "enforceable." As the Supreme Court has explained, "a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power . . . should be given full effect." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972). Indeed, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 574 (2013). Accordingly, the Second Circuit follows the strong federal policy that favors enforcement of forum selection clauses, under which "in all but the most unusual cases, the interest of justice is served by holding parties to their bargain." *Martinez v. Bloomberg LP*, 740 F.3d 211, 219 (2d Cir. 2014) (citations omitted).[3] Here, Movants do not challenge the clause on enforceability grounds.

---

[2] A representative SA is attached as Exhibit A to the Declaration of David J. Molton in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss, Mar. 31, 2017 [ECF No. 1337] ("Molton II").

[3] The strong federal policy accords with New York's policy, which, by statute, makes such clauses enforceable in cases involving transactions of at least $1 million, *see* N.Y. Gen. Oblig. Law § 5-1402, thereby covering most

Movants likewise do not contest that the clause is "mandatory," *i.e.*, it designates a forum and includes a waiver of *forum non conveniens* arguments. *See ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, No. 1:16-CV-7836-GHW, 2017 WL 122994, at *8 (S.D.N.Y. Jan. 12, 2017);[4] *accord Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009); *Trump v. Deutsche Bank Tr. Co. Ams.*, 887 N.Y.S.2d 121, 124-125 (N.Y. App. Div. 2009).

The Court thus should not reach Defendants' arguments concerning the inconvenience of the forum:  "Only when 'the *M/S Bremen* presumption of enforceability does not apply' to a forum selection clause may a court engage in 'the traditional *forum non conveniens* standards articulated by the Supreme Court in *Gulf Oil Corp v. Gilbert*.'" *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 528 F. App'x 33, 35 (2d Cir. 2013) (quoting *Aguas Lenders Recovery Grp.*, 585 F.3d at 700) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).[5]

Furthermore, Movants have expressly waived the *forum non conveniens* argument, when they agreed with respect to claims brought in New York courts that they "may not claim that a Proceeding has been brought in an inconvenient forum."  Forum Clause.  Contractual waivers of defenses are enforced, absent limited circumstances that Movants do not attempt to invoke. *See MM Ariz. Holdings LLC v. Bonanno*, 658 F. Supp. 2d 589, 595 (S.D.N.Y. 2009).

Finally, that a handful of Movants argue that they did not agree to the Forum Clause does not provide a basis for granting the Motion.  The waiver is enforceable as to nearly all Movants, and courts do not favor dismissal where doing so would split the litigation into multiple

---

actions in this Court.  "New York law actively encourages parties to international commercial agreements to select New York as a forum regardless of other contacts with the state." *Saeco Vending, S.P.A. v. Seaga Mfg., Inc.*, No. 15-CV-3280 (AJN), 2016 WL 1659132, at *5 (S.D.N.Y. Jan. 28, 2016) (citing NY Gen. Oblig. Law § 5-1402).

[4] While enforcement issues are governed by federal law, the question of "mandatory" versus "permissive" is governed by the law governing the contact (here, New York). *See Martinez*, 740 F.3d at 217-18.

[5] *See also Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 979-80 (2d Cir. 1993) (where mandatory forum clause exists, question is *M/S Bremen* enforceability standard, not traditional *forum non conveniens* analysis).

proceedings. *See Levitin v. Sony Music Entm't*, 101 F. Supp. 3d 376, 391-92 (S.D.N.Y. 2015). In any event, there is no adequate alternative forum to dismiss in favor of. *See* Part II-B, *infra*.

## II.   Even On its Merits, the Motion Should be Denied.

Even if there existed a reason to disregard the Forum Clause, the Motion would fail on the merits. Most obviously, Defendants have failed to identify an adequate alternative forum—a failure that itself requires the Court to deny the Motion without further inquiry. And the Motion in any event depends on a forum-shopping narrative that the record contradicts.

### A.   The Applicable Standard

To win dismissal, the Movants must show that the forum is inconvenient in light of a three-step analysis in which the Court (i) "determines the degree of deference properly accorded the plaintiff's choice of forum," (ii) "considers whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute," and (iii) "balances the private and public interests implicated in the choice of forum." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 70-75 (2d Cir. 2001)); *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246 (2d Cir. 2001); *Picard v. Estate of Doris Igoin (In re Bernard L. Madoff Inv. Secs. LLC)*, 525 B.R. 871, 889-90 (Bankr. S.D.N.Y. 2015) (Bernstein, J.); *see also Lfoundry Rousset SAS v. Atmel Corp.*, No. 14CV1476-LTS-HBP, 2015 WL 4461617, at *3 (S.D.N.Y. July 21, 2015).[6] Movants cannot carry their burden at any of the three steps. Because their failure to identify an adequate alternate forum is clear and dispositive, the Liquidators address it first.

---

[6] Courts undertake the same analysis where a forum selection clause is merely permissive, rather than mandatory. *See Langsam v. Vallarta Gardens*, No. 08 CIV. 2222 (WCC), 2009 WL 8631353, at *4 (S.D.N.Y. June 15, 2009).

### B.    **Movants Identify No Adequate Alternative Forum.**

"To secure dismissal of an action on grounds of *forum non conveniens*, a movant must demonstrate the availability of an adequate alternative forum" where all defendants are amenable to service of process, that is "presently capable of hearing the merits of plaintiff's claim." *Norex*, 416 F.3d at 157-59; *see also DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 29 (2d Cir. 2002) ("A *forum non conveniens* motion cannot be granted absent an adequate alternative forum."); *Bank of Credit & Commerce Int'l*, 273 F.3d at 246.[7]  If the defendant fails to identify an adequate alternative forum, the motion must be denied irrespective of the remainder of the analysis.  *See Norex*, 416 F.3d at 157.

For two independent reasons, the BVI Court is not, as Movants insist (at 8), an adequate alternative forum.    *First*, the Liquidators' claims would be time-barred if brought there. Movants themselves allude to this fact (at 10), even noting that certain BVI defendants warned the Liquidators in open court that the limitations period would soon run.  And indeed, limitations periods[8] have run, both as to the Liquidators' common law claims and the BVI statutory avoidance claims.  As the Second Circuit has made clear, "an adequate forum does not exist if a statute of limitations bars the bringing of the case in that forum." *Bank of Credit & Commerce Int'l*, 273 F.3d at 246 (citations omitted); *see also Baena v. Woori Bank*, No. 5 CIV. 7018 (PKC), 2006 WL 2935752, at *5 (S.D.N.Y. Oct. 11, 2006).[9]    Movants argue (at 9-10) that the

---

[7] "An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Norex*, 416 F.3d at 157; *see also CF 135 Flat LLC v. Triadou SPY S.A.*, No. 15-CV-5345 (AJN), 2016 WL 5945933, at *4 (S.D.N.Y. June 21, 2016) (same); *In re Optimal U.S. Litig.*, 837 F. Supp. 2d 244, 251 (S.D.N.Y. 2011) (same).  As discussed, because the Second Circuit requires the forum to be presently available as a forum for litigating the claims, the BVI Court does not meet this standard here.

[8] *See* Declaration of William Hare in Support of the Liquidators' Opposition to Certain Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens*, submitted herewith ("Hare II") ¶¶ 36-39.

[9] Indeed, even a material *possibility* of a limitations problem may defeat the "adequate alternative forum" element. *See CF 135 Flat LLC*, 2016 WL 5945933, at * 5; *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 230 (N.D.N.Y. 2009) (citing *Crimson Semiconductor, Inc. v. Electronum*, 629 F. Supp. 903, 908-09 (S.D.N.Y. 1986)).

Liquidators' made a "conscious decision" to sue in a "less appropriate . . . forum . . . while deliberately failing to protect their position in the BVI," but not only is that narrative misleading (discussed below)—it is irrelevant. As the Second Circuit has held, "plaintiffs'-fault" is not a way around the alternative-forum prerequisite. *See Norex*, 416 F.3d at 157-59.[10] Because limitations periods have run, the BVI is not an adequate forum and the Motion must be denied.

*Second*, nearly no Movants are present in the BVI,[11] creating a material obstacle to enforcement of judgments, such that the BVI would in effect be merely an illusory alternative forum. While Movants focus (at 8-9) on the fact that "service" was approved for certain BVI defendants and that the BVI Court can exert "jurisdiction" over the claims,[12] they fail to address that the BVI court system handles contacts with the jurisdiction somewhat differently than the U.S court system. Whether Movants' lack of presence in the BVI is dispositive is not adjudicated at the outset when a BVI Court is asked for leave to serve outside the jurisdiction, but, unless the defendant appears and engages in the merits of the suit, instead becomes an

---

[10] The few cases cited by Movants to support their "plaintiff's-fault" arguments are out-of-jurisdiction or were issued long before *Norex*. *See* Mot. 10-11 (citing *In re Air Crash Over the Mid-Atlantic on June 1, 2009*, 792 F. Supp. 2d 1090, 1095 (N.D. Cal. 2011); *Castillo v. Shipping Corp. of India*, 606 F. Supp. 497, 504 (S.D.N.Y. 1985); *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1248 n.10 (5th Cir. 1983) (supporting notion that "[p]erhaps" a *forum non conveniens* motion could be granted if "plaintiff's plight is of his own making" by citing "extreme case[s] where his selection is designed to vex, harass, or oppress the defendant") (citations omitted). While nothing in the Liquidators' reasonable forum decisions (discussed *infra*) is remotely "vexatious," "harassing," or "oppressive," *Norex* in any event plainly rejects such "plaintiff's-fault" analysis, as discussed above. *Palacios v. Coca-Cola Co.*, 499 F. App'x 54, 56 (2d Cir. 2012), is not to the contrary but, instead, turns upon the application of Federal Rule of Civil Procedure 60(b) in a circumstance where a district court dismissed a claim on *forum non conveniens* ground on the condition that, if plaintiffs established that they were unable to pursue the claim in the foreign court (including by appealing the initial dismissal of their claim on jurisdictional grounds), the district court would reinstate the claim. After plaintiffs failed to pursue the required appeal, the district court declined to reinstate the claim, and the Court of Appeals found that decision to be within the district court's discretion. In particular, plaintiffs failed to meet Rule 60(b)'s "grave miscarriage of justice" standard given their deliberate decision not to comply with the district court's requirements for reinstatement of the claim. That holding has no application here.

[11] Only 2 Defendants are alleged to have such BVI presence, and only 2 more argue that they have such presence. Declaration of David J. Molton in Support of Liquidators' Opposition to Certain Defendants Motion to Dismiss on Grounds of *Forum Non Conveniens*, dated April 6, 2017, submitted herewith ("Molton III"), Ex. A.

[12] *See* Hare II ¶¶ 4-27; *see also* Declaration of William Hare in Support of Motion for Leave to Amend, dated October 21, 2016 [ECF. No. 925] ("Hare I") ¶ 21.

9

obstacle to enforcement of judgment in the jurisdiction where the defendant is present or has assets. *See* Hare II ¶¶ 28-35.[13] The result is that the case could proceed on a mere appearance of being an adequate forum, and upon conclusion of the litigation, if Movants decided not to appear generally in the case, Movants could seek to avoid judgment enforcement abroad.

Finally, Movants have not attempted to overcome these forum defects by offering an express, enforceable consent to enforcement of BVI Court judgments, and a waiver of limitations arguments.[14]    And in any event, Movants constitute merely a subset of Defendants, while consents offered would need to be on behalf of all Defendants. *See CF 135 Flat LLC*, 2016 WL 5945933, at *4 (moving defendants required to show all served defendants amenable to suit in proposed foreign jurisdiction); *see also Falzon v. Johnson*, No. 12-CV-674 (ILG), 2012 WL 4801558, at *8 (E.D.N.Y. Sept. 11, 2012) (denying motion when all defendants did not "expressly acknowledge[] being amenable to service of process" in the proposed forum), *report and recommendation adopted by*, No. 12-CV-674 (ILG) (CLP), 2012 WL 4798670 (E.D.N.Y. Oct. 9, 2012); *Levitin*, 101 F. Supp. 3d at 392 (denying motion where granting would result in parallel proceedings in potentially nine different jurisdictions); *cf. Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Luxembourg) II SCA)*, 555 B.R. 323, 328 (Bankr. S.D.N.Y. 2016) (noting that *forum non conveniens* motion previously had been denied where "only one of the defendants . . . acknowledged or consented to jurisdiction in the U.K." and there was no adequate alternative forum as to the remaining defendants).

---

[13] S*ee also Vizcaya Partners Limited v. Picard* [2016] UKPC 5; *Rubin v. Eurofinance* [2012] UKSC 46; N.Y. CPLR §§ 5304(a)(2) (non-recognition due to lack of jurisdiction in rendering court), 5305 (bases for jurisdiction in rendering court supporting recognition of rendering court judgment).

[14] That a small set of Defendants previously were sued in the BVI, *see* Mot. 8-9, does not overcome the current obstacles. Hundreds of U.S. Defendants were never sued in the BVI, there was no finding that a BVI judgment in favor of the Liquidators would be enforceable abroad, and in any event, the fact that prior suits were filed in the BVI does not mean that new suits there would be timely.

## C.    The Liquidators' Choice of Forum is Entitled to Deference.

Even if Movants had not waived their *forum non conveniens* argument, and even if they had identified an adequate alternate forum, the Motion still would fail, because the Liquidators' choice of forum is entitled to substantial deference.  As the Supreme Court has explained, *forum non conveniens* analysis ordinarily begins with a "strong presumption in favor of the plaintiff's choice of forum."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).  "'[T]he degree of deference to be given to a plaintiff's choice of forum moves on a sliding scale' depending on the degree of convenience reflected by the choice in a given case."  *Norex*, 416 F.3d at 154 (quoting *Iragorri*, 274 F.3d at 71).  Courts must give "greater deference to a plaintiff's forum choice to the extent that it was motivated by legitimate reasons . . . and diminishing deference to a plaintiff's forum choice to the extent that it was motivated by tactical advantage."  *Iragorri*, 274 F.3d at 73; *see also CF 135 Flat LLC*, 2016 WL 5945933, at *3 (same).[15]  The Court should reject Movants' argument (at 3-7) that the Liquidators' choice is not entitled to deference, as (i) Movants' forum-shopping narrative is incorrect, and (ii) they ignore the conveniences of suing in New York.

### 1.    The Record Contradicts Movants' Forum-Shopping Narrative.

Before anything of substance had occurred in the BVI courts, the Liquidators already had filed and had pending in this Court a litigation that dwarfed the BVI litigation in size and complexity.  As of the first date that any BVI court issued a substantive decision—*i.e.*, September 16, 2011, when the BVI Court issued the preliminary issues decision—the Liquidators had already filed and had pending 229 U.S. redeemer actions in this Court, seeking

---

[15] That a plaintiff is located abroad is not a sufficient basis to grant the plaintiff's choice of forum no deference.  *See Norex*, 416 F.3d at 156 (finding as to foreign plaintiff that while the same presumption accorded a domestic plaintiff did not apply, "the totality of *Iragorri* factors strongly suggests that its choice warranted substantial deference").

over $5 billion in aggregate damages against several hundred defendants. Indeed, the Liquidators had filed 211 of those suits before the BVI Court directed that it would use the preliminary issues process (on April 20, 2011), and 205 of those suits had been filed before the BVI defendants even requested the process (on March 8, 2011).[16] Moreover, by that time (*i.e.*, before the BVI defendants had requested the preliminary issues process), U.S. motions to withdraw the reference already had been denied by the District Court, *see* ECF No. 26, and motion practice was well underway in this Court, *see* ECF Nos. 28-31, 33-41, 43, 45-47, 129-32.

In fact, litigation was first commenced in the BVI at a time when the Liquidators, following their appointment, had not yet seen the Subscription Agreement containing the Forum Clause. *See* Hare I ¶¶ 16, 19. Promptly upon the Liquidators' discovery of the clause, they began filing suit in New York against Defendants for which a Subscription Agreement had been located (or for which U.S. presence was known).[17] *See id.*[18] And, again, nothing of substance had occurred in the BVI courts before the Liquidators began filing suit in New York.[19]

Moreover, Movants' suggestion that the Liquidators should have moved forward earlier with the U.S. litigation is not well-taken, in light of Movants' own conduct. Defendants repeatedly have argued in support of staying the U.S. litigation, and the Liquidators repeatedly have opposed this. With the U.S. litigation on the brink of moving forward,[20] BVI defendants pushed the BVI Court to pursue the "preliminary issues" process—over the objections of the

---

[16] *See* Molton III ¶¶ 2-4.

[17] Only 27 further claims were filed in the BVI, where no long-form subscription agreement had been located and no U.S. presence was identified. *See* Hare I ¶ 19 & n.8.

[18] The claims filed in the U.S. do not concern the redemptions at issue in the BVI redeemer litigation. *See* Def. Omn. 8. Further, the BVI claims concerned significantly less damages. *See* Hare I ¶¶ 18-20 & n.9.

[19] Accordingly, Defendants' reliance on *Bancredit Cayman Ltd. v. Santana (In re Bancredit Cayman Ltd.)*, No. 06-11026 (SMB), 2008 WL 5396618, at *8 (Bankr. S.D.N.Y. Nov. 25, 2008), where there was no forum selection clause, and plaintiff's conduct *did* "smack[] of forum shopping," is misplaced.

[20] Move/answer dates had been extended out of professional courtesy. *See* ECF Nos. 220, 340, 371, 372, 403.

Liquidators, who warned that it would lead to delay without proving dispositive. *See* Hare I ¶¶
26-28, 40-42, 44.  That is precisely what happened.  Having persuaded the BVI Court to adopt
the preliminary issues process, Defendants then cited that process in support of maintaining a
stay of the U.S. litigation—again, over the objections of the Liquidators.  Over several years, the
Liquidators sought to lift the stay, to no avail.[21]  At the first moment when lifting of the stay
became likely (once the preliminary issues appeal concluded, and the BVI Court denied the
Section 273 applications), the Liquidators successfully asked this Court to move this litigation
forward.  Now Movants, having used the smaller BVI litigation to stall the main litigation in the
U.S., seek to bootstrap that delay into an outright dismissal—by blaming the *Liquidators* for the
delay.  The Court should reject this gambit.

> 2.     <u>Movants Fail to Perform Sliding-Scale Deference Analysis That Considers
> Any "Genuine Conveniences" of Plaintiff's Chosen Forum.</u>

Movants also ignore the relevant "sliding scale" analysis that contrasts forum shopping
with genuine "conveniences" of a New York forum.  The Court is not to evaluate forum
shopping stories in a vacuum, but instead to determine whether the choice is motivated by forum
shopping or, instead, by genuine convenience.  *See Norex*, 416 F.3d 154-55; *see also Iragorri*,
274 F.3d at 72 ("the greater the . . . bona fide connection to the United States and to the forum of
choice and the more it appears that considerations of convenience favor the conduct of the
lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for
*forum non conveniens*").

Movants offer no sliding scale analysis—they simply ignore the substantial "genuine
conveniences" of the Liquidators' chosen forum.  Most obviously, nearly all Defendants signed

---

[21] *See, e.g.*, ECF Nos. 445 (denying request to lift stay); 799 (permitting certain amendments but denying further
relief from stay, citing pendency of appeals to Privy Council).

contracts consenting to a New York forum. New York is the only forum in the world for which that is true. These consents manifest an expectation of potential suit in New York. And while the Liquidators' reading of the Forum Clause is plainly correct, even if it were not, it was indisputably reasonable and provided (along with U.S. contacts) an entirely reasonable basis to sue in New York. Meanwhile, most Defendants are *not* present in the BVI, leading to the material obstacles described above in having to litigate claims there. Given these circumstances, it plainly was "convenience, and not tactical harassment of an adversary," that "informed [the Liquidators'] decision to sue outside [their] home forum." *Norex*, 416 F.3d at 155.

There are additional reasons that this forum is convenient. The federal and state courts in New York not only have presided over myriad cases involving the misconduct at BLMIS, including the conduct of the Fairfield Funds' administrator Citco and custodian Citco,[22] and the alleged conduct of the Fairfield Funds' investment advisors, but this Court presides over the claims brought by the BLMIS Trustee against many of the very same defendants sued here by the Liquidators.[23]

Under all of these circumstances, the Liquidators' choice of forum is entitled to substantial deference.

---

[22] *See, e.g., Anwar v. Fairfield Greenwich Ltd.*, Civ. No. 09-cv-118 (S.D.N.Y. 2009) (Marrero, J.).

[23] Defendants' reliance on cases where connections to the forum do not remotely approach those present here is misplaced. S*ee, e.g., In re Bancredit Cayman, Ltd.*, 2008 WL 5396618, at * 3 ("except for the thin reed of the recognition order, neither the parties nor the events have any connection to this forum"); *Do Rosario Veiga v. World Meteorological Org.*, 486 F. Supp. 2d 297, 303 (S.D.N.Y. 2007) ("no other material connection with the United States" other than that the employer was associated with the United Nations, which is based in New York); *Erausquin v. Notz Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) (in Madoff-related suit, allegations focused on Swiss managers of funds, and there was no consent to U.S. jurisdiction). And in *In re Hellas Telecomms. (Luxembourg) II SCA*, 555 B.R. at 353-54, dismissal was granted in light of plaintiffs' commencement of new parallel litigation in the foreign forum.

**D.      The Balance of *Gilbert* Factors Does Not Weigh Heavily In Favor of The BVI.**

Even if the BVI were an adequate alternate forum, Movants have not carried their burden to prove that the balance of the private and public interest factors "tilts *heavily* in favor of the alternative forum" to overcome the deference due to the Liquidators' choice of forum. *Adbullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009) (emphasis added) (citations omitted); *Norex*, 416 F.3d at 153, 156; *see also Levitin*, 101 F. Supp. 3d at 392 (plaintiff's choice respected unless balance of both public and private interests "strongly" justify transfer).

1.      The Private Interest Factors Do Not Weigh Heavily In Favor of The BVI.

Movants cannot show that the parties' private interests merit dismissal. *See Gilbert*, 330 U.S. at 508 (cataloging potentially relevant private interests). *First*, that sources of proof are located abroad does not, as Movants suggest, require dismissal. To the contrary, courts in this Circuit routinely hold that when "evidence relevant to this case is scattered all over the globe" (as Movants here concede), "this factor fails to tilt strongly in favor of trial in the foreign forum." *In re Optimal U.S. Litig.*, 837 F. Supp. 2d at 258; *Levitin*, 101 F. Supp. 3d at 391. Here, the Funds' administrator and custodian (Citco) was based in Europe, certain personnel associated with the Funds' investment advisers are based in the United States and elsewhere, and the redeemers are spread throughout the world (including those alleged to have received the redemptions in bad faith, none of whom are based in the BVI). Moreover, key Citco entities

15

(and PwC entities)[24] have already appeared in this District in *Anwar v. Fairfield Greenwich Ltd.*, Civ. No. 09-cv-118 (S.D.N.Y. 2009) (Marrero, J.)*,*[25] participating in discovery.[26]

*Second*, Movants are wrong to argue (at 16) that the BVI is an equally convenient forum because the courts in the BVI are supervising the Funds' main liquidation proceedings, and additional litigation to enforce any judgment will be required in the BVI. At the outset, the "additional litigation" point depends on Movants' erroneous understanding of BVI Act Section 249. *See* Liq. Omn. Part III-E. Moreover, Movants misunderstand their burden: They must show not merely that the alternate forum is also convenient, but that the balance of the factors weighs heavily in favor of dismissal. *See Adbullahi*, 562 F.3d at 189. In any event, as to BVI proceedings, enforcements of judgment outside the BVI would present far more serious obstacles than obtaining judgments in the U.S., where at minimum, the Liquidators could enforce those

---

[24] Citco Group Limited, Citco Fund Services (Europe) B.V., Citco (Canada), Inc., Citco Global Custody N.V., Citco Bank Nederland, N.V., Dublin Branch, Citco Fund Services (Bermuda) Limited, PricewaterhouseCoopers LLP, and PricewaterhouseCoopers Accountants Netherlands N.V. *See Anwar v. Fairfield*, Civ. No. 09-0118 (S.D.N.Y. 2010), ECF Nos. 273 (second amended complaint); 591 (order governing confidentiality of discovery material).

[25] Given the participation of Citco entities in discovery in this District and the presence of other potential witnesses in the U.S., the case is different from *H.R.H. Prince Faisal Bin Khalid Bin Abdulaziz Saud v. PIA Invs. Ltd.*, No. 07 CIV. 5603(NRB), 2007 WL 4457441, at *4 (S.D.N.Y. Dec. 14, 2007), where "virtually everything and everyone related to this case [was] located abroad."

[26] Even beyond participation in U.S discovery, lying beyond subpoena power would not in any event weigh in favor of dismissal, when the witnesses' testimony "may be secured by letters rogatory." *In re Optimal U.S. Litig.*, 837 F. Supp. 2d at 254; *see also DiRienzo*, 294 F.3d at 30 ("Despite the preference for live testimony, we have recognized the availability of letters rogatory as relevant in deciding whether plaintiffs' chosen forum is inconvenient."). Both the United States and the Netherlands are signatories to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, July 27, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231, and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 65 U.N.T.S. 163. Citco, therefore, can be compelled to submit testimony and evidence in accord with those treaties. *See also Ramirez de Arellano v. Starwood Hotels & Resorts Worldwide, Inc.*, 448 F. Supp. 2d 520, 529 (S.D.N.Y. 2006). And Movants have not identified any other relevant witness who purportedly is unable or unwilling to appear in New York. Accordingly, Defendants have not carried their burden. *See CF 135 Flat LLC*, 2016 WL 5945933, at *6 ("[Movant] has not pointed to a single potential witness who would be unable or unwilling to appear in New York, a showing that is generally required for a *forum non conveniens* dismissal.") (citation and quotations omitted).

judgments against Movants' U.S. bank accounts. *See, e.g.*, *JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 598-99 (S.D.N.Y. 2011).

2.    <u>Public Interest Factors Do Not Weigh Heavily In Favor of The BVI.</u>

Neither can Movants show that the public interest supports dismissal. To decide that question, the Court should evaluate "(i) administrative difficulties caused by court congestion, (ii) the local interest in having localized controversies decided at home, (iii) the burden of jury duty on a community unrelated to the litigation, and (iv) the appropriateness of having a court familiar with the governing law adjudicate the dispute." *Ramirez de Arellano*, 448 F. Supp. 2d at 530 (citation omitted); *see CF 135 Flat LLC*, 2016 WL 5945933, at *7 (same). None of these factors requires dismissal.

*First*, the application of foreign law alone is insufficient to warrant dismissal, as federal courts "must often apply foreign law" to the cases before them. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. BP Amoco P.L.C.*, No. 03 CIV. 0200 (GEL), 2003 WL 21180421, at *10 (S.D.N.Y. May 20, 2003) (Lynch, J.) (citing *Manu Int'l S.A. v. Avon Prods., Inc.*, 641 F.2d 62,67-68 (2d Cir. 1981)). Moreover, where, as here, the foreign law to be applied is rooted in English common law, courts find the burden substantially less than in other instances because "there are few if any countries in the world whose body of law is more amenable to application in the United States than Great Britain's." *Gross v. British Broad. Corp.*, 386 F.3d 224, 234 (2d Cir. 2004); *see also Gordon v. Long Bay (1980) Ltd.*, No. 94 CIV. 2141 (SHS), 1995 WL 489474, at *4 (S.D.N.Y. Aug. 16, 1995) ("the application of the law of a jurisdiction with substantial English common law antecedents, if necessary, does not impose a significant burden on this Court"). Movants have identified nothing complex or extraordinary about the legal issues to be decided under BVI law.

*Second*, Movants ignore the connections this case has to New York. While the transfers at issue were foreign transactions, nearly all Movants executed Subscription Agreements governed by New York law and containing a Forum Clause (disputed only as to scope) selecting New York courts. *Cf. In re Optimal U.S. Litig.*, 837 F. Supp. 2d at 260 (noting in analyzing public interest factors that parties' expectation of a United States forum weighs in favor of denying motion). Further, "New York law actively encourages parties to international commercial agreements to select New York as a forum regardless of other contacts with the state." *Saeco Vending S.P.A. v. Seaga Mfg., Inc.*, No. 15-CV-3280 (AJN), 2016 WL 1659132, at *5 (S.D.N.Y. Jan. 28, 2016) (citing NY Gen. Obl. L. § 5-1402); *Aspitz v. Witness Sys., Inc.*, No. C 07-02068 RS, 2007 WL 2318004, at *4 (N.D. Cal. Aug. 10, 2007) ("While [N.Y. General Obligations Law §§ 5-1401, 1402] apply to state, not federal court, they serve to undercut any notion that it would be improper to burden New York with a controversy having scant relationship to that forum."). Finally, as discussed above, courts in New York have presided over several cases related to the Madoff fraud, and this Court recently noted that "there is a substantial interest in trying the adversary proceeding in this Court which is already administering the underlying BLMIS SIPA liquidation in addition to roughly 1,000 other avoidance actions." *In re Bernard L. Madoff Inv. Secs. LLC*, 525 B.R. at 894 (Bernstein, J.); *see also Argonaut P'Ship L.P. v. Bankers Tr. Co. Ltd.*, Nos. 96 CIV. 1970 (MBM), 96 CIV. 2222 (MBM), 1997 WL 45521, at *15 (S.D.N.Y. Feb. 4, 1997).

Accordingly, the balance of private and public interests do not weigh heavily in favor of a transfer, and for this additional reason, the Motion must be denied.

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the Motion be denied.

Dated:  New York, New York
        April 6, 2017

BROWN RUDNICK LLP

By:   */s/ David J. Molton*
        David J. Molton
        May Orenstein
        Daniel J. Saval
        Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

– and –

KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
Michael K. Kellogg (admitted *pro hac vice*)
Aaron M. Panner (admitted *pro hac vice*)
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
Telephone: 202.326.7900
Facsimile: 202.326.7999
mkellogg@kellogghansen.com
apanner@kellogghansen.com

*Counsel for the Foreign Representatives*

## Exhibit A

| | CASE NAME | DOCKET NO. |
|---|---|---|
| 1. | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | 10-03635-SMB |
| 2. | Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | 10-03636-SMB |
| 3. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Abu Dhabi Inv. Auth., et al. | 11-01719-SMB |
| 4. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Alok Sama, et al. | 12-01294-SMB |
| 5. | Fairfield Sigma Ltd. (In Liquidation), et al. v. Avalon Absolute Return Funds PLC, et al. | 11-02530-SMB |
| 6. | Fairfield Sigma Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto, et al. | 12-01148-SMB |
| 7. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banc of America Secs. LLC, et al. | 11-01571-SMB |
| 8. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Atlantico (Gib.) Ltd., et al. | 10-03787-SMB |
| 9. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria, S.A., et al. | 10-03515-SMB |
| 10. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA, et al. | 10-04089-SMB |
| 11. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Int'l, et al. | 12-01124-SMB |
| 12. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Lux. SA, et al. | 10-03755-SMB |
| 13. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Am. Nat'l Trust & Sav. Ass'n, et al. | 10-03615-SMB |
| 14. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer & Co. Ltd., Zurich, et al. | 11-01243-SMB |
| 15. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Beneficial Owners of Accounts Held in the Name of Bank Sal. Oppenheim Jr. & Cie (Schweiz) Ag 1-1000 | 11-02440-SMB |
| 16. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie, et al. | 12-01295-SMB |
| 17. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sarasin & Cie AG, et al. | 11-01612-SMB |
| 18. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Luxembourg S.A., et al. | 12-01147-SMB |
| 19. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Reescompte et de Placement, et al. | 11-01585-SMB |
| 20. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al. | 10-03514-SMB |
| 21. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Eur.), et al. | 10-03505-SMB |
| 22. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance S.A., et al. | 11-01256-SMB |
| 23. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al. | 12-01265-SMB |
| 24. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) S.A., et al. | 11-01259-SMB |
| 25. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al. | 12-01599-SMB |
| 26. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bie Bank & Trust Bah. Ltd., et al. | 11-01587-SMB |
| 27. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Ltd., et al. | 10-03750-SMB |
| 28. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al. | 10-03873-SMB |
| 29. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Bros. Harriman & Co., et al. | 10-03752-SMB |
| 30. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al. | 10-03871-SMB |
| 31. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Lux., et al. | 10-03624-SMB |
| 32. | Fairfield Sigma Ltd. (In Liquidation), et al. v. Catalunya Caixa, et al. | 12-01129-SMB |
| 33. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Ins. Co. Ltd., et al. | 11-01577-SMB |
| 34. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Mgmt., et al. | 11-01601-SMB |
| 35. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bah.), et al. | 10-03782-SMB |
| 36. | Fairfield Sigma Ltd. (In Liquidation), et al. v. Credit Suisse Int'l, et al. | 10-03620-SMB |

## Exhibit A

| | CASE NAME | DOCKET NO. |
|---|---|---|
| 37. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Lux.) S.A., et al. | 10-04088-SMB |
| 38. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch, et al. | 12-01127-SMB |
| 39. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al. | 10-04236-SMB |
| 40. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Ltd., et al. | 11-02612-SMB |
| 41. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta, S.P.A., et al. | 12-01162-SMB |
| 42. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deltec Bank & Trust Ltd., et al. | 11-02532-SMB |
| 43. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al. | 10-03747-SMB |
| 44. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | 10-03746-SMB |
| 45. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Ltd., et al. | 11-01564-SMB |
| 46. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) S.A. Geneve, et al. | 10-03745-SMB |
| 47. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Co. Am., et al. | 10-03744-SMB |
| 48. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Dresdner LateinAmerika AG, et al. | 10-03753-SMB |
| 49. | Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al. | 10-03625-SMB |
| 50. | Fairfield Sentry Ltd. (In Liquidation), et al. v. First Gulf Bank, et al. | 12-01567-SMB |
| 51. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Cayman Limited, et al. | 12-01571-SMB |
| 52. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland  N.V., et al. | 12-01119-SMB |
| 53. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Servs. N.V., et al. | 11-02422-SMB |
| 54. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Servs. NV, et al. | 12-01568-SMB |
| 55. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al. | 11-01614-SMB |
| 56. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd., et al. | 10-03776-SMB |
| 57. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody, et al. | 10-03504-SMB |
| 58. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux., et al. | 11-01254-SMB |
| 59. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Banque Degroof Bruxelles, et al. | 11-01569-SMB |
| 60. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al. | 11-01600-SMB |
| 61. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al. | 10-03756-SMB |
| 62. | Fairfield Sigma Ltd. (In Liquidation), et al. v. FS/NBP Titres, et al. | 11-01619-SMB |
| 63. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al. | 11-01566-SMB |
| 64. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody, et al. | 10-03867-SMB |
| 65. | Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Swedclient/IAM, et al. | 11-01253-SMB |
| 66. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Grand Cathay Secs. (H.K.) Ltd., et al. | 11-01462-SMB |
| 67. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hambros Guernsey Nominees, et al. | 10-03799-SMB |
| 68. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Ins. Co. Ltd., et al. | 12-01271-SMB |
| 69. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Hyposwiss Private Bank Geneve, et al. | 12-01600-SMB |
| 70. | Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) S.A., et al. | 10-03801-SMB |
| 71. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Jared Trading Ltd./BVI, et al. | 12-01264-SMB |

## Exhibit A

| | CASE NAME | DOCKET NO. |
|---|---|---|
| 72. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Koch Inv. (UK) Co., et al. | 11-01606-SMB |
| 73. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank S.A. Luxembourgeoise, et al. | 10-03868-SMB |
| 74. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al. | 10-03795-SMB |
| 75. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) S.A., et al. | 10-03788-SMB |
| 76. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Int'l, et al. | 11-01463-SMB |
| 77. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al. | 10-03516-SMB |
| 78. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Naidot & Co., et al. | 11-02336-SMB |
| 79. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natexis Banques Populaires, et al. | 10-04094-SMB |
| 80. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis, et al. | 11-01464-SMB |
| 81. | Fairfield Sigma Ltd. (In Liquidation), et al. v. Natixis Private Banking Int'l, et al. | 10-03864-SMB |
| 82. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura Int'l PLC, et al. | 10-03793-SMB |
| 83. | Fairfield Sentry Ltd. (In Liquidation), et al. v. NYROY, Royal Bank of Canada, et al. | 11-01578-SMB |
| 84. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al. | 10-03764-SMB |
| 85. | Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dexia Inv. Servs. Espana S.A., et al. | 12-01132-SMB |
| 86. | Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Sec. Sub A/C, et al. | 10-03502-SMB |
| 87. | Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Investor Services Bank S.A. f/k/a RBC Dexia Investor Services Bank S.A., et al. | 16-01214-SMB |
| 88. | | |
| 89. | Fairfield Sigma Ltd. (In Liquidation), et al. v. Rothschild & Cie Banque Paris, et al. | 12-01131-SMB |
| 90. | | |
| 91. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada, et al. | 11-02253-SMB |
| 92. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Asia) Ltd., et al. | 11-01582-SMB |
| 93. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al. | 10-04087-SMB |
| 94. | Fairfield Sigma Ltd. (In Liquidation), et al. v. SEI Invs. Trustee, et al. | 12-01134-SMB |
| 95. | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) S.A., et al. | 10-03786-SMB |
| 96. | Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) S.A., et al. | 10-03595-SMB |
| 97. | Fairfield Sigma Ltd. (In Liquidation), et al. v. Simgest SpA, et al. | 11-02534-SMB |
| 98. | Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V., et al. | 10-03757-SMB |
| 99. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Lux.), et al. | 11-01584-SMB |
| 100. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust S.A. (Lux.), et al. | 11-02613-SMB |
| 101. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank, et al. | 11-01586-SMB |
| 102. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al. | 10-03496-SMB |
| 103. | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG N.Y., et al. | 10-03780-SMB |
| 104. | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al. | 10-04095-SMB |

## Exhibit A

|      | CASE NAME | DOCKET NO. |
|------|-----------|------------|
| 105. | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd. Ref Greenlake Arbitrage Fund Ltd., et al. | 10-03758-SMB |
| 106. | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Ir.) Ltd., et al. | 11-01258-SMB |
| 107. | Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Lux. SA, et al. | 11-01250-SMB |
| 108. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Ltd., et al. | 12-01301-SMB |
| 109. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Zayed, et al. | 10-03790-SMB |
| 110. | Fairfield Sentry Ltd. (In Liquidation), et al. v. ZCM Asset Holding Co. (Berm.) Ltd., et al. | 10-03792-SMB |
| 111. | Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Mkts. Co., et al. | 10-03634-SMB |