10-03635-jpm    Doc 277-1    Filed 04/10/17    Entered 04/10/17 17:06:11    Compendium - Part 2    Pg 1 of 15

(2) Where any person brings an action to recover any land of a deceased person, whether under a will or on intestacy, and the deceased person was on the date of his death in possession of the land or, in the case of a rentcharge created by will or taking effect upon his death, in possession of the land charged, and was the last person entitled to the land to be in possession thereof, the right of action shall be deemed to have accrued on the date of his death.

(3) Where any person brings an action to recover land, being an estate or interest in possession assured otherwise than by will to him, or to some person through whom he claims, by a person who, at the date when the assurance took effect, was in possession of the land or, in the case of a rentcharge created by the assurance, in possession of the land charged, and no person has been in possession of the land by virtue of the assurance, the right of action shall be deemed to have accrued on the date when the assurance took effect.

Accrual of right of action in case of future interests.

**8.** (1) Subject as hereafter in this section provided, the right of action to recover any land shall, in a case where the estate or interest claimed was an estate or interest in reversion or remainder or any other future estate or interest and no person has taken possession of the land by virtue of the estate or interest claimed, be deemed to have accrued on the date on which the estate or interest fell into possession by the determination of the preceding estate or interest.

(2) If the person entitled to the preceding estate or interest, was not in possession of the land on the date of the determination thereof, no action shall be brought by the person entitled to the succeeding estate or interest after the expiration of twelve years from the date on which the right of action accrued to the person entitled to the preceding estate or interest, or six years from the date on which the right of action accrued to the person entitled to the succeeding estate or interest, whichever period last expires:

Provided that, where the Crown or a spiritual or eleemosynary corporation sole is entitled to the succeeding estate or interest, the foregoing provisions of this subsection shall have effect with the substitution for the reference to twelve years of a reference to thirty years, and for the reference to six years of a reference to twelve years.

(3) The foregoing provisions of this section shall not apply to any estate or interest which falls into possession on the

10-03635-jpm Doc 277-1 Filed 04/10/17 Entered 04/10/17 17:06:11 Compendium - Part 2 Pg 2 of 15

determination of an entailed interest and which might have been barred by the person entitled to the entailed interest.

(4) No person shall bring an action to recover any estate or interest in land under an assurance taking effect after the right of action to recover the land had accrued to the person by whom the assurance was made or some person through whom he claimed or some person entitled to a preceding estate or interest, unless the action is brought within the period during which the person by whom the assurance was made could have brought such an action.

(5) Where any person is entitled to any estate or interest in land in possession and, while so entitled, is also entitled to any future estate or interest in that land, and his right to recover the estate or interest in possession is barred under this Ordinance, no action shall be brought by that person, or by any person claiming through him, in respect of the future estate or interest, unless in the meantime possession of the land has been recovered by a person entitled to an intermediate estate or interest.

Provisions in case of settled land and land held on trust.

**9.** (1) Subject to the provisions of subsection (1) of section 19, the provisions of this Ordinance shall apply to equitable interests in land, including interests in the proceeds of the sale of land held upon trust for sale, in like manner as they apply to legal estates, and accordingly a right of action to recover the land shall, for the purposes of this Ordinance but not otherwise, be deemed to accrue to a person entitled in possession to such an equitable interest in the like manner and circumstances and on the same date as it would accrue if his interest were a legal estate in the land.

33/1961.

(2) Where the period prescribed by this Ordinance has expired for the bringing of an action to recover land by a tenant for life of settled land, his legal estate shall not be extinguished, if and so long as the right of action to recover the land of any person entitled to a beneficial interest in the land either has not accrued or has not been barred by this Ordinance, and the legal estate shall accordingly remain vested in the tenant for life and shall devolve in accordance with the Settled Estates Act; but if and when every such right of action as aforesaid has been barred by this Ordinance, the said legal estate shall be extinguished.

Cap. 230.

(3) Where any land is held upon trust including a trust for sale, and the period prescribed by this Ordinance has expired for the bringing of an action to recover the land by the trustees, the estate of the trustees shall not be extinguished if and so long as the right of action to recover the land of any person entitled to a beneficial interest in the land or in the proceeds of sale either has not accrued or has not been barred by this Ordinance, but if and when every such right of action has been so barred the estate of the trustees shall be extinguished.

33/1961.

(4) Where any land is held upon trust, including a trust for sale, an action to recover the land may be brought by the trustees on behalf of any person entitled to a beneficial interest in possession in the land or in the proceeds of sale whose right of action has not been barred by this Ordinance, notwithstanding that the right of action of the trustees would apart from this provision have been barred by this Ordinance.

33/1961.

(5) Where any settled land or any land held on trust for sale is in the possession of a person entitled to a beneficial interest in the land or in the proceeds of sale, not being a person solely and absolutely entitled thereto, no right of action to recover the land shall be deemed for the purposes of this Ordinance to accrue during such possession to any person in whom the land is vested as tenant for life or trustee, or to any other person entitled to a beneficial interest in the land or the proceeds of sale.

33/1961.

Accrual of right of action in case of forfeiture or breach of condition.

**10.** A right of action to recover land by virtue of a forfeiture or breach of condition shall be deemed to have accrued on the date on which the forfeiture was incurred or the condition broken:

Provided that, if such a right has accrued to a person entitled to an estate or interest in reversion or remainder and the land was not recovered by virtue thereof, the right of action to recover the land shall not be deemed to have accrued to that person until his estate or interest fell into possession, as if no such forfeiture or breach of condition had occurred.

Accrual of right of action in case of certain tenancies.

**11.** (1) A tenancy at will shall, for the purposes of this Ordinance, be deemed to be determined at the expiration of a period of one year from the commencement thereof, unless it has previously been determined, and accordingly the right of action of the person entitled to the land subject to the

10-03635-jpm Doc 277-1 Filed 04/10/17 Entered 04/10/17 17:06:11 Compendium - Part 2 Pg 4 of 15

tenancy shall be deemed to have accrued on the date of such determination.

(2) A tenancy from year to year or other period, without a lease in writing shall, for the purposes of this Ordinance, be deemed to be determined at the expiration of the first year or other period, and accordingly the right of action of the person entitled to the land subject to the tenancy shall be deemed to have accrued at the date of such determination:

Provided that, where any rent has subsequently been received in respect of the tenancy, the right of action shall be deemed to have accrued on the date of the last receipt of rent.

(3) Where any person is in possession of land by virtue of a lease in writing by which a rent of not less than three dollars is reserved, and the rent is received by some person wrongfully claiming to be entitled to the land in reversion immediately expectant on the determination of the lease, and no rent is subsequently received by the person rightfully so entitled, the right of action of the last-named person to recover the land shall be deemed to have accrued at the date when the rent was first received by the person wrongfully claiming as aforesaid and not at the date of the determination of the lease.

(4) Subsections (1) and (3) shall not apply to any tenancy at will or lease granted by the Crown.

Right of action not to accrue or continue unless there is adverse possession.

**12.** (1) No right of action to recover land shall be deemed to accrue unless the land is in the possession of some person in whose favour the period of limitation can run (hereafter in this section referred to as "adverse possession") and where under the foregoing provisions of this Ordinance any such right of action is deemed to accrue on a certain date and no person is in adverse possession on that date, the right of action shall not be deemed to accrue unless and until adverse possession is taken of the land.

(2) Where a right of action to recover land has accrued and thereafter, before the right is barred, the land ceases to be in adverse possession, the right of action shall no longer be deemed to have accrued and no fresh right of action shall be deemed to accrue unless and until the land is again taken into adverse possession.

(3) For the purposes of this section—

(*a*) possession of any land subject to a rentcharge by a person (other than the person entitled to the rentcharge) who does not pay the rent shall be deemed to be adverse possession of the rentcharge; and

(*b*) receipt of rent under a lease by a person wrongfully claiming, in accordance with subsection (3) of the last foregoing section, the land in reversion shall be deemed to be adverse possession of the land.

Cure of defective disentailing assurance.

**13.** Where a person entitled in remainder to an entailed interest in any land has made an assurance thereof which fails to bar the issue in tail or the estates and interests taking effect on the determination of the entailed interest, or fails to bar the last-mentioned estates and interests only, and any person takes possession of the land by virtue of the assurance, and that person or any other person whatsoever (other than a person entitled to possession by virtue of the settlement) is in possession of the land for a period of twelve years from the commencement of the time at which the assurance, if it had then been executed by the person entitled to the entailed interest, would have operated, without the consent of any other person, to bar the issue in tail and such estates and interests as aforesaid, then, at the expiration of that period, the assurance shall operate, and be deemed always to have operated, to bar the issue in tail and those estates and interests.

Limitation of redemption actions.

**14.** When a mortgagee of land has been in possession of any of the morgaged land for a period of twelve years, no action to redeem the land of which the mortgagee has been so in possession shall thereafter be brought by the mortgagor or any person claiming through him.

No right of action to be preserved by formal entry or continual claim.

**15.** For the purposes of this Ordinance, no person shall be deemed to have been in possession of any land by reason only of having made a formal entry thereon, and no continual or other claim upon or near any land shall preserve any right of action to recover the land.

Administration to date back to death.

**16.** For the purposes of the provisions of this Ordinance relating to actions for the recovery of land, an administrator of the estate of a deceased person shall be deemed to claim as if there had been no interval of time between the death of the deceased person and the grant of the letters of administration.

10-03635-jpm Doc 277-1 Filed 04/10/17 Entered 04/10/17 17:06:11 Compendium - Part 2 Pg 6 of 15

Limitation of actions to recover rent.

**17.** No action shall be brought, or distress made, to recover arrears of rent, or damages in respect thereof, after the expiration of six years from the date on which the arrears became due.

*Actions to recover money secured by a mortgage or charge or to recover proceeds of the sale of land.*

Limitation of actions to recover money secured by a mortgage or charge or to recover proceeds of the sale of land.

**18.** (1) No action shall be brought to recover any principal sum of money secured by a mortgage or other charge on property, whether real or personal, or to recover proceeds of the sale of land, after the expiration of twelve years from the date when the right to receive the money accrued.

(2) No foreclosure action in respect of mortgaged personal property shall be brought after the expiration of twelve years from the date on which the right to foreclose accrued:

Provided that if, after that date the mortgagee was in possession of the mortgaged property, the right to foreclose on the property which was in his possession shall not, for the purposes of this subsection, be deemed to have accrued until the date on which his possession discontinued.

(3) The right to receive any principal sum of money secured by a mortgage or other charge and the right to foreclose on the property subject to the mortgage or charge shall not be deemed to accrue so long as that property comprises any future interest or any life insurance policy which has not matured or been determined.

(4) Nothing in this section shall apply to a foreclosure action in respect of mortgaged land, but the provisions of this Ordinance relating to actions to recover land shall apply to such an action.

(5) No action to recover arrears of interest payable in respect of any sum of money secured by a mortgage or other charge or payable in respect of proceeds of the sale of land, or to recover damages in respect of such arrears shall be brought after the expiration of six years from the date on which the interest became due:

Provided that—

(*a*) where a prior mortgagee or other incumbrancer has been in possession of the property charged, and an action is brought within one year of the discontinuance

of such possession by the subsequent incumbrancer, he may recover by that action all the arrears of interest which fell due during the period of possession by the prior incumbrancer or damages in respect thereof, notwithstanding that the period exceeded six years;

33/1961.

(*b*) where the property subject to the mortgage or charge comprises any future interest or life insurance policy and it is a term of the mortgage or charge that arrears of interest shall be treated as part of the principal sum of money secured by the mortgage or charge, interest shall not be deemed to become due before the right to receive the principal sum of money has accrued or is deemed to have accrued.

(6) This section shall not apply to any mortgage or charge on a ship.

*Actions in respect of trust property or the personal estate of deceased persons.*

Limitation of actions in respect of trust property.

**19.** (1) No period of limitation prescribed by this Ordinance shall apply to an action by a beneficiary under a trust, being an action—

(*a*) in respect of any fraud or fraudulent breach of trust to which the trustee was a party or privy; or

(*b*) to recover from the trustee trust property or the proceeds thereof in the possession of the trustee, or previously received by the trustee and converted to his use.

33/1961.

(2) Subject as aforesaid, an action by a beneficiary to recover trust property or in respect of any breach of trust, not being an action for which a period of limitation is prescribed by any other provision of this Ordinance, shall not be brought after the expiration of six years from the date on which the right of action accrued:

Provided that the right of action shall not be deemed to have accrued to any beneficiary entitled to a future interest in the trust property, until the interest fell into possession.

(3) No beneficiary as against whom there would be a good defence under this Ordinance shall derive any greater or other benefit from a judgment or order obtained by any other beneficiary than he could have obtained if he had brought the action and this Ordinance had been pleaded in defence.

cumbrancer, he
of interest which
on by the prior
:spect thereof,
:d six years;

the mortgage or
r life insurance
: or charge that
: of the principal
r charge, interest
fore the right to
as accrued or is

rtgage or charge

*onal estate of*

:scribed by this
eficiary under a

dulent breach of
privy; or

t property or the
the trustee, or
converted to his

a beneficiary to
each of trust, not
ion is prescribed
ll not be brought
ite on which the

ot be deemed to
future interest in
possession.

iere would be a
ive any greater or
ined by any other
had brought the
l in defence.

Limitations of actions claiming personal estate of a deceased person.

**20.** Subject to the provisions of subsection (1) of the last foregoing section, no action in respect of any claim to the personal estate of a deceased person or to any share or interest in such estate, whether under a will or on intestacy, shall be brought after the expiration of twelve years from the date when the right to receive the share or interest accrued, and no action to recover arrears of interest in respect of any legacy, or damages in respect of such arrears, shall be brought after the expiration of six years from the date on which the interest became due.

## PART III.

### EXTENSION OF LIMITATION PERIODS IN CASE OF DISABILITY, ACKNOWLEDGMENT, PART PAYMENT, FRAUD AND MISTAKE.

*Disability.*

Extension of limitation period in case of disability.

**21.** If on the date when any right of action accrued for which a period of limitation is prescribed by this Ordinance, the person to whom it accrued was under a disability, the action may be brought at any time before the expiration of six years, or in the case of actions to which the last foregoing section applies, one year from the date when the person ceased to be under a disability or died, whichever event first occurred, notwithstanding that the period of limitation has expired:

Provided that—

(*a*) this section shall not affect any case where the right of action first accrued to some person (not under a disability) through whom the person under a disability claims;

(*b*) when a right of action which has accrued to a person under a disability accrues, on the death of that person while still under a disability, to another person under a disability, no further extension of time shall be allowed by reason of the disability of the second person;

(*c*) no action to recover land or money charged on land shall be brought by virtue of this section by any person after the expiration of thirty years from the date on which the right of action accrued to that person or some person through whom he claims;

10-03635-jpm Doc 277-1 Filed 04/10/17 Entered 04/10/17 17:06:11 Compendium - Part 2 Pg 9 of 15

Cap. 62.

33/1961.

(*d*) this section, so far as it relates to the disability of infancy or unsoundness of mind, shall not apply to any actions to which the Public Authorities Protection Act applies, unless the plaintiff proves that the person under a disability was not, at the time when the right of action accrued to him, in the custody of a parent; and

(*e*) this section shall not apply to any action to recover a penalty or forfeiture, or sum by way thereof, by virtue of any enactment, except where the action is brought by an aggrieved party.

*Acknowledgment and part payment.*

Fresh accrual of action on acknowledgment or part payment.

**22.** (1) Where there has accrued any right of action (including a foreclosure action) to recover land or any right of a mortgagee of personal property to bring a foreclosure action in respect of the property, and—

(*a*) the person in possession of the land or personal property acknowledges the title of the person to whom the right of action has accrued; or

(*b*) in the case of a foreclosure or other action by a mortgagee, the person in possession as aforesaid or the person liable for the mortgage debt makes any payment in respect thereof, whether of principal or interest;

the right shall be deemed to have accrued on and not before the date of the acknowledgment or payment.

(2) The foregoing subsection shall apply to a right of action to recover land accrued to a person entitled to an estate or interest taking effect on the determination of an entailed interest against whom time is running under section 13, and on the making of the acknowledgment that section shall cease to apply to the land.

(3) Where a mortgagee is by virtue of the mortgage in possession of any mortgaged land and either receives any sum in respect of the principal or interest of the mortgage debt or acknowledges the title of the mortgagor, or his equity of redemption, an action to redeem the land in his possession may be brought at any time before the expiration of twelve years from the date of the payment or acknowledgment.

33/1961.

(4) Where any right of action has accrued to recover any debt or liquidated pecuniary claim, or any claim to the personal estate of a deceased person or to any share or interest therein, and the person liable or accountable therefor

acknowledges the claim or makes any payment in respect thereof, the right shall be deemed to have accrued on and not before the date of the acknowledgment or the last payment:

Provided that a payment of a part of the rent or interest due at any time shall not extend the period for claiming the remainder then due, but any payment of interest shall be treated as a payment in respect of the principal debt.

Formal provisions as to acknowledgments and part payments.

**23.** (1) Every such acknowledgment as aforesaid shall be in writing and signed by the person making the acknowledgment.

(2) Any such acknowledgment or payment as aforesaid may be made by the agent of the person by whom it is required to be made under the last foregoing section, and shall be made to the person, or to an agent of the person, whose title or claim is being acknowledged or, as the case may be, in respect of whose claim the payment is being made.

Effect of acknowledgments or part payment on persons other than the maker or recipient.

**24.** (1) An acknowledgment of the title to any land, or mortgaged personalty, by any person in possession thereof shall bind all other persons in possession during the ensuing period of limitation.

33/1961.

(2) A payment in respect of a mortgage debt by the mortgagor or any person in possession of the mortgaged property shall, so far as any right of the mortgagee to foreclose or otherwise to recover the property is concerned, bind all other persons in possession of the mortgaged property during the ensuing period of limitation.

(3) Where two or more mortgagees are by virtue of the mortgage in possession of the mortgaged land, an acknowledgment of the mortgagor's title or of his equity of redemption by one of the mortgagees shall only bind him and his successors, and shall not bind any other mortgagee or his successors, and where the mortgagee by whom the acknowledgment is given is entitled to a part of the mortgaged land and not to any ascertained part of the mortgage debt, the mortgagor shall be entitled to redeem that part of the land on payment, with interest, of the part of the mortgage debt which bears the same proportion to the whole of the debt as the value of the part of the land bears to the whole of the mortgaged land.

(4) Where there are two or more mortgagors, and the title or right to redemption of one of the mortgagors is acknowledged as aforesaid, the acknowledgment shall be deemed to have been made to all the mortgagors.

(5) An acknowledgment of any debt or other liquidated pecuniary claim shall bind the acknowledgor and his successors but not any other person:

Provided that an acknowledgment made after the expiration of the period of limitation prescribed for the bringing of an action to recover the debt or other claim shall not bind any successor on whom the liability devolves on the determination of a preceding estate or interest in property under a settlement taking effect before the date of the acknowledgment.

(6) A payment made in respect of any debt or other liquidated pecuniary claim shall bind all persons liable in respect thereof:

Provided that a payment made after the expiration of the period of limitation prescribed for the bringing of an action to recover the debt or other claim shall not not bind any person other than the person making the payment and his successors, and shall not bind any successor on whom the liability devolves on the determination of a preceding estate or interest in property under a settlement taking effect before the date of the payment.

(7) An acknowledgment by one of several personal representatives of any claim to the personal estate of a deceased person, or to any share or interest therein, or a payment by one of several personal representatives in respect of any such claim shall bind the estate of the deceased person.

(8) In this section the expression "successor", in relation to any mortgagee or person liable in respect of any debt or claim, means his personal representatives and any other person on whom the rights under the mortgage or, as the case may be, the liability in respect of the debt or claim devolve, whether on death or bankruptcy or the disposition of property or the determination of a limited estate or interest in settled property or otherwise.

Postponement of limitation period in case of fraud or mistake.

**25.** Where, in the case of any action for which a period of limitation is prescribed by this Ordinance, either—

10-03635-jpm Doc 277-1 Filed 04/10/17 Entered 04/10/17 17:06:11 Compendium - Part 2 Pg 12 of 15

(*a*) the action is based upon the fraud of the defendant or his agent or of any person through whom he claims or his agent, or

(*b*) the right of action is concealed by the fraud of any such person as aforesaid, or

(*c*) the action is for relief from the consequences of a mistake,

the period of limitation shall not begin to run until the plaintiff has discovered the fraud or the mistake, as the case may be, or could with reasonable diligence have discovered it:

Provided that nothing in this section shall enable any action to be brought to recover, or enforce any charge against, or set aside any transaction affecting, any property which—

(i) in the case of fraud, has been purchased for valuable consideration by a person who was not a party to the fraud and did not at the time of the purchase know or have reason to believe that any fraud had been committed, or

(ii) in the case of mistake, has been purchased for valuable consideration, subsequently to the transaction in which the mistake was made, by a person who did not know or have reason to believe that the mistake had been made.

## PART IV.

### GENERAL.

Application of Ordinance and other limitation enactments to arbitrations.

**26.** (1) This Ordinance and any other enactment relating to the limitation of actions shall apply to arbitrations as they apply to actions in the High Court.

(2) Notwithstanding any term in an arbitration agreement to the effect that no cause of action shall acrrue in respect of any matter required by the agreement to be referred until an award is made under the agreement, the cause of action shall, for the purpose of this Ordinance and of any other such enactment (whether in their application to arbitrations or to other proceedings), be deemed to have accrued in respect of any such matter at the time when it would have accrued but for that term in the agreement.

10-03635-jpm Doc 277-1 Filed 04/10/17 Entered 04/10/17 17:06:11 Compendium - Part 2 Pg 13 of 15

(3) For the purpose of this Ordinance and of any such enactment as aforesaid, an arbitration shall be deemed to be commenced when one party to the arbitration serves on the other party or parties a notice requiring him or them to appoint an arbitrator or to agree to the appointment of an arbitrator, or, where the arbitration agreement provides that the reference shall be to a person named or designated in the agreement, requiring him or them to submit the dispute to the person so named or designated.

(4) Any such notice as aforesaid may be served either—

(*a*) by delivering it to the person on whom it is to be served; or

(*b*) by leaving it at the usual or last known place of abode in the Territory of that person; or

(*c*) by sending it by post in a registered letter addressed to that person at his usual or last known place of abode in the Territory;

as well as in any other manner provided in the arbitration agreement; and where a notice is sent by post in manner prescribed by paragraph (*c*), service thereof shall, unless the contrary is proved, be deemed to have been effected at the time at which the letter would have been delivered in the ordinary course of post.

(5) Where the High Court orders that an award be set aside or orders, after the commencement of an arbitration, that the arbitration shall cease to have effect with respect to the dispute referred, the Court may further order that the period between the commencement of the arbitration and the date of the order of the Court shall be excluded in computing the time prescribed by this Ordinance or any such enactment as aforesaid for the commencement of proceedings (including arbitration) with respect to the dispute referred.

Cap. 6.

(6) This section shall apply to an arbitration under the Arbitration Ordinance as well as to an arbitration pursuant to an arbitration agreement, and subsections (3) and (4) shall have effect, in relation to an arbitration under the Arbitration Ordinance, as if for the references to the arbitration agreement there were substituted references to such of the provisions of the said Act or of any order, scheme, rules, regulations, or byelaws made thereunder as relate to the arbitration.

(7) In this section the expressions "arbitration", and "award" have the same meanings as in the Arbitration Act, 1889, and the expression "arbitration agreement" has the same meaning as the expression "submission" in the said Act.

33/1961
52 & 53 Vict., c. 49.

**27.** For the purposes of this Ordinance, any claim by way of set-off or counterclaim shall be deemed to be a separate action and to have been commenced on the same date as the action in which the set-off or counterclaim is pleaded.

Provisions as to set-off or counterclaim.

**28.** Nothing in this Ordinance shall affect any equitable jurisdiction to refuse relief on the ground of acquiescence or otherwise.

Acquiescence.

**29.** (1) Save as in this Ordinance otherwise expressly provided and without prejudice to the provisions of section 30, this Ordinance shall apply to proceedings by or against the Crown in like manner as it applies to proceedings between subjects:

Application to the Crown.

Provided that this Ordinance shall not apply to any proceedings by the Crown for the recovery of any tax or duty or interest thereon or to any forfeiture proceedings under any law relating to duties of excise or to any proceedings in respect of the forfeiture of a ship.

(2) For the purposes of this section, proceedings by or against the Crown shall include proceedings by or against any Government Department or any officer of the Crown as such or any person acting on behalf of the Crown.

(3) Nothing in this Ordinance shall affect the prerogative right of Her Majesty to any gold or silver mine.

**30.** This Ordinance shall not apply to any action or arbitration for which a period of limitation is prescribed by any other enactment, or to any action or arbitration to which the Crown is a party and for which, if it were between subjects, a period of limitation would be prescribed by any other enactment.

Saving for other limitation enactments.

**31.** Nothing in this Ordinance shall—

Provisions as to actions already barred and pending actions.

(*a*) enable any action to be brought which was barred before the commencement of this Ordinance by an enactment repealed by this Ordinance, except in so far

as the cause of action or right of action may be revived by an acknowledgment or part payment made in accordance with provisions of this Ordinance; or

(*b*) affect any action or arbitration commenced before the commencement of this Ordinance or the title to any property which is the subject of any such action or arbitration.

---