**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LIMITED, et al., | Case No: 10-13164 (SMB) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | |
| Plaintiffs, | Adv. Pro. No. 10-03496 |
| -against- | |
| THEODOOR GGC AMSTERDAM, et al., | Administratively Consolidated |
| Defendants. | |
| This Opposition applies to the adversary proceedings listed in Exhibit A hereto. | |

**CORRECTED FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW
IN OPPOSITION TO THE INDIVIDUAL SUPPLEMENTAL BRIEF
(CONCERNING PREEMPTION AND SERVICE) AND IN FURTHER SUPPORT OF
FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... ii
ARGUMENT .................................................................................................................................. 1
    I.     Incorporation Of The Liquidators' Omnibus Brief ........................................................... 1
    II.    The Preemption Argument Is Irrelevant. .......................................................................... 2
    III.   Even if Relevant, The Preemption Argument Would be Without Merit. .......................... 2
    IV.   Service Was Proper On Sumitomo. .................................................................................. 4
          A.      Sumitomo Consented to Service By Mail ............................................................. 4
          B.      Service on Defendants Also Complied with Rule 4 and the Hague Convention. .. 5
CONCLUSION ............................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fogerty v. Petroquest Res., Inc. (In re Condor Ins. Ltd.)*,
 601 F.3d 319 (5th Cir. 2010) ...................................................................................................3

*Hillman v. Maretta*,
 133 S.Ct. 1943 (2013) ..............................................................................................................2

*Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomm. (Luxembourg) II SCA)*,
 535 B.R. 543 (Bankr. S.D.N.Y. 2015) ................................................................................2, 3

*Official Comm. of Unsecured Creditors of Hechinger Inv. Co. v. Fleet Retail Fin. Grp. (Hechinger Inv. Co.)*,
 274 B.R. 71 (D. Del. 2002) ......................................................................................................4

*In re Tribune Co. Fraudulent Conveyance Litig.*,
 818 F.3d 98 (2d Cir. 2016) .......................................................................................................3

**Statutes**

11 U.S.C. § 546(e) .....................................................................................................................3, 4

11 U.S.C. § 1521(a)(7) ...........................................................................................................2, 3, 4

11 U.S.C. § 1523(a) .......................................................................................................................3

11 U.S.C. § 1528 ............................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 4 .............................................................................................................................5

H.R. Rep. 97-420 (1982) ................................................................................................................3

H.R. Rep. No. No. 109-31 (2005) ..................................................................................................3

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Article 10(a) .......................................................5

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the *Individual Supplemental Brief (Concerning Preemption and Service* (the "Preemption Supplemental MTD"), and the parties that filed the Preemption Supplemental MTD or joinders thereto identified on Exhibit A, and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1] In opposition to the Preemption Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

**ARGUMENT**

**I.      Incorporation Of The Liquidators' Omnibus Brief.**

The Preemption Defendants[2] join in the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Dkt. No. 960) (the "Consolidated MTD Brief"). In opposition to the Preemption Supplemental MTD, the Liquidators adopt and incorporate herein the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), Adv. Pro. No. 10-03496, March 31, 2017 [Dkt. No. 1336].

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2] The "Preemption Defendants" refers to the Sumitomo Trust & Banking Co., Ltd. ("Sumitomo") and the additional defendants identified on Exhibit A hereto. As alleged in the proposed Third Amended Complaint, Sumitomo was, at all relevant times, a member and registered shareholder of Sentry. *See* Proposed Third Amended Complaint, ¶ 30.

## II.     The Preemption Argument Is Irrelevant.

The Preemption Defendants concede that their preemption argument only applies to the extent that the Liquidators attempt to sue under "*the law of a U.S. state*." *See* Preemption Supplemental MTD, at 2 (emphasis added). But the substance of the Liquidators' claims are governed by BVI law, not the law of a U.S. state—and the Preemption Defendants do not contend otherwise. *See id.* ("it appears that the Liquidators' Common Law Claims and Contract Laws are governed by the laws of the BVI"). Accordingly, the Preemption Supplemental MTD should be denied. No further analysis is required.

## III.    Even if Relevant, The Preemption Argument Would be Without Merit.

Even if the substance of claims were governed by New York law, the preemption argument would fail. Federal law may preempt state law when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hillman v. Maretta*, 133 S.Ct. 1943, 1949-50 (2013). The Preemption Defendants conjure up a novel legal theory, with no basis (or claimed support) in case law, that 11 U.S.C. § 1521(a)(7) preempts the Liquidators' common law claims because these claims "seek the exact type of avoidance remedies denied foreign representatives" under Section 1521(a)(7). *See* Preemption Supplemental MTD, at 1-3. But Section 1521(a)(7) does not categorically deny avoidance remedies, and the pursuit of common law and contract claims are no obstacle to the objectives of the statute. *See Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomm. (Luxembourg) II SCA)*, 535 B.R. 543, 586-87 (Bankr. S.D.N.Y. 2015) (explaining that foreign representatives are not prohibited from bringing all avoidance actions and rejecting the argument that Section 1521(a)(7) preempted common law unjust enrichment claim).

Section 1521(a)(7) arose from concerns that "a simple grant of standing to bring

2

avoidance actions neglects to address very difficult choice of law and forum issues." H.R. Rep. No. No. 109-31 at 116 (2005). To address these concerns, Section 1521(a)(7) affirmatively grants powers, but excludes use by a foreign representative of avoidance claims under the U.S. Bankruptcy Code in a Chapter 15 proceeding. *See* 11 U.S.C. § 1521(a)(7).[3] However, it is clear that a foreign representative may assert *foreign* avoidance claims in a Chapter 15 proceeding. *See Fogerty v. Petroquest Res., Inc. (In re Condor Ins. Ltd.)*, 601 F.3d 319, 327 (5th Cir. 2010) (cited by the Preemption Defendants at 2); *In re Hellas Telecomm. (Luxembourg) II SCA*, 535 B.R. at 568. Given that Section 1521(a)(7) does not bar the avoidance of any transaction, allowing the Liquidators to pursue state law (or common law) claims that could result in avoidance does not interfere with the operation of Section 1521(a)(7). *See In re Hellas Telecomm. (Luxembourg) II SCA*, 535 B.R. at 586-87.

The Preemption Defendants contend that their Section 1521(a)(7) preemption theory rests on the same principle applied by courts in finding that federal law preempts common law claims seeking to unwind transactions that are unavoidable under the securities safe harbor of 11 U.S.C. § 546(e). *See* Preemption Supplemental MTD, at 2. But unlike Section 1521(a)(7), Section 546(e), where applicable, operates as a bar on avoiding certain transfers. *See* 11 U.S.C. § 546(e). The purpose of that provision is to afford a measure of protection to the nation's financial markets from the instability caused by the avoidance of settled securities transactions. *See* 11 U.S.C. § 546(e); H.R. Rep. 97-420 (1982) at 1-2; *In re Tribune Co. Fraudulent Conveyance Litig.*, 818 F.3d 98, 121-23 (2d Cir. 2016). Some courts have held that permitting U.S. state law claims that effectively seek avoidance of a transaction that is unavoidable under Section 546(e)

---

[3] Section 1523(a) grants standing to a foreign representative to assert U.S. avoidance claims in a Chapter 7 or 11 proceeding. *See* 11 U.S.C. § 1523(a); *see also id.* § 1528 (enabling foreign representative to file Chapter 7 or 11 case in certain circumstances).

3

would frustrate the objectives of Section 546(e). *See, e.g.*, *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. v. Fleet Retail Fin. Grp. (Hechinger Inv. Co.)*, 274 B.R. 71, 96 (D. Del. 2002). These courts have held that Section 546(e) preempts, under the Constitution's Supremacy Clause, state law claims seeking the same remedy and relief as avoidance claims barred under the statute. *See id.*[4] The operation of preemption principles in that context has no application to Section 1521(a)(7)—a different statute that operates in a different way to accomplish a different purpose. Even if relevant, then, the preemption argument would fail.

## IV. Service Was Proper On Sumitomo.[5]

### A. Sumitomo Consented to Service By Mail.

Sumitomo expressly consented to service by mail in the Forum Clause of the Subscription Agreements. *See* Liquidators' Omnibus Brief, at § VI.A.1. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.* The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders. *See id.* at §§ I.A.1, VI.B.

The Liquidators' fully complied with the Forum Clause by serving Sumitomo by mail. *First*, Sumitomo consented to "service of process as provided by New York law," which provides for service through the Hague Convention. *See* Liquidators' Omnibus Brief, at § VI.A.1. Contrary to Sumitomo's arguments incorporated from the Consolidated MTD Brief, the Hague Convention generally authorizes mail service. *Id. Second*, Sumitomo agreed to an

---

[4] Of course, as detailed in the Liquidators' Omnibus Brief, Section 546(e) does not apply extraterritorially and cannot bar the claims at issue. *See* Liquidators' Omnibus Brief, at § V.

[5] The Preemption Defendants identified on Exhibit A filed joinders to the Preemption Supplemental MTD or filed a copy of the Preemption Supplemental MTD. These parties did not individually address whether service was proper on them or otherwise raise any issues related to service. As stated herein, in addition to the responses to any other brief that the parties to Exhibit A joined, the reasons why service was proper on Sumitomo apply to each Preemption Defendant identified on Exhibit A.

4

additional, more specific form of service, beyond whatever is permitted under New York law: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *Id.* (emphasis added). Even if they had not complied with generally applicable New York service requirements (and they did), the Liquidators complied with this additional, more specific agreed-to form of service. *See* Dkt. No. 7 (Affidavit of Service). Accordingly, service on Sumitomo was effective.

### B. Service on Defendants Also Complied with Rule 4 and the Hague Convention.

While service is effective because it conformed to the contract, it also complies with Rule 4 because it was effected by a means authorized in the Hague Convention. *See* Liquidators' Omnibus Brief, at § VI.A.2. Service by mail on defendants residing outside the United States *is* authorized by Article 10(a) of the Hague Convention. *See id.* (collecting cases).[6] Accordingly, the Liquidators' service by International Registered Mail on Sumitomo was effective.[7]

### CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the Preemption Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
     April 6, 2017                              BROWN RUDNICK LLP

                                                By: */s/ David J. Molton*

---

[6] Sumitomo does not argue that it resides in a country that has objected to Article 10(a).

[7] As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant. *See* Liquidators' Omnibus Brief, at § VI.B.

David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

# EXHIBIT A

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Banking & Trust Co. Ltd., et al. | Bankr. 10-3863 | Sumitomo Trust & Banking Co., Ltd. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Securities Sub A/C, et al. | Bankr. 10-3502 | RBC Dominion Securities |
| Fairfield Sigma Ltd. (In Liquidation), et al. v. Credit Suisse Int'l, et al. | Bankr. 10-3620 | Credit Suisse International |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3635 | Clariden Leu Ltd. <br> Credit Suisse AG Zurich <br> Harmony Capital Fund Ltd. <br> Lloyds TSB Bank Geneva <br> T1 Global Fund Ltd. <br> RBS Coutts Bank Ltd. (n/k/a Coutts & Co. Ltd.) <br> SIX SIS AG |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3636 | Clariden Leu Ltd. <br> Credit Suisse AG Zurich <br> Harmony Capital Fund Ltd. <br> Lloyds TSB Bank Geneva <br> T1 Global Fund Ltd. <br> RBS Coutts Bank Ltd. (n/k/a Coutts & Co. Ltd.) <br> SIX SIS AG |
| Fairfield Sigma Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al. | Bankr. 10-3621 | OAM <br> Oddo & Cie |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Co. Am., et al. | Bankr. 10-3744 | Deutsche Bank Trust Company America |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) S.A. Geneve, et al. | Bankr. 10-3745 | Deutsche Bank (Suisse) SA Geneve |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al. | Bankr. 10-3746 | Deutsche Bank (Cayman) Limited <br> Sciens CFO 1 Feeder Fund Ltd. <br> Sciens Global Opportunity Fund |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al. | Bankr. 10-3747 | Deutsche Bank AG Singapore |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al. | Bankr. 10-3752 | Brown Brothers Harriman & Co. |

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd., et al. | Bankr. 10-3776 | Odyssey Alternative Strategies Fund Limited (sued as Odyssey Alternative Fund, Ltd.)[8] |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Bah.), et al. | Bankr. 10-3782 | Credit Suisse (Bahamas) a/k/a Credit Suisse (Bahamas) Limited<br>Credit Suisse AG, Nassau Branch |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Al Nahyan Mansour B Zayed, et al. | Bankr. 10-3790 | Al Nahyan Mansour B. Zayed<br>Abdul Hamid M. Saeed |
| Fairfield Sigma Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al. | Bankr. 10-3791 | Monte Paschi Ireland Ltd. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin Int'l Ltd., et al. | Bankr. 10-3865 | Celfin International Limited |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG, et al. | Bankr. 10-3869 | SIX SIS AG |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al. | Bankr. 10-4087 | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Lux.) S.A., et al. | Bankr. 10-4088 | Leu Performance Fund<br>Leu Prima Global Fund<br>Prima Global Fund |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank & Trust Cayman Ltd., et al. | Bankr. 10-4099 | Tremont Market Neutral Portfolio Ltd.<br>Tremont Partners Inc. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al. | Bankr. 10-4236 | Credit Suisse Gibraltar Limited<br>Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SWEDECLIENT/IAM, et al. | Bankr. 11-1253 | Swedbank sued as FS/Swedclient/IAM |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al. | Bankr. 11-1259 | Barclays Bank (Suisse) SA |

---

[8] Odyssey Alternative Fund, Ltd. filed a copy of the Sumitomo Brief in the Adversary Proceeding Number 10-3776 [ECF 59], which was stricken from the docket by the Clerk. Odyssey did not file an additional joinder to the Sumitomo Brief, however, it did file a joinder to the Consolidated MTD Brief [ECF 63] and in its joinder to the Consolidated MTD Brief, it referenced its stricken joinder to the Sumitomo Brief. As it stands, Odyssey does not have an operable joinder to the Sumitomo Brief, but in an abundance of caution, they are included in this Exhibit.

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Barfield Nominees Ltd., et al. | Bankr. 11-1470 | Barfield Nominees Limited |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Limited, et al. | Bankr. 11-1564 | Deutsche Bank Nominees (Jersey) Limited |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. NYROY, et al. | Bankr. 11-1578 | Royal Bank of Canada sued as "NYROY, Royal Bank of Canada" |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Asia) Limited, et al. | Bankr. 11-1582 | Royal Bank of Canada (Asia) Limited |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank, et al. | Bankr. 11-1586 | Swedbank |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Kefong Lee, et al. | Bankr. 11-1596 | Kefong Lee |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management, et al. | Bankr. 11-1601 | Credit Suisse AG Nassau Branch Wealth Management |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al. | Bankr. 11-02253 | Royal Bank of Canada a/k/a RBC Capital Markets Corporation<br>RBC Dominion Securities, Inc. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Ltd., et al. | Bankr. 11-2612 | Credit Suisse Nominees (Guernsey) Limited |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al. | Bankr. 11-2440 | Deutsche Bank (Suisse) SA as successor to Bank Sal Oppenheim Jr. Cie (Schweiz) AG A/K/A Bank Sal. Oppenhiem Jr. & CIE |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch, et al. | Bankr. 12-1127 | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited |
| Fairfield Sigma Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Ltd., et al. | Bankr. 12-1135 | Bank of Ireland Nominees Limited (n/k/a Northern Trust Nominees (Ireland) Limited) |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Centre Coll., et al. | Bankr. 12-1143 | Centre College |

3

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al. | Bankr. 12-1265 | Barclays Bank SA Madrid (**CaixaBank, S.A., as successor by merger to Barclays Bank S.A.**) |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Secs. S.A., et al. | Bankr. 12-1555 | HSH Nordbank Securities S.A. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. First Gulf Bank, et al. | Bankr. 12-1567 | First Gulf Bank |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al. | Bankr. 12-1599 | Barclays Private Bank & Trust (Channel Islands) **Limited (n/k/a Zedra Trust Company (Jersey) Limited)** |