**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** ) | |
| ) | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. ) | |
| ) | **Jointly Administered** |
| ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03496** |
| -against- ) | |
| ) | |
| **THEODOOR GGC AMSTERDAM, et al.,** ) | **Administratively** |
| ) | **Consolidated** |
| Defendants. ) | |
| ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03635** |
| -against- ) | |
| ) | |
| **ABN AMRO Schweiz AG, et al.,** ) | |
| ) | |
| Defendants. ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03636** |
| -against- ) | |
| ) | |
| **ABN AMRO Schweiz AG, et al.,** ) | |
| ) | |
| Defendants. ) | |

**FOREIGN REPRESENTATIVES' MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANTS UBS AG
AND UBS JERSEY NOMINEES' NOTICE OF JOINDER
IN CONSOLIDATED BRIEFING AND INDIVIDUAL SUPPLEMENTAL
BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
AND IN SUPPORT OF MOTION TO DISMISS AND IN FURTHER SUPPORT OF
<u>FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................................ 1
ARGUMENT ........................................................................................................................................ 2
I.    INCORPORATION OF THE LIQUIDATORS' OMNIBUS BRIEF. ............................... 2
II.   THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS. .................... 2
      A.    Defendants Expressly Consented to Jurisdiction. .................................................. 3
      B.    The Court May Also Exercise Jurisdiction Based On Defendants' Contacts. ......... 3
CONCLUSION .................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Datskow v. Teledyne, Inc.*,
    899 F.2d. 1298 (2d Cir. 1990)..................................................................................................4

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
    722 F.3d 81 (2d Cir. 2013).................................................................................................3, 4

*Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob.
    Crossing Ltd.)*,
    385 B.R. 52 (Bankr. S.D.N.Y. 2008) ......................................................................................4

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In
    re Motors Liquidation Co.)*,
    No. 09-50026 (MG), 2017 WL 632126 (Bankr. S.D.N.Y. Feb. 16, 2017) ..............................2

*In re Randall's Island Family Golf Centers*,
    No. 02-2278, 2002 WL 31496229 (Bankr. S.D.N.Y. 2002) ....................................................4

**Other Authorities**

Fed. R. Civ. P. 15(c) ......................................................................................................................4

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to *Defendants UBS AG and UBS Jersey Nominees' Notice of Joinder in Consolidated Briefing and Individual Supplemental Brief in Opposition to Plaintiffs' Motion For Leave to Amend and in Support of Motion to Dismiss* ("Defendants' Joinder and Supplemental MTD") and (ii) *Declaration of Raimund Roehrich* ("Roehrich Declaration"), and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1]  In opposition to Defendants' Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## PRELIMINARY STATEMENT

UBS AG and UBS Jersey Nominees (the "Defendants")[2] seek dismissal of this action for lack of personal jurisdiction over Defendants because UBS AG was misnamed in the Complaint as UBS AG New York.  Defendants' entire supplemental argument is premised on the assumption that because general jurisdiction is purportedly inapplicable, the Court does not have jurisdiction over UBS AG.  This argument is unavailing.  As demonstrated herein and in the

---

[1]   Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2]   As alleged in the proposed Fourth Amended Complaint, upon information and belief, "UBS AG New York" is a customer of a registered shareholder.  *See* Proposed Fourth Amended Complaint, ¶¶ 14, 101 (Adv. Pro. 10-03635); Proposed Fourth Amended Complaint, ¶¶ 14, 103 (Adv. Pro. 10-03636).

Liquidators' Omnibus Brief, the allegations in the Proposed Amended Complaint, support the Court's exercise of jurisdiction over Defendants.

**ARGUMENT**

I. **Incorporation Of The Liquidators' Omnibus Brief.**

Defendants join in and incorporate in to their Joinder and Supplemental MTD, the following briefs: (1) the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket No. 960) (the "Consolidated MTD Brief"); (2) the Motion to Dismiss on the Grounds of *Forum Non Conveniens* [Adv. Pro. 10-03496, Dkt. No. 1107] (the "*FNC* Brief"); and (3) the Motion to Dismiss Based on the Doctrine of *Res Judicata* [Adv. Pro. 10-03496, Dkt. No. 1131] (the "*Res Judicata* Brief") . In opposition to Defendants' Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein: (1) the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336]; (2) the Liquidators' Opposition to Certain Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens* [Adv. Pro. 10-03496]; and (3) their Opposition to the *Res Judicata* Brief [Adv. Pro. 10-03496].

II. **The Court Has Personal Jurisdiction Over Defendants.**

Defendants argue that the Court lacks jurisdiction over them for the reasons set forth in the Consolidated MTD Brief. For the reasons detailed in the Liquidators' Omnibus Brief, this Court has personal jurisdiction over Defendants. *See* Liquidators' Omnibus Brief, at § I.

As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant." *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co*.), No. 09-50026 (MG), 2017 WL 632126, at * 7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.).

2

While the Court may consider materials outside the pleadings, it must credit the plaintiffs' jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the plaintiffs and resolve all doubts in its favor. *See* Liquidators' Omnibus Brief, at § I.A. To the extent a defendant purports to contradict a plaintiff's allegations concerning jurisdiction, the court must credit the allegations in the pleading and construe pleadings and affidavits in the light most favorable to the plaintiff, unless and until the court orders a full evidentiary hearing on jurisdiction or hears the matter on summary judgment. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85-86 (2d Cir. 2013); Liquidators' Omnibus Brief, at § I.A.2.

### A. **Defendants Expressly Consented to Jurisdiction.**

Defendants have consented to this Court's jurisdiction by agreeing in the Subscription Agreement to litigate in this Court. Ample precedent confirms that a valid and applicable forum selection clause conclusively affords the court personal jurisdiction over defendants bound by it. *See* Liquidators' Omnibus Brief, at § I.A. (collecting cases). The Proposed Amended Complaints against the Defendants reflect that the Subscription Agreement contains the Forum Clause. *See id*. The Subscription Agreement is binding on the registered shareholders and the beneficial shareholders for whom they placed investments and applies to this action. *See* Liquidators' Omnibus Brief, at § I.A. Accordingly, the Court has jurisdiction over the Defendants.

### B. **The Court May Also Exercise Jurisdiction Based On Defendants' Contacts.**

Beyond the Forum Clause, the allegations in the Proposed Amended Complaint are sufficient to confer jurisdiction over Defendants based on their contacts with the forum. The facts alleged show: (i) Defendants have "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the

3

exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegation that Defendants decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS" is enough to establish that Defendants have minimum contacts necessary to support specific jurisdiction. *See id*. Moreover, Defendants' purposeful use of U.S. correspondent banks to effectuate the investments and redemption payments at issue here, similarly provides enough minimum contacts to support jurisdiction. *Id.*

Defendants argue that the Court does not have general personal jurisdiction over Defendants because "UBS AG New York" – a named Defendant – is not an existing entity, and the relevant entity "UBS AG" is a Swiss corporation.[3] For the reasons in the Liquidators' Omnibus Brief, jurisdiction over Defendant is proper at this stage of the litigation, regardless of Defendant's "principle place of business" because Defendant consented to jurisdiction in the Subscription Agreement and has minimum contacts with the United States. *See* Liquidators' Omnibus Brief, at § I.[4]

---

[3] Notably, Defendant does not argue that it did not receive Redemption Payments and concedes that the "relevant entity" is UBS AG. The allegations in the Proposed Amended Complaint are based, in part, on the records of the Funds. The Liquidators' reserve their right to revise the caption and the complaint in the event discovery reveals information contrary to that in the Funds' records. *See* Fed. R. Civ. P. 15(c); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298 (2d Cir. 1990); *Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob. Crossing Ltd.)*, 385 B.R. 52, 66-69 (Bankr. S.D.N.Y. 2008) (amendments can be made for mistakes concerning the identity of the proper party, also known as a "misnomer or misidentification" of an existing party); *In re Randall's Island Family Golf Centers*, No. 02-2278, 2002 WL 31496229, at * 3 (Bankr. S.D.N.Y. 2002) (Amendments can be made to correct a "misnomer," even where the plaintiff knew of the existence of the party but "were unaware of [the party's] involvement in the transaction.").

[4] The Roehrich Declaration, which purports to contradict the Liquidators' allegations regarding jurisdiction over Defendants by arguing that Defendants are not a New York entity, cannot be credited without a hearing and the allegations must be viewed in the light most favorable to the Liquidators. *Dorchester Fin. Sec., Inc.*, 722 F.3d at 85-86; Liquidators' Omnibus Brief, at § I.A.2. But, the Court need not reach the issue, as the Court has jurisdiction over Defendant by virtue of Defendant's consent in the Forum Clause and because Defendant has minimum contacts with the United States. *See* Liquidators' Omnibus Brief, § I.

4

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 6, 2017

BROWN RUDNICK LLP

By:   */s/ David J. Molton*
    David J. Molton
    May Orenstein
    Daniel J. Saval
    Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*