**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | **Jointly Administered** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| Plaintiffs, | **Adv. Pro. No. 10-03496** |
| -against- | |
| **THEODOOR GGC AMSTERDAM, et al.,** | **Administratively Consolidated** |
| Defendants. | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| Plaintiffs, | **Adv. Pro. No. 10-03635** |
| -against- | |
| **ABN AMRO Schweiz AG, et al.,** | |
| Defendants. | |

| | |
|---|---|
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,**  )<br>)<br>                                                    **Plaintiffs,**  )<br>-against-                                                              )<br>)<br>**ABN AMRO Schweiz AG, et al.,**                        )<br>)<br>                                                    **Defendants.**  ) | **Adv. Pro. No. 10-03636** |

**FOREIGN REPRESENTATIVES' MEMORANDUM
OF LAW IN OPPOSITION TO KBC INVESTMENTS
LIMITED'S SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND
IN SUPPORT OF KBC'S MOTION TO DISMISS AND IN FURTHER SUPPORT OF
<u>FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................................ 1
ARGUMENT ....................................................................................................................................... 2
I.    Incorporation Of The Liquidators' Omnibus Brief............................................................ 2
II.    The Court Has Personal Jurisdiction Over Defendant....................................................... 2
        A.    Defendant Expressly Consented to Jurisdiction. ................................................... 3
        B.    The Court May Also Exercise Jurisdiction Based On Defendant's Contacts......... 3
CONCLUSION .................................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
    722 F.3d 81 (2d Cir. 2013) .................................................................................................2, 4

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*,
    No. 09-50026 (MG), 2017 WL 632126 (Bankr. S.D.N.Y. Feb. 16, 2017)................................2

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to *KBC Investments Limited's Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion For Leave to Amend and in Support of KBC's Motion to Dismiss* ("KBC's Joinder and Supplemental MTD"); and (ii) *Declaration of Marc Boelens in Support of KBC Investments Limited's Motion to Dismiss For Lack of Personal Jurisdiction* (the "Boelens Declaration"), and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1] In opposition to KBC's Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## PRELIMINARY STATEMENT

As detailed in the Liquidators' Omnibus Brief, KBC Investments Ltd. ("Defendant")[2] consented to this Court's jurisdiction over it in the Subscription Agreements, which broadly covers claims—like these—which are "with respect to" the Subscription Agreements and the Funds. Furthermore, Defendant purposefully availed itself of the privilege of doing business in

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2] As alleged in the proposed Fourth Amended Complaint, upon information and belief, Defendant is a customer of the registered shareholder. *See* Proposed Fourth Amended Complaint, ¶¶ 14, 75 (Adv. Pro. 10-03635); Proposed Fourth Amended Complaint, ¶¶ 14, 81 (Adv. Pro. 10-03636).

this forum by investing in the Madoff feeder funds and by designating a U.S. correspondent bank to effectuate investments and redemptions.

**ARGUMENT**

I. **Incorporation Of The Liquidators' Omnibus Brief.**

Defendant joins in the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD Brief"). In opposition to KBC's Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein, the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].

II. **The Court Has Personal Jurisdiction Over Defendant.**

As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant." *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co*.), No. 09-50026 (MG), 2017 WL 632126, at * 7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.). While the Court may consider materials outside the pleadings, it must credit the plaintiffs' jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the plaintiffs and resolve all doubts in its favor. *See* Liquidators' Omnibus Brief, at § I.A. To the extent a defendant purports to contradict a plaintiff's allegations concerning jurisdiction, the court must credit the allegations in the pleading and construe pleadings and affidavits in the light most favorable to the plaintiff, unless and until the court orders a full evidentiary hearing on jurisdiction or hears the matter on summary judgment. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85-86 (2d Cir. 2013); Liquidators' Omnibus Brief, at § I.A.2.

### A. Defendant Expressly Consented to Jurisdiction.

Defendant has consented to this Court's jurisdiction by agreeing in the Subscription Agreement to litigate in this Court. Ample precedent confirms that a valid and applicable forum selection clause conclusively affords the court personal jurisdiction over defendants bound by it. *See* Liquidators' Omnibus Brief, at § I.A. The Proposed Amended Complaint against the Defendants reflects that the Subscription Agreement contained the Forum Clause. *See id*. The Subscription Agreement is binding on the registered shareholders and the beneficial shareholders for whom they placed investments and applies to this action. *See id*. Accordingly, the Court has jurisdiction over the Defendant.

### B. The Court May Also Exercise Jurisdiction Based On Defendant's Contacts.

Beyond the Forum Clause, the allegations in the Proposed Amended Complaint are sufficient to confer jurisdiction over Defendant based on its contacts with the forum. The facts alleged show: (i) Defendant has "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegation that Defendant decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS" is enough to establish that the Defendant had minimum contacts necessary to support specific jurisdiction. *See* Liquidators' Omnibus Brief, at § I.B. Moreover, the Defendant's purposeful use of U.S. correspondent banks to effectuate the

investments and redemption payments at issue here, similarly provides enough minimum contacts to support jurisdiction. *Id.*[3]

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that KBC's Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 5, 2017

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

---

[3] The Boelen Declaration, which purports to contradict the Liquidators' allegations regarding jurisdiction over Defendant by arguing that Defendant was not a New York entity, cannot be credited without a hearing and the allegations must be viewed in the light most favorable to the Liquidators. *Dorchester Fin. Sec., Inc.*, 722 F.3d at 85-86; Liquidators' Omnibus Brief, at § I.A.2. But, the Court need not reach this issue, as the Court has jurisdiction over Defendant by virtue of Defendant's consent in the Forum Clause and because Defendant has minimum contacts with the United States as discussed above.