**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | ) |
| | ) **Case No: 10-13164 (SMB)** |
| **Debtors in Foreign Proceedings.** | ) |
| | ) **Jointly Administered** |
| | ) |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) **Adv. Pro. No. 10-03496** |
| -against- | ) |
| | ) |
| **THEODOOR GGC AMSTERDAM, et al.,** | ) **Administratively** |
| | ) **Consolidated** |
| **Defendants.** | ) |
| | ) |
| **This Opposition applies to the adversary proceedings** | ) |
| **listed in Exhibit A hereto.** | ) |
| | ) |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF**
**LAW IN OPPOSITION TO FIBCPR SWISS DEFENDANTS'**
**SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS AND IN FURTHER SUPPORT OF**
<u>**FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS**</u>

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

ARGUMENT ............................................................................................................................... 1

I.  Incorporation Of The Liquidators' Omnibus Brief. ........................................................ 1

II.  The Court Has Personal Jurisdiction Over Defendants. .................................................. 2

    A.  Defendants Expressly Consented to Jurisdiction. ................................................. 3

    B.  The Court May Also Exercise Jurisdiction Based On Defendants' Contacts. ........ 3

III.  Defendants Were Properly Served. ................................................................................. 4

IV.  The Liquidators' Claims Are Not Preempted. ................................................................. 5

CONCLUSION ............................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In
re Motors Liquidation Co.*),
No. 09-50026 (MG), 2017 WL 632126 (Bankr. S.D.N.Y. Feb. 16, 2017) ...............................3

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the *FIBCPR Swiss Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion For Leave to Amend and in Support of Defendants' Motion to Dismiss* (the "Defendants' Joinder and Supplemental MTD") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1]  In opposition to the FIBCPR Swiss Defendants' Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## ARGUMENT

### I.      Incorporation Of The Liquidators' Omnibus Brief.

Defendants Finter Bank Zurich, IHAG Handelsbank AG, BSI AG, BSI Ex Banca Del Gottardo, Corner Banca SA, PKB Privatbank AG, and Rahn & Bodmer Banquiers n/k/a

---

[1]      Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

Rahn+Bodmer Co. ("Rahn+Bodmer," collectively "Defendants")[2] join in the Consolidated

Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD

Brief"). In opposition to the Defendants' Joinder and Supplemental MTD, the Liquidators adopt

and incorporate herein, the Opposition to the Consolidated Opposition to Plaintiffs' Motion for

Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary

Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336]. Additionally, Defendants

provide a chart of the claims that it argues should be dismissed, and joins in the arguments in the

following briefs: (1) the Motion to Dismiss on the Grounds of *Forum Non Conveniens* [Adv.

Pro. 10-03496, Dkt. No. 1107] (the "FNC Brief"); (2) the Motion to Dismiss Based on the

Doctrine of *Res Judicata* [Adv. Pro. 10-03496, Dkt. No. 1131] (the "Res Judicata Brief"); and (3)

the Motion to Dismiss on Preemption Grounds [Adv. Pro. 10-03496, Dkt. No. 1083] (the

"Preemption Brief"). In opposition to Defendants' chart and Joinder and Supplemental MTD,

the Liquidators adopt and incorporate herein their: (1) Opposition to Certain Defendants' Motion

to Dismiss on Grounds of *Forum Non Conveniens* [Adv. Pro. 10-03496, 12-01599]; (2)

Opposition to the Res Judicata Brief; and (3) Opposition to the Preemption Brief.

## II.    The Court Has Personal Jurisdiction Over Defendants.

Defendants argue that the Court lacks jurisdiction over them for the reasons set forth in

the Consolidated MTD Brief. For the reasons detailed in the Liquidators' Omnibus Brief, this

Court has personal jurisdiction over Defendants. *See* Liquidators' Omnibus Brief, at § I.

---

[2]      As alleged in the proposed Second Amended Complaint, at all relevant times Rahn+Bodmer was a member
and registered shareholder of Sentry. *See* Proposed Second Amended Complaint (Adv. Pro. Nos. 11-01581), ¶ 30.
Additionally, as alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-
03636, upon information and belief, Finter Bank Zurich, IHAG Handelsbank AG, BSI AG, BSI Ex Banca Del
Gottardo, Corner Banca SA, PKB Privatbank AG were customers of a registered shareholder. *See* Proposed Fourth
Amended Complaint (Adv. Pro. Nos. 10-03635), ¶¶ 49, 50, 57, 68, 71, 85; Proposed Fourth Amended Complaint
(Adv. Pro. No. 10-03636), ¶¶ 54, 55, 62, 73, 77, 92.

As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant." *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, No. 09-50026 (MG), 2017 WL 632126, at * 7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.). While the Court may consider materials outside the pleadings, it must credit the plaintiffs' jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the plaintiffs and resolve all doubts in its favor. *See* Liquidators' Omnibus Brief, at § I.A.

### A.    Defendants Expressly Consented to Jurisdiction.

Defendants have consented to this Court's jurisdiction by agreeing in the Subscription Agreement to litigate in this Court. Ample precedent confirms that a valid and applicable forum selection clause conclusively affords the court personal jurisdiction over defendants bound by it. *See* Liquidators' Omnibus Brief, at § I.A. (collecting cases). The Proposed Amended Complaint against Defendants reflects that the Subscription Agreement contained the Forum Clause. *Id.* The Subscription Agreement is binding on the registered shareholders and the beneficial shareholders for whom they placed investments and applies to this action. *See id*. Accordingly, the Court has jurisdiction over Defendants.

### B.    The Court May Also Exercise Jurisdiction Based On Defendants' Contacts.

Beyond the Forum Clause, the allegations in the Proposed Amended Complaint are sufficient to confer jurisdiction over Defendants based on their contacts with the forum. The facts alleged show: (i) Defendants have "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegation that Defendants decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS" is enough, standing alone, to establish that SNS has minimum contacts necessary to support specific jurisdiction. *See* Liquidators' Omnibus Brief, at § I.B.[3]  Moreover, Defendants' purposeful use of U.S. correspondent banks to effectuate the investments and redemption payments at issue here, similarly provides enough minimum contacts to support jurisdiction. *Id.*[4]

## III.    Defendants Were Properly Served.

As detailed in the Liquidators' Omnibus Brief, Defendants, Swiss entities, expressly consented to service by mail in the Forum Clause of the Subscription Agreements. *See* Liquidators' Omnibus Brief, at § VI.A.1.  Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.*  The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders. *See* Liquidators' Omnibus Brief, at §§ I.A.1, VI.B.

The Liquidators fully complied with the Forum Clause by serving Defendants by mail. The Subscription Agreement provided the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such

---

[3]    Defendants' arguments that there is no jurisdiction over Rahn+Bodmer or the other Defendants because (1) there is no allegation that Rahn+Bodmer received redemption payments by Sigma, and (2) Sigma and Lambda conducted transactions in foreign currency and without the use of U.S. correspondent bank accounts, are incorrect. As detailed in the Liquidators' Omnibus Brief, the purposeful investment in the Funds (including Sigma and Lambda) is sufficient to establish that Defendants have minimum contacts. *See* Liquidators' Omnibus Brief, § I.B.1.a.

[4]    Defendants' argument that the allegations regarding the use of a United States correspondent bank are contradicted by the Exhibits to the Complaint is unavailing.  Those Exhibits do not preclude the use of a U.S. correspondent bank in the making of the Redemption Payments.  Moreover, even if Defendant was correct, its purposeful investment in the Funds knowing and intending that all or most of the funds would be invested in New York is sufficient to confer jurisdiction over Defendant. *See* Liquidators' Omnibus Brief, at § I.A.1.

4

Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *Id.*   Even if Swiss law prohibits mail service, as Defendants argue (at 4), service by mail remains effective for purposes of federal law. *See* Liquidators' Omnibus Brief, at § VI.B. Swiss law does not govern the legal effect of the Subscription Agreements in U.S. courts and Defendants cite to no case to support the view that Swiss law can change the law of service in this Court. *See id.*   Thus, the Liquidators' service on Defendants by International Registered Mail (see Affs. of Service [Adv. Pro. 10-03635 Dkt. Nos. 54, 78, 79, 91; Adv. Pro. 10-03636, Dkt. Nos. 54, 78, 79, 80, 92; Adv. Pro. 11-01581, Dkt. No. 5]), was effective.[5]

## IV.    **The Liquidators' Claims Are Not Preempted.**

Defendants argue that the Liquidators' claims are preempted. *See* Defendants' Joinder and Supplemental MTD, at 4-5.   For the reasons detailed in the Liquidators' Omnibus Brief and the Liquidators' Opposition to the Preemption Brief, the Liquidators' claims are not preempted.

### CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
        April 6, 2017

BROWN RUDNICK LLP

By:    */s/ David J. Molton*
        David J. Molton
        May Orenstein
        Daniel J. Saval
        Marek P. Krzyzowski

---

[5]      As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant. *See* Liquidators' Omnibus Brief, at § VI.B.

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

## EXHIBIT A

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3635 | Finter Bank Zurich<br>IHAG Handelsbank AG<br>BSI AG<br>BSI Ex Banca Del Gottardo<br>Corner Banca SA<br>PKB Privatbank AG |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3636 | Finter Bank Zurich<br>IHAG Handelsbank AG<br>BSI AG<br>BSI Ex Banca Del Gottardo<br>Corner Banca SA<br>PKB Privatbank AG |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al. | Bankr. 11-1581 | Rahn & Bodmer Banquiers |