**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**FAIRFIELD SENTRY LIMITED, et al.,**<br><br>**Debtors in Foreign Proceedings.** | **Chapter 15 Case**<br><br>**Case No: 10-13164 (SMB)**<br><br>**Jointly Administered** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,**<br><br>**Plaintiffs,**<br>**-against-**<br><br>**THEODOOR GGC AMSTERDAM, et al.,**<br><br>**Defendants.** | **Adv. Pro. No. 10-03496**<br><br>**Administratively Consolidated** |
| **This Opposition applies to the adversary proceedings listed in Exhibit A hereto.** | |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW IN OPPOSITION TO THE INDIVIDUAL SUPPLEMENTAL BRIEF OF DEFENDANTS FAIRFIELD INVESTMENT FUND LIMITED, FAIRFIELD INVESTMENT GCI, AND FIF ADVANCED LIMITED IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND IN FURTHER SUPPORT OF FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. Incorporation Of The Liquidators' Omnibus Brief. ........ 2

II. The Court Has Personal Jurisdiction Over The FIFL Defendants. ........ 3

A. The FIFL Defendants Expressly Consented To Jurisdiction. ........ 3

B. The Court Also May Exercise Jurisdiction Based On The FIFL Defendants' Contacts ........ 4

III. The FIFL Defendants Were Properly Served. ........ 5

A. The FIFL Defendants Consented To Service By Mail. ........ 5

B. Service On The FIFL Defendants Also Complied With Rule 4 of the Hague Convention. ........ 6

CONCLUSION ........ 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
722 F.3d 81 (2d Cir. 2013) ........ 3

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*,
No. 09-50026 (MG), 2017 WL 632126 (Bankr. S.D.N.Y. Feb. 16, 2017) ........ 3

**Other Authorities**

Fed. R. Civ. P. 4 ........ 2, 6

Hague Convention on the Service Abroad of Judicial and Extrajudicial
Documents in Civil or Commercial Matters, Article 10(a) ........ 6

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the *Individual Supplemental Brief of Defendants Fairfield Investment Fund Limited, Fairfield Investment GCI, and FIF Advanced Limited in Opposition to Plaintiffs' Motion For Leave to Amend and in Support of Defendants' Motion to Dismiss* (the "FIFL Defendants' Joinder and Supplemental MTD") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1] In opposition to the FIFL Defendants' Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

**PRELIMINARY STATEMENT**

As detailed in the Liquidators' Omnibus Brief, Fairfield Investment Fund Limited ("FIFL"),[2] Fairfield Investment GCI ("Fairfield GCI"),[3] and FIF Advanced Limited ("FIFA")[4]

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2] As alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636, upon information and belief, FIFL was a customer of a registered shareholder. *See* Proposed Fourth Amended Complaint (Adv. Pro. Nos. 10-03635), ¶ 65; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶ 70.

[3] As alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636, upon information and belief, Fairfield GCI was a customer of a registered shareholder. *See* Proposed Fourth Amended Complaint (Adv. Pro. Nos. 10-03635), ¶ 64; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶ 69.

(collectively, the "FIFL Defendants"), consented to this Court's jurisdiction over it in the Subscription Agreements, which broadly covers claims—like these—which are "with respect to" the Subscription Agreements and the Funds. Furthermore, the FIFL Defendants purposefully availed itself of the privilege of doing business in this forum by investing in the Madoff feeder funds and by designating a U.S. correspondent bank to effectuate investments and redemptions.

Additionally, service was proper on the FIFL Defendants because they consented to service of process by mail in the Subscription Agreement, and the Liquidators served the FIFL Defendants in compliance with that provision. In any event, Rule 4 provides for service under the Hague Convention, which in turn generally permits mail service of the kind effected here.

## ARGUMENT

### I. Incorporation Of The Liquidators' Omnibus Brief.

The FIFL Defendants join in and incorporate the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket No. 960). In opposition to the FIFL Defendants' Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].

---

[4] As alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636 and in the proposed Third Amended Complaints in adversary proceedings 10-0395 and 10-3786, upon information and belief, FIFA was a customer of a registered shareholder. *See* Proposed Fourth Amended Complaint (Adv. Pro. Nos. 10-03635), ¶ 67; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶ 72; Proposed Third Amended Complaint (Adv. Pro. No. 10-03695), ¶ 33; Proposed Third Amended Complaint (Adv. Pro. No. 10-03786), ¶ 33.

## II. The Court Has Personal Jurisdiction Over The FIFL Defendants.

The FIFL Defendants argue that the Court lacks specific personal jurisdiction over them for the reasons set forth in the Consolidated MTD Brief.[5] For the reasons detailed in the Liquidators' Omnibus Brief, this Court has personal jurisdiction over the FIFL Defendants. *See* Liquidators' Omnibus Brief, at § I.

As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant." *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co*.), No. 09-50026 (MG), 2017 WL 632126, at * 7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.). While the Court may consider materials outside the pleadings, it must credit the plaintiffs' jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the plaintiffs and resolve all doubts in its favor. *See* Liquidators' Omnibus Brief, at § I.A. To the extent a defendant purports to contradict a plaintiff's allegations concerning jurisdiction, the court must credit the allegations in the pleading and construe pleadings and affidavits in the light most favorable to the plaintiff, unless and until the court orders a full evidentiary hearing on jurisdiction or hears the matter on summary judgment. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85-86 (2d Cir. 2013); Liquidators' Omnibus Brief, at § I.A.2.

### A. The FIFL Defendants Expressly Consented To Jurisdiction.

The FIFL Defendants have consented to this Court's jurisdiction by agreeing in the Subscription Agreement to litigate in this Court. Ample precedent confirms that a valid and

---

[5] The FIFL Defendants argue (at 3-8) that this Court cannot exercise general jurisdiction over them, because contrary to the allegations in the Proposed Amended Complaint, it is not a New York entity. The FIFL Defendants concede that Plaintiffs do not assert general personal jurisdiction over the FIFL Defendants. The Court need not reach the issue of general jurisdiction over the FIFL Defendants because the Court has jurisdiction over the FIFL Defendants by virtue of their consent in the Forum Clause and because Defendant has minimum contacts with the United States. See Liquidators' Omnibus Brief, at § I.

applicable forum selection clause conclusively affords the court personal jurisdiction over defendants bound by it. *See* Liquidators' Omnibus Brief, at § I.A. (collecting cases). The Proposed Amended Complaints against the FIFL Defendants reflect that the Subscription Agreement contains the Forum Clause. *See id*. The Subscription Agreement is binding on the registered shareholders and the beneficial shareholders for whom they placed investments and applies to this action. *See id*. Accordingly, the Court has jurisdiction over the FIFL Defendants.

**B. <u>The Court Also May Exercise Jurisdiction Based On The FIFL Defendants' Contacts.</u>**

Beyond the Forum Clause, the allegations in the Proposed Amended Complaint are sufficient to confer jurisdiction over the FIFL Defendants based on their contacts with the forum. The facts alleged show: (i) the FIFL Defendants have "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegation that the FIFL Defendants decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS"is enough to establish that Defendants have minimum contacts necessary to support specific jurisdiction. *See id*. Moreover, the FIFL Defendants' purposeful use of U.S. correspondent banks to effectuate the investments and redemption payments at issue here, similarly provides enough minimum contacts to support jurisdiction. *Id.*

Accordingly, this Court may exercise personal jurisdiction over the FIFL Defendants.

## III. The FIFL Defendants Were Properly Served.

### A. The FIFL Defendants Consented To Service By Mail.

As detailed in the Liquidators' Omnibus Brief, Defendant expressly consented to service by mail in the Forum Clause of the Subscription Agreement. *See* Liquidators' Omnibus Brief, at § VI.A.1. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.* The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders. *See* Liquidators' Omnibus Brief, at § I.A.1.

The Liquidators fully complied with the Forum Clause by serving the FIFL Defendants by mail. *First*, the FIFL Defendants consented to "service of process as provided by New York law," which provides for service through the Hague Convention. *See id.* Contrary to the FIFL Defendants' arguments incorporated from the Consolidated MTD Brief, the Hague Convention generally authorizes mail service. *Id.* *Second*, the FIFL Defendants agreed to an additional, more specific form of service, beyond whatever is permitted under New York law: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *Id.* (emphasis added). Even if they had not complied with generally applicable New York service requirements (and they did), the Liquidators complied with this additional, more specific agreed-to form of service. *See* [Adv. Pro. 10-03635 Dkt. Nos. 54, 78, 79, 91; Adv. Pro. 10-03636, Dkt. Nos. 54, 78, 79, 80, 92; Adv. Pro. 10-03786, Dkt. No. 20] (Affidavit of Service, stating the FIFL Defendants were served by "International Registered Mail"). Accordingly, service on the FIFL Defendants was effective.

### B. Service On The FIFL Defendants Also Complied With Rule 4 of the Hague Convention.

While service is effective because it conformed to the contract, it also complies with Rule 4 because it was effected by a means authorized in the Hague Convention. *See* Liquidators' Omnibus Brief, at § VI.A.2. Service by mail on defendants residing outside the United States *is* authorized by Article 10(a) of the Hague Service Convention. *See id.* (collecting cases).[6] Accordingly, the Liquidators' service by International Registered Mail on the FIFL Defendants was effective.[7]

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the FIFL Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 5, 2017

BROWN RUDNICK LLP

By: *<u>/s/ David J. Molton</u>*
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

---

[6] The FIFL Defendants do not argue that they reside in a jurisdiction that has objected to Article 10(a).

[7] As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such the FIFL Defendants. *See* Liquidators' Omnibus Brief, at § VI.B.

# EXHIBIT A

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) S.A., et al. | Bankr. 10-3595 | FIF Advanced Ltd.<br>Fairfield Investment Fund Ltd.<br>Fairfield Investment GCI |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3635 | FIF Advanced Ltd.<br>Fairfield Investment Fund Ltd.<br>Fairfield Investment GCI |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3636 | FIF Advanced Ltd.<br>Fairfield Investment Fund Ltd.<br>Fairfield Investment GCI |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) S.A., et al. | Bankr. 10-3786 | FIF Advanced Ltd. |