**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | |
| | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | |
| | **Jointly Administered** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| | |
| Plaintiffs, | **Adv. Pro. No. 10-03496** |
| -against- | |
| | |
| **THEODOOR GGC AMSTERDAM, et al.,** | **Administratively** |
| | **Consolidated** |
| Defendants. | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| | |
| Plaintiffs, | **Adv. Pro. No. 10-03635** |
| -against- | |
| | |
| **ABN AMRO Schweiz AG, et al.,** | |
| | |
| Defendants. | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| | |
| Plaintiffs, | **Adv. Pro. No. 10-03636** |
| -against- | |
| | |
| **ABN AMRO Schweiz AG, et al.,** | |
| | |
| Defendants. | |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW IN OPPOSITION**
**TO JOINDER & INDIVIDUAL SUPPLEMENTAL MEMORANDUM OF LAW BY**

**ALLIANZ BANK FINANCIAL ADVISORS SPA IN SUPPORT OF DEFENDANTS'
CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND AND IN SUPPORT OF DEFENDANTS'
NOTICE OF MOTION TO DISMISS AND IN FURTHER SUPPORT OF
<u>FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I.  Incorporation Of The Liquidators' Omnibus Brief........................................................ 2

II.  The Allegations In The Proposed Amended Complaint Are Based,
In Part, On The Funds' Records. .................................................................................... 2

III.  Defendant Was Properly Served. ................................................................................... 3

    A.  Defendant Consented to Service By Mail....................................................... 3

    B.  Service on Defendant Also Complied with Rule 4 and the Hague Convention. ..... 4

CONCLUSION......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackermann v. Levine*,
788 F.2d 830 (2d Cir. 1986) ...............................................................................................4

*Brockmeyer v. May*,
383 F.3d 798 (9th Cir. 2004) ..............................................................................................4

*Datskow v. Teledyne, Inc.*,
899 F.2d. 1298 (2d Cir. 1990) ............................................................................................3

*Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob. Crossing Ltd.)*,
385 B.R. 52 (Bankr. S.D.N.Y. 2008) ..................................................................................3

*Papir v. Wurms*,
No. 02-cv-3273, 2005 WL 372061 (S.D.N.Y. Feb. 15, 2005) ...........................................4

*In re Randall's Island Family Golf Centers*,
No. 02-2278, 2002 WL 31496229 (Bankr. S.D.N.Y. 2002) ..............................................3

**Other Authorities**

Fed. R. Civ. P. 4 ...........................................................................................................................2, 4

Fed. R. Civ. P. 15(c) .......................................................................................................................3

Hague Convention on the Service Abroad of Judicial and Extrajudicial
Documents in Civil or Commercial Matters, Article 10(a) ...............................................4

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the *Joinder & Individual Supplemental Memorandum of Law by Allianz Bank Financial Advisors SpA in Support of Defendants' Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion For Leave to Amend and in Support of Defendants' Notice of Motion to Dismiss* ("Defendant's Joinder and Supplemental MTD") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1]   In opposition to Defendant's Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## PRELIMINARY STATEMENT

Defendant[2] argues that it should be dismissed from this action because "Allianzbank SPA/Unifortune Conservative Side Pocket" is a non-existing entity; however, the allegations in the Proposed Amended Complaint are based, in part, on the records of the Funds.  Defendant does not argue that it did not receive the Redemption Payments at issue in this action and the

---

[1]    Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2]    In this Opposition to Defendant's Joinder and Supplemental MTD the Liquidators refer to the "Defendant." Defendant was sued as Allianzbank SPA/Unifortune Conservative Side Pocket but appears on this motion as Allianz Bank Financial Advisors SpA.

Liquidators reserve the right to revise the caption in the event discovery reveals information contrary to the Funds records.

Additionally, Service was effective on Defendant[3] because Defendant consented to service of process by mail in the Subscription Agreement, and the Liquidators served it in compliance with that provision. In any event, Rule 4 provides for service under the Hague Convention, which in turn generally permits mail service of the kind effected here.

## ARGUMENT

## I.    Incorporation Of The Liquidators' Omnibus Brief.

Defendant joins in the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD Brief"). In opposition to Defendant's Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein, the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].

## II.   The Allegations In The Proposed Amended Complaint Are Based, In Part, On The Funds' Records.

Defendant argues that "Allianzbank SPA/Unifortune Conservative Side Pocket" is a non-existing entity and states that the Joinder and Supplemental MTD is being filed "[a]ssuming (without conceding)" that the references to "Allianzbank SPA/Unifortune Conservative Side Pocket" refer to Allianz Bank. Notably, Defendant does not argue that it did not receive the Redemption Payments that are in issue in this adversary proceeding. In any event, the allegations in the Proposed Amended Complaint are based, in part, on the records of the Funds.

---

[3]    As alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636, upon information and belief, Defendant was a customer of a registered shareholder. *See* Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03635), ¶ 33; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶ 34.

*See e.g.*, Proposed Fourth Amended Complaints, at p.1; *id.* ¶ 14.  The Liquidators reserve their

right to revise the caption and its complaint in the event discovery reveals information contrary

to that in the Funds' records.  *See* Fed. R. Civ. P. 15(c); *Datskow v. Teledyne, Inc.*, 899 F.2d.

1298 (2d Cir. 1990); *Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re

Glob. Crossing Ltd.)*, 385 B.R. 52, 66-69 (Bankr. S.D.N.Y. 2008) (amendments can be made for

mistakes concerning the identity of the proper party, also known as a "misnomer or

misidentification" of an existing party); *In re Randall's Island Family Golf Centers*, No. 02-

2278, 2002 WL 31496229, at * 3 (Bankr. S.D.N.Y. 2002) (Amendments can be made to correct

a "misnomer," even where the plaintiff knew of the existence of the party but "were unaware of

[the party's] involvement in the transaction.").

### III.    Defendant Was Properly Served.

Defendant argues that service was improper for the reasons set forth in the Consolidated

MTD Brief.  For the reasons detailed in the Liquidators' Omnibus Brief, service on Defendant

was proper.  *See* Liquidators' Omnibus Brief, at § VI.

#### A.    Defendant Consented to Service By Mail.

As detailed in the Liquidators' Omnibus Brief, Defendant expressly consented to service

by mail in the Forum Clause of the Subscription Agreement.  *See* Liquidators' Omnibus Brief, at

§ VI.A.1.  Many cases hold that, in contracts like these, parties may consent to forms of service

not authorized in the rules, or even waive service entirely.  *See id.*  The Forum Clause applies to

this dispute and binds registered shareholders and their beneficial shareholders.  *See* Liquidators'

Omnibus Brief, at § I.A.1.

The Liquidators fully complied with the Forum Clause by serving Defendant by mail at

the address in the Funds' records.  *First*, Defendant consented to "service of process as provided

by New York law," which provides for service through the Hague Convention. *See* Liquidators'

Omnibus Brief, at § VI.A.1    Contrary to Defendant's arguments incorporated from the

Consolidated MTD Brief, the Hague Convention generally authorizes mail service. *Id. Second*,

Defendant agreed to an additional, more specific form of service, beyond whatever is permitted

under New York law: "Subscriber consents to the service of process out of any New York court

in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return*

*receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the

Fund's records." *Id.* (emphasis added).    Even if they had not complied with generally

applicable New York service requirements (and they did), the Liquidators complied with this

additional, more specific agreed-to form of service. *See* Adv. Pro. 10-03635 Dkt. Nos. 54, 78,

91; Adv. Pro. 10-03636  54, 79, 80, 92 (Affidavits of Service).    Accordingly, service on

Defendant was effective.

## B.    Service on Defendant Also Complied with Rule 4 and the Hague Convention.

While service is effective because it conformed to the contract, it also complies with Rule

4 because it was effected by a means authorized by the Hague Convention. *See* Liquidators'

Omnibus Brief, at § VI.A.2.  Service by mail on defendants residing outside the United States *is*,

under the law of this Circuit, affirmatively authorized by Article 10(a) of the Hague Service

Convention.[4] *See id.* (collecting cases).[5]  Accordingly, the Liquidators' service by International

---

[4]    Defendant's reliance on *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004), is unavailing. *Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986) remains the law of this Circuit.  Courts interpreting *Ackermann* have determined that there is no requirement that mail service under Article 10(a) comply with the requirements of Rule 4. *See Papir v. Wurms*, No. 02-cv-3273, 2005 WL 372061, at *4 (S.D.N.Y. Feb. 15, 2005) (quoting *Ackermann*, 788 F.2d at 840).

[5]    Defendant concedes that Italy has not registered an objection to postal service pursuant to Article 10(a). *See* Defendant's Joinder and Supplemental MTD, at 2.

4

Registered Mail on Defendant was effective.[6]

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that Defendant's Joinder

and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.


Dated: New York, New York
       April 6, 2017


                                        BROWN RUDNICK LLP


                                        By:    _/s/ David J. Molton_
                                              David J. Molton
                                              May Orenstein
                                              Daniel J. Saval
                                              Marek P. Krzyzowski

                                        7 Times Square
                                        New York, New York 10036
                                        Telephone: 212.209.4800
                                        Facsimile: 212.209.4801
                                        dmolton@brownrudnick.com
                                        dsaval@brownrudnick.com
                                        mkrzyzowski@brownrudnick.com

                                        *Counsel for the Foreign Representatives*

---

[6]    As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant.  *See* Liquidators' Omnibus Brief, at § VI.B.