**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )<br>) **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | )<br>) **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | )<br>) **Jointly Administered** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) |
| Plaintiffs,<br>-against- | ) **Adv. Pro. No. 10-03496** |
| **THEODOOR GGC AMSTERDAM, et al.,** | ) **Administratively** |
| Defendants. | ) **Consolidated** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) |
| Plaintiffs,<br>-against- | ) **Adv. Pro. No. 10-03635** |
| **ABN AMRO Schweiz AG, et al.,** | ) |
| Defendants. | ) |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) |
| Plaintiffs,<br>-against- | ) **Adv. Pro. No. 10-03636** |
| **ABN AMRO Schweiz AG, et al.,** | ) |
| Defendants. | ) |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW
IN OPPOSITION TO INDIVIDUAL SUPPLEMENTAL BRIEF OF
RBC INVESTOR SERVICES BANK, S.A. AND IN FURTHER SUPPORT OF
FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................... ii

ARGUMENT ............................................................................................................................... 1

I.     Incorporation Of The Liquidators' Omnibus Brief ............................................................ 1

II.    The Allegations In The Proposed Amended Complaint Are Based,
In Part, On The Funds' Records. ....................................................................................... 2

III.   RBC Was Properly Served ............................................................................................... 3

CONCLUSION ............................................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Datskow v. Teledyne, Inc.*,
    899 F.2d. 1298 (2d Cir. 1990) ...............................................................................................2

*Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob.
    Crossing Ltd.)*,
    385 B.R. 52 (Bankr. S.D.N.Y. 2008)......................................................................................2

*In re Randall's Island Family Golf Centers*,
    No. 02-2278, 2002 WL 31496229 (Bankr. S.D.N.Y. 2002).....................................................2

**Other Authorities**

Fed. R. Civ. P. 15(c) .....................................................................................................................2

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign

Representatives"), in their capacities as the duly appointed Liquidators and Foreign

Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited

(In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and

together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the

"Redeemer Actions"), by and through their undersigned counsel, respectfully submit this

memorandum of law in opposition to the *Individual Supplemental Brief of RBC Investor Services*

*Bank, S.A.* ("RBC's Joinder and Supplemental MTD") and in further support of the Foreign

Representatives' motion for leave to amend the complaints in the Redeemer Actions (the

"Motion to Amend").[1]  In opposition to RBC's Joinder and Supplemental MTD and in support

of the Motion to Amend, the Liquidators state as follows:

## ARGUMENT

### I.     Incorporation Of The Liquidators' Omnibus Brief.

Defendant RBC Investor Services Bank, S.A., formerly known as RBC Dexia Investor

Services Bank, S.A. ("RBC")[2] joins in: (1) the Consolidated Motion to Dismiss Brief (Adv. Pro.

10-03496, Docket Number 960) (the "Consolidated MTD Brief"); (2) the Motion to Dismiss on

the Ground of *Forum Non Conveniens* (Adv. Pro. 10-03496, Dkt. No. 1107) (the "FNC Brief");

and (3) "any other memorandum of law filed by codefendants concerning preemption or

improper service under either Luxembourg law or under the Hague Convention."  *See* RBC's

---

[1]     Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the
*Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law
and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017
(Adv. Pro. 10-03496, Dkt. No. 1336).

[2]     As alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636,
upon information and belief, RBC was a customer of a registered shareholder.  *See* Proposed Fourth Amended
Complaint (Adv. Pro. No. 10-03635), ¶ 88; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶ 95.

Joinder and Supplemental MTD, at 1-2.  In opposition to RBC's Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein: (1) the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336]; (2) the Liquidators' Opposition to Certain Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens*; and (3) the Liquidators' Opposition to the Preemption Brief (Adv. Pro. 12-01155).

## II.    The Allegations In The Proposed Amended Complaint Are Based, In Part, On The Funds' Records.

RBC argues that it is improperly named in this action because it has never gone by the name "RBC Dexia Investor Service Julius Baer SICAV."  Notably, RBD does not argue that it did not receive the Redemption Payments that are in issue in this adversary proceeding.  In any event, the allegations in the Proposed Amended Complaint against RBC are based, in part, on the records of the Funds.  *See e.g.*, Proposed Amended Complaint, at p. 1; *id.* ¶ 14.  The Liquidators reserve their right to revise the caption and the complaint in the event discovery reveals information contrary to that in the Funds' records.  *See* Fed. R. Civ. P. 15(c); *Datskow v. Teledyne, Inc.*, 899 F.2d. 1298 (2d Cir. 1990); *Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob. Crossing Ltd.)*, 385 B.R. 52, 66-69 (Bankr. S.D.N.Y. 2008) (amendments can be made for mistakes concerning the identity of the proper party, also known as a "misnomer or misidentification" of an existing party); *In re Randall's Island Family Golf Centers*, No. 02-2278, 2002 WL 31496229, at * 3 (Bankr. S.D.N.Y. 2002) (Amendments can be made to correct a "misnomer," even where the plaintiff knew of the existence of the party but "were unaware of [the party's] involvement in the transaction.").

### III.    RBC Was Properly Served.

RBC states that it joins in all memoranda of law regarding improper service under either Luxembourg law or under the Hague Convention.  As detailed in the Liquidators' Omnibus Brief, service was proper over RBC because it consented to service of process by mail in the Subscription Agreement, and the Liquidators served RBC in compliance with that provision. Thus, service was effective for purposes of federal law.

As detailed in the Liquidators' Omnibus Brief, RBC expressly consented to service by mail in the Forum Clause of the Subscription Agreements.  *See* Liquidators' Omnibus Brief, at § VI.A.1.  Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely.  *See id.*  The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders.  *See* Liquidators' Omnibus Brief, at § I.A.1.

The Liquidators fully complied with the Forum Clause by serving RBC by mail. The Subscription Agreement provided the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *See* Liquidators' Omnibus Brief, at § VI.A.1 (emphasis added)  Thus, the Liquidators' service on RBC at the address on the records of the Funds by International Registered Mail (*see* Aff. of Service [Adv. Pro. 10-03635 Dkt. Nos. 54, 78, 91; Adv. Pro. 10-03636  54, 79, 80, 92), was effective.[3]

---

[3]        As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant.  *See* Liquidators' Omnibus Brief, at § VI.B.

3

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that RBC's Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
       April 6, 2017

BROWN RUDNICK LLP


By:    /s/ David J. Molton
       David J. Molton
       May Orenstein
       Daniel J. Saval
       Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*