**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | **Jointly Administered** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| Plaintiffs, | **Adv. Pro. No. 10-03496** |
| -against- | |
| **THEODOOR GGC AMSTERDAM, et al.,** | **Administratively Consolidated** |
| Defendants. | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| Plaintiffs, | **Adv. Pro. No. 10-03635** |
| -against- | |
| **ABN AMRO Schweiz AG, et al.,** | |
| Defendants. | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| Plaintiffs, | **Adv. Pro. No. 10-03636** |
| -against- | |
| **ABN AMRO Schweiz AG, et al.,** | |
| Defendants. | |

**FOREIGN REPRESENTATIVES' MEMORANDUM
OF LAW IN OPPOSITION TO THE INDIVIDUAL
SUPPLEMENTAL BRIEF OF DEFENDANT VORARLBERGER
LANDES- UND HYPOTHEKENBANK AG IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS AND IN FURTHER SUPPORT OF
<u>FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................ 1
ARGUMENT ............................................................................................................................... 2
    I.    Incorporation Of The Liquidators' Omnibus Brief. ........................................................... 2
    II.    Defendant Was Properly Served. ..................................................................................... 2
CONCLUSION ............................................................................................................................ 4

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alfred E. Mann Living Tr. v. ETRIC Aviation SAr.l.*,
    910 N.Y.S.2d 418 (N.Y. App. Div. 2010) ..............................................................................3

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the: (i) *Individual Supplemental Brief of Defendant Vorarlberger Landes- Und Hypothekenbank AG in Opposition to Plaintiffs' Motion For Leave to Amend and in Support of Defendant's Motion to Dismiss* ("Defendant's Joinder and Supplemental MTD"); and (ii) *Declaration of Reinhard Kaindl* ("Kaindl Declaration"), and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1]  In opposition to Hypo Bank's Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

**PRELIMINARY STATEMENT**

Defendant Vorarlberger Landes-Und Hypothekenbank AG's ("Defendant")[2] argument that service was improper is meritless.  Defendant consented to service of process by mail in the Subscription Agreement, and the Liquidators served Defendant in compliance with that provision.  Thus, service was effective for purposes of federal law.

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2] As alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636, upon information and belief, Defendant was a customer of a registered shareholder.  *See* Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03635), ¶ 105; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶ 113.

**ARGUMENT**

**I.     Incorporation Of The Liquidators' Omnibus Brief.**

Defendant joins in the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD Brief"). In opposition to Defendant's Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].

**II.    Defendant Was Properly Served.**

Defendant argues that service was improper for the reasons set forth in the Consolidated MTD Brief. For the reasons detailed in the Liquidators' Omnibus Brief, service on Defendant was proper. *See* Liquidators' Omnibus Brief, at § VI.

As detailed in the Liquidators' Omnibus Brief, the Defendant expressly consented to service by mail in the Forum Clause of the Subscription Agreements. *See* Liquidators' Omnibus Brief, at § VI.A.1. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.* Contrary to the Defendant's argument, as detailed in the Liquidators' Omnibus Brief, the Forum Clause applies to this dispute. Additionally, the Subscription Agreement binds registered shareholders and their beneficial shareholders. *See* Liquidators' Omnibus Brief, at § I.A.1.

Defendant argues that the Forum Clause is not applicable because the Proposed Amended Complaint does not allege that Defendant signed the Subscription Agreement. As detailed in the Liquidators' Omnibus Brief, this argument fails because Defendant is bound by the Subscription Agreement as a "Beneficial Shareholder" and a "closely related party" to the registered

2

shareholder. *See* Liquidators' Omnibus Brief, at § I; Proposed Amended Complaint, ¶¶ 14, 20-23.

The Liquidators fully complied with the Forum Clause by serving Defendant by mail. The Subscription Agreement provided the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *See* Liquidators' Omnibus Brief, at § VI.A.1 (emphasis added).[3] Even if Austrian law prohibits mail service, as Defendant argues (*see* Defendant's Joinder and Supplemental MTD, at 2-4), service by mail remains effective for purposes of federal law. *See* Liquidators' Omnibus Brief, at § VI.B. Defendant's reliance on cases finding mail service ineffective when sent to a party in Austria is unavailing because the defendants in those cases had not consented to service by mail or otherwise waived service. *See* Defendant's Joinder and Supplemental MTD, at 3-4. Austrian law does not govern the legal effect of the Subscription Agreements in U.S. courts (as argued by Defendant) and Defendant cites to no case to support the view that Austrian law can change the law of service in this Court. *See id.*[4]

---

[3]   Defendant quotes the language from the Forum Clause of "service as provided under New York law," but it ignores the express specific consent to mail service.

[4]   Consent to service provisions, such as the Forum Clause, are also enforceable under New York law. *See Alfred E. Mann Living Tr. v. ETRIC Aviation SAr.l.*, 910 N.Y.S.2d 418, 422-23 (N.Y. App. Div. 2010) (holding that "[defendant's] waiver of personal service freed plaintiff from the requirements of law that would otherwise dictate the manner in which to serve [defendant] with process . . . under the Hague Convention," and approving of email service despite lack of authorization for such service under Hague Convention).

3

Accordingly, the Liquidators' service on Defendant by International Registered Mail to the address on file with the Funds (see Affidavit of Service [Adv. Pro. 10-03635 Dkt. Nos. 53, 78, 79, 91; Adv. Pro. 10-03636  53, 79, 80, 92]), was effective.[5]

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that Defendant's Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 6, 2017

BROWN RUDNICK LLP

By:   */s/ David J. Molton*
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

---

[5] As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant. *See* Liquidators' Omnibus Brief, at § VI.B.