**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** ) | |
| ) | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. ) | |
| ) | **Jointly Administered** |
| ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03496** |
| -against- ) | |
| ) | |
| **THEODOOR GGC AMSTERDAM, et al.,** ) | **Administratively** |
| ) | **Consolidated** |
| Defendants. ) | |
| ) | |
| This Opposition applies to the adversary proceedings ) | |
| listed in Exhibit A hereto. ) | |
| ) | |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW
IN OPPOSITION TO THE LIECHTENSTEIN DEFENDANTS' INDIVIDUAL
SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS AND IN FURTHER SUPPORT OF
<u>FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 2
ARGUMENT ............................................................................................................................. 2
   I.    Incorporation of the Liquidators' Omnibus Brief. ........................................................... 2
   II.   The Liechtenstein Defendants Were Properly Served. ..................................................... 2
CONCLUSION .......................................................................................................................... 5

i

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the: (i) *Liechtenstein Defendants' Individual Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss* ("Liechtenstein Defendants' Joinder and Supplemental MTD"); and *(ii) Declaration of Dr. Hilmar Hoch in Opposition to the Foreign Representatives' Motion for Leave to Amend and in Support of the Liechtenstein Banks' Motion To Dismiss* ("Hoch Declaration") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1] In opposition to the Liechtenstein Defendants' Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

**PRELIMINARY STATEMENT**

The Liechtenstein Defendants'[2] argument that service was improper is meritless. The Liechtenstein Defendants consented to service of process by mail in the Subscription Agreement, and the Liquidators served the Liechtenstein Defendants in compliance with that provision. Thus, service was effective for purposes of federal law.

**ARGUMENT**

**I.    Incorporation of the Liquidators' Omnibus Brief.**

The Liechtenstein Defendants join in the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD Brief"). In opposition to the Liechtenstein Defendants' Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein, the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].

**II.    The Liechtenstein Defendants Were Properly Served.**

The Liechtenstein Defendants argue that service was improper for the reasons set forth in the Consolidated MTD Brief. For the reasons detailed in the Liquidators' Omnibus Brief, service on Defendant was proper. *See* Liquidators' Omnibus Brief, at § VI.

As detailed in the Liquidators' Omnibus Brief, the Liechtenstein Defendants expressly consented to service by mail in the Forum Clause of the Subscription Agreements. *See*

Liquidators' Omnibus Brief, at § VI.A.1. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.* The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders. *See* Liquidators' Omnibus Brief, at § I.A.1.

The Liechtenstein Defendants' argument that the Forum Clause is inapplicable because the Proposed Amended Complaints do not allege that the Liechtenstein Defendants signed the Subscription Agreements, is unavailing. As detailed in the Liquidators' Omnibus Brief, the Liechtenstein Defendants are bound by the Subscription Agreements as "Beneficial Shareholders" and "closely related" parties to the registered shareholder. *See* Liquidators' Omnibus Brief, at § I; Proposed Third Amended Complaint, ¶¶ 20-23.

The Liquidators fully complied with the Forum Clause by serving the Liechtenstein Defendants by mail. The Subscription Agreement provided the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *See* Liquidators' Omnibus Brief, at § VI.A.1 (emphasis added).[3] Even if the law of Liechtenstein prohibits mail service, as the Liechtenstein Defendants argue

---

[2] As stated in the Liechtenstein Defendants' Joinder and Supplemental MTD, the Liechtenstein Defendants are LGT Bank in Liechtenstein AG (now known as LGT Bank AG) ("LGT"), Liechtensteinische Landesbank Aktiengesellschaft ("LLB"), Verwaltungs-und Privat-Bank Aktiengesellschaft (now known as VP Bank AG) ("VPB"), Centrum Bank Aktiengesellschaft ("Centrum"), which is now owned by VPB, and Neue Bank AG ("Neue"). As alleged in the proposed Third Amended Complaint, at all relevant times Neue was a member and registered shareholder of Sentry. See Proposed Third Amended Complaint, ¶ 29. Additionally, as alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636, upon information and belief, LGT, LLB, VPB, and Centrum were customers of a registered shareholder. *See* Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03635), ¶ 55, 60, 77, 104; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶ 60, 65, 83, 112.

[3] The Liechtenstein Defendants quote the language from the Forum Clause of "service as provided under New York law," but they ignore the express specific consent to mail service.

3

(Liechtenstein Defendants' Joinder and Supplemental MTD, at 3-7; *see also* Hoch Declaration), service by mail remains effective for purposes of federal law. *See* Liquidators' Omnibus Brief, at § VI.B. Defendant's reliance on cases finding mail service ineffective when sent to a country that is not a party to the Hague Convention is unavailing because the defendants in those cases *had not consented* to service by mail or otherwise waived service. *See* Liechtenstein Defendants' Joinder and Supplemental MTD, at 7. The law of Liechtenstein does not govern the legal effect of the Subscription Agreements in U.S. courts and the Liechtenstein Defendants cite to no case to support the view that the law of Liechtenstein can change the law of service in this Court. *See id.*[4] Accordingly, the Liquidators' service on the Liechtenstein Defendants by International Registered Mail[5] was effective.[6]

---

[4] The Liechtenstein Defendants' remaining arguments that the Liquidators' were obligated to serve a translated copy of the papers is unavailing. Service was made in compliance with the Subscription Agreement, which does not require service of translated copies. *See* Liquidators' Omnibus Brief, at § IV.A.

[5] *See* Affidavits of Service, Adversary Proceeding No. 10-3635, Docket No. 54, 78 (LGT, LLB, and Centrum); Adversary Proceeding No. 10-3635, Docket No. 79 (Defendant VPB); Adversary Proceeding No. 10-3636, Docket No. 54, 79 (LGT, LLB, and Centrum); Adversary Proceeding No. 10-3636, Docket No. 78 (VPB); Adversary Proceeding No. 10-3519, Docket Nos. 10, 16 (Neue).

[6] As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant. *See* Liquidators' Omnibus Brief, at § VI.B.

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the Liechtenstein Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 6, 2017

BROWN RUDNICK LLP

By:  */s/ David J. Molton*
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

# EXHIBIT A

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Neue Bank AG, et al. | Bankr. 10-3519 | Neue Bank AG |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3635 | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG) Liechtensteinische Landesbank Aktiengesellschaft Verwaltungs-und Privat-Bank Aktiengesellschaft n/k/a VP Bank AG Centrum Bank Aktiengesellschaft |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3636 | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG) Liechtensteinische Landesbank Aktiengesellschaft Verwaltungs-und Privat-Bank Aktiengesellschaft n/k/a VP Bank AG Centrum Bank Aktiengesellschaft |