**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** ) | |
| ) | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. ) | |
| ) | **Jointly Administered** |
| ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03496** |
| -against- ) | |
| ) | |
| **THEODOOR GGC AMSTERDAM, et al.,** ) | **Administratively** |
| ) | **Consolidated** |
| Defendants. ) | |
| ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03635** |
| -against- ) | |
| ) | |
| **ABN AMRO Schweiz AG, et al.,** ) | |
| ) | |
| Defendants. ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03636** |
| -against- ) | |
| ) | |
| **ABN AMRO Schweiz AG, et al.,** ) | |
| ) | |
| Defendants. ) | |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW IN OPPOSITION
TO THE INDIVIDUAL SUPPLEMENTAL MEMORANDUM OF EFG
BANK AND EFG BANK (MONACO) AND IN FURTHER SUPPORT OF
<u>FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I.    Incorporation Of The Liquidators' Omnibus Brief. ................................................ 2

    II.    Dismissal Based On International Comity Is Unavailable And Inappropriate .... 2

    III.    Service On EFG Monaco Was Proper. .................................................................. 7

CONCLUSION ...................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*,
   56 F. Supp. 3d 436 (S.D.N.Y. 2014) ................................................................................... 4

*Barnet v. Drawbridge Special Opportunities Fund LP*,
   No. 14-1376 (PKC), 2014 WL 4393320 (S.D.N.Y. Sept. 5, 2014) ...................................... 4

*C.D.S., Inc. v. Zetler*,
   198 F. Supp. 3d 323 (S.D.N.Y. 2016) ................................................................................. 4

*In re Fairfield Sentry Ltd., Litig.*,
   458 B.R. 665 (S.D.N.Y. 2011) ............................................................................................ 5

*Fairfield Sentry Ltd. v. Amsterdam (In re Fairfield Sentry Ltd.)*,
   452 B.R. 64 (Bankr. S.D.N.Y.), *rev'd on other grounds sub nom. In re
   Fairfield Sentry Ltd. Litig.* 458 B.R. 665 (S.D.N.Y. 2011) ................................................. 3

*Firefighters' Ret. Sys. v. Citco Grp. Ltd.*,
   796 F.3d 520 (5th Cir. 2015) .............................................................................................. 3

*Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomm. (Luxembourg) II
   SCA)*,
   535 B.R. 543 (Bankr. S.D.N.Y. 2015) ................................................................................ 3

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,
   412 F.3d 418 (2d Cir. 2005) ............................................................................................... 3

*Krys v. Farnum Place, LLC (In re Fairfield Sentry Ltd.)*,
   768 F.3d 239 (2d Cir. 2014) ............................................................................................... 7

*In re OAS S.A.*,
   533 B.R. 83 (Bankr. S.D.N.Y. 2015) .................................................................................. 5

*Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*,
   466 F.3d 88 (2d Cir. 2006) ................................................................................................. 4

*Schneider Nat'l Carriers, Inc. v. Carr*,
   903 F.2d 1154 (7th Cir. 1990) ............................................................................................ 4

*Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*,
   No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016) ..................... 2

*Trikona Advisers Ltd. v. Chugh*,
    846 F.3d 22 (2d Cir. 2017) ................................................................................................. 5

**Statutes**

28 U.S.C. §1334(c)(1) ............................................................................................................... 3

**Other Authorities**

H.R. Rep. No. 109-31 (2005) ..................................................................................................... 5

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the: (i) *Individual Supplemental Memorandum of EFG Bank and EFG Bank (Monaco)* ("Moving Defendants' Joinder and Supplemental MTD"); and (ii) *Declaration of Geraldine Gazo* (the "Gazo Declaration"), and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[1] In opposition to the Moving Defendants' Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## PRELIMINARY STATEMENT

The motion to dismiss by EFG Bank ("EFG") and EFG Bank (Monaco) f/k/a EFG Eurofinancier D'Invest MCL ("EFG Monaco," together with EFG, the "Moving Defendants")[2] under principles of comity is meritless. Federal law prohibits this Court from abstaining from hearing actions related to a Chapter 15 case on comity grounds. Even if, *arguendo*, the Court could abstain, there is no parallel proceeding and no extraordinary circumstances justifying the surrender of jurisdiction here. Rather, abstention would prejudice the Liquidators' right to access

---

[1] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2] As alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636, upon information and belief, the Moving Defendants were customers of a registered shareholder. *See* Proposed

U.S. courts to pursue relief in aid of the Debtors' BVI liquidation proceedings, and thereby frustrate a core purpose of Chapter 15. The Moving Defendants' contention to the contrary relies primarily on misreading, mischaracterization and misapplication of this Court's decision in *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, Adv. P. No. 08-01789 (SMB), 2016 WL 6900689, at *12 (Bankr. S.D.N.Y. Nov. 22, 2016) (the "Extraterritoriality Opinion"). Accordingly, the motion to dismiss should be denied.

Additionally, EFG's argument that service was improper is similarly meritless. EFG consented to service of process by mail in the Subscription Agreement, and the Liquidators served EFG in compliance with that provision. Thus, service was effective for purposes of federal law.

**ARGUMENT**

**I.      Incorporation Of The Liquidators' Omnibus Brief.**

The Moving Defendants join in the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD Brief"). In opposition to EFG's Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein, the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].

**II.     Dismissal Based On International Comity Is Unavailable And Inappropriate.**

The Moving Defendants seek dismissal under the doctrine of comity among courts, which permits "a discretionary act of deference by a national court to decline to exercise jurisdiction in

---

Fourth Amended Complaint (Adv. Pro. Nos. 10-03635), ¶¶ 61-62; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶¶ 66-67. EFG Bank

2

a case properly adjudicated in a foreign state." Extraterritoriality Opinion at *12. However, "[d]ismissing an action based on comity is a form of abstention." *Id.* at *10 (citing *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 422 (2d Cir. 2005) (abstaining under principles of international comity from deciding question of law raised before a Mexican court that had jurisdiction to decide the issue)). Section 1334(c)(1) of title 28, United States Code, however, precludes federal courts from permissively abstaining from proceedings "with respect to a case under chapter 15." 28 U.S.C. § 1334(c)(1). This preclusion applies to "*both the Chapter 15 case itself and cases 'arising in or related to' Chapter 15 cases . . . .*" *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 526 (5th Cir. 2015) (emphasis added); *see also Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomm. (Luxembourg) II SCA)*, 535 B.R. 543, 588 (Bankr. S.D.N.Y. 2015); *Fairfield Sentry Ltd. v. Amsterdam (In re Fairfield Sentry Ltd.)*, 452 B.R. 64, 83 (Bankr. S.D.N.Y.), *rev'd on other grounds sub nom. In re Fairfield Sentry Ltd. Litig.* 458 B.R. 665 (S.D.N.Y. 2011). The Actions are proceedings, at a minimum, "related to" the Funds' Chapter 15 case;[3] accordingly, this Court has no discretion to abstain from hearing the Actions on grounds of international comity. *See In re Hellas Telecomm. (Luxembourg) II SCA*, 535 B.R. at 589 ("Since the Court may not abstain from hearing an adversary proceeding related to a case under chapter 15, the First Amended Complaint is not futile on international comity grounds.").[4]

---

[3]   *See* Liquidators' Omnibus Brief, at § II.A.

[4]   At the July 27, 2016 status conference in these proceedings, this Court recognized the effect that Section 1334(c)(1) has on the ability of the Court to abstain from hearing the Liquidators' actions. Decl. of T. Moloney in Opp. to Pls.'Mot. for Leave to Amend and In Sup. of Defs.' Mot. to Dismiss, dated Jan. 13, 2017 [ECF No. 961], Ex. F (July 27, 2016 Hr'g Tr. at 57:13-19).

Even if, *arguendo*, the Court could abstain on comity grounds, abstention will not be granted in the absence of a pending parallel proceeding. *See Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 56 F. Supp. 3d 436, 445 (S.D.N.Y. 2014) (denying motion to dismiss on comity grounds where U.S. and U.K. actions were not "sufficiently parallel to warrant abstention, as they involve only one common party and one common claim"); *cf. C.D.S., Inc. v. Zetler*, 198 F. Supp. 3d 323, 331-33 (S.D.N.Y. 2016) (refusing to stay U.S. action on comity grounds where French action concerned distinct causes of action and, thus, was not a parallel proceeding). Actions are parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)). Here, this is no pending parallel litigation pending in the BVI against similar parties asserting similar claims.[5]

Moreover, abstention in favor of a foreign proceeding is not appropriate absent "exceptional circumstances," considering such factors as the adequacy of the alternate forum and the potential prejudice to either party. *See id.* at 93-94. Where defendants are not subject to, and have not consented to, personal jurisdiction in the country where the parallel proceeding is pending, dismissal on comity ground, which would "potentially leave the [plaintiffs] without any forum in which to pursue their claims," is inappropriate. *See Barnet v. Drawbridge Special*

---

[5] The Section 273 proceeding is not parallel because the merits of Plaintiffs' claims are not being adjudicated in those proceedings; rather, the Section 273 proceeding concerns the standing of the applicants to seek Section 273 relief and whether the Liquidator are acting abusively and in a vexatious manner in bringing these Actions. The fact that this Court determined at the July 27, 2016 status conference to proceed with dismissal motions in these Actions, notwithstanding the pendency of the appeal of the Section 273 Judgment, should refute any argument to the contrary. Similarly, Defendant's contention that the forum selection and choice of law clause in the subscription agreements do not preclude dismissal on comity grounds "where deference is otherwise warranted," *see* EFG's Joinder and Supplemental MTD at 5 (quoting Extraterritoriality Opinion at *15), is irrelevant because there is no other pending parallel action in another court to defer to.

*Opportunities Fund LP*, No. 14-CV-1376 (PKC), 2014 WL 4393320, at *25 (S.D.N.Y. Sept. 5, 2014). Here, there would be substantial impediments to enforcing any judgments obtained in a BVI proceeding.[6] *See* Liquidators' Opposition to *FNC* Brief. For example, the limitations periods for the Liquidators' claims have run and the Moving Defendants have not agreed to waive their limitations defenses. Thus, dismissal would prejudice the Liquidators' ability to recover against the Moving Defendants.

Further, dismissing on the basis of comity would frustrate the goals of Chapter 15. A key goal of Chapter 15 is to promote comity. *See* H.R. Rep. No. 109-31, 110 (2005) (explaining that comity "is the central concept to be addressed" in Chapter 15 proceedings). In furtherance of that goal, "Chapter 15 provides for the coordination of domestic and foreign proceedings into a single bankruptcy," which is achieved by allowing foreign representatives to obtain recognition of foreign proceedings "as a means of requesting United States assistance in administering the main liquidation." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 30 (2d Cir. 2017); *see also In re Fairfield Sentry Ltd., Litig.*, 458 B.R. 665, 678-79 (S.D.N.Y. 2011) (Preska, J.) ("[A] Chapter 15 court in the United States acts as an adjunct or arm of a foreign bankruptcy court . . . to maximize assistance to the foreign court conducting the main proceeding."); *In re OAS S.A.*, 533 B.R. 83, 99 (Bankr. S.D.N.Y. 2015) (Chapter 15 recognition "unlocks the foreign representative's access to courts in the United States, [and] once the door is unlocked, the access is complete"). Thus, by invoking comity as a ground to prevent the Foreign Representatives from seeking relief in this

---

[6] To the extent that the Moving Defendants' arguments are interpreted as seeking dismissal based on *forum non conveniens* grounds, dismissal is inappropriate on these grounds because, *inter alia*, (1) the applicable forum selection provision waives *forum non conveniens* relief, and (2) the BVI Court is not an adequate alternative forum. *See* Liquidators' Opposition to Certain Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens*.

5

Court, the Moving Defendants have it backwards. Comity strongly militates *in favor of* the claims going forward in this Court.

The Moving Defendants' Brief does not address these principles of international comity. Instead, the Moving Defendants contend that the "logic" of the Extraterritoriality Opinion applies here and warrants dismissal. *See* EFG Joinder and Supplemental MTD at 4. That argument, however, relies on a fundamental misreading of the Extraterritoriality Opinion. In that opinion, the Court found that the BVI had a greater interest than the U.S. in regulating redemptions that gave rise to claims asserted by the Trustee and the Foreign Representatives against substantially the same defendants to recover substantially the same transfers (*i.e.*, redemption payments to the Funds' shareholders) (the "Fund Transfers"). *See* Extraterritoriality Opinion at *13-14. Accordingly, the Court limited the reach of the U.S. Bankruptcy Code under principles of international comity, and dismissed the Trustee's subsequent transferee claims. *See id.* at *12, *15. If anything, therefore, the Extraterritoriality Opinion *supports* the Actions (which assert claims substantively governed by BVI law to recover the Fund Transfers) proceeding in this Court.[7] In all events, the Extraterritoriality Opinion concerns dismissal on the basis of comity among nations—a form of *statutory construction* that can "shorten the reach of a statute"—*not* the distinct doctrine of comity *among courts*, upon which the Moving Defendant's motion appears to be based. *See id.* at *12. Thus, the Extraterritoriality Opinion cannot rationally or reasonably be read as suggesting that Plaintiffs' claims should only be pursued in the BVI courts.[8]

---

[7] Indeed, the Extraterritoriality Opinion, in the context of its comity discussion, specifically recognizes the BVI avoidance claims brought by the Foreign Representatives *in this Court*. *Id.* at *13.

[8] In addition, the Moving Defendants contend that "this Court's tenuous jurisdiction over these proceedings . . . supports abstaining on the basis of comity." *See* EFG'S Joinder and Supplemental MTD at 4. To the contrary,

The Moving Defendants also contend that dismissal is "consistent with the expectations of the BVI Court" based on extraneous comments regarding possible outcomes of the Actions in the BVI Court's judgment denying applications to prevent the Liquidators from pursuing the Actions. *See* EFG's Joinder and Supplemental MTD at 5. But, in that judgment, the BVI Court expressly held that "it is *for the U.S. Bankruptcy Court to assess* whether there is any scope remaining for the [Liquidators] to pursue claims in the U.S. Proceedings that were or could have been brought in the BVI," including claims that "are or may be under BVI law . . . ."[9] Thus, the judgment reflects that the BVI Court has no expectations regarding the outcome of the Actions and this judgment has no bearing on this Court's application of the doctrine of comity. *Cf. Krys v. Farnum Place, LLC (In re Fairfield Sentry Ltd.)*, 768 F.3d 239, 246 & n.2 (2d Cir. 2014) (explaining that where the BVI Court's judgment left an issue open for the U.S. Bankruptcy Court to decide, "it is not apparent at all that the BVI Court even expects or desires deference").

### III.   Service On EFG Monaco Was Proper.

As detailed in the Liquidators' Omnibus Brief, the Moving Defendants, including EFG Monaco, expressly consented to service by mail in the Forum Clause of the Subscription Agreements. *See* Liquidators' Omnibus Brief, at § VI.A.1. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive

---

this Court's subject-matter jurisdiction over these *in personam* Actions plainly exists under the "conceivable effect" test and is consistent with the key purpose of Chapter 15 to provide foreign representatives full access to U.S. courts. *See* Liquidators' Omnibus Brief, at § II.

[9]   October 21, 2016 Declaration of William Hare in Support of Motion for Leave to Amend ("Hare Decl."), Ex. S ¶ 87 (emphasis added). EFG's argument in this regard is also undercut by the Eastern Caribbean Court of Appeal's June 2016 order expressly granting the Liquidators sanction to pursue the Actions in this Court. Hare Decl. ¶ 71.

7

service entirely.  *See id.*  The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders.  *See* Liquidators' Omnibus Brief, at § I.A.

The Liquidators' fully complied with the Forum Clause by serving EFG Monaco by mail. The Subscription Agreement provided the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *Id.* (emphasis added).  Even if the law of Monaco prohibits mail service, as EFG Monaco argues, *see* Gazo Declaration, service by mail remains effective for purposes of federal law, *see* Liquidators' Omnibus Brief, at § VI.B.  The law of Monaco does not govern the legal effect of the Subscription Agreements in U.S. courts and EFG cites to no case to support the view that the law of Monaco can change the law of service in this Court.  *See id.*[10]

---

[10] As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant. *See* Liquidators' Omnibus Brief, at § VI.B.

8

**CONCLUSION**

For the foregoing reasons, the Liquidators respectfully request that the Moving Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 6, 2017

BROWN RUDNICK LLP

By:   */s/ David J. Molton*
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*