**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** | ) |
| | ) **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | ) |
| | ) **Jointly Administered** |
| | ) |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | ) |
| | ) |
| Plaintiffs, | ) **Adv. Pro. No. 10-03496** |
| -against- | ) |
| | ) |
| **THEODOOR GGC AMSTERDAM, et al.,** | ) **Administratively** |
| | ) **Consolidated** |
| Defendants. | ) |
| | ) |
| This Opposition applies to the adversary proceedings listed in Exhibit A hereto. | ) |
| | ) |
| | ) |

**FOREIGN REPRESENTATIVES' MEMORANDUM**
**OF LAW IN OPPOSITION TO THE SUPPLEMENTAL**
**MEMORANDUM OF LAW OF BNPP DEFENDANTS JOINTLY IN**
**SUPPORT OF THE FAIRFIELD DEFENDANTS' CONSOLIDATED**
**MOTION TO DISMISS AND IN OPPOSITION TO LIQUIDATORS'**
**MOTION FOR LEAVE TO AMEND AND IN FURTHER SUPPORT OF**
**FOREIGN REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......................................................................................... ii

ARGUMENT ........................................................................................................... 1

I.      Incorporation Of The Liquidators' Omnibus Brief. ........................................ 1

II.     The Court Has Jurisdiction Over The BNPP Defendants. ................................ 2

        A.      The BNPP Defendants Expressly Consented to Jurisdiction. ................. 2

        B.      The Court May Also Exercise Jurisdiction Based On The BNPP
                Defendants' Conduct. ........................................................................ 3

III.    The BNPP Defendants Were Properly Served. ............................................... 4

        A.      Service On BNPP Suisse Was Proper. .................................................. 4

        B.      Service On the BNPP Defendants Was Proper. ..................................... 5

IV.     The Liquidators' Knowledge Allegations Are Sufficient and Adequately Pled. .............. 5

CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anwar v. Fairfield Greenwich Ltd.*,
    728 F. Supp. 2d 372 (S.D.N.Y. 2010) ......................................................................8

*In re Bernard L. Madoff Inv. Sec. LLC*,
    454 B.R. 317 (Bankr. S.D.N.Y. 2011) ......................................................................6

*Liberty Ridge LLC v. RealTech Sys. Corp.*,
    173 F. Supp. 2d 129 (S.D.N.Y. 2001) ......................................................................6

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*,
    No. 09-50026 (MG), 2017 WL 632126, (Bankr. S.D.N.Y. Feb. 16, 2017) ..............2

**Statutes**

11 U.S.C. § 546(e) ......................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 9 ......................................................................................................5, 6

Hague Convention on the Service Abroad of Judicial and Extrajudicial documents
    in Civil or Commercial Matters, Article 10(a) .........................................................5

REDACTED WITH REDACT-IT

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the *Supplemental Memorandum of Law of BNPP Defendants[1] Jointly in Support of the Fairfield Defendants' Consolidated Motion to Dismiss and in Opposition to Liquidators' Motion For Leave to Amend* (the "BNPP Defendants' Joinder and Supplemental MTD") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").[2] In opposition to the BNPP Defendants' Joinder and Supplemental MTD and in further support of the Motion to Amend, the Liquidators state as follows:

## ARGUMENT

### I.    Incorporation Of The Liquidators' Omnibus Brief.

The BNPP Defendants[3] join in the Consolidated Motion to Dismiss Brief [Adv. Pro. 10-03496, Dkt. No. 960] (the "Consolidated MTD Brief"). In opposition to the BNPP Defendants'

---

[1]    The BNPP Defendants are defined in their Joinder and Supplemental MTD as BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP Paribas (Suisse) SA Private, BNP Paribas Arbitrage SNC, BNP Paribas Securities Nominees Ltd., BNP Paribas Fortis, BNP Paribas Private Bank and Trust Cayman Ltd., FS/Fortis Banque Luxembourg, Banque Generale du Luxembourg, and BNP Paribas España.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representatives' Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 [Adv. Pro. 10-03496, Dkt. No. 1336].

[3]    As alleged in the proposed Third Amended Complaint, at all relevant times BNP Paribas Arbitrage SNC was a member and registered shareholder of Sentry. *See* Proposed Third Amended Complaint (Adv. Pro. No. 10-04098), ¶ 29. As alleged in the proposed Second Amended Complaint, at all relevant times BNP Paribas Securities

Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein their Opposition

to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss

(the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31,

2017 [Dkt. No. 1336].

## II.    The Court Has Jurisdiction Over The BNPP Defendants.

As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need

only make a *prima facie* showing of personal jurisdiction over the defendant." *Motors

Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation

Co.)*, No. 09-50026 (MG), 2017 WL 632126, at * 7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.).

While the Court may consider materials outside the pleadings, it must credit the plaintiffs'

jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the

plaintiffs, and resolve all doubts in their favor. *See* Liquidators' Omnibus Brief, at § I.A.

### A.    The BNPP Defendants Expressly Consented to Jurisdiction.

The BNPP Defendants have consented to this Court's jurisdiction by agreeing in the

Subscription Agreements to litigate in this Court. Ample precedent confirms that a valid and

applicable forum selection clause conclusively affords the court personal jurisdiction over

---

Nominees Ltd. was a member and registered shareholder of Sentry and Sigma. *See* Proposed Second Amended Complaint (Adv. Pro. No. 11-01579), ¶ 30. As alleged in the proposed Second Amended Complaint, at all relevant times BNP Paribas Fortis was a member and registered shareholder of Sentry. *See* Proposed Second Amended Complaint (Adv. Pro. No. 11-01617), ¶ 29. As alleged in the proposed Third Amended Complaint, at all relevant times BNP Paribas Private Bank and Trust Cayman Ltd. was a member and registered shareholder of Sentry. *See* Proposed Third Amended Complaint (Adv. Pro. No. 10-04099), ¶ 29. As alleged in the proposed Second Amended Complaint, at all relevant times BNP Paribas España was a member and registered shareholder of Sentry. *See* Proposed Second Amended Complaint (Adv. Pro. No. 12-01551), ¶ 29. As alleged in the proposed Third Amended Complaint, at all relevant times FS/Fortis Banque Luxembourg was a member and registered shareholder of Sentry and Sigma. *See* Proposed Third Amended Complaint (Adv. Pro. No. 11-01242), ¶ 30. Additionally, as alleged in the proposed Third Amended Complaint, upon information and belief, Banque Generale du Luxembourg was a customer of a registered shareholder. *See* Proposed Third Amended Complaint (Adv. Pro. No. 11-01242), ¶ 32 Finally, as alleged in the proposed Fourth Amended Complaints in adversary proceedings 10-03635 and 10-03636, upon information and belief, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas

2

defendants bound by it.  *See* Liquidators' Omnibus Brief, at § I.A. (collecting cases).  The existing complaints and the Proposed Amended Complaints against the BNPP Defendants reflect that the Subscription Agreements contain the Forum Clause.  *Id.*  The Subscription Agreements are binding on the registered shareholders and the beneficial shareholders for whom the former placed investments, and apply to this action.  *See* Liquidators' Omnibus Brief, at § I.A. Accordingly, the Court has jurisdiction over the BNPP Defendants.

**B.**    **The Court May Also Exercise Jurisdiction Based On The BNPP Defendants' Conduct.**

Beyond the Forum Clause, the allegations in the Proposed Amended Complaints are sufficient to confer jurisdiction over the BNPP Defendants based on their contacts with the forum.  The facts alleged show: (i) the BNPP Defendants have "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice."  *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegation that the BNPP Defendants decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS" is enough to establish that the BNPP Defendants have minimum contacts necessary to support specific jurisdiction.  *Id.*  Moreover, the BNPP Defendants' purposeful use of U.S. correspondent banks to effectuate the Sentry investments and redemption payments at issue here similarly provides sufficient minimum contacts to support jurisdiction.  *Id.*

---

(Suisse) SA Private were customers of a registered shareholder.  *See* Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03635), ¶ 46-48; Proposed Fourth Amended Complaint (Adv. Pro. No. 10-03636), ¶¶ 51-53).

REDACTED WITH REDACT-IT

III.    **The BNPP Defendants Were Properly Served.**

A.    **Service On BNPP Suisse Was Proper.**

BNPP Suisse, as a Swiss Moving Defendant, joins in and incorporates by reference the Consolidated MTD Brief regarding service. As detailed in the Liquidators' Omnibus Brief, BNPP Suisse expressly consented to service by mail in the Forum Clause of the Subscription Agreements. *See* Liquidators' Omnibus Brief, at § VI.B. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.* The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders. *See* Liquidators' Omnibus Brief, at § I.A.1.

The Liquidators' fully complied with the Forum Clause by serving BNPP Suisse by mail. The Subscription Agreement provides the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *Id.* Even if Swiss law prohibits mail service, as BNPP Suisse argues (*see* BNPP Defendants' Joinder and Supplemental MTD, at 3-5), service by mail remains effective for purposes of federal law. *See* Liquidators' Omnibus Brief, at § VI.B. Swiss Law does not govern the legal effect of the Subscription Agreements in U.S. courts, and BNPP Suisse cites to no case to support the view that Swiss law can change the law of service in this Court. *See id.* Thus, the Liquidators' service on BNPP Suisse by International Registered Mail was effective.

Additionally, the Liquidators, in accordance with the provisions of the Subscription Agreement, served BNPP Suisse at the address on file with the Funds at the time of service.

Accordingly, BNPP Suisse's argument that Citco was not an authorized agent for the receipt of process is unavailing.

### B.  Service On the BNPP Defendants Was Proper.

Service on the other BNPP Defendants was also effective.  *First*, the additional BNPP Defendants also consented to service by mail in the Subscription Agreements, which are binding on the BNPP Defendants and applicable to this action.  *See* Liquidators' Omnibus Brief, at § VI.A.1.  *Second*, in any event, the Liquidators' service complied with the Hague Convention, Article 10(a), which authorizes service by mail on defendants residing outside of the United States.  *Id.* § VI.A.2.  Accordingly, the Liquidators' service by International Registered Mail on the BNPP Defendants was effective.  *Id.*

### IV.  The Liquidators' Knowledge Allegations Are Sufficient and Adequately Pled.

For the reasons detailed in the Liquidators' Omnibus Brief, the allegations in the Complaint state claims upon which relief can be granted.  *See* Liquidators' Omnibus Brief, at §§ III, IV, V.  Moreover, the Liquidators' Allegations regarding BNPP Defendants' bad faith are legally sufficient and adequately pled, and BNPP Defendants' arguments to the contrary are misplaced and/or without merit.[4]

*First*, BNPP Defendants incorrectly contend that the heightened pleadings standards of Rule 9(b) apply to the bad faith allegations.  However, by its own terms, Rule 9(b) requires that only allegations of "fraud" be plead with particularity, while allegations of "knowledge" may be "alleged generally."  Fed. R. Civ. P. 9(b).  Plaintiffs' claims do not plead fraud against the BNPP Defendants, and, therefore, the particularity requirement of Rule 9(b) is not relevant to Plaintiffs'

---

[4]    The BNPP Defendants' argument that the Liquidators' allegations of knowledge are insufficient to meet the "actual knowledge" exception to Section 546(e) is a red herring.  As detailed in the Liquidators' Omnibus Brief, section 546(e) does not apply extraterritorially and the BNPP Defendants are concededly seeking an extraterritorial

5

REDACTED WITH REDACT-IT

allegations related to BNPP Defendants' knowledge of facts supporting a finding of bad faith. *See Liberty Ridge LLC v. RealTech Sys. Corp.*, 173 F. Supp. 2d 129, 136-37 (S.D.N.Y. 2001) (noting that the pleading standards under Rule 9(b) are "less stringent" "[i]n cases of malice, intent, knowledge, and other condition[s] of mind of a person" and in those cases "a general assertion is sufficient . . . the plaintiff must simply state the facts upon which his belief of such knowledge is based") (internal citations and marks omitted); *cf. In re Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 317, 332 (Bankr. S.D.N.Y. 2011) (courts routinely hold that "claims of constructive fraud do not need to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b)"). Furthermore, even if the heightened requirements of Rule 9(b) were applicable here (and they were not), relevant precedent "instructs courts to adopt 'a more liberal view [where an estate representative is pursuing the claim] . . . since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge.'" *In re Bernard L. Madoff Inc. Sec. LLC*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011). Regardless of the standard applied, Plaintiffs allegations are sufficient. In both the Proposed Fourth Amended Complaints and the Revised Proposed Fourth Amended Complaints, Plaintiffs include specific factual allegations regarding the Citco entities' knowledge of the irregularities at BLMIS (which allegations support a finding of bad faith on the part of the BNPP Defendants).[5] Those allegations go well beyond what is required by the Rules, and are sufficient to defeat a motion to dismiss.

---

application of the statute. *See* Liquidators' Omnibus Brief, at § V. Thus, any exceptions to the application of Section 546(e) are entirely irrelevant here.

[5] *See* Notice of Filing of Proposed Amended Complaint, Proposed Fourth Amended Complaint Ex. A ¶¶ 119-152 [Adv. Pro. No. 10-3635, Dkt. No. 139]; Notice of Filing of Proposed Amended Complaint, Proposed Fourth Amended Complaint Ex. A ¶¶ 127-160 [Adv. Pro. No. 10-3636, Dkt. No. 152]; Declaration of David J. Molton in Further Support of Motion for Leave to Amend and in Opposition to Defendants' Motion to Dismiss ("Molton II"), Revised Proposed Fourth Amended Complaints Exs. E ¶¶ 168-177, F ¶¶ 176-185 [Adv. Pro. No. 10-3496, Dkt. No. 1337]; *see also* Liquidators' Omnibus Brief, at § IV.D.

*Second*, the BNPP Defendants' argument that the Citco Administrators' knowledge cannot be imputed to the Citco Subscribers is misplaced and without merit. As a threshold matter, Plaintiffs do not need to rely on imputation, because the Revised Proposed Amended Complaints include specific factual allegations regarding the *Citco Subscribers'* knowledge of, willful blindness to and/or reckless disregard of the red flags and fraud identifying issues associated with BLMIS's operations (the Citco Administrator is *itself* already alleged to be a Citco Subscriber, *see* Third Amended Complaint (Dkt. No. 122) and Proposed Fourth Amended Complaint (Dkt. No. 152), Adv. Pro. No. 10-3636, ¶ 9, and the Citco Bank entities' clearly pled knowledge is indisputably attributable to all the nominal Citco registered shareholders). *See* Molton II, Exs. E ¶¶ 9, 106-124, 168-177, F ¶¶ 9, 114-132, 176-185, F, G, H; *see also See* Liquidators' Omnibus Brief, at § IV.D. In fact, the BNPP Defendants concede, as identified above, that the Funds' Administrator, Citco Fund Services (Europe) B.V., *also served as a subscriber and registered shareholder. See* Br. at n.16.[6] As detailed in the Liquidators' Omnibus Brief, it is the *registered shareholder* that is to be treated as a party to the Articles, and so it is the *registered shareholder's* bad faith that is relevant to the bad faith recipient point, and the shareholder/subscriber's customers are bound by the consequences thereof. *See* Liquidators' Omnibus Brief, at § IV.D.

---

[6]    The BNPP Defendants claim (at 8 n.16) that "the Liquidators make no specific allegations about Citco Fund Services (Europe) B.V.", but that claim is belied by the detailed allegations pertaining to that entity's role and functions. *See* Molton II, Exs. E ¶¶ 9, 106-24, 138-77, F ¶¶ 9, 114-32, 146-85.

REDACTED WITH REDACT-IT

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████ Under applicable law, the knowledge of these Citco entities, however and wherever obtained, is, under the present circumstances, attributable and imputed to the relevant BNPP Defendants. *See* Liquidators' Omnibus Brief, at § IV.D.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████ These allegations are sufficient to impute knowledge to all Citco entities and through all these entities to the relevant BNPP Defendants. *See A nwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 405-06, 421-27 (S.D.N.Y. 2010) (Marrero, J.) (applying the group pleading doctrine to impute knowledge among various affiliated entities).

8

REDACTED WITH REDACT-IT

*Third*, imputation of the Citco Subscribers' bad faith to the BNPP Defendants is not necessary to prevent the BNPP Defendants from raising a defense to the Liquidators' contractual or restitution claim that (as a result of the certification by Citco) they were contractually entitled to the sum received.  This is because it is the registered shareholder that is to be treated as the party to the Articles, and so it is the registered shareholder's bad faith that is relevant when considering whether a certificate is to be treated as "binding."  Under the Fund Documents, (i) the Funds were entitled to treat the registered holder of any share as the absolute owner thereof (and the only party entitled to receive distributions) and were not be bound to recognize an equitable or other claim to, or interest in, such share on the part of any other person (the Citco Customers) (Article 8), and (ii) the Citco Subscribers' entry into the Fund Documents bound the BNPP Defendants thereto (SA ¶ 27).  In other words, all that matters with respect to this point is the bad faith of the registered shareholder and subscriber; the registered shareholder/subscriber's customers are bound by the consequences thereof.  Moss II ¶ 121; *see* Liquidators' Omnibus Brief, at § IV.D.

*Fourth*, BNPP Defendants improperly rely on the *in pari delicto* doctrine in arguing that Plaintiffs' claims should be barred.  As detailed in the Liquidators' Omnibus Brief, BVI law governs this defense and the doctrine of *ex turpi causa*, the relevant BVI doctrine, is inapplicable here because the bad faith of a dishonest agent will not be imputed to the Funds for the purpose of defeating the Funds' claims and, in any event, the doctrine would not bar the Funds' claims under the circumstances here.  *See id.* § IV.B.3.

*Finally*, the Court can readily reject the BNPP Defendants' arguments that the claims against them are barred even if they are found to be bad faith redeemers.  *First*, BNPP Defendants' assertion that the Privy Council Decision bars the relevance of the mental state of

9

the Funds' investors with respect to an obligation to repay redemption payments mischaracterizes the Privy Council's decision. As detailed in the Liquidators' Omnibus brief, the Privy Council's decision was limited in scope to a specific set of issues that were presented for decision, and the Privy Council had no occasion to resolve the implications of a certificate that was issued in bad faith. *See id.* § IV.A. *Second*, the Eastern Caribbean Court of Appeal's ruling that the Funds' investors gave good consideration in exchange for receiving redemption payments was not adopted by the Privy Council, and the Privy Council's decision supersedes the Court of Appeal's ruling. Indeed, the Privy Council's decision modifies and merges the lower court's "good consideration" rationale into the certification issue, effectively holding that a redeemer is only entitled to the payment that it was contractually due, and that a *binding* certification satisfies that condition here. *See id.* § IV.A.2. *Third*, no preclusion doctrine available under BVI/English law bars the claims asserted in the action against the BNPP Defendants because, *inter alia*, the legal consequences of the bad faith receipt of redemption payments was not litigated in the BVI Proceedings against any redeemer. *See id.* § IV.A.

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the BNPP Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

REDACTED WITH REDACT-IT

Dated: New York, New York
       April 6, 2017

                                         BROWN RUDNICK LLP

                                     By:    */s/ David J. Molton*
                                               David J. Molton
                                             May Orenstein
                                             Daniel J. Saval
                                             Marek P. Krzyzowski

                                     7 Times Square
                                     New York, New York 10036
                                     Telephone: 212.209.4800
                                     Facsimile: 212.209.4801
                                     dmolton@brownrudnick.com
                                     dsaval@brownrudnick.com
                                     mkrzyzowski@brownrudnick.com

                                   *Counsel for the Foreign Representatives*

11

## EXHIBIT A

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3635 | BNP Paribas (Suisse) SA<br>BNP Paribas (Suisse) SA Ex Fortis<br>BNP Paribas (Suisse) SA Private |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3636 | BNP Paribas (Suisse) SA<br>BNP Paribas (Suisse) SA Ex Fortis<br>BNP Paribas (Suisse) SA Private |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al. | Bankr. 10-4098 | BNP Paribas Arbitrage SNC |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank & Trust Cayman Ltd., et al. | Bankr. 10-4099 | BNP Paribas Private Bank and Trust Cayman Ltd. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Fortis Banque Lux., et al. | Bankr. 11-1242 | Banque Generale du Luxembourg S.A.<br>FS/Fortis Banque Luxembourg |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Secs. Nominees Ltd., et al. | Bankr. 11-1579 | BNP Paribas Securities Nominees Ltd. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al. | Bankr. 11-1617 | Fortis Bank SA/NV n/k/a BNP Paribas Fortis |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana, et al. | Bankr. 12-1551 | BNP Paribas Espana f/k/a Fortis Bank |

62726741 v5