**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| **FAIRFIELD SENTRY LIMITED, et al.,** | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. | **Jointly Administered** |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** | |
| Plaintiffs, | **Adv. Pro. No. 10-03496** |
| -against- | |
| **THEODOOR GGC AMSTERDAM, et al.,** | **Administratively** |
| Defendants. | **Consolidated** |
| **This Opposition applies to the adversary proceedings listed in Exhibit A hereto.** | |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW IN
OPPOSITION TO THE HSBC DEFENDANTS' SUPPLEMENTAL
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO AMEND AND IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND IN FURTHER SUPPORT OF FOREIGN
REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................................... ii

ARGUMENT .................................................................................................................1

I.    Incorporation of the Liquidators' Omnibus Brief. ...............................................1

II.   The Court Has Jurisdiction Over The HSBC Knowledge Defendants. ..............................2

    a.    The HSBC Knowledge Defendants Expressly Consented to Jurisdiction. ..............2

    b.    The Court Also May Exercise Jurisdiction Based On The HSBC Knowledge Defendants' Contacts. ........................................................3

III.  The Liquidators' Allegations Regarding The HSBC Knowledge Defendants' Bad Faith Are Legally Sufficient. ...............................................3

IV.   The "Knowledge" Allegations Are Legally Relevant and Timely. ....................................7

V.    Service On The HSBC Service Defendants Was Proper. ..................................................9

    a.    The HSBC Service Defendants Consented to Service By Mail. ...........................9

CONCLUSION .................................................................................................................10

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Bear Stearns Mortg. Pass-Through Certificates Litig.*,
    851 F. Supp. 2d 746 (S.D.N.Y. 2012)..........................................................................6

*Datskow v. Teledyne, Inc.*,
    899 F.2d. 1298 (2d Cir. 1990) ...............................................................................10

*Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob.
    Crossing Ltd.)*,
    385 B.R. 52 (Bankr. S.D.N.Y. 2008).....................................................................10

*Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*,
    318 F.R.D. 28 (S.D.N.Y. 2016) ...............................................................................6

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In
    re Motors Liquidation Co.)*,
    No. 09-50026 (MG), 2017 WL 632126 (Bankr. S.D.N.Y. Feb. 16, 2017)...............2

*In re OSG Sec. Litig.*,
    12 F. Supp. 3d 619, 622 (S.D.N.Y. 2014)................................................................6

*In re Randall's Island Family Golf Centers*,
    No. 02-2278, 2002 WL 31496229 (Bankr. S.D.N.Y. Nov. 8, 2002).......................10

*Xpressions Footwear Corp. v. Peters*,
    Nos. 94 Civ. 6136 (JGK), 95 Civ. 8242 (JSM), and 95 CIV. 8243 (JSM), 1995
    WL 758761 (S.D.N.Y. Dec. 22, 1995) ....................................................................6

**Statutes**

11 U.S.C. § 546(e) .........................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 15(c) ....................................................................................................10

Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "Redeemer Actions"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to *The HSBC Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss* (the "HSBC Defendants' Joinder and Supplemental MTD") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "Motion to Amend").  In opposition to the HSBC Defendants' Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## ARGUMENT

### I.    Incorporation of the Liquidators' Omnibus Brief.

The HSBC Defendants join in the Consolidated Motion to Dismiss Brief [Adv. Pro. 10-03496, Dkt. No. 960] (the "Consolidated MTD Brief").  In opposition to the HSBC Defendants' Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336].[1]

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Liquidators' Omnibus Brief.

II.    **The Court Has Jurisdiction Over The HSBC Knowledge Defendants.**[2]

The HSBC Defendants' argument that this Court lacks personal jurisdiction over the HSBC Knowledge Defendants is without merit.  As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant."  *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.*), No. 09-50026 (MG), 2017 WL 632126, at * 7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.); *see* Liquidators' Omnibus Brief, at § I.  While the Court may consider materials outside the pleadings, it must credit the plaintiffs' jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the plaintiffs, and resolve all doubts in their favor.  *See* Liquidators' Omnibus Brief, at § I.A.

a.    **The HSBC Knowledge Defendants Expressly Consented to Jurisdiction.**

The HSBC Knowledge Defendants have consented to this Court's jurisdiction by agreeing in the Subscription Agreement to litigate in this Court.  Ample precedent confirms that a valid and applicable forum selection clause conclusively affords the court personal jurisdiction over defendants bound by it.  *See* Liquidators' Omnibus Brief, at § I.A. (collecting cases).  The Proposed Amended Complaint against the HSBC Knowledge Defendants reflects that the Subscription Agreement contains the Forum Clause.  *See id.*  The Subscription Agreement is binding on the registered shareholders and the beneficial shareholders for whom they placed investments and applies to this action.  *See id.*  Accordingly, the Court has jurisdiction over the

---

[2] The "HSBC Knowledge Defendants" are comprised of HSBC Securities Services (Luxembourg) S.A. ("HSSL"), HSBC Private Bank (Suisse) S.A. ("PBRS") and HSBC Bank USA, N.A. ("HBUS") (the first two of which are registered shareholders and the last of which is a beneficial owner), which are the HSBC Defendants contesting personal jurisdiction and the sufficiency of Plaintiffs' knowledge allegations.  The remaining HSBC Defendants, including HSBC Trust Company AG and HSBC Latin America Holdings (UK) Limited (which are not HSBC Knowledge Defendants), do not raise arguments related to jurisdiction.

2

HSBC Knowledge Defendants.

### b. The Court Also May Exercise Jurisdiction Based On The HSBC Knowledge Defendants' Contacts.

Beyond the Forum Clause, the allegations in the Proposed Amended Complaints are sufficient to confer jurisdiction over the HSBC Knowledge Defendants based on their contacts with the forum. The facts alleged in the Proposed Amended Complaints show that: (i) the HSBC Knowledge Defendants have "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegations that the HSBC Knowledge Defendants decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS" is enough to establish that the HSBC Knowledge Defendants have minimum contacts necessary to support specific jurisdiction. *See id.* Moreover, the HSBC Knowledge Defendants' purposeful use of U.S. correspondent banks to effectuate the investments and redemption payments at issue here similarly provides enough minimum contacts to support jurisdiction. *See id.*

### III. The Liquidators' Allegations Regarding The HSBC Knowledge Defendants' Bad Faith Are Legally Sufficient.

For the reasons in the Liquidators' Omnibus Brief, the HSBC Complaints[3] state claims upon which relief can be granted. *See* Liquidators' Omnibus Brief, at §§ IV, V. Moreover, the Liquidators' bad faith allegations are legally sufficient.[4]

---

[3] "HSBC Complaints" refers to the HSSL Compl. (10-3630); the PBRS Compl. (10-3633) and the HBUS Compl. (10-3634) as defined in the HSBC Defendants' Joinder and Supplemental MTD.

The HSBC Knowledge Defendants' argument that the Liquidators' allegations regarding their bad faith are insufficient under BVI law relies on an incorrect view of that law. *See* HSBC Defendants' Joinder and Supplemental MTD, at 3-9. Contrary to the HSBC Knowledge Defendants' assertions, "willful blindness", or its equivalent – "blind-eye knowledge" – is *not* the sole basis upon which bad faith may be shown.[5] A person can also be found to have acted in bad faith under BVI law if the person acted "*recklessly*, indifferent as to whether or not what he was doing was wrongful or lacking any belief that what he was doing was right." *See* Moss II ¶ 104 (emphasis supplied); *see also id.* ¶¶ 105-09. The "recklessness" variety of bad faith has also been described as "indifference to the truth or to the legitimacy of one's acts (including a failure to act on suspicions for extraneous reasons)." *Id.* ¶ 110; *see also id.* ¶¶ 118-120 (discussing UK House of Lords and Privy Council decisions on the bad faith standard).

Even under the standard articulated by Mr. Mortimore, and certainly under the standard articulated by Mr. Moss, the Liquidators' allegations of bad faith as to the HSBC Knowledge Defendants are sufficiently pled, and the Liquidators should be allowed to progress to discovery of this issue (especially in view of the evidence recently obtained by the Liquidators on the subject, as discussed below). The HSBC Knowledge Defendants' argument to the contrary boils down to the contention that they could not have acted in bad faith because the Complaint

---

[4] The HSBC Knowledge Defendants' argument that the Liquidators' allegations of knowledge are insufficient to meet the "actual knowledge" exception to Section 546(e) is a red herring. As detailed in the Liquidators' Omnibus Brief, Section 546(e) does not apply extraterritorially, and the HSBC Defendants are seeking an extraterritorial application of the statute. Thus, any exceptions to the application of Section 546(e) are irrelevant to the issues pertaining to the Knowledge Defendants' liability as "bad faith" recipients with respect to the Common Law Claims.

[5] The HSBC Knowledge Defendants also argue that the Liquidators' allegations are insufficient under New York law. This argument is unavailing as BVI law, which these defendants concede govern the Common Law Claims, is applicable to the Liquidators' allegations of bad faith in connection with the "bad faith" recipient issue. *See* Liquidators' Omnibus Brief, at § IV.

demonstrates that they conducted due diligence on BLMIS. *See* HSBC Defendants' Joinder and Supplemental MTD, at 5-7. But that argument elides that the diligence HSBC entities commissioned KMPG to perform unearthed *twenty* areas where KPMG identified fraud risks including, *inter alia,* falsification of trades, diversion of client funds for personal gain, false reporting of trades without execution to collect commissions, and falsification of trade confirmations. *See* HSSL Proposed Amended Third Complaint ("<u>HSSL PAC</u>") [Adv. Pro. No., 10-03630, Dkt. No. 35] ¶¶ 82-88; HBUS Proposed Amended Third Complaint ("<u>HBUS PAC</u>") [Adv. Pro. No. 10-03634, Dkt. No. 77] ¶¶ 109-115.[6]

And that is not all. The Proposed Amended Complaints further allege that HSBC entities issued numerous reports evidencing uncertainty and concerns about Madoff. *See* PBRS Proposed Amended Third Complaint ("<u>PBRS PAC</u>") [Adv. Pro. No. 10-03633, Dkt. No. 10-03633] ¶ 83; HBUS PAC ¶ 105 ("The 2001 Report also noted multiple concerns associated with Madoff, including his taking custody of securities and refusal to accept fees at the fund level."); PBRS PAC ¶ 103 ("In January of 2003, HSBC Bank issued another due diligence report on Sentry, which noted many of the same concerns addressed in the 2001 Report."); HBUS PAC ¶ 108 ("In 2004, HSBC Bank issued yet another report regarding Sentry . . . HSBC noted the concern that Madoff's track record was "[t]oo good to be true."). All of this amply demonstrates that the HSBC Knowledge Defendants had "reason to doubt that BLMIS carried on the

---

[6] The HSBC Knowledge Defendants response to this is merely that KPMG "did not determine that BLMIS was running a Ponzi scheme." HSBC Defendants' Joinder and Supplemental MTD at 7 n.19. That is hardly a basis to disregard the factual allegations of KPMG's detailed risk analysis, which more than plausibly permit the inference that the analysis led the HSBC Knowledge Defendants either to believe that Madoff was operating a fraudulent scheme or to turn a blind-eye to that fact.

investment business that it claimed to conduct."  *See* HSBC Defendants' Joinder and

Supplemental MTD, at 5-7 (quoting Mortimore Decl. ¶ 248).[7]

    And there is yet more. As explained in the Declaration of David J. Molton ("Molton III"),

submitted with this response, recent testimony provided in Cayman Islands proceedings styled

*Primeo Fund (in Official Liquidation) v. Bank of Bermuda (Cayman) Ltd. & HSBC Securities*

*Services (Luxembourg) SA* (the "Primeo Case")[8] provides further evidence of the HSBC

Knowledge Defendants' bad faith.[9]  That testimony demonstrates, *inter alia*, that (1) even

though HSBC entities recognized that BLMIS's returns were "too good to be true",[10] they were

more concerned with "the potential fall-out" with clients if Madoff "put [them] on the black list"

than they were with confirming the truth of Madoff's scheme, because they were "[a]lways too

afraid to lose the revenue" from their custodial roles; (2) HSBC entities repeatedly raised

---

[7] Allegations pled "upon information and belief" and taken in part from the *Picard* complaints, which pertain to the *same* transactions at issue in these actions, are appropriate and permissible in this adversary proceeding under federal pleading standards.  *See In re OSG Sec. Litig.,* 12 F. Supp. 3d 619, 622 (S.D.N.Y. 2014) (holding that "plaintiffs may plead facts contained in [motion filed in another proceeding] upon information and belief, and find admissible evidence to support those allegations at a later stage"); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.,* 851 F. Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012) (permitting plaintiffs to rely on allegations set forth in other complaints, and stating:  "Not all complaints are created equal—while some barely satisfy the pleading requirement, others are replete with detailed factual information of obvious relevance to the case at hand."). The HSBC Knowledge Defendants' argument that those allegations should be disregarded (at 4) should be rejected.

[8] In the Primeo Case, the Liquidators of the Primeo Fund brought claims against HSSL, one of the HSBC Knowledge Defendants, in connection with HSSL's role as custodian of the Primeo Fund, a fund that invested substantially all of its assets in BLMIS.

[9] Federal courts "consistently grant motions to amend where it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in earlier pleadings." *Xpressions Footwear Corp. v. Peters,* Nos. 94 Civ. 6136 (JGK), 95 Civ. 8242 (JSM), and 95 CIV. 8243 (JSM), 1995 WL 758761, at *2 (S.D.N.Y. Dec. 22, 1995) (citing *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981); *see also Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.,* 318 F.R.D. 28 (S.D.N.Y. 2016) (granting motion to amend where parties discovered additional facts relating to their initial allegations during discovery).

[10] The quoted statements in this paragraph are taken from the transcript of testimony from the Primeo Case that is in turn included in the Revised Proposed HSBC Complaints attached to Molton III.

specific and substantial concerns regarding Madoff's "real strategy" and whether there were "really assets or is it all fictitious", having identified in 2005 that "one of the possible options was that it was all a sham"; (3) HSBC entities determined that audits and purported diligence of Madoff were inadequate because "overall control [was] Madoff centric and there [were] opportunities for misleading or misappropriation to take place if he were so inclined," creating "a perfect structure for fraud"; and (4) any indicia of fraud that was uncovered during due diligence was downplayed or ignored ("*Worse - we suspected but never pinned it down. Not even hindsight, just not enough courage to walk away from what was not understood.*").

Portions of the testimony from the Primeo Case have been incorporated into revised proposed Third Amended HSBC Complaints annexed to the Molton III as Exhibits B-D (the "Revised Proposed HSBC Complaints").  At a minimum, the facts revealed from that testimony underscore that the Liquidators should be allowed to file the Revised Proposed HSBC Complaints as their amended complaints and proceed to the discovery stage in order to develop fully the type of bad faith evidence regarding the HSBC Knowledge Defendants adduced in the Primeo Case regarding the HSBC Knowledge Defendants.[11]

## IV.    The "Knowledge" Allegations Are Legally Relevant and Timely.

The position of the HSBC Knowledge Defendants that their bad faith is irrelevant to the right to retain redemption payments is incorrect.  If established, the bad faith of the HSBC

---

[11] The HSBC Knowledge Defendants' argument that the Liquidators are improperly attempting to impute the knowledge of Zurich Capital Markets to HBUS is a red herring.  Here, Zurich Capital Market's knowledge, and its effect on HBUS, is immaterial as to whether *HBUS* acted in bad faith.  Moreover, the argument that the Liquidators are improperly seeking to impute the knowledge of HSBC affiliates to the HSBC Knowledge Defendants is also misplaced.  The Liquidators have alleged that the HSBC Knowledge Defendants themselves acted with the requisite knowledge and bad faith.  *See* PBRS PAC ¶¶ 82, 85, 88-91; HSSL PAC ¶¶ 81-88; HBUS PAC ¶¶ 105-115.  In addition, the new allegations in the Revised Proposed HSBC Complaints specifically provide information pertaining to HSSL's knowledge, and given that these facts were known by the HSBC family of entities, they were also known by the HSBC Knowledge Defendants.  *See* Molton III, Exs. B, ¶ 81, C ¶ 81, D, ¶ 109.

Knowledge Defendants would both preclude their reliance on certificates overstating the NAV and, additionally, would require their restitution of the overpayments. *See* Moss I ¶¶ 48-51; Moss II ¶¶ 116-120; *see also* Liquidators' Omnibus Brief, at § IV.D. Additionally, as explained by the Liquidators, the Privy Council did not adopt the "good consideration" rationale of the lower courts pursuant to which the quid pro quo of shares for payment suffices to preclude subsequent challenge. *See id.* § IV.A.2. However, even if the Privy Council had adopted the good consideration argument of the Eastern Caribbean Court of Appeals, the resulting judgment would not bar the claims asserted against these Defendants. Moss II ¶¶ 116-120.

Finally, contrary to the HSBC Knowledge Defendants' assertions, the BVI judgment does not bar or preclude the claims asserted now by the Liquidators. *See* Liquidators Omnibus Brief, § IV. *First*, as detailed in the Liquidators' Omnibus Brief, the Privy Council's decision was limited in scope to a specific set of issues that were presented for decision, and the Privy Council had no occasion to resolve the implications of a certificate that was issued in bad faith. *See id.* § IV.A. *Second*, the Eastern Caribbean Court of Appeal's ruling that the Funds' investors gave good consideration in exchange for receiving redemption payments was not adopted by the Privy Council, and the Privy Council's decision supersedes the Court of Appeal's ruling. Indeed, the Privy Council's decision modifies and merges the lower court's "good consideration" rationale into the certification issue, effectively holding that a redeemer is only entitled to the payment that it was contractually due, and that a *binding* certification satisfies that condition. *See id.* § IV.A.2. *Third*, no preclusion doctrine available under BVI/English law bars the claims asserted in the action against the HSBC Knowledge Defendants because, *inter alia*, the legal consequences of the bad faith receipt of redemption payments were not litigated in the BVI Proceedings against any redeemer. *See id.* § IV.A.

8

## V.    Service On The HSBC Service Defendants Was Proper.

### a.    The HSBC Service Defendants Consented to Service By Mail.

As detailed in the Liquidators' Omnibus Brief, the HSBC Service Defendants[12] expressly consented to service by mail in the Forum Clause of their Subscription Agreements.  *See* Liquidators' Omnibus Brief, at § VI.A.1.  Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely.  *See id.*  The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders.  *See* Liquidators' Omnibus Brief, at § I.A.1.[13]

The Liquidators fully complied with the Forum Clause by serving the HSBC Service Defendants by mail at the address within the Funds' records.  The Subscription Agreement provides the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *Id.*   Even if the law of Panama prohibits mail service, as the HSBC Service Defendants argue, service by mail remains effective for purposes of federal law.  *See* Liquidators' Omnibus Brief, at § VI.B.  The law of Panama (or any other country) does not govern the legal effect of the Subscription Agreements in U.S. courts, and the HSBC Service Defendants cite to no case to support the view that such foreign laws can change the law of service in this Court.  *See id.*  Thus, the Liquidators' service on the

---

[12] The "HSBC Service Defendants" refers to HSBC Private Bank (Suisse) S.A., HSBC Trust Company AG, and HSBC Latin America Holdings (UK) Limited, which are the HSBC Defendants contesting service.

[13] As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant.  *See* Liquidators' Omnibus Brief, at § VI.B.

HSBC Service Defendants by International Registered Mail to the address on file with the Funds[14] was effective.[15]

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the HSBC Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
April 6, 2017

BROWN RUDNICK LLP

By:    */s/ David J. Molton*
        David J. Molton
        May Orenstein
        Daniel J. Saval
        Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

---

[14] The HSBC Service Defendants' argument that serving HSBC Guyerzeller "care of" another entity is improper, is unavailing as the Liquidators complied with the provisions of the Subscription Agreements.

[15] The HSBC Defendants' argument that "HSBC" is a non-existent entity is similarly unavailing. Notably, the HSBC Defendants do not argue that no HSBC entity received the Redemption Payments at issue in those actions. The allegations in the Proposed Amended Complaints are based, in part, on the records of the Funds. The Liquidators reserve their right to revise the caption and their complaints in the event discovery reveals information contrary to that in the Funds' records. *See* Fed. R. Civ. P. 15(c); *Datskow v. Teledyne, Inc.*, 899 F.2d. 1298 (2d Cir. 1990); *Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob. Crossing Ltd.)*, 385 B.R. 52, 66-69 (Bankr. S.D.N.Y. 2008) (amendments can be made for mistakes concerning the identity of the proper party, also known as a "misnomer or misidentification" of an existing party); *In re Randall's Island Family Golf Centers*, No. 02-2278, 2002 WL 31496229, at * 3 (Bankr. S.D.N.Y. Nov. 8, 2002).

## EXHIBIT A

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Secs. Servs. (Lux.) S.A., et al. | Bankr. 10-3630 | HSBC Securities Services (Luxembourg) S.A. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) S.A., et al. | Bankr. 10-3633 | HSBC Private Bank (Suisse) S.A. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Mkts. Co., et al. | Bankr. 10-3634 | HSBC Bank USA, N.A. |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3635 | HSBC |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3636 | HSBC |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Trust Company AG (f/k/a HSBC Guyerzeller, et al.) | Bankr. 11-1594 | HSBC Trust Company AG (f/k/a FS/HSBC Guyerzeller Zurich) |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Secs. (Panama) SA, et al. | Bankr. 12-1270 | HSBC Latin America Holdings (UK) Limited (successor-in-interest to HSBC Securities (Panama) S.A.) |