**BROWN RUDNICK LLP**
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** ) | |
| ) | **Chapter 15 Case** |
| **FAIRFIELD SENTRY LIMITED, et al.,** ) | |
| ) | **Case No: 10-13164 (SMB)** |
| Debtors in Foreign Proceedings. ) | |
| ) | **Jointly Administered** |
| ) | |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,** ) | |
| ) | |
| Plaintiffs, ) | **Adv. Pro. No. 10-03496** |
| -against- ) | |
| ) | |
| **THEODOOR GGC AMSTERDAM, et al.,** ) | **Administratively** |
| ) | **Consolidated** |
| Defendants. ) | |
| ) | |
| **This Opposition applies to the adversary proceedings** ) | |
| **listed in Exhibit A hereto.** ) | |
| ) | |

**FOREIGN REPRESENTATIVES' MEMORANDUM OF LAW IN
OPPOSITION TO THE SUPPLEMENTAL MEMORANDUM OF
LAW IN SUPPORT OF THE SWISS CREDIT SUISSE DEFENDANTS'
MOTION TO DISMISS AND IN FURTHER SUPPORT OF FOREIGN
REPRESENTATIVES' MOTION FOR LEAVE TO AMEND COMPLAINTS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

I. Incorporation Of The Liquidators' Omnibus Brief. ........................................................... 2

II. This Court Has Personal Jurisdiction Over The Swiss Credit Suisse Defendants. ............. 3

    A. The Swiss Credit Suisse Defendants Expressly Consented to Jurisdiction. ............ 4

    B. The Court Also May Exercise Jurisdiction Based on the Swiss Credit Suisse Defendants' Contacts. ................................................................................. 5

III. The Swiss Credit Suisse Defendants Were Properly Served. ............................................ 6

IV. Leu Prima Global Fund Has Been Voluntarily Dismissed From This Action. .................. 7

CONCLUSION ............................................................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfred E. Mann Living Tr. v. ETRIC Aviation SA r.l.*,
   910 N.Y.S.2d 418 (N.Y. App. Div. 1st Dep't 2010) ..................................................................6

*Brooklyn Fed. Sav. Bank v. Crosstown W. 28 LLC*,
   29 Misc. 3d 1237(A), 958 N.Y.S.2d 644 (N.Y. Sup. Ct. Kings Cty. 2010) ...............................6

*Fairfield Lease Corp. v. Empire Emps. Sunshine Club*,
   74 Misc. 2d 329, 345 N.Y.S.2d 305 (D. Nassau Cty. Ct. 1973).................................................7

*Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In
   re Motors Liquidation Co.)*,
   No. 09-50026 (MG), 2017 WL 632126 (Bankr. S.D.N.Y. Feb. 16, 2017)................................3

Kenneth M. Krys and Charlotte Caulfield (together, the "<u>Liquidators</u>" or "<u>Foreign Representatives</u>"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("<u>Sentry</u>"), Fairfield Sigma Limited (In Liquidation) ("<u>Sigma</u>"), and Fairfield Lambda Limited (In Liquidation) ("<u>Lambda</u>," and together with Sentry and Sigma, the "Funds") in the consolidated adversary proceedings (the "<u>Redeemer Actions</u>"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the *Supplemental Memorandum of Law in Support of the Swiss Credit Suisse Defendants' Motion to Dismiss* (the "<u>Swiss Credit Suisse Defendants' Joinder and Supplemental MTD</u>") and in further support of the Foreign Representatives' motion for leave to amend the complaints in the Redeemer Actions (the "<u>Motion to Amend</u>").[1] In opposition to the Swiss Credit Suisse Defendants' Joinder and Supplemental MTD and in support of the Motion to Amend, the Liquidators state as follows:

## PRELIMINARY STATEMENT

As detailed in the Liquidators' Omnibus Brief, the Swiss Credit Suisse Defendants[2] consented to this Court's jurisdiction over them in the Subscription Agreement, which broadly covers claims—like these—which are "with respect to" the Subscription Agreement and the Funds. Furthermore, the Swiss Credit Suisse Defendants purposefully availed themselves of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Foreign Representative's Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 (Adv. Pro. 10-03496, Dkt. No. 1336).

[2] The "Swiss Credit Suisse Defendants" refers to Clariden Leu Ltd. and Credit Suisse AG Zurich. As discussed herein Leu Prima Global Fund was voluntarily dismissed from this action by the Liquidators. According to the Proposed Amended Complaints, upon information and belief, the Swiss Credit Suisse Defendants were customers of registered shareholders. *See* Proposed Fourth Amended Complaint (Adv. Pro. 10-3635), ¶ 14 (Clariden Leu Ltd. and Credit Suisse AG Zurich); Proposed Fourth Amended Complaint (Adv. Pro. 10-3636), ¶ 14 (Clariden Leu Ltd. and Credit Suisse AG Zurich).

privilege of doing business in this forum by investing in the Madoff feeder funds and by having a U.S. correspondent bank designated to effectuate investments and Sentry redemptions.

Additionally, the argument by the Swiss Credit Suisse Defendants that service was improper is meritless. The Swiss Credit Suisse Defendants consented to service of process by mail in the Subscription Agreements, and the Liquidators served the Swiss Credit Suisse Defendants in compliance with that provision. Thus, service was effective for purposes of federal law.

## ARGUMENT

### I.    Incorporation Of The Liquidators' Omnibus Brief.

The Swiss Credit Suisse Defendants join in: (1) the Consolidated Motion to Dismiss Brief (Adv. Pro. 10-03496, Docket Number 960) (the "Consolidated MTD Brief"); (2) the Sumitomo Trust & Banking Co., Ltd.'s Individual Supplemental Memorandum of Law (Adv. Pro. 10-3863) (the "Preemption Brief"); and (3) the Motion to Dismiss on the Ground of *Forum Non Conveniens* (Adv. Pro. 10-03496, Dkt. No. 1107) (the "*FNC* Brief"). In opposition to the Swiss Credit Suisse Defendants' Joinder and Supplemental MTD, the Liquidators adopt and incorporate herein: (1) the Opposition to the Consolidated Opposition to Plaintiffs' Motion for Leave to Amend and Motion to Dismiss (the "Liquidators' Omnibus Brief"), filed in Adversary Proceeding No. 10-03496, on March 31, 2017 [Dkt. No. 1336]; (2) the Liquidators' Opposition to the Preemption Brief (Adv. Pro. 10-3863, Dkt. No. 42); and (3) the Liquidators' Opposition to Certain Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens* (Adv. Pro. 10-03496, Dkt. Nos. 1406, 1407, 1408).

In their Preliminary Statement, the Swiss Credit Suisse Defendants reiterate the bases for dismissal in the Consolidated MTD Brief. *See* Swiss Credit Suisse Defendants' Joinder and

2

Supplement MTD, at 1-2. As detailed in the Liquidators' Omnibus Brief, dismissal is not warranted and leave to amend should be granted because:

- The Court has subject matter jurisdiction over these actions. *See* Liquidators' Omnibus Brief, § II.

- The Court has personal jurisdiction over the Swiss Credit Suisse Defendants. *See id.* § I.

- Section 546(e) does not apply extraterritorially. *See id.* § V.

- The Privy Council decision does not bar the Liquidators' claims. *Id.* §§ IV.A.

- The Liquidators' allegations regarding Citco's bad faith are properly pled. *Id.* §§ IV.B, IV.D.

- The Liquidators have sufficiently alleged injury-in-fact. *Id.* § IV.E.

- The Liquidators' BVI Insolvency Act claims are adequately pled. *Id.* § III.

## II. This Court Has Personal Jurisdiction Over The Swiss Credit Suisse Defendants.

The Swiss Credit Suisse Defendants argue that the Court lacks jurisdiction over them for the reasons set forth in the Consolidated MTD Brief. For the reasons detailed in the Liquidators' Omnibus Brief, this Court has personal jurisdiction over the Swiss Credit Suisse Defendants. *See* Liquidators' Omnibus Brief, at § I.

As detailed in the Liquidators' Omnibus Brief, at the pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction over the defendant." *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, No. 09-50026 (MG), 2017 WL 632126, at *7 (Bankr. S.D.N.Y. Feb. 16, 2017) (Glenn, J.). While the Court may consider materials outside the pleadings, it must credit the plaintiffs' jurisdictional allegations, construe all pleadings and affidavits in the light most favorable to the plaintiffs and resolve all doubts in its favor. *See* Liquidators' Omnibus Brief, at § I.

3

### A. The Swiss Credit Suisse Defendants Expressly Consented to Jurisdiction.

The Swiss Credit Suisse Defendants have consented to this Court's jurisdiction by agreeing in the Subscription Agreement to litigate in this Court. Ample precedent confirms that a valid and applicable forum selection clause conclusively affords the court personal jurisdiction over defendants bound by it. *See* Liquidators' Omnibus Brief, at § I.A. (collecting cases). The Proposed Amended Complaints against the Swiss Credit Suisse Defendants reflect that the Subscription Agreement contained the Forum Clause. *See id.* As detailed in the Liquidators' Omnibus Brief, the Subscription Agreement applies to this action. *See id.* Accordingly, the Court has jurisdiction over the Swiss Credit Suisse Defendants.

The Swiss Credit Suisse Defendants argue that the Forum Clause does not apply because: (1) the Privy Council has already held that the claims "arise out of the Funds' Articles of Association;" (2) and the Forum Clause does not apply by its terms. As detailed in the Liquidators' Omnibus Brief, these arguments fail. *See* Liquidators' Omnibus Brief, § I.A.1.

The argument that the Forum Clause does not bind the Swiss Credit Suisse Defendants since they did not sign the Subscription Agreement is similarly unavailing. The Proposed Amended Complaints allege that the Subscription Agreements are binding on the registered shareholders and the beneficial shareholders for whom the former placed investments. *See id.* § I.A. The Proposed Amended Complaints against each of the Swiss Credit Suisse Defendants allege that the Swiss Credit Suisse Defendants are beneficial shareholders that are bound by the Subscription Agreements pursuant to the terms thereof. *See* Proposed Fourth Amended Complaint (Adv. Pro. 10-3635), ¶¶ 14, 21-23 (Clariden Leu Ltd., Credit Suisse AG Zurich); Proposed Fourth Amended Complaint (Adv. Pro. 10-3636), ¶¶ 14, 21-23 (Clariden Leu Ltd.,

4

Credit Suisse AG Zurich); Proposed Third Amended Complaint (Adv. Pro. 10-4088), ¶¶ 14, 21-23 (Leu Prima Global Fund).

Accordingly, the Swiss Credit Suisse Defendants consented to the jurisdiction of the Court.

### B. The Court Also May Exercise Jurisdiction Based on the Swiss Credit Suisse Defendants' Contacts.

Beyond the Forum Clause, the allegations in the Proposed Amended Complaints are sufficient to confer jurisdiction over the Swiss Credit Suisse Defendants based on their contacts with the forum. The facts alleged show: (i) the Swiss Credit Suisse Defendants have "the requisite minimum contacts with the United States at large," (ii) the Liquidators' claims "arise out of or relate to" those contacts, and (iii) the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice." *See* Liquidators' Omnibus Brief, at § I.B.

Specifically, with respect to minimum contacts, the allegations that the Swiss Credit Suisse Defendants decided to invest in the Funds "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS" is enough to establish that the Swiss Credit Suisse Defendants have minimum contacts necessary to support specific jurisdiction. *See id.* Moreover, the Swiss Credit Suisse Defendants' purposeful use of U.S. correspondent banks to effectuate the Sentry investments and redemption payments at issue here, similarly provides enough minimum contacts to support jurisdiction. *Id.*

Additionally, the Liquidators' claims arise out of or relate to the Swiss Credit Suisse Defendants' contacts (*id.* § I.B.2), and the exercise of jurisdiction over the Swiss Credit Suisse Defendants would not be unreasonable (*id.* § I.B.3). Accordingly, the Court has jurisdiction over the Swiss Credit Suisse Defendants and their Joinder and Supplemental MTD should be denied.

5

**III.     The Swiss Credit Suisse Defendants Were Properly Served.**

The Swiss Credit Suisse Defendants argue that service was improper on them, Swiss entities, for the reasons set forth in the Consolidated MTD Brief. For the reasons detailed in the Liquidators' Omnibus Brief, service on the Swiss Credit Suisse Defendants was proper. *See* Liquidators' Omnibus Brief, at § VI.

As detailed in the Liquidators' Omnibus Brief, the Swiss Credit Suisse Defendants expressly consented to service by mail in the Forum Clause of the Subscription Agreement. *See* Liquidators' Omnibus Brief, at § VI.A.1. Many cases hold that, in contracts like these, parties may consent to forms of service not authorized in the rules, or even waive service entirely. *See id.*[3] The Forum Clause applies to this dispute and binds registered shareholders and their beneficial shareholders. *See* Liquidators' Omnibus Brief, at §§ I.A.1, VI.B.

The Liquidators fully complied with the Forum Clause by serving the Swiss Credit Suisse Defendants by mail. The Subscription Agreement provided the specific form of mail service used by the Liquidators: "Subscriber consents to the service of process out of any New York court in any such Proceeding, *by the mailing of copies thereof, by certified or registered mail, return receipt requested,* addressed to the Subscriber at the address of Subscriber then appearing on the Fund's records." *See* Liquidators' Omnibus Brief, at § VI.A.1 (emphasis added). Even if Swiss law prohibits mail service, as the Swiss Credit Suisse Defendants argue (*see* Swiss Credit Suisse Defendants' Joinder and Supplemental MTD, at 8-9), service by mail remains effective for purposes of federal law. *See* Liquidators' Omnibus Brief, at § VI.B. Swiss law does not

---

[3]     Even under New York law, which the Swiss Credit Suisse Defendants argue initially applied to service on Credit Suisse AG Zurich and Clariden Leu Ltd., service made in compliance with a contractually specified method is effective. *See Alfred E. Mann Living Tr. v. ETRIC Aviation SA r.l.*, 910 N.Y.S.2d 418, 421-22 (N.Y. App. Div. 1st Dep't 2010); *Brooklyn Fed. Sav. Bank v. Crosstown W. 28 LLC*, 29 Misc. 3d 1237(A), 958 N.Y.S.2d 644 (Table)

6

govern the legal effect of the Subscription Agreements in U.S. courts and the Swiss Credit Suisse Defendants cite to no case to support the view that Swiss law can change the law of service in this Court. *See id.* Thus, the Liquidators' service on the Swiss Credit Suisse Defendants by International Registered Mail was effective.[4] Contrary to the Swiss Credit Suisse Defendants' argument, the Liquidators served Leu Prima Global Fund via International Registered Mail. *See* Adv. Pro. 10-04088, Dkt. No. 12 (Affidavit of Service of Amended Summons and Second Amended Complaint on Leu Prima Global Fund, and others); *compare* Swiss Credit Suisse Defendants' Joinder and Supplemental MTD, at 9 ("As for Leu Prima Global the Liquidators do not even allege that they attempted to serve it at all.").[5]

### IV. Leu Prima Global Fund Has Been Voluntarily Dismissed From This Action.

Pursuant to the Notice of Dismissal filed on May 17, 2017, the Liquidators have voluntarily dismissed the claims in *Fairfield Sentry Limited (In Liquidation) et al. v. Credit Suisse (Luxembourg) SA, et al.*, Adv. Pro. No. 10-04088, against the defendant Leu Prima Global Fund, and only those claims, with prejudice and without costs. (*See* Adv. Pro. No. 10-04088, Dkt. No. 68.) The Notice of Dismissal does not affect or dismiss any claims made against any other defendant other than Leu Prima Global Fund. *Id.*

---

(N.Y. Sup. Ct. Kings Cty. 2010); *Fairfield Lease Corp. v. Empire Emps. Sunshine Club*, 74 Misc. 2d 329, 345 N.Y.S.2d 305 (D. Nassau Cty. Ct. 1973); *see also* Liquidators' Omnibus Brief, at § VI.A.1.

[4]   *See* Swiss Credit Suisse Defendants' Joinder and Supplemental MTD, at 7, n.27 (Affidavits of Service and acknowledgment by the Swiss Credit Suisse Defendants that they were served by International Registered Mail).

[5]   As discussed further in the Liquidators' Omnibus Brief, in the event this Court determines that service on any Defendant was ineffective, the Liquidators should be provided with the opportunity to re-serve such parties via whatever means are ruled effective as to such Defendant. *See* Liquidators' Omnibus Brief, at § VI.B.

## CONCLUSION

For the foregoing reasons, the Liquidators respectfully request that the Swiss Credit Suisse Defendants' Joinder and Supplemental MTD be denied and the Liquidators' Motion to Amend be granted.

Dated: New York, New York
May 18, 2017

BROWN RUDNICK LLP

By: */s/ David J. Molton*
David J. Molton
May Orenstein
Daniel J. Saval
Marek P. Krzyzowski

7 Times Square
New York, New York 10036
Telephone: 212.209.4800
Facsimile: 212.209.4801
dmolton@brownrudnick.com
dsaval@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

## **EXHIBIT A**

| Name | Adv. Pro. No | Defendant(s) Name |
|---|---|---|
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3635 | Clariden Leu Ltd. <br> Credit Suisse AG Zurich |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al. | Bankr. 10-3636 | Clariden Leu Ltd. <br> Credit Suisse AG Zurich |
| Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Lux.) S.A., et al. | Bankr. 10-4088 | Leu Prima Global Fund |

62726077