**DLA PIPER LLP (US)**
Christopher P. Hall
Rachel Ehrlich Albanese
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
Fax: (212) 335-4501
Kip.Hall@dlapiper.com
Rachel.Albanese@dlapiper.com

*Attorneys for Defendant Banca Arner S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Fairfield Sentry Limited, et al., | Case No. 10-13164 (BRL) |
| Debtors in Foreign Proceedings. | (Jointly Administered) |
| Fairfield Sentry Limited (In Liquidation) et al., | Adv. Pro. No. 10-03496 (BRL) |
| Plaintiffs, | |
| -against- | |
| Theodoor GGC Amsterdam, et al., | |
| Defendants. | |
| Fairfield Sentry Limited (In Liquidation) et al., | Adv. Pro. No. 10-03635 (BRL) |
| Plaintiffs, | |
| -against- | (Administratively Consolidated) |
| ABN AMRO Schweiz AG, et al. | |
| Defendants. | |

| | |
|---|---|
| Fairfield Sentry Limited (In Liquidation) et al., | Adv. Pro. No. 10-03636 (BRL) |
| Plaintiffs, | |
| -against- | (Administratively Consolidated) |
| ABN AMRO Schweiz AG, et al. | |
| Defendants. | |

### JOINDER OF BANCA ARNER S.A. IN THE CONSOLIDATED REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendant Banca Arner S.A. ("Banca Arner"), by and through its undersigned attorneys, hereby joins in all portions of the *Consolidated Reply Memorandum of Law in Further Opposition to Plaintiffs' Motion for Leave to Amend and in Further Support of Defendants' Motion to Dismiss* (the "Consolidated Reply Brief" or "Con. R. Br.").[1] In addition, Banca Arner also joins in all portions of the Individual Supplemental Brief (Concerning Preemption and Service) filed by Defendant Sumitomo Trust & Banking Co., Ltd in Adversary Proceeding No. 10-03863 on January 26, 2017 [ECF No. 36] (the "Preemption Brief").

Banca Arner asserts the following supplemental defenses and arguments.

### I.    The Court Lacks Personal Jurisdiction over Banca Arner

Nothing in Plaintiffs' Opposition changes the fact that Banca Arner has not consented to personal jurisdiction. As discussed in the Consolidated Reply Brief, the Liquidators' factual allegations are insufficient to establish personal jurisdiction over Foreign Defendants, including Banca Arner. *See* Con. R. Br. at 8-17. *First*, Banca Arner's alleged contacts with the United States—supposedly knowing that the Funds would invest money in New York-based BLMIS—is

---

[1] Capitalized terms not defined herein have the meaning ascribed in the *Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss* ("Consolidated Brief"), Adv. No. 10-03496 (SMB) (Bankr. S.D.N.Y. Jan. 13, 2017), ECF No. 960.

not direct and purposeful, rendering the Liquidators' personal jurisdiction argument insufficient as a matter of law. *See id.* at 12-14. In addition, the Liquidators' allegations that the Redemption Payments were received at designated United States-based bank accounts is plainly contradicted by the Exhibits to the Complaints, which list no U.S. bank accounts to which the alleged Redemption Payments were made. *See* 10-3635 Action, Proposed Fourth Amended Complaint, Exs. A, B; 10-3636 Action, Proposed Fourth Amended Complaint, Exs. A, B, C.

*Second*, the Liquidators have failed to demonstrate any causal relationship between their claims and Banca Arner's alleged contacts, as none of their claims arise out of those alleged contacts. *See* Con. R. Br. at 14-16. *Third*, the exercise of personal jurisdiction in this case would be unreasonable because Banca Arner's "alleged contacts with this forum arose from acts performed on *foreign* soil pursuant to their *foreign* contracts with the *foreign* Funds." *Id.* at 16. Accordingly, the Liquidators' allegations are wholly inadequate to establish personal jurisdiction over Banca Arner.

## II.    Plaintiffs Have Not Properly Served Banca Arner Pursuant to Swiss Law and the Hague Convention.

Banca Arner is and was at all relevant times a citizen of Switzerland. Here, the Liquidators improperly attempted to serve Banca Arner by international registered mail. *See* Declaration of Francesco Fierli, dated January 25, 2017 ("Fierli Decl."), ¶¶ 3, 4. Service by international registered mail is expressly prohibited under Swiss law and the Hague Convention, and this Court should not sanction the Liquidators' illegal act of attempting service by mail. *See* Con. R. Br. at 48. In other words, the Subscription Agreement and Forum Clause should be construed to avoid illegality.

Additionally, as discussed in the Consolidated Reply Brief, the Liquidators should not have the opportunity to cure the service of process deficiency because they have been on notice

of the defect for over six years.  Allowing the Liquidators another attempt to effectuate proper service at this late juncture would be manifestly unjust and prejudicial.  *See id.* at 50.  Any attempt by the Liquidators to argue that the Swiss Moving Defendants have waived service through the Forum Selection Clause should be dismissed because that position ignores the critical distinction between waiving service and consenting to service by specified means.  *See id.* at 48, n. 71.  In light of the above, the Liquidators' method of service was improper.

## CONCLUSION

For the reasons set forth above, as well as in the Consolidated Brief, Banca Arner's joinder thereto [ECF No. 198], the Consolidated Reply Brief and the Preemption Brief, this Court should deny the Liquidators' Motion for Leave to Amend and dismiss the Complaint with prejudice.

Dated: New York, New York
        June 8, 2017

DLA PIPER LLP (US)

*/s/* Rachel Ehrlich Albanese
Christopher P. Hall
Rachel Ehrlich Albanese
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
Fax: (212) 335-4501
Kip.Hall@dlapiper.com
Rachel.Albanese@dlapiper.com

*Attorneys for Defendant Banco Arner S.A.*