UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, *et al.*,<br><br>    *Debtors in Foreign Proceedings.* | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>(Jointly Administered) |
| FAIRFIELD SENTRY LTD., *et al.* (IN LIQUIDATION), acting by and through the Foreign Representatives thereof,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>THEODOOR GGC AMSTERDAM, *et al.*,<br><br>    *Defendants*. | Adv. Pro. No. 10-03496 (SMB)<br><br>(Administratively Consolidated) |
| FAIRFIELD SENTRY LTD. (In Liquidation), *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ABN AMRO SCHWEIZ AG, *et al.*,<br><br>    *Defendants*. | Adv. Pro. No. 10-03635 (SMB) |
| FAIRFIELD SENTRY LTD. (In Liquidation), *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ABN AMRO SCHWEIZ AG, *et al.*,<br><br>    *Defendants*. | Adv. Pro. No. 10-03636 (SMB) |

**REPLY MEMORANDUM OF LAW BY ALLIANZ BANK FINANCIAL ADVISORS SpA IN FURTHER SUPPORT OF ITS JOINDER & INDIVIDUAL SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND & IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Subject to and without waiving any jurisdictional, service-related or other defenses, Allianz Bank Financial Advisors SpA ("Allianz Bank") submits this Reply Memorandum of Law in Further Support of Its Joinder & Individual Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend & in Support of Defendants' Motion to Dismiss. The Third Amended Complaint is deficient, and the proposed Fourth Amended Complaint is identical in all material respects. Accordingly, Allianz Bank reiterates its request that the Court grant Defendants' motion, dismiss the complaint, and deny leave to re-plead or re-serve.

## ARGUMENT

### I. THE LIQUIDATORS FAILED PROPERLY TO SERVE ALLIANZ BANK

#### A. "Otherwise Applicable Law" Does Not Authorize the Liquidators' "Service" of Allianz Bank

Allianz Bank has already established that the Liquidators' purported mail service did not comply with Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), both because (i) Federal Rule of Civil Procedure 4 ("Rule 4") does not allow it; and (ii) Allianz Bank did not consent to it. *See* J. & Indiv. Suppl. Mem. Opp'n Pls.' Mot. Leave Amend & Supp. Defs.' Mot. Dismiss ("Individual Memorandum") at 2-4 & n.3 [Adv. Pro. 10-3635, ECF No. 205; Adv. Pro. 10-3636, ECF No. 228]. The Liquidators cannot undermine that showing. As the Supreme Court recently confirmed in *Water Splash*, *Inc. v. Menon*, No. 16-254, 2017 WL 2216933 (May 22, 2017), Article 10(a) does not "affirmatively *authorize*[]" mail service." *See Water Splash*, 2017 WL 2216933, at *8. It merely *permits* such service, if "two conditions are met: first, the receiving state has not objected [to Article 10(a)] . . . and second, service by mail is authorized under otherwise-applicable law." *Id*. (emphasis added). That is precisely what Allianz Bank explained in its Individual Memorandum. *See* Indiv. Mem. at 3-4.

1

In federal bankruptcy court, Rule 4 is the "otherwise-applicable law" that governs service. *See* Fed. R. Bankr. P. 7004; *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004); *In re Coudert Bros. LLP*, No. 16-cv-8237 KMK, 2017 WL 1944162, at **7-8 (S.D.N.Y. May 10, 2017). And no provision of it authorizes what the Liquidators did here. To begin with, the Liquidators purport to have served Allianz Bank ***directly***, in violation of Italian law (which requires service through an Italian judicial officer), and therefore Rule 4(f)(2)(A). *See* Indiv. Mem. at 3-4. The Liquidators similarly fell short of Rule 4(f)(2)(C)(ii), because they did not proceed through "the clerk" of any U.S. court. *See id.*; *see also In re Coudert Bros.*, 2017 WL 1944162, at *12. Nor did they satisfy Rules 4(f)(3) or 4(f)(1), as they never obtained the Court's permission or complied with any method that the Hague Convention ***does*** affirmatively authorize (such as service through Italy's Central Authority). *See* Indiv. Mem. at 3-4. In every way, then, the purported mail service is insufficient.[1]

### B. Allianz Bank Did Not Consent to Direct Mail Service

It is true that litigants may consent to service by other means. *See* Foreign Reps.' Mem. Opp'n Allianz Bank's Indiv. Mem. Opp'n Pls.' Mot. Leave Amend & Supp. Defs.' Mot. Dismiss ("Liqs.' Indiv. Opp'n"), at 3 [Adv. Pro. 10-3635, ECF No. 288; Adv. Pro. 10-3636, ECF No. 317]. They may also waive service entirely. *See id.* But neither happened here. The forum selection clause in the subscription agreements ("Forum Clause") is the sole basis for Allianz Bank's purported consent to mail service. *See, e.g., id.* Yet the Liquidators never allege that "Allianzbank SPA/Unifortune Conservative Side Pocket" ("Non-Existent Defendant") signed a subscription agreement. They allege that the ***Citco Subscriber*** ("Citco") did. For three primary reasons, Citco's

---

[1] Although the Liquidators initially filed their complaints in New York state court, they do not identify any New York authority that empowers them to serve as they purport to have done here. They simply argue that ***if*** they complied with the Hague Convention, then they also complied with New York law. *See, e.g.*, Liqs.' Indiv. Opp'n at 3-4; Liqs.' Omnibus Opp'n at 73 & n.98. In fact, they did neither.

consent cannot "plausibl[y]" be imputed to the Non-Existent Defendant. *See*, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*First*, the Liquidators never allege that the Non-Existent Defendant empowered Citco to consent to any form of service on its behalf. They only plead that: (i) the Non-Existent Defendant "may have" authorized Citco to "subscribe[] for shares"; and (ii) Citco exercised that authority by signing a subscription agreement. *See* Prop. Am. Compl., ¶¶ 14, 33 [Adv. Pro. No. 10-3635, ECF No. 139-1]; Prop. Am. Compl., ¶¶ 14, 34 [Adv. Pro. 10-3636, ECF No. 152-1]; Third Am. Compl., ¶¶ 14, 33 [Adv. Pro. 10-3635, ECF No. 121]; Third Am. Compl., ¶¶ 14, 34 [Adv. Pro. 10-3636, ECF No. 122]. No version of the complaint alleges that Citco showed the subscription agreement to the Non-Existent Defendant, or otherwise informed it of the Forum Clause, before signing. Nor do the Liquidators plead the existence of any agreement between the Non-Existent Defendant and Citco that might have included a service waiver or consent. The law demands more. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (requiring that forum clause be "communicated to" the party it supposedly binds); *see also Ashcroft*, 556 U.S. at 678-79 (requiring plaintiffs to plead "factual content that allows the court to draw the reasonable inference[s]" sought); Reply Mem. Further Opp'n Pls.' Mot. Leave Amend & Further Supp. Defs.' Mot. Dismiss ("Defendants' Consolidated Reply"), at 9-12 & 46 [Adv. Pro. 10-3635, ECF No. 305; Adv. Pro. 10-3636, ECF No. 335].[2]

*Second*, Citco is wholly separate from, and unaffiliated with, Allianz Bank. The Liquidators do not contend otherwise. For example, they never allege that Citco is the alter ego of the Non-Existent Defendant; that the two are "intimately connected"; or that their operations

---

[2] Paragraph 27 of the subscription agreement is inapposite. *Contra* Liqs.' Omnibus Opp'n at 5-6 & n.5. It matters not whether Citco represented that it was authorized to consent to mail service on behalf of the Non-Existent Defendant. What matters is whether the Non-Existent Defendant at least foresaw that Citco would do so. The Liquidators do not allege that it did.

3

are inextricably "intertwined." *Cf.*, *e.g.*, *LaRoss P'ners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 161 (E.D.N.Y. 2012); *In re Refco Inc.*, *Sec. Litig.*, No. 07-MDL 1902 JSR, 2009 WL 5548666, at *11 (S.D.N.Y. Nov. 16, 2009). There is thus no reason why the Non-Existent Defendant should have "foresee[n]" that the Forum Clause would bind it. *See LaRoss*, 874 F. Supp. 2d at 161.

*Finally*, the Liquidators do not allege that the Non-Existent Defendant received any benefit that "flow[s] directly from" the subscription agreement. *See LaRoss*, 874 F. Supp. 2d at 156 (finding that forum selection clause may bind non-signatory that received contract's "direct" benefits). At best, they allege "upon information and belief" that Citco received redemption payments and then sent "all or some portion" of them "to or for the account of" the Non-Existent Defendant. *See*, *e.g.*, Third Am. Compl., ¶ 14 [Adv. Pro. 10-3635, ECF No. 121; Adv. Pro. 10-3636, ECF No. 122]; Prop. Am. Compl., ¶ 14 [Adv. Pro. 10-3635, ECF No. 139-1; Adv. Pro. 10-3636, ECF No. 152-1].[3] But a redemption payment is not a benefit that "flows directly from" the subscription agreement where, as here, the subscription agreement does not govern redemption payments. *See*, *e.g.*, Defs.' Consol. Reply at 9-12 & 46 (explaining that redemption payments are governed by the funds' Articles). Estoppel is therefore irrelevant.

Simply stated, the Liquidators do not adequately plead that the Non-Existent Defendant agreed to mail service. On this basis, too, the Court should dismiss the complaint.

## II. ALLIANZ BANK CONTINUES TO RESERVE ALL RIGHTS CONCERNING THE LIQUIDATORS' FAILURE TO NAME IT AS A DEFENDANT

Despite the passage of roughly six years, the Liquidators have only now signaled that they intend to "revise the caption and . . . complaint" to remove the Non-Existent Defendant and add a

---

[3] The Liquidators' suggestion that the Court should essentially draw an adverse inference because Allianz Bank has not "argue[d] that it did not receive the Redemption Payments," *see* Liqs.' Indiv. Opp'n at 1, is inappropriate in light of paragraph 14 of the complaints and the standards that apply on a motion to dismiss (as well as the Liquidators' persistent failure to identify their intended defendant).

4

real one. *See* Liqs.' Indiv. Opp'n at 3. They cannot do that without leave of Court. *See* Fed. R. Civ. P. 15(a). Allianz Bank reserves, as appropriate, all rights to oppose any such request, and to assert any defenses and/or arguments relating to the Liquidators' failure properly to: (i) name or identify Allianz Bank as a defendant; (ii) identify or describe Allianz Bank (or its purported role in alleged events); and/or (iii) serve Allianz Bank. *See* Indiv. Mem. at 1-2.

## CONCLUSION

For these reasons and the ones discussed in the following submissions (in which Allianz Bank joins, and each of which it incorporates here by reference as if fully restated), Allianz Bank respectfully submits that the Court should grant Defendants' motion, dismiss the complaint, and deny leave to amend or re-serve: (i) the Individual Memorandum; (ii) the Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss [Adv. Pro. 10-3635, ECF No. 171; Adv. Pro. 10-3636, ECF No. 190]; (iii) Defendants' Consolidated Reply Memorandum; (iv) all supporting exhibits and/or appendices; and (v) all authorities cited in any of the foregoing.

Dated: June 9, 2017

Respectfully submitted,

s/ Kimberly Perrotta Cole
Jonathan D. Cogan
Kimberly Perrotta Cole
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
Tel: +1 202 664 1900
Fax: +1 202 664 1920
jonathan.cogan@kobrekim.com
kimberly.cole@kobrekim.com

*Counsel for Allianz Bank Financial Advisors S.p.A.*