WILMER CUTLER PICKERING
 HALE AND DORR LLP
250 Greenwich Street
7 World Trade Center
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for Finter Bank Zurich, IHAG Handelsbank AG,
BSI AG, BSI Ex Banca Del Gottardo, Corner Banca SA,
PKB Privatbank AG, Rahn & Bodmer Banquiers*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, *et al.*,<br><br>Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB) |
| FAIRFIELD SENTRY LIMITED, *et al.* (IN LIQUIDATION), acting by and through the Foreign Representatives thereof,<br><br>Plaintiffs,<br><br>v.<br><br>THEODOOR GGC AMSTERDAM, *et al.*,<br><br>Defendants, | Adv. Pro. No. 10-03496 (SMB)<br><br>Administratively Consolidated |
| This document relates to Adv. Pro. Nos.:<br><br>10-03635, 10-03636, 11-01581 | |

**FIBCPR SWISS DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW
<u>IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

Defendants Finter Bank Zurich, IHAG Handelsbank AG, BSI AG, BSI Ex Banca Del

Gottardo, Corner Banca SA, PKB Privatbank AG, and Rahn & Bodmer Banquiers n/k/a

Rahn+Bodmer Co. ("Rahn+Bodmer," and collectively, the "FIBCPR Swiss Defendants")[1] submit this Supplemental Reply Memorandum of Law ("Supplemental Reply") in response to the *Foreign Representatives' Memorandum of Law in Opposition to FIBCPR Swiss Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints* [Adv. Pro. No. 10-03635, ECF No. 286, Adv. Pro. No. 10-03636, ECF No. 315; Adv. Pro. No. 11-01581, ECF No. 32] (the "Supplemental Opposition").[2]

## ARGUMENT

1.  **Overview**. The Defendants' Motion to Dismiss asks this Court to put an end to the Liquidators' novel and aggressive attempts to upend cross-border insolvency practice. The Liquidators' opposition makes clear that they are trying to end-run limitations on their claims in the BVI—the home jurisdiction of the Funds—and to avoid the consequences of adverse rulings by courts in that jurisdiction. Their opposition also tries to cherry-pick the parts of U.S. law that the Liquidators think will allow them to claw back redemption payments properly made to the Funds' investors, and at the same time to avoid the parts of U.S. law that clearly prevent their claims. At the most basic level, the Liquidators' efforts to use the U.S. courts for improper purposes must be stopped, for the reasons set forth in the Defendants' Consolidated Reply. The Liquidators' claims

---

[1] The FIBCPR Swiss Defendants reserve all rights to the extent they have been improperly named or identified in these adversary proceedings. The FIBCPR Swiss Defendants do not, by filing and joining the Motion to Dismiss and the Dismissal Briefs, or otherwise, submit to or consent to the jurisdiction of any court or admit any fact or waive any right, objection, or defense

[2] This Supplemental Reply is also submitted in response to the *Foreign Representatives' Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints* [Adv. Pro. No. 10-03635, ECF No. 269, Adv. Pro. No. 10-03636, ECF No. 297; Adv. Pro. No. 11-01581, ECF No. 39] (the "Consolidated Opposition") and in furtherance of the *Defendants' Motion to Dismiss* [Adv. Pro. No. 10-03635, ECF No. 170, Adv. Pro. No. 10-03636, ECF No. 189; Adv. Pro. No. 11-01581, ECF No. 17] (the "Motion to Dismiss"), the *Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss* [Adv. Pro. No. 10-03635, ECF No. 171; Adv. Pro. No. 10-03636, ECF No. 190; Adv. Pro. No. 11-01581, ECF No. 18] (the "Consolidated Brief"), *FIBCPR Swiss Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss* [Adv. Pro. No. 10-03635, ECF No. 220, Adv. Pro. No. 10-03636, ECF No. 247; Adv. Pro. No. 11-01581, ECF No. 26] (the "Supplemental Brief"), and the *Consolidated Reply Memorandum of Law in Further Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss* [Adv. Pro. No. 10-03635, ECF No. 305, Adv. Pro. No. 10-03636, ECF No. 335; Adv. Pro. No. 11-01581, ECF No. 33] (the "Consolidated Reply"). Capitalized terms used but not defined herein shall have the meanings given to them in the Consolidated Brief, the Supplemental Brief, or the Consolidated Reply, as applicable.

that have failed in the BVI should also be dismissed with prejudice with respect to the specific FIBCPR Swiss Defendants because:

(a) the Liquidators cannot establish subject matter jurisdiction over these actions, or personal jurisdiction over the FIBCPR Swiss Defendants, because U.S. courts are not available as an open forum for any and all clawback actions asserted by a foreign representative of a non-U.S. debtor; and

(b) even if jurisdiction existed in the U.S., with that jurisdiction would come the applicability of certain U.S. defenses to the Liquidators' clawback claims, including section 546(e) of the Bankruptcy Code, which unequivocally and completely bars those clawback claims.

2. **There is no jurisdiction here**. The Liquidators ask this Court to expand the scope of chapter 15 beyond permissible boundaries to allow them to pursue their claims in the U.S. As described in the Consolidated Reply, a chapter 15 case is intended to be a "spoke" that lends assistance to the "hub" of a foreign main insolvency proceeding. Consol. Reply at 2-3. As such, a chapter 15 case is properly used only to assist in recovering assets located in the U.S. or to seek relief that can only be obtained through a U.S. court as an auxiliary to the foreign court presiding over the main insolvency proceeding, for example, where a defendant is subject to personal jurisdiction only in the U.S. *Id.* The Liquidators' proposed use of chapter 15 is antithetical to the purpose of the statute—chapter 15 is not meant to make the U.S. a venue for liquidators of foreign funds to assert foreign-law claims against foreign defendants to recover redemption payments made outside the U.S., particularly where, as described below, those claims otherwise have no connection to the U.S. and those defendants are not subject to personal jurisdiction in this Court.

3. In support of the expansion they implore of chapter 15, the Liquidators urge the Court to adopt a myopic view of the traditional "conceivable effect" test for determining "related-to" jurisdiction under 28 U.S.C. § 1334(b). According to the Liquidators, the jurisdictional inquiry

3

begins and ends with the question of whether any recoveries on their claims will benefit the Funds' foreign estates. Consol. Opp. at 18-19. But the "conceivable effect" test cannot be applied in isolation in chapter 15. While it may be *necessary* that an action have a "conceivable effect" on a foreign estate to support the exercise of U.S. court jurisdiction, that alone is not *sufficient* to create jurisdiction. If it were, every action by a foreign liquidator seeking a monetary recovery would be "related to" a companion U.S. chapter 15 proceeding. Instead, for the Court to have subject matter jurisdiction, an action must also be consistent with chapter 15's broader scheme. Here, because the Liquidators' claims against the FIBCPR Swiss Defendants have no connection to the U.S. other than the Liquidators' ancillary chapter 15 case, these actions are inconsistent with that scheme.

4. The extraordinariness of the Liquidators' efforts to use this Court as a platform for their foreign-law claims is compounded by the fact that the FIBCPR Swiss Defendants lack any meaningful connection with the U.S. relating to investments in and redemptions from the Funds, and therefore the Liquidators have not met their burden of pleading and proving that the FIBCPR Swiss Defendants are subject to personal jurisdiction in this Court. The forum selection clauses do not generally apply to the Liquidators' claims in this action. Consol. Reply at 8-12. Even if they could apply in theory, the Liquidators do not dispute that each of the FIBCPR Swiss Defendants other than Rahn+Bodmer subscribed through a Citco Subscriber, and therefore did not themselves sign a Subscription Agreement with the Funds. Nor do the Liquidators offer any reason why these FIBCPR Defendants should be deemed to have consented to jurisdiction even though they did not themselves sign the Subscription Agreements. For this additional reason, the forum selection clauses cannot be used as a basis for personal jurisdiction over these FIBCPR Swiss Defendants. *Id.* at 11-12.

5. Nor does the supposed use of U.S. accounts give rise to personal jurisdiction. First, as described in the Supplemental Brief, the Liquidators' allegations against the FIBCPR Swiss

4

Defendants concerning U.S. bank accounts are woefully insufficient. Supp. Br. at 3-4. Second, any use of such accounts was incidental to the performance of foreign contracts with Sentry—a foreign Fund—and therefore is not the sort of purposeful contact with the U.S. that courts have found gives rise to jurisdiction.[3] *Id.* at 13-14.

6. **The Liquidators' claims are barred by section 546(e) of the Bankruptcy Code.** Even if the Liquidators were able to proceed with their claims in this Court, their doing so would necessarily implicate the mandatory defenses available to defendants in U.S. actions of this type. Section 546(e) of the Bankruptcy Code must apply to claims like these when asserted in the context of a chapter 15 case, and section 546(e) clearly and unequivocally bars the Liquidators' claims entirely.[4] Indeed, the application of section 546(e) to the Liquidators' claims is consistent with a bedrock principle of chapter 15 jurisprudence: that the ability of foreign representatives to use chapter 15 to affect the rights of their estates' stakeholders must be tempered by the protections available to those stakeholders under U.S. bankruptcy law. *See Jaffe v. Samsung Elecs. Co., Ltd.*, 737 F.3d 14, 17, 24 (4th Cir. 2013). In *Jaffe*, the Fourth Circuit held that a liquidator could not use a chapter 15 case to disavow patent licenses granted by the estate without affording the licensees the protections available under section 365(n) of the Bankruptcy Code. *Id.* at 31. Similarly, if the Liquidators seek to use the benefits of maintaining a chapter 15 case in the U.S. (*i.e.*, their purported ability to sue the Defendants in the U.S.), they must also accept the limits of bringing such suits in the U.S. (*i.e.*, the applicability of section 546(e)).[5]

---

[3] Even to the extent the use of U.S. correspondent bank accounts to receive redemption payments were sufficient to confer jurisdiction over the FIBCPR Swiss Defendants (it is not), the Liquidators concede that such jurisdiction would lie only with respect to claims to recover redemption payments made by Sentry, because redemption payments made by Sigma and Lambda would not have been received by the FIBCPR Swiss Defendants using U.S. correspondent bank accounts. Consol. Opp. at 13.

[4] While the Liquidators do not contest that the elements of section 546(e), including the requirement that the payments be made by or to a "financial institution" are satisfied, the FIBCPR Swiss Defendants highlight that they too are "financial institutions" and/or "financial participants" within the meaning of section 546(e), thus providing an additional, independent basis for the satisfaction of that element.

[5] The FIBCPR Swiss Defendants also join in any other supplemental brief to the extent the statements and arguments therein apply to the FIBCPR Swiss Defendants or otherwise support dismissal of the claims against the FIBCPR Swiss Defendants (the "Joined Supplemental Reply Briefs"). The Consolidated Brief, Consolidated Reply,

5

## CONCLUSION

For the reasons described above and the other reasons set forth in the Dismissal Briefs and noted on Annex I to the Supplemental Brief, the Court should deny the Liquidators' Motion for Leave to Amend and dismiss all claims against the FIBCPR Swiss Defendants with prejudice.

Dated: New York, New York
        June 9, 2017

                Respectfully submitted,

                WILMER CUTLER PICKERING HALE AND DORR LLP

                George W. Shuster, Jr.
                Charles C. Platt
                Andrea J. Robinson
                George W. Shuster, Jr.

                250 Greenwich Street
                7 World Trade Center
                New York, New York 10007
                Telephone: (212) 230-8800
                Facsimile: (212) 230-8888
                andrea.robinson@wilmerhale.com
                charles.platt@wilmerhale.com
                george.shuster@wilmerhale.com

                *Attorneys for Finter Bank Zurich, IHAG Handelsbank AG, BSI AG, BSI Ex Banca Del Gottardo, Corner Banca SA, PKB Privatbank AG, Rahn & Bodmer Banquiers*

---

Supplemental Brief, Supplemental Reply, Joined Supplemental Briefs and Joined Supplemental Reply Briefs are referred to herein as the "Dismissal Briefs."