# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>Debtors in Foreign Proceedings. | ) Chapter 15 Case<br>)<br>) Case No: 10-13164 (SMB)<br>)<br>) Jointly Administered<br>)<br>) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>Defendants. | )<br>)<br>) Adv. Pro. No. 10-03496<br>)<br>)<br>)<br>) Administratively<br>) Consolidated<br>) Under This Matter<br>) |
| THIS DOCUMENT APPLIES TO:<br><br>ALL ADVERSARY PROCEEDINGS LISTED IN EXHIBIT A | ) Adv. Pro. Nos. Listed on<br>) Exhibit A Attached<br>) Hereto<br>) |

## DECLARATION OF BRIAN LACY IN FURTHER SUPPORT OF THE MOTION OF THE DEFENDANTS LISTED ON EXHIBIT A TO DISMISS ON GROUNDS OF *FORUM NON CONVENIENS*

I, Brian Lacy, do hereby declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1.   I am the Head of Dispute Resolution and a Partner in the British Virgin Islands (**BVI**) office of Ogier, an offshore law firm providing legal advice on matters of BVI, Cayman, Guernsey, Jersey and Luxembourg law from its offices based in eight jurisdictions around the world. I have held this position since September 2015, prior to which I was a barrister at the BVI office of Maples and Calder. I was admitted to practice as a barrister in the BVI in 2012 and was

called to the bar of England and Wales in 2006. Full details of my qualifications for giving expert evidence of English and BVI law are set out in Exhibit B to this declaration (the **Declaration**). Where I refer to either BVI or English legislation, case law or texts within the body of this Declaration, copies of these materials are attached at Exhibit C.

2. I make this Declaration in further support of the motion made by the FNC Defendants[1] to dismiss on grounds of *forum non conveniens*. In this regard, I have been asked by the US lawyers for the FNC Defendants to comment on:-

    a. *Whether it is possible for a defendant in a civil proceeding to waive limitations defences; and*

    b. *Who bears the burden for legal costs (including attorneys' fees) in civil litigation, as a matter of BVI law.*

3. Nothing in this Declaration is intended to waive privilege in relation to any advice that has been given to any of the FNC Defendants by Ogier. I am not authorised to and do not waive privilege in any respect.

**Waiver of Limitation**

4. I have been asked whether it is possible for a defendant in civil proceedings in the BVI to waive limitation defences. As explained below, the position under BVI law is that, save where expressly stated to the contrary, limitation is ordinarily a procedural bar to proceedings which a defendant may elect to either raise or ignore as it sees fit. Limitation does not act to extinguish a claimant's right to bring a claim unless expressly provided to the contrary by statute -- and no such statute applies to any of the causes of action asserted by the Liquidators.

5. As stated in the Declaration of William Hare dated 6 April 2017 (ECF No. 1408 in Adversary Proceeding No. 10-03496 (SMB)), the relevant limitation periods under BVI law are

---

[1] Capitalised terms not defined herein shall have the same meanings ascribed to them in the Supplemental Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend and in Support of those Defendants' Motion to Dismiss on Grounds of Forum Non Conveniens filed in Adv. Pro. No. 10-03496 (SMB) on January 27, 2017 (ECF No. 1107).

2

set out in the Limitation Ordinance 1961, Cap 43 (the **Ordinance**). The limitation period in respect of actions in contract and tort can be found at s.4(1) of the Ordinance which provides that:-

> *"The following actions **shall not be brought** after the expiration of six years from the date on which the cause of action accrued, that is to say -*
>
> a. *actions founded on simple contract or on tort;*
>
> b. *actions to enforce a recognisance;*
>
> c. *actions to enforce an award, where the submission is not by an instrument under seal;*
>
> d. *actions to recover any sum recoverable by virtue of any enactment, other than a penalty or forfeiture or sum by way of penalty or forfeiture"* (emphasis added).

6.  S.3 of the Ordinance allows for *"the extension of the periods of limitation in the case of disability, acknowledgment, part payment, fraud and mistake"*. The circumstances in which periods of limitation can be extended as a result of either fraud or mistake are set out in s.25 of the Ordinance. This provides as follows:-

> *"Where, in the case of any action for which a period of limitation is prescribed by this Ordinance, either-*
>
> a. *the action is based upon the fraud of the defendant or his agent or of any person through whom he claims or his agent, or*
>
> b. *the right of action is concealed by the fraud of any such person as aforesaid, or*
>
> c. *the action is for relief from the consequences of a mistake, the period of limitation shall not begin to run until the plaintiff has discovered the fraud or the mistake, as the case may be, or could with reasonable diligence have discovered it:*
>
> *Provided that nothing in this section shall enable any action to be brought to recover, or enforce any charge against, or set aside any transaction affecting, any property which –*
>
> > i. *in the case of fraud, has been purchased for valuable consideration by a person who was not a party to the fraud and did not at the time of the*

3

> *purchase know or have reason to believe that any fraud had been committed, or*
>
> ii. *in the case of mistake, has been purchased for valuable consideration, subsequently to the transaction in which the mistake was made; by a person who did not know or have reason to believe that the mistake had been made".*

7. The question of whether or not a defendant to BVI proceedings may waive arguments of limitation that might otherwise be available to it as a defence turns on whether the words *"shall not be brought"* in s.4 of the Ordinance create a procedural bar to proceedings that the defendant may raise or entirely extinguish a claimant's cause of action against a defendant.

8. BVI case law does not contain any authorities on this point but the English statute and case law provide guidance that would, in practice, be accepted in the BVI courts in the absence of any BVI judicial precedents.

9. The relevant statute under English law is the Limitation Act 1980 (the **Act**) which replaced the Limitation Act 1939. S.2 of the Act and s.5 of the Act set out the time limits for actions founded on tort and contact respectively. S.2 provides that:-

> *"An action founded on tort **shall not be brought** after the expiration of six years from the date on which the cause of action accrued" (emphasis added).*

S.5 provides that:-

> *"An action founded on simple contract **shall not be brought** after the expiration of six years from the date on which the cause of action accrued" (emphasis added).*

10. It can be seen from paragraphs 4 and 9 above that the words *"shall not be brought"* at ss.2 and 5 of the Act mirror the words at s.4(1) of the Ordinance. They also differ from the words used at s.3 of the Act which deals with time limits in cases of successive conversions. S.3(1) of the Act provides that *"no action shall be brought"* in cases of successive conversion after the expiry of six years as with claims in tort and / or simple contract. However, s.3(2) goes further and provides that:-

4

*"Where any such cause of action has accrued to any person and the period prescribed for bringing that action has expired and he has not during that period recovered possession of the chattel, the title of that person to the chattel **shall be extinguished**"* (emphasis added).

11. The distinction between the wording of ss.2 and 5 of the Act and the wording of s.3 of the Act (specifically s.3(2)) is important for reasons which are set out in *McGee on Limitation Periods* paragraphs 2.025 to 2.034. This sets out, at paragraph 2.025, that the words adopted in ss. 2 and 5 of the Act provide a procedural bar to a claim rather than act to extinguish the cause of action entirely. McGee states:-

*"The barring of the remedy has been regarded as the usual response of the law to the expiry of the limitation period. Therefore, in an action founded on contract (simple or special) or on tort, the effect of the expiry of the limitation period is generally said to be that the remedy is barred, but the plaintiff's right is not extinguished".*

12. McGee goes on to consider the effect of this approach at paragraph 2.029 stating:-

*"A number of potentially significant consequences follow from holding that the plaintiff's right is not extinguished. Firstly, limitation is a matter which must be specifically pleaded by the defendant if he wishes to take advantage of it and the plaintiff's cause of action is not regarded as time-barred until that plea is made. A defendant who considers it unconscionable to take advantage of the lapse of time need not do so, though it is possible that this rule does not apply to trustees defending an action relating to trust property. Secondly, if the plaintiff is able to assert his right in some way other than by the bringing of an action (and which does not involve any other unlawful act) then his right will be recognised by the law: all that is taken away is the possibility of obtaining a judicial remedy to enforce his right".*

13. This is distinct from the situation where, as with claims for successive conversion, the cause of action has been extinguished under s.3(2) of the Act. In those circumstances, and as McGee records at paragraph 2.030, *"[t]he effect of the expiry of limitation is to extinguish entirely the plaintiff's right"* although Practice Direction 16 of the Civil Procedure Rules of England and Wales still suggests that a defendant must specifically plead limitation in those circumstances.

5

14. The position set out by McGee at paragraphs 2.025 and 2.029 is derived from English case law.[2] The most recent authority as to the meaning of the words used in the relevant sections of the Act (and hence the Ordinance) is the 2010 case of *McIntyre v Gentoo Group Ltd [2010] EWHC 5 (Admin)*. This case concerned the judicial review of North Sunderland Housing Company's (**NSHC**) refusal to permit an exchange of homes by the Claimants with another NSHC tenant and where NSHC had refused to permit the exchange unless Mr McIntyre paid off an historic debt for rent arrears accrued on another property. One of the arguments advanced by the McIntyres was that the rent arrears were irrecoverable by virtue of the time elapsed. However, John Howell QC, sitting as a deputy High Court judge, ruled that whilst, as a simple debt, limitation applied under the Act this did not bar the recovery of the debt by other means. John Howell QC stated:-

> "As Mr Grodzinski correctly submitted, the relevant provisions of the Limitation Act 1980, if applicable, only bar a claim or action. They do not of themselves extinguish any liability in respect of which such a claim or action might otherwise have been brought. As Cotton LJ stated in Curren v Milburn (1889) 42 Ch D 424 CA at p434-5, 'statute-barred debts are due, though payment of them cannot be enforced by action'. 'It seems to me to be clear law that the expiry of the limitation period bars the remedy by action and does not extinguish the right': see per Diplock J (as he then was) in Norwegian Government v Calcutta Marine Engineering Co. Ltd [1960] 2 Lloyds Rep 431 at p442. Similarly a judgment debt still remains due, and a liability of a person ordered to pay, after six years: see Ridgeway Motors (Isleworth) Ltd v ALTS Limited supra per Mummery LJ at [35(2)]. Thus a refusal to give permission to issue a writ or warrant of execution does not extinguish the debt nor does it necessarily preclude a subsequent application for such permission: cf WT Lamb & Sons v Tider [1948] 2 KB 331 per Scott LJ at p334".

15. As regards the effect of this interpretation of the Act, the leading English case is the Court of Appeal case of *Kennett v Brown* [1988] 1WLR 582. In that case, the plaintiff suffered personal injuries in a traffic accident and brought an action against the first defendant

---

[2] McIntyre v Gentoo Group Limited [2010] EWHC 5; Curren v Milburn (1889) 42 Ch D 424; Norwegian Government v Calcutta Marine Engineering Co Ltd [1960] 2 Lloyd's Rep 431; Ridgeway Motors (Isleworth) Ltd v ALTS Limited (unreported).

6

claiming damages. Subsequently the second defendant was joined as a party and, shortly after the expiry of three years from the accident, the first defendant served a contribution notice on the second defendant claiming an indemnity in respect of any liability he might incur to the plaintiff and damages for personal injury. The first defendant applied for directions, and the district registrar held that there could be no claim by the first defendant in respect of his own injuries until he had applied under the Act to disapply the limitation period. Upon appeal to the Court of Appeal it was held that the Act did not prevent the bringing of the claim but instead operated as a procedural bar which the defendant to such a claim could raise if he wished. The question of whether the first defendant's claim against the second defendant was time barred therefore did not fall to be considered unless and until the point had been pleaded by the second defendant. Lord Donaldson of Lymington MR stated as follows:-

> *"That does not of course answer the question which is at the heart of this appeal. Namely: When does the section 35(3) point fall to be considered? It is said by Mr Dawson, who appears for Mr Brown, that it ought to be considered if and when the point is pleaded by Mr Teagle. It is said by Mr Overend, who appears for Mr Teagle, that it ought to be taken as soon as the contribution notice is served. For my part I can see no practical reasoning for considering the section at the earliest possible moment, since it would equally be advisable as a defence at a later stage.*
>
> *So I look at the wording of the subsection. Parliament must be deemed to have been aware of the way in which, subject to special provisions made in rules of court, __the Limitation Acts have always been applied, namely, as procedural bars which a defendant to a particular claim could raise if he wished, but which he was not obliged to raise if he did not wish__.*
>
> *If the view of the statute which is put forward by Mr Overend is accepted, it would be necessary in every case where a new claim ... was raised after the expiry of the limitation period for the person raising the claim to make an application... to have the Limitation Act disapplied.*
>
> *I can see no reason of policy why that should be the case and why Parliament should ever have intended it, and so I approach the words 'neither the High Court nor any county court shall allow a new claim ... to be made in the course of any action' without feeling that I am in any way bound by the literal meaning of those words. In section 11 and the various other sections the wording of the Act is 'no action shall be brought'. We know that Parliament does not mean by that that no*

7

*action shall be brought: it means that no action shall succeed. ..."* (emphasis added).

16. The approach adopted by the English Courts, that the onus is on the defendant to plead any limitation issues which he wishes to raise, is also reflected in the Civil Procedure Rules 1998 of England and Wales (the **Rules**). The Practice Direction to Part 16 of the Rules states, at para 13.1 that:-

*"The defendant must give details of the expiry of any relevant limitation period relied on".*

17. It follows from the above that, as the onus is on a defendant to proceedings in England and Wales to plead any issues of limitation available to it or lose the right to pursue any limitation arguments, that it is open to a defendant to elect not to plead such issues and to waive any defence of limitation that might otherwise be available. The only exception to this general rule under English law is where the Act expressly provides for a claimant's rights to be extinguished upon the expiry of limitation as with the provisions contained in s.3 of the Act relating to successive conversion (see paragraph 10 above).

18. In circumstances where the wording of the relevant sections of the Ordinance mirror the wording of the relevant sections of the Act, it follows that the same is true in respect of defendants to proceedings brought by the Liquidators in the BVI. The various causes of action asserted by the Liquidators in this Court all fall within the general rule that the onus is on the defendants to plead any limitation issues that they wish to raise and can elect not to plead limitation defences if they do not wish to do so. The only exception would be if the Ordinance contained specific wording extinguishing the Liquidators' right to bring the causes of action asserted as with s.3 of the Act. The Ordinance contains no such wording and it follows, therefore, that a defendant to BVI proceedings is fully entitled to waive any defence of limitation which might be available.

**Legal Costs**

19. I have also been asked to advise as to who bears the responsibility for costs (specifically including attorneys' fees) in relation to proceedings brought in the BVI. In this regard, the standard provision for costs in BVI proceedings is that the prevailing party in civil proceedings is entitled to recover its costs from the unsuccessful party (including the prevailing party's attorney's fees)

20. The standard provision for costs referred to above is contained in the Eastern Caribbean Supreme Court Civil Procedure Rules British Virgin Islands (the **CPR**) at Part 64.6. This states as follows:-

> *"(1)  Where the court, including the Court of Appeal, decides to make an order about the costs of any proceedings, the general rule is that it must order the unsuccessful party to pay the costs of the successful party.*
>
> *(2)  The court may however order a successful party to pay all or part of the costs of an unsuccessful party or may make no order as to costs.*
>
> *(3)  This rule gives the court power in particular to order a person to pay –*
>
>   *a.  Costs from or up to a certain date only;*
>
>   *b.  Costs relating only to a certain distinct part of the proceedings; or*
>
>   *c.  Only a specified proportion of another person's costs.*
>
> *(4)  The court may not make an order under paragraph 3(a) or 3(b) unless it is satisfied that an order under paragraph 3(c) would not be more practicable*
>
> *(5)  In deciding who should be liable to pay costs the court must have regard to all the circumstances.*
>
> *(6)  In particular it must have regard to –*
>
>   *a.  The conduct of the parties both before and during the proceedings;*
>
>   *b.  The manner in which a party has pursued –*
>
>     *i.  a particular allegation;*

    ii. *a particular issue; or*

    iii. *the case;*

  c. *whether it was reasonable for a party to –*

    i. *pursue a particular allegation; and / or*

    ii. *raise a particular issue; and*

  d. *whether the claimant gave reasonable notice of intention to issue a claim".*

21. It can be seen, therefore, that the generally applicable rule in relation to proceedings brought in the BVI is that costs will follow the event; i.e. the loser pays the winner's costs including attorney's fees. This was the position in relation to the preliminary issue proceedings pursued in the Eastern Caribbean Supreme Court (both in the Commercial Division of the BVI High Court and in the Court of Appeal) and on appeal to the Judicial Committee of the Privy Council. In those proceedings the Liquidators were ordered to pay the costs of the various defendants involved, including the attorney's fees of those defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of June, 2017
at Road Town, British Virgin Islands

_____
Brian Lacy