KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022
(212) 940-8800
Anthony L. Paccione
anthony.paccione@kattenlaw.com
Mark T. Ciani
mark.ciani@kattenlaw.com

*Attorneys for RBC Investor Services Bank, S.A., formerly known as RBC Dexia Investor Services Bank, S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Fairfield Sentry Limited, et al.,<br><br>   Debtors in Foreign Proceedings. | Ch. 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>Jointly Administered |
| Fairfield Sentry Limited (In Liquidation), et al., acting by and through the Foreign Representatives thereof,<br><br>   Plaintiffs,<br><br>  – against –<br><br>Theodoor GGC Amsterdam et al.,<br><br>   Defendants. | Adv. Pro. No. 10-03496 (SMB)<br><br>Procedurally Consolidated<br>Under this Matter |
| Fairfield Sentry Limited (In Liquidation), et al., acting by and through the Foreign Representatives thereof,<br><br>   Plaintiffs,<br><br>  – against –<br><br>ABN AMRO Schweiz AG, et al.,<br><br>   Defendants. | Adv. Pro. No. 10-03635 (SMB) |
| Fairfield Sentry Limited (In Liquidation), et al., acting by and through the Foreign Representatives thereof,<br><br>   Plaintiffs,<br><br>  – against – | Adv. Pro. No. 10-03636 (SMB) |

| ABN AMRO Schweiz AG, et al., |
|  Defendants. |

### INDIVIDUAL REPLY BRIEF OF RBC INVESTOR SERVICES BANK, S.A.

RBC Investor Services Bank, S.A., formerly known as RBC Dexia Investor Services Bank, S.A. ("RBC-ISB"),[1] and possibly the entity intended by the plaintiffs in naming as a defendant a non-existent entity captioned "RBC Dexia Investor Service Julius Baer SICAV," respectfully submits this Individual Reply Brief pursuant to paragraph I.D of the Supplemental Case Management Order.[2]

### I. RBC-ISB's Notice of Joinder.

RBC-ISB hereby joins in the reply briefs in further support of Defendants' motion to dismiss filed on May 26, 2017 and June 9, 2017, by Cleary Gottlieb Steen & Hamilton LLP ("Cleary") and Hogan Lovells US LLP ("Hogan"), respectively, in Adversary Proceeding No. 10-03496 (ECF Nos. 1456-1457, 1482, 1484) and other related proceedings before this Court, and adopts and fully incorporates by reference those documents and all contemporaneous or subsequent filings by Cleary and Hogan in support of Defendants' motions to dismiss, and in opposition to the motion for leave to amend filed by Plaintiffs Kenneth M. Krys and Charlotte Caulfield (together, the "Liquidators").

---

[1] All capitalized terms not defined herein have the meanings ascribed to them in the Consolidated Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants', Motion to Dismiss, filed January 13, 2017, in Adversary Proceeding No. 10-03496 (ECF No. 960) (the "Consolidated MTD Brief"), or in the Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion To Dismiss, filed May 26, 2017 (ECF No. 1457) (the "Consolidated Reply Brief").

[2] Adv. Pro. 10-03496 (ECF No. 918), dated October 18, 2016, as amended by the Third Supplemental Case Management Order (ECF No. 1326), dated March 23, 2017.

1

## II.    RBC-ISB Has Not Been Properly Named.

In their Individual Opposition Brief,[3] the Liquidators have not named RBC-ISB as a defendant and, five years after receiving notice that "RBC Dexia Investor Service Julius Baer SICAV" is not an entity in existence, their motion for leave to amend still does not seek to name RBC-ISB as a defendant.[4]  *See* Individual Supp. Br., at 2-3.[5]  Failing to name an actual existing entity is grounds for dismissal and the Liquidators do not appear to argue otherwise.  In the Individual Opposition Brief, the Liquidators defend their decision to name "RBC Dexia Investor Service Julius Baer SICAV," claiming it is a justifiable misidentification that this Court should permit them to correct.  Individual Opp. Br., at 2.

Although the Liquidators have not moved for leave to amend their complaints to remove the fictional entity and add RBC-ISB, such an amendment would be futile in any event.  Indeed, the Liquidators have failed to demonstrate, as they must, that they are entitled to re-amend the Complaints.  *In re Metzeler*, 66 B.R. 977, 981 (Bankr. S.D.N.Y. 1986) ("On a motion for leave to serve an amended pleading, the movant has the burden of persuasion.").[6]

Here, an amendment to name a new party is futile because, as the Liquidators have acknowledged elsewhere, the statute of limitations bars them from pursuing claims against new

---

[3]   The "Individual Opposition Brief" refers to the Foreign Representatives' Memorandum of Law in Opposition to Individual Supplemental Brief of RBC Investor Services Bank, S.A. and in Further Support of Foreign Representatives' Motion for Leave To Amend Complaints (Adv. Pro. 10-03635 (ECF No. 289); Adv. Pro. 10-03636 (ECF No. 318).

[4]   *See* Notice of Appearance, filed June 8, 2012 in Adversary Proceeding No. 10-03496 (ECF No. 700) (identifying "RBC Dexia Investor Services Julius Baer SICAV" as a "non-existent entity"); Third Amended Complaints, dated July 20, 2012 (the "Complaints") ¶ 92 (Adv. Pro 10-03635 (ECF No. 121)); ¶ 103 (Adv. Pro 10-03635 (ECF No. 122)).

[5]   Individual Supplemental Brief of RBC Investor Services Bank, S.A., Adv. Pro. 10-03635 (ECF No. 231), dated January 27, 2017; Adv. Pro. 10-03636 (ECF No. 258), dated January 27, 2017.

[6]   The Liquidators' notation that RBC-ISB has not argued that it did not receive the redemption payments at issue in the adversary proceedings is an improper attempt to shift the burden from the Liquidators to RBC-ISB.  *See* Individual Opp. Br., at 2.

2

parties.  Liquidators' Opposition to Certain Defendants' Motions to Dismiss on Grounds of *Forum Non Conveniens*, Adv. Pro. 10-03496 (ECF No. 1406), at 2 (acknowledging that the statute of limitations bars new actions by the Liquidators).  The Liquidators cannot sidestep the statute of limitations by relying on the relation back doctrine.  If a plaintiff seeks to amend a complaint to add a party that was misidentified in the initial complaint, the amendment will relate back to the original pleading only if the proposed new defendant was placed on notice by the first complaint.  *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 553-54 (2010); Fed. R. Bankr. P. 7015 (adopting Fed. R. Civ. P. 15 for adversary proceedings).  Here, the Complaints name a non-existent entity which appears to combine portions of two distinct legal entities' names, RBC-ISB and Julius Baer.  RBC-ISB could not have known and still does not know if it is the entity the Liquidators intended to sue.

The Liquidators claim that "amendments can be made for mistakes concerning the identity of the proper party."  Individual Opp. Br., at 2 (citing *Glob. Crossing Estate Representative v. Alta Partners Holdings LDC (In re Glob. Crossing, Ltd.)*, 385 B.R. 52, 66-69 (Bankr. S.D.N.Y. 2008)).  That principle, however, has its limits.  The Second Circuit has held that relation back only applies "where, within the limitations period, the . . . party whose name is sought to be corrected . . . knew or should have known that it was the party being sued."  *Datskow v. Teledyne, Inc., Continental Products Division*, 899 F.2d 1298, 1305 (2d Cir.) (per curiam), *cert. denied*, 498 U.S. 854 (1990).

The Liquidators argue that, if they were to seek leave to amend to add RBC-ISB, it would not be an instance of naming a new defendant but merely mislabeling the right one.  But the Liquidators' argument falls flat.  They rely on *Datskow*, which held that "the line between naming the wrong defendant and mislabeling the right one must be drawn in light of the context

3

of the nomenclature created by the defendant and the labeling undertaken by the plaintiffs assessed against that context." 899 F.2d at 1301.

In this case, the Liquidators have not argued that RBC-ISB was operating a Société d'Investissement à Capital Variable ("SICAV") nor have they argued that an entity with a name resembling "RBC Dexia Investor Service Julius Baer SICAV" actually exists. Accordingly, the Liquidators' failure to name an actual entity cannot be excused as a mere mislabeling when the name of a fictional defendant appears to combine portions of two distinct legal entities' names, and is not the name of an actual entity in existence.

Perhaps in acknowledgement that the Liquidators have named a fictional entity and have lost their opportunity to name RBC-ISB or some other entity, the Liquidators attempt to excuse their failure to name the correct entity because they used the Funds' records. Their reliance on Fund records is irrelevant and unavailing. *See Krupski*, 560 U.S. at 548 ("Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity.").

### III. RBC-ISB Has Not Been Properly Served.

Even if RBC-ISB had been properly named—which it was not—the Liquidators' failure to properly serve RBC-ISB provides an independent ground for dismissal of the Complaints as against RBC-ISB. *See In re Motors Liquidation Co.*, 563 B.R. 498, 511-12 (Bankr. S.D.N.Y. 2016) (dismissing a complaint for deficient process and service of process under Rules 12(b)(4) and 12(b)(5) after finding that an amendment related back and stated a claim under Rule 12(b)(6)).

Luxembourg, like the United States, has signed the Hague Service Convention. *See Gidding v. Anderson*, No. C 07-04755 JSW, 2008 WL 4065814, at *3 (N.D. Cal. Aug. 27, 2008) (citing The Hague Convention, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163).

4

Yet the Liquidators do not contend that they complied with Hague Convention, relying instead upon the Subscription Agreement to justify their futile attempt at service by registered mail. *See* Individual Opp. Br., at 3.[7] This attempt at service by certified post was ineffective. *See* Consolidated MTD Brief, at Section IV; Consolidated Reply Brief, at Section IV. Where plaintiffs "failed to follow [Fed. R. Civ. P.] 4(h)(2) and contact the appropriate central authorities in . . . Luxembourg," the court in *Gidding* held that plaintiffs had not properly served defendants and dismissed the Luxembourg-based defendants "under Rule 12(b)(5) for insufficient service of process." 2008 WL 4065814, at *4. This result is particularly appropriate in the case at bar, because "[n]otably, Luxembourg does not sanction the service of legal documents through postal channels." *Pictet Funds (Europe) S.A. v. Emerging Managers Grp., L.P.*, No. 14-cv-6854 SAS, 2014 WL 6766011, at *7 n.85 (S.D.N.Y. Dec. 1, 2014).

## CONCLUSION

For these reasons, the claims against RBC-ISB should be dismissed and the Liquidators' motion to amend should be denied.

Dated:  New York, New York
        June 9, 2017

                                      KATTEN MUCHIN ROSENMAN LLP

                                      By: /s/ Anthony L. Paccione
                                              Anthony L. Paccione
                                              Mark T. Ciani
                                      575 Madison Avenue
                                      New York, NY 10022-2585
                                      Phone: 212.940.8800
                                      Fax:   212.940.8776
                                      anthony.paccione@kattenlaw.com

                                      *Attorneys for RBC Investor Services Bank, S.A., formerly known as RBC Dexia Investor Services Bank, S.A.*

---

[7] *See also* Affidavit of Service, Adv. Pro. 10-03635 (ECF No. 54), at 4, 13; Adv. Pro. 10-03636 (ECF No. 54), at 4, 13.