Hearing Date and Time: TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
In re:                                                          :
                                                                :     Chapter 15 Case
FAIRFIELD SENTRY LIMITED, *et al.*,                             :
                                                                :     Case No. 10-13164 (SMB)
        Debtors in Foreign Proceedings.                       :
                                                                :     Jointly Administered
------------------------------------------------------------------X
FAIRFIELD SENTRY LTD. (IN LIQUIDATION),                         :
*et al.*,                                                       :
                                                                :     Adv. Proc. No. 10-03496 (SMB)
        Plaintiffs,                                           :
                                                                :     Administratively Consolidated
      -against-                                                :     Under This Matter
                                                                :
THEODOOR GGC AMSTERDAM, *et al.*,                               :
                                                                :
        Defendants.                                           :
                                                                :
------------------------------------------------------------------X
THIS DOCUMENT APPLIES TO:                                       :
                                                                :     Adv. Pro. Nos. Listed In
ALL ADVERSARY PROCEEDINGS LISTED IN                             :     Appendix A
APPENDIX A                                                      :
------------------------------------------------------------------X

**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS BASED ON THE DOCTRINE OF *RES JUDICATA***

Alan Kolod
Mark N. Parry
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800
akolod@mosessinger.com
mparry@mosessinger.com

*Attorneys for Defendants Deutsche Bank (Suisse) SA*
*and Deutsche Bank Trust Company Americas*

*Additional Counsel Listed in Appendix B*

3686741

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.  FEDERAL *RES JUDICATA* RULES GOVERN THE PRECLUSIVE EFFECT OF THE BVI JUDGMENT AND PRIVY COUNCIL DECISION ................................... 2

II. FEDERAL *RES JUDICATA* RULES BAR THE LIQUIDATORS' ACTIONS AGAINST THE PI DEFENDANTS ................................................................................ 4

    A.  The Common Law Claims Are Barred As "Additional Instances" of Claims Dismissed On The Merits In The BVI Actions ......................................... 5

    B.  The BVI Insolvency Act Claims And Proposed Contractual Claims Are Based On The Same Nucleus Of Operative Facts And Could Have Been Advanced In The BVI Actions ............................................................................ 5

III. THE US PROCEEDINGS AGAINST THE PI DEFENDANTS ARE ALSO BARRED UNDER BVI/ENGLISH LAW ...................................................................... 7

    A.  Issue Estoppel Bars The Common Law Claims In The US Actions Against The PI Defendants ............................................................................................... 8

    B.  The Doctrine Of *Henderson v. Henderson* Bars the US Proceedings Against The PI Defendants ................................................................................. 9

CONCLUSION ............................................................................................................................ 10

3686741

# TABLE OF AUTHORITIES
Page(s)

**Cases**

*Alfadda v. Fenn*,
  966 F. Supp. 1317 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 41 (2d Cir. 1998) ................................3, 4

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*,
  402 U.S. 313 (1971) ..................................................................................................................2

*Computer Associates International, Inc. v. Altai, Inc.*,
  126 F.3d 365, 369 (2d Cir. 1997) ..............................................................................................5

*CSFB HOLT LLC v. Collins Stewart Ltd.*,
  No. 02 CIV. 3069 (LBS), 2004 WL 1794499 (S.D.N.Y. Aug. 10, 2004) ..................................2

*Erie R. Co. v. Tompkins*,
  304 U.S. 64 (1938) ....................................................................................................................2

*Fairchild, Arabatzis & Smith, Inc. v. Prometco (Produce & Metals) Co., Ltd.*,
  470 F. Supp. 610, 616 (S.D.N.Y. 1979) ....................................................................................8

*Kiryas Joel All. v. Vill. of Kiryas Joel*,
  495 F. App'x 183 (2d Cir. 2012) ...........................................................................................6, 7

*Marvel Characters, Inc. v. Simon*,
  310 F.3d 280 (2d Cir. 2002) ......................................................................................................8

*In re Parmalat Sec. Litig.*,
  493 F. Supp. 2d 723 (S.D.N.Y. 2007), *aff'd sub nom. Bondi v. Capital & Fin.
  Asset Mgmt. S.A.*, 535 F.3d 87 (2d Cir. 2008) ..........................................................................2

*Simmtech Co. v. Citibank, N.A.*,
  No. 13-CV-6768 (KBF), 2016 WL 4184296 (S.D.N.Y. Aug. 3, 2016) ....................................3

*Sirinakis v. Colonial Bank*,
  600 F. Supp. 946 (S.D.N.Y. 1984) ............................................................................................8

*Waldman v. Village of Kiryas Joel*,
  207 F.3d 105 (2d Cir. 2000) ..............................................................................................5, 6, 7

Pursuant to paragraph B of the *Supplemental Case Management Order of October 18, 2016* (ECF No. 918),[1] the PI Defendants,[2] set forth on Appendix A, by their attorneys listed on Appendix B, respectfully submit this supplemental reply memorandum (the "Reply") in further (i) support of dismissal of the complaints based on the doctrine of *res judicata*, and (ii) opposition to leave to amend sought by the Liquidators of Sentry, Sigma and Lambda.

The PI Defendants incorporate the Defendants' Consolidated Reply Memorandum Of Law In Further Opposition To Plaintiffs' Motion For Leave To Amend And In Further Support Of Defendants' Motion To Dismiss (the "Consolidated Reply"), filed on May 26, 2017 (ECF No. 1457).

## PRELIMINARY STATEMENT

The federal doctrine of *res judicata* requires dismissal with prejudice of these US Proceedings against the PI Defendants. The Liquidators tacitly concede this, but assert that this Court should use New York choice of laws rules to apply BVI/English preclusion law to these federal proceedings. Federal principles of *res judicata*, not BVI/English law, govern the preclusive effect of the summary judgment order entered in favor of the PI Defendants dismissing the BVI Actions (the "BVI Judgment") and the Privy Council Decision. Specifically, the Common Law Claims are barred as additional instances of the claims dismissed on the merits in the BVI. The BVI Insolvency Claims and Contractual Claims are also barred because they are based on the same nucleus of operative facts such that they could and should have been advanced in the BVI Actions. The Liquidators do not argue otherwise. Even if BVI/English law were to

---

[1] All citations in this memorandum that refer to the jointly administered docket Case No. 10-13164 (SMB), shall be referred to as (ECF No. __).

[2] Capitalized terms not defined in this memorandum shall have the same meanings as in the Supplemental Memorandum in Support of Defendants' Motion to Dismiss Based On The Doctrine of *Res Judicata* (the "Supplemental Brief"), filed on January 27, 2017 (ECF No. 1133).

- 1 -

govern the preclusive effect of the BVI Judgment and Privy Council Decision, the US Proceedings would still be barred under the BVI/English law principles of issue estoppel and the *Henderson v. Henderson* doctrine.

## ARGUMENT

**I.    FEDERAL *RES JUDICATA* RULES GOVERN THE PRECLUSIVE EFFECT OF THE BVI JUDGMENT AND PRIVY COUNCIL DECISION**

Tacitly conceding that they cannot prevail under federal *res judicata* law, the Liquidators seek to avoid its application by asserting that this Court must apply New York choice of law rules, which would require the application of BVI/English law to determine the preclusive effect of the BVI Judgment and Privy Council Decision. As discussed in the Consolidated Reply, the Liquidators are wrong. Consolidated Reply, pp. 22-25.

In non-diversity cases, federal courts apply federal rules of *res judicata*. The Supreme Court has repeatedly confirmed this rule, saying:

> 'It has been held in non-diversity cases since Erie R. Co. v. Tompkins, that the federal courts will apply their own rule of res judicata.' *Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S. Ct. 853, 856, 90 L.Ed. 970 (1946). See also Vestal, Res Judicata/Preclusion by Judgment: The Law Applied in Federal Courts, 66 Mich. L. Rev. 1723, 1739, 1745 (1968); id., cases cited at 1739 - 1740, nn. 62 - 64.

*Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 324 n.12 (1971). The constitutional doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), requiring application of state law in diversity cases, is inapplicable when federal jurisdiction is not based on diversity.[3]

---

[3] The only situation in which a federal court will apply state (rather than federal) *res judicata* law is in the case of a state law claim pending in federal court under diversity jurisdiction. This outcome is mandated by the constitutional doctrine of *Erie*. When there is no diversity jurisdiction, as in the US Proceedings, federal courts apply federal *res judicata* law. *See In re Parmalat Sec. Litig.*, 493 F. Supp. 2d 723, 732 (S.D.N.Y. 2007), *aff'd sub nom. Bondi v. Capital & Fin. Asset Mgmt. S.A.*, 535 F.3d 87 (2d Cir. 2008) ("A federal court ordinarily applies federal law to determine the preclusive effect on a federal claim of a foreign country judgment."); *CSFB HOLT LLC v. Collins Stewart Ltd.*, No. 02 CIV. 3069 (LBS), 2004 WL

In *Simmtech Co. v. Citibank, N.A.*, No. 13-CV-6768 (KBF), 2016 WL 4184296, at *8 (S.D.N.Y. Aug. 3, 2016), the District Court made clear that a federal court exercising non-diversity federal jurisdiction will apply federal *res judicata* law and that it will not look to the law of the foreign jurisdiction in which the original judgment was entered. The District Court explained that a federal court should focus on the underlying objectives of a United States court in applying the doctrine of *res judicata*, rather than the objectives of the foreign jurisdiction in which the original judgment was entered. The Court said: "'Regardless of the mechanisms utilized by a foreign court to achieve its objectives [regarding preclusion], a United States court should not be confined to using the foreign court's mechanisms or else forgo achieving its own objectives.'" *Simmtech*, 2016 WL 4184296, at *8 (quoting *Alfadda v. Fenn,* 966 F. Supp. 1317, 1329 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 41 (2d Cir. 1998)).

The only cases the Liquidators cite which apply a state's *res judicata* law were cases arising under that state's law and were in federal court solely because of diversity jurisdiction. The Liquidators seek to distinguish *Simmtech* by stating that it only involved federal claims, but that is incorrect. The claims barred in *Simmtech* did not arise under federal law. They were foreign law claims, just like those asserted here. The claims were within federal jurisdiction and had been removed to federal court, solely because a defendant was a corporation organized under federal law. *Simmtech* is, essentially, indistinguishable from the present cases: the claims at issue are claims under foreign law (not federal or New York law), and federal jurisdiction does not rest on diversity, but rather the legal status of a party. In *Simmtech* the defendant was a federal corporation and in these cases the Liquidators have been recognized as foreign

---

1794499, at *6 (S.D.N.Y. Aug. 10, 2004) (applying federal claim preclusion rules to determine preclusive effect of U.K. order).

- 3 -

3686741

representatives in Chapter 15 proceedings. The Liquidators cite no authority requiring a federal court in a non-diversity case to utilize the state court choice-of-law rules as to preclusion. Federal courts hearing non-diversity cases apply federal *res judicata* rules to effectuate the federal policy of protecting a defendant from claims that federal courts deem abusive because they were or could have been determined in the prior litigation. *Alfadda,* 966 F. Supp. at 1329.

The Liquidators deliberately split their BVI law claims between BVI and U.S. courts. If the Liquidators had not been so adamant in shopping for a United States forum, they could have ensured that BVI/English law would fully govern these cases, including as to the preclusive effect of any BVI judgment, by bringing all their actions in the BVI. Instead of merely seeking a United States forum, the Liquidators then compounded their forum shopping by seeking a federal forum, using Chapter 15 to bring cases in this Court and to remove cases that had been filed in New York State court to this Court. Having now availed themselves of federal bankruptcy jurisdiction over purely BVI law claims, the Liquidators cannot be surprised or complain that the federal court will apply its own *res judicata* law in determining whether federal jurisdiction is being abused.

Accordingly, in non-diversity cases, such as the present adversary proceedings, and for the reasons set forth in the Consolidated Reply, this Court should apply federal *res judicata* rules to determine the preclusive effect of the BVI Judgment and Privy Council Decision.

## II. FEDERAL *RES JUDICATA* RULES BAR THE LIQUIDATORS' ACTIONS AGAINST THE PI DEFENDANTS

The Liquidators do not dispute that their claims are precluded under federal law – because they cannot. All of the policy reasons and conditions for application of federal *res judicata* law to the BVI Judgment and the Privy Council Decision are satisfied here, both as to the original complaints and the proposed amended complaints: (1) the additional Common Law

Claims are barred as "additional instances" of claims dismissed on the merits in the BVI Actions; and (2) the additional BVI Insolvency Act Claims and Contractual Claims are barred (even though based on different theories of recovery than the claims dismissed on the merits) because such claims are based on the same nucleus of operative facts and could have been advanced in the dismissed BVI Actions. Pursuit of the present actions against the PI Defendants in federal court, whether or not the complaints are amended, would be abusive under federal *res judicata* principles.

### A. The Common Law Claims Are Barred As "Additional Instances" of Claims Dismissed On The Merits In The BVI Actions

The Liquidators ignore application of the "additional instances" doctrine of federal *res judicata* law. Due to their singular focus on BVI/English law, the Liquidators argue that each separate instance of redemption creates a distinct cause of action. The Second Circuit specifically rejected that argument in *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110-111 (2d Cir. 2000), finding that the new claims were not based upon new facts. The Second Circuit said, "[t]hey are instead, nothing more than additional instances of what was previously asserted." *Id*. at 113. The Second Circuit explained, "[F]acts essential to the barred second suit need not be the same as the facts that were necessary to the first suit. It is instead enough that 'the facts *essential to the second* were [already] present in the first.'" *Id*. (quoting *Computer Associates International, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997) (emphasis in original)). The "new" common law claims asserted by the Liquidators are nothing more than "additional instances" of the same claims that were rejected by the Privy Council Decision and BVI Judgment.

### B. The BVI Insolvency Act Claims And Proposed Contractual Claims Are Based On The Same Nucleus Of Operative Facts And Could Have Been Advanced In The BVI Actions

- 5 -

The Liquidators have asserted claims based on the BVI Insolvency Act and have asserted, or seek to assert, additional claims under BVI law for breaches of contract and an implied covenant of good faith, based on Citco's alleged bad faith. But these are merely additional theories for recovery of the same barred "additional instances" of redemption. The facts underlying these additional theories indisputably were known to the Liquidators and could and should have been asserted with respect to the original claims on which the PI Defendants obtained judgment.[4]

Under federal *res judicata* rules the preclusive effect of the first judgment applies to all claims that could have been brought in the first action. *See Kiryas Joel All. v. Vill. of Kiryas Joel*, 495 F. App'x 183, 188 (2d Cir. 2012) ("plaintiffs 'cannot avoid the effects of res judicata by 'splitting' [their] claim[s] into various suits, based on different legal theories (with different evidence 'necessary' to each suit).'") (quoting *Waldman*, 207 F.3d at 110); *Waldman*, 207 F.3d at 110 (*res judicata* applied where the so-called new claims were based on additional instances of events that had been litigated in the first case and the additional theories of recovery as to those claims could also have been pleaded in the first case.).

In *Waldman*, the Second Circuit rejected the plaintiff's attempt, like that of the

---

[4] The Liquidators argue that they did not have sufficient facts to allege a bad faith cause of action against Citco at the time of the Preliminary Issues proceeding. Declaration of Gabriel Moss in Further Support of Motion for Leave to Amend and In Opposition To Defendants' Motion to Dismiss ("Moss II"), ¶ 57a. But, as discussed in the Consolidated Reply at 26-28 and, the Second Declaration of Simon Mortimore, dated May 25, 2017, ¶¶ 31-40 ("Mortimore II"), the ability of the Liquidators to sufficiently support a cause of action against Citco is not the relevant inquiry. The Preliminary Issues proceeding was designed to address and decide all relevant *legal* not factual questions, necessary to determine the Preliminary Issues. *Id.* The Liquidators' opportunity to argue that the alleged bad faith of Citco required a different result than dismissal of their claims, in the BVI Judgment, has come and gone. Thus, the Liquidators cannot raise the alleged bad faith of Citco in order to avoid the preclusive effects of federal *res judicata* rules.

Liquidators in this case, to plead additional theories of recovery with respect to "additional instances" of claims that had been previously litigated. 207 F.3d at 110. In *Waldman*, the plaintiff not only asserted different causes of action that could have been (but were not) asserted in the earlier case, but also asserted that there were new facts that had come into existence after the prior action had been filed. The Second Circuit rejected that argument, finding that the so-called new claims were based on additional instances of events that had been litigated in the first case and that the additional theories of recovery could also have been pleaded in the first case. *Id*. at 113. The Second Circuit affirmed the district court's dismissal of the plaintiff's complaint based on the doctrine of *res judicata*. *Id*. at 114. Similarly, in *Kiryas*, the Second Circuit affirmed the dismissal of all claims related to plaintiff's use of a particular property based on the doctrine of *res judicata* and rejected the plaintiffs' attempt to avoid the consequences of *res judicata* by splitting their claims. 495 F. App'x at 188.

Here, all of the additional theories advanced by the Liquidators are based on the very same nucleus of operative facts originally plead in the BVI Actions, and held not to give rise to a claim in the BVI Judgment and the Privy Council Decision. Accordingly, federal *res judicata* law requires dismissal with prejudice of all claims asserted against the PI Defendants by the Liquidators.

### III.    THE US PROCEEDINGS AGAINST THE PI DEFENDANTS ARE ALSO BARRED UNDER BVI/ENGLISH LAW

The US Proceedings would be barred against the PI Defendants, even if BVI/English preclusion law applied.[5] The preclusion principles applicable under BVI/English law are

---

[5]    The Liquidators wrongly argue that, because the PI Defendants did not discuss BVI/English law in their dismissal motions, the PI Defendants concede that under BVI/English law the US Proceedings are not barred. This is absurd. The PI Defendants moved for dismissal

extremely similar to federal *res judicata* rules. *See Sirinakis v. Colonial Bank*, 600 F. Supp. 946, 956, n.17 (S.D.N.Y. 1984) ("British and New York rules of *res judicata* are not in conflict") (citing *Fairchild, Arabatzis & Smith, Inc. v. Prometco (Produce & Metals) Co., Ltd.,* 470 F. Supp. 610, 616 (S.D.N.Y. 1979)).[6] As set forth in the Consolidated Reply, issue estoppel and the doctrine of *Henderson v. Henderson* bar all claims in the US Proceedings against the PI Defendants. Consolidated Reply, p. 25-28.[7]

### A. Issue Estoppel Bars The Common Law Claims In The US Actions Against The PI Defendants

Under BVI/English law, issue estoppel is "a rule of substantive law that precludes a party from challenging in subsequent proceedings some issue determined in earlier proceedings." Declaration of Simon Mortimore, QC, dated January 13, 2017 ("Mortimore I"), ¶ 43. The very same issues that are the subject of the US Proceedings were litigated in the BVI by the same parties. In fact, the Liquidators concede that the "PI Defendant[s] may defend against a claim asserted against it in a U.S. Redeemer Action on the ground that the Liquidators have already litigated an issue necessary to the resolution of the claim in the BVI Proceedings and had that issue decided against them." (Opp. to Consol. Br. 41). Since issue estoppel applies to all

---

under applicable federal law and did not make any choice of law arguments. There was no reason for the PI Defendants to discuss BVI/English law in their motion.

[6]    There is no meaningful difference between New York and federal law regarding *res judicata* and collateral estoppel principles, aside from choice-of-law analysis. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) ("there is no discernible difference between federal and New York law concerning res judicata and collateral estoppel").

[7]    The Liquidators assert that the PI Defendants' preclusion argument under BVI/English law depends upon the existence of cause of action estoppel. Not so. Under BVI/English law, issue estoppel and the *Henderson v. Henderson* doctrine bar all of the claims against the PI Defendants. The Liquidators arguments against cause of action estoppel are a red herring and can (and should) be ignored.

- 8 -

defendants, it is undeniable that issue estoppel applies to the PI Defendants. Mortimore explicitly opines that, under BVI/English law:

> Thus the Funds are estopped from bringing a further claim against the PI Defendants based on the causes of action or issues decided against them by, or as a result of, the Privy Council Judgment and from pleading a new legal or factual point that with reasonable diligence could and should have been raised before in the BVI Redeemer Proceedings.

Mortimore I, ¶ 44.

### B. The Doctrine Of *Henderson v. Henderson* Bars the US Proceedings Against The PI Defendants

The BVI/English doctrine of *Henderson v. Henderson*, "is a procedural rule against abusive proceedings, which precludes a party from raising in subsequent proceedings matters which were not raised, but could and should have been, in the earlier ones." Mortimore I, ¶ 54. Mortimore opines that:

> Under BVI law, which is the same as English law in this respect, the BVI Court, taking into account that the trial of Preliminary Issues was a case management device to determine efficiently legal issues relevant to the claims against all of the Defendant Institutions, should conclude that it would be an abuse within the *Henderson v Henderson* principle for the Funds to litigate against the BVI Defendants and the defendants in the US Proceedings issues that had been decided against the Funds in the BVI Redeemer Proceedings based on purported "new" facts or arguments that could and should have been raised in the BVI Redeemer Proceedings.

Mortimore I, ¶ 56. The doctrine of *Henderson v. Henderson* has the same function as federal *res judicata* rules, to protect a party from having to re-litigate, under the same or any different theories, a claim previously determined in its favor or to claims that that were not previously determined but could or should have been raised in the previous proceedings if they were to be raised at all. Mortimore II, ¶ 49 (quoting *Barrow v. Bankside Agency Ltd* [1996] 1 WLR 257, 260B, "the parties cannot return to the court to advance arguments, claims or defences which they could have put forward for decision on the first occasion but failed to raise").

- 9 -

Mortimore explains that Moss's attempt to limit the preclusive effect of the *Henderson v. Henderson* doctrine to the particular transactions and legal theories raised in the BVI Proceedings is contrary to both the express purpose of the Preliminary Issues proceeding and to the purpose of the *Henderson v. Henderson* doctrine. Mortimore II, ¶¶ 41-49. First, Mortimore confirms that allowing the pursuit of any additional claims against the PI Defendants that require a re-opening of the Preliminary Issues (as the claims asserted in the US Proceedings necessarily do) would be an abuse of process and fundamentally unfair to the PI Defendants. *Id*. Second, the legal impact of the alleged bad faith of Citco could and should have been raised in the Preliminary Issues proceeding. The Liquidators attempt to raise the alleged bad faith of Citco now is an end-run around the BVI Judgment and the Privy Council Decision, thus, a clear abuse of process. *Id*.

The Liquidators' seek to assert legally indistinguishable "additional instances" of their prior claims and to plead additional theories of recovery as to those instances that were based on facts which were known and could have been pleaded in the BVI Proceedings. This conduct is clearly abusive within the meaning of the *Henderson v. Henderson* doctrine, as well as federal *res judicata* rules. Consolidated Reply, p. 25.

Thus, even if the Court were to apply BVI/English law, as set forth in the Consolidated Reply, Mortimore I and Mortimore II, the US Proceedings are barred under BVI/English law by both issue estoppel and the doctrine of *Henderson v. Henderson*.

## CONCLUSION

For the foregoing reasons, this Court should deny the Liquidators' Motion for Leave to Amend and dismiss the complaints against all of the PI Defendants with prejudice.

Dated:   New York, New York
         June 9, 2017

- 10 -

3686741

Respectfully submitted,

MOSES & SINGER LLP


By  /s/ Mark N. Parry
    Alan Kolod
    Mark N. Parry
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800
akolod@mosessinger.com
mparry@mosessinger.com

*Attorneys for Defendants Deutsche Bank (Suisse) SA Geneve and Deutsche Bank Trust Company Americas*

*Additional Counsel Listed in Appendix B*