WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Tel.: (212) 382-3300
Fax: (212) 382-0050
Frederick R. Kessler
Fletcher W. Strong

*Attorneys for Defendants Fairfield Investment Fund Limited,
Fairfield Investment GCI, and FIF Advanced Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> Fairfield Sentry Limited, et al., <br><br> Debtors in Foreign Proceedings. | Chapter 15 case <br><br> Case No. 10-13164 (SMB) <br><br> Jointly Administered |
| Fairfield Sentry Limited, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, <br><br> Plaintiffs, <br><br> v. <br><br> Theodoor GGC Amsterdam, et al., <br><br> Defendants. | Adv. Pro. No. 10-03496 (SMB) <br><br> Administratively Consolidated |
| Fairfield Sentry Limited, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, <br><br> Plaintiffs, <br><br> v. <br><br> SG Private Banking (Suisse) SA, et al., <br><br> Defendants. | Adv. Pro. No. 10-03595 (SMB) |

| | |
|---|---|
| Fairfield Sentry Limited (In Liquidation), et al., <br><br> Plaintiffs, <br><br> v. <br><br> Union Bancaire Privee, UBP SA, et al., <br><br> Defendants. | Adv. Pro. No. 10-03635 (SMB) |
| Fairfield Sentry Limited (In Liquidation), et al., <br><br> Plaintiffs, <br><br> v. <br><br> Union Bancaire Privee, UBP SA, et al., <br><br> Defendants. | Adv. Pro. No. 10-03636 (SMB) |
| Fairfield Sentry Limited (In Liquidation), et al., <br><br> Plaintiffs, <br><br> v. <br><br> SG Private Banking (Suisse) SA, et al., <br><br> Defendants. | Adv. Pro. No. 10-03786 (SMB) |

**INDIVIDUAL SUPPLEMENTAL REPLY BRIEF OF DEFENDANTS
FAIRFIELD INVESTMENT FUND LIMITED, FAIRFIELD
INVESTMENT GCI, AND FIF ADVANCED LIMITED IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

I.   The Court Lacks Personal Jurisdiction over the FIFL Defendants .......................................1

     A.   Plaintiffs Effectively Concede that the FIFL Defendants Are Foreign
          Entities That Are Not Subject to General Personal Jurisdiction in this
          Court ............................................................................................................................1

     B.   The FIFL Defendants Are Not Subject to Specific Personal Jurisdiction
          in this Court.................................................................................................................3

II.  Plaintiffs Have Not Properly Served the FIFL Defendants ..................................................4

CONCLUSION..................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Dawson v. City of N.Y.*,
    No. 13-CV-5956 JMF, 2014 WL 5020595 (S.D.N.Y. Oct. 8, 2014)..................................3

*Ensign-Bickford Co. v. ETI Canada, Inc.*,
    297 F. Supp. 2d 450 (D. Conn. 2003)..................................................................................4

*In re Lehman Bros. Holdings Inc.*,
    452 B.R. 31 (Bankr. S.D.N.Y. 2011).....................................................................................4

*M.M. ex rel. J.M. v. N.Y. City Dep't of Educ.*,
    No. 09 CIV. 5236 (PAC), 2010 WL 2985477 (S.D.N.Y. July 27, 2010)............................3

*Official Comm. of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*,
    549 B.R. 54 (S.D.N.Y. 2016)................................................................................................3

*Water Splash, Inc. v. Menon*,
    No. 16-254, 2017 WL 2216933 (U.S. May 22, 2017).........................................................4

Defendants Fairfield Investment Fund Limited ("FIFL"), Fairfield Investment GCI ("Fairfield GCI") and FIF Advanced Limited ("FIFA," and together with FIFL and Fairfield GCI, the "FIFL Defendants"), by and through their undersigned counsel, respectfully submit this individual supplemental reply brief in response to the *Foreign Representatives' Memorandum of Law in Opposition to the Individual Supplemental Brief of Defendants Fairfield Investment Fund Limited, Fairfield Investment GCI, and FIF Advanced Limited in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated April 5, 2017 (the "Individual Opposition"), and in further support of Defendants' motion to dismiss.[1]

## I. The Court Lacks Personal Jurisdiction over the FIFL Defendants

### A. Plaintiffs Effectively Concede that the FIFL Defendants Are Foreign Entities That Are Not Subject to General Personal Jurisdiction in this Court

The Plaintiffs appear to have relinquished their argument alleging personal jurisdiction over the FIFL Defendants in two of the actions because they were purportedly New York entities. Specifically, the Plaintiffs' complaints in Adv. Pro. Nos. 10-03635 and 10-03636 against the FIFL Defendants allege, "upon information and belief," that they were "organized" under New York law and have a "registered address" in New York. *See* Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3635 [Dkt. No. 139-1] ¶¶ 64 (Fairfield GCI), 65 (FIFL), 67 (FIFA); Proposed Fourth Amended Complaint in Adv. Pro. No. 10-3636 [Dkt. No. 152-1] ¶¶ 69 (Fairfield GCI), 70 (FIFL), 72 (FIFA). The FIFL Defendants' Individual Opposition disputed such claims because the FIFL Defendants are wholly-foreign entities: FIFL

---

[1] The FIFL Defendants hereby join in and incorporate by reference the *Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss*, dated May 26, 2017 (the "Consolidated Reply"), and the *Second Declaration of Simon Mortimore, QC in Further Support of the Defendants' Motion to Dismiss*, dated May 26, 2017, that were filed in the FIFL Defendants' respective actions. Capitalized terms not otherwise defined herein shall have that meaning ascribed to them in the Consolidated Reply.

1

and FIFA are BVI entities with registered offices in the BVI, and Fairfield GCI is a series trust of Fairfield Investment Trust, a Cayman Islands trust having a trustee incorporated, and having a registered office, in the Cayman Islands. In support, the FIFL Defendants cited the following judicially-noticeable documents:

- Filings by the BLMIS Trustee that preceded Plaintiffs' filing of their proposed amended complaints, which attest to the foreign nature of the FIFL Defendants, *Individual Supplemental Brief of Defendants Fairfield Investment Fund Limited, Fairfield Investment GCI, and FIF Advanced Limited in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss*, dated January 27, 2017 (the "Individual MTD Brief"), at 4-5.;

- Publicly-available government records of various New York state and federal agencies, which attest to the fact that the FIFL Defendants are not New York entities, *id.* at 5-7;

- The Sentry Subscription Agreement, which limits investment in the fund to non-United States persons, *id.* at 7; and

- Plaintiffs' representations in various affidavits of service, which state that they served each of the FIFL Defendants by "International Registered Mail" upon two Citco entities and Advanced Strategies Ltd. located in Ireland, Amsterdam, and England, *id.* at 7-8.

In their Individual Opposition, Plaintiffs do not directly oppose such arguments; instead they effectively concede that the FIFL Defendants are not New York entities and are not subject to general personal jurisdiction here:

> The FIFL Defendants argue (at 3-8) that this Court cannot exercise general jurisdiction over them, because contrary to the allegations in the Proposed Amended Complaint, it is not a New York entity. The FIFL Defendants concede that Plaintiffs do not assert general personal jurisdiction over the FIFL Defendants. The Court need not reach the issue of general jurisdiction over the FIFL Defendants because the Court has jurisdiction over the FIFL Defendants by virtue of their consent in the Forum Clause and because Defendant has minimum contacts with the United States. *See* Liquidators' Omnibus Brief, at § I.

Individual Opposition at 3 n.5.

In any event, the Plaintiffs' failure to dispute the FIFL Defendants' defense renders it uncontested and the Plaintiffs' unsupported allegations that the FIFL Defendants are New York entities organized under New York law should be deemed abandoned. *See, e.g.*, *Dawson v. City of N.Y.*, No. 13-CV-5956 JMF, 2014 WL 5020595, at *3 (S.D.N.Y. Oct. 8, 2014); *M.M. ex rel. J.M. v. N.Y. City Dep't of Educ.*, No. 09 CIV. 5236 (PAC), 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010).

### B. The FIFL Defendants Are Not Subject to Specific Personal Jurisdiction in this Court

The FIFL Defendants are not subject to personal jurisdiction through the Forum Selection Clause in the Subscription Agreement. *See* Individual Opposition at 3-4. As an initial matter, the Plaintiffs are estopped from relying on the Forum Selection Clause because they have already taken the position that their claims arise from the Articles, not the Subscription Agreement. *See* Consolidated Reply at 8. Further, the FIFL Defendants are not even alleged to have signed the Subscription Agreement. *See* Opp. at 11 (arguing that those 192 defendants listed in Appendix B-1 are bound by the Subscription Agreement, not by actually signing, but by purportedly giving the requisite "consent" to some unidentified third party); Appendix B-1 of Opp. at 1, 3, 6, 8 (listing FIFL, FIFA, and Fairfield GCI for relevant actions).[2] Finally, in any event, the Forum Selection Clause cannot be read to apply to this dispute. *See* Consolidated Reply at 9-12.[3]

---

[2] The Plaintiffs argue that defendants which invested in Sentry, such as the FIFL Defendants, are subject to personal jurisdiction because the Sentry Subscription Agreement contemplated the use of correspondent bank accounts in the United States. *See* Opp. at 14-18 (citing, *e.g., Official Comm. of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*, 549 B.R. 56 (S.D.N.Y. 2016)). But the Consolidated Reply shows why this argument fails. *See id.* at 14 & n.23. And the FIFL Defendants' status as non-signatories renders it even more attenuated.

[3] As set forth in the Consolidated Reply, the Plaintiffs' reading of the Forum Selection Clause – which applies to disputes "with respect to this Agreement and the Fund" – would render the phrase "this Agreement" superfluous. *See* Consolidated Reply at 11. Indeed, "Agreement" is defined as "this Subscription Agreement," Subscription Agreement ¶ 1, and should be interpreted in accordance with its defined meaning and not enlarged to apply to

3

Nor are the FIFL Defendants subject to personal jurisdiction based on the allegation that they decided to invest in Sentry knowing that it would invest in New York-based BLMIS. *See* Individual Opposition at 4. Fist, such alleged contacts are not purposeful.[4] *See* Consolidated Reply at 12-14. In addition, none of the claims arises out of such alleged jurisdictional contact. *See id.* at 14-16. Moreover, exercising personal jurisdiction over the FIFL Defendants would be unreasonable. *See id.* at 16-17.

## II.     Plaintiffs Have Not Properly Served the FIFL Defendants

Service of process on the FIFL Defendants was improper. As set forth above, the Plaintiffs do not dispute that the FIFL Defendants are foreign entities. In addition, the FIFL Defendants did not consent to service abroad by privately-dispatched mail. Therefore, in order for service on the FIFL Defendants to be effective, it needed to comply with Rule 4 of the Federal Rules of Civil Procedure. *See Water Splash, Inc. v. Menon*, No. 16-254, 2017 WL 2216933, at *8 (U.S. May 22, 2017) (holding that service by mail is permissible under the Hague Convention only when it is also authorized under "otherwise-applicable law"). Accordingly, for the reasons set forth in the Consolidated Reply, the Plaintiffs' attempt at service on the FIFL Defendants – *i.e.*, by privately-dispatched mail – was ineffective because it failed to comply with Rule 4. *See* Consolidated Reply at 49.

---

disputes under other agreements such as the Articles. *See, e.g., In re Lehman Bros. Holdings Inc.*, 452 B.R. 31, 41 (Bankr. S.D.N.Y. 2011); *Ensign-Bickford Co. v. ETI Canada, Inc.*, 297 F. Supp. 2d 450, 452 (D. Conn. 2003).

[4] To premise personal jurisdiction over the FIFL Defendants upon the use of U.S.-denominated funds, as contemplated in the Sentry Subscription Agreement, would be especially attenuated given that they are not even alleged to have signed such agreement. *See supra* at 3.

4

**CONCLUSION**

For the reasons set forth above and in the Consolidated Reply, as well as the consolidated motion to dismiss brief and the Individual MTD Brief, this Court should deny Plaintiffs' Motion for Leave to Amend and dismiss the complaints as against FIFL, Fairfield GCI and FIFA in Adv. Pro. Nos. 10-3595, 10-3635, 10-3636 and 10-3786 with prejudice.

Date:  New York, New York
       June 9, 2017

                                  WOLLMUTH MAHER & DEUTSCH LLP

                                  By:  */s/ Frederick R. Kessler*
                                        Frederick R. Kessler
                                        Fletcher W. Strong

                                  500 Fifth Avenue
                                  New York, New York 10110
                                  Tel:   (212) 382-3300
                                  Fax:  (212) 382-0050

                                  *Attorneys for Defendants Fairfield Investment Fund Limited, Fairfield Investment GCI, and FIF Advanced Limited*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Individual Supplemental Reply Brief of Defendants Fairfield Investment Fund Limited, Fairfield Investment GCI, and FIF Advanced Limited in Further Support of Defendants' Motion to Dismiss was filed electronically this 9th day of June, 2017.  Notice of this filing will be sent electronically to all parties and attorneys who have entered an appearance and receive notices in this case through the Court's CM/ECF.  Parties may access this filing through the Court's electronic filing system.

/s/ Frederick R. Kessler
Frederick R. Kessler