**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10022
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Reid Ashinoff
reid.ashinoff@dentons.com
Justin N. Kattan
justin.kattan@dentons.com

**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
D. Farrington Yates
Farrington.Yates@kobrekim.com

*Attorneys for EFG Bank and EFG Bank (Monaco)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>FAIRFIELD SENTRY LIMITED, *et al.*,<br>    Debtors in Foreign Proceedings. | Ch. 15 Case<br>Case No. 10-13164 (SMB)<br>Jointly Administered |
| FAIRFIELD SENTRY LIMITED, *et al.* (In Liquidation), acting by and through the Foreign Representatives thereof,<br>    Plaintiffs,<br>-against-<br>THEODOOR GGC AMSTERDAM, *et al.*,<br>    Defendants. | Adv. Pro. No. 10-03496 (SMB)<br>Administratively Consolidated |
| FAIRFIELD SENTRY LIMITED, *et al.* (In Liquidation), acting by and through the Foreign Representatives thereof,<br>    Plaintiffs,<br>-against-<br>ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, *et al.*,<br>    Defendants. | Adversary Pro. No. 10-03635 (SMB) |
| FAIRFIELD SENTRY LIMITED, *et al.* (In Liquidation), acting by and through the Foreign Representatives thereof,<br>    Plaintiffs,<br>-against-<br>ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, *et al.*,<br>    Defendants. | Adversary Pro. No. 10-03636 (SMB) |

**INDIVIDUAL SUPPLEMENTAL REPLY MEMORANDUM OF**
**EFG BANK AND EFG BANK (MONACO)**

## **TABLE OF CONTENTS**

**Page**

ARGUMENT .................................................................................................................................. 2

    I.    THE LIQUIDATORS FAILED TO SERVE EFG MONACO PROPERLY ......... 2

    II.   THE COMPLAINT SHOULD BE DISMISSED UNDER PRINCIPLES
        OF COMITY ................................................................................................................ 3

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrams v. Gen. Nutrition Cos.*,
    No. 06–1820 (MLC), 2006 WL 2739642 (D.N.J. Sept. 25, 2006) ............................................3

*Allstate Life Ins. Co. v. Linter Group Limited*,
    994 F.2d 996 (2d Cir. 1993) ....................................................................................................5

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006) ......................................................................................................2

*In re Fairfield Sentry*,
    452 B.R. 64 (Bankr. S.D.N.Y. 2011) .......................................................................................4

*JP Morgan Chase Bank v. Altos de Mexico S.A. de C.V.*,
    412 F.3d 418 (2d Cir. 2005) ....................................................................................................4

*Maxwell Commc'n Corp. v. Societe Generale* (*In re Maxwell Commc'n Corp.*),
    93 F.3d 1036 (2d Cir. 1996) ................................................................................................4, 6

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987) ..................................................................................................................2

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003) ......................................................................................................5

*Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*,
    466 F.3d 88 (2d Cir. 2006) ......................................................................................................5

*Securities Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    Adv. P. No. 08-01789 (SMB), 2016 WL 6900689
    (Bankr. S.D.N.Y. Nov. 21, 2016) ....................................................................................1, 3, 6

*Shea Dev. Corp. v. Watson*,
    No. 07 CIV. 11201 (DLC), 2008 WL 762087 (S.D.N.Y. Mar. 24, 2008) ...............................2

*SIPC v. BLMIS* (*In re BLMIS*),
    513 B.R. 222 ...........................................................................................................................6

*Ungaro-Benages v. Dresdner Bank AG*,
    379 F.3d 1227 (11th Cir. 2004) ...............................................................................................5

*United States v. Dauray*,
    215 F.3d 257 (2d Cir. 2000) ....................................................................................................4

*United States v. Turkette*,
   452 U.S. 576 (1981)..................................................................................................................4

**Statutes**

11 U.S.C.
   § 1501.......................................................................................................................................3
   § 1507(b) .................................................................................................................................3
   § 1509(b)(3) ............................................................................................................................3

28 U.S.C.
   § 1334(c)(1) .........................................................................................................................3, 4

Pursuant to paragraph I(D) of the *Supplemental Case Management Order of October 18, 2016* and paragraph I(B) of the *Supplemental Case Management Order* of March 23, 2017, Case No. 10-03496 (ECF Nos. 918 and 1326, respectively), EFG Bank ("EFG") and EFG Bank (Monaco) ("EFG Monaco" and together with EFG, the "Moving Defendants") by their undersigned attorneys, respectfully submit this individual supplemental reply memorandum of law.[1]

The Moving Defendants join in and incorporate by reference the Consolidated Reply, which details, *inter alia*, that the Liquidators cannot rely on the Subscription Agreements' Forum Selection Clause to excuse their failure to properly serve certain Swiss defendants, including EFG (a Swiss entity) with process. (Consol. Reply at 11-12, 46-49). As detailed in the Moving Defendants' Supplemental Memorandum, and through the accompanying Declaration of Geraldine Gazo, Monaco, like Switzerland, filed a reservation to Article 10(a) of the Hague Convention and does not permit service of process by mail—a fact that the Liquidators make no attempt to rebut. Therefore, EFG Monaco, like EFG, was never properly served, and the Liquidators' claims against it should be dismissed with prejudice.

Additionally, the Liquidators' claims against the Moving Defendants are barred under the doctrine of comity, following this Court's rationale in its recent decision in *Securities Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. P. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 21, 2016) ("Picard Extraterritoriality Opinion").

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the *Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss* (the "Consolidated Reply"), filed on May 30, 2017 in these Adversary Proceedings 10-03635 (ECF No. 305) and 10-03636 (ECF No. 335) or in the *Individual Supplemental Memorandum of EFG Bank and EFG Bank (Monaco)* (ECF Nos. 215 and 242, respectively) (the "Supplemental Memorandum").

**ARGUMENT**

**I.  THE LIQUIDATORS FAILED TO SERVE EFG MONACO PROPERLY**

The Liquidators do not, and cannot, dispute that Monegasque law prohibits service by mail in this case, which was the sole method of service the Liquidators attempted. It is therefore undisputed that the Liquidators' service of process was improper under Monegasque law.

To get around this, the Liquidators rely on the Forum Selection Clause in the Subscription Agreements. However, the Consolidated Reply makes clear that the Forum Selection Clause does not bind EFG Monaco. Not only is it inapplicable for all the reasons that the Consolidated Reply articulates with respect to any foreign defendant who signed a Subscription Agreement, but furthermore ***the Liquidators do not allege that EFG Monaco signed a Subscription Agreement***. Moreover, the Liquidators do not allege that:

- EFG Monaco is an alter ego or affiliate of a signatory to the Subscription Agreement, or that EFG Monaco "had access to the… Agreement at any time before it was signed" or "played a sufficiently substantial role in" its negotiations, as would be required to bind EFG Monaco as a non-signatory. *Shea Dev. Corp. v. Watson*, No. 07 CIV. 11201 (DLC), 2008 WL 762087, at *2 (S.D.N.Y. Mar. 24, 2008); or that

- Paragraph 27 of the Subscription Agreements, which references subscribers acting as representatives for a non-signatory beneficial shareholder, "was reasonably communicated" to EFG Monaco, as would be required to make that provision effective against EFG Monaco. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006)

Therefore, the Liquidators' attempt to serve EFG Monaco with process was ineffective and their claims must be dismissed. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (affirming dismissal for failure to serve process, which is a "prerequisite[] to a federal court's exercise of personal jurisdiction" against a foreign defendant).

2

## II. THE COMPLAINT SHOULD BE DISMISSED UNDER PRINCIPLES OF COMITY

The Liquidators do not, and cannot, credibly dispute that the same logic that led this Court to dismiss the Trustee's claims on comity grounds in the Picard Extraterritoriality Opinion warrants dismissal on those same grounds here—*i.e.*, the BVI Court has already asserted its interest in these claims, and is best situated to decide the controlling issues of BVI law, whereas this Court's jurisdiction over the Liquidators' claims is tenuous, at best, for all of the reasons set out in the Consolidated Reply. The Liquidators' contrary arguments fail for three reasons.

*First*, their contention that 28 U.S.C. § 1334(c)(1) precludes this Court from abstaining from this adversary proceeding because it arises in the context of a chapter 15 case ignores the plain language of the statute itself, as well as relevant Second Circuit precedent. 28 U.S.C § 1334(c)(1) makes clear that while a court cannot abstain from hearing "a ***case*** under chapter 15 of title 11," that restriction does not apply to this ***adversary proceeding***. *See, e.g., Abrams v. Gen. Nutrition Cos.,* No. 06–1820 (MLC), 2006 WL 2739642, at *7 (D.N.J. Sept. 25, 2006) (holding that section 1334(c)(1) prevents a court from exercising discretionary abstention only over a *case*).

The Liquidators' contention that section 1334(c)(1) prevents a court from abstaining from a proceeding arising in, or related to, a chapter 15 case, runs contrary to the expressly-stated purposes behind chapter 15, which include (i) furthering cooperation between domestic and foreign courts and (ii) fair and efficient administration of cross-border insolvencies. 11. U.S.C. § 1501.[2] The Liquidators' interpretation of section 1334(c)(1) would ***prohibit*** bankruptcy courts in chapter 15 cases from deferring to the proceedings and judgments of foreign courts via

---

[2] Other sections of chapter 15 specifically require federal courts to consider matters of comity when granting relief. *See, e.g.*, 11 U.S.C. §§ 1507(b), 1509(b)(3).

3

abstention, thus directly conflicting with the statute's express objectives. This could not have been Congress' intent, especially considering that section 1334(c)(1) was amended to include the phrase, "[e]xcept with respect to a case under chapter 15 of title 11," as part of the same legislation that enacted chapter 15. *See* Bankruptcy Abuse Prevention and Consumer Protection Act, Pub.L. No. 109-8, 119 Stat. 23 ("BAPCA").[3]

The Liquidators' interpretation of section 1334(c)(1) also conflicts with Second Circuit precedent which makes clear that principles of comity and the related doctrine of permissive abstention are "especially important in the context of the Bankruptcy Code." *Maxwell Commc'n Corp. v. Societe Generale* (*In re Maxwell Commc'n Corp.*), 93 F.3d 1036, 1048 (2d Cir. 1996). The Second Circuit has "repeatedly held that U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding." *JP Morgan Chase Bank v. Altos de Mexico S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir. 2005). If adopted, the Liquidators' interpretation of section 1334(c)(1) would essentially preclude any application of the comity doctrine to proceedings within chapter 15 cases, in direct contravention of this Second Circuit precedent.[4]

***Second***, the Liquidators' assertion that the Court cannot abstain on comity grounds because the "parallel proceeding" requirement is not met, (Opp. Br. at 4), ignores the fact that the

---

[3] The use of the term "case" in section 1334(c)(1) suggests that this section was amended as part of BAPCA to ensure that chapter 15's requirements for "recognition" would be the only standard used to determine if a bankruptcy court should adjudicate a chapter 15 *case* (*i.e.*, Congress did not want a proposed chapter 15 *case* dismissed on the grounds of permissive abstention). The amendment was not intended to prevent bankruptcy courts from abstaining from *all* matters in a chapter 15 case, which would produce an absurd result in light of chapter 15's express objectives. Interpreting section 1334(c)(1) in light of BAPCA, and to avoid an absurd result, is required where, as here, there may be several reasonable interpretations of section 1334(c)(1). *See United States v. Dauray*, 215 F.3d 257, 262 (2d Cir. 2000) (citing *United States v. Turkette*, 452 U.S. 576, 591 (1981) and applying various canons of construction, including avoiding absurdity, statutory structure, and statutory amendment).

[4] Any contention that *In re Fairfield Sentry*, 452 B.R. 64 (Bankr. S.D.N.Y. 2011) must be considered "law of the case" (Opp. Br. at 3, n.4) is unavailing. The prior *Fairfield* decision involved abstention and remand to a state court on equitable grounds, and therefore, the Court did not have occasion to consider the interplay between permissive abstention and the doctrine of international comity.

4

Debtors' foreign main proceeding and the BVI Actions constitute the requisite parallel proceedings in a foreign country. The Second Circuit has held that comity among courts can apply retrospectively, including with respect to prior decisions of a foreign tribunal, such as those already issued in the BVI Actions. *See e.g.*, *Allstate Life Ins. Co. v. Linter Group Limited*, 994 F.2d 996, 999-1000 (2d Cir. 1993) (dismissing case on grounds of comity based on existence of main insolvency proceeding in foreign jurisdiction); *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238–39 (11th Cir. 2004) (holding that comity can apply retrospectively). The fact that the foreign litigation was pursued in the context of a foreign insolvency proceeding strongly militates in favor of dismissal on the grounds of comity. *See Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92–93 (2d Cir. 2006) ("We have recognized one discrete category of foreign litigation that generally requires the dismissal of parallel district court actions – foreign bankruptcy proceedings.").

*Third*, the Liquidators' contention that "exceptional circumstances" do not exist here because the BVI is not an adequate forum ignores that "[a]n alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 75 (2d Cir. 2003). The Liquidators do not dispute that the Moving Defendants can be served with BVI process, and that the BVI Court permits litigation of the Liquidators' BVI-law claims. To the extent the Liquidators' claims are time-barred in the BVI, that argument fails, as discussed in the Supplemental Reply Memorandum in Further Support of the Motion To Dismiss on Grounds of *Forum Non Conveniens*, which the Moving Defendants have joined (the "FNC Reply," ECF No. 1282 in Case No. 10-03496), because the Liquidators cannot be permitted to take advantage of

5

their own inequitable conduct that purposely led to the limitations period lapsing. (FNC Reply at 7).

Finally, the Liquidators incorrectly assume that the Moving Defendants seeks dismissal under the doctrine of comity among courts, but not the doctrine of comity among nations. (*See* Opp. Br. at 2-3, 6-7). To the contrary, both comity among courts and comity among nations require the dismissal of the complaint, as do other general principles of international comity. The comity among nations inquiry often focuses on which jurisdiction has the greater interest in the dispute. *See, e.g.*, *Maxwell*, 93 F.3d at 1051 (2d Cir. 1996) ("England has a much closer connection to these disputes than does the United States."); *SIPC v. BLMIS* (*In re BLMIS*), 513 B.R. 222, 232 ("Given the indirect relationship between [BLMIS] and the transfers at issue here, these foreign jurisdictions have a greater interest in applying their own laws than does the United States."). Here, there can be no dispute that, as in the *Picard* case, the BVI Court has the greater interest in deciding the substantive and procedural issues of BVI law, particularly where a foreign main proceeding remains pending in the BVI and the defendants are foreign entities. *See* Picard Extraterritoriality Opinion at *14-15.

## CONCLUSION

For all of the reasons set forth herein, as well as in the Consolidated Reply, the Moving Defendants request that the Court grant their motion to dismiss and deny the Liquidators leave to amend their complaint.

Dated: June 9, 2017                                Respectfully submitted,

                                                   BY:     */s/ Justin N. Kattan*
                                                           **DENTONS US LLP**
                                                           1221 Avenue of the Americas
                                                           New York, New York 10022
                                                           Telephone: (212) 768-6700
                                                           Facsimile: (212) 768-6800

Reid Ashinoff
reid.ashinoff@dentons.com
Justin N. Kattan
justin.kattan@dentons.com

-and-

KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
D. Farrington Yates
Farrington.Yates@kobrekim.com

*Attorneys for EFG Bank and EFG Bank (Monaco)*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 9, 2017, a true and correct copy of the foregoing was filed and served electronically on all counsel of record by the CM/ECF system which will send notification of such filings to registered parties.

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Justin N. Kattan*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Justin N. Kattan

102380056\V-9