**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**FAIRFIELD SENTRY LIMITED, et al.,**<br><br>Debtors in Foreign Proceedings. | **Chapter 15 Case**<br><br>**Case No: 10-13164 (SMB)**<br><br>**Jointly Administered** |
| **Fairfield Sentry Limited (In Liquidation), et al.,**<br><br>Plaintiffs,<br><br>-against-<br><br>**Theodoor GGC Amsterdam, et al.**<br><br>Defendants. | **Administratively Consolidated**<br><br>Adv. Pro. No. 10-03496 (SMB) |
| **FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,**<br><br>Plaintiffs,<br><br>-against-<br><br>**UNION BANCAIRE PRIVEE, UBP SA, et al.,**<br><br>Defendants. | Adv. Pro. No. 10-03635 (SMB) |

**BANK J. SAFRA SARASIN AG'S SUPPLEMENTAL REPLY**
**MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**
**AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant Bank J. Safra Sarasin AG, formerly known as Bank Sarasin & Cie ("BJSS"), a bank incorporated under the laws of Switzerland, respectfully submits this supplemental reply brief in support of its motion to dismiss all claims against it in the above-

referenced adversary proceeding. BJSS adopts and incorporates all applicable arguments for dismissal in the May 26, 2017 Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss (the "Consolidated Reply").[1] BJSS further adopts and incorporates the arguments made in Barclays Bank (Suisse) S.A., Barclays Bank S.A., and Barclays Private Bank & Trust Limited's Supplemental Reply Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Further Support of Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens* ("FNC Reply").[2] The Liquidators fail to raise any individualized argument that their claims against BJSS have merit in their Supplemental Opposition, instead relying on their consolidated opposition. For the reasons set forth in the Consolidated Reply and FNC Reply, the Liquidators' opposition only confirms that neither the Operative Complaint[3] nor the Proposed Amended Complaint[4] in this proceeding states any claim against BJSS.

*First*, the Court lacks subject matter jurisdiction over the Liquidators' claims, all of which are brought under British Virgin Islands law, because there can be no "related to" jurisdiction where, as here, the Liquidators fail to allege any of the assets they seek to recover from BJSS are in the United States. *See* Consolidated Reply at 3–7.

*Second*, the Liquidators fail to allege in their Operative or Proposed Amended Complaint facts establishing that exercising personal jurisdiction over BJSS, a Swiss bank with

---

[1]     *See* Consolidated Reply, *Fairfield Sentry Ltd.* v. *Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Dkt. No. 1457). Unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Consolidated Reply.

[2]     *See* FNC Reply, *Fairfield Sentry Ltd.* v. *Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Dkt. No. 1482).

[3]     Am. Compl., *Fairfield Sentry Ltd.* v. *Union Bancaire Privee, UBP SA*, Adv. Pro. No. 10-03635 (Dkt. No. 121) ("Operative Complaint").

[4]     Proposed Am. Compl., *Id.* (Dkt. No. 139) ("Proposed Amended Complaint"). Unless otherwise noted, citations to ¶ numbers reference the Proposed Amended Complaint.

no alleged presence in the United States, would be consistent with the Due Process Clause of the Fifth Amendment and otherwise reasonable. The Supplemental Opposition in effect concedes that they *cannot* allege these facts, relying instead on: (i) a "Subscription Agreement" that they do not allege BJSS even signed, Supp. Opp., Dkt. 272, at 3, which does not even apply to the types of claims asserted in the Proposed Amended Complaint, *see* Consolidated Reply at 9–12; and (ii) attenuated and conjectural U.S. contacts that are irrelevant or insufficient as a matter of law, *see* Supp. Opp. at 3–4; Consolidated Reply at 12–17.

*Third*, the Liquidators have never properly served BJSS. Their purported attempt to serve BJSS in Switzerland via international registered mail is expressly prohibited by Swiss law and not authorized under the Federal Rules of Civil Procedure. Consolidated Reply at 48–50. The Supreme Court recently confirmed that the Hague Convention allows mail service *only* when the receiving state has not objected to such service (as Switzerland has) *and* the issuing forum permits such service, and neither requirement has been met here. *See Water Splash, Inc. v. Menon*, No. 16-254, 2017 WL 2216933, at *8 (U.S. May 22, 2017). The Liquidators' illegal attempt to serve BJSS via mail in Switzerland was without effect, and they should not be permitted another attempt at service in light of the many years they have been on notice of this defect but taken no action to cure it. Their claims against BJSS should therefore be dismissed for defective service pursuant to Fed. R. Civ. P. 12(b)(5).

*Fourth*, even if the Liquidators could establish jurisdiction, the Operative Complaint and Proposed Amended Complaint still fail to state a claim under U.S. Bankruptcy and BVI law for all of the reasons set forth in the Consolidated Reply. Consolidated Reply at 17–46.

Accordingly, this Court should dismiss the Liquidators' action for lack of

jurisdiction or failure to state a claim.  In the alternative, the Court should dismiss all claims in favor of the foreign main liquidation proceeding in the British Virgin Islands ("BVI") on *forum non conveniens* grounds.  The Liquidators have failed to put forth any legitimate reason for bringing their purported claims against BJSS in this Court, rather than in the BVI.  And the Liquidators' efforts to avoid the 2014 Privy Council ruling rejecting their claims brought in the BVI means that their choice to sue in this Court is entitled to no deference.  FNC Reply at 3-6. As set forth in the FNC Reply, the BVI is an adequate alternative forum, and the public and private interest factors overwhelmingly favor the adjudication of any remaining claims by its courts.  *Id.* at 6-12.  Thus, at a minimum, the Liquidators' claims against BJSS should be dismissed in favor of the BVI on *forum non conveniens* grounds.

For the foregoing reasons, and those set forth in the Consolidated and FNC Briefs and Replies, BJSS respectfully requests that the Court dismiss all claims brought against BJSS and deny leave to amend.

Dated:   New York, New York
         June 9, 2017

**SULLIVAN & CROMWELL LLP**

By: /s/ Jeffrey T. Scott
    Jeffrey T. Scott
    (scottj@sullcrom.com)
    Andrew J. Finn
    (finna@sullcrom.com)
    125 Broad Street
    New York, New York 10004
    (212) 558-4000

*Attorneys for Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie*