**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LIMITED, et al., | Case No. 10-13164 (SMB) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | |
| Plaintiffs, | Adv. Pro. No. 10-03635 (SMB) |
| v. | |
| ABN AMRO SCHWEIZ AG, et al., | |
| Defendants. | |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | |
| Plaintiffs, | Adv. Pro. No. 10-03636 (SMB) |
| v. | |
| ABN AMRO SCHWEIZ AG, et al., | |
| Defendants. | |

**INDIVIDUAL REPLY BRIEF OF DEFENDANT
VORARLBERGER LANDES- UND HYPOTHEKENBANK AG
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND AND IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 1

    1.   The Forum Selection Clause Does Not Apply to the Hypo Defendants. ........................... 2

    2.   The Liquidators Failed to Serve Hypo Bank in Accordance with New York Law ............ 2

CONCLUSION ....................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Alfred E. Mann Living Tr. v. ETRIC Aviation S.a.r.l.*, 78 A.D.3d 137,
910 N.Y.S.2d 418 (1st Dep't 2010) ........................................................................................ 2

*Hypo Bank Claims Grp., Inc. v. Am. Stock Transfer & Trust Co.*, 4 Misc. 3d 1020(A),
791 N.Y.S.2d 870 (Sup. Ct. 2004) .......................................................................................... 3

*Kahn v. Kahn*, 360 F. App'x 202 (2d Cir. 2010) ...................................................................... 1

*Kwon v. Yun*, 2006 WL 416375 (S.D.N.Y. Feb. 21, 2006) ..................................................... 1

*Mastec Latin Am. v. Inepar S/A Industrias E Construcoes*, No. 03 CIV 9892 (GBD),
2004 WL 1574732 (S.D.N.Y. July 13, 2004) ......................................................................... 3

**Statutes**

NY CPLR § 312-a ..................................................................................................................... 3

i

**PRELIMINARY STATEMENT**

Defendant Vorarlberger Landes- und Hypothekenbank AG ("Hypo Bank") respectfully submits this Individual Reply Brief in response to Plaintiff's Memorandum of Law in Opposition to Hypo Bank's Individual Supplemental Brief ("the Individual Opposition" or "Ind. Opp."). Hypo Bank heretofore joined the Consolidated Opposition to Plaintiff's Motion for Leave to Amend and Motion to Dismiss filed on January 13, 2017 in Adv. P. Nos. 10-03496 (ECF No. 959), 10-03635 (ECF No. 170) and 10-03636 (ECF No. 189) ("the Consolidated Motion"). Hypo Bank adopts and incorporates by reference the arguments raised in the Consolidated Memorandum of Law in support of the Consolidated Motion (the "Consolidated Brief") (ECF No. 960), Hypo Bank's Individual Supplemental Brief (ECF No. 1219) ("the Individual Brief"), and the Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss ("the Consolidated Reply Brief") (ECF No. 1457).[1]

This Individual Reply Brief offers further support to the Consolidated Reply Brief's argument, insofar as applicable to Hypo Bank, that the Liquidators' claims should be dismissed for defective service.

**ARGUMENT**

The Liquidators have the burden of pleading the adequacy of service of process. *See Kahn v. Kahn*, 360 F. App'x 202, 203 (2d Cir. 2010) ("On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient"); *Kwon v. Yun*, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006) ("The burden on a motion to dismiss for insufficient

---

[1] Unless specifically indicated otherwise, all ECF citations in this memorandum refer to Adv. P. No. 10-03496 (SMB), the main administratively consolidated adversary proceeding. Capitalized terms not defined in this memorandum have the same meanings as in the Consolidated Brief, the Individual Brief and the Consolidated Reply Brief.

1

service of process rests with the plaintiff, who must, through specific factual allegations and any supporting materials, make a prima facie showing that service was proper").

Hypo Bank, through its initial Joinder (ECF No. 692) and its Individual Brief, has demonstrated that the Liquidators' method of service in this matter was contrary to Austrian and New York law. The Liquidators argue in opposition that Hypo Bank "expressly" consented to service by mail through the Subscription Agreement's Forum Selection Clause, to which Hypo Bank is bound as a "Beneficial Shareholder" and "closely related party" to the registered shareholder. Ind. Opp., at 2. Accordingly, the Liquidators argue, even if Austrian law prohibits mail service, it "…does not govern the legal effect of the Subscription Agreements in U.S. courts [and cannot] change the law of service in this Court." *Id.* at 3. This is not the case.

1. **The Forum Selection Clause Does Not Apply to the Hypo Defendants.**

As was argued at length in the Consolidated Brief (at pp. 24-28) and the Consolidated Reply Brief (at pp. 8-12), the Forum Selection Clause does not apply to the Liquidators' claims. Hypo Bank, like most defendants in this action, did not sign the Subscription Agreement and therefore did not consent to the service provision contained in the Forum Selection Clause. This forecloses the Liquidators' waiver argument *ab initio*.

2. **The Liquidators Failed to Serve Hypo Bank in Accordance with New York Law**

Even if it is assumed, for the sake of argument, that Hypo Bank was a party to the Subscription Agreement, this would not change the outcome. Notably, the Liquidators' reliance on *Alfred E. Mann Living Tr. v. ETRIC Aviation S.a.r.l.*, 78 A.D.3d 137, 910 N.Y.S.2d 418 (1st Dep't 2010) in support of their argument that Hypo Bank consented to service by private mail is inapposite. That case concerned a waiver of the service requirements imposed by the Hague Convention, which are generally "…treated as the law of the land." *Id.* at 138, 421. Austria,

2

however, is not a signatory to the Hague Convention and maintains its own requirements for legal service.

Furthermore, the forum selection clause in *Mann* was substantially broader than the one at issue here, containing a blanket waiver of "…personal service of the summons, complaint and other process issued in any such action or suit." *Mann*, at 138, 421. The Subscription Agreement's Forum Selection Clause, on the other hand, permits service by certified or registered mail, but, at the same time, also limits the Subscriber's consent to "…service of process *as provided by New York law*." *See* Foreign Representatives' Memorandum of Law in Opposition to the Consolidated Brief (ECF No. 1336), p. 5 (emphasis added).

The Liquidators cannot, and they do not, dispute that New York law is applicable to the Forum Selection Clause. Pursuant to New York law, however, service on a foreign entity is subject to comity and must not violate the sovereignty of a foreign country. *See*, e.g., *Mastec Latin Am. v. Inepar S/A Industrias E Construcoes*, No. 03 CIV 9892 (GBD), 2004 WL 1574732, at *2 (S.D.N.Y. July 13, 2004) ("[u]nder New York law, service of process in violation of the laws of a foreign country is invalid"); *Hypo Bank Claims Grp., Inc. v. Am. Stock Transfer & Trust Co.*, 4 Misc. 3d 1020(A), 791 N.Y.S.2d 870 (Sup. Ct. 2004) (holding that the doctrine of comity trumps CPLR § 311 in cases involving foreign corporations having their principal place of business overseas, and that compliance with the laws of the sovereignty where the foreign corporation is located is required). In *Mastec*, the court noted that defendant had not claimed that foreign law precluded it from contractually agreeing to alternative methods of service and found for the plaintiff. Hypo Bank, however, already demonstrated that Austrian law does not permit "contracting around" the prohibition of service by mail. *See* Joinder, pp. 6-7.

3

Thus, *arguendo* the Forum Selection Clause is applicable to Hypo Bank (which we submit it is not), the Liquidators would still be required to comply with the Austrian requirements for service of process. In any case, and as Hypo Bank has previously demonstrated in its Joinder and Individual Brief, NY CPLR § 312-a requires that service by mail be effected by enclosing two copies of a statement of service and an acknowledgement of receipt with a return envelope, postage prepaid, addressed to the sender. *See* Joinder, at 1-5; Individual Brief, at 4-5. The Liquidators do not deny that their private mail service did not comply with NY CPLR § 312-a. Accordingly, service in this matter was defective.

## CONCLUSION

For the reasons set forth above and in the Consolidated Reply Brief, the Liquidators' motion for leave to amend should be denied, Hypo Bank's motion to dismiss should be granted and the action should be dismissed in its entirety, together with such other and further relief as may be just and proper under the circumstances.

Dated: New York, New York
       June 9, 2017

Respectfully submitted,

Harnik Law Firm

      /S/
Stephen M. Harnik, Esq.

623 Fifth Avenue, 24th Floor
New York, New York 10022-6831
Telephone: (212) 599-7575
Facsimile : (212) 867-8120
Email: stephen@harnik.com
*Attorneys for Defendant Vorarlberger Landes- Und Hypothekenbank AG*

4