Marshall R. King
Gabriel Herrmann
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166

*Attorneys for Defendants UBS AG and UBS Jersey Nominees*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>    Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (BRL)<br><br>(Jointly Administered) |
| FAIRFIELD SENTRY LIMITED, et al. (In Liquidation), acting by and through the Foreign Representatives thereof,<br><br>    Plaintiffs,<br><br>    v.<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>    Defendants. | Adv. Pro. No. 10-03496<br><br>(Administratively Consolidated) |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) and FAIRFIELD SIGMA LIMITED (IN LIQUIDATION), acting by and through the Foreign Representatives thereof, and KENNETH KRYS and CHARLOTTE CAULFIELD, solely in their capacities as Foreign Representatives and Liquidators thereof,<br><br>    Plaintiffs,<br><br>    -against-<br><br>ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, et al.,<br><br>    Defendants. | Adv. Pro. No. 10-03635 (SMB)<br><br>**DEFENDANTS UBS AG AND UBS JERSEY NOMINEES' NOTICE OF JOINDER IN CONSOLIDATED REPLY BRIEFING AND INDIVIDUAL SUPPLEMENTAL REPLY BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND IN FURTHER SUPPORT OF <u>MOTION TO DISMISS</u>** |

In accordance with the October 18, 2016 Supplemental Case Management Order and October 20, 2016 Second Supplemental Case Management Order entered by this Court (ECF Document Nos. 918 and 920 in Adversary Proceeding No. 10-03496, with which this adversary proceeding has been administratively consolidated), Defendants UBS AG (incorrectly sued herein as "UBS AG New York" and "UBS AG Zurich") and UBS Jersey Nominees (together with UBS AG, "UBS") respectfully submit this (1) notice of further joinder in the motion documents identified below, and (2) Individual Supplemental Reply Brief in opposition to Plaintiffs' motion for leave to file a Fourth Amended Complaint and in further support of their motion to dismiss.

**I.    UBS'S FURTHER JOINDER IN CONSOLIDATED AND JOINT BRIEFING**

Having previously joined in the Motion to Dismiss filed on January 13, 2017, as ECF Document No. 959 in Adversary Proceeding No. 10-03496, UBS hereby further joins in and incorporates the Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss (except for the arguments set forth in Section I.C thereof) filed on May 26, 2017, as ECF Document No. 1457 in Adversary Proceeding No. 10-03496 (the "Consolidated Reply Brief"), and the Second Declaration of Simon Mortimore, QC (and exhibits thereto) filed on May 26, 2017 as ECF Document No. 1456 in Adversary Proceeding No. 10-03496).

Having previously joined in the Motion to Dismiss on *Forum Non Conveniens* Grounds filed on January 27, 2017, as ECF Document No. 1107 in Adversary Proceeding No. 10-03496, UBS hereby further joins in and incorporates the Supplemental Reply Memorandum of Law filed on June 9, 2017 as ECF Document No. 1482 in Adversary Proceeding No. 10-03496, and the Declaration of Brian Lacy in further support of the Motion to Dismiss on Grounds of *Forum Non Conveniens* (and exhibits thereto) filed on June 9, 2017 as ECF Document No. 1484 in Adversary Proceeding No. 10-03496.

Having previously joined in the Motion to Dismiss Based on the Doctrine of *Res Judicata* filed on January 27, 2017, as ECF Document No. 1131 in Adversary Proceeding No. 10-03496, UBS hereby further joins in and incorporates the Supplemental Reply Memorandum in Support of Defendants' Motion to Dismiss Based on the Doctrine of *Res Judicata* (and appendices thereto) filed on June 9, 2017 as ECF Document No. 1486 in Adversary Proceeding No. 10-03496.

## II. PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION OVER UBS

Plaintiffs' memorandum in opposition to UBS's joinder and individual supplemental brief largely misses the point at issue in UBS's filing: that Plaintiffs cannot subject UBS AG to general jurisdiction in New York because UBS AG is not a New York corporation and does not maintain its principal place of business in New York. Indeed, the thrust of Plaintiffs' memorandum is that jurisdiction over UBS AG supposedly is proper "regardless of Defendant's 'principle [*sic*] place of business' because Defendant consented to jurisdiction in the Subscription Agreement and has minimum contacts with the United States." Pl. Mem. at 4.[1] Plaintiffs' purported assertion of specific jurisdiction over UBS AG premised on the subscription agreements or other alleged New York contacts relevant to this suit fails for all of the reasons explained in Defendants' Consolidated Reply Brief.

But one contention bears further scrutiny here. Although Plaintiffs (wisely) do not attempt to defend the substance of their allegations as to general jurisdiction over UBS AG, they contend that UBS's factual showing controverting those erroneous allegations "cannot be

---

[1] Foreign Representatives' Memorandum of Law In Opposition to Defendants UBS AG and UBS Jersey Nominees' Notice of Joinder in Consolidated Briefing and Individual Supplemental Brief in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Motion to Dismiss and in Further Support of Foreign Representatives' Motion for Leave to Amend, filed on April 6, 2017 in the Consolidated Proceeding 10-03496 as ECF Document No. 1391, is cited herein as "Pl. Mem."

2

credited without a[n evidentiary] hearing." Pl. Mem. at 4 n.4 (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85-86 (2d Cir. 2013)). That is simply false.

As their own authority confirms, Plaintiffs bear the prima facie burden of "pleading in good faith, legally sufficient allegations of jurisdiction." *Dorchester*, 722 F.3d at 84. Moreover, such a "prima facie case" for personal jurisdiction "requires *non-conclusory* fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) (emphasis added) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)). Plaintiffs' "conclusory statement[s]" that "UBS AG New York"—a non-existent entity—is a New York corporation, or that "defendant's 'principal place of business is in the State of New York,'" are "not sufficient to overcome" the evidence UBS has proffered demonstrating the falsity of those bare assertions. *Persise v. Gen. Motors Corp.*, 1994 WL 17938, at *1 (S.D.N.Y. Jan. 18, 1994). Plaintiffs' bare, conclusory, and demonstrably false allegations concerning the place of incorporation and principal place of business of a non-existent UBS entity should be disregarded and stricken. They are not a sufficient basis for exercise of jurisdiction over UBS AG under any circumstances.

**CONCLUSION**

For all of the foregoing reasons, Plaintiffs' motion for leave to file a Fourth Amended Complaint should be denied and this action should be dismissed in its entirety with prejudice.

Dated: New York, New York
June 9, 2017

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   /s/   Marshall R. King
Marshall R. King
mking@gibsondunn.com
Gabriel Herrmann
gherrmann@gibsondunn.com

200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000

*Attorneys for Defendants UBS AG and UBS Jersey Nominees*

4