UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Fairfield Sentry Limited, et al.,<br><br>    Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>Jointly Administered |
| Fairfield Sentry Limited, et al,<br><br>                      Plaintiffs,<br><br>- against -<br><br>Theodoor GGC Amsterdam, et al.,<br><br>                      Defendants. | Adv. Pro. No. 10-3496 (SMB)<br><br>Procedurally Consolidated<br>Under this matter |
| Fairfield Sentry Limited (In Liquidation), et al.,<br><br>                      Plaintiffs,<br><br>- against -<br><br>ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG, et al.,<br><br>                      Defendants. | Adv. Pro. No. 10-3635 (SMB) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendant Union Bancaire Privée, UBP SA ("UBP") (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG),[1] by its undersigned counsel, hereby joins in the issues and

---

[1] As the Liquidators acknowledge, ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG changed its name to Union Bancaire Privée, UBP SA ("UBP") as the result of a merger. *See* Jan. 20, 2012 Letter to the Clerk of Court (Adv. Pro. No. 10-03635, ECF No. 106); Adv. Pro. No. 10-03496, ECF No. 1362 at 1 n. 2; Adv. Pro. No. 10-03635, ECF No. 282 at 1 n.2.

arguments raised in the Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss, filed in this adversary proceeding on May 26, 2017 (Adv. Pro. No. 10-03496, ECF No. 1457; Adv. Pro. No. 10-03635, ECF No. 305) (the "Consolidated Reply"). UBP also joins in the issues and arguments raised in the Supplemental Reply Memorandum of Law of Defendants in the Adversary Proceedings Listed on Exhibit A In Opposition to Plaintiffs' Motion for Leave to Amend and In Further Support of Those Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens*, filed on June 9, 2017 (Adv. Pro. No. 10-03496, ECF No. 1482).

In the Foreign Representatives' Memorandum of Law in Opposition to Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints (Adv. Pro. No. 10-03496, ECF No. 1362; Adv. Pro. No. 10-03635, ECF No. 282), the Liquidators[2] address UBP's arguments that it was improperly served, but have otherwise offered no new arguments unique to this adversary proceeding. Therefore, without waiver of any arguments made within the above-referenced briefs or in the Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss (Adv. Pro. No. 10-03496, ECF No. 1258; Adv. Pro. No. 10-03635, ECF No. 241), UBP addresses only those service issues below.

## ARGUMENT

I. **THE LIQUIDATORS' SERVICE OF PROCESS WAS INEFFECTIVE**

   A. **UBP Did Not Consent to Privately-Dispatched Mail Service**

The Liquidators do not dispute that their only attempt to effect service on UBP was via international registered mail. Instead, they argue that UBP consented to service by mail by way

---

[2] Capitalized terms not defined in this memorandum have the same meanings as in the Consolidated Reply.

2

of the Forum Selection Clause of its Subscription Agreement. Adv. Pro. No. 10-03496, ECF No. 1362 at 2-3; Adv. Pro. No. 10-03635, ECF No. 282 at 2-3. They are incorrect. The Forum Selection Clause does not apply to this proceeding for the reasons set forth in the Consolidated Reply, and so could not have rendered service by mail proper here. Even if it had, moreover, the Liquidators do not—and cannot—allege that UBP signed the Subscription Agreement, nor that the existence of the Forum Selection Clause was "reasonably communicated" to UBP such that it could be bound by the clause. *See* Liquidators' Proposed Amended Complaint, Adv. Pro. No. 10-03635, ECF No. 139 Ex. A; *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). Moreover, the clause at issue here was identical to that excerpted in Section IV.A of the Consolidated Reply, and does not facially authorize privately-dispatched mail service for the reasons set forth there. Therefore, the Liquidators' service on UBP was ineffective, and the Liquidators' action should be dismissed.

### B. The Subscription Agreement Does Not Permit Service by Illegal Means

In their proposed amended complaint, the Liquidators acknowledge that UBP is an entity organized under the laws of Switzerland and with its registered address in Switzerland. *See* Adv. Pro. No. 10-03635, ECF No. 139 Ex. A at ¶ 31. The Liquidators assert that even if Swiss law prohibits service by mail, such method of service was consented to in the Subscription Agreement and thus service remains effective for purposes of federal law. Adv. Pro. No. 10-03496, ECF No. 1362 at 2-3; Adv. Pro. No. 10-03635, ECF No. 282 at 2-3. Even if service by privately-dispatched mail was contractually permitted—and it is not—the Liquidators' argument is incorrect. Service by privately-dispatched international mail is an illegal criminal act in Switzerland, and the Liquidators do not (and cannot) cite any authority that would sanction such illegal acts. Where, as here, a contract could be interpreted to allow service that would be illegal where accomplished, that contract should not be interpreted or enforced to sanction an unlawful

3

act. *See Stone v. Freeman*, 298 N.Y. 268, 271 (1948); *Artache v. Goldin*, 133 A.D.2d 596, 599 (2d Dep't 1987). For these reasons, as well as those set forth in Section IV.B of the Consolidated Reply, the Liquidators' action should be dismissed.

### C.   The Liquidators' Method of Service Was Not Independently Valid

Nor do the Liquidators assert that service was addressed and sent by the Clerk of Court, as contemplated by Federal Rule of Civil Procedure 4(f)(2)(C)(ii). Having failed to satisfy either prong of Federal Rule of Civil Procedure 4(f), the Liquidators' method of service was therefore also ineffective for the reasons discussed in the Consolidated Reply. For these reasons, as well as those set forth in the Consolidated Reply, the Liquidators' action should be dismissed.

### D.   The Liquidators Should Not Be Allowed Another Attempt At Service

The Liquidators request that they be provided with the opportunity to re-serve parties if this Court determines that service on such parties was ineffective. Adv. Pro. No. 10-03496, ECF No. 1362 at 3 n. 3; Adv. Pro. No. 10-03635, ECF No. 282 at 3 n. 3. Leave to re-serve after the Liquidators had more than six years of notice that their means of service was invalid would be manifestly unjust; the Liquidators should be required to live with the consequences of their choices.

### CONCLUSION

For the reasons discussed above, UBP respectfully requests that the Court dismiss this action with prejudice.

[*Signature to follow*]

Dated: June 9, 2017
     New York, New York

                                  Respectfully submitted,

                                  LATHAM & WATKINS LLP

By:  /s/ Christopher Harris

Christopher Harris
Thomas J. Giblin
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: christopher.harris@lw.com
Email: thomas.giblin@lw.com

*Attorneys for Defendant Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG)*