**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| Fairfield Sentry Limited, et al., | Case No. 10-13164 (SMB) |
|    Debtors in Foreign Proceedings | Jointly Administered |
| | |
| Fairfield Sentry Limited, et al., | |
|                      Plaintiffs, | Adv. Proc. No. 10-3496 (SMB) |
|                      v. | Consolidated under This Matter |
| Theodoor GGC Amsterdam, et al., | |
|                      Defendants | |
| This brief is submitted in the following Adversary Proceedings: | |
| 10-3635; 10-3636. | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE SWISS CREDIT SUISSE DEFENDANTS' MOTION TO DISMISS**

William J. Sushon
Daniel S. Shamah
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York  10036
Telephone:   (212) 326-2000
Facsimile:    (212) 326-2061
E-mail:   wsushon@omm.com
E-mail:   dshamah@omm.com

*Attorneys for the Swiss*
*Credit Suisse Defendants*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.  THE LIQUIDATORS HAVE FAILED TO ESTABLISH SPECIFIC JURISDICTION OVER THE SWISS CREDIT SUISSE DEFENDANTS. ...................... 2

    A.  The Subscription Agreements' Forum Selection Clause Does Not Confer Personal Jurisdiction over the Credit Suisse Defendants. ...................................... 2

    B.  The Liquidators Have Failed to Establish Any Other Basis for Exercising Personal Jurisdiction over the Swiss Credit Suisse Defendants. ........................... 4

II.  THE LIQUIDATORS HAVE NOT PROPERLY SERVED THE SWISS CREDIT SUISSE DEFENDANTS. .................................................................................................. 4

    A.  The Liquidators Have Failed to Establish That the Swiss Credit Suisse Defendants Consented to Service by Mail. ............................................................ 5

    B.  The Liquidators' Attempted Service Would Be Ineffective Even If the Swiss Credit Suisse Defendants Had Consented to Service by Mail. ..................... 5

III.  THE PRIVY COUNCIL RULING IS ENTITLED TO PRECLUSIVE EFFECT, BECAUSE CREDIT SUISSE AG IS IN PRIVITY WITH CSLN. ................................. 7

CONCLUSION ............................................................................................................................... 8

**Cases**

*Alfred E. Mann Living Tr. v. ETRIC Aviation SA r.l.*,
   910 N.Y.S.2d 418 (N.Y. App. Div. 2010) ............................................................................... 6

*Brooklyn Fed. Sav. Bank v. Crosstown W. 28 LLC*,
   958 N.Y.S.2d 644 (Table) (N.Y. Sup. Ct. 2010) ..................................................................... 6

*Buchwald v. Di Lido Beach Resort (In re McCann, Inc.)*,
   318 B.R. 276 (Bankr. S.D.N.Y. 2004) .................................................................................... 7

*Elobied v. Baylock*,
   299 F.R.D. 105 (E.D. Pa. 2014) .............................................................................................. 5

*Enron Corp. v. Citigroup Inc.*,
   2004 WL 2165348 (Bankr. S.D.N.Y. Sept. 23, 2004) ............................................................ 7

*Fairfield Lease Corp. v. Empire Emps. Sunshine Club*,
   345 N.Y.S.2d 305 (N.Y. Sup. Ct. 1973) ................................................................................. 6

*Fisher v. Teva PFC, SRL*,
   No. Civ.04-CV-2780(JLL), 2005 WL 2009908 (D.N.J. Aug. 16, 2005) ................................. 4

*Gayou v. Celebrity Cruises, Inc.*,
   No. 11–23359–Civ., 2012 WL 2049431 (S.D. Fla. June 5, 2012) .......................................... 8

*Khan v. Khan*,
   360 F. App'x 202 (2d Cir. 2010) ............................................................................................. 5

*Kramer v. Time Warner Inc.*,
   937 F.2d 767 (2d Cir. 1991) .................................................................................................... 7

*KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*,
   812 F. Supp. 2d 377 (S.D.N.Y. 2011) .................................................................................... 3

*LaRoss Partners, LLC v. Contact 911 Inc*,
   874 F. Supp. 2d 147 (E.D.N.Y. 2012) .................................................................................... 3

*Mende v. Milestone Tech., Inc.*,
   269 F. Supp. 2d 246 (S.D.N.Y. 2003) .................................................................................... 5

*Neman Fin., L.P. v. Citigroup Global Mkts., Inc.*,
   No. CV 1402499 BRO (PLAx), 2015 WL 12765636 (C.D. Cal. Feb. 12, 2015) ................... 7

*Water Splash Inc. v. Menon*,
   581 U.S. ---, 137 S.Ct. 1504 (2017) ....................................................................................... 6

**Other Authorities**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
  Commercial Matters;
  The Hague , 15 Nov. 1965 (ratified Neth. 3 Nov. 1975) ............................................................ 6

**Rules**

Fed. R. Civ. P. 12(b)(5) ................................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 7

Fed. R. Civ. P. 4(f)(2)(C)(ii) ........................................................................................................ 5, 6

# PRELIMINARY STATEMENT[1]

The Swiss Credit Suisse Defendants hereby adopt and incorporate by reference the Consolidated Reply and the FNC Reply. Those submissions demonstrate that:

- the Liquidators' arguments that this Court has subject-matter jurisdiction over these actions would stretch chapter 15 beyond recognition to permit virtually any litigation to proceed in the U.S., without regard to whether such litigation has any connection here (Cons. Reply at 2–5);

- contrary to the Liquidators' contention, there is insufficient federal interest to support "related to" bankruptcy jurisdiction, and the effect on any bankruptcy estate is too attenuated to support such jurisdiction here (*id.* at 5–7);

- notwithstanding the Liquidators' arguments, the Forum Selection Clause does not confer personal jurisdiction over the Swiss Credit Suisse Defendants because (i) judicial estoppel bars the Liquidators from relying on those clauses; and (ii) the Liquidators' effort to rewrite the scope of the clause, which applies to actions "with respect to this [Subscription] Agreement *and* the Fund," fails because courts— including this Court and the BVI court—construe the word "and" to mean "and," not "or" (*id.* at 8–12);

- the Liquidators wrongly contend that there is an independent basis for personal jurisdiction because (i) the Swiss Credit Suisse Defendants' alleged contacts with this forum (investing in foreign funds that in turn invested with BLMIS in the forum and use of the U.S. banking system, as dictated by the Fairfield Funds) were not purposeful and in any event did not give rise to the Liquidators' claims; and (ii) it would be unreasonable to exercise personal jurisdiction over this dispute, which concerns foreign entities' investments in BVI funds that should be governed by BVI law (*id.* at 12–17);

- the Liquidators are wrong in arguing that Bankruptcy Code section 546(e) does not bar their claims because (i) contrary to the Liquidators' contention, the Swiss Credit Suisse Defendants do not seek to apply section 546(e) extraterritorially (although

---

[1] This memorandum refers to (i) Clariden Leu Ltd. and Credit Suisse AG Zurich as the "Swiss Credit Suisse Defendants," because Liquidators' claims against Leu Prima Global Fund were voluntarily dismissed on May 17, 2017 (*see* Adv. Proc. 10-4088, ECF No. 68); (ii) Credit Suisse London Nominees Limited as "CSLN"; and (iii) Citco Global Custody, N.A. as the "Citco Record Subscriber." All other capitalized terms used in this memorandum have the meanings set forth in the Supplemental Memorandum of Law in Support of the Swiss Credit Suisse Defendants' Motion to Dismiss. In addition, this memorandum refers to (i) the Moving Defendants' Consolidated Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss as the "Consolidated Reply" (cited as "Cons. Reply"); (ii) the Supplemental Reply Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend and in Further Support of Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens* as the "FNC Reply"; (iii) the Supplemental Memorandum of Law in Support of the Swiss Credit Suisse Defendants' Motion to Dismiss as the "Supplemental Memorandum"; (iv) the Liquidators' Opposition to the Swiss Credit Suisse Defendants' Supplemental Memorandum of Law as the "Supplemental Opposition"; and the accompanying Declaration of William J. Sushon in Further Support of the Swiss Credit Suisse Defendants' Motion to Dismiss as the "Sushon Reply Decl." Unless otherwise specified, all emphases are added and all citations and internal quotation marks are omitted.

section 546(e) would still apply even if its effect were extraterritorial); (ii) section 546(e)'s plain language trumps any argument that comity bars its application here; and (iii) section 546(e) applies to all of the Liquidators' common-law claims, because they seek to claw back settlement payments, even if the Liquidators style those claims as ones for money damages (*id.* at 17–22);

- the proposed amended complaints' improper new allegations concerning Citco's supposed bad faith are (i) barred under federal preclusion law, which applies here because the Liquidators' claims are based on foreign law, not state law; (ii) would in any event be barred under BVI preclusion principles; and (iii) are irrelevant even if not precluded (*id.* at 22–36);

- the Liquidators fail to plead numerous elements of the BVI Insolvency Act claims, including (i) the Funds' insolvency when the shares were redeemed; (ii) insufficient consideration for the redemptions; and (iii) the Swiss Credit Suisse Defendants' status as Fund creditors when they requested the redemptions (*id.* at 37–41);

- the Swiss Credit Suisse Defendants' good-faith and ordinary-course defenses (which this Court may consider at this stage) independently bar the BVI insolvency claims (*id.* at 42–46); and

- these Actions ought to be litigated in the BVI, where the Liquidators initially asserted substantially identical claims.[2]

For these and all other reasons set forth in the Consolidated Memorandum, the Consolidated Reply, the FNC Memorandum, and the FNC Reply, the complaints against the Swiss Credit Suisse Defendants should be dismissed and leave to amend denied. The Swiss Credit Suisse Defendants write separately to address deficiencies in the Liquidators' arguments specific to the Swiss Credit Suisse Defendants.

## ARGUMENT

### I. THE LIQUIDATORS HAVE FAILED TO ESTABLISH SPECIFIC JURISDICTION OVER THE SWISS CREDIT SUISSE DEFENDANTS.

#### A. The Subscription Agreements' Forum Selection Clause Does Not Confer Personal Jurisdiction over the Credit Suisse Defendants.

As the Consolidated Reply explains, the subscription agreements' Forum Selection Clause does not govern the claims in this action (*see* Cons. Reply at 8–12) and therefore does not

---

[2] *See generally* FNC Reply.

confer personal jurisdiction over the Swiss Credit Suisse Defendants. But even if the Forum Selection Clause did apply to the claims here, it could not bind the Swiss Credit Suisse Defendants because the Liquidators do not allege that either of the Swiss Credit Suisse Defendants signed a subscription agreement containing the Forum Selection Clause.

In opposition, the Liquidators make no effort to distinguish the authorities the Swiss Credit Suisse Defendants cite, nor do the Liquidators cite any legal authorities to support their position that a Forum Selection Clause can bind a non-signatory. Instead, they contend that the Forum Selection Clause binds the non-signatory Swiss Credit Suisse Defendants because the proposed amended complaint alleges that the clause is so binding and the Court "must credit the plaintiffs' jurisdictional allegations." (Supplemental Opposition at 3–4.) But as the Consolidated Reply explains—and cases that Liquidators cite have held[3]—this conclusory allegation is inadequate for at least two independent reasons. *First*, a forum selection clause can bind a non-signatory only that is "closely related" to the party that executed the agreement containing the clause. (Cons. Reply at 11.) There is no allegation that the Swiss Credit Suisse Defendants are closely related to the Citco Record Subscriber, the only party that allegedly signed such an agreement. *Second*, a forum selection clause can bind only a party to whom the clause's existence was "reasonably communicated." (*Id.* at 11–12.) The proposed amended complaints contain no allegation allowing the Court plausibly to infer that the existence of the Forum Selection Clause was communicated to the Swiss Credit Suisse Defendants. As a result, even if the Liquidators' claims were within the Forum Selection Clause's scope, that clause would not confer personal jurisdiction over the Swiss Credit Suisse Defendants.

---

3   *See* Consolidated Opposition at 6 n.5 (citing *LaRoss Partners, LLC v. Contact 911 Inc*, 874 F. Supp. 2d 147, 159–60 (E.D.N.Y. 2012) (forum selection clause can only bind non-signatory "where the parties are closely related in [a] way that it is foreseeable that the non-signatory will be bound"); *KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377, 386 (S.D.N.Y. 2011) (same)).

-3-

### B. The Liquidators Have Failed to Establish Any Other Basis for Exercising Personal Jurisdiction over the Swiss Credit Suisse Defendants.

As the Consolidated Reply explains, the Liquidators also fail to plead any other basis for exercising personal jurisdiction over the Swiss Credit Suisse Defendants. The Swiss Credit Suisse Defendants' only contacts with this forum—the Funds' investment in BLMIS securities and the Swiss Credit Suisse Defendants' transmission of subscription payments to the Funds' U.S. bank accounts—are attenuated and incidental, and none of the Liquidators' claims arise out of those contacts. (*See* Cons. Reply at 12–17.) Exercising personal jurisdiction over the Swiss Credit Suisse Defendants would therefore offend traditional notions of fair play and substantial justice—especially here, where exercising jurisdiction would only further the Liquidators' attempts to evade a more appropriate forum in which they have already litigated and lost the same issues.[4]

## II. THE LIQUIDATORS HAVE NOT PROPERLY SERVED THE SWISS CREDIT SUISSE DEFENDANTS.

As the Supplemental Memorandum explains, the Liquidators' claims must be dismissed because the Liquidators never properly served the Swiss Credit Suisse Defendants.[5] The Liquidators offer two responses: *first*, that their attempted service by international registered mail was effective because "the Swiss Credit Suisse Defendants" expressly consented to service by mail," and *second*, that service by international registered mail is in any event sufficient "for

---

[4] *See, e.g.*, *Fisher v. Teva PFC, SRL*, No. Civ.04-CV-2780(JLL), 2005 WL 2009908, at *4 (D.N.J. Aug. 16, 2005) (personal jurisdiction could not be exercised "without offending traditional notions of fair play and substantial justice" where plaintiff "had already lost on this very issue" in another court and thus "appear[ed] to be shopping" for another forum to sue foreign defendant); *see also* FNC Reply at 3–6.

[5] Supplemental Memorandum at 7–9.

purposes of federal law" because "Swiss law can[not] change the law of service in this Court."[6] Both arguments fail.

### A. The Liquidators Have Failed to Establish That the Swiss Credit Suisse Defendants Consented to Service by Mail.

Like their personal-jurisdiction arguments, the Liquidators' contention that the Swiss Credit Suisse Defendants consented to service by mail can succeed only if the Swiss Credit Suisse Defendants were bound by the Forum Selection Clause.[7] Because they are not (*see supra* Section I.A), the Liquidators' attempts at service by mail were ineffective, and their claims against the Swiss Credit Suisse Defendants should therefore be dismissed.[8]

### B. The Liquidators' Attempted Service Would Be Ineffective Even If the Swiss Credit Suisse Defendants Had Consented to Service by Mail.

As explained in the Consolidated Reply, the Liquidators' attempts at service by mail would be ineffective even if the Forum Selection Clause bound the Swiss Credit Suisse Defendants, because Switzerland prohibits—indeed, criminalizes—attempts to effect service in that manner. (Cons. Reply at 47–48.) The Liquidators' rejoinder that "Swiss law does not govern the legal effect of the Subscription Agreements in U.S. courts"[9] misses the point.

Under the Hague Convention, Switzerland's prohibition of service by mail governs the Liquidators' service attempts not as a matter of Swiss law, but of U.S. treaty law.[10] And

---

[6] Supplemental Opposition at 6–7.

[7] Supplemental Opposition at 6.

[8] *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) ("When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy."); *Khan v. Khan*, 360 F. App'x 202, 203–04 (2d Cir. 2010) (affirming dismissal of complaint for insufficient service of process).

[9] Supplemental Opposition at 6–7.

[10] *See Elobied v. Baylock*, 299 F.R.D. 105, 108 (E.D. Pa. 2014) (because Switzerland has disavowed service under Article 10 of the Hague Convention, "the prevailing international agreement shared between the United States and Switzerland [does] not permit international service of process upon individuals located in Switzerland other than by transmission of service through the Swiss Central Authority").

contrary to the Liquidators' suggestion, the Federal Rules are in accord: Rule 4(f)(2)(C)(ii) permits service by mail upon foreign parties "*unless prohibited by the foreign country's law*." None of the cases the Liquidators cite involved service by mail in a foreign nation that repudiated the Hague Convention's provision authorizing mail service. Rather, two of those cases involved service within the United States,[11] and the third case involved service in the Netherlands,[12] which, unlike Switzerland, has not disavowed mail service under the Hague Convention.[13]

The Supreme Court's recent decision in *Water Splash Inc. v. Menon*[14] should eliminate any doubt that the Liquidators' attempts to serve the Swiss Credit Suisse Defendants by mail were improper. Writing for a unanimous Court, Justice Alito explained that "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law."[15] Neither condition is satisfied here. The Liquidators do not dispute that Switzerland "has . . . objected to service by mail,"[16] and Rule 4(f)(2)(C)(ii)—the "otherwise-applicable law"—does not authorize service by mail on Swiss parties because Swiss law prohibits it. As a result, even if the Swiss Credit Suisse Defendants had consented to service by mail (and they have not), the Liquidators' service attempts would still fail, and dismissal would still be proper.

---

[11] *Brooklyn Fed. Sav. Bank v. Crosstown W. 28 LLC*, 958 N.Y.S.2d 644 (Table) (N.Y. Sup. Ct. 2010); *Fairfield Lease Corp. v. Empire Emps. Sunshine Club*, 345 N.Y.S.2d 305 (N.Y. Sup. Ct. 1973).

[12] *Alfred E. Mann Living Tr. v. ETRIC Aviation SA r.l.*, 910 N.Y.S.2d 418 (N.Y. App. Div. 2010).

[13] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters; The Hague, 15 Nov. 1965 (ratified Neth. 3 Nov. 1975).

[14] 581 U.S. ---, 137 S.Ct. 1504 (2017).

[15] *Id.* at 1513.

[16] *See* Consolidated Opposition at 74; Supplemental Opposition at 6.

-6-

### III. THE PRIVY COUNCIL RULING IS ENTITLED TO PRECLUSIVE EFFECT, BECAUSE CREDIT SUISSE AG IS IN PRIVITY WITH CSLN.

As the Consolidated Reply explains, federal preclusion law governs the Privy Council's decision because the Liquidators' common-law claims arise under foreign, not state, law. (*See* Cons. Reply at 22–25.) U.S. preclusion law bars the Liquidators' claims against the Swiss Credit Suisse Defendants. (*See id.*) And even under BVI law, the Privy Council ruling is entitled to preclusive effect and bars the Liquidators' claims against all defendants, not just those in privity with the participants in the Privy Council proceedings. (Cons. Reply at 27–28.)

But even if the Liquidators were correct that BVI law governed and required "privity" to give the Privy Council ruling preclusive effect, the claims against Credit Suisse AG would still be precluded. Even Liquidators agree that BVI law permits "those in privity" with parties to a prior litigation to assert "issue estoppel" in a subsequent litigation.[17] And as the Liquidators point out, "examples of privity" under BVI law generally involve successorship or legal control and include "the relationship of an entity to its controlling shareholder."[18]

Under this test, Credit Suisse AG is in privity with CSLN, which was a party to the Privy Council proceedings.[19] CSLN is an indirect subsidiary of Credit Suisse AG.[20] And as CSLN's

---

[17] Consolidated Opposition at 41.

[18] Consolidated Opposition at 41.

[19] *See Judgment by Justice Bannister of the BVI Commercial Court in the Fairfield Sentry Limited Liquidation*, dated September 16, 2011 (attached as Exhibit C to the Declaration of Philip Kite in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss (10-3635 Dkt. No. 174; 10-3636 Dkt. No. 193)); *Order by Justice Bannister of the BVI Commercial Court in the Fairfield Sentry Limited Liquidation*, dated October 10, 2011, and entered June 22, 2012 (attached as Exhibit E to the Declaration of Philip Kite in Opposition to Plaintiffs' Motion for Leave to Amend and in Support of Defendants' Motion to Dismiss (10-3635 Dkt. No. 174; 10-3636 Dkt. No. 193)); *Order of the Privy Council*, dated April 16, 2014 (attached as Exhibit Q to the Declaration of William Hare in Support of the Liquidators' Motion for Leave to Amend (10-3635 Dkt. No. 145; 10-3636 Dkt. No. 164)).

[20] *See* Sushon Reply Decl. Ex. A at 6 (showing that Credit Suisse (UK) Limited owns all shares of Credit Suisse London Nominees' stock); Sushon Reply Decl. Ex. B at 3 (showing that Credit Suisse AG owns a majority of shares of Credit Suisse (UK) Limited stock); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 773–74 (2d Cir. 1991) (in ruling on motion to dismiss, court can take notice of "public disclosure documents required by law to be filed, and actually filed, with the SEC"); *Neman Fin., L.P. v. Citigroup Global Mkts., Inc.*, No. CV 14-

-7-

alleged subscription documents make clear, for purposes of CSLN's investments with the Funds, CSLN acted only as Credit Suisse AG's "nominee[] or custodian[]" and "ha[d] no beneficial interest in shares or units held in its name."[21] The authorities quoted by the Liquidators' expert show that this is more than enough to establish privity under BVI law, which requires only a "sufficient degree of identification between the two to make [preclusion] just."[22] Therefore, even under the test the Liquidators urge, Credit Suisse AG is entitled to the benefit of the Privy Council ruling's preclusive effect, and the Liquidators' claims against Credit Suisse AG would be barred.

## CONCLUSION

In addition to the numerous deficiencies discussed in the Consolidated Reply, the Liquidators have failed to:

- plead basic facts essential to their contention that the Swiss Credit Suisse Defendants are bound by the Forum Selection Clause;

- properly serve the Swiss Credit Suisse Defendants; and

- show that the Privy Council's Preliminary Issues ruling should not bar their claims against Credit Suisse AG, who was in privity with a party to that ruling.

---

02499 BRO (PLAx), 2015 WL 12765636, at *5 (C.D. Cal. Feb. 12, 2015) (taking judicial notice of public filing "available on the website of Companies House, an executive agency within the United Kingdom," because filing was "made publicly available by a government agency and neither party disputes [its] accuracy").

[21] *See* Sushon Reply. Decl. Ex. C at 1 and Appendix 1. The Court may consider this document in deciding this motion. "In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may . . . consider documents that are neither attached to nor incorporated by reference in the complaint where the complaint relies heavily upon [their] terms and effect, which renders [them] integral to the complaint." *Buchwald v. Di Lido Beach Resort (In re McCann, Inc.)*, 318 B.R. 276, 280 n.3 (Bankr. S.D.N.Y. 2004) (Bernstein, J.). The alleged agency relationship between the Swiss Credit Suisse Defendants and the Citco Subscriber is indispensable to the Liquidators' jurisdictional allegations (*see, e.g.*, 10-3635 PAC ¶ 23) and to the Liquidators' claims themselves (*id.* ¶¶ 14, 56, 58). Documents establishing the scope of that relationship are therefore "integral" to the Complaint and can be considered by the Court in ruling on the Swiss Credit Suisse Defendants' Motion to Dismiss. *See, e.g.*, *Enron Corp. v. Citigroup Inc.*, 2004 WL 2165348, at *5 (Bankr. S.D.N.Y. Sept. 23, 2004) (considering terms of agreement that formed "the basis for [defendant]'s participation in the [challenged] transaction" because plaintiffs "rel[ied] heavily on its terms and effect and the contract [was] integral to the complaint"); *Gayou v. Celebrity Cruises, Inc.*, No. 11–23359–Civ., 2012 WL 2049431, at *9 (S.D. Fla. June 5, 2012) (where contract "is central to [the plaintiff's] claim of actual agency" between defendant and third party, "the Court may consider its terms in deciding [a] Motion to Dismiss").

[22] Second Moss Decl. ¶ 27.

-8-

For all these reasons, as well as those described in the Consolidated Memorandum, Supplemental Memorandum, FNC Memorandum, and FNC Reply, leave to amend should be denied and the claims against the Swiss Credit Suisse Defendants dismissed with prejudice.

Dated: July 17, 2017
       New York, New York

Respectfully submitted,

*/s/ William J. Sushon*

William J. Sushon
Daniel S. Shamah
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: wsushon@omm.com
E-mail: dshamah@omm.com

*Attorneys for the Swiss Credit Suisse Defendants*