**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | Case No. 10-13164 (SMB) |
| FAIRFIELD SENTRY LIMITED, *et al.*, | : | Jointly Administered |
| | : | |
| Debtors in Foreign Proceedings. | : | |
| | : | |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), *et al.*, | : | |
| | : | Adv. Pro. No. 10-03496 (SMB) |
| Plaintiffs, | : | Administratively Consolidated |
| | : | |
| -against- | : | |
| | : | |
| THEODOOR GGC AMSTERDAM, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| This memorandum applies to the Adversary Proceedings listed on Appendix A. | : | |

**SUPPLEMENTAL MEMORANDUM OF SWISS FINANCIAL INSTITUTION DEFENDANTS IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS**

Defendants listed in Appendix A (collectively, the "Swiss Financial Institution Defendants"), by and through the undersigned counsel and the counsel listed on Appendix B, respectfully submit this supplemental memorandum (the "Supplemental Memorandum") in further support of the Defendants' renewed motion to dismiss filed on March 16, 2020.

The Swiss Financial Institution Defendants join in and incorporate the *Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d), 546(e) and 546(g) and for Insufficient Service of Process Under the Hague Service Convention* (the "Consolidated Memorandum"), filed on March 16,

2020 [Dkt. No. 2903 in Adv. Pro. No. 10-3496].[1]  As set forth in Part I of the Consolidated Memorandum, the Liquidators' claims are barred in their entirety by Section 546(e) of the Bankruptcy Code, as incorporated into these Chapter 15 proceedings by Section 561(d) of the Code.

The Swiss Financial Institution Defendants submit this Supplemental Memorandum for the limited purpose of identifying and explaining certain publicly-available documents filed contemporaneously herewith, of which the Court may take judicial notice, evidencing that each Swiss Financial Institution Defendant was a "commercial or savings bank" or "trust company" and therefore a "financial institution" within the meaning of 11 U.S.C. § 101(22) during the Relevant Period (as defined below), and therefore that Section 546(e) applies to the Swiss Financial Institution Defendants as set forth in Section I.D of the Consolidated Memorandum.

<u>First</u>, a Notice of Filing of Exhibits to the Supplemental Memorandum of Swiss Financial Institution Defendants in Support of Defendants' Renewed Motion to Dismiss (the "<u>Notice of Filing</u>"), filed contemporaneously herewith, consists of publicly-available excerpts from the "Commercial Registers" of various Swiss cantons.  The Commercial Registers of the cantons are publicly available registers of companies registered to conduct business in Switzerland.  The excerpts may be accessed at https://www.zefix.ch/en/search/entity/welcome. The name of a company can then be entered in the register, which will yield a link to the "cantonal excerpt" maintained by the Commercial Register of the relevant Swiss canton. Historical data is available on the relevant websites, including by clicking "Precedent reference"

---

[1]  Capitalized terms not defined have the same meanings as in the Consolidated Memorandum.

or "Excerpt with cancellations" where available.[2] The extracts that have been submitted in the Notice of Filing confirm, in the case of certain of the Swiss Financial Institution Defendants,[3] that they were licensed as and conducting the business of banks (as indicated in the "goal" or "purpose" section of the excerpts) at all times during which the entity was in operation during the period between January 1, 2004 and December 31, 2008 (the "Relevant Period").

Second, during the Relevant Period, the Swiss Federal Banking Commission ("FBC") maintained a public list of entities that were licensed as banks. The version of that list that was current as of December 26, 2008 (the "FBC List") is publicly available for download at the following link: https://www.finma.ch/FinmaArchiv/ebk/e/institute/pdf/ebeh.pdf. The FBC List shows that various Swiss Financial Institution Defendants that were in operation as of December 26, 2008 were under FBC's supervision as a bank. A copy of the FBC List is attached as Exhibit A.

Third, to supplement the extracts from the Commercial Register and to confirm their status as registered banks throughout the Relevant Period, certain of the Swiss Financial Institution Defendants requested that the Swiss Financial Market Supervisory Authority ("FINMA") — the successor to the FBC — confirm that certain of those Swiss Financial Institution Defendants were banks subject to FBC supervision at all times that it was in operation during the Relevant Period. A copy of FINMA's response is attached as Exhibit B.[4] The

---

[2]    Certain of the Swiss Financial Institution Defendants no longer exist. However, the Commercial Registers of these entities are still publicly available and can easily be located at the relevant canton by searching for "inactive" entities.

[3]    The columns in Appendix A labeled "Commercial Register Extract," "FBC List" and "FINMA Letter" indicate which of the Swiss Financial Institution Defendants is submitting the three documents discussed herein.

[4]    An additional letter from FINMA confirming that Banque Baring Brothers Sturdza SA, which is now known as Bank Eric Sturdza SA, was authorized as a bank under the Federal Act on Banks and Savings Banks, and had been supervised by FINMA, during the Relevant Period is attached as Exhibit C.

responses from FINMA demonstrate again that 56 of the Swiss Financial Institution Defendants listed therein were authorized to act as banks under Swiss law, under the supervision of FBC, during the Relevant Period.[5]

As explained on pages 28-29 in the Consolidated Memorandum, the Court can take judicial notice of the facts above showing that the Swiss Financial Institution Defendants are financial institutions, because those facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," including the multiple official and public sources summarized above. FED. R. EVID. 201(b)(2); *see* Consolidated Memorandum § I.D (citing *In re Tribune Co. Fraudulent Conveyance Litig.*, 946 F.3d 66, 78 (2d Cir. 2019) and other decisions relying on financial regulatory documents to confirm financial institution status). Accordingly, in addition to the other grounds set forth in the Consolidated Memorandum, the Court should dismiss the Liquidators' claims against the Swiss Financial Institution Defendants because the Liquidators have no plausible basis to challenge the status of the Swiss Financial Institution Defendants as financial institutions that qualify for the safe harbor under section 546(e) of the Bankruptcy Code.[6]

---

An additional letter from FINMA confirming that SIX SIS AG was a bank under the supervision of the Swiss Federal Banking Commission during the Relevant Time Period is attached as Exhibit D.

[5]  As indicated in the response from FINMA, three of the Swiss Financial Institution Defendants were in operation for only part of the Relevant Period. Each of those three defendants were authorized to act as banks for the period they were in operation.

[6]  In the event the motion to dismiss is not granted at this time, the Swiss Financial Institution Defendants all reserve their rights to submit additional evidence to support their "financial institution" status and to submit evidence showing that they are "financial participants" or fall within other protected categories.

## **RESERVATION OF RIGHTS**

The Swiss Financial Institution Defendants expressly reserve all arguments not raised in the Consolidated Memorandum and this Supplemental Memorandum, including without limitation that the Bankruptcy Court lacks personal jurisdiction over the Swiss Financial Institution Defendants.

Dated: New York, New York
March 19, 2020

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Thomas J. Moloney*
Thomas J. Moloney
Joseph M. Kay
Christine M. Jordan
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999
tmoloney@cgsh.com
jkay@cgsh.com
cjordan@cgsh.com

*Counsel for HSBC Private Bank (Suisse) S.A. and HSBC Trust Company AG (f/k/a HSBC Guyerzeller Trust Company AG)*

WACHTELL, LIPTON, ROSEN & KATZ

*/s/ Emil A. Kleinhaus*
Emil A. Kleinhaus
Angela K. Herring
51 West 52nd St.
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
eakleinhaus@wlrk.com
akherring@wlrk.com

*Counsel for Banque Pictet & Cie SA*

*Additional counsel listed on Appendix B*