**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Tel: (212) 488-1206
Jonathan D. Cogan
Jonathan.Cogan@kobrekim.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**Fairfield Sentry Limited,** *et al.*,<br><br>  Debtors in Foreign Proceedings. | **Chapter 15 Case**<br><br>**Case No. 10-13164 (SMB)**<br><br>**Jointly Administered** |
| **Fairfield Sentry Limited (In Liquidation),** *et al.*, **acting by and through the Foreign Representatives thereof,**<br>  Plaintiffs,<br><br>  -against-<br><br>**Theodoor GGC Amsterdam,** *et al.*,<br>  Defendants. | **Adv. Pro. No. 10-03496 (SMB)**<br><br>**Administratively Consolidated** |
| This supplemental memorandum of law applies to the Adversary Proceedings listed on Exhibit A | |

## ALLIANZ BANK'S SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS

Pursuant to Paragraph 2 of the *Scheduling Order* (ECF No. 2926), and without waiving any jurisdictional defenses, Allianz Bank Financial Advisors SpA ("Allianz Bank"), respectfully submits this supplemental memorandum of law in further support of the defendants' renewed motion to dismiss (ECF No. 2902).[1]

---

[1] As used herein, "ECF No. __" shall refer to entries on the administratively consolidated docket, *Fairfield Sentry Limited (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.* (Adv. Pro. No. 10-03496), unless otherwise indicated.

## BACKGROUND

The Liquidators have not actually named Allianz Bank as a defendant. They have named a nonexistent entity, "Allianzbank SPA/Unifortune Conservative Side Pocket" (the "Non-Existent Defendant"). The Liquidators allege that they served the Non-Existent Defendant abroad via U.S. Postal Service, by mailing certain documents to the Non-Existent Defendant "c/o AllianzBank S.p.A." at two different addresses in Italy, as well as to Citco Global Custody N.V. in Ireland and The Netherlands. *See* Aff. of Service, Adv. Pro. No. 10-3635 (ECF No. 54), at 5-6; Aff. of Service, Adv. Pro. No. 10-3636 (ECF No. 54), at 5-6.

Assuming (without conceding) that the Liquidators' references to the Non-Existent Defendant are intended to refer to Allianz Bank, the arguments in the Consolidated Brief and its supporting materials apply to Allianz Bank.[2] As such, and out of an abundance of caution, Allianz Bank joins in and incorporates by reference the Consolidated Brief, and submits this supplemental brief to provide additional support for Allianz Bank's service and safe harbor defenses.

## ARGUMENT

As set forth in the Consolidated Brief, the Liquidators have failed to meet their burden to show that service by mail was "authorized under otherwise-applicable law." *See* Consolidated Br. at 37-38. For Allianz Bank, the Liquidators' purported service was particularly lacking given that (i) the Liquidators addressed the mailing to a nonexistent entity and (ii) Italian law expressly forbids service by mail for actions in Italian courts. *See The Knit With v. Knitting Fever, Inc.*, No. CIV. A. 08-4221, 2010 WL 2788203, at *10 (E.D. Pa. July 13, 2010) ("[u]nder Italian law, service within Italy for an action in an Italian court . . . must be done by a proper judicial officer."); Italy

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d) and 546(e) and Insufficient Service of Process* (ECF No. 2903) (the "Consolidated Brief").

Judicial Assistance (Service), available at https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/italy.html (last visited March 13, 2020) ("[O]nly judicial officers working for the Italian courts may serve documents in Italy").  Multiple district courts have refused to recognize service in Italy under Federal Rule 4(f)(2)(A) where, as here, plaintiffs failed to establish that such service complied with Italian law.[3]  *See, e.g., Zanghi v. Ritella*, No. 19 CIV. 5830, 2020 WL 589409 (S.D.N.Y. Feb. 5, 2020); *Knit With*, 2010 WL 2788203, at *10. Accordingly, the claims against Allianz Bank must be dismissed for ineffective service of process.

Assuming the Liquidators intended to name Allianz Bank as a defendant, the claims also must be dismissed because, as alleged in the complaints, the redemption payments were paid to or for the benefit of Allianz Bank, which is a "financial institution" as defined by the Bankruptcy Code.  Specifically, Allianz Bank is covered by Section 101(22)(A) of the Bankruptcy Code, which defines "financial institution" to include "an entity that is a commercial or savings bank."

Multiple reliable public sources confirm Allianz Bank's status as a commercial or savings bank during the period when the redemptions payments allegedly were made to defendants—*i.e.*, between April 20, 2004 and November 24, 2008.  In particular, both Italy's central bank—the Bank of Italy—and the Italian Chamber of Commerce maintain websites that provide documentary evidence of Allianz Bank's status as a commercial or savings bank.  Such documents are attached to the declaration of Jonathan D. Cogan filed contemporaneously herewith and include: (i) an extract from the register of banks maintained by Italy's central bank—the Bank of Italy; and (ii) excerpts from an extract from the results of electronic queries made with the Chamber of Commerce of Milan, Monza, Brianza, Lodi.  *See Attorney Declaration of Jonathan D. Cogan in Support of Allianz Bank's Supplemental Memorandum of Law in Support of Defendants' Renewed*

---

[3] As detailed in the Consolidated Brief, the Liquidators have similarly failed to show that any other subsections of Federal Rule 4(f) have been satisfied.

*Motion to Dismiss*, ¶¶ 3-4.

The Court can take judicial notice of the foregoing documents, whose accuracy cannot reasonably be called into doubt, to determine that Allianz Bank was a "financial institution" under Section 101(22)(A) of the Bankruptcy Code during the relevant period.  *See* Consolidated Br. at 28-29.  Thus, all claims against Allianz Bank must be dismissed pursuant to Section 546(e) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

The *Scheduling Order* directed the defendants to raise only certain "First Threshold Issues" in their motion to dismiss.  Allianz Bank reserves all other arguments and defenses, including but not limited to: (i) those relating to the Liquidators' failure to properly name or identify Allianz Bank as a defendant, or describe Allianz Bank's purported role in alleged events; and (ii) lack of personal jurisdiction.  Further, Allianz Bank reserves its rights to submit additional evidence to support its "financial institution" status and to submit evidence showing that it is a "financial participant" or falls within other protected categories for which Section 546(e) applies.

Dated:  March 23, 2020
        New York, New York

Respectfully submitted,

KOBRE & KIM LLP

By: */s/ Jonathan D. Cogan*
       Jonathan D. Cogan
       800 Third Avenue
       New York, New York 10022
       Tel: (212) 488-1206
       jonathan.cogan@kobrekim.com

*Attorneys for Allianz Bank Financial*
*Advisors S.p.A.*