**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Tel: (212) 488-1206
D. Farrington Yates
Adam M. Lavine
Donna Xu
Farrington.Yates@kobrekim.com
Adam.Lavine@kobrekim.com
Donna.Xu@kobrekim.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**Fairfield Sentry Limited, *et al*.,**<br><br>   Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>Jointly Administered |
| **Fairfield Sentry Limited (In Liquidation), *et al*., acting by and through the Foreign Representatives thereof,**<br>                    Plaintiffs,<br><br>-against-<br><br>**Theodoor GGC Amsterdam, *et al*.,**<br>                    Defendants. | Adv. Pro. No. 10-03496 (SMB)<br><br>Administratively Consolidated |
| This supplemental memorandum of law applies to the Adversary Proceedings listed on Exhibit A | |

**SWISS AND MONEGASQUE**
**EFG DEFENDANTS' SUPPLEMENTAL MEMORANDUM**
**OF LAW IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS**

Pursuant to Paragraph 2 of the *Scheduling Order* (ECF No. 2926), the EFG Defendants

respectfully submit this supplemental memorandum of law in further support of the defendants'

1

renewed motion to dismiss (ECF No. 2902).[1]

## BACKGROUND

The EFG Defendants join in and incorporate by reference the Consolidated Brief and the Swiss Financial Institution Defendants' Brief,[2] which together detail the multiple bases for application of Section 546(e)'s safe harbor as well as the Liquidators' failure to properly serve the Foreign Defendants, including the EFG Defendants.

The EFG Defendants submit this supplemental memorandum of law to: (i) highlight their status as a corporate group comprised solely of "financial institutions" located within two countries that have objected to postal service under Article 10(a) of the Hague Service Convention; and (ii) draw the Court's attention to judicially noticeable support for such status.

For the reasons set forth herein, as well as in the Consolidated Brief and the Swiss Financial Institution Defendants' Brief, the EFG Defendants' motion to dismiss should be granted.

## ARGUMENT

**I.    The Claims Should be Dismissed Due to Improper Service Because Each of the EFG Defendants is Located in Either Switzerland or Monaco—Countries That Have Objected to Postal Service Under Article 10(a) of the Hague Service Convention**

The Liquidators' claims must be dismissed because the Liquidators have never properly served the EFG Defendants during the decade-long pendency of these actions. *See* Consol. Br. at

---

[1] The "EFG Defendants" are: EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA; EFG Private Bank SA (n/k/a EFG Bank); EFG Bank SA Switzerland (n/k/a EFG Bank); EFG Eurofinancier d'Invest MCL (n/k/a EFG Bank (Monaco)); Banca Unione di Credito; BSI AG; and BSI Ex Banca del Gottardo. The EFG Defendants are located in, and were purportedly served in, Switzerland, with the exception of EFG Eurofinancier d'Invest MCL, which is located in, and was purportedly served in, Monaco. As used herein, "ECF No. __" shall refer to entries on the administratively consolidated docket, *Fairfield Sentry Limited (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.* (Adv. Pro. No. 10-03496), unless otherwise indicated.

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d), 546(e), and 546(g) and for Insufficient Service of Process Under the Hague Service Convention* (ECF No. 2903) (the "Consolidated Brief") and the *Supplemental Memorandum of Swiss Financial Institution Defendants in Support of Defendants' Renewed Motion to Dismiss* (ECF No. 2939) (the "Swiss Financial Institution Defendants' Brief"), as applicable.

2

32, 38–39. As outlined in the Consolidated Brief, international registered mail—the only means through which the Liquidators have sought to effect service on the EFG Defendants—is ineffective when attempted on defendants located in any nation that is a party to the Hague Service Convention and has objected to Article 10(a) of that Convention.[3] *See* Consol. Br. at 34–37. Switzerland and Monaco, where the EFG Defendants are located and were supposedly served, are such objecting jurisdictions. *See id.* at 36 (citing Jeandin Decl. ¶¶ 10, 14).

Just as Switzerland does not recognize international registered mail as an effective form of service within the country, *see id*. (citing Jeandin Decl. ¶¶ 8, 19.b), Monaco rejects the validity of service through such means. The declaration of Yann Lajoux, an attorney licensed in Monaco who is an expert on Monegasque procedural rules, confirms that, because Monaco is an Article 10(a) objecting nation, any valid service on a Monegasque defendant arising from a foreign proceeding cannot occur through postal means. *See* Yates Declaration at Ex. 7, ¶¶ 5–14.[4] Moreover, any contractual provisions that purport to create an end-run around the Monegasque rule against service by mail—such as the forum selection clause of the Subscription Agreement or any alleged agreement by which the Citco Subscriber purportedly agreed to accept service on the EFG Defendants' behalf—would likewise be invalid under Monegasque law. *See id.* ¶¶ 15–21, 22–23. In addition, just as Swiss law requires translations into the local language, *see* Consol. Br.

---

[3] *See* Affidavit of Service, *Fairfield Sentry, et al. v. EFG Bank*, Adv. Pro. No. 10-3625 (ECF No. 11); Affidavit of Service, *Fairfield Sentry et al., v. Zurich Capital Markets Co., et al.*, Adv. Pro. No. 10-3634 (ECF No. 34); Affidavits of Service, *Fairfield Sentry et al., v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-3635 (ECF Nos. 53, 54, 79); Affidavits of Service, *Fairfield Sentry et al., v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-3636 (ECF Nos. 53, 54, 78). The only exceptions are attempts to serve by mail both prior counsel to certain of the EFG Defendants, *see, e.g.*, Affidavit of Service, *Fairfield Sentry et al., v. ABN AMRO Schweiz AG, et al.,* Adv. Pro. No. 10-3635 (ECF No. 53) and certain Citco Subscriber entities, *see, e.g.*, *id.*, where the Liquidators have not shown such counsel or entities were authorized to accept service, and, as discussed below, any private agreement purporting to authorize channels of service otherwise unauthorized by the Hague Service Convention would be invalid under either Swiss or Monegasque law. *See also* Consol. Br. at 36.

[4] The Declaration of Yann Lajoux regarding Monegasque law is attached as Exhibit 7 to the *Attorney Declaration of D. Farrington Yates in Support of the Swiss and Monegasque EFG Defendants' Supplemental Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss* (the "Yates Declaration") filed contemporaneously herewith.

3

at 36 n. 71, Monaco also requires translations of the papers to be delivered to the defendant for service to be validly effected. *See* Yates Declaration at Ex. 7, ¶ 10. For all these reasons, the Liquidators' purported service on the Monegasque EFG Defendant, EFG Eurofinancier d'Invest MCL—like their purported service on the Swiss EFG Defendants—is ineffective. *See id.* ¶¶ 14, 21, 23. Thus, the Liquidators' claims against all of the EFG Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

II. **The Claims Should Be Dismissed Pursuant to Section 546(e) Because Each of the EFG Defendants Has Established "Financial Institution" Status Through Judicially Noticeable Documents**

The claims also must be dismissed because, as alleged in the complaints, the redemption payments were paid to or for the benefit of the EFG Defendants, each of which is a "financial institution" as defined by the Bankruptcy Code. Specifically, each of the EFG Defendants is covered by Section 101(22)(A) of the Bankruptcy Code, which defines "financial institution" to include "an entity that is a commercial or savings bank."

As explained in the Swiss Financial Institution Defendants' Brief, multiple reliable public sources confirm that the Swiss EFG Defendants were commercial or savings banks during the period when the redemption payments allegedly were made to defendants. In particular, the Commercial Registers of various Swiss cantons maintain websites that provide documentary evidence of the EFG Defendants' status as commercial or savings banks in the form of "extracts" from the Commercial Registers. *See* Swiss Financial Institution Defs.' Br. at 2–3. These "extracts" for the Swiss EFG Defendants are attached to the Yates Declaration. The Yates Declaration also includes as an attachment documentary evidence establishing that EFG Eurofinancier d'Invest MCL—the Monegasque EFG Defendant—was a commercial or savings bank during the period when redemption payments were allegedly received. Such evidence similarly takes the form of an "extract" from the Monegasque Commercial Register.

4

The Swiss Financial Institution Defendants' Brief also explains that the Swiss Financial Market Supervisory Authority ("FINMA") has provided additional support for the Swiss EFG Defendants' status as commercial or savings banks, including via the following documents attached to the Declaration of Thomas J. Moloney (ECF No. 2906) (the "Moloney Declaration"): (i) a letter from FINMA confirming that each of the Swiss EFG Defendants was a bank; and (ii) a list of entities licensed as banks in Switzerland as of December 26, 2008, which is available for download from FINMA's website. *See* Swiss Financial Institution Defs.' Br. at 3.[5] As indicated in the letter from FINMA and their individual extracts, Defendants BSI Ex Banca del Gottardo and Banca Unione di Credito were not registered as banks during the entirety of the period for which redemptions were paid because they were not in existence for the entirety of such period. *See* Yates Decl. ¶¶ 4, 6. This has no impact on the application of Section 546(e) to BSI Ex Banca del Gottardo and Banca Unione di Credito because the Liquidators have not alleged, and cannot establish, that these defendants purportedly received redemption payments at a time when they were not in existence.

The Court can take judicial notice of the foregoing documents—*i.e.*, the "extracts" and additional support from FINMA—because their accuracy cannot reasonably be called into doubt. *See* Consol. Br. at 28–29; Swiss Financial Institution Defs.' Br. at 3–4. Such documents establish that each of the EFG Defendants was a "financial institution" under Section 101(22)(A) of the Bankruptcy Code during the relevant period. Thus, all claims against the EFG Defendants must be dismissed pursuant to Section 546(e) of the Bankruptcy Code.

**RESERVATION OF RIGHTS**

The *Scheduling Order* directed the defendants to raise only certain "First Threshold Issues"

---

[5] Rather than re-file such documents, which are already attached to the Moloney Declaration, the EFG Defendants' have incorporated them by reference into the Yates Declaration filed contemporaneously herewith.

5

in their motion to dismiss. The EFG Defendants reserve all other arguments and defenses, including lack of personal jurisdiction. The EFG Defendants further reserve the right to submit additional evidence to support their "financial institution" status and to submit evidence showing that they are "financial participants" or fall within other protected categories for which Section 546(e) applies.

Dated: March 23, 2020
      New York, New York

                             Respectfully submitted,

                             KOBRE & KIM LLP

                             By: */s/ D. Farrington Yates*
                                  D. Farrington Yates
                                  Adam M. Lavine
                                  Donna Xu
                                  800 Third Avenue
                                  New York, New York 10022
                                  Tel: (212) 488-1206
                                  Farrington.Yates@kobrekim.com
                                  Adam.Lavine@kobrekim.com
                                  Donna.Xu@kobrekim.com

                             *Attorneys for the EFG Defendants*