**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LIMITED, et al., | Case No. 10-13164 (SMB) |
| Debtors in Foreign Proceedings. | (Jointly Administered) |
| FAIRFIELD SENTRY LIMITED, et al. (In Liquidation), acting by and through the Foreign Representatives thereof, | |
| Plaintiffs, | Adv. Pro. No. 10-03496 (SMB) |
| v. | (Procedurally Consolidated Under This Matter) |
| THEODOR GGC AMSTERDAM, et al., | |
| Defendants. | |
| FAIRFIELD SIGMA LIMITED (IN LIQUIDATION), and FAIRFIELD SIGMA LIMITED (IN LIQUIDATION), acting by and through the Foreign Representatives thereof, and KENNETH KRYS and JOANNA LAU, solely in their capacities as Foreign Representatives and Liquidators thereof, | |
| Plaintiffs, | Adv. Pro. No. 10-03635 (SMB) |
| v. | |
| ABN AMRO SCHWEIZ AG A/K/ ABN AMRO (SWITZERLAND) AG, et al., | |
| Defendants. | |

**DECLARATION OF JOHN C. SCALZO IN SUPPORT OF MOTION OF REED SMITH LLP TO WITHDRAW AS COUNSEL FOR DEFENDANT T1 GLOBAL FUND LTD.**

**JOHN C. SCALZO**, an attorney duly admitted to practice law before the courts of the State of New York, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the law firm of Reed Smith LLP ("Reed Smith" or the "Firm").

I have entered an appearance in the above-captioned action (the "Action") as an attorney for T1 Global Fund Ltd. ("T1 Global"). I submit this declaration in support of Reed Smith's request to withdraw as attorneys of record in the captioned adversary proceeding for T1 Global pursuant to Rule 2090-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rule 2090-1"). I have personal knowledge of the facts herein or understand them to be true and correct based on my good faith investigation.

2. Plaintiffs Kenneth Krys and Joanna Lau, in their capacities as foreign representatives and liquidators of Fairfield Sigma Limited (In Liquidation) ("Plaintiffs") commenced the Action on or about September 21, 2010 by filing a summons and complaint in the Supreme Court of the State of New York, County of New York (Index No. 650316-10), which action was removed to this Court on the same date. On or about September 21, 2010, Plaintiffs filed the First Amended Complaint, which was served on T1 Global on or about January 26, 2011. (*See* Dkt. Nos. 8, 54.)

3. On November 2, 2010, T1 Global's Cayman counsel, Hector Robinson of the Mourant Ozannes firm, engaged Reed Smith to represent T1 Global in the Action. James C. McCarroll, John C. Scalzo and Christopher A Lynch filed their notices of appearance on behalf of T1 Global on January 20, 2017. (*See* Dkt. No. 184.)

4. On April 21, 2015, T1 Global was put into liquidation by special written resolution passed by the company's shareholders that same day. A true and correct copy of T1 Global's Notice of Voluntary Winding Up (the "Notice") is attached as Exhibit A hereto. Matteo Zannier and Thomas Zara of Reset Group SA in Lugano, Switzerland (the "Liquidators") were appointed as Joint Voluntary Liquidators of T1 Global. Creditors of T1 Global were given until June 11, 2015 to file proofs of claim in the company's liquidation proceeding. The Notice was

given to the Cayman Islands Registrar of Companies on April 23, 2015, and published in the May 11, 2015 edition of *The Cayman Islands Gazette*, Issue No. 10/2015 (the "May 11th *Cayman Gazette*"). A true and correct copy of the May 11th *Cayman Gazette* is attached as Exhibit B hereto.

5. On April 11, 2018, the Liquidators published in *The Cayman Islands Gazette*, Extraordinary No. 29/2018 (the "April 11th *Cayman Gazette*"), notice of the final meeting of T1 Global to be held at the registered office of the Reset Group SA on May 2, 2018. A true and correct copy of the April 11th *Cayman Gazette* is attached as Exhibit C hereto. Pursuant to the foregoing notice, the purpose of the meeting was to show how the winding up of T1 Global had been conducted and how the property had been disposed of by the Liquidators as at the date of the final winding up, which had taken place on March 31, 2018. *See* Ex. C at 3. As a result of this process, T1 Global has been voluntarily dissolved as of October 9, 2018 and the company has no assets with which to pay legal fees as they are incurred.

6. On September 24, 2019, Christopher Lynch sent an e-mail to Mr. Robinson and the Liquidators, with copy to me, advising them that the Firm would seek the Court's permission to withdraw as attorneys of record in light of T1 Global's liquidation and its inability to pay due to its insolvency.

7. Reed Smith is not asserting a retaining or charging lien.

8. Upon the presentation of the withdrawal motion and supporting documents, Reed Smith will serve Mr. Robinson and the Liquidators with the papers via electronic mail.

9. Pursuant to Local Rule 2090-1, "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." This Rule is an adaptation of Rule 1.4 of the Local Rules of the United States District Courts for the Southern

and Eastern Districts of New York ("Local Rule 1.4"), which provides that withdrawal may be granted "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien." *Id.* The Court has "considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333 MEA, 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014). "When considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10 CIV. 2709 (PGG), 2018 WL 4761574, at *9 (S.D.N.Y. Sept. 30, 2018).

10.    "[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *Melnick v. Press*, No. 06-CV-6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009); *Team Obsolete Ltd. v. A.H.R.MA. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4."); *Cower v. Albany Law School of Union Univ.*, No. 04 Civ. 643, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw."); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) ("[M]ore recent case law in the Southern and Eastern Districts of New York has held that non-payment of fees alone can be a satisfactory reason for withdrawal.").

11.    Here, due to T1 Global's liquidation and winding up, T1 Global is left without

4

any assets and therefore it is not possible for T1 Global to pay Reed Smith's professional fees and, in fact, T1 Global had not done so for an extended period of time prior to Reed Smith's learning of its liquidation. Accordingly, a satisfactory reason exists for Reed Smith's withdrawal as attorneys of record for Defendant, *see, e.g., Press*, 2009 WL 2824586, at *3 and the Court should exercise its broad discretion to permit the firm to withdraw. *See A.V.E.L.A.*, 2014 WL 1087934, at *1; *Furlow v. City of New York*, 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) ("An attorney may withdraw as counsel when his client fails to pay legal fees or to communicate with him"); *see also Heintze v. Wells Fargo Bank, N.A.*, 2015 WL 12696033 (C.D. Cal. July 16, 2015) ("When a corporate entity ceases to exist, courts permit counsel to withdraw from representing it.") (citing *Lamont v. Jakoby Law Firm*, P.C., No. 14-CV-809 AC, 2015 WL 1970395, *1 (D. Or. Apr. 29, 2015)).

12.     In considering a motion to withdraw pursuant to Local Rule 1.4, courts also weighs "the posture of the case," and whether "'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (alteration in original) (quoting *Brown v. Nat'l Survival Games. Inc.*, No. 91 CV 221, 1994 U.S. Dist. LEXIS 16572, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)). "The Court may also examine likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010).

13.     Neither T1 Global nor Plaintiffs will be prejudiced by the withdrawal of Reed Smith as attorneys of record for T1 Global. As this Court is aware, despite the passage of a decade, this matter is still at the pleading stage and discovery has yet to commence. For its part, as T1 Global has been liquidated and is without any assets, it is "judgment proof" and it is

therefore axiomatic that the Plaintiffs' continued prosecution of their claims against T1 Global will have no impact on that liquidated entity.  Indeed, in light of T1 Global's liquidation, it is questionable whether Plaintiffs will expend estate resources pursuing their claims against T1 Global.  Regardless of whether the Action were to proceed as against T1 Global (which has been identified by the Plaintiffs as a "Knowledge Defendant"), Reed Smith's withdrawal as counsel at this juncture of the proceeding cannot be said to be prejudicial to either the Plaintiffs or T1 Global.

   14. This Affirmation includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated.  Accordingly, Reed Smith submits that this Affirmation satisfies Local Rule 9013-1(a).

Dated: February 4, 2021
   New York, New York

                 /s/ *John C. Scalzo*
                 John C. Scalzo