**Selendy & Gay**

February 17, 2021

<u>**Via E-Mail & ECF**</u>

The Honorable Stuart M. Bernstein
U.S. Bankruptcy Court for the Southern
District of New York
One Bowling Green, Courtroom 723
New York, New York 10004-1408

**Re:** ***Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al. (In re Fairfield Sentry Ltd.)*, Adv. Pro. No. 10-ap-03496-SMB (Administratively Consolidated With Cases Listed on Exhibit A)**

Dear Judge Bernstein:

The Liquidators[1] in the above-referenced consolidated adversary proceedings respectfully submit this letter memorandum in opposition to Defendants' simultaneous motion for reargument from this Court's ruling that the Liquidators' Constructive Trust Claims are not barred by 11 U.S.C. §§ 546(e) or 561(d). *See In re Fairfield Sentry Ltd.* ("*Fairfield III*"), 2020 WL 7345988, at *9-10 (Bankr. S.D.N.Y. Dec. 14, 2020).

Respectfully submitted,

*/s/  David Elsberg*
David Elsberg
Lena Konanova
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
delsberg@selendygay.com
lkonanova@selendygay.com

David J. Molton
Marek P. Krzyzowski
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Tel: 212-209-4800
dmolton@brownrudnick.com
mkrzyzowski@brownrudnick.com
*Counsel for the Liquidators*

---

[1] The Liquidators are Kenneth M. Krys and Greig Mitchell, in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited.

The Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge
February 17, 2021

This Court's ruling was correct and reargument should be denied. Defendants' motion consists of a rehash of points this Court explicitly considered and rejected in *Fairfield III*. Defendants cannot show the Court overlooked their arguments or that *Fairfield III* is the product of clear error or results in a manifest injustice. Reargument is an extraordinary remedy—it is not a mulligan. On these grounds alone, Defendants' motion should be denied.

Defendants' motion fares no better on the merits. Defendants argue this Court erred in reaching preemption because the Liquidators' Constructive Trust Claims are actually avoidance claims, not common law claims. But Defendants have no basis for asserting the Constructive Trust Claims morph into avoidance claims based on similar allegations or relief; in fact, Defendants previously acknowledged these common law claims "sound in unjust enrichment"—not avoidance. Nor have Defendants offered any support for the proposition that the safe harbor applies to common law claims in the absence of implied preemption. This Court properly evaluated whether the Constructive Trust Claims were subject to implied preemption and correctly concluded they were not because preemption does not apply to foreign common law claims that are otherwise cognizable in U.S. courts. And, even if foreign common law claims could be impliedly preempted in theory, the Constructive Trust Claims turn on Defendants' knowing receipt of the inflated redemption payments and thus are not mere replicas of claims to avoid constructively fraudulent transfers that are barred by the safe harbor. Congress surely did not intend for the safe harbor to immunize those Defendants who knowingly obtained the proceeds of fraud.

**I.      Defendants Fail To Satisfy The Exacting Standards For Reargument**

Defendants' motion fails at the outset because they come nowhere close to meeting their burden of showing that reargument is warranted under Local Rule 9023-1, Federal Rule of Bankruptcy Procedure 9023, and Federal Rule of Civil Procedure 59(e). *See In re K.G. IM, LLC*, 620 B.R. 469, 477 (Bankr. S.D.N.Y. 2020) (describing applicable rules). Reargument is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Arcapita Bank B.S.C.(c)*, 2018 WL 718399, at *1 (Bankr. S.D.N.Y. Feb. 5, 2018) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). A motion for reargument "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Nor is the motion "a substitute for appeal." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). To prevail, Defendants must show this Court overlooked controlling decisions or factual matters or demonstrate the need to correct a clear error or prevent manifest injustice. *In re Ampal-Am. Israel Corp.*, 2020 WL 5242956, at *2 (Bankr. S.D.N.Y. Sept. 1, 2020) (Bernstein, J.). Defendants satisfy none of these stringent standards.

Defendants cannot show this Court overlooked controlling decisions or factual matters. Defendants have suggested this Court failed to "fully" or "substantively" address Defendants' contention that the safe harbor bars the Liquidators' Constructive Trust Claims

2

because they are "in substance" avoidance claims.[2] To the extent Defendants complain this Court addressed the arguments but not in as much detail as they would have liked, that is not a basis for granting reargument. Local Rule 9023-1 requires a movant to identify "the matters or controlling decisions which counsel believes the Court has *not considered*." Bankr. S.D.N.Y. R. 9023-1 (emphasis added). The Rule is not satisfied here, where Defendants effectively concede the Court actually addressed their argument. *See Focus Prods. Grp. Int'l, LLC v. Kartri Sales Co.,* 2021 WL 22630, at *1 (S.D.N.Y. Jan. 4, 2021) (no reargument of "issues already considered when a party does not like the way the original motion was resolved").

In fact, this Court comprehensively addressed the argument. In their most recent letter, Defendants argue the Constructive Trust Claims are effectively avoidance claims because they "seek the same relief, are premised on the same grounds, and arise from the same factual allegations as the[] BVI Insolvency Act claims." Ex. B at 5-6 n.5. Defendants acknowledge they made these <u>exact same arguments</u> in their original briefing.[3] Ex. C at 2.

In *Fairfield III*, this Court reviewed every major case cited by Defendants and noted that Defendants rely on "these and similar authorities" to argue that the "constructive trust claims should be dismissed because they seek to unwind safe harbored redemption payments." *Fairfield III*, 2020 WL 7345988, at *9 (distinguishing *Contemporary Indus. Corp. v. Frost*, 564 F.3d 981 (8th Cir. 2009); *AP Servs. LLP v. Silva*, 483 B.R. 63 (S.D.N.Y. 2012); *In re Hechinger Inv. Co. of Del.*, 274 B.R. 71 (D. Del. 2012)). This Court likewise noted Defendants' contention that "[a]llowing a plaintiff to recover a safe harbored transfer by attaching a different label to the claim would frustrate the purpose of section 546(e)." *Id.* And this Court cited to pages 29–31 of Defendants' brief, which contained their argument with respect to the Constructive Trust Claims. *Id.*

This Court explained that Defendants' cases all relied on the doctrine of implied preemption to extend the safe harbor's reach to common law claims that otherwise do not fall within the statute's ambit. *Id.* This Court explained that those cases involved state

---

[2] *See* Ex. B (Joint Ltr. from Pls. & Defs. to Hon. Stuart M. Bernstein, U.S.B.J. (Feb. 8, 2021) (Dkt. 3071)), at 5 & n.5; Ex. C (Ltr. from Defs. to Hon. Vernon S. Broderick, U.S.D.J., *Fairfield Sentry Ltd. (In Liquidation) v. Citibank NA London*, No. 19-cv-3911 (S.D.N.Y. Feb. 4, 2021) (Dkt. 392)), at 2.

[3] *See, e.g.*, Defs.' Mem. of Law in Supp. of Renewed Mot. to Dismiss ("Def. Mem.") at 29 (Dkt. 2903) (arguing the safe harbor "has been held to preclude not only … claims under the Bankruptcy Code, but also common law restitution and other non-bankruptcy claims when they seek to undo transactions protected by the safe harbor"); *id.* at 30 (arguing that the constructive trust claims are "effectively" avoidance claims); *id.* at 31 (arguing that the constructive trust claims and the avoidance claims seek the same relief because both "claims seek to recover transfers based on allegedly inflated redemption payments" and both "seek the return of the redemption payments paid in Covered Transactions"); *see also* Defs.' Reply Mem. of Law in Further Supp. of Renewed Mot. to Dismiss, at 12 (Dkt. 3036) ("The knowing receipt claims, like the avoidance claims, seek to unwind the redemption payments.").

3

common law claims, whereas here, "the Constructive Trust Claims are based on BVI law." *Id.* at *10. This Court concluded that implied preemption does not apply to foreign claims that are otherwise cognizable in U.S. courts and that the safe harbor does not expressly apply to the Constructive Trust Claims. *Id.* As this Court explained, in the absence of express language to the contrary, a statute cannot be read to bar foreign claims no matter "how well a ban on foreign law claims might fit within the larger statutory scheme." *Id.* This Court therefore considered and fully addressed every material aspect of Defendants' argument that the Constructive Trust Claims are effectively avoidance claims.[4]

Defendants have not suggested their current motion is in the alternative based on a need to correct a clear error or prevent manifest injustice, and rightly so. A decision is clearly erroneous when it is "wholly without legal support, and the error is obvious to all who view it." *In re Ampal-Am. Israel Corp.*, 2020 WL 5242956, at *2 (citation and question marks omitted). "[A] finding of manifest injustice in a civil matter requires the presence of either some unfair advantage taken by an opposing party or clear inequity warranting relief." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2016 WL 6088136, at *6 (Bankr. S.D.N.Y. Oct. 18, 2016) (Bernstein, J.). Neither circumstance is present here.

## II. This Court Should Affirm Its Prior Ruling Even If Reargument Were Granted

Defendants' failure to satisfy the requirements for reargument should be the end of the analysis. But if this Court were to reconsider the merits, Defendants' motion still fails.

### A. The Constructive Trust Claims Are Not Avoidance Claims Subject To The Safe Harbor

This Court correctly held—in a ruling Defendants do not intend to challenge in this motion—that unlike state common law claims, foreign common law claims are subject neither to the Supremacy Clause nor to the doctrine of implied preemption. *See Fairfield III*, 2020 WL 7345988, at *10. If a foreign common law claim is otherwise cognizable in a U.S. court, Congress must act expressly to preclude the claim. *See LaSala v. Bordier et Cie*, 519 F.3d 121, 138–39 (3d Cir. 2008); *In re Petrobras Sec. Litig.*, 169 F. Supp. 3d 547, 551–52 (S.D.N.Y. 2016); *Comrie v. IPSCO Inc.*, 2008 WL 5220301, at *4–5 (N.D. Ill. Dec. 10, 2008).

Defendants cite no case for the proposition that the plain text of sections 546(e) or 561(d) expressly bar common law claims, and the Liquidators are aware of none. As this Court already held, "Defendants have not identified any statutory language that purports to

---

[4] Moreover, in *Fairfield II*, this Court distinguished between the Liquidators' <u>avoidance</u> claims, as to which it held the safe harbor could apply, and the Liquidators' "<u>common law and other non-bankruptcy law claims</u>" that, according to Defendants, "<u>effectively seek the same relief based on the same act</u>," as to which it reserved ruling. 596 B.R. 275, 311 n.52 (Bankr. S.D.N.Y. 2018) (emphases added).

4

expressly" preclude claims arising under foreign common law such as the Constructive Trust Claims at issue here. *Fairfield III*, 2020 WL 7345988, at *10 (emphasis omitted).

In an attempt to get around this ruling, Defendants contend that this Court erred in reaching the preemption issue at all because "the plain language of Section 546(e)" would bar the Constructive Trust Claims if they were "in fact avoidance claims." Ex. B at 5 n.5; *see also* Ex. C at 2. Defendants thus appear to concede the plain language of the safe harbor applies only to avoidance claims. *See* 11 U.S.C. § 546(e) (providing that subject to certain limitations, "the trustee may not avoid" a qualifying transfer); *id.* § 561(d) (providing that "avoidance powers" in a chapter 15 proceeding are limited "to the same extent as in a proceeding under chapter 7 or chapter 11"); *see also In re Lehman Bros. Holdings, Inc.*, 469 B.R. 415, 450 (Bankr. S.D.N.Y. 2012) (noting that "[t]he plain language of section 546(e)" does not apply to common law claims).

Avoidance is a term of art rooted in the unique statutory context of bankruptcy law. Courts have been clear that "avoidance claims … are statutory causes of action belonging to the trustee" by operation of bankruptcy or debtor law. *In re Worldcom, Inc.*, 401 B.R. 637, 646 (Bankr. S.D.N.Y. 2009) (quotation marks omitted); *see also In re Bethlehem Steel Corp.*, 390 B.R. 784, 791 (Bankr. S.D.N.Y. 2008) ("Avoidance claims … are statutory claims created in favor of creditors that can only be prosecuted by a trustee or debtor in possession."). Here, however, Defendants have conceded the Constructive Trust Claims "sound in unjust enrichment, rather than U.S. or BVI bankruptcy law."[5] Def. Mem. at 31 (emphases added); *see also* Third Am. Compl. ¶¶ 96-103, *Fairfield Sentry Ltd. v. Citibank NA London*, 10-03622-SMB (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 79). The Constructive Trust Claims "exist independently of the bankruptcy" and belong to the debtors, rather than the Liquidators. *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 684 (S.D.N.Y. 2011). Moreover, Defendants admitted at the February 11 conference that the elements of unjust enrichment under BVI common law are distinct from the elements of a statutory avoidance claim and have previously conceded that the limitations period for the Constructive Trust Claims is longer than for the avoidance claims, *see* Def. Mem. at 31.[6]

---

[5] To the extent Defendants are arguing for the first time in this motion for reargument that the Constructive Trust Claims arise under bankruptcy law, that is improper. *See In re Best Payphones, Inc.*, 2003 WL 1089525, at *2 (Bankr. S.D.N.Y. 2003) (Bernstein, J.).

[6] It is irrelevant that knowledge can be both an element of an unjust enrichment claim and an affirmative defense to an avoidance claim. As this Court correctly noted, that one claim involves an element on which a plaintiff carries the burden of proof and another claim involves a waivable affirmative defense on which the defendant carries the burden of proof demonstrates that the claims are in fact different. *See, e.g., Aparicio v. Artuz*, 269 F.3d 78, 98 (2d Cir. 2001) ("[W]e have never conflated an affirmative defense as the functional equivalent of an element."); *Born to Rock Design Inc. v. CafePress.com, Inc.*, 2012 WL 395418, at *5 (S.D.N.Y. Sept. 7, 2012) (noting that defendant erroneously "confuse[d] or conflate[d]" elements of plaintiff's prima facie case with elements of affirmative defense).

5

In any event, Defendants offer no support for their suggestion that common law claims transform into statutory avoidance claims by virtue of having similar elements or being premised on similar allegations or seeking similar relief. Defendants' own cases make clear that any similarities between claims are relevant <u>only</u> for purposes of preemption[7]—which gets Defendants nowhere because, as noted, the Supremacy Clause and implied preemption are inapplicable to the foreign common law claims at issue. Defendants' cases provide no support for the proposition that similarities between claims are relevant to the threshold determination of whether a claim is an avoidance claim.

Same goes for Defendants' authorities holding that it would frustrate the safe harbor's "purposes and objectives" to allow state common law claims that materially overlap with otherwise barred avoidance claims to proceed. *See, e.g.*, *Contemporary Indus. Corp.*, 564 F.3d at 988. The "purposes and objectives" test is not the legal standard for determining whether a claim is a common law claim or an avoidance claim within the meaning of the safe harbor. Rather, this phrase is the legal standard for conflict preemption. *See, e.g.*, *Williamson v. Mazda Motor of Am., Inc.*, 562 U.S. 323, 330 (2011) ("Under ordinary conflict pre-emption principles a state law that stands as an obstacle to the accomplishment and execution of the full purposes and objectives of a federal law is pre-empted." (quotation marks omitted)). Conflict preemption is a form of implied preemption and derives from the Supremacy Clause, a constitutional rule that "instructs courts what to do when state and federal law clash." *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 325 (2015). That rule is inapplicable here where the claims at issue are not brought under state law, but rather under foreign common law.

### B. The Constructive Trust Claims Would Not Be Barred By The Safe Harbor Even If Conflict Preemption Were To Apply

Defendants' motion independently fails because the Constructive Trust Claims would not be barred even if this Court reversed its prior ruling and held that conflict preemption applies to foreign common law claims. The hypothetical availability of preemption is not the end of the relevant inquiry. Even under preemption principles, the safe harbor "does not bar … all common law claims … not expressly embraced by section 546(e)," and will not block "every other legal theory … employ[ed] when seeking relief from conduct of a market participant that is outside the norms of ordinary market behavior and that is claimed to be egregious." *In re Lehman Bros.*, 469 B.R. at 450.

Courts have regularly recognized that common law claims are not subject to conflict preemption when allowing those claims to proceed would be consistent with the specific purposes and objectives of the safe harbor. Specifically, common law claims that

---

[7] *See, e.g.*, *Contemporary Indus. Corp.*, 564 F.3d at 984 (affirming that unjust enrichment claims "were preempted, inasmuch as those claims sought essentially the same relief as the avoidance claims barred by § 546(e)"); *AP Servs.*, 483 B.R. at 71 ("claim for unjust enrichment is preempted by [s]ection 546(e)" because it "seeks to recover the same payments … held … unavoidable under § 546(e)" (ellipses in original)); *In re Hechinger Inv. Co. of Del.*, 274 B.R. at 96 ("section 546(e) preempts the Committee's unjust enrichment claim" because the claim "effectively acts as an avoidance claim").

6

are not "mere replica[s]" of claims to avoid constructively fraudulent transfers are not preempted by the safe harbor, *In re Hellas Telecomms. Luxembourg II SCA* ("*Hellas II*") 526 B.R. 499, 510 (Bankr. S.D.N.Y. 2015), because they are not copies of prohibited claims with "different label[s]," *Fairfield III*, 2020 WL 7345988, at *9; *see also In re Hechinger Inv. Co. of Del.*, 274 B.R. at 96. In *Lehman*, for example, the court denied a motion to dismiss common law claims—including a constructive trust claim—on preemption grounds where those claims were "unlike classic avoidance claims for constructively fraudulent transfers" but, instead, had "more in common with claims grounded in actual fraudulent intent." 469 B.R. at 451; *see also Hellas II*, 526 B.R. at 510 (same). Because the common law claims in *Hellas II* and *Lehman* concerned transfers that did not resemble transfers protected by the safe harbor, allowing such claims to proceed would not frustrate the purposes of the federal statute.

Likewise, the Constructive Trust Claims are not mere replicas of claims to avoid constructively fraudulent transfers that might otherwise be subject to the safe harbor. Constructively fraudulent transfers are deemed fraudulent due to the underlying economics of the transfer rather than evidence of intent. The Constructive Trust Claims turn on the Knowledge Defendants' knowledge, <u>beyond merely</u> the transfers' underlying economics. As this Court held, the Liquidators may "impose a constructive trust as to any Defendant who received a redemption payment <u>and knew that the Fund's BLMIS investments were worthless or nearly worthless</u>." *In re Fairfield Sentry Ltd.*, 596 B.R. 275, 297 (Bankr. S.D.N.Y. 2018) (emphasis added); *see also id.* at 301 (allowing the Liquidators to proceed against "Knowledge Defendants" that "received redemption payments with the knowledge that the NAV was wrong"); *DD Growth Premium 2X Fund (In Official Liquidation) v. RMF Mkt. Neutral Strategies (Master) Ltd.* [2017] UKPC 36, ¶44. Although this Court did not agree with the Liquidators that their avoidance claims were exempt from the safe harbor under sectioni 548(a)(1), it did not address the analytically distinct question of whether the Constructive Trust Claims resemble claims involving actually fraudulent transfers for purposes of preemption.

Finally, Defendants maintain that the Constructive Trust Claims must be preempted because they "seek the same relief" as the avoidance claims. Ex. B at 5 n.5. Not so. While the Constructive Trust Claims seek the overpaid portions of the transfers, the avoidance claims seek to avoid transfers in their entirety—to "effectively render[] [the transfer] as if it never occurred." *See In re Hellas Telecomms. (Luxembourg) II SCA*, 535 B.R. 543, 587 (Bankr. S.D.N.Y. 2015) (noting that an unjust enrichment claim did not seek "identical relief" as a statutory avoidance claim). And even if the Constructive Trust Claims were to seek the "same relief," courts do not treat the nature of the relief as dispositive. *See Hellas II*, 526 B.R. at 509–10.

For these reasons, the Court should deny Defendants' motion for reargument, or in the event reargument is granted, the Court should affirm its original ruling.