# Exhibit B

February 8, 2021

**Via ECF**

The Honorable Stuart M. Bernstein
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green, Courtroom 723
New York, New York 10004-1408

    Re:    *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al. (In re Fairfield Sentry Ltd.)*, **No. 10-ap-03496-SMB (Administratively Consolidated)**

Dear Judge Bernstein:

    We write jointly on behalf of the parties in the administratively consolidated adversary proceedings captioned above further to this Court's December 14, 2020 *Fairfield III*[1] decision requiring implementing settle orders, to respectfully seek this Court's guidance. Our respective positions are set forth, following these signature pages, at pages 3 through 8 below. Consolidated Plaintiffs' and Moving Defendants' competing draft orders are attached as Exhibits 1 and 3, respectively. For the Court's convenience, a redline comparing the competing proposed settle orders is attached as Exhibit 5.

    The parties also request an extension of the deadline to submit settle orders until five business days following resolution of this joint letter to provide time for the parties to create individualized orders in the form ordered by the Court.

Respectfully submitted,

[*Signature block on following page*]

---

[1]    Terms not defined herein have the meaning ascribed to them in Exhibit 1.

Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge
February 8, 2021

| | |
|---|---|
| /s/ David Elsberg | /s/ Nowell D. Bamberger |
| **SELENDY & GAY, PLLC**<br>David Elsberg<br>Andrew R. Dunlap<br>Lena Konanova<br>Jordan Garman<br>Ronald Krock<br>Evan Bianchi<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: 212-390-9000<br>delsberg@selendygay.com<br>adunlap@selendygay.com<br>lkonanova@selendygay.com<br>jgarman@selendygay.com<br>rkrock@selendygay.com<br>ebianchi@selendygay.com<br><br>– and –<br><br>**BROWN RUDNICK LLP**<br>David J. Molton<br>Marek P. Krzyzowski<br>Seven Times Square<br>New York, NY 10036<br>Telephone: 212-209-4800<br>dmolton@brownrudnick.com<br>mkrzyzowski@brownrudnick.com<br><br>*Attorneys for Plaintiffs Foreign Representatives* | **CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br>Nowell D. Bamberger<br>(admitted *pro hac vice*)<br>2112 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>T: 202-974-1500<br>F: 202-974-1999<br>nbamberger@cgsh.com<br><br>Joseph M. Kay<br>Christine M. Jordan<br>One Liberty Plaza<br>New York, NY 10006<br>T: 212-225-2000<br>F: 212-225-3999<br>jkay@cgsh.com<br>cjordan@cgsh.com<br><br>*Attorneys for HSBC Institutional Trust Services (Asia) Limited, Robinson and Company, Murdoch and Company, Republic Nominees Limited (f/k/a HSBC Private Banking Nominee 1 (Jersey) Limited), HSBC Securities Services (Luxembourg) S.A., HSBC Private Bank (C.I.) Limited (f/k/a HSBC Private Bank (Guernsey) Limited), Republic Nominees Limited, HSBC Private Bank (Suisse) S.A., HSBC Bank USA, N.A., HSBC Trust Company AG (f/k/a HSBC Guyerzeller Trust Company AG), HSBC Latin America Holdings (UK) Limited (successor-in-interest to HSBC Securities (Panama) S.A.), HSBC International Trustee Limited, Somers Nominees (Far East) Limited, and HSBC Bank Bermuda Limited (together, the "HSBC Defendants")* |

2

Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge
February 8, 2021

**Plaintiffs' Position:** Defendants improperly attempt to use their forthcoming motion for reconsideration of *Fairfield III* to delay adjudication of the merits. After extended negotiations on the settle order, in which both sides made numerous concessions, the parties reached agreement on all material points except one—*i.e.*, whether this settle order should, like the April 2019 orders, include a briefing schedule on the forthcoming Third Motion to Dismiss the constructive trust claims. Plaintiffs propose such a schedule, attached as Exhibit 1. Even though this case has been pending for more than a decade, Defendants seek to indefinitely adjourn briefing on the Third Motion to Dismiss pending resolution of the reconsideration motion. Perhaps Defendants seek such delay to avoid the merits and discovery on jurisdictional defenses to be raised in the Third Motion to Dismiss. Or maybe they hope for a "do over" before a new judge. Whatever the motive, Plaintiffs respectfully request the reconsideration motion be briefed quickly and the Third Motion to Dismiss briefing be set now and proceed contemporaneously.

First, Defendants have no basis for reconsideration. In any event, Your Honor is best equipped to resolve that motion, given this Court's familiarity with *Fairfield III*. Plaintiffs respectfully **request expedited briefing and decision on the reconsideration motion, before Your Honor's retirement**.

Second, judicial economy and efficiency are not served by decoupling the settle orders implementing *Fairfield III*, which allow constructive trust claims to go forward to the next phase, from guidance on that next phase—*i.e.*, it makes no sense to grant dismissals while leaving further proceedings in limbo. Consistent with past practice, Plaintiffs' first proposed draft settle order (shared with Defendants on December 31, 2020) included a briefing schedule for the Third Motion to Dismiss (wholly refuting Defendants' contention that the parties lacked an opportunity to discuss). Defendants objected, initially citing that briefing's complexity. Accommodating those concerns, Plaintiffs added individualized briefing. But Defendants never countered with a briefing proposal, instead seeking to defer negotiation altogether. (Until 1:54pm Friday, Defendants never shared their proposal for primarily individualized briefing.) In the interest of reaching consensus, on January 25, Plaintiffs agreed to defer negotiation of the briefing schedule on the Third Motion to Dismiss on the condition the parties do so within 30 days of entry of the settle orders.

On January 29, however, Defendants announced for the first time that they would not agree to brief the Third Motion to Dismiss at all—until after resolution of their forthcoming reconsideration motion. As Plaintiffs later conveyed, *see* Exhibit 2 at 1, that proposal defeats the purpose of a subsequent meet-and-confer concerning the schedule, since the parties disagree on the threshold question of whether briefing on the Third Motion to Dismiss should proceed in any form at this juncture. (Defendants' very recent offer to begin discussing certain specifics of the Third Motion to Dismiss briefing schedule upon entry of the settle orders, while appreciated, does not obviate the need for Court guidance on Defendants' position that such briefing may not proceed at all until a reconsideration motion is briefed and decided.)

This Court should not permit Defendants to use the forthcoming reconsideration motion to delay the further proceedings contemplated by *Fairfield III*, particularly since the two motions pertain to different legal issues (rearguing the applicability of safe harbor vs. addressing the merits of constructive trust claims), and there should be no further delay in getting to the merits. We respectfully **request the Court authorize Plaintiffs' Exhibit 1 as a settle order template for these actions, which sets briefing on the Third Motion to Dismiss**.

3

Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge
February 8, 2021

**Defendants' Position**[2]

All agree that this Court's *Fairfield III* decision should result in the dismissal of nearly 200 pending actions. The only question relevant to settling orders to implement that decision is the sequencing and framework for further motion practice with respect to the remaining Constructive Trust Claims in 17 actions, which collectively involve more than 125 Defendants. Defendants respectfully request that the Court enter the proposed settle order enclosed as Exhibit 3. The version of the order proposed by Defendants is:

(1) Identical in all respects to Plaintiffs' proposed order insofar as it will be entered in the nearly 200 actions for which *Fairfield III* results in a final judgment; and

(2) Identical in all respects to Plaintiffs' proposed order for the remaining 17 actions in which *Fairfield III* does not prevent Plaintiffs' Constructive Trust Claims from proceeding *except* that, rather than present a schedule for the next round of motion to dismiss briefing, it directs the parties to meet and confer regarding that schedule.

Defendants had hoped that a single order could be presented to Your Honor on consent, and until recently (as Plaintiffs acknowledge) the parties were in agreement that the settle order would be timely presented without the briefing schedule, followed by discussions among the parties to propose next steps in these proceedings.

It is premature to enter a schedule for a further round of briefing in this matter, and the Court should reject Plaintiffs' proposal to do so. That has always been Defendants' position, for the following reasons:

- As set out in the agreed-upon portions of both proposed settle orders, the next round of briefing in the 17 remaining cases will raise questions that are unique to each case and each Defendant therein—specifically, among other issues, (a) whether Plaintiffs have adequately pled each Defendant's knowledge sufficiently to state a claim, and (b) whether each Defendant is subject to personal jurisdiction in the United States. These questions are specific to each Defendant,[3] and Plaintiffs' proposal that Defendants be almost entirely restricted to consolidated briefing is both unworkable and highly prejudicial.

- Relatedly, Your Honor's decision that Defendants did not consent to personal jurisdiction by signing subscription agreements is on appeal to the District Court. The parties have not

---

[2] Cleary Gottlieb, counsel for the HSBC Defendants (defined above), distributed this joint letter and the enclosed proposed orders to a group of more than 240 attorneys representing Defendants for their review and comment. As of 8:30 a.m. today, Cleary Gottlieb is not aware of (i) any Defendant who has objected to Defendants' Position outlined here and (ii) any Defendant who has declined to consent to the entry of Defendants' proposed order, enclosed as Exhibit 3.

[3] *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State.").

4

Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge
February 8, 2021

> yet discussed how the timing of the briefing of the jurisdictional issues before the Bankruptcy Court and the District Court interrelate.
>
> - As stated in their proposed settle order, Plaintiffs intend to seek some form of discovery, including jurisdictional discovery. Plaintiffs are not entitled to discovery of any kind, but in any case, Plaintiffs' schedule makes no provision for how their discovery request will affect the schedule going forward. Nor have Plaintiffs fully disclosed what discovery they intend to seek. Instead, they appear to reserve a unilateral right to pause motion to dismiss briefing while they seek discovery—the nature and relevance of which, in relation to any motion directed at their pleadings, has not been articulated.
>
> - Plaintiffs have pending motions for leave to amend in each of the remaining 17 constructive trust actions that propose to add dozens of paragraphs to each complaint.[4] Plaintiffs' motions to amend are procedurally improper and futile. *See* Dkt. 2874 (Defendants' Letter to the Court). If that briefing goes forward, these issues will have to be briefed in each of the 17 actions on behalf of more than 125 Defendants. This will present issues of foreign law that may need to be supported by expert opinion.
>
> - Defendants respectfully intend to seek narrow reconsideration of Your Honor's conclusion that the Constructive Trust Claims are not barred by Section 546(e) of the Bankruptcy Code and intend to ask the District Court for leave to appeal that aspect of *Fairfield III* for the reasons discussed below. Defendants submit that briefing on the Third Motion to Dismiss should not proceed until Your Honor has the opportunity to rule on the motion for reconsideration, because that motion—if granted—would moot the briefing that Plaintiffs seek to schedule. At a minimum, Your Honor (and Plaintiffs) should have the benefit of seeing Defendants' motion for reconsideration prior to deciding whether to schedule additional individualized briefing on motions to dismiss.

Until early last week, Defendants believed that scheduling a further meet and confer to discuss these issues would not be controversial. Defendants have been transparent about the complications inherent in the next round of motion practice throughout settle order negotiations, as well as about their intention to seek interlocutory review. *See, e.g.*, Exhibit 4, at 1 (omitted from Exhibit 2). In the course of preparing arguments for that appeal, Defendants came to the view that Your Honor's decision in *Fairfield III* does not appear to have fully addressed the point of law on which Defendants moved and intend to appeal,[5] and accordingly concluded that it would

---

[4] *See, e.g.*, Dkt. 2873 (Notice of Motion for Leave to Amend).

[5] *Fairfield III* concluded the Constructive Trust Claims were not barred by Section 546(e) because they were not preempted under the Supremacy Clause. While Defendants disagree with the preemption analysis, there is a more fundamental issue that *Fairfield III* does not appear to expressly address: specifically, whether or not Plaintiffs' Constructive Trust Claims are *in fact* avoidance claims. If they are, then under the reasoning of *Fairfield II* and *Fairfield III*, they are precluded by the plain language of Section 546(e), just as Plaintiffs' claims under the BVI Insolvency Act were—and no preemption analysis is necessary. Here, Plaintiffs' Constructive Trust Claims seek the same relief, are premised on the same grounds, and arise from the same

5

Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge
February 8, 2021

be more efficient to ask Your Honor to reconsider the decision in *Fairfield III* before seeking appellate review, particularly where among the arguments on appeal would have been that *Fairfield III* did not address a dispositive legal issue. Defendants promptly informed Plaintiffs that Defendants were considering filing such a motion, and then informed Plaintiffs when a decision was made that it would be filed. And Defendants have no objection to briefing the motion before Your Honor; indeed, the reason for bringing the motion is to give Your Honor the opportunity to consider the issue before it is taken on appeal.

As Plaintiffs' submission acknowledges, Defendants remain willing to negotiate a schedule for further briefing in this case if such briefing proceeds. Indeed, Defendants hope that with additional time, and with the focus off of this settle order, Plaintiffs and Defendants can identify a path forward that permits Defendants to raise the individual arguments they are entitled to make (potentially in groups) without wholly uncoordinated briefing. The Court should not enter Plaintiffs' unilaterally submitted briefing proposal before the parties have the opportunity to attempt to reach agreement.

Thus, the only dispute that may be ripe for the Court is whether the briefing schedule—as of yet not agreed—should commence immediately or following resolution of Defendants' motion for reconsideration. Defendants submit the motion for reconsideration should be resolved first. If Your Honor is not inclined to postpone briefing of the motion to dismiss until after resolution of the motion for reconsideration, Defendants are optimistic that the parties can productively discuss and agree on a briefing schedule. But either way, entry of Plaintiffs' schedule at this time over Defendants' objections would only serve to cut off a meet and confer process that would lead to a mutually agreeable schedule. Accordingly, Defendants ask the Court to approve <u>Exhibit 3</u> regardless of its decision on the ordering of the motions, because either way the parties should meet and confer and aim to present a schedule on consent.

If the Court were inclined to enter any scheduling order at this stage, however, Defendants would request, in the absence of an opportunity to have discussed any potential consolidation or coordination of briefing, that page limits for such briefing be fixed as follows and without prejudice to the ability of Defendants to seek to file combined briefs in individual actions or consolidated briefs on common issues as efficiencies may warrant:

- 20 double-spaced pages for any individual Defendant's opening brief.

- 20 double-spaced pages for Plaintiffs' opposition to any individual Defendant's opening brief that is filed.

- 10 double-spaced pages for any individual Defendant's reply brief.[6]

---

factual allegations as their BVI Insolvency Act claims. The Constructive Trust Claims are therefore precluded by Section 546(e).

[6] While Defendants' proposal here references individualized briefing, whether and how certain arguments might be more efficiently presented via consolidated briefing is another

6

Hon. Stuart M. Bernstein, United States Bankruptcy Court Judge
February 8, 2021

Defendants do not believe that Plaintiffs' proposal for fully consolidated briefing is workable or appropriate for the reasons discussed above. For the avoidance of doubt, Defendants are generally amenable to the briefing *periods* set out in Plaintiffs' proposed settle order (which appear to contemplate 60 days for opening and opposition briefs, and 30 days for reply briefs), but those dates should run from either resolution of the motion for reconsideration or the date an order fixing a briefing schedule is set.

---

potential issue that is ripe for further discussions with Plaintiffs during the meet and confer process contemplated by Defendants' proposed settle order.

7