# Exhibit C

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | 2112 Pennsylvania Avenue, NW | |
|---|---|---|
| NEW YORK | Washington, DC 20037-3229 | ROME |
| PARIS | T: +1 202 974 1500 | MILAN |
| BRUSSELS | F: +1 202 974 1999 | HONG KONG |
| LONDON | | BEIJING |
| FRANKFURT | clearygottlieb.com | BUENOS AIRES |
| COLOGNE | | SÃO PAULO |
| MOSCOW | | ABU DHABI |
| | | SEOUL |

February 4, 2021

BY ECF

Honorable Vernon S. Broderick
U.S. District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Fairfield Sentry Ltd. (In Liquidation) v. Citibank NA London*, No. 19-cv-03911 (Administratively Consolidated) and Related Appeals

Dear Judge Broderick:

We write on behalf of HSBC Defendants-Appellees (defined below) and other separately represented and similarly situated Defendants in 18 adversary proceedings (listed in Appendix A, and referred to as the "Constructive Trust Cases") regarding forthcoming motions for interlocutory appeal from the Bankruptcy Court's December 14, 2020 decision ("*Fairfield III*").[1] On behalf of our clients and those similarly situated in the Constructive Trust Cases, we respectfully request that the Court permit Defendants to notice their interlocutory appeals pursuant to Federal Rule of Bankruptcy Procedure 8004, but defer briefing on those motions until the Bankruptcy Court has resolved a forthcoming motion for reconsideration of *Fairfield III*.

We have consulted with counsel for Consolidated Plaintiffs, and they have advised that this request to defer briefing of the motions for interlocutory appeal is unopposed.

As outlined in our letter-motion of January 7, 2021, the decision in *Fairfield III* results in the dismissal of all claims and entry of judgment in the majority of cases before the Bankruptcy Court. In 18 cases, however, *Fairfield III* denied the motion to dismiss a single constructive trust claim brought under foreign law against Defendants alleged by Consolidated Plaintiffs to have had "knowledge" of Madoff's fraud. Those Defendants intend to move for leave to appeal from that aspect of the Bankruptcy Court's decision on the basis that it is both contrary to law and raises issues that overlap with questions concerning the application of Sections 546(e) and 561(d) of the Bankruptcy Code that are currently part of the consolidated appeal pending before this Court. Like

---

[1] *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, No. 10-13164 (SMB), 2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020).

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

10-03635-smb Doc 51513-3 Filed 02/17/21 Entered 02/17/21 17:26:42 Exhibit C: Letter from Defendants to Hon. Vernon S. Broderick U.S.D.J. Fairfie Pg 3 of 5

Case 1:19-cv-03911-VSB Document 38 Filed 02/10/22 Page 4 of 42

Hon. Vernon S. Broderick, p. 2

the existing appeals, and those that will soon be taken as of right, the proposed interlocutory appeals address the extent to which Section 546(e) of the Bankruptcy Code applies to foreign law claims that are in the nature of avoidance claims. The proposed interlocutory appeals arise from the same motion to dismiss, and accordingly are related to those other appeals pursuant to Local Rule 13(a)(1).

The core of Defendants' argument in favor of appeal (among other arguments) will be that the Bankruptcy Court wrongly assumed that Consolidated Plaintiffs' constructive trust claims were not claims to "avoid" transfers, and accordingly were not precluded by the plain language of Sections 546(e) and 561(d). On the basis of that assumption, the Bankruptcy Court proceeded to analyze whether the claims were preempted under the Supremacy Clause of the Constitution and concluded that they were not. But the Bankruptcy Court's assumption was an erroneous one: The Consolidated Plaintiffs' constructive trust claims are, in substance, avoidance claims—they seek the same relief, on the same grounds, on the basis of the same factual allegations. Section 546(e) is intended to protect the U.S. financial system against systemic risk. There is no reason to believe that when Congress referred in Section 546(e) to claims to "avoid" transfers, and then applied that Section to foreign liquidations through Section 561(d), it intended to carve out substantively identical claims under foreign law that simply carry a different label.

Although this argument was made to the Bankruptcy Court, the Bankruptcy Court did not substantively address it. To permit that court to do so in the first instance, Defendants in 18 Constructive Trust Cases intend to move for rehearing on this single issue pursuant to Federal Rule of Bankruptcy Procedure 9023 and Local Bankruptcy Rule 9023-1(a). That motion will be filed within 14 days of the orders being entered by the Bankruptcy Court pursuant to *Fairfield III*.

Because the motion for reconsideration may either moot the forthcoming motions for leave to appeal (if decided in Defendants' favor) or may lead to analysis by the Bankruptcy Court that would inform the appeals, it would not be efficient to brief the motions for leave to appeal while the motion for reconsideration is pending. Because Defendants' motion for reconsideration arguably does not concern a final judgment from which an appeal lies, however, the motion for reconsideration may not automatically stay the time to appeal. *See* Fed. R. Bankr. P. 8002(b). To ensure that this Court has appellate jurisdiction, Defendants intend to timely notice their appeals within 14 days following entry of the Bankruptcy Court's orders. *See* Fed. R. Bankr. P. 8002(a)(1). Defendants request, however, that further briefing on the motions for leave to appeal be stayed pending resolution of the motion for reconsideration. Defendants' proposal to stay briefing on the motions for leave to appeal pending a ruling on the motion for reconsideration would simply produce the same effect that the Rules would establish if the appeal were taken from a final judgment, where the time to appeal would automatically run from the entry of an order disposing of a timely filed motion for reconsideration.

Federal Rule of Bankruptcy Procedure 8004(d) affords this Court discretion to direct the timing of briefing on motions for interlocutory appeal, after a notice of appeal is filed with the Bankruptcy Court. *See* Fed. R. Bankr. P. 8004(d) (providing that "[i]f an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court . . . may order the appellant to file a motion for leave," which will be due "within 14 days after the order is entered, unless the order provides otherwise"). Pursuant to that Rule, Defendants propose the following:

10-03635-jpm Doc 513-3 Filed 02/17/21 Entered 02/17/21 17:26:43 Exhibit C: Letter from Defendants to Hon. Vernon S. Broderick, U.S.D.J., Fairfie Pg 4 of 5

Case 1:19-cv-03911-VSB Document 31 Filed 02/10/21 Page 4 of 5

Hon. Vernon S. Broderick, p. 3

- Defendants in the Constructive Trust Cases will timely notice their interlocutory appeals with the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure 8002 and 8004, and will identify those appeals as related to those currently pending before Your Honor on the basis that they arise from the same staged motions to dismiss that led to the currently pending appeals.

- Defendants propose not to file memoranda in support of their motions for leave to appeal, nor will they attach proposed appellate briefs to the motions at that time.

- Defendants will notify this Court within three (3) days of the Bankruptcy Court's resolution of the pending motion for reconsideration.

- If the motion for reconsideration is granted, Defendants will dismiss their appeals pursuant to Federal Rule of Bankruptcy Procedure 8023.

- If the motion for reconsideration is denied, Defendants propose to file their briefs in support of their motions for leave to appeal and appellate briefs within thirty (30) days of the Bankruptcy Court's order resolving the motion for reconsideration, or at such other time as this Court directs.

- The parties will meet and confer regarding the schedule for briefing the motions for leave to appeal.

Defendants respectfully request that, if the Court approves of this proposal, it So Order this letter-motion on the consolidated docket of the currently pending consolidated appeal[2] and permit Defendants to present an individualized version of the enclosed [Proposed] Order for entry on each docket of those forthcoming interlocutory appeals when they are opened (Appendix B).

We have consulted with counsel for the Consolidated Plaintiffs and understand they do not oppose Defendants' request to immediately stay briefing on the interlocutory appeals after they are noticed.

---

[2] On August 20, 2019, this Court consolidated the 238 appeals constituting this consolidated appeal and ordered "[a]ll future motions and other filings shall use the number of the first-filed case, Case No. 19-CV-3911," and the caption thereto. *In re Fairfield Sentry Limited*, No. 19-CV-03911 (VSB) (S.D.N.Y. Aug. 20, 2019) (Dkt. 6).

10-03635-jpm Doc 51513-3 Filed 02/17/21 Entered 02/17/21 17:26:44 Exhibit C: Letter from Defendants to Hon. Vernon S. Broderick, U.S.D.J. - Fairfie Pg 5 of 5

Case 1:19-cv-05631-VSB Document 35 Filed 02/04/21 Page 4 of 4

Hon. Vernon S. Broderick, p. 4

Respectfully submitted,

*signature*

Nowell D. Bamberger

*Attorney for HSBC Bank USA, N.A.; Somers Nominees (Far East) Limited; HSBC Private Bank (Suisse) S.A; HSBC Securities Services (Luxembourg) SA; HSBC Private Bank (C.I.) Limited f/k/a HSBC Private Bank (Guernsey) Limited; HSBC International Trustee Limited; HSBC Institutional Trust Services (Asia) Limited; Republic Nominees Limited; Republic Nominees Limited f/k/a HSBC Private Banking Nominee 1 (Jersey) Limited; Banco Nominees 2 (Guernsey) Limited f/k/a Banco Nominees (I.O.M.) Limited; HSBC Trust Company AG f/k/a HSBC Guyerzeller Trust Company AG; HSBC Bank Bermuda Limited; HSBC Latin America Holdings (UK) Limited (successor-in-interest to HSBC Securities (Panama) S.A.; Murdoch and Company; and Robinson and Company (collectively, the "<u>HSBC Defendants-Appellees</u>")*

Enclosure

cc: All Counsel of Record (ECF)