# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

Fairfield Sentry Limited (In Liquidation), et al.,

| Plaintiff | Case Number |
| --- | --- |
| vs. | [to be determined] |
| ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG, et al., | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Fairfield Sentry Limited (In Liquidation), et al.,

| Plaintiff | Case Number |
| --- | --- |
| vs. | 19-cv-3911 (Administratively Consolidated) |
| Citibank NA London, et al., | |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed     (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open       (If so, set forth procedural status and summarize any court rulings.)

In May 2019, Plaintiffs-Appellants filed Notices of Appeal from judgments entered as a result of the Bankruptcy Court's December 6, 2018 decision. The District Court set a consolidated briefing schedule as to that aspect of the appeals concerning claims fully dismissed after that decision. That aspect of the appeals is fully briefed and pending decision. The District Court stayed briefing on other aspects of the appeals concerning claims as to which the same decision was interlocutory. Order, No. 19-3911 (S.D.N.Y. Sept. 11, 2019) (Dkt. 8). With the issuance of additional Bankruptcy Court decisions and orders, the District Court has lifted the stay. Order, No. 19-3911 (S.D.N.Y. Mar. 17, 2021) (Dkt. 400). The District Court will hear together the previously stayed appeals and the appeals now being noticed, since all arise in part from the December 2018 orders. Id.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

PARTIES: The earlier filed consolidated lead case – Fairfield Sentry Ltd. v. Citibank NA London, No. 19-3911 (S.D.N.Y.) – encompasses over 200 existing constituent appeals. In one such appeal, the Plaintiffs and Defendants are substantially identical to those in this newly-filed case.

RELATEDNESS: The Bankruptcy Court organized briefing of the defendants' motions to dismiss in the underlying case so that common issues would be briefed and decided sequentially. That has resulted in four separate Bankruptcy Court decisions addressing related aspects of the defendants' Rule 12 motions. The earlier filed case involves an appeal from one of those decisions, dated December 6, 2018, that was interlocutory in part. The District Court stayed briefing as to that part of the appeal pending resolution of the issues in the first instance by the Bankruptcy Court. Order, No. 19-3911 (S.D.N.Y. Sept. 11, 2019) (Dkt. 8). In December 2020, the Bankruptcy Court issued a decision resolving the remaining related issues, from which the plaintiffs are expected to separately appeal. The District Court has lifted the stay in anticipation of the previously-stayed and newly-filed appeals being heard together. Order, No. 19-3911 (S.D.N.Y. Mar. 17, 2021) (Dkt. 400). This interlocutory appeal concerns the same findings and orders of the Bankruptcy Court as the previously-stayed appeal, including the December 2018 decision already on appeal and the December 2020 decision expected to be appealed imminently, as well as the Bankruptcy Court's February 2021 denial of defendants' motion for reconsideration of the December 2020 decision. Among the grounds cited by defendants for hearing this appeal is that resolution of issues that overlap with the existing appeals pending before Judge Broderick would be efficient and materially advance the conclusion of this litigation. Assignment of this case to Judge Broderick would also avoid the risk of inconsistent resolution of overlapping issues arising from the December 2018 and 2020 orders.

Pursuant to Local Rule 1.6(a), counsel to BNP Paribas (Suisse) SA, joined by other defendants-appellants in this action, believes that these two pending civil cases should be heard by the same judge in order to avoid unnecessary duplication of judicial effort.

Signature: _Ari MacKinnon_ (signature)                                    Date: 03/30/2021

Cleary Gottlieb Steen & Hamilton LLP

Firm: _____