# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Fairfield Sentry Limited (In Liquidation)**, *et al.*, acting by and through the Foreign Representatives thereof,<br><br>Plaintiffs-Appellees,<br><br>-against-<br><br>**Citibank NA London**, *et al.*,<br>Defendants-Appellants. | **Case No. _____** |
| **In re:**<br><br>**Fairfield Sentry Limited**, *et al.*,<br><br>Debtors in Foreign Proceedings. | **Chapter 15 Case**<br><br>**Case No. 10-13164 (CGM)**<br><br>**Jointly Administered** |
| **Fairfield Sentry Limited (In Liquidation), et al., acting by and through the Foreign Representatives thereof,**<br><br>Plaintiffs,<br><br>-against-<br><br>**Theodoor GGC Amsterdam**, *et al.*,<br>Defendants. | **Adv. Pro. No. 10-03496 (CGM)**<br><br>**Administratively Consolidated** |

## MOTION FOR LEAVE TO APPEAL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................... 1

BACKGROUND ........................................................................................ 4

A.  The Liquidators' Claims And The Bankruptcy Court's Prior
    Decisions ......................................................................................... 5

B.  The Current Appeals To This Court ............................................... 8

QUESTION PRESENTED ......................................................................... 9

ARGUMENT ............................................................................................ 9

A.  Exceptional Circumstances Warrant This Court's Hearing
    The Appeal, Which Raises A Controlling Question Of Law
    Closely Intertwined With Questions Presented In Parallel
    Appeals Taken As Of Right ............................................................. 11

B.  The Appeal Raises A Controlling Question Of Law As To
    Which There Are Substantial Grounds For Disagreement ............. 14

C.  Granting Leave To Appeal Would Materially Advance The
    Termination Of This Already Protracted Litigation. ...................... 20

D.  The Issue Raised By This Appeal Concerning The Scope Of
    The Safe Harbor Is Critical To The Integrity Of The
    International Securities Markets. ..................................................... 21

CONCLUSION .......................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

## Rules and Statutes

11 U.S.C. § 546(e) ........................................................................... *passim*

11 U.S.C. § 561(d) ........................................................................... *passim*

11 U.S.C. § 1521(a)(7) ...................................................................        19

28 U.S.C. § 1292(b) ........................................................................         9

28 U.S.C. § 1334 .............................................................................        10

## Cases

*Adelphia Recovery Tr. v. Bank of Am., N.A.*,
2007 WL 2585065 (S.D.N.Y. Sept. 5, 2007) ..................................        10

*AP Servs. LLP v. Silva*,
483 B.R. 63 (S.D.N.Y. 2012) ..........................................................        16

*Contemp. Indus. Corp. v. Frost*,
564 F.3d 981 (8th Cir. 2009) ...........................................................     15-16

*Howlett By & Through Howlett v. Rose*,
496 U.S. 356 (1990) .........................................................................        18

*In re Condor Ins. Ltd.*,
601 F.3d 319 (5th Cir. 2010) ...........................................................        19

*In re Dwek*,
2010 WL 234938 (D.N.J. Jan. 15, 2010) .................................... 15, 16-17

*In re Fairfield Sentry Ltd.*,
596 B.R. 275 (Bankr. S.D.N.Y. 2018) ("*Fairfield II*") ................... 6, 8, 19

*In re Fairfield Sentry Ltd.*,
2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020) ("*Fairfield III*").....1, 7, 17, 18

*In re Fairfield Sentry Ltd.*,
2021 WL 771677 (Bankr. S.D.N.Y. Feb. 23, 2021) ("*Fairfield IV*").......1, 7, 17, 18

*In re Hawker Beechcraft, Inc.*,
2013 WL 6673607 (S.D.N.Y. Dec. 18, 2013) ................................... 9, 10, 15, 16

*In re Hechinger Inv. Co.*,
274 B.R. 71 (D. Del. 2002) ............................................................. 16

*In re Kassover*,
343 F.3d 91 (2d Cir. 2003)................................................................ 9

*In re Lehman Bros. Holdings Inc.*,
2010 WL 10078354 (S.D.N.Y. Sept. 23, 2010) ................................. 11, 14, 21, 22

*In re Lehman Bros. Holdings Inc.*,
970 F.3d 91 (2d Cir. 2020)................................................................ 22

*In re Lloyd's Am. Tr. Fund Litig.*,
1997 WL 458739 (S.D.N.Y. Aug. 12, 1997)............................................ 14, 20, 21

*In re Nine West LBO Sec. Litig.*,
482 F. Supp. 3d 187 (S.D.N.Y. 2020) ............................................. 16

*In re Quebecor World (USA) Inc.*,
453 B.R. 201 (Bankr. S.D.N.Y. 2011).............................................. 14

*In re Tribune Co. Fraudulent Conveyance Litig.*,
946 F.3d 66 (2d Cir. 2019).............................................................. 15, 22

*Juarez v. Nw. Mut. Life Ins. Co.*,
2014 WL 12772237 (S.D.N.Y. Dec. 30, 2014) ............................... 21

*Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*,
138 S. Ct. 883 (2018) ..................................................................... 16

*Picard v. ABN AMRO Bank (Ire.) Ltd.*,
505 B.R. 135 (S.D.N.Y. 2013)........................................................... 13-14

*Rosenberg v. Educ. Credit Mgmt. Corp.*,
2020 WL 1048599 (S.D.N.Y. Mar. 4, 2020) .................................... 13

*Rothenberg v. Oak Rock Fin., LLC*,
2015 WL 10663413 (E.D.N.Y. Mar. 31, 2015)........................ 11, 12, 13

*Solis v. Kirschenbaum*,
2013 WL 1451980 (E.D.N.Y. Apr. 9, 2013) .................................... 13

*U.S. Bank N.A. v. Verizon Commc'ns Inc.*,
892 F. Supp. 2d 805 (N.D. Tex. 2012) ............................................ 16

## Other Authorities

*Fairfield Sentry Ltd. (in Liquidation) v. Migani*
[2014] UKPC 9 ................................................................................. 5

H.R. Rep. No. 106-711, pt. 2 (2000) ................................................. 19

U.S. CONST. art. VI, cl. 2 ................................................................. 17, 18

Defendants-Appellants,[1] as listed on Appendix B ("Defendants"), by the undersigned and additional counsel in Appendix C, respectfully submit this memorandum of law in support of their motion for leave to appeal the Bankruptcy Court's Decisions[2] denying Defendants' motion to dismiss a constructive trust claim brought under British Virgin Islands ("BVI") law (the "Constructive Trust Claim") as barred under 11 U.S.C. §§ 546(e) and 561(d) (the "Appeal"). Defendants seek leave to file the Appellate Brief (the "Proposed Brief") attached as Exhibit 1.

## PRELIMINARY STATEMENT

This motion seeks to bring before this Court one discrete, dispositive issue closely related to issues already before the Court in related proceedings: Can a plaintiff circumvent the safe harbor protection of Section 546(e) of the Bankruptcy Code by re-casting a statutory avoidance claim as an equitable claim under foreign law, where the same claim would require dismissal if asserted under domestic law?

---

[1]    The Bankruptcy Court has reserved decision as to personal jurisdiction. Jurisdiction is not conceded by Defendants in this case and is the subject of ongoing motion to dismiss briefing before the Bankruptcy Court.

[2]    The "Decisions" include the Bankruptcy Court's December 14, 2020 Memorandum Decision Granting in Part and Denying in Part Defendants' Renewed Motion to Dismiss ("*Fairfield III*"), *In re Fairfield Sentry Ltd.*, 2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020), the Bankruptcy Court's February 23, 2021 Memorandum Decision Denying Motion for Reconsideration ("*Fairfield IV*"), *In re Fairfield Sentry Ltd.*, 2021 WL 771677 (Bankr. S.D.N.Y. Feb. 23, 2021), and the orders implementing those decisions, *see, e.g.*, Stipulated Order, *Fairfield Sentry Ltd. v. Citibank NA London*, Adv. Pro. No. 10-3622 (Bankr. S.D.N.Y. Feb. 25, 2021) (Dkt. 102) ("Stipulated Order"). Appendix A contains the Decisions.

Section 546(e) is a safe harbor for certain securities-related payments, made applicable in Chapter 15 proceedings by Section 561(d) of the Bankruptcy Code. In parallel proceedings, this Court will be called on to hear appeals from the Bankruptcy Court's holding that foreign statutory claims brought under the BVI Insolvency Act by the BVI liquidators (the "Liquidators") of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited (collectively, the "Funds") seeking to unwind redemption payments to the Funds' shareholders are barred by the safe harbor. In the same Decisions underlying those appeals, however, the Bankruptcy Court held that the Liquidators' equitable Constructive Trust Claim fell outside the safe harbor's protections. In doing so, the Bankruptcy Court distinguished non-bankruptcy claims asserted under U.S. law (which it acknowledged *would* be barred by the safe harbor) from identical claims asserted under foreign law (which it held were *not* barred by the safe harbor). That erroneous holding should be reversed.

It is appropriate that this issue is heard now, rather than at the end of a potentially lengthy multi-party litigation. In a series of decisions between 2018 and 2021, the Bankruptcy Court dismissed nearly all claims asserted in this sprawling litigation – involving more than 200 adversary proceedings – on various grounds, including that certain claims were barred by Section 546(e). This Appeal raises the flip-side of those issues, which the Court will already need to address in appeals

taken by the Liquidators as of right – namely, the scope of Section 546(e) as applied in Chapter 15 proceedings involving foreign law claims. This Appeal presents a discrete legal issue that the Court can resolve (i) on the face of complaints that it will already review in connection with the parallel appeals of right and (ii) based on the identical statutory defense currently before the Court.

Moreover, the unique circumstances of these cases merit immediate adjudication of this dispositive question concerning the application of Section 546(e). There are more than 200 individual consolidated adversary proceedings, many of which involve multiple defendants. Even among the 18 remaining cases in which the Bankruptcy Court did not dismiss the sole remaining Constructive Trust Claim, there are approximately 100 predominately foreign Defendants. It has taken more than a decade to progress to this stage of litigation. The sheer size and complexity of the cases underscores that further proceedings will take years, consume party and judicial resources and – particularly given that a substantial majority of the relevant evidence is likely located abroad – involve complex cross-border discovery disputes. The Bankruptcy Court and the parties would be well served to obtain clarity regarding whether the Liquidators' efforts to plead around the safe harbor are legally cognizable. There are strong policy reasons to prioritize judicial efficiency and the conservation of party resources in this case given the number of Defendants impacted by this single, dispositive legal question.

This Appeal also presents a question of far-reaching importance. Congress enacted Sections 546(e) and 561(d) to promote finality and reduce uncertainty in the international securities markets. The Bankruptcy Court's Decisions foster uncertainty in those markets by opening the door for foreign representatives to escape the safe harbor with artful pleading under foreign law. This issue is sufficiently significant to the broader market that it should be resolved without further delay.

For these reasons, Defendants respectfully request that the Court grant leave to file this Appeal pursuant to 28 U.S.C. § 158(a)(3).

## BACKGROUND

This Appeal arises from 18 of more than 200 adversary proceedings that the BVI Liquidators of the Funds have brought in the Bankruptcy Court. The Funds were directly or indirectly invested in Bernard Madoff's Ponzi scheme. Soon after the Madoff scheme was revealed in 2008, each of the Funds entered liquidation in the BVI.

Defendants are a large group of primarily foreign banks, funds, and investors that, prior to the exposure of the Madoff scheme, each allegedly redeemed shares in one or more of the Funds in exchange for contractually due redemption payments based on the Funds' net asset value ("NAV") at the time of redemption. Many Defendants are not the ultimate beneficiaries of the redemption payments at issue in

these cases, but rather are alleged to be trustees or nominees who were record shareholders of the Funds, holding such shares for the benefit of their own clients and investors.

## A. The Liquidators' Claims And The Bankruptcy Court's Prior Decisions

For over a decade, the Liquidators have attempted to use BVI and U.S. proceedings to unwind billions of dollars in redemption payments to Defendants. Specifically, the Liquidators seek to recover redemption payments made when, in the ordinary course of business, investors redeemed their shares and were paid based on a calculation of the Funds' NAV that, as a matter of controlling BVI law (confirmed by the BVI court of last resort), was binding on the Funds. *Fairfield Sentry Ltd. (in Liquidation) v. Migani* [2014] UKPC 9, ¶¶ 24-32.[3]

In four related decisions on Defendants' motions to dismiss, the Bankruptcy Court dismissed all of the Liquidators' claims across over 200 U.S. adversary proceedings and all but one claim in each of the remaining 18 proceedings. That remaining claim – the Constructive Trust Claim alleged under BVI law – is the only claim at issue in this Appeal. Related dismissed claims are already before this Court and soon to be briefed on appeals taken by the Liquidators from final judgments

---

[3]    Appendix D contains a foreign law compendium.

entered in 2019.  Defendants recount the Bankruptcy Court's prior decisions only to
the extent relevant to this Appeal:

*Fairfield II.*    In December 2018, the Bankruptcy Court dismissed the
Liquidators' BVI contract and common law claims for failure to state a claim, with
the sole exception of a BVI claim seeking to impose a constructive trust.  *In re
Fairfield Sentry Ltd.*, 596 B.R. 275, 297, 302 (Bankr. S.D.N.Y. 2018)
("*Fairfield II*").    *Fairfield II* also declined to dismiss the Liquidators' BVI
Insolvency Act claims for failure to state a claim, but held that Sections 546(e)
and 561(d) would bar the BVI Insolvency Act claims, and potentially all claims, if
Defendants could show on a renewed motion to dismiss that the Funds or Defendants
were "covered entit[ies]" under the safe harbor.  *Id.* at 315.

In May 2019, the Liquidators appealed *Fairfield II*'s dismissal of their
contract and common law claims.  To enable this Court to consider all dismissed
claims on a consolidated basis, the parties stipulated to final judgments or Rule 54(b)
partial final judgments.    Among the issues raised in the 2019 appeals were
*Fairfield II*'s interlocutory rulings applying Sections 561(d) and 546(e).  However,
because the Bankruptcy Court continued to hear issues related to the application of
the safe harbor to the Liquidators' remaining claims on Defendants' renewed motion
to dismiss, this Court stayed the consolidated appellate proceedings on interlocutory

issues pertaining to the safe harbor.  Order ¶ A, *Fairfield Sentry Ltd. v. Citibank NA London*, No. 19-3911 (S.D.N.Y. Sept. 11, 2019) (Dkt. 8) ("Stay Order").

**Fairfield III.**  In December 2020, the Bankruptcy Court decided *Fairfield III*, holding, in relevant part, that Sections 546(e) and 561(d) barred the Liquidators' BVI Insolvency Act claims because every redemption payment at issue was made "by" a covered entity under the safe harbor, *i.e.*, the Funds themselves.  2020 WL 7345988, at *6-7.  *Fairfield III* accordingly dismissed the BVI Insolvency Act claims.  *Id.*  Although the Bankruptcy Court acknowledged that the safe harbor would also bar claims that are "analogous to preference claims, state law fraudulent transfer claims or constructive fraudulent transfer claims under Bankruptcy Code § 548(a)(1)(B)," *id.* at *5, the Bankruptcy Court nonetheless declined to dismiss the Constructive Trust Claim because no "statutory language . . . purports to *expressly* preempt" foreign equitable claims, *id.* at *10 (emphasis in original).

**Fairfield IV.**  In February 2021, the Bankruptcy Court issued *Fairfield IV*, denying reconsideration of *Fairfield III*'s safe harbor holding.  The Bankruptcy Court held that the Constructive Trust Claim is not an avoidance claim and reiterated its prior holding that federal law cannot impliedly "preempt" foreign law through the Supremacy Clause of the Constitution.  *Fairfield IV*, 2021 WL 771677, at *2-4.

Following *Fairfield III* and *Fairfield IV*, in March 2021, this Court lifted the stay as to the prior appeals of *Fairfield II*'s safe harbor issues, so that it would hear

together all issues pertaining to Sections 546(e) and 561(d) and arising from *Fairfield II*, *Fairfield III*, and *Fairfield IV*.  Order ¶¶ A–B, *Fairfield Sentry Ltd. v. Citibank NA London*, No. 19-cv-3911 (VSB) (S.D.N.Y. Mar. 17, 2021) (Dkt. 400) ("Order Lifting Stay").

### B. The Current Appeals To This Court

The net effect of the foregoing decisions is that the parties will soon present consolidated briefing to this Court on appeals of right regarding issues that are directly tied to those presented in the instant Appeal.  Specifically, this Court will soon receive briefing regarding appeals of right concerning the applicability of Section 546(e) and addressing, *inter alia*:

- Whether Section 561(d) incorporates and makes applicable Section 546(e) to Chapter 15 proceedings,

- Whether Sections 546(e) and 561(d) apply to foreign transfers,

- Whether each transfer was made "by," "to," or "for the benefit of" a covered entity, and

- Whether Sections 546(e) and 561(d) preclude the BVI Insolvency Act claims.

*See* Joint Letter at 1-2, *Fairfield Sentry Ltd. v. Citibank NA London*, No. 19-cv-3911 (VSB) (S.D.N.Y. Mar. 15, 2021) (Dkt. 399) ("Joint Letter"); Order Lifting Stay ¶¶ A–B.

Meanwhile, the parties anticipate that the Bankruptcy Court will soon enter a briefing schedule on Defendants' forthcoming renewed motion to dismiss in the

8

18 remaining actions in which the Constructive Trust Claim is still pending.  This next round of briefing will address unresolved questions raised by Defendants' previous motions to dismiss, including individualized questions of whether the Liquidators adequately alleged each Defendant's state of mind and whether each of the nearly 100 remaining Defendants are subject to personal jurisdiction in the United States.  *See, e.g.*, Stipulated Order § II.1.

## QUESTION PRESENTED

Do 11 U.S.C. §§ 546(e) and 561(d) bar foreign law claims asserted by a foreign representative in a Chapter 15 proceeding that seek avoidance of transfers or are duplicative of barred avoidance claims?

## ARGUMENT

Leave to appeal should be granted to efficiently and materially advance the conclusion of this protracted litigation involving hundreds of foreign defendants. The statutory basis for this Appeal, 28 U.S.C. § 158(a)(3), provides this Court with discretion to hear appeals from interlocutory bankruptcy court orders.  *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003).  While retaining discretion, district courts look to the factors governing appeals from interlocutory district court orders to guide the inquiry.  *See* 28 U.S.C. § 1292(b); *see, e.g.*, *In re Hawker Beechcraft, Inc.*, 2013 WL 6673607, at *4 (S.D.N.Y. Dec. 18, 2013) ("Under section 1292(b), in order for a court to grant leave for a party to file an interlocutory appeal, the order being

appealed must (1) involve a controlling issue of law (2) over which there is substantial ground for difference of opinion, and the movant must also show that (3) an immediate appeal would materially advance the ultimate termination of the litigation." (internal quotation omitted)).

Particularly given that the jurisdiction exercised in a bankruptcy proceeding derives from the District Court itself, *see* 28 U.S.C. § 1334, when evaluating whether to grant an interlocutory appeal in bankruptcy cases, district courts evaluate whether the "exceptional circumstances" justifying appeal exist by looking to whether the circumstances of a particular case "overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Hawker Beechcraft*, 2013 WL 6673607, at *4 (internal quotation and alterations omitted). "However strictly or not Section 1292(b) is followed, '[t]he critical requirement is that it [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation.'" *Adelphia Recovery Tr. v. Bank of Am., N.A.*, 2007 WL 2585065, at *2 (S.D.N.Y. Sept. 5, 2007) (alterations in original) (quoting *In re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir. 1978) (Friendly, J.)).

This Court should grant leave to file this Appeal pursuant to 28 U.S.C. § 158(a)(3) because:

(a) The single, dispositive issue raised is closely related to issues already before this Court in parallel appeals taken as of right in hundreds of cases – an exceptional circumstance justifying interlocutory review;

(b) The single, dispositive issue raised involves a controlling question of law regarding the securities safe harbor, as to which there exists substantial grounds for difference of opinion;

 (c) Interlocutory resolution of this Appeal, in connection with those appeals already before this Court, would materially advance the termination of this litigation and avoid future piecemeal appeals, *see Rothenberg v. Oak Rock Fin., LLC*, 2015 WL 10663413, at *15 (E.D.N.Y. Mar. 31, 2015) (granting leave to appeal complex, controlling legal issue that would significantly affect adversary proceedings and avoid "piecemeal litigation"); and

(d) The Decisions depart from settled expectations regarding the application of the securities safe harbor, and accordingly will have "potentially far-reaching ramifications for the international securities markets." *In re Lehman Bros. Holdings Inc.*, 2010 WL 10078354, at *9 (S.D.N.Y. Sept. 23, 2010).

## A. Exceptional Circumstances Warrant This Court's Hearing The Appeal, Which Raises A Controlling Question Of Law Closely Intertwined With Questions Presented In Parallel Appeals Taken As Of Right.

In resolving the parallel appeals of right, the Court will address questions regarding the application of the safe harbor to foreign law claims (*i.e.*, the

11

Liquidators' BVI Insolvency Act claims) in a Chapter 15 proceeding. This Appeal simply brings before the Court the other piece of the Bankruptcy Court's analysis of Section 546(e). While the Court will be called upon to review claims that the Bankruptcy Court held *are* precluded by Section 546(e), because of the final judgment rule, it would not otherwise have before it the Bankruptcy Court's analysis of claims that it held were *not* precluded. This Appeal asks whether the Bankruptcy Court erred by refusing to apply to the Constructive Trust Claim the same preemption analysis that it conducted for the BVI statutory avoidance claims. This is an unusual instance in which an interlocutory appeal serves judicial expediency, rather than disrupts it. *See Rothenberg*, 2015 WL 10663413, at *15.

Specifically, this Court will soon hear three issues on a consolidated basis arising from the Bankruptcy Court's application of the Section 546(e) safe harbor to this Chapter 15 proceeding that substantially overlap with this Appeal. First, in appeals of right from 238 cases noticed in May 2019, the Liquidators ask this Court to review the Bankruptcy Court's conclusion that Section 561(d) makes Section 546(e) applicable to their efforts to recover the Funds' redemption payments to Defendants; those appeals will be briefed to this Court in a matter of months. *See* Order Lifting Stay ¶¶ A-B; Stay Order ¶ A. Second, in the Liquidators' appeals of right from approximately 190 cases that are in the process of being noticed from final judgments or partial final judgments, the Liquidators ask this Court to review

12

the Bankruptcy Court's holding that the transfers were made "by" financial institutions within the meaning of Section 546(e). *See* Joint Letter. Third, in the same approximately 190 appeals of right, the Liquidators ask this Court to review the Bankruptcy Court's holding that Section 546(e) precludes the Liquidators' BVI Insolvency Act claims. *See id.*

In a case pled against more than 350 Defendants in over 200 individual actions, the efficiency of hearing this issue on a consolidated basis alongside the appeals of right already going forward justifies granting leave to hear this Appeal. *See Rosenberg v. Educ. Credit Mgmt. Corp.*, 2020 WL 1048599, at *2 (S.D.N.Y. Mar. 4, 2020) (granting leave to appeal when interlocutory appeal was "inextricably bound" with appeal of right); *Rothenberg*, 2015 WL 10663413, at *15 ("[G]ranting ZFI leave to appeal would prevent undu[e] delay and piecemeal litigation on [an] important issue . . . ."); *Solis v. Kirschenbaum*, 2013 WL 1451980, at *4 (E.D.N.Y. Apr. 9, 2013) (granting leave to appeal in the interest of "efficiency" when district court would be hearing overlapping issues on appeals of right). On the other hand, it would be inefficient to require Defendants in 18 out of more than 200 cases to fully litigate claims against them, potentially through trial, before having the opportunity to appeal a threshold legal question that significantly overlaps with issues this Court is already addressing. Nor would it be consistent with the protections Congress intended the safe harbor to effectuate. *See Picard v. ABN*

13

*AMRO Bank (Ire.) Ltd.*, 505 B.R. 135, 141 (S.D.N.Y. 2013) ("[C]ourts will enforce the safe harbor provisions of the Bankruptcy Code in appropriate cases by dismissing avoidance actions on the pleadings."); *In re Quebecor World (USA) Inc.*, 453 B.R. 201, 211 (Bankr. S.D.N.Y. 2011) (requiring "all safe harbor disputes [to] proceed to trial would effectively undermine the objective of legal certainty in securities transactions that motivated Congress' adoption of the safe harbor provisions").

This posture, the size of this litigation, and the number of cases affected by the safe harbor defense are extraordinary circumstances justifying hearing this Appeal with the consolidated appeals already before this Court. *See Lehman Bros.*, 2010 WL 10078354, at *9 (granting leave to appeal issue with potentially broad impact in "massive and extraordinary proceeding"); *In re Lloyd's Am. Tr. Fund Litig.*,1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) ("Because . . . efficiency concerns are greatest in large, complex cases, certification may be more freely granted in so-called 'big' cases.").

### B. The Appeal Raises A Controlling Question Of Law As To Which There Are Substantial Grounds For Disagreement.

In substance, this Appeal concerns the scope of Section 546(e)'s safe harbor, made applicable in Chapter 15 cases pursuant to Section 561(d). Defendants ask the Court to consider two aspects of the Decisions: (1) whether, as a matter of law, Section 546(e) precludes foreign equitable claims in the same way that it would preclude such claims if asserted under domestic law, and (2) whether, on the face of

the Liquidators' complaints, their Constructive Trust Claim asserted under BVI law is in reality a claim for avoidance under a different name, and therefore precluded by the plain language of Section 546(e). Each involves a controlling question of law with regard to which the Bankruptcy Court's Decisions not only depart from precedent but, if reversed, would dispose of the Constructive Trust Claim and all remaining actions before the Bankruptcy Court. *See Hawker Beechcraft*, 2013 WL 6673607, at *4 (noting controlling question of law exists when reversal "could result in dismissal of the action" or when issue "has precedential value for a large number of cases"); *In re Dwek*, 2010 WL 234938, at *2 (D.N.J. Jan. 15, 2010) (same, when order contains error that would be reversible on final appeal).

The Second Circuit has held expressly that Section 546(e) precludes not only claims literally within its scope, but also claims that – although cast under non-bankruptcy law – seek the same objective. *See In re Tribune Co. Fraudulent Conveyance Litig.*, 946 F.3d 66, 90-91 (2d Cir. 2019). To Defendants' knowledge, however, neither the Second Circuit nor any other court has applied that holding in a case involving foreign law claims.

Courts before and after *Tribune* have held that Section 546(e) bars non-bankruptcy claims that duplicate claims within the plain reach of the safe harbor because permitting such non-bankruptcy claims would frustrate the purpose of the safe harbor. *See, e.g.*, *Contemp. Indus. Corp. v. Frost*, 564 F.3d 981, 988 (8th Cir.

15

2009) (barring unjust enrichment and other state law claims seeking "to recover the same payments . . . [that] are unavoidable under § 546(e)"), *abrogated on other grounds by Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018); *In re Nine West LBO Sec. Litig.*, 482 F. Supp. 3d 187, 207 (S.D.N.Y. 2020) (barring unjust enrichment claims seeking "to recover the same payments held unavoidable under § 546(e)"); *AP Servs. LLP v. Silva*, 483 B.R. 63, 71 (S.D.N.Y. 2012) (barring unjust enrichment claim that "frustrat[ed] the purpose of Section 546(e)"); *U.S. Bank N.A. v. Verizon Commc'ns Inc.*, 892 F. Supp. 2d 805, 824-25 (N.D. Tex. 2012) (barring state unlawful dividend cash claim that was "in many ways similar to" barred constructive fraudulent transfer claims) *In re Hechinger Inv. Co.*, 274 B.R. 71, 94, 96 (D. Del. 2002) (barring unjust enrichment claim because it "effectively acts as an avoidance claim against the shareholders in a transaction [held to be] an unavoidable settlement payment").    At the very least, substantial grounds for disagreement with the Decisions plainly arise from this conflict with Circuit and District precedent.  *See Hawker Beechcraft*, 2013 WL 6673607, at *5 (noting that substantial grounds for disagreement arise from "conflicting authority" among district and bankruptcy courts).

The Decisions further encompass a controlling question of law because they are wrong on their face:  They reverse the usual presumption that U.S. courts apply foreign law only to the extent it does not conflict with domestic law.  *See Dwek*,

2010 WL 234938, at *2 (noting that controlling question of law arises from reversible error).  The Bankruptcy Court instead held that it was bound to apply foreign law *even if* doing so would frustrate the purpose of a federal statute (as the Bankruptcy Court assumed it would).  *Fairfield IV*, 2021 WL 771677, at *3-4; *Fairfield III*, 2020 WL 7345988, at *9-10.

The sole justification for that holding is the Bankruptcy Court's misreading of the Supremacy Clause of the Constitution.  While the Supremacy Clause states that "the Laws of the United States . . . shall be the supreme Law of the Land," U.S. CONST. art. VI, cl. 2, the Bankruptcy Court misconstrued the language, and thus the meaning of the provision, by moving the clause "any Thing in the Constitution or Laws of any State to the Contrary notwithstanding" to follow the declaration of supremacy, *Fairfield III*, 2020 WL 7345988, at *9.  But that reconfigured language does not modify the declaration of supremacy; rather, it modifies a second sub-clause relating to the obligation of "Judges in every State" to be "bound thereby." A side-by-side comparison makes the point clear:

17

| Full Text of the Supremacy Clause | As Modified by the Bankruptcy Court |
|---|---|
| *"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land;* and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." | "Under the Supremacy Clause of the United States Constitution, federal law '**shall be the supreme Law of the Land** . . . *any Thing in the Constitution or Laws of any State to the Contrary notwithstanding*.' U.S. CONST. art. VI, cl. 2." |
| U.S. CONST. art. VI, cl. 2 (emphasis added). | *Fairfield III*, 2020 WL 7345988, at *9 (emphasis added). |

The Supreme Court has established that the second-sub clause does not modify the supremacy of federal law, as the Bankruptcy Court misinterpreted it, but rather "confirm[s] that state courts have the coordinate authority and consequent responsibility to enforce the supreme law of the land." *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 369 n.16 (1990).

The Bankruptcy Court's misreading of the Supremacy Clause led to its misapplication. In the Bankruptcy Court's view, Section 546(e)'s safe harbor displaces conflicting, otherwise controlling *state* law, but requires federal courts to apply *foreign* law that would "frustrate the purpose" of a federal statute. *Fairfield IV*, 2021 WL 771677, at *3-4; *Fairfield III*, 2020 WL 7345988, at *9-10. That is not what the Supremacy Clause means, nor could it have been what Congress envisioned when it enacted the safe harbor in 1982 and extended it to Chapter 15

18

in 2005. Indeed, the safe harbor's extension into Chapter 15 arose from the actual risks of the insolvencies of foreign investment funds – as is the case here. Section 561(d) was enacted as part of the 2005 bankruptcy reform bill responsive to the near-collapse of Long-Term Capital Management, L.P. ("LTCM"), a Cayman Islands hedge fund that underwent a multi-billion dollar bailout at the request of the Federal Reserve by a consortium of banks. H.R. Rep. No. 106-711, pt. 2, at 55 (2000) ("The near failure of [LTCM] . . . highlights the need for the U.S. to further refine its bankruptcy and insolvency laws in order to avoid systemic risk to the nation's financial system in the event of a failure of a large bank, hedge fund, or securities firm . . . ."); *see also Fairfield II*, 596 B.R. at 311-14 (reviewing role of LTCM's downfall in enactment of Section 561(d)). Section 561(d) thus extends safe harbor protections to claims brought in a Chapter 15 proceeding – proceedings which, by their nature, involve claims under foreign law. *See* 11 U.S.C. § 1521(a)(7); *In re Condor Ins. Ltd.*, 601 F.3d 319, 327 (5th Cir. 2010) (holding that Chapter 15 does not allow foreign representative "to gain access to avoidance powers not provided by the law of the foreign proceeding"); *accord Fairfield II*, 596 B.R. at 310. Consequently, Section 561(d) necessarily refers to avoidance powers available under non-U.S. law.

Accordingly, the Bankruptcy Court should have applied Section 546(e) to the Liquidators' foreign equitable claims as it would have applied to identical state law

19

claims, and its failure to do so is reversible error. This is an important controlling legal question as to which there are substantial grounds for disagreement; it merits this Court's review.

### C. Granting Leave To Appeal Would Materially Advance The Termination Of This Already Protracted Litigation.

Granting leave to appeal would materially advance the termination of this litigation. The core issue in this expansive case is whether the Liquidators are entitled to use a U.S. bankruptcy court to recover transfers made by the Funds to hundreds of Defendants. While nearly 90% of the Liquidators' adversary proceedings have been dismissed, claims against nearly 100 Defendants remain. The next step in the 18 cases remaining in the Bankruptcy Court is briefing on a renewed motion to dismiss, which will include a variety of individualized grounds, such as whether each Defendant (the overwhelming majority of which are foreign with no U.S. assets or activities) is subject to personal jurisdiction here. *See, e.g.*, Stipulated Order § II.1. That briefing alone will consume the better part of the year and could produce additional rounds of *seriatim* appeals to this Court. *See Lloyd's*, 1997 WL 458739, at *4-5, *7 (granting leave to appeal after considering burden to both courts). Moreover, any discovery will likely be contested, protracted, and burdensome, given that virtually no evidence is expected to be in the United States and foreign legal requirements, such as data privacy and bank secrecy rules, must be addressed. Discovery requests have already prompted intense disputes, including an

emergency motion and appeal to the District Court, which reversed a Bankruptcy Court order compelling foreign discovery. *See* Order, *Fairfield Sentry Ltd., et al. Litig.*, No. 12-mc-218 (LAP) (S.D.N.Y. July 10, 2012) (Dkt. 66).

If Section 546(e) bars the Constructive Trust Claim, a ruling to that effect now would end years of uncertain and expensive foreign litigation and facilitate the conclusion of the Funds' BVI liquidation. *See Lehman Bros.*, 2010 WL 10078354, at *8 (granting leave to appeal because termination of one adversary proceeding would materially advance termination of litigation); *Lloyd's*, 1997 WL 458739, at *5 (same, because reversal would terminate consolidated actions). Immediate appellate review of the threshold question raised by this Appeal – whether the safe harbor categorically bars the Liquidators' efforts as a matter of law – will provide the parties with greater clarity and potentially facilitate more expeditious resolution through litigation or settlement. *See Juarez v. Nw. Mut. Life Ins. Co.*, 2014 WL 12772237, at *2 (S.D.N.Y. Dec. 30, 2014) (granting leave when appeal may "solidify . . . bargaining positions and promote settlement").

### D. The Issue Raised By This Appeal Concerning The Scope Of The Safe Harbor Is Critical To The Integrity Of The International Securities Markets.

Finally, the legal issue in this Appeal independently presents exceptional circumstances that further justify granting leave. *See, e.g.*, *id.* (granting leave given "significance" of legal issue). The safe harbor's consistent application to foreign

21

law claims is vital to the stability of the securities markets. *See Lehman Bros.*, 2010 WL 10078354, at *9 (granting leave to appeal issue "trigger[ing] significant uncertainty in the financial community"). As the Second Circuit has recognized, Section 546(e) was intended to provide investors with "certainty as to each [securities] transaction's consummation" and confidence in overall market stability. *Tribune*, 946 F.3d at 90, 92 (noting Section 546(e) "was not intended as protection of politically favored special interests"); *see also In re Lehman Bros. Holdings Inc.*, 970 F.3d 91, 99, 102-03 (2d Cir. 2020) (affirming broad reading of "analogous" safe harbor given plain text and Congressional purpose of protecting markets and participants). The disruptive effect of the Decisions on investors' ability to order their affairs and on the securities markets *writ large* militates immediate review. *See Lehman Bros.*, 2010 WL 10078354, at *9. Granting leave to appeal in these cases would facilitate resolving uncertainty in the markets regarding the scope of Section 546(e)'s safe harbor as to foreign law claims asserted in U.S. courts that arise out of transactions governed by foreign law.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant leave to appeal pursuant to 28 U.S.C. § 158(a)(3) and authorize the filing of the Proposed Brief attached as Exhibit 1.

Dated: March 30, 2021
       Washington, D.C.

Respectfully submitted,

CLEARY GOTTLIEB STEEN
& HAMILTON LLP

By: */s/ Nowell D. Bamberger*
    Nowell D. Bamberger
    (admitted *pro hac vice*)

    2112 Pennsylvania Avenue,
    N.W.
    Washington, D.C. 20037
    T: 202-974-1500
    F: 202-974-1999
    nbamberger@cgsh.com

    Joseph M. Kay
    Christine M. Jordan

    One Liberty Plaza
    New York, New York
    10006
    T: 212-225-2000
    F: 212-225-3999
    jkay@cgsh.com
    cjordan@cgsh.com

*Counsel for HSBC Securities Services
(Luxembourg) S.A., HSBC Private Bank
(Suisse) S.A., HSBC Bank USA, N.A.*

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A), because it contains 5,189 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g).

2.    This motion complies with the typeface and the type style requirements of Federal Rule of Bankruptcy Procedure 8013(f)(2) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated:  March 30, 2021
        Washington, D.C.


                        By: */s/ Nowell D. Bamberger*
                            Nowell D. Bamberger

# Appendix A

APPENDIX A INDEX
MARCH 30, 2021

| TAB | DESCRIPTION |
|-----|-------------|
| A-1 | Order Implementing *Fairfield III* |
| A-2 | *Fairfield III* |
| A-3 | *Fairfield IV* |

# Appendix A-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 15 Case |
| | ) |
| FAIRFIELD SENTRY LIMITED, et al., | ) Case No. 10-13164 |
| | ) (SMB) |
| | ) |
| Debtors in Foreign Proceedings. | ) Jointly Administered |
| | ) |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), et al., | ) |
| | ) |
| Plaintiffs, | ) Adv. Pro. No. 10-03496 |
| | ) (SMB) |
| – against – | ) Administratively |
| | ) Consolidated |
| THEODOOR GGC AMSTERDAM, et al., | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) and FAIRFIELD SIGMA LIMITED (IN LIQUIDATION), acting by and through the Foreign Representatives thereof, and KENNETH KRYS and GREIG MITCHELL, solely in their capacities as Foreign Representatives and Liquidators thereof, | ) |
| | ) |
| | ) |
| | ) |
| | ) Adv. Pro. No. 10-03635 |
| Plaintiffs, | ) (SMB) |
| | ) |
| -against- | ) |
| | ) |
| ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, ADLER AND CO PRIVATBANK AG, ALLIANZBANK SPA/UNIFORTUNE CONSERVATIVE SIDE POCKET, ALTERNATIVE INVESTMENT STRATEGIES, BANCA ARNER SA, BANCA UNIONE DI CREDITO, BANK HAPOALIM SWITZERLAND LTD., BANK JULIUS BAER & CO. LTD., BANK SARASIN & CIE, BANQUE CANTONALE VAUDOISE, BANQUE CRAMER & CIE SA, BBVA (SUISSE) SA, BCV AMC DEFENSIVE AL FUND, BNP PARIBAS (SUISSE) SA, BNP PARIBAS (SUISSE) SA EX FORTIS, BNP PARIBAS (SUISSE) SA PRIVATE, BSI AG, BSI EX BANCA DEL GOTTARDO, CACEIS BANK LUXEMBOURG, CBB (BVI)/ THE ALKIMA FUND, CBT GEMS LOW VOL REG, COMPAGNIE BANCAIRE HELVETIQUE, CENTRUM BANK AG (AMS), CLARIDEN | ) |

LEU LTD., CORNER BANCA SA, CREDIT SUISSE AG )
ZURICH, DEXIA BANQUE INTERNATIONAL A )
LUXEMBOURG, DRESDNER BANK SCHWEIZ, EFG )
BANK SA SWITZERLAND, EFG EUROFINANCIER )
D'INVEST MCL, ENDURANCE ABSOLUTE LTD. )
MASTER, FAIRFIELD INVESTMENT GCI, FAIRFIELD )
INVESTMENT FUND LTD., FALCON PRIVATE BANK, )
FIF ADVANCED LTD., FINTER BANK ZURICH, )
HARMONY CAPITAL FUND LTD., HSBC, IHAG )
HANDELSBANK AG, INCORE BANK AG, KARASEL )
ENHANCED PORTFOLIO, KARLA MULTISTRATEGIES )
LTD., LGT BANK IN LIECHTENSTEIN AG, )
LIECHTENSTEINISCHE LB REINVEST AMS, LLOYDS )
TSB BANK GENEVA, LOMBARD ODIER DARIER )
HENTSCH & CIE, LONGBOAT LTD., MASTER CAPITAL )
AND HEDGE FUND, NATIONAL BANK OF KUWAIT, )
NBK BANQUE PRIVEE SUISSE SA, PICTET & CIE, PKB )
PRIVATBANK AG, QUASAR FUNDS SPC a/k/a QUASAR )
FUND SPC CLASS A AND CLASS B CGCNV, RBC DEXIA )
INVESTOR SERVICE JULIUS BAER SICAV, RBS )
COUTTS BANK LTD., RICHOURT AAA )
MULTISTRATEGIES, ROTHSCHILD BANK AG ZURICH )
(DUBLIN) a/k/a ROTHSCHILD BANK AG, ROTHSCHILD )
BANK GENEVA (DUBLIN), ROTHSCHILD LUGANO )
DUBLIN a/k/a BANCA PRIVATA EDMOND DE )
ROTHSCHILD LUGANO S.A.,  EDMOND DE )
ROTHSCHILD (SUISSE) S.A., SIS SEEGANINTERSETTLE, )
SIX SIS LTD., SOCIETE GENERALE BANK & TRUST, )
SOUNDVIEW FUND, SWISSCANTO FD CENTRE )
CLIENTS A/C, T1 GLOBAL FUND LTD., UBS AG NEW )
YORK, UBS AG ZURICH, UBS JERSEY NOMINEES, )
VERWALTUNGS UND PRIVAT-BANK AG )
AKTIENGESELLSCHAFT (AMS), VORARLBERGER )
LANDES UND HYPOTHEKENBANK )
AKTIENGESELLSCHAFT and BENEFICIAL OWNERS OF )
ACCOUNTS HELD IN THE NAME OF CGC NA 1-1000, )
)
    Defendants. )
)
)
)
)

## STIPULATED ORDER GRANTING IN PART AND DENYING IN PART
## MOVING DEFENDANTS' SECOND CONSOLIDATED MOTION TO DISMISS

Plaintiffs[1] and the defendants ("<u>Defendants</u>") in the above-captioned adversary

proceeding (the "<u>Action</u>"), to the extent represented by undersigned counsel, state as follows:

**WHEREAS**, on August 6, 2018, the Court issued a Memorandum Decision and Order

("<u>*Fairfield I*</u>") (Dkt. 1723),[2] holding that the Court had subject matter jurisdiction over certain

adversary proceedings forming part of the administratively consolidated action captioned above,

while not fully resolving the objections to personal jurisdiction or service raised in the opposition

of Moving Defendants (among others) to Consolidated Plaintiffs' October 21, 2016 motion for

leave to amend (Dkts. 922–23) or the January 13, 2017 motions to dismiss of Moving Defendants

(among others) (Dkts. 959–60), including the supplemental briefs thereto filed by certain Moving

Defendants (among others) (the "<u>2016–17 Motions to Amend and Dismiss</u>");

**WHEREAS**, on September 20, 2018, the Court entered an Order and Stipulation (the

"<u>Stipulation</u>") (Dkt. 1735) between Consolidated Plaintiffs and Moving Defendants (among

others) to enable the Court to resolve the balance of the 2016–17 Motions to Amend and

Dismiss, without the signatories to the Stipulation waiving, except as expressly provided in the

Stipulation, arguments or rights in connection with the 2016–17 Motions to Amend and Dismiss,

including, but not limited to, grounds and arguments in support of dismissal for lack of personal

jurisdiction or service raised by Moving Defendants (among others) in their memorandum of law

---

1    Except where otherwise noted, references to (i) "<u>Consolidated Plaintiffs</u>" are to Kenneth Krys and Greig
Mitchell (or their predecessors) as Liquidators and Foreign Representatives of all three funds—Fairfield Sentry
Limited (In Liquidation), Fairfield Sigma Limited (In Liquidation), and Fairfield Lambda Limited (In Liquidation),
and (ii) "<u>Moving Defendants</u>" are to defendants listed in Exhibit A hereto (comprised of defendants in all adversary
proceedings in the above-captioned administratively consolidated proceedings that filed or joined the Second
Consolidated Motion to Dismiss (defined below) Consolidated Plaintiffs' claims in the adversary proceedings
against them).

3

in connection with the 2016–17 Motions to Amend and Dismiss and, in some instances, in the individual supplemental briefs of Moving Defendants (among others) in connection with the 2016–17 Motions to Amend and Dismiss;

WHEREAS, upon consideration of the foregoing stipulations and briefing and of oral argument on the 2016–17 Motions to Amend and Dismiss, the Court on December 6, 2018 issued a Memorandum Decision granting in part and denying in part the 2016–17 Motions to Amend and Dismiss, which contemplated the filing of a renewed motion to dismiss ("*Fairfield II*") (Dkt. 1743);

WHEREAS, between April 2, 2019 and April 18, 2019, and on August 5, 2019 and August 8, 2019, the Court entered settled or stipulated orders (the "Stipulated Orders") in each of the adversary proceedings forming part of the administratively consolidated action captioned above to implement *Fairfield I* and *Fairfield II*;

WHEREAS, the Stipulated Orders provided for the dismissal of certain of Consolidated Plaintiffs' claims with prejudice and entered final judgments under Federal Rule of Civil Procedure 54(b), made applicable in these proceedings by Bankruptcy Rule 7054, as to those claims, which fully and finally dismissed claims included certain claims seeking the imposition of a constructive trust in actions in which Consolidated Plaintiffs asserted that no Moving Defendant was a "Knowledge Defendant" as defined in *Fairfield II* (the "Non-Knowledge Defendant Constructive Trust Claims");

WHEREAS, the Stipulated Orders granted leave to file certain amended complaints and provided that a renewed motion to dismiss, including certain supplemental briefs in support thereof, could be filed in response to the operative amended complaints with respect to the

---

2    References to "Dkt." or "Dkts." are to docket entries for the administratively consolidated adversary proceedings, *Fairfield Sentry Ltd. (In Liquidation) v. Theodoor GGC Amsterdam*, No. 10-ap-03496 (Bankr.

following issues (collectively, the "Second Round Issues"): (i) whether any claims asserted against a defendant in an amended complaint served pursuant to the Stipulated Orders are barred by Section 546(e), Section 546(g), and/or Section 561(d) of the Bankruptcy Code; (ii) whether the defendant is a Knowledge Defendant as defined in *Fairfield II* and, to the extent that a defendant is a Knowledge Defendant, whether Consolidated Plaintiffs have made allegations sufficient to sustain a constructive trust claim asserted against them in an amended complaint served pursuant to the Stipulated Orders; (iii) whether the Court may exercise personal jurisdiction over a defendant, including whether service was properly effected; (iv) whether any claim asserted against a defendant in an amended complaint must be dismissed under *Fairfield II*; (v) whether any claim asserted against a defendant must be dismissed because that defendant is not a proper party to be sued on such claim; (vi) whether a defendant must be dismissed because an amended complaint served pursuant to the Stipulated Orders fails to adequately plead receipt of redemptions by that defendant; and (vii) any other argument for dismissal upon consent of the Consolidated Plaintiffs or by order of the Court;

**WHEREAS**, on or before January 15, 2020, in accordance with those Stipulated Orders, Plaintiffs filed the operative amended complaint in the Action, asserting claims under Sections 245 and 246 of the BVI Insolvency Act (the "BVI Avoidance Claims") and seeking a constructive trust under BVI law (the "Constructive Trust Claim");

**WHEREAS**, on January 15, 2020, Consolidated Plaintiffs certified completion of their filing of amended complaints pursuant to the Stipulated Orders and simultaneously moved for leave to further amend those operative complaints in twenty-nine actions—consisting of seventeen actions against theretofore existing alleged Knowledge Defendants as defined in

---

S.D.N.Y.), unless otherwise indicated.

*Fairfield II* (the "Knowledge Defendants")[3] and twelve additional actions against defendants who had not before been alleged to be Knowledge Defendants (the "Proposed New Knowledge Defendants")—to add allegations in support of existing or new proposed constructive trust claims based upon purported defendant knowledge (the "Motion for Leave") (Dkt. 2873);

**WHEREAS**, at a February 25, 2020 conference, and as subsequently so-ordered in an order dated March 20, 2020 (the "March 20 Order") (Dkt. 2926), the Court directed the Proposed New Knowledge Defendants and the Consolidated Plaintiffs to submit briefs on the issue of whether the Court lacked subject matter jurisdiction over the new proposed constructive trust claims against the Proposed New Knowledge Defendants or whether the Court was otherwise barred from hearing the Motion for Leave as to the Proposed New Knowledge Defendants (the "Constructive Trust Bar Issue"), on which issue the relevant parties submitted briefs dated March 10, 2020 (Dkts. 2890, 3024), March 24, 2020 (Dkts. 3015–16), and March 31, 2020 (Dkt. 3023), and the Court otherwise adjourned deadlines for the Motion for Leave and held it in abeyance;

**WHEREAS**, following the February 25 and March 11, 2020 conferences, the Court directed that Moving Defendants could file a renewed motion to dismiss by a consolidated brief, and certain individual, supplemental briefs in support thereof, with respect to the operative complaints as amended pursuant to the Stipulated Order on the following grounds: (i) whether any or all of Consolidated Plaintiffs' claims are barred by Section 546(e), Section 546(g), and/or Section 561(d) of the U.S. Bankruptcy Code on the basis of only those materials capable of being considered on a motion to dismiss (the "Safe Harbor Issue"), and (ii) whether, as a matter of law, service was properly effected on the Moving Defendants who reside in particular countries

---

3        References to (i) "Knowledge Defendants" are to defendants listed in Exhibit B hereto (comprised of purported Knowledge Defendants), and (ii) "Proposed New Knowledge Defendants" are to defendants listed in Exhibit C hereto (comprised of defendants that opposed Consolidated Plaintiffs' Motion for Leave on the basis of the Constructive Trust Bar Issue).

identified by Moving Defendants that are signatories to the Convention on the Service Abroad of

Judicial and Extrajudicial Documents in Civil or Commercial Matters—*i.e.*, the Hague

Convention (the "<u>Hague Service Issue</u>" and, collectively with the Safe Harbor Issue, the "<u>First</u>

<u>Threshold Issues</u>");

WHEREAS, the Court directed at the February 25 and March 11, 2020 conferences that

all other Second Round Issues, besides the First Threshold Issues, were expressly preserved;

WHEREAS, consistent with the Court's directives at the February 25 and March 11,

2020 conferences, on March 16, 2020, Moving Defendants filed a renewed motion to dismiss on

the First Threshold Issues (the "<u>Second Consolidated Motion to Dismiss</u>") supported by a

consolidated brief (the "<u>Second Consolidated Motion to Dismiss Brief</u>") (Dkts. 2903, 2910) and

other supporting papers;

WHEREAS, further consistent with the Court's directives at the February 25 and March

11, 2020 conferences, on or before March 23, 2020, certain Moving Defendants filed

supplemental briefs or other supporting papers in further support of the Second Consolidated

Motion to Dismiss (the "<u>Individual Supplemental Briefs</u>");

WHEREAS, in the March 20 Order, while expressly preserving all other arguments for

dismissal, the Court limited consideration of the Hague Service Issue to the issue of whether

service was properly effected on the subset of Moving Defendants purportedly served in

Switzerland (the "<u>Swiss Service Issue</u>" as to certain "<u>Swiss Moving Defendants</u>," Exhibit D,

*infra*);

WHEREAS, following a March 27, 2020 telephonic hearing, in an order dated April 14,

2020 (the "<u>April 14 Order</u>" and, together with the March 20 Order, the "<u>Scheduling Orders</u>")

(Dkt. 3028), the Court limited Consolidated Plaintiffs' consolidated brief in opposition to the

7

Second Consolidated Motion to Dismiss Brief such that, with respect to two arguments from the Second Consolidated Motion to Dismiss Brief identified in the April 14 Order, such briefing only addressed the operative complaint against Citibank NA London (Dkt. 79, No. 10-ap-03622), which the parties stipulated was a financial institution, and HSBC Private Bank Suisse SA ("HSBC Suisse") (Dkt. 86, No. 10-ap-03633); in so doing, the Court expressly preserved and held in abeyance all other submissions in connection with the Second Consolidated Motion to Dismiss Brief;

WHEREAS, the Scheduling Orders expressly preserved all other arguments "in connection with any pending motions for leave to amend, including the Motion for Leave, and with the [Second] Consolidated Motion to Dismiss … including without limitation, lack of personal jurisdiction, failure to state a claim for reasons other than the First Threshold Issues, and service issues other than the Hague Service Issue identified above [*i.e.*, other than the Swiss Service Issue]" (March 20 Order ¶ 4, *accord* April 14 Order ¶¶ 4–5);

WHEREAS, on August 10, 2020, the Court issued a decision denying the Motion for Leave as to the Proposed New Knowledge Defendants on the grounds that the Court was divested of jurisdiction to hear the Motion for Leave as to those Proposed New Knowledge Defendants (the "Constructive Trust Bar Decision") (Dkt. 3046), and issued an order to that effect on August 18, 2020 (the "Constructive Trust Bar Order") (Dkt. 3047), which resolved the Motion for Leave as to only the Proposed New Knowledge Defendants;

WHEREAS, on December 14, 2020, the Court issued a memorandum decision granting in part and denying in part the Second Consolidated Motion to Dismiss ("*Fairfield III*") (Dkt. 3062);

8

**WHEREAS**, in ruling upon the Safe Harbor Issue as limited by the Scheduling Orders and as part of *Fairfield III*, the Court dismissed the BVI Avoidance Claims, and held the Constructive Trust Claims were not barred by the safe harbor, in all applicable actions against the Moving Defendants;

**WHEREAS**, in ruling upon the Swiss Service Issue as part of *Fairfield III*, the Court, relying on the fact that Consolidated Plaintiffs "[did] not dispute that mail service on HSBC Suisse failed to satisfy the requirements of the Hague Service Convention" (*Fairfield III* at 25), determined that the Liquidators nevertheless "exercised due diligence" by "attempt[ing] service on HSBC Suisse in a timely manner consistent with the subscription agreements" and that "[t]he decision to litigate the propriety of past service or seek a different and less costly method of new service, rather than proceed with the costly and time-consuming process of serving the Defendants under the Hague Service Convention, does not signify a lack of due diligence" (*Fairfield III* at 34–35), granted Consolidated Plaintiffs' request to effect alternative service on HSBC Suisse's U.S. counsel, and directed Consolidated Plaintiffs (i) to meet and confer with HSBC Suisse on such request and "submit a joint letter to the Court within thirty days of this memorandum decision on the status of their meet and confer" (*Fairfield III* at 35), and, (ii) failing agreement, to serve HSBC Suisse by sending a copy of the operative complaint to HSBC Suisse's U.S. counsel by first class mail within sixty days of the date of the memorandum decision (*Fairfield III* at 35);

**WHEREAS**, on January 11, 2021, Consolidated Plaintiffs and HSBC Suisse met and conferred, and HSBC Suisse's U.S. counsel, Cleary Gottlieb Steen & Hamilton LLP, informed counsel for Consolidated Plaintiffs that Cleary Gottlieb Steen & Hamilton LLP is not authorized

to accept service on behalf of HSBC Suisse and that HSBC Suisse does not waive service of process;

**WHEREAS**, on January 13, 2021 (Dkt. 3066) the parties notified the Court of the outcome of their meet and confer, following which Consolidated Plaintiffs intend to serve HSBC Suisse's U.S. counsel by first class mail within sixty days of *Fairfield III*;

**WHEREAS**, the Court further directed the parties to "[s]ettle orders in each affected adversary proceeding on notice or submit consensual orders" (*Fairfield III* at 36);

**WHEREAS**, by agreement, the Court extended the deadline for settling on notice or submitting consensual orders until Thursday, January 28, 2021 (the "Settle Order Deadline") (Dkt. 3064);

**WHEREAS**, on January 4, 2021, this Court entered a separate order (Dkt. 30) in the adversary proceeding against various Citco entities, *Fairfield Sentry Ltd. (In Liquidation) v. Citco Global Custody NV*, No. 19-ap-01122, providing that the *Fairfield III* decision also applies to that action and extending until Thursday, January 28, 2021 the time for the parties to settle on notice or submit consensual orders in that proceeding (the "Citco Settle Order Deadline");

**WHEREAS**, by agreement, the Court further extended the Settle Order Deadline and Citco Settle Order Deadline until Thursday, February 11, 2021 (Dkt. 3067);

**WHEREAS**, certain Moving Defendants have stated that they intend to seek reconsideration of certain aspects of *Fairfield III*.   This Order is without prejudice to Consolidated Plaintiffs' right to oppose any such motions, including any delay in briefing the forthcoming Third Motion to Dismiss as a result of any such motions;

**WHEREAS**, Consolidated Plaintiffs intend to appeal *Fairfield III* in each of the 171 adversary proceedings that have been finally dismissed and in which there is no pending Motion

for Leave,[4] and certain Moving Defendants, having the same claims dismissed for the same

reasons and in order to participate as parties in such appeal further request that the Bankruptcy

Court enter a final judgment as to the BVI Avoidance Claims under Rule 54(b) of the Federal

Rules of Civil Procedure, made applicable in this proceeding by Bankruptcy Rule 7054, on the

grounds that an immediate appellate review of *Fairfield III*'s dismissal of the BVI Avoidance

Claims will be efficient for the courts and the Consolidated Plaintiffs and those Moving

Defendants, and Consolidated Plaintiffs, reserving all rights concerning appeals, do not object to

those Moving Defendants' request to use the Rule 54(b) procedure;

**WHEREAS**, certain Knowledge Defendants intend to file a motion for interlocutory

appeal of the holdings of *Fairfield III* that denied the Second Consolidated Motion to Dismiss as

to the Constructive Trust Claims and/or based on the Swiss Service Issue (the "Motion for Leave

to Appeal"), and Consolidated Plaintiffs intend to oppose that Motion for Leave to Appeal;

**WHEREAS**, noticing appeals in those proceedings presents a significant logistical

challenge, and Consolidated Plaintiffs and Moving Defendants, pursuant to Rules 8002(d) and

8004(a) of the Federal Rules of Bankruptcy Procedure, therefore request that the Court grant an

extension of time to file any notice of appeal or cross-appeal arising out of or relating to this

Order, to the maximum time allowable under Rule 8002(d) of the Federal Rules of Bankruptcy

Procedure;

**WHEREAS**, Moving Defendants consent to Consolidated Plaintiffs' request for

extension of time to file any notice of appeal pursuant to Rule 8002(d) of the Federal Rules of

Bankruptcy Procedure, and Consolidated Plaintiffs consent to Moving Defendants' request for

---

4       These consist of the actions against the Moving Defendants (*see* Exhibit A), excluding the subset of
Knowledge Defendants for which the Constructive Trust Claims are still live (*see* Exhibit B).

extension of time to file any notice of appeal or cross-appeal pursuant to Rules 8002(d) and/or 8004(a) of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, collectively, Moving Defendants have moved to dismiss in connection with the 2016–17 Motions to Amend and Dismiss or the Second Consolidated Motion to Dismiss on the following grounds (the "<u>Motion to Dismiss Grounds</u>"),[5] which have either been briefed or expressly preserved:

- whether the Court may exercise subject matter jurisdiction;

- whether the Court may exercise personal jurisdiction over a defendant ("<u>Personal Jurisdiction Issue</u>");

- whether the Court should dismiss the claims for failure to properly effect service of process (the "<u>Service Issue</u>");

- whether the Court should dismiss the claims on the basis of *forum non conveniens*;

- whether any of the claims are barred by principles of preclusion, estoppel or *res judicata*;

- whether any of the claims are barred by Section 546(e), Section 546(g), and/or Section 561(d) of the Bankruptcy Code;

- whether a Moving Defendant is a Knowledge Defendant as defined under the standard set forth in *Fairfield II*, and to the extent that a defendant is a Knowledge Defendant, whether Consolidated Plaintiffs have made allegations sufficient to sustain a constructive trust claim asserted against it (the "<u>Constructive Trust Pleading Issue</u>") or an undervalue transaction claim;

- whether any of the claims must be dismissed because Defendants gave good consideration in exchange for the redemption payments or because there is a binding contract governing the subject matter of the Action;

- whether any of the claims must be dismissed for lack of standing;

- whether any of the claims must be dismissed for failure to allege damages;

---

[5]    This Order does not purport to bind defendants who were fully dismissed following *Fairfield II* and are not signatories to this Order.

- whether any of the BVI Avoidance Claims must be dismissed for any of the following reasons:  the Court lacks statutory authority to grant relief; Defendants were creditors and not members; the redeemed shares had the value ascribed to them by the funds; the funds were solvent at all relevant times; the redemptions were made in the ordinary course of business; the redemptions were made with a good faith belief they would benefit the funds.

- whether any of the claims must be dismissed under the doctrine of *ex turpi causa* or *in pari delicto*;

- whether any of the claims asserted against a defendant must be dismissed because that defendant is not a proper party to be sued on such claim (the "Proper Party Issue");

- whether any of the claims asserted against a defendant must be dismissed because that defendant acted as an agent to a disclosed principal;

- whether a defendant must be dismissed because a complaint fails to adequately plead receipt of redemptions by that defendant (the "Receipt Issue"); and

- whether the motions for leave filed in 2016 or the Motion for Leave should be granted under Rule 15(a)(2) and Rule 16(b) of the Federal Rules of Civil Procedure (the "Amendment Issue");

Defendants have not raised other grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b) and, subject to Paragraph II.2 herein, shall not raise any other grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b); and

**WHEREAS**, on February 11, 2021, the Court held a conference with the parties in which it provided further guidance on the submission of settle orders implementing *Fairfield III* and further proceedings;

**NOW,** for the reasons set forth in *Fairfield III*, which is incorporated herein and attached hereto as Exhibit E, **IT IS HEREBY STIPULATED, AGREED, AND SO ORDERED, THAT:**

## I.  DISPOSITION OF THE SECOND CONSOLIDATED MOTION TO DISMISS

1.  The Second Consolidated Motion to Dismiss is **GRANTED** as to the BVI Avoidance Claims, and the BVI Avoidance Claims are **DISMISSED** for all Moving Defendants, with prejudice.

2.  The Second Consolidated Motion to Dismiss is **DENIED** as to the Constructive Trust Claims for all Knowledge Defendants, without prejudice to Defendants' ability to file a further motion to dismiss pursuant to Paragraph II.1 of this Order.

3.  Except as expressly resolved in *Fairfield I*, *Fairfield II*, or *Fairfield III*, or in this Order or the prior Stipulated Orders implementing those decisions, the Court has not resolved the Motion to Dismiss Grounds.

4.  Moving Defendants' request that the Bankruptcy Court enter a final judgment as to the BVI Avoidance Claims under Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Bankruptcy Rule 7054, is **GRANTED**.

    a.  The amended complaint in this adversary proceeding alleges multiple claims and names multiple defendants.  The entry of a final order and judgment will decide and ultimately dispose of, subject to appellate rights, the BVI Avoidance Claims, which present legal issues that can be adjudicated independently of the remaining claims.  Further, there is no just reason for delay of entry of a final order and judgment on the BVI Avoidance Claims.  *Fairfield III* dismissed the BVI Avoidance Claims in this Action, as well as BVI Avoidance Claims involving identical legal issues brought by Consolidated Plaintiffs against Moving Defendants in related actions, some of which have now been finally resolved and are thus subject to appeal pursuant to 28 U.S.C. § 158(a)(1).  Such appeal could adjudicate the substantive rights of Moving Defendants without their participation, unless a final order and judgment is entered forthwith.  In light of this, and the number of claims and Defendants in the action, the interests of fairness, judicial efficiency and sound judicial administration are served by the entry of this final order and judgment, together with the entry of all other final orders and judgments dismissing BVI Avoidance Claims brought by the Consolidated Plaintiffs in similar adversary proceedings pursuant to *Fairfield III*, and the opportunity for an immediate appeal.

14

b.   Because this order and judgment and the dismissal of the BVI Avoidance Claims, together with the final orders and judgments dismissing BVI Avoidance Claims brought by Consolidated Plaintiffs in similar adversary proceedings pursuant to *Fairfield III*, will affect numerous adversary proceedings commenced by the Plaintiffs and hundreds of defendants named in those complaints, an immediate appeal of the dismissal of the BVI Avoidance Claims would avoid protracted, expensive, and potentially duplicative litigation proceedings, and would facilitate the prompt resolution of a significant portion of the litigation, which would provide certainty for further proceedings and possible appeals.

5.     Plaintiffs and the undersigned Moving Defendants expressly, knowingly, and voluntarily grant their consent solely for this Court to enter this final order and judgment in this Action as provided above, subject to appellate review, whether the underlying claims in the Action are core under 28 U.S.C. § 157(b)(2) or noncore under 28 U.S.C. § 157(c)(2) and although this Court is not constituted under Article III of the United States Constitution. Notwithstanding the above grant of consent, Moving Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

6.     Pursuant to Fed. R. Civ. P. 58(b)(2) made applicable to this adversary proceeding by Bankruptcy Rule 7058, the Court directs the Clerk to promptly **ENTER** partial final judgment in the form attached hereto as Exhibit F.

## II.   FURTHER PROCEEDINGS

1.     Without prejudice to the rights they may have in the event the operative complaints are amended or issues on appeal from a motion to dismiss are remanded, subject to Paragraph II.2 herein, any of the Knowledge Defendants may file a further motion to dismiss (the "Third Motion to Dismiss") and opposition to the Motion for Leave limited to the following issues:

a.      the Amendment Issue;

b.      the Constructive Trust Pleading Issue;

c.      the Proper Party Issue;

d.      the Personal Jurisdiction Issue;

e.      the Service Issue, other than as to HSBC Suisse;

f.      the Receipt Issue; and

g.      any other argument for dismissal upon consent of the Consolidated Plaintiffs or by order of the Court.

2.      Moving Defendants shall not raise any grounds for dismissal on a future motion to dismiss other than those Motion to Dismiss Grounds not previously resolved in this or any related action; provided, however, in the event the operative complaints are amended (beyond those amendments already contemplated by the Motion for Leave) or issues on appeal from a motion to dismiss are remanded, the Moving Defendants shall inform the Consolidated Plaintiffs of any additional grounds for dismissal the Moving Defendants believe are legally justified and the parties shall meet and confer within thirty (30) days of such amendment or remand concerning any remaining issues for further briefing.

3.      The Knowledge Defendants and Consolidated Plaintiffs shall promptly meet and confer regarding a schedule for further proceedings in this matter and shall submit an agreed proposal, or their respective positions with respect to any issues on which agreement cannot be reached, including as   to omnibus issues appropriate for consolidated briefing, within thirty (30) days of the entry of this Order.

4.      Consolidated Plaintiffs have stated that they intend to seek discovery pertaining to, without limitation, the Personal Jurisdiction Issue including by filing a motion to lift the stay of discovery imposed by the Stipulated Orders and/or a motion to compel the production of

16

discovery sought.  This Order is without prejudice to Defendants' rights to oppose any such motions.

5.      Consolidated Plaintiffs' and Moving Defendants' requests for an extension of time to file notices of appeal and notices of cross-appeal under Rules 8002(d) and/or 8004(a) of the Federal Rules of Bankruptcy Procedure are each **GRANTED**.  As a result of this Order and other final orders entered in these consolidated adversary proceedings, Consolidated Plaintiffs and Moving Defendants, should they pursue all appeals, would be required to file notices of appeal in dozens of adversary proceedings.   Given the logistical burdens, the Court has determined that it is within its discretion to grant Consolidated Plaintiffs and Moving Defendants each an extension of time to file notices of appeal in connection with this Order pursuant to Bankruptcy Rule 8002(d).   For the purposes of Bankruptcy Rule 8002(d), Consolidated Plaintiffs' request for an extension under Rule 8002(d) is deemed to be a motion by Consolidated Plaintiffs pursuant to Bankruptcy Rule 8002(d).   Pursuant to Bankruptcy Rule 8002(d), Consolidated Plaintiffs' time to file any notice of appeal arising out of or relating to this Order is hereby extended to and including thirty-five (35) days from the date of entry of this Order. Similarly, for the purposes of Bankruptcy Rule 8002(d) and 8004(a), Moving Defendants' request for an extension under Rule 8002(d) and 8004(a) is deemed to be a motion by Moving Defendants pursuant to Bankruptcy Rule 8002(d).   Pursuant to Bankruptcy Rules 8002(d) and 8004(a), Moving Defendants' time to file any notice of appeal or notice of cross-appeal arising out of or relating to this Order is hereby extended to and including thirty-five (35) days from the date of entry of this Order.


Dated: New York, New York
       February 24, 2021

By: */s/ David J. Molton*
    David J. Molton
    Marek P. Krzyzowski

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
E-mail: dmolton@brownrudnick.com
E-mail: mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

    – and –

**SELENDY & GAY PLLC**
David Elsberg
Lena Konanova
Ron Krock
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 390-9000
E-mail: delsberg@selendygay.com
E-mail: rkrock@selendygay.com

By: */s/ Elizabeth Vicens*
    Elizabeth Vicens

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999
evicens@cgsh.com

*Counsel for Caceis Bank Luxembourg*

By: */s/ Nowell D. Bamberger*
    Nowell D. Bamberger
    Joseph M. Kay
    Christine M. Jordan

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974 1999
E-mail: nbamberger@cgsh.com

One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: jkay@cgsh.com
Email: cjordan@cgsh.com

*The party sued here as "HSBC"*[6]

By: */s/ Breon S. Peace*
    Breon S. Peace
    Ari D. MacKinnon
    Thomas S. Kessler

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

---

[6]    It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000
bpeace@cgsh.com
amackinnon@cgsh.com
tkessler@cgsh.com

*Attorneys for BNP Paribas (Suisse) SA,*
*BNP Paris (Suisse) SA Ex Fortis*
*(n/k/a BNP Paribas (Suisse) SA), BNP*
*Paribas (Suisse) SA Private (n/k/a BNP*
*Paribas (Suisse) SA)*

By: */s/ Richard Levin*
Richard Levin
Carl Wedoff

**JENNER & BLOCK LLP**
919 Third Avenue
New York NY 10022
Tel: (212) 891-1600
Fax: (212) 891-1699
rlevin@jenner.com
cwedoff@jenner.com

*Counsel for Unifortune Conservative*
*Side Pocket (not a juridical entity)*

By: */s/ William J. Sushon*
William J. Sushon
Daniel S. Shamah

**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, NY 10036-6524
(212) 326-2000
(212) 326-2061 (fax)
Email: wsushon@omm.com
Email: dshamah@omm.com

*Counsel for Clariden Leu Ltd. and*
*Credit Suisse AG Zurich*

By: */s/ Norris D. Wolff*

19

Norris D. Wolff, Esq.

**KLEINBERG KAPLAN WOLFF & COHEN, P.C.**
500 Fifth Avenue, 38th Floor
New York, New York 10110
(212) 986-6000
nwolff@kkwc.com

*Attorneys for Defendant Quasar Fund SPC Class A and Class B CGCNV (sued as Quasarfuns SPC)*

By: */s/ Stephen M. Harnik*
    Stephen M. Harnik

**HARNIK LAW FIRM**
666 Third Avenue, 10th Floor
New York, New York 10017-4046
T: (212) 599-7575
F: (212) 867-8120
Email: stephen@harnik.com

*Attorneys for Vorarlberger Landes- Und Hypothekenbank Aktiengesellschaft*

By: */s/ Thomas J. Giblin*
    Thomas J. Giblin
    Christopher Harris

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
E-mail: christopher.harris@lw.com
Email:  thomas.giblin@lw.com

*Counsel for Union Bancaire Privée, UBP SA*

By: */s/ George W. Shuster, Jr.*
    George W. Shuster, Jr.

**WILMER CUTLER PICKERING HALE AND DORR LLP**

george.shuster@wilmerhale.com
Benjamin W. Loveland
benjamin.loveland@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7518

*Counsel to Corner Banca SA, Finter Bank
Zurich (n/k/a Bank Vontobel AG),
Privatbank IHAG Zurich AG (sued as
IHAG Handelsbank AG), and PKB
Privatbank AG*

By: */s/ Rachel Ehrlich Albanese*
    Rachel Ehrlich Albanese
    Cherelle Glimp

    **DLA PIPER LLP (US)**
    1251 Avenue of the Americas
    New York, New York 10020-1104
    Tel.: (212) 335-4500
    Fax: (212) 335-4501
    Rachel.Albanese@us.dlapiper.com
    Cherelle.Glimp@us.dlapiper.com

    *Attorneys for Defendant Banca Arner S.A.*

By: */s/ Eric Fishman*
    Eric Fishman
    Andrew Troop

    **PILLSBURY WINTHROP SHAW
    PITTMAN LLP**
    31 West 52nd Street
    New York, NY 10019-6131
    (212) 858-1000
    Email: eric.fishman@pillsburylaw.com
    Email: andrew.troop@pillsburylaw.com

    *Counsel for Falcon Private Bank*

By: */s/ Christopher A. Lynch*
    James C. McCarroll
    John C. Scalzo
    Christopher A. Lynch

**REED SMITH LLP**
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 521-5400
jmccarroll@reedsmith.com
jscalzo@reedsmith.com
clynch@reedsmith.com

*Attorneys for T1 Global Fund Ltd.*

By: */s/ Eric Fishman*
    Eric Fishman
    Andrew Troop

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
31 West 52nd Street
New York, NY 10019-6131
(212) 858-1000
Email: eric.fishman@pillsburylaw.com
Email: andrew.troop@pillsburylaw.com

*Counsel for InCore Bank AG*

By: */s/ Emil A. Kleinhaus*
    Emil A. Kleinhaus
    Angela K. Herring

**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52 Street
New York, NY 10017
Telephone: (212) 403-1332
Facsimile: (212) 403-2332
E-mail: eakleinhaus@wlrk.com
        akherring@wlrk.com

*Counsel for Banque Pictet & Cie SA*

By: */s/ Marshall R. King*
    Marshall R. King
    Gabriel Herrmann

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue

New York, NY 10166
(212) 351-4000
mking@gibsondunn.com
gherrmann@gibsondunn.com

*Counsel for Defendants UBS AG and UBS Jersey Nominees Limited*

By:  /s/ John F. Zulack
  John F. Zulack

**ALLEGAERT BERGER & VOGEL LLP**
111 Broadway, 20th Floor
New York, New York 10006
jzulack@abv.com
(212) 571-0550

*Attorneys for Banque Cantonale Vaudoise, BCV AMC Defensive Alt Fund, Compagnie Bancaire Helvétique SA, Lombard Odier Darier Hentsch & Cie, Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG, Rothschild Bank Geneva (Dublin) a/k/a Edmond de Rothschild (Suisse) S.A., Edmond de Rothschild (Suisse) S.A. (sued as Sella Bank AG), Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A., Société Générale Bank & Trust*

By:   /s/ Marc R. Cohen
  Marc. R. Cohen
  Mark G. Hanchet
  Kevin C. Kelly

**MAYER BROWN LLP**
1999 K Street, N.W.
Washington, D.C. 20006
Tel. No.: (202) 263-5282
Email: mcohen@mayerbrown.com
1221 Avenue of the Americas
New York, New York 10020
Tel. No.: (212) 506-2500
Email : mhanchet@mayerbrown.com
Email: kkelly@mayerbrown.com

*Attorneys for Lombard Odier Darier*
*Hentsch & Cie*

By: */s/ William A. Maher*
    William A. Maher
    Fletcher W. Strong
    Maxwell G. Dillan

    **WOLLMUTH MAHER & DEUTSCH
    LLP**
    500 Fifth Avenue
    New York, New York 10110
    Telephone: (212) 382-3300
    Email: wmaher@wmd-law.com
    Email: fstrong@wmd-law.com
    Email: mdillan@wmd-law.com

    *Counsel for Fairfield Investment Fund*
    *Limited, Fairfield Investment GCI, and FIF*
    *Advanced Limited*

By: */s/ David M. Morris*
    David M. Morris

    **FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP**
    One New York Plaza
    New York, NY 10004
    (212) 859-8000
    david.morris@friedfrank.com

    *Counsel for Verwaltungs-und Privat-Bank*
    *Aktiengesellschaft (now known as VP Bank*
    *AG) and Centrum Bank Aktiengesellschaft*
    *(now owned by VP Bank AG)*

By: */s/ Keith R. Palfin*
    Keith R. Palfin
    Heather Lamberg

    **WINSTON & STRAWN LLP**
    1901 L Street, N.W.
    Washington, D.C. 20036-3506
    Telephone: (202) 282-5000
    Facsimile: (202) 282-5100

E-mail: kpalfin@winston.com
E-mail: hlamberg@winston.com

*Counsel for BBVA (Suisse) SA*

By: */s/ Andreas Frischknecht*
　　Andreas Frischknecht
　　Erin E. Valentine

**CHAFFETZ LINDSEY LLP**
1700 Broadway, 33rd Floor
New York, NY 10019
Telephone: (212) 257-6960
a.frischknecht@chaffetzlindsey.com
e.valentine@chaffetzlindsey.com

*Counsel for Defendants SIX SIS Ltd. And SIS SEEGAINTERSETTLE*

By: */s/ Eric B. Halper*
　　Eric B. Halper

**MCKOOL SMITH, P.C.**
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
Tel: (212) 402-9400
Fax: (212) 402-9444
ehalper@mckoolsmith.com

*Attorneys for Bank Julius Baer & Co. Ltd*

By: */s/ Jeff E. Butler*
　　Jeff. E. Butler
　　La'Tise M. Tangherlini

**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
E-mail: jeff.butler@cliffordchance.com
latise.tangherlini@cliffordchance.com

*Attorneys for Dexia Banque Internationale à Luxembourg SA*

25

By: _/s/ Anthony L. Paccione_
    Anthony L. Paccione
    Mark T. Ciani

    **KATTEN MUCHIN ROSENMAN LLP**
    575 Madison Avenue
    New York, NY 10022
    Telephone: 212.940.8800
    Facsimile:  212.940.8776
    E-mail: anthony.paccione@katten.com
    E-mail: mark.ciani@katten.com

    *Attorneys for Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.), Harmony Capital Fund Ltd., Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc), and RBC Investor Services Bank, S.A. (f/k/a RBC Dexia Investor Services)*

By: _/s/ Scott Balber_
    Scott Balber
    Jonathan Cross

    **HERBERT SMITH FREEHILLS NEW YORK LLP**
    450 Lexington Avenue
    New York, NY  10017
    Telephone:  (917) 542-7600
    Scott.Balber@hsf.com
    Jonathan.cross@hsf.com

    *Counsel for Hapoalim (Switzerland), Ltd.*

By: _/s/ Gregory F. Hauser_
    Gregory F. Hauser
    Jascha D. Preuss

    **WUERSCH & GERING LLP**
    100 Wall Street, 10th Floor
    New York, NY 10005
    Telephone: (212) 509-5050
    Facsimile: (212) 509- 9559
    Email: gregory.hauser@wg-law.com
    Email: jascha.preuss@wg-law.com

*Counsel for: Liechtensteinische Landesbank AG (sued here as Liechtensteinische LB Reinvest AMS); LGT Bank in Liechtenstein AG (now known as LGT Bank AG); and Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd.*

By: */s/ Jonathan D. Cogan*

Jonathan D. Cogan

**KOBRE & KIM LLP**

800 Third Avenue
New York, New York 10022
Telephone (212) 488-1200
Email: jonathan.cogan@kobrekim.com

*Counsel for Allianz Bank Financial Advisors S.p.A.*

By: */s/ D. Farrington Yates*

D. Farrington Yates
Adam M. Lavine
Donna (Dong Ni) Xu

**KOBRE & KIM LLP**

800 Third Avenue
New York, New York 10022
Telephone (212) 488-1200
Email: farrington.yates@kobrekim.com
Email: adam.lavine@kobrekim.com
Email: donna.xu@kobrekim.com

*Counsel for EFG Bank S.A. Switzerland (n/k/a EFG Bank), EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)), Banca Unione di Credito, BSI AG, and BSI Ex Banca Del Gottardo*

By: */s/ Andrew J. Finn*

Andrew J. Finn
Jeffrey T. Scott

**SULLIVAN & CROMWELL LLP**

125 Broad Street
New York, New York  10004

27

Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: finna@sullcrom.com
E-mail: scottj@sullcrom.com

*Counsel for Bank J. Safra Sarasin AG, f/k/a
Bank Sarasin & Cie*

SO ORDERED this 26<u>th</u> day of <u>February</u>, 2021

**/s/ Stuart M. Bernstein**
HON. STUART M. BERNSTEIN
United States Bankruptcy Judge

## EXHIBIT A
### *Moving Defendants*

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 1 | Adv. Pro. 10-03502 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Securities Sub A/C, et al.* | RBC Dominion Securities | RBC Dominion Securities |
| 2 | Adv. Pro. 10-03503 | *Fairfield Sigma Limited (In Liquidation), et al. v. Tercas-Cassa Di Risparmio Della Provincia Di Teramo S.P.A., et al.* | Banca Popolare di Bari S.C.p.A in Amministrazione Straordinaria, as successor-in-interest to Tercas-Cassa Di Risparmio Della Provincia di Teramo S.P.A. | Tercas-Cassa Di Risparmio Della Provincia di Teramo S.P.A. |
| 3 | Adv. Pro. 10-03504 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody, et al.* | ABN AMRO Global Custody N.V. (sued as FS ABN AMRO Global Custody) | ABN AMRO Global Custody |
| 4 | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* | American Express Bank, f/k/a Standard Chartered International (USA) Ltd., n/k/a Standard Chartered International (USA) LLC | American Express Bank, n/k/a Standard Chartered International (USA) Ltd. |

---

1    That Appendix A (and the footnotes thereto) includes (i) Defendants listed in Appendix A submitted with Moving Defendants' Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss (Dkt. 2903), (ii) Defendants who filed a joinder within ten days after the date of filing the Defendants' Brief, as provided under the relevant Stipulated Orders, *see, e.g.,* Stipulated Order Granting in Part and Denying in Part Moving Defs.' Mots. to Dismiss and Pls.' Mot. for Leave to Amend, Fairfield Sentry Ltd. v. HSBC Private Bank Suisse SA, Adv. Pro. No. 10-3633 (SMB) (Bankr. S.D.N.Y. Apr. 15, 2019) (Dkt. 81), and (iii) Defendants who, after that time, filed a motion or stipulation to join the renewed motion to dismiss.  This is not a concession by either party that those names are correct.  Moreover, although Moving Defendants' commentary in the "Defendant" column has been retained, its inclusion herein does not constitute a concession of that commentary's accuracy, *vel non*, by the Consolidated Plaintiffs.

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 5 | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* | Banque Privee Edmond de Rothschild (Europe) | Banque Privee Edmond de Rothschild (Europe) |
| 6 | Adv. Pro. 10-03507 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Meritz Fire & Marine Insurance Company Ltd., et al.* | Meritz Fire & Marine Insurance Company Ltd. | Meritz Fire & Marine Insurance Company Ltd. |
| 7 | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Perenco SA | Perenco SA |
| 8 | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Schroder & Co. (Asia) Ltd. | Schroder & Co. (Asia) Ltd. |
| 9 | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* | Banco Santander International SA (f/k/a Banco Santander (Suisse) S.A.) | Banco Santander (Suisse) S.A. |
| 10 | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* | Hapoalim (Switzerland), Ltd. | Bank Hapoalim (Suisse) Ltd. a/k/a Banque Hapoalim (Suisse) S.A. |
| 11 | Adv. Pro. 10-03512 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Mizrahi Tefahot Bank Ltd., et al.* | Mizrahi Tefahot Bank Limited | Mizrahi Tefahot Bank Ltd. a/k/a United Mizrahi Bank Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 12 | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* | Banque SYZ SA (f/k/a Banque Syz & Co. SA) | Banque Syz & Co. SA |
| 13 | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* | Banque Piguet & Cie SA | Banque Piguet & Cie S.A. |
| 14 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. |
| 15 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | Banco Bilbao Vizcaya Argentaria S.A. | Banco Bilbao Vizcaya Argentaria S.A. |
| 16 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | BBVA Fundas Privanza | BBVA Fundas Privanza |
| 17 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | BBVA Grand Cayman | BBVA Grand Cayman |
| 18 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | BBVA Miami | BBVA Miami |
| 19 | Adv. Pro. 10-03516 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.* | Merrill Lynch, Pierce, Fenner & Smith, Inc. | Merrill Lynch, Pierce, Fenner & Smith, Inc. |

A-3

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 20 | Adv. Pro. 10-03519 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Neue Bank AG, et al.* | Neue Bank AG | Neue Bank AG |
| 21 | Adv. Pro. 10-03521 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombardy Properties Limited, et al.* | Lombardy Properties Limited | Lombardy Properties Limited |
| 22 | Adv. Pro. 10-03525 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fund Nominees Limited, et al.* | Collins Stewart (CI) Limited | Collins Stewart (CI) Limited |
| 23 | Adv. Pro. 10-03525 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fund Nominees Limited, et al.* | Fund Nominees Limited | Fund Nominees Limited |
| 24 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 25 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA | SG Private Banking (Suisse) SA n/k/a Société Générale Private Banking (Suisse) S.A. |
| 26 | Adv. Pro. 10-03614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sherli Elghanian Krayem, et al.* | Sherli Eghanian Krayem | Sherli Eghanian Krayem |
| 27 | Adv. Pro. 10-03614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sherli Elghanian Krayem, et al.* | Roya Rebecca Elghanian | Roya Rebecca Elghanian |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 28 | Adv. Pro. 10-03615 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of America National Trust and Savings Association, et al.* | Bank of America National Trust and Savings Association | Bank of America National Trust and Savings Association |
| 29 | Adv. Pro. 10-03616 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Luxembourg, et al.* | Banque de Luxembourg | Banque de Luxembourg |
| 30 | Adv. Pro. 10-03618 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Miami, et al.* | BBVA Miami | BBVA Miami |
| 31 | Adv. Pro. 10-03619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Institutional Trust Services (Asia) Limited, et al.* | HSBC Institutional Trust Services (Asia) Limited. | HSBC Institutional Trust Services (Asia) Limited |
| 32 | Adv. Pro. 10-03620 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International, et al.* | Credit Suisse International | Credit Suisse International |
| 33 | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | OAM | OAM |
| 34 | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | Oddo & Cie | Oddo & Cie |
| 35 | Adv. Pro. 10-03622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* | Citibank NA London | Citibank NA London |

A-5

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 36 | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Caceis Bank Luxembourg | Caceis Bank Luxembourg |
| 37 | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Natixis S.A. or its predecessors in interest as the owner/operator of certain accounts named as defendants | Strategy Sicav EdPaf, Selected Strategies Ltd., ICM Tactical Master, CDC ICM The Ghos Portfolio a/k/a CDC IXIS Capital Markets, Eurogate Farad Global Niche, ICIB Natexis Lux Alpha Master, ICIB Cote d'Armor Alpha Master, ICIB Centre France Alpha Prot Master, ICIB Ethias Allocation Master, ICIB Atlantique Alpha Master, ICIB Hyperion Alternative Basket Master, and ICIB Hyperion Alternative Basket II Master |

A-6

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 38 | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 39 | Adv. Pro. 10-03626 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas* | BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas | BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas |
| 40 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Altigefi-Altipro Master a/k/a Olympia Capital Management | Altigefi-Altipro Master a/k/a Olympia Capital Management |
| 41 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. v. BNP Paribas Securities Services Luxembourg, et al.* | BNP Securities Services Luxembourg S.A. | BNP Securities Services Luxembourg |
| 42 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Milan Clessidra a/k/a Clessidra SGR SpA | Milan Clessidra a/k/a Clessidra SGR SpA |
| 43 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Rothschild & Cie Banque-EGA | Rothschild & Cie Banque-EGA |
| 44 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Murdoch & Co. | Murdoch & Co. |
| 45 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Robinson &. Co. | Robinson & Co. |

A-7

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 46 | Adv. Pro. 10-03629 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom, et al.* | HSBC Private Banking Nom a/k/a HSBC Private Banking Nominee 1 (Jersey) Ltd. n/k/a Republic Nominees Limited | HSBC Private Banking Nom a/k/a HSBC Private Banking Nominee 1 (Jersey) Ltd. n/k/a Republic Nominees Limited |
| 47 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg), SA | HSBC Securities Services (Luxembourg), SA |
| 48 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private-Space Ltd. | Private Space Ltd. |
| 49 | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (C.I.) Limited | HSBC Private Bank (C.I.) Limited |
| 50 | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (Guernsey) Ltd. a/k/a HSBC Republic Bank (Guernsey) Ltd. n/k/a HSBC Private Bank (C.I.) Limited | HSBC Private Bank (Guernsey) Ltd. a/k/a HSBC Republic Bank (Guernsey) Ltd. n/k/a HSBC Private Bank (C.I.) Limited |

A-8

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 51 | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | Republic Nominees Limited | Republic Nominees Limited |
| 52 | Adv. Pro. 10-03632 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Andbanc Andorra, et al.* | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. |
| 53 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | HSBC Private Bank Suisse SA | HSBC Private Bank Suisse SA |
| 54 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg | Banco Itau Europa Luxembourg |
| 55 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley AG | Bank Morgan Stanley AG |
| 56 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich | Citibank (Switzerland) Zurich |
| 57 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited | Citivic Nominees Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 58 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA aka Banque Privee Espirito Santo SA | Compagnie Bancaire Espiritu Santo SA n/k/a Banque Privee Espirito Santo SA |
| 59 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Private Bank S.A. (n/k/a EFG Bank) | EFG Private Bank SA |
| 60 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | HSBC Bank USA | HSBC Bank USA |
| 61 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank[2] | Merrill Lynch Bank |
| 62 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Morgan Stanley & Co. International PLC | Morgan Stanley & Co. International PLC |
| 63 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Safra National Bank of New York | Safra National Bank of New York |
| 64 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda | ZCM Asset Holding Co. Bermuda |

---

2 It has been asserted that "Merrill Lynch Bank" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 65 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Matched Funding Corp. | ZCM Matched Funding Corp. |
| 66 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Zurich Capital Markets Company | Zurich Capital Markets Company |
| 67 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | "HSBC"[3] | HSBC |
| 68 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 69 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. | Banca Arner SA |
| 70 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito | Banca Unione di Credito |
| 71 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie | Bank Sarasin & Cie |

---

3        It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 72 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. | Bank Julius Baer & Co. Ltd. |
| 73 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise | Banque Cantonale Vaudoise |
| 74 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | Dexia Banque International A Luxembourg |
| 75 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA | Pictet & Cie |
| 76 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA | BBVA (Suisse) SA |
| 77 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund | BCV AMC Defensive AL Fund[4] |
| 78 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA | BNP Paribas (Suisse) SA |
| 79 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Ex Fortis |

---

4       It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 80 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Private |
| 81 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG | BSI AG |
| 82 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo | BSI Ex Banca Del Gottardo |
| 83 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg | Caceis Bank Luxembourg |
| 84 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) | Centrum Bank AG (AMS) |
| 85 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. | Clariden Leu Ltd. |
| 86 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique | Compagnie Bancaire Helvetique |
| 87 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA | Corner Banca SA |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 88 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) | RBS Coutts Bank Ltd. |
| 89 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich | Credit Suisse AG Zurich |
| 90 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. | Dresdner Bank Schweiz |
| 91 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) | Edmond de Rothschild (Suisse) S.A. |
| 92 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) | EFG Bank SA Switzerland |
| 93 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) | EFG Eurofinancier D'Invest MCL |
| 94 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. | Fairfield Investment Fund Ltd. |
| 95 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI | Fairfield Investment GCI |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 96 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank | Falcon Private Bank |
| 97 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 98 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich | Finter Bank Zurich |
| 99 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. | Bank Hapoalim Switzerland Ltd. |
| 100 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. | Harmony Capital Fund Ltd. |
| 101 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG | IHAG Handelsbank AG |
| 102 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG | InCore Bank AG |
| 103 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG | LGT Bank in Liechtenstein AG |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 104 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) | Liechtensteinische LB Reinvest AMS |
| 105 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) | Lloyds TSB Bank Geneva |
| 106 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |
| 107 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. | National Bank of Kuwait |
| 108 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque (Suisse) S.A. | NBK Banque Privee Suisse SA |
| 109 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG | PKB Privatbank AG |
| 110 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. | RBC Dexia Investor Service Julius Baer SICAV |
| 111 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG | Rothschild Bank AG |

A-16

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 112 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[5] | Rothschild Bank Geneva (Dublin) |
| 113 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A. |
| 114 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle | SIS Seeganintersettle |
| 115 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. | SIX SIS Ltd. |
| 116 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust | Societe Generale Bank & Trust |
| 117 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) | UBS AG Zurich and UBS AG New York |
| 118 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) | UBS Jersey Nominees |

5    It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 119 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket (not a juridical entity) | Unifortune Conservative Side Pocket |
| 120 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) | ABN AMRO Schweiz AG a/k/a ABN AMRO Switzerland AG |
| 121 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG | Verwaltungs UND Privat-Bank AG Aktiengesellschaft (AMS) |
| 122 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 123 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | "HSBC"[6] | HSBC |
| 124 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket | Allianzbank SPA/Unifortune Conservative Side Pocket |

---

6       It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

A-18

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 125 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arden International Capital Limited | Arden International Capital, Ltd. |
| 126 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. | Banca Arner SA |
| 127 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito | Banca Unione di Credito |
| 128 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie | Bank Sarasin & Cie |
| 129 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. | Bank Julius Baer & Co. Ltd. |
| 130 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi le-Israel B.M. | Bank Leumi (Switzerland) Ltd. |
| 131 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise | Banque Cantonale Vaudoise |
| 132 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | Dexia Banque International A Luxembourg |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 133 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA | Pictet & Cie |
| 134 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA | BBVA (Suisse) SA |
| 135 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund | BCV AMC Defensive AL Fund[7] |
| 136 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA | BNP Paribas (Suisse) SA |
| 137 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Ex Fortis |
| 138 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Private |
| 139 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG | BSI AG |
| 140 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo | BSI Ex Banca Del Gottardo |

---

7    It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 141 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg | Caceis Bank Luxembourg |
| 142 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) | Centrum Bank AG (AMS) |
| 143 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. | Clariden Leu Ltd. |
| 144 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique | Compagnie Bancaire Helvetique |
| 145 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA | Corner Banca SA |
| 146 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) | RBS Coutts Bank Ltd. |
| 147 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich | Credit Suisse AG Zurich |
| 148 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. | Dresdner Bank Schweiz |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 149 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) | Edmond de Rothschild (Suisse) S.A. |
| 150 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) | EFG Bank SA Switzerland |
| 151 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) | EFG Eurofinancier D'Invest MCL |
| 152 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. | Fairfield Investment Fund Ltd. |
| 153 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI | Fairfield Investment GCI |
| 154 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank | Falcon Private Bank |
| 155 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 156 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich | Finter Bank Zurich |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 157 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. | Bank Hapoalim Switzerland Ltd. |
| 158 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. | Harmony Capital Fund Ltd. |
| 159 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG | IHAG Handelsbank AG |
| 160 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG | InCore Bank AG |
| 161 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG | LGT Bank in Liechtenstein AG |
| 162 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) | Liechtensteinische LB Reinvest AMS |
| 163 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) | Lloyds TSB Bank Geneva |
| 164 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 165 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. | National Bank of Kuwait |
| 166 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque (Suisse) S.A. | NBK Banque Privee Suisse SA |
| 167 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG | PKB Privatbank AG |
| 168 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. | RBC Dexia Investor Service Julius Baer SICAV |
| 169 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG | Rothschild Bank AG |
| 170 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[8] | Rothschild Bank Geneva (Dublin) |
| 171 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A. |

---

8    It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 172 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle | SIS Seeganintersettle |
| 173 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. | SIX SIS Ltd. |
| 174 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust | Societe Generale Bank & Trust |
| 175 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) | UBS AG Zurich and UBS AG New York |
| 176 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) | UBS Jersey Nominees |
| 177 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket (not a juridical entity) | Unifortune Conservative Side Pocket |
| 178 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) | ABN AMRO Schweiz AG a/k/a ABN AMRO Switzerland AG |
| 179 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG | Verwaltungs UND Privat-Bank AG Aktiengesellschaft (AMS) |

A-25

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 180 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft | Vorarlberger Landes- und Hypothekenb ank Aktiengesellsc haft |
| 181 | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG | Citibank (Switzerland) AG a/k/a Citibank (Switzerland) Zurich |
| 182 | Adv. Pro. 10-03744 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Company America, et al.* | Deutsche Bank Trust Company Americas | Deutsche Bank Trust Company Americas |
| 183 | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA Geneve | Deutsche Bank (Suisse) SA Geneve |
| 184 | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Deutsche Bank (Cayman) Limited | Deutsche Bank (Cayman) |
| 185 | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens CFO 1 Feeder Fund Ltd. | Sciens CFO 1 Feeder Fund Ltd. |
| 186 | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens Global Opportunity Fund | Sciens Global Opportunity Fund |
| 187 | Adv. Pro. 10-03747 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al.* | Deutsche Bank AG Singapore | Deutsche Bank AG Singapore |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 188 | Adv. Pro. 10-03750 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Ltd., et al.* | Blubank Ltd. n/k/a Inteligo Bank Ltd. | Blubank Ltd. n/k/a Inteligo Bank Ltd. |
| 189 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Banco Itaú International (f/k/a Bank Boston International Florida) | Bank Boston International Florida |
| 190 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Blush & Co. | Blush & Co. |
| 191 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Brown Brothers Harriman & Co. | Brown Brothers Harriman & Co. |
| 192 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Agricole (Miami) | Credit Agricole (Miami) |
| 193 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais Miami n/k/a Credit Lyonnais S.A. Miami | Credit Lyonnais Miami n/k/a Credit Lyonnais S.A. Miami |
| 194 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais n/k/a LCL-LE Credit Lyonnais S.A. | Credit Lyonnais n/k/a LCL-LE Credit Lyonnais S.A. |
| 195 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Fox & Co. | Fox & Co. |

A-27

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 196 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | SCB Nominees (CI) Ltd. | SCB Nominees (CI) Ltd. |
| 197 | Adv. Pro. 10-03755 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg SA, et al.* | Banco Itau Europa Luxembourg SA | Banco Itau Europa Luxembourg SA |
| 198 | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA | CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 199 | Adv. Pro. 10-03757 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. a/k/a SNS Bank N.V., et al.* | SNS Global Custody B.V. a/k/a SNS Bank N.V. | SNS Global Custody B.V. a/k/a SNS Bank N.V. |
| 200 | Adv. Pro. 10-03764 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA | Pictet & Cie |
| 201 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | ABN AMRO Retained Nominees (IOM) Limited (sued as Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited) | Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 202 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Odyssey Alternative Fund Limited | Odyssey Alternative Fund Limited |
| 203 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Platinum All Weather Fund | Platinum All Weather Fund |
| 204 | Adv. Pro. 10-03778 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities SA, et al.* | Wall Street Securities S.A. f/k/a Bantal Brothers S.A. | Wall Street Securities S.A. f/k/a Bantal Brothers S.A. |
| 205 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG (sued as UBS AG New York) | UBS AG New York |
| 206 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 207 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA | SG Private Banking (Suisse) SA n/k/a Société Générale Private Banking (Suisse) S.A. |
| 208 | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA | Merrill Lynch Bank (Suisse) SA |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 209 | Adv. Pro. 10-03791 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al.* | Monte Paschi Ireland Ltd. | Monte Paschi Ireland Ltd. |
| 210 | Adv. Pro. 10-03793 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC, et al.* | Nomura International PLC | Nomura International PLC |
| 211 | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |
| 212 | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Luis M. Strina and Graziela Strina De Toledo Arruda | Luis M. Strina and Graziela Strina De Toledo Arruda |
| 213 | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd., et al.* | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 214 | Adv. Pro. 10-03863 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Trust & Banking Co., LTD - Alternative Investing Unit Global Markets, et al.* | Sumitomo Trust & Banking Co., Ltd. | Sumitomo Trust & Banking Co., Ltd. |
| 215 | Adv. Pro. 10-03864 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA - Client Account, et al.* | Natixis Wealth Management Luxembourg, formerly known as Natixis Private Banking International S.A. | Natixis Private Banking International SA |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 216 | Adv. Pro. 10-03865 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin International Limited, et al.* | Celfin International Limited n/k/a BTG Pactual (Cayman) International Holding Limited | Celfin International Limited |
| 217 | Adv. Pro. 10-03867 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody, et al.* | FS Stichting Stroeve Global Custody | Stichting Stroeve Global Custody |
| 218 | Adv. Pro. 10-03868 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al.* | Clearstream | Clearstream |
| 219 | Adv. Pro. 10-03868 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al.* | Quintet Private Bank (Europe) SA f/k/a Kredietbank SA Luxembourgeoise | Kredietbank SA Luxembourgeoise |
| 220 | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* | SIX SIS AG | Six Sis AG a/k/a Sis SegaInterSettle AG |
| 221 | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | Caceis Bank Ex Ixis Is | Caceis Bank Ex Ixis Is |
| 222 | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | VEGA Investment Managers, formerly known as IXIS Private Capital Management ("IPCM") | IPCM |
| 223 | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* | Bordier & Cie | Bordier & Cie |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 224 | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. | Royal Bank of Canada (Suisse) |
| 225 | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Credit Suisse (Luxembourg) SA | Credit Suisse (Luxembourg) SA |
| 226 | Adv. Pro. 10-04089 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA, et al.* | Banco Inversis S.A. | Banco Inversis SA a/k/a Banco Inversis Net |
| 227 | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | Dexia BIL a/k/a/ Dexia Banque International e a Luxembourg |
| 228 | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Candriam World Alternative (F/K/A Dexia World Alternative) | Dexia World Alternative |
| 229 | Adv. Pro. 10-04091 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia Private Bank (Switzerland), et al.* | Banque Internationale à Luxembourg (Suisse) SA f/k/a Dexia Private Bank (Switzerland) SA | Dexia Private Bank (Switzerland) |
| 230 | Adv. Pro. 10-04093 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Commercial Bank of Kuwait, et al.* | Commercial Bank of Kuwait | Commercial Bank of Kuwait |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 231 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC – Cell A | DGAM Alternative Strategy Fund II, SPC – Cell A |
| 232 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC – Cell B | DGAM Alternative Strategy Fund II, SPC – Cell B |
| 233 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund L.P. | DGAM Alternative Strategy Fund L.P. |
| 234 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Asset Allocation Fund L.P. | DGAM Asset Allocation Fund L.P. |
| 235 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | The Legacy Fund | Legacy Fund Ltd. |
| 236 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | UBS Fund Services (Cayman) Limited | UBS Fund Services (Cayman) Limited |
| 237 | Adv. Pro. 10-04098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* | BNP Paribas Arbitrage SNC | BNP Paribas Arbitrage SNC |
| 238 | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | BNP Paribas Private Bank and Trust Cayman Ltd | BNP Paribas Private Bank and Trust Cayman Ltd |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 239 | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* | Citivic Nominees Limited | Citivic Nominees Limited |
| 240 | Adv. Pro. 10-04212 | *Fairfield Sentry Limited (In Liquidation), et al. v. Bank Morgan Stanley AG, et al.* | Bank Morgan Stanley AG | Bank Morgan Stanley AG |
| 241 | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse (Gibraltar) Limited | Credit Suisse Gibraltar Limited |
| 242 | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib | Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib |
| 243 | Adv. Pro. 10-04238 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hansard Europe Limited, et al.* | Hansard Europe DAC (sued as Hansard Europe Ltd.) | Hansard Europe Limited |
| 244 | Adv. Pro. 11-01242 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A., et al.* | BGL BNP Paribas S.A. (f/k/a Fortis Banque Luxembourg) | Fortis Banque Luxembourg |
| 245 | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* | Bank Julius Baer & Co. Ltd. | Bank Julius Baer and Co. Ltd., Zurich a/k/a Bank Julius Baer and Co. Ltd. a/k/a Bank Julius Baer and Co. SA |

A-34

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 246 | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CA Indosuez (Switzerland) SA, et al.* | CA Indosuez (Switzerland) S.A. | CA Indosuez (Switzerland) SA |
| 247 | Adv. Pro. 11-01245 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BP ALPHA S.A. n/k/a BP ALPHA (AGENTE DE VALORES S.A.), et al.* | BP ALPHA S.A. n/k/a BP ALPHA (AGENTE DE VALORES S.A.) | BP Alpha S.A. n/k/a BP Alpha (Agente De Valores S.A.) |
| 248 | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* | Schroder & Co. Bank AG | Schroder & Co. Bank AG |
| 249 | Adv. Pro. 11-01250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Europe SE, Luxembourg Branch, et al.* | UBS Europe SE, Luxembourg Branch | UBS Europe SE, Luxembourg Branch |
| 250 | Adv. Pro. 11-01253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SWEDCLIENT/IAM, et al.* | Swedbank, erroneously sued as FS/Swedclient/IAM | Swedclient/IAM |
| 251 | Adv. Pro. 11-01254 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux a/k/a American Express Bank (London), et al.* | American Express Bank (London), f/k/a American Express Bank Ltd., n/k/a Standard Chartered Bank (erroneously sued as FS/AEB LUX a/k/a American Express Bank (London) a/k/a Standard Chartered PLC) | AEB Lux a/k/a American Express Bank (London) a/k/a Standard Chartered PLC |
| 252 | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* | Banque SCS Alliance SA | Banque SCS Alliance SA n/k/a CBH Compagnie Bancaire Helvetique SA |

A-35

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 253 | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* | Mirabaud & Cie SA (f/k/a Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives) | Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives |
| 254 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | BP ALPHA. n/k/a BP ALPHA (AGENTE DE VALORES S.A.) | BP Alpha |
| 255 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS AG (sued as UBS Zurich) | UBS Zurich |
| 256 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Fund Services (Ireland) Ltd. | UBS Fund Services (Ireland) Ltd. |
| 257 | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* | Barclays Bank (Suisse) SA | Barclays Bank (Suisse) SA |
| 258 | Adv. Pro. 11-01260 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. | NBK Kuwait a/k/a National Bank of Kuwait |
| 259 | Adv. Pro. 11-01263 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Clearstream Banking SA, et al.* | Clearstream Banking SA | Clearstream Banking SA |
| 260 | Adv. Pro. 11-01460 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. LAB/AXA PM, et al.* | Architas (LAB/AXA PM) | LAB/AXA PM |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 261 | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Caliber Investments Ltd. | Caliber Investments Ltd. |
| 262 | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Melrose Investments Ltd. | Melrose Investments Ltd. |
| 263 | Adv. Pro. 11-01462 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Grand Cathay Securities (Hong Kong) Limited, et al.* | KGI Asia Limited, as successor in interest to Grand Cathay Securities (Hong Kong) Limited | Grand Cathay Securities (Hong Kong) Limited |
| 264 | Adv. Pro. 11-01463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* | Merrill Lynch International | Merrill Lynch International |
| 265 | Adv. Pro. 11-01464 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis f/k/a IXIS Corporate and Investment Bank, et al.* | Natixis S.A. (in its own capacity and as successor-in-interest of IXIS Corporate & Investment Bank) | Natixis f/k/a IXIS Corporate and Investment Bank |
| 266 | Adv. Pro. 11-01467 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BK Hapoalim/b M Tel Aviv, et al.* | Bank Hapoalim B.M. | BK Hapoalim/B M Tel Aviv |
| 267 | Adv. Pro. 11-01470 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barfield Nominees Limited, et al.* | Barfield Nominees Limited | Barfield Nominees Limited |
| 268 | Adv. Pro. 11-01486 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Korea Exchange Bank* | Korea Exchange Bank | Korea Exchange Bank |

A-37

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 269 | Adv. Pro. 11-01564 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Limited, et al.* | Deutsche Bank Nominees (Jersey) Limited | Deutsche Bank Nominees (Jersey) Limited |
| 270 | Adv. Pro. 11-01565 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/ING Lux, et al.* | ING Luxembourg | ING Lux |
| 271 | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA | SG Private Banking (Lugano-Svizzera) SA a/k/a SG Private Banking Suisse SA |
| 272 | Adv. Pro. 11-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bipielle Banke (Suisse) et al.* | Bipielle Bank (Suisse) in Liquidation (sued as Bipielle Banke (Suisse)) | Bipielle Banke (Suisse) n/k/a Bipielle Bank (Suisse) |
| 273 | Adv. Pro. 11-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Bruxelles, et al.* | Banque Degroof Bruxelles a/k/a Banque Degroof SA Bruxelles | Banque Degroof Bruxelles a/k/a Banque Degroof SA Bruxelles |
| 274 | Adv. Pro. 11-01574 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bureau of Labor Insurance, et al.* | Bureau of Labor Insurance | Bureau of Labor Insurance |
| 275 | Adv. Pro. 11-01575 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Industriel et Commercial Singapore Branch, et al.* | Credit Industriel et Commercial Singapore Branch | Credit Industriel et Commercial Singapore Branch |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 276 | Adv. Pro. 11-01577 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Insurance Co. Ltd, et al.* | Cathay Life Insurance Company Limited. | Cathay Life Insurance Co. Ltd. |
| 277 | Adv. Pro. 11-01578 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. NYROY, et al.* | Royal Bank of Canada sued as "NYROY, Royal Bank of Canada" | NYROY, Royal Bank of Canada |
| 278 | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | BNP Paribas Securities Services Nominees Ltd. | BNP Paribas Securities Nominees Ltd. a/k/a Harrier Holdings Limited |
| 279 | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* | Rahn & Bodmer Banquiers | Rahn & Bodmer Banquiers |
| 280 | Adv. Pro. 11-01582 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada Singapore Branch, et al.* | Royal Bank of Canada Singapore Branch | Royal Bank of Canada Singapore Branch |
| 281 | Adv. Pro. 11-01584 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al.* | Societe Generale Bank & Trust (Luxembourg) | Societe Generale Bank & Trust (Luxembourg) |
| 282 | Adv. Pro. 11-01585 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Reescompte et de Placement, et al.* | Banque de Reescompte et de Placement aka BAREP | Banque de Reescompte et de Placement a/k/a BAREP |
| 283 | Adv. Pro. 11-01586 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank, et al.* | Swedbank | Swedbank |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 284 | Adv. Pro. 11-01587 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bie Bank & Trust Bahamas Ltd., et al.* | Itaú Bank & Trust Bahamas Ltd. (sued as BIE Bank & Trust Bahamas Ltd.) | BIE Bank & Trust Bahamas Ltd. |
| 285 | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | BNY AIS Nominees, Ltd. | BNY AIS Nominees, Ltd. |
| 286 | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Andorrà / Crediinvest (not a juridical entity) | Crèdit Andorrà / Crediinvest |
| 287 | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AllFunds Bank, et al.* | AllFunds Bank | All Funds Bank |
| 288 | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AllFunds Bank, et al.* | NMAS1 Gestion SGIIC S.A. | NMAS1 Gestion SGIIC S.A. |
| 289 | Adv. Pro. 11-01592 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cherwinka, et al.* | Judith Cherwinka a/ka/ JudithCherwinka IRA and Beneficial Owners of Accounts Held in the Name of Judith Cherwinka | Judith Cherwinka a/ka/ JudithCherwinka IRA |
| 290 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | HSBC Guyerzeller Zurich a/k/a Guyerzeller Trust Company AG n/k/a HSBC Trust Company AG | HSBC Guyerzeller Zurich a/k/a Guyerzeller Trust Company AG n/k/a HSBC Trust Company AG |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 291 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | Stanhope Capital (Switzerland) S.A. | Stanhope Capital |
| 292 | Adv. Pro. 11-01595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. KWI, et al.* | KWI | KWI |
| 293 | Adv. Pro. 11-01596 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kefong Lee, And Beneficial Owners Of Accounts Held In The Name Of Kefong Lee 1- 1000* | Kefong Lee | Kefong Lee |
| 294 | Adv. Pro. 11-01598 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque et Caisse D'epargne de L'Etat Lux, et al.* | Banque et Caisse D'Epargne de L'Etat Luxembourg | Banque et Caisse D'Epargne de L'Etat Luxembourg |
| 295 | Adv. Pro. 11-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo, et al.* | Eduardo Fernandez de Valderrama Murillo | Eduardo Fernandez de Valderrama Murillo |
| 296 | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* | BBVA Zurich/Shares | BBVA Zurich/Shares |
| 297 | Adv. Pro. 11-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management , et al.* | Credit Suisse AG Nassau Branch Wealth Management | Credit Suisse AG Nassau Branch Wealth Management |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 298 | Adv. Pro. 11-01604 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. PFPC Bank Limited, et al.* | BNY Mellon International Bank Ltd. f/k/a PFPC International Bank Ltd., PNC International Bank Limited and PFPC Bank Ltd | PFPC Bank Limited a/k/a PFPC International Bank Limited and PNC International Bank Limited n/k/a BNY Mellon International Bank |
| 299 | Adv. Pro. 11-01610 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Israel Discount Bank, Limited, Tel Aviv, et al.* | FS/Israel Discount Bank, Limited, Tel Aviv, et al. | Israel Discount Bank, Limited, Tel Aviv |
| 300 | Adv. Pro. 11-01613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pleasant T. Rowland Foundation Inc., et al.* | Pleasant T. Rowland Foundation Inc. | Pleasant T. Rowland Foundation Inc. |
| 301 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al.* | ABN AMRO Bank N.V. f/k/a Fortis Bank Nederland N.V. | Fortis Bank Nederland NV |
| 302 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund | IDF Global Fund |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 303 | Adv. Pro. 11-01615 | *Fairfield Sigma Limited (In Liquidation), et al. v. Société Européenne de Banque S.A., et al.* | Intesa Sanpaolo Bank Luxembourg SA (formerly known as Société Européenne de Banque S.A.) | Société Européenne de Banque S.A. n/k/a Intesa Sanpaolo Bank Luxembourg SA |
| 304 | Adv. Pro. 11-01616 | *Fairfield Sentry Limited (In Liquidation), et al. v. Woori Bank, et al.* | Woori Bank | Woori Bank |
| 305 | Adv. Pro. 11-01617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* | BNP Paribas Fortis | Fortis Bank SA/NV n/k/a BNP Paribas Fortis |
| 306 | Adv. Pro. 11-01619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. NBP Titres, et al.* | Natixis S.A., of which EuroTitres is a division[9] | NBP Titres |
| 307 | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* | Bank Vontobel AG | Bank Vontobel AG |
| 308 | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | RBC Dominion Securities, Inc. | RBC Dominion Securities, Inc. |

---

9    It has been asserted that "NBP Titres" is incorrectly named in the complaint and should be named "Natixis S.A."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 309 | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | Royal Bank of Canada a/k/a RBC Capital Markets Corporation | Royal Bank of Canada a/k/a RBC Capital Markets Corporation |
| 310 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 311 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |
| 312 | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* | Deutsche Bank (Suisse) SA Geneve, Successor in Interest to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG A/K/A Bank Sal Oppenheim Jr. & CIE | Bank Sal. Oppenheim Jr. & CIE (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & CIE; Deutsche Bank (Suisse) SA as successor in interests to Bank Sal. Oppenheim Schweiz |
| 313 | Adv. Pro. 11-02533 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Depository Trust Co., et al.* | KAS Bank N.V. | KAS Bank |

A-44

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 314 | Adv. Pro. 11-02533 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Depository Trust Co., et al.* | KAS Depository Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. | KAS Depositary Trust Co. |
| 315 | Adv. Pro. 11-02612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Limited, et al.* | Credit Suisse Nominees (Guernsey) Limited | Credit Suisse Nominees (Guernsey) Limited |
| 316 | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited | Citigroup Global Markets Limited |
| 317 | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse) S.A. f/k/a Banque de la Mediterra, et al.* | BankMed (Suisse) SA | BankMed (Suisse) S.A. f/k/a Banque de la Mediterranee (Suisse) S.A. |
| 318 | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | CPR Online | CPR Online |
| 319 | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | Credit Agricole Titres | Credit Agricole Titres |
| 320 | Adv. Pro. 12-01123 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BANCA CARIGE SPA, et al.* | Banca Carige S.P.A. | Banca Carige SPA |
| 321 | Adv. Pro. 12-01124 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa International, et al.* | Banco Itaú International (f/k/a Banco Itaú Europa International) | Banco Itaú Europa International |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 322 | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* | Investec Bank (Switzerland) AG | Investec Bank (Switzerland) AG |
| 323 | Adv. Pro. 12-01127 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited, et al.* | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited |
| 324 | Adv. Pro. 12-01128 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Seoul Branch, Ltd* | HSBC Seoul Branch, Ltd | HSBC Seoul Branch, Ltd. |
| 325 | Adv. Pro. 12-01129 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Catalunya Caixa F/K/A Caixa Catalunya A/K/A Caixa D'Estalvis de Catalunya, et al.* | Catalunya Caixa F/K/A Caixa Catalunya A/K/A Caixa D'Estalvis de Catalunya | Catalunya Caixa f/k/a Caixa Catalunya a/k/a Caixa D'Estalvis de Catalunya |
| 326 | Adv. Pro. 12-01132 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dexia Investor Services Espana S.A.* | Bancoval S.A. (f/k/a RBC Investor Services España S.A.), named as RBC Dexia Investor Services España S.A. | RBC Dexia Investor Services España, S.A. |
| 327 | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | Millennium Multi-Strategy Fund | Millennium Multi-Strategy Fund |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 328 | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | SEI Investments Trustee and Custodial Services (IRELAND) Ltd | SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1 |
| 329 | Adv. Pro. 12-01135 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited, et al.* | Bank of Ireland Nominees Limited now known as Northern Trust Nominees (Ireland) Limited | Bank of Ireland Nominees Limited |
| 330 | Adv. Pro. 12-01136 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bred Banque Populaire, et al.* | BRED Banque Populaire | BRED Banque Populaire |
| 331 | Adv. Pro. 12-01140 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Cesare Ponti SPA, et al.* | Banca Cesare Ponti S.P.A. | Banca Cesare Ponti SPA |
| 332 | Adv. Pro. 12-01142 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank Korea Inc.* | Citibank Korea Inc. | Citibank Korea Inc. |
| 333 | Adv. Pro. 12-01144 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim BM, London, et al.* | Bank Hapoalim B.M., London | Bank Hapoalim BM, London |
| 334 | Adv. Pro. 12-01145 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Gates Charitable Trust, et al.* | Gates Charitable Trust | Gates Charitable Trust |
| 335 | Adv. Pro. 12-01146 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Portobelo Advisors Inc., et al.* | Portobelo Advisors Inc. | Portobelo Advisors Inc. |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 336 | Adv. Pro. 12-01147 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg, S.A., et al.* | Banque Degroof Petercam Luxembourg S.A. | Banque Degroof Petercam Luxembourg S.A. |
| 337 | Adv. Pro. 12-01147 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg, S.A., et al.* | Fidessa Alpha Fund | Fidessa Alpha Fund |
| 338 | Adv. Pro. 12-01148 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim., et al.* | Banca Popolare dell'Alto Adige S.p.A. | Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim. |
| 339 | Adv. Pro. 12-01150 | *Fairfield Sentry Ltd. (In Liquidation), et al. V. Clarks Fork Foundation, et al.* | Clarks Fork Foundation | Clarks Fork Foundation |
| 340 | Adv. Pro. 12-01153 | *Fairfield Sentry Limited (in Liquidation), et al. v. Hua Nan Commercial Bank, et al.* | Hua Nan Commercial Bank, Ltd. | Hua Nan Commercial Bank |
| 341 | Adv. Pro. 12-01157 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Baring Brothers Sturdza SA f/k/a Banque Baring Brothers Suisse SA* | Banque Baring Brothers Sturdza SA | Banque Baring Brothers Sturdza SA f/k/a Banque Baring Brothers Suisse SA |
| 342 | Adv. Pro. 12-01158 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel, et al.* | FS/Bank Leumi Israel | Bank Leumi Israel |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 343 | Adv. Pro. 12-01162 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta S.P.A., et al.* | Delta S.P.A. | Delta S.P.A. |
| 344 | Adv. Pro. 12-01163 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Kasbank Effecten Bewaarbedrijf N.V., et al.* | KAS Depositary Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. | KAS BANK Effecten Bewaarbedrijf N.V. |
| 345 | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Hong Kong) Limited | Public Bank (Hong Kong) Limited f/k/a Asia Commercial Bank |
| 346 | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Nominees) Limited | Public Bank Nominees Limited |
| 347 | Adv. Pro. 12-01185 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al.* | Hinduja Bank (Switzerland) SA f/k/a Amas Bank (Switzerland) Ltd., and Banca Commerciale Lugano | Hinduja Bank (Switzerland) SA f/k/a Amas Bank (Switzerland) Ltd., and Banca Commerciale Lugano |
| 348 | Adv. Pro. 12-01187 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Havilland S.A., et al., f/k/a Banco Popolare di Verona e Novara Luxembourg S.A.* | Banque Havilland S.A. | Banque Havilland S.A. |
| 349 | Adv. Pro. 12-01265 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al.* | Barclays Bank SA Madrid | Barclays Bank SA Madrid |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 350 | Adv. Pro. 12-01270 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities (Panama) SA, et al.* | HSBC Securities (Panama) SA f/k/a Banistmo Securities, Inc. | HSBC Securities (Panama) SA f/k/a Banistmo Securities, Inc. |
| 351 | Adv. Pro. 12-01271 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Insurance Company Limited, et al.* | Hontai Life Insurance Company Limited | Hontai Life Insurance Company Limited |
| 352 | Adv. Pro. 12-01272 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al.* | Schroders Italy SIM SpA | Schroders Italy SIM SpA |
| 353 | Adv. Pro. 12-01285 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Profilo SPA, et al.* | Banca Profilo SPA | Banca Profilo SPA |
| 354 | Adv. Pro. 12-01286 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada, et al.* | Banco General SA Banca Privada | Banco General SA Banca Privada |
| 355 | Adv. Pro. 12-01289 | *Fairfield Sentry Ltd. (in Liquidation), et al. v. Dreadnought Finance OY, et al.* | Dreadnought Finance OY | Dreadnought Finance OY |
| 356 | Adv. Pro. 12-01290 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC International Trustee Limited, et al.* | HSBC International Trustee Limited | HSBC International Trustee Limited |
| 357 | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* | Cititrust (Bahamas) Limited | Cititrust Bahamas Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)¹ | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 358 | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* | Don Chimango SA | Don Chimango SA |
| 359 | Adv. Pro. 12-01301 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited, et al.* | Itau Bank & Trust Cayman, Ltd. (f/k/a Unicorp Bank & Trust Limited) | Unicorp Bank & Trust Limited |
| 360 | Adv. Pro. 12-01551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* | BNP Paribas España | BNP Paribas España f/k/a Fortis Bank (España) |
| 361 | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | HSH Nordbank Securities S.A. n/k/a HCOB Securities S.A. | HSH Nordbank Securities S.A. |
| 362 | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | Wegelin & Company | Wegelin & Company |
| 363 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | HSBC Bank Bermuda Limited f/k/a The Bank of Bermuda Limited | HSBC Bank Bermuda Limited f/k/a The Bank of Bermuda Limited |
| 364 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | Somers Nominees (Far East) Limited | Somers Nominees (Far East) Limited |
| 365 | Adv. Pro. 12-01567 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. First Gulf Bank, et al.* | First Gulf Bank | First Gulf Bank |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 366 | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV, et al.* | ABN AMRO Global Custody Services N.V. (sued as Fortis Global Custody Services NV) | Fortis Global Custody Services NV |
| 367 | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* | Goldman Sachs & Co. LLC sued as GSCO London | GSCO London |
| 368 | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* | Goldman Sachs & Co. LLC sued as GSCO New York | GSCO New York |
| 369 | Adv. Pro. 12-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al.* | Barclays Private Bank & Trust (Channel Islands) Limited | Barclays Private Bank & Trust (Channel Islands) Limited |

**EXHIBIT B**
*Knowledge Defendants[1]*

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 1 | Adv. Pro. 10-03622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* | Citibank NA London |
| 2 | Adv. Pro. 10-03626 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas* | BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas[2] |
| 3 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. v. BNP Paribas Securities Services Luxembourg, et al.* | BNP Securities Services Luxembourg S.A. |
| 4 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Altigefi-Altipro Master a/k/a Olympia Capital Management |
| 5 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Altigefi-V-Dynamique |
| 6 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Alton Alternative Fund Limited |
| 7 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Golden Bay |
| 8 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Milan Clessidra a/k/a Clessidra SGR SpA |
| 9 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Placements Performance |

---

[1]     Reflecting the names of Defendants in the respective complaints for these actions. This is not a concession by either party that those names are correct.

[2]     Certain entities alleged to be Beneficial Shareholders and Defendants in the operative complaint, *Fairfield Sentry Ltd. (In Liquidation) v. BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas*, No. 10-ap-03626 (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 50 ¶ 14), were apparently included in that complaint in error. The Further Proposed Amended Complaint filed in that case (Dkt. 53-14), and which is subject to the pending Motion for Leave, corrects that error.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 10 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Qai-Qai Market Neutral |
| 11 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Rothschild & Cie Banque-EGA |
| 12 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | UEB Nassau |
| 13 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg) SA |
| 14 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Banco Atlantico Panama SA |
| 15 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Momentum Client Account |
| 16 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Orbit Client Account |
| 17 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Orbit Perf. Strategies Ltd. |
| 18 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Orbit US Strategy Fund |
| 19 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private Space Ltd. |
| 20 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | HSBC Private Bank Suisse SA |
| 21 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | Capitalia |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 22 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | Pan International Limited |
| 23 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Zurich Capital Markets Company |
| 24 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Antonio Bacelar Carrehas |
| 25 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ASBT Cayman Sub No. 82 |
| 26 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg |
| 27 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley AG |
| 28 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley SA |
| 29 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banque Sudameris |
| 30 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Caprice International Group |
| 31 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 32 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited |
| 33 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA aka n/k/a Banque Privee Espirito Santo SA |
| 34 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Denise Bar |
| 35 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Desert Rose Limited |
| 36 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Edson Terra Cunha |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 37 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Private Bank S.A. (n/k/a EFG Bank) |
| 38 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Fabio Rodrigues Mendes |
| 39 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | HSBC Bank USA |
| 40 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank[3] |
| 41 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Morgan Stanley & Co. International PLC |
| 42 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Pine Cliffs Investments Limited |
| 43 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Safra National Bank of New York |
| 44 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda |
| 45 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Matched Funding Corp. |
| 46 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Adler and Co Privatbank AG |
| 47 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 48 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Alternative Investment Strategies |
| 49 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 50 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |

---

[3]     It has been asserted that "Merrill Lynch Bank" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 51 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 52 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 53 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 54 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cramer & CIE SA |
| 55 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 56 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 57 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive AL Fund[4] |
| 58 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 59 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) |
| 60 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) |
| 61 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 62 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |

---

4       It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 63 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 64 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBB (BVI) / The Alkima Fund |
| 65 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBT Gems Low Vol Reg |
| 66 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 67 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 68 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 69 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 70 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) |
| 71 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 72 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. |
| 73 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 74 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) |
| 75 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) |
| 76 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Endurance Absolute Ltd. Master |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 77 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |
| 78 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 79 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 80 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 81 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 82 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |
| 83 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 84 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al."* | HSBC[5] |
| 85 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 86 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 87 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karasel Enhanced Portfolio |
| 88 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karla Multistrategies Ltd. |
| 89 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG |

---

5    It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 90 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) |
| 91 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) |
| 92 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 93 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Longboat Ltd. |
| 94 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Master Capital and Hedge Fund |
| 95 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. |
| 96 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque Privee (Suisse) S.A. |
| 97 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pictet & Cie |
| 98 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 99 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV |
| 100 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Dexia Investor Service Julius Baer SICAV |
| 101 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Richourt AAA Multistrategies |
| 102 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 103 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[6] |
| 104 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 105 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle |
| 106 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 107 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 108 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Soundview Fund |
| 109 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Swisscanto FD Centre Clients A/C |
| 110 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 111 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 112 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) |
| 113 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |

---

6    It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 114 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG |
| 115 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 116 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Absolute Return Fund |
| 117 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Adler and Co Privatbank AG |
| 118 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 119 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Alternative Investment Strategies |
| 120 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arden International Capital Limited |
| 121 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Auriga International Ltd. |
| 122 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 123 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |
| 124 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 125 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 126 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi (Switzerland) Ltd. |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 127 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 128 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cramer & CIE SA |
| 129 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 130 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBH Lux Ref Fairfield GRN |
| 131 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 132 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive AL Fund[7] |
| 133 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 134 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) |
| 135 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) |
| 136 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 137 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 138 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |

---

[7]    It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 139 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBB (BVI) / The Alkima Fund |
| 140 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBT Gems Low Vol Reg |
| 141 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 142 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 143 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 144 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 145 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) |
| 146 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 147 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. |
| 148 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 149 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) |
| 150 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) |
| 151 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Endurance Absolute Ltd. Master |
| 152 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 153 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 154 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 155 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 156 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 157 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |
| 158 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 159 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC[8] |
| 160 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 161 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 162 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karasel Enhanced Portfolio |
| 163 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karla Multistrategies Ltd. |
| 164 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a/ LGT Bank AG |
| 165 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) |

---

8    It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 166 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) |
| 167 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 168 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Longboat Ltd. |
| 169 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Master Capital and Hedge Fund |
| 170 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. |
| 171 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque Privee (Suisse) S.A. |
| 172 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pan International Limited |
| 173 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pictet & Cie |
| 174 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 175 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV |
| 176 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Dexia Investor Service Julius Baer SICAV |
| 177 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Richourt AAA Multistrategies |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 178 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 179 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[9] |
| 180 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 181 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sabryn Enterprises SA |
| 182 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle |
| 183 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 184 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 185 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Soundview Fund |
| 186 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Swisscanto FD Centre Clients A/C |
| 187 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 188 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 189 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) |

9       It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

B-15

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 190 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |
| 191 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG |
| 192 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes-und Hypothekenbank Aktiengesellschaft |
| 193 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG (sued as UBS AG New York) |
| 194 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | Soriano S.A. |
| 195 | Adv. Pro. 10-04098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* | BNP Paribas Arbitrage SNC |
| 196 | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | BNP Paribas Private Bank and Trust Cayman Ltd. |
| 197 | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | Leeds Master Funds Ltd. |
| 198 | Adv. Pro. 11-01250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Europe SE, Luxembourg Branch, et al.* | UBS Europe SE, Luxembourg Branch |
| 199 | Adv. Pro. 11-01463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* | Merrill Lynch International |
| 200 | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | BNP Paribas Securities Services Nominees Ltd. a/k/a Harrier Holdings Ltd. |
| 201 | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | LCAM |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 202 | Adv. Pro. 11-01617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* | BNP Paribas Fortis f/k/a Fortis Bank SA/NV |
| 203 | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited |
| 204 | Adv. Pro. 12-01551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* | BNP Paribas España f/k/a Fortis Bank (España) |

# EXHIBIT C
## *Proposed New Knowledge Defendants[1]*

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 1 | Adv. Pro. 10-03516 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.* | Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| 2 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Robinson & Co. |
| 3 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Murdoch & Co. |
| 4 | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG |
| 5 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al.* | Fortis (Isle of Man) Nominees Limited n/k/a ABN AMRO Retained Nominees (IOM) Limited |
| 6 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al.* | Odyssey Alternative Fund Ltd. |
| 7 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al.* | Platinum All Weather Fund |
| 8 | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) S.A., et al.* | Merrill Lynch Bank (Suisse) S.A. |
| 9 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Alternative Strategy Fund II, SPC – Cell A |
| 10 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Alternative Strategy Fund II, SPC – Cell B |
| 11 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Alternative Strategy Fund L.P. |
| 12 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Asset Allocation Fund L.P. |

---

[1]      Reflecting the names of Defendants as set forth in Exhibit A of the Constructive Trust Order.  This is not a concession by either party that those names are correct.

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 13 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | The Legacy Fund, Ltd. |
| 14 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | UBS Fund Services (Cayman) Limited |
| 15 | Adv. Pro. 11-01242 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Fortis Banque Lux., et al.* | BGL BNP Paribas S.A. f/k/a FS/Fortis Banque Luxembourg |
| 16 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Ir.) Ltd., et al.* | BP Alpha S.A. n/k/a BP Alpha (Agente De Valores S.A.) |
| 17 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Ir.) Ltd., et al.* | UBS Fund Services (Ireland) Ltd. |
| 18 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Ir.) Ltd., et al.* | UBS Zurich[2] |
| 19 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al.* | Fortis Bank Nederland N.V. n/k/a ABN AMRO Bank N.V. |
| 20 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al.* | IDF Global Fund |
| 21 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Servs. N.V., et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |
| 22 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Servs. N.V., et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 23 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Ltd., et al.* | Somers Nominees (Far East) Limited |
| 24 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Ltd., et al.* | HSBC Bank Bermuda Limited |
| 25 | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Servs. NV, et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |

---

2       It has been asserted that "UBS Zurich" is incorrectly named in the complaint and should be named "UBS AG."

**EXHIBIT D**
*Swiss Moving Defendants[1]*

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 1 | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* | Banco Santander International AS (f/k/a Banco Santander (Suisse) S.A.) |
| 2 | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* | Hapoalim (Switzerland), Ltd. |
| 3 | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* | Banque SYZ SA (f/k/a Banque Syz & Co. SA) |
| 4 | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* | Banque Piguet & Cie SA |
| 5 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 6 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 7 | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 8 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | HSBC Private Bank Suisse SA |
| 9 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley AG |
| 10 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 11 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA aka Banque Privee Espirito Santo SA |

---

1    Reflecting the names as set forth in Moving Defendants' Appendix G to their Memorandum of Law in Support of the Second Consolidated Motion to Dismiss (Dkt. 2903).  This is not a concession by either party that those names are correct.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 12 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Private Bank S.A. (n/k/a EFG Bank) |
| 13 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank[2] |
| 14 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Morgan Stanley & Co. International PLC |
| 15 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 16 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 17 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |
| 18 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 19 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 20 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 21 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 22 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 23 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 24 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund |

---

2 It has been asserted that "Merrill Lynch Bank" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 25 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 26 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 27 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 28 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 29 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 30 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 31 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 32 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 33 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 34 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 35 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 36 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland n/k/a EFG Bank |
| 37 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 38 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 39 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 40 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 41 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 42 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 43 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 44 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 45 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 46 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. n/k/a Coutts & Co. Ltd. |
| 47 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 48 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[3] |
| 49 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 50 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle |
| 51 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 52 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 53 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |

---

3     It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 54 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 55 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 56 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |
| 57 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 58 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 59 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 60 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 61 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 62 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund |
| 63 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 64 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 65 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 66 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 67 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 68 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 69 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 70 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 71 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 72 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 73 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) |
| 74 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 75 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 76 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |
| 77 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 78 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 79 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 80 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 81 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 82 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 83 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. now known as Coutts & Co. Ltd. |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 84 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 85 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[4] |
| 86 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 87 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS SEEGANINTERSETTLE |
| 88 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 89 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 90 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |
| 91 | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG |
| 92 | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA |
| 93 | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 94 | Adv. Pro. 10-03764 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA |
| 95 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG (sued as UBS AG New York) |
| 96 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |

---

4    It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 97 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 98 | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA |
| 99 | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie |
| 100 | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, et al.* | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 101 | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* | SIX SIS AG |
| 102 | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* | Bordier & Cie |
| 103 | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. |
| 104 | Adv. Pro. 10-04212 | *Fairfield Sentry Limited (In Liquidation), et al. v. Bank Morgan Stanley AG, et al.* | Bank Morgan Stanley AG |
| 105 | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* | Bank Julius Baer & Co. Ltd. |
| 106 | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CA Indosuez (Switzerland) SA, et al.* | CA Indosuez (Switzerland) S.A. |
| 107 | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* | Schroder & Co. Bank AG |
| 108 | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* | Banque SCS Alliance SA |
| 109 | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* | Mirabaud & Cie SA (f/k/a Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives) |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 110 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS AG (sued as UBS Zurich) |
| 111 | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* | Barclays Bank (Suisse) SA |
| 112 | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA |
| 113 | Adv. Pro. 11-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bipielle Banke (Suisse), et al.* | Bipielle Bank (Suisse) in Liquidation (sued as Bipielle Banke (Suisse)) |
| 114 | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* | Rahn & Bodmer Banquiers |
| 115 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Guyerzeller Zurich, et al.* | HSBC Guyerzeller Zurich a/k/a HSBC Guyerzeller Trust Company AG n/k/a HSBC Trust Company AG |
| 116 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Guyerzeller Zurich, et al.* | Stanhope Capital (Switzerland) S.A. |
| 117 | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* | BBVA Zurich/Shares |
| 118 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund |
| 119 | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* | Bank Vontobel AG |
| 120 | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* | Deutsche Bank (Suisse) SA Geneve, Successor in Interest to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG A/K/A Bank Sal Oppenheim Jr. & CIE |
| 121 | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse)* | BankMed (Suisse) SA S.A. f/k/a Banque de la Mediterra, et al. |
| 122 | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* | Investec Bank (Switzerland) AG |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 123 | Adv. Pro. 12-01157 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Baring Brothers Sturdza SA f/k/a Banque Baring Brothers Suisse SA* | Banque Baring Brothers Sturdza SA |
| 124 | Adv. Pro. 12-01185 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al.* | Banca Commerciale Lugano |
| 125 | Adv. Pro. 12-01185 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al.* | Hinduja Bank (Switzerland) SA |
| 126 | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | Wegelin & Company |

**<u>EXHIBIT E</u>**
*Fairfield III*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                     :

In re:                                 :         Chapter 15 Case
                                       :

FAIRFIELD SENTRY LIMITED, *et al.*,   :         Case No. 10-13164 (SMB)
                                       :

      Debtors in Foreign Proceedings.   :         Jointly Administered
------------------------------------------------------X
FAIRFIELD SENTRY LIMITED        :
(IN LIQUIDATION), acting by and through the :     Adv. Proc. No. 10-03496 (SMB)
Foreign Representatives thereof,       :
                                       :      Administratively Consolidated
               Plaintiffs,        :
                                       :

               -against-        :
                                       :

THEODOOR GGC AMSTERDAM, *et al.*,   :
                                       :

               Defendants.      :
------------------------------------------------------X

## MEMORANDUM DECISION GRANTING IN PART AND
## DENYING IN PART DEFENDANTS' RENEWED MOTION TO DISMISS

**A P P E A R A N C E S :**

SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10404

      David Elsberg, Esq.
      Andrew R. Dunlap, Esq.
      Lena Konanova, Esq.
      Jordan Garman, Esq.
      Ronald Krock, Esq.
      Evan Bianchi, Esq.
          Of Counsel

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

      David J. Molton, Esq.
      Marek P. Krzyzowski, Esq.
         Of Counsel

*Attorneys for Plaintiffs*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

Thomas J. Moloney, Esq.
Joseph M. Kay, Esq.
Christine M. Jordan Esq.
Of Counsel

*Attorneys for Defendants[1]*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

This litigation arises from the Ponzi scheme perpetrated by Bernard L. Madoff

through the investment advisory division of Bernard L. Madoff Investment Securities

LLC ("BLMIS"). The Plaintiffs, Kenneth M. Krys and Greig Mitchell (together, the

"Liquidators"),[2] sue in their capacities as liquidators and foreign representatives of

Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield

Lambda Limited ("Lambda," and collectively with Sentry and Sigma, the "Funds"),

foreign feeder funds that invested with BLMIS. In *Fairfield Sentry Ltd. v. Theodoor*

*GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), 596 B.R. 275 (Bankr. S.D.N.Y. 2018)

("*Fairfield II*"), *appeal docketed*, No. 1:19-cv-03911-VSB (S.D.N.Y. May 1, 2019), the

---

[1]   This motion is made by 365 Defendants listed on Appendix A to the *Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d), 546(e), and 546(g) and for Insufficient Service of Process Under the Hague Service Convention*, dated Mar. 16, 2020 ("*Defendants Brief*") (ECF Doc. # 2903). Cleary Gottlieb represents a subset of the Defendants but has served as coordinating counsel to all Defendants. A list of the other defense counsel can be found in Appendix H to the *Defendants Brief*.

The Liquidators' actions to recover redemptions paid by the Funds were administratively consolidated for pretrial purposes. (*Amended Order Authorizing the Consolidation of Redeemer Actions Pursuant to Federal Rule of Bankruptcy Procedure 7042*, dated Nov. 17, 2010 (ECF Doc. # 25).) Unless otherwise specified, references to docket entries refer to the electronic docket of the consolidated proceeding, *Fairfield Sentry Limited (In Liquidation) v. Theodoor GGC Amsterdam*, Adv. Proc. No. 10-03496 (SMB).

[2]   Different individuals have served as Liquidators of the Funds. When used in this memorandum decision, the term refers to the individuals serving in that position during the referenced time period.

2

Court dismissed all of the Liquidators' claims except for avoidance claims under British Virgin Islands ("BVI") law to recover "unfair preferences" and "undervalue transactions" (together, the "BVI Avoidance Claims") and constructive trust claims against the so-called Knowledge Defendants (the "Constructive Trust Claims"). According to the Liquidators, the Knowledge Defendants knew when they redeemed their interests in the Funds that the redemption prices were inflated because they were based on Sentry's fictitious BLMIS account statements listing securities that did not exist.

The Defendants have now renewed their motion to dismiss (the "Motion") arguing that the remaining claims are barred by 11 U.S.C. § 546(e) (the "Safe Harbor") and service of process was insufficient.[3] The Liquidators oppose the Motion.[4] For the reasons stated, the BVI Avoidance Claims are dismissed, the Constructive Trust Claims are not dismissed and the motion to dismiss for insufficient service of process is denied.

## BACKGROUND

Unless otherwise indicated, the background information is taken from the well-pleaded factual allegations of the *Third Amended Complaint*, dated Jan. 9, 2020 ("*Citibank Complaint*") (ECF Adv. Proc. No. 10-03622 Doc. # 79) in *Fairfield Sentry Limited v. Citibank NA London*, Adv. Proc. No. 10-03622 (SMB) ("Citibank Action")[5]

---

[3] *See Defendants Brief*; *see also Consolidated Reply Memorandum of Law in Further Support of Defendants' Renewed Motion to Dismiss*, dated June 19, 2020 ("*Defendants Reply*") (ECF Doc. # 3036).

[4] *See Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss*, dated May 29, 2020 ("*Liquidators Brief*") (ECF Doc. # 3033).

[5] The Liquidators have served approximately 300 complaints. To facilitate consideration of the Safe Harbor defense on an omnibus basis, and following consultation with the parties, the Court designated the *Citibank Complaint* as the representative complaint on certain issues pertaining to the Safe Harbor. (*See Scheduling Order*, dated Apr. 14, 2020 ("*Scheduling Order*") at ¶ 1(a) (ECF Doc. #

and other information the Court may consider on a motion to dismiss for failure to state
a claim.  The Court will also describe the procedural history that is relevant to the
instant Motion.

## A.  The Funds' Investments With BLMIS

The Funds were organized under BVI law.  (¶¶ 18, 26.)  Sentry sold shares to
foreign investors and invested 95% of the proceeds with BLMIS.  (¶¶ 2, 33, 35.)  Sigma
and Lambda were "funds of funds" – they sold shares to investors and invested those
proceeds with Sentry, which, in turn, invested those funds with BLMIS.  (¶¶ 2, 33.)
Hence, the Funds invested virtually all of their assets directly or indirectly with BLMIS.
(¶¶ 4, 34.)

In December 2008, Madoff admitted to operating the investment advisory
business of BLMIS as a Ponzi scheme, and BLMIS was placed into liquidation pursuant
to section 78eee of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*,
("SIPA").  (¶¶ 17, 84-88.)  The Funds ceased making redemption payments after
Madoff's arrest.  (¶ 89.)  Shortly after the collapse of BLMIS, certain of the Funds'
creditors and shareholders commenced insolvency proceedings against the Funds in the
Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin
Islands ("BVI Court").  (¶¶ 90-93.)  The BVI Court appointed the Liquidators, and they
commenced ancillary proceedings in this Court under chapter 15 of the Bankruptcy
Code to obtain recognition of the BVI liquidation proceedings as "foreign main

---

3028).)  "(¶ _ )" refers to paragraphs in the *Citibank Complaint*.  The extensive history of the Liquidators'
actions against former investors of the Funds is discussed at length in *Fairfield II*.

4

proceedings." (¶¶ 27, 28, 94.)  The Court granted the Liquidators' recognition

applications on July 22, 2010.  (¶ 28.)

While the Funds were operational, the shares in the Funds were redeemable at a

price equal to the respective Fund's net asset value ("NAV") per share calculated by

dividing the value of the Fund's assets by the number of outstanding shares, net of

certain expenses.  (¶¶ 4, 35.)  Each Fund's Articles of Association ("Articles") specified

that the Fund would issue certificates with respect to the NAV, and "[a]ny certificate as

to the Net Asset Value per Share or as to the Subscription Price or the Redemption Price

therefor *given in good faith by or behalf of the Directors shall be binding* on the

parties."  *Fairfield II*, 596 B.R. at 283.  The Funds' Directors retained Citco Group

Limited ("Citco Group") and its affiliates (collectively, "Citco") to perform

administrative and custodial functions for the Funds.  (¶ 45.)  Citco Fund Services

(Europe) B.V. ("Citco Administrator") and its delegate Citco (Canada) Inc. served as the

Funds' administrators (together, the "Administrators") with responsibility for

calculating the NAV and issuing corresponding certificates to investors.  (¶¶ 45, 72, 73.)

In calculating the NAV of the Funds, the Administrators typically relied on the pricing

information supplied by BLMIS.  (¶ 69.)  Citco Bank Nederland N.V. Dublin Branch

("Citco Bank") and Citco Global Custody served as the Funds' custodians (together, the

"Custodians").[6]  However, the Custodians did not actually hold the assets; BLMIS served

---

[6]      The Liquidators allege that the Administrators and the Custodians worked with multiple other
Citco affiliates to provide services to the Funds.  All Citco entities worked under the direction and control
of Citco Group.  (¶¶ 72-73.)

5

as its own custodian, and the custody statements issued by the Custodians merely copied information from Sentry's BLMIS account statements. (¶¶ 49, 69.)

## B. Allegations of Knowledge and Bad Faith

The preparation of the certificates setting forth the NAV per share was delegated to Citco. The *Citibank Complaint* alleges that Citco did not issue the certificates in good faith because it knew or willfully blinded itself to the fact that the Funds' BLMIS investments were worthless or virtually worthless. As a result of Citco's bad faith, the Funds were not bound by Citco's certifications regarding the NAV. (¶¶ 45-74.) The Defendants do not challenge the sufficiency of the allegations of Citco's bad faith at this time and I assume the sufficiency of the allegations of bad faith for now.[7]

The *Citibank Complaint* also alleges that Citibank NA London ("Citibank") knew or should have known that the redemption payments were inflated due to Madoff's fraud. (¶¶ 75-83.) Again, the Defendants do not challenge the legal sufficiency of these allegations at this time. I assume, therefore, for the purpose of the Motion that the Liquidators have adequately alleged Citco's bad faith and the Knowledge Defendants'

---

[7]    The *Citibank Complaint* alleges that the Funds were innocent dupes unaware that BLMIS was a Ponzi scheme and the NAVs were inflated. (¶ 38 ("The Funds believed that the amounts provided in connection with such withdrawals represented the proceeds arising from the profitability of or to continue investment in BLMIS."); *see* ¶ 39 ("[T]he money paid by the Funds (directly in the case of Sentry and indirectly in the cases of Sigma and Lambda) to BLMIS on account of Sentry was, at all relevant times and unknown to the Funds, misused and misappropriated by Madoff as part of his Ponzi scheme.").) In *Fairfield II*, the Court noted that if the Director were not aware of Citco's bad faith certifications, they, and hence the Funds, mistakenly relied on Citco, a variation of the mistake claims rejected by the Privy Council in *Fairfield Sentry Ltd.* (*In Liquidation*) *v. Migani*, [2014] UKPC 9 ("*Migani*"). *Fairfield II*, 596 B.R. at 300. In any event, the pertinent inquiry is what the Knowledge Defendants knew at the time of the redemptions, not what Citco knew. Even if Citco acted in good faith, the Knowledge Defendants cannot escape the consequences resulting from their knowledge that the redemption prices were based on fictitious assets.

6

actual or constructive knowledge that the NAVs per share and, hence, the redemption

prices were inflated.

## C.    The Transfers

In the Citibank Action, the Liquidators seek to recover redemption payments

Sentry made to Citibank totaling $58,484,257.49 between May 17, 2004 and November

19, 2008.  (¶¶ 40-42; *see Citibank Complaint*, Ex. A.)  The Liquidators allege that Sentry

had insufficient assets and was unable to pay its debts as they fell due at the time the

redemption payments were made, Sentry received no consideration or significantly less

consideration from Citibank in exchange for the payments, and the payments were in

excess of the amounts previously paid by Citibank to purchase the shares.  (¶¶ 43-44.)

The Constructive Trust Claim seeks to recover all redemption payments from Citibank

and certain unnamed beneficial shareholders on whose behalf Citibank may have

invested in Sentry, (¶¶ 14, 96-103), and the BVI Avoidance Claims seek recovery of the

payments made within two years of the appointment of the Liquidators in Sentry's BVI

liquidation proceeding.  (¶¶ 104-35.)

## D.    The Safe Harbor and the Renewed Motion to Dismiss

In their prior dismissal motion, the Defendants contended that the Liquidators'

claims were barred by application of the Safe Harbor, 11 U.S.C. § 546(e).  The Court

agreed that Bankruptcy Code § 561(d) extends the Safe Harbor to the BVI Avoidance

Claims, *Fairfield II*, 596 B.R. at 306-14, but declined to rule on the merits because the

Supreme Court had issued *Merit Mgmt. Grp. LP v. FTI Consulting, Inc.*, 138 S. Ct. 883

(2018) shortly after the parties' submissions.  In *Merit*, the Supreme Court concluded

that "the relevant transfer for purposes of the § 546(e) safe-harbor inquiry is the

7

overarching transfer that the trustee seeks to avoid under one of the substantive avoidance provisions." *Id.* at 893; *accord In re Tribune Co. Fraudulent Conveyance Litig.*, 946 F.3d 66, 75, 77 (2d Cir. 2019), *petition for cert. filed*, No. 20-8, 2020 WL 3891501 (U.S. July 6, 2020); *In re Nine West Sec. Litig.*, 20 MD. 2941 (JSR), 2020 WL 5049621, at *14 (S.D.N.Y. Aug. 27, 2020), *appeal docketed*, No. 20-3941 (2d Cir. Nov. 23, 2020). A court must focus on the transferor and transferee of the overarching transfer, and where a qualifying participant such as a financial institution serves as a mere conduit or intermediary in connection with the overarching transaction between non-qualifying participants, the Safe Harbor does not apply. *See Merit*, 138 S. Ct. at 892, 897; *Tribune*, 946 F.3d at 75.

*Merit* abrogated the then-existing Second Circuit precedent applying the Safe Harbor even when a qualifying entity acted as a mere conduit or intermediary. *See Official Comm. of Unsecured Creditors of Quebecor World (USA) Inc. v. Am. United Life Ins. Co.* (*In re Quebecor World (USA) Inc.*), 719 F.3d 94, 99 (2d Cir. 2013). The change in the law prompted a flurry of letters from the Liquidators and the Defendants making substantive arguments. Rather than consider the arguments made through the numerous letters, the Court denied the Defendants' motion without prejudice to renewal.

The Defendants now make their renewed Motion seeking dismissal on two grounds with broad applicability across over 300 adversary proceedings commenced by the Liquidators to recover redemptions (the "U.S. Redeemer Actions"). As before, the Defendants contend that the BVI Avoidance Claims are barred by the Safe Harbor. According to the Defendants, the redemptions were made by a "financial institution"

8

within the meaning of 11 U.S.C. § 101(22) because the Funds were customers of Citco

Bank which acted as the Funds' agent with respect to the redemptions.  (*Defendants

Brief* at 12-15.)  Redemptions paid by Sentry and Sigma are also safe harbored because

those entities were "financial participants" within the meaning of 11 U.S.C. § 101(22A)

when the redemptions were made.  (*Id.* at 15-23.)  Finally, redemptions from Sigma and

Lambda are safe harbored for the additional reason that they were made for the benefit

of Sentry – a "financial institution" and "financial participant."  (*Id.* at 23-24.)[8]

Furthermore, the Defendants contend that the Safe Harbor extends to bar the

Constructive Trust Claims because they seek the same relief as the BVI Avoidance

Claims.  (*Id.* at 29-31.)

The Liquidators oppose the application of the Safe Harbor on several grounds.

First, they contend that the Safe Harbor does not apply to the BVI Avoidance Claims

because they seek to avoid intentionally fraudulent transfers which are carved out of the

Safe Harbor.  The Liquidators reach this conclusion by imputing the bad faith of Citco

Administrator to the Funds – a result which they claim was uncertain until the Court's

ruling in *Fairfield II*.  (*Liquidators Brief* at 9-13.)  Second, the Safe Harbor does not

apply to the Constructive Trust Claims because (i) the Safe Harbor's plain language does

not bar the claims, (ii) the precedent extending the Safe Harbor to state common law

claims relied on the Supremacy Clause which does not apply to foreign law claims, (iii)

prescriptive comity considerations limit the reach of section 546(e), and (iv) the Safe

---

[8]    The resolution of these matters is immaterial to the Citibank Action because the parties have
stipulated that Citibank, as transferee, is a "financial institution" as defined in 11 U.S.C. § 101(22).
(*Scheduling Order* at 2.)  Nevertheless, the determination of whether the Funds were covered entities
under section 546(e) applies generally to all of the U.S. Redeemer Actions.

Harbor does not extend to common law claims concerning intentionally fraudulent transfers. (*Id.* at 13-19.) Third, the Liquidators contest the assertion that the redemptions were made by a financial institution because the pleadings do not establish that Citco Bank was an agent of the Funds. (*Id.* at 19-21.) Fourth, the redemptions were not made by a financial participant because 11 U.S.C. § 101(22A) precludes a debtor from being a financial participant. (*Id.* at 21-23.)

The Defendants also seek dismissal of the U.S. Redeemer Actions for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, made applicable to these adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. They assert that the Liquidators were required to serve the Defendants in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), and the Liquidators' service of the initial complaints via international mail failed to satisfy its requirements. (*Defendants Brief* at 32-39.) The Liquidators do not deny that mail service failed to meet the strictures of the Hague Service Convention specifically in an adversary proceeding against HSBC Private Bank (Suisse) SA ("HSBC Suisse"), discussed below. Rather, they ask the Court to retroactively approve mail service to HSBC Suisse's U.S. counsel – Cleary Gottlieb – as an alternative means of service to a foreign party pursuant to Federal Civil Rule 4(f)(3). (*Liquidators Brief* at 23-34.) In the event the

10

Court denies their request, the Liquidators ask that the Court exercise its discretion to allow them to re-effect service.  (*Id.* at 34-36.)[9]

## DISCUSSION

### A.    Motion to Dismiss For Failure to State a Claim

#### 1.    Standards Governing the Motion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 556.  Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Where the burden of pleading rests on the defendant, the Court may stilly dismiss a claim pursuant to Federal Civil Rule 12(b)(6) if the defense is apparent on the face of the complaint.  *Official Comm. of Unsecured Creditors of Color*

---

[9]    After the parties' submissions, the Liquidators wrote the Court seeking leave to submit a five-page sur-reply in response to three purportedly new arguments raised in the *Defendants Reply*.  (*See Letter of David Elsberg*, dated July 3, 2020 ("*Liquidators Letter*") (ECF Doc. # 3038).)  Courts generally do not consider arguments raised for the first time in a reply brief, *In re Avaya Inc.*, 573 B.R. 93, 103 (Bankr. S.D.N.Y. 2017) (citing authorities), but can allow the filing of a sur-reply if it chooses to consider the new arguments.  Here, the *Liquidators Letter* did not identify arguments made for the first time in the *Defendants Reply*.  Rather, it addressed Defendants' arguments previously raised in the *Defendants Brief* (*e.g.*, all of the Liquidators' claims are subject to the Safe Harbor) or Defendants' replies to arguments in the *Liquidators Brief* (*e.g.*, responding to argument that Citco's intent is imputable to the Funds).  Therefore, the request to file a sur-reply is denied.

*Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003); *accord Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018).

In deciding the motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). In addition, the Court may consider judicial admissions, including those made in briefs. *Scott v. City of White Plains*, No. 10 Civ. 1887 (KBF), 2012 WL 1267873, at *8 n. 7 (S.D.N.Y. Apr. 10, 2012); *Staff Mgmt. Sols., LLC v. Feltman* (*In re Corp. Res. Servs., Inc.*), Adv. Proc. No. 19-01371 (MG), 2020 WL 2278416, at *10 (Bankr. S.D.N.Y. May 6, 2020); *see Purgess v. Sharrock*, 33 F.3d, 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact.").

## 2. Safe Harbor

The Safe Harbor, 11 U.S.C. § 546(e), is an affirmative defense for which the Defendants bear the burden of proof. *Fairfield II*, 596 B.R. at 307 (citing precedent). Nevertheless, "[t]he application of Section 546(e) presents a straightforward question of statutory interpretation of the type that is appropriately resolved on the pleadings." *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11MD2296 (DLC), 2019 WL 1771786, at *7 (S.D.N.Y. Apr. 23, 2019). Section 546(e) of the Bankruptcy Code provides in pertinent part:

> Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the

> benefit of) a . . . financial institution [or] financial participant . . ., or that is
> a transfer made by or to (or for the benefit of) a . . . financial institution
> [or] financial participant . . . in connection with a securities contract, as
> defined in section 741(7) . . ., that is made before the commencement of
> the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e). "Put simply, the safe harbor applies where two requirements are

met: (1) there is a *qualifying transaction* (i.e., there is a 'settlement payment' or a

'transfer payment . . . made in connection with a securities contract) and (2) there is a

*qualifying participant* (i.e., the transfer was 'made by or to (or for the benefit of) a . . .

financial institution')." *Nine West,* 2020 WL 5049621, at *6 (emphasis in original).

Section 561(d), in turn, makes the Safe Harbor applicable in a chapter 15 case to

"limit avoidance powers to the same extent as in a proceeding under chapter 7 or 11" of

the Bankruptcy Code. As explained in *Fairfield II*, "section 561(d) is necessarily

referring to avoidance powers available under non-U.S. law" because a chapter 15

foreign representative cannot exercise the avoidance powers available to a trustee in a

chapter 7 or chapter 11 case. 596 B.R. at 310; *see* 11 U.S.C. § 1521(a)(7). Thus, the Safe

Harbor bars the Liquidators' BVI Avoidance Claims to the extent they are analogous to

preference claims, state law fraudulent transfer claims or constructive fraudulent

transfer claims under Bankruptcy Code § 548(a)(1)(B). In *Fairfield II*, the Court

reviewed the elements of the Liquidators' BVI Avoidance Claims. It concluded that

unfair preference claims under BVI Insolvency Act § 245 resemble preference claims

under 11 U.S.C. § 547(b) and the undervalue transaction claims under BVI Insolvency

Act § 246 are similar to constructive fraudulent transfer claims under state and federal

law. *Fairfield II*, 596 B.R. at 302, 314. The Liquidators do not argue otherwise, and

accordingly, the BVI Avoidance Claims will be barred by the Safe Harbor if they meet its strictures.

### a. The Transfers Were Settlement Payments Made "in Connection with" a "Securities Contract"

As the Court previously noted, *see id.* at 314-15, the parties do not dispute that the redemptions at issue were settlement payments made in connection with securities contracts. (*See* ¶ 35 ("In accordance with the Funds' Subscription Agreements, Articles of Association, offering materials and/or other relevant documents . . . the Funds paid to shareholders, for each Share tendered for redemption, an amount that was based on each of the respective Funds' purported Net Asset Value, as it was then calculated.")); *cf. Picard v. Ida Fishman Revocable Tr.* (*In re BLMIS*), 773 F.3d 411, 422-23 (2d Cir. 2014) (payments to BLMIS investors were settlement payments on account of securities contracts), *cert. denied*, 576 U.S. 1044 (2015). Therefore, except for the Liquidators' argument that the BVI Avoidance Claims are subject to the carveout for intentional fraudulent transfer claims, addressed separately below, the remaining issue on the applicability of the Safe Harbor to the BVI Avoidance Claims is whether the redemptions were made by, to, or for the benefit of a qualifying entity such as a "financial institution" of a type identified in the statute.

### b. The Transfers Were Made by a Financial Institution as Agent for Its Customer

#### i. Citco Bank Is a Financial Institution

The Bankruptcy Code defines the term "financial institution" to include:

a Federal reserve bank, or an entity that is a commercial or savings bank, industrial savings bank, savings and loan association, trust company, federally-insured credit union, or receiver, liquidating agent, or conservator for such entity *and, when any such* Federal reserve bank,

14

receiver, liquidating agent, conservator or *entity is acting as agent* or custodian *for a customer* (whether or not a "customer", as defined in section 741) *in connection with a securities contract* (as defined in section 741) *such customer* . . . .

11 U.S.C. § 101(22)(A) (emphasis added).

All of the redemption payments were made by the Dublin Branch of Citco Bank where the Funds maintained accounts. (*Foreign Representatives' Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 ("*Liquidators 2017 Brief*") at 67 & n. 89 (ECF Doc. # 1336);[10] *accord* Transcript of 3/27/20 Hr'g at 15:13-15 ("MR. ELSBERG: . . . Your question earlier about the flow of payments through Citco -- we agreed that it did go through Citco and so I think all that remains is to identify a complaint.") (ECF Doc. # 3061).) Citco Bank qualifies as a "financial institution" because it has been a bank regulated by the De Nederlandsche Bank ("DNB") (the central bank of the Netherlands) since December 31, 1985.[11] The Court may take judicial notice of bank registration information provided by DNB's website as its accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because

---

[10]    The Liquidators did not dispute or object to the Court's consideration of this admission after the Defendants identified the admission in their moving brief. (*See Defendants Brief* at 13.)

[11]    *See* De Nederlandsche Bank, *Information Detail: Citco Bank Nederland N.V.*, https://www.dnb.nl/en/supervision/public-register/WFTKF/detail.jsp?id=26bbcae35848e311b55a005056b672cf# (last visited Nov. 28, 2020). In addition, Citco Bank's Dublin branch, the paying bank, is registered with the Central Bank of Ireland as a "credit institution" defined as "(a) an undertaking whose business is to receive deposits or other repayable funds from the public and to grant credits for its own account, or (b) an electronic money institution." *See* Central Bank of Ireland, *Financial Service Provider Profile: Citco Bank Nederland NV Dublin Branch*, http://registers.centralbank.ie/FirmDataPage.aspx?firmReferenceNumber=C27278 (last visited Nov. 28, 2020).

it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see Enron Corp. v. Bear, Stearns Int'l Ltd.* (*In re Enron Corp.*), 323 B.R. 857, 869 (Bankr. S.D.N.Y. 2005) (taking judicial notice of various public and quasi-public bodies including the United Kingdom Financial Services Authority in determining that an entity was covered by the Safe Harbor); *cf. Tribune*, 946 F.3d at 78 (Computershare was a "financial institution" for the purposes of Section 546(e) because it is a trust company and a bank based on Office of the Comptroller of the Currency records); *Holliday v. K Rd. Power Mgmt., LLC* (*In re Boston Generating LLC*), 617 B.R. 442, 489 (Bankr. S.D.N.Y. 2020) (finding that the Bank of New York is a "financial institution" for the purposes of Section 546(e) because it is a bank pursuant to the Office of the Comptroller website).

### ii.   The Funds, as Customers of Citco Bank, Were Also Financial Institutions

Under the definition of "financial institution," quoted *supra*, a *customer* of a financial institution such as a bank is also deemed to be a financial institution if the bank acts as the customer's agent in connection with a securities contract. Bankruptcy Code § 741(2) defines the term "customer" for use in stockbroker liquidations under subchapter III of chapter 7, but Bankruptcy Code § 101(22)(A) specifies that the term "customer" is not limited to section 741(2)'s definition when determining whether an entity is a financial institution. The ordinary meaning of customer is "someone who buys goods or services." *Tribune*, 946 F.3d at 79 (quoting *UBS Fin. Servs., Inc. v. W. Virginia Univ. Hosps., Inc.*, 660 F.3d 643, 650 (2d Cir. 2011)); *accord Customer*, BLACK'S LAW DICTIONARY (11th ed. 2019) (a "customer" includes "[a] buyer or purchaser of goods or services").

16

The *Citibank Complaint* does not spell out the relationship between Sentry or the other Funds on the one hand and Citco Bank on the other, or Citco Bank's role in connection with the securities contracts pursuant to which the Funds paid the redemptions. However, as noted, the Liquidators admitted in the *Liquidators 2017 Brief* filed in connection with the previous motion to dismiss, and reiterated earlier this year during a conference, that the redemption payments were made from the Funds' Citco Bank account in Ireland.

Thus, the Funds held accounts with Citco Bank from which the redemptions were paid. An account holder is a "customer" of the bank under U.S. law. *See* N.Y. U.C.C. § 4-104(1)(e) (defining "customer" as "any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank."). While U.S. law is not controlling, it is nevertheless persuasive on this point. Further, the Liquidators have not challenged the Defendants' contention that the Funds were customers of Citco Bank, (*see Defendants Brief* at 11-14), but to the extent they do, that argument is deemed abandoned. *Purdie v. Brown*, No. 14 Civ. 8490(NSR), 2015 WL 6741875, at *8 (S.D.N.Y. Nov. 3, 2015) (plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of those claims) (citing authorities).

Next, Citco Bank acted as the Funds' agent in connection with the securities contract underlying the redemptions. In *Tribune Co. Fraudulent Conveyance Litig.*, the Second Circuit applied the common-law standard for establishing an agency relationship which requires: (1) the principal's manifestation of intent to grant authority to the agent, (2) agreement by the agent, and (3) the principal's maintenance of control

17

over key aspects of the undertaking.  946 F.3d at 79 (citing *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 462 (2d Cir. 2003)); *accord Nine West*, 2020 WL 5049621, at *8.

Once again, the Liquidators' admission that redemptions were paid by Citco Bank establishes the necessary agency.  It is implausible to infer that Citco Bank made the redemption payments to specific redeemers in specific amounts absent the Funds' directions to do so.  Moreover, Citco Bank accepted those directions by executing the redemption payments.

Based on the foregoing, the Funds were customers of Citco Bank who acted as their agents in connection with the securities contracts pursuant to which the redemption payments were made, and the Funds were, therefore "financial institutions" within the meaning of 11 U.S.C. § 546(e).[12]  Accordingly, the BVI Avoidance Claims alleged in the *Citibank Complaint* are barred by 11 U.S.C. § 561(d).

### c.   Applicability of the Exception Under Section 548(a)(1)(A)

The Safe Harbor does not shield claims to avoid intentional fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).[13]  *See* 11 U.S.C. § 546(e) (protecting certain transfers from avoidance "except under section 548(a)(1)(A) of this title") (hereinafter, the "Intentional Fraud Exception").  The Liquidators have not asserted claims under section

---

[12]   Because the Court finds that the Funds were "financial institutions," it does not address the Defendants' alternative arguments that Sentry and Sigma were "financial participants" or that redemptions paid by Sigma and Lambda were for the benefit of Sentry.

[13]   Section 548(a)(1)(A) allows the trustee to avoid a transfer made within two years of the bankruptcy filing if the debtor "made such transfer . . . with actual intent to hinder, delay, or defraud" creditors.

548(a)(1)(A) nor could they absent the commencement of a case under chapter 7 or 11.
*See* 11 U.S.C. § 1521(a)(7) (permitting a court to grant certain relief to a chapter 15
foreign representative "except for relief available under sections . . . 544 [and] 548 . . .
."). The two BVI Avoidance Claims (*see* ¶¶ 104-20, 125-31) resemble preference claims
under section 547(b) of the Bankruptcy Code and constructive fraudulent transfer
claims under federal and state law, s*ee Fairfield II*, 596 B.R. at 302, which would be
barred by the Safe Harbor.

Nevertheless, the Liquidators assert that the Intentional Fraud Exception is not
limited to claims brought under section 548(a)(1)(A), and applies to claims under BVI
law to avoid transfers made with the intent to defraud creditors irrespective of the label
attached to a claim. (*Liquidators Brief* at 10-11.) They further argue that the BVI
Avoidance Claims fall within the Intentional Fraud Exception because Citco
Administrator's knowledge is imputable to the Funds, and the *Citibank Complaint*
alleges conscious misbehavior or recklessness by Citco Administrator as well as a motive
and opportunity to commit fraud in connection with the redemptions. (*Liquidators
Brief* at 10-12.)

The Liquidators' argument lacks merit. First, the Intentional Fraud Exception
only applies to intentional fraudulent transfer claims under Bankruptcy Code §
548(a)(1)(A); the Safe Harbor still bars state law intentional fraudulent transfer claims
that a U.S. bankruptcy trustee could assert through 11 U.S.C. § 544(b)(1). The
Liquidators, as foreign representatives under chapter 15, cannot assert a claim under
Bankruptcy Code § 548(a)(1)(A). Instead, they assume that their BVI intentional
fraudulent transfer claim is sufficiently analogous to a bankruptcy fraudulent transfer

19

claim for purposes of 11 U.S.C. § 561(d) and therefore comes within the Intentional

Fraud Exception.  If true, it is also sufficiently analogous to a state law fraudulent

transfer claim that is barred.  The Liquidators fail to articulate any rationale for equating

their BVI intentional fraudulent transfer claim to a U.S. bankruptcy law claim rather

than a state law fraudulent transfer claim.

Second, they fail to identify the source of such an intentional fraudulent transfer

claim under BVI law.[14]  Since the Safe Harbor only prohibits avoidance claims and does

not apply to non-avoidance claims absent preemption, discussed below, I limit my

consideration to the avoidance provisions under the BVI Insolvency Act.  The BVI

Insolvency Act recognizes four types of voidable transactions.  BVI INSOLVENCY ACT §

244(1) ("'voidable transaction' means (a) an unfair preference; (b) an undervalue

transaction; (c) a floating charge that is voidable under section 247; and (d) an

extortionate credit transaction.").  The Court has already concluded that the unfair

preference and undervalue transaction claims under sections 245 and 246 of the BVI

Insolvency Act, respectively, are barred by the Safe Harbor through the operation of 11

U.S.C. § 561(d).  The two other avoidance claims concern voidable floating charges

---

[14]    The Liquidators have not submitted an affidavit by an expert on BVI law to support the existence
or elements of such a claim.

20

under BVI Insolvency Act § 247[15] and extortionate credit transactions under BVI

Insolvency Act § 248.[16]

    As to the former, the BVI Insolvency Act defines a "floating charge" as a "charge

created by a company or a foreign company which is, or as created was, a floating charge

whether crystallised or not." BVI Insolvency Act § 2(1). The definition is not helpful,

but a floating charge sounds like a security interest. *See id.* § 92(1) ("The Court may, on

---

[15]    BVI Insolvency Act § 247 states in pertinent part:

    (1) Subject to subsection (2), a floating charge created by a company is voidable if

        (a) it is created within the vulnerability period; and

        (b) it is an insolvency transaction.

    (2) A floating charge is not voidable to the extent that it secures

        (a) money advanced or paid to the company, or at its direction, at the same time as, or after, the creation of the charge;

        (b) the amount of any liability of the company discharged or reduced at the same time as, or after, the creation of the charge;

        (c) the value of assets sold or supplied, or services supplied, to the company at the same time as, or after, the creation of the charge; and

        (d) the interest, if any, payable on the amount referred to in paragraphs (a) to (c) pursuant to any agreement under which the money was advanced or paid, the liability was discharged or reduced, the assets were sold or supplied or the services were supplied.

    . . . .

    (4) For the purposes of subsection (2)(c), the value of assets or services sold or supplied is the amount in money which, at the time they were sold or supplied, could reasonably have been expected to be obtained for the sale or supply of the goods or services in the ordinary course of business and on the same terms, apart from the consideration, as those on which the assets or services were sold or supplied to the company.

[16]    BVI Insolvency Act § 248 states:

    A transaction entered into by the company within the vulnerability period for, or involving the provision of, credit to the company is an extortionate credit transaction if, having regard to the risk accepted by the person providing the credit

        (a) the terms of the transaction are or were such as to require grossly exorbitant payments to be made (whether unconditionally or in certain contingencies) in respect of the provision of credit; or

        (b) the transaction otherwise grossly contravenes ordinary principles of fair trading.

the application of the administrator, make an order authorizing the administrator to dispose of (a) assets of the company that are subject to a security interest that is not a floating charge.").  The *Citibank Complaint* does not allege that the transfers to Citibank involved "floating charges."  As to the latter, the extortionate credit transaction applies by its terms to "credit transactions," and appears to focus on unconscionable and usurious credit transactions.  The transfers to *Citibank* did not concern credit transactions.  Finally, neither avoidance claim requires proof of an intent to "hinder, delay or defraud," the critical element of an intentional fraud claim.  *See* 11 U.S.C. § 548(a)(1)(A).

Third, as noted, the *Citibank Complaint* alleges that the Funds were duped, believing that their BLMIS investments were worth what the BLMIS monthly statements showed.  The Funds were the transferors and if they were duped, they could not have intended to "hinder, delay or defraud" the Funds' other creditors by redeeming investments at prices they believed to be accurate.[17]

### 3.    The Constructive Trust Claims

Under the Supremacy Clause of the United States Constitution, federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. CONST. art. VI, cl. 2.  "In the absence of express congressional command, state law is pre-empted if that law actually conflicts with

---

[17]    The Liquidators contend that Citco's bad faith is imputed to the Funds.  This is inconsistent with the notion that the Funds were duped.  Furthermore, the Court stated in *Fairfield II* that if the Funds knew the NAVs were inflated, either directly or through imputation of Citco's knowledge, "but nonetheless breached their fiduciary duties to the other shareholders by authorizing the payment of inflated redemption prices, the Funds cannot rely on their own misconduct to recover the inflated redemption payments."  596 B.R. at 299.

22

federal law . . . or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *AP Servs. LLP v. Silva*, 483 B.R. 63, 71 (S.D.N.Y. 2012) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992)). Several courts have ruled that state law claims that seek to recover transfers shielded by the Safe Harbor are impliedly preempted by 11 U.S.C. § 546(e). *See, e.g.*, *Contemporary Indus. Corp. v. Frost*, 564 F.3d 981, 988 (8th Cir. 2009) (dismissing unjust enrichment and illegal and/or excessive shareholder distribution claims), *abrogated on other grounds by Merit Mgmt. Grp., LP v. FTI Consulting*, 138 S. Ct. 883 (2018); *Nine West*, 2020 WL 5049621, at *15 (dismissing unjust enrichment claims); *AP Servs.*, 483 B.R. at 71 (same); *cf. Hosking v. TPG Capital, L.P. (In re Hellas Telecomms. (Lux.) II SCA)*, 526 B.R. 499, 510 (Bankr. S.D.N.Y. 2015) (denying dismissal of unjust enrichment claim which alleged facts "substantially identical to an *actual* fraudulent conveyance claim under section 548(a)(1)(A)") (emphasis in original); *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings Inc.)*, 469 B.R. 415, 451 (Bankr. S.D.N.Y. 2012) (same). Allowing a plaintiff to recover a safe harbored transfer by attaching a different label to the claim would frustrate the purpose of section 546(e). *AP Servs.*, 483 B.R. at 71; *accord Contemporary Indus.*, 564 F.3d at 988; *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del. v. Fleet Retail Fin. Grp. (In re Hechinger Inv. Co. of Del.)*. 274 B.R. 71, 96 (D. Del. 2002). Relying on these and similar authorities, Defendants contend that the Constructive Trust Claims should be dismissed because they seek to unwind safe harbored redemption payments. (*Defendants Brief* at 29-31.)

23

I disagree.  The Liquidators correctly point out, (*see Liquidators Brief* at 14-16), that the "Supremacy Clause applies to states and is inapplicable to considerations of federal law versus foreign law."  *Al-Kurdi v. United States*, 25 Cl. Ct. 599, 601 n. 3 (Cl. Ct. 1992).  Courts do not assume that otherwise applicable foreign law is preempted absent express statutory language to that effect.  *See LaSala v. Bordier et Cie*, 519 F.3d 121, 138-39 (3d Cir.) (rejecting argument that Congress impliedly preempted Swiss law claims through the enactment of Securities Litigation Uniform Standards Act (SLUSA)), *cert. dismissed*, 555 U.S. 1028 (2008); *In re Petrobras Sec. Litig.*, 169 F. Supp. 3d 547, 551-52 (S.D.N.Y. 2016) (plain language of SLUSA does not bar Brazilian law claims "[d]espite how well a ban on foreign law claims might fit within the larger statutory scheme"); *Comrie v. IPSCO Inc.*, No. 08-cv-03060, 2008 WL 5220301, at *4-5 (N.D. Ill. Dec. 10, 2008) (rejecting argument that Canadian law claims were preempted by the Employee Retirement Income Security Act (ERISA): "The statutory text of ERISA does not clearly preempt foreign law, only state law. . . . Thus, it must be presumed that Congress did not intend ERISA to preempt foreign law.").

Here, the Constructive Trust Claims are based on BVI law and the Defendants have not identified any statutory language that purports to *expressly* preempt the Constructive Trust Claims.  Consequently, the Motion to dismiss the Constructive Trust Claims on the ground that they seek to recover safe harbored transfers is denied.

## B.    Motion to Dismiss for Insufficient Service of Process

When the Liquidators commenced the U.S. Redeemer Actions, the Liquidators served the Defendants, including the foreign Defendants, by mail.  For example, the Liquidators served the summons and initial complaint in *Fairfield Sentry Ltd. v. HSBC*

*Private Bank Suisse SA*, Adv. Proc. No. 10-03633 (SMB) (the "HSBC Action")[18] on

HSBC Suisse by international registered mail to HSBC Suisse's address in Switzerland

listed on the Funds' records.  (*See Declaration of David J. Molton in Support of*

*Liquidators' Memorandum of Law in Opposition to Defendants' Renewed Motion to*

*Dismiss*, dated May 29, 2020 ("*Molton Declaration*") at ¶ 2 (ECF Doc. # 3034).)  The

Liquidators also served the complaint by mail on HSBC Suisse's U.S. counsel, Cleary

Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), at its New York office.  (*Id.*)

The Defendants seek dismissal of the U.S. Redeemer Actions for insufficient

service of process under Federal Civil Rule 12(b)(5).  Using the summons and complaint

in the HSBC Action as the test case, they argue that the Liquidators were required to

effectuate service pursuant to the Hague Service Convention, mail service is not

permitted where the member country has objected to that method of service,

Switzerland has expressly objected to mail service, and therefore, the Liquidators' 2010

service on HSBC Suisse via international mail was ineffective.  (*Defendants Brief* at 32-

37.)

The Liquidators do not dispute that mail service on HSBC Suisse failed to satisfy

the requirements of the Hague Service Convention.  Instead, they seek retroactive

approval of their 2010 mail service on HSBC Suisse's U.S. counsel, Cleary Gottlieb, as a

form of alternative service pursuant to Federal Civil Rule 4(f)(3).

---

[18]     Again, following consultation with the parties, the Court designated the HSBC Action as the
representative action with respect to the Defendants' arguments seeking dismissal for insufficient service
of process.  (*See Scheduling Order* at ¶ 1(a).)

### 1.    Rule 4(f)(3)

A foreign corporation may be served abroad "in any manner prescribed by Rule

4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV.

P. 4(h)(2).  Rule 4(f), in turn, states in pertinent part:

> **Serving an Individual in a Foreign Country.**  Unless federal law
> provides otherwise, an individual . . .  may be served at a place not within
> any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is reasonably
>> calculated to give notice, such as those authorized by the [Hague
>> Service Convention];
>>
>> . . . or
>>
>> (3) by any means not prohibited by international agreement, as the
>> court orders.

FED. R. CIV. P. 4(f).

"Courts have repeatedly recognized that there is no hierarchy among the

subsections in Rule 4(f)." *Wash. State Inv. Bd. v. Odebrecht S.A.*, 17 Civ. 8118 (PGG),

2018 WL 6253877, at *3 (S.D.N.Y. Sept. 21, 2018); *accord In re GLG Life Tech Corp.

Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012); *Advanced Aerofoil Techs., AG v.

Todaro*, No. 11 Civ. 9505(ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012).  Hence,

"court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1),"

*GLG Life Tech*, 287 F.R.D. at 265 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284

F.3d 1007, 1015 (9th Cir. 2002)), and "[a] plaintiff is *not* required to attempt service

through the other provisions of Rule 4(f) before the Court may order service pursuant to

Rule 4(f)(3)." *S.E.C. v. Anticevic*, No. 05 CV 6991(KMW), 2009 WL 361739, at *3

(S.D.N.Y. Feb. 13, 2009) (emphasis in original); *see also Madu, Edozie & Madu, P.C. v.*

26

*Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (citation omitted).

An alternative method of service under Rule 4(f)(3) is proper so long as it (1) is not prohibited by international agreement, and (2) comports with constitutional notions of due process. *Odebrecht*, 2018 WL 6253877, at *4; *accord Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013). The decision to approve an alternative method of service is committed to the court's sound discretion. *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 397 (S.D.N.Y. 2014); *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009). In exercising this discretion, courts in this District routinely require "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Odebrecht*, 2018 WL 6253877, at *6; *accord Peifa Xu v. Gridsum Holding Inc.*, 18 Civ. 3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020). "But nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *GLG Life Tech*, 287 F.R.D. at 266.

### 2.    Service on U.S.-Based Counsel

Initially, the Defendants contend that service on a foreign corporation's U.S. counsel cannot be a proper method of service under Rule 4(f)(3). (*Defendants Reply* at 17; *Letter of Marc J. Gottridge*, dated July 27, 2020 (ECF Doc. # 3044).) Specifically, Rule 4(f) sets forth the methods in which an individual "may be served at a place *not within any judicial district of the United States*." FED. R. CIV. P. (4)(f) (emphasis

added); *see also* FED. R. CIV. P. 4(h)(2) (a foreign corporation must be served "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) . . . .").

Courts are split on the issue of whether domestic service on a foreign defendant's U.S. counsel can constitute service "at a place not within" the U.S. under Rule 4(f)(3), but the majority view service on U.S.-based counsel a permissible method under Rule 4(f)(3). *See, e.g.*, *Zanghi v. Ritella*, 19 Civ. 5830 (NRB), 2020 WL 589409, at *7 (S.D.N.Y. Feb. 5, 2020); *Odebrecht*, 2018 WL 6253877, at *4; *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12–cv–5754 (LAK), 2015 WL 998455, at *4-5 (S.D.N.Y. Mar. 5, 2015); *Atlantica Holdings, Inc. v. BTA Bank JSC*, 13 Civ. 5790 (JMF), 2014 WL 12778844, at *3 (S.D.N.Y. Mar. 31, 2014); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013); *GLG Life Tech*, 287 F.R.D. at 267; *Arista Records LLC v. Media Servs. LLC*, No. 06 Civ. 15319(NRB), 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008); *RSM Prod. Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007); *Enrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641(RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005); *contra Convergen Energy LLC v. Brooks*, 20-cv-3746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) (service on domestic counsel is not permissible under Rule 4(f) because the "place" of service is within the U.S.). In *Odebrecht*, District Judge Gardephe observed that alternative service to a U.S. attorney is permissible "because such service requires transmission of service papers to a foreign defendant via a domestic conduit like a law firm or agent – ultimately, the foreign individual is served and thereby provided notice outside a United States judicial district, in accordance with Rule 4's plain language." 2018 WL 6253877, at *4 (quoting

28

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal.
2014)) (alteration omitted); *accord RMS Prod. Corp.*, 2007 WL 2295907, at *6 ("Court-
ordered service on counsel made under Rule 4(f)(3) serves as effective authorization 'by
law' for counsel to receive service."); *see Freedom Watch, Inc. v. Org. of the Petroleum
Exporting Countries (OPEC)*, 766 F.3d 74, 84 (D.C. Cir. 2014) ("[W]hile Rule 4(f)(3)
addresses service only 'at a place not within any judicial district of the United States,'
Fed.R.Civ.P. 4(f), arguably, when a court orders service on a foreign entity through its
counsel in the United States, the attorney functions as a mechanism to transmit the
service to its intended recipient abroad."). Hence, the "relevant circumstance is where
the defendant is, and not the location of the intermediary." *Odebrecht*, 2018 WL
6253877, at *4; *accord Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco,
C.A.*, 168 F. Supp. 3d 1, 14 (D. D.C. 2016) (criticizing a narrow interpretation of Rule 4(f)
because it "assumes, without explanation, that 'service' is complete when the foreign
defendant's United States counsel physically receives the summons"). The Court agrees
with *Odebrecht* and the other cases ruling that service to a foreign defendant via a
domestic conduit is permissible under Rule 4(f)(3).

When seeking approval of alternative service through counsel, the movant must
show adequate communication between the counsel and the party to be served. *GLG
Life Tech*, 287 F.R.D. at 267. Here, HSBC Suisse has undoubtedly been in regular
contact with Cleary Gottlieb and has actively participated in the HSBC Action since at
least September 2010 (*see Motion of Moving Defendants to Withdraw the Reference of
the Above-Captioned Adversary Proceedings to the Bankruptcy Court*, dated Sept. 20,
2010 (filed by Cleary Gottlieb attorney Evan A. Davis, Esq. on behalf of HSBC Suisse *et*

29

*al.*) (ECF Adv. Proc. No. 10-03633 Doc. # 2)) and thereafter. *See Baidu.com Inc.*, 293

F.R.D. at 515 ("service on Baidu's counsel would satisfy the requirements of due process,

as Baidu has actual notice of this lawsuit and there is evidence of adequate

communication between Baidu and counsel") (citation and internal quotation marks

omitted).

### 3.    Not Prohibited by International Agreement

Under Rule 4(f)(3), the proposed method of service must not be prohibited by

international agreement, and the Defendants contend that mail service to Cleary

Gottlieb runs afoul of the Hague Service Convention. (*Defendants Reply* at 17-18.)  This

argument lacks merit.  When service is made on domestic counsel, the Hague Service

Convention is not implicated because no documents are transmitted abroad. *Baidu.com*

*Inc.*, 293 F.R.D. 515; *GLG Life Tech*, 287 F.R.D. at 267; *cf. Volkswagenwerk*

*Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic

agent is valid and complete under both state law and the Due Process Clause, our

inquiry ends and the [Hague Service Convention] has no further implications.").  Here,

Cleary Gottlieb was served domestically, and the Hague Service Convention is therefore

inapplicable.

### 4.    Prior Attempt at Service and Other Considerations

As stated, the Court in the exercise of its discretion may consider whether the

plaintiff has reasonably attempted service on the defendant as well as other surrounding

circumstances.  In addition to serving Cleary Gottlieb by mail, the Liquidators served

the summons and initial complaint on HSBC Suisse in Switzerland by international mail

in 2010. (*Molton Declaration* at ¶ 2.)  In serving HSBC Suisse by mail, the Liquidators

relied on a provision in subscription agreements with Sentry under which HSBC Suisse consented to the jurisdiction of New York courts and service by mail for "any suit, action or proceeding with respect to [the subscription agreement] and the Fund." (*See Declaration of David J. Molton in Further Support of Motion for Leave to Amend and in Opposition to Defendants' Motion to Dismiss*, dated Mar. 31, 2017, Ex. A at ¶ 19 (emphasis added) (ECF Doc. # 1337).)

The Court concluded in connection with the prior motion to dismiss that the U.S. Redeemer Actions were not proceedings with respect to the subscription agreements. *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), No. 10-13164 (SMB), 2018 WL 3756343, at *10-12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*"). Until the Court issued *Fairfield I* in August 2018, the Liquidators had a reasonable basis to believe that they had properly served HSBC Suisse by mail in accordance with the subscription agreements. After the Court issued *Fairfield I* and *Fairfield II*, the parties entered into detailed stipulations in 2019 resolving the prior motion to dismiss and identifying the issues to be raised in the instant Motion to dismiss including "whether service was properly effected." (*See Stipulated Order Granting in Part and Denying in Part Moving Defendants' Motions to Dismiss and Plaintiffs' Motion for Leave to Amend*, so-ordered on Apr. 15, 2019 at § II.A (ECF Adv. Proc. No. 10-3633 Doc. # 81).)[19]

---

[19]   Because the parties specifically contemplated that the issue of proper service would be litigated through the current Motion, the Defendants' argument that the Liquidators have ignored the Court's ruling in *Fairfield I* (*see Defendants Reply* at 18-19) is without merit.

Other factors also militate in favor of allowing mail service on Cleary Gottlieb, specifically cost and delay. According to an estimate the Liquidators provided, the cost associated with re-serving HSBC Suisse and the other Swiss Defendants would total $272,441 (*Motion Declaration* at ¶¶ 4-12; Ex. 3), and the process would take four months or more. (*Liquidators Brief* at 32-33.) Courts often consider the cost and delay associated with service under the Hague Service Convention or other treaties when approving alternative service under Rule 4(f)(3). *Odebrecht*, 2018 WL 6253877, at *8-9; *GLG Life Tech*, 287 F.R.D. at 266-67.

The issue of cost is particularly compelling in this case. The *Citibank Complaint* alleges that the Funds were insolvent or rendered insolvent by the transfers, (¶¶ 7, 13, 39), and their financial situation is not much better today. After the chapter 15 cases were filed, the Liquidators and the BLMIS SIPA trustee entered into a settlement pursuant to which the latter entered judgments in this Court in the amount of $3,054,000,000 against Sentry, $752,300,000 against Sigma and $52,900,000 against Lambda. (¶ 13.) Among other things, Sentry, the BLMIS customer, received an allowed $230 million claim in the BLMIS SIPA proceeding. *In re Fairfield Sentry Ltd.,* 539 B.R. 658, 662 (Bankr. S.D.N.Y. 2015), *aff'd,* 690 F. App'x 761 (2d Cir.) (summary order), *cert. denied*, 138 S. Ct. 285 (2017). Suffice it to say that the judgments dwarf the BLMIS claim and the Funds appear to still be insolvent. Forcing the Liquidators to expend significant sums to effect service under the Hague Service Convention when cheaper and equally effective alternatives exist will adversely affect the amount available for ratable distribution to the Funds' creditors and shareholders. Moreover, HSBC Suisse has had actual notice of the HSBC Action, has actively litigated for a decade through capable

32

counsel, "and, thus, as a practical matter, the purpose of the service requirement has already been accomplished." *Arista Records*, 2008 WL 563470, at *2; *accord Atlantica Holdings*, 2014 WL 12778844, at *3.

### 5.   Retroactive Approval

The stumbling block, however, is retroactive approval.  As the Defendants argue, retroactive approval of a method of service pursuant to Rule 4(f)(3) is impermissible. (*Defendants Reply* at 16.)  Rule 4(f)(3) permits service "by other means not prohibited by international agreement, *as the court orders*."  (Emphasis added).  The emphasized portion denotes that the party must receive court approval prior to service.  *Fed. Trade Comm'n v. Pecon Software Ltd.*, No. 12 Civ. 7186(PAE), 2013 WL 4016272, at *9 (S.D.N.Y. Aug. 7, 2013); *United States v. Machat*, No. 08 Civ. 7936(JGK), 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009); 1 MOORE'S FEDERAL PRACTICE § 4.52 (3d ed. 2020) ("The language of Rule 4(f)(3) permitting service 'as the court orders' requires *prior* approval of the service method by court order before it is used.") (emphasis in original).[20]

Nonetheless, the Liquidators request alternative relief in the form of additional time to re-effect service on HSBC Suisse (*Liquidators Brief* at 34-35) — an issue to which I now turn.

---

[20]      The District Court in *Exp.-Imp. Bank of the United States v. Asia Pulp & Paper Co., Ltd.*, No. 03Civ.8554(LTS)(JCF), 2005 WL 1123755 (S.D.N.Y. 2005) retroactively approved a method of service under Rule 4(f)(3) where such service had proved effective in providing notice to the defendant.  *Id.* at *5. However, "defective service cannot be ignored on the mere assertion that defendant had 'actual notice.'" *Pecon Software*, 2013 WL 4016272, at *9 (quoting *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)).

### 6.    Additional Time to Effect Service

The Defendants seek dismissal for failure to make timely service.  (*Defendants Brief* at 38-39; *Defendants Reply* at 20.)  The general rule under Federal Civil Rule 4(m) that service must be made on a defendant within 120 days of the time the case was commenced (the limit has since been reduced to 90 days) "does not apply to service in a foreign country under Rule 4(f) [or] 4(h)(2)," FED. R. CIV. P. 4(m), so long as the plaintiff attempts to begin service on a foreign defendant within that timeframe.  *USHA (India) Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005); *Trilliant Funding, Inc. v. Marengere* (*In re Bozel S.A.*), 1:16-cv-3739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017).  Under the foreign country exception, the court applies a "flexible due diligence standard to determine whether service of process was timely," *Burda Media, Inc. v. Blumenberg*, No. 97 Civ.7167(RWS), 2004 WL 1110419, at *5 (S.D.N.Y. May 18, 2004) (citation omitted), and "assesses the reasonableness of the plaintiff's efforts and the prejudice to the defendant from the delay."  *Bozel*, 2017 WL 3175606, at *2. [21]

Here, as stated above, the Liquidators exercised due diligence.  They attempted service on HSBC Suisse in a timely manner consistent with the subscription agreements.  The Liquidators had a reasonable basis to believe that they had properly served HSBC

---

[21]    Neither party addressed the issue of whether the foreign service exception to Rule 4(m) applies when the plaintiff is seeking to serve a domestic conduit under Rule 4(f)(3).  Rather, both sides relied on precedent applying the flexible due diligence standard for determining timeliness of service on a foreign defendant.  (S*ee Liquidators Brief* at 35; *Defendants Reply* at 20 (arguing that the Liquidators have failed to show diligence).)  The Court will, therefore, apply this standard.  In any event, even if the exception did not apply, the service deadline must be extended pursuant to Rule 4(m) upon a showing of "good cause" which balances the "plaintiff's reasonable efforts to effect service" against the "prejudice to the defendant from delay," *Savage & Assocs., P.C. v. Williams Commc'ns*, (*In re Teligent Servs., Inc.*), 324 B.R. 467, 472 (Bankr. S.D.N.Y. 2005) (citation omitted), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007) — a comparable analysis to that required under the flexible due diligence standard.

Suisse, and not attempt further service, until the issuance of *Fairfield I* in 2018.  The service issue nonetheless remained a live dispute, and the parties stipulated to litigating the issue of service of process in connection with the current Motion.  The decision to litigate the propriety of past service or seek a different and less costly method of new service, rather than proceed with the costly and time-consuming process of serving the Defendants under the Hague Service Convention, does not signify a lack of due diligence.

Nor have the Defendants identified any prejudice they have suffered as a result of the passage of time.  Despite the service issue, they have been actively litigating numerous issues in this Court since 2010, including the dismissal of all of the Liquidators' claims which culminated in this decision, and these threshold issues had to be decided before the litigations could advance.

Accordingly, the Liquidators request to effect service on HSBC Suisse's U.S. counsel, Cleary Gottlieb, is granted.  The parties should, in the first instance, meet and confer in an attempt to forego another round of service failing which the Liquidators must serve Clearly Gottlieb by first class mail within sixty days of the date of this memorandum decision.  The parties must submit a joint letter to the Court within thirty days of this memorandum decision on the status of their meet and confer.

The Court has considered the parties' other arguments and to the extent not addressed herein, concludes that they lack merit or are mooted by the Court's rulings.

 Settle orders in each affected adversary proceeding on notice or submit consensual

orders.

Dated:   New York, New York
              December 14, 2020

                                        /s/  *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Court

**EXHIBIT F**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 Case |
| | ) |
| **FAIRFIELD SENTRY LIMITED, et al.,** | ) Case No. 10-13164 |
| | ) (SMB) |
| Debtors in Foreign Proceedings. | ) |
| | ) Jointly Administered |
| | ) |
| **FAIRFIELD SENTRY LIMITED (IN LIQUIDATION)** and | ) |
| **FAIRFIELD SIGMA LIMITED (IN LIQUIDATION),** acting | ) |
| by and through the Foreign Representatives thereof, and | ) |
| **KENNETH KRYS** and **GREIG MITCHELL,** solely in their | ) |
| capacities as Foreign Representatives and Liquidators thereof, | ) Adv. Pro. No. 10-03635 |
| | ) (SMB) |
| Plaintiffs, | ) |
| | ) |
| -against- | ) |
| | ) |
| **ABN AMRO SCHWEIZ AG a/k/a ABN AMRO** | ) |
| **(SWITZERLAND) AG, ADLER AND CO PRIVATBANK** | ) |
| **AG, ALLIANZBANK SPA/UNIFORTUNE** | ) |
| **CONSERVATIVE SIDE POCKET, ALTERNATIVE** | ) |
| **INVESTMENT STRATEGIES, BANCA ARNER SA, BANCA** | ) **PARTIAL FINAL** |
| **UNIONE DI CREDITO, BANK HAPOALIM** | ) **JUDGMENT** |
| **SWITZERLAND LTD., BANK JULIUS BAER & CO. LTD.,** | ) Pursuant to Rule 54(b) |
| **BANK SARASIN & CIE, BANQUE CANTONALE** | ) |
| **VAUDOISE, BANQUE CRAMER & CIE SA, BBVA** | ) |
| **(SUISSE) SA, BCV AMC DEFENSIVE AL FUND, BNP** | ) |
| **PARIBAS (SUISSE) SA, BNP PARIBAS (SUISSE) SA EX** | ) |
| **FORTIS, BNP PARIBAS (SUISSE) SA PRIVATE, BSI AG,** | ) |
| **BSI EX BANCA DEL GOTTARDO, CACEIS BANK** | ) |
| **LUXEMBOURG, CBB (BVI)/ THE ALKIMA FUND, CBT** | ) |
| **GEMS LOW VOL REG, COMPAGNIE BANCAIRE** | ) |
| **HELVETIQUE, CENTRUM BANK AG (AMS), CLARIDEN** | ) |
| **LEU LTD., CORNER BANCA SA, CREDIT SUISSE AG** | ) |
| **ZURICH, DEXIA BANQUE INTERNATIONAL A** | ) |
| **LUXEMBOURG, DRESDNER BANK SCHWEIZ, EFG** | ) |
| **BANK SA SWITZERLAND, EFG EUROFINANCIER** | ) |
| **D'INVEST MCL, ENDURANCE ABSOLUTE LTD.** | ) |
| **MASTER, FAIRFIELD INVESTMENT GCI, FAIRFIELD** | ) |
| **INVESTMENT FUND LTD., FALCON PRIVATE BANK,** | ) |
| **FIF ADVANCED LTD., FINTER BANK ZURICH,** | ) |
| **HARMONY CAPITAL FUND LTD., HSBC, IHAG** | ) |

HANDELSBANK AG, INCORE BANK AG, KARASEL )
ENHANCED PORTFOLIO, KARLA MULTISTRATEGIES )
LTD., LGT BANK IN LIECHTENSTEIN AG, )
LIECHTENSTEINISCHE LB REINVEST AMS, LLOYDS )
TSB BANK GENEVA, LOMBARD ODIER DARIER )
HENTSCH & CIE, LONGBOAT LTD., MASTER CAPITAL )
AND HEDGE FUND, NATIONAL BANK OF KUWAIT, )
NBK BANQUE PRIVEE SUISSE SA, PICTET & CIE, PKB )
PRIVATBANK AG, QUASAR FUNDS SPC a/k/a QUASAR )
FUND SPC CLASS A AND CLASS B CGCNV, RBC DEXIA )
INVESTOR SERVICE JULIUS BAER SICAV, RBS )
COUTTS BANK LTD., RICHOURT AAA )
MULTISTRATEGIES, ROTHSCHILD BANK AG ZURICH )
(DUBLIN) a/k/a ROTHSCHILD BANK AG, ROTHSCHILD )
BANK GENEVA (DUBLIN), ROTHSCHILD LUGANO )
DUBLIN a/k/a BANCA PRIVATA EDMOND DE )
ROTHSCHILD LUGANO S.A.,  EDMOND DE )
ROTHSCHILD (SUISSE) S.A., SIS SEEGANINTERSETTLE, )
SIX SIS LTD., SOCIETE GENERALE BANK & TRUST, )
SOUNDVIEW FUND, SWISSCANTO FD CENTRE )
CLIENTS A/C, T1 GLOBAL FUND LTD., UBS AG NEW )
YORK, UBS AG ZURICH, UBS JERSEY NOMINEES, )
VERWALTUNGS UND PRIVAT-BANK AG )
AKTIENGESELLSCHAFT (AMS), VORARLBERGER )
LANDES UND HYPOTHEKENBANK )
AKTIENGESELLSCHAFT and BENEFICIAL OWNERS OF )
ACCOUNTS HELD IN THE NAME OF CGC NA 1-1000, )
)
                                    **Defendants.**                                   )
)
)
)

It is **ORDERED, ADJUDGED, AND DECREED** that, for the reasons set forth in the

Court's Memorandum Decision dated December 14, 2020 and the Stipulated Order Granting in

Part and Denying in Part the Moving Defendants' Second Consolidated Motion to Dismiss dated

February 24, 2021:

Because there is no just cause for delay entering this partial final judgment, pursuant to

Fed. R. Civ. P. 54(b), judgment is hereby entered in favor of defendants HSBC, Allianzbank

SPA/Unifortune Conservative Side Pocket, Banca Arner SA, Banca Unione di Credito, Bank J.

Safra Sarasin AG, f/k/a Bank Sarasin & Cie, Bank Julius Baer & Co. Ltd., Banque Cantonale

Vaudoise, Dexia Banque International A Luxembourg, Pictet & Cie, BBVA (Suisse) SA, BCV

AMC Defensive AL Fund, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP

Paribas (Suisse) SA Private, BSI AG, BSI Ex Banca Del Gottardo, Caceis Bank Luxembourg,

Centrum Bank AG (AMS), Clariden Leu Ltd., CBH Compagnie Bancaire Helvetique SA, Corner

Banca SA, RBS Coutts Bank Ltd., Credit Suisse AG Zurich, Dresdner Bank Schweiz , Edmond

de Rothschild (Suisse) S.A. (sued as Sella Bank AG), EFG Bank SA Switzerland, EFG

Eurofinancier D'Invest MCL, Fairfield Investment Fund Ltd., Fairfield Investment GCI, Falcon

Private Bank, FIF Advanced Ltd., Finter Bank Zurich, Bank Hapoalim Switzerland Ltd.,

Harmony Capital Fund Ltd., IHAG Handelsbank AG, InCore Bank AG, LGT Bank in

Liechtenstein AG, Liechtensteinische LB Reinvest AMS, Lloyds TSB Bank Geneva, Lombard

Odier Darier Hentsch & Cie, National Bank of Kuwait, NBK Banque Privee Suisse SA, PKB

Privatbank AG, RBC Dexia Investor Service Julius Baer SICAV, Rothschild Bank AG Zurich

(Dublin) a/k/a Rothschild Bank AG, Rothschild Bank Geneva (Dublin) a/k/a Edmond de

Rothschild (Suisse) S.A., Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild

Lugano S.A., SIS Seeganintersettle, SIX SIS Ltd., Societe Generale Bank & Trust, UBS AG

Zurich and UBS AG New York, UBS Jersey Nominees, Unifortune Conservative Side Pocket,

ABN AMRO Schweiz AG a/k/a ABN AMRO Switzerland AG, and Verwaltungs UND Privat-

Bank AG Aktiengesellschaft (AMS), and Vorarlberger Landes- und Hypothekenbank

Aktiengesellschaft, dismissing the BVI Avoidance Claims with prejudice as to those defendants.

Each party shall bear its own costs.

Dated:  New York, New York
        February __, 2021

                                    _____
                                            VITO GENNA
                                          Clerk of Court

By: _____
Deputy Clerk

63970411 v1

# Appendix A-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                                       :
In re:                                                 :    Chapter 15 Case
                                                       :
FAIRFIELD SENTRY LIMITED, *et al.*,                    :    Case No. 10-13164 (SMB)
                                                       :
        Debtors in Foreign Proceedings.                :    Jointly Administered
-------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                               :
(IN LIQUIDATION), acting by and through the            :    Adv. Proc. No. 10-03496 (SMB)
Foreign Representatives thereof,                       :
                                                       :    Administratively Consolidated
                        Plaintiffs,                    :
                                                       :
        -against-                                      :
                                                       :
THEODOOR GGC AMSTERDAM, *et al.*,                      :
                                                       :
                        Defendants.                    :
-------------------------------------------------------X

## MEMORANDUM DECISION GRANTING IN PART AND
## DENYING IN PART DEFENDANTS' RENEWED MOTION TO DISMISS

**A P P E A R A N C E S :**

SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10404

     David Elsberg, Esq.
     Andrew R. Dunlap, Esq.
     Lena Konanova, Esq.
     Jordan Garman, Esq.
     Ronald Krock, Esq.
     Evan Bianchi, Esq.
        Of Counsel

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

     David J. Molton, Esq.
     Marek P. Krzyzowski, Esq.
        Of Counsel

*Attorneys for Plaintiffs*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

> Thomas J. Moloney, Esq.
> Joseph M. Kay, Esq.
> Christine M. Jordan Esq.
>     Of Counsel

*Attorneys for Defendants[1]*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

This litigation arises from the Ponzi scheme perpetrated by Bernard L. Madoff through the investment advisory division of Bernard L. Madoff Investment Securities LLC ("BLMIS"). The Plaintiffs, Kenneth M. Krys and Greig Mitchell (together, the "Liquidators"),[2] sue in their capacities as liquidators and foreign representatives of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield Lambda Limited ("Lambda," and collectively with Sentry and Sigma, the "Funds"), foreign feeder funds that invested with BLMIS. In *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), 596 B.R. 275 (Bankr. S.D.N.Y. 2018) ("*Fairfield II*"), *appeal docketed*, No. 1:19-cv-03911-VSB (S.D.N.Y. May 1, 2019), the

---

[1]     This motion is made by 365 Defendants listed on Appendix A to the *Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d), 546(e), and 546(g) and for Insufficient Service of Process Under the Hague Service Convention*, dated Mar. 16, 2020 ("*Defendants Brief*") (ECF Doc. # 2903). Cleary Gottlieb represents a subset of the Defendants but has served as coordinating counsel to all Defendants. A list of the other defense counsel can be found in Appendix H to the *Defendants Brief*.

The Liquidators' actions to recover redemptions paid by the Funds were administratively consolidated for pretrial purposes. (*Amended Order Authorizing the Consolidation of Redeemer Actions Pursuant to Federal Rule of Bankruptcy Procedure 7042*, dated Nov. 17, 2010 (ECF Doc. # 25).) Unless otherwise specified, references to docket entries refer to the electronic docket of the consolidated proceeding, *Fairfield Sentry Limited (In Liquidation) v. Theodoor GGC Amsterdam*, Adv. Proc. No. 10-03496 (SMB).

[2]     Different individuals have served as Liquidators of the Funds. When used in this memorandum decision, the term refers to the individuals serving in that position during the referenced time period.

2

Court dismissed all of the Liquidators' claims except for avoidance claims under British Virgin Islands ("BVI") law to recover "unfair preferences" and "undervalue transactions" (together, the "BVI Avoidance Claims") and constructive trust claims against the so-called Knowledge Defendants (the "Constructive Trust Claims"). According to the Liquidators, the Knowledge Defendants knew when they redeemed their interests in the Funds that the redemption prices were inflated because they were based on Sentry's fictitious BLMIS account statements listing securities that did not exist.

The Defendants have now renewed their motion to dismiss (the "Motion") arguing that the remaining claims are barred by 11 U.S.C. § 546(e) (the "Safe Harbor") and service of process was insufficient.[3] The Liquidators oppose the Motion.[4] For the reasons stated, the BVI Avoidance Claims are dismissed, the Constructive Trust Claims are not dismissed and the motion to dismiss for insufficient service of process is denied.

## BACKGROUND

Unless otherwise indicated, the background information is taken from the well-pleaded factual allegations of the *Third Amended Complaint*, dated Jan. 9, 2020 ("*Citibank Complaint*") (ECF Adv. Proc. No. 10-03622 Doc. # 79) in *Fairfield Sentry Limited v. Citibank NA London*, Adv. Proc. No. 10-03622 (SMB) ("Citibank Action")[5]

---

[3] *See Defendants Brief*; *see also Consolidated Reply Memorandum of Law in Further Support of Defendants' Renewed Motion to Dismiss*, dated June 19, 2020 ("*Defendants Reply*") (ECF Doc. # 3036).

[4] *See Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss*, dated May 29, 2020 ("*Liquidators Brief*") (ECF Doc. # 3033).

[5] The Liquidators have served approximately 300 complaints. To facilitate consideration of the Safe Harbor defense on an omnibus basis, and following consultation with the parties, the Court designated the *Citibank Complaint* as the representative complaint on certain issues pertaining to the Safe Harbor. (*See Scheduling Order*, dated Apr. 14, 2020 ("*Scheduling Order*") at ¶ 1(a) (ECF Doc. #

3

and other information the Court may consider on a motion to dismiss for failure to state

a claim.  The Court will also describe the procedural history that is relevant to the

instant Motion.

## A.    The Funds' Investments With BLMIS

The Funds were organized under BVI law.  (¶¶ 18, 26.)  Sentry sold shares to

foreign investors and invested 95% of the proceeds with BLMIS.  (¶¶ 2, 33, 35.)  Sigma

and Lambda were "funds of funds" – they sold shares to investors and invested those

proceeds with Sentry, which, in turn, invested those funds with BLMIS.  (¶¶ 2, 33.)

Hence, the Funds invested virtually all of their assets directly or indirectly with BLMIS.

(¶¶ 4, 34.)

In December 2008, Madoff admitted to operating the investment advisory

business of BLMIS as a Ponzi scheme, and BLMIS was placed into liquidation pursuant

to section 78eee of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*,

("SIPA").  (¶¶ 17, 84-88.)  The Funds ceased making redemption payments after

Madoff's arrest.  (¶ 89.)  Shortly after the collapse of BLMIS, certain of the Funds'

creditors and shareholders commenced insolvency proceedings against the Funds in the

Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin

Islands ("BVI Court").  (¶¶ 90-93.)  The BVI Court appointed the Liquidators, and they

commenced ancillary proceedings in this Court under chapter 15 of the Bankruptcy

Code to obtain recognition of the BVI liquidation proceedings as "foreign main

---

3028).)  "(¶ _ )" refers to paragraphs in the *Citibank Complaint*.  The extensive history of the Liquidators'
actions against former investors of the Funds is discussed at length in *Fairfield II*.

proceedings." (¶¶ 27, 28, 94.)  The Court granted the Liquidators' recognition
applications on July 22, 2010.  (¶ 28.)

While the Funds were operational, the shares in the Funds were redeemable at a
price equal to the respective Fund's net asset value ("NAV") per share calculated by
dividing the value of the Fund's assets by the number of outstanding shares, net of
certain expenses.  (¶¶ 4, 35.)  Each Fund's Articles of Association ("Articles") specified
that the Fund would issue certificates with respect to the NAV, and "[a]ny certificate as
to the Net Asset Value per Share or as to the Subscription Price or the Redemption Price
therefor *given in good faith by or behalf of the Directors shall be binding* on the
parties."  *Fairfield II*, 596 B.R. at 283.  The Funds' Directors retained Citco Group
Limited ("Citco Group") and its affiliates (collectively, "Citco") to perform
administrative and custodial functions for the Funds.  (¶ 45.)  Citco Fund Services
(Europe) B.V. ("Citco Administrator") and its delegate Citco (Canada) Inc. served as the
Funds' administrators (together, the "Administrators") with responsibility for
calculating the NAV and issuing corresponding certificates to investors.  (¶¶ 45, 72, 73.)
In calculating the NAV of the Funds, the Administrators typically relied on the pricing
information supplied by BLMIS.  (¶ 69.)  Citco Bank Nederland N.V. Dublin Branch
("Citco Bank") and Citco Global Custody served as the Funds' custodians (together, the
"Custodians").[6]  However, the Custodians did not actually hold the assets; BLMIS served

---

[6]     The Liquidators allege that the Administrators and the Custodians worked with multiple other
Citco affiliates to provide services to the Funds.  All Citco entities worked under the direction and control
of Citco Group.  (¶¶ 72-73.)

5

as its own custodian, and the custody statements issued by the Custodians merely copied information from Sentry's BLMIS account statements. (¶¶ 49, 69.)

## B.    Allegations of Knowledge and Bad Faith

The preparation of the certificates setting forth the NAV per share was delegated to Citco.  The *Citibank Complaint* alleges that Citco did not issue the certificates in good faith because it knew or willfully blinded itself to the fact that the Funds' BLMIS investments were worthless or virtually worthless.  As a result of Citco's bad faith, the Funds were not bound by Citco's certifications regarding the NAV.  (¶¶ 45-74.)  The Defendants do not challenge the sufficiency of the allegations of Citco's bad faith at this time and I assume the sufficiency of the allegations of bad faith for now.[7]

The *Citibank Complaint* also alleges that Citibank NA London ("Citibank") knew or should have known that the redemption payments were inflated due to Madoff's fraud.  (¶¶ 75-83.)  Again, the Defendants do not challenge the legal sufficiency of these allegations at this time.  I assume, therefore, for the purpose of the Motion that the Liquidators have adequately alleged Citco's bad faith and the Knowledge Defendants'

---

[7]    The *Citibank Complaint* alleges that the Funds were innocent dupes unaware that BLMIS was a Ponzi scheme and the NAVs were inflated.  (¶ 38 ("The Funds believed that the amounts provided in connection with such withdrawals represented the proceeds arising from the profitability of or to continue investment in BLMIS."); *see* ¶ 39 ("[T]he money paid by the Funds (directly in the case of Sentry and indirectly in the cases of Sigma and Lambda) to BLMIS on account of Sentry was, at all relevant times and unknown to the Funds, misused and misappropriated by Madoff as part of his Ponzi scheme.").)  In *Fairfield II*, the Court noted that if the Director were not aware of Citco's bad faith certifications, they, and hence the Funds, mistakenly relied on Citco, a variation of the mistake claims rejected by the Privy Council in *Fairfield Sentry Ltd.* (*In Liquidation*) *v. Migani*, [2014] UKPC 9 ("*Migani*").  *Fairfield II*, 596 B.R. at 300.  In any event, the pertinent inquiry is what the Knowledge Defendants knew at the time of the redemptions, not what Citco knew.  Even if Citco acted in good faith, the Knowledge Defendants cannot escape the consequences resulting from their knowledge that the redemption prices were based on fictitious assets.

6

actual or constructive knowledge that the NAVs per share and, hence, the redemption prices were inflated.

## C.    The Transfers

In the Citibank Action, the Liquidators seek to recover redemption payments Sentry made to Citibank totaling $58,484,257.49 between May 17, 2004 and November 19, 2008.  (¶¶ 40-42; *see Citibank Complaint*, Ex. A.)  The Liquidators allege that Sentry had insufficient assets and was unable to pay its debts as they fell due at the time the redemption payments were made, Sentry received no consideration or significantly less consideration from Citibank in exchange for the payments, and the payments were in excess of the amounts previously paid by Citibank to purchase the shares.  (¶¶ 43-44.) The Constructive Trust Claim seeks to recover all redemption payments from Citibank and certain unnamed beneficial shareholders on whose behalf Citibank may have invested in Sentry, (¶¶ 14, 96-103), and the BVI Avoidance Claims seek recovery of the payments made within two years of the appointment of the Liquidators in Sentry's BVI liquidation proceeding.  (¶¶ 104-35.)

## D.    The Safe Harbor and the Renewed Motion to Dismiss

In their prior dismissal motion, the Defendants contended that the Liquidators' claims were barred by application of the Safe Harbor, 11 U.S.C. § 546(e).  The Court agreed that Bankruptcy Code § 561(d) extends the Safe Harbor to the BVI Avoidance Claims, *Fairfield II*, 596 B.R. at 306-14, but declined to rule on the merits because the Supreme Court had issued *Merit Mgmt. Grp. LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018) shortly after the parties' submissions.  In *Merit*, the Supreme Court concluded that "the relevant transfer for purposes of the § 546(e) safe-harbor inquiry is the

7

overarching transfer that the trustee seeks to avoid under one of the substantive
avoidance provisions." *Id.* at 893; *accord In re Tribune Co. Fraudulent Conveyance
Litig.*, 946 F.3d 66, 75, 77 (2d Cir. 2019), *petition for cert. filed*, No. 20-8, 2020 WL
3891501 (U.S. July 6, 2020); *In re Nine West Sec. Litig.*, 20 MD. 2941 (JSR), 2020 WL
5049621, at *14 (S.D.N.Y. Aug. 27, 2020), *appeal docketed*, No. 20-3941 (2d Cir. Nov.
23, 2020). A court must focus on the transferor and transferee of the overarching
transfer, and where a qualifying participant such as a financial institution serves as a
mere conduit or intermediary in connection with the overarching transaction between
non-qualifying participants, the Safe Harbor does not apply. *See Merit*, 138 S. Ct. at
892, 897; *Tribune*, 946 F.3d at 75.

*Merit* abrogated the then-existing Second Circuit precedent applying the Safe
Harbor even when a qualifying entity acted as a mere conduit or intermediary. *See
Official Comm. of Unsecured Creditors of Quebecor World (USA) Inc. v. Am. United
Life Ins. Co.* (*In re Quebecor World (USA) Inc.*), 719 F.3d 94, 99 (2d Cir. 2013). The
change in the law prompted a flurry of letters from the Liquidators and the Defendants
making substantive arguments. Rather than consider the arguments made through the
numerous letters, the Court denied the Defendants' motion without prejudice to
renewal.

The Defendants now make their renewed Motion seeking dismissal on two
grounds with broad applicability across over 300 adversary proceedings commenced by
the Liquidators to recover redemptions (the "U.S. Redeemer Actions"). As before, the
Defendants contend that the BVI Avoidance Claims are barred by the Safe Harbor.
According to the Defendants, the redemptions were made by a "financial institution"

8

within the meaning of 11 U.S.C. § 101(22) because the Funds were customers of Citco

Bank which acted as the Funds' agent with respect to the redemptions. (*Defendants

Brief* at 12-15.) Redemptions paid by Sentry and Sigma are also safe harbored because

those entities were "financial participants" within the meaning of 11 U.S.C. § 101(22A)

when the redemptions were made. (*Id.* at 15-23.) Finally, redemptions from Sigma and

Lambda are safe harbored for the additional reason that they were made for the benefit

of Sentry – a "financial institution" and "financial participant." (*Id.* at 23-24.)[8]

Furthermore, the Defendants contend that the Safe Harbor extends to bar the

Constructive Trust Claims because they seek the same relief as the BVI Avoidance

Claims. (*Id.* at 29-31.)

The Liquidators oppose the application of the Safe Harbor on several grounds.

First, they contend that the Safe Harbor does not apply to the BVI Avoidance Claims

because they seek to avoid intentionally fraudulent transfers which are carved out of the

Safe Harbor. The Liquidators reach this conclusion by imputing the bad faith of Citco

Administrator to the Funds – a result which they claim was uncertain until the Court's

ruling in *Fairfield II*. (*Liquidators Brief* at 9-13.) Second, the Safe Harbor does not

apply to the Constructive Trust Claims because (i) the Safe Harbor's plain language does

not bar the claims, (ii) the precedent extending the Safe Harbor to state common law

claims relied on the Supremacy Clause which does not apply to foreign law claims, (iii)

prescriptive comity considerations limit the reach of section 546(e), and (iv) the Safe

---

[8]     The resolution of these matters is immaterial to the Citibank Action because the parties have
stipulated that Citibank, as transferee, is a "financial institution" as defined in 11 U.S.C. § 101(22).
(*Scheduling Order* at 2.) Nevertheless, the determination of whether the Funds were covered entities
under section 546(e) applies generally to all of the U.S. Redeemer Actions.

9

Harbor does not extend to common law claims concerning intentionally fraudulent

transfers. (*Id.* at 13-19.) Third, the Liquidators contest the assertion that the

redemptions were made by a financial institution because the pleadings do not establish

that Citco Bank was an agent of the Funds. (*Id.* at 19-21.) Fourth, the redemptions were

not made by a financial participant because 11 U.S.C. § 101(22A) precludes a debtor

from being a financial participant. (*Id.* at 21-23.)

      The Defendants also seek dismissal of the U.S. Redeemer Actions for insufficient

service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure,

made applicable to these adversary proceedings by Rule 7012(b) of the Federal Rules of

Bankruptcy Procedure. They assert that the Liquidators were required to serve the

Defendants in accordance with the Hague Convention on the Service Abroad of Judicial

and Extrajudicial Documents ("Hague Service Convention"), and the Liquidators'

service of the initial complaints via international mail failed to satisfy its requirements.

(*Defendants Brief* at 32-39.) The Liquidators do not deny that mail service failed to

meet the strictures of the Hague Service Convention specifically in an adversary

proceeding against HSBC Private Bank (Suisse) SA ("HSBC Suisse"), discussed below.

Rather, they ask the Court to retroactively approve mail service to HSBC Suisse's U.S.

counsel – Cleary Gottlieb – as an alternative means of service to a foreign party

pursuant to Federal Civil Rule 4(f)(3). (*Liquidators Brief* at 23-34.) In the event the

Court denies their request, the Liquidators ask that the Court exercise its discretion to allow them to re-effect service. (*Id.* at 34-36.)[9]

## DISCUSSION

### A.    Motion to Dismiss For Failure to State a Claim

#### 1.    Standards Governing the Motion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Where the burden of pleading rests on the defendant, the Court may stilly dismiss a claim pursuant to Federal Civil Rule 12(b)(6) if the defense is apparent on the face of the complaint. *Official Comm. of Unsecured Creditors of Color*

---

[9]    After the parties' submissions, the Liquidators wrote the Court seeking leave to submit a five-page sur-reply in response to three purportedly new arguments raised in the *Defendants Reply*. (*See Letter of David Elsberg*, dated July 3, 2020 ("*Liquidators Letter*") (ECF Doc. # 3038).) Courts generally do not consider arguments raised for the first time in a reply brief, *In re Avaya Inc.*, 573 B.R. 93, 103 (Bankr. S.D.N.Y. 2017) (citing authorities), but can allow the filing of a sur-reply if it chooses to consider the new arguments. Here, the *Liquidators Letter* did not identify arguments made for the first time in the *Defendants Reply*. Rather, it addressed Defendants' arguments previously raised in the *Defendants Brief* (*e.g.*, all of the Liquidators' claims are subject to the Safe Harbor) or Defendants' replies to arguments in the *Liquidators Brief* (*e.g.*, responding to argument that Citco's intent is imputable to the Funds). Therefore, the request to file a sur-reply is denied.

*Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003); *accord Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018).

In deciding the motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). In addition, the Court may consider judicial admissions, including those made in briefs. *Scott v. City of White Plains*, No. 10 Civ. 1887 (KBF), 2012 WL 1267873, at *8 n. 7 (S.D.N.Y. Apr. 10, 2012); *Staff Mgmt. Sols., LLC v. Feltman* (*In re Corp. Res. Servs., Inc.*), Adv. Proc. No. 19-01371 (MG), 2020 WL 2278416, at *10 (Bankr. S.D.N.Y. May 6, 2020); *see Purgess v. Sharrock*, 33 F.3d, 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact.").

### 2.    Safe Harbor

The Safe Harbor, 11 U.S.C. § 546(e), is an affirmative defense for which the Defendants bear the burden of proof. *Fairfield II*, 596 B.R. at 307 (citing precedent). Nevertheless, "[t]he application of Section 546(e) presents a straightforward question of statutory interpretation of the type that is appropriately resolved on the pleadings." *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11MD2296 (DLC), 2019 WL 1771786, at *7 (S.D.N.Y. Apr. 23, 2019). Section 546(e) of the Bankruptcy Code provides in pertinent part:

> Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the

> benefit of) a . . . financial institution [or] financial participant . . ., or that is a transfer made by or to (or for the benefit of) a . . . financial institution [or] financial participant . . . in connection with a securities contract, as defined in section 741(7) . . ., that is made before the commencement of the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e). "Put simply, the safe harbor applies where two requirements are met: (1) there is a *qualifying transaction* (i.e., there is a 'settlement payment' or a 'transfer payment . . . made in connection with a securities contract) and (2) there is a *qualifying participant* (i.e., the transfer was 'made by or to (or for the benefit of) a . . . financial institution')." *Nine West,* 2020 WL 5049621, at *6 (emphasis in original).

Section 561(d), in turn, makes the Safe Harbor applicable in a chapter 15 case to "limit avoidance powers to the same extent as in a proceeding under chapter 7 or 11" of the Bankruptcy Code. As explained in *Fairfield II*, "section 561(d) is necessarily referring to avoidance powers available under non-U.S. law" because a chapter 15 foreign representative cannot exercise the avoidance powers available to a trustee in a chapter 7 or chapter 11 case. 596 B.R. at 310; *see* 11 U.S.C. § 1521(a)(7). Thus, the Safe Harbor bars the Liquidators' BVI Avoidance Claims to the extent they are analogous to preference claims, state law fraudulent transfer claims or constructive fraudulent transfer claims under Bankruptcy Code § 548(a)(1)(B). In *Fairfield II*, the Court reviewed the elements of the Liquidators' BVI Avoidance Claims. It concluded that unfair preference claims under BVI Insolvency Act § 245 resemble preference claims under 11 U.S.C. § 547(b) and the undervalue transaction claims under BVI Insolvency Act § 246 are similar to constructive fraudulent transfer claims under state and federal law. *Fairfield II*, 596 B.R. at 302, 314. The Liquidators do not argue otherwise, and

13

accordingly, the BVI Avoidance Claims will be barred by the Safe Harbor if they meet its

strictures.

### a. The Transfers Were Settlement Payments Made "in Connection with" a "Securities Contract"

As the Court previously noted, *see id.* at 314-15, the parties do not dispute that

the redemptions at issue were settlement payments made in connection with securities

contracts. (*See* ¶ 35 ("In accordance with the Funds' Subscription Agreements, Articles

of Association, offering materials and/or other relevant documents . . . the Funds paid to

shareholders, for each Share tendered for redemption, an amount that was based on

each of the respective Funds' purported Net Asset Value, as it was then calculated.")); *cf.*

*Picard v. Ida Fishman Revocable Tr.* (*In re BLMIS*), 773 F.3d 411, 422-23 (2d Cir. 2014)

(payments to BLMIS investors were settlement payments on account of securities

contracts), *cert. denied*, 576 U.S. 1044 (2015). Therefore, except for the Liquidators'

argument that the BVI Avoidance Claims are subject to the carveout for intentional

fraudulent transfer claims, addressed separately below, the remaining issue on the

applicability of the Safe Harbor to the BVI Avoidance Claims is whether the redemptions

were made by, to, or for the benefit of a qualifying entity such as a "financial institution"

of a type identified in the statute.

### b. The Transfers Were Made by a Financial Institution as Agent for Its Customer

### i. Citco Bank Is a Financial Institution

The Bankruptcy Code defines the term "financial institution" to include:

a Federal reserve bank, or an entity that is a commercial or savings bank,
industrial savings bank, savings and loan association, trust company,
federally-insured credit union, or receiver, liquidating agent, or
conservator for such entity *and, when any such* Federal reserve bank,

14

receiver, liquidating agent, conservator or *entity is acting as agent* or custodian *for a customer* (whether or not a "customer", as defined in section 741) *in connection with a securities contract* (as defined in section 741) *such customer* . . . .

11 U.S.C. § 101(22)(A) (emphasis added).

All of the redemption payments were made by the Dublin Branch of Citco Bank where the Funds maintained accounts. (*Foreign Representatives' Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 ("*Liquidators 2017 Brief*") at 67 & n. 89 (ECF Doc. # 1336);[10] *accord* Transcript of 3/27/20 Hr'g at 15:13-15 ("MR. ELSBERG: . . . Your question earlier about the flow of payments through Citco -- we agreed that it did go through Citco and so I think all that remains is to identify a complaint.") (ECF Doc. # 3061).) Citco Bank qualifies as a "financial institution" because it has been a bank regulated by the De Nederlandsche Bank ("DNB") (the central bank of the Netherlands) since December 31, 1985.[11] The Court may take judicial notice of bank registration information provided by DNB's website as its accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because

---

[10]      The Liquidators did not dispute or object to the Court's consideration of this admission after the Defendants identified the admission in their moving brief. (*See Defendants Brief* at 13.)

[11]      *See* De Nederlandsche Bank, *Information Detail: Citco Bank Nederland N.V.*, https://www.dnb.nl/en/supervision/public-register/WFTKF/detail.jsp?id=26bbcae35848e311b55a005056b672cf# (last visited Nov. 28, 2020). In addition, Citco Bank's Dublin branch, the paying bank, is registered with the Central Bank of Ireland as a "credit institution" defined as "(a) an undertaking whose business is to receive deposits or other repayable funds from the public and to grant credits for its own account, or (b) an electronic money institution." *See* Central Bank of Ireland, *Financial Service Provider Profile: Citco Bank Nederland NV Dublin Branch*, http://registers.centralbank.ie/FirmDataPage.aspx?firmReferenceNumber=C27278 (last visited Nov. 28, 2020).

it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see Enron Corp. v. Bear, Stearns Int'l Ltd.* (*In re Enron Corp.*), 323 B.R. 857, 869 (Bankr. S.D.N.Y. 2005) (taking judicial notice of various public and quasi-public bodies including the United Kingdom Financial Services Authority in determining that an entity was covered by the Safe Harbor); *cf. Tribune*, 946 F.3d at 78 (Computershare was a "financial institution" for the purposes of Section 546(e) because it is a trust company and a bank based on Office of the Comptroller of the Currency records); *Holliday v. K Rd. Power Mgmt., LLC* (*In re Boston Generating LLC*), 617 B.R. 442, 489 (Bankr. S.D.N.Y. 2020) (finding that the Bank of New York is a "financial institution" for the purposes of Section 546(e) because it is a bank pursuant to the Office of the Comptroller website).

### ii. The Funds, as Customers of Citco Bank, Were Also Financial Institutions

Under the definition of "financial institution," quoted *supra*, a *customer* of a financial institution such as a bank is also deemed to be a financial institution if the bank acts as the customer's agent in connection with a securities contract. Bankruptcy Code § 741(2) defines the term "customer" for use in stockbroker liquidations under subchapter III of chapter 7, but Bankruptcy Code § 101(22)(A) specifies that the term "customer" is not limited to section 741(2)'s definition when determining whether an entity is a financial institution. The ordinary meaning of customer is "someone who buys goods or services." *Tribune*, 946 F.3d at 79 (quoting *UBS Fin. Servs., Inc. v. W. Virginia Univ. Hosps., Inc.*, 660 F.3d 643, 650 (2d Cir. 2011)); *accord Customer*, Black's Law Dictionary (11th ed. 2019) (a "customer" includes "[a] buyer or purchaser of goods or services").

16

The *Citibank Complaint* does not spell out the relationship between Sentry or the other Funds on the one hand and Citco Bank on the other, or Citco Bank's role in connection with the securities contracts pursuant to which the Funds paid the redemptions. However, as noted, the Liquidators admitted in the *Liquidators 2017 Brief* filed in connection with the previous motion to dismiss, and reiterated earlier this year during a conference, that the redemption payments were made from the Funds' Citco Bank account in Ireland.

Thus, the Funds held accounts with Citco Bank from which the redemptions were paid. An account holder is a "customer" of the bank under U.S. law. *See* N.Y. U.C.C. § 4-104(1)(e) (defining "customer" as "any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank."). While U.S. law is not controlling, it is nevertheless persuasive on this point. Further, the Liquidators have not challenged the Defendants' contention that the Funds were customers of Citco Bank, (*see Defendants Brief* at 11-14), but to the extent they do, that argument is deemed abandoned. *Purdie v. Brown*, No. 14 Civ. 8490(NSR), 2015 WL 6741875, at *8 (S.D.N.Y. Nov. 3, 2015) (plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of those claims) (citing authorities).

Next, Citco Bank acted as the Funds' agent in connection with the securities contract underlying the redemptions. In *Tribune Co. Fraudulent Conveyance Litig.*, the Second Circuit applied the common-law standard for establishing an agency relationship which requires: (1) the principal's manifestation of intent to grant authority to the agent, (2) agreement by the agent, and (3) the principal's maintenance of control

17

over key aspects of the undertaking.  946 F.3d at 79 (citing *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 462 (2d Cir. 2003)); *accord Nine West*, 2020 WL 5049621, at *8.

Once again, the Liquidators' admission that redemptions were paid by Citco Bank establishes the necessary agency.  It is implausible to infer that Citco Bank made the redemption payments to specific redeemers in specific amounts absent the Funds' directions to do so.  Moreover, Citco Bank accepted those directions by executing the redemption payments.

Based on the foregoing, the Funds were customers of Citco Bank who acted as their agents in connection with the securities contracts pursuant to which the redemption payments were made, and the Funds were, therefore "financial institutions" within the meaning of 11 U.S.C. § 546(e).[12]  Accordingly, the BVI Avoidance Claims alleged in the *Citibank Complaint* are barred by 11 U.S.C. § 561(d).

### c.   Applicability of the Exception Under Section 548(a)(1)(A)

The Safe Harbor does not shield claims to avoid intentional fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).[13]  *See* 11 U.S.C. § 546(e) (protecting certain transfers from avoidance "except under section 548(a)(1)(A) of this title") (hereinafter, the "Intentional Fraud Exception").  The Liquidators have not asserted claims under section

---

[12]   Because the Court finds that the Funds were "financial institutions," it does not address the Defendants' alternative arguments that Sentry and Sigma were "financial participants" or that redemptions paid by Sigma and Lambda were for the benefit of Sentry.

[13]   Section 548(a)(1)(A) allows the trustee to avoid a transfer made within two years of the bankruptcy filing if the debtor "made such transfer . . . with actual intent to hinder, delay, or defraud" creditors.

548(a)(1)(A) nor could they absent the commencement of a case under chapter 7 or 11.
*See* 11 U.S.C. § 1521(a)(7) (permitting a court to grant certain relief to a chapter 15
foreign representative "except for relief available under sections . . . 544 [and] 548 . . .
."). The two BVI Avoidance Claims (*see* ¶¶ 104-20, 125-31) resemble preference claims
under section 547(b) of the Bankruptcy Code and constructive fraudulent transfer
claims under federal and state law, s*ee Fairfield II*, 596 B.R. at 302, which would be
barred by the Safe Harbor.

Nevertheless, the Liquidators assert that the Intentional Fraud Exception is not
limited to claims brought under section 548(a)(1)(A), and applies to claims under BVI
law to avoid transfers made with the intent to defraud creditors irrespective of the label
attached to a claim. (*Liquidators Brief* at 10-11.) They further argue that the BVI
Avoidance Claims fall within the Intentional Fraud Exception because Citco
Administrator's knowledge is imputable to the Funds, and the *Citibank Complaint*
alleges conscious misbehavior or recklessness by Citco Administrator as well as a motive
and opportunity to commit fraud in connection with the redemptions. (*Liquidators
Brief* at 10-12.)

The Liquidators' argument lacks merit. First, the Intentional Fraud Exception
only applies to intentional fraudulent transfer claims under Bankruptcy Code §
548(a)(1)(A); the Safe Harbor still bars state law intentional fraudulent transfer claims
that a U.S. bankruptcy trustee could assert through 11 U.S.C. § 544(b)(1). The
Liquidators, as foreign representatives under chapter 15, cannot assert a claim under
Bankruptcy Code § 548(a)(1)(A). Instead, they assume that their BVI intentional
fraudulent transfer claim is sufficiently analogous to a bankruptcy fraudulent transfer

19

claim for purposes of 11 U.S.C. § 561(d) and therefore comes within the Intentional

Fraud Exception.  If true, it is also sufficiently analogous to a state law fraudulent

transfer claim that is barred.  The Liquidators fail to articulate any rationale for equating

their BVI intentional fraudulent transfer claim to a U.S. bankruptcy law claim rather

than a state law fraudulent transfer claim.

Second, they fail to identify the source of such an intentional fraudulent transfer

claim under BVI law.[14]  Since the Safe Harbor only prohibits avoidance claims and does

not apply to non-avoidance claims absent preemption, discussed below, I limit my

consideration to the avoidance provisions under the BVI Insolvency Act.  The BVI

Insolvency Act recognizes four types of voidable transactions.  BVI INSOLVENCY ACT §

244(1) ("'voidable transaction' means (a) an unfair preference; (b) an undervalue

transaction; (c) a floating charge that is voidable under section 247; and (d) an

extortionate credit transaction.").  The Court has already concluded that the unfair

preference and undervalue transaction claims under sections 245 and 246 of the BVI

Insolvency Act, respectively, are barred by the Safe Harbor through the operation of 11

U.S.C. § 561(d).  The two other avoidance claims concern voidable floating charges

---

[14]    The Liquidators have not submitted an affidavit by an expert on BVI law to support the existence
or elements of such a claim.

20

under BVI INSOLVENCY ACT § 247[15] and extortionate credit transactions under BVI

INSOLVENCY ACT § 248.[16]

As to the former, the BVI Insolvency Act defines a "floating charge" as a "charge

created by a company or a foreign company which is, or as created was, a floating charge

whether crystallised or not." BVI INSOLVENCY ACT § 2(1). The definition is not helpful,

but a floating charge sounds like a security interest. *See id.* § 92(1) ("The Court may, on

---

[15]    BVI INSOLVENCY ACT § 247 states in pertinent part:

(1) Subject to subsection (2), a floating charge created by a company is voidable if

    (a) it is created within the vulnerability period; and

    (b) it is an insolvency transaction.

(2) A floating charge is not voidable to the extent that it secures

    (a) money advanced or paid to the company, or at its direction, at the same time as, or after, the creation of the charge;

    (b) the amount of any liability of the company discharged or reduced at the same time as, or after, the creation of the charge;

    (c) the value of assets sold or supplied, or services supplied, to the company at the same time as, or after, the creation of the charge; and

    (d) the interest, if any, payable on the amount referred to in paragraphs (a) to (c) pursuant to any agreement under which the money was advanced or paid, the liability was discharged or reduced, the assets were sold or supplied or the services were supplied.

. . . .

(4) For the purposes of subsection (2)(c), the value of assets or services sold or supplied is the amount in money which, at the time they were sold or supplied, could reasonably have been expected to be obtained for the sale or supply of the goods or services in the ordinary course of business and on the same terms, apart from the consideration, as those on which the assets or services were sold or supplied to the company.

[16]    BVI INSOLVENCY ACT § 248 states:

A transaction entered into by the company within the vulnerability period for, or involving the provision of, credit to the company is an extortionate credit transaction if, having regard to the risk accepted by the person providing the credit

    (a) the terms of the transaction are or were such as to require grossly exorbitant payments to be made (whether unconditionally or in certain contingencies) in respect of the provision of credit; or

    (b) the transaction otherwise grossly contravenes ordinary principles of fair trading.

21

the application of the administrator, make an order authorizing the administrator to dispose of (a) assets of the company that are subject to a security interest that is not a floating charge."). The *Citibank Complaint* does not allege that the transfers to Citibank involved "floating charges." As to the latter, the extortionate credit transaction applies by its terms to "credit transactions," and appears to focus on unconscionable and usurious credit transactions. The transfers to *Citibank* did not concern credit transactions. Finally, neither avoidance claim requires proof of an intent to "hinder, delay or defraud," the critical element of an intentional fraud claim. *See* 11 U.S.C. § 548(a)(1)(A).

Third, as noted, the *Citibank Complaint* alleges that the Funds were duped, believing that their BLMIS investments were worth what the BLMIS monthly statements showed. The Funds were the transferors and if they were duped, they could not have intended to "hinder, delay or defraud" the Funds' other creditors by redeeming investments at prices they believed to be accurate.[17]

### 3. The Constructive Trust Claims

Under the Supremacy Clause of the United States Constitution, federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2. "In the absence of express congressional command, state law is pre-empted if that law actually conflicts with

---

[17] The Liquidators contend that Citco's bad faith is imputed to the Funds. This is inconsistent with the notion that the Funds were duped. Furthermore, the Court stated in *Fairfield II* that if the Funds knew the NAVs were inflated, either directly or through imputation of Citco's knowledge, "but nonetheless breached their fiduciary duties to the other shareholders by authorizing the payment of inflated redemption prices, the Funds cannot rely on their own misconduct to recover the inflated redemption payments." 596 B.R. at 299.

federal law . . . or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *AP Servs. LLP v. Silva*, 483 B.R. 63, 71 (S.D.N.Y. 2012) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992)). Several courts have ruled that state law claims that seek to recover transfers shielded by the Safe Harbor are impliedly preempted by 11 U.S.C. § 546(e). *See, e.g.*, *Contemporary Indus. Corp. v. Frost*, 564 F.3d 981, 988 (8th Cir. 2009) (dismissing unjust enrichment and illegal and/or excessive shareholder distribution claims), *abrogated on other grounds by Merit Mgmt. Grp., LP v. FTI Consulting*, 138 S. Ct. 883 (2018); *Nine West*, 2020 WL 5049621, at *15 (dismissing unjust enrichment claims); *AP Servs.*, 483 B.R. at 71 (same); *cf. Hosking v. TPG Capital, L.P.* (*In re Hellas Telecomms. (Lux.) II SCA*), 526 B.R. 499, 510 (Bankr. S.D.N.Y. 2015) (denying dismissal of unjust enrichment claim which alleged facts "substantially identical to an *actual* fraudulent conveyance claim under section 548(a)(1)(A)") (emphasis in original); *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A.* (*In re Lehman Bros. Holdings Inc.*), 469 B.R. 415, 451 (Bankr. S.D.N.Y. 2012) (same). Allowing a plaintiff to recover a safe harbored transfer by attaching a different label to the claim would frustrate the purpose of section 546(e). *AP Servs.*, 483 B.R. at 71; *accord Contemporary Indus.*, 564 F.3d at 988; *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del. v. Fleet Retail Fin. Grp.* (*In re Hechinger Inv. Co. of Del.*). 274 B.R. 71, 96 (D. Del. 2002). Relying on these and similar authorities, Defendants contend that the Constructive Trust Claims should be dismissed because they seek to unwind safe harbored redemption payments. (*Defendants Brief* at 29-31.)

I disagree.  The Liquidators correctly point out, (*see Liquidators Brief* at 14-16),
that the "Supremacy Clause applies to states and is inapplicable to considerations of
federal law versus foreign law."  *Al-Kurdi v. United States*, 25 Cl. Ct. 599, 601 n. 3 (Cl.
Ct. 1992).  Courts do not assume that otherwise applicable foreign law is preempted
absent express statutory language to that effect.  *See LaSala v. Bordier et Cie*, 519 F.3d
121, 138-39 (3d Cir.) (rejecting argument that Congress impliedly preempted Swiss law
claims through the enactment of Securities Litigation Uniform Standards Act (SLUSA)),
*cert. dismissed*, 555 U.S. 1028 (2008); *In re Petrobras Sec. Litig.*, 169 F. Supp. 3d 547,
551-52 (S.D.N.Y. 2016) (plain language of SLUSA does not bar Brazilian law claims
"[d]espite how well a ban on foreign law claims might fit within the larger statutory
scheme"); *Comrie v. IPSCO Inc.*, No. 08-cv-03060, 2008 WL 5220301, at \*4-5 (N.D. Ill.
Dec. 10, 2008) (rejecting argument that Canadian law claims were preempted by the
Employee Retirement Income Security Act (ERISA): "The statutory text of ERISA does
not clearly preempt foreign law, only state law. . . . Thus, it must be presumed that
Congress did not intend ERISA to preempt foreign law.").

Here, the Constructive Trust Claims are based on BVI law and the Defendants
have not identified any statutory language that purports to *expressly* preempt the
Constructive Trust Claims.  Consequently, the Motion to dismiss the Constructive Trust
Claims on the ground that they seek to recover safe harbored transfers is denied.

## B.    Motion to Dismiss for Insufficient Service of Process

When the Liquidators commenced the U.S. Redeemer Actions, the Liquidators
served the Defendants, including the foreign Defendants, by mail.  For example, the
Liquidators served the summons and initial complaint in *Fairfield Sentry Ltd. v. HSBC*

*Private Bank Suisse SA*, Adv. Proc. No. 10-03633 (SMB) (the "HSBC Action")[18] on

HSBC Suisse by international registered mail to HSBC Suisse's address in Switzerland

listed on the Funds' records. (*See Declaration of David J. Molton in Support of*

*Liquidators' Memorandum of Law in Opposition to Defendants' Renewed Motion to*

*Dismiss*, dated May 29, 2020 ("*Molton Declaration*") at ¶ 2 (ECF Doc. # 3034).) The

Liquidators also served the complaint by mail on HSBC Suisse's U.S. counsel, Cleary

Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), at its New York office. (*Id.*)

The Defendants seek dismissal of the U.S. Redeemer Actions for insufficient

service of process under Federal Civil Rule 12(b)(5). Using the summons and complaint

in the HSBC Action as the test case, they argue that the Liquidators were required to

effectuate service pursuant to the Hague Service Convention, mail service is not

permitted where the member country has objected to that method of service,

Switzerland has expressly objected to mail service, and therefore, the Liquidators' 2010

service on HSBC Suisse via international mail was ineffective. (*Defendants Brief* at 32-

37.)

The Liquidators do not dispute that mail service on HSBC Suisse failed to satisfy

the requirements of the Hague Service Convention. Instead, they seek retroactive

approval of their 2010 mail service on HSBC Suisse's U.S. counsel, Cleary Gottlieb, as a

form of alternative service pursuant to Federal Civil Rule 4(f)(3).

---

[18]    Again, following consultation with the parties, the Court designated the HSBC Action as the
representative action with respect to the Defendants' arguments seeking dismissal for insufficient service
of process. (*See Scheduling Order* at ¶ 1(a).)

### 1.    Rule 4(f)(3)

A foreign corporation may be served abroad "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2).  Rule 4(f), in turn, states in pertinent part:

> **Serving an Individual in a Foreign Country.**  Unless federal law provides otherwise, an individual . . .  may be served at a place not within any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Service Convention];
>>
>> . . . or
>>
>> (3) by any means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

"Courts have repeatedly recognized that there is no hierarchy among the subsections in Rule 4(f)." *Wash. State Inv. Bd. v. Odebrecht S.A.*, 17 Civ. 8118 (PGG), 2018 WL 6253877, at *3 (S.D.N.Y. Sept. 21, 2018); *accord In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012); *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505(ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012).  Hence, "court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1)," *GLG Life Tech*, 287 F.R.D. at 265 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)), and "[a] plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *S.E.C. v. Anticevic*, No. 05 CV 6991(KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (emphasis in original); *see also Madu, Edozie & Madu, P.C. v.*

26

*Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (citation omitted).

An alternative method of service under Rule 4(f)(3) is proper so long as it (1) is not prohibited by international agreement, and (2) comports with constitutional notions of due process. *Odebrecht*, 2018 WL 6253877, at *4; *accord Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013). The decision to approve an alternative method of service is committed to the court's sound discretion. *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 397 (S.D.N.Y. 2014); *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009). In exercising this discretion, courts in this District routinely require "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Odebrecht*, 2018 WL 6253877, at *6; *accord Peifa Xu v. Gridsum Holding Inc.*, 18 Civ. 3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020). "But nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *GLG Life Tech*, 287 F.R.D. at 266.

### 2. Service on U.S.-Based Counsel

Initially, the Defendants contend that service on a foreign corporation's U.S. counsel cannot be a proper method of service under Rule 4(f)(3). (*Defendants Reply* at 17; *Letter of Marc J. Gottridge*, dated July 27, 2020 (ECF Doc. # 3044).) Specifically, Rule 4(f) sets forth the methods in which an individual "may be served at a place *not within any judicial district of the United States*." Fed. R. Civ. P. (4)(f) (emphasis

added); *see also* FED. R. CIV. P. 4(h)(2) (a foreign corporation must be served "at a place

not within any judicial district of the United States, in any manner prescribed by Rule

4(f) . . . .").

Courts are split on the issue of whether domestic service on a foreign defendant's

U.S. counsel can constitute service "at a place not within" the U.S. under Rule 4(f)(3),

but the majority view service on U.S.-based counsel a permissible method under Rule

4(f)(3). *See, e.g., Zanghi v. Ritella*, 19 Civ. 5830 (NRB), 2020 WL 589409, at *7

(S.D.N.Y. Feb. 5, 2020); *Odebrecht*, 2018 WL 6253877, at *4; *NYKCool A.B. v. Pac. Int'l

Servs., Inc.*, No. 12–cv–5754 (LAK), 2015 WL 998455, at *4-5 (S.D.N.Y. Mar. 5, 2015);

*Atlantica Holdings, Inc. v. BTA Bank JSC*, 13 Civ. 5790 (JMF), 2014 WL 12778844, at

*3 (S.D.N.Y. Mar. 31, 2014); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515

(S.D.N.Y. 2013); *GLG Life Tech*, 287 F.R.D. at 267; *Arista Records LLC v. Media Servs.

LLC*, No. 06 Civ. 15319(NRB), 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008); *RSM

Prod. Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *6 (S.D.N.Y.

Aug. 10, 2007); *Enrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641(RCC), 2005 WL

696769, at *3 (S.D.N.Y. Mar. 23, 2005); *contra Convergen Energy LLC v. Brooks*, 20-

cv-3746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) (service on domestic

counsel is not permissible under Rule 4(f) because the "place" of service is within the

U.S.). In *Odebrecht*, District Judge Gardephe observed that alternative service to a U.S.

attorney is permissible "because such service requires transmission of service papers to

a foreign defendant via a domestic conduit like a law firm or agent – ultimately, the

foreign individual is served and thereby provided notice outside a United States judicial

district, in accordance with Rule 4's plain language." 2018 WL 6253877, at *4 (quoting

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014)) (alteration omitted); *accord RMS Prod. Corp.*, 2007 WL 2295907, at *6 ("Court-ordered service on counsel made under Rule 4(f)(3) serves as effective authorization 'by law' for counsel to receive service."); *see Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries (OPEC)*, 766 F.3d 74, 84 (D.C. Cir. 2014) ("[W]hile Rule 4(f)(3) addresses service only 'at a place not within any judicial district of the United States,' Fed.R.Civ.P. 4(f), arguably, when a court orders service on a foreign entity through its counsel in the United States, the attorney functions as a mechanism to transmit the service to its intended recipient abroad."). Hence, the "relevant circumstance is where the defendant is, and not the location of the intermediary." *Odebrecht*, 2018 WL 6253877, at *4; *accord Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 14 (D. D.C. 2016) (criticizing a narrow interpretation of Rule 4(f) because it "assumes, without explanation, that 'service' is complete when the foreign defendant's United States counsel physically receives the summons"). The Court agrees with *Odebrecht* and the other cases ruling that service to a foreign defendant via a domestic conduit is permissible under Rule 4(f)(3).

When seeking approval of alternative service through counsel, the movant must show adequate communication between the counsel and the party to be served. *GLG Life Tech*, 287 F.R.D. at 267. Here, HSBC Suisse has undoubtedly been in regular contact with Cleary Gottlieb and has actively participated in the HSBC Action since at least September 2010 (*see Motion of Moving Defendants to Withdraw the Reference of the Above-Captioned Adversary Proceedings to the Bankruptcy Court*, dated Sept. 20, 2010 (filed by Cleary Gottlieb attorney Evan A. Davis, Esq. on behalf of HSBC Suisse *et*

29

*al.*) (ECF Adv. Proc. No. 10-03633 Doc. # 2)) and thereafter. *See Baidu.com Inc.*, 293

F.R.D. at 515 ("service on Baidu's counsel would satisfy the requirements of due process,

as Baidu has actual notice of this lawsuit and there is evidence of adequate

communication between Baidu and counsel") (citation and internal quotation marks

omitted).

### 3.   Not Prohibited by International Agreement

Under Rule 4(f)(3), the proposed method of service must not be prohibited by

international agreement, and the Defendants contend that mail service to Cleary

Gottlieb runs afoul of the Hague Service Convention. (*Defendants Reply* at 17-18.) This

argument lacks merit. When service is made on domestic counsel, the Hague Service

Convention is not implicated because no documents are transmitted abroad. *Baidu.com

Inc.*, 293 F.R.D. 515; *GLG Life Tech*, 287 F.R.D. at 267; *cf. Volkswagenwerk

Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic

agent is valid and complete under both state law and the Due Process Clause, our

inquiry ends and the [Hague Service Convention] has no further implications."). Here,

Cleary Gottlieb was served domestically, and the Hague Service Convention is therefore

inapplicable.

### 4.   Prior Attempt at Service and Other Considerations

As stated, the Court in the exercise of its discretion may consider whether the

plaintiff has reasonably attempted service on the defendant as well as other surrounding

circumstances. In addition to serving Cleary Gottlieb by mail, the Liquidators served

the summons and initial complaint on HSBC Suisse in Switzerland by international mail

in 2010. (*Molton Declaration* at ¶ 2.) In serving HSBC Suisse by mail, the Liquidators

relied on a provision in subscription agreements with Sentry under which HSBC Suisse consented to the jurisdiction of New York courts and service by mail for "any suit, action or proceeding with respect to [the subscription agreement] and the Fund." (*See Declaration of David J. Molton in Further Support of Motion for Leave to Amend and in Opposition to Defendants' Motion to Dismiss*, dated Mar. 31, 2017, Ex. A at ¶ 19 (emphasis added) (ECF Doc. # 1337).)

The Court concluded in connection with the prior motion to dismiss that the U.S. Redeemer Actions were not proceedings with respect to the subscription agreements. *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), No. 10-13164 (SMB), 2018 WL 3756343, at *10-12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*"). Until the Court issued *Fairfield I* in August 2018, the Liquidators had a reasonable basis to believe that they had properly served HSBC Suisse by mail in accordance with the subscription agreements. After the Court issued *Fairfield I* and *Fairfield II*, the parties entered into detailed stipulations in 2019 resolving the prior motion to dismiss and identifying the issues to be raised in the instant Motion to dismiss including "whether service was properly effected." (*See Stipulated Order Granting in Part and Denying in Part Moving Defendants' Motions to Dismiss and Plaintiffs' Motion for Leave to Amend*, so-ordered on Apr. 15, 2019 at § II.A (ECF Adv. Proc. No. 10-3633 Doc. # 81).)[19]

---

[19]     Because the parties specifically contemplated that the issue of proper service would be litigated through the current Motion, the Defendants' argument that the Liquidators have ignored the Court's ruling in *Fairfield I* (*see Defendants Reply* at 18-19) is without merit.

Other factors also militate in favor of allowing mail service on Cleary Gottlieb, specifically cost and delay. According to an estimate the Liquidators provided, the cost associated with re-serving HSBC Suisse and the other Swiss Defendants would total $272,441 (*Motion Declaration* at ¶¶ 4-12; Ex. 3), and the process would take four months or more. (*Liquidators Brief* at 32-33.) Courts often consider the cost and delay associated with service under the Hague Service Convention or other treaties when approving alternative service under Rule 4(f)(3). *Odebrecht*, 2018 WL 6253877, at *8-9; *GLG Life Tech*, 287 F.R.D. at 266-67.

The issue of cost is particularly compelling in this case. The *Citibank Complaint* alleges that the Funds were insolvent or rendered insolvent by the transfers, (¶¶ 7, 13, 39), and their financial situation is not much better today. After the chapter 15 cases were filed, the Liquidators and the BLMIS SIPA trustee entered into a settlement pursuant to which the latter entered judgments in this Court in the amount of $3,054,000,000 against Sentry, $752,300,000 against Sigma and $52,900,000 against Lambda. (¶ 13.) Among other things, Sentry, the BLMIS customer, received an allowed $230 million claim in the BLMIS SIPA proceeding. *In re Fairfield Sentry Ltd.,* 539 B.R. 658, 662 (Bankr. S.D.N.Y. 2015), *aff'd,* 690 F. App'x 761 (2d Cir.) (summary order), *cert. denied*, 138 S. Ct. 285 (2017). Suffice it to say that the judgments dwarf the BLMIS claim and the Funds appear to still be insolvent. Forcing the Liquidators to expend significant sums to effect service under the Hague Service Convention when cheaper and equally effective alternatives exist will adversely affect the amount available for ratable distribution to the Funds' creditors and shareholders. Moreover, HSBC Suisse has had actual notice of the HSBC Action, has actively litigated for a decade through capable

32

counsel, "and, thus, as a practical matter, the purpose of the service requirement has already been accomplished." *Arista Records*, 2008 WL 563470, at *2; *accord Atlantica Holdings*, 2014 WL 12778844, at *3.

### 5.    Retroactive Approval

The stumbling block, however, is retroactive approval.  As the Defendants argue, retroactive approval of a method of service pursuant to Rule 4(f)(3) is impermissible. (*Defendants Reply* at 16.)  Rule 4(f)(3) permits service "by other means not prohibited by international agreement, *as the court orders*."  (Emphasis added).  The emphasized portion denotes that the party must receive court approval prior to service.  *Fed. Trade Comm'n v. Pecon Software Ltd.*, No. 12 Civ. 7186(PAE), 2013 WL 4016272, at *9 (S.D.N.Y. Aug. 7, 2013); *United States v. Machat*, No. 08 Civ. 7936(JGK), 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009); 1 MOORE'S FEDERAL PRACTICE § 4.52 (3d ed. 2020) ("The language of Rule 4(f)(3) permitting service 'as the court orders' requires *prior* approval of the service method by court order before it is used.") (emphasis in original).[20]

Nonetheless, the Liquidators request alternative relief in the form of additional time to re-effect service on HSBC Suisse (*Liquidators Brief* at 34-35) – an issue to which I now turn.

---

[20]    The District Court in *Exp.-Imp. Bank of the United States v. Asia Pulp & Paper Co., Ltd.*, No. 03Civ.8554(LTS)(JCF), 2005 WL 1123755 (S.D.N.Y. 2005) retroactively approved a method of service under Rule 4(f)(3) where such service had proved effective in providing notice to the defendant.  *Id.* at *5. However, "defective service cannot be ignored on the mere assertion that defendant had 'actual notice.'" *Pecon Software*, 2013 WL 4016272, at *9 (quoting *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)).

### 6.     Additional Time to Effect Service

The Defendants seek dismissal for failure to make timely service. (*Defendants Brief* at 38-39; *Defendants Reply* at 20.)  The general rule under Federal Civil Rule 4(m) that service must be made on a defendant within 120 days of the time the case was commenced (the limit has since been reduced to 90 days) "does not apply to service in a foreign country under Rule 4(f) [or] 4(h)(2)," FED. R. CIV. P. 4(m), so long as the plaintiff attempts to begin service on a foreign defendant within that timeframe.  *USHA (India) Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005); *Trilliant Funding, Inc. v. Marengere* (*In re Bozel S.A.*), 1:16-cv-3739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017).  Under the foreign country exception, the court applies a "flexible due diligence standard to determine whether service of process was timely," *Burda Media, Inc. v. Blumenberg*, No. 97 Civ.7167(RWS), 2004 WL 1110419, at *5 (S.D.N.Y. May 18, 2004) (citation omitted), and "assesses the reasonableness of the plaintiff's efforts and the prejudice to the defendant from the delay." *Bozel*, 2017 WL 3175606, at *2. [21]

Here, as stated above, the Liquidators exercised due diligence.  They attempted service on HSBC Suisse in a timely manner consistent with the subscription agreements. The Liquidators had a reasonable basis to believe that they had properly served HSBC

---

[21]     Neither party addressed the issue of whether the foreign service exception to Rule 4(m) applies when the plaintiff is seeking to serve a domestic conduit under Rule 4(f)(3).  Rather, both sides relied on precedent applying the flexible due diligence standard for determining timeliness of service on a foreign defendant.  (S*ee Liquidators Brief* at 35; *Defendants Reply* at 20 (arguing that the Liquidators have failed to show diligence).)  The Court will, therefore, apply this standard.  In any event, even if the exception did not apply, the service deadline must be extended pursuant to Rule 4(m) upon a showing of "good cause" which balances the "plaintiff's reasonable efforts to effect service" against the "prejudice to the defendant from delay," *Savage & Assocs., P.C. v. Williams Commc'ns*, (*In re Teligent Servs., Inc.*), 324 B.R. 467, 472 (Bankr. S.D.N.Y. 2005) (citation omitted), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007) – a comparable analysis to that required under the flexible due diligence standard.

Suisse, and not attempt further service, until the issuance of *Fairfield I* in 2018. The service issue nonetheless remained a live dispute, and the parties stipulated to litigating the issue of service of process in connection with the current Motion. The decision to litigate the propriety of past service or seek a different and less costly method of new service, rather than proceed with the costly and time-consuming process of serving the Defendants under the Hague Service Convention, does not signify a lack of due diligence.

Nor have the Defendants identified any prejudice they have suffered as a result of the passage of time. Despite the service issue, they have been actively litigating numerous issues in this Court since 2010, including the dismissal of all of the Liquidators' claims which culminated in this decision, and these threshold issues had to be decided before the litigations could advance.

Accordingly, the Liquidators request to effect service on HSBC Suisse's U.S. counsel, Cleary Gottlieb, is granted. The parties should, in the first instance, meet and confer in an attempt to forego another round of service failing which the Liquidators must serve Clearly Gottlieb by first class mail within sixty days of the date of this memorandum decision. The parties must submit a joint letter to the Court within thirty days of this memorandum decision on the status of their meet and confer.

The Court has considered the parties' other arguments and to the extent not addressed herein, concludes that they lack merit or are mooted by the Court's rulings.

 Settle orders in each affected adversary proceeding on notice or submit consensual

orders.

Dated:   New York, New York
         December 14, 2020

                                        /s/ *Stuart M. Bernstein*
                                         STUART M. BERNSTEIN
                                      United States Bankruptcy Court

# Appendix A-3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                 :
In re:                            :        Chapter 15 Case
                                   :
FAIRFIELD SENTRY LIMITED, *et al.*,    :        Case No. 10-13164 (SMB)
                                   :
      Debtors in Foreign Proceedings.     :        Jointly Administered
--------------------------------------------------------X
                                   :
FAIRFIELD SENTRY LIMITED         :
(IN LIQUIDATION), acting by and through the :        Adv. Proc. No. 10-03496 (SMB)
Foreign Representatives thereof,       :
                                 :        Administratively Consolidated
             Plaintiffs,         :
                                 :
         -against-            :
                                 :
THEODOOR GGC AMSTERDAM, *et al.*,    :
                                 :
         Defendants.        :
--------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER DENYING
## MOTION FOR RECONSIDERATION

**A P P E A R A N C E S :**

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

      David J. Molton, Esq.
      Marek P. Krzyzowski, Esq.
         Of Counsel

    - and –

SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104

      David Elsberg, Esq.
      Lena Konanova, Esq.

*Attorneys for Plaintiffs*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

    Nowell D. Bamberger, Esq.
        Of Counsel

*Attorneys for Defendant HSBC Securities Services*
*(Luxembourg) S.A., HSBC Private Bank (Suisse)*
*S.A., HSBC Bank USA, N.A.*[1]

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

    In *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry*

*Ltd.*), Adv. Proc. No. 10-03496 (SMB), 2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14,

2020) ("*Fairfield II*"), the Court ruled, *inter alia*, that the safe harbor under 11 U.S.C. §

546(e), made applicable pursuant to 11 U.S.C. § 561(d), barred the Liquidators'

avoidance claims under the law of the British Virgin Islands ("BVI") (the "BVI

Avoidance Claims"), but did not bar the Plaintiffs' BVI common law claims to impose a

constructive trust ("Constructive Trust Claims").  The Defendants now seek

reconsideration through the *Motion* of the latter ruling, arguing that the Constructive

Trust Claims are also barred by the safe harbor.  The Liquidators oppose the *Motion*,

arguing that the Court did not overlook controlling authority and the Defendants have

failed to show a clear error or manifest injustice.  (Letter from David Elsberg, Esq. to the

Court, dated Feb. 17, 2021 ("*Opposition*") (ECF Doc. # 3073).)[2]  I agree and deny the

*Motion* for the reasons that follow.

---

[1]     The other Defendants in these administratively consolidated proceedings that have joined in this motion and their counsel are listed, respectively, in Appendix A and B to the Letter from Nowell D. Bamberger, Esq. to the Court, dated Feb. 17, 2021 (the "*Motion*") (ECF Doc. # 3072).  "ECF Doc. #" refers to the electronic docket in Adv. Proc. No. 10-03496.

[2]     By agreement of the parties and the Court, the *Motion* and the *Opposition* were presented in letters on an expedited basis.

## BACKGROUND

The background to the *Motion* is set forth in the Court's prior decisions, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), 596 B.R. 275 (Bankr. S.D.N.Y. 2018) ("*Fairfield I*"), *appeal docketed*, No. 1:19-cv-03911-VSB (S.D.N.Y. May 1, 2019) and *Fairfield II*.  I assume familiarity with those decisions and limit the discussion to what is germane to this decision.

The plaintiffs are the Liquidators appointed by the BVI Court to oversee the liquidation of Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited (the "Funds"), feeder funds that invested all or substantially all of their assets directly or indirectly with Bernard L. Madoff Investment Securities LLC ("BLMIS").[3] Madoff ran his notorious Ponzi scheme through the investment advisory division of BLMIS.  When BLMIS collapsed following Madoff's arrest, so too did the Funds.  The Liquidators filed chapter 15 cases as foreign representatives, and the cases were recognized as foreign main proceedings.

The Liquidators filed over 300 substantially similar adversary proceedings against various entities that had redeemed their shares in the Funds prior to the Funds' collapse and the revelation of Madoff's Ponzi scheme.  The redemption prices the Funds paid to these redeemers were based on the erroneous belief that the BLMIS investments had substantial value when, in fact, they were worthless or virtually worthless.  The Liquidators asserted avoidance claims under sections 245 and 246 of the BVI Insolvency Act of 2003 ("Insolvency Act") to claw back redemptions paid with inflated prices as

---

[3]     Different individuals have served as Liquidators at different times over the years.  Any reference to the Liquidators means the persons serving as Liquidators at the relevant time.

"unfair preferences" and/or "undervalue transactions" and common law and contract

claims under BVI law.

In *Fairfield I*, the Court dismissed all of the Liquidators' claims except for the

BVI Avoidance Claims and the Constructive Trust Claims against the so-called

Knowledge Defendants who, according to the Liquidators, knew when they redeemed

their interests in the Funds that the redemption prices were inflated because they were

based on Fairfield Sentry's fictitious BLMIS account statements listing securities that

did not exist.  In *Fairfield II*, the Court dismissed the BVI Avoidance Claims pursuant to

the safe harbor under 11 U.S.C. §§ 546(e), 561(d), but denied the motion to dismiss the

Constructive Trust Claims.

The remaining Knowledge Defendants had made a straightforward argument in

support of their motion to dismiss the Constructive Trust Claims: (i) the Constructive

Trust Claims sought the same relief as the barred BVI Avoidance Claims, (ii) common

law claims that seek the same relief as barred avoidance claims are also barred, and

therefore, (iii) the Constructive Trust Claims were barred.  (*Consolidated*

*Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant*

*to 11 U.S.C. §§ 561(d), 546(e), and 546(g) and for Insufficient Service of Process Under*

*the Hague Service Convention*, dated Mar. 16, 2020 ("*Defendants' Brief*"), at 29-31

(ECF Doc. # 2903).)

In response, the Liquidators identified what they considered to be a fundamental

fallacy with the Defendants' argument.  The Defendants' supporting authorities involved

dismissed U.S. common law claims and were decided on preemption grounds under the

Supremacy Clause, but neither preemption nor the Supremacy Clause applied to foreign law claims. Rather, Congress must explicitly displace foreign law, but section 561(d), the hook that drew the BVI Avoidance Claims into the safe harbor under section 546(e), only mentioned avoidance claims and did not refer to foreign common law claims like the Constructive Trust Claims. (*Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss*, dated May 29, 2020, at 13-16 (ECF Doc. # 3033).) The Liquidators also argued that principles of comity counseled against dismissal of the Constructive Trust Claims, *id.* at 16, an issue the Court did not decide, and the Constructive Trust Claims concerned intentional fraudulent transfers that the safe harbor would not prohibit, *id.* at 17, but the Court ruled that the Liquidators had not asserted intentional fraudulent transfer claims. *Fairfield II*, 2020 WL 7345988, at *8-9.

In reply, the Defendants reiterated that the safe harbor barred the Constructive Trust Claims because, like the BVI Avoidance Claims, they sought to unwind the same transfers even though sections 546(e) and 561(d) do not explicitly displace foreign law. (*Consolidated Reply Memorandum of Law in Further Support of Defendants' Renewed Motion to Dismiss,* dated June 19, 2020, at 10-11, 12 (ECF Doc. # 3036).) The Defendants also argued that comity did not provide a basis to sidestep the safe harbor and the Constructive Trust Claims were not intentional fraudulent transfer claims. (*Id.* at 12-13.)

The Court agreed with the Liquidators. The Defendants' authorities relied on principles of preemption under the Supremacy Clause which did not apply to foreign law unless foreign law was explicitly displaced by Congress. Sections 546(e) and 561(d) are limited to avoidance claims and do not explicitly bar foreign common law claims

5

even if they seek the same relief. *Fairfield II*, 2020 WL 7345988, at *9-10. Hence, the

Court denied the motion to dismiss the Constructive Trust Claims.

## DISCUSSION

A motion for reargument or reconsideration is governed by Local Bankruptcy

Rule 9023-1.[4] "The movant must show that the court overlooked controlling decisions

or factual matters that might have materially influenced its earlier decision." *In re Asia*

*Glob. Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005) (citation and internal

quotation marks omitted). Alternatively, the movant must demonstrate "the need to

correct a clear error or prevent manifest injustice." *Perez v. Progenics Pharm., Inc.*, 46

F. Supp. 3d 310, 314 (S.D.N.Y. 2014) (citation and internal quotation marks omitted). A

manifest injustice exists when a "verdict is wholly without legal support," *ING Glob. v.*

*United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014), and the error is

one that is obvious to all who view it. *Spizz v. Eluz* (*In re Ampal-Am. Isr. Corp.*), Adv.

Proc. No. 14-02110 (SMB), 2020 WL 5242956, at *2 (Bankr. S.D.N.Y. Sept. 1, 2020); *cf.* .

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228 (7th Cir.) ("To be clearly

erroneous, a decision must strike us as more than just maybe or probably wrong; it must

. . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."), *cert.*

---

[4]     Local Bankruptcy Rule 9023-1(a) states:

    A motion for reargument of a court order determining a motion must be served within
    fourteen (14) days after the entry of the Court's order determining the original motion, or
    in the case of a court order resulting in a judgment, within fourteen (14) days after the
    entry of the judgment, and, unless the Court orders otherwise, shall be made returnable
    within the same amount of time as required for the original motion. The motion must set
    forth concisely the matters or controlling decisions which counsel believes the Court has
    not considered. No oral argument shall be heard unless the Court grants the motion and
    specifically orders that the matter be re-argued orally.

*denied*, 493 U.S. 847 (1989). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999), and a motion for reconsideration is not an opportunity to present the case under new theories, secure a rehearing on the merits, or otherwise take a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

The *Motion* makes three points. First, the Constructive Trust Claims are actually avoidance claims. (*Motion* at 2-7; *id.* at 4 ("The Liquidators' constructive trust claim is an 'avoidance' claim and therefore within the scope of Section 546(e) regardless of how it is labeled.").) Second, the Liquidators stand in the "same shoes" as a U.S. case trustee whose constructive trust claims would be barred. (*Motion* at 5 ("*Fairfield* [*II*] thus erred in permitting a foreign representative to use foreign common law claims to achieve what a domestic trustee cannot do under state law or foreign statutory law.").) Third, the purpose of the safe harbor would be defeated if it did not bar the Constructive Trust Claims. (*Motion* at 6 ("[A]llowing the constructive trust claim that seeks to unwind safe harbored transactions to proceed would frustrate the purpose of Section 546(e), an incongruous result that overlooks the substance of the claim at issue and would defeat the purpose of the application of the safe harbor in Chapter 15 proceedings.").)

The first argument is new. The Defendants had argued in their motion to dismiss that the Constructive Trust Claims sought the same relief as the BVI Avoidance Claims and should be barred for that reason, but never argued that the Constructive Trust Claims *were* avoidance claims. (*Defendants' Brief* at 31 ("It is irrelevant that the

7

Liquidators' claims for knowing receipt sound in unjust enrichment, rather than U.S. or BVI bankruptcy law.").)

While this is sufficient to reject the argument on a motion for reconsideration, it is also wrong. The BVI Avoidance Claims and the Constructive Trust Claims require proof of different elements. To establish a constructive trust claim under English law, which would apply in the BVI, "the plaintiff must show, first, a disposal of his assets in breach of fiduciary duty; second, the beneficial receipt by the defendant of assets which are traceable as representing the assets of the plaintiff; and third, knowledge on the part of the defendant that the assets he received are traceable to a breach of fiduciary duty." *El Ajou v. Dollar Land Holdings Ltd.* [1994] 2 All E.R. 685, 700. Neither breach of fiduciary duty nor the defendant's knowledge, two of the three elements of the Constructive Trust Claims, are elements of the BVI Avoidance Claims. *See Fairfield I*, 596 B.R. at 302 (discussing the BVI Avoidance Claims). Conversely, insolvency is an element of the BVI Avoidance Claims but not the Constructive Trust Claims. *Id.* Furthermore, while the defendant's knowledge is an element of the Constructive Trust Claims, it is part of the "good faith for value" affirmative defense available to fraudulent transferees, *see* Insolvency Act § 250, that a transferee can assert or waive but the plaintiff need not prove. Thus, while the two sets of claims may ultimately lead to the same result, a money judgment for the amount of the redemption payments, the Constructive Trust and BVI Avoidance Claims proceed on different theories and different proof.

Finally, the Defendants argue that the Constructive Trust Claims are not true constructive trust claims because they are not premised on a breach of fiduciary duty or

8

another tort.  (*Motion* at 3.)  If the Defendants believe this to be the case, they should move to dismiss the Constructive Trust Claims for failure to state a claim rather than argue that the absence of a breach of fiduciary duty makes them avoidance claims subject to the safe harbor.

The other two points, the "same shoes" and the "frustration of purpose" arguments, are variations of the argument that the Defendants' made and the Court considered and rejected in *Fairfield II*.  I assume, as the Defendants' argue, that similar, constructive trust claims asserted by a U.S. case trustee under state law would be barred by the safe harbor because they would "frustrate the purpose of Section 546(e)." "Frustration of purpose" is the language of conflict preemption under the Supremacy Clause.  *See Goonan v. Fed. Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 492 (S.D.N.Y. 2013) ("Conflict preemption 'occurs when compliance with both state and federal law is impossible, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress.'") (quoting *United States v. Locke,* 529 U.S. 89, 109 (2000)).  The Liquidators do not stand in the "same shoes" as a U.S. case trustee because U.S. preemption law, the basis for the decisions by the Defendants' authorities, does not apply to foreign law claims, and sections 546(e) and 561(d) do not expressly preempt or displace foreign common law claims.  *Fairfield II*, 2020 WL 7345988, at *9-10.  Thus, even if the assertion of the Constructive Trust Claims frustrates the purpose of the safe harbor, the safe harbor does not bar them.  To paraphrase the District Court when it addressed whether the Securities Litigation Uniform Standards Act barred claims under Brazilian law,

> Despite how well a ban on foreign law claims might fit within the larger statutory scheme, this Court is bound by the statute's plain language.

9

[Citation omitted].  Because the plain language of [Bankruptcy Code §§ 546(e) and 561(d) do] not bar foreign law [constructive trust] claims, [the Defendants'] argument fails."

*In re Petrobras Sec. Litig.*, 169 F. Supp. 3d 547, 551-52 (S.D.N.Y. 2016).

At bottom, the Defendants have failed to identify any controlling authority or facts I overlooked, clear error or manifest injustice.  Instead, they have either raised a new argument or repackaged old ones that the Court considered and rejected in *Fairfield II*.  Accordingly, the *Motion* is denied.

So ordered.

Dated:   New York, New York
         February 23, 2021

                              /s/ *Stuart M. Bernstein*
                              STUART M. BERNSTEIN
                              United States Bankruptcy Judge

# Appendix B
# Defendants-Appellants[1]

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 1. | Adv. Pro. 10-3622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* | Citibank NA London | 19-cv-3911 |
| 2. | Adv. Pro. 10-3626 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas* | BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas | N/A[3] |
| 3. | Adv. Pro. 10-3627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Altigefi-Altipro Master a/k/a Olympia Capital Management | N/A |
| 4. | Adv. Pro. 10-3627 | *Fairfield Sentry Ltd. (In Liquidation), et al.v. BNP Paribas Securities Services Luxembourg, et al.* | BNP Paribas Securities Services Luxembourg | N/A |
| 5. | Adv. Pro. 10-3627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Security Services Luxembourg, et al.* | Rothschild & Cie Banque-EGA | N/A |
| 6. | Adv. Pro. 10-3627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Milan Clessidra a/k/a Clessidra SGR SpA | N/A |

---

[1]    The names of Defendants included in this Appendix reflect parties named as Defendants by the Liquidators in the relevant complaints (or to the extent there has been an update to the docket in a particular Action changing the name of a defendant, the updated defendant name) (the "As-Named Defendants"). The inclusion of the As-Named Defendants in this Appendix is not and shall not be construed as an acknowledgement that any such As-Named Defendants are cognizable legal entities or as a waiver of any substantive or procedural rights and remedies by any such As-Named Defendants, all of which are hereby expressly reserved.

[2]    As of the time of filing the Notice of Appeal for the instant interlocutory appeals in each Bankruptcy Court adversary proceeding listed here, S.D.N.Y. docket numbers have not yet been assigned to each newly-opened interlocutory appeal. Listed instead in this column for the Court's convenience are the S.D.N.Y. docket numbers assigned to the Liquidators' currently-pending appeals of right taken in 2019 arising out of *Fairfield II.*

[3]    Two cases involving five Defendants have their prior pending S.D.N.Y. appeal numbers listed as "N/A" because those parties stipulated to orders binding them to this Court's ruling on the 2019 appeals. *See, e.g.,* Stipulated Order ¶¶ IV.C-D, *Fairfield Sentry Ltd. v. BNP Paribas Secs. Servs. Lux.,* Adv. Pro. No. 10-3627 (Bankr. S.D.N.Y. Aug. 8, 2019) (Dkt. 91). For one case involving seven Defendants, the Liquidators filed their adversarial complaint only after the prior pending S.D.N.Y. appeal was filed. These Defendants therefore do not have their own prior pending S.D.N.Y. appeal numbers.

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 7. | Adv. Pro. 10-3630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg) SA | 19-cv-4860 |
| 8. | Adv. Pro. 10-3630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private-Space Ltd. | 19-cv-4860 |
| 9. | Adv. Pro. 10-3633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | HSBC Private Bank Suisse SA | 19-cv-4861 |
| 10. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Zurich Capital Markets Company | 19-cv-5135 |
| 11. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda | 19-cv-5135 |
| 12. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Matched Funding Corp. | 19-cv-5135 |
| 13. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank[4] | 19-cv-5135 |
| 14. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | HSBC Bank USA | 19-cv-5135 |
| 15. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich | 19-cv-5135 |
| 16. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited | 19-cv-5135 |

---

[4]    The party sued here as "Merrill Lynch Bank" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 17. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg | 19-cv-5135 |
| 18. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Private Bank SA | 19-cv-5135 |
| 19. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley AG; Morgan Stanley & Co. International, PLC | 19-cv-5135 |
| 20. | Adv. Pro. 10-3634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Safra National Bank of New York | 19-cv-5135 |
| 21. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs-und Privat-Bank Aktiengesellschaft | 19-cv-4964 |
| 22. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank Aktiengesellschaft | 19-cv-4964 |
| 23. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich | 19-cv-4964 |
| 24. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York | 19-cv-4964 |
| 25. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees | 19-cv-4964 |
| 26. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg | 19-cv-4964 |
| 27. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. | 19-cv-4964 |
| 28. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich | 19-cv-4964 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 29. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) | 19-cv-4964 |
| 30. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) | 19-cv-4964 |
| 31. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz (n/k/a LGT Bank (Switzerland) Ltd.) | 19-cv-4964 |
| 32. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG (n/k/a LGT Bank AG) | 19-cv-4964 |
| 33. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. | 19-cv-4964 |
| 34. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. | 19-cv-4964 |
| 35. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) | 19-cv-4964 |
| 36. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. | 19-cv-4964 |
| 37. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd., now known as Coutts & Co. Ltd | 19-cv-4964 |
| 38. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA | 19-cv-4964 |
| 39. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) | 19-cv-4964 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 40. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA | 19-cv-4964 |
| 41. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) | 19-cv-4964 |
| 42. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. | 19-cv-4964 |
| 43. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise | 19-cv-4964 |
| 44. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive AL Fund | 19-cv-4964 |
| 45. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique | 19-cv-4964 |
| 46. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) | 19-cv-4964 |
| 47. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie | 19-cv-4964 |
| 48. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG | 19-cv-4964 |
| 49. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothchild Bank Geneva (Dublin) | 19-cv-4964 |
| 50. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA | 19-cv-4964 |
| 51. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust | 19-cv-4964 |
| 52. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pictet & Cie | 19-cv-4964 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 53. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | "HSBC"[5] | 19-cv-4964 |
| 54. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. | 19-cv-4964 |
| 55. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI | 19-cv-4964 |
| 56. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. | 19-cv-4964 |
| 57. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft | 19-cv-4964 |
| 58. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV | 19-cv-4964 |
| 59. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. | 19-cv-4964 |
| 60. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA | 19-cv-4964 |
| 61. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich | 19-cv-4964 |
| 62. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG | 19-cv-4964 |
| 63. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG | 19-cv-4964 |
| 64. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | 19-cv-4964 |

[5] The party sued here as "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

Appendix B [6]

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 65. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito | 19-cv-4964 |
| 66. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG | 19-cv-4964 |
| 67. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo | 19-cv-4964 |
| 68. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank SA Switzerland | 19-cv-4964 |
| 69. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinancier D'Invest MCL | 19-cv-4964 |
| 70. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket | 19-cv-4964 |
| 71. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Incore Bank AG | 19-cv-4964 |
| 72. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank | 19-cv-4964 |
| 73. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle | 19-cv-4964 |
| 74. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. | 19-cv-4964 |
| 75. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait SAK | 19-cv-4964 |
| 76. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) SA | 19-cv-4964 |
| 77. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie | 19-cv-4964 |
| 78. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs-und Privat-Bank Aktiengesellschaft | 19-cv-4888 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 79. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank Aktiengesellschaft | 19-cv-4888 |
| 80. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG Zurich | 19-cv-4888 |
| 81. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG New York | 19-cv-4888 |
| 82. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees | 19-cv-4888 |
| 83. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg | 19-cv-4888 |
| 84. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. | 19-cv-4888 |
| 85. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich | 19-cv-4888 |
| 86. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arden International Capital Limited | 19-cv-4888 |
| 87. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | ABN AMRO Schweiz AG A/K/A ABN AMRO (Switzerland) AG | 19-cv-4888 |
| 88. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) | 19-cv-4888 |
| 89. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz (n/k/a LGT Bank (Switzerland) Ltd.) | 19-cv-4888 |
| 90. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG (n/k/a LGT Bank AG) | 19-cv-4888 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 91. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. | 19-cv-4888 |
| 92. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. | 19-cv-4888 |
| 93. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) | 19-cv-4888 |
| 94. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. | 19-cv-4888 |
| 95. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd., now known as Coutts & Co. Ltd | 19-cv-4888 |
| 96. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA | 19-cv-4888 |
| 97. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA | 19-cv-4888 |
| 98. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) | 19-cv-4888 |
| 99. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) | 19-cv-4888 |
| 100. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. | 19-cv-4888 |
| 101. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise | 19-cv-4888 |
| 102. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive AL Fund | 19-cv-4888 |
| 103. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique | 19-cv-4888 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 104. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) | 19-cv-4888 |
| 105. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie | 19-cv-4888 |
| 106. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG | 19-cv-4888 |
| 107. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothchild Bank Geneva (Dublin) | 19-cv-4888 |
| 108. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA | 19-cv-4888 |
| 109. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust | 19-cv-4888 |
| 110. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pictet & Cie | 19-cv-4888 |
| 111. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | "HSBC"[6] | 19-cv-4888 |
| 112. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. | 19-cv-4888 |
| 113. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI | 19-cv-4888 |
| 114. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. | 19-cv-4888 |
| 115. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft | 19-cv-4888 |

[6] The party sued here as "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 116. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV | 19-cv-4888 |
| 117. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Hapoalim Switzerland Ltd. | 19-cv-4888 |
| 118. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA | 19-cv-4888 |
| 119. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich | 19-cv-4888 |
| 120. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG | 19-cv-4888 |
| 121. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG | 19-cv-4888 |
| 122. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | 19-cv-4888 |
| 123. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi le-Israel B.M. | 19-cv-4888 |
| 124. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito | 19-cv-4888 |
| 125. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG | 19-cv-4888 |
| 126. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo | 19-cv-4888 |
| 127. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank SA Switzerland | 19-cv-4888 |
| 128. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinancier D'Invest MCL | 19-cv-4888 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 129. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket | 19-cv-4888 |
| 130. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Incore Bank AG | 19-cv-4888 |
| 131. | Adv. Pro. 10-3635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank | 19-cv-4888 |
| 132. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sis Seeganintersettle | 19-cv-4888 |
| 133. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. | 19-cv-4888 |
| 134. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | National Bank of Kuwait SAK | 19-cv-4888 |
| 135. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) SA | 19-cv-4888 |
| 136. | Adv. Pro. 10-3636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Sarasin & Cie | 19-cv-4888 |
| 137. | Adv. Pro. 10-3780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG New York | 19-cv-4869 |
| 138. | Adv. Pro. 10-4098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* | BNP Paribas Arbitrage SNC | 19-cv-4385 |
| 139. | Adv. Pro. 10-4099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | BNP Paribas Private Bank and Trust Cayman Ltd | 19-cv-5006 |
| 140. | Adv. Pro. 11-1250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Europe SE, Luxembourg Branch, et al.* | UBS Europe SE, Luxembourg Branch | 19-cv-4386 |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 141. | Adv. Pro. 11-1463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* | Merrill Lynch International | 19-cv-4388 |
| 142. | Adv. Pro. 11-1579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al* | BNP Paribas Securities Nominees Ltd. | 19-cv-4973 |
| 143. | Adv. Pro. 11-1617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* | BNP Paribas Fortis | 19-cv-4395 |
| 144. | Adv. Pro. 11-2770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited | 19-cv-4396 |
| 145. | Adv. Pro. 12-1551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* | BNP Paribas España | 19-cv-4415 |
| 146. | Adv. Pro. 19-1122 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citco Global Custody NV, et al. (In re Fairfield Sentry Ltd.)* | Citco Global Custody NV | N/A |
| 147. | Adv. Pro. 19-1122 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citco Global Custody NV, et al. (In re Fairfield Sentry Ltd.)* | Citco Global Custody (NA) NV | N/A |
| 148. | Adv. Pro. 19-1122 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citco Global Custody NV, et al. (In re Fairfield Sentry Ltd.)* | CGC NA | N/A |
| 149. | Adv. Pro. 19-1122 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citco Global Custody NV, et al. (In re Fairfield Sentry Ltd.)* | Citco Bank Nederland N.V. | N/A |
| 150. | Adv. Pro. 19-1122 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citco Global Custody NV, et al. (In re Fairfield Sentry Ltd.)* | Citco Bank Nederland N.V. Dublin Branch | N/A |
| 151. | Adv. Pro. 19-1122 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citco Global Custody NV, et al. (In re Fairfield Sentry Ltd.)* | Citco Banking Corporation N.V. | N/A |

| | Case No. (S.D.N.Y. Bankr.) | Case Name | Defendant Name | Prior Pending S.D.N.Y. Appeal No.[2] |
|---|---|---|---|---|
| 152. | Adv. Pro. 19-1122 | *Fairfield Sentry Ltd. (In Liquidation), et al.* v. *Citco Global Custody NV, et al. (In re Fairfield Sentry Ltd.)* | Citco Group Limited | N/A |

## Appendix C
## Additional Counsel

**ALLEGAERT BERGER & VOGEL LLP**

John F. Zulack
jzulack@abv.com

111 Broadway, 20th Floor
New York, NY 10006
 T: (212) 571-0550

**BOIES SCHILLER FLEXNER LLP**

Alan B. Vickery
avickery@bsfllp.com
Steven I. Froot
sfroot@bsfllp.com

55 Hudson Yards
New York, NY 10001
T: (212) 446-2300

**CHAFFETZ LINDSEY LLP**

Andreas A. Frischknecht
a.frischknecht@chaffetzlindsey.com
Erin E. Valentine
e.valentine@chaffetzlindsey.com

1700 Broadway, 33rd Floor
New York, NY 10019
T: (212) 257-6960

**CLEARY GOTTLIEB STEEN &
HAMILTON LLP**

Carmine D. Boccuzzi, Jr.
cboccuzzi@cgsh.com
Breon S. Peace
bpeace@cgsh.com
Elizabeth Vicens
evicens@cgsh.com
Ari D. MacKinnon
amackinnon@cgsh.com
Thomas S. Kessler

tkessler@cgsh.com
E. Pascale Bibi
pbibi@cgsh.com

One Liberty Plaza
New York, NY 10006
T: (212) 225-2000
F: (212) 225-3999

**CLIFFORD CHANCE US LLP**

Jeff. E. Butler
jeff.butler@cliffordchance.com
La'Tise M. Tangherlini
latise.tangherlini@cliffordchance.com

31 West 52nd Street
New York, NY 10019
T: (212) 878-8000
F: (212) 878-8375

**DAVIS POLK & WARDWELL LLP**

Elliot Moskowitz
elliot.moskowitz@davispolk.com
Andrew Ditchfield
andrew.ditchfield@davispolk.com

450 Lexington Avenue
New York, NY 10017
T: (212) 450-4000

**DLA PIPER LLP (US)**

Rachel Ehrlich Albanese
Rachel.Albanese@us.dlapiper.com
Cherelle Glimp
Cherelle.Glimp@us.dlapiper.com

1251 Avenue of the Americas
New York, NY 10020
T: (212) 335-4500
F: (212) 335-4501

**FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP**

David M. Morris
david.morris@friedfrank.com

One New York Plaza
New York, NY 10004
T: (212) 859-8000

**GIBSON, DUNN & CRUTCHER LLP**

Marshall R. King
mking@gibsondunn.com
Gabriel Herrmann
gherrmann@gibsondunn.com

200 Park Avenue
New York, NY 10166
T: (212) 351-4000

**GILMARTIN, POSTER & SHAFTO LLP**

Michael C. Lambert
mclambert@lawpost-nyc.com

845 Third Avenue, 17th Floor
New York, NY 10022
T: (212) 425-3220

**HARNIK LAW FIRM**

Stephen M. Harnik
stephen@harnik.com

666 Third Avenue, 10th Floor
New York, NY 10017
T: (212) 599-7575

**HERBERT SMITH FREEHILLS NEW YORK LLP**

Scott Balber
Scott.Balber@hsf.com
Jonathan Cross
Jonathan.cross@hsf.com

450 Lexington Avenue
New York, NY 10017
T: (917) 542-7600

**JENNER & BLOCK LLP**

Richard Levin
rlevin@jenner.com
Carl Wedoff
cwedoff@jenner.com

919 Third Avenue
New York NY 10022
T: (212) 891-1600
F: (212) 891-1699

**KATTEN MUCHIN ROSENMAN LLP**

Anthony L. Paccione
anthony.paccione@katten.com
Mark T. Ciani
mark.ciani@katten.com

575 Madison Avenue
New York, NY 10022
T: (212) 940-8800

**KING & SPALDING LLP**

Richard A. Cirillo
rcirillo@kslaw.com

1185 Avenue of the America
New York, NY 10036
T: (212) 556-2100
F: (212) 556-2222

**KLEINBERG KAPLAN WOLFF & COHEN, P.C.**

Norris D. Wolff
nwolff@kkwc.com

500 Fifth Avenue, 38th Floor
New York, NY 10110
T: (212) 986-6000

**KOBRE & KIM LLP**

D. Farrington Yates
farrington.yates@kobrekim.com
Adam M. Lavine
adam.lavine@kobrekim.com
Donna (Dong Ni) Xu
donna.xu@kobrekim.com
Jonathan D. Cogan
jonathan.cogan@kobrekim.com

800 Third Avenue
New York, NY 10022
Telephone (212) 488-1200

**LATHAM & WATKINS LLP**

Christopher Harris
christopher.harris@lw.com
Thomas J. Giblin
thomas.giblin@lw.com

885 Third Avenue
New York, NY 10022
T: (212) 906-1200
F: (212) 751-4864

**MAYER BROWN LLP**

Marc. R. Cohen
mcohen@mayerbrown.com

1999 K Street, N.W.
Washington, D.C. 20006
T: (202) 263-5282

Mark G. Hanchet
mhanchet@mayerbrown.com
Kevin C. Kelly
kkelly@mayerbrown.com

1221 Avenue of the Americas
New York, NY 10020
T: (212) 506-2500

**MCKOOL SMITH, P.C.**

Eric B. Halper
ehalper@mckoolsmith.com

One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001
T: (212) 402-9400
F: (212) 402-9444

**O'MELVENY & MYERS LLP**

William J. Sushon
wsushon@omm.com
Daniel S. Shamah
dshamah@omm.com
Pamela A. Miller
pmiller@omm.com
Nathaniel Asher
nasher@omm.com

Times Square Tower
7 Times Square
New York, NY 10036
T: (212) 326-2000
F: (212) 326-2061

**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**

Andrew G. Gordon
agordon@paulweiss.com
Gregory F. Laufer
glaufer@paulweiss.com

1285 Avenue of the Americas
New York, NY 10019
T: (212) 373-3000

**PILLSBURY WINTHROP SHAW PITTMAN
LLP**

Eric Fishman
eric.fishman@pillsburylaw.com
Andrew Troop

andrew.troop@pillsburylaw.com
Rahman Connelly
rahman.connelly@pillsburylaw.com

31 West 52nd Street
New York, NY 10019
T: (212) 858-1000
F : (212) 858-1500

**SEWARD & KISSEL LLP**

M. William Munno
munno@sewkis.com

One Battery Park Plaza
New York, NY 10004
T: (212) 574-1200
F: (212) 480-8421

**SHEARMAN & STERLING LLP**

Jeffrey Resetarits
jeffrey.resetarits@shearman.com
Randall Martin
randall.martin@shearman.com

599 Lexington Avenue
New York, NY 10022
T: (212) 848-4000

**SULLIVAN & CROMWELL LLP**

Jeffrey T. Scott
scottj@sullcrom.com
Andrew J. Finn
finna@sullcrom.com

125 Broad Street
New York, NY 10004
T: (212) 558-4000

**WACHTELL, LIPTON, ROSEN & KATZ**

Emil A. Kleinhaus
eakleinhaus@wlrk.com
Angela K. Herring

akherring@wlrk.com

51 West 52nd Street
New York, NY 10019
T: (212) 403-1332
F: (212) 403-2332

**WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP**

Michael B. Weitman
mweitman@westermanllp.com

1201 RXR Plaza
New York, NY 10104
T: (516) 622-9200

**WIGGIN AND DANA LLP**

James H. Bicks
jbicks@wiggin.com

437 Madison Ave, 35th Floor
New York, NY 10022
T: (212) 490-1700
F: (212)551-2888

**WILMER CUTLER PICKERING HALE AND
DORR LLP**

George W. Shuster, Jr.
george.shuster@wilmerhale.com
Benjamin W. Loveland
benjamin.loveland@wilmerhale.com

7 World Trade Center
250 Greenwich Street
New York, NY 10007
T: (212) 937-7518

**WINSTON & STRAWN LLP**

Keith Palfin
kpalfin@winston.com
Heather Lamberg
hlamberg@winston.com

1901 L Street, N.W.
Washington, D.C. 20036
T: (202) 282-5000

**WOLLMUTH MAHER & DEUTSCH LLP**

William A. Maher
wmaher@wmd-law.com
Fletcher W. Strong
fstrong@wmd-law.com
Maxwell G. Dillan
mdillan@wmd-law.com

500 Fifth Avenue
New York, NY 10110
T: (212) 382-3300

**WUERSCH & GERING LLP**

Gregory F. Hauser
gregory.hauser@wg-law.com
Jascha D. Preuss
jascha.preuss@wg-law.com

100 Wall Street, 10th Floor
New York, NY 10005
T: (212) 509-5050

# APPENDIX D
# COMPENDIUM OF FOREIGN AUTHORITIES

## <u>FOREIGN AUTHORITIES</u>

**Page**

**Foreign Cases**

*Fairfield Sentry Ltd. (In Liquidation) v. Migani*
        [2014] UKPC 9 ..................................................................................    1

# Fairfield Sentry Ltd. (In Liquidation) v. Migani
# [2014] UKPC 9



[2014] UKPC 9
Privy Council Appeal No 0061 of 2012
and Nos 0058, 0059, 0060 and 0061 of 2013

# JUDGMENT

## Fairfield Sentry Limited (in Liquidation) (Appellant) v Migani and others (Respondents)

## Lombard, Odier & Cie and others (Appellants) *v* Fairfield Sentry Limited (in Liquidation) (Respondent)

## Credit Suisse London Nominees Limited and another (Appellants) v Fairfield Sentry Limited (in Liquidation) (Respondent)

## Quilvest Finance Limited and others (Appellants) v Fairfield Sentry Limited (in Liquidation) (Respondent)

## UBS AG New York and others (Appellants) v Fairfield Sentry Limited (in Liquidation) (Respondent)

## From the Court of Appeal of the British Virgin Islands

**before**

2

**Lord Neuberger**
**Lord Mance**
**Lord Clarke**
**Lord Sumption**
**Lord Toulson**

## JUDGMENT DELIVERED BY

## Lord Sumption

## ON

## 16 April 2014

**Heard on 18 and 19 March 2014**

*Lombard, Odier & Cie and others*
David Lord QC
Robert Christie

(Instructed by Blake Lapthorn)


*Credit Suisse London Nominees Ltd and another*
Laurence Rabinowitz QC
Arabella di Iorio
Maximilian Schlote
(Instructed by Herbert Smith Freehills LLP)


*UBS AG New York and others*
Lord Falconer QC
Paul Webster QC
(Instructed by Gibson Dunn & Crutcher LLP)


*Quilvest Finance Ltd and others*
Mark Hapgood QC
Phillip Kite
Alan Roxburgh
(Instructed by Latham & Watkins)

*Fairfield Sentry Ltd (in Liquidation)*
Jonathan Crow QC
Andrew Westwood
Stephen Midwinter
(Instructed by Macfarlanes LLP)

**LORD SUMPTION:**

*Introduction*

1.     Bernard L. Madoff and his company Bernard L. Madoff Investment Securities LLC ('BLMIS') ostensibly operated as fund managers, principally from New York. Over a period of at least seventeen years he operated what seems likely to be the largest Ponzi scheme in history, accepting sums variously estimated between US$17 billion and US$50 billion for investment. It appears that from at least the early 1990s there had been no trades and no investments. Returns to investors were fictitious and the corresponding documentation fabricated. As with any Ponzi scheme, net withdrawals from funds under management were paid from new money placed with BLMIS for investment. In December 2008 Madoff was arrested, and in March 2009 he pleaded guilty in a New York court to a number of counts of fraud. He was later sentenced to 150 years imprisonment.

2.     Fairfield Sentry Ltd is a company incorporated in the British Virgin Islands as a mutual fund. I shall, like most of the formal documentation, call it "the Fund". From 1997 to 2008, it was the largest of a number of feeder funds which placed money with BLMIS for investment. Over that period, about 95% of its assets, amounting to some US$7.2 billion was placed with BLMIS. Investors participated indirectly in these placements by subscribing for shares in the Fund at a price dependent on the Fund's net asset value per share ('NAV'), and were entitled to withdraw funds by redeeming their shares under the provisions of the Fund's Articles of Association. The net addition to or reduction of its funds arising from subscriptions or withdrawals over any month was reflected in corresponding additions or reductions of funds placed with BLMIS. The shares were also transferrable, subject to certain restrictions in the Articles, but we were told that there was no secondary market in them. On 18 December 2008, shortly after Madoff's frauds came to light, the Directors of the Fund suspended the determination of the Fund's NAV per share, thus effectively terminating the redemption of shares. On 21 July 2009, the High Court of the British Virgin Islands ordered the Fund to be wound up.

3.     It is inherent in a Ponzi scheme that those who withdraw their funds before the scheme collapses escape without loss, and quite possibly with substantial fictitious profits. The loss falls entirely on those investors whose funds are still invested when the money runs out and the scheme fails. Members of the Fund who redeemed their shares before 18 December 2008 recovered the NAV which the Directors determined to be attributable to their shares on the basis of fictitious reports from BLMIS. The loss will in principle be borne entirely by those who were still Members of the Fund at that date.

4.    These proceedings are brought by the Fund at the instance of its liquidators against a number of financial institutions who were Members of the Fund but redeemed some or all of their shares before December 2008. Their purpose is to recover from the Defendants the amounts paid out to them on redemption, on the footing that they were paid out in the mistaken belief that the assets were as stated by BLMIS, when there were in fact no such assets. Any recoveries made on this basis can then be distributed rateably between all Members, irrespective of when or whether they redeemed.

5.    Similar proceedings have been brought by the Fund in other jurisdictions against other Members and former Members to recover redemption payments. They include more than 300 actions in the United States, in which the Fund is claiming more than US$6 billion. The United States actions have been stayed pending the outcome of these proceedings.

6.    On 20 April 2011, Bannister J in the Commercial Division of the High Court of the British Virgin Islands ordered four preliminary issues to be tried. The first three issues have together been called the "Article 11" question.  These issues were all concerned with the question whether certain transaction documents issued to Members of the Fund recording the NAV per share or the redemption price upon redemption were binding on the Fund under Article 11 of its Articles, which deals with the effect of certain "certificates". It is now accepted, and rightly accepted, by the Fund that if they were binding the present claims must fail. The fourth issue was whether the Defendants have a defence on the ground that by their surrendering their shares they gave good consideration for the money that they received on redemption. This has been called the "Good Consideration" question. The two questions were argued separately below and before us. But for reasons which will be explained, they are closely related and have to be considered together.

7.    Bannister J decided the Article 11 question in favour of the Fund. He held that the documents relied upon by the Defendants as binding were not "certificates" for the purpose of Article 11. But he held in favour of the Defendants on the Good Consideration question, and on that basis summarily dismissed the action. He was affirmed on both points by the Eastern Caribbean Court of Appeal.

*The contractual documentation*

8.    Subscribers for shares in the Fund complete a Subscription Agreement, by which they subscribe for shares to be offered by the Fund at the NAV per share as the opening of business on the effective date of purchase "pursuant to the terms herein, the Memorandum, and the Fund's Memorandum of Association and Articles of Association (collectively 'the Fund Documents')": see clause 1.

9.     Of these three documents, the "Memorandum" means the Private Placement Memorandum by which the Fund offers a stated number of shares. Its main function is to convey information about how the Fund is managed and how its assets are invested, and to define certain expressions used in the Subscription Agreement. It describes the investment strategy of the Fund, and explains that it is implemented by BLMIS. A section headed "Transfers, Redemptions and Termination" describes the procedure for redemption.

10.     The Subscription Agreement binds the subscriber to his subscription and to the terms of the Fund Documents, but is otherwise concerned entirely with acknowledgements, representations and warranties as to his understanding of the investment and of associated procedures and risks, mostly for regulatory purposes. For present purposes, what matters is not the subscriber's acknowledgements, representations and warranties, nor the factual statements of the Fund, but the terms of the subscriber's membership of the Fund, which govern the redemption of its shares. These terms are to be found in the Articles of Association of the Fund. The relevant provisions are Articles 9, 10 and 11 and the associated definitions in Article 1. These operate by reference to the "Valuation Day" and the "Dealing Day". A Valuation Day is the last business day of any month (or such other date as the Directors may determine); and with respect to redemptions a Dealing Day is a Valuation Day.

11.     Article 9 deals with the issue and allotment of shares. Article 9(1) provides for shares to be issued to those applying for them on the Dealing Day following the application. Article 9(1)(b) provides:

> "The issue of Shares pursuant to this Article shall be effected at not less than the Subscription Price determined in accordance with paragraph (2) of this Article but in no event shall a Share be allotted or issued at a price less than its par value."

Article 9(2) provides that the Subscription Price per share is to be the

> "Net Asset Value of each Share (as determined in accordance with Article 11) as at the close of business in Amsterdam, The Netherlands, on the Valuation Day immediately preceding the Dealing Day on which such issue is made."

12.     Article 10 deals with redemptions. It is in some respects the mirror image of Article 9. Article 10(1) provides that

"Subject to the provisions of the Memorandum, these Articles and the Act and subject as hereinafter provided, the Company shall on receipt by it or its authorised agent of a request in writing (or in such other form as the Directors may determine) by a Member ('the Applicant') specifying the number and class of Shares to be redeemed redeem or purchase all or any portion of the Shares registered in the Applicant's name, PROVIDED THAT:

(a) subject as hereinafter provided, the redemption or purchase of Shares pursuant to this Article shall be made on the Dealing Day on which, or immediately following the day on which, the written request is received provided that the said request is received on or before the Dealing Time."

Article 10(1)(b) provides (so far as relevant) that

"the redemption or purchase of Shares pursuant to this article shall be effected at the Redemption Price determined in accordance with paragraph (2) of this article."

Article 10(1)(c) provides for the Redemption Price to be paid "as soon as practicable after the Dealing Day", being normally 30 days after the Dealing Day, subject to extension in certain special cases. Article 10(2) deals with the Redemption Price. It provides:

"(2)    The Redemption Price for each Share shall be the Net Asset Value per Share (as determined in accordance with Article 11) as at the close of business in Amsterdam, The Netherlands on the Dealing Day on which such redemption is effected less such sum (if any) as the Directors may consider represents the appropriate provision for fiscal and sale charges which would be incurred on the sale of assets of the Company, in each case rounded to the nearest minimum integral unit of the Base Currency."

13.    Article 11 deals with the determination of the NAV per share for the purpose of both subscriptions and redemptions. Article 11(1) provides:

"[a] The Net Asset Value per Share of each class shall be determined by the Directors as at the close of business on each Valuation Day (except when determination of the Net Asset Value per Share has been suspended under the provisions of paragraph

(4) of this Article), on such other occasions as may be required by these Articles and on such other occasions as the Directors may from time to time determine.

[b] The Net Asset Value per Share shall be calculated at the time of each determination by dividing the value of the net assets of the Fund by the number of Shares then in issue or deemed to be in issue and by adjusting for each class of Shares such resultant number to take into account any dividends, distributions, assets or liabilities attributable to such class of Shares pursuant to paragraph (2) of Article 4, all determined and calculated as hereinafter provided.

[c] Any certificate as to the Net Asset Value per Share or as to the Subscription Price or Redemption Price therefor given in good faith by or on behalf of the Directors shall be binding on all parties."

The sub-paragraph numbers [a], [b] and [c] have been added for ease of reference. Article 11(2) identifies the assets and liabilities to be included in the calculation of the NAV. In effect they are all the assets and liabilities of the Fund. Article 11(3) contains detailed supplementary provisions governing certain aspects of the valuation.

*Redemption procedure*

14.    Since 1999, the Fund's administrator has been Citco Fund Services (Europe) BV, a leading professional administrator of mutual funds based in the Netherlands. The Private Placement Memorandum records that under an administration agreement dated 20 February 2003, the Fund has appointed Citco as the administrator of the Fund under the overall direction of the Directors. Citco is described as having responsibility for day-to-day administrative services including "calculation of Net Asset Value" and "communications with shareholders".

15.    This summary description is borne out by the terms of the agreement of 20 February 2003. Clause 2.1 of the agreement provides for the Administrator (Citco) to provide "the Services", which are defined in Schedule 2 as including the "calculation of the Net Asset Value and the Net Asset Value per Share on a monthly basis in accordance with the Fund Documents", and "publishing the Net Asset Value per Share (of each class if appropriate) as requested by the Fund." Clause 3.4 provides that "the Administrator shall on behalf of the Fund redeem Shares in accordance with the provisions and procedures set out in the applicable Fund Documents", on receipt of the

Member's written request to redeem and the provision of sufficient moneys to satisfy the Redemption Price.

16.     The management of a mutual fund is bound to involve the communication to Members of a substantial volume of routine documentation, including transactional documentation generated upon redemption. It is common ground that in the Fund's case, this included the following documents:

> i)     Citco calculated an estimated NAV weekly and a final NAV on each Valuation Day, i.e. on the last business day of each month. All of these figures were posted by Citco on a password-protected website which it maintained and which was accessible to Members.

> ii)     The final NAV per share for the last business day of each month was communicated in about the middle of the following month by the Fairfield Group client desk at Citco by e-mail to all Members. The operative part of the representative e-mail before us reads:

>> "Please be advised that the final net asset value per share of Fairfield Sentry Limited, Class A, is USD 957.8430 as at December 2003.

>> Should you have any questions or require further information, please do not hesitate to contact us."

> iii)     Upon each redemption, the redeeming Member received from Citco in about the middle of the month following the relevant Valuation Day a contract note recording the transaction. The operative part began:

>> "In accordance with your instructions, we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED."

There followed the relevant Valuation Day, the number of shares redeemed, the Redemption price per share and the total net redemption proceeds.

> iv)     Each Member received from Citco in about the middle of each month a monthly statement of his account. This recorded, among other things, the

opening and closing NAV per share for the previous calendar month, and a summary of activity (if any) over the previous calendar month recording subscriptions and redemptions in the month and the NAV per share corresponding to each one.

Each of these documents is said by the Defendants to be a "certificate" for the purpose of Article 11(1) [c] of the Fund's Articles.

*Restitution*

17.    The availability of a claim for restitution arising out of a transaction governed by the Articles of the Fund is governed by the same law which governs the Articles themselves, namely the law of the British Virgin Islands. In every relevant respect, the principles of the law of the British Virgin Islands governing the construction of the Articles and any associated common law right to restitution are the same as those of English law.

18.    The basic principle is not in dispute. The payee of money "cannot be said to have been unjustly enriched if he was entitled to receive the sum paid to him": *Kleinwort Benson Ltd v Lincoln City Council* [1999] 2 AC 349 at 408B (Lord Hope). Or, as Professor Burrows has put it in his *Restatement of the English Law of Unjust Enrichment* (2012) at §3(6), "in general, an enrichment is not unjust if the benefit was owed to the defendant by the claimant under a valid contractual, statutory or other legal obligation." Therefore, to the extent that a payment made under a mistake discharges a contractual debt of the payee, it cannot be recovered, unless (which is not suggested) the mistake is such as to avoid the contract: *Barclays Bank Ltd v W.J. Simms Son & Cooke (Southern) Ltd* [1980] QB 677, 695. So far as the payment exceeds the debt properly due, then the payer is in principle entitled to recover the excess.

19.    It follows that the Fund's claim to recover the redemption payments depends on whether it was bound by the redemption terms to make the payments which it did make. That in turn depends on whether the effect of those terms is that the Fund was obliged upon a redemption to pay (i) the true NAV per share, ascertained in the light of information which subsequently became available about Madoff's frauds, or (ii) the NAV per share which was determined by the Directors at the time of redemption. If (ii) is correct then, the shares having been surrendered in exchange for the amount properly due under the Articles, the redemption payments are irrecoverable.

*What was the Fund obliged to pay upon redemption*

20.    Mr Crow QC, who appeared for the Fund, invited us to stop at the general principle, and not to answer this question. He submitted that the effect of the contractual

provisions governing redemption was not covered by the preliminary issues and ought to be referred back to the High Court. He also suggested that at a further hearing in the High Court, New York law, which is the proper law of the Subscription Agreement, might be relevant. The Board unhesitatingly rejects these submissions. Neither the Article 11 question nor the Good Consideration question, as formulated in the preliminary issues, can be resolved without deciding what is the effect of the Articles. Both courts below proceeded on that basis. The effect of the Articles is therefore properly before the Board. The Board notes that neither the Fund nor the Defendants have pleaded New York law. Nor can the Board discern any basis on which New York law could be relevant, since none of the questions raised by the preliminary issues depends on the terms of the Subscription Agreement. They depend wholly on the construction of the Articles, which is governed by the law of the British Virgin Islands.

21.    The starting point is the scheme of the Articles. Articles 9 and 10 determine the status of investors as Members of the Fund, a question which ought in principle to be capable of definitive resolution at any moment in the Fund's history. Both the Subscription Price under Article 9 and the Redemption Price under Article 10 depend on the NAV per share determined under Article 11. Article 9(1)(a) provides that the issue of shares "shall be made on the Dealing Day". Article 9(1)(b) provides for the Subscription Price to be determined in accordance with Article 9(2), which means that it is to be the NAV per share "determined in accordance with Article 11". Article 9(1)(c) provides for the Subscription Price to be payable at a time fixed by the Directors, failing which any allotment for which payment is due may be cancelled. There are corresponding provisions of Article 10 concerning redemptions. Article 10(1)(a) provides that the redemption of shares "shall be made on the Dealing Day". Article 10(1)(b) provides that the redemption is to be effected at the Redemption Price determined in accordance with Article 10(2), which means the "Redemption Price for each Share shall be the Net Asset Value per Share (as determined in accordance with Article 11)" on the Dealing Day. Under Article 10(1)(c), that price must be paid as soon as practicable after the Dealing Day, being normally thirty days thereafter subject to specified and limited extensions. These provisions determine the amount due and the time of payment. Moreover, once the NAV per share for a given monthly Valuation Day is ascertained, subscriptions and redemptions effected at the corresponding Subscription and Redemption Price will affect the determination of NAV per share on the following monthly Valuation Day. This is because the receipt of subscription moneys and the payment out of redemption moneys will affect the amount of the Fund's assets for the purpose of Article 11(2). It will be apparent from this summary that the whole of this scheme depends upon the price being definitively ascertained by the Dealing Day and known to the parties shortly thereafter. It is unworkable on any other basis.

22.    The Fund's case is that when Article 10(2) defines the Redemption Price as the NAV per share "determined in accordance with Article 11", it means the NAV correctly determined by dividing the NAV of the Fund by the number of shares in issue in accordance with Articles 11(1)[b], 11(2) and 11(3). If this is right, the same must be

true of Article 9(1)(c), which fixes the Subscription Price by reference to the same provisions of Article 11. The Directors' determination of the NAV per share as at the Valuation Day, under Article 11, was not definitive according to this analysis unless a certificate was issued pursuant to Article 11(1)[c], and that would happen only if the Directors chose to issue one.

23.    In the Board's opinion, this is an impossible construction. If it were correct, an essential term of both the subscription for shares and their redemption, namely the price, would not be definitively ascertained at the time when the transaction took effect, nor at the time when the price fell to be paid. Indeed, it would not be definitively ascertained for an indefinite period after the transaction had ostensibly been completed, because unless a certificate was issued it would always be possible to vary the determination of the NAV per share made by the Directors at the time and substitute a different one based on information acquired long afterwards about the existence or value of the assets. This would not only expose Members who had redeemed their shares to an open-ended liability to repay part of the price received if it subsequently appeared that the assets were worth less than was thought at the time. It would confer on them an open-ended right to recover more (at the expense of other Members) if it later appeared that they were worth more. Corresponding problems would arise out of the retrospective variation of the Subscription Price long after the shares had been allotted. Indeed, it is difficult to see how the Directors could perform their duty under Article 9(1)(b) not to allot or issue a share at less than the Subscription Price if the latter might depend on information coming to light after the allotment had been made.

24.    If, as the Articles clearly envisage, the Subscription Price and the Redemption Price are to be definitively ascertained at the time of the subscription or redemption, then the NAV per share on which those prices are based must be the one determined by the Directors at the time, whether or not the determination was correctly carried out in accordance with Articles 11(2) and (3). That means either (i) that the Directors' determination at the time must be treated as conclusive whether or not there is a certificate under Article 11(1)[c]; or else (ii) that Article 11(1)[c] must be read as referring to the ordinary transaction documents recording the NAV per share or the Subscription or Redemption Price which will necessarily be generated and communicated to the Member at the time, and not to some special document issued at the discretion of the Directors. The Board considers, for the reasons given below, that in a case where a provision for certification such as Article 11(1)[c] has been included as part of the mechanics of subscription and redemption, the correct approach is the second one.

*Certification*

25.    The Board has been referred to a number of authorities dealing with certification clauses, none of them analogous to Article 11(1)[c]. Their effect, broadly summarised, is that the word "certificate" has no standard meaning and that the question what

constitutes a certificate is dependent on the commercial or legal context in which the certification clause appears.

26.    The Board was invited by the Fund to read the opening words ("Any certificate") as if they said "A certificate, if any". This, it was argued, showed that there would not necessarily be one in every case. For that reason, and because there is nothing in the language of the Articles which obliged the Fund to issue a certificate, it was submitted that the issue of a certificate was wholly in the discretion of the Directors or their delegates and that it could be withheld for any rational and honest reason. A variant of this argument appears to have been accepted by the Court of Appeal. The Board, however, is unable to accept it. In the first place, it places more weight on the word "Any" than it will bear. It seems more likely that the word was used because the rest of the clause refers to a number of different things that may be certified, namely the NAV per share, the Subscription Price and the Redemption Price. Secondly, the problem about the suggestion that certification is a discretionary matter for the Directors, is that it is impossible to discern what purpose such a discretion could rationally be thought to serve. The sole object of certification is to produce finality, and the scheme of the Articles, as the Board has summarised it above, shows that finality is equally important for all determinations of the NAV per share and all Subscription and Redemption Prices. There is no rational ground for regarding finality as desirable in some cases but not in others, according to the discretionary decision of the Directors or their delegates. Such a discretion, if it existed, could only operate capriciously, and is therefore most unlikely to have been intended by the draftsman.

27.    As a matter of language, a "certificate" ordinarily means (i) a statement in writing, (ii) issued by an authoritative source, which (iii) is communicated by whatever method to a recipient or class of recipients intended to rely on it, and (iv) conveys information, (v) in a form or context which shows that it is intended to be definitive. There is no reason to think that a document must satisfy any further formal requirements, unless its purpose or legal context plainly requires them. There is nothing in the context of these Articles which does.

28.    The relevant categories of document generated in the ordinary course of the Fund's relations with Members are listed at paragraph 16. In the Board's opinion the monthly e-mail, the contract notes and the monthly statement of account are all "certificates". They communicate information in documentary form to Members. It follows that the critical questions in the present case are whether transaction documents in the three categories are (i) issued by an authoritative source and (ii) in a form or context which shows that they are intended to be definitive.

29.    The authoritative character of their source can be shortly dealt with. Documents in all three categories were issued by Citco under the authority of the Directors, conferred by the Administration Agreement. The calculation of the monthly NAV per

share was among the functions of Citco included in Schedule 2, Part 1 of the Agreement. Its publication was a function of Citco under Schedule 2, Part 2(e). The communication to Members seeking to redeem their shares of the monthly NAV per share and the Redemption Price is necessarily implicit in clause 3.4 of the Agreement, which delegates to Citco the duty of redeeming shares in accordance with the "provisions and procedures" set out in the Fund Documents. These authorities are general, and not specific to any particular transaction or category of transactions. If the issue of a "certificate" were an exceptional or discretionary step, something more specific by way of authority might have been required. But for the reasons which the Board has already given, the certification procedure under Article 11(1)[c] is neither exceptional nor discretionary.

30.    Turning to the question whether they were intended to be definitive, the context in which they are issued plainly demonstrates that they were. As the Board has already observed, the nature of a redemption transaction and the procedures set out in Article 10 make it essential that the Redemption Price should be definitively ascertained at the time of the transaction and as at the Valuation Day. In that context, any unqualified documentary statement of the Redemption Price or the NAV per share on which it is based must be intended to be definitive. The Articles could not otherwise operate as they are intended to.

31.    This conclusion is borne out by the language of the documents. The emails formally "advising" the monthly NAV per share to Members describe it in terms as the "final" figure. The contract notes formally "confirm" the redemption and record its terms. The monthly Members' statement constitutes a formal record of each transaction during the month and the NAV per share at which it went through. All of this information was plainly intended to be relied upon by Members as a definitive record of the transaction and the values on which it was based.

32.    The Board prefers to express no opinion on the question whether the statements posted on the Citco website are also "certificates". A statement on a website may well have all the characteristics of a "certificate", but that may depend on a variety of considerations on which the Board has little or no evidence, including the permanence of any statement posted on it and what Members are told about the kind of information which they will find there.

*Conclusion*

The Board will humbly advise Her Majesty that the appeals against the decision of Bannister J and the Court of Appeal on Preliminary Issues 1, 2 and 3 should be allowed, save as to information posted on the Citco website, and that the appeal against their decision on Issue 4 should be dismissed. The parties are invited to agree an appropriate form of declaration on all four issues.