# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**FAIRFIELD SENTRY LIMITED, et al.,**<br><br>    Debtors in Foreign Proceedings. | ) Chapter 15 Case<br>)<br>) **Case No. 10-13164**<br>) **(SMB)**<br>)<br>) **Jointly Administered** |
| **FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), et al.,**<br><br>                   **Plaintiffs,**<br>– against –<br><br>**THEODOOR GGC AMSTERDAM, et al.,**<br>                 **Defendants.** | )<br>)<br>)<br>) **Adv. Pro. No. 10-03496**<br>) **(SMB)**<br>) **Administratively**<br>) **Consolidated**<br>)<br>)<br>)<br>)<br>) |
| **FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) and FAIRFIELD SIGMA LIMITED (IN LIQUIDATION), acting by and through the Foreign Representatives thereof, and KENNETH KRYS and GREIG MITCHELL, solely in their capacities as Foreign Representatives and Liquidators thereof,**<br><br>                 **Plaintiffs,**<br><br>                 **-against-**<br><br>**ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, ADLER AND CO PRIVATBANK AG, ALLIANZBANK SPA/UNIFORTUNE CONSERVATIVE SIDE POCKET, ALTERNATIVE INVESTMENT STRATEGIES, BANCA ARNER SA, BANCA UNIONE DI CREDITO, BANK HAPOALIM SWITZERLAND LTD., BANK JULIUS BAER & CO. LTD., BANK SARASIN & CIE, BANQUE CANTONALE VAUDOISE, BANQUE CRAMER & CIE SA, BBVA (SUISSE) SA, BCV AMC DEFENSIVE AL FUND, BNP PARIBAS (SUISSE) SA, BNP PARIBAS (SUISSE) SA EX FORTIS, BNP PARIBAS (SUISSE) SA PRIVATE, BSI AG, BSI EX BANCA DEL GOTTARDO, CACEIS BANK LUXEMBOURG, CBB (BVI)/ THE ALKIMA FUND, CBT GEMS LOW VOL REG, COMPAGNIE BANCAIRE HELVETIQUE, CENTRUM BANK AG (AMS), CLARIDEN** | )<br>)<br>)<br>)<br>)<br>)<br>) **Adv. Pro. No. 10-03635**<br>) **(SMB)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

LEU LTD., CORNER BANCA SA, CREDIT SUISSE AG )
ZURICH, DEXIA BANQUE INTERNATIONAL A )
LUXEMBOURG, DRESDNER BANK SCHWEIZ, EFG )
BANK SA SWITZERLAND, EFG EUROFINANCIER )
D'INVEST MCL, ENDURANCE ABSOLUTE LTD. )
MASTER, FAIRFIELD INVESTMENT GCI, FAIRFIELD )
INVESTMENT FUND LTD., FALCON PRIVATE BANK, )
FIF ADVANCED LTD., FINTER BANK ZURICH, )
HARMONY CAPITAL FUND LTD., HSBC, IHAG )
HANDELSBANK AG, INCORE BANK AG, KARASEL )
ENHANCED PORTFOLIO, KARLA MULTISTRATEGIES )
LTD., LGT BANK IN LIECHTENSTEIN AG, )
LIECHTENSTEINISCHE LB REINVEST AMS, LLOYDS )
TSB BANK GENEVA, LOMBARD ODIER DARIER )
HENTSCH & CIE, LONGBOAT LTD., MASTER CAPITAL )
AND HEDGE FUND, NATIONAL BANK OF KUWAIT, )
NBK BANQUE PRIVEE SUISSE SA, PICTET & CIE, PKB )
PRIVATBANK AG, QUASAR FUNDS SPC a/k/a QUASAR )
FUND SPC CLASS A AND CLASS B CGCNV, RBC DEXIA )
INVESTOR SERVICE JULIUS BAER SICAV, RBS )
COUTTS BANK LTD., RICHOURT AAA )
MULTISTRATEGIES, ROTHSCHILD BANK AG ZURICH )
(DUBLIN) a/k/a ROTHSCHILD BANK AG, ROTHSCHILD )
BANK GENEVA (DUBLIN), ROTHSCHILD LUGANO )
DUBLIN a/k/a BANCA PRIVATA EDMOND DE )
ROTHSCHILD LUGANO S.A.,  EDMOND DE )
ROTHSCHILD (SUISSE) S.A., SIS SEEGANINTERSETTLE, )
SIX SIS LTD., SOCIETE GENERALE BANK & TRUST, )
SOUNDVIEW FUND, SWISSCANTO FD CENTRE )
CLIENTS A/C, T1 GLOBAL FUND LTD., UBS AG NEW )
YORK, UBS AG ZURICH, UBS JERSEY NOMINEES, )
VERWALTUNGS UND PRIVAT-BANK AG )
AKTIENGESELLSCHAFT (AMS), VORARLBERGER )
LANDES UND HYPOTHEKENBANK )
AKTIENGESELLSCHAFT and BENEFICIAL OWNERS OF )
ACCOUNTS HELD IN THE NAME OF CGC NA 1-1000, )
)
Defendants. )
)
)
)
)

2

## STIPULATED ORDER GRANTING IN PART AND DENYING IN PART
## MOVING DEFENDANTS' SECOND CONSOLIDATED MOTION TO DISMISS

Plaintiffs[1] and the defendants ("<u>Defendants</u>") in the above-captioned adversary proceeding (the "<u>Action</u>"), to the extent represented by undersigned counsel, state as follows:

**WHEREAS**, on August 6, 2018, the Court issued a Memorandum Decision and Order ("<u>*Fairfield I*</u>") (Dkt. 1723),[2] holding that the Court had subject matter jurisdiction over certain adversary proceedings forming part of the administratively consolidated action captioned above, while not fully resolving the objections to personal jurisdiction or service raised in the opposition of Moving Defendants (among others) to Consolidated Plaintiffs' October 21, 2016 motion for leave to amend (Dkts. 922–23) or the January 13, 2017 motions to dismiss of Moving Defendants (among others) (Dkts. 959–60), including the supplemental briefs thereto filed by certain Moving Defendants (among others) (the "<u>2016–17 Motions to Amend and Dismiss</u>");

**WHEREAS**, on September 20, 2018, the Court entered an Order and Stipulation (the "<u>Stipulation</u>") (Dkt. 1735) between Consolidated Plaintiffs and Moving Defendants (among others) to enable the Court to resolve the balance of the 2016–17 Motions to Amend and Dismiss, without the signatories to the Stipulation waiving, except as expressly provided in the Stipulation, arguments or rights in connection with the 2016–17 Motions to Amend and Dismiss, including, but not limited to, grounds and arguments in support of dismissal for lack of personal jurisdiction or service raised by Moving Defendants (among others) in their memorandum of law

---

1    Except where otherwise noted, references to (i) "<u>Consolidated Plaintiffs</u>" are to Kenneth Krys and Greig Mitchell (or their predecessors) as Liquidators and Foreign Representatives of all three funds—Fairfield Sentry Limited (In Liquidation), Fairfield Sigma Limited (In Liquidation), and Fairfield Lambda Limited (In Liquidation), and (ii) "<u>Moving Defendants</u>" are to defendants listed in Exhibit A hereto (comprised of defendants in all adversary proceedings in the above-captioned administratively consolidated proceedings that filed or joined the Second Consolidated Motion to Dismiss (defined below) Consolidated Plaintiffs' claims in the adversary proceedings against them).

in connection with the 2016–17 Motions to Amend and Dismiss and, in some instances, in the individual supplemental briefs of Moving Defendants (among others) in connection with the 2016–17 Motions to Amend and Dismiss;

**WHEREAS**, upon consideration of the foregoing stipulations and briefing and of oral argument on the 2016–17 Motions to Amend and Dismiss, the Court on December 6, 2018 issued a Memorandum Decision granting in part and denying in part the 2016–17 Motions to Amend and Dismiss, which contemplated the filing of a renewed motion to dismiss ("*Fairfield II*") (Dkt. 1743);

**WHEREAS,** between April 2, 2019 and April 18, 2019, and on August 5, 2019 and August 8, 2019, the Court entered settled or stipulated orders (the "Stipulated Orders") in each of the adversary proceedings forming part of the administratively consolidated action captioned above to implement *Fairfield I* and *Fairfield II*;

**WHEREAS**, the Stipulated Orders provided for the dismissal of certain of Consolidated Plaintiffs' claims with prejudice and entered final judgments under Federal Rule of Civil Procedure 54(b), made applicable in these proceedings by Bankruptcy Rule 7054, as to those claims, which fully and finally dismissed claims included certain claims seeking the imposition of a constructive trust in actions in which Consolidated Plaintiffs asserted that no Moving Defendant was a "Knowledge Defendant" as defined in *Fairfield II* (the "Non-Knowledge Defendant Constructive Trust Claims");

**WHEREAS**, the Stipulated Orders granted leave to file certain amended complaints and provided that a renewed motion to dismiss, including certain supplemental briefs in support thereof, could be filed in response to the operative amended complaints with respect to the

---

2    References to "Dkt." or "Dkts." are to docket entries for the administratively consolidated adversary proceedings, *Fairfield Sentry Ltd. (In Liquidation) v. Theodoor GGC Amsterdam*, No. 10-ap-03496 (Bankr.

following issues (collectively, the "Second Round Issues"): (i) whether any claims asserted against a defendant in an amended complaint served pursuant to the Stipulated Orders are barred by Section 546(e), Section 546(g), and/or Section 561(d) of the Bankruptcy Code; (ii) whether the defendant is a Knowledge Defendant as defined in *Fairfield II* and, to the extent that a defendant is a Knowledge Defendant, whether Consolidated Plaintiffs have made allegations sufficient to sustain a constructive trust claim asserted against them in an amended complaint served pursuant to the Stipulated Orders; (iii) whether the Court may exercise personal jurisdiction over a defendant, including whether service was properly effected; (iv) whether any claim asserted against a defendant in an amended complaint must be dismissed under *Fairfield II*; (v) whether any claim asserted against a defendant must be dismissed because that defendant is not a proper party to be sued on such claim; (vi) whether a defendant must be dismissed because an amended complaint served pursuant to the Stipulated Orders fails to adequately plead receipt of redemptions by that defendant; and (vii) any other argument for dismissal upon consent of the Consolidated Plaintiffs or by order of the Court;

**WHEREAS**, on or before January 15, 2020, in accordance with those Stipulated Orders, Plaintiffs filed the operative amended complaint in the Action, asserting claims under Sections 245 and 246 of the BVI Insolvency Act (the "BVI Avoidance Claims") and seeking a constructive trust under BVI law (the "Constructive Trust Claim");

**WHEREAS**, on January 15, 2020, Consolidated Plaintiffs certified completion of their filing of amended complaints pursuant to the Stipulated Orders and simultaneously moved for leave to further amend those operative complaints in twenty-nine actions—consisting of seventeen actions against theretofore existing alleged Knowledge Defendants as defined in

---

S.D.N.Y.), unless otherwise indicated.

*Fairfield II* (the "<u>Knowledge Defendants</u>")[3] and twelve additional actions against defendants who had not before been alleged to be Knowledge Defendants (the "<u>Proposed New Knowledge Defendants</u>")—to add allegations in support of existing or new proposed constructive trust claims based upon purported defendant knowledge (the "<u>Motion for Leave</u>") (Dkt. 2873);

**WHEREAS**, at a February 25, 2020 conference, and as subsequently so-ordered in an order dated March 20, 2020 (the "<u>March 20 Order</u>") (Dkt. 2926), the Court directed the Proposed New Knowledge Defendants and the Consolidated Plaintiffs to submit briefs on the issue of whether the Court lacked subject matter jurisdiction over the new proposed constructive trust claims against the Proposed New Knowledge Defendants or whether the Court was otherwise barred from hearing the Motion for Leave as to the Proposed New Knowledge Defendants (the "<u>Constructive Trust Bar Issue</u>"), on which issue the relevant parties submitted briefs dated March 10, 2020 (Dkts. 2890, 3024), March 24, 2020 (Dkts. 3015–16), and March 31, 2020 (Dkt. 3023), and the Court otherwise adjourned deadlines for the Motion for Leave and held it in abeyance;

**WHEREAS**, following the February 25 and March 11, 2020 conferences, the Court directed that Moving Defendants could file a renewed motion to dismiss by a consolidated brief, and certain individual, supplemental briefs in support thereof, with respect to the operative complaints as amended pursuant to the Stipulated Order on the following grounds: (i) whether any or all of Consolidated Plaintiffs' claims are barred by Section 546(e), Section 546(g), and/or Section 561(d) of the U.S. Bankruptcy Code on the basis of only those materials capable of being considered on a motion to dismiss (the "<u>Safe Harbor Issue</u>"), and (ii) whether, as a matter of law, service was properly effected on the Moving Defendants who reside in particular countries

---

3    References to (i) "<u>Knowledge Defendants</u>" are to defendants listed in Exhibit B hereto (comprised of purported Knowledge Defendants), and (ii) "<u>Proposed New Knowledge Defendants</u>" are to defendants listed in Exhibit C hereto (comprised of defendants that opposed Consolidated Plaintiffs' Motion for Leave on the basis of the Constructive Trust Bar Issue).

identified by Moving Defendants that are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters—*i.e.*, the Hague Convention (the "<u>Hague Service Issue</u>" and, collectively with the Safe Harbor Issue, the "<u>First Threshold Issues</u>");

> **WHEREAS**, the Court directed at the February 25 and March 11, 2020 conferences that all other Second Round Issues, besides the First Threshold Issues, were expressly preserved;

> **WHEREAS**, consistent with the Court's directives at the February 25 and March 11, 2020 conferences, on March 16, 2020, Moving Defendants filed a renewed motion to dismiss on the First Threshold Issues (the "<u>Second Consolidated Motion to Dismiss</u>") supported by a consolidated brief (the "<u>Second Consolidated Motion to Dismiss Brief</u>") (Dkts. 2903, 2910) and other supporting papers;

> **WHEREAS**, further consistent with the Court's directives at the February 25 and March 11, 2020 conferences, on or before March 23, 2020, certain Moving Defendants filed supplemental briefs or other supporting papers in further support of the Second Consolidated Motion to Dismiss (the "<u>Individual Supplemental Briefs</u>");

> **WHEREAS**, in the March 20 Order, while expressly preserving all other arguments for dismissal, the Court limited consideration of the Hague Service Issue to the issue of whether service was properly effected on the subset of Moving Defendants purportedly served in Switzerland (the "<u>Swiss Service Issue</u>" as to certain "<u>Swiss Moving Defendants</u>," Exhibit D, *infra*);

> **WHEREAS**, following a March 27, 2020 telephonic hearing, in an order dated April 14, 2020 (the "<u>April 14 Order</u>" and, together with the March 20 Order, the "<u>Scheduling Orders</u>") (Dkt. 3028), the Court limited Consolidated Plaintiffs' consolidated brief in opposition to the

Second Consolidated Motion to Dismiss Brief such that, with respect to two arguments from the Second Consolidated Motion to Dismiss Brief identified in the April 14 Order, such briefing only addressed the operative complaint against Citibank NA London (Dkt. 79, No. 10-ap-03622), which the parties stipulated was a financial institution, and HSBC Private Bank Suisse SA ("HSBC Suisse") (Dkt. 86, No. 10-ap-03633); in so doing, the Court expressly preserved and held in abeyance all other submissions in connection with the Second Consolidated Motion to Dismiss Brief;

**WHEREAS**, the Scheduling Orders expressly preserved all other arguments "in connection with any pending motions for leave to amend, including the Motion for Leave, and with the [Second] Consolidated Motion to Dismiss … including without limitation, lack of personal jurisdiction, failure to state a claim for reasons other than the First Threshold Issues, and service issues other than the Hague Service Issue identified above [*i.e.*, other than the Swiss Service Issue]" (March 20 Order ¶ 4, *accord* April 14 Order ¶¶ 4–5);

**WHEREAS**, on August 10, 2020, the Court issued a decision denying the Motion for Leave as to the Proposed New Knowledge Defendants on the grounds that the Court was divested of jurisdiction to hear the Motion for Leave as to those Proposed New Knowledge Defendants (the "Constructive Trust Bar Decision") (Dkt. 3046), and issued an order to that effect on August 18, 2020 (the "Constructive Trust Bar Order") (Dkt. 3047), which resolved the Motion for Leave as to only the Proposed New Knowledge Defendants;

**WHEREAS**, on December 14, 2020, the Court issued a memorandum decision granting in part and denying in part the Second Consolidated Motion to Dismiss ("*Fairfield III*") (Dkt. 3062);

**WHEREAS**, in ruling upon the Safe Harbor Issue as limited by the Scheduling Orders and as part of *Fairfield III*, the Court dismissed the BVI Avoidance Claims, and held the Constructive Trust Claims were not barred by the safe harbor, in all applicable actions against the Moving Defendants;

**WHEREAS**, in ruling upon the Swiss Service Issue as part of *Fairfield III*, the Court, relying on the fact that Consolidated Plaintiffs "[did] not dispute that mail service on HSBC Suisse failed to satisfy the requirements of the Hague Service Convention" (*Fairfield III* at 25), determined that the Liquidators nevertheless "exercised due diligence" by "attempt[ing] service on HSBC Suisse in a timely manner consistent with the subscription agreements" and that "[t]he decision to litigate the propriety of past service or seek a different and less costly method of new service, rather than proceed with the costly and time-consuming process of serving the Defendants under the Hague Service Convention, does not signify a lack of due diligence" (*Fairfield III* at 34–35), granted Consolidated Plaintiffs' request to effect alternative service on HSBC Suisse's U.S. counsel, and directed Consolidated Plaintiffs (i) to meet and confer with HSBC Suisse on such request and "submit a joint letter to the Court within thirty days of this memorandum decision on the status of their meet and confer" (*Fairfield III* at 35), and, (ii) failing agreement, to serve HSBC Suisse by sending a copy of the operative complaint to HSBC Suisse's U.S. counsel by first class mail within sixty days of the date of the memorandum decision (*Fairfield III* at 35);

**WHEREAS**, on January 11, 2021, Consolidated Plaintiffs and HSBC Suisse met and conferred, and HSBC Suisse's U.S. counsel, Cleary Gottlieb Steen & Hamilton LLP, informed counsel for Consolidated Plaintiffs that Cleary Gottlieb Steen & Hamilton LLP is not authorized

to accept service on behalf of HSBC Suisse and that HSBC Suisse does not waive service of process;

**WHEREAS**, on January 13, 2021 (Dkt. 3066) the parties notified the Court of the outcome of their meet and confer, following which Consolidated Plaintiffs intend to serve HSBC Suisse's U.S. counsel by first class mail within sixty days of *Fairfield III*;

**WHEREAS**, the Court further directed the parties to "[s]ettle orders in each affected adversary proceeding on notice or submit consensual orders" (*Fairfield III* at 36);

**WHEREAS**, by agreement, the Court extended the deadline for settling on notice or submitting consensual orders until Thursday, January 28, 2021 (the "Settle Order Deadline") (Dkt. 3064);

**WHEREAS**, on January 4, 2021, this Court entered a separate order (Dkt. 30) in the adversary proceeding against various Citco entities, *Fairfield Sentry Ltd. (In Liquidation) v. Citco Global Custody NV*, No. 19-ap-01122, providing that the *Fairfield III* decision also applies to that action and extending until Thursday, January 28, 2021 the time for the parties to settle on notice or submit consensual orders in that proceeding (the "Citco Settle Order Deadline");

**WHEREAS**, by agreement, the Court further extended the Settle Order Deadline and Citco Settle Order Deadline until Thursday, February 11, 2021 (Dkt. 3067);

**WHEREAS**, certain Moving Defendants have stated that they intend to seek reconsideration of certain aspects of *Fairfield III*.  This Order is without prejudice to Consolidated Plaintiffs' right to oppose any such motions, including any delay in briefing the forthcoming Third Motion to Dismiss as a result of any such motions;

**WHEREAS**, Consolidated Plaintiffs intend to appeal *Fairfield III* in each of the 171 adversary proceedings that have been finally dismissed and in which there is no pending Motion

for Leave,[4] and certain Moving Defendants, having the same claims dismissed for the same reasons and in order to participate as parties in such appeal further request that the Bankruptcy Court enter a final judgment as to the BVI Avoidance Claims under Rule 54(b) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Bankruptcy Rule 7054, on the grounds that an immediate appellate review of *Fairfield III*'s dismissal of the BVI Avoidance Claims will be efficient for the courts and the Consolidated Plaintiffs and those Moving Defendants, and Consolidated Plaintiffs, reserving all rights concerning appeals, do not object to those Moving Defendants' request to use the Rule 54(b) procedure;

WHEREAS, certain Knowledge Defendants intend to file a motion for interlocutory appeal of the holdings of *Fairfield III* that denied the Second Consolidated Motion to Dismiss as to the Constructive Trust Claims and/or based on the Swiss Service Issue (the "Motion for Leave to Appeal"), and Consolidated Plaintiffs intend to oppose that Motion for Leave to Appeal;

WHEREAS, noticing appeals in those proceedings presents a significant logistical challenge, and Consolidated Plaintiffs and Moving Defendants, pursuant to Rules 8002(d) and 8004(a) of the Federal Rules of Bankruptcy Procedure, therefore request that the Court grant an extension of time to file any notice of appeal or cross-appeal arising out of or relating to this Order, to the maximum time allowable under Rule 8002(d) of the Federal Rules of Bankruptcy Procedure;

WHEREAS, Moving Defendants consent to Consolidated Plaintiffs' request for extension of time to file any notice of appeal pursuant to Rule 8002(d) of the Federal Rules of Bankruptcy Procedure, and Consolidated Plaintiffs consent to Moving Defendants' request for

---

4       These consist of the actions against the Moving Defendants (*see* Exhibit A), excluding the subset of Knowledge Defendants for which the Constructive Trust Claims are still live (*see* Exhibit B).

extension of time to file any notice of appeal or cross-appeal pursuant to Rules 8002(d) and/or

8004(a) of the Federal Rules of Bankruptcy Procedure;

**WHEREAS**, collectively, Moving Defendants have moved to dismiss in connection with

the 2016–17 Motions to Amend and Dismiss or the Second Consolidated Motion to Dismiss on

the following grounds (the "Motion to Dismiss Grounds"),[5] which have either been briefed or

expressly preserved:

- whether the Court may exercise subject matter jurisdiction;

- whether the Court may exercise personal jurisdiction over a defendant ("Personal Jurisdiction Issue");

- whether the Court should dismiss the claims for failure to properly effect service of process (the "Service Issue");

- whether the Court should dismiss the claims on the basis of *forum non conveniens*;

- whether any of the claims are barred by principles of preclusion, estoppel or *res judicata*;

- whether any of the claims are barred by Section 546(e), Section 546(g), and/or Section 561(d) of the Bankruptcy Code;

- whether a Moving Defendant is a Knowledge Defendant as defined under the standard set forth in *Fairfield II*, and to the extent that a defendant is a Knowledge Defendant, whether Consolidated Plaintiffs have made allegations sufficient to sustain a constructive trust claim asserted against it (the "Constructive Trust Pleading Issue") or an undervalue transaction claim;

- whether any of the claims must be dismissed because Defendants gave good consideration in exchange for the redemption payments or because there is a binding contract governing the subject matter of the Action;

- whether any of the claims must be dismissed for lack of standing;

- whether any of the claims must be dismissed for failure to allege damages;

---

5    This Order does not purport to bind defendants who were fully dismissed following *Fairfield II* and are not signatories to this Order.

- whether any of the BVI Avoidance Claims must be dismissed for any of the following reasons:  the Court lacks statutory authority to grant relief; Defendants were creditors and not members; the redeemed shares had the value ascribed to them by the funds; the funds were solvent at all relevant times; the redemptions were made in the ordinary course of business; the redemptions were made with a good faith belief they would benefit the funds.

- whether any of the claims must be dismissed under the doctrine of *ex turpi causa* or *in pari delicto*;

- whether any of the claims asserted against a defendant must be dismissed because that defendant is not a proper party to be sued on such claim (the "Proper Party Issue");

- whether any of the claims asserted against a defendant must be dismissed because that defendant acted as an agent to a disclosed principal;

- whether a defendant must be dismissed because a complaint fails to adequately plead receipt of redemptions by that defendant (the "Receipt Issue"); and

- whether the motions for leave filed in 2016 or the Motion for Leave should be granted under Rule 15(a)(2) and Rule 16(b) of the Federal Rules of Civil Procedure (the "Amendment Issue");

Defendants have not raised other grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b) and, subject to Paragraph II.2 herein, shall not raise any other grounds for dismissal pursuant to Federal Rule of Civil Procedure 12(b); and

**WHEREAS**, on February 11, 2021, the Court held a conference with the parties in which it provided further guidance on the submission of settle orders implementing *Fairfield III* and further proceedings;

**NOW,** for the reasons set forth in *Fairfield III*, which is incorporated herein and attached hereto as Exhibit E, **IT IS HEREBY STIPULATED, AGREED, AND SO ORDERED, THAT:**

## I.   DISPOSITION OF THE SECOND CONSOLIDATED MOTION TO DISMISS

1.     The Second Consolidated Motion to Dismiss is **GRANTED** as to the BVI
Avoidance Claims, and the BVI Avoidance Claims are **DISMISSED** for all Moving Defendants,
with prejudice.

2.     The Second Consolidated Motion to Dismiss is **DENIED** as to the Constructive
Trust Claims for all Knowledge Defendants, without prejudice to Defendants' ability to file a
further motion to dismiss pursuant to Paragraph II.1 of this Order.

3.     Except as expressly resolved in *Fairfield I*, *Fairfield II*, or *Fairfield III*, or in this
Order or the prior Stipulated Orders implementing those decisions, the Court has not resolved the
Motion to Dismiss Grounds.

4.     Moving Defendants' request that the Bankruptcy Court enter a final judgment as
to the BVI Avoidance Claims under Rule 54(b) of the Federal Rules of Civil Procedure, made
applicable in this proceeding by Bankruptcy Rule 7054, is **GRANTED**.

a.     The amended complaint in this adversary proceeding alleges multiple
claims and names multiple defendants.  The entry of a final order and
judgment will decide and ultimately dispose of, subject to appellate rights,
the BVI Avoidance Claims, which present legal issues that can be
adjudicated independently of the remaining claims.  Further, there is no
just reason for delay of entry of a final order and judgment on the BVI
Avoidance Claims.  *Fairfield III* dismissed the BVI Avoidance Claims in
this Action, as well as BVI Avoidance Claims involving identical legal
issues brought by Consolidated Plaintiffs against Moving Defendants in
related actions, some of which have now been finally resolved and are
thus subject to appeal pursuant to 28 U.S.C. § 158(a)(1).  Such appeal
could adjudicate the substantive rights of Moving Defendants without
their participation, unless a final order and judgment is entered forthwith.
In light of this, and the number of claims and Defendants in the action, the
interests of fairness, judicial efficiency and sound judicial administration
are served by the entry of this final order and judgment, together with the
entry of all other final orders and judgments dismissing BVI Avoidance
Claims brought by the Consolidated Plaintiffs in similar adversary
proceedings pursuant to *Fairfield III*, and the opportunity for an
immediate appeal.

b. Because this order and judgment and the dismissal of the BVI Avoidance Claims, together with the final orders and judgments dismissing BVI Avoidance Claims brought by Consolidated Plaintiffs in similar adversary proceedings pursuant to *Fairfield III*, will affect numerous adversary proceedings commenced by the Plaintiffs and hundreds of defendants named in those complaints, an immediate appeal of the dismissal of the BVI Avoidance Claims would avoid protracted, expensive, and potentially duplicative litigation proceedings, and would facilitate the prompt resolution of a significant portion of the litigation, which would provide certainty for further proceedings and possible appeals.

5.      Plaintiffs and the undersigned Moving Defendants expressly, knowingly, and voluntarily grant their consent solely for this Court to enter this final order and judgment in this Action as provided above, subject to appellate review, whether the underlying claims in the Action are core under 28 U.S.C. § 157(b)(2) or noncore under 28 U.S.C. § 157(c)(2) and although this Court is not constituted under Article III of the United States Constitution. Notwithstanding the above grant of consent, Moving Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

6.      Pursuant to Fed. R. Civ. P. 58(b)(2) made applicable to this adversary proceeding by Bankruptcy Rule 7058, the Court directs the Clerk to promptly **ENTER** partial final judgment in the form attached hereto as Exhibit F.

## II.   <u>FURTHER PROCEEDINGS</u>

1.      Without prejudice to the rights they may have in the event the operative complaints are amended or issues on appeal from a motion to dismiss are remanded, subject to Paragraph II.2 herein, any of the Knowledge Defendants may file a further motion to dismiss (the "<u>Third Motion to Dismiss</u>") and opposition to the Motion for Leave limited to the following issues:

    a.      the Amendment Issue;

    b.      the Constructive Trust Pleading Issue;

    c.      the Proper Party Issue;

    d.      the Personal Jurisdiction Issue;

    e.      the Service Issue, other than as to HSBC Suisse;

    f.      the Receipt Issue; and

    g.      any other argument for dismissal upon consent of the Consolidated Plaintiffs or by order of the Court.

2.      Moving Defendants shall not raise any grounds for dismissal on a future motion to dismiss other than those Motion to Dismiss Grounds not previously resolved in this or any related action; provided, however, in the event the operative complaints are amended (beyond those amendments already contemplated by the Motion for Leave) or issues on appeal from a motion to dismiss are remanded, the Moving Defendants shall inform the Consolidated Plaintiffs of any additional grounds for dismissal the Moving Defendants believe are legally justified and the parties shall meet and confer within thirty (30) days of such amendment or remand concerning any remaining issues for further briefing.

3.      The Knowledge Defendants and Consolidated Plaintiffs shall promptly meet and confer regarding a schedule for further proceedings in this matter and shall submit an agreed proposal, or their respective positions with respect to any issues on which agreement cannot be reached, including as to omnibus issues appropriate for consolidated briefing, within thirty (30) days of the entry of this Order.

4.      Consolidated Plaintiffs have stated that they intend to seek discovery pertaining to, without limitation, the Personal Jurisdiction Issue including by filing a motion to lift the stay of discovery imposed by the Stipulated Orders and/or a motion to compel the production of

discovery sought. This Order is without prejudice to Defendants' rights to oppose any such motions.

5.      Consolidated Plaintiffs' and Moving Defendants' requests for an extension of time to file notices of appeal and notices of cross-appeal under Rules 8002(d) and/or 8004(a) of the Federal Rules of Bankruptcy Procedure are each **GRANTED**. As a result of this Order and other final orders entered in these consolidated adversary proceedings, Consolidated Plaintiffs and Moving Defendants, should they pursue all appeals, would be required to file notices of appeal in dozens of adversary proceedings. Given the logistical burdens, the Court has determined that it is within its discretion to grant Consolidated Plaintiffs and Moving Defendants each an extension of time to file notices of appeal in connection with this Order pursuant to Bankruptcy Rule 8002(d). For the purposes of Bankruptcy Rule 8002(d), Consolidated Plaintiffs' request for an extension under Rule 8002(d) is deemed to be a motion by Consolidated Plaintiffs pursuant to Bankruptcy Rule 8002(d). Pursuant to Bankruptcy Rule 8002(d), Consolidated Plaintiffs' time to file any notice of appeal arising out of or relating to this Order is hereby extended to and including thirty-five (35) days from the date of entry of this Order. Similarly, for the purposes of Bankruptcy Rule 8002(d) and 8004(a), Moving Defendants' request for an extension under Rule 8002(d) and 8004(a) is deemed to be a motion by Moving Defendants pursuant to Bankruptcy Rule 8002(d). Pursuant to Bankruptcy Rules 8002(d) and 8004(a), Moving Defendants' time to file any notice of appeal or notice of cross-appeal arising out of or relating to this Order is hereby extended to and including thirty-five (35) days from the date of entry of this Order.

Dated: New York, New York
      February 24, 2021

By: */s/ David J. Molton*
    David J. Molton
    Marek P. Krzyzowski

**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
E-mail: dmolton@brownrudnick.com
E-mail: mkrzyzowski@brownrudnick.com

*Counsel for the Foreign Representatives*

   – and –

**SELENDY & GAY PLLC**
David Elsberg
Lena Konanova
Ron Krock
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 390-9000
E-mail: delsberg@selendygay.com
E-mail: rkrock@selendygay.com

By: */s/ Elizabeth Vicens*
    Elizabeth Vicens

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999
evicens@cgsh.com

*Counsel for Caceis Bank Luxembourg*

By: */s/ Nowell D. Bamberger*
    Nowell D. Bamberger
    Joseph M. Kay
    Christine M. Jordan

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974 1999
E-mail: nbamberger@cgsh.com

One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: jkay@cgsh.com
Email: cjordan@cgsh.com

*The party sued here as "HSBC"*[6]

By: */s/ Breon S. Peace*
    Breon S. Peace
    Ari D. MacKinnon
    Thomas S. Kessler

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

---

[6]    It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000
bpeace@cgsh.com
amackinnon@cgsh.com
tkessler@cgsh.com

*Attorneys for BNP Paribas (Suisse) SA,
BNP Paris (Suisse) SA Ex Fortis
(n/k/a BNP Paribas (Suisse) SA), BNP
Paribas (Suisse) SA Private (n/k/a BNP
Paribas (Suisse) SA)*

By: */s/ Richard Levin*
    Richard Levin
    Carl Wedoff

**JENNER & BLOCK LLP**
919 Third Avenue
New York NY 10022
Tel: (212) 891-1600
Fax: (212) 891-1699
rlevin@jenner.com
cwedoff@jenner.com

*Counsel for Unifortune Conservative
Side Pocket (not a juridical entity)*

By: */s/ William J. Sushon*
    William J. Sushon
    Daniel S. Shamah

**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, NY 10036-6524
(212) 326-2000
(212) 326-2061 (fax)
Email: wsushon@omm.com
Email: dshamah@omm.com

*Counsel for Clariden Leu Ltd. and
Credit Suisse AG Zurich*

By: */s/ Norris D. Wolff*

19

Norris D. Wolff, Esq.

**KLEINBERG KAPLAN WOLFF & COHEN, P.C.**
500 Fifth Avenue, 38th Floor
New York, New York 10110
(212) 986-6000
nwolff@kkwc.com

*Attorneys for Defendant Quasar Fund SPC
Class A and Class B CGCNV (sued as
Quasarfuns SPC)*


By: */s/ Stephen M. Harnik*
     Stephen M. Harnik

**HARNIK LAW FIRM**
666 Third Avenue, 10th Floor
New York, New York 10017-4046
T: (212) 599-7575
F: (212) 867-8120
Email: stephen@harnik.com

*Attorneys for Vorarlberger Landes- Und
Hypothekenbank Aktiengesellschaft*

By: */s/ Thomas J. Giblin*
     Thomas J. Giblin
     Christopher Harris

**LATHAM & WATKINS LLP**
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
E-mail: christopher.harris@lw.com
Email:  thomas.giblin@lw.com

*Counsel for Union Bancaire Privée, UBP SA*

By: */s/ George W. Shuster, Jr.*
     George W. Shuster, Jr.

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

george.shuster@wilmerhale.com
Benjamin W. Loveland
benjamin.loveland@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7518

*Counsel to Corner Banca SA, Finter Bank
Zurich (n/k/a Bank Vontobel AG),
Privatbank IHAG Zurich AG (sued as
IHAG Handelsbank AG), and PKB
Privatbank AG*

By: */s/ Rachel Ehrlich Albanese*
Rachel Ehrlich Albanese
Cherelle Glimp

**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
Fax: (212) 335-4501
Rachel.Albanese@us.dlapiper.com
Cherelle.Glimp@us.dlapiper.com

*Attorneys for Defendant Banca Arner S.A.*

By: */s/ Eric Fishman*
Eric Fishman
Andrew Troop

**PILLSBURY WINTHROP SHAW
PITTMAN LLP**
31 West 52nd Street
New York, NY 10019-6131
(212) 858-1000
Email: eric.fishman@pillsburylaw.com
Email: andrew.troop@pillsburylaw.com

*Counsel for Falcon Private Bank*

By: */s/ Christopher A. Lynch*
James C. McCarroll
John C. Scalzo
Christopher A. Lynch

**REED SMITH LLP**
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 521-5400
jmccarroll@reedsmith.com
jscalzo@reedsmith.com
clynch@reedsmith.com

*Attorneys for T1 Global Fund Ltd.*

By: */s/ Eric Fishman*                              
    Eric Fishman
    Andrew Troop

**PILLSBURY WINTHROP SHAW
PITTMAN LLP**
31 West 52nd Street
New York, NY 10019-6131
(212) 858-1000
Email: eric.fishman@pillsburylaw.com
Email: andrew.troop@pillsburylaw.com

*Counsel for InCore Bank AG*

By: */s/ Emil A. Kleinhaus*                         
    Emil A. Kleinhaus
    Angela K. Herring

**WACHTELL, LIPTON, ROSEN &
KATZ**
51 West 52 Street
New York, NY 10017
Telephone: (212) 403-1332
Facsimile: (212) 403-2332
E-mail: eakleinhaus@wlrk.com
        akherring@wlrk.com

*Counsel for Banque Pictet & Cie SA*

By: */s/ Marshall R. King*                          
    Marshall R. King
    Gabriel Herrmann

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue

New York, NY 10166
(212) 351-4000
mking@gibsondunn.com
gherrmann@gibsondunn.com

*Counsel for Defendants UBS AG and UBS Jersey Nominees Limited*

By:  /s/ John F. Zulack
    John F. Zulack

**ALLEGAERT BERGER & VOGEL LLP**
111 Broadway, 20th Floor
New York, New York 10006
jzulack@abv.com
(212) 571-0550

*Attorneys for Banque Cantonale Vaudoise, BCV AMC Defensive Alt Fund, Compagnie Bancaire Helvétique SA, Lombard Odier Darier Hentsch & Cie, Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG, Rothschild Bank Geneva (Dublin) a/k/a Edmond de Rothschild (Suisse) S.A., Edmond de Rothschild (Suisse) S.A. (sued as Sella Bank AG), Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A., Société Générale Bank & Trust*

By:   /s/ Marc R. Cohen
    Marc. R. Cohen
    Mark G. Hanchet
    Kevin C. Kelly

**MAYER BROWN LLP**
1999 K Street, N.W.
Washington, D.C. 20006
Tel. No.: (202) 263-5282
Email: mcohen@mayerbrown.com
1221 Avenue of the Americas
New York, New York 10020
Tel. No.: (212) 506-2500
Email : mhanchet@mayerbrown.com
Email: kkelly@mayerbrown.com

*Attorneys for Lombard Odier Darier*
*Hentsch & Cie*

By: */s/ William A. Maher*
    William A. Maher
    Fletcher W. Strong
    Maxwell G. Dillan

**WOLLMUTH MAHER & DEUTSCH LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Email: wmaher@wmd-law.com
Email: fstrong@wmd-law.com
Email: mdillan@wmd-law.com

*Counsel for Fairfield Investment Fund*
*Limited, Fairfield Investment GCI, and FIF*
*Advanced Limited*

By: */s/ David M. Morris*
    David M. Morris

**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
One New York Plaza
New York, NY 10004
(212) 859-8000
david.morris@friedfrank.com

*Counsel for Verwaltungs-und Privat-Bank*
*Aktiengesellschaft (now known as VP Bank*
*AG) and Centrum Bank Aktiengesellschaft*
*(now owned by VP Bank AG)*

By: */s/ Keith R. Palfin*
    Keith R. Palfin
    Heather Lamberg

**WINSTON & STRAWN LLP**
1901 L Street, N.W.
Washington, D.C. 20036-3506
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

E-mail: kpalfin@winston.com
E-mail: hlamberg@winston.com

*Counsel for BBVA (Suisse) SA*

By: */s/ Andreas Frischknecht*
    Andreas Frischknecht
    Erin E. Valentine

**CHAFFETZ LINDSEY LLP**
1700 Broadway, 33rd Floor
New York, NY 10019
Telephone: (212) 257-6960
a.frischknecht@chaffetzlindsey.com
e.valentine@chaffetzlindsey.com

*Counsel for Defendants SIX SIS Ltd. And
SIS SEEGAINTERSETTLE*

By: */s/ Eric B. Halper*
    Eric B. Halper

**MCKOOL SMITH, P.C.**
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
Tel: (212) 402-9400
Fax: (212) 402-9444
ehalper@mckoolsmith.com

*Attorneys for Bank Julius Baer & Co. Ltd*

By: */s/ Jeff E. Butler*
    Jeff. E. Butler
    La'Tise M. Tangherlini

**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
E-mail: jeff.butler@cliffordchance.com
latise.tangherlini@cliffordchance.com

*Attorneys for Dexia Banque
Internationale à Luxembourg SA*

By: */s/ Anthony L. Paccione*
    Anthony L. Paccione
    Mark T. Ciani

    **KATTEN MUCHIN ROSENMAN LLP**
    575 Madison Avenue
    New York, NY 10022
    Telephone: 212.940.8800
    Facsimile:  212.940.8776
    E-mail: anthony.paccione@katten.com
    E-mail: mark.ciani@katten.com

    *Attorneys for Coutts & Co. AG (f/k/a RBS*
    *Coutts Bank, Ltd.), Harmony Capital Fund*
    *Ltd., Lloyds TSB Bank Geneva (now known*
    *as Lloyds TSB Bank, plc), and RBC Investor*
    *Services Bank, S.A. (f/k/a RBC Dexia*
    *Investor Services)*

By: */s/ Scott Balber*
    Scott Balber
    Jonathan Cross

    **HERBERT SMITH FREEHILLS NEW**
    **YORK LLP**
    450 Lexington Avenue
    New York, NY  10017
    Telephone:  (917) 542-7600
    Scott.Balber@hsf.com
    Jonathan.cross@hsf.com

    *Counsel for Hapoalim (Switzerland), Ltd.*

By: */s/ Gregory F. Hauser*
    Gregory F. Hauser
    Jascha D. Preuss

    **WUERSCH & GERING LLP**
    100 Wall Street, 10th Floor
    New York, NY 10005
    Telephone: (212) 509-5050
    Facsimile: (212) 509- 9559
    Email: gregory.hauser@wg-law.com
    Email: jascha.preuss@wg-law.com

*Counsel for: Liechtensteinische Landesbank AG (sued here as Liechtensteinische LB Reinvest AMS); LGT Bank in Liechtenstein AG (now known as LGT Bank AG); and Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd.*

By: */s/ Jonathan D. Cogan*
    Jonathan D. Cogan

**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Telephone (212) 488-1200
Email: jonathan.cogan@kobrekim.com

*Counsel for Allianz Bank Financial Advisors S.p.A.*

By: */s/ D. Farrington Yates*
    D. Farrington Yates
    Adam M. Lavine
    Donna (Dong Ni) Xu

**KOBRE & KIM LLP**
800 Third Avenue
New York, New York 10022
Telephone (212) 488-1200
Email: farrington.yates@kobrekim.com
Email: adam.lavine@kobrekim.com
Email: donna.xu@kobrekim.com

*Counsel for EFG Bank S.A. Switzerland (n/k/a EFG Bank),*
*EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)),*
*Banca Unione di Credito, BSI AG, and BSI Ex Banca Del Gottardo*

By: */s/ Andrew J. Finn*
    Andrew J. Finn
    Jeffrey T. Scott

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York  10004

Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: finna@sullcrom.com
E-mail: scottj@sullcrom.com

*Counsel for Bank J. Safra Sarasin AG, f/k/a*
*Bank Sarasin & Cie*

SO ORDERED this 26th day of February, 2021

**/s/ Stuart M. Bernstein**
HON. STUART M. BERNSTEIN
United States Bankruptcy Judge

## EXHIBIT A
### *Moving Defendants*

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 1 | Adv. Pro. 10-03502 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dominion Securities Sub A/C, et al.* | RBC Dominion Securities | RBC Dominion Securities |
| 2 | Adv. Pro. 10-03503 | *Fairfield Sigma Limited (In Liquidation), et al. v. Tercas-Cassa Di Risparmio Della Provincia Di Teramo S.P.A., et al.* | Banca Popolare di Bari S.C.p.A in Amministrazione Straordinaria, as successor-in-interest to Tercas-Cassa Di Risparmio Della Provincia di Teramo S.P.A. | Tercas-Cassa Di Risparmio Della Provincia di Teramo S.P.A. |
| 3 | Adv. Pro. 10-03504 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS ABN AMRO Global Custody, et al.* | ABN AMRO Global Custody N.V. (sued as FS ABN AMRO Global Custody) | ABN AMRO Global Custody |
| 4 | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* | American Express Bank, f/k/a Standard Chartered International (USA) Ltd., n/k/a Standard Chartered International (USA) LLC | American Express Bank, n/k/a Standard Chartered International (USA) Ltd. |

[1] That Appendix A (and the footnotes thereto) includes (i) Defendants listed in Appendix A submitted with Moving Defendants' Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss (Dkt. 2903), (ii) Defendants who filed a joinder within ten days after the date of filing the Defendants' Brief, as provided under the relevant Stipulated Orders, *see, e.g.*, Stipulated Order Granting in Part and Denying in Part Moving Defs.' Mots. to Dismiss and Pls.' Mot. for Leave to Amend, Fairfield Sentry Ltd. v. HSBC Private Bank Suisse SA, Adv. Pro. No. 10-3633 (SMB) (Bankr. S.D.N.Y. Apr. 15, 2019) (Dkt. 81), and (iii) Defendants who, after that time, filed a motion or stipulation to join the renewed motion to dismiss. This is not a concession by either party that those names are correct. Moreover, although Moving Defendants' commentary in the "Defendant" column has been retained, its inclusion herein does not constitute a concession of that commentary's accuracy, *vel non*, by the Consolidated Plaintiffs.

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 5 | Adv. Pro. 10-03505 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Europe), et al.* | Banque Privee Edmond de Rothschild (Europe) | Banque Privee Edmond de Rothschild (Europe) |
| 6 | Adv. Pro. 10-03507 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Meritz Fire & Marine Insurance Company Ltd., et al.* | Meritz Fire & Marine Insurance Company Ltd. | Meritz Fire & Marine Insurance Company Ltd. |
| 7 | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Perenco SA | Perenco SA |
| 8 | Adv. Pro. 10-03508 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. (Asia) Ltd., et al.* | Schroder & Co. (Asia) Ltd. | Schroder & Co. (Asia) Ltd. |
| 9 | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* | Banco Santander International SA (f/k/a Banco Santander (Suisse) S.A.) | Banco Santander (Suisse) S.A. |
| 10 | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* | Hapoalim (Switzerland), Ltd. | Bank Hapoalim (Suisse) Ltd. a/k/a Banque Hapoalim (Suisse) S.A. |
| 11 | Adv. Pro. 10-03512 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Mizrahi Tefahot Bank Ltd., et al.* | Mizrahi Tefahot Bank Limited | Mizrahi Tefahot Bank Ltd. a/k/a United Mizrahi Bank Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 12 | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* | Banque SYZ SA (f/k/a Banque Syz & Co. SA) | Banque Syz & Co. SA |
| 13 | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* | Banque Piguet & Cie SA | Banque Piguet & Cie S.A. |
| 14 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. | Banco Bilbao Vizcaya Argentaria (Portugal) S.A. |
| 15 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | Banco Bilbao Vizcaya Argentaria S.A. | Banco Bilbao Vizcaya Argentaria S.A. |
| 16 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | BBVA Fundas Privanza | BBVA Fundas Privanza |
| 17 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | BBVA Grand Cayman | BBVA Grand Cayman |
| 18 | Adv. Pro. 10-03515 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Bilbao Vizcaya Argentaria (Portugal) S.A., et al.* | BBVA Miami | BBVA Miami |
| 19 | Adv. Pro. 10-03516 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.* | Merrill Lynch, Pierce, Fenner & Smith, Inc. | Merrill Lynch, Pierce, Fenner & Smith, Inc. |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 20 | Adv. Pro. 10-03519 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Neue Bank AG, et al.* | Neue Bank AG | Neue Bank AG |
| 21 | Adv. Pro. 10-03521 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombardy Properties Limited, et al.* | Lombardy Properties Limited | Lombardy Properties Limited |
| 22 | Adv. Pro. 10-03525 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fund Nominees Limited, et al.* | Collins Stewart (CI) Limited | Collins Stewart (CI) Limited |
| 23 | Adv. Pro. 10-03525 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fund Nominees Limited, et al.* | Fund Nominees Limited | Fund Nominees Limited |
| 24 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 25 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA | SG Private Banking (Suisse) SA n/k/a Société Générale Private Banking (Suisse) S.A. |
| 26 | Adv. Pro. 10-03614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sherli Elghanian Krayem, et al.* | Sherli Eghanian Krayem | Sherli Eghanian Krayem |
| 27 | Adv. Pro. 10-03614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sherli Elghanian Krayem, et al.* | Roya Rebecca Elghanian | Roya Rebecca Elghanian |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 28 | Adv. Pro. 10-03615 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of America National Trust and Savings Association, et al.* | Bank of America National Trust and Savings Association | Bank of America National Trust and Savings Association |
| 29 | Adv. Pro. 10-03616 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Luxembourg, et al.* | Banque de Luxembourg | Banque de Luxembourg |
| 30 | Adv. Pro. 10-03618 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Miami, et al.* | BBVA Miami | BBVA Miami |
| 31 | Adv. Pro. 10-03619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Institutional Trust Services (Asia) Limited, et al.* | HSBC Institutional Trust Services (Asia) Limited. | HSBC Institutional Trust Services (Asia) Limited |
| 32 | Adv. Pro. 10-03620 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse International, et al.* | Credit Suisse International | Credit Suisse International |
| 33 | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | OAM | OAM |
| 34 | Adv. Pro. 10-03621 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Oddo & Cie, et al.* | Oddo & Cie | Oddo & Cie |
| 35 | Adv. Pro. 10-03622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* | Citibank NA London | Citibank NA London |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 36 | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Caceis Bank Luxembourg | Caceis Bank Luxembourg |
| 37 | Adv. Pro. 10-03624 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank Luxembourg, et al.* | Natixis S.A. or its predecessors in interest as the owner/operator of certain accounts named as defendants | Strategy Sicav EdPaf, Selected Strategies Ltd., ICM Tactical Master, CDC ICM The Ghos Portfolio a/k/a CDC IXIS Capital Markets, Eurogate Farad Global Niche, ICIB Natexis Lux Alpha Master, ICIB Cote d'Armor Alpha Master, ICIB Centre France Alpha Prot Master, ICIB Ethias Allocation Master, ICIB Atlantique Alpha Master, ICIB Hyperion Alternative Basket Master, and ICIB Hyperion Alternative Basket II Master |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 38 | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 39 | Adv. Pro. 10-03626 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas* | BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas | BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas |
| 40 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Altigefi-Altipro Master a/k/a Olympia Capital Management | Altigefi-Altipro Master a/k/a Olympia Capital Management |
| 41 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. v. BNP Paribas Securities Services Luxembourg, et al.* | BNP Securities Services Luxembourg S.A. | BNP Securities Services Luxembourg |
| 42 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Milan Clessidra a/k/a Clessidra SGR SpA | Milan Clessidra a/k/a Clessidra SGR SpA |
| 43 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Rothschild & Cie Banque-EGA | Rothschild & Cie Banque-EGA |
| 44 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Murdoch & Co. | Murdoch & Co. |
| 45 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Robinson &. Co. | Robinson & Co. |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 46 | Adv. Pro. 10-03629 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Private Banking Nom, et al.* | HSBC Private Banking Nom a/k/a HSBC Private Banking Nominee 1 (Jersey) Ltd. n/k/a Republic Nominees Limited | HSBC Private Banking Nom a/k/a HSBC Private Banking Nominee 1 (Jersey) Ltd. n/k/a Republic Nominees Limited |
| 47 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg), SA | HSBC Securities Services (Luxembourg), SA |
| 48 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private-Space Ltd. | Private Space Ltd. |
| 49 | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (C.I.) Limited | HSBC Private Bank (C.I.) Limited |
| 50 | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | HSBC Private Bank (Guernsey) Ltd. a/k/a HSBC Republic Bank (Guernsey) Ltd. n/k/a HSBC Private Bank (C.I.) Limited | HSBC Private Bank (Guernsey) Ltd. a/k/a HSBC Republic Bank (Guernsey) Ltd. n/k/a HSBC Private Bank (C.I.) Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 51 | Adv. Pro. 10-03631 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Guernsey) Ltd., et al.* | Republic Nominees Limited | Republic Nominees Limited |
| 52 | Adv. Pro. 10-03632 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Andbanc Andorra, et al.* | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. | ANDBanc Andorra a/k/a Andorra Banc Agricol Reig, S.A. |
| 53 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | HSBC Private Bank Suisse SA | HSBC Private Bank Suisse SA |
| 54 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg | Banco Itau Europa Luxembourg |
| 55 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley AG | Bank Morgan Stanley AG |
| 56 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich | Citibank (Switzerland) Zurich |
| 57 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited | Citivic Nominees Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 58 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA aka Banque Privee Espirito Santo SA | Compagnie Bancaire Espiritu Santo SA n/k/a Banque Privee Espirito Santo SA |
| 59 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Private Bank S.A. (n/k/a EFG Bank) | EFG Private Bank SA |
| 60 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | HSBC Bank USA | HSBC Bank USA |
| 61 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank[2] | Merrill Lynch Bank |
| 62 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Morgan Stanley & Co. International PLC | Morgan Stanley & Co. International PLC |
| 63 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Safra National Bank of New York | Safra National Bank of New York |
| 64 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda | ZCM Asset Holding Co. Bermuda |

2 It has been asserted that "Merrill Lynch Bank" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 65 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Matched Funding Corp. | ZCM Matched Funding Corp. |
| 66 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Zurich Capital Markets Company | Zurich Capital Markets Company |
| 67 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | "HSBC"[3] | HSBC |
| 68 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 69 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. | Banca Arner SA |
| 70 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito | Banca Unione di Credito |
| 71 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie | Bank Sarasin & Cie |

---

3       It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 72 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. | Bank Julius Baer & Co. Ltd. |
| 73 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise | Banque Cantonale Vaudoise |
| 74 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | Dexia Banque International A Luxembourg |
| 75 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA | Pictet & Cie |
| 76 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA | BBVA (Suisse) SA |
| 77 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund | BCV AMC Defensive AL Fund[4] |
| 78 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA | BNP Paribas (Suisse) SA |
| 79 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Ex Fortis |

---

4    It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 80 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Private |
| 81 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG | BSI AG |
| 82 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo | BSI Ex Banca Del Gottardo |
| 83 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg | Caceis Bank Luxembourg |
| 84 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) | Centrum Bank AG (AMS) |
| 85 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. | Clariden Leu Ltd. |
| 86 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique | Compagnie Bancaire Helvetique |
| 87 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA | Corner Banca SA |

A-13

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 88 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) | RBS Coutts Bank Ltd. |
| 89 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich | Credit Suisse AG Zurich |
| 90 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. | Dresdner Bank Schweiz |
| 91 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) | Edmond de Rothschild (Suisse) S.A. |
| 92 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) | EFG Bank SA Switzerland |
| 93 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) | EFG Eurofinancier D'Invest MCL |
| 94 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. | Fairfield Investment Fund Ltd. |
| 95 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI | Fairfield Investment GCI |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 96 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank | Falcon Private Bank |
| 97 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 98 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich | Finter Bank Zurich |
| 99 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. | Bank Hapoalim Switzerland Ltd. |
| 100 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. | Harmony Capital Fund Ltd. |
| 101 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG | IHAG Handelsbank AG |
| 102 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG | InCore Bank AG |
| 103 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG | LGT Bank in Liechtenstein AG |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 104 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) | Liechtensteinische LB Reinvest AMS |
| 105 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) | Lloyds TSB Bank Geneva |
| 106 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |
| 107 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. | National Bank of Kuwait |
| 108 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque (Suisse) S.A. | NBK Banque Privee Suisse SA |
| 109 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG | PKB Privatbank AG |
| 110 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. | RBC Dexia Investor Service Julius Baer SICAV |
| 111 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG | Rothschild Bank AG |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 112 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[5] | Rothschild Bank Geneva (Dublin) |
| 113 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A. |
| 114 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle | SIS Seeganintersettle |
| 115 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. | SIX SIS Ltd. |
| 116 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust | Societe Generale Bank & Trust |
| 117 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) | UBS AG Zurich and UBS AG New York |
| 118 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) | UBS Jersey Nominees |

---

5       It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 119 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket (not a juridical entity) | Unifortune Conservative Side Pocket |
| 120 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) | ABN AMRO Schweiz AG a/k/a ABN AMRO Switzerland AG |
| 121 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG | Verwaltungs UND Privat-Bank AG Aktiengesellschaft (AMS) |
| 122 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 123 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | "HSBC"[6] | HSBC |
| 124 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket | Allianzbank SPA/Unifortune Conservative Side Pocket |

---

6    It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 125 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arden International Capital Limited | Arden International Capital, Ltd. |
| 126 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. | Banca Arner SA |
| 127 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito | Banca Unione di Credito |
| 128 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie | Bank Sarasin & Cie |
| 129 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. | Bank Julius Baer & Co. Ltd. |
| 130 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi le-Israel B.M. | Bank Leumi (Switzerland) Ltd. |
| 131 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise | Banque Cantonale Vaudoise |
| 132 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | Dexia Banque International A Luxembourg |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 133 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA | Pictet & Cie |
| 134 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA | BBVA (Suisse) SA |
| 135 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund | BCV AMC Defensive AL Fund[7] |
| 136 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA | BNP Paribas (Suisse) SA |
| 137 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Ex Fortis |
| 138 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) | BNP Paribas (Suisse) SA Private |
| 139 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG | BSI AG |
| 140 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo | BSI Ex Banca Del Gottardo |

---

7    It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 141 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg | Caceis Bank Luxembourg |
| 142 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) | Centrum Bank AG (AMS) |
| 143 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. | Clariden Leu Ltd. |
| 144 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique | Compagnie Bancaire Helvetique |
| 145 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA | Corner Banca SA |
| 146 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) | RBS Coutts Bank Ltd. |
| 147 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich | Credit Suisse AG Zurich |
| 148 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. | Dresdner Bank Schweiz |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 149 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) | Edmond de Rothschild (Suisse) S.A. |
| 150 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) | EFG Bank SA Switzerland |
| 151 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) | EFG Eurofinancier D'Invest MCL |
| 152 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. | Fairfield Investment Fund Ltd. |
| 153 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI | Fairfield Investment GCI |
| 154 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank | Falcon Private Bank |
| 155 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 156 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich | Finter Bank Zurich |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 157 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. | Bank Hapoalim Switzerland Ltd. |
| 158 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. | Harmony Capital Fund Ltd. |
| 159 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG | IHAG Handelsbank AG |
| 160 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG | InCore Bank AG |
| 161 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG | LGT Bank in Liechtenstein AG |
| 162 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) | Liechtensteinische LB Reinvest AMS |
| 163 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) | Lloyds TSB Bank Geneva |
| 164 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 165 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. | National Bank of Kuwait |
| 166 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque (Suisse) S.A. | NBK Banque Privee Suisse SA |
| 167 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG | PKB Privatbank AG |
| 168 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Investor Services Bank S.A. | RBC Dexia Investor Service Julius Baer SICAV |
| 169 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG | Rothschild Bank AG |
| 170 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[8] | Rothschild Bank Geneva (Dublin) |
| 171 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A. |

---

8    It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 172 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle | SIS Seeganintersettle |
| 173 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. | SIX SIS Ltd. |
| 174 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust | Societe Generale Bank & Trust |
| 175 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) | UBS AG Zurich and UBS AG New York |
| 176 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) | UBS Jersey Nominees |
| 177 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Unifortune Conservative Side Pocket (not a juridical entity) | Unifortune Conservative Side Pocket |
| 178 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) | ABN AMRO Schweiz AG a/k/a ABN AMRO Switzerland AG |
| 179 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG | Verwaltungs UND Privat-Bank AG Aktiengesellschaft (AMS) |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)¹ | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 180 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 181 | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG | Citibank (Switzerland) AG a/k/a Citibank (Switzerland) Zurich |
| 182 | Adv. Pro. 10-03744 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Trust Company America, et al.* | Deutsche Bank Trust Company Americas | Deutsche Bank Trust Company Americas |
| 183 | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA Geneve | Deutsche Bank (Suisse) SA Geneve |
| 184 | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Deutsche Bank (Cayman) Limited | Deutsche Bank (Cayman) |
| 185 | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens CFO 1 Feeder Fund Ltd. | Sciens CFO 1 Feeder Fund Ltd. |
| 186 | Adv. Pro. 10-03746 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Cayman), et al.* | Sciens Global Opportunity Fund | Sciens Global Opportunity Fund |
| 187 | Adv. Pro. 10-03747 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank AG Singapore, et al.* | Deutsche Bank AG Singapore | Deutsche Bank AG Singapore |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 188 | Adv. Pro. 10-03750 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Blubank Ltd., et al.* | Blubank Ltd. n/k/a Inteligo Bank Ltd. | Blubank Ltd. n/k/a Inteligo Bank Ltd. |
| 189 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Banco Itaú International (f/k/a Bank Boston International Florida) | Bank Boston International Florida |
| 190 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Blush & Co. | Blush & Co. |
| 191 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Brown Brothers Harriman & Co. | Brown Brothers Harriman & Co. |
| 192 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Agricole (Miami) | Credit Agricole (Miami) |
| 193 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais Miami n/k/a Credit Lyonnais S.A. Miami | Credit Lyonnais Miami n/k/a Credit Lyonnais S.A. Miami |
| 194 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Credit Lyonnais n/k/a LCL-LE Credit Lyonnais S.A. | Credit Lyonnais n/k/a LCL-LE Credit Lyonnais S.A. |
| 195 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | Fox & Co. | Fox & Co. |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 196 | Adv. Pro. 10-03752 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Brown Brothers Harriman & Co., et al.* | SCB Nominees (CI) Ltd. | SCB Nominees (CI) Ltd. |
| 197 | Adv. Pro. 10-03755 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa Luxembourg SA, et al.* | Banco Itau Europa Luxembourg SA | Banco Itau Europa Luxembourg SA |
| 198 | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA | CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 199 | Adv. Pro. 10-03757 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SNS Global Custody B.V. a/k/a SNS Bank N.V., et al.* | SNS Global Custody B.V. a/k/a SNS Bank N.V. | SNS Global Custody B.V. a/k/a SNS Bank N.V. |
| 200 | Adv. Pro. 10-03764 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA | Pictet & Cie |
| 201 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | ABN AMRO Retained Nominees (IOM) Limited (sued as Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited) | Fortis (Isle of Man) Nominees Limited a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)¹ | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 202 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Odyssey Alternative Fund Limited | Odyssey Alternative Fund Limited |
| 203 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis (Isle of Man) Nominees Ltd. a/k/a ABN AMRO Fund Services (Isle of Man) Nominees Ltd., et al.* | Platinum All Weather Fund | Platinum All Weather Fund |
| 204 | Adv. Pro. 10-03778 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Wall Street Securities SA, et al.* | Wall Street Securities S.A. f/k/a Bantal Brothers S.A. | Wall Street Securities S.A. f/k/a Bantal Brothers S.A. |
| 205 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG (sued as UBS AG New York) | UBS AG New York |
| 206 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. | FIF Advanced Ltd. |
| 207 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA | SG Private Banking (Suisse) SA n/k/a Société Générale Private Banking (Suisse) S.A. |
| 208 | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA | Merrill Lynch Bank (Suisse) SA |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 209 | Adv. Pro. 10-03791 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Monte Paschi Ireland Ltd., et al.* | Monte Paschi Ireland Ltd. | Monte Paschi Ireland Ltd. |
| 210 | Adv. Pro. 10-03793 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Nomura International PLC, et al.* | Nomura International PLC | Nomura International PLC |
| 211 | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie | Lombard Odier Darier Hentsch & Cie |
| 212 | Adv. Pro. 10-03798 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Strina, et al.* | Luis M. Strina and Graziela Strina De Toledo Arruda | Luis M. Strina and Graziela Strina De Toledo Arruda |
| 213 | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd., et al.* | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 214 | Adv. Pro. 10-03863 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Sumitomo Trust & Banking Co., LTD - Alternative Investing Unit Global Markets, et al.* | Sumitomo Trust & Banking Co., Ltd. | Sumitomo Trust & Banking Co., Ltd. |
| 215 | Adv. Pro. 10-03864 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis Private Banking International SA - Client Account, et al.* | Natixis Wealth Management Luxembourg, formerly known as Natixis Private Banking International S.A. | Natixis Private Banking International SA |

A-30

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 216 | Adv. Pro. 10-03865 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Celfin International Limited, et al.* | Celfin International Limited n/k/a BTG Pactual (Cayman) International Holding Limited | Celfin International Limited |
| 217 | Adv. Pro. 10-03867 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS Stichting Stroeve Global Custody, et al.* | FS Stichting Stroeve Global Custody | Stichting Stroeve Global Custody |
| 218 | Adv. Pro. 10-03868 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al.* | Clearstream | Clearstream |
| 219 | Adv. Pro. 10-03868 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kredietbank SA Luxembourgeoise, et al.* | Quintet Private Bank (Europe) SA f/k/a Kredietbank SA Luxembourgeoise | Kredietbank SA Luxembourgeoise |
| 220 | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* | SIX SIS AG | Six Sis AG a/k/a Sis SegaInterSettle AG |
| 221 | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | Caceis Bank Ex Ixis Is | Caceis Bank Ex Ixis Is |
| 222 | Adv. Pro. 10-03871 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Caceis Bank EX-IXIS IS, et al.* | VEGA Investment Managers, formerly known as IXIS Private Capital Management ("IPCM") | IPCM |
| 223 | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* | Bordier & Cie | Bordier & Cie |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 224 | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. | Royal Bank of Canada (Suisse) |
| 225 | Adv. Pro. 10-04088 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse (Luxembourg) SA, et al.* | Credit Suisse (Luxembourg) SA | Credit Suisse (Luxembourg) SA |
| 226 | Adv. Pro. 10-04089 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Inversis SA, et al.* | Banco Inversis S.A. | Banco Inversis SA a/k/a Banco Inversis Net |
| 227 | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA | Dexia BIL a/k/a/ Dexia Banque Internationale a Luxembourg |
| 228 | Adv. Pro. 10-04090 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia BIL for Customer Account, et al.* | Candriam World Alternative (F/K/A Dexia World Alternative) | Dexia World Alternative |
| 229 | Adv. Pro. 10-04091 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Dexia Private Bank (Switzerland), et al.* | Banque Internationale à Luxembourg (Suisse) SA f/k/a Dexia Private Bank (Switzerland) SA | Dexia Private Bank (Switzerland) |
| 230 | Adv. Pro. 10-04093 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Commercial Bank of Kuwait, et al.* | Commercial Bank of Kuwait | Commercial Bank of Kuwait |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 231 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC – Cell A | DGAM Alternative Strategy Fund II, SPC – Cell A |
| 232 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund II, SPC – Cell B | DGAM Alternative Strategy Fund II, SPC – Cell B |
| 233 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Alternative Strategy Fund L.P. | DGAM Alternative Strategy Fund L.P. |
| 234 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | DGAM Asset Allocation Fund L.P. | DGAM Asset Allocation Fund L.P. |
| 235 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | The Legacy Fund | Legacy Fund Ltd. |
| 236 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Cayman) Limited, et al.* | UBS Fund Services (Cayman) Limited | UBS Fund Services (Cayman) Limited |
| 237 | Adv. Pro. 10-04098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* | BNP Paribas Arbitrage SNC | BNP Paribas Arbitrage SNC |
| 238 | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | BNP Paribas Private Bank and Trust Cayman Ltd | BNP Paribas Private Bank and Trust Cayman Ltd |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 239 | Adv. Pro. 10-04100 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citivic Nominees Limited, et al.* | Citivic Nominees Limited | Citivic Nominees Limited |
| 240 | Adv. Pro. 10-04212 | *Fairfield Sentry Limited (In Liquidation), et al. v. Bank Morgan Stanley AG, et al.* | Bank Morgan Stanley AG | Bank Morgan Stanley AG |
| 241 | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse (Gibraltar) Limited | Credit Suisse Gibraltar Limited |
| 242 | Adv. Pro. 10-04236 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees, et al.* | Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib | Credit Suisse Nominees a/k/a Credit Suisse Nominees (Guernsey) Limited A/C Gib |
| 243 | Adv. Pro. 10-04238 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hansard Europe Limited, et al.* | Hansard Europe DAC (sued as Hansard Europe Ltd.) | Hansard Europe Limited |
| 244 | Adv. Pro. 11-01242 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A., et al.* | BGL BNP Paribas S.A. (f/k/a Fortis Banque Luxembourg) | Fortis Banque Luxembourg |
| 245 | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* | Bank Julius Baer & Co. Ltd. | Bank Julius Baer and Co. Ltd., Zurich a/k/a Bank Julius Baer and Co. Ltd. a/k/a Bank Julius Baer and Co. SA |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 246 | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CA Indosuez (Switzerland) SA, et al.* | CA Indosuez (Switzerland) S.A. | CA Indosuez (Switzerland) SA |
| 247 | Adv. Pro. 11-01245 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BP ALPHA S.A. n/k/a BP ALPHA (AGENTE DE VALORES S.A.), et al.* | BP ALPHA S.A. n/k/a BP ALPHA (AGENTE DE VALORES S.A.) | BP Alpha S.A. n/k/a BP Alpha (Agente De Valores S.A.) |
| 248 | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* | Schroder & Co. Bank AG | Schroder & Co. Bank AG |
| 249 | Adv. Pro. 11-01250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Europe SE, Luxembourg Branch, et al.* | UBS Europe SE, Luxembourg Branch | UBS Europe SE, Luxembourg Branch |
| 250 | Adv. Pro. 11-01253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SWEDCLIENT/IAM, et al.* | Swedbank, erroneously sued as FS/Swedclient/IAM | Swedclient/IAM |
| 251 | Adv. Pro. 11-01254 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/AEB Lux a/k/a American Express Bank (London), et al.* | American Express Bank (London), f/k/a American Express Bank Ltd., n/k/a Standard Chartered Bank (erroneously sued as FS/AEB LUX a/k/a American Express Bank (London) a/k/a Standard Chartered PLC) | AEB Lux a/k/a American Express Bank (London) a/k/a Standard Chartered PLC |
| 252 | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* | Banque SCS Alliance SA | Banque SCS Alliance SA n/k/a CBH Compagnie Bancaire Helvetique SA |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 253 | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* | Mirabaud & Cie SA (f/k/a Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives) | Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives |
| 254 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | BP ALPHA. n/k/a BP ALPHA (AGENTE DE VALORES S.A.) | BP Alpha |
| 255 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS AG (sued as UBS Zurich) | UBS Zurich |
| 256 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS Fund Services (Ireland) Ltd. | UBS Fund Services (Ireland) Ltd. |
| 257 | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* | Barclays Bank (Suisse) SA | Barclays Bank (Suisse) SA |
| 258 | Adv. Pro. 11-01260 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. | NBK Kuwait a/k/a National Bank of Kuwait |
| 259 | Adv. Pro. 11-01263 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Clearstream Banking SA, et al.* | Clearstream Banking SA | Clearstream Banking SA |
| 260 | Adv. Pro. 11-01460 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. LAB/AXA PM, et al.* | Archilas (LAB/AXA PM) | LAB/AXA PM |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)¹ | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 261 | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Caliber Investments Ltd. | Caliber Investments Ltd. |
| 262 | Adv. Pro. 11-01461 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Melrose Investments Ltd., et al.* | Melrose Investments Ltd. | Melrose Investments Ltd. |
| 263 | Adv. Pro. 11-01462 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Grand Cathay Securities (Hong Kong) Limited, et al.* | KGI Asia Limited, as successor in interest to Grand Cathay Securities (Hong Kong) Limited | Grand Cathay Securities (Hong Kong) Limited |
| 264 | Adv. Pro. 11-01463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* | Merrill Lynch International | Merrill Lynch International |
| 265 | Adv. Pro. 11-01464 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Natixis f/k/a IXIS Corporate and Investment Bank, et al.* | Natixis S.A. (in its own capacity and as successor-in-interest of IXIS Corporate & Investment Bank) | Natixis f/k/a IXIS Corporate and Investment Bank |
| 266 | Adv. Pro. 11-01467 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BK Hapoalim/b M Tel Aviv, et al.* | Bank Hapoalim B.M. | BK Hapoalim/B M Tel Aviv |
| 267 | Adv. Pro. 11-01470 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barfield Nominees Limited, et al.* | Barfield Nominees Limited | Barfield Nominees Limited |
| 268 | Adv. Pro. 11-01486 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Korea Exchange Bank* | Korea Exchange Bank | Korea Exchange Bank |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 269 | Adv. Pro. 11-01564 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank Nominees (Jersey) Limited, et al.* | Deutsche Bank Nominees (Jersey) Limited | Deutsche Bank Nominees (Jersey) Limited |
| 270 | Adv. Pro. 11-01565 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/ING Lux, et al.* | ING Luxembourg | ING Lux |
| 271 | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA | SG Private Banking (Lugano-Svizzera) SA a/k/a SG Private Banking Suisse SA |
| 272 | Adv. Pro. 11-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bipielle Banke (Suisse) et al.* | Bipielle Bank (Suisse) in Liquidation (sued as Bipielle Banke (Suisse)) | Bipielle Banke (Suisse) n/k/a Bipielle Bank (Suisse) |
| 273 | Adv. Pro. 11-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Bruxelles, et al.* | Banque Degroof Bruxelles a/k/a Banque Degroof SA Bruxelles | Banque Degroof Bruxelles a/k/a Banque Degroof SA Bruxelles |
| 274 | Adv. Pro. 11-01574 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bureau of Labor Insurance, et al.* | Bureau of Labor Insurance | Bureau of Labor Insurance |
| 275 | Adv. Pro. 11-01575 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Industriel et Commercial Singapore Branch, et al.* | Credit Industriel et Commercial Singapore Branch | Credit Industriel et Commercial Singapore Branch |

A-38

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 276 | Adv. Pro. 11-01577 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cathay Life Insurance Co. Ltd, et al.* | Cathay Life Insurance Company Limited. | Cathay Life Insurance Co. Ltd. |
| 277 | Adv. Pro. 11-01578 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. NYROY, et al.* | Royal Bank of Canada sued as "NYROY, Royal Bank of Canada" | NYROY, Royal Bank of Canada |
| 278 | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | BNP Paribas Securities Services Nominees Ltd. | BNP Paribas Securities Nominees Ltd. a/k/a Harrier Holdings Limited |
| 279 | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* | Rahn & Bodmer Banquiers | Rahn & Bodmer Banquiers |
| 280 | Adv. Pro. 11-01582 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada Singapore Branch, et al.* | Royal Bank of Canada Singapore Branch | Royal Bank of Canada Singapore Branch |
| 281 | Adv. Pro. 11-01584 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Societe Generale Bank & Trust (Luxembourg), et al.* | Societe Generale Bank & Trust (Luxembourg) | Societe Generale Bank & Trust (Luxembourg) |
| 282 | Adv. Pro. 11-01585 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque de Reescompte et de Placement, et al.* | Banque de Reescompte et de Placement aka BAREP | Banque de Reescompte et de Placement a/k/a BAREP |
| 283 | Adv. Pro. 11-01586 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Swedbank, et al.* | Swedbank | Swedbank |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 284 | Adv. Pro. 11-01587 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bie Bank & Trust Bahamas Ltd., et al.* | Itaú Bank & Trust Bahamas Ltd. (sued as BIE Bank & Trust Bahamas Ltd.) | BIE Bank & Trust Bahamas Ltd. |
| 285 | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | BNY AIS Nominees, Ltd. | BNY AIS Nominees, Ltd. |
| 286 | Adv. Pro. 11-01589 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNY AIS Nominees Ltd., et al.* | Crèdit Andorrà / Crediinvest (not a juridical entity) | Crèdit Andorrà / Crediinvest |
| 287 | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AllFunds Bank, et al.* | AllFunds Bank | All Funds Bank |
| 288 | Adv. Pro. 11-01591 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. AllFunds Bank, et al.* | NMAS1 Gestion SGIIC S.A. | NMAS1 Gestion SGIIC S.A. |
| 289 | Adv. Pro. 11-01592 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Cherwinka, et al.* | Judith Cherwinka a/k/a/ JudithCherwinka IRA and Beneficial Owners of Accounts Held in the Name of Judith Cherwinka | Judith Cherwinka a/k/a/ JudithCherwinka IRA |
| 290 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | HSBC Guyerzeller Zurich a/k/a Guyerzeller Trust Company AG n/k/a HSBC Trust Company AG | HSBC Guyerzeller Zurich a/k/a Guyerzeller Trust Company AG n/k/a HSBC Trust Company AG |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 291 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/HSBC Guyerzeller Zurich, et al.* | Stanhope Capital (Switzerland) S.A. | Stanhope Capital |
| 292 | Adv. Pro. 11-01595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. KWI, et al.* | KWI | KWI |
| 293 | Adv. Pro. 11-01596 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Kefong Lee, And Beneficial Owners Of Accounts Held In The Name Of Kefong Lee 1- 1000* | Kefong Lee | Kefong Lee |
| 294 | Adv. Pro. 11-01598 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque et Caisse D'epargne de L'Etat Lux, et al.* | Banque et Caisse D'Epargne de L'Etat Luxembourg | Banque et Caisse D'Epargne de L'Etat Luxembourg |
| 295 | Adv. Pro. 11-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Eduardo Fernandez de Valderrama Murillo, et al.* | Eduardo Fernandez de Valderrama Murillo | Eduardo Fernandez de Valderrama Murillo |
| 296 | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* | BBVA Zurich/Shares | BBVA Zurich/Shares |
| 297 | Adv. Pro. 11-01601 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse AG Nassau Branch Wealth Management , et al.* | Credit Suisse AG Nassau Branch Wealth Management | Credit Suisse AG Nassau Branch Wealth Management |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 298 | Adv. Pro. 11-01604 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. PFPC Bank Limited, et al.* | BNY Mellon International Bank Ltd. f/k/a PFPC International Bank Ltd., PNC International Bank Limited and PFPC Bank Ltd | PFPC Bank Limited a/k/a PFPC International Bank Limited and PNC International Bank Limited n/k/a BNY Mellon International Bank |
| 299 | Adv. Pro. 11-01610 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Israel Discount Bank, Limited, Tel Aviv, et al.* | FS/Israel Discount Bank, Limited, Tel Aviv, et al. | Israel Discount Bank, Limited, Tel Aviv |
| 300 | Adv. Pro. 11-01613 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pleasant T. Rowland Foundation Inc., et al.* | Pleasant T. Rowland Foundation Inc. | Pleasant T. Rowland Foundation Inc. |
| 301 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al.* | ABN AMRO Bank N.V. f/k/a Fortis Bank Nederland N.V. | Fortis Bank Nederland NV |
| 302 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund | IDF Global Fund |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 303 | Adv. Pro. 11-01615 | *Fairfield Sigma Limited (In Liquidation), et al. v. Société Européenne de Banque S.A., et al.* | Intesa Sanpaolo Bank Luxembourg SA (formerly known as Société Européenne de Banque S.A.) | Société Européenne de Banque S.A. n/k/a Intesa Sanpaolo Bank Luxembourg SA |
| 304 | Adv. Pro. 11-01616 | *Fairfield Sentry Limited (In Liquidation), et al. v. Woori Bank, et al.* | Woori Bank | Woori Bank |
| 305 | Adv. Pro. 11-01617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* | BNP Paribas Fortis | Fortis Bank SA/NV n/k/a BNP Paribas Fortis |
| 306 | Adv. Pro. 11-01619 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. NBP Titres, et al.* | Natixis S.A., of which EuroTitres is a division[9] | NBP Titres |
| 307 | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* | Bank Vontobel AG | Bank Vontobel AG |
| 308 | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | RBC Dominion Securities, Inc. | RBC Dominion Securities, Inc. |

---

9    It has been asserted that "NBP Titres" is incorrectly named in the complaint and should be named "Natixis S.A."

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 309 | Adv. Pro. 11-02253 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada a/k/a RBC Capital Markets Corporation, et al.* | Royal Bank of Canada a/k/a RBC Capital Markets Corporation | Royal Bank of Canada a/k/a RBC Capital Markets Corporation |
| 310 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 311 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services N.V. n/k/a ABN AMRO, et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |
| 312 | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* | Deutsche Bank (Suisse) SA Geneve, Successor in Interest to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG A/K/A Bank Sal Oppenheim Jr. & CIE | Bank Sal. Oppenheim Jr. & CIE (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & CIE; Deutsche Bank (Suisse) SA as successor in interests to Bank Sal. Oppenheim Schweiz |
| 313 | Adv. Pro. 11-02533 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Depository Trust Co., et al.* | KAS Bank N.V. | KAS Bank |

A-44

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 314 | Adv. Pro. 11-02533 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Kas Depository Trust Co., et al.* | KAS Depository Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. | KAS Depository Trust Co. |
| 315 | Adv. Pro. 11-02612 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nominees (Guernsey) Limited, et al.* | Credit Suisse Nominees (Guernsey) Limited | Credit Suisse Nominees (Guernsey) Limited |
| 316 | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited | Citigroup Global Markets Limited |
| 317 | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse) S.A. f/k/a Banque de la Mediterra, et al.* | BankMed (Suisse) SA | BankMed (Suisse) S.A. f/k/a Banque de la Mediterranee (Suisse) S.A. |
| 318 | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | CPR Online | CPR Online |
| 319 | Adv. Pro. 11-02787 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Agricole Titres, et al.* | Credit Agricole Titres | Credit Agricole Titres |
| 320 | Adv. Pro. 12-01123 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BANCA CARIGE SPA, et al.* | Banca Carige S.P.A. | Banca Carige SPA |
| 321 | Adv. Pro. 12-01124 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Itau Europa International, et al.* | Banco Itaú International (f/k/a Banco Itaú Europa International) | Banco Itaú Europa International |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 322 | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* | Investec Bank (Switzerland) AG | Investec Bank (Switzerland) AG |
| 323 | Adv. Pro. 12-01127 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited, et al.* | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited | Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited |
| 324 | Adv. Pro. 12-01128 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Seoul Branch, Ltd* | HSBC Seoul Branch, Ltd | HSBC Seoul Branch, Ltd. |
| 325 | Adv. Pro. 12-01129 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Catalunya Caixa F/K/A Caixa Catalunya A/K/A Caixa D'Estalvis de Catalunya, et al.* | Catalunya Caixa F/K/A Caixa Catalunya A/K/A Caixa D'Estalvis de Catalunya | Catalunya Caixa f/k/a Caixa Catalunya a/k/a Caixa D'Estalvis de Catalunya |
| 326 | Adv. Pro. 12-01132 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. RBC Dexia Investor Services Espana S.A.* | Bancoval S.A. (f/k/a RBC Investor Services España S.A.), named as RBC Dexia Investor Services España S.A. | RBC Dexia Investor Services España, S.A. |
| 327 | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | Millennium Multi-Strategy Fund | Millennium Multi-Strategy Fund |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 328 | Adv. Pro. 12-01134 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1, et al.* | SEI Investments Trustee and Custodial Services (IRELAND) Ltd | SEI Investments Trustee and Custodial Services (Ireland) Ltd. Nominee A/C 1 |
| 329 | Adv. Pro. 12-01135 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank of Ireland Nominees Limited, et al.* | Bank of Ireland Nominees Limited now known as Northern Trust Nominees (Ireland) Limited | Bank of Ireland Nominees Limited |
| 330 | Adv. Pro. 12-01136 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bred Banque Populaire, et al.* | BRED Banque Populaire | BRED Banque Populaire |
| 331 | Adv. Pro. 12-01140 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Cesare Ponti SPA, et al.* | Banca Cesare Ponti S.P.A. | Banca Cesare Ponti SPA |
| 332 | Adv. Pro. 12-01142 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank Korea Inc.* | Citibank Korea Inc. | Citibank Korea Inc. |
| 333 | Adv. Pro. 12-01144 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim BM, London, et al.* | Bank Hapoalim B.M., London | Bank Hapoalim BM, London |
| 334 | Adv. Pro. 12-01145 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Gates Charitable Trust, et al.* | Gates Charitable Trust | Gates Charitable Trust |
| 335 | Adv. Pro. 12-01146 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Portobelo Advisors Inc., et al.* | Portobelo Advisors Inc. | Portobelo Advisors Inc. |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 336 | Adv. Pro. 12-01147 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg, S.A., et al.* | Banque Degroof Petercam Luxembourg S.A. | Banque Degroof Petercam Luxembourg S.A. |
| 337 | Adv. Pro. 12-01147 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Degroof Petercam Luxembourg, S.A., et al.* | Fidessa Alpha Fund | Fidessa Alpha Fund |
| 338 | Adv. Pro. 12-01148 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim., et al.* | Banca Popolare dell'Alto Adige S.p.A. | Banca Popolare Dell'Alto Adige Soc. Coop. Resp. Lim. |
| 339 | Adv. Pro. 12-01150 | *Fairfield Sentry Ltd. (In Liquidation), et al. V. Clarks Fork Foundation, et al.* | Clarks Fork Foundation | Clarks Fork Foundation |
| 340 | Adv. Pro. 12-01153 | *Fairfield Sentry Limited (in Liquidation), et al. v. Hua Nan Commercial Bank, et al.* | Hua Nan Commercial Bank, Ltd. | Hua Nan Commercial Bank |
| 341 | Adv. Pro. 12-01157 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Baring Brothers Sturdza SA f/k/a Banque Baring Brothers Suisse SA* | Banque Baring Brothers Sturdza SA | Banque Baring Brothers Sturdza SA f/k/a Banque Baring Brothers Suisse SA |
| 342 | Adv. Pro. 12-01158 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Bank Leumi Israel, et al.* | FS/Bank Leumi Israel | Bank Leumi Israel |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)¹ | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 343 | Adv. Pro. 12-01162 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Delta S.P.A., et al.* | Delta S.P.A. | Delta S.P.A. |
| 344 | Adv. Pro. 12-01163 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Kasbank Effecten Bewaarbedrijf N.V., et al.* | KAS Depositary Trust Company a/k/a KAS BANK Effectenbewaarbedrijf N.V. | KAS BANK Effecten Bewaarbedrijf N.V. |
| 345 | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Hong Kong) Limited | Public Bank (Hong Kong) Limited f/k/a Asia Commercial Bank |
| 346 | Adv. Pro. 12-01164 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Public Bank (Hong Kong) Limited, et al.* | Public Bank (Nominees) Limited | Public Bank Nominees Limited |
| 347 | Adv. Pro. 12-01185 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al.* | Hinduja Bank (Switzerland) SA f/k/a Amas Bank (Switzerland) Ltd., and Banca Commerciale Lugano | Hinduja Bank (Switzerland) SA f/k/a Amas Bank (Switzerland) Ltd., and Banca Commerciale Lugano |
| 348 | Adv. Pro. 12-01187 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Havilland S.A., et al., f/k/a Banco Popolare di Verona e Novara Luxembourg S.A.* | Banque Havilland S.A. | Banque Havilland S.A. |
| 349 | Adv. Pro. 12-01265 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank SA Madrid, et al.* | Barclays Bank SA Madrid | Barclays Bank SA Madrid |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 350 | Adv. Pro. 12-01270 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities (Panama) SA, et al.* | HSBC Securities (Panama) SA f/k/a Banistmo Securities, Inc. | HSBC Securities (Panama) SA f/k/a Banistmo Securities, Inc. |
| 351 | Adv. Pro. 12-01271 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hontai Life Insurance Company Limited, et al.* | Hontai Life Insurance Company Limited | Hontai Life Insurance Company Limited |
| 352 | Adv. Pro. 12-01272 | *Fairfield Sigma Ltd. (In Liquidation), et al. v. Schroders Italy SIM SPA, et al.* | Schroders Italy SIM SpA | Schroders Italy SIM SpA |
| 353 | Adv. Pro. 12-01285 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banca Profilo SPA, et al.* | Banca Profilo SPA | Banca Profilo SPA |
| 354 | Adv. Pro. 12-01286 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco General SA Banca Privada, et al.* | Banco General SA Banca Privada | Banco General SA Banca Privada |
| 355 | Adv. Pro. 12-01289 | *Fairfield Sentry Ltd. (in Liquidation), et al. v. Dreadnought Finance OY, et al.* | Dreadnought Finance OY | Dreadnought Finance OY |
| 356 | Adv. Pro. 12-01290 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC International Trustee Limited, et al.* | HSBC International Trustee Limited | HSBC International Trustee Limited |
| 357 | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* | Cititrust (Bahamas) Limited | Cititrust Bahamas Limited |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)¹ | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 358 | Adv. Pro. 12-01298 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Don Chimango SA, et al.* | Don Chimango SA | Don Chimango SA |
| 359 | Adv. Pro. 12-01301 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Unicorp Bank & Trust Limited, et al.* | Itau Bank & Trust Cayman, Ltd. (f/k/a Unicorp Bank & Trust Limited) | Unicorp Bank & Trust Limited |
| 360 | Adv. Pro. 12-01551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* | BNP Paribas España | BNP Paribas España f/k/a Fortis Bank (España) |
| 361 | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | HSH Nordbank Securities S.A. n/k/a HCOB Securities S.A. | HSH Nordbank Securities S.A. |
| 362 | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | Wegelin & Company | Wegelin & Company |
| 363 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | HSBC Bank Bermuda Limited f/k/a The Bank of Bermuda Limited | HSBC Bank Bermuda Limited f/k/a The Bank of Bermuda Limited |
| 364 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Limited List Parties, et al.* | Somers Nominees (Far East) Limited | Somers Nominees (Far East) Limited |
| 365 | Adv. Pro. 12-01567 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. First Gulf Bank, et al.* | First Gulf Bank | First Gulf Bank |

| No. | Index No. | Case Name | Defendant As Reflected In App'x A Of Moving Defendants' Consolidated Reply (Dkt. 3036)[1] | Defendant As Named In Liquidators' Complaint |
|---|---|---|---|---|
| 366 | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Services NV, et al.* | ABN AMRO Global Custody Services N.V. (sued as Fortis Global Custody Services NV) | Fortis Global Custody Services NV |
| 367 | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* | Goldman Sachs & Co. LLC sued as GSCO London | GSCO London |
| 368 | Adv. Pro. 12-01569 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/GSCO London, et al.* | Goldman Sachs & Co. LLC sued as GSCO New York | GSCO New York |
| 369 | Adv. Pro. 12-01599 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Private Bank & Trust (Channel Islands) Limited, et al.* | Barclays Private Bank & Trust (Channel Islands) Limited | Barclays Private Bank & Trust (Channel Islands) Limited |

## EXHIBIT B
### *Knowledge Defendants[1]*

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 1 | Adv. Pro. 10-03622 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.* | Citibank NA London |
| 2 | Adv. Pro. 10-03626 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas* | BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas[2] |
| 3 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. v. BNP Paribas Securities Services Luxembourg, et al.* | BNP Securities Services Luxembourg S.A. |
| 4 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Altigefi-Altipro Master a/k/a Olympia Capital Management |
| 5 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Altigefi-V-Dynamique |
| 6 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Alton Alternative Fund Limited |
| 7 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Golden Bay |
| 8 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Milan Clessidra a/k/a Clessidra SGR SpA |
| 9 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Placements Performance |

---

1    Reflecting the names of Defendants in the respective complaints for these actions.  This is not a concession by either party that those names are correct.

2    Certain entities alleged to be Beneficial Shareholders and Defendants in the operative complaint, *Fairfield Sentry Ltd. (In Liquidation) v. BNP Paribas Luxembourg SA a/k/a BGL BNP Paribas*, No. 10-ap-03626 (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 50 ¶ 14), were apparently included in that complaint in error. The Further Proposed Amended Complaint filed in that case (Dkt. 53-14), and which is subject to the pending Motion for Leave, corrects that error.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 10 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Qai-Qai Market Neutral |
| 11 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | Rothschild & Cie Banque-EGA |
| 12 | Adv. Pro. 10-03627 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Services Luxembourg, et al.* | UEB Nassau |
| 13 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | HSBC Securities Services (Luxembourg) SA |
| 14 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Banco Atlantico Panama SA |
| 15 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Momentum Client Account |
| 16 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Orbit Client Account |
| 17 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Orbit Perf. Strategies Ltd. |
| 18 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Orbit US Strategy Fund |
| 19 | Adv. Pro. 10-03630 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Securities Services (Luxembourg) SA, et al.* | Private Space Ltd. |
| 20 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | HSBC Private Bank Suisse SA |
| 21 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | Capitalia |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 22 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | Pan International Limited |
| 23 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Zurich Capital Markets Company |
| 24 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Antonio Bacelar Carrehas |
| 25 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ASBT Cayman Sub No. 82 |
| 26 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banco Itau Europa Luxembourg |
| 27 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley AG |
| 28 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley SA |
| 29 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Banque Sudameris |
| 30 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Caprice International Group |
| 31 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 32 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citivic Nominees Limited |
| 33 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA aka n/k/a Banque Privee Espirito Santo SA |
| 34 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Denise Bar |
| 35 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Desert Rose Limited |
| 36 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Edson Terra Cunha |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 37 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Private Bank S.A. (n/k/a EFG Bank) |
| 38 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Fabio Rodrigues Mendes |
| 39 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | HSBC Bank USA |
| 40 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank[3] |
| 41 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Morgan Stanley & Co. International PLC |
| 42 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Pine Cliffs Investments Limited |
| 43 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Safra National Bank of New York |
| 44 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Asset Holding Co. Bermuda |
| 45 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | ZCM Matched Funding Corp. |
| 46 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Adler and Co Privatbank AG |
| 47 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 48 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Alternative Investment Strategies |
| 49 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 50 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |

---

3    It has been asserted that "Merrill Lynch Bank" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 51 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 52 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 53 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 54 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cramer & CIE SA |
| 55 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 56 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 57 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive AL Fund[4] |
| 58 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 59 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) |
| 60 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) |
| 61 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 62 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |

---

4    It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 63 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |
| 64 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBB (BVI) / The Alkima Fund |
| 65 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBT Gems Low Vol Reg |
| 66 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 67 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 68 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 69 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 70 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) |
| 71 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 72 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. |
| 73 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 74 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) |
| 75 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) |
| 76 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Endurance Absolute Ltd. Master |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 77 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |
| 78 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 79 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 80 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 81 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 82 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |
| 83 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 84 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al."* | HSBC[5] |
| 85 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 86 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 87 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karasel Enhanced Portfolio |
| 88 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karla Multistrategies Ltd. |
| 89 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a LGT Bank AG |

---

5    It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 90 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) |
| 91 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) |
| 92 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 93 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Longboat Ltd. |
| 94 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Master Capital and Hedge Fund |
| 95 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. |
| 96 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque Privee (Suisse) S.A. |
| 97 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pictet & Cie |
| 98 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 99 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV |
| 100 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Dexia Investor Service Julius Baer SICAV |
| 101 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Richourt AAA Multistrategies |
| 102 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 103 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[6] |
| 104 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 105 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle |
| 106 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 107 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 108 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Soundview Fund |
| 109 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Swisscanto FD Centre Clients A/C |
| 110 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 111 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 112 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) |
| 113 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |

---

6   It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 114 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG |
| 115 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes-und Hypothekenbank Aktiengesellschaft |
| 116 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Absolute Return Fund |
| 117 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Adler and Co Privatbank AG |
| 118 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Allianzbank SPA/Unifortune Conservative Side Pocket |
| 119 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Alternative Investment Strategies |
| 120 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arden International Capital Limited |
| 121 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Auriga International Ltd. |
| 122 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 123 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |
| 124 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 125 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 126 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Leumi (Switzerland) Ltd. |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 127 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 128 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cramer & CIE SA |
| 129 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 130 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBH Lux Ref Fairfield GRN |
| 131 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 132 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive AL Fund[7] |
| 133 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 134 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA) |
| 135 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) |
| 136 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 137 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 138 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Caceis Bank Luxembourg |

---

7    It has been asserted that "BCV AMC Defensive AL Fund" is incorrectly named in the complaint and should be named "BCV AMC Defensive ALT Fund."

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 139 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBB (BVI) / The Alkima Fund |
| 140 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | CBT Gems Low Vol Reg |
| 141 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Centrum Bank AG (AMS) |
| 142 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 143 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 144 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 145 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Coutts & Co. AG (f/k/a RBS Coutts Bank, Ltd.) |
| 146 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 147 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz n/k/a LGT Bank (Switzerland) Ltd. |
| 148 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 149 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) |
| 150 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Eurofinanciere D'Invest MCL (n/k/a EFG Bank (Monaco)) |
| 151 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Endurance Absolute Ltd. Master |
| 152 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment Fund Ltd. |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 153 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Fairfield Investment GCI |
| 154 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 155 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | FIF Advanced Ltd. |
| 156 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 157 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |
| 158 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Harmony Capital Fund Ltd. |
| 159 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | HSBC[8] |
| 160 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 161 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 162 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karasel Enhanced Portfolio |
| 163 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Karla Multistrategies Ltd. |
| 164 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | LGT Bank in Liechtenstein AG n/k/a/ LGT Bank AG |
| 165 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Liechtensteinische Landesbank AG (sued as Liechtensteinische LB Reinvest AMS) |

---

8    It has been asserted that "HSBC" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 166 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva (now known as Lloyds TSB Bank, plc) |
| 167 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 168 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Longboat Ltd. |
| 169 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Master Capital and Hedge Fund |
| 170 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | National Bank of Kuwait S.A.K. |
| 171 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/NBK Kuwait* | NBK Banque Privee (Suisse) S.A. |
| 172 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pan International Limited |
| 173 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Pictet & Cie |
| 174 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 175 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV |
| 176 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBC Dexia Investor Service Julius Baer SICAV |
| 177 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Richourt AAA Multistrategies |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 178 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 179 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[9] |
| 180 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 181 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Sabryn Enterprises SA |
| 182 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle |
| 183 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 184 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Societe Generale Bank & Trust |
| 185 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Soundview Fund |
| 186 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Swisscanto FD Centre Clients A/C |
| 187 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | T1 Global Fund Ltd. |
| 188 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 189 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS Jersey Nominees Limited (sued as UBS Jersey Nominees) |

---

9        It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 190 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |
| 191 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Verwaltungs und Privat-Bank AG Aktiengesellschaft n/k/a VP Bank AG |
| 192 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft |
| 193 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG (sued as UBS AG New York) |
| 194 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | Soriano S.A. |
| 195 | Adv. Pro. 10-04098 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.* | BNP Paribas Arbitrage SNC |
| 196 | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | BNP Paribas Private Bank and Trust Cayman Ltd. |
| 197 | Adv. Pro. 10-04099 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank and Trust Cayman Ltd., et al.* | Leeds Master Funds Ltd. |
| 198 | Adv. Pro. 11-01250 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Europe SE, Luxembourg Branch, et al.* | UBS Europe SE, Luxembourg Branch |
| 199 | Adv. Pro. 11-01463 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch International, et al.* | Merrill Lynch International |
| 200 | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | BNP Paribas Securities Services Nominees Ltd. a/k/a Harrier Holdings Ltd. |
| 201 | Adv. Pro. 11-01579 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Securities Nominees Ltd., et al.* | LCAM |

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 202 | Adv. Pro. 11-01617 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank SA/NV, et al.* | BNP Paribas Fortis f/k/a Fortis Bank SA/NV |
| 203 | Adv. Pro. 11-02770 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Markets Limited, et al.* | Citigroup Global Markets Limited |
| 204 | Adv. Pro. 12-01551 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana f/k/a Fortis Bank (Espana), et al.* | BNP Paribas España f/k/a Fortis Bank (España) |

### EXHIBIT C
***Proposed New Knowledge Defendants[1]***

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 1 | Adv. Pro. 10-03516 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.* | Merrill Lynch, Pierce, Fenner & Smith, Inc. |
| 2 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Robinson & Co. |
| 3 | Adv. Pro. 10-03628 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Robinson & Co., et al.* | Murdoch & Co. |
| 4 | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG |
| 5 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al.* | Fortis (Isle of Man) Nominees Limited n/k/a ABN AMRO Retained Nominees (IOM) Limited |
| 6 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al.* | Odyssey Alternative Fund Ltd. |
| 7 | Adv. Pro. 10-03776 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Retained Nominees (IOM) Limited, et al.* | Platinum All Weather Fund |
| 8 | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) S.A., et al.* | Merrill Lynch Bank (Suisse) S.A. |
| 9 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Alternative Strategy Fund II, SPC – Cell A |
| 10 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Alternative Strategy Fund II, SPC – Cell B |
| 11 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Alternative Strategy Fund L.P. |
| 12 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | DGAM Asset Allocation Fund L.P. |

[1] Reflecting the names of Defendants as set forth in Exhibit A of the Constructive Trust Order. This is not a concession by either party that those names are correct.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 13 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | The Legacy Fund, Ltd. |
| 14 | Adv. Pro. 10-04095 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Cayman) Ltd., et al.* | UBS Fund Services (Cayman) Limited |
| 15 | Adv. Pro. 11-01242 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/Fortis Banque Lux., et al.* | BGL BNP Paribas S.A. f/k/a FS/Fortis Banque Luxembourg |
| 16 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Ir.) Ltd., et al.* | BP Alpha S.A. n/k/a BP Alpha (Agente De Valores S.A.) |
| 17 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Ir.) Ltd., et al.* | UBS Fund Services (Ireland) Ltd. |
| 18 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Servs. (Ir.) Ltd., et al.* | UBS Zurich[2] |
| 19 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al.* | Fortis Bank Nederland N.V. n/k/a ABN AMRO Bank N.V. |
| 20 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank Nederland NV, et al.* | IDF Global Fund |
| 21 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Servs. N.V., et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |
| 22 | Adv. Pro. 11-02422 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Custody Servs. N.V., et al.* | Fortis Bank (Nederland) N.V. n/k/a ABN AMRO Bank N.V. |
| 23 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Ltd., et al.* | Somers Nominees (Far East) Limited |
| 24 | Adv. Pro. 12-01556 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Somers Nominees (Far East) Ltd., et al.* | HSBC Bank Bermuda Limited |
| 25 | Adv. Pro. 12-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Global Servs. NV, et al.* | Fortis Global Custody Services N.V. n/k/a ABN AMRO Global Custody Services N.V. |

---

2    It has been asserted that "UBS Zurich" is incorrectly named in the complaint and should be named "UBS AG."

## EXHIBIT D
### *Swiss Moving Defendants[1]*

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 1 | Adv. Pro. 10-03509 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banco Santander (Suisse) S.A., et al.* | Banco Santander International AS (f/k/a Banco Santander (Suisse) S.A.) |
| 2 | Adv. Pro. 10-03510 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Hapoalim (Suisse) Ltd., et al.* | Hapoalim (Switzerland), Ltd. |
| 3 | Adv. Pro. 10-03513 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Syz & Co. S.A., et al.* | Banque SYZ SA (f/k/a Banque Syz & Co. SA) |
| 4 | Adv. Pro. 10-03514 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Piguet & Cie S.A., et al.* | Banque Piguet & Cie SA |
| 5 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |
| 6 | Adv. Pro. 10-03595 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 7 | Adv. Pro. 10-03625 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. EFG Bank, et al.* | EFG Bank a/k/a EFG Bank AG and/or EFG Bank SA |
| 8 | Adv. Pro. 10-03633 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank Suisse SA, et al.* | HSBC Private Bank Suisse SA |
| 9 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Bank Morgan Stanley AG |
| 10 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Citibank (Switzerland) Zurich |
| 11 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Compagnie Bancaire Espirito Santo SA aka Banque Privee Espirito Santo SA |

[1]    Reflecting the names as set forth in Moving Defendants' Appendix G to their Memorandum of Law in Support of the Second Consolidated Motion to Dismiss (Dkt. 2903).  This is not a concession by either party that those names are correct.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 12 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | EFG Private Bank S.A. (n/k/a EFG Bank) |
| 13 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Merrill Lynch Bank[2] |
| 14 | Adv. Pro. 10-03634 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Markets Company, et al.* | Morgan Stanley & Co. International PLC |
| 15 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 16 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 17 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |
| 18 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 19 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 20 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 21 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg SA |
| 22 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 23 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 24 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund |

2 It has been asserted that "Merrill Lynch Bank" is a nonexistent entity, and there is no concession to the contrary by submitting this filing.

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 25 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 26 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 27 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 28 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 29 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 30 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |
| 31 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 32 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 33 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 34 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Dresdner Bank Schweiz |
| 35 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 36 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland n/k/a EFG Bank |
| 37 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 38 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 39 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 40 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 41 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 42 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 43 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 44 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 45 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 46 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. n/k/a Coutts & Co. Ltd. |
| 47 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 48 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[3] |
| 49 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 50 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS Seeganintersettle |
| 51 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 52 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 53 | Adv. Pro. 10-03635 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |

---

[3]    It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 54 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Arsenal SPC OBO Glasgow SEG Port |
| 55 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Arner S.A. |
| 56 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banca Unione di Credito |
| 57 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank J. Safra Sarasin AG, f/k/a Bank Sarasin & Cie |
| 58 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Bank Julius Baer & Co. Ltd. |
| 59 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Cantonale Vaudoise |
| 60 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Banque Pictet & Cie SA |
| 61 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BBVA (Suisse) SA |
| 62 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BCV AMC Defensive Alt Fund |
| 63 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA |
| 64 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Ex Fortis |
| 65 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BNP Paribas (Suisse) SA Private |
| 66 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI AG |
| 67 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | BSI Ex Banca Del Gottardo |
| 68 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Clariden Leu Ltd. |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 69 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Compagnie Bancaire Helvetique |
| 70 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Corner Banca SA |
| 71 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Credit Suisse AG Zurich |
| 72 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Edmond de Rothschild (Suisse) SA (sued as Sella Bank AG) |
| 73 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | EFG Bank S.A. Switzerland (n/k/a EFG Bank) |
| 74 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Falcon Private Bank |
| 75 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Finter Bank Zurich |
| 76 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Hapoalim (Switzerland), Ltd. |
| 77 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | IHAG Handelsbank AG |
| 78 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | InCore Bank AG |
| 79 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lloyds TSB Bank Geneva |
| 80 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Lombard Odier Darier Hentsch & Cie |
| 81 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | NBK Banque Privée (Suisse) S.A. |
| 82 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | PKB Privatbank AG |
| 83 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | RBS Coutts Bank Ltd. now known as Coutts & Co. Ltd. |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 84 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG |
| 85 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Bank Geneva (Dublin)[4] |
| 86 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano SA |
| 87 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIS SEEGANINTERSETTLE |
| 88 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | SIX SIS Ltd. |
| 89 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | UBS AG (sued as UBS AG Zurich and UBS AG New York) |
| 90 | Adv. Pro. 10-03636 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.* | Union Bancaire Privée, UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG) |
| 91 | Adv. Pro. 10-03640 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank (Switzerland) AG, et al.* | Citibank (Switzerland) AG |
| 92 | Adv. Pro. 10-03745 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Deutsche Bank (Suisse) SA Geneve, et al.* | Deutsche Bank (Suisse) SA |
| 93 | Adv. Pro. 10-03756 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/CBESSA, et al.* | FS/CBESSA a/k/a/ Banque Privee Espirito Santo SA f/k/a Compagnie Bancaire Espirito Santo SA |
| 94 | Adv. Pro. 10-03764 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Pictet & Cie, et al.* | Banque Pictet & Cie SA |
| 95 | Adv. Pro. 10-03780 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG New York, et al.* | UBS AG (sued as UBS AG New York) |
| 96 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | FIF Advanced Ltd. |

---

4    It has been asserted that "Rothschild Bank Geneva (Dublin)" is incorrectly named in the complaint and should be named "Edmond de Rothschild (Suisse) SA."

10-03635-cgm   Doc 5198-1   Filed 02/08/21   Entered 02/08/23 15:15:45   Main Document
Stipulated Order Granting in Part and Denying in Part Moving Defend   Pg 108 of 151

10-03635-cgm   Doc 5198-1   Filed 02/08/21   Entered 02/08/23 18:26:45   Exhibit A
Pg 207 of 150

| No. | Index No. | Case Name | Defendant |
|---|---|---|---|
| 97 | Adv. Pro. 10-03786 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. SG Private Banking (Suisse) SA, et al.* | SG Private Banking (Suisse) SA |
| 98 | Adv. Pro. 10-03788 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Bank (Suisse) SA, et al.* | Merrill Lynch Bank (Suisse) SA |
| 99 | Adv. Pro. 10-03795 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Lombard Odier Darier Hentsch & Cie, et al.* | Lombard Odier Darier Hentsch & Cie |
| 100 | Adv. Pro. 10-03801 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. ING Bank (Suisse) SA, et al.* | ING Bank (Suisse) SA, as predecessor to Bank Julius Baer & Co. Ltd. |
| 101 | Adv. Pro. 10-03869 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Six Sis AG/CH104026, et al.* | SIX SIS AG |
| 102 | Adv. Pro. 10-03873 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bordier & Cie, et al.* | Bordier & Cie |
| 103 | Adv. Pro. 10-04087 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Royal Bank of Canada (Suisse), et al.* | Banque SYZ SA as successor to Royal Bank of Canada (Suisse) S.A. |
| 104 | Adv. Pro. 10-04212 | *Fairfield Sentry Limited (In Liquidation), et al. v. Bank Morgan Stanley AG, et al.* | Bank Morgan Stanley AG |
| 105 | Adv. Pro. 11-01243 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Julius Baer and Co. Ltd., Zurich, et al.* | Bank Julius Baer & Co. Ltd. |
| 106 | Adv. Pro. 11-01244 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. CA Indosuez (Switzerland) SA, et al.* | CA Indosuez (Switzerland) S.A. |
| 107 | Adv. Pro. 11-01249 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Schroder & Co. Bank AG, et al.* | Schroder & Co. Bank AG |
| 108 | Adv. Pro. 11-01256 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque SCS Alliance SA, et al.* | Banque SCS Alliance SA |
| 109 | Adv. Pro. 11-01257 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives, et al.* | Mirabaud & Cie SA (f/k/a Mirabaud & Cie a/k/a Mirabaud & Cie Banquiers Prives) |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 110 | Adv. Pro. 11-01258 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Fund Services (Ireland) Ltd., et al.* | UBS AG (sued as UBS Zurich) |
| 111 | Adv. Pro. 11-01259 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Barclays Bank (Suisse) SA, et al.* | Barclays Bank (Suisse) SA |
| 112 | Adv. Pro. 11-01566 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/SG Private Banking (Lugano-Svizzera) SA, et al.* | FS/SG Private Banking (Lugano-Svizzera) SA |
| 113 | Adv. Pro. 11-01568 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bipielle Banke (Suisse), et al.* | Bipielle Bank (Suisse) in Liquidation (sued as Bipielle Banke (Suisse)) |
| 114 | Adv. Pro. 11-01581 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Rahn & Bodmer Banquiers, et al.* | Rahn & Bodmer Banquiers |
| 115 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Guyerzeller Zurich, et al.* | HSBC Guyerzeller Zurich a/k/a HSBC Guyerzeller Trust Company AG n/k/a HSBC Trust Company AG |
| 116 | Adv. Pro. 11-01594 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Guyerzeller Zurich, et al.* | Stanhope Capital (Switzerland) S.A. |
| 117 | Adv. Pro. 11-01600 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. FS/BBVA Zurich/Shares, et al.* | BBVA Zurich/Shares |
| 118 | Adv. Pro. 11-01614 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. IDF Global Fund, et al.* | IDF Global Fund |
| 119 | Adv. Pro. 11-01760 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Vontobel AG, et al.* | Bank Vontobel AG |
| 120 | Adv. Pro. 11-02440 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG a/k/a Bank Sal. Oppenheim Jr. & Cie, et al.* | Deutsche Bank (Suisse) SA Geneve, Successor in Interest to Bank Sal. Oppenheim Jr. & Cie (Schweiz) AG A/K/A Bank Sal Oppenheim Jr. & CIE |
| 121 | Adv. Pro. 11-02772 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. BankMed (Suisse)* | BankMed (Suisse) SA S.A. f/k/a Banque de la Mediterra, et al. |
| 122 | Adv. Pro. 12-01125 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Investec Bank (Switzerland) AG, et al.* | Investec Bank (Switzerland) AG |

| No. | Index No. | Case Name | Defendant |
|-----|-----------|-----------|-----------|
| 123 | Adv. Pro. 12-01157 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Baring Brothers Sturdza SA f/k/a Banque Baring Brothers Suisse SA* | Banque Baring Brothers Sturdza SA |
| 124 | Adv. Pro. 12-01185 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al.* | Banca Commerciale Lugano |
| 125 | Adv. Pro. 12-01185 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Hinduja Bank (Switzerland) SA, et al.* | Hinduja Bank (Switzerland) SA |
| 126 | Adv. Pro. 12-01555 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSH Nordbank Securities S.A., et al.* | Wegelin & Company |

**<u>EXHIBIT E</u>**
*Fairfield III*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                  :
In re:                                            :      Chapter 15 Case
                                                  :
FAIRFIELD SENTRY LIMITED, *et al.*,               :      Case No. 10-13164 (SMB)
                                                  :
        Debtors in Foreign Proceedings.           :      Jointly Administered
-------------------------------------------------------X
FAIRFIELD SENTRY LIMITED                          :
(IN LIQUIDATION), acting by and through the       :      Adv. Proc. No. 10-03496 (SMB)
Foreign Representatives thereof,                  :
                                                  :      Administratively Consolidated
        Plaintiffs,                               :
                                                  :
        -against-                                 :
                                                  :
THEODOOR GGC AMSTERDAM, *et al.*,                 :
                                                  :
        Defendants.                               :
-------------------------------------------------------X

## MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED MOTION TO DISMISS

**A P P E A R A N C E S :**

SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10404

        David Elsberg, Esq.
        Andrew R. Dunlap, Esq.
        Lena Konanova, Esq.
        Jordan Garman, Esq.
        Ronald Krock, Esq.
        Evan Bianchi, Esq.
                Of Counsel

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

        David J. Molton, Esq.
        Marek P. Krzyzowski, Esq.
                Of Counsel

*Attorneys for Plaintiffs*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

    Thomas J. Moloney, Esq.
    Joseph M. Kay, Esq.
    Christine M. Jordan Esq.
        Of Counsel

*Attorneys for Defendants[1]*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge**

This litigation arises from the Ponzi scheme perpetrated by Bernard L. Madoff through the investment advisory division of Bernard L. Madoff Investment Securities LLC ("BLMIS"). The Plaintiffs, Kenneth M. Krys and Greig Mitchell (together, the "Liquidators"),[2] sue in their capacities as liquidators and foreign representatives of Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield Lambda Limited ("Lambda," and collectively with Sentry and Sigma, the "Funds"), foreign feeder funds that invested with BLMIS. In *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), 596 B.R. 275 (Bankr. S.D.N.Y. 2018) ("*Fairfield II*"), *appeal docketed*, No. 1:19-cv-03911-VSB (S.D.N.Y. May 1, 2019), the

---

[1]     This motion is made by 365 Defendants listed on Appendix A to the *Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d), 546(e), and 546(g) and for Insufficient Service of Process Under the Hague Service Convention*, dated Mar. 16, 2020 ("*Defendants Brief*") (ECF Doc. # 2903). Cleary Gottlieb represents a subset of the Defendants but has served as coordinating counsel to all Defendants. A list of the other defense counsel can be found in Appendix H to the *Defendants Brief.*

    The Liquidators' actions to recover redemptions paid by the Funds were administratively consolidated for pretrial purposes. (*Amended Order Authorizing the Consolidation of Redeemer Actions Pursuant to Federal Rule of Bankruptcy Procedure 7042*, dated Nov. 17, 2010 (ECF Doc. # 25).) Unless otherwise specified, references to docket entries refer to the electronic docket of the consolidated proceeding, *Fairfield Sentry Limited (In Liquidation) v. Theodoor GGC Amsterdam*, Adv. Proc. No. 10-03496 (SMB).

[2]     Different individuals have served as Liquidators of the Funds. When used in this memorandum decision, the term refers to the individuals serving in that position during the referenced time period.

Court dismissed all of the Liquidators' claims except for avoidance claims under British Virgin Islands ("BVI") law to recover "unfair preferences" and "undervalue transactions" (together, the "BVI Avoidance Claims") and constructive trust claims against the so-called Knowledge Defendants (the "Constructive Trust Claims"). According to the Liquidators, the Knowledge Defendants knew when they redeemed their interests in the Funds that the redemption prices were inflated because they were based on Sentry's fictitious BLMIS account statements listing securities that did not exist.

The Defendants have now renewed their motion to dismiss (the "Motion") arguing that the remaining claims are barred by 11 U.S.C. § 546(e) (the "Safe Harbor") and service of process was insufficient.[3]  The Liquidators oppose the Motion.[4]  For the reasons stated, the BVI Avoidance Claims are dismissed, the Constructive Trust Claims are not dismissed and the motion to dismiss for insufficient service of process is denied.

## BACKGROUND

Unless otherwise indicated, the background information is taken from the well-pleaded factual allegations of the *Third Amended Complaint*, dated Jan. 9, 2020 ("*Citibank Complaint*") (ECF Adv. Proc. No. 10-03622 Doc. # 79) in *Fairfield Sentry Limited v. Citibank NA London*, Adv. Proc. No. 10-03622 (SMB) ("Citibank Action")[5]

---

[3]    *See Defendants Brief*; *see also Consolidated Reply Memorandum of Law in Further Support of Defendants' Renewed Motion to Dismiss*, dated June 19, 2020 ("*Defendants Reply*") (ECF Doc. # 3036).

[4]    *See Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss*, dated May 29, 2020 ("*Liquidators Brief*") (ECF Doc. # 3033).

[5]    The Liquidators have served approximately 300 complaints.  To facilitate consideration of the Safe Harbor defense on an omnibus basis, and following consultation with the parties, the Court designated the *Citibank Complaint* as the representative complaint on certain issues pertaining to the Safe Harbor.  (*See Scheduling Order*, dated Apr. 14, 2020 ("*Scheduling Order*") at ¶ 1(a) (ECF Doc. #

and other information the Court may consider on a motion to dismiss for failure to state

a claim.  The Court will also describe the procedural history that is relevant to the

instant Motion.

### A.    The Funds' Investments With BLMIS

The Funds were organized under BVI law.  (¶¶ 18, 26.)  Sentry sold shares to

foreign investors and invested 95% of the proceeds with BLMIS.  (¶¶ 2, 33, 35.)  Sigma

and Lambda were "funds of funds" – they sold shares to investors and invested those

proceeds with Sentry, which, in turn, invested those funds with BLMIS.  (¶¶ 2, 33.)

Hence, the Funds invested virtually all of their assets directly or indirectly with BLMIS.

(¶¶ 4, 34.)

In December 2008, Madoff admitted to operating the investment advisory

business of BLMIS as a Ponzi scheme, and BLMIS was placed into liquidation pursuant

to section 78eee of the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*,

("SIPA").  (¶¶ 17, 84-88.)  The Funds ceased making redemption payments after

Madoff's arrest.  (¶ 89.)  Shortly after the collapse of BLMIS, certain of the Funds'

creditors and shareholders commenced insolvency proceedings against the Funds in the

Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin

Islands ("BVI Court").  (¶¶ 90-93.)  The BVI Court appointed the Liquidators, and they

commenced ancillary proceedings in this Court under chapter 15 of the Bankruptcy

Code to obtain recognition of the BVI liquidation proceedings as "foreign main

---

3028.)  "(¶ _ )" refers to paragraphs in the *Citibank Complaint*.  The extensive history of the Liquidators'
actions against former investors of the Funds is discussed at length in *Fairfield II*.

proceedings." (¶¶ 27, 28, 94.) The Court granted the Liquidators' recognition applications on July 22, 2010. (¶ 28.)

While the Funds were operational, the shares in the Funds were redeemable at a price equal to the respective Fund's net asset value ("NAV") per share calculated by dividing the value of the Fund's assets by the number of outstanding shares, net of certain expenses. (¶¶ 4, 35.) Each Fund's Articles of Association ("Articles") specified that the Fund would issue certificates with respect to the NAV, and "[a]ny certificate as to the Net Asset Value per Share or as to the Subscription Price or the Redemption Price therefor *given in good faith by or behalf of the Directors shall be binding* on the parties." *Fairfield II*, 596 B.R. at 283. The Funds' Directors retained Citco Group Limited ("Citco Group") and its affiliates (collectively, "Citco") to perform administrative and custodial functions for the Funds. (¶ 45.) Citco Fund Services (Europe) B.V. ("Citco Administrator") and its delegate Citco (Canada) Inc. served as the Funds' administrators (together, the "Administrators") with responsibility for calculating the NAV and issuing corresponding certificates to investors. (¶¶ 45, 72, 73.) In calculating the NAV of the Funds, the Administrators typically relied on the pricing information supplied by BLMIS. (¶ 69.) Citco Bank Nederland N.V. Dublin Branch ("Citco Bank") and Citco Global Custody served as the Funds' custodians (together, the "Custodians").[6] However, the Custodians did not actually hold the assets; BLMIS served

---

[6]     The Liquidators allege that the Administrators and the Custodians worked with multiple other Citco affiliates to provide services to the Funds. All Citco entities worked under the direction and control of Citco Group. (¶¶ 72-73.)

as its own custodian, and the custody statements issued by the Custodians merely copied information from Sentry's BLMIS account statements.  (¶¶ 49, 69.)

## B.    Allegations of Knowledge and Bad Faith

The preparation of the certificates setting forth the NAV per share was delegated to Citco.  The *Citibank Complaint* alleges that Citco did not issue the certificates in good faith because it knew or willfully blinded itself to the fact that the Funds' BLMIS investments were worthless or virtually worthless.  As a result of Citco's bad faith, the Funds were not bound by Citco's certifications regarding the NAV.  (¶¶ 45-74.)  The Defendants do not challenge the sufficiency of the allegations of Citco's bad faith at this time and I assume the sufficiency of the allegations of bad faith for now.[7]

The *Citibank Complaint* also alleges that Citibank NA London ("Citibank") knew or should have known that the redemption payments were inflated due to Madoff's fraud.  (¶¶ 75-83.)  Again, the Defendants do not challenge the legal sufficiency of these allegations at this time.  I assume, therefore, for the purpose of the Motion that the Liquidators have adequately alleged Citco's bad faith and the Knowledge Defendants'

---

[7]    The *Citibank Complaint* alleges that the Funds were innocent dupes unaware that BLMIS was a Ponzi scheme and the NAVs were inflated.  (¶ 38 ("The Funds believed that the amounts provided in connection with such withdrawals represented the proceeds arising from the profitability of or to continue investment in BLMIS."); *see* ¶ 39 ("[T]he money paid by the Funds (directly in the case of Sentry and indirectly in the cases of Sigma and Lambda) to BLMIS on account of Sentry was, at all relevant times and unknown to the Funds, misused and misappropriated by Madoff as part of his Ponzi scheme.").)  In *Fairfield II*, the Court noted that if the Director were not aware of Citco's bad faith certifications, they, and hence the Funds, mistakenly relied on Citco, a variation of the mistake claims rejected by the Privy Council in *Fairfield Sentry Ltd.* (*In Liquidation*) *v. Migani*, [2014] UKPC 9 ("*Migani*").  *Fairfield II*, 596 B.R. at 300.  In any event, the pertinent inquiry is what the Knowledge Defendants knew at the time of the redemptions, not what Citco knew.  Even if Citco acted in good faith, the Knowledge Defendants cannot escape the consequences resulting from their knowledge that the redemption prices were based on fictitious assets.

6

actual or constructive knowledge that the NAVs per share and, hence, the redemption prices were inflated.

## C.    The Transfers

In the Citibank Action, the Liquidators seek to recover redemption payments Sentry made to Citibank totaling $58,484,257.49 between May 17, 2004 and November 19, 2008.  (¶¶ 40-42; *see Citibank Complaint*, Ex. A.)  The Liquidators allege that Sentry had insufficient assets and was unable to pay its debts as they fell due at the time the redemption payments were made, Sentry received no consideration or significantly less consideration from Citibank in exchange for the payments, and the payments were in excess of the amounts previously paid by Citibank to purchase the shares.  (¶¶ 43-44.) The Constructive Trust Claim seeks to recover all redemption payments from Citibank and certain unnamed beneficial shareholders on whose behalf Citibank may have invested in Sentry, (¶¶ 14, 96-103), and the BVI Avoidance Claims seek recovery of the payments made within two years of the appointment of the Liquidators in Sentry's BVI liquidation proceeding.  (¶¶ 104-35.)

## D.    The Safe Harbor and the Renewed Motion to Dismiss

In their prior dismissal motion, the Defendants contended that the Liquidators' claims were barred by application of the Safe Harbor, 11 U.S.C. § 546(e).  The Court agreed that Bankruptcy Code § 561(d) extends the Safe Harbor to the BVI Avoidance Claims, *Fairfield II*, 596 B.R. at 306-14, but declined to rule on the merits because the Supreme Court had issued *Merit Mgmt. Grp. LP v. FTI Consulting, Inc.*, 138 S. Ct. 883 (2018) shortly after the parties' submissions.  In *Merit*, the Supreme Court concluded that "the relevant transfer for purposes of the § 546(e) safe-harbor inquiry is the

7

overarching transfer that the trustee seeks to avoid under one of the substantive avoidance provisions." *Id.* at 893; *accord In re Tribune Co. Fraudulent Conveyance Litig.*, 946 F.3d 66, 75, 77 (2d Cir. 2019), *petition for cert. filed*, No. 20-8, 2020 WL 3891501 (U.S. July 6, 2020); *In re Nine West Sec. Litig.*, 20 MD. 2941 (JSR), 2020 WL 5049621, at *14 (S.D.N.Y. Aug. 27, 2020), *appeal docketed*, No. 20-3941 (2d Cir. Nov. 23, 2020). A court must focus on the transferor and transferee of the overarching transfer, and where a qualifying participant such as a financial institution serves as a mere conduit or intermediary in connection with the overarching transaction between non-qualifying participants, the Safe Harbor does not apply. *See Merit*, 138 S. Ct. at 892, 897; *Tribune*, 946 F.3d at 75.

*Merit* abrogated the then-existing Second Circuit precedent applying the Safe Harbor even when a qualifying entity acted as a mere conduit or intermediary. *See Official Comm. of Unsecured Creditors of Quebecor World (USA) Inc. v. Am. United Life Ins. Co.* (*In re Quebecor World (USA) Inc.*), 719 F.3d 94, 99 (2d Cir. 2013). The change in the law prompted a flurry of letters from the Liquidators and the Defendants making substantive arguments. Rather than consider the arguments made through the numerous letters, the Court denied the Defendants' motion without prejudice to renewal.

The Defendants now make their renewed Motion seeking dismissal on two grounds with broad applicability across over 300 adversary proceedings commenced by the Liquidators to recover redemptions (the "U.S. Redeemer Actions"). As before, the Defendants contend that the BVI Avoidance Claims are barred by the Safe Harbor. According to the Defendants, the redemptions were made by a "financial institution"

8

within the meaning of 11 U.S.C. § 101(22) because the Funds were customers of Citco

Bank which acted as the Funds' agent with respect to the redemptions.  (*Defendants*

*Brief* at 12-15.)  Redemptions paid by Sentry and Sigma are also safe harbored because

those entities were "financial participants" within the meaning of 11 U.S.C. § 101(22A)

when the redemptions were made.  (*Id.* at 15-23.)  Finally, redemptions from Sigma and

Lambda are safe harbored for the additional reason that they were made for the benefit

of Sentry – a "financial institution" and "financial participant."  (*Id.* at 23-24.)[8]

Furthermore, the Defendants contend that the Safe Harbor extends to bar the

Constructive Trust Claims because they seek the same relief as the BVI Avoidance

Claims.  (*Id.* at 29-31.)

The Liquidators oppose the application of the Safe Harbor on several grounds.

First, they contend that the Safe Harbor does not apply to the BVI Avoidance Claims

because they seek to avoid intentionally fraudulent transfers which are carved out of the

Safe Harbor.  The Liquidators reach this conclusion by imputing the bad faith of Citco

Administrator to the Funds – a result which they claim was uncertain until the Court's

ruling in *Fairfield II*.  (*Liquidators Brief* at 9-13.)  Second, the Safe Harbor does not

apply to the Constructive Trust Claims because (i) the Safe Harbor's plain language does

not bar the claims, (ii) the precedent extending the Safe Harbor to state common law

claims relied on the Supremacy Clause which does not apply to foreign law claims, (iii)

prescriptive comity considerations limit the reach of section 546(e), and (iv) the Safe

---

[8]    The resolution of these matters is immaterial to the Citibank Action because the parties have stipulated that Citibank, as transferee, is a "financial institution" as defined in 11 U.S.C. § 101(22). (*Scheduling Order* at 2.)  Nevertheless, the determination of whether the Funds were covered entities under section 546(e) applies generally to all of the U.S. Redeemer Actions.

Harbor does not extend to common law claims concerning intentionally fraudulent transfers. (*Id.* at 13-19.) Third, the Liquidators contest the assertion that the redemptions were made by a financial institution because the pleadings do not establish that Citco Bank was an agent of the Funds. (*Id.* at 19-21.) Fourth, the redemptions were not made by a financial participant because 11 U.S.C. § 101(22A) precludes a debtor from being a financial participant. (*Id.* at 21-23.)

The Defendants also seek dismissal of the U.S. Redeemer Actions for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, made applicable to these adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. They assert that the Liquidators were required to serve the Defendants in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), and the Liquidators' service of the initial complaints via international mail failed to satisfy its requirements. (*Defendants Brief* at 32-39.) The Liquidators do not deny that mail service failed to meet the strictures of the Hague Service Convention specifically in an adversary proceeding against HSBC Private Bank (Suisse) SA ("HSBC Suisse"), discussed below. Rather, they ask the Court to retroactively approve mail service to HSBC Suisse's U.S. counsel – Cleary Gottlieb – as an alternative means of service to a foreign party pursuant to Federal Civil Rule 4(f)(3). (*Liquidators Brief* at 23-34.) In the event the

Court denies their request, the Liquidators ask that the Court exercise its discretion to allow them to re-effect service. (*Id.* at 34-36.)[9]

## DISCUSSION

### A.    Motion to Dismiss For Failure to State a Claim

#### 1.    Standards Governing the Motion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Where the burden of pleading rests on the defendant, the Court may stilly dismiss a claim pursuant to Federal Civil Rule 12(b)(6) if the defense is apparent on the face of the complaint. *Official Comm. of Unsecured Creditors of Color*

---

[9]    After the parties' submissions, the Liquidators wrote the Court seeking leave to submit a five-page sur-reply in response to three purportedly new arguments raised in the *Defendants Reply*. (*See Letter of David Elsberg*, dated July 3, 2020 ("*Liquidators Letter*") (ECF Doc. # 3038).) Courts generally do not consider arguments raised for the first time in a reply brief, *In re Avaya Inc.*, 573 B.R. 93, 103 (Bankr. S.D.N.Y. 2017) (citing authorities), but can allow the filing of a sur-reply if it chooses to consider the new arguments. Here, the *Liquidators Letter* did not identify arguments made for the first time in the *Defendants Reply*. Rather, it addressed Defendants' arguments previously raised in the *Defendants Brief* (*e.g.*, all of the Liquidators' claims are subject to the Safe Harbor) or Defendants' replies to arguments in the *Liquidators Brief* (*e.g.*, responding to argument that Citco's intent is imputable to the Funds). Therefore, the request to file a sur-reply is denied.

*Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003); *accord Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018).

In deciding the motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). In addition, the Court may consider judicial admissions, including those made in briefs. *Scott v. City of White Plains*, No. 10 Civ. 1887 (KBF), 2012 WL 1267873, at *8 n. 7 (S.D.N.Y. Apr. 10, 2012); *Staff Mgmt. Sols., LLC v. Feltman* (*In re Corp. Res. Servs., Inc.*), Adv. Proc. No. 19-01371 (MG), 2020 WL 2278416, at *10 (Bankr. S.D.N.Y. May 6, 2020); *see Purgess v. Sharrock*, 33 F.3d, 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact.").

### 2.    Safe Harbor

The Safe Harbor, 11 U.S.C. § 546(e), is an affirmative defense for which the Defendants bear the burden of proof. *Fairfield II*, 596 B.R. at 307 (citing precedent). Nevertheless, "[t]he application of Section 546(e) presents a straightforward question of statutory interpretation of the type that is appropriately resolved on the pleadings." *In re Tribune Co. Fraudulent Conveyance Litig.*, No. 11MD2296 (DLC), 2019 WL 1771786, at *7 (S.D.N.Y. Apr. 23, 2019). Section 546(e) of the Bankruptcy Code provides in pertinent part:

> Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the

> benefit of) a . . . financial institution [or] financial participant . . ., or that is
> a transfer made by or to (or for the benefit of) a . . . financial institution
> [or] financial participant . . . in connection with a securities contract, as
> defined in section 741(7) . . ., that is made before the commencement of
> the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e).  "Put simply, the safe harbor applies where two requirements are

met: (1) there is a *qualifying transaction* (i.e., there is a 'settlement payment' or a

'transfer payment . . . made in connection with a securities contract) and (2) there is a

*qualifying participant* (i.e., the transfer was 'made by or to (or for the benefit of) a . . .

financial institution')."  *Nine West,* 2020 WL 5049621, at *6 (emphasis in original).

Section 561(d), in turn, makes the Safe Harbor applicable in a chapter 15 case to

"limit avoidance powers to the same extent as in a proceeding under chapter 7 or 11" of

the Bankruptcy Code.  As explained in *Fairfield II*, "section 561(d) is necessarily

referring to avoidance powers available under non-U.S. law" because a chapter 15

foreign representative cannot exercise the avoidance powers available to a trustee in a

chapter 7 or chapter 11 case.  596 B.R. at 310; *see* 11 U.S.C. § 1521(a)(7).  Thus, the Safe

Harbor bars the Liquidators' BVI Avoidance Claims to the extent they are analogous to

preference claims, state law fraudulent transfer claims or constructive fraudulent

transfer claims under Bankruptcy Code § 548(a)(1)(B).  In *Fairfield II*, the Court

reviewed the elements of the Liquidators' BVI Avoidance Claims.  It concluded that

unfair preference claims under BVI Insolvency Act § 245 resemble preference claims

under 11 U.S.C. § 547(b) and the undervalue transaction claims under BVI Insolvency

Act § 246 are similar to constructive fraudulent transfer claims under state and federal

law.  *Fairfield II*, 596 B.R. at 302, 314.  The Liquidators do not argue otherwise, and

13

accordingly, the BVI Avoidance Claims will be barred by the Safe Harbor if they meet its strictures.

### a.    The Transfers Were Settlement Payments Made "in Connection with" a "Securities Contract"

As the Court previously noted, *see id.* at 314-15, the parties do not dispute that the redemptions at issue were settlement payments made in connection with securities contracts.  (*See* ¶ 35 ("In accordance with the Funds' Subscription Agreements, Articles of Association, offering materials and/or other relevant documents . . . the Funds paid to shareholders, for each Share tendered for redemption, an amount that was based on each of the respective Funds' purported Net Asset Value, as it was then calculated.")); *cf. Picard v. Ida Fishman Revocable Tr.* (*In re BLMIS*), 773 F.3d 411, 422-23 (2d Cir. 2014) (payments to BLMIS investors were settlement payments on account of securities contracts), *cert. denied*, 576 U.S. 1044 (2015).  Therefore, except for the Liquidators' argument that the BVI Avoidance Claims are subject to the carveout for intentional fraudulent transfer claims, addressed separately below, the remaining issue on the applicability of the Safe Harbor to the BVI Avoidance Claims is whether the redemptions were made by, to, or for the benefit of a qualifying entity such as a "financial institution" of a type identified in the statute.

### b.    The Transfers Were Made by a Financial Institution as Agent for Its Customer

### i.    Citco Bank Is a Financial Institution

The Bankruptcy Code defines the term "financial institution" to include:

a Federal reserve bank, or an entity that is a commercial or savings bank, industrial savings bank, savings and loan association, trust company, federally-insured credit union, or receiver, liquidating agent, or conservator for such entity *and, when any such* Federal reserve bank,

14

receiver, liquidating agent, conservator or *entity is acting as agent* or custodian *for a customer* (whether or not a "customer", as defined in section 741) *in connection with a securities contract* (as defined in section 741) *such customer* . . . .

11 U.S.C. § 101(22)(A) (emphasis added).

All of the redemption payments were made by the Dublin Branch of Citco Bank where the Funds maintained accounts.  (*Foreign Representatives' Memorandum of Law in Opposition to Defendants' Consolidated Memorandum of Law and in Further Support of Foreign Representatives' Motion for Leave to Amend Complaints*, dated Mar. 31, 2017 ("*Liquidators 2017 Brief*") at 67 & n. 89 (ECF Doc. # 1336);[10] *accord* Transcript of 3/27/20 Hr'g at 15:13-15 ("MR. ELSBERG: . . . Your question earlier about the flow of payments through Citco -- we agreed that it did go through Citco and so I think all that remains is to identify a complaint.") (ECF Doc. # 3061).)  Citco Bank qualifies as a "financial institution" because it has been a bank regulated by the De Nederlandsche Bank ("DNB") (the central bank of the Netherlands) since December 31, 1985.[11]  The Court may take judicial notice of bank registration information provided by DNB's website as its accuracy cannot reasonably be questioned.  FED. R. EVID. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because

---

[10]     The Liquidators did not dispute or object to the Court's consideration of this admission after the Defendants identified the admission in their moving brief.  (*See Defendants Brief* at 13.)

[11]     *See* De Nederlandsche Bank, *Information Detail: Citco Bank Nederland N.V.*, https://www.dnb.nl/en/supervision/public-register/WFTKF/detail.jsp?id=26bbcae35848e311b55a005056b672cf# (last visited Nov. 28, 2020).  In addition, Citco Bank's Dublin branch, the paying bank, is registered with the Central Bank of Ireland as a "credit institution" defined as "(a) an undertaking whose business is to receive deposits or other repayable funds from the public and to grant credits for its own account, or (b) an electronic money institution."  *See* Central Bank of Ireland, *Financial Service Provider Profile: Citco Bank Nederland NV Dublin Branch*, http://registers.centralbank.ie/FirmDataPage.aspx?firmReferenceNumber=C27278 (last visited Nov. 28, 2020).

it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see Enron Corp. v. Bear, Stearns Int'l Ltd.* (*In re Enron Corp.*), 323 B.R. 857, 869 (Bankr. S.D.N.Y. 2005) (taking judicial notice of various public and quasi-public bodies including the United Kingdom Financial Services Authority in determining that an entity was covered by the Safe Harbor); *cf. Tribune*, 946 F.3d at 78 (Computershare was a "financial institution" for the purposes of Section 546(e) because it is a trust company and a bank based on Office of the Comptroller of the Currency records); *Holliday v. K Rd. Power Mgmt., LLC* (*In re Boston Generating LLC*), 617 B.R. 442, 489 (Bankr. S.D.N.Y. 2020) (finding that the Bank of New York is a "financial institution" for the purposes of Section 546(e) because it is a bank pursuant to the Office of the Comptroller website).

### ii.     The Funds, as Customers of Citco Bank, Were Also Financial Institutions

Under the definition of "financial institution," quoted *supra*, a *customer* of a financial institution such as a bank is also deemed to be a financial institution if the bank acts as the customer's agent in connection with a securities contract.  Bankruptcy Code § 741(2) defines the term "customer" for use in stockbroker liquidations under subchapter III of chapter 7, but Bankruptcy Code § 101(22)(A) specifies that the term "customer" is not limited to section 741(2)'s definition when determining whether an entity is a financial institution.  The ordinary meaning of customer is "someone who buys goods or services."  *Tribune*, 946 F.3d at 79 (quoting *UBS Fin. Servs., Inc. v. W. Virginia Univ. Hosps., Inc.*, 660 F.3d 643, 650 (2d Cir. 2011)); *accord Customer*, Black's Law Dictionary (11th ed. 2019) (a "customer" includes "[a] buyer or purchaser of goods or services").

16

The *Citibank Complaint* does not spell out the relationship between Sentry or the other Funds on the one hand and Citco Bank on the other, or Citco Bank's role in connection with the securities contracts pursuant to which the Funds paid the redemptions. However, as noted, the Liquidators admitted in the *Liquidators 2017 Brief* filed in connection with the previous motion to dismiss, and reiterated earlier this year during a conference, that the redemption payments were made from the Funds' Citco Bank account in Ireland.

Thus, the Funds held accounts with Citco Bank from which the redemptions were paid. An account holder is a "customer" of the bank under U.S. law. *See* N.Y. U.C.C. § 4-104(1)(e) (defining "customer" as "any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank."). While U.S. law is not controlling, it is nevertheless persuasive on this point. Further, the Liquidators have not challenged the Defendants' contention that the Funds were customers of Citco Bank, (*see Defendants Brief* at 11-14), but to the extent they do, that argument is deemed abandoned. *Purdie v. Brown*, No. 14 Civ. 8490(NSR), 2015 WL 6741875, at *8 (S.D.N.Y. Nov. 3, 2015) (plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of those claims) (citing authorities).

Next, Citco Bank acted as the Funds' agent in connection with the securities contract underlying the redemptions. In *Tribune Co. Fraudulent Conveyance Litig.*, the Second Circuit applied the common-law standard for establishing an agency relationship which requires: (1) the principal's manifestation of intent to grant authority to the agent, (2) agreement by the agent, and (3) the principal's maintenance of control

17

over key aspects of the undertaking.  946 F.3d at 79 (citing *Commercial Union Ins. Co.*

*v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 462 (2d Cir. 2003)); *accord Nine West*, 2020

WL 5049621, at *8.

Once again, the Liquidators' admission that redemptions were paid by Citco Bank

establishes the necessary agency.  It is implausible to infer that Citco Bank made the

redemption payments to specific redeemers in specific amounts absent the Funds'

directions to do so.  Moreover, Citco Bank accepted those directions by executing the

redemption payments.

Based on the foregoing, the Funds were customers of Citco Bank who acted as

their agents in connection with the securities contracts pursuant to which the

redemption payments were made, and the Funds were, therefore "financial institutions"

within the meaning of 11 U.S.C. § 546(e).[12]  Accordingly, the BVI Avoidance Claims

alleged in the *Citibank Complaint* are barred by 11 U.S.C. § 561(d).

### c.    Applicability of the Exception Under Section 548(a)(1)(A)

The Safe Harbor does not shield claims to avoid intentional fraudulent transfers

under 11 U.S.C. § 548(a)(1)(A).[13]  *See* 11 U.S.C. § 546(e) (protecting certain transfers

from avoidance "except under section 548(a)(1)(A) of this title") (hereinafter, the

"Intentional Fraud Exception").  The Liquidators have not asserted claims under section

---

[12]    Because the Court finds that the Funds were "financial institutions," it does not address the Defendants' alternative arguments that Sentry and Sigma were "financial participants" or that redemptions paid by Sigma and Lambda were for the benefit of Sentry.

[13]    Section 548(a)(1)(A) allows the trustee to avoid a transfer made within two years of the bankruptcy filing if the debtor "made such transfer . . . with actual intent to hinder, delay, or defraud" creditors.

548(a)(1)(A) nor could they absent the commencement of a case under chapter 7 or 11.
*See* 11 U.S.C. § 1521(a)(7) (permitting a court to grant certain relief to a chapter 15
foreign representative "except for relief available under sections . . . 544 [and] 548 . . .
."). The two BVI Avoidance Claims (*see* ¶¶ 104-20, 125-31) resemble preference claims
under section 547(b) of the Bankruptcy Code and constructive fraudulent transfer
claims under federal and state law, s*ee Fairfield II*, 596 B.R. at 302, which would be
barred by the Safe Harbor.

Nevertheless, the Liquidators assert that the Intentional Fraud Exception is not
limited to claims brought under section 548(a)(1)(A), and applies to claims under BVI
law to avoid transfers made with the intent to defraud creditors irrespective of the label
attached to a claim. (*Liquidators Brief* at 10-11.)  They further argue that the BVI
Avoidance Claims fall within the Intentional Fraud Exception because Citco
Administrator's knowledge is imputable to the Funds, and the *Citibank Complaint*
alleges conscious misbehavior or recklessness by Citco Administrator as well as a motive
and opportunity to commit fraud in connection with the redemptions. (*Liquidators
Brief* at 10-12.)

The Liquidators' argument lacks merit.  First, the Intentional Fraud Exception
only applies to intentional fraudulent transfer claims under Bankruptcy Code §
548(a)(1)(A); the Safe Harbor still bars state law intentional fraudulent transfer claims
that a U.S. bankruptcy trustee could assert through 11 U.S.C. § 544(b)(1).  The
Liquidators, as foreign representatives under chapter 15, cannot assert a claim under
Bankruptcy Code § 548(a)(1)(A).  Instead, they assume that their BVI intentional
fraudulent transfer claim is sufficiently analogous to a bankruptcy fraudulent transfer

claim for purposes of 11 U.S.C. § 561(d) and therefore comes within the Intentional Fraud Exception. If true, it is also sufficiently analogous to a state law fraudulent transfer claim that is barred. The Liquidators fail to articulate any rationale for equating their BVI intentional fraudulent transfer claim to a U.S. bankruptcy law claim rather than a state law fraudulent transfer claim.

Second, they fail to identify the source of such an intentional fraudulent transfer claim under BVI law.[14] Since the Safe Harbor only prohibits avoidance claims and does not apply to non-avoidance claims absent preemption, discussed below, I limit my consideration to the avoidance provisions under the BVI Insolvency Act. The BVI Insolvency Act recognizes four types of voidable transactions. BVI INSOLVENCY ACT § 244(1) ("'voidable transaction' means (a) an unfair preference; (b) an undervalue transaction; (c) a floating charge that is voidable under section 247; and (d) an extortionate credit transaction."). The Court has already concluded that the unfair preference and undervalue transaction claims under sections 245 and 246 of the BVI Insolvency Act, respectively, are barred by the Safe Harbor through the operation of 11 U.S.C. § 561(d). The two other avoidance claims concern voidable floating charges

---

[14] The Liquidators have not submitted an affidavit by an expert on BVI law to support the existence or elements of such a claim.

20

under BVI INSOLVENCY ACT § 247[15] and extortionate credit transactions under BVI

INSOLVENCY ACT § 248.[16]

As to the former, the BVI Insolvency Act defines a "floating charge" as a "charge

created by a company or a foreign company which is, or as created was, a floating charge

whether crystallised or not." BVI INSOLVENCY ACT § 2(1). The definition is not helpful,

but a floating charge sounds like a security interest. *See id.* § 92(1) ("The Court may, on

---

[15]    BVI INSOLVENCY ACT § 247 states in pertinent part:

(1) Subject to subsection (2), a floating charge created by a company is voidable if

 (a) it is created within the vulnerability period; and

 (b) it is an insolvency transaction.

(2) A floating charge is not voidable to the extent that it secures

 (a) money advanced or paid to the company, or at its direction, at the same time as, or after, the creation of the charge;

 (b) the amount of any liability of the company discharged or reduced at the same time as, or after, the creation of the charge;

 (c) the value of assets sold or supplied, or services supplied, to the company at the same time as, or after, the creation of the charge; and

 (d) the interest, if any, payable on the amount referred to in paragraphs (a) to (c) pursuant to any agreement under which the money was advanced or paid, the liability was discharged or reduced, the assets were sold or supplied or the services were supplied.

. . . .

(4) For the purposes of subsection (2)(c), the value of assets or services sold or supplied is the amount in money which, at the time they were sold or supplied, could reasonably have been expected to be obtained for the sale or supply of the goods or services in the ordinary course of business and on the same terms, apart from the consideration, as those on which the assets or services were sold or supplied to the company.

[16]    BVI INSOLVENCY ACT § 248 states:

A transaction entered into by the company within the vulnerability period for, or involving the provision of, credit to the company is an extortionate credit transaction if, having regard to the risk accepted by the person providing the credit

 (a) the terms of the transaction are or were such as to require grossly exorbitant payments to be made (whether unconditionally or in certain contingencies) in respect of the provision of credit; or

 (b) the transaction otherwise grossly contravenes ordinary principles of fair trading.

the application of the administrator, make an order authorizing the administrator to dispose of (a) assets of the company that are subject to a security interest that is not a floating charge."). The *Citibank Complaint* does not allege that the transfers to Citibank involved "floating charges." As to the latter, the extortionate credit transaction applies by its terms to "credit transactions," and appears to focus on unconscionable and usurious credit transactions. The transfers to *Citibank* did not concern credit transactions. Finally, neither avoidance claim requires proof of an intent to "hinder, delay or defraud," the critical element of an intentional fraud claim. *See* 11 U.S.C. § 548(a)(1)(A).

Third, as noted, the *Citibank Complaint* alleges that the Funds were duped, believing that their BLMIS investments were worth what the BLMIS monthly statements showed. The Funds were the transferors and if they were duped, they could not have intended to "hinder, delay or defraud" the Funds' other creditors by redeeming investments at prices they believed to be accurate.[17]

### 3.    The Constructive Trust Claims

Under the Supremacy Clause of the United States Constitution, federal law "shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2. "In the absence of express congressional command, state law is pre-empted if that law actually conflicts with

---

[17]    The Liquidators contend that Citco's bad faith is imputed to the Funds. This is inconsistent with the notion that the Funds were duped. Furthermore, the Court stated in *Fairfield II* that if the Funds knew the NAVs were inflated, either directly or through imputation of Citco's knowledge, "but nonetheless breached their fiduciary duties to the other shareholders by authorizing the payment of inflated redemption prices, the Funds cannot rely on their own misconduct to recover the inflated redemption payments." 596 B.R. at 299.

federal law . . . or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *AP Servs. LLP v. Silva*, 483 B.R. 63, 71 (S.D.N.Y. 2012) (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992)).  Several courts have ruled that state law claims that seek to recover transfers shielded by the Safe Harbor are impliedly preempted by 11 U.S.C. § 546(e).  *See, e.g.*, *Contemporary Indus. Corp. v. Frost*, 564 F.3d 981, 988 (8th Cir. 2009) (dismissing unjust enrichment and illegal and/or excessive shareholder distribution claims), *abrogated on other grounds by Merit Mgmt. Grp., LP v. FTI Consulting*, 138 S. Ct. 883 (2018); *Nine West*, 2020 WL 5049621, at *15 (dismissing unjust enrichment claims); *AP Servs.*, 483 B.R. at 71 (same); *cf. Hosking v. TPG Capital, L.P.* (*In re Hellas Telecomms. (Lux.) II SCA*), 526 B.R. 499, 510 (Bankr. S.D.N.Y. 2015) (denying dismissal of unjust enrichment claim which alleged facts "substantially identical to an *actual* fraudulent conveyance claim under section 548(a)(1)(A)") (emphasis in original); *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A.* (*In re Lehman Bros. Holdings Inc.*), 469 B.R. 415, 451 (Bankr. S.D.N.Y. 2012) (same).  Allowing a plaintiff to recover a safe harbored transfer by attaching a different label to the claim would frustrate the purpose of section 546(e).  *AP Servs.*, 483 B.R. at 71; *accord Contemporary Indus.*, 564 F.3d at 988; *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del. v. Fleet Retail Fin. Grp.* (*In re Hechinger Inv. Co. of Del.*). 274 B.R. 71, 96 (D. Del. 2002).  Relying on these and similar authorities, Defendants contend that the Constructive Trust Claims should be dismissed because they seek to unwind safe harbored redemption payments.  (*Defendants Brief* at 29-31.)

23

I disagree.  The Liquidators correctly point out, (*see Liquidators Brief* at 14-16), that the "Supremacy Clause applies to states and is inapplicable to considerations of federal law versus foreign law."  *Al-Kurdi v. United States*, 25 Cl. Ct. 599, 601 n. 3 (Cl. Ct. 1992).  Courts do not assume that otherwise applicable foreign law is preempted absent express statutory language to that effect.  *See LaSala v. Bordier et Cie*, 519 F.3d 121, 138-39 (3d Cir.) (rejecting argument that Congress impliedly preempted Swiss law claims through the enactment of Securities Litigation Uniform Standards Act (SLUSA)), *cert. dismissed*, 555 U.S. 1028 (2008); *In re Petrobras Sec. Litig.*, 169 F. Supp. 3d 547, 551-52 (S.D.N.Y. 2016) (plain language of SLUSA does not bar Brazilian law claims "[d]espite how well a ban on foreign law claims might fit within the larger statutory scheme"); *Comrie v. IPSCO Inc.*, No. 08-cv-03060, 2008 WL 5220301, at *4-5 (N.D. Ill. Dec. 10, 2008) (rejecting argument that Canadian law claims were preempted by the Employee Retirement Income Security Act (ERISA): "The statutory text of ERISA does not clearly preempt foreign law, only state law. . . . Thus, it must be presumed that Congress did not intend ERISA to preempt foreign law.").

Here, the Constructive Trust Claims are based on BVI law and the Defendants have not identified any statutory language that purports to *expressly* preempt the Constructive Trust Claims.  Consequently, the Motion to dismiss the Constructive Trust Claims on the ground that they seek to recover safe harbored transfers is denied.

## B.    Motion to Dismiss for Insufficient Service of Process

When the Liquidators commenced the U.S. Redeemer Actions, the Liquidators served the Defendants, including the foreign Defendants, by mail.  For example, the Liquidators served the summons and initial complaint in *Fairfield Sentry Ltd. v. HSBC*

*Private Bank Suisse SA*, Adv. Proc. No. 10-03633 (SMB) (the "HSBC Action")[18] on

HSBC Suisse by international registered mail to HSBC Suisse's address in Switzerland

listed on the Funds' records.  (*See Declaration of David J. Molton in Support of*

*Liquidators' Memorandum of Law in Opposition to Defendants' Renewed Motion to*

*Dismiss*, dated May 29, 2020 ("*Molton Declaration*") at ¶ 2 (ECF Doc. # 3034).)  The

Liquidators also served the complaint by mail on HSBC Suisse's U.S. counsel, Cleary

Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb"), at its New York office.  (*Id.*)

The Defendants seek dismissal of the U.S. Redeemer Actions for insufficient

service of process under Federal Civil Rule 12(b)(5).  Using the summons and complaint

in the HSBC Action as the test case, they argue that the Liquidators were required to

effectuate service pursuant to the Hague Service Convention, mail service is not

permitted where the member country has objected to that method of service,

Switzerland has expressly objected to mail service, and therefore, the Liquidators' 2010

service on HSBC Suisse via international mail was ineffective.  (*Defendants Brief* at 32-

37.)

The Liquidators do not dispute that mail service on HSBC Suisse failed to satisfy

the requirements of the Hague Service Convention.  Instead, they seek retroactive

approval of their 2010 mail service on HSBC Suisse's U.S. counsel, Cleary Gottlieb, as a

form of alternative service pursuant to Federal Civil Rule 4(f)(3).

---

[18]    Again, following consultation with the parties, the Court designated the HSBC Action as the
representative action with respect to the Defendants' arguments seeking dismissal for insufficient service
of process.  (*See Scheduling Order* at ¶ 1(a).)

### 1.   Rule 4(f)(3)

A foreign corporation may be served abroad "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  FED. R. CIV. P. 4(h)(2).  Rule 4(f), in turn, states in pertinent part:

> **Serving an Individual in a Foreign Country.**  Unless federal law provides otherwise, an individual . . .  may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Service Convention];
>
> . . . or
>
> (3) by any means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f).

"Courts have repeatedly recognized that there is no hierarchy among the subsections in Rule 4(f)." *Wash. State Inv. Bd. v. Odebrecht S.A.*, 17 Civ. 8118 (PGG), 2018 WL 6253877, at *3 (S.D.N.Y. Sept. 21, 2018); *accord In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012); *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505(ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012).  Hence, "court-directed service under Rule 4(f)(3) is as favored as service under Rule 4(f)(1)," *GLG Life Tech*, 287 F.R.D. at 265 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)), and "[a] plaintiff is *not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *S.E.C. v. Anticevic*, No. 05 CV 6991(KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (emphasis in original); *see also Madu, Edozie & Madu, P.C. v.*

*Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.") (citation omitted).

An alternative method of service under Rule 4(f)(3) is proper so long as it (1) is not prohibited by international agreement, and (2) comports with constitutional notions of due process. *Odebrecht*, 2018 WL 6253877, at *4; *accord Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013). The decision to approve an alternative method of service is committed to the court's sound discretion. *S.E.C. v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 397 (S.D.N.Y. 2014); *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009). In exercising this discretion, courts in this District routinely require "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Odebrecht*, 2018 WL 6253877, at *6; *accord Peifa Xu v. Gridsum Holding Inc.*, 18 Civ. 3655 (ER), 2020 WL 1508748, at *14 (S.D.N.Y. Mar. 30, 2020). "But nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *GLG Life Tech*, 287 F.R.D. at 266.

### 2.    Service on U.S.-Based Counsel

Initially, the Defendants contend that service on a foreign corporation's U.S. counsel cannot be a proper method of service under Rule 4(f)(3). (*Defendants Reply* at 17; *Letter of Marc J. Gottridge*, dated July 27, 2020 (ECF Doc. # 3044).) Specifically, Rule 4(f) sets forth the methods in which an individual "may be served at a place *not within any judicial district of the United States*." FED. R. CIV. P. (4)(f) (emphasis

added); *see also* FED. R. CIV. P. 4(h)(2) (a foreign corporation must be served "at a place

not within any judicial district of the United States, in any manner prescribed by Rule

4(f) . . . .").

Courts are split on the issue of whether domestic service on a foreign defendant's

U.S. counsel can constitute service "at a place not within" the U.S. under Rule 4(f)(3),

but the majority view service on U.S.-based counsel a permissible method under Rule

4(f)(3). *See, e.g., Zanghi v. Ritella*, 19 Civ. 5830 (NRB), 2020 WL 589409, at *7

(S.D.N.Y. Feb. 5, 2020); *Odebrecht*, 2018 WL 6253877, at *4; *NYKCool A.B. v. Pac. Int'l

Servs., Inc.*, No. 12–cv–5754 (LAK), 2015 WL 998455, at *4-5 (S.D.N.Y. Mar. 5, 2015);

*Atlantica Holdings, Inc. v. BTA Bank JSC*, 13 Civ. 5790 (JMF), 2014 WL 12778844, at

*3 (S.D.N.Y. Mar. 31, 2014); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515

(S.D.N.Y. 2013); *GLG Life Tech*, 287 F.R.D. at 267; *Arista Records LLC v. Media Servs.

LLC*, No. 06 Civ. 15319(NRB), 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008); *RSM

Prod. Corp. v. Fridman*, No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *6 (S.D.N.Y.

Aug. 10, 2007); *Enrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641(RCC), 2005 WL

696769, at *3 (S.D.N.Y. Mar. 23, 2005); *contra Convergen Energy LLC v. Brooks*, 20-

cv-3746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) (service on domestic

counsel is not permissible under Rule 4(f) because the "place" of service is within the

U.S.). In *Odebrecht*, District Judge Gardephe observed that alternative service to a U.S.

attorney is permissible "because such service requires transmission of service papers to

a foreign defendant via a domestic conduit like a law firm or agent – ultimately, the

foreign individual is served and thereby provided notice outside a United States judicial

district, in accordance with Rule 4's plain language." 2018 WL 6253877, at *4 (quoting

28

*In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1010 (N.D. Cal. 2014)) (alteration omitted); *accord RMS Prod. Corp.*, 2007 WL 2295907, at *6 ("Court-ordered service on counsel made under Rule 4(f)(3) serves as effective authorization 'by law' for counsel to receive service."); *see Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries (OPEC)*, 766 F.3d 74, 84 (D.C. Cir. 2014) ("[W]hile Rule 4(f)(3) addresses service only 'at a place not within any judicial district of the United States,' Fed.R.Civ.P. 4(f), arguably, when a court orders service on a foreign entity through its counsel in the United States, the attorney functions as a mechanism to transmit the service to its intended recipient abroad.").  Hence, the "relevant circumstance is where the defendant is, and not the location of the intermediary."  *Odebrecht*, 2018 WL 6253877, at *4; *accord Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 14 (D. D.C. 2016) (criticizing a narrow interpretation of Rule 4(f) because it "assumes, without explanation, that 'service' is complete when the foreign defendant's United States counsel physically receives the summons").  The Court agrees with *Odebrecht* and the other cases ruling that service to a foreign defendant via a domestic conduit is permissible under Rule 4(f)(3).

When seeking approval of alternative service through counsel, the movant must show adequate communication between the counsel and the party to be served.  *GLG Life Tech*, 287 F.R.D. at 267.  Here, HSBC Suisse has undoubtedly been in regular contact with Cleary Gottlieb and has actively participated in the HSBC Action since at least September 2010 (*see Motion of Moving Defendants to Withdraw the Reference of the Above-Captioned Adversary Proceedings to the Bankruptcy Court*, dated Sept. 20, 2010 (filed by Cleary Gottlieb attorney Evan A. Davis, Esq. on behalf of HSBC Suisse *et*

29

*al.*) (ECF Adv. Proc. No. 10-03633 Doc. # 2)) and thereafter. *See Baidu.com Inc.*, 293 F.R.D. at 515 ("service on Baidu's counsel would satisfy the requirements of due process, as Baidu has actual notice of this lawsuit and there is evidence of adequate communication between Baidu and counsel") (citation and internal quotation marks omitted).

### 3.    Not Prohibited by International Agreement

Under Rule 4(f)(3), the proposed method of service must not be prohibited by international agreement, and the Defendants contend that mail service to Cleary Gottlieb runs afoul of the Hague Service Convention. (*Defendants Reply* at 17-18.) This argument lacks merit. When service is made on domestic counsel, the Hague Service Convention is not implicated because no documents are transmitted abroad. *Baidu.com Inc.*, 293 F.R.D. 515; *GLG Life Tech*, 287 F.R.D. at 267; *cf. Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the [Hague Service Convention] has no further implications."). Here, Cleary Gottlieb was served domestically, and the Hague Service Convention is therefore inapplicable.

### 4.    Prior Attempt at Service and Other Considerations

As stated, the Court in the exercise of its discretion may consider whether the plaintiff has reasonably attempted service on the defendant as well as other surrounding circumstances. In addition to serving Cleary Gottlieb by mail, the Liquidators served the summons and initial complaint on HSBC Suisse in Switzerland by international mail in 2010. (*Molton Declaration* at ¶ 2.) In serving HSBC Suisse by mail, the Liquidators

relied on a provision in subscription agreements with Sentry under which HSBC Suisse consented to the jurisdiction of New York courts and service by mail for "any suit, action or proceeding with respect to [the subscription agreement] and the Fund." (*See Declaration of David J. Molton in Further Support of Motion for Leave to Amend and in Opposition to Defendants' Motion to Dismiss*, dated Mar. 31, 2017, Ex. A at ¶ 19 (emphasis added) (ECF Doc. # 1337).)

The Court concluded in connection with the prior motion to dismiss that the U.S. Redeemer Actions were not proceedings with respect to the subscription agreements. *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), No. 10-13164 (SMB), 2018 WL 3756343, at *10-12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*"). Until the Court issued *Fairfield I* in August 2018, the Liquidators had a reasonable basis to believe that they had properly served HSBC Suisse by mail in accordance with the subscription agreements. After the Court issued *Fairfield I* and *Fairfield II*, the parties entered into detailed stipulations in 2019 resolving the prior motion to dismiss and identifying the issues to be raised in the instant Motion to dismiss including "whether service was properly effected." (*See Stipulated Order Granting in Part and Denying in Part Moving Defendants' Motions to Dismiss and Plaintiffs' Motion for Leave to Amend*, so-ordered on Apr. 15, 2019 at § II.A (ECF Adv. Proc. No. 10-3633 Doc. # 81).)[19]

---

[19]     Because the parties specifically contemplated that the issue of proper service would be litigated through the current Motion, the Defendants' argument that the Liquidators have ignored the Court's ruling in *Fairfield I* (*see Defendants Reply* at 18-19) is without merit.

Other factors also militate in favor of allowing mail service on Cleary Gottlieb,
specifically cost and delay.  According to an estimate the Liquidators provided, the cost
associated with re-serving HSBC Suisse and the other Swiss Defendants would total
$272,441 (*Motion Declaration* at ¶¶ 4-12; Ex. 3), and the process would take four
months or more.  (*Liquidators Brief* at 32-33.)  Courts often consider the cost and delay
associated with service under the Hague Service Convention or other treaties when
approving alternative service under Rule 4(f)(3).  *Odebrecht*, 2018 WL 6253877, at *8-9;
*GLG Life Tech*, 287 F.R.D. at 266-67.

The issue of cost is particularly compelling in this case.  The *Citibank Complaint*
alleges that the Funds were insolvent or rendered insolvent by the transfers, (¶¶ 7, 13,
39), and their financial situation is not much better today.  After the chapter 15 cases
were filed, the Liquidators and the BLMIS SIPA trustee entered into a settlement
pursuant to which the latter entered judgments in this Court in the amount of
$3,054,000,000 against Sentry, $752,300,000 against Sigma and $52,900,000 against
Lambda.  (¶ 13.)  Among other things, Sentry, the BLMIS customer, received an allowed
$230 million claim in the BLMIS SIPA proceeding.  *In re Fairfield Sentry Ltd.,* 539 B.R.
658, 662 (Bankr. S.D.N.Y. 2015), *aff'd,* 690 F. App'x 761 (2d Cir.) (summary order), *cert.
denied*, 138 S. Ct. 285 (2017).  Suffice it to say that the judgments dwarf the BLMIS
claim and the Funds appear to still be insolvent.  Forcing the Liquidators to expend
significant sums to effect service under the Hague Service Convention when cheaper and
equally effective alternatives exist will adversely affect the amount available for ratable
distribution to the Funds' creditors and shareholders.  Moreover, HSBC Suisse has had
actual notice of the HSBC Action, has actively litigated for a decade through capable

counsel, "and, thus, as a practical matter, the purpose of the service requirement has already been accomplished." *Arista Records*, 2008 WL 563470, at *2; *accord Atlantica Holdings*, 2014 WL 12778844, at *3.

### 5.    Retroactive Approval

The stumbling block, however, is retroactive approval.  As the Defendants argue, retroactive approval of a method of service pursuant to Rule 4(f)(3) is impermissible. (*Defendants Reply* at 16.)  Rule 4(f)(3) permits service "by other means not prohibited by international agreement, *as the court orders*."  (Emphasis added).  The emphasized portion denotes that the party must receive court approval prior to service. *Fed. Trade Comm'n v. Pecon Software Ltd.*, No. 12 Civ. 7186(PAE), 2013 WL 4016272, at *9 (S.D.N.Y. Aug. 7, 2013); *United States v. Machat*, No. 08 Civ. 7936(JGK), 2009 WL 3029303, at *4 (S.D.N.Y. Sept. 21, 2009); 1 MOORE'S FEDERAL PRACTICE § 4.52 (3d ed. 2020) ("The language of Rule 4(f)(3) permitting service 'as the court orders' requires *prior* approval of the service method by court order before it is used.") (emphasis in original).[20]

Nonetheless, the Liquidators request alternative relief in the form of additional time to re-effect service on HSBC Suisse (*Liquidators Brief* at 34-35) – an issue to which I now turn.

---

[20]      The District Court in *Exp.-Imp. Bank of the United States v. Asia Pulp & Paper Co., Ltd.*, No. 03Civ.8554(LTS)(JCF), 2005 WL 1123755 (S.D.N.Y. 2005) retroactively approved a method of service under Rule 4(f)(3) where such service had proved effective in providing notice to the defendant.  *Id.* at *5. However, "defective service cannot be ignored on the mere assertion that defendant had 'actual notice.'" *Pecon Software*, 2013 WL 4016272, at *9 (quoting *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006)).

### 6.    Additional Time to Effect Service

The Defendants seek dismissal for failure to make timely service.  (*Defendants Brief* at 38-39; *Defendants Reply* at 20.)  The general rule under Federal Civil Rule 4(m) that service must be made on a defendant within 120 days of the time the case was commenced (the limit has since been reduced to 90 days) "does not apply to service in a foreign country under Rule 4(f) [or] 4(h)(2)," FED. R. CIV. P. 4(m), so long as the plaintiff attempts to begin service on a foreign defendant within that timeframe.  *USHA (India) Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005); *Trilliant Funding, Inc. v. Marengere* (*In re Bozel S.A.*), 1:16-cv-3739 (ALC), 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017).  Under the foreign country exception, the court applies a "flexible due diligence standard to determine whether service of process was timely," *Burda Media, Inc. v. Blumenberg*, No. 97 Civ.7167(RWS), 2004 WL 1110419, at *5 (S.D.N.Y. May 18, 2004) (citation omitted), and "assesses the reasonableness of the plaintiff's efforts and the prejudice to the defendant from the delay."  *Bozel*, 2017 WL 3175606, at *2. [21]

Here, as stated above, the Liquidators exercised due diligence.  They attempted service on HSBC Suisse in a timely manner consistent with the subscription agreements.  The Liquidators had a reasonable basis to believe that they had properly served HSBC

---

[21]    Neither party addressed the issue of whether the foreign service exception to Rule 4(m) applies when the plaintiff is seeking to serve a domestic conduit under Rule 4(f)(3).  Rather, both sides relied on precedent applying the flexible due diligence standard for determining timeliness of service on a foreign defendant.  (S*ee Liquidators Brief* at 35; *Defendants Reply* at 20 (arguing that the Liquidators have failed to show diligence).)  The Court will, therefore, apply this standard.  In any event, even if the exception did not apply, the service deadline must be extended pursuant to Rule 4(m) upon a showing of "good cause" which balances the "plaintiff's reasonable efforts to effect service" against the "prejudice to the defendant from delay," *Savage & Assocs., P.C. v. Williams Commc'ns*, (*In re Teligent Servs., Inc.*), 324 B.R. 467, 472 (Bankr. S.D.N.Y. 2005) (citation omitted), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007) – a comparable analysis to that required under the flexible due diligence standard.

Suisse, and not attempt further service, until the issuance of *Fairfield I* in 2018. The service issue nonetheless remained a live dispute, and the parties stipulated to litigating the issue of service of process in connection with the current Motion. The decision to litigate the propriety of past service or seek a different and less costly method of new service, rather than proceed with the costly and time-consuming process of serving the Defendants under the Hague Service Convention, does not signify a lack of due diligence.

Nor have the Defendants identified any prejudice they have suffered as a result of the passage of time. Despite the service issue, they have been actively litigating numerous issues in this Court since 2010, including the dismissal of all of the Liquidators' claims which culminated in this decision, and these threshold issues had to be decided before the litigations could advance.

Accordingly, the Liquidators request to effect service on HSBC Suisse's U.S. counsel, Cleary Gottlieb, is granted. The parties should, in the first instance, meet and confer in an attempt to forego another round of service failing which the Liquidators must serve Clearly Gottlieb by first class mail within sixty days of the date of this memorandum decision. The parties must submit a joint letter to the Court within thirty days of this memorandum decision on the status of their meet and confer.

The Court has considered the parties' other arguments and to the extent not addressed herein, concludes that they lack merit or are mooted by the Court's rulings.

Settle orders in each affected adversary proceeding on notice or submit consensual

orders.

Dated:   New York, New York
         December 14, 2020

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Court

**EXHIBIT F**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 15 Case |
| | ) |
| **FAIRFIELD SENTRY LIMITED, et al.,** | ) Case No. 10-13164 |
| | ) (SMB) |
| Debtors in Foreign Proceedings. | ) |
| | ) Jointly Administered |
| | ) |
| **FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) and FAIRFIELD SIGMA LIMITED (IN LIQUIDATION), acting by and through the Foreign Representatives thereof, and KENNETH KRYS and GREIG MITCHELL, solely in their capacities as Foreign Representatives and Liquidators thereof,** | ) |
| | ) |
| | ) |
| | ) |
| | ) Adv. Pro. No. 10-03635 |
| | ) (SMB) |
| Plaintiffs, | ) |
| | ) |
| -against- | ) |
| | ) |
| **ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, ADLER AND CO PRIVATBANK AG, ALLIANZBANK SPA/UNIFORTUNE CONSERVATIVE SIDE POCKET, ALTERNATIVE INVESTMENT STRATEGIES, BANCA ARNER SA, BANCA UNIONE DI CREDITO, BANK HAPOALIM SWITZERLAND LTD., BANK JULIUS BAER & CO. LTD., BANK SARASIN & CIE, BANQUE CANTONALE VAUDOISE, BANQUE CRAMER & CIE SA, BBVA (SUISSE) SA, BCV AMC DEFENSIVE AL FUND, BNP PARIBAS (SUISSE) SA, BNP PARIBAS (SUISSE) SA EX FORTIS, BNP PARIBAS (SUISSE) SA PRIVATE, BSI AG, BSI EX BANCA DEL GOTTARDO, CACEIS BANK LUXEMBOURG, CBB (BVI)/ THE ALKIMA FUND, CBT GEMS LOW VOL REG, COMPAGNIE BANCAIRE HELVETIQUE, CENTRUM BANK AG (AMS), CLARIDEN LEU LTD., CORNER BANCA SA, CREDIT SUISSE AG ZURICH, DEXIA BANQUE INTERNATIONAL A LUXEMBOURG, DRESDNER BANK SCHWEIZ, EFG BANK SA SWITZERLAND, EFG EUROFINANCIER D'INVEST MCL, ENDURANCE ABSOLUTE LTD. MASTER, FAIRFIELD INVESTMENT GCI, FAIRFIELD INVESTMENT FUND LTD., FALCON PRIVATE BANK, FIF ADVANCED LTD., FINTER BANK ZURICH, HARMONY CAPITAL FUND LTD., HSBC, IHAG** | ) |
| | ) |
| | ) |
| | ) |
| | ) **PARTIAL FINAL JUDGMENT** |
| | ) Pursuant to Rule 54(b) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

HANDELSBANK AG, INCORE BANK AG, KARASEL )
ENHANCED PORTFOLIO, KARLA MULTISTRATEGIES )
LTD., LGT BANK IN LIECHTENSTEIN AG, )
LIECHTENSTEINISCHE LB REINVEST AMS, LLOYDS )
TSB BANK GENEVA, LOMBARD ODIER DARIER )
HENTSCH & CIE, LONGBOAT LTD., MASTER CAPITAL )
AND HEDGE FUND, NATIONAL BANK OF KUWAIT, )
NBK BANQUE PRIVEE SUISSE SA, PICTET & CIE, PKB )
PRIVATBANK AG, QUASAR FUNDS SPC a/k/a QUASAR )
FUND SPC CLASS A AND CLASS B CGCNV, RBC DEXIA )
INVESTOR SERVICE JULIUS BAER SICAV, RBS )
COUTTS BANK LTD., RICHOURT AAA )
MULTISTRATEGIES, ROTHSCHILD BANK AG ZURICH )
(DUBLIN) a/k/a ROTHSCHILD BANK AG, ROTHSCHILD )
BANK GENEVA (DUBLIN), ROTHSCHILD LUGANO )
DUBLIN a/k/a BANCA PRIVATA EDMOND DE )
ROTHSCHILD LUGANO S.A.,  EDMOND DE )
ROTHSCHILD (SUISSE) S.A., SIS SEEGANINTERSETTLE, )
SIX SIS LTD., SOCIETE GENERALE BANK & TRUST, )
SOUNDVIEW FUND, SWISSCANTO FD CENTRE )
CLIENTS A/C, T1 GLOBAL FUND LTD., UBS AG NEW )
YORK, UBS AG ZURICH, UBS JERSEY NOMINEES, )
VERWALTUNGS UND PRIVAT-BANK AG )
AKTIENGESELLSCHAFT (AMS), VORARLBERGER )
LANDES UND HYPOTHEKENBANK )
AKTIENGESELLSCHAFT and BENEFICIAL OWNERS OF )
ACCOUNTS HELD IN THE NAME OF CGC NA 1-1000, )
)
**Defendants.** )
)
)

It is **ORDERED, ADJUDGED, AND DECREED** that, for the reasons set forth in the

Court's Memorandum Decision dated December 14, 2020 and the Stipulated Order Granting in

Part and Denying in Part the Moving Defendants' Second Consolidated Motion to Dismiss dated

February 24, 2021:

Because there is no just cause for delay entering this partial final judgment, pursuant to

Fed. R. Civ. P. 54(b), judgment is hereby entered in favor of defendants HSBC, Allianzbank

SPA/Unifortune Conservative Side Pocket, Banca Arner SA, Banca Unione di Credito, Bank J.

Safra Sarasin AG, f/k/a Bank Sarasin & Cie, Bank Julius Baer & Co. Ltd., Banque Cantonale

Vaudoise, Dexia Banque International A Luxembourg, Pictet & Cie, BBVA (Suisse) SA, BCV

AMC Defensive AL Fund, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP

Paribas (Suisse) SA Private, BSI AG, BSI Ex Banca Del Gottardo, Caceis Bank Luxembourg,

Centrum Bank AG (AMS), Clariden Leu Ltd., CBH Compagnie Bancaire Helvetique SA, Corner

Banca SA, RBS Coutts Bank Ltd., Credit Suisse AG Zurich, Dresdner Bank Schweiz , Edmond

de Rothschild (Suisse) S.A. (sued as Sella Bank AG), EFG Bank SA Switzerland, EFG

Eurofinancier D'Invest MCL, Fairfield Investment Fund Ltd., Fairfield Investment GCI, Falcon

Private Bank, FIF Advanced Ltd., Finter Bank Zurich, Bank Hapoalim Switzerland Ltd.,

Harmony Capital Fund Ltd., IHAG Handelsbank AG, InCore Bank AG, LGT Bank in

Liechtenstein AG, Liechtensteinische LB Reinvest AMS, Lloyds TSB Bank Geneva, Lombard

Odier Darier Hentsch & Cie, National Bank of Kuwait, NBK Banque Privee Suisse SA, PKB

Privatbank AG, RBC Dexia Investor Service Julius Baer SICAV, Rothschild Bank AG Zurich

(Dublin) a/k/a Rothschild Bank AG, Rothschild Bank Geneva (Dublin) a/k/a Edmond de

Rothschild (Suisse) S.A., Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild

Lugano S.A., SIS Seeganintersettle, SIX SIS Ltd., Societe Generale Bank & Trust, UBS AG

Zurich and UBS AG New York, UBS Jersey Nominees, Unifortune Conservative Side Pocket,

ABN AMRO Schweiz AG a/k/a ABN AMRO Switzerland AG, and Verwaltungs UND Privat-

Bank AG Aktiengesellschaft (AMS), and Vorarlberger Landes- und Hypothekenbank

Aktiengesellschaft, dismissing the BVI Avoidance Claims with prejudice as to those defendants.

Each party shall bear its own costs.

Dated:  New York, New York
　　　　February __, 2021

　　　　　　　　　　　　　　　　　　　　　　　VITO GENNA
　　　　　　　　　　　　　　　　　　　　　　　Clerk of Court

By: _____

Deputy Clerk

63970411 v1