# Exhibit C

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
In re:                                                     :    Chapter 15 Case
                                                           :
FAIRFIELD SENTRY LIMITED, et al.,                          :    Case No. 10-13164 (SMB)
                                                           :
        Debtors in Foreign Proceedings.                    :    Jointly Administered
-----------------------------------------------------------X
                                                           :
FAIRFIELD SENTRY LIMITED                                   :
(IN LIQUIDATION), acting by and through the                :    Adv. Proc. No. 10-03496 (SMB)
Foreign Representatives thereof,                           :
                                                           :    Administratively Consolidated
                Plaintiffs,                                :
                                                           :
        -against-                                          :
                                                           :
THEODOOR GGC AMSTERDAM, et al.,                            :
                                                           :
                Defendants.                                :
-----------------------------------------------------------X
```

## MEMORANDUM DECISION AND ORDER DENYING
## MOTION FOR RECONSIDERATION

**A P P E A R A N C E S:**

BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

>    David J. Molton, Esq.
>    Marek P. Krzyzowski, Esq.
>        Of Counsel

  - and –

SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104

>    David Elsberg, Esq.
>    Lena Konanova, Esq.

*Attorneys for Plaintiffs*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

      Nowell D. Bamberger, Esq.
            Of Counsel

*Attorneys for Defendant HSBC Securities Services (Luxembourg) S.A., HSBC Private Bank (Suisse) S.A., HSBC Bank USA, N.A.[1]*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

      In *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), Adv. Proc. No. 10-03496 (SMB), 2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020) ("*Fairfield II*"), the Court ruled, *inter alia*, that the safe harbor under 11 U.S.C. § 546(e), made applicable pursuant to 11 U.S.C. § 561(d), barred the Liquidators' avoidance claims under the law of the British Virgin Islands ("BVI") (the "BVI Avoidance Claims"), but did not bar the Plaintiffs' BVI common law claims to impose a constructive trust ("Constructive Trust Claims"). The Defendants now seek reconsideration through the *Motion* of the latter ruling, arguing that the Constructive Trust Claims are also barred by the safe harbor. The Liquidators oppose the *Motion*, arguing that the Court did not overlook controlling authority and the Defendants have failed to show a clear error or manifest injustice. (Letter from David Elsberg, Esq. to the Court, dated Feb. 17, 2021 ("*Opposition*") (ECF Doc. # 3073).)[2] I agree and deny the *Motion* for the reasons that follow.

---

[1]     The other Defendants in these administratively consolidated proceedings that have joined in this motion and their counsel are listed, respectively, in Appendix A and B to the Letter from Nowell D. Bamberger, Esq. to the Court, dated Feb. 17, 2021 (the "*Motion*") (ECF Doc. # 3072). "ECF Doc. #" refers to the electronic docket in Adv. Proc. No. 10-03496.

[2]     By agreement of the parties and the Court, the *Motion* and the *Opposition* were presented in letters on an expedited basis.

2

## BACKGROUND

The background to the *Motion* is set forth in the Court's prior decisions, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam* (*In re Fairfield Sentry Ltd.*), 596 B.R. 275 (Bankr. S.D.N.Y. 2018) ("*Fairfield I*"), *appeal docketed*, No. 1:19-cv-03911-VSB (S.D.N.Y. May 1, 2019) and *Fairfield II*. I assume familiarity with those decisions and limit the discussion to what is germane to this decision.

The plaintiffs are the Liquidators appointed by the BVI Court to oversee the liquidation of Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited (the "Funds"), feeder funds that invested all or substantially all of their assets directly or indirectly with Bernard L. Madoff Investment Securities LLC ("BLMIS").[3] Madoff ran his notorious Ponzi scheme through the investment advisory division of BLMIS. When BLMIS collapsed following Madoff's arrest, so too did the Funds. The Liquidators filed chapter 15 cases as foreign representatives, and the cases were recognized as foreign main proceedings.

The Liquidators filed over 300 substantially similar adversary proceedings against various entities that had redeemed their shares in the Funds prior to the Funds' collapse and the revelation of Madoff's Ponzi scheme. The redemption prices the Funds paid to these redeemers were based on the erroneous belief that the BLMIS investments had substantial value when, in fact, they were worthless or virtually worthless. The Liquidators asserted avoidance claims under sections 245 and 246 of the BVI Insolvency Act of 2003 ("Insolvency Act") to claw back redemptions paid with inflated prices as

---

[3] Different individuals have served as Liquidators at different times over the years. Any reference to the Liquidators means the persons serving as Liquidators at the relevant time.

3

10-03635-jpm Doc 530-3 Filed 02/23/21 Entered 02/23/21 16:45:23 Main Document
10-03635-smb Doc 988 Filed 02/23/21 Entered 02/23/21 14:42:45 Exhibit C Pg 5 of 11
Memorandum Decision and Order Denying Motion for Reconsideration Pg 4 of 10

"unfair preferences" and/or "undervalue transactions" and common law and contract claims under BVI law.

In *Fairfield I*, the Court dismissed all of the Liquidators' claims except for the BVI Avoidance Claims and the Constructive Trust Claims against the so-called Knowledge Defendants who, according to the Liquidators, knew when they redeemed their interests in the Funds that the redemption prices were inflated because they were based on Fairfield Sentry's fictitious BLMIS account statements listing securities that did not exist. In *Fairfield II*, the Court dismissed the BVI Avoidance Claims pursuant to the safe harbor under 11 U.S.C. §§ 546(e), 561(d), but denied the motion to dismiss the Constructive Trust Claims.

The remaining Knowledge Defendants had made a straightforward argument in support of their motion to dismiss the Constructive Trust Claims: (i) the Constructive Trust Claims sought the same relief as the barred BVI Avoidance Claims, (ii) common law claims that seek the same relief as barred avoidance claims are also barred, and therefore, (iii), the Constructive Trust Claims were barred. (*Consolidated Memorandum of Law in Support of Defendants' Renewed Motion to Dismiss Pursuant to 11 U.S.C. §§ 561(d), 546(e), and 546(g) and for Insufficient Service of Process Under the Hague Service Convention*, dated Mar. 16, 2020 ("*Defendants' Brief*"), at 29-31 (ECF Doc. # 2903).)

In response, the Liquidators identified what they considered to be a fundamental fallacy with the Defendants' argument. The Defendants' supporting authorities involved dismissed U.S. common law claims and were decided on preemption grounds under the

4

Supremacy Clause, but neither preemption nor the Supremacy Clause applied to foreign law claims. Rather, Congress must explicitly displace foreign law, but section 561(d), the hook that drew the BVI Avoidance Claims into the safe harbor under section 546(e), only mentioned avoidance claims and did not refer to foreign common law claims like the Constructive Trust Claims. (*Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss*, dated May 29, 2020, at 13-16 (ECF Doc. # 3033).) The Liquidators also argued that principles of comity counseled against dismissal of the Constructive Trust Claims, *id.* at 16, an issue the Court did not decide, and the Constructive Trust Claims concerned intentional fraudulent transfers that the safe harbor would not prohibit, *id.* at 17, but the Court ruled that the Liquidators had not asserted intentional fraudulent transfer claims. *Fairfield II*, 2020 WL 7345988, at *8-9.

In reply, the Defendants reiterated that the safe harbor barred the Constructive Trust Claims because, like the BVI Avoidance Claims, they sought to unwind the same transfers even though sections 546(e) and 561(d) do not explicitly displace foreign law. (*Consolidated Reply Memorandum of Law in Further Support of Defendants' Renewed Motion to Dismiss,* dated June 19, 2020, at 10-11, 12 (ECF Doc. # 3036).) The Defendants also argued that comity did not provide a basis to sidestep the safe harbor and the Constructive Trust Claims were not intentional fraudulent transfer claims. (*Id.* at 12-13.)

The Court agreed with the Liquidators. The Defendants' authorities relied on principles of preemption under the Supremacy Clause which did not apply to foreign law unless foreign law was explicitly displaced by Congress. Sections 546(e) and 561(d) are limited to avoidance claims and do not explicitly bar foreign common law claims

5

even if they seek the same relief. *Fairfield II*, 2020 WL 7345988, at *9-10. Hence, the Court denied the motion to dismiss the Constructive Trust Claims.

## DISCUSSION

A motion for reargument or reconsideration is governed by Local Bankruptcy Rule 9023-1.[4] "The movant must show that the court overlooked controlling decisions or factual matters that might have materially influenced its earlier decision." *In re Asia Glob. Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005) (citation and internal quotation marks omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Perez v. Progenics Pharm., Inc.*, 46 F. Supp. 3d 310, 314 (S.D.N.Y. 2014) (citation and internal quotation marks omitted). A manifest injustice exists when a "verdict is wholly without legal support," *ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97 (2d Cir. 2014), and the error is one that is obvious to all who view it. *Spizz v. Eluz (In re Ampal-Am. Isr. Corp.)*, Adv. Proc. No. 14-02110 (SMB), 2020 WL 5242956, at *2 (Bankr. S.D.N.Y. Sept. 1, 2020); *cf. . Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228 (7th Cir.) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."), *cert.*

---

4    Local Bankruptcy Rule 9023-1(a) states:

   A motion for reargument of a court order determining a motion must be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

6

*denied*, 493 U.S. 847 (1989). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999), and a motion for reconsideration is not an opportunity to present the case under new theories, secure a rehearing on the merits, or otherwise take a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

The *Motion* makes three points. First, the Constructive Trust Claims are actually avoidance claims. (*Motion* at 2-7; *id.* at 4 ("The Liquidators' constructive trust claim is an 'avoidance' claim and therefore within the scope of Section 546(e) regardless of how it is labeled.").) Second, the Liquidators stand in the "same shoes" as a U.S. case trustee whose constructive trust claims would be barred. (*Motion* at 5 ("*Fairfield* [*II*] thus erred in permitting a foreign representative to use foreign common law claims to achieve what a domestic trustee cannot do under state law or foreign statutory law.").) Third, the purpose of the safe harbor would be defeated if it did not bar the Constructive Trust Claims. (*Motion* at 6 ("[A]llowing the constructive trust claim that seeks to unwind safe harbored transactions to proceed would frustrate the purpose of Section 546(e), an incongruous result that overlooks the substance of the claim at issue and would defeat the purpose of the application of the safe harbor in Chapter 15 proceedings.").)

The first argument is new. The Defendants had argued in their motion to dismiss that the Constructive Trust Claims sought the same relief as the BVI Avoidance Claims and should be barred for that reason, but never argued that the Constructive Trust Claims *were* avoidance claims. (*Defendants' Brief* at 31 ("It is irrelevant that the

7

Liquidators' claims for knowing receipt sound in unjust enrichment, rather than U.S. or BVI bankruptcy law.").)

While this is sufficient to reject the argument on a motion for reconsideration, it is also wrong. The BVI Avoidance Claims and the Constructive Trust Claims require proof of different elements. To establish a constructive trust claim under English law, which would apply in the BVI, "the plaintiff must show, first, a disposal of his assets in breach of fiduciary duty; second, the beneficial receipt by the defendant of assets which are traceable as representing the assets of the plaintiff; and third, knowledge on the part of the defendant that the assets he received are traceable to a breach of fiduciary duty." *El Ajou v. Dollar Land Holdings Ltd*. [1994] 2 All E.R. 685, 700. Neither breach of fiduciary duty nor the defendant's knowledge, two of the three elements of the Constructive Trust Claims, are elements of the BVI Avoidance Claims. *See Fairfield I*, 596 B.R. at 302 (discussing the BVI Avoidance Claims). Conversely, insolvency is an element of the BVI Avoidance Claims but not the Constructive Trust Claims. *Id*. Furthermore, while the defendant's knowledge is an element of the Constructive Trust Claims, it is part of the "good faith for value" affirmative defense available to fraudulent transferees, *see* Insolvency Act § 250, that a transferee can assert or waive but the plaintiff need not prove. Thus, while the two sets of claims may ultimately lead to the same result, a money judgment for the amount of the redemption payments, the Constructive Trust and BVI Avoidance Claims proceed on different theories and different proof.

Finally, the Defendants argue that the Constructive Trust Claims are not true constructive trust claims because they are not premised on a breach of fiduciary duty or

8

another tort. (*Motion* at 3.) If the Defendants believe this to be the case, they should move to dismiss the Constructive Trust Claims for failure to state a claim rather than argue that the absence of a breach of fiduciary duty makes them avoidance claims subject to the safe harbor.

The other two points, the "same shoes" and the "frustration of purpose" arguments, are variations of the argument that the Defendants' made and the Court considered and rejected in *Fairfield II*. I assume, as the Defendants' argue, that similar, constructive trust claims asserted by a U.S. case trustee under state law would be barred by the safe harbor because they would "frustrate the purpose of Section 546(e)." "Frustration of purpose" is the language of conflict preemption under the Supremacy Clause. *See Goonan v. Fed. Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 492 (S.D.N.Y. 2013) ("Conflict preemption 'occurs when compliance with both state and federal law is impossible, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objective of Congress.'") (quoting *United States v. Locke,* 529 U.S. 89, 109 (2000)). The Liquidators do not stand in the "same shoes" as a U.S. case trustee because U.S. preemption law, the basis for the decisions by the Defendants' authorities, does not apply to foreign law claims, and sections 546(e) and 561(d) do not expressly preempt or displace foreign common law claims. *Fairfield II*, 2020 WL 7345988, at *9-10. Thus, even if the assertion of the Constructive Trust Claims frustrates the purpose of the safe harbor, the safe harbor does not bar them. To paraphrase the District Court when it addressed whether the Securities Litigation Uniform Standards Act barred claims under Brazilian law,

> Despite how well a ban on foreign law claims might fit within the larger statutory scheme, this Court is bound by the statute's plain language.

9

[Citation omitted]. Because the plain language of [Bankruptcy Code §§ 546(e) and 561(d) do] not bar foreign law [constructive trust] claims, [the Defendants'] argument fails."

*In re Petrobras Sec. Litig.*, 169 F. Supp. 3d 547, 551-52 (S.D.N.Y. 2016).

At bottom, the Defendants have failed to identify any controlling authority or facts I overlooked, clear error or manifest injustice. Instead, they have either raised a new argument or repackaged old ones that the Court considered and rejected in *Fairfield II*. Accordingly, the *Motion* is denied.

So ordered.

Dated: New York, New York
      February 23, 2021

                                      /s/ *Stuart M. Bernstein*
                                      STUART M. BERNSTEIN
                                      United States Bankruptcy Judge