UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re:<br>Fairfield Sentry Limited, et al.,<br>　　　Debtors in Foreign Proceedings. | )<br>)<br>) | **Chapter 15 Case** |
| Fairfield Sentry Limited, et al.,<br>(In Liquidation), acting by and through<br>The Foreign Representatives thereof,<br>　　　　　Plaintiffs,<br><br>- against -<br><br>Theodoor CGC Amsterdam, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 10-13164 (CGM)**<br><br>**Jointly Administered**<br><br><br><br>**Adv. Pro. No. 10-03496 (CGM)**<br><br>**Administratively Consolidated** |
| This declaration is submitted in the following<br>Adversary Proceedings:<br><br><br>10-3635<br>10-3636 | )<br>)<br>)<br>)<br>)<br>)<br>) | |

DECLARATION OF DR. HILMAR HOCH IN
IN SUPPORT OF THE LIECHTENSTEIN BANKS' MOTION TO DISMISS

Hilmar Hoch, pursuant to 28 U.S.C. § 1746, declares under the penalty of perjury as follows:

A.    **Qualifications**

1.     I am a citizen and resident of the Principality of Liechtenstein ("Liechtenstein")

and an attorney licensed to practice law in Liechtenstein. Since February 2018, I am the

Chief Justice of the Constitutional Court of Liechtenstein, the highest court of

Liechtenstein. From 1994 to 2005 I served as an Associate Justice of the Constitutional

Court; and from 2005 until my election as Chief Justice, as Deputy Chief Justice. In my

capacity as a judge, I have participated in, and authored, numerous court decisions

concerning issues arising under the Liechtenstein Constitution, including issues

concerning the relationship between domestic and international law and civil procedure.

2.      I am also an attorney in private practice in Triesen, Liechtenstein.[1]  As an

attorney, over the last twenty-eight years, I have advised numerous clients on issues

relating to civil procedure, including service of process.

3.      I hold a law degree and a doctorate in law from the University of Bern,

Switzerland.[2]  I also hold an LL.M. degree from Harvard Law School.

4.      My *curriculum vitae* is attached hereto as Exhibit A.

5.      I make this declaration on behalf of Centrum Bank Aktiengesellschaft ("Centrum

Bank"),[3] LGT Bank in Liechtenstein AG (now known as LGT Bank AG) ("LGT Bank"),

Liechtensteinische Landesbank Aktiengesellschaft (sued in the Present Actions as

Liechtensteinische LB Reinvest AMS) ("Landesbank"), and Verwaltungs- und Privat-

Bank Aktiengesellschaft (now known as VP Bank AG) ("VP Bank AG")(collectively, the

"Liechtenstein Banks") in support of the Liechtenstein Banks' motion to dismiss the

amended complaints in the above-captioned actions brought by the joint liquidators (the

"Foreign Representatives") of plaintiffs Fairfield Sentry Limited (in liquidation),

Fairfield Sigma Limited (in liquidation), and Fairfield Lambda Limited (in liquidation)

(the "Present Actions").

6.      I have previously made two declarations, dated June 8, 2012, with respect to two

of the Present Actions,[4] and on January 27, 2017, with respect to the Present Actions.[5]

---

[1] Attorneys in private practice in Liechtenstein are regularly elected to serve part-time as judges on Liechtenstein courts or in other government functions.

[2] Liechtenstein attorneys have traditionally obtained their law degrees in neighboring Switzerland or Austria.

[3] I have been informed that Centrum Bank Aktiengesellschaft is now part of VP Bank AG.

[4] *See* Adv. Proc. 10-03496 (administratively consolidated), ECF #688.

[5] *See* Adv. Proc. 10-03496 (administratively consolidated), ECF #1161.

7.    I make this declaration upon my own personal knowledge and affirm that I am familiar with the facts referred to, and the statutes and other authorities cited herein.

**B.    Pertinent Facts**

8.    I understand that according to sworn affidavits filed with the New York State Supreme Court, the Foreign Representatives rely on having mailed a summons with notice by international registered mail as service on defendants Centrum Bank, LGT Bank, Landesbank, and VP Bank in two cases filed by the Foreign Representative in New York State Supreme Court (index nos. 650277/2010 and 650316/2010, collectively, the "State Court Actions"). I further understand that the Foreign Representatives subsequently removed the State Court Actions to the Federal District Court for the Southern District of New York, and these actions were then referred to this Court, where they are pending as Adversary Proceeding Nos. 10-03635 (CGM) and 10-03636 (CGM) (the "CITCO Actions").

9.    I further understand that the Foreign Representatives have filed affidavits of service with this Court claiming to have served the Liechtenstein Banks with process by mailing to each of them at their respective Liechtenstein addresses summonses and complaints (and amended versions thereof) in both CITCO Actions,[6] by also mailing certain such documents to defendants at addresses in Cork, Ireland; and in Amsterdam,

---

[6] Adv. Proc. 10-03635, ECF #54 (LGT Bank, Landesbank, Centrum Bank); Adv. Proc. 10-03636, ECF #54 (LGT Bank, Landesbank, Centrum Bank); Adv. Proc. 10-03635, ECF #78 (LGT Bank, Landesbank, Centrum, not VP Bank); Adv. Proc. 10-03635, ECF #79 (VP Bank); Adv. Proc. 10-03636, ECF #78 (VP Bank); Adv. Proc. 10-03636, ECF #79 (LGT Bank, Landesbank, Centrum Bank, VP Bank); Adv. Proc. 10-03636, ECF # 80 (same); Adv. Proc. 10-03635, ECF #91 (same).

The Netherlands, in each case in care of certain Citco affiliates,[7] and finally by mailing a

summons and amended complaint in both CITCO Actions to Centrum Bank, LGT Bank,

and VP Bank (but not Landesbank) at the address of their respective U.S. legal counsel.[8]

10.    I will herein refer to the aforementioned documents mailed by the Foreign

Representative as the "Foreign Official Documents."

11.    Given the lack of written evidence to the contrary, I understand that the Foreign

Representatives have not completed or attempted service of the Foreign Official

Documents on any of the Liechtenstein Banks in Liechtenstein through any other means

besides their own sending of these documents by international registered mail.

Specifically, I understand that the Foreign Representatives have not initiated procedures

of international judicial assistance from the competent authorities of Liechtenstein upon a

request from the relevant authorities of the United States of America.

## C.    Summary of Conclusions

12.    My professional opinion, based on the facts known to me and the review of the

applicable Liechtenstein Constitution, statutes and regulations, case law, and relevant

scholarly literature, is as follows:

a.    Delivery of the Foreign Official Documents on the Liechtenstein Banks by

international registered mail is not valid service and is prohibited under Liechtenstein

law.

---

[7] Adv. Proc. 10-03635, ECF #54 (LGT Bank, Centrum Bank); Adv. Proc. 10-03636, ECF #54 (LGT Bank, Centrum Bank); Adv. Proc. 10-03635, ECF #78 (LGT Bank, Centrum Bank); Adv. Proc. 10-03635, ECF #79 (VP Bank); Adv. Proc. 10-03636, ECF #78 (VP Bank); Adv. Proc. 10-03636, ECF #79 (LGT Bank, Centrum Bank, VP Bank); Adv. Proc. 10-03636, ECF # 80 (same); Adv. Proc. 10-03635, ECF #91 (same).

[8] Adv. Proc. 10-03635, ECF #53 (LGT Bank, Centrum Bank, VP Bank, care of their respective U.S. counsel, but not Landesbank); Adv. Proc. 10-03636, ECF #53 (same).

4

b.      The service of process of documents initiating a lawsuit, such as the Foreign

Official Documents, is a governmental act according to Liechtenstein law.

c.      Liechtenstein law views not only the issuance but also the transmittal of the

summonses to the Liechtenstein Banks on Liechtenstein territory as a governmental act.

Any different characterization of the act of service of the Foreign Official Documents

under American law or by American courts would be irrelevant.

d.      As a governmental act, the transmittal of a summons is reserved to Liechtenstein

public officials or recognized service providers according to the provisions of applicable

Liechtenstein law.

e.      There is no bilateral or multilateral treaty to which both the United States and

Liechtenstein are a party or accepted custom between the governments of Liechtenstein

and the United States governing the transmittal of a summons.  Therefore, the only

lawful way to effectuate valid service on Liechtenstein territory of a summons or similar

document emanating from the United States is via mutual legal assistance, in accordance

with the applicable Liechtenstein statute governing service.

f.      Furthermore, by the same statute, official documents in a foreign language to be

served in Liechtenstein require a translation into German, and a transmission without

such translation generally renders service invalid.

g.      Service of process via mutual legal assistance, using letters rogatory, has been

made in other cases pending before United States courts, including in the United States

Bankruptcy Court for the Southern District of New York.

h.      Under Liechtenstein law, the service of the Foreign Official Documents on a

defendant on the territory of Liechtenstein – other than in accordance with applicable

Liechtenstein law – is an act by a representative of a foreign government. As a result,

5

delivery of the Foreign Official Documents by registered (or other) mail is prohibited under Liechtenstein criminal law as a violation of Liechtenstein sovereignty and carries a penalty of imprisonment.

i.        Liechtenstein courts will not enforce a foreign judgment against a party in Liechtenstein if service of the summons and other official documents was not completed in accordance with applicable Liechtenstein law.

j.        Any agreement that permits service of process or of other official documents by mail in contravention of the mandatory service provisions of Liechtenstein law is against Liechtenstein public order, and therefore void and unenforceable.

**D.    Analysis and Opinion**

*(1)    Liechtenstein Considers Service Of Official Documents On Liechtenstein Territory A Governmental Act.*

13.        Service of official documents on the territory of Liechtenstein is considered by the Liechtenstein government to be a governmental act reserved to Liechtenstein government agencies and officials.[9] This is consistent with the laws of the neighboring countries, Austria and Switzerland.[10]

---

[9] Note Verbale of the Ministry of Foreign Affairs of the Principality of Liechtenstein to the Embassy of the United States of America, dated January 27, 2017 as cited in the letter of the Ministry to the undersigned of the same date (hereinafter "Note Verbale"), 2. A true and complete copy of this letter is attached hereto as Exhibit B. *See* also *Vernehmlassungsbericht der Regierung betreffend die Schaffung eines Gesetzes über die Zustellung behördlicher Dokumente (Zustellgesetz) und die Abänderung zustellrechtlicher Bestimmungen in anderen Gesetzen* (Consultation report of the [Liechtenstein] government regarding the enactment of a law on service of official documents (Law on Service) and the amendment of service provisions in other laws), Vaduz, June 12, 2007 ("Report"), at 13.

[10] *See* Declaration of Nicholas Simon, dated June 6, 2012, submitted in administratively consolidated Adv. Pro. No. 10-3496 (SMB), ECF #695, on behalf of Defendant Vorarlberger Landes- und Hypothekenbank Aktiengesellschaft ("Simon Decl.") at ¶ I. 2, and the Note Verbale of the Austrian Foreign Ministry to the U.S. Embassy in Vienna, dated January 7, 2002, attached to the Simon Decl. as Exhibit A (the "Austrian Note Verbale"); *see* further

14.    Liechtenstein law determines the nature and consequences of actions on

Liechtenstein territory, in accordance with undisputed principles of territorial sovereignty

accepted by public international law.  Therefore, if Foreign Official Documents are

delivered in the territory of Liechtenstein, the characterization of the act of service under

foreign law, such as the law of the United States or an American State, is irrelevant.[11]

**(2)    *The Summonses In The State Court Actions And The Present Actions Are Official***
***Documents.***

15.    Any document commencing a lawsuit will be considered by Liechtenstein

authorities to be an "official document," irrespective of who drafted the document and

who delivered it.[12]

16.    The summonses in the State Court Actions and the Present Actions purport to set

the Liechtenstein Banks a statutory deadline to respond to the complaint and threaten a

default judgment by the American court against any defendant who fails to respond

before the lapse of the deadline.[13]  This makes these documents "official".[14]

---

Declaration of Prof. Nicholas Jeandin, dated January 11, 2017, submitted in administratively consolidated Adv. Pro.
No. 10-3496 (SMB), ECF #694, and in the CITCO Actions, ECF# 175 and ECF# 194; in each instance on behalf of
Defendant HSBC Private Bank (Suisse) S.A., at ¶ 11/

[11] Note Verbale ¶5. I express no opinion as to whether the interpretation by certain American courts that service of
process is a private – as opposed to a governmental – act is correct under applicable American law.

[12] Note Verbale ¶5-6.

[13] *See*, for example, Exhibit B (Summons with Notice) to Certified Order Transferring Case No. 10-cv-6640 from
the U.S. District Court, S.D.N.Y., to the U.S. Bankruptcy Court, S.D.N.Y., Adv. Proc. 10-03635 (CGM), ECF #1-5,
at 6 *et seq*.; and Exhibit B (Summons with Notice) to Certified Order Transferring Case No. 10-cv-6640 from the
U.S. District Court, S.D.N.Y., to the U.S. Bankruptcy Court, S.D.N.Y., Adv. Proc. 10-03635 (CGM), ECF #1-5, at 6
*et seq. See* further Summons with Notice of Pre-Trial Conference, Adv. Proc. 10-03635 (CGM), ECF #11; and
Summons with Notice of Pre-Trial Conference, Adv. Proc. 10-03519 (CGM), ECF #2.

[14] Note Verbale ¶¶3-6.

**(3)**    *Service Of Official Documents In Liechtenstein Must Be Performed According To The*
     *Liechtenstein Law Of Service*

17.    Liechtenstein law regulates all aspects of service of official documents in a
comprehensive statute, the Law on Service (*Zustellgesetz*).[15] The provisions of the Law
on Service are mandatory throughout, i.e., they are not subject to the disposition of
private parties and may not be altered by private agreement.[16]

18.    Pursuant to the Law on Service, service of official documents in Liechtenstein
must be carried out by court-appointed officials or court-appointed service providers,[17]
and any person carrying out service of official documents acts in the capacity of an
officer of the issuing authority.[18]

**(4)**    *Service Of Foreign Official Documents Must Be Ordered By A Liechtenstein Court*
     *Upon Application Of The Foreign Authority.*

19.    If a document emanating from a foreign authority or court is to be served in
Liechtenstein, the law provides that service on Liechtenstein territory is to be made
pursuant to the provisions of existing international treaties or international custom or, in
the absence of either, the Law on Service.[19]

20.    No bilateral treaty exists between Liechtenstein and the United States addressing
civil procedure in international matters or proper procedures for service of process.[20]
Liechtenstein also is not party to any relevant multilateral treaty, such as the Hague

---

[15] Law of October 22, 2008 on the Service of Official Documents (*Gesetz vom 22. Oktober 2008 über die Zustellung behördlicher Dokumente, Zustellgesetz*, the "Law on Service" or "LS"); Note Verbale ¶7.

[16] Note Verbale ¶14.

[17] LS Article 3.

[18] LS Article 4.

[19] LS Article 14(1); Note Verbale ¶7.

[20] Note Verbale ¶8.

Convention of November 15, 1965 on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters (the "Hague Service Convention").[21]   There

also is no international custom between the United States and Liechtenstein regarding the

service of documents originating from courts or government agencies of other countries

outside the provisions of the Law on Service.[22]   Liechtenstein has objected to purported

service by registered mail of official documents emanating from the United States on

addressees in Liechtenstein and declared that the provisions of the Law on Service are

mandatory.[23]   Thus, the Law on Service governs service of foreign official documents

originating in the United States and to be served in Liechtenstein, as in the present case.

21.     To serve foreign official documents in Liechtenstein, the foreign authority or

court from which the documents originate must make an application for legal assistance

to the Liechtenstein District Court (*Landgericht*),[24] via letters rogatory to the

Liechtenstein Ministry of Justice.[25]

22.     The District Court must provide legal assistance to foreign courts upon

application, unless a mandatory reason to refuse legal assistance exists.[26]   The court must

provide any legal assistance pursuant to the provisions of the applicable Liechtenstein

---

[21] *Id.*

[22] *Id.*

[23] Note Verbale ¶9.

[24] LS Article 14 (1) and Section 27 (1) of the Liechtenstein Law of December 10, 1912 on the exercise of jurisdiction of the courts and jurisdiction of the courts in civil matters (*Gesetz vom 10. Dezember 1912 über die Ausübung der Gerichtsbarkeit und die Zuständigkeit der Gerichte in bürgerlichen Rechtssachen*) ("Law on Jurisdiction" or "LJ"); Note Verbale ¶9.

[25] Note Verbale ¶9, last sentence.

[26] LJ Article 27 (1) and (2). Reasons for refusal of legal assistance are: 1. if the requested act is not within the jurisdiction of the courts (if another authority has jurisdiction to order the requested act, the court may transfer the request to such authority); if the requested act is prohibited by Liechtenstein law; and 3. if the requesting state does not provide mutual legal assistance. LJ Section 27 (2). *See also* Note Verbale ¶12.

laws,[27] meaning that service of foreign court documents must be ordered by the District

Court and carried out by a court-appointed official or court-appointed service provider, as

set forth above.

23.    The Law on Service enables, but does not compel, the District Court to permit

other methods of service, upon specific request of the foreign court and if this does not

contradict basic tenets of Liechtenstein law.[28]

24.    Based on the facts known to me, no request was made in the present case to a

Liechtenstein court to permit service of the Foreign Official Documents on any of the

Liechtenstein Banks in any specific way, including by registered mail.  The attempted

service by registered mail violates Liechtenstein law and is invalid for this reason alone.

25.    Furthermore, there is no reported Liechtenstein authority for allowing service by

international registered mail in deviation from the provisions of the Law on Service, and

Liechtenstein has communicated to the United States its objection to service of official

documents by registered mail.[29]

26.    I have reviewed *Marks v. Alfa Group*, 615 F. Supp. 2d 375 (E.D. Pa. 2009), and

*Lewis v. Dimeo*, 41 F. Supp. 3d 108 (D. Mass. 2014).  For the reasons set forth above, it

is my opinion that those American courts' interpretation of Liechtenstein's law for

service is incorrect.  Liechtenstein does not permit service of process by international

registered mail.

27.    Litigants in United States courts, including the United States Bankruptcy Court

for the Southern District of New York, have successfully used the letters rogatory

---

[27] LJ Section 28 (1); Note Verbale ¶10.

[28] LJ Section 28 (2); Note Verbale ¶10.

[29] Note Verbale ¶11.

procedure to serve process on defendants in Liechtenstein, including on LGT Bank, one

of the defendants in the present adversary proceedings.[30]

**(5)    *Foreign Official Documents to Be Served in Liechtenstein Must Be Translated.***

28.    In addition, any foreign official document in a foreign language must be served

along with a translation into the official language of Liechtenstein, *i.e.*, German.[31]

29.    The right to a translation of official documents in a foreign language into German

emanates from the Liechtenstein Constitution.[32] Thus, a translation is necessary in every

case, unless it is waived in accordance with the provisions of the Law on Service.

30.    The Law on Service provides that the translation requirement may be waived,

provided the document is otherwise served properly, if the recipient accepts service of the

document without German translation.  Acceptance, and thus a waiver, is presumed if the

recipient does not object within fourteen days upon service of the document, but for the

14-day deadline to run, the recipient must not only be served properly but must also be

advised of the right to object to service without translation.[33]

31.    Based on the available evidence known to me, the Foreign Official Documents

were not translated into German and none of the Liechtenstein Banks was advised of its

right to refuse acceptance of service without translation when the Foreign Official

---

[30] *See, e.g.*, Letter of October 4, 2012 of Princely District Court of Liechtenstein to United States Bankruptcy Court, Southern District of New York, Mutual judicial assistance in civil matters, Your request for service dated 08/22/2012, bankruptcy case file number: 08-01789 (brl), contentious legal proceedings no. 11-02929 (brl); filed on October 26, 2012 as ECF #9 in Adv. Proc. 11-02929-CGM, captioned *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. LGT Bank in Liechtenstein Ltd.* (the "Mutual Legal Assistance Confirmation"). A copy of the Mutual Legal Assistance Confirmation is attached hereto as Exhibit C.

[31] LS Article 14 (2). Note Verbale ¶13.

[32] Opinion of the Liechtenstein Constitutional Court (*Entscheidung des Staatsgerichtshof*), StGH 2000/1, Liechtenstein Official Reporter (*Liechtensteiner Entscheidsammlung, LES*) 2003, 71, at 77.

[33] LS Article 14 (2), last sentence (addressee must be advised of the right to a translation); Note Verbale ¶13.

Documents were mailed to it by the Foreign Representatives without translation. Thus

the attempted service of the Foreign Official Documents also violates Liechtenstein law

for lack of the required translation and is also invalid for that reason.[34]

**(6)    *Attempted Service on Liechtenstein Territory in Contravention of Liechtenstein Law Is
A Criminal Offense.***

32.    As explained above, service of official documents is a governmental act in

Liechtenstein.  A foreign party purporting to serve a party in Liechtenstein in deviation

from the procedures prescribed by the Law on Service is tantamount to usurping a

function reserved to government officials.  Liechtenstein law expressly prohibits anyone

from performing on Liechtenstein territory an act that by law is reserved to a

governmental official or authority, and makes a contravention a criminal offense

punishable by up to three years' imprisonment.[35]

33.    There can thus be no doubt that any attempt to serve a party in Liechtenstein in

any other way than prescribed by Liechtenstein law is prohibited.

**(7)    *A Private Agreement Regarding Service of Process Is Void.***

34.    As stated above, the provisions of the Law on Service are mandatory throughout

and private parties may not enter into any agreements providing for service by any

specific means, including means that differ from those contemplated by the Law on

Service.  Thus any purported private agreement providing for such alternative means of

service in Liechtenstein would be deemed an illegal attempt at circumventing the

mandatory provisions for service in Liechtenstein.  Accordingly, such an agreement

---

[34] *Cf.* Austrian Note Verbale ¶4 for the very similar Austrian Law on Service.

[35] Article 2 of the Liechtenstein Law for the Protection of the State of March 14, 1949 (*Staatsschutzgesetz vom 14. März 1949*); Note Verbale ¶15.

would not be able to cure the breach of Liechtenstein law that results from any attempt at serving foreign official documents without obtaining an order by the competent Liechtenstein court; it would be null and void under Liechtenstein law and could not be enforced in a Liechtenstein court.[36] Any attempted service in accordance with such an agreement on Liechtenstein territory would be a criminal offense.

*(8)*    ***Mailing The Summons To A Third Party Outside Liechtenstein Is Not Valid Service***

35.    Furthermore it is my firm opinion that regardless of whether pursuant to an (illegal) agreement or not, the Foreign Representatives' mailing of a summons or complaint addressed to any of the Liechtenstein Banks in care of a third party, such as an attorney in the United States or an affiliate of the Citco group of companies, at addresses in Ireland and The Netherlands, is not valid service under Liechtenstein law. This would constitute an impermissible circumvention of the Law on Service. While the Law on Service permits a party, absent specific provisions to the contrary, to appoint an agent to accept service of documents from a public official or state agency, such an agent cannot be appointed if it does not have a physical address within Liechtenstein.[37] The reason for this is that service must be completed at an address on Liechtenstein territory, and in any case in accordance with the above-mentioned provisions of the Law on Service, including the translation.

**D.    Conclusions**

36.    Delivery of the Foreign Court Documents on the Liechtenstein Banks by international registered mail and without translation does not constitute valid service and is prohibited under Liechtenstein law.

---

[36] Note Verbale ¶14.
[37] Art. 9 Law on Service.

37.    Any purported agreement permitting service by any means other than as ordered by a Liechtenstein court is void and would be unenforceable in Liechtenstein.

38.    Service may not be made on an agent appointed that does not have an address in Liechtenstein on to which service is actually made, in the manner prescribed by Liechtenstein law.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on May 21, 2021, at Triesen, Liechtenstein

Dr. Hilmar Hoch, LL.M., Esq.

14

# EXHIBIT A

# CURRICULUM VITAE
## Hilmar Hoch, born April 27, 1958

| | |
|---|---|
| Education | Law studies at the University of Berne/Switzerland (degrees: lic. iur. [1983]; Dr. iur. [1991]) |
| | Post graduate law study at Harvard Law School, Cambridge/USA (degree: LL.M. [1992]) |
| | Admission to Liechtenstein Bar (1991); New York Bar (1993) |
| Professional career | 1987-1997: Trainee, Associate (1991), Partner (1994) Law Firm Meier & Wolf, Vaduz/Liechtenstein |
| | 1997-2004: Partner Law Firm Wolf & Hoch, Triesen/Liechtenstein |
| | 2005-2020: Partner Law Firm Seeger Frick & Partner AG, Schaan/Liechtenstein |
| | Since 2021: Single Law Practice HOCH Advokatur, Triesen/Liechtenstein |
| | **** |
| | Since 1994: Member, 2005-2017 Vice-President, since 2018 President of the Liechtenstein Constitutional Court |
| | Since 2004: President of Liechtenstein Bar Exam Commission |

# EXHIBIT B

**AMT FÜR AUSWÄRTIGE ANGELEGENHEITEN**
FÜRSTENTUM LIECHTENSTEIN

Mr. Hilmar Hoch
Lawyer
Advocatur Seeger, Frick & Partner AG
Landstrasse 81
9494 Schaan
Liechtenstein

| Ihr Schreiben | Aktenzeichen | Sachbearbeitung | Vaduz |
|---|---|---|---|
| | | IF/cs | 27 January 2017 |

**Service of Foreign Official Documents in Liechtenstein**

Dear Mr. Hoch,

The Office of Foreign Affairs in Liechtenstein herewith confirms the dispatch of a Note Verbale to the Embassy of the United States of America in Bern on 27 January 2017 containing the information bellow concerning the question of service of official documents emanating from the agencies, courts and other authorities in the United States to addresses in the Principality of Liechtenstein.

"An increasing number of cases pending before courts in the United States have come to the attention of the Office for Foreign Affairs that involve the question of service of official documents emanating from the agencies, courts and other authorities of the United States, including its several States, territories and possessions, and the District of Columbia to addressees in the Principality of Liechtenstein.

1.  The Principality of Liechtenstein takes the view, in accordance with the principle of territorial sovereignty under international law, that the carrying out of an act in the exercise of compulsory governmental power on Liechtenstein territory generally is reserved to the public officials of Liechtenstein or such individuals or entities that are otherwise empowered to perform such acts in accordance with Liechtenstein law. The relevant acts are herein referred to as "governmental acts".

2.  The Principality of Liechtenstein, like many other European countries following the civil law tradition, considers the service on its territory of an document originating from a governmental agency, a court or other entity or person acting in the exercise of governmental power (each herein referred to as an "authority") to be a governmental act. Such documents are considered by Liechtenstein to be "official" (in German: *behördliche*) documents.

Heiligkreuz 14 | Postfach 684 | 9490 Vaduz | Liechtenstein | T +423 236 60 58 | F +423 236 60 59 | info.aaa@llv.li

3. The Principality of Liechtenstein considers "official" any document issued in or pursuant to the laws of any jurisdiction that is to be transmitted to an addressee on Liechtenstein territory, if such document contains a compulsory demand that the addressee perform or suffer an act imposed by an authority or participate in any type of proceeding before an authority.

4. The Principality of Liechtenstein moreover deems a demand in an official document compulsory if the addressee of the document is subject to compulsory measures of a government in case of non-compliance, for example a procedural default or a waiver or loss of defenses or remedies or a penalty (such as being held in contempt of court or a fine), or the entry of an order or a judgment that may be enforced against the addressee.

5. In making the determinations detailed in paragraphs 3 and 4 with respect to any document to be served on Liechtenstein territory, the Principality of Liechtenstein does not consider as dispositive: (i) who drafted or signed the document, (ii) whether a foreign jurisdiction would consider the document to be official or private under its own laws or whether the transmission or service of such document would be made by or on behalf of government officials or by private parties in a foreign jurisdiction.

6. Without limiting the generality of the foregoing, the Principality of Liechtenstein for example considers a document initiating a lawsuit before a court in the United States of America, such as a summons that contains a demand to appear in the court proceedings or respond to a complaint or be subject to a potential or actual default judgment, to be a foreign official document.

7. Service of a foreign official document on Liechtenstein territory must be completed in accordance with international agreements or international custom or in the absence thereof in compliance with the provisions of applicable Liechtenstein law. See Article 14 paragraph 1, first sentence, of the Law on Service of Official Documents of October 22, 2008 (*Gesetz über die Zustellung behördlicher Dokumente vom 22. Oktober 2008*, hereinafter „Law on Service").

8. No international agreement exists with respect to the service of official documents in civil matters to which the Principality of Liechtenstein and the United States are a party, in particular, the Principality of Liechtenstein is not a party to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. There also is no international custom with respect to the service of official documents between the Principality of Liechtenstein and the United States, except for commonly accepted practice of letters rogatory, as further detailed by Liechtenstein law.

9. A request for service on Liechtenstein territory of official documents in civil matters emanating from a foreign court, including without limitation a request for service of process on Liechtenstein territory (see *supra* at paragraphs 5 and 6), must be made by letters rogatory for legal assistance to the Liechtenstein District Court (*Landgericht*), unless a different procedure is provided for by an international treaty, a declaration of

the Liechtenstein government, or an ordinance of a Liechtenstein ministry. See Section 27, paragraph 1, of the Law of December 10, 1912 on the Exercise of Jurisdiction and the Jurisdiction of the Courts in Civl Matters (*Gesetz vom 10. Dezember 1912 über die Ausübung der Gerichtsbarkeit und die Zuständigkeit der Gerichte in bürgerlichen Rechtssachen*, hereinafter „Law on Jurisdiction"). No relevant international treaty with respect to legal assistance in civil matters exists between the Principality of Liechtenstein and the United States and there is no relevant Liechtenstein declaration or ordinance. Thus the District Court has exclusive jurisdiction to order the service of court documents in civil matters. Letters rogatory to the District Court should be effected through the assistance of the Ministry of Justice by way of diplomatic channels.

10. Foreign official documents generally must be served in the manner provided by the Law on Service. *See* Article 14, paragraph 1, and Article 5 of the Law on Service. The Liechtenstein District Court may approve a request to it by a foreign court to effectuate service in a different manner if it is compatible with the basic tenets of the Liechtenstein legal order. *See* Article 14, paragraph 1, second sentence, of the Law on Service.

11. The Principality of Liechtenstein as a matter of public order objects to any attempt of service of foreign official documents by any form of mail or overnight courier directly from a foreign country, including the United States of America, or by deputizing individuals or companies on Liechtenstein territory to complete service of such foreign official documents Liechtenstein deems such a form of service as incompatible with basic tenets of Liechtenstein legal order, including without limitation the principle of territorial sovereignty, as set forth above at paragraph 1.

12. If the act requested by the foreign court in its request for legal assistance in a civil matter – here: the manner of service – is prohibited by Liechtenstein law, or if the foreign court does not entertain reciprocal requests by Liechtenstein courts, then the District Court must reject the request for legal assistance. See Section 27, paragraph 2, subparagraphs 2 and 3, of the Law on Jurisdiction.

13. In any case, a foreign official document in a language that is not the official language of the Principality of Liechtenstein (that is, German), and that is to be served on Liechtenstein territory requires a certified (*beglaubigte*) translation, unless the addressee agrees to accept the document without translation. The addressee must be informed of his right to refuse acceptance without translation and is deemed to have accepted a foreign official document without translation if it has not objected within 14 days from receipt of the same. See Article 14, paragraph 2, of the Law on Service. The 14-day deadline begins to run only upon proper service in compliance with the relevant provisions of Liechtenstein law. In the event of a timely objection to receipt without translation by the addressee the District Court must certify that service was invalid; however, an untimely or impermissible objection will be refused by the District Court. See id., paragraph 3. Note that any certified translation prepared in a country other than Liechtenstein will require an *Apostille*, in accordance with the Convention of 5 October 1961 Abolishing the Requirement of Legalisation for Foreign

Public Documents. Both the United States of America and the Principality of Liechtenstein are members to said Convention.

14. The Principality of Liechtenstein views the provisions of the Law on Service and the Law on Jurisdiction with respect to methods of service of official documents and jurisdiction of the District Court as mandatory. Accordingly, any agreement purporting to deviate from the relevant provisions of these laws would be null and void ab initio under Liechtenstein law and would not render lawful any attempt to complete service of official documents in any way not sanctioned by the District Court and completed in accordance with Liechtenstein law.

15. In light of the explanations set forth above at paragraphs 3 through 5 and 14, any attempt to effectuate service of process or of other official documents emanating from the United States to addressees on Liechtenstein territory by any means other than as provided by Liechtenstein law, including without limitation (a) the sending from the United States by registered mail, whether dispatched by a private individual, such as the plaintiff or a process server, or a representative of the foreign court, or (b) the use of a private individual on Liechtenstein territory to transmit such documents, such as an attorney, or off duty public official, is viewed by the Principality of Liechtenstein as a governmental act, effectuated by an agent of a foreign government. Not only are such attempts at service of official documents on Liechtenstein territory invalid and void ab *initio*, the performance of an act that is reserved by Liechtenstein law to be performed by a duly elected public official without permission is prohibited as a criminal offense, punishable by imprisonment of up to three years under Article of the Liechtenstein Law on the Protection of the State of March 14, 1949 (*Staatsschutzgesetz vom 14. März 1949*)."

The Office of Foreign Affairs asked the Embassy of the United States of America to take the appropriate steps to inform the federal courts and authorities and those of its States, territories and possessions, and the American legal community, of the content of this Note Verbale.

Yours sincerely,

Martin Frick
Director

# EXHIBIT C



translations@geotext.com
www.geotext.com

STATE OF NEW YORK          )
                          )
                          )    ss
COUNTY OF NEW YORK         )

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from German into English of the attached Certificate of Receipt from the

Princely District Court regarding Case ref. 10 RZ.2012.793.

Evan Finch, Senior Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me

this _24th_ day of _October_, 20 _12_.

KRISTEN DUFFY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DU6121852
Qualified in Queens County
My Commission Expires January 31, 2013

New York            Washington, D.C.       Chicago              Houston              San Francisco
t: +1.212.631.7432   t: +1.202.828.1267    t: +1.312.242.3756   t: +1.713.353.3909   t: +1.415.576.9500

London              Paris                  Stockholm            Frankfurt            Hong Kong
t: +44.20.7553.4100  t: +33.1.42.68.51.47  t: +46.8.463.11.87   t: +49.69.7593.8434  t: +852.2159.9143



PRINCIPLALITY OF LIECHTENSTEIN

PRINCELY

DISTRICT COURT

# CERTIFICATE OF RECEIPT

### in respect of the following case documents
### received by way of the Princely District Court, Vaduz

Case ref: 10 RZ.2012.793

Requesting authority: United States Bankruptcy Court, New York, 08/22/2012
Bankruptcy case file no.: 08-01789 (brl),
Contentious legal proceedings no. 11-02929 (brl)

Case documents:
- Summons and notice in respect of a preliminary hearing conference in legal proceedings dated 12/16/2011
- Order to set a deadline by which a foreign defendant in legal proceedings must respond to the court summons and the claim, dated August 9, 2011
- Statement of claim dated 12/15/2011

each together with a German translation

Name and address of the person to be served:

**TO BE DELIVERED TO THE ADDRESSEE IN PERSON**
LGT Bank in Liechtenstein AG
Attn. Mr. Jacques Engeli,
Member of the Management Board
Herrengasse 12
9490 Vaduz

Date and place of the acceptance of the documents as well as the signature of the recipient:

*ID number: C0988655*

Vaduz, *10/03/2012 4:00 p.m.*
[signature]

Signature of the server: [signature]

[stamp:]

Princely

District Court



PRINCIPLALITY OF LIECHTENSTEIN

## PRINCELY
## DISTRICT COURT

Please always quote file number
10 RZ.2012.793

LGT Bank in Liechtenstein AG
Attn. Mr. Jacques Engeli
Herrengasse 12
PO Box 85
9490 Vaduz

Vaduz, 10/02/2012/SCSA

## Service of documents by way of mutual judicial assistance

Dear Sirs,

At the request of the United States Bankruptcy Court, New York, the following documents
are hereby served on you in the enclosure from the Princely District Court:

> Summons and notice in respect of a preliminary hearing conference in legal
> proceedings dated 12/16/2011
> Order to set a deadline by which a foreign defendant in legal proceedings must
> respond to the court summons and the claim, dated 8/9/2011
> Statement of claim dated 12/15/2011
> each together with a German translation

Yours sincerely,

|  |
| --- |
| [stamp:]<br><br>Princely<br><br>District Court |

Princely District Court

[signature]

Dr. Paul Meier, LL.M.
Princely District Court Judge

Enclosure

*By way of* [illegible]
[stamp:] OCT. 2, 2012
[initials]



PRINCIPLALITY OF LIECHTENSTEIN

## PRINCELY
## DISTRICT COURT

Please always quote file number
<u>10 RZ.2012.793</u>

[stamp:] OCT 10 2012

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York 10004-1408
USA

Vaduz, 10/04/2012/SCSA

**Mutual judicial assistance in civil matters**
**Your request for service dated 08/22/2012, bankruptcy case file number: 08-01789 (brl), contentious legal proceedings no. 11-02929 (brl)**

Dear Sirs,

In connection with fulfilling your request for service cited above we hereby enclose the requested certificate of service in relation to the service, on LGT Bank in Liechtenstein AG, for the attention of the Management Board Member Jacques Engeli, 9490 Vaduz, carried out by the court bailiff on October 3, 2012.

Yours sincerely,

| |
|---|
| [stamp:] |
| Princely |
| District Court |

Princely District Court

[signature]

Dr. Paul Meier, LL.M.
Princely District Court Judge

Enclosure



FÜRSTENTUM LIECHTENSTEIN

## FÜRSTLICHES
# LANDGERICHT

# EMPFANGSSCHEIN
### über den Erhalt nachstehender Geschäftsstücke
### im Wege des Fürstlichen Landgerichtes, Vaduz

| | |
|---|---|
| Geschäftszahl: | 10 RZ.2012.793 |
| Ersuchende Behörde: | United States Bankruptcy Court (U.S. Insolvenzgericht), New York, vom 22.08.2012 Insolvenzsache-AZ: 08-01789 (brl), Streitverfahren Nr. 11-02929 (brl) |

Geschäftsstücke:

- Vorladung und Mitteilung über eine Vorverhandlungskonferenz in einem Streitverfahren vom 16.12.2011
- Anordnung zur Festsetzung einer Frist, innerhalb derer ein ausländischer Beklagter in einem Streitverfahren auf die gerichtliche Ladung und die Klage zu reagieren hat, vom 09. August 2011
- Klageschrift vom 15.12.2011

jeweils samt deutscher Übersetzung

Name und Wohnort der Person an die zugestellt werden soll:

**EIGENHÄNDIG**
LGT Bank in Liechtenstein AG
z.Hd. Herrn Verwaltungsrat
Jacques Engeli
Herrengasse 12
9490 Vaduz

*ID - Nummer : CO988655*

Datum und Ort der Übernahme der Schriftstücke sowie Unterschrift des Empfängers:

Vaduz, am 03. 10. 2012     16:00

Unterschrift des Zustellers:



FÜRSTENTUM LIECHTENSTEIN

### FÜRSTLICHES
# LANDGERICHT

Aktenzeichen bitte immer anführen
<u>10 RZ.2012.793</u>

LGT Bank in Liechtenstein AG
z.Hd. Herrn Jacques Engeli
Herrengasse 12
Postfach 85
9490 Vaduz

Vaduz, 02.10.2012/SCSA

## Zustellung von Schriftstücken im Rechtshilfeweg

Sehr geehrte Damen und Herren

Über Ersuchen des United States Bankruptcy Court, New York, werden Ihnen in
der Beilage vom Fürstlichen Landgericht die folgenden Urkunden zugestellt:

> Vorladung und Mitteilung über eine Vorverhandlungskonferenz in
> einem Streitverfahren vom 16.12.2011
> Anordnung zur Festsetzung einer Frist, innerhalb derer ein ausländischer
> Beklagter in einem Streitverfahren auf die gerichtliche Ladung und die
> Klage zu reagieren hat, vom 09. August 2011
> Klageschrift vom 15.12.2011
> alles samt deutscher Übersetzung

Mit freundlichen Grüssen

Fürstliches Landgericht

Dr. Paul Meier, LL.M.
Fürstlicher Landrichter

Beilage erwähnt

0 2. OKT. 2012



FÜRSTENTUM LIECHTENSTEIN

## FÜRSTLICHES
# LANDGERICHT



Aktenzeichen bitte immer anführen
<u>10 RZ.2012.793</u>

United States Bankruptcy Court
Southern District of New York
One Bowling Green
USA-10004-1408 New York

Vaduz, 04.10.2012/SCSA

## Rechtshilfe in Zivilsachen
## Ihr Zustellersuchen vom 22.08.2012, Insolvenzsache-AZ: 08-01789 (brl), Streitverfahren Nr. 11-02929 (brl)

Sehr geehrte Damen und Herren

In Erledigung Ihres oben angeführten Zustellersuchens übermitteln wir Ihnen als Beilage den erbetenen Nachweis über die am 03. Oktober 2012 durch den Gerichtsvollzieher erfolgte Zustellung an die LGT Bank in Liechtenstein AG zu Handen des Verwaltungsrates Jacques Engeli, 9490 Vaduz.

Mit freundlichen Grüssen

Fürstliches Landgericht

Dr. Paul Meier, LL.M.
Fürstlicher Landrichter

Beilage erwähnt