**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**Fairfield Sentry Limited,** *et al.,*<br><br>Debtors in Foreign Proceedings. | **Chapter 15 Case**<br><br>**Case No. 10-13164 (CGM)**<br><br>**Jointly Administered** |
| **Fairfield Sentry Limited (In Liquidation), et al., acting by and through the Foreign Representatives thereof,**<br>Plaintiffs,<br><br>-against-<br><br>**Theodoor GGC Amsterdam,** *et al.,*<br>Defendants. | **Adv. Pro. No. 10-03496 (CGM)**<br><br>**Administratively Consolidated** |
| This brief is submitted in the following Adversary Proceedings:<br><br>**10-3635, 10-3636** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CLAIMS
AGAINST "HSBC" FOR FAILURE TO EFFECT SERVICE OF PROCESS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 4

I. "HSBC" Does Not Identify Any Legal Entity, And The Service
Previously Effected Was Invalid. ............................................................................ 4

II. Neither We Nor The Liquidators Know The Identity
Of The Proper Party, If There Is One. ..................................................................... 7

III. The Liquidators' Demand For "Discovery" Is Both Impractical And Would Not
Resolve The Fact That They Do Not Know Who They Are Trying To Sue. ........... 9

IV. The Claims Against "HSBC" Should Be Dismissed For Lack Of Service, And No
Alternative Service Can Or Should Be Permitted. ................................................ 11

CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Rules and Statutes**

Fed. R. Civ. P. 4(a)(1) ................................................................................................... 5

Fed. R. Civ. P. 4(f)(1) .................................................................................................... 6

**Cases**

*Barrow v. Wethersfield Police Dep't*,
66 F.3d 466 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996) .................................. 12

*Bernadin v. I.N.S.*,
2002 WL 1267992 (E.D.N.Y. Apr. 22, 2002) ................................................................. 7

*Broadway v. Adidas Am., Inc.*,
2008 WL 2705566 (E.D. Ark. July 10, 2008) ................................................................ 6

*Burda Media, Inc. v. Blumenberg*,
2004 WL 1110419 (S.D.N.Y. May 18, 2004), *aff'd sub nom. Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005) ............................................................................... 12

*Cropp v. Golden Arch Realty Corp.*,
2009 WL 10710585 (D. S.C. Mar. 31, 2009) .................................................................. 12

*Ganpat v. E. Pac. Shipping, PTE Ltd.*,
2020 WL 1046336 (E.D. La. Mar. 4, 2020) ................................................................... 11

*Harper v. City of New York*,
424 F. App'x 36 (2d Cir. 2011) ....................................................................................... 5

*Henderson v. United States*,
517 U.S. 654 (1996) ....................................................................................................... 6

*Hutchinson v. New York State Corr. Officers*,
2003 WL 22056997 (S.D.N.Y. Sept. 4, 2003) ................................................................ 12

*In re Fairfield Sentry Ltd.*,
2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020) ..................................................... 3, 5

*In re Petition of Austin*,
2013 WL 5255125 (S.D.N.Y. July 16, 2013) .................................................................. 11

*Khan v. Khan*,
360 F. App'x 202 (2d Cir. 2010) ..................................................................................... 7

*Lampe v. Xouth, Inc.*,
952 F.2d 697 (3d Cir. 1991) ............................................................................................ 7

*Lee v. Karaoke City*,
2020 WL 2036706 (S.D.N.Y. Apr. 28, 2020) .................................................................. 7

*Lewis v. Madej*,
2015 WL 6442255 (S.D.N.Y. Oct. 23, 2015) .................................................................. 6

*Melohn v. Stern*,
2021 WL 1178132 (S.D.N.Y. Mar. 29, 2021) ................................................................ 11

*Roby v. Corp. of Lloyd's*,
796 F. Supp. 103 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 1353 (2d Cir. 1993) .......................... 7

*Schiavone v. Fortune*,
477 U.S. 21 (1986) ........................................................................................................... 6

*Stafford v. Briggs*,
444 U.S. 527 (1980) ......................................................................................................... 7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
486 U.S. 694 (1988) ......................................................................................................... 6

*Water Splash, Inc. v. Menon*,
137 S. Ct. 1504 (2017) ..................................................................................................... 6

**Other Authorities**

Find Company Information: "HSBC," Companies House, https://find-and-
update.company-information.service.gov.uk/search/companies?q=HSBC (accessed May
20, 2021). .......................................................................................................................... 2

# INTRODUCTION[1]

The Court's April 26, 2021 Order required that "any Defendant who wishes to challenge service of process in [the above-captioned] cases shall file a motion regarding same by May 21, 2021."[2] There is an entity named as a defendant in the above-captioned two adversary proceedings that is identified only as "HSBC" and neither the undersigned counsel nor the Liquidators appear to know the identity of that entity.[3]

The complaints in these cases do not provide any information regarding the identity of the entity named only as "HSBC," how much money this entity is alleged to have received in transfers, or when those transfers were allegedly received. The only clue is that the complaints allege that "HSBC" has its registered address at the global headquarters of the HSBC Group at 8 Canada Square, Canary Wharf, London, United Kingdom,[4] which is the building to which the Liquidators in 2012 mailed a summons for "HSBC" in one of these two actions.[5] Unfortunately that does not

---

[1] On May 21, 2021, undersigned counsel filed a substantially identical letter-motion to the instant motion. *See* Letter-Mot., *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. May 21, 2021) (Dkt. 3779). Counsel filed that letter-motion as an interested party – not on behalf of "HSBC" – because "HSBC" does not sufficiently describe any existing legal entity capable of being sued. *See id.* On May 24, 2021, this Court issued an Order denying that letter-motion "without prejudice[] to Party requesting the relief formally in a motion." *See* Am. Order, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. May 24, 2021) (Dkt. 3781). The same day, the Liquidators confirmed they had no procedural objection to the refiling of the instant brief as a formal motion, consistent with the Court's May 24, 2021 Order. Counsel, who has been retained to represent the HSBC Defendants (defined below) in connection with this litigation, files this brief as a formal motion to comply with the Court's Order but in doing so continues to note that the identity of the entity Plaintiffs intend to sue as "HSBC" remains unknown.

[2] *See* Order at 2, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. Apr. 26, 2021) (Dkt. 3616).

[3] *See* Fourth Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 466); Further Proposed Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. May 14, 2021) (Dkt. 559-1); Fourth Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 517); Further Proposed Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. May 14, 2021) (Dkt. 617-1).

[4] *See* Fourth Am. Compl. ¶ 68, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 466); Fourth Am. Compl. ¶ 74, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 517).

[5] Aff. of Service, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Aug. 10, 2012) (Dkt. 123); Aff. of Service, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636

narrow it down: there are over 600 entities associated with the HSBC Group,[6] and nearly 300 U.K. entities that have or had "HSBC" in their names.[7] Of those 300 entities, nearly 100 list 8 Canada Square as their registered address.[8]

We represent and have represented various HSBC-affiliated companies in these cases. Three such entities remain parties to other adversary proceedings in the administratively consolidated proceedings currently pending before this Court – HSBC Securities Services (Luxembourg) S.A., HSBC Private Bank (Suisse) S.A., and HSBC Bank USA, N.A. (together, the "HSBC Defendants"). We do not know, and to our knowledge based on their own diligence, our clients do not know, the identity of the entity that the Liquidators intend to sue under the name "HSBC."

As counsel for the HSBC Defendants, and in light of the May 21, 2021 deadline and the Court's direction that "each Defendant must file a separate motion pertaining solely to itself in each adversary [proceeding] in which it is challenging service of process,"[9] we wrote to draw the Court's attention to the fact that whatever entity the Liquidators are trying to sue under the name "HSBC" has not been served. In response to the Court's May 24, 2021 Order directing that the request for dismissal of claims against "HSBC" be filed as a formal motion, at the direction of our clients we are noticing this motion seeking dismissal of the claims against "HSBC." Neither we

---

(Bankr. S.D.N.Y. Aug. 10, 2012) (Dkt. 124). While the affidavit of service in Adv. Pro. No 10-3636 references service of a summons on "HSBC," the relevant summons in that action was not issued to "HSBC." Third Am. Summons, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. July 30, 2012) (Dkt. 123).

[6]    *See* "Corporate Family – HSBC Holdings plc," D&B HOOVERS (database accessed May 2021). An extract from this database search is included as Exhibit A.

[7]    *See* Find Company Information: "HSBC," Companies House, https://find-and-update.company-information.service.gov.uk/search/companies?q=HSBC (accessed May 20, 2021).

[8]    *See id.*

[9]    *See* Order at 2, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. April 26, 2021) (Dkt. 3616).

2

nor our clients know which entity "HSBC" is meant to refer to, and it is accordingly possible (indeed, likely) that whatever entity the Liquidators intend to sue (if it exists) is not aware that this motion has been filed.

We expect the Liquidators intend to seek authorization to serve "HSBC" by alternative service on the undersigned counsel, given that the 2012 attempt at mail service was undisputedly ineffective under the Hague Service Convention. The Court should not grant any such request. While Judge Bernstein authorized alternative service on counsel to HSBC Private Bank (Suisse) S.A. ("HSBC Suisse") in *Fairfield III*, he recognized that "[w]hen seeking approval of alternative service through counsel, the movant must show adequate communication between the counsel and the party to be served" and that "HSBC Suisse has undoubtedly been in regular contact with Cleary Gottlieb . . . since at least September 2010."[10] The same cannot be said of whatever entity the Liquidators intend to sue under the name "HSBC." To put it bluntly: We have no idea who they are trying to serve, we would not be in a position to forward a summons to or otherwise notify that entity that service was effected, we have not been appointed as an agent for service of process, and we accordingly could not accept service on our law firm as a substitute for service that actually notifies the intended defendant that it is a party to these cases.

---

[10]    *In re Fairfield Sentry Ltd.*, 2020 WL 7345988, at *12 (Bankr. S.D.N.Y. Dec. 14, 2020) ("*Fairfield III*").

3

## ARGUMENT

### I. "HSBC" Does Not Identify Any Legal Entity, And The Service Previously Effected Was Invalid.

Since 2012, the Liquidators have maintained allegations against an entity identified only as "HSBC" in the above-captioned two adversary proceedings.[11] There is no legal entity capable of appearing or being sued that is called "HSBC." Rather, "HSBC" is a brand name that has been used by hundreds of entities around the world. *See supra* notes 6 and 7. As counsel for various HSBC entities, our firm has drawn this issue to the Liquidators' counsel's attention since at least 2017, when Defendants argued in a common brief that the Liquidators failed to state a claim against or properly serve "HSBC" because it does not exist.[12] Seeking to neither prejudice whatever entity the Liquidators actually intend to sue nor waive any of its rights, we have consistently noted in joint defense group filings that "HSBC" does not identify any legal entity capable of appearing in this litigation.[13]

To our knowledge, the only service that has ever been attempted with respect to the entity named as "HSBC" is a summons mailed to 8 Canada Square, Canary Wharf, London, United Kingdom in 2012 in one of these two actions. *See supra* note 5. That is the address of the HSBC Group's global headquarters, and it is the business address of scores of entities that have the word

---

[11]  *See, e.g.*, Third Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. July 20, 2012) (Dkt. 121); Fourth Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Sept. 20, 2016) (Dkt. 139-1); Revised Proposed Fourth Am. Compl., *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. Mar. 31, 2017) (Dkt. 1337 (Ex. E)); Fourth Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Jan. 9, 2020) (Dkt. 466); [Proposed] Fifth Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. Jan. 16, 2020) (Dkt. 468-1); Further Proposed Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. May 14, 2021) (Dkt. 559). Substantially similar complaints to these six complaints in Adv. Pro. No. 10-3635 have been filed in Adv. Pro. No. 10-3636.

[12]  *See* Defs' Suppl. Mem. of Law at 9, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. Jan. 27, 2017) (Dkt. 1213).

[13]  *See, e.g.*, Defs' Br. in Supp. of Mot. to Dismiss, Ex. A at n.3, n.6, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. Mar 16. 2020) (Dkt. 2903).

4

"HSBC" in their names. Moreover, we do not know if the Liquidators have reason to believe that the entity in question actually does business at that address, or if the Liquidators simply selected the address of the HSBC Group's global headquarters because they did not know where else to send a summons.

The Liquidators do not dispute that the service they purported to accomplish in 2012 was not valid. This is so for at least four reasons:

*First*, the service purportedly accomplished in Adv. Pro. No. 10-3636 was facially deficient because the summons that the Liquidators mailed in 2012 did not even list "HSBC" (or any other formulation of that name).[14] The Liquidators have never filed a proof of service of a summons that lists "HSBC" in that case. *See* Fed. R. Civ. P. 4(a)(1) ("A summons must . . . name the court *and the parties* [and] *be directed to the defendant*." (emphasis added); *see Harper v. City of New York*, 424 F. App'x 36, 40 (2d Cir. 2011) (affirming dismissal of claims as to certain defendants when summons "did not satisfy the requirements of" Fed. R. Civ. P. 4(a)(1)).

*Second*, as the Liquidators conceded both in the briefing leading to *Fairfield III* and in numerous stipulations filed May 21, 2021 with other parties, service by mail in both of the above-captioned adversary proceedings did not comply with the terms of the Hague Service Convention. *See Fairfield III*, 2020 WL 7345988, at *10 ("The Liquidators do not dispute that mail service on HSBC Suisse failed to satisfy the requirements of the Hague Service Convention.").[15] This is important because service pursuant to the terms of the Hague Service Convention is mandatory

---

[14]    *See* Aff. of Service, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. Aug. 10, 2012) (Dkt. 124); *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. July 30, 2012) (Dkt. 123).

[15]    Stipulations filed by the Liquidators with respect to a variety of different defendants all contain the same recitation: "Plaintiffs do not dispute that their prior mail service . . . did not satisfy the requirements of the Hague Service Convention." *See, e.g.*, Stipulation and Order Regarding Service in Adv. Pro. No. 10-3630 ¶ 1, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496 (Bankr. S.D.N.Y. May 21, 2021) (Dkt. 3748).

5

where it applies under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(f)(1) (providing for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention[,]" and by other means only "if there is no internationally agreed means"); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (holding that the Hague Service Convention does not affirmatively authorize international service by mail).

*Third*, whatever entity the Liquidators intend to join to these cases, that entity lacks notice of these proceedings – or, at the very least, the efforts that the Liquidators have made to accomplish notice upon that entity have not been sufficient. "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672, (1996); *accord Lewis v. Madej*, 2015 WL 6442255, at *11 (S.D.N.Y. Oct. 23, 2015). The hundreds of entities that do or have done business using the name "HSBC" include separately incorporated and separately managed legal entities with their own governance structures and operations. The Liquidators do not appear to know which of those entities they want to answer the complaints in these actions, and as a result they have not notified the intended defendant of the existence of these proceedings. Naming a generic brand, which is a non-existent legal entity, as a defendant is not sufficient. *See Schiavone v. Fortune*, 477 U.S. 21, 25-29 (1986) (dismissing complaint against non-existent legal entity with allegations of a generic name, address, and no further "embellishment" for insufficient notice to the potential defendant); *Broadway v. Adidas Am., Inc.*, 2008 WL 2705566, at *5 (E.D. Ark. July 10, 2008) (dismissing non-existent "adidas, Inc." entity that plaintiff admitted was a placeholder defendant).

6

*Fourth*, "HSBC" is not a legal entity that can be maintained as a party to this litigation under that name. *See Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992), *aff'd*, 996 F.2d 1353 (2d Cir. 1993) (noting that "legal existence . . . [is a] prerequisite[] to the suability of an entity"); *see also Lee v. Karaoke City*, 2020 WL 2036706, at *2 (S.D.N.Y. Apr. 28, 2020) (vacating a default judgment against a named defendant because it was not a legal entity). For that reason alone, the Liquidators cannot meet their burden under Federal Rule of Civil Procedure 12(b)(5) of demonstrating sufficient service of process and their claims should be dismissed. *See Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (holding that "[o]n a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient").

Absent effective service, there is no defendant called "HSBC" that has been brought within the jurisdiction of this Court. *See Bernadin v. I.N.S.*, 2002 WL 1267992, at *2 (E.D.N.Y. Apr. 22, 2002) ("[I]f service of process has not been properly effected, the court lacks personal jurisdiction over the defendant."); *see also Stafford v. Briggs*, 444 U.S. 527, 553 n.5 (1980) (Stewart, J., dissenting) ("[S]ervice of process is the means by which a court obtains personal jurisdiction over a defendant[.]"); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("Effective service of process is . . . a prerequisite to proceeding further in a case.").

## II.  Neither We Nor The Liquidators Know The Identity Of The Proper Party, If There Is One.

As Judge Bernstein recognized in *Fairfield III*, the members of the HSBC Group that have been identified by the Liquidators have not sought to evade litigating the issues in these cases. Rather, subject to preserving their respective rights and defenses, members of the HSBC Group have appeared and taken an active role in leading the joint defense group in these cases. If the Liquidators were to identify the entity they are trying to sue in these cases, we think it likely that entity would retain us as counsel and would participate in these proceedings, subject to reserving

7

its own rights and defenses. But none of that has happened because we do not know who the Liquidators are trying to sue, and there is accordingly no defendant to retain us or to appear.

This is a not a case in which we are withholding information that might clear up this issue. Neither we nor (to our knowledge) our clients are aware of which entity the Liquidators are trying to sue. We are also unable to ascertain the identity of the intended defendant based on details of the transfers that are alleged in the complaints in these two actions.[16] The Liquidators allege over a billion dollars in transfers to multiple defendants, but fail to disaggregate which transfers were made to which defendants or provide any of the details that might help identify those transfers.[17] Accordingly, even if it were possible for our clients to generally search for decade-old transfers resembling those alleged in the complaints, they do not know which transfers to search for.

The Liquidators do not appear to know who they are trying to sue, either. We know this because we have attempted to work collaboratively with the Liquidators' counsel to identify the proper defendant in these cases. In response to the Court's April 26, 2021 Order setting a date for defendants to challenge service, we contacted the Liquidators' counsel and invited them to work with us to identify the legal entity they are seeking to sue. As we explained to the Liquidators' counsel, our hope was that the proposed amended complaints that they filed in these actions on May 14, 2021 would identify the legal entity they wish to sue, consistent with the Court's instruction to the Liquidators' Counsel. *See* Apr. 21, 2021 Hr'g Tr. at 73:12–14 ("THE COURT: [W]hen you're doing your motions to amend, if you have the proper names, please put them in.").

---

[16] *See* Further Proposed Am. Compl., ¶ 15, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. May 14, 2021) (Dkt. 559-1) (alleging on "information and belief" that "HSBC" received "all or some portion" of redemptions at issue, with no further information); Further Proposed Am. Compl., ¶ 15, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. May 14, 2021) (Dkt. 617-1) (same).

[17] *See* Further Proposed Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. May 14, 2021) (Dkt. 559-1) (alleging over $51 million in transfers to more than 71 defendants); Further Proposed Am. Compl., *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. May 14, 2021) (Dkt. 617-1) (alleging over $1.7 billion in transfers to more than 78 defendants).

8

Indeed, our hope was that we could work collaboratively with the Liquidators' counsel to identify a proper entity and then enter into a stipulation resolving the service issue on behalf of that entity (as our client HSBC Securities Services (Luxembourg) S.A. did on May 21, 2021).

In response to our inquiries, however, the Liquidators' counsel have not been able to either identify the proper defendant or provide us with information that might help identify it. Instead, the Liquidators' counsel responded that they were reviewing relevant records, and then on May 14, 2021, filed further proposed amended complaints in the above-captioned actions without any amendments concerning the identity of "HSBC." From that, and through subsequent meet and confers with the Liquidators, we have learned that the Liquidators remain unable to specify which entity they seek to sue. On Wednesday, May 19, the Liquidators' counsel informed us that "our client has completed its review of the Funds' internal records in response to your latest request and has not located anything beyond what they already considered in connection with preparing the complaints. In particular, we have found nothing to suggest a different entity, other than 'HSBC,' should be named." While we offered to continue working with the Liquidators' counsel to address this issue if they would agree to stipulate to an extension of the May 21, 2021 deadline, the Liquidators declined to do so. We do not know what records the Liquidators have or have not reviewed, but it is evident that they have concluded that the information they need to identify the proper defendant in these cases is not in their possession – nor, evidently, have they obtained that information in the nearly 10 years that these claims have been pending against "HSBC."

### III. The Liquidators' Demand For "Discovery" Is Both Impractical And Would Not Resolve The Fact That They Do Not Know Who They Are Trying To Sue.

The Liquidators' counsel have also informed us that they believe "these issues can be resolved through targeted discovery." We do not understand how such discovery would work as a practical matter, or how it could reasonably be expected to resolve this issue. Nor do we believe

9

it would be proper to permit the Liquidators to commence a search for the proper defendant almost 10 years into a case in which they have failed to exercise even the most basic diligence.

*First*, to the extent that the Liquidators believe that "targeted discovery" of "HSBC" would resolve this issue, they are barking up the wrong tree. To the best of our knowledge, our clients have not been able to identify the entity that the Liquidators are trying to sue, and we have offered to work with the Liquidators to resolve this issue. This is not a case in which formal discovery mechanisms are necessary to coerce a defendant to disclose information it otherwise has; to our knowledge our clients do not possess the information the Liquidators seek.

*Second*, it is unclear to us – and, apparently, to the Liquidators' counsel – how discovery would even work. In response to our inquiries, we have been told the Liquidators intend to serve document requests and a Rule 30(b)(6) notice. But who do they intend to serve? If they serve such requests on us – as counsel – we have no client to whom we can transmit them. Who is supposed to answer the document requests? Who is supposed to appear at the deposition? Pursuing discovery is not the road to resolving these issues; it is the path to more unnecessary litigation. Moreover, from their attempted service on "HSBC" in London, it appears likely that the entity the Liquidators are trying to serve is not located in the United States. Particularly to the extent the entity from which they are trying to obtain discovery is a foreign entity that has not yet been joined to these cases as a party and that is not subject to Federal Rule of Civil Procedure 45, there is no mechanism for compelling such discovery other than through international channels such as a letter rogatory or the Hague Evidence Convention – and, again, that would require the Liquidators to identify the party from whom they wish to obtain discovery.

*Third*, the discovery the Liquidators claim to seek is not discovery to ascertain the proper means of serving an identified party, as this Court authorized in the April 26, 2021 Order or as was

10

at issue in *Ganpat v. E. Pac. Shipping, PTE Ltd.*, 2020 WL 1046336, at *1 (E.D. La. Mar. 4, 2020). Rather, what the Liquidators would be seeking is substantive discovery to determine who they might sue on a cause of action. That is pre-complaint discovery of the type that is not available in federal court. *See Melohn v. Stern*, 2021 WL 1178132, at *4 (S.D.N.Y. Mar. 29, 2021) ("Rule 27 should not be used to determine whether a cause of action exists, and, if so, against whom the action should be instituted.") (internal citation and quotations omitted); *In re Petition of Austin*, 2013 WL 5255125, at *1 (S.D.N.Y. July 16, 2013) ("In federal court, pre-complaint discovery is not available to determine whether a claim for relief exists.").

Notably, if there is information in the Liquidators' possession that might help identify the proper defendant – such as, for example, the dates, times and amount of transfers, or wire records of where transfers were directed – they have declined to acknowledge as much. We have offered to work with the Liquidators' counsel on the basis of such information, but to date the Liquidators have refused to provide any information, insisting instead that any "discovery" be "bilateral." Our clients are unable to provide "bilateral" information because we have no information about the transfers the Liquidators are purporting to sue on. Nor is it appropriate for the Liquidators to condition their *mere identification* of the party they are intending to sue on our clients' agreement to subject themselves to discovery.

### IV. The Claims Against "HSBC" Should Be Dismissed For Lack Of Service, And No Alternative Service Can Or Should Be Permitted.

The relevant Third Amended Summonses in these actions (one of which is not even addressed to "HSBC") were issued and purportedly served on "HSBC" in July 2012.[18] Nearly

---

[18] Third Am. Summons, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635 (Bankr. S.D.N.Y. July 30, 2012) (Dkt. 122) (naming "HSBC"); Third Am. Summons, *Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636 (Bankr. S.D.N.Y. July 30, 2012) (Dkt. 123) (failing to name "HSBC").

11

nine years have elapsed since that time and service has not been effected. It is time for the claims against "HSBC" to be dismissed for the reasons that follow.

For all of the reasons discussed above, *see supra* at 4-9, the Liquidators have not made any reasonably diligent effort to accomplish legally valid service on "HSBC." Their delay and lack of diligence is inexcusable. *See Hutchinson v. New York State Corr. Officers*, 2003 WL 22056997, at *10 (S.D.N.Y. Sept. 4, 2003) ("The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant."); *Burda Media, Inc. v. Blumenberg*, 2004 WL 1110419, at *5 (S.D.N.Y. May 18, 2004) ("The foreign service exemption does not give plaintiffs an unlimited time to serve defendants, and courts have 'use[d] a flexible due diligence standard to determine whether service of process was timely.'"), *aff'd sub nom. Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005). Their failure to accomplish service in nearly a decade is more than sufficient grounds to dismiss the claims against "HSBC." The Liquidators' acknowledgement that they do not know the identity of the entity they are trying to sue is also a basis for dismissal. The Liquidators are not permitted to maintain a "placeholder" in hopes that the day may come at some point in the future when they identify the party they are actually intending to sue. *See, e.g.*, *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."); *Cropp v. Golden Arch Realty Corp.*, 2009 WL 10710585, at *2-3 (D. S.C. Mar. 31, 2009) (dismissing non-existent defendants pursuant to Rule 12(b)(5), characterizing dismissal as "the remedy for this defective process and service").

Nor can the admitted failure to serve "HSBC" in the past be cured now through Court-authorized alternative service or other means. This law firm has not been retained by and does not

represent any entity called "HSBC," we cannot accept service on behalf of such a non-entity, and we would not know how to advise such a non-entity that we had been served in its place. Accordingly, the factors that led Judge Bernstein to order alternative service on Cleary Gottlieb do not exist with respect to whatever entity the Liquidators generically describe as "HSBC."

At least until the Liquidators determine who they intend to sue, and properly effect service giving notice of these proceedings to that entity, their claims against "HSBC" should be dismissed.

## CONCLUSION

For these reasons, respectfully, this Court should dismiss the claims against "HSBC" for lack of service.

Dated: May 24, 2021
      Washington, D.C.

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: */s/ Nowell D. Bamberger*
    Nowell D. Bamberger
    (admitted *pro hac vice*)

    2112 Pennsylvania Avenue, N.W.
    Washington, D.C. 20037
    T: 202-974-1500
    F: 202-974-1999
    nbamberger@cgsh.com

    Christine M. Jordan
    JD Colavecchio
    One Liberty Plaza
    New York, New York 10006
    T: 212-225-2000
    F: 212-225-3999
    cjordan@cgsh.com
    jdcolavecchio@cgsh.com