IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>     Debtor in Foreign<br>     Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>     Defendants. | Adv. Pro. No. 10-03496 (CGM)<br><br>Administratively Consolidated |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>CITIBANK NA LONDON, et al.,<br><br>     Defendants. | Adv. Pro. No. 10-03622 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>BGL BNP PARIBAS S.A., et al.,<br><br>     Defendants. | Adv. Pro. No. 10-03626 (CGM) |

| | |
|---|---|
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BNP PARIBAS SECURITIES SERVICES LUXEMBOURG, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03627 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC SECURITIES SERVICES (LUXEMBOURG) SA, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03630 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC PRIVATE BANK (SUISSE) SA, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03633 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZURICH CAPITAL MARKETS CO., et al.,<br><br>Defendants. | Adv. Pro. No. 10-03634 (CGM) |

| | |
|---|---|
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03636 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBS AG NEW YORK, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03780 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BNP PARIBAS ARBITRAGE SNC, et al.,<br><br>Defendants. | Adv. Pro. No. 10-04098 (CGM) |

| | |
|---|---|
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>BNP PARIBAS PRIVATE BANK & TRUST CAYMAN LTD., et al.,<br><br>   Defendants. | Adv. Pro. No. 10-04099 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>UBS EUROPE SE LUXEMBOURG BRANCH, et al.,<br><br>   Defendants. | Adv. Pro. No. 11-01250 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>MERRILL LYNCH INTERNATIONAL, et al.,<br><br>   Defendants. | Adv. Pro. No. 11-01463 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>BNP PARIBAS SECURITIES NOMINEES LTD., et al.,<br><br>   Defendants. | Adv. Pro. No. 11-01579 (CGM) |

| | |
|---|---|
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORTIS BANK, SA/NV, et al., <br><br> Defendants. | Adv. Pro. No. 11-01617 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITIGROUP GLOBAL MARKETS LTD., et al., <br><br> Defendants. | Adv. Pro. No. 11-02770 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., <br><br> Plaintiffs, <br><br> v. <br><br> BNP PARIBAS ESPANA, et al., <br><br> Defendants. | Adv. Pro. No. 12-01551 (CGM) |

## <u>REPLY MEMORANDUM OF LAW IN SUPPORT OF THE LIQUIDATORS' MOTION FOR LEAVE TO AMEND COMPLAINTS IN THE KNOWLEDGE ACTIONS</u>

Date:  June 11, 2021

SELENDY & GAY PLLC

David Elsberg
Lena Konanova
Jordan Garman
Ester Murdukhayeva
Ronald Krock
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000

-and-

BROWN RUDNICK LLP

David J. Molton
Marek P. Krzyzowski
Seven Times Square
New York, NY 10036
Telephone: 212-209-4800

*Attorneys for Plaintiffs Foreign
Representatives*

# TABLE OF CONTENTS

**Pages**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .........................................................................................................................3

I.      THE LIQUIDATORS' MOTION SHOULD BE GRANTED UNDER RULE 15 .............3

     A.     Defendants Do Not Dispute That the Challenged Amendments Are
              Relevant to Their Knowledge of the BLMIS Fraud Prior to Receiving
              Redemptions ..........................................................................................................3

     B.     Defendants Fail to Show That the Proposed Amendments Were Made in
              Bad Faith ...............................................................................................................4

     C.     Defendants Fail to Show Undue Prejudice From the Proposed
              Amendments ..........................................................................................................9

     D.     None of Defendants' Arguments Supports a Finding of Undue Delay .................12

CONCLUSION.....................................................................................................................16

## **TABLE OF AUTHORITIES**

**Pages**

### **Cases**

*Agerbrink v. Model Serv. LLC,*
155 F. Supp. 3d 448 (S.D.N.Y. 2016)...................................................................... 6

*Bank v. Spark Energy, LLC,*
2020 WL 6873436 (S.D.N.Y. Jan. 11, 2002) ....................................................... 5

*Blagman v. Apple. Inc.,*
2014 WL 2106489 (S.D.N.Y. May 19, 2014) ...................................................... 6

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.,*
2004 WL 169746 (S.D.N.Y. Jan. 28, 2004) ...................................................... 15

*Duling v. Gristede's Operating Corp.,*
265 F.R.D. 91 (S.D.N.Y. 2018) ........................................................................ 12

*EEOC v. Integrated Food Sys.,*
1988 WL 100069 (S.D.N.Y. Sept. 19, 1988) .................................................... 10

*Fairfield Sentry Ltd. (in Liquidation) v. Migani*
[2014] UKPC 9 ................................................................................................... 7

*In re Bernard L. Madoff Inv. Sec. LLC,*
560 B.R. 208 (Bankr. S.D.N.Y. 2016) ......................................................... 13-14

*In re Fairfield Sentry Ltd.,*
596 B.R. 27 (Bankr. S.D.N.Y. 2018) ................................................................. 8

*In re Fairfield Sentry Ltd.,*
2020 WL 4813565 (Bankr. S.D.N.Y. Aug. 10, 2020) .............................. 7-8, 14

*In re Enron Corp.,*
367 B.R. 373 (Bankr. S.D.N.Y. 2007) ............................................................. 11

*In re Gen. Elec. Co. Sec. Litig.,*
2012 WL 2892376 (S.D.N.Y. July 12, 2012) .................................................... 5

*In re Gen. Motors LLC Ignition Switch Litig.,*
2019 WL 3302606 (S.D.N.Y. July 23, 2019 ..................................................... 14

*In re Merrill Lynch Ltd. Partnerships Litig.,*
7 F. Supp. 2d 256 (S.D.N.Y. 1997) ................................................................... 6

*In re Teligent, Inc.*,
    346 B.R. 73 (Bankr. S.D.N.Y. 2006) ............................................................6, 11, 14-15

*Joint Stock Co. v. Infomir LLC*,
    2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017) ....................................................... 9

*Kirlin v. Conopco, Inc.*,
    1996 WL 263026 (S.D.N.Y. May 16, 1996) .......................................................11

*Lewis Fam. Grp. Fund LP v. JS Barkats PLLC*,
    2018 WL 3579844 (S.D.N.Y. July 25, 2018) ...................................................... 6

*Middle Atl. Utilities Co. v. S.M.W. Dev. Corp.*,
    392 F.2d 380 (2d Cir. 1968) ............................................................................ 7

*Munguia v. Bhuiyan*,
    2012 WL 526541 (E.D.N.Y. Feb. 15, 2012) ...................................................... 9

*New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*,
    2021 WL 930616 (S.D.N.Y. Mar. 11, 2021) ................................................... 14

*Pasternack v. Shrader*,
    863 F.3d 162 (2d Cir. 2017).............................................................................. 3

*Priestley v. Am. Airlines, Inc.*,
    1991 WL 64459 (S.D.N.Y. Apr. 12, 1991) ....................................................... 6

*Primetime 24 Joint Venture v. DirecTV, Inc.*,
    2000 WL 426396 (S.D.N.Y. Apr. 20, 2000)...................................................... 5

*Randolph Found. v. Duncan*,
    2002 WL 32862 (S.D.N.Y. Jan. 11, 2002) ........................................................ 5

*Sanders v. Thrall Car Mfg. Co.*,
    582 F. Supp. 945 (S.D.N.Y. 1983) ................................................................... 6

*SEC v. Rio Tinto PLC*,
    2020 WL 2504008 (S.D.N.Y. Mar. 9, 2020) ................................................... 11

*State Trading Corporation of India v. Assuranceforeningen Skuld*,
    921 F.2d 409 (2d Cir. 1990).............................................................................. 5

*Vine v. Beneficial Finance Co.*,
    347 F.2d 627 (2d Cir. 1967).............................................................................. 7

*Wiwa v. Royal Dutch Petroleum Co.*,
    2009 WL 464946 (S.D.N.Y. Feb. 25, 2009) ....................................................10

## PRELIMINARY STATEMENT

The Liquidators' motion for leave to amend complaints in the 17 pending knowledge actions should be granted under Federal Rule of Civil Procedure 15's liberal amendment standard.[1] Approximately 70 unique defendants across 16 actions implicated by the Liquidators' motion **do not oppose the motion**; Zurich Capital Markets Co. ("ZCM") and Citibank (Switzerland) AG ("Citibank Switzerland") oppose the motion with respect to only one of the 17 at-issue actions, joined in part by a few other subsequent transferee Defendants in the same action. In that action, the Liquidators seek to assert that ZCM became aware of indicia of fraud concerning Bernard L. Madoff Investment Securities LLC ("BLMIS") during another financial institution's due diligence of a potential ZCM acquisition. The Liquidators assert additional individualized knowledge allegations against several subsequent transferees, including Citibank Switzerland, on the ground that they had independent bases for being aware of the BLMIS fraud.

Each Defendant opposing the Liquidators' motion argues that it would be prejudiced by the proposed amendments, while only ZCM and Citibank Switzerland argue that the amendments are proffered in bad faith and that the Liquidators unduly delayed in seeking leave to amend. Defendants are wrong on all fronts.

In arguing that the Liquidators acted in bad faith by failing to assert these allegations earlier, ZCM and Citibank Switzerland conveniently ignore that delay alone does not constitute bad faith. Because they allege no tactical or strategic motive of the Liquidators in supposedly delaying asserting these knowledge allegations, their bad faith argument fails. And Citibank Switzerland's

---

[1] Defendants have abandoned arguments previously raised in a January 2020 letter to Judge Bernstein that the proposed amendments supposedly violated a scheduling order under Rule 16. *See* Jan. 22, 2020 Ltr. (Dkt. 2874 at 5–8). Accordingly, the Court need not address whether there is "good cause" for the proposed amendments.

1

standalone argument that proposed allegations against it do not state a claim is premature on this motion by order of this Court.

Defendants' prejudice arguments fare no better. Their arguments that ZCM's business is no longer active, that any relevant employee witnesses would now be former employees, and that too much time has passed between this amendment and the initial complaint, are all irrelevant to the central question bearing on prejudice: how far along is the proceeding in which amendment is sought. Here, where the matter is still at the pleading stage and merits discovery <u>has yet to begin</u>, Defendants cannot plausibly claim they will be prejudiced by the amendments.[2]  Nor can Defendants feign surprise at these allegations, iterations of which, by their own admission, have been available in the public sphere since 2008.

Finally, ZCM's and Citibank Switzerland's assertions that the Liquidators delayed in bringing this motion are unpersuasive.  As those Defendants concede, Judge Bernstein had not articulated any standard for constructive trust claims prior to *Fairfield II*; after he did so, the Liquidators sought leave to amend to conform to the updated pleading standard—a move courts routinely allow.  And contrary to Defendants' claim, Judge Bernstein's August 2020 divestiture decision has no bearing on the undue delay standard at issue here.  Nor is there any logic in comparing Liquidators' amendments—made while the case is still at the pleading stage—to amendments made on the eve of trial.

---

[2] Defendants imply that if discovery had begun earlier, they would not now be prejudiced by litigating over "events that occurred 18 years ago." Dkt. 3787 at 26. The Liquidators too are eager for merits discovery to begin and are prepared to move forward immediately and without limitation.

2

## **ARGUMENT**

### I.    THE LIQUIDATORS' MOTION SHOULD BE GRANTED UNDER RULE 15

As explained in the Liquidators' opening brief, Dkt. 3738 at 11–20, Rule 15(a)(2) permits liberal amendment, absent a showing by the non-moving party of bad faith or prejudice, or the presence of undue and prejudicial delay. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). Defendants in 16 of the 17 actions at issue in this motion do not oppose the Liquidators' motion on grounds of bad faith, prejudice, or delay. *See* Dkt. 3786 at 2. ZCM and Citibank Switzerland —both Defendants in adversary proceeding number 10-3634—oppose the Liquidators' motion on all three grounds. *See* Dkt. 3787, 3790. A handful of subsequent transferee Defendants in adversary proceeding number 10-3634 join in arguing that the amendments are prejudicial but decline to join in additional arguments regarding bad faith or delay. *See* Dkt. 3790 at 1, 7-9; *see also* Dkt. 3790-1. For the reasons explained below, none of the arguments made by Defendants have merit. This Court should grant the motion for leave to amend in all 17 cases.

### A.    Defendants Do Not Dispute That the Challenged Amendments Are Relevant to Their Knowledge of the BLMIS Fraud Prior to Receiving Redemptions

In adversary proceeding number 10-3634, the Liquidators seek to recover more than $15 million in redemptions improperly received by ZCM between April 2004 and August 2006, and subsequently transferred to other entities including Citibank Switzerland. Elsberg Decl., Ex. 26 (Dkt. 3739-26) (Further Proposed Amended Complaint ("FPAC") ¶¶ 2, 9, 16, 32–55, *Fairfield Sentry Ltd. (In Liquidation) v. Zurich Capital Markets Co.*, No. 10-ap-3634 (CGM) (Bankr. S.D.N.Y)). As alleged, upon information and belief, ZCM had been advised prior to July 2003 of various indicia of fraud associated with Madoff and was therefore aware of, or at a minimum, recklessly disregarded, the risk that these redemptions were massively inflated. *Id.* ¶¶ 70–74.

Specifically, the proposed amended complaint alleges that, at some time prior to July 2013, ZCM marketed to Société Générale certain parts of its structured products business, including a credit facility to Santa Barbara Holdings Ltd., a company that was wholly invested in a BLMIS feeder fund. *Id.* ¶ 70. During the due diligence process, Société Générale uncovered multiple indicia of fraud about BLMIS suggesting "impossible" returns and questionable practices regarding management and performance fees. *Id.* ¶¶ 72–73. Société Générale never went forward with the investment. *Id.* ¶ 73. The proposed amended complaint alleges, upon information and belief, that Société Générale communicated its concerns about BLMIS to ZCM. *Id.* ¶ 73. A BNP Paribas entity ultimately acquired a portion of ZCM's business, including the Santa Barbara credit facility. Elsberg Decl., Ex. 10 (Dkt. 3739-10) (Further Proposed Amended Complaint ¶¶ 91–100, *Fairfield Sentry Ltd. (In Liquidation) v. BGL BNP Paribas S.A.*, No. 10-ap-3626 (CGM) (Bankr. S.D.N.Y)).

The proposed amended complaint alleges that all the entities to whom ZCM subsequently transferred redemption payments are imputed the same knowledge of the BLMIS fraud as ZCM. FPAC ¶ 77. In addition, the complaint includes individualized knowledge allegations against several subsequent transferees, including Citibank Switzerland, *see id.* ¶¶ 82–158, HSBC Bank USA, *see id.* ¶¶ 159–182, and Merrill Lynch Bank, *see id.* ¶¶ 183–199.

## B.   Defendants Fail to Show That the Proposed Amendments Were Made in Bad Faith

ZCM's and Citibank Switzerland's arguments asserting the Liquidators did not act in good faith in moving to amend to add the relevant knowledge allegations fail.

*First*, both ZCM and Citibank Switzerland contend the Liquidators could or should have brought knowledge allegations earlier than January 2020. Dkt. 3787 at 20–21; Dkt. 3790 at 9–10. As explained below, these assertions are unfounded as a matter of fact, but even if they were true, such conduct does not amount to bad faith. "[W]hen the opponent of an amendment asserts that

4

the movant is acting in bad faith, there must be something more than mere delay or inadvertence for the court to refuse to allow amendment." *Primetime 24 Joint Venture v. DirecTV, Inc.*, 2000 WL 426396, at \*5 (S.D.N.Y. Apr. 20, 2000).  Here, however, Defendants rely almost exclusively on delay to make a case of bad faith.  *See* Dkt. 3787 at 20–21; Dkt. 3790 at 9–10.

Defendants equally miss the mark in asserting that the Liquidators, rather than pleading knowledge allegations early on, took a "wait and see" approach to gain some unspecified "unfair advantage."  Dkt. 3787 at 20; Dkt. 3790 at 10.  "[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith."  *Randolph Found. v. Duncan*, 2002 WL 32862, at \*3 (S.D.N.Y. Jan. 11, 2002). Rather, bad faith is implicated when a party "'withhold[s] facts clearly known to it prior to the filing of [a] complaint,' particularly 'when done for some ulterior purpose, … unless satisfactory explanation clearly shows [a lack of bad faith].'"  *Bank v. Spark Energy, LLC*, 2020 WL 6873436, at \*2 (E.D.N.Y. Nov. 23, 2020) (emphasis added) (quoting *CA-POW! v. Town of Greece, N.Y.*, 2010 WL 3663409, at \*5 (W.D.N.Y. Sept. 14, 2010)).  The cases cited by Defendants exemplify such ulterior motives.  In *State Trading Corporation of India v. Assuranceforeningen Skuld*, the defendant contended, and the court found credible, that the plaintiff tactically and "deliberately chose not to amend its complaint earlier" to include foreign law claims "because any admission that foreign law applied … would have increased the chance of dismissal on forum selection clause or *forum non conveniens* grounds."  921 F.2d 409, 418 (2d Cir. 1990).  And in *In re General Electric Company Securities Litigation*, the plaintiff had "explicitly disclaimed all allegations" it later sought to amend to include in order to avoid a heightened Rule 9(b) pleading standard.  2012 WL 2892376, at \*3 (S.D.N.Y. July 12, 2012).

5

Here, Defendants fail to identify any such ulterior motive and, aside from mere purported delay, do not and cannot specify an "unfair advantage" the Liquidators gained or sought to gain by purportedly waiting to file knowledge allegations.  Their assertions are thus "exactly the type of conclusory allegation[s] of bad faith that courts consistently reject."  *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 453 (S.D.N.Y. 2016) (rejecting as conclusory the defendants' argument that the "plaintiff's delay in 'seek[ing] to amend her complaint to add … claims she clearly knew she wished to pursue months before [was] a tactic designed to burden [them]'"); *see also Blagman v. Apple, Inc.*, 2014 WL 2106489, at *3 (S.D.N.Y. May 19, 2014) (granting leave and noting that "[t]o the extent that the defendants claim that [the plaintiff's] delay was strategic … they provide no showing of bad faith apart from the delay itself").

Defendants' remaining cited cases are likewise inapposite.  *See Lewis Fam. Grp. Fund LP v. JS Barkats PLLC*, 2018 WL 3579844, at *2–3 (S.D.N.Y. July 25, 2018) (denying leave under the more exacting, and inapplicable, Rule 16 "good cause" standard); *In re Merrill Lynch Ltd. Partnerships Litig.*, 7 F. Supp. 2d 256, 276 (S.D.N.Y. 1997) (denying leave after previously warning plaintiffs that their last complaint would be their "final opportunity" to amend); *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 951–53 (S.D.N.Y. 1983) (after previously warning plaintiff that further amendment may be denied, denying leave to amend because of delay where plaintiff wholly failed to assert a cause of action under a U.S. statute which had been enacted nearly a decade before the action was filed); *In re Teligent, Inc.*, 346 B.R. 73, 76–78 (Bankr. S.D.N.Y. 2006) (denying leave not only where plaintiff had known newly alleged facts at the time of the prior pleading, but where allowing amendment would cause severe prejudice, would inexcusably delay resolution of the case, and would be futile); *Priestley v. Am. Airlines, Inc.*, 1991 WL 64459, at *2 (S.D.N.Y. Apr. 12, 1991) (same).

6

Additionally, in *Vine v. Beneficial Finance Co.*, the Second Circuit concluded a trial court did not abuse its discretion in denying a motion for leave to amend on multiple grounds, including futility and bad faith, where the plaintiff changed his claim as to when he was allegedly defrauded, but knew the full information all along. 374 F.2d 627, 636–37 (2d Cir. 1967). Here, in contrast, the Liquidators could not have known they had to expend resources on revising their theory of knowledge until *Fairfield II*. Moreover, *Vine*'s holding has been clarified by subsequent Second Circuit precedent, noting: The "realit[y]" that "[m]any amendments … will be engendered because counsel anticipates"—or has experienced—"defeat on the initial complaint" is no reason to deny a motion to amend. *Middle Atl. Utilities Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 385 (2d Cir. 1968) (reversing denial of the plaintiff's motion to amend).

*Second*, ZCM and Citibank Switzerland misleadingly reference Judge Bernstein's August 2020 divestiture decision and language used by the Liquidators' counsel at a July 2016 hearing to wrongly argue that the Liquidators knew of the need to make particularized knowledge allegations <u>before</u> *Fairfield II*, and by not doing so in the prior round of amendments acted in bad faith. Dkt. 3787 at 23; Dkt. 3790 at 14–15. The assertion is incorrect.

By the time of the July 27, 2016 status conference, the BVI's highest court had held that, based solely on the arguments before it, the Funds' redemption payments were binding and Defendants had, in fact, given "good consideration," such that the Liquidators' clawback claims failed. *Fairfield Sentry Ltd. (in Liquidation) v. Migani* [2014] UKPC 9 (Dkt. 925-17) ¶¶ 18–19, 24, and Conclusion). While the Liquidators recognized that individualized allegations of Defendants' bad faith <u>receipt</u> of redemption payments could possibly neutralize that finding of "good consideration" and the binding nature of the redemption payments, *see* July 27, 2016 Hr'g Tr. (Dkt. 906 at 34:18–35:7); *In re Fairfield Sentry Ltd.*, 2020 WL 4813565, at *10 (Bankr. S.D.N.Y.

Aug. 10, 2020), the BVI courts had neither addressed, nor ruled on that question or the broader question of whether bad faith issuance of net asset values upon which redemption payments were calculated could subject those payments to clawback. *See In re Fairfield Sentry Ltd.*, 596 B.R. 275, 289 (Bankr. S.D.N.Y. 2018) ("[I]t is 'arguable' that the Good Consideration Issue, affirmed by *Migani*, did not address the possible effect of Citco's alleged bad faith, a question that was not raised or presented."). The Liquidators had discovered evidence of bad faith of the Funds' administrator, Citco, in issuing redemption payments. Accordingly, the Liquidators moved to amend the U.S. redeemer actions to include those allegations of Citco's bad faith, as Citco's bad faith tainted all redemptions on an omnibus basis. Only when Judge Bernstein issued *Fairfield II* did it become clear that the only way the Liquidators could attain clawback on a constructive trust claim was to allege individualized knowledge.[3]

*Finally*, Citibank Switzerland contends that the Liquidators' proposed amendments are made in bad faith because the new allegations "have nothing to do with Citibank Switzerland." Dkt. 3790 at 11. Citibank Switzerland thus challenges whether the Liquidators properly pleaded that knowledge is imputed from ZCM to Citibank Switzerland—*i.e.*, whether the Liquidators have stated a claim against Citibank Switzerland. That argument is deferred by the Court and the parties to a forthcoming motion to dismiss, *see* Dkt. 3738 at 12 n.14; Dkt. 3786 at 1, and has no bearing on the outcome of the present motion.

---

[3] Under a plain reading of the Funds' Articles of Association, *see* Oct. 10, 2003 Articles (Dkt. 925-6) § 11(1)), redemption payments based on net asset values issued in bad faith are not binding, and thus are eligible for clawback. The question of whether the Liquidators may assert claims based on Citco's bad faith—and whether that bad faith, if proven, would permit the Liquidators to recover—are on appeal before the district court. *See Fairfield Sentry Ltd. (In Liquidation) v. Citibank NA London*, No. 19-cv-03911 (VSB) (S.D.N.Y.).

### C.    Defendants Fail to Show Undue Prejudice From the Proposed Amendments

ZCM and the subsequent transferee Defendants also fail to demonstrate undue prejudice. ZCM contends that it would be prejudiced by having to defend against the allegations added in the proposed amended complaint because it is no longer an operational entity, Dkt. 3787 at 24–26, and the subsequent transferee Defendants tag on ostensibly because the amended complaint imputes ZCM's knowledge to them, Dkt. 3790 at 7–9.  Neither argument has merit, because, as the Liquidators explained in their opening brief (Dkt. 3738 at 14–17), courts routinely hold that there is no prejudice from an amendment that occurs before discovery has started, *see Joint Stock Co. v. Infomir LLC*, 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017), and even after limited discovery has begun, *Munguia v. Bhuiyan*, 2012 WL 526541, at *4 (E.D.N.Y. Feb. 15, 2012).

*First*, ZCM argues that it would be prejudiced in having "to expend significant additional resources" on defending against the amended complaint because most of its "structured products business was transferred to" a BNP Paribas entity in 2003 "and the portion of the business that remained was placed into run-off."  Dkt. 3787 at 24–25.  ZCM does not contend that it is missing relevant documentary evidence, and even if it did, arguments about whether ZCM has possession, custody, or control over relevant documents are premature.  Moreover, ZCM makes no mention of the fact that its sale to a BNP Paribas entity is central to the Liquidators' complaint in a related adversary proceeding that also remains pending before this Court.  *See supra* at 4.  To the extent ZCM suggests that BNP Paribas possesses the relevant information as a successor to the pertinent portion of ZCM's structured products business, ZCM can seek discovery from BNP Paribas, which notably has made no argument about prejudice in response to this motion.

ZCM is likewise wrong to argue that an entity's unilateral decision to go into "run-off" is sufficient to create prejudice that would preclude an otherwise permissible amendment. Dkt. 3787

at 25–26.  Regardless of whether ZCM is presently "an operating company," it is not shielded from

legal action.  There is no question that ZCM continues to actively litigate this matter notwithstand-

ing assertedly being in "run-off" since 2003.  *Id.* at 16.  In support of its prejudice argument, ZCM

suggests that "key witnesses … are no longer available" because "none of the employees who were

employed by [ZCM] during the proposed transaction with Société Générale in 2003 are still with

the company."  *Id.* at 25.  But the fact that a former employee is no longer with the company does

not mean that she is "unavailable" to testify.  Attorneys routinely depose former employees of

corporations, either voluntarily or using available judicial process.  ZCM does not identify a single

employee whose testimony would be relevant to this matter who it has not been able to locate or

who has asserted an inability to testify at deposition or trial.  *See EEOC v. Integrated Food Sys.*,

1988 WL 100069, at *2 (S.D.N.Y. Sept. 19, 1988) (rejecting the defendants' blanket argument

that "former employees are no longer available to testify" when "neither party has attempted to

subpoena" the former employees).  And to the extent former employees may not recall events that

occurred in 2003, the Liquidators would be far more prejudiced than ZCM as the Liquidators carry

the burden of proof on their claims.

*Second*, ZCM mistakenly argues that the mere passage of time between the complaint and

the Liquidators' motion constitutes prejudice.  Dkt. 3787 at 25–27.  Standing alone, the time be-

tween the filing of an initial complaint and a motion for leave to amend is irrelevant to the prejudice

inquiry; rather, courts look to the stage of the proceeding during which the motion is filed.  *See*

*Wiwa v. Royal Dutch Petroleum Co.*, 2009 WL 464946, at *5 (S.D.N.Y. Feb. 25, 2009) (permitting

amended answer that was filed "many years after the first complaint" because of "the protracted

nature of this litigation" and because the amendment was sought "well before the eve of trial").  In

each case cited by ZCM, the court found undue prejudice based chiefly on the fact that the motion

for leave to amend had been filed when discovery was complete or nearly complete and granting the motion would require substantial additional discovery.

In *SEC v. Rio Tinto PLC*, for example, the court found undue prejudice because proposed amendments referenced "new conversations or meetings," which could require "*supplemental* depositions of those present," a process that would be burdensome where discovery had "nearly concluded" and many foreign deponents had already been examined.  2020 WL 2504008, at *12, 14 (S.D.N.Y. Mar. 9, 2020) (emphasis added).  Likewise, in *In re Enron Corp.*, the court denied a motion for leave to amend filed after discovery was completed and the defendants were due to move for summary judgment, finding that "more discovery would be necessary from non-parties and knowledgeable witnesses are not readily available" at this stage in the proceedings.  367 B.R. 373, 381 (Bankr. S.D.N.Y. 2007).  In *Kirlin v. Conopco, Inc.*, the court denied a motion for leave to amend filed "after discovery [was] nearly complete," which would "requir[e] defendant to reconduct depositions and to take additional party and non-party discovery."  1996 WL 263026, at *2 (S.D.N.Y. May 16, 1996).  And in *In re Teligent*—a case that ZCM cites no fewer than six times—the court found prejudice when a motion for leave to amend was filed one year after cross-motions for partial summary judgment were decided, shortly before the close of discovery, and on the eve of the final pre-trial conference.  346 B.R. at 76–77.  As the court explained, the amendment there would have prejudiced defendant "because it involves a new theory and requires discovery and proof of different facts" that were not explored in the discovery that had taken place to date.  *Id.* at 77.  ZCM does not and cannot show that the Liquidators' motion was filed under any circumstances resembling these cases.

*Third*, ZCM suggests without basis that it suffered prejudice by surprise from the additional facts pleaded in the proposed amended complaint.  Dkt. 3787 at 26–27.  ZCM's asserted surprise

11

is belied by its simultaneous assertion that the relevant facts involving Société Générale's suspicions about BLMIS were available in the public record since 2008. *See id.* at 1–2, 13, 15, 20. There is no prejudice under Rule 15 when the opposing party "had knowledge of the facts giving rise to" the amendments. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 103 (S.D.N.Y. 2018).

*Finally*, the subsequent transferee Defendants' attempt to piggyback on ZCM's prejudice arguments (Dkt. 3790 at 7–9) fails for the reasons explained above and for several additional reasons. As an initial matter, Citibank Switzerland, HSBC Bank USA, and Merrill Lynch Bank are wrong to suggest that the Liquidators' claims against them depend on imputing ZCM's knowledge. *Id.* at 8. As noted above, *see supra* at 4, the proposed amended complaint includes individualized knowledge allegations against these entities that are independent of the allegations against ZCM. All the opposing subsequent transferee Defendants are likewise wrong to assert that they are "substantially prejudiced … in their ability to conduct their own discovery of [ZCM], what it knew (and did not know), and what it communicated (and did not communicate) to each purported transferee." Dkt. 3790 at 7. Defendants submit no factual support for the purely hypothetical proposition that relevant discovery might be unavailable. Even if they did, Defendants are in no position to tell the Liquidators or this Court what information is or is not available when merits discovery has not yet commenced.

### D.    None of Defendants' Arguments Supports a Finding of Undue Delay

ZCM and Citibank Switzerland devote considerable space in their briefs to chronicling the long history of these actions and the underlying events, presumably to show that the Liquidators' proposed amendments are not timely. *See* Dkt. 3787 at 3–16; Dkt. 3790 at 3–6. Those efforts are misdirected. No one disputes that these actions have continued for over a decade without resolving

the merits of the Liquidators' constructive trust claims.  Similarly, no one disputes that <u>some</u> allegations against <u>some</u> Defendants—including against the objectors here—have been publicly written about since 2008.  But the crux of the Rule 15(a)(2) inquiry is a plaintiff's <u>undue</u> delay (or lack thereof)—that is, whether a plaintiff's delay is justified under the circumstances.  Neither ZCM nor Citibank Switzerland have shown a basis to conclude there was undue delay here, given that the Liquidators exercised diligence in amending their complaints once Judge Bernstein clarified the knowledge standard applicable to their constructive trust claims.

ZCM and Citibank Switzerland concede that Judge Bernstein had not articulated a knowledge standard for pleading a constructive trust claim until the *Fairfield II* decision in December 2018.  *See* Dkt. 3787 at 7 ("The *Fairfield II* decision fully dismissed the Liquidators' common law and contract claims, including for constructive trust, <u>except to the extent the Liquidators had adequately pleaded that a particular defendant 'knew or should have known that [the Funds'] NAVs were inflated because of Madoff's fraud.</u>" (emphasis added)); Dkt. 3790 at 4–5 (similar).  Until that time, the Liquidators could not have known that Judge Bernstein would impose an individual knowledge requirement on their pleadings.

Defendants' suggestion that the Liquidators were on notice as early as July 2016 that individualized knowledge issues <u>could</u> be relevant to the U.S. redeemer actions, Dkt. 3787 at 23–24; Dkt. 3790 at 4, and that the Liquidators should have expended millions of dollars of the Funds' estates' limited resources at that time to research individual misconduct <u>on the eve of motion to dismiss briefing</u>, to support a potentially superfluous theory of liability, is neither required by law nor advisable as a matter of sound estate administration.  As the Liquidators' opening brief made clear, courts routinely allow amendments in circumstances where the pleading standard has changed.  *See* Dkt. 3738 at 17 (citing *e.g.*, *In re Bernard L. Madoff Inv. Sec. LLC*, 560 B.R. 208,

221 (Bankr. S.D.N.Y. 2016) (providing that "[a]n intervening change in pleading standards may justify leave to amend")).

ZCM is likewise wrong to argue that Judge Bernstein's August 2020 divestiture decision supports its argument for delay. *See* Dkt. 3787 at 23–24. As ZCM acknowledges only parenthetically, Judge Bernstein's divestiture ruling was based on Rule 60(b)'s excusable neglect standard and not on the undue delay standard in Rule 15(b). The "high standard" for relief from a final judgment under Rule 60(b), *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 3302606, at *3 (S.D.N.Y. July 23, 2019), has no bearing on the "standard of liberality afforded to motions to amend pleadings under Rule 15," *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, 2021 WL 930616, at *1 (S.D.N.Y. Mar. 11, 2021). Judge Bernstein noted in the August 2020 decision (now on appeal by the Liquidators) that his ruling was based on the finality of the judgment, not on the passage of time between the initial complaint and the amendment. *See In re Fairfield Sentry Ltd.*, 2020 WL 4813565, at * 11.

Finally, ZCM attempts to minimize the Liquidators' substantial post-*Fairfield II* diligence efforts, because the new allegations against them are comparatively fewer than the allegations against other Defendants who chose not to oppose this motion. Dkt. 3787 at 19–20. ZCM cites no cases purporting to recognize the number of amended allegations as a basis for denying a motion for leave. ZCM nevertheless insists that amendment is precluded, as here, where the Liquidators supposedly had ready access to the facts supporting their allegations for years. Each of Defendants' cases on this point are distinguishable, involving situations where the plaintiffs in a single action sought to amend their complaints essentially on the eve of trial, well after the pleading stage concluded and discovery had been ongoing. *See, e.g.*, *In re Teligent*, 346 B.R. at 76 (a plaintiff seeking leave to include new intentional fraudulent transfer claim more than a year after

14

summary judgment motions were decided and one week prior to the close of discovery failed to "offer[] a satisfactory explanation" for her delay); *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 2004 WL 169746, at *1–3 (S.D.N.Y. Jan. 28, 2004) (a plaintiff seeking leave to assert claims against two new defendants—despite multiple discovery extensions and "nearly complet[ing] preparation for trial"—"fail[ed] to explain the delay").  That is decidedly not the situation here, where the proceedings are still at the pleading stage after more than a decade and the Liquidators have provided more than adequate explanation for their amendments.  Defendants' pat recitation of the Liquidators' efforts elides the critical fact that in the 8-month period following *Fairfield II*, the Liquidators were required to investigate and satisfy themselves of a reasonable basis for asserting claims under the new pleading standard against more than one hundred Defendants across 29 current and potential future knowledge actions—not just 1.  Accordingly, the objecting Defendants have not established undue delay.

15

## **CONCLUSION**

The Liquidators' motion to amend should be granted in all 17 actions.


Dated:   New York, NY                          Respectfully submitted,
         June 11, 2021
                                               SELENDY & GAY PLLC


                                    By:     _/s/ David Elsberg_____
                                            SELENDY & GAY PLLC

                                            David Elsberg
                                            Lena Konanova
                                            Jordan Garman
                                            Ester Murdukhayeva
                                            Ronald Krock
                                            1290 Avenue of the Americas
                                            New York, NY 10104
                                            Telephone: 212-390-9000
                                            delsberg@selendygay.com
                                            lkonanova@selendygay.com
                                            jgarman@selendygay.com
                                            emurdukhayeva@selendygay.com
                                            rkrock@selendygay.com

                                            -and-

                                            BROWN RUDNICK LLP

                                            David J. Molton
                                            Marek P. Krzyzowski
                                            Seven Times Square
                                            New York, NY 10036
                                            Telephone: 212-209-4800
                                            dmolton@brownrudnick.com
                                            mkrzyzowski@brownrudnick.com


                                            *Attorneys for Plaintiffs Foreign Representatives*


16