Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000

David Elsberg
Managing Partner
212 390 9004
delsberg@selendygay.com



July 23, 2021

**Via ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

**Re:** ***Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Proc. No. 10-3496 (CGM);** ***Farfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Proc. No. 10-3635 (CGM);** ***Fairfield Sentry Ltd. v. ABN AMRO Schweiz AG*, Adv. Proc. No. 10-3636[1] (CGM)**

Dear Chief Judge Morris:

    We represent Kenneth M. Krys and Greig Mitchell, in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation), Fairfield Sigma Limited (In Liquidation), and Fairfield Lambda Limited (In Liquidation) in the adversary proceedings captioned above. We write respectfully to request that Plaintiffs' Monday, July 26, 2021 deadline to respond to HSBC's current motion to dismiss for insufficient service of process (Dkt. 3783) be adjourned by two weeks to allow the parties to continue discussions concerning the proper party named as the Defendant with respect to the at-issue redemptions.

    Although framed as a motion to dismiss for insufficient service, HSBC's motion relates to proper party naming rather than service. Specifically, HSBC contends that "HSBC" is not a legal entity and thus was not properly named as a Defendant—and that naming "HSBC" could not provide notice to a Defendant of this action. *See, e.g.*, Dkt. 3783, at 4, 7–8.

---

[1] Plaintiffs intend to dismiss HSBC from adversary proceeding 10-3636 for an unrelated reason, but the stipulation of dismissal has not yet been executed and filed.

Hon. Cecelia G. Morris
July 23, 2021

In the time this Court has allowed for discovery following Defendants' motions to dismiss, Plaintiffs have repeatedly engaged with HSBC's counsel, Cleary Gottlieb, to resolve the question of which entity is the proper party—if, as HSBC argues, "HSBC" is not properly named. In the course of those discussions, HSBC's counsel represented to Plaintiffs that HSBC Bank USA, N.A. ("HBUS") has relevant records concerning the at-issue redemptions. With Cleary's consent, Plaintiffs subpoenaed HBUS and obtained underlying transaction records for the at-issue redemptions. Cleary represented to Plaintiffs on June 29, 2021 that HBUS has no records indicating that it received any transfers for its own account; based on the limited records HBUS produced, Cleary takes the position that the subject transfers were deposited into an account at HBUS belonging to Citco Banking Corporation N.V. **for the benefit of Citco Global Custody (NA) N.V.**

Plaintiffs also sought from Paul, Weiss, counsel for Citco Fund Services (Europe) B.V. (the "Citco Administrator"), the administrator for the Funds, information regarding the ultimate recipient of the at-issue redemptions. Counsel for the Citco Administrator informed Plaintiffs that Citco's records show **HBUS, not Citco Global Custody (NA)**, was the "beneficiary" of the transfers in question and a "custody client of Citco Bank and Trust." Thus, each of HBUS and Citco Global Custody (NA) is pointing its finger at the other, claiming the other is the one that should be named as the proper party.

Given this purported discrepancy in HBUS's records and Citco's records, Plaintiffs met and conferred with HSBC's counsel, Cleary Gottlieb, on July 21, 2021, and asked counsel to stipulate to the substitution of HBUS for HSBC in the above-referenced action and also to service of process on HBUS (as other HSBC entities have stipulated), while preserving any objections that HBUS was an improper party in this action. HSBC's counsel agreed to consider that request and also agreed, orally, that the issue with respect to HSBC is not one of service. At 2:30pm today, July 23, 2021, however, HSBC's counsel informed Plaintiffs they would not agree to substitute HBUS for HSBC, nor to withdraw their motion; at 3:09pm today, they confirmed they would not consent to a short adjournment allowing Liquidators to respond to the current motion.

The issue of whether HSBC is a properly named party is not within the scope of the motion practice concerning service authorized by this Court. It would be a waste of this Court's and the parties' resources to have Plaintiffs respond to HSBC's current motion because, as all parties apparently agree, the dispute between them does not concern service. Accordingly, Plaintiffs respectfully request that this Court adjourn the deadline for opposing HSBC's motion by two weeks to allow the parties—and the Citco Administrator—to continue discussions concerning the proper party named as the Defendant with respect to the at-issue redemptions.

2

Hon. Cecelia G. Morris
July 23, 2021

Respectfully submitted,

*/s/ David Elsberg*

David Elsberg

Cc:   All Counsel of Record

3