UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>         Debtor in Foreign<br>         Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>         Plaintiffs,<br><br>         v.<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>         Defendants. | Adv. Pro. No. 10-03496 (CGM)<br><br>Administratively Consolidated |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>         Plaintiffs,<br><br>         v.<br><br>HSBC SECURITIES SERVICES (LUXEMBOURG) S.A., et al.,<br><br>         Defendants. | Adv. Pro. No. 10-03630 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>         Plaintiffs,<br><br>         v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>         Defendants. | Adv. Pro. No. 10-03635 (CGM) |

| | |
|---|---|
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., <br><br>         Plaintiffs, <br><br>     v. <br><br> ABN AMRO SCHWEIZ AG, et al., <br><br>         Defendants. | Adv. Pro. No. 10-03636 (CGM) |

**DECLARATION OF DAVID J. MOLTON
IN SUPPORT OF LIQUIDATORS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FOR INSUFFICIENT SERVICE OF PROCESS**

I, DAVID J. MOLTON, do hereby declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief:

1.      I am a member of the law firm of Brown Rudnick LLP, counsel for Kenneth Krys and Greig Mitchell, (together, the "Liquidators" or "Foreign Representatives"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation), Fairfield Sigma Limited (In Liquidation), and Fairfield Lambda Limited (In Liquidation). I submit this Declaration in support of the Liquidators' *Memorandum of Law in Opposition to Defendants' Motions to Dismiss for Insufficient Service of Process*.

2.      Attached as Exhibit 1 is a true and correct copy of an affidavit of service dated August 10, 2012, from Christopher Michael Lau Kamg, a process server engaged by Brown Rudnick LLP, reflecting service on July 31, 2012 upon the defendant Private-Space Ltd. in Adv. Proc. No. 10-03630.

3.      Attached as Exhibit 2 is a true and correct copy of an affidavit of service dated October 22, 2010, from Christopher Michael Lau Kamg, a process server engaged by Brown

2

Rudnick LLP, reflecting service on October 20–21, 2010 upon the defendants Unifortune Con-

servative Side Pocket (named as "Allianzbank SpA/Unifortune Conservative Side Pocket" in the

complaint), Centrum Bank Aktiengesellschaft (named as "Centrum Bank AG (AMS)"), LGT Bank

in Liechtenstein AG (n/k/a LGT Bank AG), and Liechtensteinische LB Reinvest AMS (a/k/a

Liechtensteinische Landesbank Aktiengesellschaft) in Adv. Proc. No. 10-03635.

4.      Attached as Exhibit 3 is a true and correct copy of an affidavit of service dated

April 7, 2011, from Christopher Michael Lau Kamg, a process server engaged by Brown Rudnick

LLP, reflecting service on October 22, 2010 upon the defendant Verwaltungs-und Privat-Bank

Aktiengesellschaft (n/k/a VP Bank AG) in Adv. Proc. No. 10-3635.

5.      Attached as Exhibit 4 is a true and correct copy of an affidavit of service dated

October 20, 2010, from Christopher Michael Lau Kamg, a process server engaged by Brown Rud-

nick LLP, reflecting service on October 8, 2010 upon counsel for defendants Verwaltungs-und

Privat-Bank Aktiengesellschaft (n/k/a VP Bank AG) and Centrum Bank Aktiengesellschaft

(named as "Centrum Bank AG (AMS)") in Adv. Proc. No. 10-3635.

6.      Attached as Exhibit 5 is a true and correct copy of an affidavit of service dated

October 22, 2010, from Christopher Michael Lau Kamg, a process server engaged by Brown Rud-

nick LLP, reflecting service on October 20-21, 2010 upon the defendants Unifortune Conservative

Side Pocket (named as "Allianzbank SpA/Unifortune Conservative Side Pocket" in the complaint),

Centrum Bank Aktiengesellschaft (named as "Centrum Bank AG (AMS)"), LGT Bank in Liech-

tenstein AG (n/k/a LGT Bank AG), and Liechtensteinische LB Reinvest AMS (a/k/a Liechten-

steinische Landesbank Aktiengesellschaft), in Adv. Proc. No. 10-03636.

7.      Attached as Exhibit 6 is a true and correct copy of an affidavit of service dated

April 7, 2011, from Christopher Michael Lau Kamg, a process server engaged by Brown Rudnick

LLP, reflecting service on October 22, 2010, upon the defendant Verwaltungs-und Privat-Bank Aktiengesellschaft (n/k/a VP Bank AG) in Adv. Proc. No. 10-03636.

8.      Attached as Exhibit 7 is a true and correct copy of an affidavit of service dated October 20, 2010, from Christopher Michael Lau Kamg, a process server engaged by Brown Rudnick LLP, reflecting service on October 8, 2010 upon counsel for defendants Verwaltungs-und Privat-Bank Aktiengesellschaft (n/k/a VP Bank AG) and Centrum Bank Aktiengesellschaft (named as "Centrum Bank AG (AMS)") in Adv. Proc. No. 10-03636.

9.      Attached as Exhibit 8 is a true and correct copy of an affidavit of service dated June 17, 2011, from Christopher Michael Lau Kamg, a process server engaged by Brown Rudnick LLP, reflecting service on May 27, 2011 upon the defendant Arden International Capital Ltd in Adv. Proc. No. 10-03636.

10.      Attached as Exhibit 9 is a true and correct copy of an affidavit of service dated August 10, 2012, from Christopher Michael Lau Kamg, a process server engaged by Brown Rudnick LLP, reflecting service on July 31, 2012 upon the defendant HSBC in Adv. Proc. No. 10-03635.

11.      Attached as Exhibit 10 is a true and correct copy of an e-mail dated July 22, 2021, from Julie Perez, Manager of Client Services at Process Service Network, LLC, a company Brown Rudnick LLP has previously used to effect service via Article 5 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), to Brown Rudnick LLP, attaching an estimate of certain costs for serving the relevant complaints and exemplar summonses on the Defendants under the Hague Convention or, with respect to the Liechtenstein Defendants (defined below), pursuant to Letters Rogatory, including translation of complaints and summons and service thereof (the "Estimate").

4

12.     According to the Estimate, the costs of translating the complaints and summonses for Adv. Proc. Nos. 10-3630, 10-3635, and 10-03636 for service under the Hague Convention or Letters Rogatory into French, Italian and/or German (official languages of Monaco, Italy and Liechtenstein, respectively) would be $0.28 per word.

13.     As set forth in the Estimate, the cost for translating the complaint and exemplar summons in Adv. Proc. No. 10-03630 into French for service on Private-Space Ltd. in Monaco would be **$4,181.52**.

14.     As set forth in the Estimate, the cost for translating the complaints and exemplar summonses in Adv. Proc. Nos. 10-03635 and 10-03636 into Italian for service on Unifortune Conservative Side Pocket in Italy would be **$19,055.68**.

15.     As set forth in the Estimate, the cost for translating the complaints and exemplar summonses in Adv. Proc. Nos. 10-03635 and 10-03636 into German for service on Verwaltungs- und Privat-Bank Aktiengesellschaft (n/k/a VP Bank AG), Centrum Bank Aktiengesellschaft, LGT Bank in Liechtenstein AG (n/k/a LGT Bank AG), and Liechtensteinische LB Reinvest AMS (a/k/a Liechtensteinische Landesbank Aktiengesellschaft) ("Liechtenstein Defendants") in Liechtenstein would be **$19,055.68**.

16.     Further, according to the Estimate, service fees for service under the Hague Convention on a single Defendant would be $795 per case, per address served.  Accordingly, it would cost approximately **$3,235.00** to serve Defendants Unifortune Conservative Side Pocket, Private-Space Ltd., and Arden International Capital Limited (inclusive of $55.00 B.V.I. fee for service on Arden International Capital Limited) ("Hague Defendants").  Including service fees and translation costs, it would cost approximately **$26,472.20** to serve the Hague Defendants.

17.     Further, it would cost $1,475.00 plus an Embassy Fee of $2,275.00 to serve each Liechtenstein Defendant pursuant to Letters Rogatory.  Accordingly, it would cost **$30,000.00** to serve all four Liechtenstein Defendants.  The total cost of service of the Liechtenstein Defendants, inclusive of service fees and translation fees, is **$49,055.68.**  The Liquidators would also incur additional translation fees to translate the Letters Rogatory documents that would be prepared by Process Service Network, LLC.

18.     According to the Estimate, the total cost of serving all the Defendants (including a $5,090.00 multiple defendant discount) will be **$70,437.88.**

19.     Finally, according to Ms. Perez it will take 2 to 7 months to accomplish service on the Hague Defendants and 10 to 12 months to accomplish service on the Liechtenstein Defendants.

20.     The Liquidators would likely incur additional attorneys' fees and other costs for staff time not reflected in the sum above.


Dated:   New York, New York
         July 26, 2021

_____
                    DAVID J. MOLTON

6