Page 1

1  UNITED STATES BANKRUPTCY COURT

2  SOUTHERN DISTRICT OF NEW YORK

3  Case No. 10-13164-cgm

4  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6

7  FAIRFIELD SENTRY LIMITED and NOMURA INTERNATIONAL PLC,

8           Debtors.

9  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

10  Adv. Case No. 10-03622-cgm

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12  FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

13              Plaintiffs,

14          v.

15  CITIBANK NA LONDON et al.

16              Defendants.

17  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

18  Adv. Case No. 10-03626-cgm

19  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

20  FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

21              Plaintiffs,

22          v.

23  BGL BNP PARIBAS, S.A. et al.,

24              Defendants.

25  - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Page 2

1    Adv. Case No. 10-03627-cgm

2    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

3    KRYS et al.,

4                    Plaintiffs,

5            v.

6    BNP PARIBAS SECURITIES SERVICES LUXEMBOURG et al.,

7                    Defendants.

8    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

9    Adv. Case No. 10-03630-cgm

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

12                    Plaintiff,

13           v.

14   HSBC SECURITIES SERVICES (LUXEMBOURG) SA et al.,

15                    Defendants.

16   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

17   Adv. Case No. 10-03633-cgm

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

20                    Plaintiffs,

21           v.

22   HSBC PRIVATE BANK (SUISSE) SA et al.,

23                    Defendants.

24   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

25

Page 3

1    Adv. Case No. 10-03634-cgm

2    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

3    FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

4                    Plaintiffs,

5            v.

6    ZURICH CAPITAL MARKETS COMPANY et al.,

7                    Defendants.

8    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

9    Adv. Case No. 10-03635-cgm

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

12                   Plaintiffs,

13           v.

14   UNION BANCAIRE PRIVEE, UBP SA et al.,

15                   Defendants.

16   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

17   Adv. Case No. 10-03636-cgm

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

20                   Plaintiffs,

21           v.

22   UNION BANCAIRE PRIVEE, UBP SA et al.

23                   Defendants.

24   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

25

Page 4

1     Adv. Case No. 10-03780-cgm

2     - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

3     FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

4                     Plaintiffs,

5              v.

6     UBS AG NEW YORK et al.,

7                     Defendants.

8     - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

9     Adv. Case No. 10-04098-cgm

10    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11    FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

12                    Plaintiffs,

13             v.

14    BNP PARIBAS ARBITRAGE SNC et al.,

15                    Defendants.

16    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

17    Adv. Case No. 10-04099-cgm

18    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19    FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

20                    Plaintiffs,

21             v.

22    BNP PARIBAS PRIVATE BANK AND TRUST CAYMAN Ltd. et al.,

23                    Defendants.

24    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

25

Page 5

1    Adv. Case No. 11-01250-cgm

2    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

3    FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

4                    Plaintiffs,

5            v.

6    UBS LUXEMBOURG SA et al.,

7                    Defendants.

8    - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

9    Adv. Case No. 11-01463-cgm

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

12                   Plaintiffs,

13           v.

14   MERRILL LYNCH INTERNATIONAL et al.,

15                   Defendants.

16   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

17   Adv. Case No. 11-01579-cgm

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

20                   Plaintiffs,

21           v.

22   BNP PARIBAS SECURITIES NOMINEES Ltd. et al.,

23                   Defendants.

24   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

25

Page 6

1    Adv. Case No. 11-01617-cgm

2    - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

3    FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,

4                    Plaintiffs,

5            v.

6    FORTIS BANK SA/NV et al.,

7                    Defendants.

8    - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

9    Adv. Case No. 11-02770-cgm

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.

12                   Plaintiffs,

13           v.

14   CITIGROUP GLOBAL MARKETS LIMITED et al.,

15                   Defendants.

16   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

17   Adv. Case No. 12-01551-cgm

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

19   FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.

20                   Plaintiffs,

21           v.

22   BNP PARIBAS ESPANA f/k/a FORTIS BANK (ESPANA) et al.,

23                   Defendants.

24   - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

25

Page 7

1                    United States Bankruptcy Court

2                    355 Main Street

3                    Poughkeepsie, NY   12601

4

5                    July 28, 2021

6                    10:48 AM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   B E F O R E :

22   HON CECELIA G. MORRIS

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO: UNKNOWN

Page 8

1   HEARING re Adversary proceeding: 10-03622-cgm Fairfield

2   Sentry Limited (In Liquidation) et al v. Citibank NA London

3   et al

4   Doc# 116 Motion to Amend and File the Further Proposed

5   Amended-Complaints in the Knowledge Actions filed by David

6   Elsberg on behalf of Fairfield Sentry Limited (In

7   Liquidation), Fairfield Sentry Limited (In Liquidation),

8   Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

9   and Greig Mitchell, solely in their capacities as Foreign

10  Representatives and Liquidators thereof

11

12  HEARING re Adversary proceeding: 10-03626-cgm Fairfield

13  Sentry Limited (In Liquidation) et al v. BGL BNP Paribas,

14  S.A. et al

15  Doc# 83 Motion to Amend and File the Further-Proposed

16  Amended Complaints in the Knowledge Actions filed by David

17  Elsberg on behalf of Fairfield Sentry Limited (In

18  Liquidate), Fairfield Sigma. Limited (In Liquidation),

19  Fairfield- Lambda Limited (In Liquidation), and Kenneth Krys

20  and Greig Mitchell, solely in their capacities as Foreign

21  Representatives and Liquidators thereof

22

23  HEARING re Adversary proceeding:.10-03627-cgm Krys et al v.

24  BNP Paribas Securities Services Luxembourg et al

25  Doc# 133 Motion to Amend and File the Further Proposed

Page 9

1    Amended Complaints in the Knowledge Actions filed by David

2    Elsberg; on behalf of Fairfield Sentry Limited (In

3    Liquidation), Fairfield Sigma Limited (In Liquidation),

4    Fairfield -Lambda Limited (In Liquidation), and Kenneth Krys

5    and Greig Mitchell, solely in their capacities as Foreign

6    Representatives and Liquidators thereof HEARING re

7

8    HEARING re Adversary proceeding: 10-03630-cgm Fairfield

9    Sentry Limited (In Liquidation) et al v. HSBC Securities

10   Services (Luxembourg) SA et al

11   Doc# 146 Motion to Amend and File the Further Proposed

12   Amended Complaints in the Knowledge Actions filed by David

13   Elsberg on behalf of Fairfield-Sentry Limited (In

14   Liquidation), Fairfield Sigma Limited (In Liquidation),

15   Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

16   and Greig Mitchell, solely in their capacities as Foreign

17   Representatives and Liquidators thereof

18

19   HEARING re Adversary proceeding: 10-03633-cgm Fairfield

20   Sentry Limited (In Liquidation) et al v. HSBC Private Bank

21   (Suisse) SA et al

22   Doc# 135 Motion to Amend and File the Further Proposed

23   Amended Complaints in the Knowledge Actions filed by David

24   Elsberg on behalf of Fairfield Sentry Limited (In

25   Liquidation), Fairfield Sigma Limited (In Liquidation),

1    Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

2    and Greig Mitchell, solely in their capacities as Foreign

3    Representatives and Liquidators thereof

4

5    HEARING re Adversary proceeding: 10-03634-cgm Fairfield

6    Sentry Limited ( In Liquidation) et al v. Zurich Capital

7    Markets Company et al·

8    Doc# 297 Motion to Amend and File the Further Proposed

9    Amended Complaints in the Knowledge Actions filed by David

10   Elsberg on behalf of Fairfield Sentry Limited (In

11   Liquidation), Fairfield Sigma Limited (In Liquidation),

12   Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

13   and Greig Mitchell, solely in their capacities as Foreign

14   Representatives and Liquidators thereof

15

16   HEARING re 10-03634-cgm Fairfield Sentry Limited ( In

17   Liquidation) et al v. Zurich Capital Markets Company et al·

18   Doc# 304 Opposition Brief (Opposition to the Liquidators'

19   Motion for Leave to Amend the Complaint) (related

20   document(s)297) filed by Alan B. Vickery on behalf of Zurich

21   Capital Markets Company.

22

23   HEARING re Adversary proceeding: 10-03635-cgm Fairfield

24   Sentry limited ( In Liquidation) et al v. Union Bancaire

25   Privee, UBP SA et al

1   Doc# 560 Motion to Amend and File the Further Proposed

2   Amended Complaints in the Knowledge Actions filed by David

3   Elsberg on behalf of Fairfield Sentry Limited (In

4   Liquidation), Fairfield Sigma Limited (In Liquidation),

5   Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

6   and Greig Mitchell, solely in their capacities as Foreign

7   Representatives and Liquidators·thereof

8

9   HEARING re Adversary proceeding: 10-03636-cgm Fairfield

10  Sentry Limited (In Liquidation) et al v. Union Bancaire

11  Privee, UBP SA et al

12  Doc# 618 Motion to Amend and File the Further Proposed

13  Amended Complaints in the Knowledge Actions filed by David

14  Elsberg on behalf of Fairfield Sentry Limited. (In

15  Liquidation), Fairfield Sigma Limited (In Liquidation),

16  Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

17  and Greig Mitchell, solely in their capacities  as Foreign

18  Representatives and Liquidators thereof

19

20  HEARING re Adversary proceeding: 10-03780-cgm Fairfield

21  Sentry Limited (In Liquidation) et al v. UBS AG New York et

22  al

23  Doc# 122 Motion to Amend and File the Further Proposed

24  Amended Complaints in the Knowledge Actions filed by David

25  Elsberg on behalf of Fairfield Sentry Limited (In

1   Liquidation), Fairfield Sigma· Limited (In Liquidation),

2   Fairfield Lambda Limited (In Liquidation),. and Kenneth Krys

3   and Greig Mitchell, solely in their capacities as Foreign

4   Representatives and .Liquidators thereof

5

6   HEARING re Adversary proceeding: 10-04098-cgm Fairfield

7   Sentry Limited (In Liquidation) et al v. BNP Paribas

8   Arbitrage SNC et al

9   Doc# 77 Motion to Amend and File the Further Proposed

10  Amended Complaints in the Knowledge Actions filed by David

11  Elsberg on behalf of Fairfield Sentry Limited (In

12  Liquidation), Fairfield Sigma Limited (In Liquidation),

13  Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

14  and Greig Mitchell, solely in their capacities as Foreign

15  Representatives and Liquidators thereof

16

17  HEARING re Adversary proceeding: 10-04099-cgm Fairfield

18  Sentry Limited (In Liquidation) et al v. BNP Paribas Private

19  Bank and Trust Cayman Ltd. et al

20  Doc# 98 Motion to Amend and File the Further Proposed

21  Amended Complaints in the Knowledge Actions filed by David

22  Elsberg on behalf of Fairfield Sentry Limited (In

23  Liquidation), Fairfield Sigma Limited (In Liquidation),

24  Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

25  and Greig Mitchell, solely in their capacities as Foreign

Page 13

1    Representatives and Liquidators thereof

2

3    HEARING re 10-13164-cgm Fairfield SentrY. Limited and Nomura

4    International

5    Doc# 967 Notice of Adjournment of Hearing RE: Hearing on

6    Status Conference; hearing not held and adjourned to

7    7/28/2021 at 10:00 AM at Videoconference (ZoomGov) (CGM).

8

9    HEARING re Adversary proceeding: 11-01250-cgm Fairfield

10   Sentry Limited (In Liquidation) et al v. UBS Luxembourg SA

11   et al

12   Doc# 100 Motion to Amend and File the Further Proposed

13   Amended Complaints in the Knowledge Actions filed by David

14   Elsberg on behalf of Fairfield Sentry Limited (In

15   Liquidation), Fairfield Sigma Limited (In Liquidation),

16   Fairfield Lambda Limited _(In· Liquidation), and Kenneth

17   Krys and Greig Mitchell, solely in their capacities -as

18   Foreign Representatives and Liquidators thereof

19

20   HEARING re Adversary proceeding: 11-01463-cgm Fairfield

21   Sigma Limited (In Liquidation) et al v. Merrill Lynch

22   International et al

23   Doc# 87 Motion to Amend and File the Further Proposed

24   Amended Complaints in the Knowledge Actions filed by David

25   Elsberg on behalf of Fairfield Sentry Limited (In

1   Liquidation), Fairfield Sigma Limited (In Liquidation),

2   Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

3   and Greig Mitchell, solely in their capacities as Foreign

4   Representatives and Liquidators thereof

5

6   HEARING re Adversary proceeding: 11-01579-cgm Fairfield

7   Sentry Limited (In Liquidation) et al v. BNP Paribas

8   Securities Nominees Ltd. et al

9   Doc# 81 Motion to Amend and File the Further Proposed

10   Amended Complaints in the Knowledge Actions filed by David

11   Elsberg on behalf of Fairfield Sentry Limited (In

12   Liquidation), Fairfield Sigma Limited (In Liquidation),

13   Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

14   and Greig Mitchell, solely in their capacities as Foreign

15   Representatives and Liquidators thereof

16

17   HEARING re Adversary proceeding: 11-01617-cgm Fairfield

18   Sentry Limited (In Liquidation) et al v. Fortis Bank SA/NV

19   et al

20   Doc# 73 Motion to Amend and File the Further Proposed

21   Amended Complaints in the Knowledge Actions filed by David

22   Elsberg on behalf of Fairfield Sentry Limited (In

23   Liquidation), Fairfield Sigma Limited (In Liquidation),

24   Fairfield .Lambda Limited (In Liquidation), and Kenneth Krys

25   and Greig Mitchell, solely in their capacities as Foreign

1    Representatives and Liquidators thereof

2

3    HEARING re Adversary proceeding: 11-02770-cgm Fairfield

4    Sentry Limited (In Liquidation) et al v. Citigroup Global

5    Markets Limited et al

6    Doc# 81 Motion to Amend and File the Further Proposed

7    Amended Complaints in the Knowledge Actions filed by David

8    Elsberg on behalf of Fairfield Sentry Limited (In

9    Liquidation), Fairfield Sigma .. Limited (In Liquidation),

10   Fairfield Lambda Limited (In Liquidation), and Kenneth Krys

11   and Greig Mitchell, solely in their capacities as Foreign

12   Representatives and Liquidators thereof

13

14   HEARING re Adversary proceeding: 12-01551-cgm Fairfield

15   Sentry Limited (In Liquidation) et al v. BNP Paribas Espana

16   f/k/a Fortis Bank (Espana) et al

17   Doc# 72 Motion to Amend and File the Further Proposed

18   Amended Complaints in the Knowledge Actions filed by David

19   Elsberg on behalf of Fairfield Sentry Limited (In

20   Liquidation), Fairfield Sigma Limited (In Liquidation),

21   Fairfield Lambda Limited (In. Liquidation), and Kenneth Krys

22   and Greig Mitchell, solely in their capacities as Foreign

23   Representatives and Liquidators thereof

24

25   Transcribed by:  Sonya Ledanski Hyde

Page 16

1   A P P E A R A N C E S :

2

3   SELENDY GAY, PLLC

4        Attorneys for the Liquidators

5        1290 Avenue of the Americas, 17th Floor

6        New York, NY 10104

7

8   BY:  DAVID ELSBERG (TELEPHONICALLY)

9        YELENA KONANOVA (TELEPHONICALLY)

10        ESTER MURDUKHAYEVA (TELEPHONICALLY)

11

12   BROWN RUDNICK LLP

13        Attorneys for Fairfield Sentry Limited

14        7 Times Square

15        New York, NY 10036

16

17   BY:  DAVID MOLTON (TELEPHONICALLY)

18        MAREK P. KRZYZOWSKI (TELEPHONICALLY)

19

20

21

22

23

24

25

1    BOIES SCHILLER FLEXNER LLP

2        Attorneys for Zurich Capital Markets Company et al.

3        55 Hudson Yards

4        New York, NY 10001

5

6    BY:  STEVEN FROOT (TELEPHONICALLY)

7        JENNA C. SMITH (TELEPHONICALLY)

8

9    CLEARY, GOTTLIEB, STEEN, HAMILTON LLP

10       Attorneys for Citigroup Switzerland & Citibank

11       One Liberty Plaza

12       New York, NY 10006

13

14   BY:  CARMINE BOCCUZZI (TELEPHONICALLY)

15

16   CLEARY GOTTLIEB STEEN HAMILTON LLP

17       Attorneys for HSBC Bank USA

18       2112 Pennsylvania Avenue, NW, Suite 1000

19       Washington, DC 20037

20

21   BY:  NOWELL BAMBERGER (TELEPHONICALLY)

22

23

24

25

1   O'Melveny Myers LLP

2        Attorneys for Merrill Lynch Bank Entities

3        7 Times Square

4        New York, NY 10036

5

6   BY:  NATHANIEL ASHER (TELEPHONICALLY)

7

8   SHEARMAN STERLING LLP

9        Attorney for Bank Itau

10        599 Lexington Avenue

11        New York, NY 10022

12

13   BY:  RANDY LEWIS MARTIN (TELEPHONICALLY)

14

15   SULLIVAN CROMWELL LLP

16        Attorneys for Standard Chartered Bank

17        125 Broad Street

18        New York, NY 10004

19

20   BY:  ANDREW JOHN FINN (TELEPHONICALLY)

21

22   ALSO PRESENT TELEPHONICALLY:

23   RACHEL EHRLICH ALBANESE

24   JAMES BICKS

25   RICHARD CIRILLO

1    MARC R. COHEN

2    RAHMAN CONNELLY

3    JORDAN GARMAN

4    ANDREW G. GORDON

5    MARK G. HANCHET

6    GREGORY F. HAUSER

7    ANGELA K. HERRING

8    CHRISTINE MARIE JORDAN

9    THOMAS S. KESSLER

10   MARSHALL R. KING

11   RONALD KROCK

12   GREGORY F. LAUFER

13   BENJAMIN LOVELAND

14   DANIEL A. NEGLESS

15   KEITH R. PALFIN

16   JACHA D. PREUSS

17   DANIEL SHAMAH

18   FLETCHER W. STRONG

19   ELIZABETH VICENS

20   DAVID MORRIS

21   MICHAEL C. LAMBERT

22   DONG NI XU

23   DAVID FARRINGTON YATES

24   ERIC HALPER

25   RICHARD LEVIN

Page 20

1   EVAN NOLLER BIANCHI

2   KIMBERLY BLACK

3   SAMUEL BREIDBART

4   MAXWELL DILLAN

5   CHERELLE GLIMP

6   KEVIN C. KELLY

7   BIANCA LIN

8   WILLIAM A. MAHER

9   MARK MAKER

10  GREIG MITCHELL

11  ALICE O'BRIEN

12  LEIF RAANES

13  MELANIE WESTOVER YANEZ

14  HARRISON POLANS

15  ERIN E. VALENTINE

16  KENNETH KRYS

17  JOHN VERAJA

18

19

20

21

22

23

24

25

Page 21

1                    P R O C E E D I N G S

2              THE COURT:  Now then we're at the 10:30 calendar,

3       and I need to go through this a little more carefully in a

4       sort of different way because we have a lot of things on,

5       and I need to set it up.  So I'm -- now we're at 10-03622,

6       Fairfield Sentry Limited v. Citibank.  That's the first

7       adversary I have on.  State your name and affiliation.

8              MR. ELSBERG:  This is David Elsberg, for the

9       liquidators, Ken Krys and Greig Mitchell, who --

10             THE COURT:  Mr. -- okay, Mr. Elsberg, let me stop

11      you there because I really just wanted your name.  And then

12      I'm going to -- if you don't mind, I -- if you looked at the

13      calendar, we're going to follow the calendar.

14             So the first one I've called is 10-03629.  And Mr.

15      Elsberg, you've put your name on the record.  But I believe

16      this is an unopposed motion to amend.  And is there anyone

17      on this particular case?  I have heard no one.  And since

18      this is an unopposed motion to amend, Mr. Elsberg, submit an

19      order.

20             MR. ELSBERG:  Yes, Your Honor.

21             THE COURT:  And then the next one I have is 10-

22      03626, Fairfield Sentry Limited v. BGL BNP Paribas, S.A., et

23      al.  Mr. -- state your name for this case.  Mr. Elsberg?

24             MR. ELSBERG:  Yes.  David Elsberg again for the

25      liquidators.

```
 1            THE COURT:  Is there anyone else on this, this
 2   particular case?  And I have an unopposed motion to amend.
 3   Am I correct in that?
 4            MR. ELSBERG:  Yes, Your Honor.
 5            THE COURT:  Very good.  I'm going to grant that
 6   motion, and submit an order.  I'm struggling a bit sometimes
 7   with the consolidations.  But we'll try to struggle through
 8   it.
 9            And then case number 10-03627, Krys v. PNB [sic]
10   Paribas Securities Services Luxembourg.  State your name for
11   the record.
12            MR. ELSBERG:  David Elsberg, for the liquidators.
13            THE COURT:  And I -- is there anyone on this case?
14   And I have it as it's a motion to amend, and it is
15   unopposed.  Is that correct?
16            MR. ELSBERG:  Yes, Your Honor.
17            THE COURT:  So there would be no one else on the
18   case.  Again, submit an order.
19            MR. ELSBERG:  Yes, Your Honor.
20            THE COURT:  10-03630, Fairfield Sentry Limited v.
21   HSBC Securities Services (Luxembourg) SA, et al., and I --
22   you have to tell me a bit about this one because I don't
23   seem to have that same note.  State your name for the
24   record.
25            MR. ELSBERG:  David Elsberg, for the liquidators,
```

Page 23

1    Your Honor.

2              THE COURT:  Is this unopposed?

3              MR. ELSBERG:  Yes, Your Honor.

4              THE COURT:  Very good.  So if you will submit an

5    order on that.

6              MR. ELSBERG:  Yes, Your Honor.

7              THE COURT:  10-03633, Fairfield Sentry Limited v.

8    HSBC Private Bank (Suisse) SA, et al.  State your name for

9    the record.

10             MR. ELSBERG:  David Elsberg, for the liquidators.

11             THE COURT:  And I have that as it's a motion -- a

12   motion to amend, and it is unopposed.

13             MR. ELSBERG:  Yes, Your Honor.

14             THE COURT:  Very good.  Submit an order.

15             MR. ELSBERG:  Yes, Your Honor.

16             THE COURT:  Now the next one I am going to hold,

17   and that is the Fairfield Sentry v. Zurich Capital, because

18   I believe we're going to hear argument on that one.  But

19   then let's go to 10-03635, Fairfield Sentry Limited v. Union

20   Bancaire Privee, UBP SA, et al.  State your name for the

21   record.

22             MR. ELSBERG:  David Elsberg, for the liquidators.

23             THE COURT:  And Mr. Elsberg, I have this as a

24   motion to amend, and it is unopposed.

25             MR. ELSBERG:  Yes, Your Honor.

Page 24

1          THE COURT:  Very good.  Submit an order.  10-

2     03636, Fairfield Sentry Limited v. Union Bancaire Privee,

3     BPA [sic] SA, et al.  I have that as a motion to amend, and

4     it is unopposed.

5          MR. ELSBERG:  Yes, Your Honor.

6          THE COURT:  Submit -- yes, sir?  Very good.

7     Submit an order.  10-03780, Fairfield Sentry v. UBS AG New

8     York, et al.  I have that as a motion to amend, and I have

9     it as unopposed.  But state your name for the record, Mr.

10    Elsberg.

11         MR. ELSBERG:  David Elsberg, for the liquidators.

12    Yes, unopposed, Your Honor.

13         THE COURT:  Very good.  Submit an order.  10-

14    04098, Fairfield Sentry Limited v. BNP Paribas Arbitrage

15    SNC, et al.  I also have that as a motion to amend and

16    unopposed.  State your name.

17         MR. ELSBERG:  David Elsberg, for the liquidators.

18    Unopposed, Your Honor.

19         THE COURT:  Very good.  Submit an order.  10-

20    04099, Fairfield Sentry v. BNP Paribas Private Bank and

21    Trust Cayman Ltd., et al.  I have that as a motion to amend

22    and unopposed.  State your name.

23         MR. ELSBERG:  David Elsberg, for the liquidators.

24    Yes, unopposed.

25         THE COURT:  Very good.  Submit an order.  10-

Page 25

1    03496, Fairfield Sentry -- okay.  That's the lead case.

2    Wait, wait.  No.  It's not.  Fairfield Sentry, et al. v.

3    Theodoor GGC Amsterdam, et al.

4              MR. ELSBERG:  David Elsberg, for the liquidators,

5    Your Honor.  And that is the lead case, Your Honor.

6              THE COURT:  And that is what we have everything

7    docketed in, correct?

8              MR. ELSBERG:  Yes, Your Honor.

9              THE COURT:  Even though this case has been

10   dismissed, it's just a placeholder for all the remaining

11   cases?

12             MR. ELSBERG:  Yes, Your Honor.  That's correct.

13             THE COURT:  Okay.  All right.  So then what is 10-

14   13164, Fairfield Sentry Limited -- oh, that's just the case.

15   Okay.  I'll hold that because I'll want an update on what's

16   going on.  So we'll just hold that until the end.  But then

17   11-02 -- 11-01250, Fairfield Sentry v. UBS Luxembourg, et

18   al.  I have that as a motion to amend and unopposed.

19             MR. ELSBERG:  David Elsberg, for the liquidators.

20   Yes, Your Honor.  Unopposed.

21             THE COURT:  Submit an order.  11-01463, Fairfield

22   Sigma Limited v. Merrill Lynch International.  I have that

23   as a motion to amend, and it is unopposed.

24             MR. ELSBERG:  David Elsberg, for the liquidators.

25   Yes, Your Honor.  Unopposed.

1           THE COURT:  Very good.  Submit an order.  11-

2    01579, Fairfield Sentry v. BNP Paribas Securities Nominee

3    Ltd., et al.  I have that as a motion to amend, an unopposed

4    motion to amend.

5           MR. ELSBERG:  David Elsberg, for the liquidators.

6    Yes, Your Honor.  Unopposed.

7           THE COURT:  Submit -- submit an order.  11-01617,

8    Fairfield Sentry v. Fortis Bank SA/NV.  I have that as a

9    motion to amend, unopposed.

10           MR. ELSBERG:  David Elsberg, for the liquidators.

11    Yes.  That's correct, Your Honor.

12           THE COURT:  Submit an order.  11-02770, Fairfield

13    Sentry v. Citigroup Global Markets Limited.  I have that as

14    a motion to amend and unopposed.

15           MR. ELSBERG:  David Elsberg, for the liquidators.

16    That's correct, Your Honor.  Unopposed.

17           THE COURT:  Submit an order.

18           MR. BOCCUZZI:  Good morning.  Good morning, Your

19    Honor.  Excuse me?

20           THE COURT:  Yes, sir?  Yes, sir?

21           MR. BOCCUZZI:  This is Carmine Boccuzzi, from

22    Cleary, Gottlieb.  I represent Citigroup Global Markets

23    Limited, as well as other Citi defendants.  Just for -- and

24    you're correct, Your Honor, and Mr. Elsberg's correct.

25    There wasn't an opposition from this defendant to the motion

Page 27

```
 1    to amend.  I just -- for the sake of the record, the grounds

 2    for moving to amend at this stage were based on bad faith or

 3    undue prejudice or delay as opposed to futility.

 4              THE COURT:  Okay.  Okay.  But I still have an

 5    unopposed motion to amend, correct?

 6              MR. BOCCUZZI:  Correct, based on those grounds.

 7    Yes, Your Honor.

 8              THE COURT:  Okay.  Submit an order, Mr. Elsberg.

 9              MR. ELSBERG:  Yes, Your Honor.

10              THE COURT:  12-01551, Fairfield Sentry v. BPN

11    [sic] Paribas Espana f/k/a Fortis Bank (Espana).  I have

12    that as a motion to amend, and unopposed.  Mr. Elsberg?

13              MR. ELSBERG:  Yes, Your Honor.  Correct.

14              THE COURT:  State your --

15              MR. ELSBERG:  David Elsberg, for the liquidators.

16    That's correct, Your Honor.

17              THE COURT:  Very good.  Submit an order.  Now I

18    believe I've gone through everything except the one we are

19    here to hear today, and that is the --

20              MR. ELSBERG:  10-3634, Zurich Capital Markets,

21    Your Honor.

22              THE COURT:  Exactly.  And then the -- but just for

23    my -- I have the Mayer case which has been adjourned,

24    correct?

25              MR. ELSBERG:  Yes, Your Honor.
```

Page 28

 1              THE COURT:  Okay.  Good.  All right.  I'm just

 2      trying to make sure because when we started I had

 3      everything, and I wanted to make sure I didn't miss

 4      anything.  So as far as we know right now, everything else

 5      has been adjourned except the one we're now dealing with.

 6              MR. ELSBERG:  Yes, Your Honor.

 7              THE COURT:  Very good.  And this is adversary 10-

 8      03634, Fairfield Sentry, et al. v. Zurich Capital Markets,

 9      Banco Itau Europa Luxembourg, Bank Morgan Stanley AG, Bank

10      Morgan Stanley SA, Banc Sudameris, Caprice International

11      Group, Citibank Switzerland Zurich, Citivic Nominees

12      Limited, Compagnie Bancaire Espiritu Santo SA n/k/a Banque

13      Privee Espirito Santo, EFG Private Bank SA, Merrill Lynch

14      Bank, Morgan Stanley & Co. International plc, Safra National

15      Bank of New York, HSBC Bank USA, Antonio Bacelar Carrehas,

16      Desert Rose Limited, Edson Terra Cunha, Denise Bar, Fabio

17      Rodrigues Mendez, Pine Cliffs Investment Limited, ASBT

18      Cayman Sub No. 82, Beneficial Owners of Accounts Held in the

19      Name of Zurich Capital Markets 1-1000, EFG Bank AG f/k/a EFG

20      Private Bank SA, ZCM Asset Holdings Bermuda, ZCM Matched

21      Funding Corp., Citibank Switzerland AG and the remand

22      defendants, and I don't have those.  They're checked against

23      the complaints.

24              Let's state your name and who you represent.

25              MR. ELSBERG:  This is David Elsberg.  I represent

Page 29

1    the joint liquidators, Ken Krys and Greig Mitchell, who are

2    on the line with us today, and I'm also accompanied by my

3    colleagues from Selendy & Gay, Lena Konanova and Ester

4    Murdukhayeva, and I'm also joined by my colleagues from

5    Brown Rudnick, David Molton and Marek Krzyzowski.

6             THE COURT:  Very good.  And as defendants?

7             MR. FROOT:  Your Honor, Steven Froot, Boies

8    Schiller Flexner, for Zurich Capital Markets Company, and I

9    am joined by my colleague from Boies Schiller Flexner, Jenna

10   Smith.

11            THE COURT:  Very good.

12            MR. BOCCUZZI:  Good morning, Your Honor.  Carmine

13   Boccuzzi, from Cleary, Gottlieb, and I'm here on behalf of

14   Citibank Switzerland and Citibank.

15            MR. BAMBERGER:  Good morning, Your Honor.  Nowell

16   Bamberger, also of Cleary, Gottlieb, on behalf of HSBC Bank

17   USC in this adversary proceeding.

18            MR. ASHER:  Good morning, Your Honor.  Nate Asher,

19   on behalf of Merrill Lynch Bank, an entity that we've

20   maintained doesn't exist.  But we represent Merrill Lynch

21   entities in these actions, and have at least tabled that

22   issue for now.

23            MR. MARTIN:  Good morning, Your Honor.  Randy

24   Martin, for Banco Itau Europa Luxembourg.

25            MR. FINN:  Good morning, Your Honor.  Andrew Finn,

1    from Sullivan and Cromwell, on behalf of Safra National Bank

2    of New York.

3            THE COURT:  Okay.  Before we move on, Mr. Asher,

4    you're representing a company that you say it doesn't exist?

5            MR. ASHER:  That's right, Your Honor.  We

6    represent the Merrill Lynch entities in these cases

7    generally and in this adversary proceeding, there is an

8    entity named Merrill Lynch Bank, and that's an entity that

9    we've maintained doesn't exist.  And so, throughout this

10   litigation, to protect Merrill Lynch's interests, we've

11   preserved our argument that it doesn't exist.  But we are

12   trying to -- we've agreed with the liquidators.  We entered

13   into a stipulation recently tabling that issue for now.

14           THE COURT:  Okay.  Well, you're going to have to

15   explain to me at some point that you can represent something

16   that doesn't exist.  I think there's an ethical issue right

17   here, and I think it's huge.  And if you follow my record,

18   you'll understand that I treat ethical issues probably more

19   diligently than any other judge possibly in the nation.

20           MR. ASHER:  Okay.  Your Honor, if I may --

21           THE COURT:  Why don't you just let a default enter

22   against a company that doesn't exist and quit wasting

23   everybody's time on it?

24           MR. ASHER:  Well again, Your Honor, we have been

25   representing Merrill Lynch entities generally in this case,

1    and this is one in which there was a Merrill Lynch entity

2    that was named.  And we have been in communication with the

3    liquidators about this, and I think that --

4              THE COURT:  I don't care.  You're in front of me,

5    and there -- and if you just even look at the amount of time

6    that we have just spent talking to you and multiply it by

7    the number of people on this call for an entity that you say

8    doesn't exist, that's just stalling in my opinion.  Why are

9    we wasting time on a company that doesn't exist?

10             MR. ASHER:  Well, Your Honor, we would certainly

11   ask that the entity be dismissed from the action.  But I

12   think that, again, we --

13             THE COURT:  No.  We're going to go with a default.

14   Somebody that's representing Merrill Lynch Bank has to be

15   the one to ask for the case to be dismissed.  They're not --

16   you're not representing them.  You told them it doesn't

17   exist.  Why aren't we just ending -- did you get a retainer

18   from that entity?

19             MR. ASHER:  Well, we certainly -- I'll have to

20   look into that arrangement, Your Honor.  But I don't -- I

21   would -- I'm confident that we do not have a retainer on

22   behalf of -- well, Your Honor, if I may, I understand your

23   position --

24             THE COURT:  You are representing them.

25             MR. ASHER:  We have appeared --

Page 32

```
 1              THE COURT:  They are in default.  You can be here

 2     as somebody just watching.  But they're in default, if they

 3     don't have a representative at these conferences.  We'll

 4     deal with it at the end.  But, Mr. Elsberg, remind me that

 5     Merrill Lynch Bank is not represented, and they -- I will --

 6     you can enter defaults against anybody that is considered a

 7     "fake entity."  But we're going to do it that way.

 8              MR. ELSBERG:  Yes, Your Honor.

 9              MR. ASHER:  Well, we --

10              THE COURT:  All right.  Moving along?

11              MR. BICKS:  Your Honor, this is James Bicks.  I'm

12     representing the Morgan Stanley defendants.  I apologize.

13     My camera is not working.

14              THE COURT:  Okay.  I hope you're not sitting at

15     the beach, and then we'd all be jealous and you had -- you

16     turned it off on purpose.

17              MR. BICKS:  Oh, if only that could be true.

18              THE COURT:  Okay.

19              MR. BICKS:  But it's not, alas.

20              THE COURT:  Okay.  Next?  Who else?  Very good.

21     Mr. Elsberg, this is your motion.

22              MR. ELSBERG:  Thank you, Your Honor.  Under the

23     very liberal Rule 15 standard, we're seeking leave to amend

24     complaints in 17 of the 18 actions that are pending before

25     you, Your Honor.  And very quickly I'll get to the reasons
```

1    that our motion should be granted.  But if you'll let me,

2    I'll spend only about 60 seconds refreshing ourselves on

3    where we are procedurally because I think a very small

4    amount of context might help orient all of us.

5              THE COURT:  Thank you.

6              MR. ELSBERG:  So, Your Honor, pursuant to your

7    direction at the April 21 conference, and as Mr. Boccuzzi

8    just mentioned a few minutes ago, the parties are addressing

9    on this current motion, which is docket 3737, only whether

10   the amendment has been proposed in bad faith or would cause

11   undue prejudice or was made after undue delay.  And the

12   issue of whether the proposed amendments are futile or

13   sufficient to state a claim is beyond the scope of this

14   motion.  It's been deferred to the forthcoming motions to

15   dismiss.

16             Now defendants in 16 of the 17 relevant actions do

17   not oppose liquidator's motion for leave.  You went through

18   the index numbers at the beginning.  And so that means that

19   approximately 70 out of about 90 defendants in the 17

20   actions do not oppose our motion.  The one action where our

21   motion to amend has been opposed is captioned 10-ap-03634,

22   as Your Honor mentioned in the beginning.  And within that

23   action, Your Honor, only two defendants filed opposition

24   papers, specifically Zurich Capital Markets Company, which

25   I'll refer to as ZCM, or Zurich, and the second party is a

1    transferee that received redemptions through ZCM, Citibank

2    Switzerland, which I'll refer to as Citi.

3            And Your Honor, Citi's opposition is joined in

4    part by ten transferee defendants in the same action.  Those

5    ten transferees join only point one of Citi's brief, which

6    addresses prejudice.  They do not join part two, point two,

7    which addresses bad faith.  So with that background, Your

8    Honor, I will address why the oppositions are meritless and

9    should be rejected.  And I'll start with undue prejudice

10   because that's the factor that most courts give the most

11   weight to.

12           So, Your Honor, ZCM and the 11 transferees argue

13   that they somehow have been prejudiced.  But, Your Honor,

14   they do not come anywhere close, not even close to showing

15   any prejudice.  And the reason, Your Honor, the reason that

16   they cannot show prejudice is because merits discovery has

17   not even begun here.  ZCM doesn't cite any case where leave

18   to amend was denied on the grounds of prejudice where merits

19   discovery had not yet begun.

20           And, Your Honor, that makes a lot of sense.  And

21   it makes a lot of sense because the prejudice inquiry

22   focuses very heavily on the stage of the litigation when the

23   amendment occurs.  The focus is not on whether, in a vacuum,

24   some particular period of time has elapsed.  Courts tend to

25   look at whether document discovery is well underway, whether

Page 35

1   depositions have already occurred, whether summary judgment

2   has happened, whether it's on the eve of trial.  And this is

3   not a situation where lots of documents have been produced.

4   None has been produced, and no depositions have taken place.

5          So we're not going to be calling witnesses back

6   who already testified.  We're not going to have to ask

7   dozens of document reviewers to go back and review documents

8   that they already looked at to now see if there's something

9   relevant to the new allegations.  And the total absence of

10  any prejudice at all, Your Honor, is very vividly reinforced

11  by the Huxtable declaration that Zurich submitted supposedly

12  in support of their prejudice argument.

13         The most striking thing about the Huxtable

14  declaration, Your Honor, is what he does not say.  He does

15  not say that ZCM has lost access to a single relevant

16  document.  He does not say that there would be any burden at

17  all to access all of the relevant documents.  And the same

18  goes for witnesses, Your Honor.  All Huxtable says is that

19  certain individuals no longer work at the entity -- the

20  specific ZCM entity that's named as a defendant here.

21         But the key is he says nothing whatsoever to the

22  effect that it would be difficult at all to contact or get

23  the cooperation of witnesses with relevant knowledge.  So,

24  for example, Your Honor, Mr. Huxtable chose not to tell us

25  whether the relevant employees have cooperation clauses in

1    severance agreements.  He chose not to tell us whether those

2    employees who are no longer employed by the specific Zurich

3    entity that is the defendant, he doesn't say whether they

4    left that entity but left to go to another entity in the

5    Zurich family, which would make it very easy to get their

6    cooperation.

7            And we know from Huxtable's description of his own

8    career path that between 2001 and the present, he's moved

9    around from one Zurich entity to another.  And there's no

10   reason to believe that he's unique in that regard.  So zero

11   prejudice, not even an attempt to show any prejudice.  And

12   in any event, Your Honor, getting testimony from former

13   employees, as Your Honor knows, it happens as a matter of

14   course.  It creates no prejudice.

15           So the Zurich defendants utterly fail to carry

16   their burden to show prejudice and the subsequent

17   transferees, their argument is derivative of Zurich's.  and

18   so their argument on prejudice also fails for the same

19   reason.

20           Now, Your Honor, I'll move to bad faith.  Again,

21   Your Honor, the defendants don't come close to carrying

22   their burden.  It's not even a close call.  So to

23   demonstrate bad faith, Your Honor, it is not enough to show

24   merely that the plaintiff delayed in seeking the amendment.

25   We cite the Primetime 24 case, which makes that crystal

Page 37

1    clear.  And to demonstrate bad faith, Your Honor, it is also

2    not enough to show that when the original complaint was

3    filed, the plaintiff knew of evidence that support the

4    allegations that get added later in an amended complaint.

5    And on page five of our brief, Your Honor, we cite the

6    Affiliated FM case and the Randolph Foundation case, which

7    are crystal clear on that point.

8          Instead, Your Honor, courts find bad faith where

9    the plaintiff withholds allegations with an ulterior motive

10   to gain an unfair advantage.  And that principle is fatal to

11   defendants because they don't identify any ulterior motive

12   or unfair tactical benefit that the liquidators sought to

13   gain.  And in fact, the liquidators didn't gain any unfair

14   advantage.  All that happened is that when Judge Bernstein

15   set a new pleading standard in Fairfield II, the liquidators

16   moved to amend in response to that change in the standard.

17   It's that simple.

18          And, Your Honor, a couple of months ago the Second

19   Circuit addressed the same type of situation in Bensch v.

20   Umar.  And we submitted a copy of Bensch to Your Honor in a

21   supplemental authority letter on July 13, which is docket

22   3794.  What happened in Bensch, Your Honor, is the plaintiff

23   believed that a special pleading standard applicable in

24   admiralty cases applied to his complaint.  And he believed

25   that admiralty standard applied instead of the more

Page 38

1    stringent Iqbal standard.  And in the original complaint,

2    the plaintiff made no effort to include facts that he knew

3    at the time.  He knew the facts when he filed the original

4    complaint.  But he didn't include those facts to satisfy the

5    more stringent Iqbal standard.  And the defendant there

6    argued that the plaintiff acted in bad faith.

7            And what the defendant said is, number one, there

8    was existing precedent that should have alerted the

9    plaintiff that the Iqbal standard was going to apply and,

10   number two, the defendants argued that the plaintiff knew

11   but withheld the facts that he later sought to add as

12   allegations in the amendment.  And the Second Circuit,

13   reversing the court below, held that the plaintiff did not

14   act in bad faith.

15           The Second Circuit said that the plaintiff was

16   defending a legal proposition.  I'm quoting now: "The

17   plaintiff was defending a legal proposition about the proper

18   pleading standard that, while incorrect, was believed in

19   good faith by the plaintiff."

20           And likewise here, the liquidators had a good-

21   faith belief that Citco's bad faith, as the administrator

22   and agent for the directors of the fund, could taint all of

23   defendants' redemption payments.  And in fact, Your Honor,

24   the liquidators to this day still have a good-faith belief

25   in the Citco theory.  That Citco theory is up on appeal.

Page 39

1    And that theory, the Citco theory, has been reinforced since

2    Judge Bernstein issued his decision because the Privy

3    Council issued a decision after Fairfield II.  The decision

4    is called Weavering II.

5          And in that case, the Privy Council held that the

6    fraudulent determination of net asset values, NAVs, by a

7    fund's directors could not bind redeeming shareholders,

8    meaning that the bad faith of the directors taints all of

9    the transferees and you don't have to show individualized

10   knowledge as to each transferee.  And, Your Honor, that is

11   the gist of the Citco theory that Judge Bernstein rejected.

12   So there is no bad faith here because the pleading standard

13   changed, and the Second Circuit has addressed that.

14         And I'll address one more point on bad faith.

15   Another argument that does not work for ZCM and Citi. What

16   they say, despite what the Second Circuit held in Bensch,

17   what they say is that there's bad faith, there has to be bad

18   faith, they say, because the liquidators supposedly knew

19   before Fairfield II that knowledge allegations could be

20   important, and they point to some statements that the

21   liquidators made in 2016 in a hearing where Migani was

22   discussed.

23         But, Your Honor, this idea that the liquidators

24   should have known before Fairfield II that individualized

25   knowledge is important, that argument completely misses the

Page 40

1   point.  It doesn't make any difference if the liquidators

2   knew that one way, one way to obtain a claw-back was to

3   plead individualized defendant knowledge.

4          What matters is that it was not until Fairfield II

5   that Judge Bernstein rejected the Citco theory and announced

6   for the first time that the only way to support the

7   constructive trust claim and get a claw-back was to plead

8   individualized knowledge against each defendant.  And once

9   Fairfield II came out, the defendants started the process of

10  preparing the amended complaint.  So again their argument

11  about bad faith just gets no traction at all.

12         And just to quickly address the cases that they

13  cite, I'll just pick two of the ones that they rely on more

14  prominently.  Their cases actually illustrate why they're

15  wrong and why there is no bad faith there.  So they cite the

16  State Trading case, and what happened in that case is the

17  plaintiff chose not to plead a foreign law claim, a claim

18  under foreign law.  And the plaintiff had an ulterior motive

19  in not pleading the foreign law claim in the original

20  complaint.

21         Specifically, Your Honor, the plaintiff did not

22  want to get kicked out on a motion to dismiss based on forum

23  non conveniens or on a forum selection clause.  And the

24  forum selection clause required disputes to be heard in

25  Norway.  Later, after the plaintiff's state law claims under

Page 41

1    Connecticut law were dismissed, then the plaintiff sought to

2    amend to add foreign law claims that it had withheld.  And

3    in that situation, the court found that the decision in the

4    original complaint to withhold the foreign law claim was

5    done with an ulterior motive.  It was tactical, made with

6    the improper intention to get past the original motion to

7    dismiss and before the court found that there was bad faith.

8            By contrast, Your Honor, here the defendants don't

9    even try to argue that the liquidators deliberately omitted

10   any allegations from earlier complaints in order to increase

11   the odds of getting past a motion to dismiss or to gain any

12   other unfair advantage.

13           And their General Electric case is very similar.

14   Very briefly, Your Honor, in that case what happened is the

15   plaintiff filed an original complaint.  In that original

16   complaint, in a securities action, the plaintiff did not

17   make any allegations that the defendant had scienter, that

18   the defendant acted fraudulently.

19           In fact, in the original complaint and a

20   subsequent complaint and in at least one brief, the

21   plaintiff specifically disavowed any allegations of

22   scienter.  It was actually written into the complaint. To be

23   clear, we are not alleging scienter because they wanted to

24   proceed without being saddled by the heightened pleading

25   standard.

1          The court there found bad faith because after the

2     strict liability securities law claims had been dismissed,

3     then the plaintiff said, "You know all those scienter claims

4     that I previously disavowed and I said I wasn't bringing

5     because I didn't want to get hit with the higher pleading

6     standard?  Guess what.  Now I want to assert them."  And

7     again, there the court found bad faith because there was an

8     ulterior motive to try to get an advantage by getting past a

9     motion to dismiss by withholding allegations.

10         But again here the defendants don't even argue

11    that anything of the sort happened.  The liquidators were

12    not sitting in their room, rubbing their hands, jockeying to

13    try to figure out if we withhold these allegations, maybe we

14    get past a motion to dismiss or get an unfair advantage.  So

15    Your Honor, their arguments about bad faith also fail.

16         Now I'll address delay, Your Honor.  So Your

17    Honor, there is no undue delay here.  the liquidators did

18    not delay at all.  To the contrary, as I mentioned earlier,

19    Your Honor, the liquidators promptly filed their motion to

20    amend after Judge Bernstein issued Fairfield II which

21    changed the pleading standard.

22         So what happened, Your Honor, is that Fairfield II

23    was decided by Judge Bernstein on December 6 of 2018.  And

24    before that decision came out, the liquidators had pursued a

25    constructive trust theory that focused on Citco, which was

Page 43

1    the fund's administrator and the agent of the fund's

2    director.

3            More specifically, before Fairfield II, Your

4    Honor, the liquidators pursued the theory that Citco's bad

5    faith in issuing inflated NAV statements could taint all of

6    the defendants' redemption payments, and this is the reason

7    why, Your Honor.  The Citco theory is based on the plain

8    language of the fund's governing articles, which say that

9    any NAV certificates given in good faith.  That's the key

10   language.  Any NAV certificate given in good faith will be

11   binding on all parties.

12           So under the Citco theory, the liquidators were

13   pursuing Citco's bad faith because under the articles the

14   liquidators have argued and continue to argue on appeal the

15   bad faith under the fund's articles mean the liquidators

16   could recover on all defendants' redemption payments without

17   the need to prove individualized knowledge by each

18   defendants.

19           So the liquidators were pursuing that in good

20   faith.  But then on December 6 of 2018, Judge Bernstein

21   decided Fairfield II, which is docket 17-43.  And the world

22   changed for the liquidators with that decision because Judge

23   Bernstein announced for the first time, as I mentioned

24   earlier, that the liquidators could not pursue the Citco

25   theory.  He held even if Citco acted in bad faith, doesn't

Page 44

1    matter.  That would not taint the transfer to the individual

2    defendants.  As I mentioned, that was on appeal.  Weavering

3    was issued after Judge Bernstein's Fairfield II.  We still

4    have a good faith belief in it.

5             And in Fairfield II, Judge Bernstein also

6    announced for the first time that the only way that the

7    liquidators could bring a constructive trust claim, Your

8    Honor, was by pleading that specific defendants accepted

9    redemption payments when they, the specific defendant, knew

10   those payments were inflated.

11            And, Your Honor, once that standard was announced,

12   the liquidators went to work.  They went to work efficiently

13   and expeditiously to do what needed to be done to satisfy

14   the newly articulated pleading standard.  And there was a

15   lot of work to do, Your Honor.

16            So just to give some quick examples, the

17   liquidators had to negotiate with the defendants over 300

18   orders implementing Fairfield II.  We also unfortunately, we

19   had to -- first we had to identify and then we had to hire a

20   new expert to get up to speed on foreign law because

21   tragically, only about three months after Judge Bernstein

22   issued Fairfield II, our expert on BVI law who had been on

23   the case for years, very deeply involved, he suddenly passed

24   away.

25            So we had to find a new foreign law expert and we

1     had to get that new foreign law expert up to speed which is

2     no easy task for anybody who comes to these dozens of

3     decades-old cases cold, as Your Honor may appreciate.  And

4     it was essential.  We had to do this.  We couldn't avoid

5     getting the expert up to speed because the BVI knowledge

6     standard, which is at issue, that's what counts in these

7     cases, is different from U.S. law.  And so we needed an

8     expert to consult with in order to prepare the amendments.

9             In addition to the 300 orders we had to prepare

10    and the expert we had to find and get up to speed, Your

11    Honor, we also had to conduct the due diligence that's

12    required under Rule 11(b) to make sure that the allegations

13    that we were going to make had factual support or were

14    likely to have factual support.  And so the liquidators did

15    a lot of work, Your Honor.

16            So the liquidators, for example, reviewed

17    documents that were produced by Citco in a related

18    litigation.  The liquidators reviewed complaints that were

19    listed in Madoff-related litigations.  The liquidators went

20    onto Bloomberg terminals, did research for information that

21    was available, also looked at SEC filings.  It was a very

22    comprehensive due diligence effort.

23            And on top of the due diligence, Your Honor, we

24    also had to engage in the intensive process of drafting and

25    filing 29 individualized proposed amended complaints, which

Page 46

1    remember, their 29 complaints, which is a lot of complaints,

2    but those complaints are against more than 100 defendants.

3    So Your Honor, working expeditiously, we were able to

4    complete all of that work and get the amended complaints on

5    file within nine months of the issuance of the 300 orders

6    implementing Fairfield II.

7              So there was no undue delay.  To the contrary,

8    Your Honor, there was a lot of work to be done and nine

9    months was the amount of time it took for the liquidators to

10   efficiently get that tremendous amount of work done.

11             And Your Honor, the Second Circuit and the

12   Southern District have allowed amendments where plaintiffs

13   waited much longer before amending.  We cite multiple cases

14   on pages 17 to 19 of our opening brief where there were

15   delays of over a year, and in some cases four or five years.

16   So there is no undue delay here, Your Honor.

17             And I just want to mention a couple of what I see

18   as ancillary arguments.  But I just want to quickly knock

19   them down.  So ZCM argues that Judge Bernstein's August 2020

20   divestiture decision supposedly supports its argument for

21   delay.  The divestiture decision is docket 3046.

22             But, Your Honor, the divestiture decision did not

23   even involve Rule 15's liberal standard for amendment.

24   Instead the ruling was based on Rule 60(b)'s excusable

25   neglect standard that applies when a party seeks relief from

1    a final judgment, which the case law has said is a "heavy

2    burden," very different from Rule 15.

3              And in that divestiture decision, Your Honor,

4    Judge Bernstein recognized that in some adversary

5    proceedings like this one that we're talking about right

6    now, the joint liquidators reserve the right to amend their

7    constructive trust claims.  And having acknowledged that

8    reservation, Judge Bernstein gave no indication whatsoever

9    that seeking such an amendment under rule 15 would be

10   inappropriate.

11             Your Honor, they also argue that in the

12   divestiture decision, Judge Bernstein made comments

13   indicating that the liquidators were aware of the importance

14   of individualized knowledge allegations before Fairfield II.

15   And they say that in that decision, Judge Bernstein

16   recognized that by July 2016, Picard had pleaded individual

17   knowledge allegations and in November 2017, the Privy

18   Council issued the DD Growth case which held that

19   individualized knowledge allegations could support ac

20   constructive trust claim.

21             But again, Your Honor, this goes back to the same

22   point that I mentioned earlier.  That type of argument

23   misses the point.  It doesn't make any difference if there

24   were indications before Fairfield II that individualized

25   knowledge allegations could support a constructive trust

```
 1    claim.  It makes no difference that that was one available
 2    route.
 3             What matters is that neither the Picard
 4    allegations nor DD Growth mentioned or foreclosed the
 5    liquidator's Citco theory for pleading a constructive trust
 6    claim based on Citco's bad faith and issuing the NAVs.  So
 7    both before and after the Picard pleadings and DD Growth,
 8    the liquidators had every reason to continue to believe in
 9    good faith that they could prevail on the Citco theory.
10             And one -- just one practical point on this, Your
11    Honor.  DD Growth was decided in November of 2017.  That was
12    when Judge Bernstein was right in the middle of deciding the
13    motion to dismiss that would be resolved by Fairfield II.
14    The defendants give no explanation for why it would have
15    made any sense for the liquidators should have sought to
16    amend during the pendency of a fully briefed motion to
17    dismiss.
18             So Your Honor, it wasn't until Fairfield II which
19    Judge Bernstein was in the middle of writing that Judge
20    Bernstein held that the only way the constructive trust
21    claim could be pled was by pleading individual knowledge.
22    So Your Honor, there was no delay.  The defendants, they
23    like to say the relevant timeframe is ten years.  They're
24    wrong about that.  The clock starts running from the point
25    in time when Fairfield II was decided because that was the
```

Page 49

1   moment when the pleading standard was established that told

2   the liquidators the only way to plead it is through

3   individualized knowledge allegations.

4           And one last point on delay, Your Honor, before I

5   will stop talking about delay, I'll just remind Your Honor

6   that even if the liquidators had delayed, delay alone is not

7   a reason to deny a motion for leave to amend.  Any delay

8   must also be prejudicial.  And as I demonstrated earlier,

9   there is zero prejudice here.  No discovery has even started

10  except -- except, I should put a small qualification, we've

11  had a very limited amount of discovery on service, as Your

12  Honor knows.  But that was very limited and it has nothing

13  to do with the merits.  So there is no prejudice.

14          And with that, Your Honor, I will -- I will sit

15  down unless Your Honor has any questions.

16          THE COURT:  I do not.  Defendants?

17          MR. FROOT:  Thank you, Your Honor.  Again, Steven

18  Froot, Boies Schiller Flexner, representing Zurich Capital

19  Markets Company in opposition to the motion to amend,

20  specifically to add paragraphs five, nine to 13, 70 to 74

21  and 247 to 250 in the proposed amended complaint in

22  adversary proceeding 10-03634.

23          The liquidators argue that delay alone does not

24  require denial of leave to amend.  But what they don't say

25  is that the burden is on the liquidators to justify the

1    delay.  And it won't surprise the Court to hear that I don't

2    agree with almost anything that Mr. Elsberg has just said,

3    though he said it extremely eloquently.

4         The delay in this case has been inordinate.  We

5    are not aware of any case, and none has been cited in either

6    side's papers, that amendment was allowed ten years after

7    commencement of the case, much less where the events alleged

8    for the first time last year occurred 18 years ago in 2003.

9         The new allegations that liquidators seek to

10   include in what would be their fifth complaint in this case

11   concern a failed asset sale --

12        THE COURT:  I just want to interrupt you for one

13   moment because I want some clarification.  I have that Judge

14   Lifland actually basically stayed this litigation until

15   further order of the court, right?  In 2011, pending further

16   order of this court due to litigation that was ongoing in

17   the British Islands, while the court lifted the stay to

18   allow the liquidators to amend the claims in the Redeemer

19   Actions, it also held that defendants need not answer such

20   amended complaints until further order of this court.

21        So I hear what you're saying.  But wasn't all of

22   this stayed for -- until about 2012?

23        MR. BOCCUZZI:  2016.

24        MR. FROOT:  I believe that the stay, Your Honor,

25   was from 2011 until early 2016.

1           THE COURT:  Okay.  Okay.

2           MR. FROOT:  And that stay resulted -- in terms of

3    the reasons for the stay, I think it's important, two points

4    on that, Your Honor.  One --

5           THE COURT:  As far as I'm concerned though, it's

6    still stayed at this moment because I don't think there's an

7    order of a court lifting it because Lifland said until

8    further order of this court.

9           MR. FROOT:  I'm sure Mr. --

10          THE COURT:  And I don't know that there's an order

11   of this court, and I haven't found it.  Is there?  Mr.

12   Froot, is there an order of this court lifting that stay?

13          MR. FROOT:  My understanding is that there was an

14   order of the court lifting the stay in 2016.

15          THE COURT:  I think Judge Bernstein only did a

16   partial lifting.  I don't believe -- I have no been able to

17   find an order lifting the stay.  That stay of -- not lifting

18   the stay as to -- but lifting the stay as to litigation that

19   Judge Lifland entered -- that Judge Lifland entered.

20          MR. FROOT:  Yeah.  All I know, Your Honor, is that

21   in liquidator's papers, in their reply memorandum and their

22   opening memorandum, they indicate that the stay was lifted

23   in 2016.  I was not part of the case at that time.  I will

24   defer to Mr. Boccuzzi or Mr. Bamberger as to the actual

25   event.  But the stay was lifted, and the case has been

1   actively litigated since 2016.  I would also -- and I think

2   Mr. --

3            THE COURT:  Let me just let Mr. Elsberg clear this

4   for me.  I don't believe it has been because we have really

5   checked the docket.  Mr. Elsberg?

6            MR. ELSBERG:  Yes.  Your Honor is correct that the

7   litigation of this case has been stayed.  We had started

8   asking Judge Bernstein before he left the bench to let some

9   discovery go forward.

10           I believe on the first time that we were in front

11  of Your Honor, I was saying we believe all discovery should

12  go forward.  The defendants have not wanted discovery to go

13  forward.  So we've been stuck at the pleadings stage after

14  the stay.  And we were only permitted to seek to amend in

15  2016.  And then Judge Bernstein's decision was issued in

16  2018.

17           MR. BAMBERGER:  Your -- Your Honor?

18           THE COURT:  So Mr. Froot -- yes?  Yes, Mr.

19  Bamberger?

20           MR. BAMBERGER:  Your Honor, can I just clarify a

21  point?

22           THE COURT:  Sure.

23           MR. BAMBERGER:  So the stay, as I understand it,

24  was lifted at a status conference by the judge on July 27,

25  2016.

1             THE COURT:  I don't have an order.

2             MR. BAMBERGER:  I don't know -- there was a

3    scheduling order that was issued at that point.  The stay

4    was lifted for purposes of briefing motions.  And then there

5    was a -- there have subsequently been, you know, two years

6    or so of briefing, or four years now, of briefing on motions

7    to dismiss.  There is a stay of discovery.  Mr. Elsberg is

8    right about that, and that stay of discovery, with the

9    exception of --

10            THE COURT:  Exactly.  And if you read that --

11            MR. BAMBERGER:  But Your Honor --

12            THE COURT:  If you read that transcript, it says

13   for the purposes of briefing the motion to dismiss.  It

14   doesn't say beyond that.  I'm trying to be critical --

15            MR. BAMBERGER:  There is a -- there is a stay of

16   discovery that remains in place, Your Honor.  That's --

17            THE COURT:  So we can't say this has been going on

18   for ten years because it has absolutely been stayed except

19   for those briefing on the motion to dismiss, if I've read it

20   correctly, and that stay is still in place.

21            MR. ELSBERG:  Your Honor, this is David Elsberg.

22   I'll just give you the docket number, if that's helpful.

23   It's docket 906, July 27, 2016.

24            THE COURT:  That's the one where he lifted the

25   stay for briefing on the motion to dismiss.  And that's from

1    the transcript.

2              MR. ELSBERG:  That's absolutely right, Your Honor.

3    And that's all -- and that's all the lift was for

4              THE COURT:  Exactly.  So Mr. Froot, that's why

5    when you said it's been going on, I don't think it's been

6    going on.

7              MR. FROOT:  Well, Your Honor, for purposes of

8    pleading, for purposes of all pleading, amendments, and for

9    purposes of investigation of claims, the case has absolutely

10   been going on for ten years.  There was no stay of

11   investigation of the facts surrounding the claims during

12   that period of the stay.  Your --

13             THE COURT:  That's not -- that's not what the

14   record says.

15             MR. FROOT:  The record says that motion practice n

16   pleadings can proceed.  this is after January -- July 2016,

17   and that's exactly what's happened in the case.  There has

18   been --

19             THE COURT:  That's not ten years.  July '16 is not

20   -- okay.  Go ahead with your argument.  We're hearing it

21   now.  We're on it right now.

22             MR. FROOT:  Thank you.  The new allegations that

23   liquidators seek to include in what would be their fifth

24   complaint concern a failed asset sale in 2003 between Zurich

25   and Societe Generale.  The facts alleged in the new

Page 55

1   paragraphs in the complaint were matters of public record in

2   2008, two years before this action was commenced.  The

3   liquidators have had multiple opportunities over the last

4   ten years, including before the stay was entered and after

5   the stay was entered, to amend to include new allegations.

6   But they adopted  a wait-and-see approach.

7            As I said a moment ago, there was no stay of their

8   obligation to investigate their claims, even during the

9   period when the case was stayed for most purposes.

10           Courts will refuse to grant leave to amend where

11  the delay is inordinate and there is either prejudice to the

12  defendant or bad faith on the part of the plaintiff and both

13  prejudice and bad faith are present in this case.

14           I would also add that there are few, if any cases

15  that either side has uncovered in which the delay exceeds

16  five years or six years.  So even if we were not talking

17  about a 10- or 11-year period, the delay in this case is

18  unquestionably inordinate.

19           Zurich has made an ample showing that the factors

20  the Supreme Court has laid out, four factors besides

21  futility which is not part of this motion, by Your Honor's

22  specification, undue delay, repeated failure to correct

23  pleadings through multiple amendments, and there have been I

24  guess five amendments of the complaint in this action --

25  four amendments, rather -- bad faith by the liquidators and

Page 56

1    prejudice dessert.  All of these together demonstrate and

2    support the Court's discretionary decision to deny leave to

3    amend.

4          Let me address bad faith, dilatory conduct by the

5    liquidators first.  And I should add that the longer the

6    period of delay, and this is in the Evans case cited in our

7    papers, the longer the period of delay, the less prejudice a

8    party must show.

9          The liquidators have repeatedly failed to correct

10   their pleadings to allege actual knowledge on Zurich's part

11   even though they filed the initial complaint in 2010.  They

12   amended in 2011.  They also submitted an amended complaint -

13   - filed an amended complaint while the stay was in place in

14   2012 and they submitted, in addition, in 2012, a corrected

15   second amended complaint.  So they were amending the

16   complaint, adjusting the pleadings in this case while the

17   stay was -- the stay of discovery and the stay of other

18   matters was in place.

19         They filed a third amended complaint in September

20   of 2016, and there was motion practice about whether to

21   allow that complaint.  And that is the operative complaint

22   in this case that was filed in January of 2020, four years

23   later.  That is the operative complaint.  The operative

24   complaint in this case, filed in January of 2020, contains

25   absolutely no allegations of actual knowledge by Zurich.

1           The liquidators have demonstrated bad faith by

2    waiting to amend their complaint until over a year after

3    Judge Bernstein's decision in Fairfield II, even though, as

4    we explained in our papers, they were aware that they could

5    succeed on a constructive trust claim which has been in

6    every complaint against Zurich in this case by pleading and

7    providing actual knowledge against redeemer defendants like

8    Zurich.  They always knew that.  They had included

9    allegations of individual knowledge against other defendants

10   like Citibank as far back as 2012 and 2013.  So there was

11   nothing preventing them from doing it, and indeed they did

12   do it in cases where they chose to.

13           The conference that Your Honor has focused on or

14   has read in July of 2016, the liquidators made very clear

15   that they were aware that problems they'd encountered in

16   rulings from the British Virgin Islands courts such as the

17   Migani decision in 2014 could be completely avoided if they

18   established liability or pleaded individual knowledge on the

19   part of redeemer defendants.

20           And at page 48 of that transcript that Mr. Elsberg

21   just mentioned and cited to, Judge Bernstein commented on

22   the difficulty of getting evidence of individual actual

23   knowledge as time goes by and directed liquidators to amend

24   their complaint.  That wasn't all of it.  In October of

25   2016, the liquidators filed a brief in support of that

1    amended complaint they filed in September of 2016, and they

2    recognized in that briefing that actual knowledge be

3    redeemer defendants are a separate basis for liability from

4    any focus on whether the NAV certificates were issued in

5    good faith.

6            Subsequently, in January, between January and June

7    of 2017, in briefing with the Citi defendants in this very

8    adversary proceeding, the Citi defendants repeatedly called

9    attention to the fact that there were no allegations of

10   actual knowledge against Zurich.  The liquidators absolutely

11   made no answer to that, and those -- that briefing is at

12   docket 118 at page nine, docket 147 at page nine and docket

13   168 at page ten, all in this proceeding.

14           Judge Bernstein agreed with this assessment, and

15   now I will address the August 2020 decision, which indeed we

16   point out was a Rule 60(b) decision having to do with a

17   standard for whether to vacate a judgment, to reopen a

18   judgment.

19           That is true.  But in reaching his decision, Judge

20   Bernstein detailed decisions by the BVI courts in 2014 and

21   2017 that held that a constructive trust claim would only

22   lie against a redeeming defendant like Zurich who had

23   knowledge that the NAV was inflated or the result of

24   wrongdoing by fraud.  So the liquidators have had every

25   incentive for over five years to include actual knowledge

Page 59

1    allegations.  And the citation, the Westlaw citation is 2020

2    Westlaw 4813565, at star pages 9 to 12 for the appropriate

3    portion of Judge Bernstein's decision.

4           Now one of the points that Mr. Elsberg makes today

5    and makes in their reply -- in his reply brief at pages

6    seven to eight is that the liquidators explain that there

7    was this inordinate delay.  They explain that they were

8    refrained from alleging actual knowledge on the part of the

9    redeemer defendants because they believed that it would be

10   sufficient for their purposes if they simply alleged that

11   they could impute bad faith on the part of Citco, the agent,

12   to all redeeming defendants.

13          But the important thing here under the case is

14   that this was a strategic choice.  They had full knowledge

15   that if they asserted individual knowledge, they would

16   survive a pleading challenge or they could on that as is.

17   But they made a strategic choice only to allege one theory

18   of liability.  They had both theories available to them, and

19   they waited six years to put those theories in the case in

20   January of 2020.

21          And the courts have been clear, including the

22   Second Circuit, that pleading seriatim, over many years and

23   awaiting rulings on successive motions to dismiss is not

24   acceptable and will constitute bad faith warranting denial

25   of leave to amend.

Page 60

1          And to be clear, this is not a situation where a

2     legal standard changed.  This is not a situation as in

3     Bensch where there was a good-faith belief in a legal

4     standard that was overturned by the appropriate court.  That

5     did not happen in this case.  There was a theory and for the

6     first time in this set of cases, Judge Bernstein reached, in

7     a typical motion to dismiss, he reached one of the claims in

8     2018 and said this claim won't wash, and he dismissed it.

9          But that is very different than saying that a

10    legal standard changed.  Courts make ruling on motions to

11    dismiss all the time, and before a motion to dismiss is

12    filed in a case and before there's a ruling, you don't have

13    a ruling in that case, it doesn't mean that the legal

14    standard has shifted under people's feet.

15         So the liquidators made the strategic choice to

16    refrain from pleading actual knowledge, which they

17    understood would work and state a claim for constructive

18    trust on its face but which would require individualized

19    allegations against each redeemer defendant.  They

20    determined to rely exclusively on pleading an imputation of

21    Citco's bad faith, which they could do on an omnibus basis.

22    It was easier.  It was cheaper.  It required less work.

23         But that's not -- that's not a basis.  That's

24    strategic choice.  It's not a basis to avoid bad baith nor

25    is it something that justifies causing prejudice to Zurich.

Page 61

1    The liquidators had knowledge of this from public reports of

2    the SocGen transaction failing and SocGen having done an

3    investigation back in 2008.  They had the information.  They

4    knew the information was a way to allege individual

5    knowledge.  They didn't use it.  They chose not to use it.

6    And they could have used it, and they did use factual

7    knowledge alleged against other defendants as far back as

8    eight years ago in these cases.

9            In other words, even if the liquidators did not

10   know until Judge Bernstein's ruling that one of their

11   alternative theories would be rejected, they certainly could

12   have included allegations of actual knowledge in support of

13   their constructive trust claim against Zurich as early as

14   their initial complaint in this case, certainly by 2011,

15   before there was any stay.

16           Instead the liquidators sat on their hands.  They

17   adopted a wait-and-see approach.  And they did not include

18   in prior amended complaints any information about SocGen's

19   due diligence.  And I refer Your Honor to those three widely

20   disseminated news reports that are exhibit B to Jenna

21   Smith's declaration that we've submitted in this case

22   regarding SocGen's due diligence.

23           And the result of this is that the allegations of

24   actual knowledge against Zurich were not included in any

25   proposed amended complaints until January of 2020, even

1    though the facts alleged were available in 2008 and could

2    have been included.

3            And if one accepts the liquidator's explanation

4    that they were not sure what they needed to argue and what

5    theory to pick amongst different theories until Judge

6    Bernstein's ruling about Citco in 2018, why are they

7    alleging -- why are they amending now?  They can wait for

8    the appeal to be determined since they've appealed this

9    issue.  There's no logical stopping point.

10           And I would point out, Your Honor, in addition,

11   with respect to bad faith, there are a number of cases in

12   this circuit, both at the circuit level, Second Circuit

13   level and in the district court level as well as bankruptcy

14   court that are very clear that seriatim pleading is a basis

15   for finding bad faith.

16           I commend to Your Honor the Vine case, which is

17   374 F.2d 627, at page 637, where the court said in waiting

18   to see how he would fair on the prior motion to dismiss

19   before seeking to amend the complaint, the plaintiff was

20   guilty of bad faith.

21           The Southern District of New York decision in Bank

22   v. Spark Energy, which is reported at 2020 Westlaw 6873436,

23   which is a November 23, 2020 decision, at pages star two to

24   star four, that was a case in which the plaintiff knew of

25   and easily could have asserted in the original complaint the

1     newly asserted facts but withheld them because he thought

2     they did not need to be alleged under notice pleading,

3     waited until the court had decided the motion to dismiss.

4          And the court commented, "Whatever tactical reason

5     the plaintiff may have had for knowingly omitting essential

6     facts in this case, the circumstances here justify a finding

7     of bad faith and a denial of leave to amend."  In that case

8     and the Vine case, there had been no discovery, no merits

9     discovery taken at that point.

10          Another case from the Southern District of New

11    York, Lewis Family Group Fund, that's 2018 Westlaw 3579844,

12    SDNY July 25, 2018, interpreting the Second Circuit's

13    standards as holding that the "'wait-and-see approach' is

14    what the Second Circuit recognizes as a sign of bad faith

15    and a basis for denial of leave to amend."

16          The State Trading v. India case, that is -- that

17    was cited at argument today by Mr. Elsberg similarly holds

18    that the plaintiffs deliberately withheld a theory of

19    liability in that case.  Now it happens that there was a

20    nefarious motive in that case.  But the court did not find

21    and did not hold that that nefarious motive was a

22    requirement.  Indeed the cases do not say that a plaintiff

23    must have a nefarious ulterior motive.  If it sufficient

24    that the plaintiff stay back, hang back, wait until a motion

25    to dismiss is decided and then adjust its theories

Page 64

1    accordingly after that.  And that is not permitted in this

2    circuit.

3            And the General Electric case also that Mr.

4    Elberg pointed out, I would quote.  This is at 2012 Westlaw

5    2892376, SDNY July 12, 2012: "A court may make a finding of

6    bad faith for Rule 15(a) purposes when a party waited to see

7    how he would fair on a prior motion to dismiss," before,

8    "altering substantially its legal theory."

9            The court criticized this as a tactical decision

10   and criticized the presentation of theories seriatim.  In

11   that case, the court found the plaintiff had ample notice of

12   the deficiency of its claim prior to briefing the motion to

13   dismiss.  And on the prejudice point --

14           THE COURT:  Mr. Froot, let me just interrupt you.

15   Are you reading from your brief?

16           MR. FROOT:  No, Your Honor.  I'm not.  That was

17   just a case summary that I jotted down before the argument.

18           THE COURT:  Okay.

19           MR. FROOT:  Apologies.  I'm done.  I just wanted

20   to make it clear to the Court that there was ample case law

21   that supported this calculation of the Second Circuit's

22   standard.

23           THE COURT:  Okay.

24           MR. FROOT:  Let me address prejudice now for a

25   moment.  Zurich will be severely prejudiced by the

Page 65

1    liquidator's delay in waiting until the fourth amended

2    complaint over ten years into this case, which is actually

3    the fifth amended complaint, to include allegations of

4    actual knowledge of events going back to 2003.  Sorry?

5              THE COURT:  That wasn't me.

6              MR. FROOT:  Apologies, Your Honor.  Even though

7    the case is not in merits discovery, Zurich will find it

8    extremely difficult, it not impossible, to defend against

9    allegations made on information and belief without

10   attribution to any source or any stated basis that Societe

11   Generale communicated to someone, an unknown person at

12   Zurich, the findings of its due diligence into Madoff and if

13   Zurich in addition also pleaded on information and belief

14   recklessly disregarded that information.

15             Zurich would have to prove a negative.  Zurich

16   doesn't know which official, which employee presumably or

17   purportedly received any information about this, and there's

18   no evidence that they have.  the Zurich business that was

19   the redeeming entity went into runoff in 2003 because the

20   business was actually sold to BNP Paribas in the same year,

21   in July 2003.  Most of the key employees left after that.

22             The surviving entity, and this is in Mr.

23   Huxtable's declaration, the surviving entity, which was

24   named Zurich Bank, continued traditional banking activities

25   but even itself went into runoff in 2010 and its banking

Page 66

1    license was revoked in 2012.  All the directors who were

2    present in 2003, the events that are alleged in the amended

3    complaint or sought to be alleged, had left by 2012, and

4    they are not working anywhere in the company at this time,

5    anywhere in the Zurich family of companies.

6           Before the end of 2016, the last employee who

7    worked at Zurich Capital Markets Company back in 2003 was

8    gone.  And in the In re Teligent decision in this court,

9    Judge Bernstein recognized the difficulty in locating or, in

10   this case, even identifying former officers and directors to

11   ask about a particular even over ten years old.  But here we

12   have a particular event almost 20 years old.

13          The new allegations of knowledge on Zurich's part

14   are also notwithstanding some sly references in opposing

15   counsel's brief a complete surprise to Zurich.  There is no

16   indication in the report in 2008 about SocGen's due

17   diligence that Societe Generale ever informed Zurich about

18   its conclusions regarding Madoff in 2003.

19          Indeed the liquidators concede that the allegation

20   that SocGen informed Zurich is now alleged only on

21   information and belief.  And I would also emphasize that the

22   longer the delay in the case, the less needs to be

23   demonstrated in terms of prejudice.  And there are no

24   documents of which we are aware that would indicate which

25   employee had any particular role.

Page 67

1          These documents were generated in 2003.  The

2    company went into runoff in that year.  And this complaint,

3    the complaints in this case were not even filed until 2010.

4    So there were no document preservation orders.  I'm not

5    saying the documents aren't there, whatever documents there

6    are.  But the business ended seven years before the

7    complaint was filed in this case.

8          I would also say that the standard for prejudice

9    is not quite so simple as holding up existing discovery.

10          THE COURT:  I believe you're holding -- I think

11    you're arguing your prejudice point with facts that aren't -

12    - we don't have -- we haven't had discovery yet I think.

13    But that's okay.  But I don't know that we've had discovery.

14          MR. FROOT:  Well, these are simply, in a sense,

15    jurisdictional facts that the company went into runoff and

16    will not have access because that's the way that -- that's

17    the only way to show prejudice.  No employees are left and

18    it's 18 years old.  Some of that is just public record like

19    the news reports and the pleading that we're faced with.

20          I would just mention that the Block case, I'll

21    just mention cases.  I can provide the cites later, Your

22    Honor.  Block v. First Blood Associates, one of the factors

23    for prejudice is would it require the opponent to expend

24    significant additional resources to conduct discovery and

25    prepare for trial.  And we think we've shown that given the

Page 68

1   age and the nature of the allegations.

2          In Evans v. Syracuse City School District, Second

3   Circuit also, as was Block v. First Blood, "The longer the

4   period of unexplained delay, the less will be required of

5   the nonmoving party in terms of a showing of prejudice."

6          In JPMorgan Chase v. IDW Group, SDNY in 2009, the

7   broader inquiry into prejudice is the question what is the

8   proposed amendment's "practical impact on the other side's

9   legitimate interests including both that party's ability to

10  respond to new claims or defenses and any other prejudice

11  flowing from the delay in the final adjudication of the

12  case."

13         We've mentioned the In re Teligent case earlier.

14  The focus of these prejudice cases, Your Honor, is whether

15  there is a new theory that requires discovery and proof of

16  different facts.  Is there a surprise?  This case was

17  litigated up until January of 2020 without any regard to

18  individual knowledge by the redeeming defendant Zurich.  Ten

19  years later, it is a complete about-face on the nature of

20  the claim, the theory and the facts at issue.

21         Two final cases.  Ansam Associates v. Cola

22  Petroleum, Second Circuit, 1985.  Again the key for the

23  Court there is that there was an entirely new set of

24  operative facts which it cannot be said that the original

25  complaint provided fair notice.

Page 69

1           And finally, the Dueling case from the Southern

2     District of New York in 2010, prejudice is established where

3     the party opposing amendment would face "some unique

4     difficulty in defending against the new issues."  And that

5     is all I seek to highlight for the Court in terms of the

6     prejudice.

7           The decision that was submitted after the close of

8     briefing, the new authority from the Second Circuit, I would

9     only point out that this is not a case, and I did aver to

10    this earlier, this is not a case in which there was a change

11    in the legal standard.

12          The liquidators had access to the information

13    since the litigation started.  The liquidators included

14    allegations of actual knowledge against other defendants in

15    as early as 2012, other redeeming defendants.  The

16    liquidators understood for over six years that the actual

17    knowledge was one way to establish liability on the part of

18    redeeming defendants.  They chose not to put that theory int

19    heir complaints.

20          And the liquidators did not adopt a principled

21    position like the plaintiff in the face of established

22    Second Circuit authority that then changed.  They didn't

23    reasonably rely on unsettled pleading standards.  They

24    simply made a motion under a theory that was rejected by the

25    judge in this case.  That happens every day and the courts

Page 70

1    do not approve seriatim pleading.

2              And Bensch involved a period of over -- that's the

3    new case -- involved a period of over -- a little over 12

4    months from the filing of the complaint until they sought

5    relief to file a second amended complaint.  In this case,

6    we're dealing with anywhere from five to ten years and facts

7    18 years old.

8              So I would just leave Your Honor with the thought

9    that there are a multitude of interrelated factors,

10   prejudice and bad faith present in this case when combined

11   with an inordinate delay virtually unprecedented in the case

12   law that warrant denial of leave to amend in this one case

13   among I believe Mr. Elsberg said there are 17 cases.

14              I think it may be noteworthy that Zurich is the

15   only defendant to object to amendment.  And the reason for

16   that is that the circumstances are extraordinary and

17   extenuating in this case.  And that is why Zurich has come

18   forward at this time as the only defendant to oppose, as a

19   lead defendant, the new allegations of fact brought against

20   it.  Thank you, Your Honor.

21              THE COURT:  Very good.

22              MR. BOCCUZZI:  Good afternoon, Your Honor.

23   Carmine Boccuzzi, from Cleary, Gottlieb, for Citibank

24   Switzerland.  I'd like to just speak briefly about the

25   situation of Citibank Switzerland vis-à-vis this action and

Page 71

1     this pleading.  As the court recognized in the divestiture

2     decision, 2020 Westlaw 4813565, the liquidators have known

3     about the importance of knowledge on the part of defendants

4     from at least 2016.

5          But in this case itself, in the 2012 second

6     amended complaint which is docket 62, which the liquidators

7     were allowed to file pursuant to an order allowing them to

8     put on and then file amended complaints, they had actually

9     purported to allege knowledge against Citigroup. I n

10    paragraphs 65 to 71 under a heading that Citigroup knew and

11    should have known of the BLMIS fraud, they purported to

12    plead knowledge against Citigroup, not against Citibank

13    Switzerland.

14         In 2016, when again the court allowed amendments,

15    Citigroup at that point had been dropped from the case.

16    Those allegations were removed and there were no knowledge

17    allegations put forward against Citibank Switzerland.

18         What happened then is following the Fairfield II

19    decision, now in the classic example that you find in the

20    Vine case or the Bank case, which we cite and Mr. Froot

21    mentioned, they're trying to seriatim, now call Citibank

22    Switzerland a knowledge defendant.  And when the court --

23    when the case law looks at delay, it's common ground that

24    the parties seeking to amend its pleading must explain any

25    delay, and that's the Contrera case.  And the explanations

Page 72

1    for the delay vis-à-vis Citibank Switzerland, given this

2    record, just do not hold water.

3           In their brief, they say that they needed to

4    perform significant diligence to assert particularized

5    knowledge and imputation allegations.  There is nothing in

6    this propose amended complaint and the paragraphs about

7    Citibank Switzerland are 82 to 158, that has anything about

8    particularized knowledge vis-à-vis Citibank Switzerland.

9           One thing they do is they reimport from the 2012

10   filing the allegations concerning Mr. Gross and Mr. Leach

11   which they took out in 2016 when they had the opportunity to

12   amend the complaint.  Mr. Leach and Mr. Gross were employees

13   of Citigroup based in New York.  There is no pleaded

14   connection of these individuals to Citibank Switzerland.

15          And just to show how unrelated it is to what's at

16   issue in this case, this case is about redemptions that

17   occurred during the period April 2004 to April 2006.  Their

18   theory about Mr. Leach is that he had knowledge about

19   purported fraud or fraud at BLMIS that he brought with him

20   from Morgan Stanley to Citibank when he joined Citibank in

21   2008.

22          So in other words, it's knowledge that they claim

23   Citibank or Citigroup had that occurred four years, two to

24   four years after the transfers at issue in this case.  And

25   so when they tell this Court that they went and they found

Page 73

1    particularized knowledge allegations as to Citibank

2    Switzerland relevant to this case, it is just not the case.

3    And it's just not true.

4           They also said they needed the time to add "new

5    allegations" to supplement existing claims.  There are --

6    and we might, Your Honor, be having a very different

7    conversation or there may be no opposition at all from us

8    had this proposed amended complaint actually had new facts

9    or new evidence about Citibank Switzerland.

10           But there's nothing like that in here.  Instead

11    what you have are allegations that are by in large imported

12    from the trustee's -- Trustee Picard's 2010 pleading against

13    other Citi entities again with no connection at all between

14    anything that happened at those Citi entities and anything

15    at Citibank Switzerland, a continent and an ocean away.

16           They otherwise just cite generalized publicly

17    available statements from Citigroup going back more than a

18    decade that Citigroup is "one bank," and so based on that,

19    they say, well, if someone in New York was thinking

20    something, that means Citibank Switzerland was a knowledge

21    defendant.  And so given that complete apples to oranges

22    approach, we think this is the kind of gamesmanship that the

23    case law says cannot support and undercuts a motion to

24    amend.

25           Mr. Elsberg says that some of these points we

Page 74

1   raise really go to futility.  They may speak to futility.  I

2   think they do.  However if a plaintiff comes to a court or a

3   party comes to a court in a case about apples and he says,

4   well, I'm bringing this amendment because I had to do due

5   diligence so I could have these allegations about apples and

6   then the proposed amended pleading has a bunch of

7   allegations about oranges, that does speak to the good faith

8   of the party.

9          And so I think those points have to be considered

10  when one looks at these proposed amended paragraphs that

11  have nothing to do with Citibank Switzerland and clearly are

12  in response to an adverse ruling by this court in Fairfield

13  II, among other cases.

14         Mr. Elsberg said that we need to show an unfair

15  advantage and that -- or an ulterior motive.  That's not

16  what the case law says.  Bank is very clear, and it follows

17  Vine and like other courts, it says that seriatim pleading

18  is not acceptable and it also says particularly where

19  there's an ulterior motive.  But there's not a requirement

20  that there be some ulterior motive.

21         That said, they are deriving an advantage from

22  this conduct.  They're getting to propose different theories

23  to the court over time when they could have brought it all

24  together.  And in fact, in this pleading, had purported to

25  allege allegations of knowledge vis-à-vis Citigroup that

1    they now say they want to apply to Citibank Switzerland.

2    And they did, I think, get an advantage because their whole

3    approach -- it's kind of parallel to what Mr. Elsberg said

4    about General Electric.

5            General Electric, the parties said I don't need to

6    plead scienter and then had a turnaround when the rulings

7    went against them.  Here their view was we can do a

8    wholesale approach to knowledge among all these differently

9    situated defendants in this case because you have ZCM and

10   then you have all the other defendants, from institutions to

11   individuals, that Your Honor read off at the beginning of

12   today's session.

13           So I'm not -- I don't need to do that.  And then

14   when they learned they needed to do that, well, now I want

15   to bring in these purported allegations that in fact

16   Citibank Switzerland is somehow a knowledge defendant.

17           So you have that turning and that reacting to an

18   adverse ruling and the use, and I would say misuse of facts

19   that were in their possession that are not new that supports

20   a gamesmanship finding.  And so the Court should deny the

21   motion to amend, to add the new allegations as to Citibank

22   Switzerland.

23           THE COURT:  Thank you.  Anyone else wish to be

24   heard?

25           MR. ELSBERG:  Your Honor, may I respond?

1        THE COURT:  Yeah.  I'm going to let you respond.

2    But I want to know if anyone else wishes to be heard.  I

3    will let you respond, Mr. Elsberg, but I really would like

4    you to condense.

5        MR. ELSBERG:  Yes, Your Honor.  This will be very

6    quick.  I'll start with prejudice.  They still have made

7    zero showing of prejudice whatsoever.  We heard I believe it

8    was Mr. Boccuzzi try to say, no, no, no, actually it might

9    be difficult to get documents or witnesses.  Huxtable is the

10   one who put in the affidavit.  As I said, it's remarkable

11   because he didn't say they lacked a single document or have

12   any difficulty getting any document or any difficulty

13   getting to any witness.  So zero prejudice whatsoever.

14       Bad faith.  They still have not identified any

15   ulterior motive or unfair advantage.  We just heard from

16   Citi's counsel that we could have amended earlier.  Instead

17   we waited.  But that's just a veiled argument about delay.

18   He said we could have brought it together, but we waited and

19   did it later.  That's a veiled delay argument, and that is

20   insufficient to show bad faith.

21       I'm not going to go through the cases.  Counsel

22   read off a litany of cases.  We cover them in our brief.  I

23   will just say that the case law is clear that just because a

24   plaintiff knows facts that support a later amended

25   complaint, that is not enough to find bad faith, and we cite

Page 77

1    Primetime 24.  We cite Affiliated FM, which says -- grants

2    the motion for leave even though "the defendants had

3    knowledge of relevant information at the time of the initial

4    pleading" because a party "need not prove that they

5    uncovered new facts or law" to receive leave to amend.

6            We cite Randolph v. Duncan, which held that a

7    defendant did not act in bad faith because "the fact that a

8    party may have had evidence to support a proposed amendment

9    earlier in the litigation does not by itself give rise to an

10   inference of bad faith."

11           We also cite In re Bernard Madoff, 560 BR 208,

12   which says -- which held that "an intervening change in

13   pleading standards may justify leave to amend."  We also

14   cite the Agerbrink case in our reply at six and also our

15   opening brief at 18, 19 and 20.

16           So another point I'll make is it's worth keeping

17   in mind, Your Honor, that the liquidators have a duty to

18   conserve resources, and acting efficiently is something a

19   liquidator is supposed to do.

20           I'll also say that Citi says there aren't a lot of

21   new allegations against them and they say there must have

22   been some trickery here.  What's going on?  This all going

23   have been alleged earlier.  But Your Honor, you don't know

24   until the end of your diligence what allegations you're

25   going to have.  It's not that you wake up one day and you

1    say, "Oh, here are the allegations that I'm going to have

2    against Citi."  No.  You have to go through the process that

3    I described earlier where we reviewed multiple sources of

4    information.  We reviewed complaints, Bloomberg terminal,

5    documents produced by Citco and so on.

6              I'm not going to address the merits argument that

7    Citi made about Mr. Leach and others and about apples and

8    oranges.  That's all for a motion to dismiss.

9              And on delay, and then I will wrap up, Your Honor,

10   on delay, you may have noticed that I don't think anybody

11   disputed that nine months was in fact a reasonable amount of

12   time to do the work that we did.

13             And with that, unless you have questions, Your

14   Honor, I will stop here.

15             THE COURT:  I don't.  Does anyone else have

16   anything else they wish to add?  We are going to take a

17   break.  It is now 12:25.  We will return at 12:45.  We're

18   going -- we're going to go into a room.  We have to do it

19   from here.  you can just stay on your screen.  Very good.

20   Everyone, I'm walking away from my desk for a minute.  I'll

21   be right back.

22             (Off the record.)

23             THE COURT:  Is everyone -- excuse me.  Is everyone

24   on?  Hello?  Good.  Popping up, give or take.  Mr. Elsberg,

25   Mr. Froot?  There's Mr. Froot.  There's Mr. Elsberg.  Okay.

1  It looks like everybody's popping on.  Good.  I'm ready to

2  rule.

3          First, let's just -- just a little bit of

4  background.  Most of the background facts that I have put

5  together always have come from Fairfield Sentry v.

6  Amsterdam, and that's at 218 Westlaw 3756343.  But I have to

7  admit I've summarized them for many of the purposes.

8          So basically the liquidators and the foreign

9  representatives of the plaintiff in this adversary

10  proceeding to this suit, and this is a redeemer action, in

11  that meeting prior to the disclosure of the BLMIS fraud,

12  defendants received payment upon the redemption of shares

13  issued by the Chapter 15 debtors, and these are the redeemer

14  actions.  And there's more background on that, Fairfield

15  Sentry, 218 Westlaw 375634, the Southern District of New

16  York, and that's an August 2018 case.

17          And a group of these were removed to remand the --

18  to state court and mandatory under 28 USC and then that was

19  denied and the district court set this up.  So we're here as

20  we are today, and I will go through the facts as I see them

21  putting us at this moment.

22          In October of 2018 -- excuse me, October 18, 2011,

23  the court stayed the redeemer actions pending further order

24  of the court due to litigation that was ongoing in the

25  British Virgin Islands.  That was the Fairfield v. Theodoor

1    GGC Amsterdam, 1003496.  And that was the consolidated

2    docket.  And you can find that at electronic case filing 416

3    and 418.

4          On request of the liquidators, the stay was

5    modified and continued, modified and continued on July the

6    19th, 2020 -- '12, excuse me, 2012.  And that's a minute

7    order on ECF 799 and a bench ruling attached as an exhibit

8    to the minute order.

9          While the court lifted the stay to allow the

10   liquidators to amend the complaints in the redeemer actions,

11   it also held that the defendants need not answer such

12   amended complaints pending further order of this court and

13   that for all other respects the stay of these proceedings

14   shall continue throughout the foreign representatives'

15   appeal to the English Privy Council and further order of

16   this court.  And again, that's from there.

17         And as Judge Lifland had put it, unless and until

18   the foreign representatives receive a favorable ruling on

19   the currently pending appeals in the English Privy Council,

20   there is no need for the parties to race full speed on the

21   path that may ultimately lead nowhere.

22         A second amended complaint was filed on July the

23   21st, 2012 and in July -- excuse me, and in 2013, the

24   defendants agreed.  And Judge Lifland was still the judge.

25   The defendants agreed so long as the liquidator seeks leave

Page 81

1    to amend complaints in the prior amended actions within 60

2    days after the stay is lifted, terminated or otherwise

3    modified in a manner that would allow the liquidator to

4    pursue an application to amend complaints or the court

5    otherwise permits the motion for leave to amend complaints

6    in the prior amended action, the period from the date of the

7    stipulation through the end of the 60-day period being

8    hereinafter referred to as the grace period.

9            No defendant will oppose such proposed amendments

10   of the complaint in any prior amended action on the grounds

11   of untimeliness, undue delay or any purported prejudice

12   resulting from the failure to seek such amendment during the

13   grace period.  Defendants expressly reserve all rights to

14   oppose such amendment on any and all other grounds including

15   an amendment of untimeliness, undue delay or any purported

16   prejudice based on the time that passed between the date in

17   which the liquidator's claims accrued and the date of this

18   stipulation.  That's at electronic case filing 817.

19           So Judge Bernstein became the judge in January of

20   2014.  In July of 2016, Judge Bernstein stated on the record

21   of the hearing that there are issues that can be resolved

22   one way or another that are not going to be litigated anyway

23   in BVI.  They can be resolved.  That's at electronic case

24   906.

25           The court permitted the proposed amended complaint

Page 82

1    to be filed and advised that it would consider hearing other

2    threshold issues in the meantime before the sanction issue

3    is decided by the Eastern Caribbean Court of Appeals.  File

4    or submit your amended complaints and then you can deal with

5    them on what issues, threshold issues it makes sense to

6    proceed on.  There has never been an order of this court

7    terminating the stay.  I can't find it.  I've looked for it.

8    It's not there.

9              The proposed third amended complaint was filed on

10   September the 13th, 2016.  That's as 910, ECF 910.  On

11   October the 18th, 2016, the court entered a so order

12   stipulation setting the briefing schedule for motions to

13   leave to amend and motions to dismiss the threshold issue.

14   Again, electronic case filing 918.  The hearing date on the

15   motion for leave to amend was determined by the court.  The

16   motion for leave to amend was filed on October the 21st,

17   2016.

18             On December the 6th, 2018, the court issued a

19   memorandum decision denying the liquidator's motion for

20   leave to amend with respect to the contract and common law

21   claims except to the extent the pleading or proposed

22   amendment adequately alleges that a particular defendant

23   knew that the NAV asset value as calculated at the time of

24   the redemption payment was mistaken because the funds

25   invested with Bernard L. Madoff Investment Securities,

Page 83

1    BLMIS, were worthless or near worthless.  In that situation,

2    the liquidators may assert a claim to impose a constructive

3    trust on the defendants.  That's Fairfield II, 596 BR, at

4    282.

5              After this decision on April the 15th, 2019, the

6    parties entered into sole-ordered stipulations.  That's at

7    ECF 224.  In that stipulation, the plaintiffs assert -- the

8    plaintiffs asserted that all defendants in this adversary

9    proceeding are knowledgeable defendants.  That's ECF 224.

10             In that stipulation, the parties agreed the

11   plaintiff shall file the proposed amended complaints which

12   shall remove the proposed first claim, the proposed second

13   claim, proposed third claim, proposed fourth claim, proposed

14   fifth claim, proposed sixth claim, proposed contract law

15   claims and the proposed 12th claim.

16             To the extent plaintiff seeks to further amend the

17   proposed amended complaints to add new factual allegation,

18   plaintiff shall file a motion for leave to amend attaching

19   that proffered further amended complaint.  Moving parties

20   have the right to oppose such request.  That is again ECF

21   224.

22             The amended complaint was filed on January the

23   9th, 2020.  On September the 17th, 2020, the plaintiffs

24   moved for leave to amend as contemplated by the so ordered

25   stipulation.  Instead of opposing the motion to amend, on

Page 84

1    March the 17th, 2020, the defendants filed a consolidation

2    motion to dismiss.

3            On February the 26th, 2021, the court entered a

4    stipulated order granting the motion to dismiss and denying

5    in part.  That's stipulation ECF 287 implementing the

6    Fairfield Sentry 2020 Westlaw 7345988.

7            According to the stipulated order, the following

8    threshold issues remained to be decided by the court: the

9    amendment issue, the constructive trust pleading issue, the

10   proper party issue, the personal jurisdiction issue, the

11   service issue other than as to HSBC Suisse, the receipt

12   issue and any other argument or dismissal upon consent of

13   the consolidated plaintiffs or by order of the court.

14   Electronic case filing 287.

15           On February the 28th, 2021, the case was

16   reassigned to me.  This court, faced with stepping into the

17   middle of a litigation over ten years old decided to hear

18   the amendment issues first.  To make it cleaner and easier

19   for the court, the court ordered that new motions to amend

20   the complaint be filed and set a briefing schedule to the

21   parties -- for the parties in the redeemer action.

22   Electronic case filing 292.

23           Upon the filing of the motion to amend, on March -

24   - on May the 14th, 2011 -- excuse me, 2021 -- all prior

25   motions -- pending motions to dismiss became moot.  Though

1    the motions to amend currently pending before the court --

2    through the motions to amend currently pending before the

3    court, the liquidator seeks to meet the constructive trust

4    requirements announced by the court in Fairfield II.  That's

5    at 596 BR 275, by amending their constructive trust claims

6    to supplement or add individualized allegations of

7    defendant's knowledge the falsity of the fund's net asset

8    values.  Again, that's cleaned up.  But it's at ECF 297.

9              This court has been routinely asked to rule on

10   various motions without these amended complaints.

11   Defendants Zurich Capital Markets and Citibank Switzerland

12   each filed opposition to the motion to amend.  Zurich argues

13   that the liquidators have failed to explain the reason for

14   the delay.  Excuse me.  This whole case been delayed.

15   That's an editorial comment -- in asserting the amendments,

16   have acted in bad faith by delaying amendments for a

17   strategic purpose, have failed to cure deficiencies in four

18   prior complaints and that Zurich will be prejudiced if the

19   motion is granted.

20             The Citi defendants argue that the new

21   allegations asserted that Zurich's knowledge is imputed to

22   them.  They argue they are prejudiced by these allegations

23   because they have to rely on Zurich to establish its own

24   lack of knowledge and because they must take discovery of

25   Zurich.  They also argue that the allegations have been made

Page 86

1   in bad faith as the facts have been known since 2012.

2           The liquidators have moved -- let's go to the law

3   now.  The liquidators have moved under Federal Rule of Civil

4   Procedure 15.  Rule 15 states in relevant part that the

5   party may amend its pleading only with the opposing party's

6   written consent or the court's leave.  And the courts have

7   been mandated the courts should freely give leave when

8   justice so requires.  That's Federal Rule of Civil Procedure

9   15(a)(2).

10          The mandate that leave to amend is freely given is

11  to be heeded as the plaintiff's deserve an opportunity to

12  test their claims on the merit.  Foman v. Davis, 371 U.S.

13  178, the United States Supreme Court.

14          If a court is to deny a motion for leave to amend,

15  it must justify its reasoning.  Again, that's in Foman v.

16  Davis.  And the Supreme Court, as we've all heard today,

17  provided a non-exhaustive list of example of when a court

18  may wish to deny leave, such as undue delay, bad faith or

19  dilatory motive on the part of the movant, repeated failure

20  to cure deficiencies by amendments previously allowed, undue

21  prejudice to the opposing party by virtue of the allowance

22  of the amendment, futility of the amendment.

23          While undue delay may be reason to deny leave to

24  amend, there is not any timeframe for which a plaintiff must

25  file for leave to amend.  That's Chicago v. Citigroup, 659

Page 87

1    F.2d, Second Circuit 2011, at 208.

2              The district court apparently believed that a

3    motion for leave to replead is not timely unless made in the

4    first instance.  Foman makes it unmistakingly clear that

5    there is no such rule.  A motion for leave -- and the five-

6    year role does not exist.  A motion for leave to amend may

7    be made during and after trial as well as after the entry of

8    a judgment.  Fulmer v. Davis, 371 U.S. 178.  Permitting a

9    motion for leave to amend to go forward despite a judgment

10   having been entered.

11             Even though this litigation commenced in 2010, the

12   parties have not been litigating the action for that entire

13   time.  The action was stayed in 2011 and at this moment

14   there is no order having been entered lifting that stay.

15   Despite this, the parties have been working on this case

16   while the stay was in place.

17             While the litigation was stayed in this court, the

18   litigation was continued in BVI.  The BVI litigation has

19   direct impact in this case and only one claim remains to be

20   litigated, the constructive trust claims against all

21   defendants.  The original complaint contained seven claims,

22   if you look at electronic case filing 7.

23             The court finds that no undue delay has occurred

24   in this case.  This is a complicated, multiparty litigation

25   with moving parts in many different jurisdictions, countries

Page 88

1     and jurisdictions.  The defendants have been aware of these

2     allegations for years, having negotiated with the plaintiffs

3     many times regarding the amending of the complaint.

4              As to Zurich's arguments that it suffered undue

5     prejudice by having to respond to allegations from events

6     that occurred 18 years ago, this court finds that argument

7     ineffective.  Zurich will need to respond to these

8     allegations whether or not the motion for leave to amend the

9     complaint is granted.

10             Neither the plaintiff nor the court have control

11    over whether employees who were making decisions for the

12    company in 2003 are still employed.  Zurich has had

13    knowledge of this litigation since 2010, and if they've

14    chosen not to preserve evidence for production in discovery,

15    it may possibly face the consequences at a later stage of

16    this litigation.  Its own failure to preserve relevant

17    evidence is not a reason to prevent plaintiff for asserting

18    their case -- plaintiffs from asserting their case.

19             The Citi defendants also filed opposition to the

20    motion.  Much of their opposition reads as a motion to

21    dismiss for failure to assert a claim.  The court

22    understands that futility can be a sufficient reason to deny

23    a motion to amend.  The courts and parties have already set

24    forth a briefing schedule for the remaining threshold issues

25    including motions to dismiss for failure to state a claim.

Page 89

1                This court is staying with that schedule.  The

2       Citi defendants can renew these arguments at the motion to

3       dismiss claim.

4                As to their arguments that they need to take

5       discovery of Zurich, this litigation is at the very

6       beginning stages.  Discovery has not been begun as motions

7       to dismiss have not yet been resolved.  Despite this,

8       defendants have been part of this litigation since its

9       inception and could have moved at any time to lift the

10      litigation stay in this court.  They chose not to do so.

11      they could have filed third-party actions against Zurich.

12      They have not done so.  They could have moved this court to

13      permit discovery prior to the completion of the 12(b)(6)

14      motion.  They have not done so.

15               So Mr. Elsberg, I didn't find an order lifting the

16      stay on litigation.  If not, don't you think we need one?

17               MR. ELSBERG:  Yes, Your Honor.  We have said at a

18      prior hearing and say again now that we believe that all

19      discovery should immediately go forward.

20               THE COURT:  Very good.  So any opposition to

21      lifting the stay to litigation.

22               MR. BAMBERGER:  Your Honor -- yes, Your Honor.

23      May I be heard on that issue?  There's a relatively tortured

24      history to this.  There is an order that was entered by

25      Judge Bernstein in 2019.  That order continued the stay of

Page 90

1    discovery.  The docket that I have, this is off of docket

2    10-3633.  It's document number 81 at page 15, says that in

3    the event a party seeks leave of the court to serve

4    discovery, the nonmoving party shall have the right to

5    oppose any such request.

6           The issue as I see it, Your Honor, is that many of

7    the defendants in his case, most of them, are foreign, will

8    be filing motions to dismiss on the basis of that there's a

9    lack of personal jurisdiction.  And many years ago, in 2012,

10   the liquidators made a similar request for discovery of

11   those foreign defendants.  That motion was initially granted

12   by Judge Lifland.  It went up on appeal to Judge Preska at

13   the district court who ordered that a comity analysis be

14   conducted.  And Your Honor has quoted from the opinion of

15   Judge Lifland on remand from that decision.

16          Judge Lifland put in place a stay in part because

17   -- and I can read from that order, Your Honor -- in part

18   because ordering discovery would implicate, as he said, the

19   customer confidentiality laws of no fewer than 30 countries.

20   That issue remains --

21          THE COURT:  Okay.  Let me just --

22          MR. BAMBERGER:  Yeah.

23          THE COURT:  Step back.

24          MR. BAMBERGER:  Sure.

25          THE COURT:  You're getting ahead of what you said.

Page 91

1    So you're telling me that the stay order doesn't affect

2    discovery and we can move through discovery and we can just

3    go with discovery.

4              MR. BAMBERGER:  No, no, Your Honor.  I --

5              THE COURT:  See.  You're slowing it all down.  We

6    either lift the stay and go forward, and you're saying the

7    opposite.  You can't even do discovery.  So we're --

8              MR. BAMBERGER:  Right.

9              THE COURT:  -- slowing this litigation down even

10   more.  For what purpose?

11             MR. BAMBERGER:  Because, Your Honor, if discovery

12   is ordered to go forward right now, the next step will be

13   for the plaintiffs to serve discovery on a number of foreign

14   defendants who are not going to be able to comply with those

15   discovery requests in the absence of personal jurisdiction

16   of this court because doing so will constitute a criminal

17   offense under foreign law.  And so the next thing Your Honor

18   is going to receive -

19             THE COURT:  Well, discovery comes after motions to

20   dismiss, does it not?

21             MR. BAMBERGER:  Well, that's fine, Your Honor.  We

22   haven't resolve the motions to dismiss yet.

23             THE COURT:  That's --

24             MR. BAMBERGER:  So if Your Honor is suggesting

25   that we should put off discovery until the motions to

Page 92

1    dismiss are --

2          MR. ELSBERG:  No --

3          THE COURT:  No, no.  I'm -- I'm -- the stay has

4    nothing to do with staying discovery.  Okay.  What are you

5    trying to say to me?

6          MR. BAMBERGER:  What I'm trying to say to you --

7          THE COURT:  I don't know what you're trying to do

8    about the litigation.

9          MR. BAMBERGER:  Okay.

10         THE COURT:  We've got a litigation here and

11   there's a stay in here.  if we --

12         MR. BAMBERGER:  Very good.

13         THE COURT:  -- want that stay in place --

14         MR. BAMBERGER:  Your Honor, we don't have a

15   problem with lifting the stay as long as the stay of

16   discovery that Judge Bernstein put in place following Judge

17   Lifland's decision remains in place pending the motions to

18   dismiss.  That's the state of play right now as I understand

19   it, and that's the state of play that I think should

20   continue and --

21         THE COURT:  Listen, we have a regular case going

22   now.  It's now a normal case.  I've ruled in favor, or I'm

23   about to rule in favor of granting this amendment -- this

24   motion.

25         MR. BAMBERGER:  Understood, Your Honor.

1            THE COURT:  And in a minute, we're going to get

2    rid of every one of the fake defendants.  That's -- so

3    that's another -- that's on my agenda.

4            MR. BAMBERGER:  Okay.

5            THE COURT:  So we now have a regular complaint and

6    we're under the regular rules of civil procedure except for

7    this stay order.  I don't see any reason why we're doing

8    bifurcated motions.

9            MR. BAMBERGER:  I guess, Your Honor, in order to

10   best address your question --

11           THE COURT:  Okay.

12           MR. BAMBERGER:  I'd like to understand what Your

13   Honor is getting at in terms of lifting the stay.  If Your

14   Honor is referring to lifting the stay and allowing the

15   plaintiffs to move forward with discovery against foreign

16   defendants who cannot comply with those discovery requests

17   and against whom motions to dismiss --

18           THE COURT:  That stay was only in place to allow

19   the BVI litigation.  BVI has ruled.  That's the only reason

20   that stay was in place.  If you read it, that's all it says.

21   Now y'all might have been reading a lot more into it than

22   that.  But that's all it says.

23           MR. BAMBERGER:  It --

24           THE COURT:  And that's over.  So we're lifting the

25   stay.  So what are you saying to me, and who do you

1    represent, by the way?

2              MR. BAMBERGER:  Apologies, Your Honor.  Nowell

3    Bamberger.  I represent -- Cleary, Gottlieb, represent the

4    HSBC defendants.

5              THE COURT:  Okay.

6              MR. BAMBERGER:  What I'm -- what I'm saying to

7    you, if Your Honor is lifting the stay, is that while the

8    parties intend and I think one of the topics we wanted to

9    discuss with Your Honor was the next phase of this case

10   which, as I understand it, will include addressing personal

11   jurisdiction, an issue that has not been addressed yet in

12   this case and that obviously is a prerequisite for going

13   forward on the claims.  Until that issue is resolved, it

14   would be appropriate for discovery --

15             THE COURT:  That started next month with service,

16   and I've already touched on that.

17             MR. BAMBERGER:  Yeah.  Yeah.

18             THE COURT:  But for all intents and purposes, this

19   stay has been lifted except the formality because the BVI

20   litigation is over.  So we're lifting that stay.

21             MR. BAMBERGER:  Understood, Your Honor.  In that

22   case, I would just ask for the clarification --

23             THE COURT:  There's no clarification.  The stay is

24   lifted.

25             MR. BAMBERGER:  Understood, Your Honor.

1          THE COURT:  That stay was in place for BVI

2     litigation.  That's all it said.  Now y'all might have made

3     a lot of agreements now and then.  But that's all it said.

4     It's over.  It's lifted.

5          MR. BAMBERGER:  I understand, Your Honor's order.

6     And I suppose that the next thing we should talk about then

7     is what the process is for this case going forward.

8          THE COURT:  We may talk about that next month

9     because that's on the agenda for next month.  But right now,

10    Mr. Elsberg, I want an order lifting that stay.

11         MR. ELSBERG:  Yes, Your Honor.

12         THE COURT:  In other words, what that stay was in

13    place for is finished.

14         MR. ELSBERG:  Yes, Your Honor.

15         THE COURT:  And then next month we talk about

16    service.

17         MR. ELSBERG:  Yes, Your Honor.

18         THE COURT:  And we've already discussed it once,

19    so -- and I'm aware of that.  Okay.

20         MR. ELSBERG:  And just to be clear, Your Honor, my

21    understanding with the stay lifted is that we are now free

22    to move forward with discovery.

23         THE COURT:  You know what?  I'm not going to pre-

24    rule.  If somebody wants to come in here, we're running it

25    under the Rules of Civil Procedure.

1          MR. ELSBERG:  Yes, Your Honor.

2          THE COURT:  Go to the Rules of Civil Procedure.

3     We're playing this game by rules, and you're free to do

4     whatever the federal rules say you're free to do.

5          MR. ELSBERG:  Perfect.  Thank you, Your Honor.

6          THE COURT:  And that's what we're -- that's the

7     game we're playing now.

8          MR. ELSBERG:  That's exactly what I was asking

9     for, Your Honor.  Thank you.

10          THE COURT:  Okay.  So for the foregoing reasons,

11     the amendment is granted.  And so, you need to get me a

12     proposed order on the issues of this decision about -- for

13     the amendment.

14          MR. ELSBERG:  Yes, Your Honor.

15          THE COURT:  So you need to get that in.  But let

16     everybody see it before you send it.  Now then, as to these

17     fake -- I have to go back and address one other thing.  And

18     that was that Merrill Lynch issue.  There you are, Mr.

19     Asher.

20          MR. ASHER:  Thank you, Your Honor.  If I may

21     clarify, my intent is --

22          THE COURT:  Give me a minute.  Give me a minute

23     before you clarify anything.  Just let me go back to a note

24     I have because I want to be -- I want to say it clearly, not

25     just off the top of my head.  Okay.  Okay.  I want to put a

Page 97

1    warning to you, Mr. Asher.  I have told you about my stance.

2    If you're representing a client that cannot communicate with

3    you, cannot ask permission to settle and cannot set up

4    signoffs on briefs and pleadings, you don't have a client.

5           And that is truly a grievance under the Rule 9011

6    and under the bar of the state of New York.  Now then you

7    may speak.  I'm giving you fair warning.  And I'm giving any

8    lawyer that says they represent someone that doesn't exist

9    fair warning that.  Yes, sir.

10           MR. ASHER:  Thank you, Your Honor.  I appreciate

11   the opportunity to clarify.  I represent Merrill Lynch

12   entities.  I do not represent some -- an entity that doesn't

13   exist and, for what you just explained, an entity that

14   couldn't communicate with me.

15           But the Merrill Lynch entities that I do represent

16   have an interest in avoiding the prejudice of the potential

17   default judgment or some other judgment entered against an

18   entity named Merrill Lynch Bank.  And so we've attempted to

19   navigate that, and I believe that we've put in our filings

20   consistently that we are -- the undersigned counsel that

21   represents other Merrill Lynch entities maintains that

22   Merrill Lynch Bank does not exist.  But I hope that

23   clarifies things.  I apologize if I maybe didn't --

24           THE COURT:  It does not.

25           MR. ASHER:  Oh, okay.

1              THE COURT:  You are still susceptible to a

2    grievance committee.  If you're standing up in front of me

3    and telling me that this doesn't exist, that means you can't

4    talk to them, you can't do anything and yet you're saying

5    that.  That does not explain anything to me.

6              MR. ASHER:  Okay.

7              THE COURT:  I want you to -- on every one that

8    says there's a fake bank or a fake name, I want a judgment

9    of default and I want it sent up in that way.

10             MR. ASHER:  Your --

11             THE COURT:  Yes, sir?

12             MR. ASHER:  May -- may I?  Okay.  Thank you.  So

13   Merrill Lynch -- I believe that Merrill Lynch have a fair

14   interest in avoiding a scenario where there's an entity

15   named and in the course of discovery, potentially the

16   liquidators realize it's a different entity.  There's a

17   motion to amend the name, a separate Merrill Lynch entity.

18   So that's why we've been continuing --

19             THE COURT:  Then you can be -- at that moment you

20   can be a party.  But at this moment, you can't be and you

21   can't represent a non-entity.  And since you cannot

22   represent a non-entity, there's going to be a default

23   entered, not a motion to dismiss, a default entered because

24   at this moment --

25             MR. ASHER:  Your Honor --

1          THE COURT:  -- you're telling me nobody speaks for

2     it.  Mr. Bamberger, I know you've already done one and they

3     agreed with you.  I didn't.  Yes, sir?

4          MR. ASHER:  I'm sorry.  Were you referring to the

5     recent voluntary dismissal of a non-existing entity?

6     Because -- because I would hope that is the --

7          THE COURT:  Judge Drain's decision.

8          MR. ASHER:  Right.  And that to us sounds like

9     it's the appropriate course where I don't know what led to

10    that because I'm not involved in that matter, but that a

11    voluntary dismissal without prejudice --

12          THE COURT:  When you get retained -- when you get

13    retained -- when you get retained by this entity, you can

14    speak to this court.  Until such time, you're not allowed to

15    speak to this court.  And I know Cleary did it.  That's

16    between the two of them, not me.

17          Your Honor?

18          THE COURT:  Yes, sir?

19          Can I -- may I address just very briefly a pointed

20    related to that?  There is an entity named as "HSBC" in

21    action 3635 as to which there's a pending motion that will

22    not be fully briefed until Monday.  Our reply brief is due

23    on Monday.  The circumstances there are a little bit

24    different because the liquidators in that case --

25          THE COURT:  Then we will deal with that -- we will

1    deal with that when that's on the agenda.

2         MR. BAMBERGER:  I just wanted to make sure Your

3    Honor wasn't addressing that motion before --

4         THE COURT:  I --

5         MR. BAMBERGER:  I understand, Your Honor.

6         THE COURT:  If you are standing up saying that you

7    represent somebody and you've got somebody on the other

8    side, not a fake entity.  If it's a fake entity, it's a fake

9    entity.  And I've heard y'all.  Mr. Levine, did you have

10   something you wanted to add?

11        MR. LEVINE:  No, Your Honor.  I can't add anything

12   because the entity that I thought I represented doesn't

13   exist, and we've told the liquidator that many times.  So I

14   can't say anything other than we will withdraw our motions

15   and our representation of that non-existent entity.

16        THE COURT:  Thank you.  All right.  And then we'll

17   go from there.

18        MR. ASHER:  And we'll --

19        THE COURT:  Yeah?

20        MR. ASHER:  We'll do the same.  Thank you, Your

21   Honor.

22        THE COURT:  Thank you very much.  Okay.  If you'll

23   do that, Mr. Elsberg, I need that done.  I'm trying to clean

24   up this docket.  Let's be honest.  There's a lot going on

25   and there's been a lot of litigation that has gone up and

Page 101

1    there's been a lot of changes and moving parts.  And Judge

2    Lifland and Judge Bernstein did a herculean work in making

3    it.  now then we're at the stage that a lot of things have

4    been decided by appellate courts.

5             It's time to get down, to get the amended

6    complaints, to get the answers, to get the discovery and

7    then to stand up and say we haven't been -- had time to do

8    discovery and -- not time, we oppose discovery because it's

9    been 18 years.  You had a chance to say that you knew the

10   litigation was going on.  Let's move forward.  Anything else

11   am I missing for today?

12            MR. ELSBERG:  No.  Thank you, Your Honor.

13            THE COURT:  All right.  Get those orders in, and

14   I'll see y'all next month.

15            MR. ELSBERG:  Thank you, Your Honor.

16            MR. ASHER:  Thank you, Your Honor.

17            THE COURT:  Good to see everybody.

18            MR. ELSBERG:  Good to see you.

19            THE COURT:  And Mr. Levine, may I say good to see

20   you in good health.

21            MR. LEVINE:  Thank you, Your Honor.  Yes.  It's

22   been fine since the recovery and no follow-up problems.

23            THE COURT:  Thank you.  I'm glad to hear that.  So

24   no long-term --

25            MR. LEVINE:  Thank you for saying something.

Page 102

1           THE COURT:  So no long-term?

2           MR. LEVINE:  Nothing long-term that I can perceive

3    now.  Maybe 10 years from now, I'll find out about it.  But

4    who knows?

5           THE COURT:  Right.  Right.  Good.  Well, it was

6    really good to see you.

7           MR. LEVINE:  Thank you, Your Honor.

8           MR. ELSBERG:  Thank you, Your Honor.

9           THE COURT:  All right, everyone.   Take care.

10          MR. ELSBERG:  Bye-bye.

11          MR. FROOT:  Thank you, Your Honor.

12       (Whereupon these proceedings were concluded)

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 103

```
 1                            I N D E X

 2

 3                           RULINGS

 4                                              Page        Line

 5    10-03622-cgm Motion to Amend Granted       21          18

 6    10-03626-cgm Motion to Amend Granted       22          6

 7    10-03627-cgm Motion to Amend Granted       22          18

 8    10-03630-cgm Motion to Amend Granted       23          4

 9    10-03633-cgm Motion to Amend Granted       23          14

10    10-03635-cgm Motion to Amend Granted       24          1

11    10-03636-cgm Motion to Amend Granted       24          6

12    10-03780-cgm Motion to Amend Granted       24          13

13    10-04098-cgm Motion to Amend Granted       24          19

14    10-04099-cgm Motion to Amend Granted       24          25

15    11-01250-cgm Motion to Amend Granted       25          17

16    11-01463-cgm Motion to Amend Granted       26          1

17    11-01579-cgm Motion to Amend Granted       26          7

18    11-01617-cgm Motion to Amend Granted       26          12

19    11-02770-cgm Motion to Amend Granted       26          17

20    12-01551-cgm Motion to Amend Granted       27          17

21    10-03634-cgm Doc# 297 Motion to Amend      96          11

22    Granted

23

24

25
```

1              C E R T I F I C A T I O N

2

3    I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5
     Sonya                    Digitally signed by Sonya Ledanski
                              Hyde
6    Ledanski Hyde            DN: cn=Sonya Ledanski Hyde, o,
                              ou, email=digital@veritext.com,
7                             c=US
                              Date: 2021.08.04 14:43:56 -04'00'
8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  July 30, 2021

**[& - 2020]**                                                                 Page 1

| **&** |
|---|
| **&**   17:10 28:14 29:3 |

| **0** |
|---|
| **01579**   26:2 |
| **03496**   25:1 |
| **03626**   21:22 |
| **03634**   28:8 33:21 |
| **03636**   24:2 |
| **04098**   24:14 |
| **04099**   24:20 |

| **1** |
|---|
| **1**   103:10,16 |
| **1-1000**   28:19 |
| **10**   21:21 24:1,13 24:19,25 25:13 28:7 33:21 55:17 102:3 |
| **10-03622**   1:10 8:1 21:5 103:5 |
| **10-03626**   1:18 8:12 103:6 |
| **10-03627**   2:1 8:23 22:9 103:7 |
| **10-03629**   21:14 |
| **10-03630**   2:9 9:8 22:20 103:8 |
| **10-03633**   2:17 9:19 23:7 103:9 |
| **10-03634**   3:1 10:5 10:16 49:22 103:21 |
| **10-03635**   3:9 10:23 23:19 103:10 |
| **10-03636**   3:17 11:9 103:11 |
| **10-03780**   4:1 11:20 24:7 103:12 |
| **10-04098**   4:9 12:6 103:13 |

**10-04099**   4:17 12:17 103:14
**10-13164**   1:3 13:3
**10-3633**   90:2
**10-3634**   27:20
**100**   13:12 46:2
**1000**   17:18
**10001**   17:4
**10004**   18:18
**10006**   17:12
**10022**   18:11
**1003496**   80:1
**10036**   16:15 18:4
**10104**   16:6
**10:00**   13:7
**10:30**   21:2
**10:48**   7:6
**11**   26:1 34:12 45:12 55:17 103:21
**11-01250**   5:1 13:9 25:17 103:15
**11-01463**   5:9 13:20 25:21 103:16
**11-01579**   5:17 14:6 103:17
**11-01617**   6:1 14:17 26:7 103:18
**11-02**   25:17
**11-02770**   6:9 15:3 26:12 103:19
**11501**   104:23
**116**   8:4
**118**   58:12
**12**   59:2 64:5 70:3 80:6 89:13 103:18
**12-01551**   6:17 15:14 27:10 103:20
**122**   11:23
**125**   18:17

**12601**   7:3
**1290**   16:5
**12:25**   78:17
**12:45**   78:17
**12th**   83:15
**13**   37:21 49:20 103:12
**13164**   25:14
**133**   8:25
**135**   9:22
**13th**   82:10
**14**   103:9
**146**   9:11
**147**   58:12
**14th**   84:24
**15**   32:23 47:2,9 64:6 79:13 86:4,4 86:9 90:2
**15's**   46:23
**158**   72:7
**15th**   83:5
**16**   33:16 54:19
**168**   58:13
**17**   32:24 33:16,19 46:14 70:13 103:15,19,20
**17-43**   43:21
**178**   86:13 87:8
**17th**   16:5 83:23 84:1
**18**   32:24 50:8 67:18 70:7 77:15 79:22 88:6 101:9 103:5,7
**18th**   82:11
**19**   14:16 77:15 103:13
**1985**   68:22
**19th**   80:6

| **2** |
|---|
| **2**   86:9 |
| **20**   66:12 77:15 |

**2001**   36:8
**2003**   50:8 54:24 65:4,19,21 66:2,7 66:18 67:1 88:12
**20037**   17:19
**2004**   72:17
**2006**   72:17
**2008**   55:2 61:3 62:1 66:16 72:21
**2009**   68:6
**2010**   56:11 65:25 67:3 69:2 73:12 87:11 88:13
**2011**   50:15,25 56:12 61:14 79:22 84:24 87:1,13
**2012**   50:22 56:14 56:14 57:10 64:4 64:5 66:1,3 69:15 71:5 72:9 80:6,23 86:1 90:9
**2013**   57:10 80:23
**2014**   57:17 58:20 81:20
**2016**   39:21 47:16 50:23,25 51:14,23 52:1,15,25 53:23 54:16 56:20 57:14 57:25 58:1 66:6 71:4,14 72:11 81:20 82:10,11,17
**2017**   47:17 48:11 58:7,21
**2018**   42:23 43:20 52:16 60:8 62:6 63:11,12 79:16,22 82:18
**2019**   83:5 89:25
**2020**   46:19 56:22 56:24 58:15 59:1 59:20 61:25 62:22 62:23 68:17 71:2 80:6 83:23,23

84:1,6
**2021**   7:5 84:3,15
84:24 104:25
**208**   77:11 87:1
**21**   33:7 103:5
**2112**   17:18
**218**   79:6,15
**21st**   80:23 82:16
**22**   103:6,7
**224**   83:7,9,21
**23**   62:23 103:8,9
**24**   36:25 77:1
103:10,11,12,13
103:14
**247**   49:21
**25**   63:12 103:14
103:15
**250**   49:21
**26**   103:16,17,18
103:19
**26th**   84:3
**27**   52:24 53:23
103:20
**275**   85:5
**28**   7:5 79:18
**282**   83:4
**287**   84:5,14
**2892376**   64:5
**28th**   84:15
**29**   45:25 46:1
**292**   84:22
**297**   10:8,20 85:8
103:21

**3**

**30**   90:19 104:25
**300**   44:17 45:9
46:5 104:22
**304**   10:18
**3046**   46:21
**330**   104:21
**355**   7:2
**3579844**   63:11

**3635**   99:21
**371**   86:12 87:8
**3737**   33:9
**374**   62:17
**375634**   79:15
**3756343**   79:6
**3794**   37:22

**4**

**4**   103:8
**416**   80:2
**418**   80:3
**48**   57:20
**4813565**   59:2 71:2

**5**

**55**   17:3
**560**   11:1 77:11
**596**   83:3 85:5
**599**   18:10

**6**

**6**   42:23 43:20
89:13 103:6,11
**60**   33:2 46:24
58:16 81:1,7
**618**   11:12
**62**   71:6
**627**   62:17
**637**   62:17
**65**   71:10
**659**   86:25
**6873436**   62:22
**6th**   82:18

**7**

**7**   16:14 18:3 87:22
103:17
**7/28/2021**   13:7
**70**   33:19 49:20
**71**   71:10
**72**   15:17
**73**   14:20
**7345988**   84:6
**74**   49:20

**77**   12:9
**799**   80:7

**8**

**81**   14:9 15:6 90:2
**817**   81:18
**82**   28:18 72:7
**83**   8:15
**87**   13:23

**9**

**9**   59:2
**90**   33:19
**9011**   97:5
**906**   53:23 81:24
**910**   82:10,10
**918**   82:14
**96**   103:21
**967**   13:5
**98**   12:20
**9th**   83:23

**a**

**ability**   68:9
**able**   46:3 51:16
91:14
**absence**   35:9
91:15
**absolutely**   53:18
54:2,9 56:25
58:10
**ac**   47:19
**acceptable**   59:24
74:18
**accepted**   44:8
**accepts**   62:3
**access**   35:15,17
67:16 69:12
**accompanied**   29:2
**accounts**   28:18
**accrued**   81:17
**accurate**   104:4
**acknowledged**
47:7

**act**   38:14 77:7
**acted**   38:6 41:18
43:25 85:16
**acting**   77:18
**action**   31:11
33:20,23 34:4
41:16 55:2,24
70:25 79:10 81:6
81:10 84:21 87:12
87:13 99:21
**actions**   8:5,16 9:1
9:12,23 10:9 11:2
11:13,24 12:10,21
13:13,24 14:10,21
15:7,18 29:21
32:24 33:16,20
50:19 79:14,23
80:10 81:1 89:11
**actively**   52:1
**activities**   65:24
**actual**   51:24
56:10,25 57:7,22
58:2,10,25 59:8
60:16 61:12,24
65:4 69:14,16
**add**   38:11 41:2
49:20 55:14 56:7
73:4 75:21 78:16
83:17 85:6 100:10
100:11
**added**   37:4
**addition**   45:9
56:14 62:10 65:13
**additional**   67:24
**address**   34:8
39:14 40:12 42:16
56:4 58:15 64:24
78:6 93:10 96:17
99:19
**addressed**   37:19
39:13 94:11
**addresses**   34:6,7

**addressing** 33:8
94:10 100:3
**adequately** 82:22
**adjourned** 13:6
27:23 28:5
**adjournment** 13:5
**adjudication**
68:11
**adjust** 63:25
**adjusting** 56:16
**administrator**
38:21 43:1
**admiralty** 37:24
37:25
**admit** 79:7
**adopt** 69:20
**adopted** 55:6
61:17
**adv** 1:10,18 2:1,9
2:17 3:1,9,17 4:1
4:9,17 5:1,9,17
6:1,9,17
**advantage** 37:10
37:14 41:12 42:8
42:14 74:15,21
75:2 76:15
**adversary** 8:1,12
8:23 9:8,19 10:5
10:23 11:9,20
12:6,17 13:9,20
14:6,17 15:3,14
21:7 28:7 29:17
30:7 47:4 49:22
58:8 79:9 83:8
**adverse** 74:12
75:18
**advised** 82:1
**affect** 91:1
**affidavit** 76:10
**affiliated** 37:6
77:1
**affiliation** 21:7

**afternoon** 70:22
**ag** 4:6 11:21 24:7
28:9,19,21
**age** 68:1
**agenda** 93:3 95:9
100:1
**agent** 38:22 43:1
59:11
**agerbrink** 77:14
**ago** 33:8 37:18
50:8 55:7 61:8
88:6 90:9
**agree** 50:2
**agreed** 30:12
58:14 80:24,25
83:10 99:3
**agreements** 36:1
95:3
**ahead** 54:20 90:25
**al** 1:12,15,20,23
2:3,6,11,14,19,22
3:3,6,11,14,19,22
4:3,6,11,14,19,22
5:3,6,11,14,19,22
6:3,6,11,14,19,22
8:2,3,13,14,23,24
9:9,10,20,21 10:6
10:7,17,17,24,25
11:10,11,21,22
12:7,8,18,19
13:10,11,21,22
14:7,8,18,19 15:4
15:5,15,16 17:2
21:23 22:21 23:8
23:20 24:3,8,15
24:21 25:2,3,18
26:3 28:8
**alan** 10:20
**alas** 32:19
**albanese** 18:23
**alerted** 38:8
**alice** 20:11

**allegation** 66:19
83:17
**allegations** 35:9
37:4,9 38:12
39:19 41:10,17,21
42:9,13 45:12
47:14,17,19,25
48:4 49:3 50:9
54:22 55:5 56:25
57:9 58:9 59:1
60:19 61:12,23
65:3,9 66:13 68:1
69:14 70:19 71:16
71:17 72:5,10
73:1,5,11 74:5,7
74:25 75:15,21
77:21,24 78:1
85:6,21,22,25
88:2,5,8
**allege** 56:10 59:17
61:4 71:9 74:25
**alleged** 50:7 54:25
59:10 61:7 62:1
63:2 66:2,3,20
77:23
**alleges** 82:22
**alleging** 41:23
59:8 62:7
**allow** 50:18 56:21
80:9 81:3 93:18
**allowance** 86:21
**allowed** 46:12
50:6 71:7,14
86:20 99:14
**allowing** 71:7
93:14
**altering** 64:8
**alternative** 61:11
**amend** 8:4,15,25
9:11,22 10:8,19
11:1,12,23 12:9
12:20 13:12,23
14:9,20 15:6,17

21:16,18 22:2,14
23:12,24 24:3,8
24:15,21 25:18,23
26:3,4,9,14 27:1,2
27:5,12 32:23
33:21 34:18 37:16
41:2 42:20 47:6
48:16 49:7,19,24
50:18 52:14 55:5
55:10 56:3 57:2
57:23 59:25 62:19
63:7,15 70:12
71:24 72:12 73:24
75:21 77:5,13
80:10 81:1,4,5
82:13,15,16,20
83:16,18,24,25
84:19,23 85:1,2
85:12 86:5,10,14
86:24,25 87:6,9
88:8,23 98:17
103:5,6,7,8,9,10
103:11,12,13,14
103:15,16,17,18
103:19,20,21
**amended** 8:5,16
9:1,12,23 10:9
11:2,13,24 12:10
12:21 13:13,24
14:10,21 15:7,18
37:4 40:10 45:25
46:4 49:21 50:20
56:12,12,13,15,19
58:1 61:18,25
65:1,3 66:2 70:5
71:6,8 72:6 73:8
74:6,10 76:16,24
80:12,22 81:1,6
81:10,25 82:4,9
83:11,17,19,22
85:10 101:5
**amending** 46:13
56:15 62:7 85:5

88:3
**amendment** 33:10
34:23 36:24 38:12
46:23 47:9 50:6
69:3 70:15 74:4
77:8 81:12,14,15
82:22 84:9,18
86:22,22 92:23
96:11,13
**amendment's**
68:8
**amendments**
33:12 45:8 46:12
54:8 55:23,24,25
71:14 81:9 85:15
85:16 86:20
**americas** 16:5
**amount** 31:5 33:4
46:9,10 49:11
78:11
**ample** 55:19
64:11,20
**amsterdam** 25:3
79:6 80:1
**analysis** 90:13
**ancillary** 46:18
**andrew** 18:20
19:4 29:25
**angela** 19:7
**announced** 40:5
43:23 44:6,11
85:4
**ansam** 68:21
**answer** 50:19
58:11 80:11
**answers** 101:6
**antonio** 28:15
**anybody** 32:6
45:2 78:10
**anyway** 81:22
**ap** 33:21
**apologies** 64:19
65:6 94:2

**apologize** 32:12
97:23
**apparently** 87:2
**appeal** 38:25
43:14 44:2 62:8
80:15 90:12
**appealed** 62:8
**appeals** 80:19
82:3
**appeared** 31:25
**appellate** 101:4
**apples** 73:21 74:3
74:5 78:7
**applicable** 37:23
**application** 81:4
**applied** 37:24,25
**applies** 46:25
**apply** 38:9 75:1
**appreciate** 45:3
97:10
**approach** 55:6
61:17 63:13 73:22
75:3,8
**appropriate** 59:2
60:4 94:14 99:9
**approve** 70:1
**approximately**
33:19
**april** 33:7 72:17
72:17 83:5
**arbitrage** 4:14
12:8 24:14
**argue** 34:12 41:9
42:10 43:14 47:11
49:23 62:4 85:20
85:22,25
**argued** 38:6,10
43:14
**argues** 46:19
85:12
**arguing** 67:11
**argument** 23:18
30:11 35:12 36:17

36:18 39:15,25
40:10 46:20 47:22
54:20 63:17 64:17
76:17,19 78:6
84:12 88:6
**arguments** 42:15
46:18 88:4 89:2,4
**arrangement**
31:20
**articles** 43:8,13
43:15
**articulated** 44:14
**asbt** 28:17
**asher** 18:6 29:18
29:18 30:3,5,20
30:24 31:10,19,25
32:9 96:19,20
97:1,10,25 98:6
98:10,12,25 99:4
99:8 100:18,20
101:16
**asked** 85:9
**asking** 52:8 96:8
**assert** 42:6 72:4
83:2,7 88:21
**asserted** 59:15
62:25 63:1 83:8
85:21
**asserting** 85:15
88:17,18
**assessment** 58:14
**asset** 28:20 39:6
50:11 54:24 82:23
85:7
**associates** 67:22
68:21
**attached** 80:7
**attaching** 83:18
**attempt** 36:11
**attempted** 97:18
**attention** 58:9
**attorney** 18:9

**attorneys** 16:4,13
17:2,10,17 18:2
18:16
**attribution** 65:10
**august** 46:19
58:15 79:16
**authority** 37:21
69:8,22
**available** 45:21
48:1 59:18 62:1
73:17
**avenue** 16:5 17:18
18:10
**aver** 69:9
**avoid** 45:4 60:24
**avoided** 57:17
**avoiding** 97:16
98:14
**awaiting** 59:23
**aware** 47:13 50:5
57:4,15 66:24
88:1 95:19

**b**

**b** 7:21 10:20
45:12 46:24 58:16
61:20 89:13
**bacelar** 28:15
**back** 35:5,7 40:2,7
47:21 57:10 61:3
61:7 63:24,24
65:4 66:7 73:17
78:21 90:23 96:17
96:23
**background** 34:7
79:4,4,14
**bad** 27:2 33:10
34:7 36:20,23
37:1,8 38:6,14,21
39:8,12,14,17,17
40:11,15 41:7
42:1,7,15 43:4,13
43:15,25 48:6
55:12,13,25 56:4

57:1 59:11,24
60:21,24 62:11,15
62:20 63:7,14
64:6 70:10 76:14
76:20,25 77:7,10
85:16 86:1,18
**baith** 60:24
**bamberger** 17:21
29:15,16 51:24
52:17,19,20,23
53:2,11,15 89:22
90:22,24 91:4,8
91:11,21,24 92:6
92:9,12,14,25
93:4,9,12,23 94:2
94:3,6,17,21,25
95:5 99:2 100:2,5
**banc** 28:10
**bancaire** 3:14,22
10:24 11:10 23:20
24:2 28:12
**banco** 28:9 29:24
**bank** 2:22 4:22
6:6,22 9:20 12:19
14:18 15:16 17:17
18:2,9,16 23:8
24:20 26:8 27:11
28:9,9,13,14,15
28:15,19,20 29:16
29:19 30:1,8
31:14 32:5 62:21
65:24 71:20 73:18
74:16 97:18,22
98:8
**banking** 65:24,25
**bankruptcy** 1:1
7:1,23 62:13
**banque** 28:12
**bar** 28:16 97:6
**based** 27:2,6
40:22 43:7 46:24
48:6 72:13 73:18
81:16

**basically** 50:14
79:8
**basis** 58:3 60:21
60:23,24 62:14
63:15 65:10 90:8
**beach** 32:15
**beginning** 33:18
33:22 75:11 89:6
**begun** 34:17,19
89:6
**behalf** 8:6,17 9:2
9:13,24 10:10,20
11:3,14,25 12:11
12:22 13:14,25
14:11,22 15:8,19
29:13,16,19 30:1
31:22
**belief** 38:21,24
44:4 60:3 65:9,13
66:21
**believe** 21:15
23:18 27:18 36:10
48:8 50:24 51:16
52:4,10,11 67:10
70:13 76:7 89:18
97:19 98:13
**believed** 37:23,24
38:18 59:9 87:2
**bench** 52:8 80:7
**beneficial** 28:18
**benefit** 37:12
**benjamin** 19:13
**bensch** 37:19,20
37:22 39:16 60:3
70:2
**bermuda** 28:20
**bernard** 77:11
82:25
**bernstein** 37:14
39:2,11 40:5
42:20,23 43:20,23
44:5,21 47:4,8,12
47:15 48:12,19,20

51:15 52:8 57:21
58:14,20 60:6
66:9 81:19,20
89:25 92:16 101:2
**bernstein's** 44:3
46:19 52:15 57:3
59:3 61:10 62:6
**best** 93:10
**beyond** 33:13
53:14
**bgl** 1:23 8:13
21:22
**bianca** 20:7
**bianchi** 20:1
**bicks** 18:24 32:11
32:11,17,19
**bifurcated** 93:8
**bind** 39:7
**binding** 43:11
**bit** 22:6,22 79:3
99:23
**black** 20:2
**blmis** 71:11 72:19
79:11 83:1
**block** 67:20,22
68:3
**blood** 67:22 68:3
**bloomberg** 45:20
78:4
**bnp** 1:23 2:6 4:14
4:22 5:22 6:22
8:13,24 12:7,18
14:7 15:15 21:22
24:14,20 26:2
65:20
**boccuzzi** 17:14
26:18,21,21 27:6
29:12,13 33:7
50:23 51:24 70:22
70:23 76:8
**boies** 17:1 29:7,9
49:18

**bpa** 24:3
**bpn** 27:10
**br** 77:11 83:3 85:5
**break** 78:17
**breidbart** 20:3
**brief** 10:18 34:5
37:5 41:20 46:14
57:25 59:5 64:15
66:15 72:3 76:22
77:15 99:22
**briefed** 48:16
99:22
**briefing** 53:4,6,6
53:13,19,25 58:2
58:7,11 64:12
69:8 82:12 84:20
88:24
**briefly** 41:14
70:24 99:19
**briefs** 97:4
**bring** 44:7 75:15
**bringing** 42:4
74:4
**british** 50:17
57:16 79:25
**broad** 18:17
**broader** 68:7
**brought** 70:19
72:19 74:23 76:18
**brown** 16:12 29:5
**bunch** 74:6
**burden** 35:16
36:16,22 47:2
49:25
**business** 65:18,20
67:6
**bvi** 44:22 45:5
58:20 81:23 87:18
87:18 93:19,19
94:19 95:1
**bye** 102:10,10

[c - citigroup]                                                                    Page 6

| **c** | |
|---|---|

**c**  16:1 17:7 19:21
20:6 21:1 104:1,1
**calculated**  82:23
**calculation**  64:21
**calendar**  21:2,13
21:13
**call**  31:7 36:22
71:21
**called**  21:14 39:4
58:8
**calling**  35:5
**camera**  32:13
**capacities**  8:9,20
9:5,16 10:2,13
11:6,17 12:3,14
12:25 13:17 14:3
14:14,25 15:11,22
**capital**  3:6 10:6
10:17,21 17:2
23:17 27:20 28:8
28:19 29:8 33:24
49:18 66:7 85:11
**caprice**  28:10
**captioned**  33:21
**care**  31:4 102:9
**career**  36:8
**carefully**  21:3
**caribbean**  82:3
**carmine**  17:14
26:21 29:12 70:23
**carrehas**  28:15
**carry**  36:15
**carrying**  36:21
**case**  1:3,10,18 2:1
2:9,17 3:1,9,17
4:1,9,17 5:1,9,17
6:1,9,17 21:17,23
22:2,9,13,18 25:1
25:5,9,14 27:23
30:25 31:15 34:17
36:25 37:6,6 39:5
40:16,16 41:13,14

44:23 47:1,18
50:4,5,7,10 51:23
51:25 52:7 54:9
54:17 55:9,13,17
56:6,16,22,24
57:6 59:13,19
60:5,12,13 61:14
61:21 62:16,24
63:6,7,8,10,16,19
63:20 64:3,11,17
64:20 65:2,7
66:10,22 67:3,7
67:20 68:12,13,16
69:1,9,10,25 70:3
70:5,10,11,12,17
71:5,15,20,20,23
71:25 72:16,16,24
73:2,2,23 74:3,16
75:9 76:23 77:14
79:16 80:2 81:18
81:23 82:14 84:14
84:15,22 85:14
87:15,19,22,24
88:18,18 90:7
92:21,22 94:9,12
94:22 95:7 99:24
**cases**  25:11 30:6
37:24 40:12,14
45:3,7 46:13,15
55:14 57:12 60:6
61:8 62:11 63:22
67:21 68:14,21
70:13 74:13 76:21
76:22
**cause**  33:10
**causing**  60:25
**cayman**  4:22
12:19 24:21 28:18
**cecelia**  7:22
**certain**  35:19
**certainly**  31:10,19
61:11,14

**certificate**  43:10
**certificates**  43:9
58:4
**certified**  104:3
**cgm**  1:3,10,18 2:1
2:9,17 3:1,9,17
4:1,9,17 5:1,9,17
6:1,9,17 8:1,12,23
9:8,19 10:5,16,23
11:9,20 12:6,17
13:3,7,9,20 14:6
14:17 15:3,14
103:5,6,7,8,9,10
103:11,12,13,14
103:15,16,17,18
103:19,20,21
**challenge**  59:16
**chance**  101:9
**change**  37:16
69:10 77:12
**changed**  39:13
42:21 43:22 60:2
60:10 69:22
**changes**  101:1
**chapter**  79:13
**chartered**  18:16
**chase**  68:6
**cheaper**  60:22
**checked**  28:22
52:5
**cherelle**  20:5
**chicago**  86:25
**choice**  59:14,17
60:15,24
**chose**  35:24 36:1
40:17 57:12 61:5
69:18 89:10
**chosen**  88:14
**christine**  19:8
**circuit**  37:19
38:12,15 39:13,16
46:11 59:22 62:12
62:12,12 63:14

64:2 68:3,22 69:8
69:22 87:1
**circuit's**  63:12
64:21
**circumstances**
63:6 70:16 99:23
**cirillo**  18:25
**citation**  59:1,1
**citco**  38:25,25
39:1,11 40:5
42:25 43:7,12,24
43:25 45:17 48:5
48:9 59:11 62:6
78:5
**citco's**  38:21 43:4
43:13 48:6 60:21
**cite**  34:17 36:25
37:5 40:13,15
46:13 71:20 73:16
76:25 77:1,6,11
77:14
**cited**  50:5 56:6
57:21 63:17
**cites**  67:21
**citi**  26:23 34:2
39:15 58:7,8
73:13,14 77:20
78:2,7 85:20
88:19 89:2
**citi's**  34:3,5 76:16
**citibank**  1:15 8:2
17:10 21:6 28:11
28:21 29:14,14
34:1 57:10 70:23
70:25 71:12,17,21
72:1,7,8,14,20,20
72:23 73:1,9,15
73:20 74:11 75:1
75:16,21 85:11
**citigroup**  6:14
15:4 17:10 26:13
26:22 71:9,10,12
71:15 72:13,23

73:17,18 74:25
86:25
**citivic** 28:11
**city** 68:2
**civil** 86:3,8 93:6
95:25 96:2
**claim** 33:13 40:7
40:17,17,19 41:4
44:7 47:20 48:1,6
48:21 57:5 58:21
60:8,17 61:13
64:12 68:20 72:22
83:2,12,13,13,13
83:14,14,15 87:19
88:21,25 89:3
**claims** 40:25 41:2
42:2,3 47:7 50:18
54:9,11 55:8 60:7
68:10 73:5 81:17
82:21 83:15 85:5
86:12 87:20,21
94:13
**clarification**
50:13 94:22,23
**clarifies** 97:23
**clarify** 52:20
96:21,23 97:11
**classic** 71:19
**clause** 40:23,24
**clauses** 35:25
**claw** 40:2,7
**clean** 100:23
**cleaned** 85:8
**cleaner** 84:18
**clear** 37:1,7 41:23
52:3 57:14 59:21
60:1 62:14 64:20
74:16 76:23 87:4
95:20
**clearly** 74:11
96:24
**cleary** 17:9,16
26:22 29:13,16

70:23 94:3 99:15
**client** 97:2,4
**cliffs** 28:17
**clock** 48:24
**close** 34:14,14
36:21,22 69:7
**cohen** 19:1
**cola** 68:21
**cold** 45:3
**colleague** 29:9
**colleagues** 29:3,4
**combined** 70:10
**come** 34:14 36:21
70:17 79:5 95:24
**comes** 45:2 74:2,3
91:19
**comity** 90:13
**commenced** 55:2
87:11
**commencement**
50:7
**commend** 62:16
**comment** 85:15
**commented** 57:21
63:4
**comments** 47:12
**committee** 98:2
**common** 71:23
82:20
**communicate**
97:2,14
**communicated**
65:11
**communication**
31:2
**compagnie** 28:12
**companies** 66:5
**company** 3:6 10:7
10:17,21 17:2
29:8 30:4,22 31:9
33:24 49:19 66:4
66:7 67:2,15
88:12

**complaint** 10:19
37:2,4,24 38:1,4
40:10,20 41:4,15
41:16,19,20,22
49:21 50:10 54:24
55:1,24 56:11,12
56:13,15,16,19,21
56:21,23,24 57:2
57:6,24 58:1
61:14 62:19,25
65:2,3 66:3 67:2,7
68:25 70:4,5 71:6
72:6,12 73:8
76:25 80:22 81:10
81:25 82:9 83:19
83:22 84:20 87:21
88:3,9 93:5
**complaints** 8:5,16
9:1,12,23 10:9
11:2,13,24 12:10
12:21 13:13,24
14:10,21 15:7,18
28:23 32:24 41:10
45:18,25 46:1,1,2
46:4 50:20 61:18
61:25 67:3 69:19
71:8 78:4 80:10
80:12 81:1,4,5
82:4 83:11,17
85:10,18 101:6
**complete** 46:4
66:15 68:19 73:21
**completely** 39:25
57:17
**completion** 89:13
**complicated**
87:24
**comply** 91:14
93:16
**comprehensive**
45:22
**concede** 66:19

**concern** 50:11
54:24
**concerned** 51:5
**concerning** 72:10
**concluded** 102:12
**conclusions** 66:18
**condense** 76:4
**conduct** 45:11
56:4 67:24 74:22
**conducted** 90:14
**conference** 13:6
33:7 52:24 57:13
**conferences** 32:3
**confident** 31:21
**confidentiality**
90:19
**connecticut** 41:1
**connection** 72:14
73:13
**connelly** 19:2
**consent** 84:12
86:6
**consequences**
88:15
**conserve** 77:18
**consider** 82:1
**considered** 32:6
74:9
**consistently** 97:20
**consolidated** 80:1
84:13
**consolidation**
84:1
**consolidations**
22:7
**constitute** 59:24
91:16
**constructive** 40:7
42:25 44:7 47:7
47:20,25 48:5,20
57:5 58:21 60:17
61:13 83:2 84:9
85:3,5 87:20

consult 45:8
contact 35:22
contained 87:21
contains 56:24
contemplated
83:24
context 33:4
continent 73:15
continue 43:14
48:8 80:14 92:20
continued 65:24
80:5,5 87:18
89:25
continuing 98:18
contract 82:20
83:14
contrary 42:18
46:7
contrast 41:8
contrera 71:25
control 88:10
conveniens 40:23
conversation 73:7
cooperation 35:23
35:25 36:6
copy 37:20
corp 28:21
correct 22:3,15
25:7,12 26:11,16
26:24,24 27:5,6
27:13,16,24 52:6
55:22 56:9
corrected 56:14
correctly 53:20
council 39:3,5
47:18 80:15,19
counsel 76:16,21
97:20
counsel's 66:15
countries 87:25
90:19
country 104:21

counts 45:6
couple 37:18
46:17
course 36:14
98:15 99:9
court 1:1 7:1 21:2
21:10,21 22:1,5
22:13,17,20 23:2
23:4,7,11,14,16
23:23 24:1,6,13
24:19,25 25:6,9
25:13,21 26:1,7
26:12,17,20 27:4
27:8,10,14,17,22
28:1,7 29:6,11
30:3,14,21 31:4
31:13,24 32:1,10
32:14,18,20 33:5
38:13 41:3,7 42:1
42:7 49:16 50:1
50:12,15,16,17,20
51:1,5,7,8,10,11
51:12,14,15 52:3
52:18,22 53:1,10
53:12,17,24 54:4
54:13,19 55:20
60:4 62:13,14,17
63:3,4,20 64:5,9
64:11,14,18,20,23
65:5 66:8 67:10
68:23 69:5 70:21
71:1,14,22 72:25
74:2,3,12,23
75:20,23 76:1
78:15,23 79:18,19
79:23,24 80:9,12
80:16 81:4,25
82:3,6,11,15,18
84:3,8,13,16,19
84:19 85:1,3,4,9
86:13,14,16,17
87:2,17,23 88:6
88:10,21 89:1,10

89:12,20 90:3,13
90:21,23,25 91:5
91:9,16,19,23
92:3,7,10,13,21
93:1,5,11,18,24
94:5,15,18,23
95:1,8,12,15,18
95:23 96:2,6,10
96:15,22 97:24
98:1,7,11,19 99:1
99:7,12,14,15,18
99:25 100:4,6,16
100:19,22 101:13
101:17,19,23
102:1,5,9
court's 56:2 86:6
courts 34:10,24
37:8 55:10 57:16
58:20 59:21 60:10
69:25 74:17 86:6
86:7 88:23 101:4
cover 76:22
creates 36:14
criminal 91:16
critical 53:14
criticized 64:9,10
cromwell 18:15
30:1
crystal 36:25 37:7
cunha 28:16
cure 85:17 86:20
current 33:9
currently 80:19
85:1,2
customer 90:19

**d**

d 19:16 21:1
103:1
daniel 19:14,17
date 81:6,16,17
82:14 104:25
david 8:5,16 9:1
9:12,23 10:9 11:2

11:13,24 12:10,21
13:13,24 14:10,21
15:7,18 16:8,17
19:20,23 21:8,24
22:12,25 23:10,22
24:11,17,23 25:4
25:19,24 26:5,10
26:15 27:15 28:25
29:5 53:21
davis 86:12,16
87:8
day 38:24 69:25
77:25 81:7
days 81:2
dc 17:19
dd 47:18 48:4,7
48:11
deal 32:4 82:4
99:25 100:1
dealing 28:5 70:6
debtors 1:8 79:13
decade 73:18
decades 45:3
december 42:23
43:20 82:18
decided 42:23
43:21 48:11,25
63:3,25 82:3 84:8
84:17 101:4
deciding 48:12
decision 39:2,3,3
41:3 42:24 43:22
46:20,21,22 47:3
47:12,15 52:15
56:2 57:3,17
58:15,16,19 59:3
62:21,23 64:9
66:8 69:7 71:2,19
82:19 83:5 90:15
92:17 96:12 99:7
decisions 58:20
88:11

[declaration - disseminated]                                                    Page 9

declaration   35:11
  35:14 61:21 65:23
deeply   44:23
default   30:21
  31:13 32:1,2
  97:17 98:9,22,23
defaults   32:6
defend   65:8
defendant   26:25
  35:20 36:3 38:5,7
  40:3,8 41:17,18
  44:9 55:12 58:22
  60:19 68:18 70:15
  70:18,19 71:22
  73:21 75:16 77:7
  81:9 82:22
defendant's   85:7
defendants   1:16
  1:24 2:7,15,23 3:7
  3:15,23 4:7,15,23
  5:7,15,23 6:7,15
  6:23 26:23 28:22
  29:6 32:12 33:16
  33:19,23 34:4
  36:15,21 37:11
  38:10,23 40:9
  41:8 42:10 43:6
  43:16,18 44:2,8
  44:17 46:2 48:14
  48:22 49:16 50:19
  52:12 57:7,9,19
  58:3,7,8 59:9,12
  61:7 69:14,15,18
  71:3 75:9,10 77:2
  79:12 80:11,24,25
  81:13 83:3,8,9
  84:1 85:11,20
  87:21 88:1,19
  89:2,8 90:7,11
  91:14 93:2,16
  94:4
defending   38:16
  38:17 69:4

defenses   68:10
defer   51:24
deferred   33:14
deficiencies   85:17
  86:20
deficiency   64:12
delay   27:3 33:11
  42:16,17,18 46:7
  46:16,21 48:22
  49:4,5,6,7,23 50:1
  50:4 55:11,15,17
  55:22 56:6,7 59:7
  65:1 66:22 68:4
  68:11 70:11 71:23
  71:25 72:1 76:17
  76:19 78:9,10
  81:11,15 85:14
  86:18,23 87:23
delayed   36:24
  49:6 85:14
delaying   85:16
delays   46:15
deliberately   41:9
  63:18
demonstrate
  36:23 37:1 56:1
demonstrated
  49:8 57:1 66:23
denial   49:24
  59:24 63:7,15
  70:12
denied   34:18
  79:19
denise   28:16
deny   49:7 56:2
  75:20 86:14,18,23
  88:22
denying   82:19
  84:4
depositions   35:1,4
derivative   36:17
deriving   74:21

described   78:3
description   36:7
desert   28:16
deserve   86:11
desk   78:20
despite   39:16 87:9
  87:15 89:7
dessert   56:1
detailed   58:20
determination
  39:6
determined   60:20
  62:8 82:15
difference   40:1
  47:23 48:1
different   21:4
  45:7 47:2 60:9
  62:5 68:16 73:6
  74:22 87:25 98:16
  99:24
differently   75:8
difficult   35:22
  65:8 76:9
difficulty   57:22
  66:9 69:4 76:12
  76:12
dilatory   56:4
  86:19
diligence   45:11,22
  45:23 61:19,22
  65:12 66:17 72:4
  74:5 77:24
diligently   30:19
dillan   20:4
direct   87:19
directed   57:23
direction   33:7
director   43:2
directors   38:22
  39:7,8 66:1,10
disavowed   41:21
  42:4

disclosure   79:11
discovery   34:16
  34:19,25 49:9,11
  52:9,11,12 53:7,8
  53:16 56:17 63:8
  63:9 65:7 67:9,12
  67:13,24 68:15
  85:24 88:14 89:5
  89:6,13,19 90:1,4
  90:10,18 91:2,2,3
  91:7,11,13,15,19
  91:25 92:4,16
  93:15,16 94:14
  95:22 98:15 101:6
  101:8,8
discretionary
  56:2
discuss   94:9
discussed   39:22
  95:18
dismiss   33:15
  40:22 41:7,11
  42:9,14 48:13,17
  53:7,13,19,25
  59:23 60:7,11,11
  62:18 63:3,25
  64:7,13 78:8
  82:13 84:2,4,25
  88:21,25 89:3,7
  90:8 91:20,22
  92:1,18 93:17
  98:23
dismissal   84:12
  99:5,11
dismissed   25:10
  31:11,15 41:1
  42:2 60:8
disputed   78:11
disputes   40:24
disregarded
  65:14
disseminated
  61:20

**district**  1:2 46:12
  62:13,21 63:10
  68:2 69:2 79:15
  79:19 87:2 90:13
**divestiture**  46:20
  46:21,22 47:3,12
  71:1
**doc**  8:4,15,25 9:11
  9:22 10:8,18 11:1
  11:12,23 12:9,20
  13:5,12,23 14:9
  14:20 15:6,17
  103:21
**docket**  33:9 37:21
  43:21 46:21 52:5
  53:22,23 58:12,12
  58:12 71:6 80:2
  90:1,1 100:24
**docketed**  25:7
**document**  10:20
  34:25 35:7,16
  67:4 76:11,12
  90:2
**documents**  35:3,7
  35:17 45:17 66:24
  67:1,5,5 76:9 78:5
**doing**  57:11 91:16
  93:7
**dong**  19:22
**don't**  21:12 22:22
  28:22 30:21 31:4
  31:20 32:3 36:21
  37:11 39:9 41:8
  42:10 49:24 50:1
  51:6,10,16 52:4
  53:1,2 54:5 60:12
  67:12,13 75:5,13
  77:23 78:10,15
  89:16 92:7,14
  93:7 97:4 99:9
**dozens**  35:7 45:2
**drafting**  45:24

**drain's**  99:7
**dropped**  71:15
**due**  45:11,22,23
  50:16 61:19,22
  65:12 66:16 74:4
  79:24 99:22
**dueling**  69:1
**duncan**  77:6
**duty**  77:17

**e**

**e**  7:21,21 16:1,1
  20:15 21:1,1
  103:1 104:1
**earlier**  41:10
  42:18 43:24 47:22
  49:8 68:13 69:10
  76:16 77:9,23
  78:3
**early**  50:25 61:13
  69:15
**easier**  60:22 84:18
**easily**  62:25
**eastern**  82:3
**easy**  36:5 45:2
**ecf**  80:7 82:10
  83:7,9,20 84:5
  85:8
**ecro**  7:25
**editorial**  85:15
**edson**  28:16
**effect**  35:22
**efficiently**  44:12
  46:10 77:18
**effort**  38:2 45:22
**efg**  28:13,19,19
**ehrlich**  18:23
**eight**  59:6 61:8
**either**  50:5 55:11
  55:15 91:6
**elapsed**  34:24
**elbserg**  64:4
**electric**  41:13
  64:3 75:4,5

**electronic**  80:2
  81:18,23 82:14
  84:14,22 87:22
**elizabeth**  19:19
**eloquently**  50:3
**elsberg**  8:6,17 9:2
  9:13,24 10:10
  11:3,14,25 12:11
  12:22 13:14,25
  14:11,22 15:8,19
  16:8 21:8,8,10,15
  21:18,20,23,24,24
  22:4,12,12,16,19
  22:25,25 23:3,6
  23:10,10,13,15,22
  23:22,23,25 24:5
  24:10,11,11,17,17
  24:23,23 25:4,4,8
  25:12,19,19,24,24
  26:5,5,10,10,15
  26:15 27:8,9,12
  27:13,15,15,20,25
  28:6,25,25 32:4,8
  32:21,22 33:6
  50:2 52:3,5,6 53:7
  53:21,21 54:2
  57:20 59:4 63:17
  70:13 73:25 74:14
  75:3,25 76:3,5
  78:24,25 89:15,17
  92:2 95:10,11,14
  95:17,20 96:1,5,8
  96:14 100:23
  101:12,15,18
  102:8,10
**elsberg's**  26:24
**emphasize**  66:21
**employed**  36:2
  88:12
**employee**  65:16
  66:6,25
**employees**  35:25
  36:2,13 65:21

**67:17 72:12 88:11**
**encountered**
  57:15
**ended**  67:6
**energy**  62:22
**engage**  45:24
**english**  80:15,19
**enter**  30:21 32:6
**entered**  30:12
  51:19,19 55:4,5
  82:11 83:6 84:3
  87:10,14 89:24
  97:17 98:23,23
**entire**  87:12
**entirely**  68:23
**entities**  18:2 29:21
  30:6,25 73:13,14
  97:12,15,21
**entity**  29:19 30:8
  30:8 31:1,7,11,18
  32:7 35:19,20
  36:3,4,4,9 65:19
  65:22,23 97:12,13
  97:18 98:14,16,17
  98:21,22 99:5,13
  99:20 100:8,8,9
  100:12,15
**entry**  87:7
**eric**  19:24
**erin**  20:15
**espana**  6:22,22
  15:15,16 27:11,11
**espirito**  28:13
**espiritu**  28:12
**essential**  45:4
  63:5
**establish**  69:17
  85:23
**established**  49:1
  57:18 69:2,21
**ester**  16:10 29:3
**et**  1:12,15,20,23
  2:3,6,11,14,19,22

3:3,6,11,14,19,22
4:3,6,11,14,19,22
5:3,6,11,14,19,22
6:3,6,11,14,19,22
8:2,3,13,14,23,24
9:9,10,20,21 10:6
10:7,17,17,24,25
11:10,11,21,21
12:7,8,18,19
13:10,11,21,22
14:7,8,18,19 15:4
15:5,15,16 17:2
21:22 22:21 23:8
23:20 24:3,8,15
24:21 25:2,3,17
26:3 28:8
**ethical** 30:16,18
**europa** 28:9 29:24
**evan** 20:1
**evans** 56:6 68:2
**eve** 35:2
**event** 36:12 51:25
66:12 90:3
**events** 50:7 65:4
66:2 88:5
**everybody** 96:16
101:17
**everybody's**
30:23 79:1
**evidence** 37:3
57:22 65:18 73:9
77:8 88:14,17
**exactly** 27:22
53:10 54:4,17
96:8
**example** 35:24
45:16 71:19 86:17
**examples** 44:16
**exceeds** 55:15
**exception** 53:9
**exclusively** 60:20
**excusable** 46:24

**excuse** 26:19
78:23 79:22 80:6
80:23 84:24 85:14
**exhaustive** 86:17
**exhibit** 61:20 80:7
**exist** 29:20 30:4,9
30:11,16,22 31:8
31:9,17 87:6 97:8
97:13,22 98:3
100:13
**existent** 100:15
**existing** 38:8 67:9
73:5 99:5
**expeditiously**
44:13 46:3
**expend** 67:23
**expert** 44:20,22
44:25 45:1,5,8,10
**explain** 30:15
59:6,7 71:24
85:13 98:5
**explained** 57:4
97:13
**explanation** 48:14
62:3
**explanations**
71:25
**expressly** 81:13
**extent** 82:21
83:16
**extenuating** 70:17
**extraordinary**
70:16
**extremely** 50:3
65:8

---

**f**

---

**f** 6:22 7:21 15:16
19:6,12 27:11
28:19 104:1
**f.2d** 62:17 87:1
**fabio** 28:16
**face** 60:18 68:19
69:3,21 88:15

**faced** 67:19 84:16
**fact** 37:13 38:23
41:19 58:9 70:19
74:24 75:15 77:7
78:11
**factor** 34:10
**factors** 55:19,20
67:22 70:9
**facts** 38:2,3,4,11
54:11,25 62:1
63:1,6 67:11,15
68:16,20,24 70:6
73:8 75:18 76:24
77:5 79:4,20 86:1
**factual** 45:13,14
61:6 83:17
**fail** 36:15 42:15
**failed** 50:11 54:24
56:9 85:13,17
**failing** 61:2
**fails** 36:18
**failure** 55:22
81:12 86:19 88:16
88:21,25
**fair** 62:18 64:7
68:25 97:7,9
98:13
**fairfield** 1:7,12,20
2:11,19 3:3,11,19
4:3,11,19 5:3,11
5:19 6:3,11,19 8:1
8:6,7,8,12,17,18
8:19 9:2,3,4,8,13
9:14,15,19,24,25
10:1,5,10,11,12
10:16,23 11:3,4,5
11:9,14,15,16,20
11:25 12:1,2,6,11
12:12,13,17,22,23
12:24 13:3,9,14
13:15,16,20,25
14:1,2,6,11,12,13
14:17,22,23,24

15:3,8,9,10,14,19
15:20,21 16:13
21:6,22 22:20
23:7,17,19 24:2,7
24:14,20 25:1,2
25:14,17,21 26:2
26:8,12 27:10
28:8 37:15 39:3
39:19,24 40:4,9
42:20,22 43:3,21
44:3,5,18,22 46:6
47:14,24 48:13,18
48:25 57:3 71:18
74:12 79:5,14,25
83:3 84:6 85:4
**faith** 27:2 33:10
34:7 36:20,23
37:1,8 38:6,14,19
38:21,21,24 39:8
39:12,14,17,18
40:11,15 41:7
42:1,7,15 43:5,9
43:10,13,15,20,25
44:4 48:6,9 55:12
55:13,25 56:4
57:1 58:5 59:11
59:24 60:3,21
62:11,15,20 63:7
63:14 64:6 70:10
74:7 76:14,20,25
77:7,10 85:16
86:1,18
**fake** 32:7 93:2
96:17 98:8,8
100:8,8,8
**falsity** 85:7
**family** 36:5 63:11
66:5
**far** 28:4 51:5
57:10 61:7
**farrington** 19:23
**fatal** 37:10

favor  92:22,23
favorable  80:18
february  84:3,15
federal  86:3,8
  96:4
feet  60:14
fewer  90:19
fifth  50:10 54:23
  65:3 83:14
figure  42:13
file  8:4,15,25 9:11
  9:22 10:8 11:1,12
  11:23 12:9,20
  13:12,23 14:9,20
  15:6,17 46:5 70:5
  71:7,8 82:3 83:11
  83:18 86:25
filed  8:5,16 9:1,12
  9:23 10:9,20 11:2
  11:13,24 12:10,21
  13:13,24 14:10,21
  15:7,18 33:23
  37:3 38:3 41:15
  42:19 56:11,13,19
  56:22,24 57:25
  58:1 60:12 67:3,7
  80:22 82:1,9,16
  83:22 84:1,20
  85:12 88:19 89:11
filing  45:25 70:4
  72:10 80:2 81:18
  82:14 84:14,22,23
  87:22 90:8
filings  45:21
  97:19
final  47:1 68:11
  68:21
finally  69:1
find  37:8 44:25
  45:10 51:17 63:20
  65:7 71:19 76:25
  80:2 82:7 89:15
  102:3

finding  62:15 63:6
  64:5 75:20
findings  65:12
finds  87:23 88:6
fine  91:21 101:22
finished  95:13
finn  18:20 29:25
  29:25
first  21:6,14 40:6
  43:23 44:6,19
  50:8 52:10 56:5
  60:6 67:22 68:3
  79:3 83:12 84:18
  87:4
five  37:5 46:15
  49:20 55:16,24
  58:25 70:6 87:5
fletcher  19:18
flexner  17:1 29:8
  29:9 49:18
floor  16:5
flowing  68:11
fm  37:6 77:1
focus  34:23 58:4
  68:14
focused  42:25
  57:13
focuses  34:22
follow  21:13
  30:17 101:22
following  71:18
  84:7 92:16
follows  74:16
foman  86:12,15
  87:4
foreclosed  48:4
foregoing  96:10
  104:3
foreign  8:9,20 9:5
  9:16 10:2,13 11:6
  11:17 12:3,14,25
  13:18 14:3,14,25
  15:11,22 40:17,18

40:19 41:2,4
  44:20,25 45:1
  79:8 80:14,18
  90:7,11 91:13,17
  93:15
formality  94:19
former  36:12
  66:10
forth  88:24
forthcoming
  33:14
fortis  6:6,22 14:18
  15:16 26:8 27:11
forum  40:22,23
  40:24
forward  52:9,12
  52:13 70:18 71:17
  87:9 89:19 91:6
  91:12 93:15 94:13
  95:7,22 101:10
found  41:3,7 42:1
  42:7 51:11 64:11
  72:25
foundation  37:6
four  46:15 53:6
  55:20,25 56:22
  62:24 72:23,24
  85:17
fourth  65:1 83:13
fraud  58:24 71:11
  72:19,19 79:11
fraudulent  39:6
fraudulently
  41:18
free  95:21 96:3,4
freely  86:7,10
front  31:4 52:10
  98:2
froot  17:6 29:7,7
  49:17,18 50:24
  51:2,9,12,13,20
  52:18 54:4,7,15
  54:22 64:14,16,19

64:24 65:6 67:14
  71:20 78:25,25
  102:11
full  59:14 80:20
fully  48:16 99:22
fulmer  87:8
fund  38:22 63:11
fund's  39:7 43:1,1
  43:8,15 85:7
funding  28:21
funds  82:24
further  8:4,15,25
  9:11,22 10:8 11:1
  11:12,23 12:9,20
  13:12,23 14:9,20
  15:6,17 50:15,15
  50:20 51:8 79:23
  80:12,15 83:16,19
futile  33:12
futility  27:3 55:21
  74:1,1 86:22
  88:22

### g

g  7:22 19:4,5 21:1
gain  37:10,13,13
  41:11
game  96:3,7
gamesmanship
  73:22 75:20
garman  19:3
gay  16:3 29:3
general  41:13
  64:3 75:4,5
generale  54:25
  65:11 66:17
generalized  73:16
generally  30:7,25
generated  67:1
getting  36:12
  41:11 42:8 45:5
  57:22 74:22 76:12
  76:13 90:25 93:13

**ggc** 25:3 80:1
**gist** 39:11
**give** 34:10 44:16
  48:14 53:22 77:9
  78:24 86:7 96:22
  96:22
**given** 43:9,10
  67:25 72:1 73:21
  86:10
**giving** 97:7,7
**glad** 101:23
**glimp** 20:5
**global** 6:14 15:4
  26:13,22
**go** 21:3 23:19
  31:13 35:7 36:4
  52:9,12,12 54:20
  74:1 76:21 78:2
  78:18 79:20 86:2
  87:9 89:19 91:3,6
  91:12 96:2,17,23
  100:17
**goes** 35:18 47:21
  57:23
**going** 21:12,13
  22:5 23:16,18
  25:16 30:14 31:13
  32:7 35:5,6 38:9
  45:13 53:17 54:5
  54:6,10 65:4
  73:17 76:1,21
  77:22,22,25 78:1
  78:6,16,18,18
  81:22 91:14,18
  92:21 93:1 94:12
  95:7,23 98:22
  100:24 101:10
**good** 22:5 23:4,14
  24:1,6,13,19,25
  26:1,18,18 27:17
  28:1,7 29:6,11,12
  29:15,18,23,25
  32:20 38:19,20,24

43:9,10,19 44:4
  48:9 58:5 60:3
  70:21,22 74:7
  78:19,24 79:1
  89:20 92:12
  101:17,18,19,20
  102:5,6
**gordon** 19:4
**gottlieb** 17:9,16
  26:22 29:13,16
  70:23 94:3
**governing** 43:8
**grace** 81:8,13
**grant** 22:5 55:10
**granted** 33:1
  85:19 88:9 90:11
  96:11 103:5,6,7,8
  103:9,10,11,12,13
  103:14,15,16,17
  103:18,19,20,22
**granting** 84:4
  92:23
**grants** 77:1
**gregory** 19:6,12
**greig** 8:9,20 9:5
  9:16 10:2,13 11:6
  11:17 12:3,14,25
  13:17 14:3,14,25
  15:11,22 20:10
  21:9 29:1
**grievance** 97:5
  98:2
**gross** 72:10,12
**ground** 71:23
**grounds** 27:1,6
  34:18 81:10,14
**group** 28:11 63:11
  68:6 79:17
**growth** 47:18 48:4
  48:7,11
**guess** 42:6 55:24
  93:9

**guilty** 62:20

**h**

**halper** 19:24
**hamilton** 17:9,16
**hanchet** 19:5
**hands** 42:12 61:16
**hang** 63:24
**happen** 60:5
**happened** 35:2
  37:14,22 40:16
  41:14 42:11,22
  54:17 71:18 73:14
**happens** 36:13
  63:19 69:25
**harrison** 20:14
**hauser** 19:6
**head** 96:25
**heading** 71:10
**health** 101:20
**hear** 23:18 27:19
  50:1,21 84:17
  101:23
**heard** 21:17 40:24
  75:24 76:2,7,15
  86:16 89:23 100:9
**hearing** 8:1,12,23
  9:6,8,19 10:5,16
  10:23 11:9,20
  12:6,17 13:3,5,5,6
  13:9,20 14:6,17
  15:3,14 39:21
  54:20 81:21 82:1
  82:14 89:18
**heavily** 34:22
**heavy** 47:1
**heeded** 86:11
**heightened** 41:24
**heir** 69:19
**held** 13:6 28:18
  38:13 39:5,16
  43:25 47:18 48:20
  50:19 58:21 77:6
  77:12 80:11

**hello** 78:24
**help** 33:4
**helpful** 53:22
**herculean** 101:2
**hereinafter** 81:8
**herring** 19:7
**higher** 42:5
**highlight** 69:5
**hire** 44:19
**history** 89:24
**hit** 42:5
**hold** 23:16 25:15
  25:16 63:21 72:2
**holding** 63:13
  67:9,10
**holdings** 28:20
**holds** 63:17
**hon** 7:22
**honest** 100:24
**honor** 21:20 22:4
  22:16,19 23:1,3,6
  23:13,15,25 24:5
  24:12,18 25:5,5,8
  25:12,20,25 26:6
  26:11,16,19,24
  27:7,9,13,16,21
  27:25 28:6 29:7
  29:12,15,18,23,25
  30:5,20,24 31:10
  31:20,22 32:8,11
  32:22,25 33:6,22
  33:23 34:3,8,12
  34:13,15,20 35:10
  35:14,18,24 36:12
  36:13,20,21,23
  37:1,5,8,18,20,22
  38:23 39:10,23
  40:21 41:8,14
  42:15,16,17,19,22
  43:4,7 44:8,11,15
  45:3,11,15,23
  46:3,8,11,16,22
  47:3,11,21 48:11

48:18,22 49:4,5
49:12,14,15,17
50:24 51:4,20
52:6,11,17,20
53:11,16,21 54:2
54:7 57:13 61:19
62:10,16 64:16
65:6 67:22 68:14
70:8,20,22 73:6
75:11,25 76:5
77:17,23 78:9,14
89:17,22,22 90:6
90:14,17 91:4,11
91:17,21,24 92:14
92:25 93:9,13,14
94:2,7,9,21,25
95:11,14,17,20
96:1,5,9,14,20
97:10 98:25 99:17
100:3,5,11,21
101:12,15,16,21
102:7,8,11
**honor's** 55:21
95:5
**hope** 32:14 97:22
99:6
**hsbc** 2:14,22 9:9
9:20 17:17 22:21
23:8 28:15 29:16
84:11 94:4 99:20
**hudson** 17:3
**huge** 30:17
**huxtable** 35:11,13
35:18,24 76:9
**huxtable's** 36:7
65:23
**hyde** 15:25 104:3
104:8

**i**

**idea** 39:23
**identified** 76:14
**identify** 37:11
44:19

**identifying** 66:10
**idw** 68:6
**ii** 37:15 39:3,4,19
39:24 40:4,9
42:20,22 43:3,21
44:3,5,18,22 46:6
47:14,24 48:13,18
48:25 57:3 71:18
74:13 83:3 85:4
**illustrate** 40:14
**immediately**
89:19
**impact** 68:8 87:19
**implementing**
44:18 46:6 84:5
**implicate** 90:18
**importance** 47:13
71:3
**important** 39:20
39:25 51:3 59:13
**imported** 73:11
**impose** 83:2
**impossible** 65:8
**improper** 41:6
**imputation** 60:20
72:5
**impute** 59:11
**imputed** 85:21
**inappropriate**
47:10
**incentive** 58:25
**inception** 89:9
**include** 38:2,4
50:10 54:23 55:5
58:25 61:17 65:3
94:10
**included** 57:8
61:12,24 62:2
69:13
**including** 55:4
59:21 68:9 81:14
88:25

**incorrect** 38:18
**increase** 41:10
**index** 33:18
**india** 63:16
**indicate** 51:22
66:24
**indicating** 47:13
**indication** 47:8
66:16
**indications** 47:24
**individual** 44:1
47:16 48:21 57:9
57:18,22 59:15
61:4 68:18
**individualized**
39:9,24 40:3,8
43:17 45:25 47:14
47:19,24 49:3
60:18 85:6
**individuals** 35:19
72:14 75:11
**ineffective** 88:7
**inference** 77:10
**inflated** 43:5
44:10 58:23
**information** 45:20
61:3,4,18 65:9,13
65:14,17 66:21
69:12 77:3 78:4
**informed** 66:17
66:20
**initial** 56:11 61:14
77:3
**initially** 90:11
**inordinate** 50:4
55:11,18 59:7
70:11
**inquiry** 34:21
68:7
**instance** 87:4
**institutions** 75:10
**insufficient** 76:20

**int** 69:18
**intend** 94:8
**intensive** 45:24
**intent** 96:21
**intention** 41:6
**intents** 94:18
**interest** 97:16
98:14
**interests** 30:10
68:9
**international** 1:7
5:14 13:4,22
25:22 28:10,14
**interpreting**
63:12
**interrelated** 70:9
**interrupt** 50:12
64:14
**intervening** 77:12
**invested** 82:25
**investigate** 55:8
**investigation** 54:9
54:11 61:3
**investment** 28:17
82:25
**involve** 46:23
**involved** 44:23
70:2,3 99:10
**iqbal** 38:1,5,9
**islands** 50:17
57:16 79:25
**issuance** 46:5
**issue** 29:22 30:13
30:16 33:12 45:6
62:9 68:20 72:16
72:24 82:2,13
84:9,9,10,10,11
84:12 89:23 90:6
90:20 94:11,13
96:18
**issued** 39:2,3
42:20 44:3,22
47:18 52:15 53:3

58:4 79:13 82:18
**issues** 30:18 69:4
  81:21 82:2,5,5
  84:8,18 88:24
  96:12
**issuing** 43:5 48:6
**itau** 18:9 28:9
  29:24

**j**

**jacha** 19:16
**james** 18:24 32:11
**january** 54:16
  56:22,24 58:6,6
  59:20 61:25 68:17
  81:19 83:22
**jealous** 32:15
**jenna** 17:7 29:9
  61:20
**jockeying** 42:12
**john** 18:20 20:17
**join** 34:5,6
**joined** 29:4,9 34:3
  72:20
**joint** 29:1 47:6
**jordan** 19:3,8
**jotted** 64:17
**jpmorgan** 68:6
**judge** 7:23 30:19
  37:14 39:2,11
  40:5 42:20,23
  43:20,22 44:3,5
  44:21 46:19 47:4
  47:8,12,15 48:12
  48:19,19 50:13
  51:15,19,19 52:8
  52:15,24 57:3,21
  58:14,19 59:3
  60:6 61:10 62:5
  66:9 69:25 80:17
  80:24,24 81:19,19
  81:20 89:25 90:12
  90:12,15,16 92:16
  92:16 99:7 101:1

101:2
**judgment** 35:1
  47:1 58:17,18
  87:8,9 97:17,17
  98:8
**july** 7:5 37:21
  47:16 52:24 53:23
  54:16,19 57:14
  63:12 64:5 65:21
  80:5,22,23 81:20
  104:25
**june** 58:6
**jurisdiction** 84:10
  90:9 91:15 94:11
**jurisdictional**
  67:15
**jurisdictions**
  87:25 88:1
**justice** 86:8
**justifies** 60:25
**justify** 49:25 63:6
  77:13 86:15

**k**

**k** 6:22 15:16 19:7
  27:11 28:12,19
**keeping** 77:16
**keith** 19:15
**kelly** 20:6
**ken** 21:9 29:1
**kenneth** 8:8,19
  9:4,15 10:1,12
  11:5,16 12:2,13
  12:24 13:16 14:2
  14:13,24 15:10,21
  20:16
**kessler** 19:9
**kevin** 20:6
**key** 35:21 43:9
  65:21 68:22
**kicked** 40:22
**kimberly** 20:2
**kind** 73:22 75:3

**king** 19:10
**knew** 37:3 38:2,3
  38:10 39:18 40:2
  44:9 57:8 61:4
  62:24 71:10 82:23
  101:9
**knock** 46:18
**know** 28:4 36:7
  42:3 51:10,20
  53:2,5 61:10
  65:16 67:13 76:2
  77:23 92:7 95:23
  99:2,9,15
**knowingly** 63:5
**knowledge** 8:5,16
  9:1,12,23 10:9
  11:2,13,24 12:10
  12:21 13:13,24
  14:10,21 15:7,18
  35:23 39:10,19,25
  40:3,8 43:17 45:5
  47:14,17,19,25
  48:21 49:3 56:10
  56:25 57:7,9,18
  57:23 58:2,10,23
  58:25 59:8,14,15
  60:16 61:1,5,7,12
  61:24 65:4 66:13
  68:18 69:14,17
  71:3,9,12,16,22
  72:5,8,18,22 73:1
  73:20 74:25 75:8
  75:16 77:3 85:7
  85:21,24 88:13
**knowledgeable**
  83:9
**known** 39:24 71:2
  71:11 86:1
**knows** 36:13
  49:12 76:24 102:4
**konanova** 16:9
  29:3

**krock** 19:11
**krys** 2:3 8:8,19,23
  9:4,15 10:1,12
  11:5,16 12:2,13
  12:24 13:17 14:2
  14:13,24 15:10,21
  20:16 21:9 22:9
  29:1
**krzyzowski** 16:18
  29:5

**l**

**l** 82:25
**lack** 85:24 90:9
**lacked** 76:11
**laid** 55:20
**lambda** 8:8,19 9:4
  9:15 10:1,12 11:5
  11:16 12:2,13,24
  13:16 14:2,13,24
  15:10,21
**lambert** 19:21
**language** 43:8,10
**large** 73:11
**laufer** 19:12
**law** 40:17,18,19
  40:25 41:1,2,4
  42:2 44:20,22,25
  45:1,7 47:1 64:20
  70:12 71:23 73:23
  74:16 76:23 77:5
  82:20 83:14 86:2
  91:17
**laws** 90:19
**lawyer** 97:8
**leach** 72:10,12,18
  78:7
**lead** 25:1,5 70:19
  80:21
**learned** 75:14
**leave** 10:19 32:23
  33:17 34:17 49:7
  49:24 55:10 56:2
  59:25 63:7,15

70:8,12 77:2,5,13
80:25 81:5 82:13
82:15,16,20 83:18
83:24 86:6,7,10
86:14,18,23,25
87:3,5,6,9 88:8
90:3
**led**  99:9
**ledanski**  15:25
104:3,8
**left**  36:4,4 52:8
65:21 66:3 67:17
**legal**  38:16,17
60:2,3,10,13 64:8
69:11 104:20
**legitimate**  68:9
**leif**  20:12
**lena**  29:3
**letter**  37:21
**level**  62:12,13,13
**levin**  19:25
**levine**  100:9,11
101:19,21,25
102:2,7
**lewis**  18:13 63:11
**lexington**  18:10
**liability**  42:2
57:18 58:3 59:18
63:19 69:17
**liberal**  32:23
46:23
**liberty**  17:11
**license**  66:1
**lie**  58:22
**lifland**  50:14 51:7
51:19,19 80:17,24
90:12,15,16 101:2
**lifland's**  92:17
**lift**  54:3 89:9 91:6
**lifted**  50:17 51:22
51:25 52:24 53:4
53:24 80:9 81:2
94:19,24 95:4,21

**lifting**  51:7,12,14
51:16,17,17,18
87:14 89:15,21
92:15 93:13,14,24
94:7,20 95:10
**likewise**  38:20
**limited**  1:7,12,20
2:11,19 3:3,11,19
4:3,11,19 5:3,11
5:19 6:3,11,14,19
8:2,6,7,8,13,17,18
8:19 9:2,3,4,9,13
9:14,15,20,24,25
10:1,6,10,11,12
10:16,24 11:3,4,5
11:10,14,15,16,21
11:25 12:1,2,7,11
12:12,13,18,22,23
12:24 13:3,10,14
13:15,16,21,25
14:1,2,7,11,12,13
14:18,22,23,24
15:4,5,8,9,10,15
15:19,20,21 16:13
21:6,22 22:20
23:7,19 24:2,14
25:14,22 26:13,23
28:12,16,17 49:11
49:12
**lin**  20:7
**line**  29:2 103:4
**liquidate**  8:18
**liquidation**  1:12
1:20 2:11,19 3:3
3:11,19 4:3,11,19
5:3,11,19 6:3,11
6:19 8:2,7,7,8,13
8:18,19 9:3,4,9
9:14,14,15,20,25
9:25 10:1,6,11,11
10:12,17,24 11:4
11:4,5,10,15,15
11:16,21 12:1,1,2

12:7,12,12,13,18
12:23,23,24 13:10
13:15,15,16,21
14:1,1,2,7,12,12
14:13,18,23,23,24
15:4,9,9,10,15,20
15:20,21
**liquidator**  77:19
80:25 81:3 85:3
100:13
**liquidator's**  33:17
48:5 51:21 62:3
65:1 81:17 82:19
**liquidators**  8:10
8:21 9:6,17 10:3
10:14,18 11:7,18
12:4,15 13:1,18
14:4,15 15:1,12
15:23 16:4 21:9
21:25 22:12,25
23:10,22 24:11,17
24:23 25:4,19,24
26:5,10,15 27:15
29:1 30:12 31:3
37:12,13,15 38:20
38:24 39:18,21,23
40:1 41:9 42:11
42:17,19,24 43:4
43:12,14,15,19,22
43:24 44:7,12,17
45:14,16,18,19
46:9 47:6,13 48:8
48:15 49:2,6,23
49:25 50:9,18
54:23 55:3,25
56:5,9 57:1,14,23
57:25 58:10,24
59:6 60:15 61:1,9
61:16 66:19 69:12
69:13,16,20 71:2
71:6 77:17 79:8
80:4,10 83:2
85:13 86:2,3

90:10 98:16 99:24
**list**  86:17
**listed**  45:19
**listen**  92:21
**litany**  76:22
**litigated**  52:1
68:17 81:22 87:20
**litigating**  87:12
**litigation**  30:10
34:22 45:18 50:14
50:16 51:18 52:7
69:13 77:9 79:24
84:17 87:11,17,18
87:18,24 88:13,16
89:5,8,10,16,21
91:9 92:8,10
93:19 94:20 95:2
100:25 101:10
**litigations**  45:19
**little**  21:3 70:3
79:3 99:23
**llp**  16:12 17:1,9
17:16 18:1,8,15
**locating**  66:9
**logical**  62:9
**london**  1:15 8:2
**long**  80:25 92:15
101:24 102:1,2
**longer**  35:19 36:2
46:13 56:5,7
66:22 68:3
**look**  31:5,20
34:25 87:22
**looked**  21:12 35:8
45:21 82:7
**looks**  71:23 74:10
79:1
**lost**  35:15
**lot**  21:4 34:20,21
44:15 45:15 46:1
46:8 77:20 93:21
95:3 100:24,25
101:1,3

[lots - move]

**lots** 35:3
**loveland** 19:13
**luxembourg** 2:6
 2:14 5:6 8:24 9:10
 13:10 22:10,21
 25:17 28:9 29:24
**lynch** 5:14 13:21
 18:2 25:22 28:13
 29:19,20 30:6,8
 30:25 31:1,14
 32:5 96:18 97:11
 97:15,18,21,22
 98:13,13,17
**lynch's** 30:10

**m**

**madoff** 45:19
 65:12 66:18 77:11
 82:25
**maher** 20:8
**main** 7:2
**maintained** 29:20
 30:9
**maintains** 97:21
**maker** 20:9
**making** 88:11
 101:2
**mandate** 86:10
**mandated** 86:7
**mandatory** 79:18
**manner** 81:3
**marc** 19:1
**march** 84:1,23
**marek** 16:18 29:5
**marie** 19:8
**mark** 19:5 20:9
**markets** 3:6 6:14
 10:7,17,21 15:5
 17:2 26:13,22
 27:20 28:8,19
 29:8 33:24 49:19
 66:7 85:11
**marshall** 19:10

**martin** 18:13
 29:23,24
**matched** 28:20
**matter** 1:5 36:13
 44:1 99:10
**matters** 40:4 48:3
 55:1 56:18
**maxwell** 20:4
**mayer** 27:23
**mean** 43:15 60:13
**meaning** 39:8
**means** 33:18
 73:20 98:3
**meet** 85:3
**meeting** 79:11
**melanie** 20:13
**memorandum**
 51:21,22 82:19
**mendez** 28:17
**mention** 46:17
 67:20,21
**mentioned** 33:8
 33:22 42:18 43:23
 44:2 47:22 48:4
 57:21 68:13 71:21
**merely** 36:24
**merit** 86:12
**meritless** 34:8
**merits** 34:16,18
 49:13 63:8 65:7
 78:6
**merrill** 5:14 13:21
 18:2 25:22 28:13
 29:19,20 30:6,8
 30:10,25 31:1,14
 32:5 96:18 97:11
 97:15,18,21,22
 98:13,13,17
**michael** 19:21
**middle** 48:12,19
 84:17
**migani** 39:21
 57:17

**mind** 21:12 77:17
**mineola** 104:23
**minute** 78:20 80:6
 80:8 93:1 96:22
 96:22
**minutes** 33:8
**misses** 39:25
 47:23
**missing** 101:11
**mistaken** 82:24
**misuse** 75:18
**mitchell** 8:9,20
 9:5,16 10:2,13
 11:6,17 12:3,14
 12:25 13:17 14:3
 14:14,25 15:11,22
 20:10 21:9 29:1
**modified** 80:5,5
 81:3
**molton** 16:17 29:5
**moment** 49:1
 50:13 51:6 55:7
 64:25 79:21 87:13
 98:19,20,24
**monday** 99:22,23
**month** 94:15 95:8
 95:9,15 101:14
**months** 37:18
 44:21 46:5,9 70:4
 78:11
**moot** 84:25
**morgan** 28:9,10
 28:14 32:12 72:20
**morning** 26:18,18
 29:12,15,18,23,25
**morris** 7:22 19:20
**motion** 8:4,15,25
 9:11,22 10:8,19
 11:1,12,23 12:9
 12:20 13:12,23
 14:9,20 15:6,17
 21:16,18 22:2,6
 22:14 23:11,12,24

24:3,8,15,21
 25:18,23 26:3,4,9
 26:14,25 27:5,12
 32:21 33:1,9,14
 33:17,20,21 40:22
 41:6,11 42:9,14
 42:19 48:13,16
 49:7,19 53:13,19
 53:25 54:15 55:21
 56:20 60:7,11
 62:18 63:3,24
 64:7,12 69:24
 73:23 75:21 77:2
 78:8 81:5 82:15
 82:16,19 83:18,25
 84:2,4,23 85:12
 85:19 86:14 87:3
 87:5,6,9 88:8,20
 88:20,23 89:2,14
 90:11 92:24 98:17
 98:23 99:21 100:3
 103:5,6,7,8,9,10
 103:11,12,13,14
 103:15,16,17,18
 103:19,20,21
**motions** 33:14
 53:4,6 59:23
 60:10 82:12,13
 84:19,25,25 85:1
 85:2,10 88:25
 89:6 90:8 91:19
 91:22,25 92:17
 93:8,17 100:14
**motive** 37:9,11
 40:18 41:5 42:8
 63:20,21,23 74:15
 74:19,20 76:15
 86:19
**movant** 86:19
**move** 30:3 36:20
 91:2 93:15 95:22
 101:10

[moved - opposition]                                      Page 18

**moved**  36:8 37:16
  83:24 86:2,3 89:9
  89:12
**moving**  27:2
  32:10 83:19 87:25
  101:1
**multiparty**  87:24
**multiple**  46:13
  55:3,23 78:3
**multiply**  31:6
**multitude**  70:9
**murdukhayeva**
  16:10 29:4
**myers**  18:1

### n

**n**  16:1 21:1 28:12
  54:15 71:9 103:1
  104:1
**name**  21:7,11,15
  21:23 22:10,23
  23:8,20 24:9,16
  24:22 28:19,24
  98:8,17
**named**  30:8 31:2
  35:20 65:24 97:18
  98:15 99:20
**nate**  29:18
**nathaniel**  18:6
**nation**  30:19
**national**  28:14
  30:1
**nature**  68:1,19
**nav**  43:5,9,10 58:4
  58:23 82:23
**navigate**  97:19
**navs**  39:6 48:6
**near**  83:1
**need**  21:3,5 43:17
  50:19 63:2 74:14
  75:5,13 77:4
  80:11,20 88:7
  89:4,16 96:11,15
  100:23

**needed**  44:13 45:7
  62:4 72:3 73:4
  75:14
**needs**  66:22
**nefarious**  63:20
  63:21,23
**negative**  65:15
**neglect**  46:25
**negless**  19:14
**negotiate**  44:17
**negotiated**  88:2
**neither**  48:3 88:10
**net**  39:6 85:7
**never**  82:6
**new**  1:2 4:6 11:21
  16:6,15 17:4,12
  18:4,11,18 24:7
  28:15 30:2 35:9
  37:15 44:20,25
  45:1 50:9 54:22
  54:25 55:5 62:21
  63:10 66:13 68:10
  68:15,23 69:2,4,8
  70:3,19 72:13
  73:4,8,9,19 75:19
  75:21 77:5,21
  79:15 83:17 84:19
  85:20 97:6
**newly**  44:14 63:1
**news**  61:20 67:19
**ni**  19:22
**nine**  46:5,8 49:20
  58:12,12 78:11
**noller**  20:1
**nominee**  26:2
**nominees**  5:22
  14:8 28:11
**nomura**  1:7 13:3
**non**  40:23 86:17
  98:21,22 99:5
  100:15
**nonmoving**  68:5
  90:4

**normal**  92:22
**norway**  40:25
**note**  22:23 96:23
**noteworthy**  70:14
**notice**  13:5 63:2
  64:11 68:25
**noticed**  78:10
**notwithstanding**
  66:14
**november**  47:17
  48:11 62:23
**nowell**  17:21
  29:15 94:2
**number**  22:9 31:7
  38:7,10 53:22
  62:11 90:2 91:13
**numbers**  33:18
**nv**  6:6 14:18 26:8
**nw**  17:18
**ny**  7:3 16:6,15
  17:4,12 18:4,11
  18:18 104:23

### o

**o**  7:21 21:1 104:1
**o'melveny**  18:1
**object**  70:15
**obligation**  55:8
**obtain**  40:2
**obviously**  94:12
**occurred**  35:1
  50:8 72:17,23
  87:23 88:6
**occurs**  34:23
**ocean**  73:15
**october**  57:24
  79:22,22 82:11,16
**odds**  41:11
**offense**  91:17
**officers**  66:10
**official**  65:16
**oh**  25:14 32:17
  78:1 97:25

**okay**  21:10 25:1
  25:13,15 27:4,4,8
  28:1 30:3,14,20
  32:14,18,20 51:1
  51:1 54:20 64:18
  64:23 67:13 78:25
  90:21 92:4,9 93:4
  93:11 94:5 95:19
  96:10,25,25 97:25
  98:6,12 100:22
**old**  45:3 66:11,12
  67:18 70:7 84:17
  104:21
**omitted**  41:9
**omitting**  63:5
**omnibus**  60:21
**once**  40:8 44:11
  95:18
**ones**  40:13
**ongoing**  50:16
  79:24
**opening**  46:14
  51:22 77:15
**operative**  56:21
  56:23,23 68:24
**opinion**  31:8
  90:14
**opponent**  67:23
**opportunities**
  55:3
**opportunity**
  72:11 86:11 97:11
**oppose**  33:17,20
  70:18 81:9,14
  83:20 90:5 101:8
**opposed**  27:3
  33:21
**opposing**  66:14
  69:3 83:25 86:5
  86:21
**opposite**  91:7
**opposition**  10:18
  10:18 26:25 33:23

34:3 49:19 73:7
85:12 88:19,20
89:20
**oppositions** 34:8
**oranges** 73:21
74:7 78:8
**order** 21:19 22:6
22:18 23:5,14
24:1,7,13,19,25
25:21 26:1,7,12
26:17 27:8,17
41:10 45:8 50:15
50:16,20 51:7,8
51:10,12,14,17
53:1,3 71:7 79:23
80:7,8,12,15 82:6
82:11 84:4,7,13
87:14 89:15,24,25
90:17 91:1 93:7,9
95:5,10 96:12
**ordered** 83:6,24
84:19 90:13 91:12
**ordering** 90:18
**orders** 44:18 45:9
46:5 67:4 101:13
**orient** 33:4
**original** 37:2 38:1
38:3 40:19 41:4,6
41:15,15,19 62:25
68:24 87:21
**overturned** 60:4
**owners** 28:18
**o'brien** 20:11

**p**

**p** 16:1,1,18 21:1
**page** 37:5 57:20
58:12,12,13 62:17
90:2 103:4
**pages** 46:14 59:2
59:5 62:23
**palfin** 19:15
**papers** 33:24 50:6
51:21 56:7 57:4

**paragraphs** 49:20
55:1 71:10 72:6
74:10
**parallel** 75:3
**paribas** 1:23 2:6
4:14,22 5:22 6:22
8:13,24 12:7,18
14:7 15:15 21:22
22:10 24:14,20
26:2 27:11 65:20
**part** 34:4,6 51:23
55:12,21 56:10
57:19 59:8,11
66:13 69:17 71:3
84:5 86:4,19 89:8
90:16,17
**partial** 51:16
**particular** 21:17
22:2 34:24 66:11
66:12,25 82:22
**particularized**
72:4,8 73:1
**particularly**
74:18
**parties** 33:8 43:11
71:24 75:5 80:20
83:6,10,19 84:21
84:21 87:12,15
88:23 94:8
**parts** 87:25 101:1
**party** 33:25 46:25
56:8 64:6 68:5
69:3 74:3,8 77:4,8
84:10 86:5,21
89:11 90:3,4
98:20
**party's** 68:9 86:5
**passed** 44:23
81:16
**path** 36:8 80:21
**payment** 79:12
82:24

**payments** 38:23
43:6,16 44:9,10
**pendency** 48:16
**pending** 32:24
50:15 79:23 80:12
80:19 84:25 85:1
85:2 92:17 99:21
**pennsylvania**
17:18
**people** 31:7
**people's** 60:14
**perceive** 102:2
**perfect** 96:5
**perform** 72:4
**period** 34:24
54:12 55:9,17
56:6,7 68:4 70:2,3
72:17 81:6,7,8,13
**permission** 97:3
**permit** 89:13
**permits** 81:5
**permitted** 52:14
64:1 81:25
**permitting** 87:8
**person** 65:11
**personal** 84:10
90:9 91:15 94:10
**petroleum** 68:22
**phase** 94:9
**picard** 47:16 48:3
48:7
**picard's** 73:12
**pick** 40:13 62:5
**pine** 28:17
**place** 35:4 53:16
53:20 56:13,18
87:16 90:16 92:13
92:16,17 93:18,20
95:1,13
**placeholder** 25:10
**plain** 43:7
**plaintiff** 2:12
36:24 37:3,9,22

38:2,6,9,10,13,15
38:17,19 40:17,18
40:21 41:1,15,16
41:21 42:3 55:12
62:19,24 63:5,22
63:24 64:11 69:21
74:2 76:24 79:9
83:11,16,18 86:24
88:10,17
**plaintiff's** 40:25
86:11
**plaintiffs** 1:13,21
2:4,20 3:4,12,20
4:4,12,20 5:4,12
5:20 6:4,12,20
46:12 63:18 83:7
83:8,23 84:13
88:2,18 91:13
93:15
**play** 92:18,19
**playing** 96:3,7
**plaza** 17:11
**plc** 1:7 28:14
**plead** 40:3,7,17
49:2 71:12 75:6
**pleaded** 47:16
57:18 65:13 72:13
**pleading** 37:15,23
38:18 39:12 40:19
41:24 42:5,21
44:8,14 48:5,21
49:1 54:8,8 57:6
59:16,22 60:16,20
62:14 63:2 67:19
69:23 70:1 71:1
71:24 73:12 74:6
74:17,24 77:4,13
82:21 84:9 86:5
**pleadings** 48:7
52:13 54:16 55:23
56:10,16 97:4
**pled** 48:21

pllc 16:3
pnb 22:9
point 30:15 34:5,6
  37:7 39:14,20
  40:1 47:22,23
  48:10,24 49:4
  52:21 53:3 58:16
  62:9,10 63:9
  64:13 67:11 69:9
  71:15 77:16
pointed 64:4
  99:19
points 51:3 59:4
  73:25 74:9
polans 20:14
popping 78:24
  79:1
portion 59:3
position 31:23
  69:21
possession 75:19
possibly 30:19
  88:15
potential 97:16
potentially 98:15
poughkeepsie 7:3
practical 48:10
  68:8
practice 54:15
  56:20
pre 95:23
precedent 38:8
prejudice 27:3
  33:11 34:6,9,15
  34:16,18,21 35:10
  35:12 36:11,11,14
  36:16,18 49:9,13
  55:11,13 56:1,7
  60:25 64:13,24
  66:23 67:8,11,17
  67:23 68:5,7,10
  68:14 69:2,6
  70:10 76:6,7,13

81:11,16 86:21
  88:5 97:16 99:11
prejudiced 34:13
  64:25 85:18,22
prejudicial 49:8
prepare 45:8,9
  67:25
preparing 40:10
prerequisite
  94:12
present 18:22
  36:8 55:13 66:2
  70:10
presentation
  64:10
preservation 67:4
preserve 88:14,16
preserved 30:11
preska 90:12
presumably 65:16
preuss 19:16
prevail 48:9
prevent 88:17
preventing 57:11
previously 42:4
  86:20
primetime 36:25
  77:1
principle 37:10
principled 69:20
prior 61:18 62:18
  64:7,12 79:11
  81:1,6,10 84:24
  85:18 89:13,18
private 2:22 4:22
  9:20 12:18 23:8
  24:20 28:13,20
privee 3:14,22
  10:25 11:11 23:20
  24:2 28:13
privy 39:2,5 47:17
  80:15,19

probably 30:18
problem 92:15
problems 57:15
  101:22
procedurally 33:3
procedure 86:4,8
  93:6 95:25 96:2
proceed 41:24
  54:16 82:6
proceeding 8:1,12
  8:23 9:8,19 10:5
  10:23 11:9,20
  12:6,17 13:9,20
  14:6,17 15:3,14
  29:17 30:7 49:22
  58:8,13 79:10
  83:9
proceedings 47:5
  80:13 102:12
  104:4
process 40:9
  45:24 78:2 95:7
produced 35:3,4
  45:17 78:5
production 88:14
proffered 83:19
prominently
  40:14
promptly 42:19
proof 68:15
proper 38:17
  84:10
propose 72:6
  74:22
proposed 8:4,15
  8:25 9:11,22 10:8
  11:1,12,23 12:9
  12:20 13:12,23
  14:9,20 15:6,17
  33:10,12 45:25
  49:21 61:25 68:8
  73:8 74:6,10 77:8
  81:9,25 82:9,21

83:11,12,12,13,13
  83:13,14,14,15,17
  96:12
proposition 38:16
  38:17
protect 30:10
prove 43:17 65:15
  77:4
provide 67:21
provided 68:25
  86:17
providing 57:7
public 55:1 61:1
  67:18
publicly 73:16
purported 71:9
  71:11 72:19 74:24
  75:15 81:11,15
purportedly
  65:17
purpose 32:16
  85:17 91:10
purposes 53:4,13
  54:7,8,9 55:9
  59:10 64:6 79:7
  94:18
pursuant 33:6
  71:7
pursue 43:24 81:4
pursued 42:24
  43:4
pursuing 43:13,19
put 21:15 49:10
  59:19 69:18 71:8
  71:17 76:10 79:4
  80:17 90:16 91:25
  92:16 96:25 97:19
putting 79:21

q

qualification
  49:10
question 68:7
  93:10

questions 49:15
  78:13
quick 44:16 76:6
quickly 32:25
  40:12 46:18
quit 30:22
quite 67:9
quote 64:4
quoted 90:14
quoting 38:16

**r**

r 7:21 16:1 19:1
  19:10,15 21:1
  104:1
raanes 20:12
race 80:20
rachel 18:23
rahman 19:2
raise 74:1
randolph 37:6
  77:6
randy 18:13 29:23
reached 60:6,7
reaching 58:19
reacting 75:17
read 53:10,12,19
  57:14 75:11 76:22
  90:17 93:20
reading 64:15
  93:21
reads 88:20
ready 79:1
realize 98:16
really 21:11 52:4
  74:1 76:3 102:6
reason 34:15,15
  36:10,19 43:6
  48:8 49:7 63:4
  70:15 85:13 86:23
  88:17,22 93:7,19
reasonable 78:11
reasonably 69:23

reasoning 86:15
reasons 32:25
  51:3 96:10
reassigned 84:16
receipt 84:11
receive 77:5 80:18
  91:18
received 34:1
  65:17 79:12
recklessly 65:14
recognized 47:4
  47:16 58:2 66:9
  71:1
recognizes 63:14
record 21:15
  22:11,24 23:9,21
  24:9 27:1 30:17
  54:14,15 55:1
  67:18 72:2 78:22
  81:20 104:4
recover 43:16
recovery 101:22
redeemer 50:18
  57:7,19 58:3 59:9
  60:19 79:10,13,23
  80:10 84:21
redeeming 39:7
  58:22 59:12 65:19
  68:18 69:15,18
redemption 38:23
  43:6,16 44:9
  79:12 82:24
redemptions 34:1
  72:16
refer 33:25 34:2
  61:19
references 66:14
referred 81:8
referring 93:14
  99:4
refrain 60:16
refrained 59:8

refreshing 33:2
refuse 55:10
regard 36:10
  68:17
regarding 61:22
  66:18 88:3
regular 92:21
  93:5,6
reimport 72:9
reinforced 35:10
  39:1
rejected 34:9
  39:11 40:5 61:11
  69:24
related 10:19
  45:17,19 99:20
relatively 89:23
relevant 33:16
  35:9,15,17,23,25
  48:23 73:2 77:3
  86:4 88:16
relief 46:25 70:5
rely 40:13 60:20
  69:23 85:23
remained 84:8
remaining 25:10
  88:24
remains 53:16
  87:19 90:20 92:17
remand 28:21
  79:17 90:15
remarkable 76:10
remember 46:1
remind 32:4 49:5
remove 83:12
removed 71:16
  79:17
renew 89:2
reopen 58:17
repeated 55:22
  86:19
repeatedly 56:9
  58:8

replead 87:3
reply 51:21 59:5,5
  77:14 99:22
report 66:16
reported 62:22
reports 61:1,20
  67:19
represent 26:22
  28:24,25 29:20
  30:6,15 94:1,3,3
  97:8,11,12,15
  98:21,22 100:7
representation
  100:15
representative
  32:3
representatives
  8:10,21 9:6,17
  10:3,14 11:7,18
  12:4,15 13:1,18
  14:4,15 15:1,12
  15:23 79:9 80:14
  80:18
represented 32:5
  100:12
representing 30:4
  30:25 31:14,16,24
  32:12 49:18 97:2
represents 97:21
request 80:4
  83:20 90:5,10
requests 91:15
  93:16
require 49:24
  60:18 67:23
required 40:24
  45:12 60:22 68:4
requirement
  63:22 74:19
requirements
  85:4
requires 68:15
  86:8

research 45:20
reservation 47:8
reserve 47:6
  81:13
resolve 91:22
resolved 48:13
  81:21,23 89:7
  94:13
resources 67:24
  77:18
respect 62:11
  82:20
respects 80:13
respond 68:10
  75:25 76:1,3 88:5
  88:7
response 37:16
  74:12
result 58:23 61:23
resulted 51:2
resulting 81:12
retained 99:12,13
  99:13
retainer 31:17,21
return 78:17
reversing 38:13
review 35:7
reviewed 45:16,18
  78:3,4
reviewers 35:7
revoked 66:1
richard 18:25
  19:25
rid 93:2
right 25:13 28:1,4
  30:5,16 32:10
  47:5,6 48:12
  50:15 53:8 54:2
  54:21 78:21 83:20
  90:4 91:8,12
  92:18 95:9 99:8
  100:16 101:13
  102:5,5,9

rights 81:13
rise 77:9
road 104:21
rodrigues 28:17
role 66:25 87:6
ronald 19:11
room 42:12 78:18
rose 28:16
route 48:2
routinely 85:9
rubbing 42:12
rudnick 16:12
  29:5
rule 32:23 45:12
  46:23,24 47:2,9
  58:16 64:6 79:2
  85:9 86:3,4,8 87:5
  92:23 95:24 97:5
ruled 92:22 93:19
rules 93:6 95:25
  96:2,3,4
ruling 46:24
  60:10,12,13 61:10
  62:6 74:12 75:18
  80:7,18
rulings 57:16
  59:23 75:6 103:3
running 48:24
  95:24
runoff 65:19,25
  67:2,15

**s**

s 10:20 16:1 19:9
  21:1 46:24
s.a. 1:23 8:14
  21:22
sa 2:14,22 3:14,22
  5:6 6:6 9:10,21
  10:25 11:11 13:10
  14:18 22:21 23:8
  23:20 24:3 26:8
  28:10,12,13,20

saddled 41:24
safra 28:14 30:1
sake 27:1
sale 50:11 54:24
samuel 20:3
sanction 82:2
santo 28:12,13
sat 61:16
satisfy 38:4 44:13
saying 50:21
  52:11 60:9 67:5
  91:6 93:25 94:6
  98:4 100:6 101:25
says 35:18,21
  53:12 54:14,15
  73:23,25 74:3,16
  74:17,18 77:1,12
  77:20 90:2 93:20
  93:22 97:8 98:8
scenario 98:14
schedule 82:12
  84:20 88:24 89:1
scheduling 53:3
schiller 17:1 29:8
  29:9 49:18
school 68:2
scienter 41:17,22
  41:23 42:3 75:6
scope 33:13
screen 78:19
sdny 63:12 64:5
  68:6
sec 45:21
second 33:25
  37:18 38:12,15
  39:13,16 46:11
  56:15 59:22 62:12
  63:12,14 64:21
  68:2,22 69:8,22
  70:5 71:5 80:22
  83:12 87:1
seconds 33:2

securities 2:6,14
  5:22 8:24 9:9 14:8
  22:10,21 26:2
  41:16 42:2 82:25
see 35:8 46:17
  55:6 61:17 62:18
  63:13 64:6 79:20
  90:6 91:5 93:7
  96:16 101:14,17
  101:18,19 102:6
seek 50:9 52:14
  54:23 69:5 81:12
seeking 32:23
  36:24 47:9 62:19
  71:24
seeks 46:25 80:25
  83:16 85:3 90:3
selection 40:23,24
selendy 16:3 29:3
send 96:16
sense 34:20,21
  48:15 67:14 82:5
sent 98:9
sentry 1:7,12,20
  2:11,19 3:3,11,19
  4:3,11,19 5:3,11
  5:19 6:3,11,19 8:2
  8:6,7,13,17 9:2,9
  9:13,20,24 10:6
  10:10,16,24 11:3
  11:10,14,21,25
  12:7,11,18,22
  13:3,10,14,25
  14:7,11,18,22
  15:4,8,15,19
  16:13 21:6,22
  22:20 23:7,17,19
  24:2,7,14,20 25:1
  25:2,14,17 26:2,8
  26:13 27:10 28:8
  79:5,15 84:6
separate 58:3
  98:17

september 56:19
58:1 82:10 83:23
seriatim 59:22
62:14 64:10 70:1
71:21 74:17
serve 90:3 91:13
service 49:11
84:11 94:15 95:16
services 2:6,14
8:24 9:10 22:10
22:21
session 75:12
set 21:5 37:15
60:6 68:23 79:19
84:20 88:23 97:3
setting 82:12
settle 97:3
seven 59:6 67:6
87:21
severance 36:1
severely 64:25
shamah 19:17
shareholders 39:7
shares 79:12
shearman 18:8
shifted 60:14
show 34:16 36:11
36:16,23 37:2
39:9 56:8 67:17
72:15 74:14 76:20
showing 34:14
55:19 68:5 76:7
shown 67:25
sic 22:9 24:3
27:11
side 55:15 100:8
side's 50:6 68:8
sigma 8:18 9:3,14
9:25 10:11 11:4
11:15 12:1,12,23
13:15,21 14:1,12
14:23 15:9,20
25:22

sign 63:14
significant 67:24
72:4
signoffs 97:4
similar 41:13
90:10
similarly 63:17
simple 37:17 67:9
simply 59:10
67:14 69:24
single 35:15 76:11
sir 24:6 26:20,20
97:9 98:11 99:3
99:18
sit 49:14
sitting 32:14
42:12
situated 75:9
situation 35:3
37:19 41:3 60:1,2
70:25 83:1
six 55:16 59:19
69:16 77:14
sixth 83:14
slowing 91:5,9
sly 66:14
small 33:3 49:10
smith 17:7 29:10
smith's 61:21
snc 4:14 12:8
24:15
socgen 61:2,2
66:20
socgen's 61:18,22
66:16
societe 54:25
65:10 66:17
sold 65:20
sole 83:6
solely 8:9,20 9:5
9:16 10:2,13 11:6
11:17 12:3,14,25
13:17 14:3,14,25

15:11,22
solutions 104:20
somebody 31:14
32:2 95:24 100:7
100:7
sonya 15:25 104:3
104:8
sorry 65:4 99:4
sort 21:4 42:11
sought 37:12
38:11 41:1 48:15
66:3 70:4
sounds 99:8
source 65:10
sources 78:3
southern 1:2
46:12 62:21 63:10
69:1 79:15
spark 62:22
speak 70:24 74:1
74:7 97:7 99:14
99:15
speaks 99:1
special 37:23
specific 35:20
36:2 44:8,9
specifically 33:24
40:21 41:21 43:3
49:20
specification
55:22
speed 44:20 45:1
45:5,10 80:20
spend 33:2
spent 31:6
square 16:14 18:3
stage 27:2 34:22
52:13 88:15 101:3
stages 89:6
stalling 31:8
stance 97:1
stand 101:7

standard 18:16
32:23 37:15,16,23
37:25 38:1,5,9,18
39:12 41:25 42:6
42:21 44:11,14
45:6 46:23,25
49:1 58:17 60:2,4
60:10,14 64:22
67:8 69:11
standards 63:13
69:23 77:13
standing 98:2
100:6
stanley 28:9,10,14
32:12 72:20
star 59:2 62:23,24
start 34:9 76:6
started 28:2 40:9
49:9 52:7 69:13
94:15
starts 48:24
state 21:7,23
22:10,23 23:8,20
24:9,16,22 27:14
28:24 33:13 40:16
40:25 60:17 63:16
79:18 88:25 92:18
92:19 97:6
stated 65:10 81:20
statements 39:20
43:5 73:17
states 1:1 7:1 86:4
86:13
status 13:6 52:24
stay 50:17,24 51:2
51:3,12,14,17,17
51:18,18,22,25
52:14,23 53:3,7,8
53:15,20,25 54:10
54:12 55:4,5,7
56:13,17,17,17
61:15 63:24 78:19
80:4,9,13 81:2

82:7 87:14,16
89:10,16,21,25
90:16 91:1,6 92:3
92:11,13,15,15
93:7,13,14,18,20
93:25 94:7,19,20
94:23 95:1,10,12
95:21
**stayed** 50:14,22
51:6 52:7 53:18
55:9 79:23 87:13
87:17
**staying** 89:1 92:4
**steen** 17:9,16
**step** 90:23 91:12
**stepping** 84:16
**sterling** 18:8
**steven** 17:6 29:7
49:17
**stipulated** 84:4,7
**stipulation** 30:13
81:7,18 82:12
83:7,10,25 84:5
**stipulations** 83:6
**stop** 21:10 49:5
78:14
**stopping** 62:9
**strategic** 59:14,17
60:15,24 85:17
**street** 7:2 18:17
**strict** 42:2
**striking** 35:13
**stringent** 38:1,5
**strong** 19:18
**struggle** 22:7
**struggling** 22:6
**stuck** 52:13
**sub** 28:18
**submit** 21:18 22:6
22:18 23:4,14
24:1,6,7,13,19,25
25:21 26:1,7,7,12
26:17 27:8,17

82:4
**submitted** 35:11
37:20 56:12,14
61:21 69:7
**subsequent** 36:16
41:20
**subsequently** 53:5
58:6
**substantially** 64:8
**succeed** 57:5
**successive** 59:23
**sudameris** 28:10
**suddenly** 44:23
**suffered** 88:4
**sufficient** 33:13
59:10 63:23 88:22
**suggesting** 91:24
**suisse** 2:22 9:21
23:8 84:11
**suit** 79:10
**suite** 17:18 104:22
**sullivan** 18:15
30:1
**summarized** 79:7
**summary** 35:1
64:17
**supplement** 73:5
85:6
**supplemental**
37:21
**support** 35:12
37:3 40:6 45:13
45:14 47:19,25
56:2 57:25 61:12
73:23 76:24 77:8
**supported** 64:21
**supports** 46:20
75:19
**suppose** 95:6
**supposed** 77:19
**supposedly** 35:11
39:18 46:20

**supreme** 55:20
86:13,16
**sure** 28:2,3 45:12
51:9 52:22 62:4
90:24 100:2
**surprise** 50:1
66:15 68:16
**surrounding**
54:11
**survive** 59:16
**surviving** 65:22
65:23
**susceptible** 98:1
**switzerland** 17:10
28:11,21 29:14
34:2 70:24,25
71:13,17,22 72:1
72:7,8,14 73:2,9
73:15,20 74:11
75:1,16,22 85:11
**syracuse** 68:2

**t**

**t** 104:1,1
**tabled** 29:21
**tabling** 30:13
**tactical** 37:12
41:5 63:4 64:9
**taint** 38:22 43:5
44:1
**taints** 39:8
**take** 78:16,24
85:24 89:4 102:9
**taken** 35:4 63:9
**talk** 95:6,8,15
98:4
**talking** 31:6 47:5
49:5 55:16
**task** 45:2
**telephonically**
16:8,9,10,17,18
17:6,7,14,21 18:6
18:13,20,22

**teligent** 66:8
68:13
**tell** 22:22 35:24
36:1 72:25
**telling** 91:1 98:3
99:1
**ten** 34:4,5 48:23
50:6 53:18 54:10
54:19 55:4 58:13
65:2 66:11 68:18
70:6 84:17
**tend** 34:24
**term** 101:24 102:1
102:2
**terminal** 78:4
**terminals** 45:20
**terminated** 81:2
**terminating** 82:7
**terms** 51:2 66:23
68:5 69:5 93:13
**terra** 28:16
**test** 86:12
**testified** 35:6
**testimony** 36:12
**thank** 32:22 33:5
49:17 54:22 70:20
75:23 96:5,9,20
97:10 98:12
100:16,20,22
101:12,15,16,21
101:23,25 102:7,8
102:11
**that's** 31:14
**theodoor** 25:3
79:25
**theories** 59:18,19
61:11 62:5 63:25
64:10 74:22
**theory** 38:25,25
39:1,1,11 40:5
42:25 43:4,7,12
43:25 48:5,9
59:17 60:5 62:5

63:18 64:8 68:15
68:20 69:18,24
72:18
**thereof**  8:10,21
9:6,17 10:3,14
11:7,18 12:4,15
13:1,18 14:4,15
15:1,12,23
**thing**  35:13 59:13
72:9 91:17 95:6
96:17
**things**  21:4 97:23
101:3
**think**  30:16,17
31:3,12 33:3 51:3
51:6,15 52:1 54:5
67:10,12,25 70:14
73:22 74:2,9 75:2
78:10 89:16 92:19
94:8
**thinking**  73:19
**third**  56:19 82:9
83:13 89:11
**thomas**  19:9
**thought**  63:1 70:8
100:12
**three**  44:21 61:19
**threshold**  82:2,5
82:13 84:8 88:24
**time**  30:23 31:5,9
34:24 38:3 40:6
43:23 44:6 46:9
48:25 50:8 51:23
52:10 57:23 60:6
60:11 66:4 70:18
73:4 74:23 77:3
78:12 81:16 82:23
87:13 89:9 99:14
101:5,7,8
**timeframe**  48:23
86:24
**timely**  87:3

**times**  16:14 18:3
88:3 100:13
**today**  27:19 29:2
59:4 63:17 79:20
86:16 101:11
**today's**  75:12
**told**  31:16 49:1
97:1 100:13
**top**  45:23 96:25
**topics**  94:8
**tortured**  89:23
**total**  35:9
**touched**  94:16
**traction**  40:11
**trading**  40:16
63:16
**traditional**  65:24
**tragically**  44:21
**transaction**  61:2
**transcribed**  15:25
**transcript**  53:12
54:1 57:20 104:4
**transfer**  44:1
**transferee**  34:1,4
39:10
**transferees**  34:5
34:12 36:17 39:9
**transfers**  72:24
**treat**  30:18
**tremendous**  46:10
**trial**  35:2 67:25
87:7
**trickery**  77:22
**true**  32:17 58:19
73:3 104:4
**truly**  97:5
**trust**  4:22 12:19
24:21 40:7 42:25
44:7 47:7,20,25
48:5,20 57:5
58:21 60:18 61:13
83:3 84:9 85:3,5
87:20

**trustee**  73:12
**trustee's**  73:12
**try**  22:7 41:9 42:8
42:13 76:8
**trying**  28:2 30:12
53:14 71:21 92:5
92:6,7 100:23
**turnaround**  75:6
**turned**  32:16
**turning**  75:17
**two**  33:23 34:6,6
38:10 40:13 51:3
53:5 55:2 62:23
68:21 72:23 99:16
**type**  37:19 47:22
**typical**  60:7

**u**

**u.s.**  7:23 45:7
86:12 87:8
**ubp**  3:14,22 10:25
11:11 23:20
**ubs**  4:6 5:6 11:21
13:10 24:7 25:17
**ulterior**  37:9,11
40:18 41:5 42:8
63:23 74:15,19,20
76:15
**ultimately**  80:21
**umar**  37:20
**uncovered**  55:15
77:5
**undercuts**  73:23
**undersigned**
97:20
**understand**  30:18
31:22 52:23 92:18
93:12 94:10 95:5
100:5
**understanding**
51:13 95:21
**understands**
88:22

**understood**  60:17
69:16 92:25 94:21
94:25
**underway**  34:25
**undue**  27:3 33:11
33:11 34:9 42:17
46:7,16 55:22
81:11,15 86:18,20
86:23 87:23 88:4
**unexplained**  68:4
**unfair**  37:10,12
37:13 41:12 42:14
74:14 76:15
**unfortunately**
44:18
**union**  3:14,22
10:24 11:10 23:19
24:2
**unique**  36:10 69:3
**united**  1:1 7:1
86:13
**unknown**  7:25
65:11
**unmistakingly**
87:4
**unopposed**  21:16
21:18 22:2,15
23:2,12,24 24:4,9
24:12,16,18,22,24
25:18,20,23,25
26:3,6,9,14,16
27:5,12
**unprecedented**
70:11
**unquestionably**
55:18
**unrelated**  72:15
**unsettled**  69:23
**untimeliness**
81:11,15
**update**  25:15
**usa**  17:17 28:15

**usc**  29:17 79:18
**use**  61:5,5,6 75:18
**utterly**  36:15

**v**

**v**  1:14,22 2:5,13
  2:21 3:5,13,21 4:5
  4:13,21 5:5,13,21
  6:5,13,21 8:2,13
  8:23 9:9,20 10:6
  10:17,24 11:10,21
  12:7,18 13:10,21
  14:7,18 15:4,15
  21:6,22 22:9,20
  23:7,17,19 24:2,7
  24:14,20 25:2,17
  25:22 26:2,8,13
  27:10 28:8 37:19
  62:22 63:16 67:22
  68:2,3,6,21 77:6
  79:5,25 86:12,15
  86:25 87:8
**vacate**  58:17
**vacuum**  34:23
**valentine**  20:15
**value**  82:23
**values**  39:6 85:8
**various**  85:10
**veiled**  76:17,19
**veraja**  20:17
**veritext**  104:20
**vicens**  19:19
**vickery**  10:20
**videoconference**
  13:7
**view**  75:7
**vine**  62:16 63:8
  71:20 74:17
**virgin**  57:16 79:25
**virtually**  70:11
**virtue**  86:21
**vis**  70:25,25 72:1
  72:1,8,8 74:25,25

**vividly**  35:10
**voluntary**  99:5,11

**w**

**w**  19:18
**wait**  25:2,2 55:6
  61:17 62:7 63:13
  63:24
**waited**  46:13
  59:19 63:3 64:6
  76:17,18
**waiting**  57:2
  62:17 65:1
**wake**  77:25
**walking**  78:20
**want**  25:15 40:22
  42:5,6 46:17,18
  50:12,13 75:1,14
  76:2 92:13 95:10
  96:24,24,25 98:7
  98:8,9
**wanted**  21:11
  28:3 41:23 52:12
  64:19 94:8 100:2
  100:10
**wants**  95:24
**warning**  97:1,7,9
**warrant**  70:12
**warranting**  59:24
**wash**  60:8
**washington**  17:19
**wasting**  30:22
  31:9
**watching**  32:2
**water**  72:2
**way**  21:4 32:7
  40:2,2,6 44:6
  48:20 49:2 61:4
  67:16,17 69:17
  81:22 94:1 98:9
**we've**  29:19 30:9
  30:10,12 49:10
  52:13 61:21 67:13
  67:25 68:13 86:16

92:10 95:18 97:18
  97:19 98:18
  100:13
**weavering**  39:4
  44:2
**weight**  34:11
**went**  33:17 44:12
  44:12 45:19 65:19
  65:25 67:2,15
  72:25 75:7 90:12
**westlaw**  59:1,2
  62:22 63:11 64:4
  71:2 79:6,15 84:6
**westover**  20:13
**whatsoever**  35:21
  47:8 76:7,13
**wholesale**  75:8
**widely**  61:19
**william**  20:8
**wish**  75:23 78:16
  86:18
**wishes**  76:2
**withdraw**  100:14
**withheld**  38:11
  41:2 63:1,18
**withhold**  41:4
  42:13
**withholding**  42:9
**withholds**  37:9
**witness**  76:13
**witnesses**  35:5,18
  35:23 76:9
**words**  61:9 72:22
  95:12
**work**  35:19 39:15
  44:12,12,15 45:15
  46:4,8,10 60:17
  60:22 78:12 101:2
**worked**  66:7
**working**  32:13
  46:3 66:4 87:15
**world**  43:21

**worth**  77:16
**worthless**  83:1,1
**wrap**  78:9
**writing**  48:19
**written**  41:22
  86:6
**wrong**  40:15
  48:24
**wrongdoing**
  58:24

**x**

**x**  1:4,9,11,17,19
  1:25 2:2,8,10,16
  2:18,24 3:2,8,10
  3:16,18,24 4:2,8
  4:10,16,18,24 5:2
  5:8,10,16,18,24
  6:2,8,10,16,18,24
  103:1
**xu**  19:22

**y**

**y'all**  93:21 95:2
  100:9 101:14
**yanez**  20:13
**yards**  17:3
**yates**  19:23
**yeah**  51:20 76:1
  90:22 94:17,17
  100:19
**year**  46:15 50:8
  55:17 57:2 65:20
  67:2 87:6
**years**  44:23 46:15
  48:23 50:6,8 53:5
  53:6,18 54:10,19
  55:2,4,16,16
  56:22 58:25 59:19
  59:22 61:8 65:2
  66:11,12 67:6,18
  68:19 69:16 70:6
  70:7 72:23,24
  84:17 88:2,6 90:9
  101:9 102:3

| | |
|---|---|
| **yelena**  16:9 | |
| **york**   1:2 4:6 11:21 | |
| 16:6,15 17:4,12 | |
| 18:4,11,18 24:8 | |
| 28:15 30:2 62:21 | |
| 63:11 69:2 72:13 | |
| 73:19 79:16 97:6 | |

**z**

**zcm**   28:20,20
  33:25 34:1,12,17
  35:15,20 39:15
  46:19 75:9
**zero**   36:10 49:9
  76:7,13
**zoomgov**   13:7
**zurich**   3:6 10:6,17
  10:20 17:2 23:17
  27:20 28:8,11,19
  29:8 33:24,25
  35:11 36:2,5,9,15
  49:18 54:24 55:19
  56:25 57:6,8
  58:10,22 60:25
  61:13,24 64:25
  65:7,12,13,15,15
  65:18,24 66:5,7
  66:15,17,20 68:18
  70:14,17 85:11,12
  85:18,23,25 88:7
  88:12 89:5,11
**zurich's**   36:17
  56:10 66:13 85:21
  88:4

**à**

**à**   70:25 72:1,8
  74:25