# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>        Debtor in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>        Defendants. | Adv. Pro. No. 10-03496 (CGM)<br><br>Administratively Consolidated |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>BNP PARIBAS SECURITIES SERVICES LUXEMBOURG, et al.,<br><br>        Defendants. | Adv. Pro. No. 10-03627 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>        Defendants. | Adv. Pro. No. 10-03635 (CGM) |

1

| | |
|---|---|
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>        Defendants. | Adv. Pro. No. 10-03636 (CGM) |

### OBJECTING DEFENDANTS' (1) OBJECTION TO LIQUIDATORS' PROPOSED SCHEDULING ORDER ON PERSONAL JURISDICTION BRIEFING AND DISCOVERY AND (2) NOTICE OF COUNTER-PROPOSED ORDER

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 9074-1, Banque Cantonale Vaudoise, BCV AMC Defensive Alt Fund, Compagnie Bancaire Helvétique SA, Lombard Odier Darier Hentsch & Cie, Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG, Rothschild Bank Geneva (Dublin) a/k/a Edmond de Rothschild (Suisse) S.A., Edmond de Rothschild (Suisse) S.A. (sued as Sella Bank AG), Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A., Société Générale Bank & Trust n/k/a Société Générale Luxembourg, and Rothschild & Cie Banque-EGA (collectively, the "Objecting Defendants") in the above-captioned administratively consolidated proceedings hereby **OBJECT** to the Proposed Scheduling Order on Personal Jurisdiction Briefing and Discovery (the "Liquidators' Proposed Order") submitted by the Liquidators on September 23, 2021 (Dkt 3883),[1] because it is both procedurally and substantively inappropriate.

**PLEASE TAKE FURTHER NOTICE** that the Objecting Defendants respectfully **COUNTERPROPOSE** that the Court enter the Proposed Scheduling Order ("Defendants'

---

[1] Unless otherwise specified, citations to "Dkt ___" refer to docket entries from Adv. Pro. No. 10-03496.

2

Proposed Order") for the Objecting Defendants' motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2) annexed as Exhibit A.

In support of their objection, and in support of entry of the Defendants' Proposed Order, the Objecting Defendants state as follows:

**Objection to the Liquidators' Proposed Order**

1. The Liquidators' Proposed Order sets forth a complex schedule that goes well beyond the Court's instruction to submit a schedule on motions to dismiss for lack of personal jurisdiction. At the conference held on September 15, 2021, the Court stated that "we're setting a briefing [schedule] on personal jurisdiction," Sept. 15, 2021 Hr'g Tr. at 23:17-18, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Adv. Pro. No 10-3496 (S.D.N.Y. Bankr.) (Morris, C.J.), and with respect to discovery, made clear that the Court is "not going to prejudge anything," *id.* at 8:24. The Liquidators' Proposed Order does precisely what the Court said it would not do: it "prejudges" an entitlement to jurisdictional discovery that has not been briefed, and sets up a complex briefing process that will extend the current round of motions well into next year and spawn collateral litigation on questions of foreign law relevant to the Liquidators' requests for discovery from parties over whom the Court lacks personal jurisdiction.

2. The Liquidators' Proposed Order also improperly sets a schedule for briefing motions to compel discovery responses notwithstanding that (i) their discovery requests have not been properly served on any of the Objecting Defendants, *see infra* ¶ 7, (ii) no defendant has even served responses and objections, (iii) there has been no opportunity to meet and confer or conduct a pre-motion conference in accordance with the Court's Chambers Rules, and (iv) the motions in question have yet to even be filed. Jumping ahead like this is unnecessary and prejudicial: the Liquidators are free to file discovery motions in the ordinary course under the Rules, and the parties

3

can negotiate a schedule for briefing those motions, failing which defendants can seek adjournments of their opposition deadlines as provided in the Rules.

3. Entry of the Liquidators' Proposed Order authorizing expedited personal jurisdiction discovery, and suspending the normal order governing briefing of defendants' contemplated motions, is premature at this time. Defendants have yet to even file their personal jurisdiction motions. And the standards for evaluating whether a plaintiff is entitled to jurisdictional discovery in this Circuit require a review of the arguments against the exercise of jurisdiction in light the allegations in each complaint. Here, the Liquidators have not satisfied those well-established standards. *See, e.g.*, *Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 401 (2d Cir. 2009) ("[A court] is typically within its discretion to deny jurisdictional discovery when 'the plaintiff [has] not made out a prima facie case for jurisdiction.'" (quotation omitted)); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) ("Since the [plaintiffs] did not establish a prima facie case that the district court had jurisdiction over [the defendant], the district court did not err in denying discovery on that issue."); *see also Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2017 WL 1113080, at *8 (S.D.N.Y. Mar. 10, 2017) ("District courts in this [C]ircuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a prima facie case of jurisdiction."); *In re Teligent, Inc.*, 2004 WL 724945, at *6 (Bankr. S.D.N.Y. Mar. 30, 2004) ("Here, the plaintiff failed to demonstrate that she should be entitled [to] discovery because she failed to allege a *prima facie* case of personal jurisdiction."); *In re Aegean Marine Petrol. Network Inc. Secs. Litig.*, 2021 WL 1178216, at *20, n.19 (S.D.N.Y. Mar. 29, 2021) (rejecting request where plaintiff failed to "explain how evidence arising from [jurisdictional] discovery would cure the deficiencies in its current jurisdictional allegations"); *Est. of Yaron Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 549 (S.D.N.Y. 2005)

4

(stating if plaintiffs "cannot make out a prima facie case for personal jurisdiction, they cannot take any discovery—even jurisdictional discovery—from a foreign corporation").[2]

4. The Liquidators' proposed schedule seek to prevent the Court from analyzing their allegations under these standards by simply assuming an entitlement to discovery. The Objecting Defendants will explain in their personal jurisdiction briefing that, taken at face value, the complaints do not allege a case for personal jurisdiction or even a "sufficient start" at establishing jurisdiction, which is the standard that the Liquidators have acknowledged they must at a minimum satisfy. *See* Pls' Sept. 14, 2021 Letter to Court at 3 (Dkt 3881). The Liquidators' claims are for foreign transfers between foreign parties under foreign contracts and have no business being brought in New York. However, the Court does not need to resolve that dispute in order to enter a schedule on personal jurisdiction briefing when the schedule otherwise leaves open the possibility for the timely filing of motions seeking appropriate relief.

---

[2] The Liquidators have attempted to distinguish *Jazini* and the myriad cases denying jurisdictional discovery before a *prima facie* case is made out by citing to *dicta* in a footnote in *Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007). *See* Pls' Sept. 14, 2021 Letter to Court at 4 (Dkt 3881). *Ehrenfeld* noted that plaintiffs might be entitled to jurisdictional discovery even absent "a prima facie showing of jurisdiction" so long as they made out "legally sufficient allegations of jurisdiction." 489 F.3d at 550 n.6. In the first place, there is no distinction between "a prima facie showing of jurisdiction" and "legally sufficient allegations of jurisdiction." *See Jazini*, 148 F.3d at 184 (defining "legally sufficient allegations of jurisdiction" as "making a '*prima facie* showing' of jurisdiction" (quotation omitted)). Even so, this dicta does not help the Liquidators since they do not say how, in the absence of a *prima facie* case, they have nevertheless put forward "legally sufficient" allegations. They instead "offer[] only speculations or hopes . . . that further connections to [the forum] will come to light in discovery." *NovelAire Techs., L.L.C. v. Munters AB*, 2013 WL 6182938, at *13 (S.D.N.Y. Nov. 21, 2013) (quotation omitted) (denying jurisdictional discovery). The Liquidators have insisted that the Court has the discretion to award them jurisdictional discovery without describing what discovery they require to oppose a motion that hasn't yet been filed and why the Court should exercise such discretion absent a *prima facie* jurisdictional case. *See* Pls' Sept. 14, 2021 Letter to Court at 4 (Dkt 3881).

5.     In addition, the Liquidators' Proposed Order admits that their discovery requests relate to topics other than personal jurisdiction. Liquidators' Proposed Order at 6 (stating that discovery requests are "relating to personal jurisdiction, *among other topics*." (emphasis added)). The Liquidators do not submit any of their discovery requests to the Court but many have no reasonable connection to a motion for lack of personal jurisdiction generally and certainly no connection to the bases for jurisdiction that the Liquidators have alleged.[3] To the extent the Liquidators are seeking discovery on topics that do not bear on personal jurisdiction, the Court has no authority to order expedited discovery against foreign defendants on topics that do not relate to personal jurisdiction. *See, e.g.*, *Gucci America Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) ("A district court . . . must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45.").[4]

6.     The Liquidators' decision to submit the Liquidators' Proposed Order under Local Rule 9074-1(a) compounds the procedural deficiencies here. Local Rule 9074-1(a) is a mechanism for submission of settled orders following a "ruling" that resolves the substance of a disputed issue, leaving it to the parties to confer regarding the appropriate form of an order reducing that

---

[3]     *E.g.*, Pls' First Req. for Produc. of Docs. from each of the Objecting Defendants (Request No. 12: "Documents and Communications concerning Your internal compliance rules, guidelines, or policies regarding investing with or subscribing through third-party asset managers, including the approval process, mandatory diligence items and necessary documentation.").

[4]     *See also In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 382 (S.D.N.Y. 2019) ("Although *Gucci America* discusses a subpoena for documents under FRCP 45 . . . nothing in the decision's reasoning suggests that it would not also apply, mutatis mutandis, to a court's authority to compel discovery in other contexts as well."); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery.").

substantive ruling to operative decretal terms.[5] The Court did not instruct, or rule, that the parties must submit a web of briefing and production deadlines through spring 2022. It certainly did not resolve the substance of the parties' disputes concerning the scope of future jurisdictional discovery and the timing of motions to dismiss for lack of personal jurisdiction. The Court at most instructed the parties to submit briefing schedules on the defendants' personal jurisdiction motions, not to set deadlines for discovery responses, motions to compel, document productions, and depositions. The proper mechanism for a proposed scheduling order seeking that relief is upon motion, which would provide the defendants a meaningful opportunity to respond. This in and of itself is a basis to deny entry of the Liquidators' Proposed Order.

7. The Liquidators seek to silently shorten the time specified in the Federal Rules of Civil Procedure for Objecting Defendants to serve responses and objections to the Liquidators' discovery requests.[6] The Liquidators have not held a Rule 26(f) conference with any of the Objecting Defendants; therefore, their discovery requests have not yet been properly served and cannot be due less than 30 days after the Rule 26(f) conference absent order of the Court.[7]

**Defendants' Counter-Proposed Order**

---

[5] The Liquidators filed their request as one on "presentment," but quoted the text of Local Rule 9074-1(a), rather than Local Rule 9074-1(b), and explained to the Objecting Defendants prior to filing that they believe the Court instructed the parties to submit a settled order. In either case, this request is inappropriate. Presentment is not available because the Liquidators knew that its request would be contested and because the relief sought is outside the scope of Local Rule 9074-1(b).

[6] *See* Liquidators' Proposed Order ¶ 2 ("Defendants shall serve responses and objections shall serve responses and objections to Plaintiffs' Initial Discovery by the earlier of (a) 30 days from the parties' respective conferences pursuant to Federal Rule of Civil Procedure 26(f), or (b) October 27, 2021." (emphasis omitted)).

[7] The Liquidators have requested that the Objecting Defendants treat September 27, 2021, as the date of service for discovery requests. The parties are meeting and conferring on this point.

7

8. The Defendants' Proposed Order provides that (i) each party will move to dismiss under Rule 12(b)(2) on or before October 8, 2021, which is the same date proposed by the Liquidators' Proposed Order, (ii) the Liquidators may oppose those motions on or before November 19, 2021, and (iii) the defendants may reply before December 10, 2021, which is one week more time than proposed by the Liquidators and appropriate because the reply period covers Thanksgiving.

9. The Defendants' Proposed Order provides the Liquidators a generous extension of time to prepare and coordinate their opposition briefs above and beyond the default offered by the Federal Rules, which permit motions to dismiss to be filed on as little as 14 days' notice and require an opposition to be filed within one week. *See* Local Rule 9006-1(b). The Liquidators will have six weeks.

10. The Objecting Defendants respectfully submit that the Court can resolve the Objecting Defendants' motions to dismiss under Rule 12(b)(2) without discovery, but the Court need not decide that to enter the Defendants' Proposed Order. The Objecting Defendants intend to notice their motions for the December 15, 2021 conference *without prejudice to any party's rights to move for adjournment, including to accommodate jurisdictional discovery if an appropriate motion is made*. In other words, if the Liquidators receive defendants' motions and believe they are entitled to jurisdictional discovery, they can do what plaintiffs do as a matter of routine: ask the Court to authorize discovery and adjourn their response date.

11. The Defendants' Proposed Order allows the Court to advance these cases more quickly on the issue that is actually ripe for decision – a personal jurisdiction briefing schedule – without prejudging whether expedited jurisdictional discovery is necessary, and without delaying resolution of these cases for more than half of a year. The Objecting Defendants at this time merely

8

request the opportunity to file their Rule 12(b)(2) motions, which may narrow the number of parties or issues before the Court.

## Conclusion

In conclusion, the Objecting Defendants respectfully request that the Court enter the Defendants' Proposed Order, and deny entry of the Liquidators' Proposed Order.

Dated: September 27, 2021
New York, New York

Respectfully submitted,

| | |
|---|---|
| ALLEGAERT BERGER & VOGEL LLP | MAYER BROWN LLP |
| */s/ John F. Zulack* | */s/ Marc R. Cohen* |
| John F. Zulack | Marc. R. Cohen |
| | Mark G. Hanchet |
| 111 Broadway, 20th Floor | Kevin C. Kelly |
| New York, New York 10006 | |
| T: 212-571-0550 | 1999 K Street, N.W. |
| jzulack@abv.com | Washington, D.C. 20006 |
| | T: 202-263-5282 |
| *Attorneys for Banque Cantonale Vaudoise, BCV AMC Defensive Alt Fund, Compagnie Bancaire Helvétique SA, Lombard Odier Darier Hentsch & Cie, Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG, Rothschild Bank Geneva (Dublin) a/k/a Edmond de Rothschild (Suisse) S.A., Edmond de Rothschild (Suisse) S.A. (sued as Sella Bank AG), Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A., Société Générale Bank & Trust (n/k/a Société Générale Luxembourg), Rothschild & Cie Banque-EGA* | mcohen@mayerbrown.com |
| | |
| | 1221 Avenue of the Americas |
| | New York, New York 10020 |
| | T: 212-506-2500 |
| | mhanchet@mayerbrown.com |
| | kkelly@mayerbrown.com |
| | |
| | *Attorneys for Lombard Odier Darier Hentsch & Cie* |
| MAYER BROWN LLP | |
| */s/ Steven Wolowitz* | |
| Steven Wolowitz | |
| Christopher J. Houpt | |
| Bradley A. Cohen | |
| | |
| 1221 Avenue of the Americas | |
| New York, New York 10020 | |
| T: 212-506-2500 | |
| swolowitz@mayerbrown.com | |
| choupt@mayerbrown.com | |
| bacohen@mayerbrown.com | |
| | |
| *Attorneys for Societe Generale Bank & Trust (n/k/a Société Générale Luxembourg)* | |