**LATHAM & WATKINS LLP**
Christopher Harris
Thomas J. Giblin
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1200
Facsimile: 212.751.4864

*Attorneys for Defendant-Appellee Union Bancaire Privée UBP SA (sued as ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> FAIRFIELD SENTRY LIMITED, et al., <br><br> Debtor in Foreign Proceedings. | Chapter 15 Case <br><br><br> Case No. 10-13164 (CGM) <br><br><br> Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., <br><br> Plaintiffs, <br><br> v. <br><br> THEODOOR GGC AMSTERDAM, et al., <br><br> Defendants. | Adv. Pro. No. 10-03496 (CGM) <br><br><br> Administratively Consolidated |

| | |
|---|---|
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03636 (CGM) |

## NOTICE OF JOINDER

Defendant-Appellee Union Bancaire Privée, UBP SA (sued as ABN AMRO Schewiz AG a/k/a ABN AMRO (Switzerland) AG) ("UBP"), by and through its undersigned counsel, Latham & Watkins LLP, hereby joins in and incorporates by reference (i) the HSBC Defendants' objection, at Docket No. 3884 (the "Objection") to the Notice of Filing and Presentment of Scheduling Order on Personal Jurisdiction Briefing and Discovery ("Liquidators' Proposed Order") filed by the Liquidators on September 23, 2021 at Dkt. No. 3883 in the administratively consolidated proceedings *Fairfield Sentry Ltd. (In Liquidation) v. Theodoor GGC Amsterdam*, Adv. No. 10-3496 and (ii) the HSBC Defendants' counter-proposed scheduling order on personal jurisdiction briefing and discovery, filed on September 27, 2021 at Dkt. No. 3884-1 (the "HSBC Defendants' Scheduling Order").

2

## ARGUMENT

1. UBP incorporates and adopts the arguments in paragraphs 1-6 and 9-13 of the Objection.

2. The Liquidators' Proposed Order is both substantively and procedurally improper. In addition to those arguments outlined in the Objection, UBP submits the following arguments specific to it.

3. The Liquidators seek to shorten the time specified in the Federal Rules of Civil Procedure for UBP to serve responses and objections to the Liquidators' discovery requests. *See* Liquidators' Proposed Order ¶ 2 ("Except for the HSBC Defendants, . . . Defendants shall serve responses and objections to Plaintiffs' Initial Discovery by the earlier of (a) 30 days from the parties' respective conferences pursuant to Federal Rule of Civil Procedure 26(f), or (b) October 27, 2021." (emphasis omitted)). The Liquidators have not yet held a Rule 26(f) conference with the defendants in this action, including UBP. Therefore, their discovery requests have not yet been properly served, and service of responses on October 27, as the Liquidators' Proposed Order contemplates, would be premature.

4. In addition, the Liquidators are seeking discovery that relates to topics other than personal jurisdiction. Indeed, many have no reasonable connection to a motion for lack of personal jurisdiction generally and certainly no connection to the bases for jurisdiction that the Liquidators have alleged. For example, the Liquidators have requested, among other things, "Documents and Communications exchanged with the Citco Subscribers regarding the [Fairfield] Funds, BLMIS, other BLMIS feeder funds, or [UBP's] subscriptions therein, including but not limited to *the performance of [UBP's] subscriptions* in the Funds, BLMIS, or other BLMIS feeder funds, and *redemptions of [UBP's] subscriptions* in the Funds or BLMIS, or other BLMIS feeder funds," as

3

well as "Documents and Communications concerning [UBP's] internal compliance rules, guidelines, or policies regarding investing with or subscribing through third-party asset managers," Pls' First Req. for Produc. of Docs. to ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG at 8 (emphases added). The Liquidators' interrogatories seek, among other things, the identities of all persons and internal committees "whose review or approval was required for [UBP] to subscribe (directly or indirectly) in the [Fairfield] Funds," "involved in the decision to redeem [UBP's] subscriptions (direct or indirect) in the [Fairfield] Funds," and "whose review or approval was required for [UBP] to redeem [its] subscriptions (direct or indirect) in the [Fairfield] Funds." Pls' First Set of Interrogatories to ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG at 7.[1] The interrogatories also seek "all redemption payments that [UBP] received in connection with [UBP's] subscription to (whether direct or indirect) shares of the [Fairfield] Funds." *Id.* None of these requests have the remotest connection with personal jurisdiction.

5. To the extent the Liquidators are seeking discovery on topics that do not bear on personal jurisdiction, the Court has no authority to order expedited discovery against foreign defendants on topics that do not relate to personal jurisdiction. *See, e.g.*, *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) ("A district court . . . must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule

---

[1] The Liquidators are also seeking responses to interrogatories that go beyond the scope permitted under Local Rule 33.3, which provides that "[u]nless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." S.D.N.Y. Local Rule 33.3.

of Civil Procedure 45.").[2]

6.      Finally, UBP intends to contest that the Court may exercise personal jurisdiction over it with respect this Action. In submitting this Joinder and joining in the Objection, UBP does not waive, and expressly reserves all defenses, including the defense that this Court lacks personal jurisdiction over UBP, and further reserves the right to contest that the Liquidators have met the threshold requirements necessary to obtain discovery in support of personal jurisdiction.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Objection, UBP respectfully requests that the Court sustain the Objection, enter the HSBC Defendants' Scheduling Order, and deny entry of the Liquidators' Proposed Order.

---

[2] *See also In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 382 (S.D.N.Y. 2019) ("Although *Gucci America* discusses a subpoena for documents under FRCP 45 . . . nothing in the decision's reasoning suggests that it would not also apply, mutatis mutandis, to a court's authority to compel discovery in other contexts as well."); *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) ("[G]enerally a plaintiff may be allowed limited discovery with respect to the jurisdictional issue; but until she has shown a reasonable basis for assuming jurisdiction, she is not entitled to any other discovery.").

Dated: September 28, 2021
    New York, New York

                            LATHAM & WATKINS LLP

                            By:  /s/ Christopher Harris
                                Christopher Harris
                                Thomas Giblin
                                1271 Avenue of the Americas
                                New York, New York 10020
                                Telephone: (212)-906-1200
                                Facsimile: (212)-751-4864
                                Email: christopher.harris@lw.com
                                          thomas.giblin@lw.com

                                *Attorneys for Defendant-Appellee*
                                *Union Bancaire Privée*
                                *UBP SA (sued as ABN AMRO*
                                *Schweiz AG a/k/a ABN AMRO*
                                *(Switzerland) AG)*