**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                            Chapter 15 Case

Fairfield Sentry Limited, et al.,                                 Case No. 10-13164 (CGM)

       Debtors in Foreign Proceedings.                            Jointly Administered

Fairfield Sentry Limited (In Liquidation),                        Adv. Pro. No. 10-03496 (CGM)

              Plaintiff                            Administratively Consolidated

        -against-

Theodoor GGC Amsterdam, et al.

             Defendants.

This Memorandum of Law is related to the
Following Adversary Proceeding:

10-03635

**CORNER BANCA SA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ..................................................................... 1

II.    BACKGROUND ........................................................................................ 4

    A.    The Liquidators' Proceedings. ............................................................ 4

    B.    Allegations Regarding the Redemption Payments. ............................... 6

    C.    Allegations Regarding the Citco Platform. .......................................... 7

    D.    Specific Allegations About Corner Banca. .......................................... 10

III.    ARGUMENT .......................................................................................... 10

    A.    The Redemption Accounts Do Not Establish Personal Jurisdiction. ................... 13

        1.    The Liquidators Allege that the Redemption Process Did Not Occur in the United States. .................................................... 13

        2.    The Liquidators' Admit that the Redemption Payments were Paid to Non-U.S. Accounts. ............................................ 15

    B.    The Alleged Foreseeability of the Funds' Investment in BLMIS Does Not Establish Personal Jurisdiction Over Corner Banca. ............................................ 16

    C.    The Exercise of Personal Jurisdiction over Corner Banca Would Not Comport with Due Process. .................................................... 19

IV.    CONCLUSION ........................................................................................ 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arista Records, LLC v. Doe 3,*
    604 F.3d 110 (2d Cir. 2010)................................................................14

*Asahi Metal Indus. Co., Ltd. v. Superior Court,*
    480 U.S. 102 (1987)...........................................................................18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).............................................................................6

*Best Van Lines, Inc. v. Walker,*
    490 F.3d 239 (2d Cir. 2007)................................................................11

*Burger King v. Rudzewicz,*
    471 U.S. 462 (1985)...........................................................................19

*DiStefano v. Carozzi N. Am., Inc.,*
    286 F.3d 81 (2d Cir. 2001)..................................................................10

*Fairfield Sentry Limited (In Liquidation) et al. v. Banco Santander (Suisse) S.A.,*
    Adv. Pro. No. 10-03509-CGM (Bankr. S.D.N.Y. Aug. 2, 2019) ...........14

*Fairfield Sentry Limited (In Liquidation) et al. v. Citco Global Custody N.V. et al.,*
    Adv. Pro. No. 19-01122-CGM (Nov. 26, 2019).....................................6, 8

*Fairfield Sentry Limited (In Liquidation) v. Citibank NA London,*
    No. 19-cv-03911-VSB (S.D.N.Y. July 21, 2021)........................3, 16, 17

*In re Fairfield Sentry Ltd.,*
    2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018)................2, 5, 15, 17

*In re Fairfield Sentry Ltd.,*
    2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020)................2, 15, 17

*In re Fairfield Sentry Ltd.,*
    596 B.R. 275 (Bankr. S.D.N.Y. 2018)................................................2, 15

*Fairfield Sentry Ltd. (In Liquidation) v. Migani,*
    [2014] UKPC 9 (April 19, 2014) .......................................................4, 17

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984).........................................................................................16

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995)............................................................................14

*Homeschool Buyers Club, Inc. v. Brave Writer, LLC*,
    2020 WL 1166053 (S.D.N.Y. Mar. 11, 2020) .........................................13

*L-7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011).............................................................................14

*Neewra, Inc. v. Manakh Al Khaleej Gen. Trading & Contracting Co.*,
    2004 WL 1620874 (S.D.N.Y. July 20, 2004) .........................................13

*Picard v. BNP Paribas S.A.*,
    594 B.R. 167 (Bankr. S.D.N.Y. 2018).............................................................2, 11

*Pyskaty v. Wide World of Cars, LLC*,
    856 F.3d 216 (2d Cir. 2017).............................................................................13

*Rose v. Goldman, Sachs & Co.*,
    163 F. Supp. 2d 238 (S.D.N.Y. 2001)..............................................................14

*SPV Osus Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018).............................................................................16

*Walden v. Fiore*,
    571 U.S. 277 (2014)..............................................................................12, 17, 18, 19

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)..........................................................................................19

*Zim Integrated Shipping Servs. Ltd. v. Bellwether Design Techs. LLC*,
    2020 WL 5503557 (S.D.N.Y. Sept. 10, 2020)................................................10, 11

## Other Authorities

Fed. R. Civ. P. 12(b)(2)...........................................................................................1, 19

Defendant Corner Banca SA ("Corner Banca" or "Defendant"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss, with prejudice, the Fifth Amended Complaints ("FACs") of the Liquidators of Fairfield Sentry Limited and Fairfield Sigma Limited in *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-03635 (Bankr. S.D.N.Y.), and the Liquidators of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited[1] in *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y.), (collectively, the "Citco Brokerage Proceedings" and "Citco Brokerage Complaints") under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.[2] Although the allegations in the Citco Brokerage Complaints are substantively the same, as explained further below, this memorandum supports the motion to dismiss the FAC in Adv. Pro. No. 10-03635.

## I.    PRELIMINARY STATEMENT

The grounds requiring dismissal here are particular to Corner Banca and the other defendants in the Citco Brokerage Proceedings (together with Corner Banca, "Citco's Brokerage Customers") because there are no plausible allegations whatsoever that a single redemption

---

[1] Fairfield Sentry Limited ("Sentry"), Fairfield Sigma Limited ("Sigma"), and Fairfield Lambda Limited ("Lambda") are referred to collectively as the "Funds." As alleged by the Liquidators, Sentry maintained accounts with Bernard L. Madoff Securities LLC whereas Sigma and Lambda were indirect BLMIS feeder funds established for foreign currency investment through the purchase of shares of Sentry. Adv. Pro. No. 10-03635 FAC ¶ 125. Despite this distinction, the Liquidators refer to Sentry, Sigma, and Lambda as the "Funds" throughout the Citco Brokerage Complaints and only occasionally acknowledge that Sigma and Lambda were indirect feeder funds for Bernard L. Madoff Securities LLC.

[2] The filing of this Motion is without prejudice to any objections and defenses to discovery, including those based on the Court's lack of personal jurisdiction over the Defendant, all of which objections and defenses are expressly reserved and preserved, and any responses to discovery requests made by Defendant shall not be construed as a waiver of any such objections and defenses.

payment to a single defendant was made to U.S. accounts or went through U.S. correspondent accounts. The Liquidators have not alleged, let alone established, personal jurisdiction over Corner Banca or any of the other defendants. Indeed, the only allegations in the Citco Brokerage Complaints unique to the individual Citco's Brokerage Customers are the allegations alleging their places of incorporation and registered addresses. *See* Adv. Pro. No. 10-03635 FAC ¶¶ 33-104. Thus, Corner Banca is mentioned by name in just two paragraphs in the Liquidators' allegations, and one of those paragraphs establishes that it resides outside the United States. *See* Adv. Pro. No. 10-03635 FAC ¶¶ 15, 58. ***All other allegations*** against Citco's Brokerage Customers, including Corner Banca, are made by way of group pleading and none of those allegations tie Citco's Brokerage Customers or their alleged conduct to the United States.[3]

This Court already dismissed all but one of the claims asserted against Corner Banca for failure to state a claim. *See In re Fairfield Sentry Ltd.*, 2018 WL 3756343, at *12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*"); *In re Fairfield Sentry Ltd.*, 596 B.R. 275, 316 (Bankr. S.D.N.Y. 2018) ("*Fairfield II*"); *In re Fairfield Sentry Ltd.*, 2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020) ("*Fairfield III*"). And the sole remaining claim against Corner Banca—for the imposition of a "constructive trust" under British Virgin Islands ("BVI") law on redemption payments allegedly paid to Corner Banca, *see* Adv. Pro. No. 10-03635 FAC ¶ 198—must be dismissed for lack of personal jurisdiction.

To proceed on their remaining claim, the Liquidators first must establish this Court's personal jurisdiction over each defendant with respect to each redemption payment that the Liquidators seek to reverse. *See Picard v. BNP Paribas S.A.*, 594 B.R. 167, 190 (Bankr.

---

[3] The other Citco's Brokerage Customers will be filing separate and independent motions to dismiss asserting essentially the same basis for dismissal for lack of personal jurisdiction based on nearly identical allegations as those made against Corner Banca.

S.D.N.Y. 2018) (Bernstein, J.).  But the Citco Brokerage Complaints are devoid of any allegations that would support an exercise of jurisdiction with respect to any redemption.  In certain other cases before this Court, the Liquidators have argued that defendants are subject to jurisdiction because redemptions at issue were paid to U.S. correspondent accounts.  While that is wrong for reasons explained in other defendants' briefs, the Court need not even consider this argument in the Citco Brokerage Proceedings because the Liquidators' own allegations demonstrate that all defendants in the Citco Brokerage Complaints, including Corner Banca, received all redemption payments in accounts *outside the United States*.  Indeed, the Liquidators specifically and separately allege that every single redemption payment at issue in the Citco Brokerage Complaints was paid to an account in the Netherlands, not the United States.[4]

The Liquidators in fact recently represented to the District Court that "every relevant component of the [redemption] transactions at issue here occurred *outside the territorial jurisdiction of the United States*."  *Fairfield Sentry Limited (In Liquidation) v. Citibank NA London*, No. 19-cv-03911-VSB, Dkt. No. 440 at 24 (S.D.N.Y. July 21, 2021) ("Liquidators' Appeal") (Emphasis added).[5]  And even if the receipt of redemption payments in U.S. accounts were sufficient to subject a party to this Court's jurisdiction—and it is not—that is not what the Liquidators have pled as to Corner Banca (and the other Citco's Brokerage Customers).  For this reason alone, Corner Banca should be dismissed for lack of personal jurisdiction under New York's long-arm statute.

---

[4] The Liquidators include charts in the Citco Brokerage Complaints that provide information on every redemption at issue.  Adv. Pro. No. 10-03635 FAC at Exs. A, B.  Those charts include a column entitled "Bank Account to which Redemption Payment Was Made," which is filled out in the same way for every redemption:  "Citco Global Custody (NA) NV, Netherlands."  *Id.* (emphasis added).

[5] Certain citations, including to filings in related proceedings, are hyperlinked for the Court's convenience.

Additionally, because the Liquidators fail to allege that Corner Banca (and the other Citco's Brokerage Customers) had ***any contacts*** with the United States, the exercise of jurisdiction over Corner Banca would violate due process.  The Court should dismiss the Liquidators' sole remaining claim against Corner Banca on this basis too.

## II.    BACKGROUND

### A.    The Liquidators' Proceedings.

These cases are ancillary to the foreign liquidation of the Funds in the BVI.  Between October 2009 and March 2010, the Liquidators commenced actions in the BVI against several of the Funds' alleged investors seeking restitution, on the theory that the Funds mistakenly made redemption payments prior to and at the time of BLMIS's collapse.[6]  Since then, these Liquidators have brought more than 300 actions in the United States against partially overlapping defendants with overlapping theories of liability.  The New York actions were stayed pending resolution of the BVI actions.  In 2014, the Privy Council, which is the court of last resort for appeals from the BVI, affirmed dismissal of the Liquidators' BVI law claims for restitution based on mistake.  Starting in 2016, the Liquidators discontinued all remaining BVI actions,[7] and began prosecuting the New York actions under a new theory that the payment of the redemptions was not merely mistaken, but the result of bad faith by the Funds' administrator, Citco Fund Services.

---

[6] *See* Declaration of William Hare in Support of Motion for Leave to Amend, ¶ 15 (Adv. Pro No. 10-03635 Dkt. 145) (the "Hare Decl.").

[7] *See* Hare Decl. ¶ 68.  In the BVI courts, the Liquidators unsuccessfully litigated on a "mistaken" payment theory, premised on the Fund's alleged miscalculation of their NAV.  The Liquidators lost those claims at all levels of the BVI court system.  *See Fairfield Sentry Ltd. (In Liquidation) v. Migani*, [2014] UKPC 9 (April 19, 2014) ("*Migani*") at ¶ 23 (concluding the Liquidators' approach is "an impossible construction").  They also lost on their claim that redeeming investors did not give good consideration for the redemptions.  *See generally id.*

According to the Liquidators' own allegations, every relevant aspect of their constructive trust claim brought under BVI law is foreign:

- Corner Banca (along with the other Citco's Brokerage Customers) is a foreign financial institution with its principal places of business and place of incorporation outside the United States. *See* Adv. Pro. No. 10-03635 FAC ¶ 58. It is not alleged to conduct any business in the United States.

- The Funds are BVI hedge funds that are now in liquidation in their home jurisdiction of the BVI. *See* Adv. Pro. No. 10-03635 FAC ¶¶ 26-28.

- As a pre-condition to investing in the Funds, Corner Banca (and the other Citco's Brokerage Customers) was required to enter into Brokerage and Custody Agreements ("B&C Agreements") governed by the laws of the Netherlands with non-U.S. entities associated with Citco Group Limited ("Citco"). *See* Adv. Pro. No. 10-03635 FAC ¶ 8.

- Pursuant to the B&C Agreements, Corner Banca (and the other Citco's Brokerage Customers) is alleged to have received redemption payments in bank accounts in the Netherlands or other accounts outside the United States that were sent by the foreign Citco entities. *See* Adv. Pro. No. 10-03635 FAC ¶ 106 and Exs. A, B.

This foreign claim was filed in this Court due to a mistake of law by the Liquidators. As this Court found, the Liquidators incorrectly construed the subscription agreements for the purchase of shares in the Funds as containing a New York forum selection clause for their claim against Citco's Brokerage Customers. This Court rejected that theory because the Liquidators' claim is solely based on redemptions and does not arise out of the subscription agreements. *Fairfield I*, 2018 WL 3756343, at *11 (adhering to the Privy Council's holding "that the Subscription Agreement was irrelevant to actions to recover the inflated redemption payments").[8] The subscription agreements are also irrelevant, and cannot support jurisdiction, because Citco's Brokerage Customers did not enter into subscription agreements with the Funds. Rather, the Liquidators allege only that Citco's Brokerage Customers entered into B&C

---

[8] This ruling is the subject of a pending appeal to the District Court.

5

Agreements with the Citco entities; the Citco entities, who are not parties to these actions, entered into subscription agreements with the Funds. *See* Adv. Pro. No. 10-03635 FAC ¶ 16. The Liquidators are now grasping to justify maintaining these litigations against Corner Banca in New York, a forum with no connection to the redemption transactions at issue.[9]

### B.    Allegations Regarding the Redemption Payments.

The BVI Liquidators seek to obtain a damages award of approximately $1.76 billion in the aggregate from Citco's Brokerage Customers for redemptions allegedly received (the "Redemption Payments") outside the United States.[10]  The Liquidators do not specify the damages they are seeking from Corner Banca or any other defendant in this action.  Adv. Pro. No. 10-03635 FAC ¶¶ 8, 17.  The Liquidators allege that Citco's Brokerage Customers, through non-U.S. Citco entities invested outside the United States in the Funds.  Adv. Pro. No. 10-03635 FAC ¶ 2.

In Adv. Pro. No. 10-03635, the Liquidators allege that between April 20, 2004, and November 19, 2008, Sentry and Sigma made Redemption Payments to accounts held in the name of CGC NA (an affiliate of Citco, defined by the Liquidators as the "Citco Record Subscriber")[11] aggregating $51,929,665.41.  FAC ¶ 8.

---

[9] *See* Tr. July 27, 2016 Hr'g, at 11-14 ("THE COURT: It just sounds like you litigated these issues or you should litigate them in the BVI.  I don't understand why they're here. … THE COURT: I understand that.  But at some point you commenced these cases here …. And the question is why you didn't commence them in BVI?").

[10] For purposes of this motion only, Corner Banca takes all of the factual allegations—but not legal or boilerplate conclusions couched as factual allegations—in the Citco Complaints as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Corner Banca reserves all rights to contest any such factual allegations that are false or inaccurate at the appropriate procedural stage of this proceeding.

[11] According to the Liquidators' allegations in a related action in this Court, the Citco Record Subscriber and Citco Record Subscribers were foreign entities organized under the laws of either Curaçao or The Netherlands, and registered holders of shares in the Funds, which they purchased by entering into Subscription Agreements with the Funds.  *See Fairfield Sentry Limited (In*

The Liquidators further allege that the Citco Subscribers[12] have either retained the

Redemption Payments for their own accounts or paid all or some to the accounts of Citco's

Brokerage Customers.  Adv. Pro. No. 10-03635 FAC ¶¶ 15, 33-104.

     **C.**     **Allegations Regarding the Citco Platform.**

The Liquidators allege that to invest in the Funds, each of the Citco's Brokerage

Customers, including Corner Banca, entered into a B&C Agreement with a Citco Record

Subscriber and a Citco Bank.[13]  Adv. Pro. No. 10-03635 FAC ¶ 8.  *See also* Adv. Pro. No. 10-

03635 FAC ¶ 106 ("each of the Defendants entered into the B&C Agreements with a Citco Bank

and the Citco Record Subscriber.").[14]

Significantly, the Liquidators affirmatively and explicitly allege that to receive

Redemption Payments, Citco's Brokerage Customers were *required* to maintain bank accounts

with the Citco Banks outside of the United States, into which all Redemption Payments were

deposited:

---

*Liquidation) et al. v. Citco Global Custody N.V. et al.*, Adv. Pro. No. 19-01122-CGM, Dkt. No. 19 ¶¶ 32-34, at 5 n.1 (Nov. 26, 2019) ("*Citco Global Custody Compl.*").

[12] The Liquidators collectively refer to the Citco Record Subscriber, the Citco Record Subscribers, and the Citco Banks, defined herein, as the "Citco Subscribers."  *See* Adv. Pro. No. 10-03635 FAC ¶ 8.  This memorandum hereinafter refers to both Citco Record Subscriber and Citco Record Subscribers, as those terms are defined by the Liquidators, as "Citco Record Subscribers" for ease of reference.

[13] The Liquidators collectively refer to Citco Bank Nederland N.V., Citco Bank Nederland N.V. Dublin Branch, and the Citco Banking Corporation N.V. as the "Citco Banks."

[14] The Liquidators filed examples of the B&C Agreements in 2017 as exhibits to the Declaration of David J. Molton in Further Support of Motion for Leave to Amend and in Opposition to Defendants' Motion to Dismiss.  Adv. Pro. No. 10-03496, Dkt. No. 1337 ("Molton Decl.").  In one example, the beneficial owner entered into the B&C Agreement with Citco Banking Corporation N.V. in the Netherlands, as "the Bank," and Citco Global Custody (N.A.) N.V., as "the Custodian."  *See* Molton Decl. Ex. G.  In another example, the beneficial owner entered into the B&C Agreement with Citco Bank Nederland N.V. Dublin Branch ("Citco Bank Dublin"), as "the Bank," and Citco Global Custody N.V. as "the Custodian."  *See* Molton Decl. Ex. H.

> It was under the B&C Agreements that the Citco Subscribers
> purchased shares in and made redemptions from the Funds for the
> benefit of Defendants, which are the subject of this action.  Under
> the B&C Agreements, the ***Defendants were required to maintain
> bank accounts at the Citco Banks from which and into which 'all
> moneys received from or for the account of' the Defendants were
> deposited*** (the "B&C Accounts").

Adv. Pro. No. 10-03635 FAC ¶ 106 (emphasis added).  The Liquidators do not (because they

cannot) allege that the Citco Banks were located in the United States.[15]  Indeed, in a related

proceeding in this Court, the Liquidators have alleged that the Citco Banks were located in the

Netherlands, Ireland, or Curacao.  *See Citco Global Custody* Compl. ¶¶ 35-37, 39.  Furthermore,

the Liquidators allege that, pursuant to the B&C Agreements, the Citco Banks had the sole

authority to effect brokerage transactions on behalf of Citco's Brokerage Customers and deposit

Redemption Payments in their non-U.S. accounts at the Citco Banks.[16]  Thus, the FACs

themselves allege that all the Redemption Payments at issue in the Citco Brokerage Proceedings

were made by the offshore Citco Banks to offshore accounts and that none was made to or

through U.S. banks.

---

[15] Pursuant to the example B&C Agreement filed by the Liquidators, for instance, at least some of Citco's Brokerage Customers opened and maintained accounts with Citco Bank Dublin to receive the Redemption Payments.  *See* Molton Decl. Ex. H.

[16] Pursuant to the Liquidators' own allegations, "the Citco Banks were solely responsible for providing brokerage services to the Defendants.  According to the B&C Agreements, these services included … 'effecting [] transactions of and/or relating to the purchase and sale of and dealing in Securities in the name and for the account of the Defendants".  Adv. Pro. No. 10-03635 FAC ¶ 108.  Additionally, the "B&C Agreements with the Defendants applied to all subscriptions and redemptions of Shares in the Funds by the Citco Subscribers on behalf of the Defendants, and all Redemption Payments were, upon information and belief, sent by the Citco Banks (upon their receipt from the Funds) to the Defendants' B&C Accounts."  Adv. Pro. No. 10-03635 FAC ¶ 115.  Further, the "B&C Agreements afforded the Citco Banks and the Citco Record Subscribers the power to … 'deposit in the [B&C] Account [at the Citco Banks] all moneys received from or for the account of the [Defendants]'".  Adv. Pro. No. 10-03635 FAC ¶ 118.

8

The Liquidators specifically allege that each Redemption Payment was made to an account with "Citco Global Custody (NA) NV, Netherlands."  Adv. Pro. No. 10-03635 FAC at Exs. A (Redemption Payments received by Citco's Brokerage Customers from Sentry) and B (Redemption Payments from Sigma).[17]  They do this in charts that list every single Redemption Payment at issue, which identify the date of the Redemption Payment, the amount paid, the number of shares redeemed, and the identity and location of the bank account to which each such payment was made.  *Id*.  Here is a sample of entries from these charts, demonstrating the detail with which the Liquidators have alleged that each Redemption Payment was received at bank accounts outside of the United States:

| **Payment Date** | **Redemption Payment** | **No. of Shares** | **Bank Account to which Redemption Payment Was Made** |
|---|---|---|---|
| April 21, 2004 | $325,094.34 | 334.37 | Citco Global Custody (NA) NV, Netherlands |
| April 21, 2004 | $10,937,878.23 | 11249.96 | Citco Global Custody (NA) NV, Netherlands |
| July  16, 2004 | $147.542.37 | 148.21 | Citco Global Custody (NA) NV, Netherlands |

Adv. Pro. No. 10-03635 FAC at Ex. A.  The column on the far right, entitled "Bank Account to which Redemption Payment Was Made" contains the same information for every Redemption Payment at issue:  "Citco Global Custody (NA) NV, *Netherlands*."  *Id*. (emphasis added).  In the exhibits to both FACs, that column reads exactly the same for every Redemption Payment that

---

[17] The Liquidators do not specify at which of the Citco Banks Corner Banca (or any of the other Citco's Brokerage Customers) received Redemption Payments.  Nor do the Liquidators identify from which of the Funds Corner Banca (or the other Citco's Brokerage Customers) received Redemption Payments.

Citco's Brokerage Customers (as an undifferentiated group that includes Corner Banca)

allegedly received.

### D. Specific Allegations About Corner Banca.

The Liquidators fail to make any meaningful Corner Banca-specific allegations. Indeed,

Corner Banca is mentioned by name only three times in this Citco Brokerage Complaint.

Specifically, here is a list of every allegation made by the Liquidators that mentions Corner

Banca:

1. "[U]pon information and belief," the Citco Subscribers "paid all or some portion of such Redemption Payments to or for the account of persons or entities, including, but not limited to," every defendant in the case, including "Corner Banca";

2. "[S]ome or all of the Redemption Payments made to the Citco Subscribers may have been paid" to "Corner Banca"; and

3. Corner Banca "is a corporate entity organized under the laws of Switzerland."

Adv. Pro. No. 10-03635 FAC ¶¶ 15, 58.

The Liquidators plainly make no allegations specifically about Corner Banca that could

possibly support an exercise of personal jurisdiction over it. As explained below, the allegations

that the Liquidators make as to Citco's Brokerage Customers (*i.e.*, all defendants in these cases)

as an undifferentiated group also fail to establish a basis for personal jurisdiction.

## III.  ARGUMENT

The Liquidators bear the burden of establishing that this Court has personal jurisdiction

over Corner Banca. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). To

meet this burden, under New York's long-arm statute, the Liquidators must satisfy two exacting

pleading requirements: (1) Corner Banca must have transacted business within the state; and (2)

the claims asserted must arise from that business activity. *See Zim Integrated Shipping Servs.*

*Ltd. v. Bellwether Design Techs. LLC*, 2020 WL 5503557, at *4 (S.D.N.Y. Sept. 10, 2020)

10

(Broderick, J.) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)).  The

Liquidators also must demonstrate that this Court's exercise of personal jurisdiction over Corner

Banca "would comport with due process."  *Zim Integrated Shipping Servs. Ltd.*, 2020 WL

5503557, at *3 (internal quotations omitted).

      As Judge Bernstein held in the Madoff Trustee litigation with respect to the identical

jurisdictional issue, each transaction involving Redemption Payments is a separate claim.

Accordingly, the Liquidators must establish the Court's jurisdiction over Corner Banca for ***each***

***individual Redemption Payment***, just as the Trustee is required to do.  *BNP Paribas*, 594 B.R. at

190 ("Each transfer is a separate claim, and the Trustee must establish the court's jurisdiction

with respect to each claim asserted.") (internal quotations and citations omitted).  They have

failed to do so here.  Rather, the Liquidators have meticulously alleged that every single

Redemption Payment was paid to an offshore bank; each claim therefore is foreign to the United

States.

      The Liquidators appear to advance two primary bases for personal jurisdiction against

Citco's Brokerage Customers, but both fail.

      *First*, despite having painstakingly explained the structure and details of how the

Redemption Payments were paid to Citco's Brokerage Customers via off-shore bank accounts,

the Liquidators now insert into their Citco Brokerage Complaints the conclusory and

contradictory statement that "some or all of the Redemption Payments were received at, upon

information and belief, designated United States-based bank accounts" as purportedly directed

by Citco's Brokerage Customers.  Adv. Pro. No. 10-03635 FAC ¶ 133.  This solitary,

unsupported "information and belief" assertion (contained in a separate part of the Complaint

from the other generic jurisdictional allegations) is directly contradicted by the specific

allegations in the Complaint.  As explained below, this belated, self-serving, and conclusory allegation cannot support the assertion of jurisdiction.

*Second*, the Liquidators allege generally, in a broad-brush manner without mentioning Corner Banca or any other individual defendant, that Citco's Brokerage Customers "purposely availed themselves of laws of the United States and the State of New York" by investing in the Funds allegedly "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS."  Adv. Pro. No. 10-03635 FAC ¶ 20.  This jurisdictional theory likewise fails, because it is not relevant to the Liquidators' claim for constructive trust. That claim is wholly unrelated to the Funds' investments in, or redemptions from BLMIS—and indeed, the Liquidators seek to recover Redemption Payments from Citco's Brokerage Customers in these proceedings whether or not those payments were funded with redemptions from BLMIS.  As the Liquidators concede, moreover, some of the payments were not funded with redemptions from BLMIS.  The claim for constructive trust turns instead on (1) the Redemption Payments from the Funds that as the Liquidators have affirmatively alleged and argued, took place entirely overseas, and (2) the calculation of those payments by the Liquidators' Dutch fund administrator, Citco Fund Services, that occurred in the Netherlands. This theory also fails because the Funds themselves, not Citco's Brokerage Customers, placed the investment in BLMIS, and a defendant's mere knowledge of a plaintiff's forum contacts is insufficient, under the Supreme Court's decision in *Walden v. Fiore*, to establish personal jurisdiction.  571 U.S. 277, 286 (2014).

12

A.    **The Redemption Accounts Do Not Establish Personal Jurisdiction.**

    1.    The Liquidators Allege that the Redemption Process Did Not Occur in the United States.

As set forth *supra* at Section II.C., the Liquidators' own allegations that the Redemption Payments were paid to accounts outside the United States defeat any assertion of personal jurisdiction over Corner Banca based on the Redemption Payments. *See Neewra, Inc. v. Manakh Al Khaleej Gen. Trading & Contracting Co.*, 2004 WL 1620874, at *5 (S.D.N.Y. July 20, 2004) (holding non-U.S. bank did not engage in any jurisdictionally relevant activities in New York where the non-U.S. bank did not use its U.S. correspondent account to effect any transactions giving rise to plaintiff's claims); *see also Homeschool Buyers Club, Inc. v. Brave Writer, LLC*, 2020 WL 1166053, at *5 (S.D.N.Y. Mar. 11, 2020) (Broderick, J) (holding plaintiff failed to make a *prima facie* showing with respect to section 302(a)(1) because plaintiff did not allege "the existence of a single act directed at New York out of which these claims arise").

The Liquidators' unsupported allegation that "some or all of the Redemption Payments were received at, upon information and belief, designated United States-based bank accounts" as purportedly directed by Citco's Brokerage Customers (Adv. Pro. No. 10-03635 FAC ¶ 133) cannot create a U.S.-jurisdictional nexus for the Redemption Payments, particularly where it is directly contradicted by the Liquidators' far more robust and specific allegations regarding the receipt of the Redemption Payments into Netherlands accounts.

*First*, the Liquidators do not allege any facts to support this single, self-serving, and unsubstantiated allegation. Conclusory allegations like this, based solely on "information and belief," are inadequate as a matter of law. *See Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 226 (2d Cir. 2017) (holding allegations based "upon information and belief" were entirely speculative where the complaint contained no allegations of fact which, if true, would have

13

supported such allegations); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)

(explaining that a "conclusory allegation on information and belief" is insufficient to make a

claim plausible where the complaint's factual allegations do not raise a right to relief above the

speculative level); *Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001)

(finding that a complaint with no specific factual allegations to enable the court to evaluate

information and belief assertions failed to state a claim).

    *Second*, as demonstrated above, the detailed factual allegations in the Citco Brokerage

Complaints flatly ***contradict*** the Liquidators' isolated assertion that the Redemption Payments

were supposedly paid to U.S. bank accounts.  The Liquidators' own allegations and the terms of

the B&C Agreements state just the opposite:  the Redemption Payments occurred, by design,

entirely outside the United States.  *See L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422

(2d Cir. 2011) (holding allegations that are "contradicted by more specific allegations or

documentary evidence—from the Complaint and the exhibits attached thereto" need not be

accepted); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General,

conclusory allegations need not be credited, however, when they are belied by more specific

allegations of the complaint.").

    A comparison with other complaints makes clear that the Liquidators have not and cannot

allege that the Redemption Payments were paid at bank accounts based in the United States.  In

those other complaints, the Liquidators allege specific facts that the Redemption Payments they

seek to reverse were paid to accounts in the United States.  For instance, in *Fairfield Sentry*

*Limited (In Liquidation) et al. v. Banco Santander (Suisse) S.A.*, the Liquidators alleged that

defendants "maintain[ed] bank accounts in the United States at Deutsche Bank Trust Company

Americas in New York, and in fact receiv[ed] Redemption Payments in those United States-

based and/or New York-based accounts."  Adv. Pro. No. 10-03509-CGM, Dkt. No. 52 ¶ 19

(Bankr. S.D.N.Y. Aug. 2, 2019).  The Liquidators further alleged that each Redemption Payment

was made to "Deutsche Bank Trust Company Americas" in "New York."  *Id*. at Ex. A.  The

Liquidators' complaint against Banco Santander (Suisse) S.A. is not an outlier.  The Liquidators

made similar factual allegations in other complaints.  *See* Table 1, attached hereto.

 Without more, such allegations, had they been made, are insufficient to establish

jurisdiction.  Here, however, the Liquidators made no similar allegations regarding the receipt of

Redemption Payments in U.S. bank accounts.  Instead, the Liquidators affirmatively pled that

Redemption Payments were received by Citco's Brokerage Customers exclusively in accounts

that were located ***outside the United States***.

 Finally, the allegation that some of the Redemption Payments may have been received in

U.S.-based accounts was not added until the Liquidators filed their proposed Fourth Amended

Complaints in 2017, nearly a decade into these proceedings.[18]  The first four iterations of the

complaints consistently failed, for obvious reasons, to allege that the Redemption Payments were

paid to U.S. bank accounts.[19]

  2. The Liquidators' Admit that the Redemption Payments were Paid to Non-U.S. Accounts.

 The Liquidators recently confirmed that the Redemption Payments were entirely outside

of the United States in their opening appellate brief to the District Court challenging certain of

Judge Bernstein's holdings in *Fairfield I*, *Fairfield II*, and *Fairfield III*.  The Liquidators

---

[18] *See* Adv. Pro. No. 10-03496, Dkt. No. 1337, Exs. E and F (proposed Fourth Amended Complaints, filed March 31, 2017).

[19] *See* Adv. Pro. No. 10-03635, Dkt. Nos. 8 (Complaint, filed September 21, 2010), 67 (First Amended Complaint, filed January 10, 2011), 86 (Second Amended Complaint, filed May 3, 2011), and 121 (Third Amended Complaint, filed July 20, 2012).

affirmatively represented to the District Court that all Redemption Payments to Citco's

Brokerage Customers (including Corner Banca) occurred outside the United States:

> ***The redemption transfers at issue here were purely foreign***.  The
> Citco Administrator (a foreign entity) managed the share register
> and processed the redemption requests abroad, and the Funds (also
> foreign entities) transferred redemption payments to Defendants
> (also chiefly foreign entities).  [*E*]*very relevant component of the
> transactions at issue here occurred outside the territorial
> jurisdiction of the United States*.

Liquidators' Appeal at 24 (emphasis added).  There can be no doubt that the Redemption

Payments occurred completely outside the United States.

### B.    The Alleged Foreseeability of the Funds' Investment in BLMIS Does Not Establish Personal Jurisdiction Over Corner Banca.

The Liquidators allege that Citco's Brokerage Customers "purposely availed themselves

of the laws of the United States and the State of New York" by investing in the Funds allegedly

"knowing and intending that the Funds would invest substantially all of that money in New

York-based BLMIS."  Adv. Pro. No. 10-03635 FAC ¶ 20.  But that allegation is jurisdictionally

irrelevant for two reasons.

*First*, the non-party-specific allegation that Citco's Brokerage Customers allegedly knew

that their investments in the Funds would be comingled with other investments and the net

surplus of those investments would ultimately be invested in BLMIS does not give rise to this

litigation and thus does not support jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A.

v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is

not an appropriate consideration when determining whether a defendant has sufficient contacts

with a forum State to justify an assertion of jurisdiction."); *SPV Osus Ltd. v. UBS AG*, 882 F.3d

333, 344 (2d Cir. 2018) (substantial connection "depends on the relationship among the

defendant, the forum, and the litigation").  The Liquidators' claim is not predicated on whether

the funds they seek to *recover* were ever placed with or controlled by BLMIS.  Nor does the
Liquidators' claim focus on the decision to *invest* with the Funds as the basis for either liability
or jurisdiction.  *See Fairfield I*, 2018 WL 3756343, at * 4-12 (finding subscription agreements
irrelevant to claim because not based on subscription).  The Liquidators' claim for constructive
trust relates to and arises out of the calculation of the NAV by the Funds' Dutch administrator,
Citco Fund Services, and the foreign Funds' subsequent alleged disbursement of the Redemption
Payments abroad on the basis of those calculations from their Irish bank accounts to bank
accounts in the Netherlands.  *See* Adv. Pro. No. 10-03635 FAC ¶¶ 137, 162, 196.  The Citco
Subscribers, on behalf of Citco's Brokerage Customers, made their requests for the Redemption
Payments by tendering shares to Citco Fund Services in the Netherlands, *see Migani* ¶¶ 14-16;
and, in turn, the Redemption Payments were funded from the Funds' bank accounts held at Citco
Bank in Ireland, *see Fairfield III*, 2020 WL 7345988 at *7 (finding all transfers paid by Citco
Bank).  As the Liquidators themselves maintain, every element of the transaction is "purely
foreign."  Liquidators' Appeal at 24.

    *Second*, knowledge that the Funds would invest some of their own money with BLMIS in
New York is insufficient as a matter of law to support jurisdiction over Citco's Brokerage
Customers.  The Supreme Court has "consistently rejected attempts to satisfy the defendant-
focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third-
parties) and the forum State."  *Walden*, 571 U.S. at 284.  In *Walden*, a Nevada-based plaintiff
sued a Georgia police officer in Nevada court for an unlawful seizure of money in a Georgia
airport.  *Id*. at 288.  The police officer knew that the plaintiff had connections to Nevada and that
the seizure would delay return of plaintiff's property to Nevada, but the Supreme Court
nonetheless held it unconstitutional to exercise personal jurisdiction over the police officer in

17

Nevada.  *Id*. at 289.  As the Supreme Court explained, the foreseeability of a plaintiff's

connection to the forum is irrelevant to whether there is jurisdiction over the defendant because it

"impermissibly allows a plaintiff's contacts with the defendant and forum to drive the

jurisdictional analysis."  *Id*.  Instead, "[t]he substantial connection … between the defendant and

the forum State necessary for a finding of minimum contacts must come about by *an action of

the defendant purposefully directed toward the forum State*."  *Asahi Metal Indus. Co., Ltd. v.

Superior Court*, 480 U.S. 102, 112 (1987) (quotation omitted) (emphasis in original).  Even if

true, the Liquidators' allegation that Citco's Brokerage Customers knew that the Funds would

invest with BLMIS does not satisfy *Walden*, and is insufficient to haul Corner Banca into a New

York court.

Moreover, the Liquidators' allegations establish that this factual scenario is not even true.

Indeed, the Liquidators do not allege that Corner Banca contracted or invested directly with

BLMIS.  Rather, the Liquidators allege that in order to invest in the Funds (***not*** BLMIS), Corner

Banca (and the other Citco's Brokerage Customers) had to contract with the Citco Subscribers.

*See* Adv. Pro. No. 10-03635 FAC ¶¶ 8, 106.  Furthermore, while some of the money invested in

the Funds was transferred to BLMIS, and some of the Redemption Payments may have been

funded by transfers from BLMIS, that was not universally or even typically the case.  As the

Liquidators allege, the Funds netted subscriptions against redemptions, and accordingly, often

funded Redemption Payments with money that came from other subscriptions.  Thus, that money

was never placed with BLMIS in New York at all.  *See* Adv. Pro. No. 10-03635 FAC ¶ 130

(alleging that subscription money was used to pay redemptions as a "shortcut").  The law does

not support the Liquidators' expansive view that an investment company can sue its investors in

any jurisdiction where that investment company itself decides to make investments.

18

C.    **The Exercise of Personal Jurisdiction over Corner Banca Would Not Comport with Due Process.**

The Court's exercise of jurisdiction must be reasonable under the circumstances for it to be consistent with due process. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("The Due Process Clause … gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurances as to where that conduct will and will not render them liable to suit.") (citation omitted).

As demonstrated above, Citco's Brokerage Customers had no contacts whatsoever with the United States related to the Liquidators' remaining claim to impose a constructive trust on the Redemption Payments. Accordingly, the exercise of personal jurisdiction over Citco's Brokerage Customers, including Corner Banca, would not comport with due process. *See Walden*, 571 U.S. at 286 ("Due Process requires that a defendant be haled into court in a forum state based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.") (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

IV.    **CONCLUSION**

For the foregoing reasons, the Liquidators' Citco Brokerage Proceedings should be dismissed with prejudice under Rule 12(b)(2) for failure to allege personal jurisdiction over Corner Banca.

Dated:  October 29, 2021
         New York, New York

Respectfully submitted,

**WILMER CUTLER PICKERING
HALE AND DORR LLP**


/s/ George W. Shuster, Jr.
George W. Shuster, Jr.
george.shuster@wilmerhale.com
Benjamin W. Loveland
benjamin.loveland@wilmerhale.com
Lauren R. Lifland
lauren.lifland@wilmerhale.com

7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7518

*Counsel to Corner Banca SA*

**Table 1**

| No. | Action | Allegations | |
|---|---|---|---|
| 1 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.*, 10-ap-03496-CGM (Bankr. S.D.N.Y.) | "… and maintaining bank accounts in the United States at Citibank NA, and in fact receiving Redemption Payments in those United States-based and/or New York-based accounts." Dkt. No. 1463-1 at ¶ 19. | Identifying "Citibank NA, New York" as the "Bank Account to Which Redemption Payment Was Made, Per Shareholder Direction." *Id*. at Ex. A. |
| 2 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Sudameris, et al.*, 10-ap-03749-CGM (Bankr. S.D.N.Y.) | "… maintaining bank accounts in the United States at Intesa BCI and Banca Intesa SpA, and in fact receiving Redemption Payments in those United States-based accounts." Dkt. No. 16 at ¶ 20. | Identifying "Intesa BCI New York, New York" as the "Bank Account to Which Redemption Payment Was Made, Per Shareholder Direction." *Id*. at Ex. A. |
| 3 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Eur.), et al.*, 10-ap-03505-CGM (Bankr. S.D.N.Y.) | "… and maintaining bank accounts in the United States at Bank of new York and Wachovia Bank NA and in fact receiving Redemption Payments in those United States-based and/or New York-based accounts. Banque Privee and the Beneficial Shareholders selected U.S. dollars as the currency in which to invest and execute their transactions in Sentry, designated United States-based and/or New York-based bank accounts to receive their Redemption Payments from the Funds, and actively directed Redemption payments at issue in this action into those bank accounts." Dkt. No. 82 at ¶ 19. | Identifying "Wachovia Bank NA, New York, NY" as the "Bank Account to Which Redemption Payment Was Made, Per Shareholder Direction." *Id*. at Ex. A. |

1

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on this 29th day of October 2021, a true and correct copy of the

foregoing *Corner Banca SA's Memorandum of Law in Support of its Motion to Dismiss for Lack*

*of Personal Jurisdiction* was served upon all counsel of record using the Court's CM/ECF

system.

/s/ George W. Shuster, Jr.
George W. Shuster, Jr.