**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LTD., *et al.*, | Case No. 10-13164 (CGM) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), *et al.*, | Adv. Pro. No. 10-03496 (CGM) |
| Plaintiffs, | Administratively Consolidated |
| v. | |
| THEODOOR GGC AMSTERDAM, *et al.*, | |
| Defendants. | |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), *et al.*, | Adv. Pro. No. 10-03635 (CGM) |
| Plaintiffs, | |
| v. | |
| ABN AMRO SCHWEIZ AG, *et al.*, | |
| Defendants. | |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), *et al.*, | Adv. Pro. No. 10-03636 (CGM) |
| Plaintiffs, | |
| v. | |
| ABN AMRO SCHWEIZ AG, *et al.*, | |
| Defendants. | |

**FALCON PRIVATE BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

4857-8496-0257.v2

## TABLE OF CONTENTS

Page

I.  PRELIMINARY STATEMENT ................................................................................. 1

II.  BACKGROUND ..................................................................................................... 4

  A.  The Liquidators' Proceedings. ........................................................................... 4

  B.  Allegations Regarding the Redemption Payments. ........................................... 6

  C.  Allegations Regarding the Citco Platform. ....................................................... 7

  D.  Specific Allegations about Falcon .................................................................... 9

III.  ARGUMENT ......................................................................................................... 9

  A.  The Redemption Accounts Do Not Establish Personal Jurisdiction. ................ 10

  B.  The Alleged Foreseeability of the Funds' Investment in BLMIS Does Not Establish Personal Jurisdiction Over Falcon. .................................................................. 12

  C.  The Exercise of Personal Jurisdiction over Falcon Would Be Unreasonable. ... 14

IV.  CONCLUSION ..................................................................................................... 17

4857-8496-0257.v2

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010)..................................................................................11

*Asahi Metal Indus. Co., Ltd. v. Superior Court*,
    480 U.S. 102 (1987)....................................................................................14, 15

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2d Cir. 2007)..................................................................................10

*Charles Schwab Corp. v. Bank of Am. Corp.*,
    883 F.3d 68 (2d Cir. 2018)....................................................................................9

*In re CIL Limited*,
    582 B.R. 46 (Bankr. S.D.N.Y. 2018)..................................................................14

*Ehrenfeld v. Bin Mahfouz*,
    9 N.Y.3d 501 (2007)..............................................................................................10

*El Ajou v. Dollar Land Holdings Ltd.*
    [1994] 2 All E.R. 685, 700)..................................................................................6

*Fairfield Sentry Limited (In Liquidation) et al. v. Banco Santander (Suisse) S.A.*,
    Adv. Pro. No. 10-03509-CGM, Dkt. No. 52 ¶ 19 (Bankr. S.D.N.Y. Aug. 2,
    2019)......................................................................................................................12

*Fairfield Sentry Limited (In Liquidation) et al. v. Citco Global Custody N.V. et
    al.*,
    Adv. Pro. No. 19-01122-CGM, Dkt. No. 19 ¶¶ 35-37.)..........................................7, 8

*In re Fairfield Sentry Ltd.*,
    2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018)..................................1, 2, 5, 13

*In re Fairfield Sentry Ltd.*,
    458 B.R. 665 (Bankr. S.D.N.Y. 2011)..................................................................15

*In re Fairfield Sentry Ltd.*,
    596 B.R. 275 (Bankr. S.D.N.Y. 2018)..................................................................5

*In re Fairfield Sentry Ltd.*,
    No. 10-13164 (SMB), 2021 WL 771677 (Bankr. S.D.N.Y. Feb. 23, 2021)..............6

4857-8496-0257.v2

*Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Eur.), et al.*,
10-ap-03505-CGM (Bankr. S.D.N.Y.) ...................................................................18

*Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Sudameris, et al.*,
10-ap-03749-CGM (Bankr. S.D.N.Y.) ...................................................................18

*Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.*,
10-ap-03496-CGM (Bankr. S.D.N.Y.) ...................................................................18

*Fairfield Sentry Ltd. (In Liquidation), et al., v. Theodoor GGC Amsterdam, et al.*,
No. Adv. Pro. No. 10-03496, ECF No. 799-2 (July 19, 2012) ...............................15

*Fairfield Sentry Ltd. (in Liquidation) v. Migani*
[2014] UKPC 9 ......................................................................................................1, 5

*Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*,
141 S. Ct. 1017 (2021) ...........................................................................................16

*Hirsch v. Arthur Andersen & Co.*,
72 F.3d 1085 (2d Cir. 1995) ...................................................................................11

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419, 422 (2d Cir. 2011) ...........................................................................11

*Langenberg v. Sofair*,
2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006) ..........................................................9

*Pyskaty v. Wide World of Cars, LLC*,
856 F.3d 216 (2d Cir. 2017) ...................................................................................11

*Rose v. Goldman, Sachs & Co.*,
163 F. Supp. 2d 238 (S.D.N.Y. 2001) .....................................................................11

*Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*,
277 F. Supp. 3d 521 (S.D.N.Y. 2017) .......................................................................9

*SPV Osus Ltd. v. UBS AG*,
882 F.3d 333 (2d Cir. 2018) ...................................................................................12

*Sunward Electronics, Inc. v. McDonald*,
362 F.3d 17 (2d Cir. 2004) .......................................................................................9

*In re Terrorist Attacks on September 11, 2001*,
714 F.3d 659 (2d Cir. 2013) ...................................................................................10

*Walden v. Fiore*,
571 U.S. 277 (2014) ....................................................................................3, 10, 13, 14

iii

*Weiss v. Barc, Inc.*,
    No. 12 CV 7571 TPG, 2013 WL 2355509 (S.D.N.Y. May 29, 2013) ...................................11

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)...............................................................................................................14

<u>Statutes and Codes</u>

New York Civil Practice Law & Rules
    Section 302................................................................................................................10
    Section 302(a)(1) ......................................................................................................10

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure
    Rule 12(b)(2)...........................................................................................1, 2, 11, 16

4857-8496-0257.v2

Defendant Falcon Private Bank ("Falcon"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss, with prejudice, the Fifth Amended Complaints of the Liquidators of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma") in *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-03635 (Bankr. S.D.N.Y.) (the "10-03635 FAC"), and the Liquidators of Sentry, Sigma, and Fairfield Lambda Limited ("Lambda" and together with Sentry and Sigma, the "Funds") in *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y.) (the "10-03636 FAC" and such actions, the "Citco Brokerage Proceedings") under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

## I.    PRELIMINARY STATEMENT

The Liquidators' sole remaining claim is for constructive trust under British Virgin Islands ("BVI") law.  The Liquidators have not sufficiently pled that the Court has personal jurisdiction over Falcon or the other defendants in these actions (the "Citco Brokerage Customers") with respect to that claim.  To the contrary, according to the Liquidators' own allegations, every relevant aspect of their constructive trust claim, which is brought under BVI law, is based on jurisdictional facts outside of the United States:

- Falcon is a "corporate entity organized under the laws of Switzerland" and "has [ ] its registered address" in "Zurich Switzerland."  (*See* 10-03635 FAC ¶ 67; 10-03636 FAC ¶ 72.)  Falcon is not alleged to, and does not, conduct any business in the United States.

- The Funds are BVI hedge funds that are now in liquidation in the BVI.  (*See* 10-03635 FAC ¶¶ 26-28; 10-03636 FAC ¶¶ 26-29.)

- As a pre-condition to investing in the Funds, the Citco Brokerage Customers, including Falcon, were required to enter into Brokerage and Custody Agreements ("B&C Agreements") with foreign entities associated with Citco Group Limited ("Citco").  (*See* 10-03635 FAC ¶¶ 8, 106; 10-03636 FAC ¶¶ 8, 106.)

1

- Pursuant to the B&C Agreements, Falcon (and the other Citco Brokerage Customers) received redemption payments in bank accounts in the Netherlands or other accounts outside the United States that were sent by the foreign Citco entities. (*See* 10-03635 FAC ¶ 134, Exhs. A-B; 10-03636 FAC ¶ 142, Exhs. A-C.)

- The amount of the redemption payments was based on the relevant Fund's Net Asset Value ("NAV"), which was calculated by the Funds' Dutch administrator, Citco Fund Services (Europe) B.V. ("Citco Fund Services") and its Canadian delegate Citco (Canada) Inc. (*See* 10-03635 FAC ¶ 137; 10-03636 FAC ¶ 145.)

- Citco Fund Services is located in the Netherlands. (*See* 10-03635 FAC ¶ 81; 10-03636 FAC ¶ 87.)

This litigation was only filed in this Court due to a mistake of law made by the Liquidators more than a decade ago. As this Court found, the Liquidators incorrectly construed the subscription agreement for the purchase of shares in the Funds as containing a New York forum selection clause for their claim against Falcon and the other Citco Brokerage Customers. (10-03635 FAC ¶¶ 21-24; 10-03636 FAC ¶¶ 21-24.) The forum selection clause applies only to causes of action "with respect to [the subscription agreement] and the Fund," (*see id.*) and as this Court held, the subscription agreement is "irrelevant to actions to recover the inflated redemption payments." *See In re Fairfield Sentry Ltd.*, 2018 WL 3756343, at *12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*") ("[T]he Defendants' consent to the Subscription Agreement does not constitute consent to personal jurisdiction in the U.S. Redeemer Actions.").

The remaining bases for personal jurisdiction alleged in the complaints do not withstand even the most basic scrutiny. The Liquidators allege, "upon information and belief" that "some or all of the Redemption Payments were received" in "designated United States-based bank accounts," but that conclusory allegation is squarely contradicted by the complaints' non-conclusory allegations. (10-03635 FAC ¶ 133; 10-03636 FAC ¶ 141.) Indeed, in the very next paragraph, the Liquidators allege that every single redemption payment made to Falcon and the

2

other Citco Brokerage Customers went to one or more accounts in the Netherlands, not the United States.  (10-03635 FAC ¶ 134, Exhs. A-B; 10-03636 FAC ¶ 142, Exhs. A-C.)  This sets the Citco Brokerage Proceedings apart from the other remaining actions initiated by the Liquidators, which contain specific allegations that the redemption payments at issue in those actions were made to bank accounts in the United States or that they went through U.S. correspondent bank accounts.  The complaints in the Citco Brokerage Actions are completely devoid of such allegations.

The Liquidators also allege that Falcon and the other defendants are subject to personal jurisdiction in the United States because they supposedly knew that the Funds were directly or indirectly investing the Funds' own money with Bernard L. Madoff Investment Securities LLC ("BLMIS").  But this allegation is not relevant to the Liquidators' actual BVI constructive trust claim, which turns on the redemption payments from the Funds and allegations of Citco Fund Services' bad faith calculation of those payments in the Netherlands.  (10-03635 FAC ¶¶ 7, 16; 10-03636 FAC ¶¶ 7, 16.)  The Liquidators' claim is not about, and does not arise out of, any investment with BLMIS.  Even if the Funds' investments with BLMIS were relevant, however, those investments, which were not made by Falcon, are not the sort of minimum contacts that would support personal jurisdiction over Falcon.  As the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014), establishes, the defendants' knowledge of the *plaintiffs'* contacts with the forum—that is, the Funds' contacts with BLMIS—are insufficient to establish personal jurisdiction.

Finally, even if the complaints pled a *prima facie* basis to assert personal jurisdiction over Falcon (which they do not), the exercise of jurisdiction would be unreasonable under the circumstances and for that reason impermissible.  Most of the relevant evidence is overseas in

3

the BVI, the Netherlands, or Switzerland. The United States has little to no interest in adjudicating this foreign law claim between foreign parties for the recovery of purely foreign payments. The federal court system only has subject matter jurisdiction over the case because the claim is related to an ancillary Chapter 15 case that effectively serves no purpose other than to establish such jurisdiction. Even the Liquidators' do not have a strong interest in litigating in the United States. They give no reason why the United States is more reasonable than their home jurisdiction of the BVI or Falcon's home jurisdiction of Switzerland. Finally, the burden on Falcon to litigating in New York is significant. It is likely that all of the witnesses and evidence in this action are overseas and Falcon, a Swiss bank, has obligations under foreign secrecy and privacy law. Discovery in these actions may potentially expose Falcon to civil and criminal penalties in Switzerland.

For these reasons, Falcon should be dismissed for lack of personal jurisdiction.

## II.    **BACKGROUND**

### A.    **The Liquidators' Proceedings.**

These cases are ancillary to the foreign liquidation of the Funds in the BVI. (10-03635 FAC ¶ 14; 10-03636 FAC ¶ 14.) Between October 2009 and March 2010, the Liquidators commenced actions in the BVI against several of the Funds' alleged investors seeking restitution, on the theory that the Funds mistakenly made redemption payments prior to and at the time of BLMIS's collapse.[1] Since then, these Liquidators have brought more than 300 actions in the United States against partially overlapping defendants with overlapping theories of liability. The New York actions were stayed pending resolution of the BVI actions, which were poised to present potentially dispositive rulings on claims in the BVI and New York actions.

---

[1] *See* Declaration of William Hare in Support of Motion for Leave to Amend ¶ 15 (Adv. Pro No. 10-03635 Dkt. 145; Adv. Pro. No. 10-03636 Dkt. 164) (the "Hare Decl.").

4

In 2014, the Privy Council, which is the court of last resort for appeals from the BVI, affirmed dismissal of the Liquidators' BVI law claims for restitution based on mistake. Starting in 2016, after receiving that unfavorable decision, the Liquidators discontinued all remaining BVI actions,[2] and began prosecuting the New York actions under a new theory that the payment of the redemptions was not merely mistaken, but the result of bad faith by the Funds' administrator, Citco Fund Services. (10-03635 FAC ¶¶ 7, 16; 10-03636 FAC ¶¶ 7, 16.) Beginning in 2018, this Court issued a series of decisions, rejecting the bulk of the Liquidators' claims and personal jurisdiction arguments, though it did not fully resolve the issue of personal jurisdiction in individual cases. Most relevant here, in August 2018, the Court issued *Fairfield I*, holding that the instant action did not arise with respect to the subscription agreements and that the forum selection clause contained in the subscription agreements accordingly did not apply. *See Fairfield I*, 2018 WL 3756343, at *12 ("[W]hile the Subscription Agreement governs subscriptions and refers to the Articles, the Articles govern redemptions and make no mention of the Subscription Agreement. . . . Accordingly, the Defendants' consent to the Subscription Agreement does not constitute consent to personal jurisdiction . . . .").

The sole remaining claim in the Citco Brokerage Actions is a BVI common law claim to impose a constructive trust. (10-03635 FAC ¶¶ 197-209; 10-03636 FAC ¶¶ 205-216.) "To establish a constructive trust claim under English law, which would apply in the BVI, the plaintiff must show, first, a disposal of his assets in breach of fiduciary duty; second, the beneficial receipt by the defendant of assets which are traceable as representing the assets of the plaintiff; and third, knowledge on the part of the defendant that the assets he received are

---

[2] *See* Hare Decl. ¶ 68. In the BVI courts, the Liquidators unsuccessfully litigated on a "mistaken" payment theory, premised on the Fund's alleged miscalculation of their NAV. The Liquidators lost those claims at all levels of the BVI court system. *See In re Fairfield Sentry Ltd.*, 596 B.R. 275, 295-97 (Bankr. S.D.N.Y. 2018) ("*Fairfield II*") (citing *Fairfield Sentry Ltd. (in Liquidation) v. Migani* [2014] UKPC 9 ("*Migani*") ¶ 23).

4857-8496-0257.v2

traceable to a breach of fiduciary duty." *In re Fairfield Sentry Ltd.*, No. 10-13164 (SMB), 2021 WL 771677, at *3 (Bankr. S.D.N.Y. Feb. 23, 2021) (quoting *El Ajou v. Dollar Land Holdings Ltd.* [1994] 2 All E.R. 685, 700).

### B.    Allegations Regarding the Redemption Payments.

The Liquidators seek to obtain a damages award of approximately $1.76 billion from the Citco Brokerage Customers for redemptions they allegedly made and payments they allegedly received (the "Redemption Payments") outside the United States.  (10-03635 FAC ¶¶ 8, 17; 10-03636 FAC ¶¶ 8, 17.)  The Liquidators do not attribute any of the Redemption Payments listed in the complaints to specific defendants and accordingly do not specify the amount of damages they are seeking from Falcon or any other defendant.  The Liquidators allege that Falcon and the other defendants, through various entities associated with Citco and its affiliates—all foreign entities— invested outside the United States in the Funds, which channeled most private investments into managed accounts with BLMIS.  (10-03635 FAC ¶ 2; 10-03636 FAC ¶ 2.)

In Adv. Pro. No. 10-03635, the Liquidators allege that between April 20, 2004, and November 19, 2008, following the receipt of notices of redemption, Sentry and Sigma made Redemption Payments to accounts held in the name of CGC NA (an affiliate of Citco) aggregating $51,929,665.41.  (10-03635 FAC ¶ 8.)  In Adv. Pro. No. 10-03636, the Liquidators allege that between April 20, 2004, and November 24, 2008, following the receipt of notices of redemption, Sentry, Sigma, and Lambda made Redemption Payments to accounts held in the names of Citco Global Custody NV, Citco Global Custody (NA) NV, Citco Fund Services (BVI), and Citco Fund Services (Europe) BV (together with CGC NA, collectively, the "Citco Record Subscribers") aggregating $1,713,056,327.45.  (10-03636 FAC ¶ 8.)

The Liquidators further allege that the Citco Subscribers (defined below) either retained the Redemption Payments made to them by the Funds for their own accounts or paid all or some

6

portion of such Redemption Payments to the accounts of the Citco Brokerage Customers, including Falcon.  (10-03635 FAC ¶¶ 15, 33-104; 10-03636 FAC ¶ 15, 34-112.)

### C. Allegations Regarding the Citco Platform.

The Liquidators allege that to invest in the Funds, Falcon and the other defendants each entered into a B&C Agreement with a Citco Record Subscriber and Citco Bank Nederland N.V., Citco Bank Nederland N.V. Dublin Branch, or the Citco Banking Corporation N.V. (each a "Citco Bank" and together with the Citco Record Subscribers, the "Citco Subscribers").  (10-03635 FAC ¶¶ 8, 106; 10-03636 FAC ¶ 8, 114.)

The Liquidators further allege that to receive Redemption Payments, Falcon and the other defendants were *required* to maintain bank accounts with the Citco Banks outside of the United States, into which all Redemption Payments were deposited:

> It was under the B&C Agreements that the Citco Subscribers purchased shares in and made redemptions from the Funds for the benefit of Defendants, which are the subject of this action.  Under the B&C Agreements, the ***Defendants were required to maintain bank accounts at the Citco Banks from which and into which 'all moneys received from or for the account of' the Defendants were deposited*** (the "B&C Accounts").

(10-03635 FAC ¶ 106; 10-03636 FAC ¶ 114.)  None of the Citco Banks are U.S. institutions.  In a related proceeding in this Court, the Liquidators allege that they are located in the Netherlands, Dublin, Ireland, and Curacao respectively.  (*See Fairfield Sentry Limited (In Liquidation) et al. v. Citco Global Custody N.V. et al.*, Adv. Pro. No. 19-01122-CGM, Dkt. No. 19 ¶¶ 35-37.)  The Liquidators also allege that, pursuant to the B&C Agreements, the Citco Banks had the sole authority to effect brokerage transactions on behalf of Falcon and the other defendants and deposit Redemption Payments in their accounts at the Citco Banks.  (10-03635 FAC ¶¶ 108, 115, 118; 10-03636 FAC ¶¶ 116, 123, 126.)  Thus, by the Liquidators' own allegations, all of the Redemption Payments at issue in these actions were made by foreign banks to offshore accounts.

4857-8496-0257.v2

The Liquidators are very specific about this: they allege that each Redemption Payment was made to an account with "Citco Global Custody (NA) NV, Netherlands." (10-03635 FAC at Exhs. A (Redemption Payments received by the Citco Brokerage Customers from Sentry) and B (Redemption Payments from Sigma); 10-03636 FAC at Exhs. A (Redemption Payments from Sentry), B (Redemption Payments from Sigma), and C (Redemption Payments from Lambda).) They list every single Redemption Payment at issue, the date of the Redemption Payment, the amount paid, the number of shares redeemed, and the identity and location of the bank account to which each such payment was made. *Id*. The "Bank Account to which Redemption Payment Was Made" column contains the same information for every Redemption Payment: "Citco Global Custody (NA) NV, **Netherlands**." *Id*. (emphasis added). A sample of entries from these charts, demonstrating the detail with which the Liquidators have alleged that each Redemption Payment was received at bank accounts outside of the United States, follows:

| Payment Date | Redemption Payment | No. of Shares | Bank Account to which Redemption Payment Was Made |
| --- | --- | --- | --- |
| April 21, 2004 | $325,094.34 | 334.37 | Citco Global Custody (NA) NV, Netherlands |
| April 21, 2004 | $10,937,878.23 | 11249.96 | Citco Global Custody (NA) NV, Netherlands |
| July 26, 2004 | $147.542.37 | 148.21 | Citco Global Custody (NA) NV, Netherlands |

The last column of the exhibits to both complaints reads exactly the same for every redemption payment that the Citco Brokerage Customers (as an undifferentiated group that includes Falcon) allegedly received.

8

### D.    Specific Allegations about Falcon

The Liquidators' complaints do not include any allegations regarding Falcon specifically that could possibly amount to a *prima facie* showing that jurisdiction exists.  Falcon is mentioned by name only three times in the Liquidators' complaints.  The complaints allege that (a) "upon information and belief," the Citco Subscribers "paid all or some portion of such Redemption Payments to or for the account of persons or entities, including but not limited to," every defendant named in the Citco Brokerage Proceedings, including "Falcon"; (b) "some or all of the Redemption Payments made to the Citco Subscribers may have been paid" to "Falcon"; and (c) Falcon "is a corporate entity organized under the laws of Switzerland and has its registered address" in "Zurich, Switzerland."  (10-03635 FAC ¶¶ 15, 67; 10-03636 FAC ¶¶ 15, 72.)  None of these allegations of fact, if taken as true, are sufficient to establish that Falcon is subject to jurisdiction in the United States.

## III.    ARGUMENT

To defeat a motion to dismiss for lack of personal jurisdiction, "a plaintiff must make a prima facie showing that jurisdiction exists" under the New York long arm statute and establish that "the exercise of personal jurisdiction comports with due process."  *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018) (internal quotation marks omitted).  That showing "entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant."  *See id.* (citations omitted).  The Liquidators must make this showing with respect to "*each defendant*," *Langenberg v. Sofair*, 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006) (emphasis in original), and "*each* claim asserted."  *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 586 (S.D.N.Y. 2017) (quoting *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004)) (emphasis in original).

9

4857-8496-0257.v2

The Liquidators assert that jurisdiction is proper under section 302 of the New York CPLR. "To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether th[e] cause of action arises from such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quotations and alteration omitted). In construing section 302(a)(1)'s "transacts business" language, "'[t]he overriding criterion' necessary to establish a transaction of business is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York.'" *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007).

To demonstrate that exercising jurisdiction over a foreign defendant comports with due process, the Liquidators must assert that (1) their claims arise out of the Defendants' sufficient "minimum contacts with the relevant forum," and (2) "the exercise of jurisdiction is reasonable in the circumstances." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks omitted). The minimum contacts inquiry "focuses on the relationship among the defendant, the forum, and the litigation," a relationship that "must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotations omitted) (emphasis in original). The Liquidators have failed to plead meet either of these pleading burdens here.

### A.    The Redemption Accounts Do Not Establish Personal Jurisdiction.

The Liquidators' isolated allegation that "some or all of the Redemption Payments were received at, upon information and belief, designated United States-based bank accounts" as purportedly directed by the Citco Brokerage Customers (10-03635 FAC ¶ 133; 10-03636 FAC ¶ 141) does not establish a *prima facie* basis for asserting jurisdiction over Falcon or the other Citco Brokerage Customers.

4857-8496-0257.v2

The complaints offer nothing to support this single, unsubstantiated allegation. Conclusory allegations based solely on "information and belief" are insufficient to make a *prima facie* showing of personal jurisdiction. *See Weiss v. Barc, Inc.*, No. 12 CV 7571 TPG, 2013 WL 2355509, at *1 (S.D.N.Y. May 29, 2013) ("While the court presumes the truth of plaintiff's allegations for the purposes of the [Rule 12(b)(2)] motion to dismiss, mere conclusory allegations are insufficient to support a prima facie showing of personal jurisdiction."); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 226 (2d Cir. 2017) (holding allegations based "upon information and belief" were entirely speculative where the complaint contained no allegations of fact which, if true, would have supported such allegations); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (explaining that a "conclusory allegation on information and belief" is insufficient to make a claim plausible where the complaint's factual allegations do not raise a right to relief above the speculative level); *Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001) (finding that a complaint with no specific factual allegations to enable the court to evaluate information and belief assertions failed to state a claim).

Moreover, the Liquidators' conclusory allegation regarding the use of U.S.-based accounts is flatly contradicted by the complaints' non-conclusory allegations, which detail how the Redemption Payments were made to offshore accounts in the Netherlands. The conclusory allegation should accordingly be disregarded. *See L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir. 2011) (holding allegations that are "contradicted by more specific allegations or documentary evidence—from the Complaint and the exhibits attached thereto" need not be accepted); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1995) ("General, conclusory allegations need not be credited, however, when they are belied by more specific allegations of the complaint.").

11

Of course, the Liquidators understand the detail that is required to properly plead a jurisdictional fact arising from the use of U.S. bank accounts, as evidenced by the specific allegations set forth in many of the other remaining actions initiated by the Liquidators.  For instance, in *Fairfield Sentry Limited (In Liquidation) et al. v. Banco Santander (Suisse) S.A.*, the Liquidators alleged that defendants "maintain[ed] bank accounts in the United States at Deutsche Bank Trust Company Americas in New York, and in fact receiv[ed] Redemption Payments in those United States-based and/or New York-based accounts."  Adv. Pro. No. 10-03509-CGM, Dkt. No. 52 ¶ 19 (Bankr. S.D.N.Y. Aug. 2, 2019).  The Liquidators make similar factual allegations in many other complaints (*see* Table 1, attached hereto), but the complaints in the Citco Brokerage Actions are completely devoid of these details.

The complaints' allegations regarding the accounts in which the Redemption Payments were received are accordingly insufficient to establish a *prima facie* case of personal jurisdiction over Falcon or the other Citco Brokerage Customers.

### B.    The Alleged Foreseeability of the Funds' Investment in BLMIS Does Not Establish Personal Jurisdiction Over Falcon.

The Liquidators allege that the Citco Brokerage Customers "purposely availed themselves of the laws of the United States and the State of New York" by investing money in the Funds while "knowing and intending that the Funds would invest substantially all of that money in New York-based BLMIS."  (10-03635 FAC ¶ 20; 10-03636 FAC ¶ 20.)  That allegation is insufficient to establish jurisdiction over Falcon or the other Citco Brokerage Customers for several reasons.

The alleged fact that Falcon knew that *subscription payments* into the Funds may have been invested by the Funds with BLMIS is not what gives rise to this litigation and accordingly does not support specific personal jurisdiction.  *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333,

4857-8496-0257.v2

344 (2d Cir. 2018) ("Where the defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state only if the plaintiff's injury was proximately caused by those contacts."). The Liquidators' claim is not predicated on whether or not the funds they seek to *recover* were ever placed with or controlled by BLMIS. Nor does the Liquidators' claim focus on the decision to *invest* with the Funds as the basis for either liability or jurisdiction. *See Fairfield I*, 2018 WL 3756343, at *17-27 (finding subscription agreements irrelevant to claim because not based on subscription). The Liquidators' claim for constructive trust relates to and arises out of the calculation of the NAV by the Funds' Dutch administrator, Citco Fund Services, and the foreign Funds' subsequent alleged disbursement of the Redemption Payments abroad on the basis of those calculations. (*See* 10-03635 FAC ¶¶ 137, 162, 196; 10-03636 FAC ¶¶ 145, 170, 204.)

Falcon's alleged knowledge that the Funds would invest money they raised in the BVI with BLMIS in New York is also insufficient to support jurisdiction because it is not a jurisdictional contact between Falcon and New York. The Supreme Court has "consistently rejected attempts to satisfy this defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third-parties) and the forum State." *Walden*, 571 U.S. at 284. In *Walden*, a Nevada-based plaintiff sued a Georgia police officer in Nevada court for an unlawful seizure of money in a Georgia airport. *Id*. at 288. The police officer knew that the plaintiff had connections to Nevada and that the seizure would delay return of plaintiff's property to Nevada, but the Supreme Court nonetheless held it unconstitutional to exercise personal jurisdiction over the police officer in Nevada. *Id*. at 289. As the Supreme Court explained, the foreseeability of the plaintiff's connection to the forum is irrelevant to whether there is jurisdiction over the defendant because it "impermissibly allows a plaintiff's contacts with the

4857-8496-0257.v2

defendant and forum to drive the jurisdictional analysis." *Id*. Instead, "[t]he substantial connection . . . between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*." *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987) (quotation omitted) (emphasis in original).

Even if true, the assertion that Falcon knew the Funds would invest with BLMIS falls far short even of the facts of *Walden*, and under the circumstances of this case it makes good sense that such an allegation is insufficient to haul Falcon into court. While some of the money invested in the Funds was transferred to BLMIS, and some of the redemption payments may have been funded by transfers from BLMIS, that was not universally or even typically the case: As the Liquidators allege, the Funds netted subscriptions against redemptions, and accordingly, often funded redemption payments with money that came from new investments. Thus, that money was never placed with BLMIS in New York at all. (*See* 10-03635 FAC ¶ 130; 10-03636 FAC ¶ 138 (alleging that subscription money was used to pay redemptions as a "shortcut").) The law does not support the Liquidators' expansive view that an investment company can sue its investors in any jurisdiction where that investment company itself decides to make investments.

**C.    The Exercise of Personal Jurisdiction over Falcon Would Be Unreasonable.**

In addition to failing to satisfy the long-arm provisions of the CPLR, the complaints here also fail to comport with due process. The Court's exercise of jurisdiction must be reasonable under the circumstances for it to be consistent with due process. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also In re CIL Limited*, 582 B.R. 46, 79 (Bankr. S.D.N.Y. 2018) ("the weaker the plaintiff's showing on minimum contacts, the less a defendant needs to show in terms of unreasonableness to defeat jurisdiction."). In evaluating the reasonableness of exercising personal jurisdiction, "[a] court must consider the burden on

14

defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi*, 480 U.S. at 113.

Defending the Liquidators' claim before this Court would impose substantial burdens on Falcon. Falcon is a Swiss bank, and discovery of documents about these redemption payments in the United States would potentially expose Falcon to civil and criminal liability. *See* Bench Ruling Granting in Part and Denying in Part the Foreign Representatives Mot. Seeking Limited Relief, *Fairfield Sentry Ltd., (In Liquidation), et al., v. Theodoor GGC Amsterdam, et al.*, No. Adv. Pro. No. 10-03496, ECF No. 799-2 (July 19, 2012) ("The various respondents have described . . . the strong and undeniable interest of many nations in enforcing their banking secrecy laws. Thus, yielding to the Foreign Representative's Disclosure Request implicates the significant bank customer confidentiality laws of no fewer than 30 countries . . . . As such, this Court is hard-pressed to find any compelling United States' interest in mandating discovery here at this juncture of the pending litigation.").

The United States' interest in adjudicating this dispute is minimal. The dispute is between foreign parties arising under foreign law pursuant to a foreign contract for the return of cash sent between two foreign countries in a purely foreign transaction. The case was only brought before this Court because the Liquidators mistakenly believed that Falcon had consented to jurisdiction – a position now rejected by the Court. Had the Liquidators not filed a petition for Chapter 15 recognition, there would be no subject matter jurisdiction in federal court over this claim. *See In re Fairfield Sentry Ltd.*, 458 B.R. 665, 682 (S.D.N.Y. 2011) (Preska, J.) ("Here, there are no assets in the United States. The Plaintiffs' actions seek assets, so their location is relevant. Plaintiffs do not seek discovery or stays of proceedings in the United States. Thus, *the ancillary character of the Chapter 15 cases here is at a low ebb*—it is certainly not within the

4857-8496-0257.v2

core jurisdiction of the bankruptcy court to aid the BVI courts in these cases because there are no assets sought in the United States.").

Finally, the Liquidators have not demonstrated that it is more reasonable for them to litigate their claims against Falcon in New York rather than in the BVI, where the Funds are at home and where a court is administrating its main bankruptcy proceeding, or in Switzerland, where Falcon is at home and where Swiss courts could address the privacy and bank secrecy interests. Indeed, the Liquidators initially chose the BVI as the preferable forum to pursue related claims. Only upon losing at the highest level in the BVI court system did the Liquidators then discontinue their suits in that forum and continue them here under new legal theories in what they hoped would be a more advantageous forum. *See Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1031 (2021) (noting that jurisdiction had been found improper where "the plaintiffs were engaged in forum-shopping").

The Liquidators' conduct demonstrates a lack of interest in obtaining convenient and effective relief and undercuts any claim that the assertion of personal jurisdiction over Falcon in this Court would be reasonable.

16

## IV.    **CONCLUSION**

For the foregoing reasons, the Liquidators' complaints should be dismissed with prejudice under Rule 12(b)(2) for failure to allege personal jurisdiction over Falcon.

Dated: November 5, 2021                              PILLSBURY WINTHROP SHAW
New York, NY                                              PITTMAN LLP

                                         By:   /s/ Eric Fishman

                                              Eric Fishman
                                              Andrew Troop
                                              Rahman Connelly
                                              31 West 52nd Street
                                              New York, NY 10019
                                              (212) 858-1000 (phone)
                                              (212) 858-1500 (fax)
                                              eric.fishman@pillsburylaw.com
                                              andrew.troop@pillsburylaw.com
                                              rahman.connelly@pillsburylaw.com

                                              *Counsel for Falcon Private Bank*

17

**Table 1**

| No. | Action | Allegations | |
|-----|--------|-------------|---|
| 1 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.*, 10-ap-03496-CGM (Bankr. S.D.N.Y.) | "… and maintaining bank accounts in the United States at Citibank NA, and in fact receiving Redemption Payments in those United States-based and/or New York-based accounts." Dkt. No. 1463-1 at ¶ 19. | Identifying "Citibank NA, New York" as the "Bank Account to Which Redemption Payment Was Made, Per Shareholder Direction." *Id.* at Ex. A. |
| 2 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Sudameris, et al.*, 10-ap-03749-CGM (Bankr. S.D.N.Y.) | "… maintaining bank accounts in the United States at Intesa BCI and Banca Intesa SpA, and in fact receiving Redemption Payments in those United States-based accounts." Dkt. No. 16 at ¶ 20. | Identifying "Intesa BCI New York, New York" as the "Bank Account to Which Redemption Payment Was Made, Per Shareholder Direction." *Id.* at Ex. A. |
| 3 | *Fairfield Sentry Ltd. (In Liquidation), et al. v. Banque Privee Edmond De Rothschild (Eur.), et al.*, 10-ap-03505-CGM (Bankr. S.D.N.Y.) | "… and maintaining bank accounts in the United States at Bank of New York and Wachovia Bank NA and in fact receiving Redemption Payments in those United States-based and/or New York-based accounts. Banque Privee and the Beneficial Shareholders selected U.S. dollars as the currency in which to invest and execute their transactions in Sentry, designated United States-based and/or New York-based bank accounts to receive their Redemption Payments from the Funds, and actively directed Redemption payments at issue in this action into those bank accounts." Dkt. No. 82 at ¶ 19. | Identifying "Wachovia Bank NA, New York, NY" as the "Bank Account to Which Redemption Payment Was Made, Per Shareholder Direction." *Id.* at Ex. A. |

4857-8496-0257.v2