UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>       Debtor in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>       Defendants. | Adv. Pro. No. 10-03496 (CGM)<br><br>Administratively Consolidated |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>       Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>       Defendants. | Adv. Pro. No. 10-03636 (CGM) |

**MEMORANDUM OF LAW IN SUPPORT OF THE LIQUIDATORS'
MOTION TO EXTEND DEADLINES FOR PERSONAL JURISDICTION BRIEFING
AND SUBSEQUENT DISCOVERY**

Date: January 5, 2022

SELENDY & GAY PLLC

David Elsberg
Maria Ginzburg
David S. Flugman
Joshua S. Margolin
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000

-and-

BROWN RUDNICK LLP

David J. Molton
Marek P. Krzyzowski
Seven Times Square
New York, NY 10036
Telephone: 212-209-4800

*Attorneys for the Plaintiffs Foreign Representatives*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT ..............................................................................................................................5

CONCLUSION ...........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Furry Puppet Studio Inc. v. Fall Out Boy*,
   2020 WL 4970808 (S.D.N.Y. Feb. 24, 2020) .................................................................. 6, 9

*In re Residential Capital, LLC*,
   524 B.R. 563 (S.D.N.Y. Bankr. 2015) ............................................................................... 5

*Kassner v. 2nd Avenue Delicatessen, Inc.*,
   496 F.3d 229 (2d Cir. 2007) ............................................................................................... 6

*Parker v. Columbia Pictures Industries*,
   204 F.3d 326 (2d Cir. 2000) ............................................................................................... 6

*Sokol Holdings, Inc. v. BMD Munai, Inc.*,
   2009 WL 2524611, (S.D.N.Y. Aug. 14, 2009) ................................................................... 6

**Rules**

Federal Rule of Bankruptcy Procedure 7016(a) ............................................................................ 1

Federal Rule of Civil Procedure 16(b) ............................................................................... 1, 4, 5, 9

Kenneth M. Krys and Greig Mitchell (the "<u>Liquidators</u>"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("<u>Sentry</u>"), Fairfield Sigma Limited (In Liquidation) ("<u>Sigma</u>"), and Fairfield Lambda Limited (In Liquidation) ("<u>Lambda</u>" and, together with Sentry and Sigma, the "<u>Funds</u>") in the adversary proceedings captioned above (the "<u>U.S. Redeemer Actions</u>"), respectfully seek an Order pursuant to Federal Rule of Civil Procedure 16(b), as made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7016(a), substantially in the form as that annexed hereto as <u>Exhibit A</u> (the "<u>Order</u>"), extending all case deadlines by four months on account of the limited personal jurisdiction-related productions the Liquidators have received thus far from defendants moving to dismiss on the basis of purported lack of personal jurisdiction (the "<u>PJ-MTD Defendants</u>").

**PRELIMINARY STATEMENT**

The Liquidators respectfully move this Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, applicable in this Court pursuant to Federal Rule of Bankruptcy Procedure 7016(a), for an extension of existing case deadlines by four months. On September 28, 2021, this Court set a schedule for briefing on the PJ-MTD Defendants' 66 separate Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction (the "<u>PJ Motions</u>"). Under that schedule, the PJ-MTD Defendants filed opening briefs on October 29, 2021, and the Liquidators are to file oppositions by March 15, 2022, followed by the PJ-MTD Defendants' replies and oral argument. Dkt. 3900.[1] In setting this schedule, the Court recognized the critical importance of the Court and the Liquidators having the benefit of discovery to conduct the personal jurisdiction analysis. Sept. 15, 2021 Hr'g Tr. 9:19-20 (Dkt. 3882) (stating the Liquidators "[have] got to have discovery to get

---

[1] Unless otherwise noted, docket citations refer to the consolidated adversary proceeding docket, *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.*, No. 10-ap-03496 (CGM) (Bankr. S.D.N.Y.).

personal jurisdiction"); Oct. 28, 2021 Hr'g Tr. 69:14-16 (Dkt. 168) *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) S.A., et al.*, No. 10-ap-03633 (CGM) (Bankr. S.D.N.Y.) (stating that if the Court is "going to rule on jurisdiction, [it] needs discovery," and further, that the Court "need[s] [the Liquidators] to have it" as well). Starting on August 5, 2021, the Court repeatedly directed that discovery should go forward in accordance with the Federal Rules.[2] The Liquidators promptly served discovery requests on a rolling basis from August 17, 2021 to September 27, 2021. In parallel, the Court also entered the parties' Rule 26(f) Discovery Reports between August 30, 2021 and October 27, 2021 in each of the U.S. Redeemer Actions setting various deadlines.[3]

---

[2] *See, e.g.*, Aug. 5, 2021 Order (Dkt. 165 at 7), *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Secs. Servs. (Lux.) SA, et al.*, No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y.) ("Notwithstanding any prior orders of the Court … the Redeemer Actions … shall henceforth proceed in accordance with the Federal Rules of Civil Procedure …."); Sept. 15, 2021 Hr'g Tr. at 9:19-21 (Dkt. 3882) (stating the Liquidators would need discovery on personal jurisdiction issues to oppose defendants' motions to dismiss); Sept. 28, 2021 Order (Dkt. 3900 at 8) (directing the parties to "proceed with discovery according to the Federal Rules of Civil Procedure"); Oct. 28, 2021 Hr'g Tr. 75:25-76:3 (Dkt. 168) *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) S.A., et al.*, No. 10-ap-03633 (CGM) (Bankr. S.D.N.Y.) ("The court orders the defendant[s] to participate in discovery on … personal jurisdiction. The plaintiffs may request any discovery that they believe [is] permitted under the federal rules."); Nov. 4, 2021 Order (Dkt. 211 at 2), *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Secs. Servs. (Lux.) SA, et al.*, No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y.) (directing the parties to "participate in discovery in accordance with the Federal Rules of Civil Procedure").

[3] *See* Oct. 25, 2021 Report and Scheduling Order (Dkt. 107), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A., et al.*, No. 10-ap-03626 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 164), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Secs. Servs. Lux., et al.*, No. 10-ap-03627 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 101), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.*, No. 10-ap-04098 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 121), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank & Trust Cayman Ltd., et al.*, No. 10-ap-04099 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 103), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Secs. Nominees Ltd., et al.*, No. 11-ap-01579 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 96), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana, et al.*, No. 12-ap-01551 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and

2

Despite this Court's orders, certain PJ-MTD Defendants initially resisted engaging in discovery; however, after this Court's intervention resolved some of those issues,[4] the parties have, on the whole, been working productively to negotiate the PJ-MTD Defendants' production of personal jurisdiction discovery. A small number of PJ-MTD Defendants—namely, HSBC Private Bank Suisse S.A. and HSBC Securities Services (Luxembourg) S.A.—recently have put forward production proposals that employ redaction or anonymization methodologies to obviate their foreign law objections. But discussions and negotiations concerning these production proposals are still in their early stages, and the time spent litigating over the PJ-MTD Defendants' resistance

---

Scheduling Order (Dkt. 100), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank, SA/NV, et al.*, No. 11-ap-01617 (CGM) (Bankr. S.D.N.Y.); Oct. 19, 2021 Report and Scheduling Order (Dkt. 133), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citibank NA London, et al.*, No. 10-ap-03622 (CGM) (Bankr. S.D.N.Y.); Oct. 19, 2021 Report and Scheduling Order (Dkt. 101), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citigroup Global Mkts. Ltd., et al.*, No. 11-ap-02770 (Dkt. CGM) (Bankr. S.D.N.Y.); Aug. 30, 2021 Report and Scheduling Order (Dkt. 169), *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Secs. Servs. (Lux.) S.A., et al.*, No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y.); Oct. 19, 2021 Report and Scheduling Order (Dkt. 185), *id.*; Aug. 30, 2021 Report and Scheduling Order (Dkt. 145), *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) S.A., et al.*, No. 10-ap-03633 (CGM) (Bankr. S.D.N.Y.); Oct. 27, 2021 Report and Scheduling Order (Dkt. 113), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Int'l, et al.*, No. 11-ap-01463 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 147), *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS AG N.Y., et al.*, No. 10-ap-03780 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 125), *Fairfield Sentry Ltd. (In Liquidation), et al. v. UBS Europe SE, Lux. Branch*, No. 11-ap-01250 (CGM) (Bankr. S.D.N.Y.); Oct. 27, 2021 Report and Scheduling Order (Dkt. 339), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Zurich Capital Mkts. Co., et al.*, No. 10-ap-03634 (CGM) (Bankr. S.D.N.Y.); Oct. 13, 2021 Report and Scheduling Order (Dkt. 50), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Citco Global Custody NV, et al.*, No. 19-ap-01122 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 666), *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, No. 10-ap-03635 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 726), *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, No. 10-ap-03636 (CGM) (Bankr. S.D.N.Y.).

[4] Specifically, during the October 28, 2021 conference, the Court overruled the blanket "Sequencing Objections" of two of the PJ-MTD Defendants (HSBC Securities Services (Luxembourg) S.A. and HSBC Private Bank (Suisse) S.A.) who refused to produce discovery until after the personal jurisdiction motions were decided as a matter of law, and during the December 15, 2021 conference, the Court ordered one PJ-MTD Defendant (Merrill Lynch International) to serve detailed foreign law objections by December 29, 2021.

to discovery directly reduced the time the Liquidators otherwise would have had to review and incorporate PJ-MTD Defendants' personal jurisdiction discovery (which the Liquidators largely still do not have) into their PJ Motion oppositions.

As of today, the Liquidators have received a total of 19 documents from only two of the 75 PJ-MTD Defendants: HSBC Private Bank Suisse S.A. and HSBC Securities Services (Luxembourg) S.A. And only six PJ-MTD Defendants (HSBC Private Bank Suisse S.A., HSBC Securities Services (Luxembourg) S.A., Fairfield Investment Fund Ltd., Fairfield Investment GCI, FIF Advanced, Ltd., and Private Space Ltd.) so far have agreed to try to complete production of documents relevant to personal jurisdiction by a date certain—January 31, 2022. As the production of nearly all the discovery required to oppose the PJ Motions is still some time away, it will not be feasible for the Liquidators to obtain and review the materials, work through any further discovery disagreements, and prepare 66 distinct oppositions by March 15, 2022, as required under the operative schedule.

Accordingly, the Liquidators respectfully move this Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure for an extension of the PJ Motion deadlines and concomitant deadlines contained in the parties' Rule 26(f) Discovery Reports by four months. The Liquidators proposed this extension to defendants on December 17, 2021. As discussed further below, some of the defendants recently responded and have said they would agree subject to a more significant extension of their time to submit a reply brief. The Liquidators have presented a counter proposal and are in the process of ongoing discussions in an attempt to reach agreement on this aspect of the schedule. The Liquidators intend to submit a revised proposed scheduling order if they can reach agreement with the PJ-MTD Defendants before the January 19, 2022 hearing.

4

In sum, the Liquidators respectfully submit that good cause exists for modifying the existing schedules and respectfully request that the Court enter the attached proposed order.

## ARGUMENT

The Liquidators seek a modification of both the Court's scheduling order directing briefing on personal jurisdiction, Dkt. 3900, as well as the deadlines contained in the parties' Rule 26(f) Discovery Reports. *See supra* n.3. Parties may seek a modification of an existing scheduling order "for good cause and with the judge's consent" under Federal Rule of Civil Procedure 16(b). *See In re Residential Cap., LLC*, 524 B.R. 563, 580 (S.D.N.Y. Bankr. 2015) ("[O]nce a scheduling order has been entered in an action … Rule 16(b) governs …."). The Liquidators have good cause to seek those modifications. The PJ-MTD Defendants have yet to produce the discovery responsive to the requests served on them months ago, which is necessary for the Liquidators to prepare 66 briefs in opposition to the PJ Motions. As a result, it is not feasible for the Liquidators to obtain and review discovery from the PJ-MTD Defendants, and prepare the 66 opposition briefs, within the current deadlines. And any change to the personal jurisdiction briefing schedule would also necessitate a concomitant extension to other case deadlines. For example, the substantial completion date for all of merits discovery—a deadline the parties anticipated following the completion of personal jurisdiction briefing—if left as-is, would precede the motion to dismiss briefing in certain cases.[5] "A finding of 'good cause' [under Rule 16(b)] depends on the diligence

---

[5] *See, e.g.*, Oct. 25, 2021 Report and Scheduling Order (Dkt. 107), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP Paribas S.A., et al.*, No. 10-ap-03626 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 164), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Secs. Servs. Lux., et al.*, No. 10-ap-03627 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 101), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Arbitrage SNC, et al.*, No. 10-ap-04098 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 121), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Private Bank & Trust Cayman Ltd., et al.*, No. 10-ap-04099 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 103), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP*

5

of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *accord Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) ("[T]he primary consideration [for determining good cause] is whether the moving party can demonstrate diligence."). "'[G]ood cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020). "In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMD Munai, Inc.*, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009).

Since serving discovery requests in August and September, the Liquidators have consistently sought to move personal jurisdiction discovery forward in keeping with the Court's repeated direction. To that end, the Liquidators have held at least 23 meetings with counsel for the PJ-MTD Defendants in the 18 U.S. Redeemer Actions. In those meetings, and in related correspondence with the PJ-MTD Defendants, the Liquidators have diligently explained the

---

*Paribas Secs. Nominees Ltd., et al.*, No. 11-ap-01579 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 96), *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Espana, et al.*, No. 12-ap-01551 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 100), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank, SA/NV, et al.*, No. 11-ap-01617 (CGM) (Bankr. S.D.N.Y.); Aug. 30, 2021 Report and Scheduling Order (Dkt. 169), *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Secs. Servs. (Lux.) S.A., et al.*, No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y.); Oct. 19, 2021 Report and Scheduling Order (Dkt. 185), *id.*; Aug. 30, 2021 Report and Scheduling Order (Dkt. 145), *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Private Bank (Suisse) S.A., et al.*, No. 10-ap-03633 (CGM) (Bankr. S.D.N.Y.); Oct. 13, 2021 Report and Scheduling Order (Dkt. 50), *Fairfield Sentry Ltd. (In Liquidation). et al. v. Citco Global Custody NV, et al.*, No. 19-ap-01122 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 666), *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, No. 10-ap-03635 (CGM) (Bankr. S.D.N.Y.); Oct. 25, 2021 Report and Scheduling Order (Dkt. 726), *Fairfield Sentry Ltd. (In Liquidation), et al. v. ABN AMRO Schweiz AG, et al.*, No. 10-ap-03636 (CGM) (Bankr. S.D.N.Y.).

contours of their discovery requests and their relevance to personal jurisdiction. *See, e.g.*, Exhibit B (written correspondence between the Liquidators and BNP defendants about the Liquidators' discovery requests). The Liquidators have also agreed (without waiving any rights) to prioritize discovery related to personal jurisdiction. *See, e.g.*, *id.* at 2 n.1. In addition, as the Court is aware, the Liquidators have repeatedly sought this Court's intervention when the PJ-MTD Defendants have resisted discovery in contravention of this Court's direction.[6]

However, to date, the Liquidators have received only 19 documents from two of the 75 PJ-MTD Defendants—specifically, from HSBC Private Bank (Suisse) S.A. and HSBC Securities Services (Luxembourg) S.A. The parties are at various stages of their negotiations, and only six Defendants have undertaken to try to substantially complete document productions regarding personal jurisdiction by a date certain, January 31, 2022.[7] The Liquidators' review of Defendants' documents will be resource- and time-intensive. Given the large number of PJ-MTD Defendants at issue (75), the large number of redemptions at issue (1,942), and the fact that the timeframe relevant to the personal jurisdiction inquiry covers many years, the Liquidators expect to receive a large volume of documents. The review will be further complicated as the PJ-MTD Defendants are likely to anonymize or redact certain personal information. While the PJ-MTD Defendants

---

[6] For example, the Liquidators moved to compel in October 2021 when certain PJ-MTD Defendants refused to participate in discovery despite the Court's orders to do so, *see, e.g.*, Oct. 13, 2021 Mot. to Compel (Dkt. 181), *Fairfield Sentry Ltd. (In Liquidation), et al. v. HSBC Secs. Servs. (Lux.) S.A., et al.*, No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y.), and they requested to move to compel another PJ-MTD Defendant in December 2021 to provide the requisite specificity in its responses and objections to enable the Liquidators to assess whether a substantive motion to compel was required, *see* Dec. 10, 2021 Ltr. re Discovery Dispute (Dkt. 123), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Merrill Lynch Int'l, et al.*, No. 11-ap-01463 (CGM) (Bankr. S.D.N.Y.).

[7] Specifically, PJ-MTD Defendants HSBC Private Bank Suisse S.A., HSBC Securities Services (Luxembourg) S.A., Fairfield Investment Fund Ltd., Fairfield Investment GCI, FIF Advanced, Ltd., and Private Space Ltd. have agreed to try to complete productions by January 31, 2022.

have not yet revealed how many personal jurisdiction-related documents they will produce, based on discussions to date, the Liquidators' best current estimate is that the review will take about two to three months. Thus, assuming the PJ-MTD Defendants produce their documents by mid-February, review could be complete by mid-May.

In addition to reviewing the documents, the Liquidators must also draft opposition briefs based on this review. With a total of 66 opposition briefs to draft, if the Liquidators drafted and finalized one opposition brief per week, it would take almost two months to complete drafting. That cannot be done by March 15, 2022. Under the Liquidators' proposed schedule extending discovery by four months, if the PJ-MTD Defendants produce their personal jurisdiction documents by mid-February (which, to date, only six PJ-MTD Defendants, *supra* n.7, have committed to do), the Liquidators should be able to prepare the 66 oppositions by mid-July.

Such an extension in no way prejudices the PJ-MTD Defendants. In fact, in response to the Liquidators' December 17, 2021 outreach asking for consent to this extension, the majority of defendants (including PJ-MTD Defendants and non-moving defendants alike) have conditionally consented. Some have conditioned consent on receiving 60 days to reply rather than the two weeks allowed in the current schedule; some have conditioned consent on receiving 60 days to reply <u>and</u> on the parties agreeing to discuss adjustments to the schedule following the district court's decision on the pending interlocutory appeal;[8] and some have more vaguely conditioned consent on receiving some extension for their reply briefs. At the time of filing, the Liquidators have yet to receive responses from over 20 defendants. No defendants have articulated any reason why the extension would cause them any harm. As the Liquidators advised defendants, they file this

---

[8] *HSBC Private Bank (Suisse) S.A. v. Fairfield Sentry Ltd. (In Liquidation), et al.*, No. 21-cv-10334 (LAP) (S.D.N.Y.); *HSBC Securities Services (Lux.) S.A. v. Fairfield Sentry Ltd. (In Liquidation), et al.*, No. 21-cv-10316 (LAP) (S.D.N.Y.).

8

motion now to ensure the issue is heard and resolved at the upcoming January 19, 2022 conference, and because various defendants have yet to consent, conditionally or otherwise, to the extension request. But the Liquidators intend to continue to negotiate with defendants in good faith and, to the extent the parties are able to reach agreement on an appropriate scheduling modification ahead of the January 19, 2022 conference, will supplement this filing with a proposed joint order.

Because the Liquidators have been "generally diligent, the need for more time was neither foreseeable nor [their] fault, and [the] refus[al] to grant the continuance would create a substantial risk of unfairness to [the Liquidators]," *Furry Puppet Studio*, 2020 WL 4978080, at *1, the Liquidators have demonstrated "good cause" under Rule 16(b) for a modification of the PJ Motion briefing schedule and other deadlines contained in the parties' Rule 26(f) Discovery Reports in each U.S. Redeemer Action. That modification will avoid any immediate prejudice to the Liquidators and will cause no prejudice to PJ-MTD Defendants.

## **CONCLUSION**

For the foregoing reasons, the Liquidators respectfully request that the Court extend by four months the applicable personal jurisdiction briefing deadlines and the deadlines contained in the parties' Rule 26(f) Discovery Reports.

| | | |
|---|---|---|
| Dated: | New York, NY<br>January 5, 2022 | Respectfully submitted,<br><br>SELENDY & GAY PLLC |
| | By: | /s/ *David Elsberg*<br>SELENDY & GAY PLLC<br><br>David Elsberg<br>Maria Ginzburg<br>David S. Flugman<br>Joshua S. Margolin<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: 212-390-9000<br>delsberg@selendygay.com<br>mginzburg@selendygay.com<br>dflugman@selendygay.com<br>jmargolin@selendygay.com<br><br>-and-<br><br>BROWN RUDNICK LLP<br><br>David J. Molton<br>Marek P. Krzyzowski<br>Seven Times Square<br>New York, NY 10036<br>Telephone: 212-209-4800<br>dmolton@brownrudnick.com<br>mkrzyzowski@brownrudnick.com<br><br>*Attorneys for the Plaintiffs-Foreign Representatives* |