# Exhibit B

Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000

Joshua Margolin
Partner
212 390 9022
jmargolin@selendygay.com



November 18, 2021

<u>Via E-mail</u>

Lisa M. Schweitzer
Ari D. MacKinnon
Thomas S. Kessler
Kimberly Black
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
lschweitzer@cgsh.com
amackinnon@cgsh.com
tkessler@cgsh.com
kblack@cgsh.com

Re:  *Fairfield Sentry Ltd. (In Liquidation), et al. v. BGL BNP
     Paribas S.A., et al.* **No. 10-ap-03626;**
     *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas
     Secs. Servs. Lux., et al.*, **No. 10-ap-03627;**
     *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas
     Arbitrage SNC, et al.*, **No. 10-ap-04098;**
     *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas
     Private Bank & Trust Cayman Ltd., et al.*, **No. 10-ap-04099;**
     *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas Secs.
     Nominees Ltd., et al.*, **No. 11-ap-01579;**
     *Fairfield Sentry Ltd. (In Liquidation), et al. v. Fortis Bank,
     SA/NV n/k/a BNP Paribas Fortis, et al.*, **No. 11-ap-01617;**
     *Fairfield Sentry Ltd. (In Liquidation), et al. v. BNP Paribas
     España, et al.*, **No. 12-ap-01551**

Counsel:

        Thank you for speaking with us last Friday, November 12, 2021 (the
"<u>Meet-and-Confer</u>"), concerning the Liquidators' First Request For Production
Of Documents ("<u>RFPs</u>") and First Set of Interrogatories ("<u>Interrogatories</u>" and,

Lisa M. Schweitzer
November 18, 2021

together with the RFPs, the "Discovery Requests") served on your clients BGL
BNP Paribas S.A. (f/k/a BNP Paribas Luxembourg SA); BNP Paribas
Securities Services Luxembourg; BNP Paribas Arbitrage SNC; BNP Paribas
Private Bank & Trust Cayman Limited; BNP Paribas Securities Nominees
Limited (a/k/a Harrier Holdings Limited); BNP Paribas S.A. f/k/a BNP Paribas
España (f/k/a Fortis Bank (España)); and Fortis Bank SA/NV n/k/a BNP
Paribas Fortis (collectively the "BNP Defendants" and each a "BNP
Defendant"). We write to memorialize material aspects of the Meet-and-
Confer. If you disagree with any of our descriptions of the conversation, please
let us know right away.

The Liquidators were disappointed that, although the BNP Defendants
have been in possession of the Discovery Requests since August 18, 2021 and
served responses and objections to the Discovery Requests on November 4,
2021, no BNP Defendant was prepared with a proposal as to which personal
jurisdiction-related documents and information it is willing to produce; to the
contrary, all were unable to articulate with specificity which documents they
will agree to produce and which they will not, along with the basis for any such
refusal, as required by Federal Rules of Civil Procedure 33 and 34 (made
applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7033
and 7034). As you are aware, the Liquidators have a March 15, 2022 deadline
to oppose your clients' Rule 12(b)(2) motions to dismiss, and the Court has
made clear that the Liquidators are entitled to pursue discovery in aid of their
opposition to those motions. The BNP Defendants must make clear which
jurisdictional documents otherwise responsive to each Discovery Request they
are withholding and the specific basis for doing so, so that the Liquidators can
determine the legitimacy of any such refusals and seek appropriate relief from
the Court, if necessary. *See* Oct. 28, 2021 Hr'g Tr. 74: 1-20 (reminding
Defendants that, under the Federal Rules, they must state objections with
specificity and identify which documents are being withheld or risk losing
those objections).[1]

In light of the tight schedule for personal jurisdiction briefing, we ask
that you respond this letter by stating your positions on each Discovery
Request no later than **Tuesday, November 23, 2021**. To help facilitate that

---

[1] While the Liquidators are pursuing only jurisdictional discovery at this time, they reiterate
that merits discovery is open; the Liquidators reserve the right to seek non-jurisdictional
discovery in accordance with the Federal Rules of Civil Procedure. *See, e.g.*, Sept. 28, 2021
Order (Dkt. 3900 ¶ 11), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC
Amsterdam, et al.*, Adv. Pro. No. 10-ap-03496 (CGM) (Bankr. S.D.N.Y.) ("The parties are to
proceed with discovery according to the Federal Rules of Civil Procedure."); Nov. 4, 2021 Order
(Dkt. 211 ¶ 3), *Fairfield Sentry Ltd. (In Liquidation) et al. v. HSBC Securities Services
(Luxembourg) SA, et al.*, Adv. Pro. No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y.) ("The Parties
shall participate in discovery in accordance with the Federal Rules of Civil Procedure.").

Lisa M. Schweitzer
November 18, 2021

process, we include in Section II below a non-exhaustive list of documents and
information we seek in response to each Discovery Request during this initial
personal jurisdiction phase of discovery. Section II also reiterates which of the
several jurisdictional legal theories the Liquidators enumerated at the outset
of the Meet-and-Confer to which each Discovery Request relates. We continue
to reserve all rights to amend or add to those theories.

## I.    BNP Defendants' General Objections

The parties discussed during the Meet-and-Confer certain of the BNP
Defendants' general objections.

### A.    Personal Jurisdiction and Comity

During the Meet-and-Confer, you represented that the BNP Defendants
are ***not*** withholding any documents or information solely on the basis that the
Court has not yet determined whether it has personal jurisdiction or on the
basis that the Court has not yet conducted a comity analysis. On the latter,
you acknowledged that a defendant who asserts the applicability of a foreign
law bears the burden of identifying a conflict between the foreign law and U.S.
law before the Court must undertake a comity analysis.

### B.    Foreign Law

The Court has made clear that, to the extent a defendant relies on the
law of a foreign jurisdiction to withhold information otherwise responsive to a
discovery request, that defendant bears the burden to articulate with
specificity the provision of foreign law that prevents such production. *See* Oct.
28, 2021 Hr'g Tr. 74:1-25, 75:1-24.

Although the BNP Defendants received the Liquidators' Discovery
Requests on August 18, 2021, and served responses and objections on
November 4, 2021 (78 days later), and despite the guidance issued by the Court
in the interim on October 28, 2021 that defendants must object with specificity
and affirmatively raise any foreign law they claim applies, Oct. 28, 2021 Hr'g
Tr 74:1-25, 75:1-24, the BNP Defendants to date have failed to (i) state whether
they are, in fact, relying on foreign law as a basis for withholding documents,
(ii) identify the specific provision(s) on which they are relying, and (iii) identify
which documents or even categories of documents or information otherwise
responsive to each Discovery Request they are withholding. As such, the BNP
Defendants have not complied with Rules 33 or 34 and the Court's clear
instructions.

Specifically, in their Responses and Objections, each BNP Defendant
interposed a general objection to producing documents on the basis that certain

Lisa M. Schweitzer
November 18, 2021

foreign laws ***might*** prohibit such production.[2]   But none of the BNP Defendants stated with specificity the provisions of foreign law on which they actually were relying.   Nor did any of the BNP Defendants state whether or the extent to which they would withhold otherwise responsive documents based on those objections.

And when the Liquidators, at the Meet-and-Confer, asked the BNP Defendants about the specific foreign laws they have raised, the BNP Defendants were unprepared to articulate the specific foreign law provisions on which they are relying to object, or to take a position on which documents or categories of documents they would search for and produce, and which they would withhold on the basis of their foreign law objections and for which jurisdictions.

---

[2] BGL BNP Paribas S.A., 10-ap-03626, identified as potentially applicable Article 41 of the Luxembourg Law of April 5, 1993 on the Financial Sector, as amended and Article 458 of the Luxembourg Penal Code.  Nov. 4, 2021 BGL BNP Paribas S.A. Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj. No. 9.

BNP Paribas Secs. Servs. Lux., 10-ap-03627, identified as potentially applicable Article 41 of the Luxembourg Law of April 5, 1993 on the Financial Sector, as amended and Article 458 of the Luxembourg Penal Code.  Nov. 4, 2021 BNP Paribas Secs. Servs. Lux. Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj. No. 9.

BNP Paribas Arbitrage SNC, 10-ap-04098, identified as potentially applicable French Law No. 68-678 of 26 July 1968, modified by Law 80-538 of 16 July 1980, Article 1.  Nov. 4, 2021 BNP Paribas Arbitrage SNC Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj. No. 9.

BNP Paribas Private Bank & Trust Cayman Ltd., 10-ap-04099, identified as potentially applicable Cayman Island's Data Protection Act (2021 Revision).  Nov. 4, 2021 BNP Paribas Private Bank & Trust Cayman Ltd. Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj. No. 9.

BNP Paribas Secs. Nominees Ltd., 11-ap-01579, identified as potentially applicable Data Protection (Jersey) Law 2018 and Data Protection Authority (Jersey) Law 2018.  Nov. 4, 2021 BNP Paribas Secs. Nominees Ltd. Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj. No. 9.

Fortis Bank, SA/NV n/k/a BNP Paribas Fortis, 11-ap-01617, identified as potentially applicable Belgium's Data Protection Act of July 30, 2018.  Nov. 4, 2021 Fortis Bank, SA/NV n/k/a BNP Paribas Fortis Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj. No. 9.

BNP Paribas España, 12-ap-01551, identified as potentially applicable Spain's Organic Law 3/2018, of December 5, on the Protection of Personal Data and the Guarantee of Digital Rights. Nov. 4, 2021 BNP Paribas España Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj. No. 9.

Lisa M. Schweitzer
November 18, 2021

The Liquidators are entitled to this information; it is crucial to their ability to determine whether they need to move to compel documents from the BNP Defendants that are being withheld on the basis of foreign law. The BNP Defendants took the position that they would need to first collect and review their documents **before** they can engage in more granular discussions concerning foreign law, but that is inconsistent with the Federal Rules, the Court's guidance, and is untenable in light of the personal jurisdiction briefing schedule. The Liquidators accordingly request that by **Tuesday, November 23, 2021**, the BNP Defendants state in writing, with respect to each Discovery Request, **(i)** which categories of documents each BNP Defendant is withholding; **(ii)** whether each BNP Defendant intends to withhold any documents in part (*i.e.*, you will produce with redactions) or in whole; **(iii)** which specific provisions of the foreign laws each BNP Defendant has cited in its Responses and Objections it is relying on for each category of withheld documents for each BNP Defendant; and **(iv)** whether any BNP Defendant is relying on any other foreign law not specifically enumerated in its Responses and Objections to the Discovery Requests.

We also discussed the BNP Defendants' general objection that the Liquidators must effectuate service of the Discovery Requests under the Hague Evidence Convention. *See, e.g.*, Nov. 4, 2021 BGL BNP Paribas S.A. Responses and Objections to Plaintiffs' First Request for Production of Documents, Gen. Obj 8. You indicated this objection should be understood as a type of foreign law objection—meaning, to the extent any of the BNP Defendants reside in a jurisdiction with a law requiring compliance with Hague Evidence Convention processes, that BNP Defendant will not produce documents in violation of that law. However, once again you were unable to specify which of the BNP Defendants is asserting this objection, and which foreign law or laws substantiate any such objection. The Liquidators therefore ask that by **Tuesday, November 23, 2021**, each BNP Defendant state whether it is refusing to produce documents on the basis that the Liquidators must serve the Discovery Requests through the Hague Evidence Convention and provide the authority for that position (foreign or otherwise). To be clear: the Liquidators' position is that the Federal Rules of Civil Procedure govern here, and that every BNP Defendant is obligated to produce responsive information as is required by those Rules.[3]

---

[3] *See, e.g.*, Sept. 28, 2021 Order (Dkt. 3900 ¶ 11), *Fairfield Sentry Ltd. (In Liquidation), et al. v. Theodoor GGC Amsterdam, et al.*, Adv. Pro. No. 10-ap-03496 (CGM) (Bankr. S.D.N.Y.) ("The parties are to proceed with discovery according to the Federal Rules of Civil Procedure."); Nov. 4, 2021 Order (Dkt. 211 ¶ 3), *Fairfield Sentry Ltd. (In Liquidation) et al. v. HSBC Securities Services (Luxembourg) SA, et al.*, Adv. Pro. No. 10-ap-03630 (CGM) (Bankr. S.D.N.Y.) (same); *Societe Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 535-36, 544 (1987) (describing the Hague Evidence Convention as a "permissive supplement,

Lisa M. Schweitzer
November 18, 2021

### C.    Timeframe and Relevance of Transactions Outside Those Alleged in the Complaint

In their Responses and Objections, each BNP Defendant objected to the Relevant Time Period[4] as, *inter alia*, overbroad, unduly burdensome, and requiring a search for, and disclosure of, information not relevant or proportional to the needs of the case, stating instead they would produce documents or information for a timeframe dependent on the first subscription alleged in the applicable Operative Complaint of the given adversary proceeding.  *See, e.g.*, Nov. 4, 2021 BGL BNP Paribas S.A. Responses and Objections to Plaintiffs' First Request for Production of Documents, Time Per. Objs. 1-2.

During the Meet-and-Confer, the Liquidators proposed narrowing the timeframes to include approximately six months before any given BNP Defendant's first subscription into Sentry, Sigma, or Lambda[5] through December 31, 2008.  The Liquidators' proposal was intended to account for documents predating your clients' initial investments in the Funds that, at minimum, could bear on your clients' knowledge that money invested in the Funds would be invested in BLMIS, which shows they purposefully availed themselves of the privilege of conducting activities within the U.S.[6] You agreed to consider that proposal.  The Liquidators now supplement that proposal by including proposed compromise time periods on a request-by-request basis as stated in Section II below.

---

not a pre-emptive replacement" for the Federal Rules of Civil Procedure and "declin[ing] to hold as a blanket matter that comity requires resort to the Hague Evidence Convention procedures"); *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 435 (E.D.N.Y. 2008) ("[A] party seeking the application of the Hague Convention procedures, rather than the Federal Rules of Civil Procedure, bears the burden of persuasion."); *Bigio v. Coca-Cola Co.*, 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010) ("The party claiming foreign law applies carries both the burden of raising the issue that foreign law may apply in an action and the burden of proving foreign law to enable the district court to apply it in a particular case." (citation omitted)).

[4] For the BNP Defendants in Adversary Proceeding Nos. 10-ap-03626, 10-ap-03627, 10-ap-04098, 10-ap-04099, 11-ap-01579, and 12-ap-01551, the Relevant Time Period is January 1, 1997 to December 31, 2008 unless otherwise stated in the Discovery Requests; For BNP Defendant in Adversary Proceeding 11-ap-01617, the Relevant Time Period is January 1, 1996 to December 31, 2008 unless otherwise stated in the Discovery Requests.

[5] Terms used but not defined herein shall have the same meaning as given in the Plaintiffs' First Request for Production of Documents to the BNP Defendants.

[6] *Secs. Invs. Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 480 B.R. 501, 517 (Bankr. S.D.N.Y. 2012).

Lisa M. Schweitzer
November 18, 2021

Please let us know by **Tuesday, November 23, 2021** whether you will agree to these time periods; if not, please propose the time periods as to which you purport to undertake to search and produce documents and information.

Relatedly, each BNP Defendant also objected in its Responses and Objections to the extent that the Discovery Requests seek documents and information regarding investments and payments other than the investments and payments alleged in the Operative Complaint on the basis that they are not relevant in the actions and disproportionate to the needs of this case. *See, e.g.*, *id.*, Gen. Obj. 5.

The Liquidators maintain that documents and information predating the transactions alleged in the Operative Complaint or relating to investments outside of the Funds are discoverable because they are likely to lead to information relevant to personal jurisdiction. Specifically, early knowledge that an investment in the Funds was tantamount to an investment in BLMIS shows that knowledge existed for the later, at-issue transactions—which is jurisdictional.[7] And due diligence activities into BLMIS that shed light on a defendants' knowledge of BLMIS's fraud, where such activities were directed to the U.S.—even for ***other*** investments—relates to a core element of the Liquidators' claims (knowledge of BLIMS' fraud), thus relevant to jurisdiction.[8] The Liquidators' position for each Discovery Request is reflected in the proposed timeframe and the proposed "scope" in Section II below.

Please let us know by **Tuesday, November 23, 2021** whether you will agree to search for and produce documents and information for the Discovery Requests specifically identified in Section II beyond those relating to the at-issue transactions and investments outside of the Funds.

## II.    **Discovery Requests**

To streamline the parties' negotiations, and to avoid further delay in the BNP Defendants' purported inability to advise what they will and will not produce and on what bases, the Liquidators provide here on a request-by-

---

[7] *Supra* n.6.

[8] *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 84 (2d Cir. 2018) ("It is well established that a defendant can 'purposefully avail itself of a forum by directing its agents or distributors to take action there.'" (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)); *Maranga v. Vira*, 386 F. Supp. 2d 299, 309 (S.D.N.Y. 2005) (due diligence efforts may support jurisdiction if the record sufficiently indicated that those efforts took place in New York or that, in conjunction with those efforts, the defendant "engaged in extended telephonic or other electronic contacts with New York financial and banking institutions"); *Waldman v. Palestine Liberation Org.*, 835 F.3d 317 (2d Cir. 2016) (framing the jurisdictional inquiry around the elements necessary to the plaintiff's claims).

Lisa M. Schweitzer
November 18, 2021

request basis a non-exhaustive list of jurisdictional document and
informational categories they seek through the Discovery Requests (reserving
all rights to pursue merits discovery, *supra* n.1), the revised timeframes for
which they seek them, the example jurisdictional relevance of the Discovery
Requests, and the scope of the Discovery Requests.[9] We note at the outset that
the description of documents that follows is intended to be illustrative and not
limiting in any way. The BNP Defendants should in no way interpret the
Liquidators' willingness to provide this information as any concession or
agreement to limit the scope of what the Liquidators seek in each Discovery
Request.

> A.    **RFPs**

- **Request 1**: For the period January 1, 1990 to December 31, 2008,
  Documents and Communications concerning any decision made by
  You (on Your behalf or on behalf of any other Person) to subscribe
  in Sentry rather than a different Fund, including but not limited to
  Documents and Communications with Beneficial Shareholders
  concerning the differences between the Funds and choice of Fund.

  - **Example relevance to personal jurisdiction**: Intent to
    invest in BLMIS; use of U.S. correspondent accounts.

  - **Exemplary documents**:

    - Private Placement Memoranda for investments in the
      Funds and documents incorporating or referencing
      such memoranda, including correspondence;

    - Internal memoranda, notes, and correspondence
      evaluating a potential or actual investment in the
      Funds;

    - Communications with beneficial owners regarding a
      potential or actual investment in the Funds; and

    - Investment recommendations or approvals, and
      related communications, concerning investment (for a

---

[9] The Discovery Requests as enumerated herein were propounded on BGL BNP Paribas S.A.
(f/k/a BNP Paribas Luxembourg SA); BNP Paribas Securities Services Luxembourg; BNP
Paribas Arbitrage SNC; BNP Paribas Private Bank & Trust Cayman Limited; BNP Paribas
Securities Nominees Limited (a/k/a Harrier Holdings Limited); BNP Paribas S.A. f/k/a BNP
Paribas España (f/k/a Fortis Bank (España)). Fortis Bank SA/NV n/k/a BNP Paribas Fortis
received distinctly enumerated, though materially identical, Discovery Requests.

BNP Defendant itself or any beneficial owner) in the
Funds.

- o **Scope**: Documents and communications pertaining to BNP
  Defendants' investments, including on behalf of beneficial
  owners, in the Funds.

- o **Relevant timeframe**: One year before the relevant BNP
  Defendant's first investment in the Funds, through
  December 31, 2008.

- **Request 2**: For the period January 1, 1990 to December 31, 2008,
  Documents and Communications concerning Your use of U.S.
  correspondent banks to effect subscriptions in and receive
  redemptions from Sentry, including but not limited to those
  exchanged with Beneficial Shareholders concerning use or purpose
  of using U.S. correspondent banks.

  - o **Example relevance to personal jurisdiction**: Use of U.S.
    correspondent accounts.

  - o **Exemplary documents**:

    - ▪ Records showing transfers to and from the BNP
      Defendants' U.S. correspondent bank accounts or the
      U.S. bank accounts of third parties used in connection
      with the subscription or redemption of shares in Sentry;

    - ▪ Communications re: the BNP Defendants' decision to
      use, selection of, use of, or control over, a U.S.
      correspondent bank; and

    - ▪ Documents designating the BNP Defendants'
      correspondent bank(s) for purposes of transfers to
      and/or from Sentry, including Subscription
      Agreements.

  - o **Scope**: Documents and communications pertaining to BNP
    Defendants' investments, including on behalf of beneficial
    owners, in the Funds.

  - o **Relevant timeframe:** Six months before the first
    subscription in the Funds alleged in the Operative Complaint,
    through December 31, 2008.

Lisa M. Schweitzer
November 18, 2021

- **Request 3**: Documents sufficient to show the identity of any recipient of redemptions from the Funds made between January 1, 2004 and December 31, 2008 (including any portion of a redemption payment or proceeds therefrom), including the identity of any Beneficial Shareholder.

    o **Example relevance to personal jurisdiction**: Doing business with U.S.-based beneficial owners.

    o **Exemplary documents**:

        ▪ Documents showing name and/or location of U.S. beneficial owners and redemption transfers received.

    o **Scope**: Documents pertaining to BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

    o **Relevant timeframe:** First subscription alleged in Operative Complaint, through December 31, 2008.

- **Request 4**: Documents sufficient to show any KYC Due Diligence or similar You collected or performed on any Beneficial Shareholder identified in Request No. 3.

    o **Example relevance to personal jurisdiction**: Intent to invest in BLMIS; doing business with U.S.-based Beneficial Owners.

    o **Exemplary documents**:

        ▪ Documents showing the BNP Defendants' intent to invest in BLMIS through the Funds on behalf of any beneficial owner, or any beneficial owners' intent to invest in BLMIS through the Funds; and

        ▪ Documents showing the name and/or location of U.S. beneficial owners.

    o **Scope:** Documents and communications pertaining to BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

Lisa M. Schweitzer
November 18, 2021

- o **Relevant timeframe:** One year before the relevant BNP Defendant's first investment in the Funds on a beneficial shareholder's behalf, through December 31, 2008.

- **Request 5**: All agreements concerning subscription in the Funds dated January 1, 1990 to December 31, 2008 between You and any Person on whose behalf you redeemed shares from the Funds between January 1, 2004 and December 31, 2008.

  - o **Example relevance to personal jurisdiction**: Intent to invest in BLMIS; use of U.S. correspondent accounts.

  - o **Exemplary documents**:

    - Brokerage and custody agreements between the BNP Defendants and any beneficial owner, or any agreements showing the relationship between the BNP Defendants and any beneficial owner.

  - o **Scope:** Documents and communications pertaining to BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

  - o **Relevant timeframe:** Six months before the relevant BNP Defendant's first investment in the Funds on a beneficial shareholder's behalf, through December 31, 2008.

- **Requests 6-7**: The Liquidators are not presently pursuing these Requests but reserve all rights to do so in future.

- **Request 8**: Documents sufficient to show (i) Your organizational structure for each year during the Relevant Time Period, including Your direct and indirect equity owners in any part, and the subsidiaries that You directly or indirectly owned in any portion, and (ii) those of Your affiliates, including the BNP Entities.

  - o **Example relevance to personal jurisdiction**: Intent to invest in BLMIS.

  - o **Exemplary documents**:

    - Organizational charts demonstrating the relationship between the BNP Defendants.

Lisa M. Schweitzer
November 18, 2021

- o **Scope**: Relates to BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

- o **Relevant timeframe:** Time of the relevant BNP Defendant's first investment in the Funds, through December 31, 2008.

- **Request 9**: Documents concerning Your and the BNP Entities' protocols or policies regarding sharing of information among any BNP Entities, including but not limited to those protocols, policies, or reporting structures regarding risk management monitoring and reporting.

  - o **Example relevance to personal jurisdiction**: Intent to invest in BLMIS.

  - o **Exemplary documents:**

    - ▪ Practices, protocols, and policies demonstrating information sharing within the BNP Paribas corporate family.

  - o **Scope**: Relates to BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

  - o **Relevant timeframe:** One year before the relevant BNP Defendant's first investment in the Funds, through December 31, 2008.

- **Request 10**: Documents concerning Your and the BNP Entities' internal compliance rules, guidelines, or risk policies regarding investing with or subscribing through asset managers, including the approval process, mandatory diligence items, and necessary documentation.

  - o **Example relevance to personal jurisdiction:** Intent to invest in BLMIS; due diligence directed to the U.S.

  - o **Exemplary documents**:

    - ▪ Due diligence policies and guidelines, or other documents describing the investment approval process, including investment memoranda, applicable to diligence that would have been performed in connection with investments in the Funds.

Lisa M. Schweitzer
November 18, 2021

      ○ **Scope:** Relates to BNP Defendants' investments, including on behalf of beneficial owners, in the Funds, BLMIS, or any BLMIS feeder fund.

      ○ **Relevant timeframe:** One year before the relevant BNP Defendant's first investment in the Funds, BLMIS, or any BLMIS feeder fund, through December 31, 2008.

- **<u>Request 11</u>**: Documents and Communications concerning Your or the BNP Entities' due diligence review of BLMIS, the Funds, or other BLMIS feeder funds, including but not limited to those regarding any due diligence audits, reports, or reviews concerning those entities, and any Documents prepared or Communications exchanged relating to any due diligence meetings or calls with BLMIS, the Funds, or other BLMIS feeder funds, and including but not limited to those exchanged with any Beneficial Shareholder concerning the same.

      ○ **Example relevance to personal jurisdiction:** Intent to invest in BLMIS; due diligence directed to the U.S.

      ○ **Exemplary documents**:

            ▪ Due diligence-related documents and communications concerning BLMIS whether related to the Funds, other BLMIS feeder funds, or otherwise.

      ○ **Scope:** Documents and communications pertaining to the BNP Defendants' investments, including on behalf of beneficial owners, in the Funds, other BLMIS feeder funds, or BLMIS directly.

      ○ **Relevant timeframe:** The Relevant Time Period as defined in the RFPs, or one year before the relevant BNP Defendant's first investment in the Funds, other BLMIS feeder funds, or BLMIS, whichever is earlier, through December 31, 2008.

- **<u>Request 12</u>**: Documents and Communications concerning any internal or external audits, reports, or reviews that You or any of the BNP Entities commissioned or otherwise received, reviewed, or shared with any Beneficial Shareholder concerning BLMIS, the Funds, or other BLMIS feeder funds.

- **Example relevance to personal jurisdiction:** Intent to invest in BLMIS; due diligence directed to the U.S.

- **Exemplary documents**:

  - Internal or external audits, reports, reviews, and related communications concerning BLMIS.

- **Scope**: Documents pertaining to the BNP Defendants' investments, including on behalf of beneficial owners, in the Funds, other BLMIS feeder funds, or BLMIS directly.

- **Relevant timeframe:** The Relevant Time Period as defined in the RFPs, or one year before the relevant BNP Defendant's first investment in the Funds, other BLMIS feeder funds, or BLMIS, whichever is earlier, through December 31, 2008.

- **Request 13**: Documents and Communications concerning any BNP Entity's subscription to shares of the Funds, including on behalf of any Beneficial Shareholder, including but not limited to circulation of, review of, or commentary on the Funds' periodically published NAV statements.

  - **Example relevance to personal jurisdiction**: Intent to invest in BLMIS.

  - **Exemplary documents**:

    - Documents and communications concerning subscriptions—for example, cover letters, memoranda, emails, marketing materials, documents prepared for the investment committee and their approval memo, analyst reports.

  - **Scope**: Documents pertaining to the BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

  - **Relevant timeframe**: One year before the relevant BNP Defendant's first investment in the Funds, through December 31, 2008.

- **Request 14**: Documents and Communications between You and any subscriber (direct or indirect) in the Funds, including any Beneficial Shareholder, concerning the actual or potential (direct or

Lisa M. Schweitzer
November 18, 2021

indirect) subscription to or continued holding of shares of the
Funds, including but not limited to any marketing or solicitation of
subscriptions to shares of the Funds or any investment in BLMIS;
circulation of, review of, or commentary on the Funds' periodically
published NAV statements; questions, comments or concerns from
any Beneficial Shareholder; or any relationship of trustee, agent,
representative, nominee, custodian, or otherwise with respect to
any actual or potential subscription (direct or indirect) in the
Funds.

- o **Example relevance to personal jurisdiction**: Intent to
  invest in BLMIS; use of U.S. correspondent accounts.

- o **Exemplary documents**:

  - ▪ Documents and communications between the BNP
    Defendants and any beneficial owner concerning
    knowledge that an investment in the Funds was
    tantamount to an investment in BLMIS.

  - ▪ Documents or communications exchanged between or
    agreements between the BNP Defendants and any
    beneficial owner concerning their relationship.

- • **Scope**: Documents pertaining to the BNP Defendants'
  investments, including on behalf of beneficial owners, in the
  Funds.

- • **Relevant timeframe**: One year before the relevant BNP
  Defendant's first investment in the Funds, through December 31,
  2008.

- • **Request 15**: Documents and Communications between You and
  FGG concerning the actual or potential (direct or indirect)
  subscription to or continued holding of shares of the Funds;
  circulation of, review of, or commentary on the Funds' periodically
  published NAV statements; questions, comments, or concerns
  elevated to FGG concerning the Funds, subscriptions therein,
  BLMIS, or the Funds' or BLMIS' NAV statements; or meetings or
  calls with FGG about the same.

  - o **Example relevance to personal jurisdiction**: Intent to
    invest in BLMIS.

15

  o **Exemplary documents**:

    ▪ Documents or communications between the BNP Defendants and FGG concerning the Funds and BLMIS.

  o **Scope**: Documents pertaining to the BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

  o **Relevant timeframe**: One year before the relevant BNP Defendant's first investment in the Funds, through December 31, 2008.

- **Request 16**: Documents and Communications concerning or exchanged with BLMIS, including but not limited to those regarding segregation between BLMIS' custodial, advisory, and brokerage services; asset segregation at BLMIS; the integrity of BLMIS audits; Your or the BNP Entities' ability or inability to confirm or identify the existence of BLMIS trades, BLMIS-held assets, or BLMIS counterparties; BLMIS' rate of returns and/or periodically published NAV statements; BLMIS' fee structure; BLMIS' split-strike strategy; BLMIS' firm structure; and Your or the BNP Entities' ability or inability to meet with BLMIS, and including but not limited to those exchanged with any Beneficial Shareholder concerning the same.

  o **Example relevance to personal jurisdiction**: Intent to invest in BLMIS; due diligence directed to the U.S.

  o **Exemplary documents**:

    ▪ Due diligence-related documents and communications exchanged with or concerning BLMIS whether related to the Funds, other BLMIS feeder funds, or otherwise.

  o **Scope**: Documents pertaining to the BNP Defendants' investments, including on behalf of beneficial owners, in the Funds, other BLMIS feeder funds, or BLMIS directly.

  o **Relevant timeframe**: The Relevant Time Period as defined in the RFPs, or one year before the relevant BNP Defendant's first investment in the Funds, other BLMIS feeder funds, or BLMIS, whichever is earlier, through December 31, 2008.

- **Request 17-18**: The Liquidators are not presently pursuing these Requests but reserve all rights to do so in future.

- **Request 19**: Documents and Communications concerning Your or any BNP Entity's redemptions of shares subscribed in the Funds or BLMIS.

  - **Example relevance to personal jurisdiction**: Use of U.S. correspondent accounts.

  - **Exemplary documents:**

    - Redemption instructions from beneficial owners to the BNP Defendants concerning subscriptions in Sentry;

    - Redemption instructions from the BNP Defendants to Sentry;

    - Documents showing designations of U.S. correspondent accounts by the BNP Defendants for redemptions in Sentry; and

    - Communications between U.S. correspondent account bank and BNP Defendants concerning redemption payments.

  - **Scope**: Documents pertaining to the BNP Defendants' investments, including on behalf of beneficial owners, in the Funds.

  - **Relevant timeframe**: January 1, 2004 to December 31, 2008.

- **Request 20**: The Liquidators are not presently pursuing this Request but reserve all rights to do so in future.

- **Request 21**: To the extent not requested above, all Documents and Communications from any time upon which You may rely in seeking dismissal of the operative complaint.

  - **Example relevance to personal jurisdiction**: BNP Defendants are required to produce all documents and communications upon which they may rely to contest personal jurisdiction.

Lisa M. Schweitzer
November 18, 2021

### B.    Interrogatories

- **Interrogatory 1**: For the period January 1, 1990 to December 31, 2008, identify all Persons involved in any written or oral Communications concerning using a U.S. correspondent bank for Your use in redeeming shares from Sentry, including any Beneficial Shareholders.

  - **Example relevance to personal jurisdiction**: Use of U.S. correspondent accounts.

  - **Relevant timeframe**: Six months before the first subscription in the Funds alleged in the Operative Complaint, through December 31, 2008.

- **Interrogatory 2**: For the period January 1, 1990 to December 31, 2008, identify all Persons involved in the evaluation of the Fund or Funds in which to subscribe, in whole or in part, including but not limited to any Persons employed by any Beneficial Shareholder.

  - **Example relevance to personal jurisdiction**: Intent to invest in BLMIS; use of U.S. correspondent accounts.

  - **Relevant timeframe**: One year before the relevant BNP Defendant's first investment in the Funds, through December 31, 2008.

- **Interrogatory 3**: Identify Your place of incorporation and that of any Beneficial Shareholder for whom you redeemed shares in the Funds between January 1, 2004 and December 31, 2008.

  - **Example relevance to personal jurisdiction**: Domicile of defendants; doing business with U.S.-based beneficial owners.

  - **Relevant timeframe**: January 1, 2004 through December 31, 2008.

- **Interrogatory 4**: Identify Your principal place of business and that of any Beneficial Shareholder for whom you redeemed shares in the Funds between January 1, 2004 and December 31, 2008.

  - **Example relevance to personal jurisdiction**: Domicile of defendants; doing business with U.S.-based beneficial owners.

Lisa M. Schweitzer
November 18, 2021

     o  **Relevant timeframe**: January 1, 2004 through December 31, 2008.

- **Interrogatories 5-6**: The Liquidators are not presently pursuing these Interrogatories but reserve all rights to do so in future.

- **Interrogatory 7**: Identify all Persons involved in performing due diligence relating in any way to BLMIS or any BLMIS-related subscriptions that You or any BNP Entity made directly or indirectly.

     o  **Example relevance to personal jurisdiction**: Intent to invest in BLMIS; due diligence directed to the U.S.

     o  **Relevant timeframe:** The Relevant Time Period as defined in the RFPs, or one year before the relevant BNP Defendant's first investment in the Funds, other BLMIS feeder funds, or BLMIS, whichever is earlier, through December 31, 2008.

- **Interrogatories 8-9:** The Liquidators are not presently pursuing these Interrogatories but reserve all rights to do so in future

- **Interrogatory 10**: Identify all Persons currently or formerly employed by You or any BNP Entity who communicated with BLMIS.

     o  **Example relevance to personal jurisdiction**: Intent to invest in BLMIS; due diligence directed to the U.S.

     o  **Relevant timeframe**: The Relevant Time Period as defined in the RFPs, or one year before the relevant BNP Defendant's first investment in the Funds, other BLMIS feeder funds, or BLMIS, whichever is earlier, through December 31, 2008.

- **Interrogatory 11**: Identify all Persons with knowledge of Your subscription to shares of the Funds, including on behalf of any Beneficial Shareholder.

     o  **Example relevance to personal jurisdiction**: Intent to invest in BLMIS; use of U.S. correspondent accounts.

     o  **Relevant timeframe:** One year before the relevant BNP Defendant's first investment in the Funds, through December 31, 2008.

Lisa M. Schweitzer
November 18, 2021

- **Interrogatory 12**: Identify all Persons with knowledge of Your redemption of shares of the Funds, including on behalf of any Beneficial Shareholder.

    o **Example relevance to personal jurisdiction**: Use of U.S. correspondent accounts; intent to invest in BLMIS.

    o **Relevant timeframe:** Six months before the first subscription in the Funds alleged in the Operative Complaint, through December 31, 2008.

- **Interrogatory 13**: The Liquidators are not presently pursuing this Interrogatory but reserve all rights to do so in future.

## III.  Stipulations

During the Meet-and-Confer, you indicated that the BNP Defendants might be willing to stipulate to certain facts the Liquidators seek to establish through their jurisdictional discovery in lieu of responding to certain of the Discovery Requests.  Having explained our jurisdictional theories at the Meet-and-Confer, and without any commitment to accept any proffered stipulation that the BNP Defendants might offer or to limit the discovery we pursue in any way, we invite you to propose in writing any facts to which the BNP Defendants would be willing to stipulate.

We further note that the Liquidators' willingness to engage in discussions concerning potential stipulations should not be interpreted as an invitation to pause request-by-request negotiations and stall the ultimate production of documents and information responsive to the Discovery Requests; both processes should proceed in parallel unless and until the parties come to final agreement concerning any stipulation, and both parties agree such stipulation obviates the need for production of certain documents or information.

\*      \*      \*

We look forward to your response by **Tuesday, November 23, 2021**, and look forward to continuing to work together towards fulfilling the requests. To the extent the Liquidators do not receive adequately specific responses to any of the above, the Liquidators reserve all rights to move to compel as necessary, and reserve all rights more broadly, including to request further meet and confers about merits discovery.

Lisa M. Schweitzer
November 18, 2021

Sincerely,

*/s/  Joshua Margolin*

Joshua Margolin
Partner