Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

selendy
gay
elsberg

David Elsberg
Partner
212.390.9004
delsberg@selendygay.com

April 21, 2022

**Via Email and ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
355 Main Street
Poughkeepsie, New York 12601-3315

Re:    Fairfield U.S. Redeemer Actions[1]

Dear Judge Morris:

Pursuant to the instructions of Your Honor's courtroom deputy, we write on behalf of the Liquidators in the U.S. redeemer actions listed in **Exhibit A** (attached) (a) to briefly update the Court on the status of personal jurisdiction discovery in connection with the Liquidators' forthcoming oppositions to each of the 69 defendants' pending Rule 12(b)(2) motions to dismiss ("PJ Oppositions"), and (b) to inform the Court of the Liquidators' intention in the coming weeks to seek an additional extension of the case schedule—in light of the disappointing fact that, to date, all redeemer-action defendants have produced an aggregated total of only 576 documents. If the Court grants the extension, the Liquidators intend to use the time to continue their efforts to get defendants to agree on positions that the Liquidators believe are reasonable and to get defendants to swiftly produce documents; if unsuccessful in doing so, the Liquidators will expeditiously file motions to compel on issues that remain unresolved.

The Liquidators represented in their January 5, 2022 motion to extend that they would be in a position to quickly review documents and prepare their 69 separate PJ Oppositions as long as defendants substantially completed their productions of jurisdictional documents by mid-February 2022. *See, e.g.*, Dkt. 188 at 12, 10-ap-03633. Ultimately, the parties in all the redeemer actions agreed to a version of that same schedule, which was submitted on January 12, 2022 and entered by this Court on January 13 & 14, 2022.[2] Under that schedule, the Liquidators' PJ Oppositions are due in early August 2022.

However, to date, 44 defendants that filed 12(b)(2) motions have produced zero documents in these redeemer actions. In response to the document requests served in August and

---

[1] Index numbers listed in **Exhibit A**.

[2] Dkt. 158, No. 10-ap-03622; Dkt. 130, No. 10-ap-03626; Dkt. 204, No. 10-ap-03627; Dkt. 228, No. 10-ap-03630; Dkt. 191, No. 10-ap-03633; Dkt. 366, No. 10-ap-03634; Dkt. 846, No. 10-ap-03635; Dkt. 915, No. 10-ap-03636; Dkt. 160, No. 10-ap-03780; Dkt. 123, No. 10-ap-04098; Dkt. 145, No. 10-ap-04099; Dkt. 141, No. 11-ap-01250; Dkt. 132, No. 11-ap-01463; Dkt. 127, No. 11-ap-01579; Dkt. 122, No. 11-ap-01617; Dkt. 124, No. 11-ap-02770; Dkt. 119, No. 12-ap-01551; Dkt. 78, No. 19-ap-01122.

September 2021, we have received severely limited document productions from only 25 defendants—for a total of only 576 documents, or 4,858 pages. Some defendants have suggested that there is a good chance they will substantially complete their productions by the end of May, but only a handful of defendants have expressly agreed to a substantial completion date. As a result, and despite our hard work, the Liquidators are months behind where we had hoped to be by now.

The silver lining is that the parties' negotiations have resulted in some good progress. The parties have exchanged dozens of emails, letters, and telephone calls, and have held 35 meet-and-confers (and counting). The Liquidators have also been engaged in fruitful settlement negotiations with several defendants. Through these efforts, the parties have narrowed disputes concerning relevance, scope, foreign law, and bank secrecy issues. For example, just last week, the Liquidators successfully concluded negotiations of a redaction protocol with the Swiss defendants in the Citco beneficial owner actions (Nos. 10-ap-03635 and 10-ap-03636), which we anticipate will serve as a template for many other defendants. The Liquidators have separately negotiated unique redaction protocols with several other defendants. These protocols enable defendants to produce documents without violating foreign law, thereby mitigating defendants' substantive foreign law objections.

Most recently, on April 18, 2022, the Liquidators formally withdrew their pre-motion letter relating to the production of custodial emails by HSBC Securities Services (Luxembourg) S.A. and HSBC Private Bank (Suisse) S.A. After the Liquidators' letter was filed, the parties successfully negotiated a resolution whereby HSSL and PBRS agreed, among other things, to produce custodial emails from at least eight different custodians covering a number of document categories. The parties continue to meet and confer with respect to the unresolved issues identified in the notices of withdrawal. *See* Dkt. 238, No. 10-ap-03630; Dkt. 198, No. 10-ap-03633.

In sum, we are cautiously optimistic that the parties are nearing resolution on many of the remaining disputes and that substantial document productions will be forthcoming shortly—in any event, prior to next month's conference. After we work with defendants over the coming weeks, we hope to be able to return to the Court with a negotiated briefing extension proposal and advise the Court as to whether the Liquidators intend to file motions to compel documents as to which agreement has not been reached.

Respectfully submitted,

*/s/ David Elsberg*

David Elsberg