Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

David Elsberg
Partner
212.390.9004
delsberg@selendygay.com

\selendy
gay
elsberg\

May 19, 2022

**Via Email and ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
355 Main Street
Poughkeepsie, New York 12601-3315

Re:   Fairfield U.S. Redeemer Actions[1]

Dear Judge Morris:

      Pursuant to Local Rule 7007-1(b) and Your Honor's Chambers' Rules, we write on behalf of the Liquidators to request permission to file a motion seeking the entry of a June 30, 2022 substantial completion deadline for jurisdictional document discovery (the "Deadline").

      As stated in our April 21, 2022 letter to the Court, *e.g.*, *Fairfield Sentry Ltd. (In Liquidation) v. Zurich Capital Markets Co.*, No. 10-ap-03634 (Bankr. S.D.N.Y. Apr. 21, 2022), ECF No. 382, since January 2022 the parties have had some productive negotiations about the scope of jurisdictional discovery, but the Liquidators have unfortunately continued to encounter significant delays in receiving productions from certain defendants.  At this juncture, the Liquidators believe that to continue making progress in pushing the actions forward, it is necessary to establish the Deadline.  The Deadline is needed because without it, some defendants will continue to delay yet further in producing material that should have been produced long ago.  The Deadline is also needed to enable the Liquidators to propose an amended schedule for personal jurisdiction briefing.  Once the Liquidators know that they will have the jurisdictional documents in hand by a date certain, the Liquidators will be in a position to say to defendants, "since we know that by $X$ date we will have the documents we need to prepare our opposition papers, we believe it is reasonable for our papers to be due $Y$ days later on $Z$ date."  The Liquidators are optimistic that if the Court resolves this gating issue by ordering the Deadline, the Liquidators will be able to work with defendants to come back to Your Honor swiftly with a stipulated proposed briefing schedule.

      Before seeking Your Honor's intervention, the Liquidators worked hard to negotiate a voluntary agreement on a substantial completion deadline but have not received consent from all defendants.  On May 6, 2022, the Liquidators asked all defendants from whom jurisdictional discovery has been sought to consent to a deadline of May 31, 2022.  Several defendants responded that they would not consent to May 31 but could consent to June 30, 2022.  In the interest of compromise, the Liquidators sent all defendants a notice of presentment and proposed order establishing June 30, 2022 as the deadline.  As reflected in the attached **Exhibit B**, which lays out defendants' positions conveyed to the Liquidators to date, 18 defendants consented to the June 30,

---

[1] Index numbers listed in **Exhibit A**.

2022 Deadline. The remaining 55 defendants have not. The Liquidators respectfully request that this Court enter an order over those objections establishing June 30, 2022 as the date by which all defendants must substantially complete their productions of jurisdictional discovery.[2] If such an Order is entered, thereafter any defendant that believes its circumstances (including the resolution of any outstanding scope disputes) justifies an extension can seek the Liquidators' consent or move the Court for an extension.[3]

Although we do not believe that a conference is necessary to resolve this issue, the Liquidators are available at this Court's convenience should Your Honor determine that a hearing is appropriate.

Respectfully submitted,

*/s/ David Elsberg*
David Elsberg

---

[2] The Liquidators' original request to amend the schedule estimated that they would need at least four months to prepare oppositions and predicated their request for an extension of the opposition deadline into early summer based on the assumption that the moving defendants would "produce their personal jurisdiction documents by mid-February," which unfortunately did not happen. *See, e.g.*, *Fairfield Sentry Ltd. (In Liquidation) v. Zurich Capital Markets Co.*, No. 10-ap-03634 (Bankr. S.D.N.Y. Jan. 5, 2022), ECF No. 362 (emphasis added).

[3] The Liquidators are in discussions with certain defendants about providing limited extensions to the Deadline beyond June 30, 2022. Further, the Liquidators served narrow supplemental Requests for Production on certain defendants in 10-3635 and 10-3636 on May 10, 2022. The Liquidators do not intend to hold defendants to a June 30, 2022 substantial completion deadline for documents responsive only to those limited requests and will negotiate separate deadlines for those productions.