Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

\selendy
gay
elsberg\

David Elsberg
Partner
212.390.9004
delsberg@selendygay.com

August 11, 2022

**Via E-mail and ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
355 Main Street
Poughkeepsie, New York 12601-3315

Re:   *In re Fairfield Sentry Ltd (In Liquidation)*, Case Nos. 10-ap-3635, 10-ap-3636

Dear Judge Morris:

      We write on behalf of the Liquidators pursuant to Local Rule 7007-1(b) and Your Honor's Chambers' Rules to request a pre-motion discovery conference to address a dispute with defendant Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg ("Defendant"). On June 30, 2022, the day when Defendant was required to substantially complete document production, *see* 10-ap-3636, Dkt. 990, Defendant informed the Liquidators for the first time that it "does not have access to" custodial e-mail files pre-dating 2008. Ex. A at 4–5. As the Liquidators subsequently learned, Defendant did not preserve searchable e-mails at all. *Id.* at 2–3. The Liquidators respectfully request that the Court permit the Liquidators to move to compel Defendant's counsel to provide a response to the Liquidators' inquiries regarding its preservation efforts. Based on the information received from Defendant's counsel, the Liquidators anticipate they may need to move the Court for further relief under Rule 37(e).

      The Liquidators have been seeking relevant e-mail correspondence since September 14, 2021. *See* Ex. B at 8–11. Across multiple 26(f) conferences and meet and confers, Defendant failed to disclose that it did not preserve this vital category of documents. *See* Fed. R. Civ. P. 26(f)(3)(C). While Defendant produced transactional records and limited hard copy correspondence, Defendant was not forthcoming about its lack of access to searchable e-mails. But relevant e-mails undoubtedly exist because, *inter alia*, the Liquidators' records indicate that Defendant received upwards of $50 million in redemption payments from Sentry alone, and the limited records produced by Defendant show that it possessed and reviewed diligence on both Sentry and Madoff. Thus, ahead of the parties' meet and confer on May 25, 2022, the Liquidators explicitly noted they wished to discuss Defendant's ability to access and search employee e-mail inboxes. *See* Ex. A at 10. During that meet and confer, however, Defendant's counsel again did not disclose Defendant's failure to preserve e-mail inboxes. On May 31, 2022, the Liquidators provided Defendant with a list of proposed custodians and search terms related to personal jurisdiction to apply to its e-mail systems. *Id.* at 7–10. Despite repeated requests for Defendant's position on e-mail searches, Defendant did not respond for an entire month. On June 30, 2022, Defendant revealed for the first time it "does not have access" to custodial e-mails from 2008 and earlier. *Id.* at 4–5.

      Because Defendant's inability to access electronically stored information from this critical time period relating to the Liquidators' allegations raises clear spoliation concerns, the Liquidators asked Defendant to clarify what steps Defendant took to preserve potentially relevant evidence

and why those efforts failed to capture e-mails from 2008 and earlier. *Id.* at 4. Defendant provided no detailed answers and, eventually, stopped responding to these questions entirely. *See id.* at 2–4. On July 14, 2022, the Liquidators asked whether Defendant would agree to provide a company representative for a limited 30(b)(6) deposition regarding its document preservation. *Id.* at 2. Again, Defendant did not respond. On July 21, 2022, the Liquidators, concerned with the impending final completion date for jurisdictional discovery, served a limited Rule 30(b)(6) deposition notice and requests for the production of documents on this topic. Ex. C. The night before the deposition was to take place, Defendant finally responded but neither agreed to proceed with the deposition nor answered the Liquidators' simple questions regarding preservation efforts. Ex. D at 4–5. Instead, Defendant primarily objected to the deposition on the ground that jurisdictional discovery does not encompass Defendant's possible spoliation of evidence relevant to personal jurisdiction. *Id.*[1] The Liquidators again offered to meet and confer on the substance of Defendant's preservation efforts, but on August 3, 2022, Defendant again refused to provide this information. *Id.* at 2–3. In the same message—nearly <u>three months</u> after the Liquidators met with Defendant to discuss e-mail records—Defendant's counsel stated for the first time that e-mail inboxes from 2008 and earlier were not merely inaccessible but were <u>not preserved at all</u>. *Id.* at 3.

      Defendant was under an obligation to preserve relevant electronically stored information at least as of December 2008, when BLMIS was publicly exposed as the largest Ponzi scheme in history and litigation could be reasonably anticipated.[2] And in any event, substantive preservation efforts should have been put in place no later than September 24, 2010, when Defendants were first served in this action. *See* 10-ap-3636, Dkt. 10 at 9. Further, there can be no dispute that e-mail communications about the Defendant's transactions, the Funds, BLMIS, and Madoff during this time are relevant to the personal jurisdiction inquiry into Defendant's purposeful availment of the United States. *See* Apr. 5, 2022, D. Elsberg Ltr. to Hon. Cecelia G. Morris, 10-ap-3633, Dkt. 196 (explaining that e-mail communications may demonstrate, among other things, a defendant's intent to indirectly invest in BLMIS, as well as due diligence activities in or aimed at the United States).

      Defendant's conduct directly prejudices the Liquidators by depriving them of relevant evidence. Defendant's continued obfuscation in explaining its preservation efforts (or lack thereof) is further delaying the completion of jurisdictional discovery at significant and unnecessary expense for the Liquidators. Defendant's counsel's behavior is inconsistent with parties' discovery obligations under the Federal Rules, as well as Your Honor's frequent admonitions that parties must engage with each other in good faith. *See* Dec. 15, 2021 Hr'g Tr. 91:17–92:3; Oct. 28, 2021 Hr'g Tr. 63:15–21; *cf.* Bankr. S.D.N.Y. Local Rule 7007-1(a) (requiring parties to confer in good faith on discovery disputes).

      The Liquidators are entitled to additional information concerning Defendant's preservation efforts and may be entitled to further relief under Rule 37(e).

---

[1] The Liquidators served an amended 30(b)(6) notice delaying the deposition by two weeks to permit the parties more time to meet and confer. *See* Ex. E. Again, Defendant did not respond, other than to indicate it would move for a protective order. *See* Ex. D at 2–3. As of this filing, Defendant has not so moved but also has not confirmed it would make a representative available. The Liquidators reserve all rights to seek further relief concerning the deposition.

[2] *See Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *see also Doubleline Cap. LP v. Odebrecht Fin., Ltd.*, 2021 WL 1191527, at *6 (S.D.N.Y. Mar. 30, 2021) ("Certain types of incidents tend to trigger litigation." (cleaned up)).

Respectfully submitted,

*/s/ David Elsberg*

David Elsberg