# Exhibit D

# Tony Russo

| | |
|---|---|
| **From:** | Amy Nemetz |
| **Sent:** | Friday, August 5, 2022 6:30 PM |
| **To:** | Jeff.Butler@CliffordChance.com; Tony Russo; Meredith.George@CliffordChance.com |
| **Cc:** | Joshua Margolin; Lena Konanova; Ron Krock; MKrzyzowski@brownrudnick.com; kdorso@brownrudnick.com |
| **Subject:** | Re: [EXT] RE: Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG, Adv. Pro. Nos. 10-03635(CGM) & 10-03636(CGM) (S.D.N.Y. Bankr.) |

Jeff,

We have been asking for months whether your client is able to produce emails through a reliable search process. This is the "particular category of documents" that we are interested in. But, as you have admitted, your client does not have searchable emails; BIL has only hard copies of emails printed by individual employees. Your admission that your client failed to preserve electronic communications raises obvious spoliation concerns, and your refusal to explain why emails were not preserved at the time your client was on notice of reasonably anticipated litigation is unreasonable and runs directly afoul of both the Federal Rules and the Court's instruction to confer in good faith. There is no question that the email communications your client no longer possesses would have contained relevant information. While only one BIL redemption may be at issue in the 10-3635 and 10-3636 actions, BIL also conducted extensive diligence on BLMIS and the Funds and ultimately redeemed over $50 million from Sentry alone; all email communications going to those issues are relevant the personal jurisdiction inquiry. Your production of hard copy transaction files that happen to contain emails individual BIL employees chose to print and file away is obviously no replacement for a comprehensive, electronically preserved set of communications.

In lieu of the 30(b)(6) deposition, if you are interested in a compromise in the form of a stipulation to the content of these lost communications and how they would support the Liquidators' personal jurisdiction theories, we are happy to discuss that possibility. Otherwise, we plan to raise these issues with the Court soon.


Get Outlook for iOS

---

**From:** Jeff.Butler@CliffordChance.com <Jeff.Butler@CliffordChance.com>
**Sent:** Wednesday, August 3, 2022 2:13:42 PM
**To:** Amy Nemetz <anemetz@selendygay.com>; Tony Russo <trusso@selendygay.com>; Meredith.George@CliffordChance.com <Meredith.George@CliffordChance.com>
**Cc:** Joshua Margolin <jmargolin@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; MKrzyzowski@brownrudnick.com <MKrzyzowski@brownrudnick.com>; kdorso@brownrudnick.com <kdorso@brownrudnick.com>
**Subject:** RE: [EXT] RE: Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG, Adv. Pro. Nos. 10-03635(CGM) & 10-03636(CGM) (S.D.N.Y. Bankr.)

Dear Amy,

I think you may be jumping to conclusions by referring to evading discovery, destroying documents and spoliating evidence.  Please keep in mind that there is only one redemption alleged to have involved BIL in these two Citco cases, and that one redemption occurred in August 2007.  As jurisdictional discovery, we have already produced the complete transaction files for that redemption and the earlier related subscription.  These transactions files include many contemporaneous emails concerning those events.  At your request, we have also produced a number of "due diligence" type documents that provide analysis of the Fairfield funds as investments.  To date, BIL has produced roughly 500 pages

of documents and, to my knowledge, you have not identified any specific document relevant to the issue of personal jurisdiction that BIL has declined to produce.

As I have stated before, BIL took reasonable steps to preserve potentially relevant documents when it became aware of these cases in late 2010.  Such steps did not include preserving the complete email boxes for every single BIL employee as they existed in late 2010.  That does not in any way suggest that relevant emails were lost.  In fact, it is highly unlikely that any email from 2007 or before would have been available from an individual employee's email box in late 2010.  Emails from that time period were preserved, however, in the transaction files, which you can see yourself from the documents already produced.

Although complete, searchable email boxes were not preserved in late 2010, many emails and other documents relevant to Fairfield and Madoff were collected and preserved by the BIL legal department.  Accordingly, it is possible that further efforts could be undertaken to locate specific documents or categories of documents.  Thus, if there is some particular document or category of documents you are still seeking on the subject of personal jurisdiction, we would be happy to discuss that with you, just as we have done in the past.

Moving on to your deposition notice, the topics identified do not seek discovery relevant to the issue of personal jurisdiction.  Instead, they target BIL's document retention practices and efforts to preserve documents after these cases were filed in 2010.  We do not agree that jurisdictional discovery automatically encompasses a fishing expedition into possible spoliation.  Moreover, for the reasons described above, we do not believe you have any reasonable basis to conclude that spoliation has occurred.

I had hoped that a meet and confer to discuss these topics might lead to a compromise of some kind—for example, an agreement to search for additional, specific documents.  I gather from your email, however, that you do not wish to engage in further discussions.  If you change your mind, please let me know.  Otherwise, we intend to proceed with a motion for a protective order to preclude the deposition at this time.

Regards, JB

Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
Tel:  +1 212-878-8205
jeff.butler@cliffordchance.com

---

**From:** Amy Nemetz <anemetz@selendygay.com>
**Sent:** Thursday, July 28, 2022 7:36 PM
**To:** Butler, Jeff E. (Litigation-NY) <Jeff.Butler@CliffordChance.com>; Tony Russo <trusso@selendygay.com>; George, Meredith (Litigation-NY) <Meredith.George@CliffordChance.com>; jamie.hoxie@cliffordchance.com; Gao, Ernie (Litigation-NY) <Ernie.Gao@CliffordChance.com>; ~Left Firm 15/07/22 MSO Tangherlini, La'Tise (Litigation-WAS) <LaTise.Tangherlini@CliffordChance.com>
**Cc:** Joshua Margolin <jmargolin@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; MKrzyzowski@brownrudnick.com; kdorso@brownrudnick.com
**Subject:** RE: [EXT] RE: Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG, Adv. Pro. Nos. 10-03635(CGM) & 10-03636(CGM) (S.D.N.Y. Bankr.)

Jeff,

Regarding your first point, we have sent the attached amended deposition notice to all parties in the 3635 and 3636 actions, and have therefore resolved the notice issue.

Regarding your second point, you concede that the Bankruptcy Court authorized, at a minimum, proceeding with discovery on personal jurisdiction.  Your client appears to have spoliated documents relevant to personal jurisdiction (as well as the merits).  As such, you cannot credibly argue that you can evade the requirement to produce jurisdictional discovery by saying the documents no longer exist, while denying us the opportunity to obtain a factual record as to why.  An order granting jurisdictional discovery necessarily encompasses information concerning the spoliation of such discovery.  We have every right to ask for this information under the Federal Rules, and we will raise this issue with the court if you do not agree to provide us with an explanation.

Regarding your third point, we are available for a meet and confer next week to discuss these topics, including a rescheduled date for the deposition.  But there is no point to meeting and conferring if you and/or your client are not willing to provide an explanation for the document destruction in question, are planning to seek a protective order, or are considering other ways of not complying with the deposition notice.

In short, the Liquidators do not wish to further delay a resolution.  We discussed your client searching for custodial emails during our May 25th meet and confer, and sent you proposed search parameters on May 31st. You did not tell us that your client "does not have access to individual email boxes dating back to 2008 and before" until June 30th. That same day, we asked you to explain how this was possible, given that your clients have been on notice of potential litigation involving BLMIS and/or the Fairfield Funds for many years, and raised that it could be a potential spoliation problem. To date, you and your client have never provided a substantive response to that simple question. We asked for more information on July 14th; after another week passed without any response from you, we noticed a deposition seeking testimony from a witness regarding why, how, and when these emails were destroyed. Meeting and conferring about the scope and timing of a deposition that you may ultimately seek to avoid entirely will only waste time.

Please provide us with your position no later than Tuesday August 2, 2022.


**Amy Nemetz**
Associate [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers

---

+1 212.390.9325  [O]
+1 440.759.0446  [M]


---

**From:** Jeff.Butler@CliffordChance.com <Jeff.Butler@CliffordChance.com>
**Sent:** Wednesday, July 27, 2022 6:11 PM
**To:** Amy Nemetz <anemetz@selendygay.com>; Tony Russo <trusso@selendygay.com>; Meredith.George@CliffordChance.com; jamie.hoxie@cliffordchance.com; Ernie.Gao@CliffordChance.com; LaTise.Tangherlini@CliffordChance.com
**Cc:** Joshua Margolin <jmargolin@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; MKrzyzowski@brownrudnick.com; kdorso@brownrudnick.com
**Subject:** RE: [EXT] RE: Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG, Adv. Pro. Nos. 10-03635(CGM) & 10-03636(CGM) (S.D.N.Y. Bankr.)


Dear Amy, Tony:

My apologies for the short delay in responding to your deposition notice.  Although we have had several meet-and-confers on document production issues, we had no forewarning that a deposition notice like this was going to be served.  Moreover, as you may have seen from my out-of-office message, I am on vacation this week.

Our position on the notice is as follows:

1.  As an initial matter, the notice is not valid because it has not been served on "every other party" in 10-3635 and 10-3636 as required by Rule 30(b)(1).   This defect can, of course, be cured, but to my knowledge it has not been cured to date.

2.  At this point, discovery has been authorized on the issue of personal jurisdiction, but the matters raised in your notice do not relate to personal jurisdiction.  The notice relates to document preservation steps taken by BIL *after* these lawsuits were filed.  Discovery on this subject will not aid the Court in deciding the issue of personal jurisdiction over BIL and, for this reason, the discovery has not been authorized by the Court at this time.

3.  In addition, the one-week notice provided is not "reasonable written notice" taking into account the location of the defendant (Luxembourg), the number of topics in the notice and the number of other parties in the case.  I would add that there appears no emergency here, as we just agreed to an amended scheduling order that substantially extends the discovery period for jurisdictional discovery.

We would be happy to meet and confer with you on these points when I return from vacation next week.  If a motion for protective order becomes necessary, we believe it would make sense to agree on an orderly schedule for the briefing of such a motion.

Regards, JB

Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
Tel:  +1 212-878-8205
jeff.butler@cliffordchance.com

---

**From:** Amy Nemetz <anemetz@selendygay.com>
**Sent:** Wednesday, July 27, 2022 2:31 PM
**To:** Tony Russo <trusso@selendygay.com>; Butler, Jeff E. (Litigation-NY) <Jeff.Butler@CliffordChance.com>; George, Meredith (Litigation-NY) <Meredith.George@CliffordChance.com>; jamie.hoxie@cliffordchance.com; Gao, Ernie (Litigation-NY) <Ernie.Gao@CliffordChance.com>; ~Left Firm 15/07/22 MSO Tangherlini, La'Tise (Litigation-WAS) <LaTise.Tangherlini@CliffordChance.com>
**Cc:** Joshua Margolin <jmargolin@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Krzyzowski, Marek P. <MKrzyzowski@brownrudnick.com>; Kyle Dorso <kdorso@brownrudnick.com>
**Subject:** [EXT] RE: Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG, Adv. Pro. Nos. 10-03635(CGM) & 10-03636(CGM) (S.D.N.Y. Bankr.)

Counsel,

We served a 30(b)(6) deposition notice nearly a week ago, which proposed topics of examination and requested that you produce relevant documents on Monday, 7/25. We have not received any response from you.

While we believe you are already in default of the notice, please confirm asap whether your client is producing a witness to be deposed at our offices tomorrow. The Liquidators reserve all rights.

**Amy Nemetz**
Associate [Email]

Selendy Gay Elsberg PLLC  [Web]
Pronouns: she, her, hers

---

+1 212.390.9325  [O]
+1 440.759.0446  [M]

---

**From:** Tony Russo <trusso@selendygay.com>
**Sent:** Thursday, July 21, 2022 6:11 PM
**To:** Jeff.Butler@CliffordChance.com; Meredith.George@CliffordChance.com
**Cc:** Amy Nemetz <anemetz@selendygay.com>; Joshua Margolin <jmargolin@selendygay.com>; Lena Konanova <lkonanova@selendygay.com>; Ron Krock <rkrock@selendygay.com>; Krzyzowski, Marek P. <MKrzyzowski@brownrudnick.com>; Kyle Dorso <kdorso@brownrudnick.com>
**Subject:** Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG, Adv. Pro. Nos. 10-03635(CGM) & 10-03636(CGM) (S.D.N.Y. Bankr.)

Counsel,

Please see attached a 30(b)(6) deposition notice to your client, Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg.

Thank you,
**Tony Russo**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: he, him, his

---

+1 212.390.9076  [O]

*******

This message and any attachment are confidential and may be privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system.  If you are not the intended recipient you must not copy this message or attachment or disclose the contents to any other person.

Clifford Chance as a global firm regularly shares client and/or matter-related data among its different offices and support entities in strict compliance with internal control policies and statutory requirements. Incoming and outgoing email communications may be monitored by Clifford Chance, as permitted by applicable law and regulations.

For further information about Clifford Chance please see our website at http://www.cliffordchance.com or refer to any Clifford Chance office.

Switchboard: +1 212 878 8000
Fax: +1 212 878 8375

To contact any other office http://www.cliffordchance.com/people_and_places/people.html

For details of how we process personal data, please see our updated privacy statement.