**CLIFFORD CHANCE**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

**By Email and ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
355 Main Street
Poughkeepsie, NY 12601

Direct Dial: +1 212 878 8205
E-mail: jeff.butler@cliffordchance.com

August 12, 2022

Re:  *In re Fairfield Sentry Ltd.*, Adv. Pro. Nos. 10-3635 and 10-3636

Dear Judge Morris:

We are counsel for defendant Banque Internationale à Luxembourg SA ("BIL") and are writing, pursuant to Local Rule 7007-1(b) and the Court's Chambers Rules, to request a pre-motion discovery conference with respect to a motion for protective order precluding discovery on post-lawsuit document retention measures.

By letter dated August 11, 2022, the Liquidators have requested a pre-motion discovery conference arising from the same dispute. A hearing to consider the Liquidators' letter has been scheduled for October 19, 2022 at 10:00 AM. (*See* Dkt. No. 939 in 10-3635 and Dkt. No. 1005 in 10-3636.)

BIL's proposed motion raises the question of the proper scope of jurisdictional discovery. BIL moved to dismiss these actions for lack of personal jurisdiction on October 29, 2021, and the Court has allowed discovery on the issue of personal jurisdiction to proceed. Through the meet and confer process, the parties have determined that only one redemption at issue in these cases involved BIL—a redemption in the amount of $3.96 million on August 18, 2007.

As jurisdictional discovery, BIL has produced copies of the transaction files maintained by BIL for the relevant redemption and the earlier, corresponding subscription. These files were produced on April 15, 2022, and they contain dozens of emails from the 2004-2005 and 2007 time periods concerning those transactions. BIL later agreed to produce additional "due diligence" type documents concerning investments in the Fairfield funds. To date, BIL has produced a total of 504 pages of documents as jurisdictional discovery.

In addition to these documents, the Liquidators have asked whether BIL would be willing to conduct keyword searches on the email boxes for 17 individual employees (whose names appear in the transactional files) for the time period 2000 to 2008. (*See* Ex. 1.) In response, counsel

**CLIFFORD CHANCE**                                                                          CLIFFORD CHANCE US LLP

informed the Liquidators that BIL does not have searchable email boxes for these employees for the time period in question.  (*See* Ex. 2.)  The Liquidators immediately jumped to the conclusion that relevant documents must have been "destroyed" sometime after these Citco actions were filed in late 2010.  (*See* Ex. 3.)

Now, the Liquidators have served a Rule 30(b)(6) deposition notice seeking information on document retention measures taken by BIL.  (*See* Ex. 4.)  The topics in the deposition notice relate primarily to BIL's reaction to these actions after they were filed in September 2010.  None of the topics seeks information on BIL's contacts with the United States as they relate to the August 2007 redemption at issue.

The Second Circuit has cautioned that jurisdictional discovery should be "limited."  *See Filus v. LOT Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990).  Courts have interpreted this to mean discovery concerning specific contacts between the defendant and the forum jurisdiction as they relate to the transaction at issue.  *See Blockchain Mining Supply and Servs. Ltd. v. Super Crypto Mining, Inc.*, 18 Civ. 11099 (ALC), 2020 WL 7128968, at *2 (S.D.N.Y. Dec. 4, 2020) ("While the Court has determined that Plaintiff has met the threshold for limited discovery, the Court shall permit such discovery only to verify the allegations of specific facts crucial to establishing Plaintiff's personal jurisdiction and alter ego theory." (internal quotes omitted)); *Tymar Dist. LLC v. Mitchell Group USA, LLC*, 20 Civ. 719 (PKC-SJB), 2020 WL 8408809, at *2 (E.D.N.Y. Sept. 8, 2020) (holding that "Plaintiff would be entitled to the documents related to the transaction, act or occurrence that is the basis of the alleged specific jurisdiction—not for all such acts taken by [Defendant] in New York").

The discovery sought by the Liquidators goes well beyond the proper scope of jurisdictional discovery.  In particular, the Rule 30(b)(6) deposition notice is not designed to reveal contacts between BIL and the United States as they relate to the August 2007 redemption.  Instead, the notice is transparently designed to stir up a collateral dispute over a hypothetical failure to preserve emails after these actions were filed.  This is not consistent with the limited discovery normally allowed on jurisdictional issues.

Respectfully submitted,

s/ Jeff E. Butler

Jeff E. Butler