Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

selendy
gay
elsberg

Joshua S. Margolin
Partner
212.390.9022
jmargolin@selendygay.com

October 14, 2022

**Via ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
355 Main Street
Poughkeepsie, New York 12601-3315

Re:    *In re Fairfield Sentry Ltd (In Liquidation),* Case Nos. 10-3626, 10-3627, 10-3635, 10-3636, 11-1579, 11-1617, 12-1551

Dear Judge Morris:

      We write on behalf of the Fairfield Liquidators pursuant to Local Rule 7007-1(b) and Your Honor's Chambers' Rules to request a pre-motion discovery conference during the October 19, 2022 omnibus hearing, or as soon as practicable, to address a serious and systemic spoliation issue among defendants BGL BNP Paribas S.A. (*f/k/a* BNP Paribas Luxembourg SA) ("BGL BNPP"); BNP Paribas Securities Services Luxembourg ("BNPP SSL"); BNP Paribas (Suisse) SA (*f/k/a* BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas (Suisse) SA Private) ("BNPP Suisse"); BNP Paribas Fortis (*f/k/a* Fortis Bank SA/NV) ("BNPP Fortis"), BNP Paribas Securities Nominees Ltd. (*a/k/a* Harrier Holdings Ltd.) ("BNPP Sec. Nom."); and BNP Paribas España (*f/k/a* Fortis Bank (España)) ("BNPP España") (collectively, the "BNP Defendants").[1] Despite agreeing to search the electronic files of custodians and produce responsive emails from those accounts, only **two** BNP entities produced a total of **seven** emails. In subsequent discussions, the BNP Defendants repeatedly represented to the Liquidators that no other electronic information relevant to the issue of personal jurisdiction exists. However, the Liquidators are aware of dozens of additional, highly relevant e-mails from the relevant time period[2] that have been produced by third parties. It is apparent that the BNP Defendants have not complied with their obligations to preserve potentially relevant information, and the Liquidators therefore request that the Court permit the Liquidators to expeditiously brief a motion seeking relief under Rule 37(e).

      The Liquidators have sought electronic communications from the BNP Defendants since August 18, 2021. On March 4, 2022, the BNP Defendants confirmed to the Liquidators that they were in the process of collecting and reviewing electronic communications responsive to the Liquidators' jurisdictional discovery requests. Over the following weeks, the parties agreed to custodians, a redaction protocol, and broad search terms. Yet, the BNP Defendants produced virtually no e-mails. BNPP SSL and BNPP Fortis, which agreed to review over 30 custodians,

---

[1] Two additional BNP entities—BNP Paribas Arbitrage SNC and BNP Paribas Private Bank & Trust Cayman Ltd.—produced certain substantive e-mail communications. The Liquidators are still reviewing this production for completeness and reserve all rights.

[2] The relevant time periods for each search varied between defendants, but generally all encompassed the critical 2004-2008 period.

produced just seven e-mails—five of which appear to be automated messages attaching account statements. The remaining four BNP Defendants produced no e-mails at all and informed the Liquidators that they, in fact, had no custodial data from the relevant period.

The Liquidators sought an explanation for the near non-existence of e-mails in the productions, despite the parties having negotiated and agreed to search electronic custodial files. The BNP Defendants explained that e-mail was purportedly not used at these institutions to discuss the Funds, the at-issue redemptions, or BLMIS during the relevant time periods.[3] The Liquidators know that to be false based upon discovery obtained from third parties, Citco Fund Services Europe ("CFSE") and Fairfield Greenwich Group ("FGG"). This discovery reveals that each of the BNP Defendants engaged in substantive communications with the Funds' manager FGG in New York or its administrator CFSE relating to the at-issue investments in the Funds during the relevant time period. *See* Appendix A (summarizing the exemplary e-mails from each BNP Defendant to FGG or CFSE). As the BNP Defendants are part of one of the largest financial institutions in the world and redeemed tens of millions of dollars from Fairfield, that is not surprising.

On September 20, 2022, the Liquidators sent the BNP Defendants a letter requesting four categories of preservation information: (1) what ESI could have been preserved and what ESI was preserved; (2) when did the BNP Defendants anticipate litigation regarding BLMIS, Fairfield, and/or the Liquidators' Claims; (3) what steps did the BNP Defendants take to preserve documents at the time they anticipated litigation; and (4) can any lost ESI be replaced. *See* Ex. 17. The parties met and conferred on these issues on October 3. The BNP Defendants responded to most of the questions on October 7, explaining in each case that they undertook a thorough search for ESI, but that ESI could not be found or replaced. *See* Ex. 18-23.

The BNP Defendants also informed the Liquidators that each entity had a 10-year data retention policy, and that holds related to this litigation or BLMIS were sent to custodians sometime between 2010 and 2012. *See id.* Thus, the relevant e-mails reflected in Appendix A (all dated between 2003-2008) should have been available when BLMIS was publicly revealed as a fraud in December 2008 (at which point litigation could be reasonably anticipated) and preserved at that time; at a minimum, this ESI should have also been preserved when the BNP Defendants actually distributed litigation holds. The fact that <u>all six</u> of the BNP Defendants failed to produce ESI is evidence of a deliberate decision not to preserve this relevant information.

The Liquidators are prejudiced by the BNP Defendants' spoliation and are entitled to relief. *See, e.g., Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.,* 337 F.R.D. 47 (S.D.N.Y. 2020) (precluding defendant from contesting the receipt of electronic communications that it had spoliated, allowing plaintiff to present evidence of spoliation to the jury, and awarding fees); *see also Moody v. CSX Transportation, Inc.*, 271 F. Supp. 3d 410 (W.D.N.Y. 2017) (finding intent to deprive plaintiff of discovery pursuant to circumstantial evidence and granting an adverse inference where defendant had no credible explanation for the loss of ESI). E-mails are among the best evidence of a defendant's jurisdictional contacts with the United States, as they likely evidence, *inter alia*, the defendant's intent to indirectly invest in the U.S. securities market through

---

[3] One defendant, BNPP Suisse, additionally explained that its employees periodically deleted e-mails at their discretion.

Hon. J. Morris
October 14, 2022

BLMIS and any due diligence activity aimed at the United States. *See, e.g.,* Ex. 1. The Liquidators have been deprived of this and other relevant ESI.[4]

The Liquidators therefore request leave to file a motion under Rule 37(e) to seek formal relief for this prejudice, up to and including a request for an adverse inference concerning the nature and depth of the BNP Defendants' communications with the United States.[5] We ask that a prompt briefing schedule be set so the Court can hear the motion no later than next month's omnibus conference, scheduled for November 16th.

Respectfully submitted,

*/s/ Joshua S. Margolin*

Joshua S. Margolin

---

[4] While productions we have obtained from third parties demonstrate the BNP Defendants' spoliation, they hardly mitigate the Liquidators' prejudice. In many cases, these communications were provided only in printed form and, as such, the Liquidators are not able to access highly relevant attachments (including key diligence of the Funds) nor discern who was blind copied on the communications. *See* Sept. 14 Hr'g Tr. 31:18-21, 33:12-19. Because these partial records are incomplete, they strongly indicate that even more relevant ESI had existed—and would still exist but for the BNP Defendants' preservation failures.

[5] The Liquidators reserve their right to seek discovery, including Rule 30(b)(6) depositions, regarding the destroyed ESI.