# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG • BEIJING
BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL • SILICON VALLEY

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212 225 2243
amackinnon@cgsh.com

October 17, 2022

VIA ECF
The Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
355 Main Street
Poughkeepsie, New York 12601-3315

Re:   In re Fairfield Sentry Ltd. (In Liquidation), Case Nos. 10-3626, 10-3627, 10-3635, 10-3636, 11-1579, 11-1617, 12-1551

Your Honor:

We write on behalf of BGL BNP Paribas S.A., BNP Paribas Securities Services Luxembourg, BNP Paribas (Suisse) SA, BNP Paribas Securities Nominees, Fortis Bank, SA/NV, and BNP Paribas España (collectively, the "BNPP Defendants") in response to the October 14, 2022 letter (the "October 14 Letter") from Joshua Margolin on behalf of Kenneth Krys and Greig Mitchell (the "Liquidators") in the above-captioned actions, which requests a conference to discuss a briefing schedule on the Liquidators' contemplated discovery motion. As discussed below, the BNPP Defendants believe the parties can prepare a briefing schedule without the Court's intervention and that a discovery conference therefore is unnecessary.

As an initial matter, the October 14 Letter presents an incomplete and inaccurate picture of the BNPP Defendants' time-consuming efforts over the last several months to collect, review and produce documents responsive to the limited jurisdictional aspects of the Liquidators' discovery requests, which have resulted in the BNPP Defendants' production of nearly 900 documents. The Liquidators also ignore the months of work the BNPP Defendants have undertaken to respond to the Liquidators' numerous information requests, all on a voluntary basis and often on a highly expedited timeline (all of which now appear to have been intended to gain strategic advantage rather than in furtherance of good faith discussions regarding any potential request for relief). The BNPP Defendants intend to address the Liquidators' contentions more fully in the briefing contemplated by the October 14 Letter and continue to reserve all rights and defenses.

The Honorable Cecelia G. Morris, Esq., p. 2

      As for the substance of the Liquidators' request—which relates solely to the establishment of a briefing schedule—the BNPP Defendants respectfully submit that a conference is not needed.  Had the Liquidators made <u>any</u> effort to meet and confer with the BNPP Defendants on their request for a briefing schedule, a request the BNPP Defendants first learned about at 9PM on Friday when the October 14 Letter was filed, they would have learned that the BNPP Defendants are fully willing to discuss a reasonable schedule for the Liquidators' contemplated motion.  Instead, the Liquidators made the deliberate choice not to confer prior to burdening the Court, in direct contravention of this Court's rules,[1] and despite receiving the BNPP Defendants' last response to their information requests a full week before their Friday night filing (during which they made no inquiries or efforts to communicate their new request for a schedule).  This clear gamesmanship notwithstanding, and as the BNPP Defendants and Liquidators have done on numerous occasions in the past, we expect a schedule can be formulated on a consensual basis.[2]

      Given that the parties have not yet met and conferred on the Liquidators' sole request—to set a briefing schedule—the BNPP Defendants respectfully submit that a discovery conference is premature (and likely unnecessary) and, as a result, request that the Court adjourn the Liquidators' request for a conference pending a further update from the parties as to whether an agreed-upon schedule can be reached.

Respectfully submitted,

*/s/ Ari MacKinnon*

Ari MacKinnon

---

[1] As Your Honor knows, this Court's individual practices require "the party requesting the conference . . . to make a good faith effort to resolve the dispute with opposing counsel and file an affidavit certifying that counsel have conferred."  No such request or certification was made in connection with the October 14 Letter.

[2] Further, had the Liquidators sought to reach agreement before burdening the Court with their request, they would have learned that the Partners leading the BNPP Defendants' defense both will be travelling on Wednesday, including internationally, and will not be available to participate in a conference.