Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

selendy
gay
elsberg

David Elsberg
Partner
212.390.9004
delsberg@selendygay.com

October 17, 2022

**Via ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
355 Main Street
Poughkeepsie, New York 12601-3315

Re:   *Fairfield Sentry Ltd. (In Liquidation)*, Case Nos. 10-ap-03635, 10-ap-03636

Dear Judge Morris:

      We write on behalf of the Fairfield Liquidators to update the Court on the discovery dispute with Defendant Banque Internationale à Luxembourg SA (*f/k/a* Dexia Banque Internationale à Luxembourg) ("BIL").[1] Although the parties met and conferred in person twice since the September 14, 2022 conference, BIL still has refused to answer the bulk of the Liquidators' and the Court's questions. However, based on the limited information BIL has provided orally through counsel, it is clear that BIL failed to undertake reasonable steps to preserve potentially relevant ESI as required by the law in this Circuit. Accordingly, we write in advance of the October 19, 2022 conference to request that the Court (1) compel BIL to comply with the Liquidators' July 28, 2022 Amended Notice of Rule 30(b)(6) Deposition (Ex. A) by producing documents and a corporate representative to testify no later than October 31, 2022, (2) deny BIL's request for leave to move for a protective order against that deposition, and (3) grant the Liquidators leave to move for appropriate relief under Rule 37(e) thereafter.

      Consistent with the Court's guidance, the day after the last conference the Liquidators wrote to BIL seeking a prompt in-person meet and confer on the spoliation issues[2] raised in the Liquidators' pre-motion letter and discussed at the conference.[3] Ex. B (9/15/22 Ltr. from D. Elsberg to J. Butler). When the parties met in-person on September 21st, a week after the court conference, BIL's counsel provided no new information. Instead, counsel reported that he intended to travel to Luxembourg the following week to determine whether BIL possesses any additional documents to produce. Counsel refused to commit to asking his client about what information once existed, but no longer exists. Remarkably, counsel would not even commit to sharing with the Liquidators the information that Your Honor ordered him to obtain, including the reasons why BIL

---

[1] The disputes were raised in the Liquidators' August 11, 2022 letter (10-ap-3636, ECF No. 1004) and BIL's August 12, 2022 letter (10-ap-3636, ECF No. 1006).

[2] The Liquidators specifically asked BIL's counsel to explain (1) what ESI could have been preserved and what ESI was preserved, (2) when BIL anticipated litigation regarding BLMIS, Fairfield, and/or the Liquidators' Claims, (3) what steps BIL took when it anticipated litigation, and (4) whether ESI responsive to the Liquidators' jurisdictional requests exists. *See* Ex. B.

[3] The Liquidators asked to meet the next day, September 16th, but BIL's counsel did not offer to meet until the following week.

Hon. J. Morris
October 17, 2022

failed to produce attachments to hardcopy emails (*see* 9/14/2022 Hr'g Tr. 30:18-32:4), whether BIL possesses relevant metadata (*id.* 32:25-33:2), whether any U.S. contacts were blind copied on relevant emails (*id.* 33:12-18), and "the names of people" at BIL "responsible for retaining the documents" to show a "chain of custody" (*id.* 34:2-35:22). *See* Ex. C at 3 (9/23/2022 Ltr. from D. Flugman to J. Butler). The Liquidators still do not have the answers to most of these questions.

The Liquidators requested several updates over the following weeks, to no avail. The parties met in-person again on October 13, 2022. BIL's counsel informed the Liquidators that his one-day visit to Luxembourg and subsequent discussions with his client revealed:

- BIL's initial effort to collect documents related to BLMIS took place in 2008, but focused on customer information and BIL's investments in feeder funds other than Fairfield.

- The only litigation hold relevant to this action or Fairfield generally was issued by BIL's in-house counsel on November 25, 2010. Of the six individuals listed on BIL's amended Rule 26(a) disclosures as persons likely to possess discoverable information, only four received this litigation hold.

- BIL did not have automatic deletion, roll-off, or archiving policies during the relevant time; however—

- Individual BIL employees were generally permitted to delete ESI (including emails) from BIL's servers, <u>including</u> employees subject to the litigation hold.

- When the hold was issued, BIL took <u>no</u> institution-wide steps to archive or otherwise preserve ESI, instead leaving it to each individual employee to decide for him or herself whether to comply with the hold and what information to retain.

- Even after the hold was issued, if any employee subject to the hold left the bank, BIL took <u>no steps</u> to preserve their ESI.

Based on this information, the Liquidators believe that BIL failed to take reasonable steps and monitor efforts to preserve electronically stored information when it was obligated to do so under the Federal Rules of Civil Procedure.[4] BIL concedes that it now does not possess any relevant ESI, *see* Ex. D,[5] though it continues to search.[6] There is no question that BIL could have

---

[4] *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004) ("A party's discovery obligations do not end with the implementation of a 'litigation hold'—to the contrary, that's only the beginning. Counsel must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents. Proper communication between a party and her lawyer will ensure (1) that all relevant information (or at least all sources of relevant information) is discovered, (2) that relevant information is retained on a continuing basis; and (3) that relevant non-privileged material is produced to the opposing party.")

[5] BIL refused to provide any information to the Liquidators in its first Rule 26(a) disclosures, served on October 27, 2021. Upon repeated request from the Liquidators, BIL amended its Rule 26(a) disclosures to the Liquidators only six days ago, on October 11, 2022. These disclosures confirm BIL does not have custody of any electronically stored information. *See* Ex. D at 4.

[6] At this parties' October 13th meet and confer, BIL's counsel revealed that additional searches have unearthed a backup tape from July 2011 that *might* contain relevant emails with external (but

2

Hon. J. Morris
October 17, 2022

preserved this evidence if only it had acted reasonably. Moreover, BIL's counsel has refused to provide any of the above factual information in writing.

The Liquidators further asked BIL's counsel to confirm by October 14, 2022: (1) what happened to existing email files for relevant custodians who have since left BIL? (2) whether there is any reason to believe that the two relevant custodians still employed by BIL, who do not possess any emails from the 2005-2008 time period, *did not* discretionarily delete emails pursuant to BIL's policies; and (3) whether, during the relevant time period, BIL had any policy for saving the files of employees who leave the bank, and whether that policy differed for employees subject to the November 2010 litigation hold. Ex. E (10/13/22 email from A. Nemetz to J. Butler). BIL's counsel has not responded.

The Liquidators thus seek a Rule 30(b)(6) deposition and a limited production of documents related to BIL's preservation efforts, as outlined in the Notice attached as Exhibit A, and as this Court suggested during the last conference. *See* 9/14/22 Hr'g Tr. 29:4-12 (MR BUTLER: "Electronic -- we don't have --" …THE COURT: "Well, then if you don't have it, then you do need a 30(b)(6). You do need somebody testifying to where it is and what's going on. If you can't produce it, then you need somebody testifying to it. You need a deposition on it."); 31:11-13 (THE COURT:… "[Y]ou're saying that information doesn't exist. So, then that does instantly equal having a Rule 30(b)(6) deposition."). The Liquidators request that the Court order the deposition to take place by October 31, 2022, and deny BIL's request for leave to move for a protective order which, for the reasons outlined at the September 14th conference, is wholly without merit. The Liquidators further request that the Court grant them leave to move for appropriate relief under Rule 37(e) within a reasonable time after the deposition has concluded.

The Liquidators remain available at the Court's convenience to answer any questions Your Honor may have in advance of the October 19th conference.

Respectfully submitted,

*/s/ David Elsberg*

David Elsberg

---

not internal) parties. BIL has just begun review of this file and the parties will discuss production of relevant materials, if any, uncovered in this review. Separately, BIL has identified client agreements and account statements responsive to the Liquidators' discovery requests, which we understand it is preparing to produce.

3