# Exhibit B

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

selendy
gay
elsberg

**David Elsberg**
Partner
212.390.9004
delsberg@selendygay.com

September 15, 2022

<u>Via Email</u>

Jeff E. Butler
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
jeff.butler@cliffordchance.com

Re:   *In re Fairfield Sentry Ltd (In Liquidation)*, Case Nos. 10-ap-3635, 10-ap-3636

Dear Mr. Butler:

Pursuant to Judge Morris's order at the September 14, 2022 conference, that the parties are to meet and confer regarding Banque Internationale à Luxembourg SA's f/k/a Dexia Banque Internationale à Luxembourg ("BIL") efforts to preserve electronically stored information that may be relevant to BIL's challenge to personal jurisdiction in these cases, the Liquidators are prepared and available to meet and confer this Monday, September 19, 2022, at our offices.

When the parties meet and confer, the Liquidators request that BIL be prepared to answer the following questions pursuant to Rule 37(e), consistent with the discussion at the September 14th conference before Judge Morris, the Liquidators' requests for information raised since May 2022, and your obligations to preserve and investigate sources of responsive electronically stored information ("ESI"):

1) **What ESI Could Have Been Preserved And What ESI Was Preserved?**

    a) What types of ESI did BIL create or control during the relevant time period (2000-2008)?

    b) Which BIL employees were responsible for communicating or participated in communications with BLMIS or Fairfield Greenwich Group during the relevant time period (2000-2008)? What were their titles during the relevant time period? Do they still work at BIL or are they otherwise within BIL's control?

    c) Will BIL produce organizational charts for the relevant time period?

Jeff E. Butler
September 15, 2022

    d) What were BIL's ESI preservation policies during the relevant time period (2000-2008) and will BIL produce records sufficient to show the terms of those policies?

    e) What repositories containing ESI from the relevant time period (2000-2008) are currently maintained by BIL? What types of ESI are stored in each repository? Will BLI search each repository for relevant ESI responsive to the Liquidators' jurisdictional discovery requests?

**2) When Did BIL Anticipate Litigation Regarding BLMIS, Fairfield, and/or the Liquidators' Claims?**

    a) When and how did BIL learn that BLMIS had been publicly revealed as a fraud?

    b) When and how did BIL receive notice that the Liquidators were pursuing claims against BIL?

    c) When, if ever, did BIL adjust its standard document preservation policies to preserve evidence related to (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions?

**3) What Steps Did BIL Take at the Time It Anticipated Litigation?**

    a) When, if ever, did BIL issue a litigation hold regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions? Which BIL employees or custodians were subject to any such litigation hold? Please identify all counsel involved, if any, in issuing any such litigation hold and all persons responsible for overseeing implementation of the hold instructions.

    b) What were the types and sources of ESI covered by the litigation hold(s), if any, regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions? What steps were BIL employees directed to take to preserve ESI pursuant to these holds? Will BIL produce the applicable litigation holds?

    c) Were the following custodians (who were identified in Amy Nemetz's May 31, 2022 email) subject to litigation holds during the relevant time period (2000-2008)? If so, which of these custodians were subject to the holds and for what time periods?

- Audrey Zielkowski
- Barbara Doering
- Chantal Reyter
- Jeannot Reiter
- Karine (no last name listed – see BIL000011)
- Linda Bernard

2

Jeff E. Butler
September 15, 2022

- Marco Mersch
- Maria Totaro
- Marie-Anne Salentiny
- Marie-Claire Meyers
- Marie-Rose Biver
- Michelle Hawe
- Monique Kutten
- Sabine Van Zanten
- Sabrina Tosti
- Sandy Goergen
- Valerie (no last name listed – see BIL000030)

d) Why were the email inboxes for the custodians listed in 3(c) deleted or destroyed? When did this occur? Were any such inboxes preserved or backed up?

e) What additional steps, outside of those documented in litigation holds, did BIL undertake to preserve ESI regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions, and when such steps were taken?

4) **Is ESI Available That Is Responsive to the Liquidators' Jurisdictional Requests, and How Does BIL Know?**

a) What steps did you take to investigate sources of ESI responsive to the Liquidators' jurisdictional discovery requests? What facts were the basis for the conclusions in (i) your July 12, 2022 email that BIL's preservation efforts in late 2010 "did not include keeping all pre-2008 email files" and (ii) in your August 2, 2022 email that "it is highly unlikely that any email from 2007 or before would have been available from an individual employee's email box in late 2010"?

b) Which BIL employees, if any, did you interview regarding their exchange of electronic communications or possession of ESI reflecting communications between BIL and BLMIS, Fairfield Greenwich Group, and/or Sentry?

5) **Who are the relevant individuals at BIL who have personal knowledge of the facts responsive to the above questions 1-4 and their subparts, and what are their titles?**

Further to these questions, the Liquidators request that BIL revise its responses to the Liquidators' interrogatories, which remain facially deficient, to reflect the knowledge you have gathered in investigating these questions and identifying relevant persons. In particular, the Liquidators' Interrogatory Nos. 1, 2, 10, 12, and 13 seek information that is highly relevant to potentially locating communications central to the personal jurisdiction inquiry. To the extent BIL refuses to amend its interrogatories, we ask that you be prepared to identify with specificity how each interrogatory "seeks information beyond that allowed by Bankruptcy Local Rule 7033.1."

2

Jeff E. Butler
September 15, 2022

2

      We look forward to a productive discussion in the hopes of amicably resolving these issues without further burdening the Court.  Please confirm your availability to meet in person at our offices on Monday, September 19th.

Sincerely,

*/s/ David Elsberg*

David Elsberg