# Exhibit C

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

\selendy
\gay
\elsberg

David S. Flugman
Partner
212.390.9052
dflugman@selendygay.com

September 23, 2022

<u>Via E-mail</u>

Jeff E. Butler
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
jeff.butler@cliffordchance.com

**Re:** ***In re Fairfield Sentry Ltd (In Liquidation)*, Case Nos. 10-ap-3635, 10-ap-3636**

Dear Counsel:

I write as a follow-up to our September 21, 2022 in-person meet and confer, pursuant to Judge Morris's September 14, 2022 order, to memorialize our discussion and the open issues the Liquidators intend to address at our next meeting, scheduled for October 4, 2022.

## I.    The Parties' September 21, 2022 Meet and Confer

During the meet and confer, you agreed to undertake certain inquiries we memorialize in Section A below. While we appreciate you making these inquiries now, as we have noted for you and for the Court, we consider these to be basic inquiries that should have been undertaken months ago as part of any reasonable investigation into whether your client, Banque Internationale à Luxembourg SA f/k/a Dexia Banque Internationale à Luxembourg ("<u>BIL</u>"), possesses additional evidence responsive to the Liquidators' jurisdictional discovery requests and, if any evidence no longer exists (including custodial email PST files), why that is the case.

The Liquidators remain concerned by your repeated insistence that information that in our view goes to the heart of Rule 37(e) and the preservation or availability of discovery—such as the information responsive to the questions outlined in our September 15, 2022 letter, including what relevant documents and communications existed at BIL which no longer exist, and why that is the case—would only be answered by a Rule 30(b)(6) deponent. As we stated during the

Jeff E. Butler
September 23, 2022

meet and confer, the Liquidators see no good reason why you should be unable to share information you have learned in discussions with your clients with us. Contrary to your position, this is not for the purposes of eliciting evidence or admissible testimony, but rather it is to inform whether the Liquidators need to further burden the Court with requests for assistance in obtaining basic information about why relevant information no longer exists so that, if necessary, the Court may fashion an appropriate remedy.

At the same time as saying this information is only obtainable by a Rule 30(b)(6) deponent, BIL continues to maintain that the Court should grant a protective order to preclude a deposition on the basis that it would be beyond the scope of jurisdictional discovery. Put simply, your client's position is that the Liquidators are not entitled to this information at this time, full stop. That is not a position the Liquidators can or will accept. To the extent that you remain unwilling to share information sufficient to substantiate what happened to evidence that you agree no longer exists, the Liquidators will be left with no choice but to ask the Court to order a Rule 30(b)(6) depositions. *See* Sept. 14, 2022 Hr'g Tr. 31:9-13 ("[W]hen I listened to Ms. Nemetz it was like, make sure that you have that information too. And then you're saying that information doesn't exist. So, then that does instantly equal having a Rule 30(b)(6) deposition.").

The Liquidators also are surprised that while you have committed to looking for the information Judge Morris specifically directed you to find, you have not committed to sharing that information with the Liquidators. Pursuant to our conference before Judge Morris, the Liquidators expect that you will provide the factual information uncovered by your investigation of the issues before the parties, including (i) listing the individuals from whom you receive information in order to provide a "chain of custody" over documents that had existed in 2007, *see id.* at 34:15-21; (ii) providing answers as to whether the emails produced to us from hard copy printouts contained BCCs, and if so, whether those BCCs were to persons in the United States, *see id.* at 33:12-18; (iii) whether the attachments that appear to have been attached to those emails were produced and, if not, where they are, *see id.* at 31:18-21; and (iv) disclosing the substance those BIL employees' recollections about BIL's document retention and storage policies. *See id.* at 32:24-35, 33:1-6.

### A.    Information You Agreed to Provide or Further Investigate

At our meet and confer, you stated that, since the September 14 court conference, you have reviewed BIL's document productions to date and identified potentially relevant custodians based on these documents. You informed the Liquidators that you will investigate the preservation of documents and communications from the following five (of seventeen total) custodians identified in our May 31, 2022 email and September 15, 2022 letter: Chantal Reyter, Jeannot Reiter, Maria Totaro, Marie-Anne Salentiny, and Marie-Claire Meyers.

2

Jeff E. Butler
September 23, 2022

You also identified Gianni Baldinucci as another potential custodian because he was the account manager responsible for this redemption. You further agreed to determine whether custodial files for Arnaud Laffalize and Roland Goffette (*see* BIL_000503) were preserved and whether they might be relevant custodians.

During your visit to Luxembourg the week of September 26, 2022, you agreed to investigate whether any of the aforementioned individuals are still current employees; and, for those who are current employees, (i) inform the Liquidators who those are, (ii) inquire as to their individual document and email retention practices, and (iii) inquire what documents they had at the time of the collapse of BLMIS and whether they set aside documents at that time or following their receipt of a litigation hold. You further agreed to inquire generally about whether emails from 2007-2008 belonging to any of the potential custodians we have identified would have been available in 2010,[1] and whether such emails or other communications were stored in any locations that have not yet been searched. You stated that this would include a discussion with the person in charge of document preservation at BIL during the relevant time period, pursuant to Judge Morris's order.

You also agreed to amend BIL's Rule 26(a) to provide the information called for under that Rule, including the names of all individuals who may possess relevant information along with the contact information for any individual no longer employed by BIL, and the types and repositories of potentially relevant information in BIL's possession, custody, or control. We ask that you provide those amended Rule 26(a) disclosures no later than **Friday, September 30**, so that we can review them in advance of the parties' next meet and confer on October 4.

### B.   Information You Have Refused to Provide or Investigate

There were a number of the Liquidators' requests or questions that we understand you to be refusing to answer, at least at this time.

- You stated that you would <u>not</u> provide written responses to the questions in the Liquidators' September 15, 2022 letter on the ground that, in your view, questions regarding preservation were more appropriate for a Rule 30(b)(6) deposition.

- Despite refusing to provide certain answers outside the context of a Rule 30(b)(6) deposition, you refused to withdraw your August 12, 2022 request for leave to file a motion to seek a protective order as

---

[1] The Liquidators requested that you ask this question not just as of late 2010, when you represent that your client put a document hold in place, but also as of December 2008, when the Madoff Ponzi scheme came to be known to the entire world.

3

Jeff E. Butler
September 23, 2022

> to the Liquidators' July 21, 2022 Rule 30(b)(6) notice. You further confirmed that your client is refusing to participate in such a deposition, absent court order, on the sole ground that information on preservation "goes well beyond the proper scope of jurisdictional discovery." *See* 10-ap-3636, Dkt. 1006 at 2.

Furthermore:

- You have not yet agreed to provide the Liquidators with the litigation hold(s) that were sent to BIL employees and the names of the employees who received the litigation hold(s). The Liquidators maintain that this information is central to understanding why relevant information no longer exists.

- You have not yet agreed to investigate whether there is any basis to believe that any of the custodians listed in the Liquidators' May 31, 2022 e-mail and September 15, 2022 letter—or any other BIL employees—communicated with BLMIS, Fairfield, or the Fairfield Greenwich Group. These questions are central to whether BIL purposefully directed activity into the United States.

- You did not agree to inquire with your client whether the six proposed custodians were the most appropriate and relevant to the personal jurisdiction requests. This is baffling, as you indicated to us that the way you selected these custodians for further investigation was by looking at the documents you produced—and not by asking people with knowledge at BIL whether the proposed custodians would, in fact, be the most likely to have relevant information.

- You categorically refused to tell us what documents and communications relevant to personal jurisdiction existed (in 2005, 2007, 2008, or 2010) but were not preserved. You further objected to explaining how or why these documents were not preserved, on the grounds that such statements would be "building a spoliation case for [the Liquidators]." For all the reasons stated above, on the record at the September 14th hearing, and in our previous letters, the Liquidators believe that they are plainly entitled to this information.

Finally, and for the avoidance of doubt, Liquidators maintain that the five questions posed in their September 15, 2022 letter, including subparts, should be asked of your client, investigated, and responded to promptly.

## II.    Responses to the Liquidators' Supplemental Discovery Requests

During the September 21, 2022 meet and confer, you stated that BIL has found documents relevant to the Liquidators' supplemental requests for production. Specifically, you have located an account agreement with the BIL client

4

Jeff E. Butler
September 23, 2022

on whose behalf BIL acted in redeeming the Sentry shares at issue in these cases. You also identified account statements reflecting the fees BIL charged this client for its services during 2005-2007. You stated that you are still considering whether to produce these materials.

To be clear, the Liquidators' position is that these documents are relevant to the personal jurisdiction issues raised in BIL's motion to dismiss and that they should be produced promptly. We ask that BIL produce these documents by no later than **Friday, September 30** so we can review them and, if necessary, discuss their substance during the October 4 meet and confer.

* * *

Finally, we renew the request in our September 15, 2022 letter that BIL amend its interrogatory responses, which remain facially deficient, in particular, Interrogatory Nos. 1, 2, 10, 12, and 13. BIL is obligated under Rule 26(e) to update its discovery disclosures to account for newly acquired information. To the extent BIL refuses to amend its interrogatory responses, we ask that you identify with specificity how each interrogatory "seeks information beyond that allowed by Bankruptcy Local Rule 7033.1." Please provide amended interrogatory responses no later than **Friday, September 30.**

Sincerely,

*/s/David S. Flugman*

David S. Flugman
Partner

5