UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>       Debtor in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>THEODOOR GGC AMSTERDAM, et al.,<br><br>       Defendants. | Adv. Pro. No. 10-03496 (CGM) |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>       Defendants. | Adv. Pro. No. 10-03635 (CGM) |

## MOTION TO FILE UNDER SEAL THE STIPULATION

BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP Paribas (Suisse) SA Private (the "BNPP Defendant") respectfully moves pursuant to Local Bankruptcy Rule 9018-1 (the "Sealing Motion") for leave to file under seal the Stipulation (the "Stipulation"). The Stipulation will be delivered to the Clerk's Office.

The Stipulation governs the production of certain sensitive documents, and disclosure thereof would necessarily reveal the nature of the documents at issue. Federal courts have noted that "[n]otwithstanding the presumption of access under both the common law and the First

Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework . . . so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017). In this case, sealing the Stipulation furthers other substantial interests as the text of the Stipulation itself sets out.

All parties to the Stipulation consent to the sealing. The BNPP Defendant requests the Court to permit the Liquidators to have access to the Stipulation filed under seal. The BNPP Defendant also requests that the Court permit the seal to last for the duration of the action, at which point the BNPP Defendant will retrieve the documents under seal.

Accordingly, the BNPP Defendant respectfully requests that the Court grant its Sealing Motion permitting it to seal the Stipulation. A proposed order to that effect has been submitted to eOrders, consistent with this Chambers' Rules, along with a proposed consent order so-ordering the Stipulation.

Dated: December 1, 2022
New York, New York

Respectfully submitted,

*/s/ Lisa M. Schweitzer*
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Lisa M. Schweitzer
Ari D. MacKinnon
Thomas S. Kessler
One Liberty Plaza
New York, NY 10006
Telephone: 212-225-2000

lschweitzer@cgsh.com
amackinnon@cgsh.com
tkessler@cgsh.com

*Counsel for BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP Paribas (Suisse) SA Private*