UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>           Debtor in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>           Plaintiffs,<br><br>           v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>           Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>           Plaintiffs,<br><br>           v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>           Defendants. | Adv. Pro. No. 10-03636 (CGM) |

**JOINT MOTION TO FILE UNDER SEAL MOTION FOR SANCTIONS AND CERTAIN EXHIBITS**

Kenneth M. Krys and Greig Mitchell (the "Liquidators"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds" or the "Fairfield Funds"), and Defendant, Banque Internationale à Luxembourg SA (*f/k/a* Dexia Banque Internationale à Luxembourg) ("BIL") (together "the Parties") in the above-captioned action respectfully

jointly move pursuant to Local Bankruptcy Rule 9018-1 and the Parties' so-ordered Stipulation and Confidentiality Agreement and Protective Orders ("Protective Orders") entered in *Fairfield Sentry Limited (In Liquidation) v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03636, Dkt. 918 ¶ 12 (Bankr. S.D.N.Y. February 16, 2022) and *Fairfield Sentry Limited (In Liquidation) v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03635, Dkt. 849 ¶ 12 (Bankr. S.D.N.Y. February 16, 2022), for an Order permitting the Parties to file under seal the (i) Liquidators' Motion for Sanctions ("Motion for Sanctions"), and (ii) Exhibits 1–6, 8, 10–12-1, 19–21 to the Declaration in support of that Motion which have been designated as "Confidential." The documents submitted for sealing are submitted herewith.

The Motion for Sanctions relies, in part, on documents designated by third parties as "Confidential" under the Protective Orders, as set forth in the Declaration in Support of the Motion for Sanctions. As such, the Liquidators seek to file those documents under seal pursuant to paragraph 12 of the Protective Orders. The Liquidators reserve the right to later challenge these confidentiality designations pursuant to the Protective Orders. Protective Orders at ¶ 4.

The Liquidators' Motion for Sanctions also relies on the transcript of the December 14, 2022 30(b)(6) deposition of BIL's corporate designee, Herman Dewitte ("Deposition Transcript"), attached to the Declaration in support of the Motion for Sanctions as Exhibit 1 thereto. Pursuant to the Protective Orders, that deposition transcript is presumptively treated as "Confidential" for the later of (i) a period of thirty days after a final transcript of the deposition in the action is received by counsel for each of the Parties or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under the applicable rules (as may be extended by agreement). Protective Orders at ¶ 9. While BIL has not yet indicated what portions, if any, of the deposition transcript it intends to designate as "Confidential," the Liquidators have reviewed

2

the transcript and do not believe that any portion the transcript should be so designated; the Liquidators expressly reserve their right to move for an order declassifying the transcript as "Confidential" if the parties are not able to resolve any dispute that the parties may have once BIL makes any confidentiality designations through the meet-and-confer process. Protective Orders at ¶ 4 (process to declassify designated material); *see In re Anthracite Capital, Inc.*, 492 B.R. 162, 179 (2013) (Morris, B.J.) ("reputational harm and embarrassment" are not the sort of competitive harms that justify sealing). BIL reserves the right to oppose any such motion to declassify.

Nevertheless, because the Protective Orders require that any party intending to refer to "Confidential" material in briefing must request that the court seal that material, Protective Orders ¶ 12, the Liquidators hereby request that the Court seal the Motion for Sanctions, and the Exhibits to the Declaration in support of that Motion that have been designated "Confidential" by Defendants or third parties. BIL joins in that motion.

The Parties respectfully request that the Court grant this Sealing Motion. The Parties also respectfully request permission to file copies of sealed documents with the Clerk of Court through electronic means, rather than in hard copy. A proposed order to that effect has been submitted to eOrders, consistent with this Chambers' Rules.

| | |
|---|---|
| Dated: New York, NY<br>January 20, 2023 | Respectfully submitted, |
| | By:   */s/ David Elsberg*<br>SELENDY GAY ELSBERG PLLC |

David Elsberg
Maria Ginzburg
Lena Konanova
David S. Flugman
Joshua S. Margolin
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212-390-9000
delsberg@selendygay.com
mginzburg@selendygay.com
lkonanova@selendygay.com
dflugman@selendygay.com
jmargolin@selendygay.com

-and-

BROWN RUDNICK LLP

David J. Molton
Marek P. Krzyzowski
Seven Times Square
New York, NY 10036
Telephone: 212-209-4800
dmolton@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Attorneys for Plaintiffs Foreign Representatives*

Dated: New York, NY
January 20, 2023

                CLIFFORD CHANCE US LLP

By: */s/ Jeff E. Butler*
Jeff E. Butler
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
jeff.butler@cliffordchance.com

*Attorneys for Defendant Banque Internationale à Luxembourg SA (f/k/a Dexia Banque Internationale à Luxembourg)]*