UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LIMITED, et al., | Case No. 10-13164 (CGM) |
|     Debtor in Foreign Proceedings. | Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | |
|     Plaintiffs, | Adv. Pro. No. 10-03635 (CGM) |
| v. | |
| ABN AMRO SCHWEIZ AG, et al., | |
|     Defendants. | |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | |
|     Plaintiffs, | Adv. Pro. No. 10-03636 (CGM) |
| v. | |
| ABN AMRO SCHWEIZ AG, et al., | |
|     Defendants. | |

**DECLARATION OF DAVID S. FLUGMAN IN SUPPORT OF THE LIQUIDATORS' MOTION FOR SANCTIONS UNDER RULE 37(e) AGAINST BANQUE INTERNATIONALE À LUXEMBOURG SA**

    I, David S. Flugman, do hereby declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct to the best of my knowledge and belief:

1.      I am a member of the law firm of Selendy Gay Elsberg PLLC, counsel for Kenneth M. Krys and Greig Mitchell (together, the "Liquidators") in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation). I submit this Declaration in support of the Liquidators' motion for sanctions against Banque Internationale à Luxembourg SA ("Defendant") under Federal Rule of Civil Procedure 37(e) as made applicable to this proceeding by Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Motion"), filed contemporaneously herewith.

2.      Unless otherwise noted, all exhibits attached to this declaration have been filed under seal pursuant to the pending Joint Motion to File Under Seal Motion for Sanctions and Certain Exhibits filed contemporaneously herewith.

3.      Attached as Exhibit 1 is a true and correct copy of the transcript of the Rule 30(b)(6) Deposition of Banque Internationale à Luxembourg SA, dated December 14, 2022 (the "Rule 30(b)(6) Deposition").

4.      Attached as Exhibit 2 is a true and correct copy of the "transaction file" as compiled by Defendant, with various dates, which was produced to the Liquidators by Defendant as BIL000001, and marked as Exhibit 3 to the Rule 30(b)(6) Deposition.

5.      Attached as Exhibit 3 is a true and correct copy of an email exchange, dated June 18, 2004, which was produced to the Liquidators by non-party Citco Fund Services ("Citco") as ANWAR-C-ESI-00147641, and marked as Exhibit 4 to the Rule 30(b)(6) Deposition.

6.      Attached as Exhibit 3-1 is a true and correct copy of an attachment to Exhibit 3, dated July 1, 2003, which was produced to the Liquidators by non-party Citco as ANWAR-C-ESI-00147643.

7. Attached as <u>Exhibit 4</u> is a true and correct copy of an email exchange, dated July 18, 2007, which was produced to the Liquidators by non-party Citco as ANWAR-C-ESI-00602905, and marked as Exhibit 5 to the Rule 30(b)(6) Deposition.

8. Attached as <u>Exhibit 4-1</u> is a true and correct copy of an attachment to <u>Exhibit 4</u>, undated, which was produced to the Liquidators by non-party Citco, as ANWAR-C-ESI-00602912.

9. Attached as <u>Exhibit 4-2</u> is a true and correct copy of an attachment to <u>Exhibit 4</u>, dated October 1, 2004, which was produced to the Liquidators by non-party Citco as ANWAR-C-ESI-00602913.

10. Attached as <u>Exhibit 5</u> is a true and correct copy of an email exchange, dated August 11, 2006, which was produced to the Liquidators by non-party Fairfield Greenwich Group ("<u>FGG</u>") as FG-00264536, and marked as Exhibit 7 to the Rule 30(b)(6) Deposition.

11. Attached as <u>Exhibit 6</u> is a true and correct copy of an email exchange, dated August 10, 2006, which was produced to the Liquidators by non-party Citco as ANWAR-CFSE-00798374, and marked as Exhibit 6 to the Rule 30(b)(6) Deposition.

12. Attached as <u>Exhibit 7</u> is a true and correct copy of a Bloomberg article entitled "The Madoff Case Could Reel in Former Investors," dated December 31, 2008, and marked as Exhibit 14 to the Rule 30(b)(6) Deposition. The Liquidators are filing Exhibit 7 on the docket and not under seal.

13. Attached as <u>Exhibit 8</u> is a true and correct copy of an email exchange, dated February 17, 2009, which was produced to the Liquidators by non-party FGG as SECSEV3323285, and marked as Exhibit 15 to the Rule 30(b)(6) Deposition.

14. Attached as <u>Exhibit 9</u> is a true and correct copy of a privilege log, contained in an email dated January 19, 2023. The Liquidators are filing Exhibit 9 on the docket and not under seal.

15. Attached as <u>Exhibit 10</u> is a true and correct copy of a litigation hold memo, dated November 25, 2010, which was produced to the Liquidators by Defendant as BIL000533, and marked as Exhibit 19 to the Rule 30(b)(6) Deposition.

16. Attached as <u>Exhibit 11</u> is an English language version of a true and correct copy of an archive management policy, dated June 20, 2003, which was produced to the Liquidators by Defendant as BIL000521, accompanied by a certificate of translation from the original French version, all of which was marked as Exhibit 11 to the Rule 30(b)(6) Deposition. The original French language version has been attached hereto as <u>Exhibit 11-1</u>, and was marked as Exhibit 10 to the Rule 30(b)(6) Deposition.

17. Attached as <u>Exhibit 12</u> is an English language version of a true and correct copy of an email exchange, dated September 9, 2022, which was produced to the Liquidators by Defendant as BIL000534, accompanied by a certificate of translation from the original French version, all of which was marked as Exhibit 18 to the Rule 30(b)(6) Deposition. The original French language version is attached hereto as <u>Exhibit 12-1</u>, and was marked as Exhibit 17 to the Rule 30(b)(6) Deposition.

18. Attached as <u>Exhibit 13</u> is a true and correct copy of Defendant's amended Rule 26(a) disclosures, dated October 11, 2022. The Liquidators are filing Exhibit 13 on the docket and not under seal.

19. Attached as <u>Exhibit 14</u> is a true and correct copy of Defendant's initial Rule 26(a) disclosures, dated October 28, 2021. The Liquidators are filing Exhibit 14 on the docket and not under seal.

20. Attached as <u>Exhibit 15</u> is a true and correct copy of Plaintiffs' First Request for Production of Documents to BIL, dated September 14, 2021. The Liquidators are filing Exhibit 15 on the docket and not under seal.

21. Attached as <u>Exhibit 16</u> is a true and correct copy of a transcript of the status conference held before this Court in the above-captioned adversary proceeding, dated September 14, 2022. The Liquidators are filing Exhibit 16 on the docket and not under seal.

22. Attached as <u>Exhibit 17</u> is a true and correct copy of a transcript of the status conference held before this Court in the above-captioned adversary proceeding, dated October 19, 2022. The Liquidators are filing Exhibit 17 on the docket and not under seal.

23. Attached as <u>Exhibit 18</u> is a true and correct copy of Plaintiffs' Amended Notice of Rule 30(b)(6) Deposition to Defendant, dated July 28, 2022, and marked as Exhibit 1 to the Rule 30(b)(6) Deposition. The Liquidators are filing Exhibit 18 on the docket and not under seal.

24. Attached as <u>Exhibit 19</u> is a true and correct copy of an email exchange, dated June 8, 2005, which was produced to the Liquidators by non-party FGG as FG-00188318, and marked as Exhibit 8 to the Rule 30(b)(6) Deposition.

25. Attached as <u>Exhibit 20</u> is a true and correct copy of an email exchange, dated June 9, 2005, which was produced to the Liquidators by non-party FGG as FG-01318797, and marked as Exhibit 9 to the Rule 30(b)(6) Deposition.

26. Attached as <u>Exhibit 21</u> is a true and correct copy of seven attachments to <u>Exhibit 20</u>, with various dates, which was produced to the Liquidators by non-party FGG as FG-01318799.

Dated:  New York, New York
        January 20, 2023

                                          /s/        *David S. Flugman*
                                                     David S. Flugman