# Exhibit 15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 Case |
| FAIRFIELD SENTRY LIMITED, et al., | Case No. 10-13164 (CGM) |
| Debtor in Foreign Proceedings. | Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | Adv. Pro. No. 10-03496 (CGM) |
| Plaintiffs, | Administratively Consolidated |
| v. | |
| THEODOOR GGC AMSTERDAM, et al., | |
| Defendants. | |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | Adv. Pro. No. 10-03635 (CGM) |
| Plaintiffs, | |
| v. | |
| ABN AMRO SCHWEIZ AG, et al., | |
| Defendants. | |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., | Adv. Pro. No. 10-03636 (CGM) |
| Plaintiffs, | |
| v. | |
| ABN AMRO SCHWEIZ AG, et al., | |
| Defendants. | |

# PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEXIA BANQUE INTERNATIONAL A LUXEMBOURG

Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034, and Federal Rules of Civil Procedure 26 and 34 made applicable thereby, Liquidators request that Defendant Dexia Banque International A Luxembourg ("<u>Defendant</u>" and together, with Liquidators, "<u>Parties</u>") produce for inspection and copying the Documents listed in these Requests, to Plaintiffs' attorneys, Selendy & Gay PLLC, at 1290 Avenue of the Americas, New York, NY 10104, within 30 days of being served or at a time and place mutually agreed by the Parties or ordered by the Court.

## DEFINITIONS

1.  The singular form of a word includes the plural, and vice versa.

2.  Any tense of a verb includes all tenses.

3.  Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.  Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; and (c) any other person or entity acting or purporting to act on behalf of (a) or (b).

5.  "<u>All</u>," "<u>any</u>," and "<u>each</u>" mean any and all.

6.  "<u>And</u>" and "<u>or</u>" are construed both conjunctively and disjunctively.

2

7. "BLMIS" means Bernard L. Madoff Investment Securities LLC, including the funds and accounts under its custody or management.

8. "Brokerage & Custody Agreements" means the agreements that You entered with the Citco Subscribers in connection with Your subscriptions in the Funds.

9. "Citco Subscriber" or "Citco Subscribers" means CGC NA; Citco Bank Nederland N.V.; Citco Bank Nederland N.V. Dublin Branch, and Citco Banking Corporation N.V., individually or collectively, and their subsidiaries, affiliates, predecessors, successors, and assignees.

10. "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

11. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

12. "Document" means "document" and "electronically stored information" as defined in Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate document within the meaning of this term.

13. "Electronically stored information" means "electronically stored information" as defined in Federal Rule of Civil Procedure 34.

14. "Fund" or "Funds" means Sentry, Sigma, and Lambda, individually or collectively.

15. "Identify" means (a) with respect to Persons, to give, to the extent known, the Person's full name, present or last known address and contact information, and when referring to a natural person, additionally, the present or last

3

known place of employment and the place of employment during the relevant time period; (b) with respect to Documents, either (i) to give, to the extent known, the (A) type of document; (B) general subject matter; (C) date of the Document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the Documents, together with sufficient identifying information to satisfy Federal Rule of Civil Procedure 33(d).

16. "Including" means including but not limited to.

17. "Lambda" means Fairfield Lambda Limited (In Liquidation).

18. "Liquidator" or "Liquidators" means Kenneth M. Krys and Greig Mitchell, individually or collectively, in their capacities as the duly appointed Liquidators and Foreign Representatives of the Funds.

19. "Person" means a natural person or legal entity including any business or governmental entity or association.

20. "Regarding" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, touching upon, a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

21. "Request" means any of these Requests for Production.

4

22. "Sentry" means Fairfield Sentry Limited (in Liquidation).

23. "Sigma" means Fairfield Sigma Limited (In Liquidation).

24. "Subscription Agreement" or "Subscription Agreements" means the agreements between the Citco Subscribers and the Funds pursuant to which the Citco Subscribers subscribed for shares of the Funds.

25. "You" or "Your" means Defendant, as well as Your officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, predecessors, successors, or assignees.

## INSTRUCTIONS

1. These Requests seek production of material in Your possession, custody, or control.

2. These Requests seek production of nonprivileged material.

3. For each Request, either state that You will produce the requested material or state with specificity the grounds for objecting to the Request, including the reasons.

4. If You object to all or part of a Request, state whether You are withholding any responsive material based on that objection.

5. If You object to part of a Request, specify the part and state that You will produce documents responsive to the rest.

6. If You withhold responsive information by claiming that the information is privileged or subject to protection as trial-preparation material, expressly make the claim and describe the nature of the information privileged or protected in a manner that, without revealing information itself privileged or protected, will enable

5

Plaintiffs to assess the claim. For each Document You withhold as privileged, provide in writing (a) the type of document (e.g., letter or memorandum); (b) the general subject matter of the Document; (c) the date of the document; (d) the author, addresses, and any other recipients of the Document; (e) where not apparent, the relationships of the author, addressees, and recipients to each other; (f) the nature of the privilege being claimed.

7. Produce Documents as they are kept in the usual course of business. For each Document, identify the file or location from which it was taken and the name, affiliation, and position of the producing custodian or non-custodial source.

8. Produce electronically stored information in the form in which it is usually maintained.

9. Produce each Document in its entirety, without abbreviation or redaction, including all attachments or materials attached thereto.

10. Produce all versions of each Document that are not identical to the original document (including all drafts) whether due to handwritten notations, revisions, enclosures, attachments, underlining, highlighting, or otherwise.

11. Produce Documents (a) with Bates numbers; (b) in single page TIFF images that are 300 DPI Group IV compressed TIFF images (except excel spreadsheets and other such file types that include logical formulae or files that, when converted to image format, take on an appearance noticeably different from the one the running-native file took when viewed on a computer screen, should be produced in native format, with a "nativelink" file); (c) with extracted text or OCR at the Document level;

6

and (d) with the following load files: LFP, OPT and DAT; (e) with load files as delimited load files; and (f) all metadata, including BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, Page Count, Author, To, Cc, Bcc, Custodian, Date Sent, Time Sent, Subject, File Name, Date Last Modified, MD5Hash and NATIVELINK (link to native on media if applicable).

12. If after responding to any Request You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner.

## RELEVANT TIME PERIOD

1. Unless otherwise specified, these Requests cover the time period from and including January 1, 1990 through December 31, 2008.

## REQUESTS

1. Documents and Communications concerning any decision made by You (or on Your behalf) to subscribe in Sentry rather than a different Fund.

2. Documents and Communications concerning Your use of U.S. correspondent banks to effect subscriptions in and receive redemptions from Sentry, including but not limited to those concerning the purpose of using U.S. correspondent banks.

3. Documents sufficient to show the identity of any recipient of redemptions from the Funds made between January 1, 2004 and December 31, 2008 (including any portion of a redemption payment or proceeds therefrom).

7

4. All agreements concerning subscription in the Funds dated January 1, 1990 to December 31, 2008 between You and any Person who redeemed shares from the Funds on Your behalf between January 1, 2004 and December 31, 2008.

5. Documents sufficient to show all accounts You held with any Person with whom you identified an agreement in Request No. 4.

6. Documents and Communications between You and the Citco Subscribers concerning the Citco Subscribers' actual or potential (direct or indirect) subscription to shares of the Funds, including but not limited to any marketing or solicitation of subscriptions to shares of the Funds or any investment in BLMIS, or any relationship of trustee, agent, representative, nominee, custodian, or otherwise with respect to any actual or potential subscription (direct or indirect) in the Funds on Your behalf, including but not limited to Brokerage & Custody Agreements between You and the Citco Subscribers.

7. Documents and Communications concerning the nature or scope of the Citco Subscribers' role as Your trustee, agent, representative, nominee, custodian, or otherwise in connection with subscriptions in the Funds under any Brokerage & Custody Agreement or otherwise, including but not limited to the extent of the Citco Subscribers' ability to exercise control or discretion over Your subscriptions in the Funds.

8. All copies of the Subscription Agreements between the Citco Subscribers and the Funds entered on Your behalf.

9. Documents and Communications concerning the nature or scope of the Citco Subscribers' role vis-à-vis You under any Subscription Agreement entered by the Citco Subscribers with the Funds on Your behalf.

10. Documents and Communications concerning the authority of the Citco Subscribers to act on Your behalf, including with respect to entering Subscription Agreements with the Funds.

11. Documents and Communications concerning the Funds' Articles of Association.

12. Documents and Communications concerning Your internal compliance rules, guidelines, or policies regarding investing with or subscribing through third-party asset managers, including the approval process, mandatory diligence items and necessary documentation.

13. Documents and Communications concerning whether Your subscriptions in the Funds through the Citco Subscribers complied with Your internal compliance rules, guidelines, or policies regarding investing with or subscribing through third-party asset managers.

14. Communications between You or the Citco Subscribers and BLMIS regarding Your subscriptions in the Funds, BLMIS, or other BLMIS feeder funds.

15. Documents and Communications exchanged with the Citco Subscribers regarding the Funds, BLMIS, other BLMIS feeder funds, or Your subscriptions therein, including but not limited to the performance of Your subscriptions in the

9

Funds, BLMIS, or other BLMIS feeder funds, and redemptions of Your subscriptions in the Funds or BLMIS, or other BLMIS feeder funds.

16. Documents and Communications concerning any fees You paid to the Citco Subscribers in relation to their redeeming shares from the Funds on Your behalf.

17. To the extent not requested above, all Documents and Communications from any time upon which You may rely in seeking dismissal of the operative complaint.

10

Dated: New York, NY
       September 14, 2021

Respectfully submitted,

SELENDY & GAY PLLC

By:   /s/ *David Elsberg*
SELENDY & GAY PLLC

David Elsberg
Lena Konanova
Jordan Garman
Ronald Krock
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
delsberg@selendygay.com
lkonanova@selendygay.com
jgarman@selendygay.com
rkrock@selendygay.com

-and-

BROWN RUDNICK LLP

David J. Molton
Marek P. Krzyzowski
Seven Times Square
New York, NY 10036
Telephone: 212-209-4800
dmolton@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Attorneys for Plaintiffs Foreign Representatives*

## CERTIFICATE OF SERVICE

I, David Elsberg, hereby certify that on the 14th day of September, 2021, I caused to be served of the foregoing document upon counsel for Defendant by first-class mail at the following addresses:

> Jeff E. Butler
> CLIFFORD CHANCE US LLP
> 31 West 52nd Street
> New York, NY 10019
> (212) 878-8000
> jeff.butler@cliffordchance.com

Dated:  New York, New York
        September 14, 2021

                                        /s/        *David Elsberg*
                                               David Elsberg