UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> FAIRFIELD SENTRY LIMITED, et al., <br><br> Debtor in Foreign Proceedings. | Chapter 15 Case <br><br> Case No. 10-13164 (CGM) <br><br> Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABN AMRO SCHWEIZ AG, et al., <br><br> Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABN AMRO SCHWEIZ AG, et al., <br><br> Defendants. | Adv. Pro. No. 10-03636 (CGM) |

**ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 37(E) AGAINST BANQUE INTERNATIONALE À LUXEMBOURG SA**

**WHEREAS**, Plaintiffs Kenneth M. Krys and Greig Mitchell (the "Liquidators"), in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation), Fairfield Sigma Limited (In Liquidation), and Fairfield Lambda Limited (In Liquidation) (collectively, the "Funds"), filed a motion for sanctions (the "Motion") against the Defendant Banque Internationale à Luxembourg SA (f/k/a Dexia Banque Internationale à Lux-

embourg) ("<u>Defendant</u>") for Defendant's spoliation of evidence relevant to personal jurisdiction; and

**WHEREAS**, the Court has concluded that (i) Defendant spoliated evidence in violation of Federal Rule of Civil Procedure 37(e) as made applicable here by Federal Rule of Bankruptcy Procedure 7037; (ii) Defendant acted with intent in doing so; and (iii) such spoliation causes prejudice to the Liquidators;

**IT IS NOW, THEREFORE, HEREBY ORDERED**, that:

1. The Motion is **GRANTED**;

2. Defendant is **PRECLUDED** from arguing that:

    a. It did not communicate internally or externally about its investments in the Funds via email, including but not limited to (i) communications regarding its use of correspondent accounts and (ii) communications with U.S.-based entities or individuals;

    b. Such communications did not include diligence on the Funds, the Funds' investment strategy, and/or Bernard L. Madoff Investment Securities LLC; and

    c. Such communications are limited to the volume or frequency that the Liquidators can demonstrate by use of evidence produced by third parties;

3. An adverse inference is **ENTERED** against Defendant that any spoliated evidence would have been favorable to Liquidators in establishing personal jurisdiction over Defendant; and

[*Remainder of page intentionally left blank*]

4. This order is without prejudice to the Liquidators' ability to seek additional sanctions after the jurisdictional phase of this case to remedy the prejudice caused by Defendant's spoliation.