# Exhibit 21

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| FAIRFIELD SENTRY LIMITED, et al., | Case No. 10-13164 (CGM)<br>Jointly Administered |
| Debtors in Foreign Proceedings. | |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), et al., | Adv. Pro. No. 10-03496 (CGM)<br>Administratively Consolidated |
| Plaintiffs, | |
| – against – | |
| THEODOOR GGC AMSTERDAM, et al., | |
| Defendants. | |
| FAIRFIELD SENTRY LIMITED (IN LIQUIDATION) et al., | Adv. Pro. No. 10-03636 (CGM) |
| Plaintiffs, | |
| v. | |
| ABN AMRO SCHWEIZ AG, et al., | |
| Defendants. | |

### BNP PARIBAS DEFENDANTS' INITIAL DISCLOSURES
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Federal Rule of Civil Procedure (the "Federal Rules") 26(a)(1), made applicable through Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 7026, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA), BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA) (collectively, the "Defendants"), by and through their undersigned attorneys Cleary Gottlieb Steen & Hamilton LLP, hereby make the following initial disclosures (the "Disclosures") in connection with the proceedings captioned

*Fairfield Sentry Limited (In Liquidation) v. ABN Amro Schweiz AG*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y.) (the "Action").

PRELIMINARY STATEMENT

The Defendants have made a reasonable and good faith effort to comply with the disclosure requirements of Federal Rule 26(a)(1). As the Action continues to progress, the Defendants will supplement and/or amend these disclosures as required by the Federal Rules, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and any other applicable rules or court orders.

The information herein is being provided as a part of the Defendants' good-faith effort to produce all currently known factual information subject to all applicable U.S. and foreign laws and regulations, including all confidentiality, bank secrecy and data privacy rules. Such good faith efforts, and each response contained herein, shall in no way prejudice the Defendants in connection with further discovery, research or analyses.

By producing the information contained herein, the Defendants do not waive, and expressly preserve, all defenses that may be raised in any pending or future motion to dismiss, including any defenses with respect to the personal jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Court") or any other court. Furthermore, the initial disclosures contained herein are provided without waiving any right to object to (i) any discovery request involving or relating to the subject matter of these disclosures consistent with the Federal Rules, Bankruptcy Rules, Local Rules and other applicable rules; or (ii) to the use of any information disclosed in this Action or any other action, including based on relevance, privilege, privacy, confidentiality, work product, burden or any other proper ground. The Defendants do not waive, and in fact expressly reserve, all applicable objections to further disclosure, including on the basis of relevance, privilege, privacy, confidentiality, work product,

2

burden or any other proper ground. Defendants further reserve the right to object to the use of the information and documents provided herein, whether in discovery proceedings, at trial or for any other purpose. In providing these initial disclosures, the Defendants also do not waive, and in fact expressly reserve, all applicable privileges, including, but not limited to, the attorney-client and work product privileges.

This Preliminary Statement is incorporated by reference into each and every response provided in these disclosures as though fully set forth therein.

INITIAL DISCLOSURES

1. <u>Rule 26(a)(1)(A)(i)</u>: "[T]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment."

<u>Response</u>: The Defendants may support their claims and defenses by calling witnesses in the following categories:

1. Any witness necessary to lay the foundation of any document;
2. Any witness listed by the plaintiffs; and
3. Any supervisor and/or employee of any witness listed by either party.

If this Action proceeds to adjudication on the merits, the Defendants may also call witnesses who have not yet been identified or who the Defendants are precluded from disclosing at this time in accordance with applicable foreign laws or regulations.

The Defendants are Swiss entities and are not subject to personal jurisdiction in the United States either generally or with respect to the specific claims in this Action. Pursuant to the schedule direct by the Court, the Defendants intend to move to dismiss this Action for lack

3

of personal jurisdiction on October 29, 2021. *See* Scheduling Order on Personal Jurisdiction Briefing, Adv. Pro. No. 10-03636, ECF No. 714. As a result, discovery is premature at this time. *See, e.g., Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2017 WL 1113080, at *8 (S.D.N.Y. Mar. 10, 2017) ("District courts in this [C]ircuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a prima facie case of jurisdiction."); *In re Teligent, Inc.*, 2004 WL 724945, at *6 (Bankr. S.D.N.Y. Mar. 30, 2004) ("Here, the plaintiff failed to demonstrate that she should be entitled discovery because she failed to allege a prima facie case of personal jurisdiction."); *In re Aegean Marine Petrol. Network Inc. Secs. Litig.*, 2021 WL 1178216, at *20, n.19 (S.D.N.Y. Mar. 29, 2021) (rejecting request where plaintiff failed to "explain how evidence arising from the discovery would cure the deficiencies in its current jurisdictional allegations"); *Est. of Yaron Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 549 (S.D.N.Y. 2005) (stating if plaintiffs "cannot make out a prima facie case for personal jurisdiction, they cannot take any discovery—even jurisdictional discovery—from a foreign corporation").

Furthermore, the disclosure of the names of any individuals would also implicate the Defendants' obligations under foreign laws and regulations, including the Swiss Federal Act on Data Protection of June 19, 1992, Article 328b of the Swiss Code of Obligations, Articles 162, 271 and 273 of the Swiss Criminal Code, and Article 47 of the Swiss Federal Act on Banks and Savings Banks, which, among other things, impose professional data secrecy and other data privacy obligations. Indeed, citing the potential conflicts and violations of law that would arise from the required disclosure of documents in this Action, the Honorable Loretta A. Preska, U.S. District Judge, held in an appeal arising from this Action that the Court must "undertake an international comity analysis before ordering foreign discovery" against defendants like

4

Defendants. Tr. of Jul. 6, 2021 Hr'g at 47:8-9, *Fairfield Sentry Ltd. v. HSBC Private Bank (Suisse) SA*, No. 12-MC-218 (LAP) (S.D.N.Y. July 26, 2012) (Dkt. 68); *see also id.* at 98:5-13. Because no such order has been entered, and Judge Preska's holding is still law of the case, discovery at this time is premature. *See Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009).

The Defendants will supplement this disclosure if the Court finds that the Defendants are subject to personal jurisdiction of the Court. The Defendants' review of relevant records concerning the claims asserted in this Action is also ongoing, and the Defendants reserve the right to identify additional witness and categories of witnesses, or otherwise amend this list, if, during the course of discovery, the Defendants learn of additional persons that have knowledge of information that may be helpful to support the Defendants' claims and defenses.

2. Rule 26(a)(1)(A)(ii): "[A] copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Response: The Defendants may support their claims and defenses through the use of documents in their possession, custody or control, including documents regarding the only remaining claim in this Action, which seeks the imposition of a constructive trust on redemption payments allegedly received by the Defendants from Fairfield Sentry Limited, Fairfield Sigma Limited and Fairfield Lambda Limited. Such documents may include wire and transaction records as well as any documents or correspondence regarding the receipt and/or disposition of such transfers. The Defendants may also support their claims and defenses using documents currently in the possession of the plaintiffs and other third parties, or that the Defendants obtain from public sources.

5

If this Action proceeds to adjudication on the merits, the Defendants may rely on additional documents that have not yet been identified or that the Defendants are precluded from disclosing at this time in accordance with any applicable foreign laws and regulations. The Defendants are Swiss-based entities and are not subject to personal jurisdiction in the United States either generally or with respect to the specific claims in this Action. Pursuant to the schedule directed by the Court, the Defendants moved to dismiss this Action for lack of personal jurisdiction on October 29, 2021. *See* Scheduling Order on Personal Jurisdiction Briefing, Adv. Pro. No. 10-03636, ECF No. 714. As a result, discovery is premature at this time. *See, e.g., Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd.*, 2017 WL 1113080, at *8 (S.D.N.Y. Mar. 10, 2017) ("District courts in this [C]ircuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a prima facie case of jurisdiction."); *In re Teligent, Inc.*, 2004 WL 724945, at *6 (Bankr. S.D.N.Y. Mar. 30, 2004) ("Here, the plaintiff failed to demonstrate that she should be entitled discovery because she failed to allege a prima facie case of personal jurisdiction."); *In re Aegean Marine Petrol. Network Inc. Secs. Litig.*, 2021 WL 1178216, at *20, n.19 (S.D.N.Y. Mar. 29, 2021) (rejecting request where plaintiff failed to "explain how evidence arising from the discovery would cure the deficiencies in its current jurisdictional allegations"); *Est. of Yaron Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 549 (S.D.N.Y. 2005) (stating if plaintiffs "cannot make out a prima facie case for personal jurisdiction, they cannot take any discovery—even jurisdictional discovery—from a foreign corporation").

Furthermore, the disclosure of the documents would also implicate the Defendants' obligations under foreign laws and regulations, including the Swiss Federal Act on Data Protection of June 19, 1992, Article 328b of the Swiss Code of Obligations, Articles 162,

6

271 and 273 of the Swiss Criminal Code, and Article 47 of the Swiss Federal Act on Banks and Savings Banks, which, among other things, impose professional data secrecy and other data privacy obligations. Indeed, citing the potential conflicts and violations of law that would arise from the required disclosure of documents in this Action, the Honorable Loretta A. Preska, U.S. District Judge held in an appeal arising from this Action that the Court must "undertake an international comity analysis before ordering foreign discovery" against defendants like the Defendants. Tr. of Jul. 6, 2021 Hr'g at 47:8-9, *Fairfield Sentry Ltd. v. HSBC Private Bank (Suisse) SA*, No. 12-MC-218 (LAP) (S.D.N.Y. July 26, 2012) (Dkt. 68); *see also id.* at 98:5-13. Because no such order has been entered in this case, and Judge Preska's holding is still law of this case, discovery at this time is premature. *See Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009).

        The Defendants will supplement this disclosure if the Court finds that the Defendants are subject to personal jurisdiction of the Court. The Defendants' review of relevant records concerning the claims asserted in this Action is also ongoing, and the Defendants reserve the right to identify additional documents and categories of documents if, during the course of discovery, the Defendants learn of such documents that it may use to support its claims and defenses.

        In the event that any documents are produced in this Action in response to any document request or subpoena, such documents should be considered disclosed for the purposes of the Defendants' obligations under Rule 26(a)(1)(A)(ii) of the Federal Rules.

        3.      Rule 26(a)(1)(A)(iii): "[A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from

disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Response: The Defendants have not asserted any claims, including any counterclaims or crossclaims, for damages at this time. Therefore, this provision is not applicable. For the avoidance of doubt, the Defendants reserve all rights to assert claims for damages as well as attorneys' fees and costs.

4.  Rule 26(a)(1)(A)(iv): [F]or inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Response: The Defendants are not currently aware of any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy either the entirety or any part of a judgment that maybe entered in the Action or to indemnity or reimburse for payment made to satisfy any such judgement. This response is based on current information and the Defendants reserve the right to supplement this response if and when it becomes aware of any specific insurance arrangement that may be applicable.

| | |
|---|---|
| Dated: November 1, 2021<br>New York, New York | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>*/s/ Lisa M. Schweitzer*<br>Lisa M. Schweitzer<br>Ari D. MacKinnon<br>Thomas S. Kessler<br><br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br><br>*Counsel for BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis (n/k/a BNP Paribas (Suisse) SA), BNP Paribas (Suisse) SA Private (n/k/a BNP Paribas (Suisse) SA)* |

9