# Exhibit 22



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>          Debtor in Foreign<br>          Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN<br>LIQUIDATION), et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>          Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN<br>LIQUIDATION), et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03636 (CGM) |

## PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION TO DEFENDANT

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7030, and Federal Rules of Civil Procedure 26 and 30 made applicable thereby, Plaintiffs Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited (In Liquidation) ("Lambda," and together with Sentry and Sigma, the "Funds"), acting by and through the Foreign Representatives thereof, and Kenneth Krys and Greig Mitchell, solely in their capacities as Foreign Representatives and Liquidators thereof (together, "Plaintiffs") in the above-captioned adversary proceedings, will take the

deposition of the Defendant BNP Paribas (Suisse) SA (f/k/a BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas (Suisse) SA Private) ("Defendant" or "BNPP Suisse" and together, with Liquidators, "Parties") beginning on November 3, 2022, at 9:00 a.m. ET.  The deposition will continue from day to day until completed.  The deposition will be by oral examination before a Notary Public or other officer fully authorized to administer oaths.  The deposition will be recorded by stenographic means and may also be recorded by video tape, audio tape, or instant visual display of the stenographic record.  The deposition will take place at the offices of Selendy Gay Elsberg PLLC, 1290 Avenue of the Americas, New York, NY 10104, or at other such time and place as the parties may agree.  The deposition will cover the topics on the attached Schedule A.  In addition, Defendant shall produce to Plaintiffs' attorneys, Selendy Gay Elsberg PLLC, at 1290 Avenue of the Americas, New York, NY 10104, the Documents listed in the "Schedule A" at least 72 hours prior to the noticed date of the deposition.

**NOTICE IS HEREBY GIVEN** that pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant is required to designate one or more appropriate persons to testify on its behalf with respect to each of the topics set forth in Schedule A attached hereto, and the person(s) so designated shall be required to testify as to each of those topics known or reasonable available to Defendant.

Dated:    New York, NY
        October 18, 2022

SELENDY GAY ELSBERG PLLC

By:    */s/ David Elsberg*
        David Elsberg
        Joshua S. Margolin
        Lena Konanova
        1290 Avenue of the Americas
        New York, NY 10104
        Telephone: 212-390-9000
        delsberg@selendygay.com
        jmargolin@selendygay.com

2

lkonanova@selendygay.com

-and-

David J. Molton
Marek P. Krzyzowski
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036
Telephone: 212-209-4800
dmolton@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Attorneys for Plaintiffs Foreign Representatives*

## SCHEDULE A

Pursuant to Federal Rule of Bankruptcy Procedure 7030, and Federal Rule of Civil Procedure 30(b)(6) incorporated thereby, Defendant is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf about information known or reasonably available to Defendant with respect to the listed topics.

## DEFINITIONS

1.    The singular form of a word includes the plural, and vice versa.

2.    Any tense of a verb includes all tenses.

3.    Any natural person includes that person's agents, assigns, attorneys, employees, representatives, and successors.

4.    Any entity other than a natural person includes (a) that entity's present and former agents, affiliates (foreign or domestic), assigns, attorneys, consultants, directors, divisions, employees, officers, parents, predecessors, representatives, servants, subsidiaries, and successors; (b) any person or entity, directly or indirectly, wholly or in part, associated with, controlled by, or owned by that entity; (c) and any other person or entity acting or purporting to act on behalf of (a) or (b).

5.    "Action" means the above-captioned adversary proceedings, No. 10-ap-13164 (CGM), No. 10-ap-03635 (CGM), and No. 10-ap-03636.

6.    "All," "any," and "each" mean any and all.

7.    "And" and "or" are construed both conjunctively and disjunctively.

8.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, including the funds and accounts under its custody or management.

9.    "Citco" refers to the entity Citco Group Limited and its subsidiaries or affiliates, including: Citco Group; Citco Global Custody NV; Citco Global Custody (NA) NV; CGC (NA);

Citco Fund Services (BVI); Citco Fund Services (Europe) B.V.; Citco (Canada) Inc.; Citco Global Security Services; Citco Bank Nederland N.V.; Citco Bank Nederland N.V. Dublin Branch; and Citco Banking Corporation N.V.

10.    "Document" means "document" and "electronically stored information" as defined in Federal Rule of Civil Procedure 34.  A draft or non-identical copy is a separate document within the meaning of this term.

11.    "Electronically stored information" means "electronically stored information" as defined in Federal Rules of Civil Procedure 34.

12.    "Fund" or "Funds" means Sentry, Sigma, and Lambda, individually or collectively.

13.    "Identify" means (a) with respect to Persons, to give, to the extent known, the Person's full name, present or last known address and contact information, and when referring to a natural person, additionally, the present or last known place of employment and the place of employment during the relevant time period; (b) with respect to Documents, either (i) to give, to the extent known, the (A) type of Document; (B) general subject matter; (C) date of the Document; and (D) author(s), addressee(s) and recipient(s); or (ii) to produce the Documents, together with sufficient identifying information to satisfy Federal Rule of Civil Procedure 33(d).

14.    "Including" means including but not limited to.

15.    "Liquidator" or "Liquidators" means Kenneth M. Krys and Greig Mitchell, individually or collectively, in their capacities as the duly appointed Liquidators and Foreign Representatives of the Funds.

16.    "Person" means a natural person or legal entity including any business or governmental entity or association.

17.    "<u>Personal Jurisdiction Motion to Dismiss</u>" means the motion(s) to dismiss for lack of personal jurisdiction filed by You in the Action.

18.    "<u>Regarding</u>" means (directly or indirectly, partially or wholly) about, alluding to, assessing, bearing upon, commenting upon, comprising, confirming, connected to, considering, containing, contradicting, dealing with, discussing, embodying, evaluating, evidencing, identifying, in connection with, indicating, in respect of, involving, memorializing, mentioning, noting, pertaining to, probative of, proving, recording, reflecting, referring to, regarding, relating to, reporting on, reviewing, setting forth, supporting, suggesting, summarizing, stating, showing, touching upon, a subject, or having been created, generated, or maintained in connection with or as a result of that subject.

19.    "<u>You</u>" or "<u>Your</u>" means Defendant, your officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

## LIST OF TOPICS OF EXAMINATION

1.    All facts and circumstances regarding when, how, and from whom You first received notice of the Action.

2.    All facts and circumstances regarding when, how, and from whom You first received notice that BLMIS had been placed into liquidation on December 11, 2008 following public disclosure that it was a Ponzi scheme.

3.    All facts and circumstances regarding what actions, if any, You undertook to preserve information regarding Your or Your clients' exposure to BLMIS or the Funds on or after December 11, 2008.

4.    All facts and circumstances regarding when and to whom You issued litigation hold(s) related to BLMIS and/or this Action, if any, and the contents of such a litigation hold(s).

5.     The names and firm affiliations of any lawyers, attorneys, agents, or vendors You retained in defending this Action or otherwise in connection with any anticipated litigation or dispute regarding BLMIS or the Funds; the approximate dates when those retention relationships began and, if applicable, ended; and any non-privileged work they performed or advice they provided regarding Your retention or preservation of any information potentially relevant to this Action, BLMIS, and/or the Funds.

6.     All facts regarding Your document retention, preservation, and destruction and/or deletion policies in the normal course of business, including but not limited to the preservation of electronically stored information, the preservation of electronic communications, and the systems deployed therein from May 22, 2002 on.

7.     All facts and circumstances regarding Your retention, preservation, and destruction and/or deletion of Your e-mails or electronic communications concerning this Action, BLMIS, and/or the Funds, as they relate to personal jurisdiction or the Personal Jurisdiction Motion.

8.     All facts and circumstances regarding Your effort to search for or locate e-mails or electronic communications that are potentially relevant to this Action, BLMIS, and/or the Funds, as they relate to personal jurisdiction or the Personal Jurisdiction Motion.

9.     All questions detailed in Plaintiffs' September 20, 2022 Letter to the BNP Defendants, attached hereto as Exhibit 1, and all information provided in Defendants' September 30, 2022 Letter to the Plaintiffs (as amended on October 7, 2022), attached hereto as Exhibit 2.

## LIST OF DOCUMENTS TO BE PRODUCED

1.     Any policy, procedure, manual, and/or guidance—whether formal or informal—governing Defendant's document preservation, retention, and destruction and/or deletion policy from May 22, 2002 on.

7

2.      Any evidence, if any, demonstrating Your search(es) for e-mails or electronic communications relevant to this Action and/or the Personal Jurisdiction Motion.

3.      All litigation hold(s), if any, distributed by You or Your lawyers, attorneys, agents, or vendors in relation to this Action or otherwise in connection with any anticipated litigation or dispute regarding BLMIS or the Funds.

4.      All documents Defendant relied upon to refresh the recollection of or prepare its Corporate Representative for this Rule 30(b)(6) deposition.

5.      All materials relied upon by the BNP Defendants in preparing their September 30, 2022 Letter to the Plaintiffs (as amended on October 7, 2022) or referenced therein.

Dated:    New York, NY                   Respectfully submitted,
          October 18, 2022
                                         SELENDY GAY ELSBERG PLLC

                          By:    /s/ *David Elsberg*

                                 David Elsberg
                                 Joshua S. Margolin
                                 Lena Konanova
                                 1290 Avenue of the Americas
                                 New York, NY 10104
                                 Telephone: 212-390-9000
                                 delsberg@selendygay.com
                                 jmargolin@selendygay.com
                                 lkonanova@selendygay.com

                                 -and-

                                 David J. Molton
                                 Marek P. Krzyzowski
                                 BROWN RUDNICK LLP
                                 Seven Times Square
                                 New York, NY 10036
                                 Telephone: 212-209-4800
                                 dmolton@brownrudnick.com
                                 mkrzyzowski@brownrudnick.com

                                 *Attorneys for Plaintiffs Foreign Representatives*

## CERTIFICATE OF SERVICE

I, David Elsberg, hereby certify that on the 18th day of October, 2022, I caused to be served

of the foregoing document upon counsel for Defendant by e-mail at the following address:

    Ari MacKinnon
    Lisa M. Schweitzer
    Thomas S. Kessler
    Cleary Gottlieb Steen & Hamilton LLP
    One Liberty Plaza
    New York, New York 10006
    amackinnon@cgsh.com
    lschweitzer@cgsh.com
    tkessler@cgsh.com

Dated:    New York, New York
          October 18, 2022

                                        _/s/ David Elsberg_
                                        David Elsberg

# Exhibit 1

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

\selendy
\gay
\elsberg

Joshua S. Margolin
Partner
212.390.9022
jmargolin@selendygay.com

September 20, 2022

**Via E-mail**

Thomas S. Kessler
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
tkessler@cgsh.com

**Re:** ***In re Fairfield Sentry Ltd. (In Liquidation)*, Case Nos. 10-3626,
10-3627, 10-3635, 10-3636, 10-4098, 10-4099, 11-1579, 11-1617, 12-
1551**

Dear Tom,

We write on behalf of the Liquidators in response to your e-mail
correspondence dated September 9, 2022, and September 16, 2022, regarding the
Liquidators' jurisdictional discovery requests to BGL BNP Paribas S.A., BNP
Paribas Securities Services Luxembourg ("BNPP SSL"), BNP Paribas Arbitrage
SNC, BNP Paribas Private Bank & Trust Cayman Limited, BNP Paribas (Suisse) SA
(f/k/a BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas (Suisse) SA Private)
("BNPP Suisse"), BNP Paribas Securities Nominees Limited, Fortis Bank, SA/NV
("BNPP Fortis"), and BNP Paribas España (together, the "BNPP Defendants"), and
the third-party subpoena issues to BNP Paribas New York ("BNPP-NY").

**I.    BNPP Defendants**

**A.    BNPP Suisse E-Mail Deficiency**

We have reviewed the "Data Retention Narrative" (the "Narrative") you
provided regarding your search of BNPP Suisse's records for ESI from the
identified custodians during the relevant time period (2002-2008). Given that you
have found no ESI from this period, it important for us to understand why e-mails,
which your Narrative concedes may have existed, no longer do.

Accordingly, we request the following information:

Thomas S. Kessler, Esq.
September 20, 2022

1. **What ESI Could Have Been Preserved and What ESI Was Preserved?**

   a. What were BNPP Suisse's ESI preservation policies during the relevant time period and will BNPP produce records sufficient to show the terms of those policies?

   b. Your Narrative raises the existence of an "online portal" by which BNPP Suisse personnel communicated. Were communications through this "online portal" also subject to the BNPP Suisse ten-year data retention policy? Was any of this ESI preserved pursuant to that policy?

   c. What repositories of ESI from the relevant time period (2002-2008) are currently maintained by BNPP Suisse? What types of ESI are stored in each repository? And has BNPP Suisse searched each repository for ESI responsive to the Liquidators' jurisdictional discovery requests?

   d. Will BNPP Suisse produce organizational charts for the relevant time period?

   e. Was ESI preserved during (what we understand to be) the integration of BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas (Suisse) SA Private into BNPP Suisse? Were the policies and practices regarding ESI preservation the same at these organizations as at BNPP Suisse? If not, how did they differ?

2. **When Did BNPP Suisse Anticipate Litigation Regarding BLMIS, Fairfield, and/or the Liquidators' Claims?**

   a. When and how did BNPP Suisse learn that BLMIS had been publicly revealed to be a fraud?

   b. When and how did BNPP Suisse receive notice that the Liquidators were pursuing claims against BNPP Suisse?

   c. When, if ever, did BNPP Suisse adjust its standard document preservation policies to preserve evidence related to (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions?

Thomas S. Kessler, Esq.
September 20, 2022

3.    **What Steps Did BNPP Suisse Take at the Time It Anticipated Litigation?**

    a.    When, if ever, did BNPP Suisse issue a litigation hold regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions? Which of the potential custodians identified (by pseudonym) in BNPP Suisse's Supplemental Responses and Objections, dated May 31, 2022, were subject to a litigation hold and during what period(s) was that litigation hold in effect? Please identify all counsel involved, if any, in issuing any such litigation hold and all persons responsible for overseeing implementation of the hold instructions.

    b.    What were the types and sources of ESI covered by the litigation hold(s), if any, regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions? What steps were BNPP Suisse employees directed to take to preserve ESI pursuant to these holds? Will BNPP Suisse produce the applicable litigation holds?

    c.    Were any e-mails from the relevant time period for the custodians identified in your Supplemental Responses and Objections preserved pursuant to BNPP Suisse's retention policy? If so, why are those e-mails not available and when were they deleted?

    d.    When were e-mail inboxes for the custodians listed in your Supplemental Responses and Objections deleted or destroyed? Were any such inboxes preserved or backed up?

    e.    What additional steps, outside of those documented in litigation holds, did BNPP Suisse undertake to preserve ESI regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions, and when were such steps taken?

4.    **Can Any Lost ESI Be Replaced?**

    a.    Can BNPP Suisse describe in more detail "all available archival sources" it searched to identify e-mail communications? Did any of these archival sources have **printed** e-mail communications that could be reviewed?

3

Thomas S. Kessler, Esq.
September 20, 2022

    b.    Which BNPP Suisse employees, if any, did you interview regarding their exchange of electronic communications or possession of ESI reflecting communications between BNPP Suisse and BLMIS, Fairfield Greenwich Group, and/or Sentry?

Judge Morris recently emphasized that it is counsel's Rule 26 duty to <u>fully</u> investigate its client's ESI. *See* Sept. 14, 2022 Hr'g Tr. 32:5-7, 34:17-21 ("Who is in charge of IT? Who is the head of IT? Who is the one responsible for retaining the documents? You get me a chain of custody because you yourself cannot testify to that information. And you know it and I know it."). Thus, we ask that BNPP Suisse inform the Liquidators no later than **Friday, September 23** if it agrees to provide responses to all the questions posed above and whether it will do so by **Friday, September 30**. Given the investigation you purport to have undertaken already, this should be ample time to provide this information.

### B.    BNPP SSL and BNPP Fortis E-mail Deficiency

After protracted negotiations, BNPP SSL and BNPP Fortis agreed to broad ESI search terms[1] across 30 and 4 custodians, respectively. Given this, we were very surprised that just **5** (entirely non-substantive) e-mails were produced from BNPP SSL, and just **2** e-mails were produced from BNPP Fortis. During the parties' August 17 meet and confer, the Liquidators informed you that these ESI productions appeared facially deficient. At that time, we requested that BNPP SSL and BNPP Fortis provide, for each entity, the total number of custodial e-mails collected and the total e-mails reviewed after the application of the parties' agreed search terms.

On September 9, you informed the Liquidators that your team reviewed 636 documents for seventeen custodians between the two entities. This information is not responsive to the question we asked. Thus, we ask again: for each of BNPP SSL and BNPP Fortis how many e-mails were collected and how many were reviewed? Please provide this information, which should be readily available, by **Friday, September 23**.

Additionally, as with BNPP Suisse, the absence of virtually any e-mail communications—in this instance from defendants with tens of million in redemptions from Sentry during the lookback period alone—raises legitimate preservation concerns. We repeat the questions posed above regarding BNPP Suisse to BNP SSL And BNPP Fortis, excepting item 1(e). We ask that BNPP SSL and BNPP Fortis inform the Liquidators no later than **Friday, September 23** if

---

[1] For the avoidance of doubt those terms were as follows:
**BNPP SSL**: (i) Fairfield; (ii) Sentry; (iii) Sigma; (iv) Lambda; (v) Madoff; (vi) BMIS; (v) BLMIS; (vi) 1035000188; and, (vii) 10336600106.
**BNPP Fortis**: (i) Fairfield; (ii) Sentry; (iii) Sigma; (iv) Lambda; (v) Madoff; (vi) BMIS; (v) BLMIS; and (vi) 8033248106.

Thomas S. Kessler, Esq.
September 20, 2022

it agrees to provide responses to all the questions posed above and whether they
will do so by **Friday, September 30**.

Finally, the Liquidators need to understand how a set of 636 e-mails led to
a production of 7 documents—a 1.1% responsiveness rate.    By **Friday,
September 23**, please let us know if BNPP SSL And BNPP Fortis are willing to
provide a randomly selected sample set of 63 "non-responsive" and non-privileged
documents from this set of 636 documents.

### C.    Other BNPP Defendants' Missing E-mails

Along with BNPP Suisse, the BNPP Defendants BGL BNP Paribas S.A., BNP
Paribas Securities Nominees Limited, and BNP Paribas España represented that
they did not have e-mails in their possession to review and produce.    Given this
shallow explanation and the subsequent questions regarding the sufficiency of
preservation at other BNPP entities, we ask that you provide answers to questions
1-4 posed to BNPP Suisse for (i) BGL BNP Paribas S.A., (ii) BNP Paribas Securities
Nominees Limited, and (iii) BNP Paribas España.

As with other defendants, we ask that you inform the Liquidators no later
than **Friday, September 23** if BGL BNP Paribas S.A., BNP Paribas Securities
Nominees Limited, and BNP Paribas España agree to provide responses to all the
questions posed to BNPP Suisse above and whether it will do so by **Friday,
September 30**.

## II.    BNPP-NY's Continued Delay in Responding to Subpoenas

The third-party subpoenas to BNPP-NY were initially served on March 21,
2022, in the 10-3626, 10-3627, 10-4098, and 10-4099 actions. At our May 9, 2022
meet and confer, BNPP-NY agreed to provide—at the least—wire records in
response to Request 1 of each subpoena. We are now nearly six months after BNPP-
NY was served with the subpoenas, and BNPP-NY has yet to even provide a
timeline for completion of its production. Despite the Liquidators asking multiple
times, BNPP-NY has not been able to explain why it has been unable to find wire
records for accounts at its bank six months after being asked to do so.   Most
recently, on September 14, 2022, the Liquidators asked for "an explanation and
quantification in support of this increasingly extreme delay."  In its September 16,
2022, BNPP-NY offered no explanation other than its regular refrain that it is
working diligently and will complete its productions "if" it identifies relevant
records.  This is an unacceptable response.

The implication in BNPP-NY's latest e-mail is clear: it <u>still</u> does not know
when its production will be complete and what would constitute a complete
response—or is simply unwilling to provide this information.    While the
Liquidators are fully amenable to rolling productions, we cannot accept an open-
ended timeline.  There has been more than sufficient time to identify and review
potentially responsive materials.

Thomas S. Kessler, Esq.
September 20, 2022

Lastly, as raised in the Liquidators' September 14, 2022 e-mail, it remains unclear to which of the four subpoenas the September 9, 2022 production is responsive. We ask that BNPP-NY reproduce the September 9, 2022 wire records to reflect which action the subpoena is responsive to between the 10-3626, 10-3627, 10-4098, and 10-4099 actions. That way, the Liquidators can evaluate whether the transfers in and out correspond to those transfers reflected in the Liquidators' records and those records provided to the Liquidators by the BNPP Defendants.

The Liquidators wish to meet and confer by no later than **September 23, 2022** to understand if BNPP-NY will maintain its position that it does not know when its production will be complete. We ask that someone with intimate knowledge as to the search process join the call to speak to when the request was delivered to BNPP-NY, the number of records that have been reviewed in connection with the Liquidators' requests, and when they expect to be complete. We further ask that BNPP-NY be prepared at that time to provide a firm timeline for final completion. The Liquidators reserve their right to seek prompt relief from the Court should BNPP-NY continue its unjustified delay.

*****

The Liquidators are willing and available to meet and confer on all these requests.

Sincerely,

*/s/Joshua S. Margolin*

Joshua S. Margolin
Partner

# Exhibit 2

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG · BEIJING
BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL · SILICON VALLEY

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTALE E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL E. REYNOLDS
AUDRY CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
AROM ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212 225 2243
amackinnon@cgsh.com

October 7, 2022

VIA EMAIL
Joshua Margolin, Esq.
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
jmargolin@selendygay.com

Re:   In re Fairfield Sentry Ltd. (In Liquidation), Case Nos. 10-3635, 10-3636

Dear Joshua:

We write on behalf of BNP Paribas (Suisse) SA ("BNPP Suisse") in further response to the questions posed in your letter of September 20, 2022 and to supplement the responses we previously provided in our letter of September 30, 2022 (the "September 30 Letter"). For ease of reference, we are including the information previously provided in our September 30 Letter and have bolded any additional or supplemented responses.

The information provided below should not be interpreted as a concession or agreement by BNPP Suisse that the questions raised by the Liquidators are pertinent to the jurisdictional discovery that has been sought from BNPP Suisse thus far, or that the informal discovery sought in your September 20 letter is proper or appropriate.

As we mentioned during our meet-and-confer of October 3, 2022, the nature and volume of the questions contained in your letter are such that your requested deadline for full and complete responses by October 7, 2022 is unreasonable and unworkable. Nonetheless, we have endeavored to respond to as many of your questions as possible in this letter. As mentioned previously, we will revert as soon as practicable, and in any event prior to October 14, 2022, with responses to the questions that are not answered here.

We note that, consistent with the Liquidators' questions, the responses contained herein exclusively concern ESI except where otherwise indicated. We continue to work with our client to search for any hard copy documents that may exist, including those that may reflect the contents of ESI (e.g., printed copies of email communications).

Joshua Margolin, Esq., p. 2

       We further note that the enclosed responses represent our best understanding of the answers to your questions as of today.  We continue to work with our clients to confirm and refine our knowledge regarding all of the issues discussed herein, and will supplement or clarify the enclosed responses as needed as further information becomes available.

       We remain willing and available to meet and confer at your convenience.

       Sincerely,

       */s/ Ari MacKinnon*

       Ari MacKinnon

Joshua Margolin, Esq., p. 3

**Responses on Behalf of BNPP Suisse to Questions Posed in Liquidators' Letter of
September 20, 2022**

Question I.A.1.a:  What were BNPP Suisse's ESI preservation policies during the relevant time
period and will BNPP [Suisse] produce records sufficient to show the terms of those policies?

> Response reflected in the September 30 Letter:  We are working with our client to
> confirm whether these exist and can be provided. We will provide a final response to this
> question as soon as reasonably practicable.

> **Further response:  We have been unable to identify written document retention
> policies (concerning email, fax, or other paper communications, and paper or digital
> documents) for BNP Suisse that relate to the period November 22, 2002 –
> December 31, 2008; however, BNPP Suisse personnel were generally required to
> comply with prevailing law regarding document retention.**

> **We understand that the Liquidators have requested more detail regarding the
> prevailing local laws to which BNPP Suisse was subject during the relevant period,
> which is a complex and detailed inquiry that is not traditionally within the scope of
> discovery inquiries.  We are available to meet and confer regarding the relevance of
> this request.**

Question I.A.1.b.:  Your Narrative raises the existence of an "online portal" by which BNPP
Suisse personnel communicated. Were communications through this "online portal" also subject
to the BNPP Suisse ten-year data retention policy? Was any of this ESI preserved pursuant to
that policy?

> Response reflected in the September 30 Letter:  We are working with our client to
> confirm whether this online portal included communications functionality beyond
> creating reports of transactions that have already been produced to the Liquidators. We
> will provide a final response to this question as soon as reasonably practicable.

> **Further response:  It is our understanding that this online portal did not include
> any "communication" functionality beyond creating reports of transactions (i.e.
> trade tickets), which BNPP Suisse has already produced, and thus there would have
> been no such "communication records" that would have been subject to any data
> retention policy.**

Question I.A.1.c.:  What repositories of ESI from the relevant time period (2002-2008) are
currently maintained by BNPP Suisse? What types of ESI are stored in each repository? And has
BNPP Suisse searched each repository for ESI responsive to the Liquidators' jurisdictional
discovery requests?

> Response reflected in the September 30 Letter:  BNPP Suisse generally maintained
> electronic documents in three types of repositories – servers that stored email
> correspondence, CD-ROMs that stored email correspondence and other documents (not
> including transactional documents), and an electronic database containing documents

Joshua Margolin, Esq., p. 4

(including transactional documents, client instructions, and account opening documents). All types of repositories were searched in connection with this discovery process.

Question I.A.1.d.: Will BNPP Suisse produce organizational charts for the relevant time period?

Response reflected in the September 30 Letter: We are working with our client to confirm whether these exist and can be provided. We will provide a final response to this question as soon as reasonably practicable.

**Further response: We have been unable to locate intra-entity organizational charts for the relevant time period, and we have no reason to believe that such charts were ever created.**

Question I.A.1.e.: Was ESI preserved during (what we understand to be) the integration of BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas (Suisse) SA Private into BNPP Suisse? Were the policies and practices regarding ESI preservation the same at these organizations as at BNPP Suisse? If not, how did they differ?

Response reflected in the September 30 Letter: Subsequent to the integration of BNP Paribas (Suisse) SA Ex Fortis ("Former BNPP Suisse Ex Fortis") into BNP Paribas (Suisse) SA Private ("Former BNPP Suisse Private"), which created the present BNPP Suisse, the email data of personnel from Former BNPP Suisse Ex Fortis that was previously held on Former BNPP Suisse Ex Fortis servers was migrated onto the server for Former BNPP Suisse Private (now BNPP Suisse). The emails saved on this server were all later subject to BNPP Suisse's email auto-delete policy. However, certain ESI was saved on CD-ROMs by BNPP Suisse and was not subject to BNPP Suisse's email auto-delete policy.

Question I.A.2.a.: When and how did BNPP Suisse learn that BLMIS had been publicly revealed to be a fraud?

Response reflected in the September 30 Letter: Our understanding is that newspaper articles mentioning the alleged fraud were published in December 2008, but we have not confirmed whether or exactly when such articles were reviewed by individual BNPP Suisse employees in 2008. Because this request touches upon issues that may be relevant to the substance of the Liquidators' claims, we would like to meet and confer about the propriety of this request at this stage, which is similar to an interrogatory on relevant substantive issues.

Joshua Margolin, Esq., p. 5

<u>Question I.A.2.b.</u>: When and how did BNPP Suisse receive notice that the Liquidators were pursuing claims against BNPP Suisse?

<u>Response reflected in the September 30 Letter</u>: We are working with our client to determine whether records of this notice exist and can be provided. We will provide a final response to this question as soon as reasonably practicable.

**<u>Further response</u>: We have been unable to identify records of the means by which BNPP Suisse first received notice that the Liquidators were pursuing claims against it, or the exact date on which such notification happened.**

<u>Question I.A.2.c.</u>: When, if ever, did BNPP Suisse adjust its standard document preservation policies to preserve evidence related to (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions?

<u>Response reflected in the September 30 Letter</u>: We are not aware of any steps taken by BNPP Suisse to adjust its standard document preservation policies to preserve evidence related to BLMIS, Fairfield, and/or the Liquidators' claims.

**<u>Further response</u>: For the avoidance of doubt, we have construed this question to refer only to the standard document preservation policies of BNPP Suisse, rather than to steps that may have been taken by individuals.**

<u>Question I.A.3.a.</u>: When, if ever, did [BNPP Suisse] issue a litigation hold regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions? Which of the potential custodians identified (by pseudonym) in [BNPP Suisse] Supplemental Responses and Objections, dated May 31, 2022, were subject to a litigation hold and during what period(s) was that litigation hold in effect? Please identify all counsel involved, if any, in issuing any such litigation hold and all persons responsible for overseeing implementation of the hold instructions.

<u>Response reflected in the September 30 Letter</u>: We are working with our client to confirm the response to this question, and to determine the extent to which we can provide a full response without revealing privileged attorney-client communications. We will provide a final response to this question as soon as reasonably practicable.

**<u>Further response</u>: We have identified records of at least two litigation holds related to the Madoff Ponzi scheme, as relevant to your question. Our records reflect that the first, dated May 23, 2011, concerned the Fairfield litigation, and was distributed to BNPP S.A. personnel for distribution to BNPP Suisse personnel who may have potentially relevant information. Our records reflect that the second, dated October 24, 2013, concerned Madoff-related documents, and was distributed to BNPP Suisse legal personnel for distribution to BNPP Suisse personnel who may have potentially relevant information. Counsel involved in this process would have included, principally, attorneys at Cleary Gottlieb, BNP Paribas S.A., and BNPP Suisse.**

<u>Question I.A.3.b.</u>: What were the types and sources of ESI covered by the litigation hold(s), if any, regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions?

Joshua Margolin, Esq., p. 6

What steps were [BNPP Suisse] employees directed to take to preserve ESI pursuant to these holds? Will [BNPP Suisse] produce the applicable litigation holds?

> Response reflected in the September 30 Letter:  We are working with our client to confirm the response to this question, and to determine the extent to which we can provide a full response without revealing privileged attorney-client communications. We will provide a final response to this question as soon as reasonably practicable.

> **Further response:  The litigation hold notice issued to BNPP Suisse applied broadly to all relevant ESI.  The details of the litigation hold notice, and the notice itself, constitute advice of counsel and are therefore subject attorney-client privilege.  We are available to meet and confer regarding this request.**

Question I.A.3.c.:  Were any e-mails from the relevant time period for the custodians identified in your Supplemental Responses and Objections preserved pursuant to BNPP Suisse's retention policy? If so, why are those e-mails not available and when were they deleted?

> Response reflected in the September 30 Letter:  We are not aware of any emails related to Fairfield or BLMIS that were preserved by BNPP Suisse beyond the ten-year deletion period and later deleted (such that they were not available to be produced to the Liquidators in response to their 2022 discovery requests).  As noted above in the response to Question I.A.1.c., certain ESI was maintained on CD-ROMs that was not subject to BNPP Suisse's email auto-delete policy; this ESI was searched in connection with the Liquidators' requests.

> **Further response:  We understand that certain ESI was also maintained in an archive by the BNPP Suisse legal department and therefore not subject to BNPP Suisse's email auto-delete policy; this ESI was searched in connection with the Liquidators' requests, and to the extent it contained non-privileged documents that were responsive to the jurisdictional aspects of the Liquidators' requests, these documents have been produced to the Liquidators.**

Question I.A.3.d.:  When were e-mail inboxes for the custodians listed in your Supplemental Responses and Objections deleted or destroyed? Were any such inboxes preserved or backed up?

> Response reflected in the September 30 Letter:  We are working with our client to confirm. We will provide a final response to this question as soon as reasonably practicable.

> **Further response:  We understand that emails sourced to the custodians listed in our Supplemental Responses and Objections, other than those that were otherwise preserved in the archive maintained by BNPP Suisse's legal department or otherwise, and which have been produced to the Liquidators to the extent they have been determined to be both responsive and non-privileged, were deleted pursuant to BNPP Suisse's ten-year data preservation policy (i.e. they were deleted 10 years after they were sent or received).  To date, we have not identified emails sourced to these custodians that were otherwise preserved or backed up, other than those already searched in connection with the Liquidators' requests for production.**

Joshua Margolin, Esq., p. 7

Question I.A.3.e.:  What additional steps, outside of those documented in litigation holds, did BNPP Suisse undertake to preserve ESI regarding (i) BLMIS, (ii) Fairfield, and/or (iii) the Liquidators' claims in these actions, and when were such steps taken?

> Response reflected in the September 30 Letter:  We are not aware of any additional steps taken to preserve ESI regarding BLMIS, Fairfield and/or the Liquidators' claims in these actions outside of those documented in litigation holds.

Question I.A.4.a.:  Can BNPP Suisse describe in more detail "all available archival sources" it searched to identify e-mail communications? Did any of these archival sources have printed e-mail communications that could be reviewed?

> Response reflected in the September 30 Letter:  In response to the Liquidators' discovery requests, BNPP Suisse undertook to search the two types of repositories that contained email communications – servers that stored email correspondence, and CD-ROMs that stored email correspondence and other documents.
>
> We are working to confirm with our client whether any printed email communications were preserved.
>
> **Further response:  We are not aware of any printed email communications that have been preserved.**

Question I.A.4.b.:  Which BNPP Suisse employees, if any, did you interview regarding their exchange of electronic communications or possession of ESI reflecting communications between BNPP Suisse and BLMIS, Fairfield Greenwich Group, and/or Sentry?

> Response reflected in the September 30 Letter:  We are working with our client to confirm whether we can provide a response to this question without violating attorney-client or other applicable privilege, or prevailing European privacy regulations. We will provide a final response to this question as soon as reasonably practicable.
>
> **Further response:  We worked with legal personnel at BNPP Suisse, who we understand consulted with relevant IT and/or business personnel regarding potentially relevant ESI.  The identities of the particular individuals are subject to attorney-client privilege.  We are available to meet and confer on this point.**