**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LTD., *et al.*,<br><br>    Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>    Plaintiffs,<br><br>-against-<br><br>ABN AMRO SCHWEIZ AG, *et al.*,<br><br>    Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>    Plaintiffs,<br><br>-against-<br><br>ABN AMRO SCHWEIZ AG, *et al.*,<br><br>    Defendants. | Adv. Pro. No. 10-03636 (CGM) |

**DECLARATION OF JEFF E. BUTLER**

Jeff E. Butler declares and states as follows:

1.    I am a member of the firm Clifford Chance US LLP, which represents defendant Banque Internationale à Luxembourg SA ("BIL"), formerly known as Dexia Banque Internationale à Luxembourg SA, in the above-captioned actions. This Declaration is submitted in opposition to the Liquidators' Motion for Sanctions under Rule 37(e) Against Banque Internationale à Luxemborg SA (the "Motion").

1

2.	The Liquidators have filed the Motion in two separate actions: *Fairfield Sentry Ltd., et al. v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-03635 (Bankr. S.D.N.Y.) (the "10-3635 Action") and *Fairfield Sentry Ltd., et al. v. ABN AMRO Schweiz AG, et al.*, Adv. Pro. No. 10-03636 (Bankr. S.D.N.Y.) (the "10-3636 Action"). These actions are referred to herein as the "Citco Actions."

3.	Each of the Citco Actions was initially commenced in New York State Supreme Court in April 2010 through the filing of a "Summons with Notice." A Summons with Notice is an abbreviated pleading used in state court containing only a brief description of the nature of claim. For these cases, neither of the initial Summonses with Notice references BIL by name. True and correct copies of each Summons with Notice as filed in the Supreme Court are attached hereto as Exhibits 1 and 2.

4.	On August 17, 2010, the Liquidators filed an Amended Summons with Notice in each of these state court actions. The Amended Summonses with Notice listed, for the first time, individual named defendants in these actions. By my count, 81 individual defendants were listed in each Amended Summons with Notice, and BIL was named as an individual defendant in each of the two cases. The Amended Summonses with Notice did not provide any additional information about the claims against these defendants, stating only that "[t]he nature of the action is for mistake and restitution based on payments made by Fairfield Sentry Limited ('Plaintiff') and received by Defendants from and after April 21, 2004." True and correct copies of each Amended Summons with Notice as filed in the Supreme Court are attached hereto as Exhibits 3 and 4.

5. On September 10, 2010, the Liquidators removed the two state court actions to the United States District Court for the Southern District of New York, and each action was transferred to the Bankruptcy Court.

6. On September 21, 2010, the Liquidators filed a Complaint in each of these now-federal actions. Each Complaint names BIL as one of more than 80 defendants, and includes claims for unjust enrichment, money had and received, mistaken payment and constructive trust. The Complaints each allege that the named defendants received payments from one or more of the Fairfield Funds, but they do not specify the alleged amount or the date of any individual payments. True and correct copies of each Complaint as filed in the Bankruptcy Court are attached hereto as Exhibits 5 and 6.

7. On October 27, 2010, the Liquidators filed a third action against BIL in the Bankruptcy Court, which was styled *Fairfield Sentry Limited, et al. v. Dexia BIL for Customer Account*, Adv. Pro. No. 10-04090 (Bankr. S.D.N.Y.) (the "10-4090 Action"). This third action named BIL as the only defendant, and the Complaint includes claims for unjust enrichment, money had and received, mistaken payment and constructive trust. Unlike the complaints filed at that time in the Citco Actions, the Complaint in the 10-4090 Action attaches exhibits listing the specific redemption payments alleged to have been received by BIL by date, amount and number of shares. A true and correct copy of the Complaint in the 10-4090 Action as filed in the Bankruptcy Court is attached hereto as Exhibit 7.

8. The two Citco Actions and the 10-4090 Action were substantively consolidated in November 2010 with many other similar actions filed by the Liquidators against other parties.

9. On January 10, 2011, the Liquidators filed First Amended Complaints in the two Citco Actions. The First Amended Complaints attached exhibits listing the individual

redemptions at issue in each case with a payment date, payment amount and number of shares. The First Amended Complaint filed in the 10-3635 Action lists, by my count, 70 individual redemptions. The First Amended Complaint filed in the 10-3636 Action lists, by my count, 1,536 individual redemptions. Although individual redemptions payments are listed, the First Amended Complaints do not indicate which defendant is alleged to have received any particular redemption payment. True and correct copies of the First Amended Complaints as filed in the Bankruptcy Court are attached hereto as Exhibits 8 and 9.

10. The Liquidators filed several additional amended complaints in each of the Citco Actions. Second Amended Complaints were filed in May 2011. Third Amended Complaints were filed in July 2012. Fourth Amended Complaints were filed in January 2020. These additional amended complaints, like the First Amended Complaints, listed large numbers of redemption payments without indicating, for any individual redemption, the defendant alleged to have received the payment.

11. Following motions to dismiss, in a series of decisions culminating in a Memorandum Decision dated December 14, 2020, the Bankruptcy Court (Bernstein, J.) dismissed all of the claims brought by the Liquidators except for the constructive trust claims in certain actions. The constructive trust claims in the Citco Actions survived the consolidated motions to dismiss.

12. The claims in the 10-4090 Action did not survive the consolidated motions to dismiss. Accordingly, the 10-4090 Action was dismissed with prejudice on March 15, 2021. The Liquidators appealed this dismissal to the District Court and, on August 24, 2022, the District Court issued a decision affirming the dismissal. The Liquidators are currently appealing that decision of the District Court to the Court of Appeals for the Second Circuit.

13. Following the decisions dismissing all claims other than the constructive trust claim, the Liquidators filed a Fifth Amended Complaint in each of the Citco Actions. Each Fifth Amended Complaint, like earlier amended complaints, attaches exhibits listing many individual redemptions, but does not indicate which defendant is alleged to have received any redemption payment. True and correct copies of the Fifth Amended Complaints as filed in the Bankruptcy Court are attached hereto as Exhibits 10 and 11.

14. On October 29, 2021, BIL moved to dismiss each of the Citco Actions for lack of personal jurisdiction. The Court subsequently allowed the Liquidators to conduct jurisdictional discovery of defendants in the Citco Actions.

15. Counsel for BIL and the Liquidators have participated in a number of meet and confer telephone conferences, in-person meetings and email exchanges on the subject of jurisdictional discovery in these actions.

16. On December 10, 2021, BIL and other Luxembourg-based defendants participated in a meet and confer telephone conference with the Liquidators. During the meet and confer, counsel for defendants pointed out that the Fifth Amended Complaints do not indicate which redemptions are alleged to have been received by any individual defendant. This ambiguity made it impossible, as a practical matter, for any individual defendant to collect documents tailored to the Citco Actions. Counsel for the Liquidators informed the group that the Liquidators would attempt to provide additional information on the specific redemption payments alleged to have been received by the Luxembourg defendants. This is summarized in an email sent by counsel for another one of the Luxembourg defendants on December 10, 2021. A true and correct copy of that email is attached hereto as Exhibit 12.

17. On March 2, 2022, the Liquidators made an "informal production" of documents to BIL in response to the request made during the December 10, 2021 meet and confer. The documents included confirmations for a single redemption of 3,162.62 shares of Fairfield Sentry in the amount of $3,964,353 with a trade date of August 1, 2007. No other redemption confirmations were included in the informal production. From this production of documents, it appeared that only one redemption payment alleged in the Citco Actions was received by BIL. That redemption is one of the more than 1,500 redemptions listed in the 10-3636 Action. It is not listed at all in the 10-3635 Action.

18. Subsequent conversations with counsel for the Liquidators have confirmed that only one redemption payment at issue in the Citco Actions is alleged to have been received by BIL.

19. BIL has disclosed to the Liquidators that the subscription corresponding to the August 2007 redemption was made on April 22, 2005 in the amount of $3,329,612.97. In other words, BIL invested $3,329,613 in Fairfield Sentry (through Citco) in April 2005 and redeemed the investment in August 2007 for $3,964,353, resulting in a net gain of $634,740.

20. On April 15, 2022, BIL produced copies of the hard-copy transaction files for the redemption at issue and the corresponding subscription. These files included hard copies of emails from 2005 relating to the subscription and from 2007 relating to the redemption.

21. BIL has not produced copies of hard-copy transaction files for other transactions between BIL and the Fairfield Funds, including the redemption payments at issue in the 10-4090 Action and the subscriptions associated with those redemptions. BIL has objected to the production of such documents based on the fact that the 10-4090 Action has been dismissed with prejudice, and the Liquidators to date have not pursued the production of those documents in

6

connection with jurisdictional discovery. I have not personally reviewed the hard-copy transaction files associated with other Fairfield redemption payments received by BIL, but these files likely would include hard-copy versions of additional emails relating to the Fairfield Funds.

22. This is relevant to the Motion because some examples of "missing" documents cited by the Liquidators are documents associated with subscriptions and redemptions at issue only in the 10-4090 Action. These include, for example, Exhibits 5-6 to the Declaration of David S. Flugman dated January 20, 2023. As noted, the Liquidators have not pursued production of those documents in connection with jurisdictional discovery in the Citco cases and, accordingly, BIL has not searched its hard-copy transaction files for these specific emails.

23. BIL subsequently produced several other categories of documents to the Liquidators in connection with jurisdictional discovery. On July 12, 2022, BIL produced copies of internal reports and analyses of the Fairfield Funds. On January 6, 2023, BIL produced copies of account statements for the BIL customer that made the subscription and redemption at issue in the Citco Actions, as well as agreements between BIL and that specific customer. In total, for jurisdictional discovery, BIL has produced 729 pages of documents concerning the one redemption payment at issue in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    February 22, 2023
          New York, New York


                                                /s Jeff E. Butler
                                                Jeff E. Butler