**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
David J. Molton
212-209-4800

*Attorneys for the Foreign Representatives*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**FAIRFIELD SENTRY LIMITED, et al.,**<br><br>    Debtors in Foreign Proceedings.<br><br>**FAIRFIELD SENTRY LIMITED (IN LIQUIDATION), FAIRFIELD SIGMA LIMITED (IN LIQUIDATION) and FAIRFIELD LAMBDA LIMITED (IN LIQUIDATION),** acting by and through the Foreign Representatives thereof, and **KENNETH KRYS and JOANNA LAU,** solely in their capacities as Foreign Representatives and Liquidators thereof,<br><br>                    **Plaintiffs,**<br><br>           -against-<br><br>**ABN AMRO SCHWEIZ AG a/k/a ABN AMRO (SWITZERLAND) AG, ADLER AND CO PRIVATBANK AG, ALLIANZBANK SPA/UNIFORTUNE CONSERVATIVE SIDE POCKET, ALTERNATIVE INVESTMENT STRATEGIES, ARSENAL SPC, ARSENAL SPC OBO GLASGOW SEG PORT, BANCA ARNER SA, BANCA UNIONE DI CREDITO, BANK HAPOALIM SWITZERLAND LTD., BANK JULIUS BAER & CO. LTD., BANK SARASIN & CIE, BANQUE CANTONALE VAUDOISE, BANQUE CRAMER & CIE SA, BANQUE SAFDIE SA, BARCLAY'S BANK PLC SINGAPORE WEALTH a/k/a BARCLAY'S BANK PLC, BBH LUX GUARDIAN II a/k/a BROWN BROTHERS HARRIMAN, BBH LUX REF FAIRFIELD GRN, BBVA (SUISSE) SA, BCV AMC DEFENSIVE AL FUND, BNP PARIBAS (SUISSE) SA, BNP PARIBAS (SUISSE) SA EX FORTIS, BNP PARIBAS (SUISSE) SA PRIVATE, BSI AG, BSI EX** | Chapter 15 Case<br><br>Case No. 10-13164 (BRL)<br><br>Jointly Administered<br><br><br><br><br><br>Adv. Pro. No. 10-03636 (BRL)<br><br>**CORRECTED FIRST AMENDED COMPLAINT** |

BANCA DEL GOTTARDO, CACEIS BANK LUXEMBOURG, CBB (BVI)/ THE ALKIMA FUND, CBT GEMS LOW VOL REG, COMPAGNIE BANCAIRE HELVETIQUE, CENTRUM BANK AG (AMS), FIDULEX MANAGEMENT INC., LARIDEN LEU LTD., CORNER BANCA SA, CREDIT SUISSE AG ZURICH, DEXIA BANQUE INTERNATIONAL A LUXEMBOURG, DRESDNER BANK SCHWEIZ, EFG BANK SA SWITZERLAND, EFG EUROFINANCIER D'INVEST MCL, ENDURANCE ABSOLUTE LTD. MASTER, FAIRFIELD INVESTMENT GCI, FAIRFIELD INVESTMENT FUND LTD., FAIRFIELD MASTERS LTD., FALCON PRIVATE BANK, FCL IFP GLOBAL DIVERSIFIED CLS, FIF ADVANCED LTD., FINTER BANK ZURICH, HARMONY CAPITAL FUND LTD., IHAG HANDELSBANK AG, INCORE BANK AG, JP MORGAN (SUISSE) SA, KARLA MULTISTRATEGIES LTD., KBC INVESTMENTS LTD., LGT BANK IN LIECHTENSTEIN AG, LIECHTENSTEINISCHE LB REINVEST AMS, LLOYDS TSB BANK GENEVA, LOMBARD ODIER DARIER HENTSCH & CIE, LONGBOAT LTD., MASTER CAPITAL AND HEDGE FUND, NBK BANQUE PRIVEE SUISSE SA, PICTET & CIE, PKB PRIVATBANK AG, PRIVATE SPACE LTD., QUASAR FUNDS SPC a/k/a QUASAR FUND SPC CLASS A AND CLASS B CGCNV, RBC DEXIA INVESTOR SERVICE JULIUS BAER SICAV, RBS COUTTS BANK LTD., RICHOURT AAA MULTISTRATEGIES, ROTHSCHILD BANK AG ZURICH (DUBLIN) ) a/k/a ROTHSCHILD BANK AG, ROTHSCHILD BANK GENEVA (DUBLIN), ROTHSCHILD LUGANO DUBLIN a/k/a BANCA PRIVATA EDMOND DE ROTHSCHILD LUGANO S.A., SELLA BANK AG, SIS SEEGANINTERSETTLE, SIX SIS LTD., SOCIETE GENERALE BANK & TRUST, SOUNDVIEW FUND, SPRINGER FUND OF FUNDS LTD., SWISSCANTO FD CENTRE CLIENTS A/C, T1 GLOBAL FUND LTD., TEOREMA ALTERNATIVE STRATEGIES, UBS AG NEW YORK, UBS AG ZURICH, UBS JERSEY NOMINEES, VERWALTUNGS UND PRIVAT-BANK AG AKTIENGESELLSCHAFT (AMS), VORARLBERGER LANDES UND HYPOTHEKENBANK ANKIENGESELLSCHARFT and BENEFICIAL OWNERS OF ACCOUNTS HELD IN THE NAME OF CITCO GLOBAL CUSTODY (NA) NV 1-1000, BENEFICIAL OWNERS OF ACCOUNTS HELD IN THE NAME OF CITCO GLOBAL CUSTODY NV 1-1000, BENEFICIAL

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

| OWNERS OF ACCOUNTS HELD IN THE NAME OF | ) |
| CITCO FUND SERVICES (BVI) 1-1000, and BENEFICIAL | ) |
| OWNERS OF ACCOUNTS HELD IN THE NAME OF | ) |
| CITCO FUND SERVICES (EUROPE) BV 1-1000, | ) |
|  | ) |
| **Defendants.** | ) |

Fairfield Sentry Limited ("<u>Sentry</u>"), Fairfield Sigma Limited ("<u>Sigma</u>") and Fairfield Lambda Limited ("<u>Lambda</u>," together with Sentry and Sigma, the "<u>Funds</u>" or the "<u>Debtors</u>"), by and through Kenneth Krys and Joanna Lau (together with their predecessors, the "<u>Foreign Representatives</u>"), and Kenneth Krys and Joanna Lau (together with the Funds, the "<u>Plaintiffs</u>"), solely in their capacities as the Foreign Representatives and Liquidators of the liquidation proceedings involving the Funds pending before the Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin Islands (the "<u>BVI Court</u>"), for their complaint against Defendants, allege the following based on personal knowledge or information derived from the Funds' books and records or from other sources, including, *inter alia*, court filings and statements of governmental agencies and other parties.

## <u>PRELIMINARY STATEMENT</u>

1.     This action and similar actions are brought by the Plaintiffs, with the approval of the BVI Court, to recover payments made to shareholders for the redemption of shares in the Funds prior to December 2008.

2.     The Funds were created as a means for private investment in managed accounts with Bernard L. Madoff Investment Securities LLC ("<u>BLMIS</u>"), the brokerage business that Bernard L. Madoff used to perpetrate his massive Ponzi scheme.  Sentry was the largest of all so-called "feeder funds" to maintain accounts with BLMIS.  Sigma and Lambda were indirect BLMIS feeder funds established for foreign currency investments (respectively, Euro and Swiss Franc investments) through purchase of shares of Sentry.  Sentry's account statements with

BLMIS as of the end of October 2008 showed in excess of $6 billion of assets supposedly held by BLMIS for Sentry.  As stated in their offering materials, the Funds' investment objective was to achieve capital appreciation of assets through investments in BLMIS (directly, in the case of Sentry; and indirectly, through Sentry, in the cases of Sigma and Lambda).

3.      It is now known that these types of feeder funds were essential to the perpetration of Madoff's Ponzi scheme.   In order for the Ponzi scheme to operate, Madoff required a continuous flow of new investors and investments to be able to satisfy redemption requests from early investors.  Feeder funds, such as Sentry, brought new investors into this scheme, allowing Madoff to make payments to early investors and thereby creating and perpetuating the illusion that BLMIS was engaged in a successful investment strategy and actively trading securities.

4.      From the Funds' inception until the disclosure of Madoff's fraud in December 2008, substantially all cash, net of fees and expenses, raised by the Funds through the sale of their shares were transferred (either directly in the case of Sentry or indirectly through Sentry in the cases of Sigma and Lambda) to BLMIS for investment in accounts managed by Madoff. Prior to December 2008, the voting, participating shares of Sentry ($.01 par value per share), Sigma (€.01 par value per share), and Lambda (CHF.01 par value per share) (the "Shares"), were redeemable for a price equal to the applicable Fund's "Net Asset Value."  Net Asset Value was to be determined, in accordance with applicable accounting standards, as the value of the respective assets of Sentry, Sigma, and Lambda divided by the number of shares outstanding in each fund, net of certain expenses ("Net Asset Value").

5.      From time to time, in order to make payments to investors for redemption of Shares ("Redemption Payments"), Sentry made withdrawals from its BLMIS accounts.  At all relevant times, the Funds believed payments that Sentry received from BLMIS represented the

4

proceeds of sales of securities and/or investments held by BLMIS for Sentry. The amount, per share, paid by the Funds to shareholders for each Share redeemed was to be equal to the per share Net Asset Value, which was calculated based on the assets that the Funds believed were being held, and investments that were being made, by BLMIS for Sentry's account.

6.      As the world now knows, Madoff was operating a massive Ponzi scheme through BLMIS. Thus, at all relevant times, the money that Sentry transferred to BLMIS was not invested, but, rather, was used by Madoff to pay other BLMIS investors or was otherwise misappropriated by Madoff for unauthorized uses. Further, none of the securities shown on statements provided to Sentry by BLMIS were in fact purchased for Sentry. Additionally, none of the amounts withdrawn by Sentry from its accounts with BLMIS were proceeds of sales of securities or other investments. Instead, such amounts represented the monies of more recent investors into the Madoff scheme.

7.      In light of the fraudulent nature of BLMIS and its operation as a massive Ponzi scheme, at all relevant times the assets purportedly held at BLMIS for Sentry were non-existent, and the Funds were insolvent or rendered insolvent at the time Redemption Payments were made or they were rendered insolvent by those payments. As a result, at all relevant times, the Net Asset Value of the Shares redeemed was miscalculated, and Redemption Payments were mistakenly made for amounts far in excess of the actual Net Asset Value of Shares redeemed.

8.      At all relevant times, all payments made from BLMIS to Sentry and other feeder funds and investors were made by Madoff to perpetuate his Ponzi scheme and avoid detection of his fraud. Similarly, the Redemption Payments that the Funds made to redeeming shareholders were not made in the ordinary course of any business or for any legitimate purposes. Those Redemption Payments did not conform to or follow the terms of the Funds' Subscription

Agreements, Articles of Association and/or other offering documents, as the source of these payments was not the sales of securities, or return of investments, as contemplated by those documents. Rather, the payments were derived from uninvested monies of other BLMIS investors or other uninvested deposits made by Sentry in BLMIS, but in either event, they represented the fraudulent and ill-gotten gains of Madoff's Ponzi scheme, distributed by BLMIS to Sentry. These payments and other payments made to BLMIS investors were crucial in perpetuating the Ponzi scheme and maintaining the illusion that Madoff was making actual investments and employing a successful investment strategy.

9.      During the period from and after April 20, 2004, through November 24, 2008, following the receipt by the Funds of notices of redemption, the Funds made Redemption Payments to the above beneficiaries of accounts held in the name of Citco Global Custody NV, Citco Global Custody (NA) NV, Citco Fund Services (BVI), and Citco Fund Services (Europe) BV (collectively "the Citco Defendants") aggregating USD $1,713,056,327.45. At the time such payments were made, the Funds mistakenly believed that such payments were in the amount of the Net Asset Value of the Shares tendered at the time of redemption. In fact, however, as stated, the Redemption Payments made to the Citco Defendants far exceeded the actual Net Asset Value of the Shares redeemed. Moreover, the source of these Redemption Payments was not, as the Funds believed them to be, proceeds of the liquidation of securities or investments held for their accounts. Instead, any amounts obtained by the Funds from BLMIS to make Redemption Payments to the Citco Defendants were proceeds of Madoff's Ponzi scheme, obtained from other BLMIS investors or other Sentry investors invested in BLMIS.

10.     Upon information and belief, the Citco Defendants have either retained the Redemption Payments made to them by the Funds for their own account and benefit or,

alternatively, paid all or some portion of such payments to or for the account of persons or entities, including, but not limited to, ABN AMRO Schweiz AG a/ka ABN AMRO Switzerland AG, Adler and Co Privatbank AG, Allianzbank SPA/Unifortune Conservative Side Pocket, Alternative Investment Strategies, Arsenal SPC, Arsenal SPC OBO Glasgow SEG Port, Banca Arner SA, Banca Unione Di Credito, Bank Hapoalim Switzerland Ltd., Bank Julius Baer & Co. Ltd., Bank Sarasin & CIE, Banque Cantonale Vaudoise, Banque Cramer & CIE SA, Banque Safdie SA, Barclay's Bank PLC Singapore Wealth a/k/a Barclay's Bank, Inc., BBH Lux Guardian II, BBH Lux Ref Fairfield GRN, BBVA (Suisse) SA, BCV AMC Defensive AL Fund, BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP Paribas (Suisse) SA Private, BSI AG, BSI Ex Banca Del Gottardo, Caceis Bank Luxembourg, CBB (BVI)/ The Alkima Fund, CBT Gems Low Vol Reg, Compagnie Bancaire Helvetique, Centrum Bank AG (AMS), Fidulex Management Inc, Lariden Leu Ltd., Corner Banca SA, Credit Suisse AG Zurich, Dexia Banque International A Luxembourg, Dresdner Bank Schweiz, EFG Bank SA Switzerland, EFG Eurofinancier D'Invest MCL, Endurance Absolute Ltd. Master, Fairfield Investment GCI, Fairfield Investment Fund Ltd., Fairfield Masters Ltd., Falcon Private Bank, FCL IFP Global Diversified CLS, FIF Advanced Ltd., Finter Bank Zurich, Harmony Capital Fund Ltd., IHAG Handelsbank AG, Incore Bank AG, JP Morgan (Suisse) SA, Karla Multistrategies Ltd., KBC Investments LTD., LGT Bank In Liechtenstein AG, Liechtensteinische LB Reinvest AMS, Lloyds TSB Bank Geneva, Lombard Odier Darier Hentsch & CIE, Longboat Ltd., Master Capital and Hedge Fund, NBK Banque Privee Suisse SA, Pictet & CIE, PKB Privatbank AG, Private Space Ltd., Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV, RBC Dexia Investor Service Julius Baer SICAV, RBS Coutts Bank Ltd., Richourt AAA Multistrategies, Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG, Rothschild

Bank Geneva (Dublin), Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild

Lugano S.A., Sella Bank AG, SIS Seeganintersettle, Six SIS Ltd., Societe Generale Bank &

Trust, Soundview Fund, Springer Fund of Funds Ltd., Swisscanto FD Centre Clients A/C, T1

Global Fund Ltd., Teorema Alternative Strategies, UBS AG New York, UBS AG Zurich, UBS

Jersey Nominees, Verwaltungs UND Privat-Bank AG Aktiengesellschaft (AMS), Vorarlberger

Landes UND Hypothekenbank Ankiengesellscharft for whom the Citco Defendants may have

subscribed for shares of the Funds in the capacity of trustee, agent, representative, nominee or

custodian (the "Beneficial Shareholders," together with the Citco Defendants, the "Defendants").

11.     Following the revelation of Madoff's fraud in December 2008, the Funds' boards

of directors suspended any further redemptions of the Funds' shares and the calculation of each

of the Funds' Net Asset Value.  As of December 2008 and presently, Sentry, Sigma, and Lambda

have, respectively, approximately 4.7 million, 3.9 million, and 0.2 million shares outstanding.

12.     The Funds' actual assets are far less than the amount needed to satisfy their

liabilities and the claims that have been or may be asserted against each of them.  In particular,

claims have been asserted against the Funds in actions commenced by Irving H. Picard, the

Trustee appointed by the United States District Court for the Southern District of New York for

the liquidation of BLMIS (the "BLMIS Trustee"), in an adversary proceeding pending before the

United States Bankruptcy Court of the Southern District of New York, Picard v. Fairfield Sentry

Limited, et al., No. 08-01789 (BRL) (the "BLMIS Adversary Proceeding").

13.     As set forth in the complaint filed in the BLMIS Adversary Proceedings, the

BLMIS Trustee seeks to recover from the Funds, on preference and fraudulent transfer grounds,

approximately $3.2 billion.  This amount is alleged to have been transferred to the Funds from

BLMIS, directly (in the case of Sentry), or indirectly (in the cases of Sigma and Lambda), during

the six years preceding the December 2008 disclosure of the Madoff fraud. The BLMIS Trustee alleges that the monies transferred from BLMIS to the Funds were the misappropriated assets of other BLMIS investors. At all relevant times, monies that the Funds received from BLMIS, net of fees and expenses, were transferred to shareholders as Redemption Payments. Monies received from BLMIS to fund Redemption Payments thereby gave rise to alleged liabilities and subjected the Funds to claims that the Funds were and are unable to pay or that caused the Funds to become insolvent and/or deepened their existing insolvency.

14.      Unless Redemption Payments paid to shareholders are recovered for the Funds' estates, the Funds will be unable to satisfy their liabilities and claims that have been made or may be made against them. Moreover, to the extent such liabilities and claims must be satisfied solely from the Funds' current assets, Defendants will have been unjustly enriched as they will not bear their proportionate share of such liabilities and claims, but rather will retain a windfall at the expense of other shareholders and creditors of the Funds.

## JURISDICTION AND VENUE

15.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 157(b) and 1334(b), as this adversary proceeding and the claims asserted by the Foreign Representatives herein arise under, arise in and/or relate to the Chapter 15 proceedings of the above-captioned Debtors, In re Fairfield Sentry Limited, et al., No. 10-13164 (BRL), pending in this Court. Additionally, pursuant to section 78eee(b)(2)(A)(iii) of the Securities Investor Protection Act ("SIPA"), which incorporates 28 U.S.C. § 1334(b) and applicable provisions of Title 11 of the United States Code, jurisdiction is also proper in this Court because this action also relates to the consolidated liquidation proceedings of BLMIS and Bernard L. Madoff, pending in this Court under the caption Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC,

SIPA Liquidation No. 08-1789 (BRL).  Pursuant to the standing order of reference of the United

States District Court for the Southern District of New York, dated July 10, 1984, all proceedings

arising in, arising under and/or related to cases under Title 11 of the United States Code (as

amended, the "Bankruptcy Code") are referred to this Court for adjudication.

16.     This is a core proceeding under 28 U.S.C. §§ 157(b)(2).  Should the Court

determine this to be a non-core proceeding, Plaintiffs consent to entry of final judgment and

order by this Court.

17.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)

on the basis that this case involves an amount in dispute exceeding $75,000 and, upon

information and belief, is between, on the one hand, Sentry and Sigma, BVI entities, and the

Foreign Representatives thereof, and on the other hand,  Fairfield Investment GCI, Fairfield

Investment Fund Ltd., Fairfield Masters Ltd., FIF Advanced Ltd., KBC Investments Ltd. and

UBS AG New York, citizens of the United States.

18.     This Court has jurisdiction over the Citco Defendants and any Beneficial

Shareholders pursuant to Rules 7004(d) and (f) of the Federal Rules of Bankruptcy Procedure

because the Citco Defendants and the Beneficial Shareholders, on information and belief,

conducted investment transactions from within or directed to the United States.

19.     Moreover, this Court has jurisdiction over the Citco Defendants and any

Beneficial Shareholders by virtue of the legally binding and valid agreements and representations

set forth in one or more Subscription Agreements the Citco Defendants entered into with the

Funds (collectively, the "Subscription Agreement").

20.     The Subscription Agreements provide for, *inter alia*, the irrevocable submission

by the Citco Defendants to the jurisdiction of the New York courts with respect to any

proceeding with respect to said agreement and the Funds and the Citco Defendants's consent to
service of process by the mailing of such process, as provided therein.    In particular, the
Subscription Agreements provide as follows:

> New York Courts.    Subscriber agrees that any suit, action or proceeding
> ("Proceeding") with respect to this Agreement and the Fund may be brought in
> New York.   Subscriber irrevocably submits to the jurisdiction of the New York
> courts with respect to any Proceeding and consents that service of process as
> provided by New York law may be made upon Subscriber in such Proceeding,
> and may not claim that a Proceeding has been brought in an inconvenient forum.
> Subscriber consents to the service of process out of any New York court in any
> such Proceeding by the mailing of copies thereof, by certified or registered mail,
> return receipt requested, addressed to Subscriber at the address of Subscriber then
> appearing on the Fund's records.  Nothing herein shall affect the Fund's right to
> commence any Proceeding or otherwise to proceed against Subscriber in any
> other jurisdiction or to serve process upon Subscriber in any manner permitted by
> any applicable law in any relevant jurisdiction.

21.    Furthermore, by executing the Subscription Agreements, the Citco Defendants
agreed to all terms and conditions contained therein, including the express provision that any
agreement made by the Citco Defendants in the Subscription Agreement would also apply to any
other person for whom the Citco Defendants  was subscribing as trustee, agent, representative, or
nominee – i.e., all Beneficial Shareholders.    Moreover, by executing the Subscription
Agreements, the Citco Defendants represented that it had all requisite authority from Beneficial
Shareholders to execute and perform any and all obligations on their behalf, and also agreed to
indemnify the Funds for any damages resulting from an assertion by a Beneficial Shareholder
that the Citco Defendants lacked proper authorization to enter into the Subscription Agreement
or perform the obligations thereof.    Specifically, the Subscription Agreements provide as
follows:

> If Subscriber is acting as a Representatives.    If Subscriber is subscribing as
> trustee, agent, representatives, or nominee for another person (the "Beneficial
> Shareholder"), Subscriber agrees that the representations and agreements herein
> are made by Subscriber with respect to itself and the Beneficial Shareholder.
> Subscriber has all requisite authority from the Beneficial Shareholder to execute

and perform the obligations hereunder. Subscriber also agrees to indemnify the Fund . . . for any and all costs, fees and expenses (including legal fees and disbursements, fines and amounts paid in settlement) in connection with any damages resulting from Subscriber's misrepresentation or misstatement contained here, or the assertion of Subscriber's lack of proper authorization from the Beneficial Shareholder to enter into this Agreement or perform the obligations hereof.

22.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

### Plaintiffs

23.     Sentry, a British Virgin Islands company, was organized in 1990 under the International Business Company Act of the British Virgin Islands and was subsequently re-registered as a business company under the BVI Business Companies Act 2004. Sentry's registered agent is Codan Trust Company (B.V.I.) located at Romasco Place, Wickhams Cay 1, Road Town, Tortola, BVI. Sentry is currently in liquidation in proceedings commenced on April 21, 2009 in the BVI Court.

24.     Sigma, a British Virgin Islands company, was organized in 1990 under the International Business Company Act of the British Virgin Islands and was subsequently re-registered as a business company under the BVI Business Companies Act 2004. Sigma's registered agent is Codan Trust Company (B.V.I.) located at Romasco Place, Wickhams Cay 1, Road Town, Tortola, BVI. Sigma is currently in liquidation in proceedings commenced on April 23, 2009, in the BVI Court.

25.     Lambda, a British Virgin Islands company then known as Fairfield Henry Limited, was organized in 1990 under the International Business Company Act of the British Virgin Islands and was subsequently re-registered as a business company under the BVI Business Companies Act 2004. Lambda's registered agent is Codan Trust Company (B.V.I.)

located at Romasco Place, Wickhams Cay 1, Road Town, Tortola, BVI. Lambda is currently in liquidation in proceedings commenced on February 27, 2009, in the BVI Court.

26. The Foreign Representatives were appointed by the BVI Court as Liquidators of the Funds to supervise the liquidation of the Funds' estates and, where necessary, commence proceedings in the name of and behalf of the Funds or in their own official names. On April 23, 2009, the BVI Court issued an order appointing Christopher Stride (Ms. Lau's predecessor) as liquidator of Lambda (the "Lambda Appointment Order"). On July 21, 2009, the BVI Court issued an order appointing Mr. Krys and Mr. Stride as joint liquidators of Sentry and Sigma (the "Sentry & Sigma Appointment Order"). On September 6, 2010, the BVI Court issued notices acknowledging Mr. Stride's resignation and Ms. Lau's appointment as joint liquidator with Mr. Krys of all three Funds (the "Supplemental Appointment Order" and, together with the Lambda Appointment Order and the Sentry & Sigma Appointment Order, the "BVI Appointment Orders"). The Foreign Representatives have been authorized by the BVI Court to bring, in their capacities as Foreign Representatives and liquidators of the Funds, this action and the claims herein, including the avoidance claims herein under the BVI Insolvency Act of 2003 (the "BVI Insolvency Act").

27. Pursuant to the BVI Appointment Orders, the Foreign Representatives are responsible for all aspects of the Funds' businesses, including, among other things, custody and control of the Funds' assets, the power to do all acts and execute, in the name and on behalf of the Funds, any deeds, receipts or other documents, and the power to compromise claims, commence litigation and to dispose of property. After obtaining BVI Court approval, the Foreign Representatives filed petitions in this Court in June of 2010, under Chapter 15 of Title 11 of the United States Code, seeking recognition of the BVI Liquidation Proceedings as

"foreign main proceedings" under Chapter 15.  On July 22, 2010, this Court issued an order (the "<u>Recognition Order</u>") granting that recognition.

28.     Pursuant to the Recognition Order, the Foreign Representatives were automatically afforded relief available under 11 U.S.C. § 1520, including application of the Bankruptcy Code's automatic stay to the Funds and their property located in the United States, as well as the ability to operate the Funds' business and exercise the rights and powers of a trustee under Sections 363 and 552 of the Bankruptcy Code.  Moreover, the Bankruptcy Court specifically granted additional relief in the Recognition Order to the Foreign Representatives pursuant to 11 U.S.C. § 1521(a).  Such relief includes, but is not limited to: (i) staying any actions, proceedings or execution against the Funds' assets to the extent not stayed under Section 1520; (ii) authorizing the Foreign Representatives to seek leave to conduct discovery concerning the Funds' assets, affairs, rights, obligations or liabilities; (iii) entrusting the Foreign Representatives with the administration and realization of the Funds assets that are located within the United States, including all claims and causes of action belonging to the Funds; and (iv) otherwise giving full force and effect to the BVI Proceedings.

**<u>Defendants</u>**

29.     The Citco Defendants were, at all relevant times, registered holders of Shares. Upon information and belief, the Citco Defendants are various corporate entities organized and/or residing in various countries and jurisdictions.  Upon information and belief, the Citco Defendants subscribed for the purchase of Shares by entering into one or more Subscription Agreements with the Funds (collectively, the "<u>Subscription Agreement</u>").  All purchases of Shares by the Citco Defendants were subject to the terms of the Subscription Agreement.

14

30.     Defendants "Beneficial Owners of the Accounts Held in the Name of Citco Global Custody NV 1-1000," "Beneficial Owners of the Accounts Held in the Name of Citco Global Custody (NA) NV 1-1000," "Beneficial Owners of the Accounts Held in the Name of Citco Fund Services (BVI) 1-1000" and "Beneficial Owners of the Accounts Held in the Name of Citco Fund Services (Europe) BV 1-1000" - i.e., the Beneficial Shareholders - are, as noted, any persons or entities having a beneficial ownership or interests in Shares of the Funds issued to the Citco Defendants and on whose behalf the Citco Defendants were acting as trustee, agent, representative, or nominee (individually, a "Beneficial Shareholder" and collectively, "Beneficial Shareholders").

31.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG.  Upon information and belief, ABN AMRO Schweiz AG a/k/a ABN AMRO (Switzerland) AG is a corporate entity organized under the laws of Switzerland and has its registered address at Beethovenstrasse 33, CH-8002 Zurich, Switzerland.

32.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Adler and Co Privatbank AG.  Upon Information and belief, Adler and Co Privatbank AG is a corporate entity organized under the laws of Switzerland and has its registered address at Claridenstreasse 22, CH-8022 Zurich, Switzerland.

33.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Allianzbank SPA/Unifortune Conservative Side Pocket.  Upon information and belief,

Allianzbank SPA/Unifortune Conservative Side Pocket is a corporate entity organized under the laws of Italy and has its registered address at Via Donizetti 53, Milan 20128, Italy.

34.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Alternative Investment Strategies. Upon information and belief, Alternative Investment Strategies is a corporate entity organized under the laws of Bermuda and has its registered address c/o Absolute Performance Ltd., Bamboo Gate, 11 Harbour Road, Paget PG 03, Bermuda.

35.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Arsenal SPC.  Upon information and belief, Arsenal SPC is a corporate entity organized under the laws of the Cayman Islands and has its registered address at Corporate Centre West Bay Road, P.O. Box 31106, SMB, Grand Cayman, Cayman Islands.

36.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Arsenal SPC Obo Glasgow SEG Port.  Upon information and belief, Arsenal SPC Obo Glasgow SEG Port is a corporate entity organized under the laws of Switzerland and has its registered address at Rue de la Croiz 19, 1203 Geneva, Switzerland.

37.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Banca Arner SA.  Upon information and belief, Banca Arner SA is a corporate entity organized under the laws of Switzerland and has its registered address at Piazza Manzoni 8, 6901 Lugano, Switzerland.

38. Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Banca Unione di Credito. Upon information and belief, Banca Unione di Credito is a corporate entity organized under the laws of Switzerland and has its registered address at Piazza Dante 7, CH-6901 Lugano, Switzerland.

39. Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Bank Hapoalim Switzerland Ltd. Upon information and belief, Bank Hapoalim Switzerland Ltd. is a corporate entity organized under the laws of Luxembourg and has its registered address at 18 Boulevard Royal, 2449 Luxembourg.

40. Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Bank Julius Baer & Co. Ltd. Upon information and belief, Bank Julius Baer & Co. Ltd. is a corporate entity organized under the laws of Switzerland and has its registered address at Hohlstrasse 602, CH-8010 Zurich, Switzerland.

41. Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Bank Sarasin & Cie. Upon information and belief, Bank Sarasin & Cie is a corporate entity organized under the laws of Switzerland and has its registered address at Elizabethenstrasse 62, CH-4002 Basel, Switzerland.

42. Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Banque Cantonale Vaudoise. Upon information and belief, Banque Cantonale Vaudoise is a corporate

entity organized under the laws of Switzerland and has its registered address at Place St. Francois 14, CH-1001 Lausanne, Switzerland.

43.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Banque Cramer & Cie SA. Upon information and belief, Banque Cramer & Cie SA is a corporate entity organized under the laws of Switzerland and has its registered address at 20-22 Avenue de Miremont, P.O. Box 403, CH-1211 Geneva 12, Switzerland.

44.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Banque Safdie SA.  Upon information and belief, Banque Safdie SA is a corporate entity organized under the laws of Switzerland and has its registered address at 1 Rue de la Tour de L'Ile, Case Postale 5415, 1211 11 Geneva, Switzerland.

45.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Barclay's Bank PLC Singapore Wealth a/k/a Barclays Bank PLC.  Upon information and belief, Barclay's Bank PLC Singapore Wealth a/k/a Barclays Bank PLC is a corporate entity organized under the laws of Singapore and has its registered address at Level 28 One Raffles Quay, South Tower, Singapore 048583, Singapore.

46.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BBH Lux Guardian II a/k/a Brown Brothers Harriman.  Upon information and belief, BBH Lux Guardian II a/k/a Brown Brothers Harriman is a corporate entity organized under the laws of Luxembourg

and has its registered address at 2-8, Avenue Charles de Gaulle, Luxembourg L-2014 Luxembourg.

47.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BBH Lux Ref Fairfield GRN.  Upon information and belief, BBH Lux Ref Fairfield GRN is a corporate entity organized under the laws of Luxembourg and has its registered address at 33 Boulevard Prince Henri BP 403, Luxembourg L-2014, Luxembourg.

48.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BBVA (Suisse) SA. Upon information and belief, BBVA (Suisse) SA is a corporate entity organized under the laws of Switzerland and has its registered address at P.O. Box 3930, Zeltweg 63, 8021 Zurich, Switzerland.

49.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BCV AMC Defensive AL Fund. Upon information and belief, BCV AMC Defensive AL Fund is a corporate entity organized under the laws of Switzerland and has its registered address at Place St. Francois, CH-1001 Lausanne, Switzerland.

50.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BNP Paribas (Suisse) SA.  Upon information and belief, BNP Paribas (Suisse) SA is a corporate entity organized under the laws of Switzerland and has its registered address at 2 Place de Hollande, Case Postale, CH-1211 Geneva, Switzerland.

51.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BNP Paribas (Suisse) SA Ex Fortis. Upon information and belief, BNP Paribas (Suisse) SA Ex Fortis is a corporate entity organized under the laws of Switzerland and has its registered address at 2 Place de Hollande, Case Postale, CH-1211 Geneva, Switzerland.

52.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BNP Paribas (Suisse) SA Private.  Upon information and belief, BNP Paribas (Suisse) SA Private is a corporate entity organized under the laws of Switzerland and has its registered address at 2 Place de Hollande, Case Postale,  CH-1211 Geneva, Switzerland.

53.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BSI AG. Upon information and belief, BSI AG is a corporate entity organized under the laws of Switzerland and has its registered address at Via Peri 23, CH-6901 Lugano, Switzerland.

54.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with BSI Ex Banca Del Gottardo.  Upon information and belief, BSI Ex Banca Del Gottardo is a corporate entity organized under the laws of Switzerland and has its registered address at Viale S Franscini 8, CH-6900 Lugano, Switzerland.

55.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Caceis Bank Luxembourg.  Upon information and belief, Caceis Bank Luxembourg is a corporate entity

organized under the laws of Luxembourg and has its registered address at 5 Allee Scheffer, Luxembourg L-2520, Luxembourg.

56.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with CBB (BVI)/ The Alkima Fund.

57.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with CBT Gems Low Vol Reg.  Upon information and belief, CBT Gems Low Vol Reg is a corporate entity organized under the laws of the Bahamas and has its registered address at One Montague Place 1st Floor, East Bay Street, P.O. Box N-4906, Nassau, Bahamas.

58.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Compagnie Bancaire Helvetique.  Upon information and belief, Compagnie Bancaire Helvetique is a corporate entity organized under the laws of Switzerland and has its registered address at Route de Chancy 6B, Case Postale 64, CH-1211 Geneva 8, Switzerland.

59.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Centrum Bank AG (AMS).  Upon information and belief, Centrum Bank AG (AMS) is a corporate entity organized under the laws of Liechtenstein and has its registered address at Kirchstrasse 3, Postfach 1168, Vaduz FL 9490, Liechtenstein.

60.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Clariden Leu Ltd.  Upon information and belief, Clariden Leu Ltd is a corporate entity organized under

the laws of Switzerland and has its registered address at Bahnhofstrasse 32, CH-8070, Zurich, Switzerland.

61.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Corner Banca SA.  Upon information and belief, Corner Banca SA is a corporate entity organized under the laws of Switzerland and has its registered address at Via Canova 16, CH-6901 Lugano, Switzerland.

62.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Credit Suisse AG Zurich.  Upon information and belief, Credit Suisse AG Zurich is a corporate entity organized under the laws of Switzerland and has its registered address at P.O. Box 300, Uetlibergstrasse 231, CH-8070 Zurich, Switzerland.

63.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Dexia Banque International A Luxembourg.  Upon information and belief, Dexia Banque International A Luxembourg is a corporate entity organized under the laws of Luxembourg and has its registered address at 69 Route D'Esch, Luxembourg L-2953, Luxembourg.

64.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Dresdner Bank Schweiz.  Upon information and belief, Dresdner Bank Schweiz is a corporate entity organized under the laws of Liechtenstein and has its registered address at LGT Bank In Liechtenstein AG ex DBS, Herrengasse 12, Vaduz FL-9490, Liechtenstein.

65.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with EFG Bank SA Switzerland.  Upon information and belief, EFG Bank SA Switzerland is a corporate entity organized under the laws of Switzerland and has its registered address at 24 Quai du Seujet, CH-1211 Geneva 2, Switzerland.

66.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with EFG Eurofinancier D'Invest MCL.  Upon information and belief, EFG Eurofinancier D'Invest MCL is a corporate entity organized under the laws of Monaco and has its registered address at Villa les Aigles, 15 Avenue D'Ostenede, Monaco MC 9800.

67.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Endurance Absolute Ltd. Master.  Upon information and belief, Endurance Absolute Ltd. Master is a corporate entity organized under the laws of the United Kingdom and has as its registered address c/o Argyle Investment Advisors, Iveagh Ltd., 21 Queen Anne's Gate, London SW1H 9BU, United Kingdom.

68.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Fairfield Investment GCI.  Upon information and belief, Fairfield Investment GCI is a corporate entity organized under the laws of New York and has as its registered address the Fairfield Greenwich Group, Finance Group, 919 Third Avenue, New York 10022.

69.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Fairfield

Investment Fund Ltd..  Upon information and belief, Fairfield Investment Fund Ltd. is a corporate entity organized under the laws of New York and has as its registered address the Fairfield Greenwich Group, Finance Group, 919 Third Avenue, New York 10022.

70.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Fairfield Masters Ltd.  Upon information and belief, Fairfield Masters Ltd. is a corporate entity organized under the laws of New York and has as its registered address the Fairfield Greenwich Group, Finance Group, 919 Third Avenue, New York 10022.

71.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Falcon Private Bank.  Upon information and belief, Falcon Private Bank is a corporate entity organized under the laws of Switzerland and has its registered address at Pelikanstrasse 37, P.O. Box 1376, CH-8021, Zurich, Switzerland.

72.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with FCL IFP Global Diversified CLS.  Upon information and belief, FCL IFP Global Diversified CLS is a corporate entity organized under the laws of the United Kingdom and has its registered address c/o Fortune Asset Management Ltd, 10 Exchange Street, Primrose Street, London EC2A2BY, United Kingdom.

73.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with FIF Advanced Ltd..  Upon information and belief, FIF Advanced Ltd. is a corporate entity organized

under the laws of New York and has as its registered address the Fairfield Greenwich Group, Finance Group, 919 Third Avenue, New York 10022.

74.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Finter Bank Zurich.  Upon information and belief, Finter Bank Zurich is a corporate entity organized under the laws of Switzerland and has as its registered address Corso S Gottardo 35, CH-6830 Chiasso, Switzerland.

75.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Harmony Capital Fund Ltd..  Upon information and belief, Harmony Capital Fund Ltd. is a corporate entity organized under the laws of the United Kingdom and has its registered address c/o Jason Capital Partners LLP, 28 Grosvenor Street, London W1K 4QR, United Kingdom.

76.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with IHAG Handelsbank AG.  Upon information and belief, IHAG Handelsbank AG is a corporate entity organized under the laws of Switzerland and has as its registered address Bleicherweg 18, 8022-Zurich, Switzerland.

77.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Incore Bank AG.  Upon information and belief, Incore Bank AG is a corporate entity organized under the laws of Switzerland and has as its registered address Dreikoenigstr 8, CH-8022 Zurich, Switzerland.

78.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with JP Morgan (Suisse) SA.  Upon information and belief, JP Morgan (Suisse) SA is a corporate entity organized under the laws of Switzerland and has as its registered address P.O. Box 5160, Rue de la Confederation 8, CH-1211 Geneva 11, Switzerland.

79.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Karla Multistrategies Ltd..  Upon information and belief, Karla Multistrategies Ltd. is a corporate entity organized under the laws of The Netherlands and has as its registered address Naritaweg 165, 1043 BW Amsterdam, The Netherlands.

80.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with KBC Investments Ltd.  Upon information and belief, KBC Investments Ltd. is a corporate entity organized under the laws of New York and has as its registered address 140 East 45th Street, 42nd Floor, New York 10017.

81.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with LGT Bank In Liechtenstein AG.  Upon information and belief, LGT Bank In Liechtenstein AG is a corporate entity organized under the laws of Liechtenstein and has as its registered address Herrengasse 12, Vaduz FL 9490, Liechtenstein.

82.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Liechtensteinische LB Reinvest AMS.  Upon information and belief, Liechtensteinische LB

Reinvest AMS is a corporate entity organized under the laws of Liechtenstein and has as its registered address Liechtensteinische Landesbank AG, Staedtle 44, Vaduz FL-9490, Liechtenstein.

83.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Lloyds TSB Bank Geneva. Upon information and belief, Lloyd's TSB Bank Geneva is a corporate entity organized under the laws of Swtizerland and has as its registered address Place Bel-Air 1, CH-1211 Geneva 2, Switzerland.

84.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Lombard Odier Darier Hentsch & Cie.  Upon information and belief, Lombard Odier Darier Hentsch & Cie is a corporate entity organized under the laws of Switzerland and has as its registered address Rue de la Corraterie 11, 1204 Geneva, Switzerland.

85.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with , Longboat Ltd.

86.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Master Capital and Hedge Fund.  Upon information and belief, Master Capital and Hedge Fund is a corporate entity organized under the laws of The Netherlands and has its registered address c/o Citco Fund Services Europe BV, Naritaweg 165, 1043 BW Amsterdam, The Netherlands.

87.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with NBK

Banque Privee Suisse SA.  Upon information and belief, NBK Banque Privee Suisse SA is a corporate entity organized under the laws of Switzerland and has as its registered address Quai du Mont Blanc 21, P.O. Box 1923, Geneva 1, Switzerland.

88.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Pictet & Cie.  Upon information and belief, Pictet & Cie is a corporate entity organized under the laws of Switzerland and has as its registered address Route Des Acacias 60, 1211 Geneva 73, Switzerland.

89.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with PKB Privatbank AG.   Upon information and belief, PKB Privatbank AG is a corporate entity organized under the laws of Switzerland and has as its registered address Via Balestra 1, CH-6901 Lugano, Switzerland.

90.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Private Space Ltd.  Upon information and belief, Private Space Ltd. is a corporate entity organized under the laws of Monaco and has as its registered address 7 Rue du Gabian, MC 98000, Monaco.

91.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV.  Upon information and belief, Quasar Funds SPC a/k/a Quasar Fund SPC Class A and Class B CGCNV is a corporate entity organized under the laws of The Netherlands and has as its registered address c/o Citco Fund Services Europe BV, Naritaweg 165, 1043 BW Amsterdam, The Netherlands.

92.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with RBC Dexia Investor Service Julius Baer SICAV.  Upon information and belief, RBC Dexia Investor Service Julius Baer SICAV is a corporate entity organized under the laws of Luxembourg and has as its registered address Dexia Fund Services, 69 Route D'Esch, Luxembourg L-2953, Luxembourg.

93.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with RBS Coutts Bank Ltd.  Upon information and belief, RBS Coutts Bank Ltd. is a corporate entity organized under the laws of Switzerland and has as its registered address P.O. Box 2200, Stauffacherstrasse 1, CH-8022 Zurich, Switzerland.

94.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Richourt AAA Multistrategies.  Upon information and belief, Richourt AAA Multistrategies is a corporate entity organized under the laws of The Netherlands and has as its registered address Telstone 8 Teleport, 1043 BW Amsterdam, The Netherlands.

95.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG.  Upon information and belief, Rothschild Bank AG Zurich (Dublin) a/k/a Rothschild Bank AG is a corporate entity organized under the laws of Switzerland and has as its registered address Zollikerstrasse 181, CH-8034 Zurich, Switzerland.

96.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Rothschild Bank Geneva (Dublin).  Upon information and belief, Rothschild Bank Geneva (Dublin) is a corporate entity organized under the laws of Switzerland and has as its registered address Banca Privee Edmond de Rothschild, 18 rue de Hesse, CH-1204 Geneva, Switzerland.

97.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A.  Upon information and belief, Rothschild Lugano Dublin a/k/a Banca Privata Edmond de Rothschild Lugano S.A. is a corporate entity organized under the laws of Switzerland and has as its registered address Via Ginevra 2, CH-6900 Lugano, Switzerland.

98.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Sella Bank AG.  Upon information and belief, Sella Bank AG is a corporate entity organized under the laws of Switzerland and has as its registered address Corso Elvezia 9, CH-6900 Lugano, Switzerland.

99.     Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with SIS Seeganintersettle.  Upon information and belief, SIS Seeganintersettle is a corporate entity organized under the laws of Switzerland and has as its registered address Baslerstrasse 100, CH-4601 Olten, Switzerland.

100.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Six SIS

Ltd.  Upon information and belief, Six SIS Ltd. is a corporate entity organized under the laws of Switzerland and has as its registered address Baslerstrasse 100, CH-4601 Olten, Switzerland.

101.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Societe Generale Bank & Trust.  Upon information and belief, Societe Generale Bank & Trust is a corporate entity organized under the laws of Luxembourg and has as its registered address 11-13 Avenue Emile Reuter, Luxembourg L-2420, Luxembourg.

102.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Soundview Fund.  Upon information and belief, Soundview Fund is a corporate entity organized under the laws of The Netherlands and has as its registered address Naritaweg 165, 1043 BW Amsterdam, The Netherlands.

103.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Springer Fund of Funds Ltd.  Upon information and belief, Springer Fund of Funds Ltd. is a corporate entity organized under the laws of Bermuda and has its registered address c/o Union Bancaire Privee Asset Mgt, P.O. Box HM 3399, Hamilton HM11, Bermuda.

104.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Swisscanto FD Centre Clients A/C.  Upon information and belief, Swisscanto FD Centre Clients A/C is a corporate entity organized under the laws of the United Kingdom and has as its registered address 4th Floor, 51 Moorgate, London EC2R 6BH, United Kingdom.

105.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with T1 Global Fund Ltd..  Upon information and belief, T1 Global Fund Ltd. is a corporate entity organized under the laws of Switzerland and has its registered address c/o Trust and Gain Asset Management, Corso San Gottardo 46, 6830 Chiasso, Switzerland.

106.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Teorema Alternative Strategies.  Upon information and belief, Teorema Alternative Strategies is a corporate entity organized under the laws of the Cayman Islands and has as its registered address P.O. Box 31106 SMB, Corporate Centre West Bay Road, Grand Cayman, Cayman Islands.

107.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with UBS AG New York.  Upon information and belief, UBS AG New York is a corporate entity organized under the laws of New York and has as its registered address 101 Park Avenue, New York 10178.

108.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with UBS AG Zurich.  Upon information and belief, UBS AG Zurich is a corporate entity organized under the laws of Switzerland and has as its registered address UBS Wealth Management, Badenerstrasse 574/C, CH-8098 Zurich, Switzerland.

109.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with UBS Jersey Nominees.  Upon information and belief, UBS Jersey Nominees is a corporate entity

organized under the laws of the United Kingdom and has as its registered address P.O. Box 350, 24 Union Street, St Helier JE4 8UJ, Jersey, United Kingdom.

110.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Verwaltungs UND Privat-Bank AG Aktiengesellschaft (AMS).  Upon information and belief, Verwaltungs UND Privat-Bank AG Aktiengesellschaft (AMS) is a corporate entity organized under the laws of Liechtenstein and has as its registered address Im Zentrum, Vaduz FL-9490, Liechtenstein.

111.    Based on Fund records, some or all of the Redemption Payments made to the Citco Defendants may have been paid to an account holder or holders associated with Vorarlberger Landes UND Hypothekenbank Ankiengesellscharft.  Upon information and belief, Vorarlberger Landes Und Hypothekenbank Ankiengesellscharft is a corporate entity organized under the laws of Austria and has as its registered address Hypo-Passage 1, Bregenz 6900, Austria.

## NOTICE PURSUANT TO FED. R. CIV. P. 44.1

112.    Certain or all of the issues to be resolved in this case will be governed by the laws of the British Virgin Islands.  Plaintiffs intend to rely upon the applicable laws of that territory.

## FACTUAL ALLEGATIONS

### Role of Feeder Funds In Madoff Fraud

113.    Sentry was the largest of all so-called "feeder funds" to maintain accounts with BLMIS.  Sigma and Lambda were indirect BLMIS feeder funds established for foreign currency (respectively, Euro and Swiss franc) investment through purchase of shares of Sentry.  Sentry's account statements with BLMIS as of the end of October 2008 showed in excess of $6 billion of

invested assets supposedly held by BLMIS. As stated in its offering materials, Sentry's investment objective was to achieve capital appreciation through investments in BLMIS.

114.    As discussed above, Sentry, Sigma and Lambda were established for the purpose of making investments in BLMIS. It is now known that these types of feeder funds were a crucial part of Madoff's Ponzi scheme. The feeder funds brought new investors and new investments into the scheme, allowing Madoff to make payments to early investors who sought to liquidate their investments, and in this way, the feeder funds were used by Madoff to continue and perpetuate his fraud by maintaining the illusion that BLMIS was making active investments and engaging in a successful investment strategy.

**Calculation of Net Asset Value and Shareholder Redemption Payments**

115.    Substantially all of the money (some 95%) raised by the Funds from the sale of their Shares, net of fees and expenses, was turned over to and invested in BLMIS (by and/or through Sentry), and supposedly credited to accounts held in the name of Sentry with BLMIS, purportedly for use in the now infamous "split-strike conversion" investment strategy. In accordance with the Funds' Subscription Agreements, Articles of Association, offering materials and/or other relevant documents, from time to time, the Funds paid to shareholders, for each Share tendered for redemption, an amount that was based on each of the respective Funds' purported Net Asset Value, as it was then calculated.

116.    In calculating each of the Funds' Net Asset Value, the Funds used and relied on account statements provided by BLMIS purportedly showing securities and investments, or interests or rights in securities and investments, held by BLMIS for the account of Sentry. Generally, all securities identified on BLMIS account statements were traded on public exchanges and had readily ascertainable market values, and those market values (in addition to

purported cash on hand that was identified in the Sentry account statement for the relevant time period) were used in accordance with the Funds' Subscription Agreements, Articles of Association, offering materials and other documents to calculate the Net Asset Value of the Shares.

117. In fact, at all relevant times, no securities were ever purchased or sold by BLMIS for Sentry and any stated cash on hand in the accounts was based on misinformation and fictitious account statements. None of the transactions shown on the account statements provided by BLMIS to Sentry ever occurred. Indeed, no investments of any kind were ever made by BLMIS for Sentry. At all relevant times, all of the account statements that BLMIS provided to Sentry were entirely and utterly fictitious. Further, all amounts deposited by Sentry (or by Sigma and Lambda through Sentry) with BLMIS for investment and the purchase of securities to be held by BLMIS for the account of Sentry were used by Madoff to pay other BLMIS investors or were misappropriated by Madoff for other unauthorized uses.

118. From time to time, to make Redemption Payments, Sentry (and Sigma and Lambda through Sentry) made withdrawals from Sentry's BLMIS accounts. The Funds believed that the amounts provided in connection with such withdrawals represented proceeds from the sale or liquidation of securities or investment positions held by BLMIS for the account of Sentry. In fact, however, payments made by BLMIS to Sentry purportedly representing the proceeds of sales of securities or other investment positions were nothing other than the deposits of other BLMIS investors or previous deposits made by Sentry, never invested but rather misused and misappropriated as part of Madoff's fraud. At all relevant times, payments made from BLMIS to Sentry were made by Madoff to continue and perpetuate his Ponzi scheme and avoid detection of his fraud. The payments from BLMIS to Sentry were not payments made in the ordinary course

of or as part of any business, nor did they have a legitimate business purpose. Similarly, the Redemption Payments were not made for any legitimate purposes or in the ordinary course of any business.

119. Given the fraudulent nature of BLMIS and its operation as a massive Ponzi scheme, the money paid by the Funds (directly in the case of Sentry and indirectly in the cases of Sigma and Lambda) to BLMIS on account of Sentry was, at all relevant times and unknown to the Funds, misused and misappropriated by Madoff as part of his Ponzi scheme. At all relevant times, the Funds were insolvent when the Redemption Payments were made or were rendered insolvent, and/or their insolvency was deepened, as a result of the Redemption Payments.

**Redemption Payments Made or Transferred to Defendants**

120. During the six-year period prior to the commencement of this action, the Citco Defendants received Redemption Payments totaling USD $1,713,056,327.45 from the Funds in respect of Shares tendered for redemption.

121. The dates and amounts of each Redemption Payment received by the Citco Defendants from Sentry are set forth on Exhibit A. The dates and amounts of each Redemption Payment received by the Citco Defendants from Sigma are set forth on Exhibit B. The dates and amounts of each Redemption Payment received by the Citco Defendants from Lambda in this period are set forth on Exhibit C.

122. In exchange for each Redemption Payment, each of which constitutes a transaction between the Citco Defendants and the relevant Fund, the relevant Fund received no consideration or consideration of a value that, in money or money's worth, was significantly less than the value, in money or money's worth, of the consideration provided by the relevant Fund.

123.   Upon information and belief, the Citco Defendants and/or the Beneficial Shareholders received Redemption Payments in excess of amounts paid by such person(s) for purchase of their Shares.

**Exposure of Madoff's Fraud**

124.   On December 11, 2008, federal agents arrested Madoff for violation of federal securities laws.  On that same day, the United States Attorney brought criminal charges against Madoff, alleging that Madoff ran a multi-billion dollar Ponzi scheme.  See United States v. Madoff, No. O8-mj-2735 (S.D.N.Y., filed Dec. 11, 2008).  Upon arrest, Madoff was reported to have told the agents that "there is no innocent explanation" for the fraudulent scheme he had orchestrated and confessed that he "paid investors with money that wasn't there."

125.   On December 11, 2008, the United States Securities and Exchange Commission ("SEC") filed an emergency action in the Southern District of New York to halt ongoing fraudulent offerings of securities and investment advisory fraud by Madoff and BLMIS.  See SEC v. Madoff, No. 08-cv-10791 (S.D.N.Y. filed Dec. 11, 2008). On February 9, 2009, the SEC submitted to the Court a proposed partial judgment, to which Madoff consented, imposing a permanent injunction and continuing relief against him, including a permanent freezing of his assets.

126.   In March 2009, Madoff pleaded guilty to the criminal charges brought against him.  In his plea allocution, Madoff confessed: "for many years up until my arrest on December 11, 2008, I operated a Ponzi scheme through the investment advisory side of my business, Bernard L. Madoff Securities LLC."  As Madoff himself described how the scheme worked:

> The essence of my scheme was that I represented to clients and prospective clients who wished to open investment advisory and individual trading accounts with me that I would invest their money in shares of common stock, options and other securities of large well-known corporations, and upon request, would return

to them their profits and principal. Those representations were false because for many years up and until I was arrested on December 11, 2008, I never invested those funds in the securities, as I had promised. Instead, those funds were deposited in a bank account at Chase Manhattan Bank. When clients wished to receive the profits they believed they had earned with me or to redeem their principal, I used the money in the Chase Manhattan bank account that belonged to them or other clients to pay the requested funds.

127. Madoff further confessed to covering up his fraud by fabricating false trade

confirmation and account statements:

> To further cover-up the fact that I had not executed trades on behalf of my investment advisory clients, I knowingly caused false trading confirmations and client account statements that reflected the bogus transactions and positions to be created and sent to clients purportedly involved in the split strike conversion strategy, as well as other individual clients I defrauded who believed they had invested in securities through me. The clients receiving trade confirmations and account statements had no way of knowing by reviewing these documents that I had never engaged in the transactions represented on the statements and confirmations.

128. Madoff is now serving a 150-year sentence in federal prison.

### The Funds' Estates in Liquidation

129. Following the revelation of Madoff's fraud, the Funds' boards of directors suspended any further redemptions of Shares and the calculation of the Funds' Net Asset Values. As of December 2008 and presently, Sentry, Sigma, and Lambda had, respectively, approximately 4.7 million, 3.9 million, and 0.2 million shares outstanding.

130. In 2009, the Funds were put into liquidation proceedings in the BVI.

131. On February 27, 2009, a secured creditor of Lambda commenced proceedings in the BVI Court pursuant to the BVI Insolvency Act seeking the appointment of a liquidator over Lambda (the "Lambda Proceeding"). The Lambda Proceeding is pending in the BVI Court as claim number BVIHC(COM)2009/74.

132.     On April 21, 2009, ten shareholders applied to the BVI Court for the appointment of a liquidator over Sentry (the "<u>Sentry Proceeding</u>").  The Sentry Proceeding is pending in the BVI Court under claim number BVIHC(COM)2009/136.

133.     On April 23, 2009, a shareholder applied to the BVI Court for the appointment of a liquidator over Sigma (the "<u>Sigma Proceeding</u>" and collectively with the Lambda Proceeding and the Sentry Proceeding, the "<u>BVI Liquidation Proceedings</u>").  The Sigma Proceeding is pending in the BVI Court under claim number BVIHC(COM)2009/139.

134.     As alleged above, the BVI Court issued orders – the BVI Appointment Orders – appointed the Foreign Representatives as liquidators of the Funds.  Pursuant to the BVI Appointment Orders, the Foreign Representatives are responsible for all aspects of the Funds' business, including protecting, realizing, and distributing assets for the Funds' estates.

135.     The BVI Appointment Orders grant the Liquidators all powers set forth in Section 186, Schedule 2 of the BVI Insolvency Act, including, but not limited to, the following:

a.      to pay any class of creditors in full;

b.      to make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Funds, whether present or future, certain or contingent, ascertained or not;

c.      to compromise any claims, debts or liabilities capable of resulting in claims or debts whether present or future, certain or contingent, ascertained or not, between the Funds and any person or entity, and to compromise questions in any way relating to or affecting the assets or the liquidations of the Funds;

d.      to commence, continue, discontinue, or defend any action or other legal proceeding in the name and on behalf of the Funds in the BVI or elsewhere;

e.      to carry on the Funds' business so far as may be necessary for its beneficial liquidation;

f.     to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the Funds or for which the Funds may be rendered liable;

g.     to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the Funds and a contributory or alleged contributory or other Funds or person apprehending liability to the Company;

h.     to deal with all questions in any way relating to or affecting the assets or the winding up of the Funds to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it;

i.     to sell or otherwise dispose of property of the Funds;

j.     to do all acts and execute, in the name and on behalf of the Funds, any deeds, receipts or other documents;

k.     to use the Funds' seal;

l.     to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the Funds;

m.     to borrow money, whether on the security of assets of the Funds or otherwise;

n.     to take out in an official capacity letters of administration for any deceased member or past member or debtor, or to do any other act necessary for obtaining payment of any money due from a member or past member or debtor;

o.     to call meetings of the creditors or members for (i) the purpose of informing the creditors or members concerning the progress of or other matters arising in the liquidation; (ii) the purpose ascertaining the views of creditors or members on any matter arising in the liquidation; or (iii) such other purposes connected with the liquidation as the liquidators considers fit;

p.     to appoint a solicitor, accountant or other professionally qualified person to assist in the performance of the liquidators' duties;

q.     to appoint an agent to do any business that the liquidators are unable to do themselves, or which can be more conveniently done by an agent;

r.     to apply to the BVI Court for directions concerning any matter arising out of the exercise of any of the liquidators' powers; and

s.     to do all things incidental to any of the liquidators' powers.

136.    The Foreign Representatives must seek BVI Court approval before they can exercise any of the first five powers enumerated in the BVI Appointment Orders. *See* BVI Act § 186(3) ("The Court may provide that certain powers may only be exercised with the sanction of the Court."). The Foreign Representatives may exercise all of the other powers enumerated in the BVI Appointment Orders without prior BVI Court approval.

137.    With the express authorization of the BVI Court, the Foreign Representatives filed petitions in this Court on June 14, 2010 seeking recognition of the BVI Liquidation Proceedings as "foreign main proceedings" under Chapter 15 of the Bankruptcy Code. On July 22, 2010, the Bankruptcy Court issued the Recognition Order, which, among other things, specifically entrusted the Foreign Representatives with the administration and realization of the Funds' assets located in the United States, including any and all claims and causes of action belonging to the Funds.

138.    Acting in accordance with authority afforded to them by the Recognition Order and with the duties and powers afforded to them as liquidators under the BVI Insolvency Act, and with the approval of the BVI Court, the Foreign Representatives have brought this and similar actions on behalf of the Funds, and/or in their capacities as liquidators of the Funds, to recover Redemption Payments made to the Funds' investors in the years prior to the exposure of the Madoff fraud.

139.    On December 9, 2010, the BVI Court issued an order authorizing the Foreign Representatives to assert claims seeking: (i) a declaration that the Redemption Payments were unfair preferences under Section 245 of the BVI Insolvency Act and were undervalue

transactions under Section 246 of the BVI Insolvency Act, and (ii) an order setting aside the Redemption Payments, restoring the Funds to the position that they would have been had the Redemption Payments not been paid and such further and other relief as the Foreign Representatives deem necessary.

**Claims Against the Funds in the BLMIS Liquidation**

140.    On December 15, 2008, a trustee was appointed for the liquidation of the BLMIS estate. Proceedings for such liquidation are pending in the Bankruptcy Court for the Southern District of New York under the caption Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC, SIPA Liquidation No. 08-1789 (BRL).

141.    On May 18, 2009, the BLMIS Trustee commenced the BLMIS Adversary Proceeding against Sentry and other defendants. In the BLMIS Adversary Proceeding, the BLMIS Trustee seeks to recover approximately $3.2 billion from the Funds and others on account of transfers that BLMIS allegedly made to Sentry and, through Sentry, to Sigma, Lambda and other persons during the six year period preceding the filing of the BLMIS liquidation proceedings. These transfers are alleged by the BLMIS Trustee to have been preferential transfers under Section 547 of the Bankruptcy Code and/or fraudulent transfers under Sections 544 and 548 of the Bankruptcy Code and applicable state law. The BLMIS Adversary Proceeding is currently pending and the claims asserted therein are unresolved.

142.    At present, without recovery of Redemption Payments made to shareholders, the Funds' assets are not sufficient to satisfy contingent and non-contingent liabilities of the Funds' estates, including payments that could be due and owing to the BLMIS Trustee for distribution to Madoff victims in the BLMIS liquidation proceedings. The Redemption Payments that were

made to Defendants were mistaken payments and avoidable transactions, and generally represent assets of the Funds' estates that Defendants are not entitled to keep.

## FIRST CLAIM
### *(Unjust Enrichment- Against the Citco Defendants)*

143.     The Funds (acting by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds) repeat and allege again the allegations contained in paragraphs 1 through 142 above as if set forth herein.

144.     As alleged above, to the extent amounts were withdrawn from BLMIS to make Redemption Payments to the Citco Defendants, each of such payments consisted of monies deposited with BLMIS for investment, but never invested and instead misappropriated as part of Madoff's fraud.  The source of these Redemption Payments was not, as the Funds mistakenly believed, proceeds from the sale of securities or investments held by BLMIS for the account of Sentry.

145.     The Citco Defendants did not provide valuable consideration to the Funds in exchange for each of the Redemption Payments received by them.

146.     Upon information and belief, the Citco Defendants received and retained Redemption Payments in excess of amounts paid by them for the purchase of Shares of and in the Funds.

147.     By reason of its receipt of monies deposited by other BLMIS investors or previous deposits made by Sentry with BLMIS, the Citco Defendants have been unjustly enriched to the detriment of the Funds and other shareholders and creditors of the Funds.

148.     It would offend principles of equity and good conscience to permit the Citco Defendants to retain the Redemption Payments they received from the Funds.

149. The Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, are entitled to recover from the Citco Defendants an amount equal to the Redemption Payments received by them from the Funds.

## SECOND CLAIM
### (Unjust Enrichment- Against Beneficial Shareholders)

150. The Funds (acting by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds) repeat and allege again the allegations contained in paragraphs 1 through 149 above as if set forth herein.

151. Upon information and belief, the Citco Defendants may have subscribed to all or some portion of the Shares issued to them under the Subscription Agreements in the capacity of trustee, agent, representative, or nominee for Beneficial Shareholders.

152. Upon information and belief, the Citco Defendants may have paid to or credited some or all of the Redemptions Payments received by them from the Funds to accounts of Beneficial Shareholders. As alleged above, to the extent amounts were withdrawn from BLMIS to make Redemption Payments to the Citco Defendants, each of such payments consisted of monies deposited with BLMIS for investment, but never invested and instead misappropriated as part of Madoff's fraud. The source of these Redemption Payments was not, as the Funds mistakenly believed, proceeds from the sale of securities or investments held by BLMIS for the account of Sentry.

153. The Beneficial Shareholders did not provide valuable consideration to the Funds in exchange for any portion of any of the Redemption Payments received by them.

154.     Upon information and belief, some or all of the Beneficial Shareholders received and retained Redemption Payments in excess of amounts paid by them for the purchase of Shares.

155.     To the extent that a Beneficial Shareholder received any portion of the Redemption Payments paid to the Citco Defendants in their capacity as trustee, agent, representative, or nominee for a Beneficial Shareholder, such Beneficial Shareholder has been unjustly enriched to the detriment of the Funds and other shareholders and creditors of the Funds.

156.     It would offend principles of equity and good conscience to permit any Beneficial Shareholders to retain the Redemption Payments made by the Funds.

157.     The Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, are entitled to recover from any Beneficial Shareholders an amount equal to any portion of any Redemption Payments received by them.

## THIRD CLAIM
### (Money Had and Received-Against the Citco Defendants)

158.     The Funds (acting by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds) repeat and allege again the allegations contained in paragraphs 1 through 157 above as if set forth herein.

159.     As alleged above, to the extent amounts were withdrawn from BLMIS to make Redemption Payments to the Citco Defendants, each of such payments consisted of monies deposited with BLMIS for investment, but never invested and instead misappropriated as part of Madoff's fraud. The source of these Redemption Payments was not, as the Funds mistakenly believed, proceeds from the sale of securities or investments held by BLMIS for the account of Sentry.

160.     The Citco Defendants did not provide valuable consideration to the Funds in exchange for each of the Redemption Payments received by them.

161.     Upon information and belief, the Citco Defendants received and retained Redemption Payments in excess of amounts paid by them for the purchase of Shares.

162.     By reason of its receipt of monies representing the deposits of other BLMIS investors or previous deposits made by Sentry with BLMIS, never invested but rather misused and misappropriated as part of Madoff's fraud, the Citco Defendants have been unjustly enriched to the detriment of the Funds and other shareholders and creditors of the Funds.

163.     Furthermore, the Citco Defendants were not entitled to receive the Redemption Payments because the amounts of each of the Redemption Payments was based on a miscalculated and inflated Net Asset Value, which caused the payment received by the Citco Defendants for their redemption of Shares to be in excess of the actual Net Asset Value of such Shares.

164.     To the extent that Redemption Payments are not recovered by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, the loss will be disproportionately and unjustly borne by the Funds and other shareholders and creditors of the Funds.

165.     It would offend principles of equity and good conscience to permit the Citco Defendants to retain the Redemption Payments they received from the Funds.

166.     The Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, are entitled to recover from the Citco Defendants an amount equal to the Redemption Payments received by them from the Funds.

## FOURTH CLAIM
### *(Money Had and Received-Against Beneficial Shareholders)*

167.    The Funds (acting by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds) repeat and allege again the allegations contained in paragraphs 1 through 166 above as if set forth herein.

168.    Upon information and belief, the Citco Defendants may have subscribed to all or some portion of the Shares issued to them under the Subscription Agreements in the capacity of trustee, agent, representative, or nominee for Beneficial Shareholders.

169.    Upon information and belief, the Citco Defendants may have paid to or credited some or all of the Redemptions Payments received by them to accounts of Beneficial Shareholders.  As alleged above, to the extent amounts were withdrawn from BLMIS to make Redemption Payments to the Citco Defendants, each of such payments consisted of monies deposited with BLMIS for investment, but never invested and instead misappropriated as part of Madoff's fraud.  The source of these Redemption Payments was not, as the Funds mistakenly believed, proceeds from the sale of securities or investments held by BLMIS for the account of Sentry.

170.    The Beneficial Shareholders did not provide valuable consideration to the Funds in exchange for any portion of any of the Redemption Payments received by them.

171.    Upon information and belief, some or all of the Beneficial Shareholders  received and retained Redemption Payments in excess of amounts paid by them for the purchase of Shares.

172.    To the extent that a Beneficial Shareholder received any portion of the Redemption Payments paid to the Citco Defendants in their capacity as trustee, agent,

representative, or nominee for Beneficial Shareholders, such Beneficial Shareholders have been unjustly enriched to the detriment of the Funds and other shareholders and creditors of the Funds.

173.    Furthermore, Beneficial Shareholders were not entitled to receive any portion of the Redemption Payments paid to the Citco Defendants upon the redemption of Shares issued to them in their capacity as trustee, agent, representative, or nominee for Beneficial Shareholders because the amounts transferred by Sentry with respect to each of the Redemption Payments was based on a miscalculated and inflated Net Asset Value, which caused the payment received for redemption of Shares to be in excess of the actual Net Asset Value of such Shares.

174.    To the extent the Redemption Payments are not recovered by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, the loss will be disproportionately and unjustly borne by the Funds and other shareholders and creditors of the Funds.

175.    It would offend principles of equity and good conscience to permit Beneficial Shareholders to retain the Redemption Payments made by the Funds.

176.    The Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, are entitled to recover from Beneficial Shareholders an amount equal to any portion of any Redemption Payments received by them.

## FIFTH CLAIM
### (Mistaken Payment-Against the Citco Defendants)

177.    The Funds (acting by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds) repeat and allege again the allegations contained in paragraphs 1 through 176 above as if set forth herein.

178.    As described above, the Funds made each of the Redemption Payments to the Citco Defendants under the mistaken belief that the amounts paid to the Citco Defendants

represented the proceeds of the sale of securities and investments held for Sentry in accounts established with BLMIS.

179.    Upon information and belief, however, BLMIS did not hold any securities or interests of securities on account for Sentry and the payments made by BLMIS to Sentry to fund Redemption Payments to the Citco Defendants represented, in fact, money deposited with BLMIS by other BLMIS investors or previous deposits made by Sentry with BLMIS, never invested but rather misused and misappropriated as part of Madoff's fraud.

180.    The Redemption Payments, while benefiting the Citco Defendants, were made to the detriment of the Funds and other shareholders and creditors of the Funds.

181.    Additionally, the Citco Defendants were not entitled to receive the Redemption Payments because, as was unknown to the Funds, the amounts transferred with respect to each of the Redemption Payments was based on a miscalculated and inflated Net Asset Value, which caused the payment received by the Citco Defendants for their redemption of Shares to be in excess of the actual Net Asset Value of such Shares.  In these circumstances, the Redemption Payments should be returned for the benefit of the Funds, their creditors and the current holders of Shares in the Funds.

182.    The Citco Defendants did not provide valuable consideration to the Funds in exchange for each of the Redemption Payments received by them.

183.    Upon information and belief, the Citco Defendants received and retained Redemption Payments in excess of amounts paid by them for the purchase of  Shares.

184.    To the extent the Redemption Payments are not recovered by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, the

loss will be disproportionately and unjustly borne by the Funds and other shareholders and creditors of the Funds.

185.    It would thus offend principles of equity and good conscience to permit the Citco Defendants to retain the Redemption Payments.

186.    The Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, are entitled to recover from the Citco Defendants a sum in an amount equal to the Redemption Payments received by them from the Funds.

## SIXTH CLAIM
### (Mistaken Payment-Against Beneficial Shareholders)

187.    The Funds (acting by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds) repeat and allege again the allegations contained in paragraphs 1 through 186 above as if set forth herein.

188.    As described above, the Funds made each of the Redemption Payments to the Citco Defendants  under the mistaken belief that the amounts paid to the Citco Defendants represented the proceeds of the sale of securities and investments held for Sentry in accounts established with BLMIS.

189.    However, upon information and belief, BLMIS did not hold any securities or interests of securities on account for Sentry and the payments made by BLMIS to Sentry to fund Redemption Payments to the Citco Defendants represented, in fact, money deposited with BLMIS by other BLMIS investors or previous deposits made by Sentry with BLMIS, never invested but rather misused and misappropriated as part of Madoff's fraud.

190.    Upon information and belief, the Citco Defendants may have paid to or credited some or all of the Redemption Payments received by them to accounts of Beneficial Shareholders.  As alleged above, to the extent amounts were withdrawn from BLMIS to make

Redemption Payments to the Citco Defendants, each of such payments consisted of monies deposited with BLMIS for investment, but never invested and instead misappropriated as part of Madoff's fraud. The source of these Redemption Payments was not, as the Funds mistakenly believed, proceeds from the sale of securities or investments held by BLMIS for the account of Sentry.

191. Additionally, Beneficial Shareholders were not entitled to receive any portion of the Redemption Payments received by the Citco Defendants upon the redemption of Shares issued to them in their capacity as trustee, agent, representative, or nominee for Beneficial Shareholders because, as was unknown to the Funds, the amounts transferred with respect to these Redemption Payments were based on a miscalculated and inflated Net Asset Value, which caused the Redemption Payments received by the Citco Defendants for their redemption of Shares to be in excess of the actual Net Asset Value of such Shares.

192. The Beneficial Shareholders did not provide valuable consideration to the Funds in exchange for any portion of any of the Redemption Payments received by them.

193. Upon information and belief, some or all of the Beneficial Shareholders received and retained Redemption Payments in excess of amounts paid by them for the purchase of Shares.

194. The Redemption Payments, while benefiting any Beneficial Shareholder receiving any portion thereof, were made to the detriment of the Funds and other shareholders and creditors of the Funds.

195. It would thus offend principles of equity and good conscience to permit any Beneficial Shareholder to retain the Redemption Payments.

196. The Foreign Representatives in their capacities as liquidators of the Funds and on behalf of the Funds are entitled to recover from any Beneficial Shareholders an amount equal to any portion of any Redemption Payments received by them.

## SEVENTH CLAIM
### (Constructive Trust-Against all Defendants)

197. The Funds (acting by the Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds) repeat and allege again the allegations contained in paragraphs 1 through 196 above as if set forth herein.

198. As described above, upon receipt of a redemption request, the Funds made each of the Redemption Payments to the Citco Defendants based on a miscalculated and inflated Net Asset Value, which caused those Redemption Payments to be in excess of the actual Net Asset Value of redeemed Shares.

199. As alleged above, the Redemption Payments represented money deposited with BLMIS by other BLMIS investors or previous deposits of Sentry with BLMIS, never invested but rather misused and misappropriated as part of Madoff's fraud. The source of these Redemptions Payments was not, as the Funds mistakenly believed, proceeds from the sale of securities and investments held by BLMIS for the account of Sentry.

200. Upon information and belief, the Citco Defendants may have paid some or all of the Redemptions Payments they received to Beneficial Shareholders.

201. By reason of their receipt of some or all of the Redemption Payments, Defendants have been unjustly enriched to the detriment of the Funds and other shareholders and creditors of the Funds.

202. Furthermore, Defendants were not entitled to receive the Redemption Payments because the amounts transferred with respect to each of the Redemption Payments was based on

a miscalculated and inflated Net Asset Value, which caused the payment received by the Citco Defendants for their redemption of Shares to be in excess of the actual Net Asset Value of such Shares.

203.    It would offend principles of equity and good conscience to permit Defendants to retain the Redemption Payments.

204.    By reason of the foregoing, a constructive trust should be imposed on the Redemption Payments that were received by Defendants from the Funds for the benefit of the Foreign Representatives and the Funds and other shareholders and creditors of the Funds.

## EIGHTH CLAIM
### (Unfair Preference Pursuant to Section 245 of the BVI Insolvency Act - Against the Citco Defendants)

205.    The Foreign Representatives, in their capacities as Foreign Representatives and liquidators of the Funds, repeat and allege again the allegations contained in paragraphs 1 through 204 above as if set forth herein.

206.    Section 245 of the BVI Insolvency Act provides:

(1) Subject to subsection (2), a transaction entered into by a company is an unfair preference given by the company to a creditor if the transaction (a) is an insolvency transaction; (b) is entered into within the vulnerability period; and (c) has the effect of putting the creditor into a position which, in the event of the company going into insolvent liquidation, will be better than the position he would have been in if the transaction had not been entered into.

(2) A transaction is not an unfair preference if the transaction took place in the ordinary course of business;

(3) A transaction may be an unfair preference notwithstanding that it is entered into pursuant to the order of a court or tribunal in or outside the Virgin Islands.

(4) Where a transaction entered into the by the company within the vulnerability period has the effect specific in subsection 1(c) in respect of a creditor who is a connected person, unless the contrary is proved, it is presumed that the transaction was an insolvency transaction and that it did not take place in the ordinary course of business.

207.    A creditor is defined in Section 9 of the BVI Insolvency Act as follows:

(1) A person is a creditor of another person (the debtor) if he has a claim against the debtor, whether by assignment or otherwise, that is, or would be, an admissible claim in (a) the liquidation of the debtor, in the case of a debtor that is a company or a foreign company; or (b) the bankruptcy of the debtor, in the case of a debtor who is an individual.

208.    The BVI Insolvency Act further defines an "insolvency transaction" as a transaction that: "(a) is entered into at a time when the company is insolvent; or (b) …causes the company to become insolvent."  BVI Insolvency Act, § 244.

209.    A company is "insolvent" under the BVI Insolvency Act if: "(c) either (i) the value of the company's liabilities exceeds its assets, or (ii) the company is unable to pay its debts as they fall due."  BVI Insolvency Act, § 8.

210.    For purposes of Section 245 of the BVI Insolvency Act, "vulnerability period" means "in the case of a transaction entered into with, or a preference given to, a connected person, the period commencing two years prior to the onset of insolvency and ending on the appointment of the administrator or, if the company is in liquidation, the liquidator . . . ."

211.    The "onset of insolvency" is defined as: "the date on which the application for the appointment of the liquidator was filed."  BVI Insolvency Act, § 244(1).  Thus, the vulnerability period, for each of the Funds, commences the two-year period prior to the application for the appointment of Liquidators for each Fund and ends on the date of the appointment of the liquidators of each Fund.

212.    A "connected person" is:

(1) …one or more of the following

(a) a promoter of the company;

(b) a director or *member of the company* or of a related company;

(c) a beneficiary under a trust of which the company is or has been a trustee;

(d) a related company;

(e) another company one of whose directors is also a director of the company;

(f) a nominee, relative, spouse or relative of a spouse of a person referred to in paragraphs (a) to (c);

(g) a person in partnership with a person referred to in paragraphs (a) to (c); and

(h) a trustee of a trust having as a beneficiary a person who is, apart from this paragraph, a connected person.

BVI Insolvency Act, § 5 (emphasis added).

213.     Redemption Payments aggregating $926,753,133.27 were made by Sentry to the Citco Defendants during the two-year period prior to the application for appointment of the Liquidators of Sentry in the BVI Liquidation Proceedings (the "Sentry Vulnerability Period").

214.     Redemption Payments aggregating $55,775,336.32 were made by Sigma to the Citco Defendants during the two-year period prior to the application for appointment of the Liquidators of Sigma in the BVI Liquidation Proceedings (the "Sigma Vulnerability Period").

215.     Redemption Payments aggregating $1,094,880.47 were made by Lambda to the Citco Defendants during the two-year period prior to the application for appointment of the Liquidators of Lambda in the BVI Liquidation Proceedings (the "Lambda Vulnerability Period").

216.     During the Sentry Vulnerability Period, the Sigma Vulnerability Period and the Lambda Vulnerability Period (the "Funds' Vulnerability Periods") the Funds were insolvent or were rendered insolvent by the making of Redemption Payments.

217.     Each of the Redemption Payments made during the Funds' Vulnerability Periods ("Vulnerability Period Payments") was an "insolvency transaction" within the meaning of Section 245 of the BVI Insolvency Act.

218.    The Citco Defendants were shareholders (i.e., a member) of the Funds during the Funds' Vulnerability Periods and was, accordingly, a "connected person" as defined in the BVI Insolvency Act.

219.    Each of the Vulnerability Period Payments put the Citco Defendants in a better position than they would have been in had such Payment not been made.

220.    Because the Citco Defendants were a "connected person" as defined in the BVI Insolvency Act, there is a statutory presumption that the Vulnerability Period Payments were "insolvency transactions" and, "did not take place in the ordinary course of business."  Further, even were this not presumed, the Vulnerability Period Payments were not made in the ordinary course of any business of the Funds, nor were they made for any legitimate business purpose, in that, among other things, each Vulnerability Period Payment was determined and paid based on a fictitious Net Asset Value and was made incidental to and as a necessary part of Madoff's Ponzi scheme.

221.    Each of the Vulnerability Period Payments was made following receipt by the Funds of a notice of redemption in respect of Shares.  Following the receipt by the Funds of a notice of redemption by the Citco Defendants and until such time as the Citco Defendants received the Vulnerability Period Payment that became due and payable by reason of the Citco Defendants's redemption of Shares, the Citco Defendants were a "creditor" of the Funds as defined in the BVI Insolvency Act, as the Citco Defendants would have had an admissible claim against the Funds in the BVI Liquidation Proceeding had the Vulnerability Period Payment not been made.

222.    Further, upon information and belief, the Citco Defendants may assert claims against the Funds in this action or elsewhere which, if proven, allowed and/or admitted, would make it a "creditor" of the Funds as defined by the BVI Insolvency Act.

223.    By reason of the foregoing, the Foreign Representatives, in their capacities as Foreign Representatives and Liquidators of the Funds, are entitled to an order avoiding and setting aside the Vulnerability Period Payments and entitling the Foreign Representatives to recover from the Citco Defendants an amount equal to the Vulnerability Period Payments received by the Citco Defendants from the Funds.

### NINTH CLAIM
*(Unfair Preference Pursuant to Section 245 of the BVI*
*Insolvency Act - Against Beneficial Shareholders)*

224.    The Foreign Representatives, in their capacities as Foreign Liquidators of the Funds, repeat and allege again the allegations contained in paragraphs 1 through 223 above as if set forth herein.

225.    Upon information and belief, the Citco Defendants may have subscribed to all or some portion of the Shares issued to them under the Subscription Agreement in the capacity of trustee, agent, representative, or nominee for Beneficial Shareholders.

226.    Upon information and belief, the Citco Defendants may have paid to or credited some or all of the Redemptions Payments received by them to accounts of Beneficial Shareholders.

227.    To the extent that any money that the Citco Defendants received in connection with the Vulnerability Period Payments was transferred to Beneficial Shareholders, the Foreign Representatives, in their capacities as Foreign Representatives and Liquidators of the Funds, are entitled to avoid and set aside such further transfer by the Citco Defendants to the Beneficial

Shareholders and to recover from the Beneficial Shareholders an amount equal to any portion of any Vulnerability Period Payments received by them.

### TENTH CLAIM
#### (Undervalue Transaction Pursuant to Section 246 of the BVI Insolvency Act - Against the Citco Defendants)

228.    The Foreign Representatives, in their capacities as Foreign Representatives and liquidators of the Funds, repeat and allege again the allegations contained in paragraphs 1 through 227 above as if set forth herein.

229.    Section 246 of the BVI Insolvency Act provides that;

(1) Subject to subsection (2), a company enters into an undervalue transaction with a person if (a) the company makes a gift to that person or otherwise enters into a transaction with that person on terms that provide for the company to receive no consideration; or (b) the company enters into a transaction with that person for a consideration the value of which, in money or money's worth, is significantly less than the value, in money or money's worth, of the consideration provided by the company; and (c) in either case, the transaction concerned (i) is an insolvency transaction; and (ii) is entered into within the vulnerability period.

(2) A company does not enter into an undervalue transaction with a person if (a) the company enters into the transaction in good faith and for the purposes of its business; and (b) at the time when it enters into the transaction, there were reasonable grounds for believing that the transaction would benefit the company.

(3) A transaction may be an undervalue transaction notwithstanding that it is entered into pursuant to the order of a court or tribunal in or outside the Virgin Islands.

(4) Where a company enters into a transaction with a connected person within the vulnerability period and the transaction falls within subsection (1)(a) or subsection (1)(b), unless the contrary is proved, it is presumed that (a) the transaction was an insolvency transaction; and (b) subsection (2) did not apply to the transaction.

230.    During the Funds' Vulnerability Periods, all assets purportedly held by BLMIS for Sentry and other investors were non-existent, and the Funds were insolvent or rendered insolvent by the Vulnerability Period Payments.   Thus, each of the Vulnerability Period

Payments qualifies as an "insolvency transaction" within the meaning of Section 244 of the BVI Insolvency Act and for purposes of Section 246 of the BVI Insolvency Act.

231.    The Funds received no consideration for any of the Vulnerability Period Payments, or in the alternative, the Funds received, for each Vulnerability Period Payment, consideration, the value of which, in money or money's worth, was significantly less than the value, in money or money's worth, of the consideration provided by the Funds to the Citco Defendants for each of the Vulnerability Period Payments.

232.    The Citco Defendants were shareholders (i.e., a member) of the Funds during the Vulnerability Period and was, accordingly, a "connected person" as defined in the BVI Insolvency Act.

233.    Because the Citco Defendants were a "connected person" as defined in the BVI Insolvency Act, there is a statutory presumption that the Vulnerability Period Payments were "insolvency transactions" and, "did not take place in the ordinary course of business." Further, even were this not presumed, the Vulnerability Period Payments were not made in the ordinary course of any business of the Funds, nor were they made for any legitimate business purpose, in that, among other things, each Vulnerability Period Payment was determined and paid based on a fictitious Net Asset Value and was made incidental to and as a necessary part of Madoff's Ponzi scheme.

234.    By reason of the foregoing, the Foreign Representatives, in their capacities as Foreign Representatives and liquidators of the Funds, are entitled to an order avoiding and setting aside the Vulnerability Period  Payments and to recover from the Citco Defendants an amount equal to the Vulnerability Period  Payments received by the Citco Defendants from the Funds.

## ELEVENTH CLAIM
### *(Undervalue Transaction Pursuant to Section 246 of the*
### *BVI Insolvency Act - Against Beneficial Shareholders)*

235.    The Foreign Representatives, in their capacities as liquidators of the Funds and on behalf of the Funds, repeat and allege again the allegations contained in paragraphs 1 through 234 above as if set forth herein.

236.    Upon information and belief, the Citco Defendants may have subscribed to all or some portion of the Shares issued to them under the Subscription Agreement in the capacity of trustee, agent, representative, or nominee for Beneficial Shareholders.

237.    Upon information and belief, the Citco Defendants may have paid to or credited some or all of the Redemptions Payments received by them to accounts of Beneficial Shareholders.

238.    To the extent that any money that the Citco Defendants received in connection with the Vulnerability Period Payments was transferred to Beneficial Shareholders, the Foreign Representatives, in their capacities as Foreign Representatives and liquidators of the Funds, are entitled to avoid and set aside such further transfer by the Citco Defendants to the Beneficial Shareholders and to recover from the Beneficial Shareholders an amount equal to any portion of any Vulnerability Period Payments received by them.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request the following relief:

A.    On the First, Third and Fifth, judgment in favor of Plaintiffs and against the Citco Defendants allowing the Plaintiffs to recover an amount equal to the Redemption Payments received by the Citco Defendants, plus interest;

B. On the Second, Fourth and Sixth Claims, judgment in favor of Plaintiffs and against Beneficial Shareholders allowing the Plaintiffs to recover an amount equal to any portion of any Redemption Payments received by Beneficial Shareholders, plus interest;

C. On the Seventh Claim, imposition of a constructive trust on Redemption Payments; and

D. On the Eighth and Ninth Claims:

   a. a declaratory judgment in favor of the Foreign Representatives and against the Citco Defendants and the Beneficial Holders that the Vulnerability Period Payments constitute Unfair Preferences under Section 245 of the BVI Insolvency Act;

   b. judgment pursuant to Section 249 of the BVI Insolvency Act, setting aside and avoiding the Vulnerability Period Payments; and

   c. judgment pursuant to Section 249 of the BVI Insolvency Act against the Citco Defendants and the Beneficial Holders in the amount of the avoided Vulnerability Period Payments received by them or for their benefit, plus interest.

E. On the Tenth and Eleventh Claims:

   a. a declaratory judgment in favor of the Foreign Representatives and against the Citco Defendants and the Beneficial Holders that the Redemptions Payments made during the vulnerability period constitute Undervalue Transactions under Section 246 of the BVI Insolvency Act;

   b. judgment pursuant to Section 249 of the BVI Insolvency Act, setting aside and avoiding the Redemption Payments made during the vulnerability period; and

   c. judgment pursuant to Section 249 of the BVI Insolvency Act against the Citco Defendants and the Beneficial Holders in the amount of the avoided Redemption Payments received by them or for their benefit, plus interest.

F. Awarding Plaintiffs the costs and disbursements of the action, including reasonable attorneys' fees and accountants' and experts' fees, costs and expenses;

G. Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 28, 2011

                                   BROWN RUDNICK LLP

                              By: /s/ David J. Molton
                                   David J. Molton
                                   May Orenstein
                                   Daniel J. Saval
                                   Kerry L. Quinn

                              Seven Times Square
                              New York, New York 10036
                              Telephone: 212.209.4800
                              Facsimile: 212.209.4801

                              *Attorneys for the Foreign Representatives*

# EXHIBIT A

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| April 20, 2004 | $3,170,000.00 | 3,260.45 |
| April 20, 2004 | $4,700,000.00 | 4,834.10 |
| April 20, 2004 | $8,400,000.00 | 8,639.67 |
| April 20, 2004 | $106,931.18 | 98.05 |
| April 20, 2004 | $168,254.39 | 154.28 |
| April 20, 2004 | $749,641.57 | 687.38 |
| April 20, 2004 | $16,708,169.06 | 15,320.47 |
| April 21, 2004 | $20,417.45 | 21.00 |
| April 21, 2004 | $58,335.56 | 60.00 |
| April 21, 2004 | $68,058.15 | 70.00 |
| April 21, 2004 | $78,966.90 | 81.22 |
| April 21, 2004 | $97,225.93 | 100.00 |
| April 21, 2004 | $245,981.60 | 253.00 |
| April 21, 2004 | $290,000.00 | 298.27 |
| April 21, 2004 | $415,951.97 | 427.82 |
| April 21, 2004 | $1,186,156.35 | 1,220.00 |
| April 21, 2004 | $1,356,301.72 | 1,395.00 |
| April 21, 2004 | $1,400,000.00 | 1,439.95 |
| April 21, 2004 | $2,135,081.42 | 2,196.00 |
| April 21, 2004 | $13,157,410.10 | 13,532.82 |
| May 14, 2004 | $101,784.60 | 92.99 |
| May 14, 2004 | $529,008.48 | 483.30 |
| May 17, 2004 | $8,788.24 | 9.00 |
| May 17, 2004 | $29,850.73 | 30.57 |
| May 17, 2004 | $48,823.57 | 50.00 |
| May 17, 2004 | $400,000.00 | 409.64 |
| May 17, 2004 | $558,541.64 | 572.00 |
| May 17, 2004 | $1,700,000.00 | 1,740.96 |
| May 17, 2004 | $4,700,000.00 | 4,813.25 |
| May 17, 2004 | $7,700,000.00 | 7,885.54 |
| May 17, 2004 | $112,294.21 | 115.00 |
| June 17, 2004 | $49,145.61 | 50.00 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| June 17, 2004 | $50,000.00 | 50.87 |
| June 17, 2004 | $50,875.53 | 51.76 |
| June 17, 2004 | $58,974.73 | 60.00 |
| June 17, 2004 | $73,718.41 | 75.00 |
| June 17, 2004 | $100,000.00 | 101.74 |
| June 17, 2004 | $104,680.14 | 106.50 |
| June 17, 2004 | $132,693.13 | 135.00 |
| June 17, 2004 | $152,891.98 | 155.55 |
| June 17, 2004 | $168,156.60 | 171.08 |
| June 17, 2004 | $184,787.47 | 188.00 |
| June 17, 2004 | $196,582.42 | 200.00 |
| June 17, 2004 | $282,606.89 | 287.52 |
| June 17, 2004 | $625,132.10 | 636.00 |
| June 17, 2004 | $850,000.00 | 864.78 |
| June 17, 2004 | $1,000,000.00 | 1,017.38 |
| June 17, 2004 | $2,500,000.00 | 2,543.46 |
| June 28, 2004 | $175,000.00 | 175.79 |
| June 28, 2004 | $225,000.00 | 226.02 |
| July 16, 2004 | $28,003.29 | 28.13 |
| July 16, 2004 | $55,697.97 | 55.95 |
| July 16, 2004 | $150,000.00 | 150.68 |
| July 16, 2004 | $1,110,000.00 | 1,115.02 |
| July 16, 2004 | $527,384.62 | 473.24 |
| July 16, 2004 | $2,043,698.98 | 1,833.88 |
| July 16, 2004 | $103,785.25 | 93.13 |
| August 13, 2004 | $19,438.31 | 19.51 |
| August 13, 2004 | $41,845.68 | 42.00 |
| August 13, 2004 | $43,918.04 | 44.08 |
| August 13, 2004 | $44,834.66 | 45.00 |
| August 13, 2004 | $62,379.95 | 62.61 |
| August 13, 2004 | $129,522.34 | 130.00 |
| August 13, 2004 | $498,162.85 | 500.00 |
| August 13, 2004 | $900,000.00 | 903.32 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| <u>Payment Date</u> | <u>Redemption Payment</u> | <u>No. of Shares</u> |
|---|---|---|
| August 13, 2004 | $3,200,000.00 | 3,211.80 |
| August 13, 2004 | $322,422.60 | 289.27 |
| August 13, 2004 | $104,951.47 | 94.16 |
| September 15, 2004 | $9,479.68 | 9.39 |
| September 15, 2004 | $50,000.00 | 49.53 |
| September 15, 2004 | $75,716.31 | 75.00 |
| September 15, 2004 | $75,000.00 | 74.29 |
| September 15, 2004 | $115,000.00 | 113.91 |
| September 15, 2004 | $132,877.08 | 131.62 |
| September 15, 2004 | $506,289.73 | 501.50 |
| September 15, 2004 | $850,000.00 | 841.96 |
| September 15, 2004 | $1,225,000.00 | 1,213.41 |
| September 15, 2004 | $2,000,000.00 | 1,981.08 |
| September 15, 2004 | $68,467.74 | 67.82 |
| September 15, 2004 | $72,493.66 | 64.23 |
| September 15, 2004 | $50,000.00 | 44.30 |
| October 19, 2004 | $56,833.78 | 56.00 |
| October 19, 2004 | $150,000.00 | 147.80 |
| October 19, 2004 | $304,466.70 | 300.00 |
| October 19, 2004 | $450,000.00 | 443.40 |
| October 19, 2004 | $507,444.50 | 500.00 |
| October 19, 2004 | $31,075.90 | 30.62 |
| October 19, 2004 | $84,824.69 | 74.81 |
| October 19, 2004 | $103,964.38 | 91.69 |
| October 19, 2004 | $105,325.03 | 92.89 |
| November 16, 2004 | $50,717.77 | 49.96 |
| November 16, 2004 | $64,919.96 | 63.95 |
| November 16, 2004 | $130,276.45 | 128.33 |
| November 16, 2004 | $175,000.00 | 172.39 |
| November 16, 2004 | $706,759.61 | 696.20 |
| November 16, 2004 | $517,776.03 | 510.04 |
| December 13, 2004 | $7,150,000.00 | 6,988.04 |
| December 13, 2004 | $200,368.83 | 195.83 |

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| **Payment Date** | **Redemption Payment** | **No. of Shares** |
|---|---|---|
| December 13, 2004 | $50,000.00 | 48.87 |
| December 13, 2004 | $174,840.55 | 170.88 |
| January 14, 2005 | $13,333.18 | 13.00 |
| January 14, 2005 | $28,574.04 | 27.86 |
| January 14, 2005 | $122,285.79 | 119.23 |
| January 14, 2005 | $536,927.25 | 523.51 |
| January 14, 2005 | $2,235,451.58 | 2,179.59 |
| February 16, 2005 | $1,400,000.00 | 1,358.08 |
| February 16, 2005 | $65,000.00 | 63.05 |
| February 18, 2005 | $181,926.14 | 177.38 |
| March 15, 2005 | $89,237.27 | 86.25 |
| March 15, 2005 | $15,519.53 | 15.00 |
| March 15, 2005 | $35,177.59 | 34.00 |
| March 15, 2005 | $52,487.03 | 50.73 |
| March 15, 2005 | $111,740.58 | 108.00 |
| March 15, 2005 | $537,461.84 | 519.47 |
| March 15, 2005 | $618,422.03 | 597.72 |
| March 15, 2005 | $10,687.78 | 10.33 |
| March 15, 2005 | $103,701.47 | 100.23 |
| April 14, 2005 | $5,217.23 | 5.00 |
| April 14, 2005 | $26,086.14 | 25.00 |
| April 14, 2005 | $50,085.38 | 48.00 |
| April 14, 2005 | $50,000.00 | 47.92 |
| April 14, 2005 | $52,172.28 | 50.00 |
| April 14, 2005 | $147,459.72 | 141.32 |
| April 14, 2005 | $1,300,000.00 | 1,245.87 |
| April 14, 2005 | $7,000,000.00 | 6,708.54 |
| April 14, 2005 | $55,000.00 | 52.71 |
| April 14, 2005 | $75,002.86 | 71.88 |
| May 13, 2005 | $25,000.00 | 23.93 |
| May 13, 2005 | $25,000.00 | 23.93 |
| May 13, 2005 | $103,550.34 | 99.10 |
| May 13, 2005 | $111,230.41 | 106.45 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| May 13, 2005 | $248,688.01 | 238.00 |
| May 13, 2005 | $978,033.51 | 936.00 |
| May 13, 2005 | $4,029,592.12 | 3,856.41 |
| May 13, 2005 | $4,000,000.00 | 3,828.09 |
| May 13, 2005 | $10,817,249.19 | 10,352.35 |
| May 13, 2005 | $50,000.00 | 47.85 |
| June 15, 2005 | $10,914.30 | 10.38 |
| June 15, 2005 | $12,617.69 | 12.00 |
| June 15, 2005 | $12,880.56 | 12.25 |
| June 15, 2005 | $50,000.00 | 47.55 |
| June 15, 2005 | $53,341.27 | 50.73 |
| June 15, 2005 | $134,641.23 | 128.05 |
| June 15, 2005 | $1,100,000.00 | 1,046.15 |
| June 15, 2005 | $2,696,452.24 | 2,564.45 |
| June 15, 2005 | $3,050,000.00 | 2,900.69 |
| June 15, 2005 | $9,450,000.00 | 8,987.38 |
| June 15, 2005 | $32,000,000.00 | 30,433.47 |
| June 15, 2005 | $5,000,000.00 | 4,755.23 |
| June 15, 2005 | $111,740.13 | 106.27 |
| June 15, 2005 | $214,511.19 | 204.01 |
| June 15, 2005 | $400,000.00 | 380.42 |
| June 15, 2005 | $59,934.01 | 57.00 |
| June 15, 2005 | $420,589.56 | 400.00 |
| July 15, 2005 | $63,381.62 | 60.00 |
| July 15, 2005 | $10,563.60 | 10.00 |
| July 15, 2005 | $10,563.60 | 10.00 |
| July 15, 2005 | $12,676.32 | 12.00 |
| July 15, 2005 | $15,845.40 | 15.00 |
| July 15, 2005 | $21,127.21 | 20.00 |
| July 15, 2005 | $24,296.29 | 23.00 |
| July 15, 2005 | $41,303.69 | 39.10 |
| July 15, 2005 | $44,071.35 | 41.72 |
| July 15, 2005 | $47,536.21 | 45.00 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| July 15, 2005 | $50,000.00 | 47.33 |
| July 15, 2005 | $52,818.02 | 50.00 |
| July 15, 2005 | $54,930.74 | 52.00 |
| July 15, 2005 | $58,099.82 | 55.00 |
| July 15, 2005 | $77,209.37 | 73.09 |
| July 15, 2005 | $77,241.07 | 73.12 |
| July 15, 2005 | $81,149.60 | 76.82 |
| July 15, 2005 | $107,812.13 | 102.06 |
| July 15, 2005 | $130,988.68 | 124.00 |
| July 15, 2005 | $154,450.44 | 146.21 |
| July 15, 2005 | $212,117.15 | 200.80 |
| July 15, 2005 | $1,115,727.75 | 1,056.20 |
| July 15, 2005 | $4,125,000.00 | 3,904.92 |
| July 15, 2005 | $4,753,515.71 | 4,499.90 |
| July 15, 2005 | $8,300,000.00 | 7,857.17 |
| July 15, 2005 | $250,000.00 | 236.66 |
| July 15, 2005 | $171,225.44 | 162.09 |
| July 15, 2005 | $54,951.86 | 52.02 |
| August 15, 2005 | $15,866.14 | 15.00 |
| August 15, 2005 | $15,866.14 | 15.00 |
| August 15, 2005 | $17,981.62 | 17.00 |
| August 15, 2005 | $19,039.36 | 18.00 |
| August 15, 2005 | $25,000.00 | 23.64 |
| August 15, 2005 | $33,371.77 | 31.55 |
| August 15, 2005 | $44,499.22 | 42.07 |
| August 15, 2005 | $50,000.00 | 47.27 |
| August 15, 2005 | $52,887.12 | 50.00 |
| August 15, 2005 | $52,887.12 | 50.00 |
| August 15, 2005 | $380,015.11 | 359.27 |
| August 15, 2005 | $473,350.30 | 447.51 |
| August 15, 2005 | $611,829.94 | 578.43 |
| August 15, 2005 | $703,451.58 | 665.05 |
| August 15, 2005 | $3,942,914.61 | 3,727.67 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| August 15, 2005 | $1,500,000.00 | 1,418.11 |
| August 16, 2005 | $1,400,000.00 | 1,321.45 |
| September 15, 2005 | $3,284.28 | 3.10 |
| September 15, 2005 | $5,297.22 | 5.00 |
| September 15, 2005 | $10,594.45 | 10.00 |
| September 15, 2005 | $10,869.90 | 10.26 |
| September 15, 2005 | $26,486.11 | 25.00 |
| September 15, 2005 | $30,723.89 | 29.00 |
| September 15, 2005 | $30,829.83 | 29.10 |
| September 15, 2005 | $50,000.00 | 47.19 |
| September 15, 2005 | $60,462.50 | 57.07 |
| September 15, 2005 | $71,904.50 | 67.87 |
| September 15, 2005 | $151,362.84 | 142.87 |
| September 15, 2005 | $227,928.89 | 215.14 |
| September 15, 2005 | $1,305,182.65 | 1,231.95 |
| September 15, 2005 | $5,570,000.00 | 5,257.47 |
| September 15, 2005 | $1,750,000.00 | 1,651.81 |
| September 15, 2005 | $70,972.19 | 66.99 |
| September 15, 2005 | $11,113.57 | 10.49 |
| September 15, 2005 | $250,000.00 | 235.97 |
| October 14, 2005 | $12,826.33 | 12.00 |
| October 14, 2005 | $14,333.42 | 13.41 |
| October 14, 2005 | $23,514.93 | 22.00 |
| October 14, 2005 | $37,410.12 | 35.00 |
| October 14, 2005 | $46,409.93 | 43.42 |
| October 14, 2005 | $53,443.03 | 50.00 |
| October 14, 2005 | $115,362.12 | 107.93 |
| October 14, 2005 | $149,683.24 | 140.04 |
| October 14, 2005 | $150,000.00 | 140.34 |
| October 14, 2005 | $180,968.79 | 169.31 |
| October 14, 2005 | $187,050.61 | 175.00 |
| October 14, 2005 | $267,215.15 | 250.00 |
| October 14, 2005 | $648,627.37 | 606.84 |

**Redemption Payments Received by Defendants from Sentry**
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| October 14, 2005 | $678,961.63 | 635.22 |
| October 14, 2005 | $966,688.22 | 904.41 |
| October 14, 2005 | $1,000,000.00 | 935.58 |
| October 14, 2005 | $1,068,860.60 | 1,000.00 |
| October 14, 2005 | $1,246,184.57 | 1,165.90 |
| October 14, 2005 | $1,850,000.00 | 1,730.82 |
| October 14, 2005 | $4,891,373.32 | 4,576.25 |
| October 14, 2005 | $16,450,000.00 | 15,390.22 |
| October 14, 2005 | $33,000,000.00 | 30,874.00 |
| October 14, 2005 | $2,250,000.00 | 2,105.05 |
| October 14, 2005 | $17,347.61 | 16.23 |
| October 14, 2005 | $5,045,022.03 | 4,720.00 |
| October 14, 2005 | $31,595.52 | 29.56 |
| October 14, 2005 | $333,153.16 | 311.69 |
| October 14, 2005 | $252,614.51 | 236.34 |
| October 14, 2005 | $135,000.00 | 126.30 |
| October 14, 2005 | $49,274.47 | 46.10 |
| November 3, 2005 | $3,650,000.00 | 3,360.86 |
| November 17, 2005 | $9,991.50 | 9.20 |
| November 17, 2005 | $11,251.30 | 10.36 |
| November 17, 2005 | $21,753.23 | 20.03 |
| November 17, 2005 | $25,000.00 | 23.02 |
| November 17, 2005 | $31,494.94 | 29.00 |
| November 17, 2005 | $38,011.14 | 35.00 |
| November 17, 2005 | $41,106.33 | 37.85 |
| November 17, 2005 | $41,269.24 | 38.00 |
| November 17, 2005 | $50,000.00 | 46.04 |
| November 17, 2005 | $59,590.60 | 54.87 |
| November 17, 2005 | $74,816.78 | 68.89 |
| November 17, 2005 | $74,936.24 | 69.00 |
| November 17, 2005 | $82,625.35 | 76.08 |
| November 17, 2005 | $86,882.60 | 80.00 |
| November 17, 2005 | $97,742.93 | 90.00 |

**Redemption Payments Received by Defendants from Sentry**
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| November 17, 2005 | $104,965.04 | 96.65 |
| November 17, 2005 | $106,398.60 | 97.97 |
| November 17, 2005 | $108,603.25 | 100.00 |
| November 17, 2005 | $110,449.51 | 101.70 |
| November 17, 2005 | $119,496.16 | 110.03 |
| November 17, 2005 | $162,904.88 | 150.00 |
| November 17, 2005 | $181,367.43 | 167.00 |
| November 17, 2005 | $204,174.11 | 188.00 |
| November 17, 2005 | $225,188.84 | 207.35 |
| November 17, 2005 | $233,996.56 | 215.46 |
| November 17, 2005 | $384,455.51 | 354.00 |
| November 17, 2005 | $415,657.22 | 382.73 |
| November 17, 2005 | $457,121.94 | 420.91 |
| November 17, 2005 | $488,551.72 | 449.85 |
| November 17, 2005 | $520,405.05 | 479.18 |
| November 17, 2005 | $636,415.05 | 586.00 |
| November 17, 2005 | $1,664,887.82 | 1,533.00 |
| November 17, 2005 | $2,900,000.00 | 2,670.27 |
| November 17, 2005 | $19,200,000.00 | 17,679.03 |
| November 17, 2005 | $26,000,000.00 | 23,940.35 |
| November 17, 2005 | $115,228.05 | 106.10 |
| November 17, 2005 | $1,422,702.58 | 1,310.00 |
| November 17, 2005 | $6,096,986.46 | 5,614.00 |
| November 17, 2005 | $230,000.00 | 211.78 |
| November 17, 2005 | $310,931.10 | 286.30 |
| November 17, 2005 | $10,214,483.19 | 9,405.32 |
| November 17, 2005 | $108,603.25 | 100.00 |
| November 30, 2005 | $1,631,945.00 | 1,491.47 |
| December 13, 2005 | $7,000,000.00 | 6,397.45 |
| December 15, 2005 | $2,350,000.00 | 2,136.22 |
| December 19, 2005 | $2,188.37 | 2.00 |
| December 19, 2005 | $6,565.11 | 6.00 |
| December 19, 2005 | $21,883.71 | 20.00 |

**Redemption Payments Received by Defendants from Sentry**
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| December 19, 2005 | $24,455.05 | 22.35 |
| December 19, 2005 | $25,000.00 | 22.85 |
| December 19, 2005 | $32,825.57 | 30.00 |
| December 19, 2005 | $32,825.57 | 30.00 |
| December 19, 2005 | $47,312.59 | 43.24 |
| December 19, 2005 | $99,570.89 | 91.00 |
| December 19, 2005 | $115,097.38 | 105.19 |
| December 19, 2005 | $138,961.57 | 127.00 |
| December 19, 2005 | $250,000.00 | 228.48 |
| December 19, 2005 | $253,183.61 | 231.39 |
| December 19, 2005 | $399,377.74 | 365.00 |
| December 19, 2005 | $584,295.11 | 534.00 |
| December 19, 2005 | $875,000.00 | 799.68 |
| December 19, 2005 | $7,527,953.16 | 6,879.96 |
| December 19, 2005 | $8,250,000.00 | 7,539.85 |
| December 19, 2005 | $20,000,000.00 | 18,278.43 |
| December 19, 2005 | $290,000.00 | 265.04 |
| December 19, 2005 | $31,786.09 | 29.05 |
| January 19, 2006 | $11,000.76 | 10.00 |
| January 19, 2006 | $15,401.06 | 14.00 |
| January 19, 2006 | $24,201.67 | 22.00 |
| January 19, 2006 | $25,000.00 | 22.73 |
| January 19, 2006 | $27,501.90 | 25.00 |
| January 19, 2006 | $27,501.90 | 25.00 |
| January 19, 2006 | $31,902.20 | 29.00 |
| January 19, 2006 | $45,719.15 | 41.56 |
| January 19, 2006 | $53,067.66 | 48.24 |
| January 19, 2006 | $66,004.55 | 60.00 |
| January 19, 2006 | $86,718.98 | 78.83 |
| January 19, 2006 | $91,801.33 | 83.45 |
| January 19, 2006 | $167,508.56 | 152.27 |
| January 19, 2006 | $171,688.85 | 156.07 |
| January 19, 2006 | $400,000.00 | 363.61 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| January 19, 2006 | $487,036.60 | 442.73 |
| January 19, 2006 | $700,000.00 | 636.32 |
| January 19, 2006 | $815,486.26 | 741.30 |
| January 19, 2006 | $935,064.52 | 850.00 |
| January 19, 2006 | $1,500,000.00 | 1,363.54 |
| January 19, 2006 | $1,540,667.30 | 1,400.51 |
| January 19, 2006 | $15,000,000.00 | 13,635.42 |
| January 19, 2006 | $12,628.87 | 11.48 |
| January 19, 2006 | $920,378.50 | 836.65 |
| January 19, 2006 | $961,235.32 | 873.79 |
| January 19, 2006 | $981,773.74 | 892.46 |
| February 15, 2006 | $11,077.63 | 10.00 |
| February 15, 2006 | $25,000.00 | 22.57 |
| February 15, 2006 | $27,694.08 | 25.00 |
| February 15, 2006 | $45,000.00 | 40.62 |
| February 15, 2006 | $55,388.15 | 50.00 |
| February 15, 2006 | $70,509.11 | 63.65 |
| February 15, 2006 | $80,988.55 | 73.11 |
| February 15, 2006 | $83,082.23 | 75.00 |
| February 15, 2006 | $166,164.45 | 150.00 |
| February 15, 2006 | $321,206.96 | 289.96 |
| February 15, 2006 | $335,652.19 | 303.00 |
| February 15, 2006 | $350,000.00 | 315.95 |
| February 15, 2006 | $437,566.39 | 395.00 |
| February 15, 2006 | $567,407.29 | 512.21 |
| February 15, 2006 | $572,890.71 | 517.16 |
| February 15, 2006 | $4,809,962.33 | 4,342.05 |
| February 15, 2006 | $8,335,000.00 | 7,524.17 |
| February 15, 2006 | $1,373.63 | 1.24 |
| February 15, 2006 | $55,388.15 | 50.00 |
| February 15, 2006 | $132,931.56 | 120.00 |
| February 15, 2006 | $1,271,490.37 | 1,147.80 |
| February 15, 2006 | $3,400,000.00 | 3,069.25 |

**Redemption Payments Received by Defendants from Sentry**
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| February 15, 2006 | $485,000.00 | 437.82 |
| February 15, 2006 | $22,110.95 | 19.96 |
| March 17, 2006 | $12,398.00 | 11.17 |
| March 17, 2006 | $25,284.38 | 22.78 |
| March 17, 2006 | $33,298.13 | 30.00 |
| March 17, 2006 | $48,548.67 | 43.74 |
| March 17, 2006 | $55,496.88 | 50.00 |
| March 17, 2006 | $62,156.51 | 56.00 |
| March 17, 2006 | $63,510.63 | 57.22 |
| March 17, 2006 | $92,224.72 | 83.09 |
| March 17, 2006 | $113,690.91 | 102.43 |
| March 17, 2006 | $114,401.27 | 103.07 |
| March 17, 2006 | $115,311.42 | 103.89 |
| March 17, 2006 | $115,433.51 | 104.00 |
| March 17, 2006 | $122,093.14 | 110.00 |
| March 17, 2006 | $122,093.14 | 110.00 |
| March 17, 2006 | $126,133.31 | 113.64 |
| March 17, 2006 | $155,391.26 | 140.00 |
| March 17, 2006 | $276,640.85 | 249.24 |
| March 17, 2006 | $280,814.21 | 253.00 |
| March 17, 2006 | $290,437.37 | 261.67 |
| March 17, 2006 | $624,484.19 | 562.63 |
| March 17, 2006 | $1,300,000.00 | 1,171.24 |
| March 17, 2006 | $5,000,000.00 | 4,504.76 |
| March 17, 2006 | $24,350,000.00 | 21,938.17 |
| March 17, 2006 | $65,686.11 | 59.18 |
| March 17, 2006 | $510,793.28 | 460.20 |
| March 17, 2006 | $250,000.00 | 225.24 |
| March 17, 2006 | $22,198.75 | 20.00 |
| April 18, 2006 | $2,000,000.00 | 1,778.65 |
| April 19, 2006 | $200,000.00 | 177.87 |
| April 20, 2006 | $10,120.02 | 9.00 |
| April 20, 2006 | $12,368.91 | 11.00 |

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| April 20, 2006 | $56,222.31 | 50.00 |
| April 20, 2006 | $56,222.31 | 50.00 |
| April 20, 2006 | $56,222.31 | 50.00 |
| April 20, 2006 | $59,595.65 | 53.00 |
| April 20, 2006 | $101,200.16 | 90.00 |
| April 20, 2006 | $103,449.05 | 92.00 |
| April 20, 2006 | $105,742.92 | 94.04 |
| April 20, 2006 | $106,934.83 | 95.10 |
| April 20, 2006 | $140,072.26 | 124.57 |
| April 20, 2006 | $204,997.79 | 182.31 |
| April 20, 2006 | $308,750.44 | 274.58 |
| April 20, 2006 | $843,334.65 | 750.00 |
| April 20, 2006 | $1,600,000.00 | 1,422.92 |
| April 20, 2006 | $1,739,012.27 | 1,546.55 |
| April 20, 2006 | $2,614,753.46 | 2,325.37 |
| April 20, 2006 | $30,000,000.00 | 26,679.80 |
| April 20, 2006 | $30,078.94 | 26.75 |
| April 20, 2006 | $33,002.50 | 29.35 |
| April 20, 2006 | $98,895.04 | 87.95 |
| April 20, 2006 | $112,444.62 | 100.00 |
| April 20, 2006 | $213,307.44 | 189.70 |
| April 20, 2006 | $257,115.87 | 228.66 |
| April 20, 2006 | $230,000.00 | 204.55 |
| April 20, 2006 | $25,000.00 | 22.23 |
| May 3, 2006 | $24,220.57 | 21.54 |
| May 15, 2006 | $11,350.54 | 10.00 |
| May 15, 2006 | $19,795.34 | 17.44 |
| May 15, 2006 | $23,586.42 | 20.78 |
| May 15, 2006 | $26,775.93 | 23.59 |
| May 15, 2006 | $34,051.62 | 30.00 |
| May 15, 2006 | $34,051.62 | 30.00 |
| May 15, 2006 | $34,278.63 | 30.20 |
| May 15, 2006 | $35,810.96 | 31.55 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| May 15, 2006 | $56,752.71 | 50.00 |
| May 15, 2006 | $113,505.41 | 100.00 |
| May 15, 2006 | $128,522.18 | 113.23 |
| May 15, 2006 | $160,962.02 | 141.81 |
| May 15, 2006 | $170,258.12 | 150.00 |
| May 15, 2006 | $181,608.66 | 160.00 |
| May 15, 2006 | $192,959.20 | 170.00 |
| May 15, 2006 | $261,062.44 | 230.00 |
| May 15, 2006 | $561,204.80 | 494.43 |
| May 15, 2006 | $34,051.62 | 30.00 |
| May 15, 2006 | $113,505.41 | 100.00 |
| May 15, 2006 | $1,313,518.66 | 1,157.23 |
| May 15, 2006 | $75,000.00 | 66.08 |
| May 17, 2006 | $174,514.57 | 153.75 |
| May 18, 2006 | $58,336.27 | 51.88 |
| May 24, 2006 | $34,880.21 | 30.73 |
| June 16, 2006 | $11,430.27 | 10.00 |
| June 16, 2006 | $13,487.71 | 11.80 |
| June 16, 2006 | $13,716.32 | 12.00 |
| June 16, 2006 | $22,860.53 | 20.00 |
| June 16, 2006 | $29,055.74 | 25.42 |
| June 16, 2006 | $32,724.85 | 28.63 |
| June 16, 2006 | $45,721.06 | 40.00 |
| June 16, 2006 | $53,619.38 | 46.91 |
| June 16, 2006 | $57,151.33 | 50.00 |
| June 16, 2006 | $68,581.60 | 60.00 |
| June 16, 2006 | $80,011.86 | 70.00 |
| June 16, 2006 | $80,377.63 | 70.32 |
| June 16, 2006 | $81,955.01 | 71.70 |
| June 16, 2006 | $108,198.90 | 94.66 |
| June 16, 2006 | $114,302.66 | 100.00 |
| June 16, 2006 | $114,302.66 | 100.00 |
| June 16, 2006 | $119,343.41 | 104.41 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| June 16, 2006 | $136,020.17 | 119.00 |
| June 16, 2006 | $149,427.87 | 130.73 |
| June 16, 2006 | $171,453.99 | 150.00 |
| June 16, 2006 | $193,320.09 | 169.13 |
| June 16, 2006 | $205,744.79 | 180.00 |
| June 16, 2006 | $249,396.97 | 218.19 |
| June 16, 2006 | $255,306.42 | 223.36 |
| June 16, 2006 | $276,772.46 | 242.14 |
| June 16, 2006 | $320,047.45 | 280.00 |
| June 16, 2006 | $739,903.98 | 647.32 |
| June 16, 2006 | $809,091.38 | 707.85 |
| June 16, 2006 | $27,341.20 | 23.92 |
| June 16, 2006 | $34,290.80 | 30.00 |
| June 16, 2006 | $45,000.00 | 39.37 |
| June 16, 2006 | $924,342.75 | 808.68 |
| June 16, 2006 | $3,257.63 | 2.85 |
| June 16, 2006 | $32,004.74 | 28.00 |
| June 16, 2006 | $552,859.11 | 483.68 |
| June 16, 2006 | $50,000.00 | 43.74 |
| June 16, 2006 | $196,086.21 | 171.55 |
| June 16, 2006 | $85,000.00 | 74.36 |
| June 23, 2006 | $11,716.02 | 10.25 |
| June 26, 2006 | $11,850,000.00 | 10,314.73 |
| July 20, 2006 | $22,976.85 | 20.00 |
| July 20, 2006 | $25,274.54 | 22.00 |
| July 20, 2006 | $45,321.84 | 39.45 |
| July 20, 2006 | $103,395.84 | 90.00 |
| July 20, 2006 | $109,140.06 | 95.00 |
| July 20, 2006 | $163,847.95 | 142.62 |
| July 20, 2006 | $178,403.78 | 155.29 |
| July 20, 2006 | $183,527.62 | 159.75 |
| July 20, 2006 | $195,647.91 | 170.30 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| July 20, 2006 | $275,480.99 | 239.79 |
| July 20, 2006 | $525,000.00 | 456.98 |
| July 20, 2006 | $1,100,000.00 | 957.49 |
| July 20, 2006 | $1,114,377.42 | 970.00 |
| July 20, 2006 | $1,193,073.14 | 1,038.50 |
| July 20, 2006 | $1,688,626.44 | 1,469.85 |
| July 20, 2006 | $2,722,056.40 | 2,369.39 |
| July 20, 2006 | $50,549.08 | 44.00 |
| July 20, 2006 | $259,730.36 | 226.08 |
| July 20, 2006 | $12,832.57 | 11.17 |
| July 20, 2006 | $57,442.14 | 50.00 |
| July 20, 2006 | $114,884.27 | 100.00 |
| August 14, 2006 | $40,000.00 | 34.45 |
| August 14, 2006 | $46,442.79 | 40.00 |
| August 14, 2006 | $58,053.49 | 50.00 |
| August 14, 2006 | $60,886.50 | 52.44 |
| August 14, 2006 | $67,864.52 | 58.45 |
| August 14, 2006 | $100,000.00 | 86.13 |
| August 14, 2006 | $120,089.44 | 103.43 |
| August 14, 2006 | $150,000.00 | 129.19 |
| August 14, 2006 | $232,213.94 | 200.00 |
| August 14, 2006 | $352,837.47 | 303.89 |
| August 14, 2006 | $399,396.37 | 343.99 |
| August 14, 2006 | $549,557.51 | 473.32 |
| August 14, 2006 | $116,106.97 | 100.00 |
| August 14, 2006 | $631,679.97 | 544.05 |
| August 14, 2006 | $48,764.93 | 42.00 |
| August 14, 2006 | $1,032,574.12 | 889.33 |
| August 18, 2006 | $333,865.59 | 287.55 |
| September 14, 2006 | $8,190.00 | 7.00 |
| September 14, 2006 | $31,613.42 | 27.02 |
| September 14, 2006 | $40,000.00 | 34.19 |
| September 14, 2006 | $45,630.02 | 39.00 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| September 14, 2006 | $45,000.00 | 38.46 |
| September 14, 2006 | $102,960.05 | 88.00 |
| September 14, 2006 | $103,287.65 | 88.28 |
| September 14, 2006 | $109,769.46 | 93.82 |
| September 14, 2006 | $115,256.76 | 98.51 |
| September 14, 2006 | $121,551.36 | 103.89 |
| September 14, 2006 | $5,100,000.00 | 4,358.97 |
| September 14, 2006 | $40,950.02 | 35.00 |
| September 14, 2006 | $119,421.96 | 102.07 |
| September 14, 2006 | $445,898.93 | 381.11 |
| September 14, 2006 | $3,100,290.99 | 2,649.82 |
| September 14, 2006 | $247,478.53 | 211.52 |
| September 14, 2006 | $150,000.00 | 128.21 |
| October 12, 2006 | $26,609.77 | 22.59 |
| October 12, 2006 | $30,838.59 | 26.18 |
| October 12, 2006 | $34,160.39 | 29.00 |
| October 12, 2006 | $35,338.34 | 30.00 |
| October 12, 2006 | $58,897.23 | 50.00 |
| October 12, 2006 | $59,215.28 | 50.27 |
| October 12, 2006 | $102,481.18 | 87.00 |
| October 12, 2006 | $129,279.42 | 109.75 |
| October 12, 2006 | $161,036.81 | 136.71 |
| October 12, 2006 | $186,000.00 | 157.90 |
| October 12, 2006 | $266,745.55 | 226.45 |
| October 12, 2006 | $334,571.60 | 284.03 |
| October 12, 2006 | $409,842.26 | 347.93 |
| October 12, 2006 | $533,502.89 | 452.91 |
| October 12, 2006 | $1,000,310.55 | 849.20 |
| October 12, 2006 | $3,000,000.00 | 2,546.81 |
| October 12, 2006 | $13,322.55 | 11.31 |
| October 12, 2006 | $56,541.34 | 48.00 |
| October 12, 2006 | $70,865.15 | 60.16 |
| October 12, 2006 | $117,794.46 | 100.00 |

17

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| October 12, 2006 | $151,954.85 | 129.00 |
| October 12, 2006 | $313,074.12 | 265.78 |
| October 12, 2006 | $65,000.00 | 55.18 |
| October 16, 2006 | $318,787.15 | 270.63 |
| October 18, 2006 | $459,999.15 | 390.51 |
| November 14, 2006 | $9,818.24 | 8.30 |
| November 14, 2006 | $29,573.00 | 25.00 |
| November 14, 2006 | $40,739.77 | 34.44 |
| November 14, 2006 | $42,407.69 | 35.85 |
| November 14, 2006 | $47,316.80 | 40.00 |
| November 14, 2006 | $49,611.67 | 41.94 |
| November 14, 2006 | $59,146.01 | 50.00 |
| November 14, 2006 | $64,516.46 | 54.54 |
| November 14, 2006 | $113,229.11 | 95.72 |
| November 14, 2006 | $120,267.49 | 101.67 |
| November 14, 2006 | $132,487.05 | 112.00 |
| November 14, 2006 | $147,474.65 | 124.67 |
| November 14, 2006 | $459,008.49 | 388.03 |
| November 14, 2006 | $561,887.05 | 475.00 |
| November 14, 2006 | $712,614.73 | 602.42 |
| November 14, 2006 | $800,000.00 | 676.29 |
| November 14, 2006 | $10,000,000.00 | 8,453.66 |
| November 14, 2006 | $100,548.21 | 85.00 |
| November 14, 2006 | $354,876.03 | 300.00 |
| November 14, 2006 | $514,818.66 | 435.21 |
| November 14, 2006 | $887,036.30 | 749.87 |
| November 14, 2006 | $50,000.00 | 42.27 |
| November 22, 2006 | $132,640.83 | 112.13 |
| December 14, 2006 | $650,000.00 | 540.20 |
| December 15, 2006 | $3,519.49 | 2.95 |
| December 15, 2006 | $20,150.58 | 16.89 |
| December 15, 2006 | $25,054.01 | 21.00 |
| December 15, 2006 | $50,000.00 | 41.91 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| December 15, 2006 | $54,295.62 | 45.51 |
| December 15, 2006 | $59,652.41 | 50.00 |
| December 15, 2006 | $107,374.34 | 90.00 |
| December 15, 2006 | $107,696.46 | 90.27 |
| December 15, 2006 | $124,077.01 | 104.00 |
| December 15, 2006 | $212,362.58 | 178.00 |
| December 15, 2006 | $268,435.85 | 225.00 |
| December 15, 2006 | $3,937.06 | 3.30 |
| December 15, 2006 | $10,260.21 | 8.60 |
| December 15, 2006 | $26,974.82 | 22.61 |
| December 15, 2006 | $29,826.21 | 25.00 |
| December 15, 2006 | $53,973.50 | 45.24 |
| December 15, 2006 | $59,652.41 | 50.00 |
| December 15, 2006 | $121,690.92 | 102.00 |
| December 15, 2006 | $101,969.83 | 85.47 |
| December 15, 2006 | $78,430.99 | 65.74 |
| January 10, 2007 | $178,957.23 | 150.00 |
| January 16, 2007 | $14,439.08 | 12.00 |
| January 16, 2007 | $56,468.84 | 46.93 |
| January 16, 2007 | $63,772.61 | 53.00 |
| January 16, 2007 | $71,882.56 | 59.74 |
| January 16, 2007 | $74,914.76 | 62.26 |
| January 16, 2007 | $115,151.67 | 95.70 |
| January 16, 2007 | $201,894.44 | 167.79 |
| January 16, 2007 | $252,623.74 | 209.95 |
| January 16, 2007 | $412,392.17 | 342.73 |
| January 25, 2007 | $118,568.92 | 98.54 |
| February 15, 2007 | $11,729.24 | 9.72 |
| February 15, 2007 | $48,268.47 | 40.00 |
| February 15, 2007 | $82,273.61 | 68.18 |
| February 15, 2007 | $86,545.37 | 71.72 |
| February 15, 2007 | $99,445.12 | 82.41 |
| February 15, 2007 | $108,604.06 | 90.00 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| February 15, 2007 | $301,677.95 | 250.00 |
| February 15, 2007 | $350,000.00 | 290.04 |
| February 15, 2007 | $452,541.06 | 375.02 |
| February 15, 2007 | $463,099.79 | 383.77 |
| February 15, 2007 | $679,378.74 | 563.00 |
| February 15, 2007 | $1,000,000.00 | 828.70 |
| February 15, 2007 | $1,026,935.88 | 851.02 |
| February 15, 2007 | $1,694,923.26 | 1,404.58 |
| February 15, 2007 | $37,516.67 | 31.09 |
| February 15, 2007 | $46,192.93 | 38.28 |
| February 15, 2007 | $188,355.64 | 156.09 |
| February 15, 2007 | $230,964.64 | 191.40 |
| February 15, 2007 | $536,576.47 | 444.66 |
| February 15, 2007 | $70,821.92 | 58.69 |
| February 15, 2007 | $19,307.39 | 16.00 |
| March 16, 2007 | $10,000,000.00 | 8,296.33 |
| March 16, 2007 | $14,464.23 | 12.00 |
| March 16, 2007 | $26,517.75 | 22.00 |
| March 16, 2007 | $60,593.06 | 50.27 |
| March 16, 2007 | $69,910.43 | 58.00 |
| March 16, 2007 | $114,110.69 | 94.67 |
| March 16, 2007 | $122,548.16 | 101.67 |
| March 16, 2007 | $231,463.78 | 192.03 |
| March 16, 2007 | $253,123.96 | 210.00 |
| March 16, 2007 | $409,819.75 | 340.00 |
| March 16, 2007 | $3,503,609.29 | 2,906.71 |
| March 16, 2007 | $9,642.82 | 8.00 |
| March 16, 2007 | $33,050.76 | 27.42 |
| March 16, 2007 | $48,370.78 | 40.13 |
| March 16, 2007 | $51,167.20 | 42.45 |
| March 16, 2007 | $68,464.00 | 56.80 |
| March 16, 2007 | $84,374.65 | 70.00 |
| March 16, 2007 | $87,363.93 | 72.48 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|:---:|:---:|:---:|
| March 16, 2007 | $94,234.43 | 78.18 |
| March 16, 2007 | $132,203.03 | 109.68 |
| March 16, 2007 | $1,000,000.00 | 829.63 |
| March 16, 2007 | $50,000.00 | 41.48 |
| March 16, 2007 | $183,611.30 | 152.33 |
| April 17, 2007 | $49,006.20 | 40.00 |
| April 17, 2007 | $64,933.22 | 53.00 |
| April 17, 2007 | $117,418.86 | 95.84 |
| April 17, 2007 | $137,682.92 | 112.38 |
| April 17, 2007 | $183,087.16 | 149.44 |
| April 17, 2007 | $200,925.42 | 164.00 |
| April 17, 2007 | $213,789.55 | 174.50 |
| April 17, 2007 | $269,546.35 | 220.01 |
| April 17, 2007 | $335,520.95 | 273.86 |
| April 17, 2007 | $735,093.00 | 600.00 |
| April 17, 2007 | $54,482.64 | 44.47 |
| April 17, 2007 | $117,418.86 | 95.84 |
| April 17, 2007 | $131,410.13 | 107.26 |
| April 17, 2007 | $137,878.94 | 112.54 |
| April 17, 2007 | $220,527.90 | 180.00 |
| April 17, 2007 | $380,692.41 | 310.73 |
| April 17, 2007 | $544,777.42 | 444.66 |
| April 17, 2007 | $69,858.34 | 57.02 |
| April 17, 2007 | $92,000.00 | 75.09 |
| April 17, 2007 | $50,000.00 | 40.81 |
| May 16, 2007 | $20,968.93* | 16.95 |
| May 16, 2007 | $21,030.79* | 17.00 |
| May 16, 2007 | $30,667.84* | 24.79 |
| May 16, 2007 | $30,927.63* | 25.00 |
| May 16, 2007 | $36,185.33* | 29.25 |
| May 16, 2007 | $61,855.26* | 50.00 |
| May 16, 2007 | $62,189.28* | 50.27 |
| May 16, 2007 | $62,201.65* | 50.28 |

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| May 16, 2007 | $147,722.73* | 119.41 |
| May 16, 2007 | $153,401.04* | 124.00 |
| May 16, 2007 | $351,337.88* | 284.00 |
| May 16, 2007 | $432,986.82* | 350.00 |
| May 16, 2007 | $854,975.77* | 691.11 |
| May 16, 2007 | $1,085,193.63* | 877.20 |
| May 16, 2007 | $9,769,926.98* | 7,897.41 |
| May 16, 2007 | $12,000,000.00* | 9,700.06 |
| May 16, 2007 | $4,948.42* | 4.00 |
| May 16, 2007 | $70,515.00* | 57.00 |
| May 16, 2007 | $288,245.51* | 233.00 |
| May 16, 2007 | $12,371.05* | 10.00 |
| May 16, 2007 | $125,860.61* | 101.74 |
| May 16, 2007 | $433,815.68* | 350.67 |
| May 22, 2007 | $150,000.00* | 121.25 |
| June 15, 2007 | $588,017.27* | 471.50 |
| June 15, 2007 | $1,194,092.84* | 957.48 |
| June 15, 2007 | $4,976.01* | 3.99 |
| June 15, 2007 | $7,283.18* | 5.84 |
| June 15, 2007 | $12,471.20* | 10.00 |
| June 15, 2007 | $19,953.93* | 16.00 |
| June 15, 2007 | $24,942.41* | 20.00 |
| June 15, 2007 | $29,419.57* | 23.59 |
| June 15, 2007 | $37,154.21* | 29.79 |
| June 15, 2007 | $70,661.84* | 56.66 |
| June 15, 2007 | $94,868.45* | 76.07 |
| June 15, 2007 | $112,240.84* | 90.00 |
| June 15, 2007 | $122,217.80* | 98.00 |
| June 15, 2007 | $214,822.72* | 172.26 |
| June 15, 2007 | $256,923.01* | 206.01 |
| June 15, 2007 | $305,544.50* | 245.00 |
| June 15, 2007 | $334,502.63* | 268.22 |
| June 15, 2007 | $618,397.12* | 495.86 |

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| June 15, 2007 | $800,000.00* | 641.48 |
| June 15, 2007 | $1,203,588.42* | 965.09 |
| June 15, 2007 | $3,750,000.00* | 3,006.93 |
| June 15, 2007 | $6,273,489.52* | 5,030.38 |
| June 15, 2007 | $36,166.49* | 29.00 |
| June 15, 2007 | $86,051.31* | 69.00 |
| June 15, 2007 | $154,642.93* | 124.00 |
| June 15, 2007 | $637,278.52* | 511.00 |
| June 15, 2007 | $2,657,613.57* | 2,131.00 |
| June 15, 2007 | $30,000.00* | 24.06 |
| June 15, 2007 | $99,769.63* | 80.00 |
| June 15, 2007 | $100,000.00* | 80.18 |
| June 15, 2007 | $115,000.00* | 92.21 |
| July 19, 2007 | $10,011.30* | 8.00 |
| July 19, 2007 | $12,514.13* | 10.00 |
| July 19, 2007 | $30,284.19* | 24.20 |
| July 19, 2007 | $9,559,543.91* | 7,639.00 |
| July 19, 2007 | $50,000.00* | 39.95 |
| July 19, 2007 | $55,062.17* | 44.00 |
| July 19, 2007 | $73,382.86* | 58.64 |
| July 19, 2007 | $95,032.30* | 75.94 |
| July 19, 2007 | $99,046.84* | 79.15 |
| July 19, 2007 | $107,433.81* | 85.85 |
| July 19, 2007 | $125,141.30* | 100.00 |
| July 19, 2007 | $130,009.30* | 103.89 |
| July 19, 2007 | $161,778.92* | 129.28 |
| July 19, 2007 | $554,213.28* | 442.87 |
| July 19, 2007 | $584,097.02* | 466.75 |
| July 19, 2007 | $707,048.35* | 565.00 |
| July 19, 2007 | $1,129,675.54* | 902.72 |
| July 19, 2007 | $1,251,491.84* | 1,000.06 |
| July 19, 2007 | $14,088,201.95* | 11,257.84 |
| July 19, 2007 | $968,593.66* | 774.00 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| July 19, 2007 | $1,455,393.32* | 1,163.00 |
| July 19, 2007 | $1,804,537.55* | 1,442.00 |
| July 19, 2007 | $25,215.97* | 20.15 |
| July 19, 2007 | $28,138.02* | 22.49 |
| July 19, 2007 | $50,056.52* | 40.00 |
| July 19, 2007 | $395,071.08* | 315.70 |
| July 19, 2007 | $1,273,575.52* | 1,017.71 |
| July 19, 2007 | $900,000.00* | 719.19 |
| July 19, 2007 | $56,313.59* | 45.00 |
| July 23, 2007 | $90,382.05* | 72.22 |
| August 18, 2007 | $136,142.94* | 108.61 |
| August 18, 2007 | $255,547.86* | 203.87 |
| August 18, 2007 | $804,064.39* | 641.45 |
| August 18, 2007 | $848,621.40* | 677.00 |
| August 18, 2007 | $9,000,000.00* | 7,179.88 |
| August 18, 2007 | $50,000.00* | 39.89 |
| August 18, 2007 | $2,800,000.00* | 2,233.74 |
| August 18, 2007 | $2,263,265.74* | 1,805.55 |
| August 18, 2007 | $10,028.02* | 8.00 |
| August 18, 2007 | $43,872.60* | 35.00 |
| August 18, 2007 | $68,315.90* | 54.50 |
| August 18, 2007 | $117,829.26* | 94.00 |
| August 18, 2007 | $7,521.89* | 6.00 |
| August 18, 2007 | $25,070.06* | 20.00 |
| August 18, 2007 | $55,157.88* | 44.00 |
| August 18, 2007 | $82,731.18* | 66.00 |
| August 18, 2007 | $83,993.46* | 67.01 |
| August 18, 2007 | $108,684.96* | 86.71 |
| August 18, 2007 | $225,680.64* | 180.04 |
| August 18, 2007 | $238,165.53* | 190.00 |
| August 18, 2007 | $251,703.36* | 200.80 |
| August 18, 2007 | $296,499.79* | 236.54 |
| August 18, 2007 | $1,031,971.25* | 823.27 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| August 18, 2007 | $1,053,882.48* | 840.75 |
| August 18, 2007 | $3,964,353.03* | 3,162.62 |
| August 18, 2007 | $1,377,348.88* | 1,098.80 |
| August 18, 2007 | $106,409.85* | 84.89 |
| August 18, 2007 | $36,339.05* | 28.99 |
| August 18, 2007 | $170,664.41* | 136.15 |
| August 18, 2007 | $6,850.39* | 5.47 |
| September 19, 2007 | $12,500,000.00* | 9,941.18 |
| September 19, 2007 | $25,147.93* | 20.00 |
| September 19, 2007 | $154,081.38* | 122.54 |
| September 19, 2007 | $169,622.80* | 134.90 |
| September 19, 2007 | $583,536.39* | 464.08 |
| September 19, 2007 | $100,310.07* | 79.78 |
| September 19, 2007 | $216,211.86* | 171.95 |
| September 19, 2007 | $718,476.42* | 571.40 |
| September 19, 2007 | $293,250.04* | 233.22 |
| September 19, 2007 | $25,147.93* | 20.00 |
| September 19, 2007 | $163,796.03* | 130.27 |
| September 19, 2007 | $100,000.00* | 79.53 |
| September 19, 2007 | $10,059.17* | 8.00 |
| September 19, 2007 | $26,669.38* | 21.21 |
| September 19, 2007 | $47,781.07* | 38.00 |
| September 19, 2007 | $65,233.74* | 51.88 |
| September 19, 2007 | $127,424.57* | 101.34 |
| September 19, 2007 | $346,613.95* | 275.66 |
| September 19, 2007 | $609,887.65* | 485.04 |
| September 19, 2007 | $52,458.59* | 41.72 |
| September 19, 2007 | $369,297.38* | 293.70 |
| September 19, 2007 | $107,469.69* | 85.47 |
| September 19, 2007 | $32,302.52* | 25.69 |
| September 19, 2007 | $121,150.16* | 96.35 |
| September 19, 2007 | $254,094.70* | 202.08 |
| September 19, 2007 | $339,497.08* | 270.00 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| September 19, 2007 | $470,555.53* | 374.23 |
| September 19, 2007 | $377,218.98* | 300.00 |
| September 19, 2007 | $9,832.84* | 7.82 |
| September 19, 2007 | $129,486.70* | 102.98 |
| September 19, 2007 | $1,488,468.37* | 1,183.77 |
| September 19, 2007 | $231,099.94* | 183.79 |
| September 19, 2007 | $21,375.74* | 17.00 |
| September 19, 2007 | $354,309.21* | 281.78 |
| September 19, 2007 | $533,673.07* | 424.43 |
| September 28, 2007 | $2,255,802.03* | 1,776.87 |
| October 16, 2007 | $434,892.22* | 342.56 |
| October 16, 2007 | $466,033.93* | 367.09 |
| October 16, 2007 | $99,861.69* | 78.66 |
| October 16, 2007 | $32,233.52* | 25.39 |
| October 16, 2007 | $45,578.88* | 35.90 |
| October 16, 2007 | $101,562.87* | 80.00 |
| October 16, 2007 | $209,473.42* | 165.00 |
| October 16, 2007 | $38,289.20* | 30.16 |
| October 16, 2007 | $82,519.83* | 65.00 |
| October 16, 2007 | $82,519.83* | 65.00 |
| October 16, 2007 | $28,158.31* | 22.18 |
| October 16, 2007 | $30,000.00* | 23.63 |
| October 16, 2007 | $104,673.23* | 82.45 |
| October 16, 2007 | $500,000.00* | 393.84 |
| October 16, 2007 | $1,211,236.27* | 954.08 |
| October 16, 2007 | $3,491.22* | 2.75 |
| October 16, 2007 | $152,344.31* | 120.00 |
| October 16, 2007 | $100,000.00* | 78.77 |
| October 16, 2007 | $31,738.40* | 25.00 |
| October 16, 2007 | $119,336.37* | 94.00 |
| October 16, 2007 | $4,631,428.19* | 3,648.13 |
| October 31, 2007 | $142,805.34* | 111.97 |
| November 19, 2007 | $11,657.06* | 9.14 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| November 19, 2007 | $42,393.94* | 33.24 |
| November 19, 2007 | $153,046.72* | 120.00 |
| November 19, 2007 | $158,913.51* | 124.60 |
| November 19, 2007 | $170,889.41* | 133.99 |
| November 19, 2007 | $206,829.88* | 162.17 |
| November 19, 2007 | $124,988.15* | 98.00 |
| November 19, 2007 | $202,774.14* | 158.99 |
| November 19, 2007 | $319,689.08* | 250.66 |
| November 19, 2007 | $511,724.45* | 401.23 |
| November 19, 2007 | $527,526.52* | 413.62 |
| November 19, 2007 | $105,810.12* | 82.96 |
| November 19, 2007 | $127,538.93* | 100.00 |
| November 19, 2007 | $127,538.93* | 100.00 |
| November 19, 2007 | $5,101.56* | 4.00 |
| November 19, 2007 | $40,812.46* | 32.00 |
| November 19, 2007 | $132,512.95* | 103.90 |
| November 19, 2007 | $1,350,137.32* | 1,058.61 |
| November 19, 2007 | $409,731.57* | 321.26 |
| November 19, 2007 | $441,552.53* | 346.21 |
| November 19, 2007 | $537,716.88* | 421.61 |
| November 19, 2007 | $292,510.54* | 229.35 |
| November 19, 2007 | $109,846.09* | 86.13 |
| November 19, 2007 | $31,055.73* | 24.35 |
| November 19, 2007 | $126,972.66* | 99.56 |
| November 19, 2007 | $96,763.79* | 75.87 |
| November 19, 2007 | $81,624.92* | 64.00 |
| November 19, 2007 | $39,192.71* | 30.73 |
| November 19, 2007 | $49,230.03* | 38.60 |
| November 19, 2007 | $75,000.00* | 58.81 |
| November 19, 2007 | $1,405,989.16* | 1,102.40 |
| November 23, 2007 | $1,850,000.00* | 1,435.62 |
| November 23, 2007 | $600,000.00* | 465.60 |
| December 19, 2007 | $72,834.28* | 56.52 |

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| __Payment Date__ | __Redemption Payment__ | __No. of Shares__ |
|---|---|---|
| December 19, 2007 | $74,999.20* | 58.20 |
| December 19, 2007 | $242,059.28* | 187.84 |
| December 19, 2007 | $2,339,111.74* | 1,815.17 |
| December 19, 2007 | $100,000.00* | 77.60 |
| December 19, 2007 | $208,270.98* | 161.62 |
| December 19, 2007 | $21,035.86* | 16.32 |
| December 19, 2007 | $95,617.54* | 74.20 |
| December 19, 2007 | $2,811,774.24* | 2,181.96 |
| December 19, 2007 | $61,017.39* | 47.35 |
| December 19, 2007 | $32,216.15* | 25.00 |
| December 19, 2007 | $579,928.12* | 450.03 |
| December 19, 2007 | $758,239.37* | 588.40 |
| December 19, 2007 | $72,215.73* | 56.04 |
| December 19, 2007 | $243,657.20* | 189.08 |
| December 19, 2007 | $14,407.06* | 11.18 |
| December 19, 2007 | $3,865.94* | 3.00 |
| December 19, 2007 | $38,659.38* | 30.00 |
| December 19, 2007 | $48,578.09* | 37.70 |
| December 19, 2007 | $167,523.99* | 130.00 |
| December 19, 2007 | $53,208.20* | 41.29 |
| December 19, 2007 | $19,329.69* | 15.00 |
| December 19, 2007 | $400,000.00* | 310.40 |
| December 19, 2007 | $172,356.42* | 133.75 |
| January 17, 2008 | $37,600,000.00* | 29,110.89 |
| January 17, 2008 | $16,107.70* | 12.47 |
| January 17, 2008 | $24,321.07* | 18.83 |
| January 17, 2008 | $72,330.31* | 56.00 |
| January 17, 2008 | $1,515,088.82* | 1,173.02 |
| January 17, 2008 | $4,147,054.52* | 3,210.76 |
| January 17, 2008 | $40,000.00* | 30.97 |
| January 17, 2008 | $1,240,387.34* | 960.34 |
| January 17, 2008 | $231,360.12* | 179.13 |
| January 17, 2008 | $2,100,000.00* | 1,625.87 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| January 17, 2008 | $68,252.69* | 52.84 |
| January 17, 2008 | $55,491.56* | 42.96 |
| January 17, 2008 | $669,507.44* | 518.35 |
| January 17, 2008 | $2,114,592.41* | 1,637.17 |
| January 17, 2008 | $30,000.00* | 23.23 |
| January 17, 2008 | $311,976.13* | 241.54 |
| January 17, 2008 | $54,910.33* | 42.51 |
| January 17, 2008 | $125,299.35* | 97.01 |
| January 17, 2008 | $77,496.76* | 60.00 |
| January 17, 2008 | $308,114.21* | 238.55 |
| January 17, 2008 | $324,931.01* | 251.57 |
| January 17, 2008 | $67,099.28* | 51.95 |
| February 15, 2008 | $1,502,413.28* | 1,155.93 |
| February 15, 2008 | $113,259.41* | 87.14 |
| February 15, 2008 | $200,000.00* | 153.88 |
| February 15, 2008 | $64,987.04* | 50.00 |
| February 15, 2008 | $55,550.92* | 42.74 |
| February 15, 2008 | $129,981.88* | 100.01 |
| February 15, 2008 | $174,165.27* | 134.00 |
| February 15, 2008 | $107,540.55* | 82.74 |
| February 15, 2008 | $73,617.32* | 56.64 |
| February 15, 2008 | $129,974.08* | 100.00 |
| February 15, 2008 | $212,325.66* | 163.36 |
| February 15, 2008 | $15,596.89* | 12.00 |
| February 15, 2008 | $244,533.23* | 188.14 |
| March 18, 2008 | $90,000.21* | 69.20 |
| March 18, 2008 | $130,058.11* | 100.00 |
| March 18, 2008 | $168,137.82* | 129.28 |
| March 18, 2008 | $1,243,371.14* | 956.01 |
| March 18, 2008 | $45,520.34* | 35.00 |
| March 18, 2008 | $630,807.85* | 485.02 |
| March 18, 2008 | $36,416.27* | 28.00 |
| March 18, 2008 | $110,549.39* | 85.00 |

29

***Redemption Payments Received by Defendants from Sentry***
***From April 20, 2004 Through November 19, 2008***

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| March 18, 2008 | $39,017.43* | 30.00 |
| March 18, 2008 | $81,143.25* | 62.39 |
| March 18, 2008 | $208,092.98* | 160.00 |
| March 18, 2008 | $67,000.00* | 51.52 |
| March 18, 2008 | $111,160.67* | 85.47 |
| March 18, 2008 | $202,162.33* | 155.44 |
| March 18, 2008 | $1,040.46* | 0.80 |
| March 18, 2008 | $25,175.00* | 19.36 |
| March 18, 2008 | $818,597.45* | 629.41 |
| March 18, 2008 | $17,583.86* | 13.52 |
| March 18, 2008 | $464,300.04* | 356.99 |
| March 18, 2008 | $138,723.88* | 106.66 |
| March 18, 2008 | $376,024.01* | 289.12 |
| March 18, 2008 | $1,079,005.00* | 829.63 |
| March 18, 2008 | $45,520.34* | 35.00 |
| April 14, 2008 | $39,089.35* | 30.00 |
| April 14, 2008 | $133,477.10* | 102.44 |
| April 14, 2008 | $445,827.06* | 342.16 |
| April 14, 2008 | $5,775,882.60* | 4,432.83 |
| April 14, 2008 | $5,000,000.00* | 3,837.36 |
| April 14, 2008 | $30,000.00* | 23.02 |
| April 14, 2008 | $108,472.94* | 83.25 |
| April 14, 2008 | $142,024.63* | 109.00 |
| April 14, 2008 | $147,601.38* | 113.28 |
| April 14, 2008 | $37,903.64* | 29.09 |
| April 14, 2008 | $54,725.09* | 42.00 |
| April 14, 2008 | $214,991.42* | 165.00 |
| April 14, 2008 | $42,000,000.00* | 32,233.84 |
| April 14, 2008 | $27,573.63* | 21.16 |
| April 14, 2008 | $28,665.52* | 22.00 |
| April 14, 2008 | $71,663.81* | 55.00 |
| April 14, 2008 | $91,208.48* | 70.00 |
| April 14, 2008 | $104,244.78* | 80.01 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| April 14, 2008 | $327,412.39* | 251.28 |
| April 14, 2008 | $782,451.50* | 600.51 |
| April 14, 2008 | $200,000.00* | 153.49 |
| April 14, 2008 | $14,332.76* | 11.00 |
| April 14, 2008 | $112,222.26* | 86.13 |
| April 14, 2008 | $75,222.24* | 57.73 |
| April 14, 2008 | $43,670.62* | 33.52 |
| April 14, 2008 | $50,000.00* | 38.37 |
| April 14, 2008 | $72,211.06* | 55.42 |
| April 14, 2008 | $221,506.31* | 170.00 |
| April 14, 2008 | $188,084.92* | 144.35 |
| April 14, 2008 | $50,000.00* | 38.37 |
| April 14, 2008 | $84,198.46* | 64.62 |
| April 14, 2008 | $401,111.32* | 307.84 |
| April 14, 2008 | $109,502.30* | 84.04 |
| April 30, 2008 | $189,805.01* | 144.33 |
| April 30, 2008 | $703,247.60* | 534.77 |
| April 30, 2008 | $100,174.54* | 76.18 |
| April 30, 2008 | $114,935.31* | 87.40 |
| May 15, 2008 | $28,000,000.00* | 21,291.98 |
| May 15, 2008 | $869,287.04* | 661.03 |
| May 15, 2008 | $114,724.90* | 87.24 |
| May 15, 2008 | $131,991.50* | 100.37 |
| May 15, 2008 | $21,466.86* | 16.32 |
| May 15, 2008 | $131,504.93* | 100.00 |
| May 15, 2008 | $1,600,000.00* | 1,216.68 |
| May 15, 2008 | $394,514.79* | 300.00 |
| May 15, 2008 | $84,766.76* | 64.46 |
| May 15, 2008 | $163,614.49* | 124.42 |
| May 15, 2008 | $64,020.55* | 48.68 |
| May 15, 2008 | $70,920.61* | 53.93 |
| May 15, 2008 | $79,323.77* | 60.32 |
| May 15, 2008 | $231,448.68* | 176.00 |

**Redemption Payments Received by Defendants from Sentry**
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| May 15, 2008 | $1,771,164.94* | 1,346.84 |
| May 15, 2008 | $20,362.88* | 15.48 |
| May 15, 2008 | $19,725.74* | 15.00 |
| May 15, 2008 | $20,450.20* | 15.55 |
| May 15, 2008 | $94,056.27* | 71.52 |
| May 15, 2008 | $35,453.73* | 26.96 |
| May 15, 2008 | $47,341.77* | 36.00 |
| May 15, 2008 | $43,449.23* | 33.04 |
| May 15, 2008 | $500,000.00* | 380.21 |
| May 15, 2008 | $203,832.64* | 155.00 |
| May 15, 2008 | $2,519,924.95* | 1,916.22 |
| May 31, 2008 | $147,048.50* | 110.92 |
| June 17, 2008 | $181,252.81* | 136.72 |
| June 17, 2008 | $885,028.61* | 667.58 |
| June 17, 2008 | $40,593.63* | 30.62 |
| June 17, 2008 | $66,286.14* | 50.00 |
| June 17, 2008 | $98,898.91* | 74.60 |
| June 17, 2008 | $137,941.45* | 104.05 |
| June 17, 2008 | $103,406.37* | 78.00 |
| June 17, 2008 | $106,720.68* | 80.50 |
| June 17, 2008 | $840,997.38* | 634.37 |
| June 17, 2008 | $560,356.47* | 422.68 |
| June 17, 2008 | $57,907.57* | 43.68 |
| June 17, 2008 | $312,870.56* | 236.00 |
| June 17, 2008 | $211,876.07* | 159.82 |
| June 17, 2008 | $15,262.65* | 11.51 |
| June 17, 2008 | $52,880.69* | 39.89 |
| June 17, 2008 | $150,000.00* | 113.15 |
| June 17, 2008 | $10,367.15* | 7.82 |
| June 17, 2008 | $51,125.17* | 38.56 |
| June 17, 2008 | $33,143.07* | 25.00 |
| June 17, 2008 | $345,960.60* | 260.96 |
| June 17, 2008 | $132,572.27* | 100.00 |

**Redemption Payments Received by Defendants from Sentry**
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| June 17, 2008 | $917,241.02* | 691.88 |
| June 17, 2008 | $7,089,832.43* | 5,347.90 |
| June 17, 2008 | $245,245.44* | 184.99 |
| June 30, 2008 | $161,053.70* | 121.56 |
| June 30, 2008 | $1,960,012.51* | 1,479.33 |
| July 15, 2008 | $44,000,000.00* | 33,209.31 |
| July 15, 2008 | $1,757,512.76* | 1,326.50 |
| July 15, 2008 | $40,000.00* | 30.19 |
| July 15, 2008 | $366,515.33* | 276.63 |
| July 15, 2008 | $686,923.10* | 518.46 |
| July 15, 2008 | $998,997.07* | 754.00 |
| July 15, 2008 | $900,000.00* | 679.28 |
| July 15, 2008 | $193,731.24* | 146.22 |
| July 15, 2008 | $239,653.30* | 180.88 |
| July 15, 2008 | $49,022.40* | 37.00 |
| July 15, 2008 | $132,492.98* | 100.00 |
| July 15, 2008 | $1,059,943.84* | 800.00 |
| July 15, 2008 | $110,114.92* | 83.11 |
| July 15, 2008 | $11,907.14* | 8.99 |
| July 15, 2008 | $662,464.90* | 500.00 |
| July 15, 2008 | $1,799,917.13* | 1,358.50 |
| July 15, 2008 | $172,240.87* | 130.00 |
| July 15, 2008 | $270,285.68* | 204.00 |
| July 15, 2008 | $5,142,868.84* | 3,881.62 |
| July 15, 2008 | $113,089.38* | 85.36 |
| July 31, 2008 | $93,408.22* | 70.00 |
| July 31, 2008 | $259,514.71* | 194.48 |
| August 18, 2008 | $58,549.60* | 43.88 |
| August 18, 2008 | $66,720.16* | 50.00 |
| August 18, 2008 | $476,888.98* | 357.38 |
| August 18, 2008 | $20,000.00* | 14.99 |
| August 18, 2008 | $54,246.15* | 40.65 |
| August 18, 2008 | $186,816.43* | 140.00 |

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| August 18, 2008 | $1,006,139.94* | 754.00 |
| August 18, 2008 | $10,675.22* | 8.00 |
| August 18, 2008 | $313,880.97* | 235.22 |
| August 18, 2008 | $352,282.42* | 264.00 |
| August 18, 2008 | $691,220.81* | 518.00 |
| August 18, 2008 | $26,688.06* | 20.00 |
| August 18, 2008 | $20,016.05* | 15.00 |
| August 18, 2008 | $40,032.09* | 30.00 |
| August 18, 2008 | $20,016.05* | 15.00 |
| August 18, 2008 | $134,175.57* | 100.55 |
| August 18, 2008 | $40,032.09* | 30.00 |
| August 18, 2008 | $56,405.22* | 42.27 |
| August 18, 2008 | $266,245.31* | 199.52 |
| August 18, 2008 | $923,246.82* | 691.88 |
| August 18, 2008 | $949,264.74* | 711.38 |
| September 16, 2008 | $62,100,000.00* | 46,208.23 |
| September 16, 2008 | $396,445.93* | 294.99 |
| September 16, 2008 | $26,878.33* | 20.00 |
| September 16, 2008 | $341,216.07* | 253.90 |
| September 16, 2008 | $370,000.00* | 275.31 |
| September 16, 2008 | $2,100,000.00* | 1,562.60 |
| September 16, 2008 | $13,439.16* | 10.00 |
| September 16, 2008 | $23,209.44* | 17.27 |
| September 16, 2008 | $149,241.92* | 111.05 |
| September 16, 2008 | $161,269.97* | 120.00 |
| September 16, 2008 | $820,514.72* | 610.54 |
| September 16, 2008 | $104,289.53* | 77.60 |
| September 16, 2008 | $372,264.84* | 277.00 |
| September 16, 2008 | $109,693.55* | 81.62 |
| October 15, 2008 | $9,000,000.00* | 6,663.69 |
| October 15, 2008 | $41,500,000.00* | 30,726.99 |
| October 15, 2008 | $509,692.29* | 377.38 |
| October 15, 2008 | $1,652,466.70* | 1,223.50 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| October 15, 2008 | $3,844,817.08* | 2,846.74 |
| October 15, 2008 | $75,053.06* | 55.57 |
| October 15, 2008 | $135,060.40* | 100.00 |
| October 15, 2008 | $174,254.93* | 129.02 |
| October 15, 2008 | $33,765.10* | 25.00 |
| October 15, 2008 | $631,343.89* | 467.45 |
| October 15, 2008 | $749,989.05* | 555.30 |
| October 15, 2008 | $18,030.56* | 13.35 |
| October 15, 2008 | $821,627.79* | 608.34 |
| October 15, 2008 | $1,091,752.64* | 808.34 |
| October 15, 2008 | $22,960.27* | 17.00 |
| October 15, 2008 | $12,992.81* | 9.62 |
| October 15, 2008 | $332,022.49* | 245.83 |
| October 15, 2008 | $561,232.01* | 415.54 |
| October 15, 2008 | $2,076,923.99* | 1,537.77 |
| October 21, 2008 | $54,395.98* | 40.28 |
| October 24, 2008 | $130,000,000.00* | 96,312.12 |
| November 19, 2008 | $218,000,000.00* | 161,508.02 |
| November 19, 2008 | $38,144.73* | 28.26 |
| November 19, 2008 | $122,829.82* | 91.00 |
| November 19, 2008 | $223,963.30* | 165.93 |
| November 19, 2008 | $269,955.64* | 200.00 |
| November 19, 2008 | $677,696.64* | 502.08 |
| November 19, 2008 | $15,952,741.04* | 11,818.79 |
| November 19, 2008 | $15,000.00* | 11.11 |
| November 19, 2008 | $506,602.80* | 375.32 |
| November 19, 2008 | $508,965.73* | 377.07 |
| November 19, 2008 | $1,369,631.41* | 1,014.71 |
| November 19, 2008 | $26,995.56* | 20.00 |
| November 19, 2008 | $30,345.71* | 22.48 |
| November 19, 2008 | $55,085.80* | 40.81 |
| November 19, 2008 | $102,811.26* | 76.17 |
| November 19, 2008 | $137,231.95* | 101.67 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| November 19, 2008 | $275,428.99* | 204.06 |
| November 19, 2008 | $280,443.42* | 207.77 |
| November 19, 2008 | $292,901.87* | 217.00 |
| November 19, 2008 | $323,854.98* | 239.93 |
| November 19, 2008 | $421,526.28* | 312.29 |
| November 19, 2008 | $20,246.67* | 15.00 |
| November 19, 2008 | $345,564.82* | 256.02 |
| November 19, 2008 | $590,392.98* | 437.40 |
| November 19, 2008 | $33,744.46* | 25.00 |
| November 19, 2008 | $36,376.52* | 26.95 |
| November 19, 2008 | $62,913.16* | 46.61 |
| November 19, 2008 | $69,432.59* | 51.44 |
| November 19, 2008 | $102,583.14* | 76.00 |
| November 19, 2008 | $105,741.62* | 78.34 |
| November 19, 2008 | $108,184.72* | 80.15 |
| November 19, 2008 | $112,031.59* | 83.00 |
| November 19, 2008 | $128,363.91* | 95.10 |
| November 19, 2008 | $153,472.48* | 113.70 |
| November 19, 2008 | $192,933.25* | 142.94 |
| November 19, 2008 | $4,400,000.00* | 3,259.79 |
| November 19, 2008 | $236,061.36* | 174.89 |
| November 19, 2008 | $274,801.34* | 203.59 |
| November 19, 2008 | $436,423.79* | 323.33 |
| November 19, 2008 | $590,190.52* | 437.25 |
| November 19, 2008 | $642,912.85* | 476.31 |
| November 19, 2008 | $663,092.04* | 491.26 |
| November 19, 2008 | $40,493.35* | 30.00 |
| November 19, 2008 | $554,480.25* | 410.79 |
| November 19, 2008 | $1,191,591.62* | 882.81 |
| November 19, 2008 | $26,124.96* | 19.36 |
| November 19, 2008 | $50,936.58* | 37.74 |
| November 19, 2008 | $52,371.39* | 38.80 |
| November 19, 2008 | $100,072.56* | 74.14 |

**Redemption Payments Received by Defendants from Sentry**
**From April 20, 2004 Through November 19, 2008**

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| November 19, 2008 | $101,874.51* | 75.48 |
| November 19, 2008 | $103,591.43* | 76.75 |
| November 19, 2008 | $105,832.06* | 78.41 |
| November 19, 2008 | $183,791.20* | 136.16 |
| November 19, 2008 | $215,964.51* | 160.00 |
| November 19, 2008 | $247,056.65* | 183.04 |
| November 19, 2008 | $318,466.67* | 235.94 |
| November 19, 2008 | $47,242.24* | 35.00 |
| November 19, 2008 | $104,503.34* | 77.42 |
| November 19, 2008 | $131,913.82* | 97.73 |
| November 19, 2008 | $140,241.95* | 103.90 |
| November 19, 2008 | $141,983.17* | 105.19 |
| November 19, 2008 | $214,169.31* | 158.67 |
| November 19, 2008 | $263,841.14* | 195.47 |
| November 19, 2008 | $283,979.84* | 210.39 |
| November 19, 2008 | $587,440.48* | 435.21 |
| November 19, 2008 | $1,411,247.10* | 1,045.54 |
| November 19, 2008 | $9,448.45* | 7.00 |
| November 19, 2008 | $57,055.12* | 42.27 |
| November 19, 2008 | $116,253.02* | 86.13 |
| November 19, 2008 | $232,506.04* | 172.26 |
| November 19, 2008 | $2,307,310.86* | 1,709.40 |
| November 19, 2008 | $513,204.43* | 380.21 |
| November 19, 2008 | $1,076,808.51* | 797.77 |
| November 19, 2008 | $562,765.99* | 416.93 |
| November 19, 2008 | $76,937.36* | 57.00 |
| November 19, 2008 | $894,361.28* | 662.60 |
| November 19, 2008 | $6,522,965.12* | 4,832.62 |
| November 19, 2008 | $134,977.82* | 100.00 |
| November 19, 2008 | $67,488.91* | 50.00 |
| November 19, 2008 | $148,475.60* | 110.00 |
| November 19, 2008 | $163,572.87* | 121.19 |
| November 19, 2008 | $80,986.69* | 60.00 |

*Redemption Payments Received by Defendants from Sentry*
*From April 20, 2004 Through November 19, 2008*

| **Payment Date** | **Redemption Payment** | **No. of Shares** |
|---|---|---|
| November 19, 2008 | $286,449.93* | 212.22 |
| November 19, 2008 | $622,786.58* | 461.40 |
| November 19, 2008 | $114,704.15* | 84.98 |
| November 19, 2008 | $411,377.30* | 304.77 |
| November 19, 2008 | $2,075,654.09* | 1,537.77 |

* Denotes Redemptions in the Sentry Vulnerability Period.

**EXHIBIT B**

**Redemption Payments Received by Defendants from Sigma**
*From March 18, 2008 Through November 21, 2008*

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| April 27, 2004 | $82,395.99 | 470.00 |
| April 27, 2004 | $87,960.36 | 501.74 |
| April 27, 2004 | $104,337.87 | 595.16 |
| April 27, 2004 | $110,992.67 | 633.12 |
| April 27, 2004 | $2,964,641.17 | 16,910.79 |
| May 21, 2004 | $57,781.78 | 326.31 |
| May 21, 2004 | $84,111.27 | 475.00 |
| May 21, 2004 | $225,143.73 | 1,271.45 |
| May 21, 2004 | $302,632.35 | 1,709.05 |
| June 23, 2004 | $222,185.88 | 1,229.27 |
| August 20, 2004 | $70,522.55 | 376.39 |
| September 27, 2004 | $150,528.09 | 798.54 |
| November 23, 2004 | $18,714.45 | 92.95 |
| November 23, 2004 | $379,705.07 | 1,885.90 |
| December 22, 2004 | $48,850.45 | 235.00 |
| January 18, 2005 | $36,142.31 | 177.59 |
| March 23, 2005 | $108,080.36 | 526.18 |
| April 25, 2005 | $33,137.13 | 160.33 |
| April 25, 2005 | $217,506.67 | 1,052.38 |
| July 18, 2005 | $49,708.52 | 258.62 |
| July 14, 2005 | $97,262.09 | 503.81 |
| July 20, 2005 | $2,515,893.30 | 13,082.99 |
| August 12, 2005 | $12,685.73 | 63.72 |
| August 12, 2005 | $3,075,871.33 | 15,450.00 |
| August 12, 2005 | $72,923.04 | 366.29 |
| August 12, 2005 | $1,071,080.11 | 5,380.00 |
| September 15, 2005 | $32,688.20 | 166.62 |
| September 15, 2005 | $61,219.25 | 312.05 |
| September 15, 2005 | $153,918.17 | 784.56 |
| September 15, 2005 | $1,283,240.04 | 6,541.00 |
| September 15, 2005 | $26,008.12 | 132.57 |
| September 15, 2005 | $167,711.89 | 854.87 |
| September 15, 2005 | $252,422.21 | 1,286.66 |
| September 15, 2005 | $3,031,197.00 | 15,450.78 |
| September 15, 2005 | $1,056,082.43 | 5,383.12 |
| October 25, 2005 | $123,237.99 | 639.14 |
| November 23, 2005 | $18,426.70 | 95.58 |
| November 23, 2005 | $61,424.23 | 318.61 |
| November 23, 2005 | $1,261,027.35 | 6,541.00 |
| November 23, 2005 | $24,644.12 | 127.83 |
| November 23, 2005 | $61,609.31 | 319.57 |

*Redemption Payments Received by Defendants from Sigma*
*From March 18, 2008 Through November 21, 2008*

| | | |
|---|---|---|
| November 23, 2005 | $134,951.71 | 700.00 |
| November 23, 2005 | $378,057.58 | 1,961.00 |
| December 21, 2005 | $17,674.84 | 89.57 |
| December 21, 2005 | $2,268,714.28 | 11,497.06 |
| December 21, 2005 | $126,121.47 | 639.14 |
| December 21, 2005 | $12,917.22 | 65.46 |
| December 21, 2005 | $28,374.08 | 143.79 |
| January 27, 2006 | $45,008.90 | 223.03 |
| January 27, 2006 | $136,017.58 | 674.00 |
| January 27, 2006 | $135,256.77 | 670.23 |
| January 27, 2006 | $713,274.98 | 3,534.45 |
| January 27, 2006 | $39,352.27 | 195.00 |
| January 27, 2006 | $70,293.24 | 348.32 |
| January 27, 2006 | $382,764.37 | 1,896.69 |
| February 15, 2006 | $499,449.76 | 2,535.50 |
| February 15, 2006 | $162,380.76 | 824.34 |
| February 15, 2006 | $24,683.91 | 125.31 |
| February 15, 2006 | $196,982.75 | 1,000.00 |
| March 24, 2006 | $3,590.18 | 18.00 |
| March 24, 2006 | $154,084.69 | 772.53 |
| March 24, 2006 | $600,278.68 | 3,009.60 |
| March 24, 2006 | $5,185.82 | 26.00 |
| March 24, 2006 | $133,122.01 | 667.43 |
| March 24, 2006 | $725,017.62 | 3,635.00 |
| March 24, 2006 | $10,413,433.01 | 52,209.53 |
| April 21, 2006 | $20,653.19 | 100.00 |
| April 21, 2006 | $26,103.56 | 126.39 |
| April 21, 2006 | $64,632.07 | 312.94 |
| April 21, 2006 | $104,408.05 | 505.53 |
| April 21, 2006 | $71,588.07 | 346.62 |
| April 21, 2006 | $128,039.43 | 619.95 |
| May 24, 2006 | $105,069.03 | 485.23 |
| May 24, 2006 | $1,100,575.53 | 5,082.68 |
| May 24, 2006 | $39,963.60 | 184.56 |
| May 24, 2006 | $3,359,355.06 | 15,514.18 |
| May 24, 2006 | $19,488.10 | 90.00 |
| May 24, 2006 | $216,534.49 | 1,000.00 |
| May 24, 2006 | $443,776.61 | 2,049.45 |
| May 24, 2006 | $5,600,030.16 | 25,862.07 |
| June 20, 2006 | $192,103.54 | 901.44 |
| June 20, 2006 | $368,187.78 | 1,727.71 |
| June 20, 2006 | $467,154.86 | 2,192.11 |
| June 20, 2006 | $102,155.16 | 479.36 |
| June 20, 2006 | $136,205.47 | 639.14 |

## Redemption Payments Received by Defendants from Sigma
### From March 18, 2008 Through November 21, 2008

| | | |
|---|---|---|
| June 20, 2006 | $18,114.13 | 85.00 |
| June 20, 2006 | $30,687.47 | 144.00 |
| June 20, 2006 | $72,857.16 | 341.88 |
| July 24, 2006 | $25,858.70 | 120.00 |
| July 24, 2006 | $35,555.72 | 165.00 |
| July 24, 2006 | $11,966,647.97 | 55,532.47 |
| August 14, 2006 | $117,066.37 | 537.66 |
| August 14, 2006 | $156,876.69 | 720.50 |
| August 14, 2006 | $123,500.39 | 567.21 |
| August 14, 2006 | $1,651,056.94 | 7,582.94 |
| August 21, 2006 | $371,205.60 | 1,690.78 |
| September 18, 2006 | $198,969.79 | 913.24 |
| September 18, 2006 | $303,955.96 | 1,395.11 |
| October 17, 2006 | $68,356.89 | 316.12 |
| October 17, 2006 | $50,167.02 | 232.00 |
| October 17, 2006 | $73,892.56 | 341.72 |
| October 17, 2006 | $5,624.33 | 26.01 |
| November 17, 2006 | $39,965.20 | 180.00 |
| November 17, 2006 | $184,992.25 | 833.19 |
| November 17, 2006 | $1,523,846.44 | 6,863.28 |
| November 17, 2006 | $149,221.18 | 672.08 |
| November 17, 2006 | $629,316.47 | 2,834.39 |
| November 17, 2006 | $195,185.59 | 879.10 |
| November 17, 2006 | $838,745.22 | 3,777.64 |
| December 18, 2006 | $47,184.30 | 206.86 |
| December 18, 2006 | $46,203.48 | 202.56 |
| January 19, 2007 | $93,616.47 | 412.00 |
| January 19, 2007 | $57,433.25 | 252.76 |
| January 19, 2007 | $265,852.61 | 1,170.00 |
| January 19, 2007 | $13,633.47 | 60.00 |
| January 19, 2007 | $1,571,257.09 | 6,915.00 |
| February 15, 2007 | $195,223.78 | 850.00 |
| March 15, 2007 | $19,873.45 | 85.89 |
| March 15, 2007 | $173,789.16 | 751.09 |
| March 15, 2007 | $46,276.52 | 200.00 |
| March 15, 2007 | $268,683.80 | 1,161.21 |
| April 17, 2007 | $75,479.08 | 313.13 |
| April 17, 2007 | $122,741.19 | 509.20 |
| April 17, 2007 | $451,775.29 | 1,874.22 |
| April 17, 2007 | $142,049.05 | 589.30 |
| April 17, 2007 | $747,246.01 | 3,100.00 |
| April 17, 2007 | $121,441.94 | 503.81 |
| April 17, 2007 | $304,640.14 | 1,263.82 |
| April 17, 2007 | $143,181.98 | 594.00 |

*Redemption Payments Received by Defendants from Sigma*
*From March 18, 2008 Through November 21, 2008*

| | | |
|---|---|---|
| April 17, 2007 | $120,523.55 | 500.00 |
| April 17, 2007 | $94,008.37 | 390.00 |
| May 16, 2007 | $253,705.15* | 1,044.14 |
| May 16, 2007 | $276,374.92* | 1,137.44 |
| May 16, 2007 | $485.96* | 2.00 |
| May 16, 2007 | $110,798.77* | 456.00 |
| May 16, 2007 | $334,682.77* | 1,377.41 |
| May 16, 2007 | $10,205.15* | 42.00 |
| June 19, 2007 | $120,921.73* | 500.00 |
| June 19, 2007 | $60,460.87* | 250.00 |
| June 19, 2007 | $271,585.38* | 1,122.98 |
| June 19, 2007 | $116,084.86* | 480.00 |
| June 19, 2007 | $120,921.73* | 500.00 |
| June 19, 2007 | $248,058.60* | 1,025.70 |
| June 19, 2007 | $399,105.33* | 1,650.26 |
| June 19, 2007 | $48,397.71* | 200.12 |
| June 19, 2007 | $152,900.69* | 632.23 |
| June 19, 2007 | $15,282.09* | 63.19 |
| June 19, 2007 | $62,879.30* | 260.00 |
| July 19, 2007 | $998,721.85* | 4,002.17 |
| July 19, 2007 | $204,864.29* | 820.95 |
| July 19, 2007 | $31,899.38* | 127.83 |
| July 19, 2007 | $142,198.45* | 569.83 |
| August 17, 2007 | $69,434.33* | 286.00 |
| August 17, 2007 | $315,610.61* | 1,300.00 |
| August 17, 2007 | $29,133.28* | 120.00 |
| August 17, 2007 | $106,453.03* | 438.48 |
| August 17, 2007 | $576,237.01* | 2,373.52 |
| August 17, 2007 | $273,066.15* | 1,124.76 |
| August 17, 2007 | $34,544.79* | 142.29 |
| September 20, 2007 | $75,495.32* | 298.06 |
| September 20, 2007 | $298,890.64* | 1,180.04 |
| September 20, 2007 | $432,478.35* | 1,707.46 |
| September 20, 2007 | $499,856.55* | 1,973.47 |
| September 20, 2007 | $18,517.74* | 73.11 |
| September 20, 2007 | $163,695.06* | 646.28 |
| September 20, 2007 | $902,767.06* | 3,564.19 |
| September 20, 2007 | $154,505.77* | 610.00 |
| September 20, 2007 | $111,760.86* | 441.24 |
| September 20, 2007 | $87,663.03* | 346.10 |
| September 20, 2007 | $427,332.36* | 1,687.14 |
| October 19, 2007 | $30,438.75* | 116.88 |
| October 19, 2007 | $95,923.07* | 368.32 |
| October 19, 2007 | $71,966.78* | 276.33 |

**Redemption Payments Received by Defendants from Sigma**
**From March 18, 2008 Through November 21, 2008**

| | | |
|---|---|---|
| October 19, 2007 | $82,328.41* | 316.12 |
| October 19, 2007 | $15,626.04* | 60.00 |
| November 20, 2007 | $45,965.99* | 170.95 |
| November 20, 2007 | $155,219.56* | 577.27 |
| November 20, 2007 | $46,455.36* | 172.77 |
| November 20, 2007 | $314,337.94* | 1,169.04 |
| November 20, 2007 | $151,215.58* | 562.38 |
| November 20, 2007 | $169,908.77* | 631.90 |
| November 20, 2007 | $302,431.43* | 1,124.76 |
| November 20, 2007 | $1,049,393.03* | 3,902.75 |
| December 18, 2007 | $25,270.21* | 94.79 |
| December 18, 2007 | $84,233.68* | 315.95 |
| December 18, 2007 | $7,998.08* | 30.00 |
| December 18, 2007 | $85,200.91* | 319.58 |
| December 18, 2007 | $79,679.57* | 298.87 |
| January 22, 2008 | $25,518.55* | 94.79 |
| January 22, 2008 | $34,024.92* | 126.38 |
| January 22, 2008 | $314,730.59* | 1,169.03 |
| January 22, 2008 | $315,499.48* | 1,171.89 |
| January 22, 2008 | $33,588.08* | 124.76 |
| January 22, 2008 | $1,735,603.86* | 6,446.72 |
| January 22, 2008 | $163,910.90* | 608.83 |
| January 22, 2008 | $340,701.43* | 1,265.50 |
| February 15, 2008 | $34,375.92* | 126.38 |
| February 15, 2008 | $244,800.14* | 900.00 |
| February 15, 2008 | $164,361.53* | 604.27 |
| February 15, 2008 | $195,750.36* | 719.67 |
| March 18, 2008 | $18,597.26* | 63.19 |
| March 18, 2008 | $1,227,094.98* | 4,169.50 |
| March 18, 2008 | $182,323.32* | 619.51 |
| March 18, 2008 | $94,050.24* | 319.57 |
| March 18, 2008 | $93,034.89* | 316.12 |
| March 18, 2008 | $317,967.02* | 1,080.41 |
| March 18, 2008 | $803,910.71* | 2,731.58 |
| March 18, 2008 | $1,975,567.06* | 6,712.71 |
| April 18, 2008 | $28,751.74* | 96.50 |
| April 18, 2008 | $28,751.74* | 96.50 |
| April 18, 2008 | $668,375.48* | 2,243.28 |
| April 18, 2008 | $1,612,647.63* | 5,412.56 |
| April 18, 2008 | $2,488,294.27* | 8,351.51 |
| April 18, 2008 | $74,486.38* | 250.00 |
| April 18, 2008 | $1,390,809.61* | 4,668.00 |
| April 18, 2008 | $62,568.56* | 210.00 |
| April 18, 2008 | $3,045,181.83* | 10,220.60 |

**Redemption Payments Received by Defendants from Sigma**
**From March 18, 2008 Through November 21, 2008**

| | | |
|---|---|---|
| April 18, 2008 | $8,938.36* | 30.00 |
| May 20, 2008 | $59,320.08* | 201.70 |
| May 20, 2008 | $1,114,964.70* | 3,791.10 |
| May 20, 2008 | $142,509.38* | 484.56 |
| May 20, 2008 | $619,941.23* | 2,107.92 |
| May 20, 2008 | $682,916.98* | 2,322.05 |
| May 20, 2008 | $1,813,412.41* | 6,165.96 |
| May 20, 2008 | $55,779.11* | 189.66 |
| May 20, 2008 | $29,410.06* | 100.00 |
| May 20, 2008 | $10,293.52* | 35.00 |
| May 20, 2008 | $65,813.83* | 223.78 |
| May 20, 2008 | $294,100.58* | 1,000.00 |
| May 20, 2008 | $2,978,618.33* | 10,127.89 |
| May 20, 2008 | $291,362.50* | 990.69 |
| May 20, 2008 | $546,888.85* | 1,859.53 |
| June 18, 2008 | $1,044,002.75* | 3,531.79 |
| July 21, 2008 | $60,308.40* | 199.44 |
| July 21, 2008 | $205,155.57* | 678.45 |
| July 21, 2008 | $258,466.69* | 854.75 |
| July 21, 2008 | $1,777,497.82* | 5,878.19 |
| July 21, 2008 | $77,544.54* | 256.44 |
| July 21, 2008 | $9,071.66* | 30.00 |
| July 21, 2008 | $19,395.21* | 64.14 |
| August 15, 2008 | $49,907.12* | 174.26 |
| August 15, 2008 | $99,436.50* | 347.20 |
| August 15, 2008 | $669,434.54* | 2,337.46 |
| August 15, 2008 | $60,142.87* | 210.00 |
| August 15, 2008 | $276,242.50* | 964.55 |
| August 15, 2008 | $177,564.66* | 620.00 |
| August 15, 2008 | $90,535.07* | 316.12 |
| August 15, 2008 | $328,586.27* | 1,147.32 |
| August 15, 2008 | $90,535.07* | 316.12 |
| August 31, 2008 | $123,504.61* | 433.45 |
| August 31, 2008 | $141,794.52* | 497.64 |
| September 19, 2008 | $1,051,752.45* | 3,768.49 |
| September 19, 2008 | $158,844.77* | 569.15 |
| September 19, 2008 | $54,343.25* | 194.72 |
| September 19, 2008 | $878,500.99* | 3,147.72 |
| October 20, 2008 | $40,992.11* | 156.00 |
| October 20, 2008 | $3,322,625.77* | 12,644.62 |
| October 20, 2008 | $398,481.65* | 1,516.47 |
| November 21, 2008 | $64,838.15* | 265.96 |
| November 21, 2008 | $91,936.36* | 377.11 |
| November 21, 2008 | $774,494.86* | 3,176.87 |

*Redemption Payments Received by Defendants from Sigma*
*From March 18, 2008 Through November 21, 2008*

| | | |
|---|---|---|
| November 21, 2008 | $30,810.42* | 126.38 |
| November 21, 2008 | $70,116.98* | 287.61 |
| November 21, 2008 | $76,406.81* | 313.41 |
| November 21, 2008 | $99,588.98* | 408.50 |
| November 21, 2008 | $129,209.70* | 530.00 |
| November 21, 2008 | $465,642.49* | 1,910.00 |
| November 21, 2008 | $35,349.83* | 145.00 |
| November 21, 2008 | $9,629.78* | 39.50 |
| November 21, 2008 | $89,979.44* | 369.08 |
| November 21, 2008 | $98,211.07* | 402.85 |
| November 21, 2008 | $105,652.08* | 433.37 |
| November 21, 2008 | $133,658.89* | 548.25 |
| November 21, 2008 | $287,859.70* | 1,180.76 |
| November 21, 2008 | $695,106.11* | 2,851.23 |
| November 21, 2008 | $878,156.87* | 3,602.08 |
| November 21, 2008 | $77,067.49* | 316.12 |
| November 21, 2008 | $93,055.73* | 381.70 |
| November 21, 2008 | $26,751.29* | 109.73 |
| November 21, 2008 | $444,920.18* | 1,825.00 |
| November 21, 2008 | $195,277.30* | 801.00 |
| November 21, 2008 | $207,869.14* | 852.65 |
| November 21, 2008 | $508,559.56* | 2,086.04 |
| November 21, 2008 | $387,960.64* | 1,591.36 |
| November 21, 2008 | $26,133.27* | 107.20 |
| November 21, 2008 | $64,516.35* | 264.64 |
| November 21, 2008 | $145,787.55* | 598.00 |
| November 21, 2008 | $195,033.50* | 800.00 |

* Denotes Redemptions in the Sigma Vulnerability Period. All $USD amounts are based on the exchange rate as of the date of the Redemption Period. However, upon application of a different exchange rate, as may be required by applicable law, the amount of damages may be different.

**EXHIBIT C**

### Redemption Payments Received by Defendants from Lambda
### From September 24, 2004 Through November 24, 2008

| Payment Date | Redemption Payment | No. of Shares |
|---|---|---|
| September 24, 2004 | $56,993.13 | 400.00 |
| November 15, 2004 | $17,893.75 | 116.33 |
| December 22, 2004 | $36,759.03 | 233.95 |
| December 22, 2004 | $92,052.32 | 585.86 |
| February 24, 2005 | $19,537.64 | 125.00 |
| March 14, 2005 | $20,762.79 | 131.08 |
| October 25, 2005 | $167,217.21 | 1,163.28 |
| November 22, 2005 | $117,221.79 | 825.64 |
| December 27, 2005 | $74,049.17 | 516.12 |
| March 22, 2006 | $42,335.45 | 290.28 |
| September 15, 2006 | $20,507.55 | 131.70 |
| January 19, 2007 | $80,197.31 | 507.32 |
| January 19, 2007 | $23,712.05 | 150.00 |
| August 16, 2007 | $72,341.09* | 436.54 |
| September 24, 2007 | $418,024.21* | 2,434.38 |
| November 22, 2007 | $60,718.40* | 330.70 |
| January 21, 2008 | $113,286.24* | 608.74 |
| June 18, 2008 | $84,550.56* | 422.83 |
| June 18, 2008 | $68,997.40* | 345.05 |
| June 30, 2008 | $0.21* | 0.00 |
| August 14, 2008 | $51,686.58* | 268.00 |
| August 14, 2008 | $103,575.66* | 537.05 |
| November 24, 2008 | $121,700.14* | 705.38 |

* Denotes Redemptions in the Lambda Vulnerability Period. All $USD amounts are based on the exchange rate as of the date of the Redemption Period. However, upon application of a different exchange rate, as may be required by applicable law, the amount of damages may be different.