# Exhibit 6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>　　　　Debtor in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>　　　　Defendants. | Adv. Pro. No. 10-03635 (CGM) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO BNP SUISSE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of Federal Rules of Bankruptcy Procedure, Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and Rules 7026-1 and 7034-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, Plaintiffs Fairfield Sentry Limited (In Liquidation) ("Sentry"), Fairfield Sigma Limited (In Liquidation) ("Sigma"), and Fairfield Lambda Limited ("Lambda," and together with Sentry and Sigma, the "Funds"), acting by and through the Foreign Representatives thereof, and Kenneth Krys and Greig Mitchell, solely in their capacities as Foreign Representatives and Liquidators thereof (together, "Plaintiffs"), respond and object (the "Responses and Objections") to the First Set of Requests for Production of Documents (each "Request" and together the "Requests") of BNP Paribas (Suisse) SA, BNP Paribas (Suisse) SA Ex Fortis, BNP Paribas (Suisse) SA Private ("Defendants") ("BNP Suisse" or "Defendants"), served on December 13, 2022.  If Plaintiffs learn that in some

material respect their responses are incomplete or incorrect, Plaintiffs will supplement or correct them if the additional or corrective information has not otherwise been made known to BNP Suisse during the discovery process or in writing. *See* Fed. R. Civ. P. 26(e)(1).

## RESERVATION OF RIGHTS

1. Each of the General Objections set forth herein is incorporated into each of the Specific Responses and Objections to the Requests set forth below and have the same force and effect as if fully set forth therein.

2. Any objection or lack of an objection to any portion of any Requests should not be deemed an admission that Plaintiffs have Documents or Communications sought in a particular request. Without waiving any of these General Objections to the extent they apply to each of the Requests, Plaintiffs may specifically refer to certain General Objections in responding to certain Requests.

3. Nothing in Plaintiffs' Responses and Objections herein shall be construed as a waiver of Plaintiffs' rights to (i) object on the grounds of competency, relevance, materiality, hearsay or any other proper grounds to the use of any information provided in these responses, in whole or in part, in any subsequent stage or proceeding in this or any other action; (ii) object on any and all grounds, at any time, during any discovery procedure relating to the subject matter of these Documents or Communications; or (iii) assert the attorney-client privilege, the work product doctrine, or any other privilege or right.

## GENERAL OBJECTIONS

1. Plaintiffs object to the Requests as untimely because they were served sixteen months after discovery opened on August 5, 2021, *see* Order Lifting the Stay of the Redeemer Actions, *Fairfield Sentry Ltd. (In Liquidation) v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-03635, ECF 616; and four months after the parties negotiated, and the court ordered, an August

15, 2022 deadline to complete all jurisdictional document productions. *See* Second Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery at ¶ 1, ECF 916, 917 ("Second Amended Scheduling Order").

2. Plaintiffs object to the Requests, including the Definitions and Instructions, to the extent they purport to impose requirements that are inconsistent with, or beyond, those contemplated by law, including, but not limited to the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the United Sates District Courts for the Southern and Eastern Districts of New York, the Local Rules of the Bankruptcy Court for the Southern District of New York, or relevant caselaw. Without limiting the generality of the foregoing, Plaintiffs specifically object to the Instructions to the extent that they require Plaintiffs to produce Documents or Communications that Plaintiffs received from third parties in a different format, or with additional or different metadata, than the format or metadata Plaintiffs received from third parties.

3. Plaintiffs object to the Requests to the extent that they seek information that is not relevant to any claims or defenses asserted in this action, or to the extent they are overly broad.

4. Plaintiffs object to the Requests to the extent that they are unduly burdensome, including because the Requests purport to require Plaintiffs to produce documents on an accelerated schedule[1] which is inconsistent with Defendants' own discovery practices. The Requests are also unduly burdensome because many of the documents at issue were produced to Plaintiffs without all metadata, and in non-native format (specifically, PDF versions of scans or copies of the original documents, emails, and spreadsheets), preventing the Liquidators from easily identifying and

---

[1] December 21, 2022 Email from A. Francis to T. Russo, J. Margolin, *et al.*, ("[W]e expect that the Liquidators will produce those documents immediately following service of their responses and objections . . . . If we are unable to secure the prompt production of this limited, already-identified set of documents, we will have no choice but to raise the issue to Judge Morris.").

3

reviewing documents that might be responsive to the Requests. Furthermore, BNP Suisse has refused to provide Liquidators with lists of custodians due to purported confidentiality concerns, and the communications at issue share common domain names.

5.    Plaintiffs object to the Requests to the extent that they seek information that is public, already in BNP Suisse's possession, available from sources to which BNP Suisse has access, or more readily available from third parties, including but not limited to third-party providers—including but not limited to Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Fairfield Greenwich Group, Fairfield Greenwich (Bermuda) Ltd., and PricewaterhouseCoopers—to whom the Funds delegated responsibility for banking, accounting, or management.

6.    Plaintiffs object to the Requests to the extent that they seek information not within their possession, custody, or control. Plaintiffs' Responses and Objections shall not be construed as representations regarding the existence or nonexistence of specific information in their possession, custody, or control.

7.    Plaintiffs object to the Requests to the extent that the Requests are cumulative or duplicative.

8.    Plaintiffs object to the Requests to the extent they are vague or ambiguous.

9.    Plaintiffs object to the Requests to the extent that they are argumentative, assume facts, imply facts, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.

10.   Plaintiffs' Responses and Objections are not, and shall not be construed as, an agreement with BNP Suisse's characterization of any facts or circumstances.

11.   Plaintiffs object to the Requests to the extent that Plaintiffs are required to draw a legal conclusion in order to respond.

12. Plaintiffs object to the Requests to the extent they seek information that is subject to any privilege, immunity, protection against disclosure, or obligation of confidentiality including, without limitation, the attorney-client privilege, the work product doctrine, the joint-defense and/or common interest doctrine(s), or any other applicable privilege or immunity, or is otherwise protected from disclosure under the Applicable Rules (together, "Privileged Information").

13. Plaintiffs object to the Requests to the extent they call for the production of Documents or Communications in contravention of, or otherwise subject to, a confidentiality agreement with third parties.

14. Plaintiffs object to the Requests to the extent they call for the production of Documents or Communications in a manner inconsistent with the Stipulation and Confidentiality Agreement and Protective Order (Dkt. 849) and to the extent production of Documents or Communications is precluded by other confidentiality agreements or similar protections agreed to with third parties.

15. Plaintiffs object to the definition of "Plaintiffs," "You," and "Your" to the extent it is broader than the definition of "plaintiff" imposed by Local Civil Rule 26.3(c)(5).

16. Plaintiffs object to Instruction 1 on the ground that it calls for a "complete search" of all the files of Plaintiffs and is not limited to Documents and Communications available to Plaintiffs following a reasonable inquiry into the information sought.

17. Plaintiffs object to Instruction 9 to the extent that it is more burdensome than Federal Rule of Civil Procedure 26 requires because the Rule does not require a description of Documents responsive to a particular Request that have been lost, destroyed, or otherwise disposed of.

18. Plaintiffs object to Instruction 12 to the extent that it is more burdensome than Federal Rule of Civil Procedure 26 requires because it purports to require Plaintiffs to identify, prior

to a reasonable inquiry, instances where there are no Documents or Communications responsive to a Request.

19. Plaintiffs reserve the right to supplement and amend these Responses and Objections if, and when, it becomes necessary. Plaintiffs also reserve the right to raise and rely upon such other and further objections as becomes apparent over the course of discovery.

20. Plaintiffs are willing to meet and confer regarding any of the Requests and any of Plaintiffs' Responses and Objections below.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request for Production No. 1:**

Documents sufficient to show the alleged date of, amount of, currency of, number of shares of, and/or bank account (including name, address, and account number) to which payment was made for each subscription payment and redemption payment allegedly made or received by Defendants to or from any Fund.

**Response to Request for Production No. 1:**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. The deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1.

Plaintiffs will not produce documents responsive to this request. Defendants may renew this request after the Court issues its ruling on Defendants' pending motion to dismiss. Plaintiffs reserve the right to raise all objections if Defendants re-assert this Request.

**Request for Production No. 2:**

Documents sufficient to show the deposit or withdrawal of funds from BLMIS in connection with any subscriptions or redemptions of shares of the Funds made by the Defendants.

6

**Response to Request for Production No. 2:**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. The deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1.

Plaintiffs will not produce documents responsive to this request. Defendants may renew this request after the Court issues its ruling on Defendants' pending motion to dismiss. Plaintiffs reserve the right to raise all objections if Defendants re-assert this Request.

**Request for Production No. 3:**

All Documents and Communications concerning the subscription for or the redemption of Fund shares by Defendants, including all contracts, agreements, or understandings concerning the same.

**Response to Request for Production No. 3:**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. The deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1. Request No. 3 is also overbroad because it requires, e.g., the production of "all contracts, agreements or understandings" concerning the subscription for or the redemption of Fund shares by BNP Suisse, without narrowing to the issues in dispute.

Plaintiffs will not produce documents responsive to this request. Defendants may renew this request after the Court issues its ruling on Defendants' pending motion to dismiss. Plaintiffs reserve the right to raise all objections if Defendants re-assert this Request.

**Request for Production No. 4:**

Documents sufficient to show a complete record of each alleged redemption payment received by Defendants from any Fund.

7

**Response to Request for Production No. 4:**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. The deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1.

Plaintiffs will not produce documents responsive to this request. Defendants may renew this request after the Court issues its ruling on Defendants' pending motion to dismiss. Plaintiffs reserve the right to raise all objections if Defendants re-assert this Request.

**Request for Production No. 5:**

Documents sufficient to show all sources of moneys used in each alleged redemption payment received by the Defendants from any Fund, including, for example, corresponding withdrawals made from accounts at BLMIS maintained by any Fund, corresponding redemptions of shares in any Fund, or corresponding foreign exchange transactions.

**Response to Request for Production No. 5:**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. The deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1. Request No. 5 is also overbroad because it requires production of Documents sufficient to show all sources of moneys used in each alleged redemption payment received by the Defendants from any Fund, including "foreign exchange transactions," without narrowing to the issues in dispute. This Request is, further, irrelevant to the extent it seeks Documents concerning the fact of the Funds' investment in BLMIS, which is uncontested and not at issue.

Plaintiffs will not produce documents responsive to this request. Defendants may renew this request after the Court issues its ruling on Defendants' pending motion to dismiss. Plaintiffs reserve the right to raise all objections if Defendants re-assert this Request.

**Request for Production No. 6:**

All Documents concerning Defendants that Plaintiff intends to rely upon for any purpose, or introduce as evidence, at any hearing or trial in this Action in connection with (i) Defendants' pending motion to dismiss the Action for lack of personal jurisdiction and/or (ii) any request for sanctions based on a claim of spoliation. This Request is made without limitation as to time period.

**Response to Request for Production No. 6:**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. With respect to Request 6(i), the deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1. With respect to Request 6(ii), Defendants did not request any documents at any point during the parties' negotiations over a schedule for Plaintiffs' motion for sanctions under Rule 37.

Plaintiffs will not produce documents responsive to Request 6(i). Request 6(i) is premature because Plaintiffs will attach documents that they intend to rely on in opposing Defendants' Motion to Dismiss to their Opposition to that motion, and Plaintiffs have not yet determined what documents they will rely upon.

Plaintiffs will not produce documents responsive to Request 6(ii). Request 6(ii) is premature because the documents Plaintiffs will rely upon when making their request for sanctions based on Defendants' spoliation will be attached to Plaintiffs' motion, and Plaintiffs have not yet determined what documents they will rely upon.

Plaintiffs further expressly reserve the right to produce documents responsive to Request 6 as they make decisions regarding the documents on which they will rely for any purpose.

**Request for Production No. 7:**

All Communications concerning Defendants or this Action and otherwise related to these Administratively Consolidated Bankruptcy Proceedings.

9

**Response to Request for Production No. 7**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. The deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1.

Request No. 7 is facially overbroad because it seeks "all" Communications concerning BNP Suisse, concerning this Action, and concerning the U.S. Redeemer Actions, without narrowing to the issues in dispute. This Request is further irrelevant, as it seeks Communications concerning other the U.S. Redeemer Actions, which Defendants have sought to have deconsolidated from this Action, and communications concerning this Action and the U.S. Redeemer Actions, which post-date the relevant time period. Plaintiffs further object to this Request to the extent it seeks privileged communications.

Plaintiffs will not produce documents responsive to this request. Defendants may renew this request after the Court issues its ruling on Defendant's pending motion to dismiss. Plaintiffs reserve the right to raise all objections if Defendants re-assert this Request.

**Request for Production No. 8:**

All Documents and Communications concerning Defendants that were received by Plaintiff in response to formal or informal discovery requests (i) from third parties to this Action or these Administratively Consolidated Bankruptcy Proceedings, or (ii) that otherwise relate to BLMIS or the Funds.

**Response to Request for Production No. 8:**

Plaintiffs incorporate herein the foregoing General Objections. Plaintiffs further object to the request as untimely. The deadline to complete all jurisdictional document productions was August 15, 2022. *See* Second Amended Scheduling Order at ¶ 1.

10

Plaintiffs object to the Request on the basis that it seeks to circumvent or simply ignores this Court's orders to deconsolidate the U.S. Redeemer Actions. *See* Order Vacating Consolidation Order*, Fairfield Sentry Limited (In Liquidation) v. Theodoor GGC Amsterdam*, Adv. Pro. No. 10-3496, Dkt.4298. In the case of individual actions, as here, Rule 45 of the Federal Rules of Civil Procedure provides for the proper procedure for a party seeking documents from non-parties. *See* Fed. R. Civ. P. 45; *Hake v. Citibank, N.A.*, 2020 WL 1467132, at *4 (S.D.N.Y. Mar. 26, 2020).

Plaintiffs further object to the Request on the basis that it is facially overbroad, unduly burdensome, and not limited to documents that are relevant to any party's claim or defense or proportional to the needs of the case. It requires Plaintiffs to review every production received in this Action and the U.S. Redeemer Actions for materials concerning Defendants and seek permission from third parties or non-parties to produce documents responsive to the Request. That burden should not be placed on Plaintiffs. Unbridled "piggyback" or "cloned" discovery requests such as this are prohibited under the Federal Rules, and the mere fact that documents have been produced to Plaintiffs does not necessarily make them discoverable in this action. *Racing Optics v. Aevoe Corp.*, 2016 WL 4059358, at *1 (D. Nev. July 28, 2016) (citing *Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009)); *see also King Cnty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011). Plaintiffs will not produce documents responsive to this request.

Dated:  January 12, 2023            SELENDY GAY ELSBERG PLLC
        New York, NY

                                         By:  */s/ Joshua S. Margolin*

11

SELENDY GAY ELSBERG

David Elsberg
Lena Konanova
Joshua S. Margolin
Ronald Krock
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
delsberg@selendygay.com
lkonanova@selendygay.com
jmargolin@selendygay.com
rkrock@selendygay.com

*Attorneys for Plaintiffs Foreign Representatives*

## **CERTIFICATE OF SERVICE**

I, Joshua S. Margolin, hereby certify that on the 12th day of January, 2023, I caused to be served the foregoing Responses and Objections upon counsel for BNP Suisse by e-mail:

>Ari D. MacKinnon
>Lisa M. Schweitzer
>Thomas S. Kessler
>CLEARY GOTTLIEB STEEN & HAMILTON LLP
>One Liberty Plaza
>New York, NY 10006
>T: 212-225-2000
>F: 212-225-3999
>amackinnon@cgsh.com
>lschweitzer@cgsh.com
>tkessler@cgsh.com
>
>*Attorneys for Defendants BNP Suisse*

Dated:  January 12, 2023
        New York, NY

                                                       */s/ Joshua S. Margolin*
                                                        Joshua Margolin