March 10, 2023

**Via ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
355 Main Street
Poughkeepsie, New York 12601-3315

Re:   *In re Fairfield Sentry Ltd. (In Liquidation)*, **Case Nos. 10-3626, 10-3627, 10-3635, 10-3636, 11-1579, 11-1617**

Dear Judge Morris:

The Fairfield Liquidators and defendants BGL BNP Paribas S.A. (*f/k/a* BNP Paribas Luxembourg SA), BNP Paribas Securities Services Luxembourg, BNP Paribas (Suisse) SA (*f/k/a* BNP Paribas (Suisse) SA Ex Fortis and BNP Paribas (Suisse) SA Private), BNP Paribas Fortis (*f/k/a* Fortis Bank SA/NV), and BNP Paribas Securities Nominees Ltd. (*a/k/a* Harrier Holdings Ltd.) (collectively, the "BNPP Defendants") write jointly to seek resolution of a scheduling dispute.

As Your Honor knows, the Liquidators have filed motions for sanctions against these BNPP Defendants (the "37(e) Motions"), which are scheduled for hearing at the March 15, 2023 omnibus conference. The BNPP Defendants have also filed Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction (the "12(b)(2) Motions"), the Liquidators' responses to which are currently due no later than March 31, 2023. The parties are in disagreement concerning an appropriate extension to that deadline and briefly state their respective positions below.[1]

**Liquidators' Position**:

The Liquidators submit that the deadline to respond to the 12(b)(2) Motions should be extended to accommodate the Court's ruling on the pending 37(e) Motions.

The Liquidators' 37(e) Motions seek certain relief, including a preclusion order and an adverse inference, to remedy the prejudice they face in responding to the BNPP Defendants' 12(b)(2) Motions. In their 12(b)(2) Motions, the BNPP Defendants argue that the Liquidators have insufficiently demonstrated their connections to the United States. As detailed in the Liquidators' 37(e) Motions, the Liquidators believe that they have plausibly suggested that spoliated ESI demonstrates those connections. Moreover, Fed. R. Civ. P. 37(e) vests significant discretion in the Court to craft relief as it sees fit. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. Thus, if granted, either the Liquidators' requested relief, or such relief as the Court sees fit, will bear directly on the arguments to which the Liquidators must address their responses to the 12(b)(2) Motions.

---

[1] The parties are independently discussing an interim, consensual extension until April 21, 2023, to allow time for the Court to resolve the dispute. Should that extension become necessary, the Liquidators will separately file notices of presentment and proposed orders seeking such relief.

In order to spare the parties and the Court uncertainty and seriatim motions, the Liquidators believe that their responses to the 12(b)(2) Motions should therefore be filed after the Court has had a chance to rule on the pending 37(e) Motions.

The Liquidators have sought consent from the BNPP Defendants to extend the Liquidators deadline to respond to the 12(b)(2) Motions until 21 days after the Court gives its final ruling on the 37(e) Motions. The BNPP Defendants have refused consent to any extension tied to a ruling on the 37(e) Motions, citing their belief that the Liquidators' 37(e) Motions have insufficiently established a connection to personal jurisdiction briefing. The Liquidators do not agree.

**BNPP Defendants' Position**:

The BNPP Defendants submit that the deadline to respond to the 12(b)(2) Motions should not be tied to the resolution of the 37(e) Motions.

The BNPP Defendants are amenable to a reasonable extension of time for the Liquidators to file their responses to the 12(b)(2) Motions. To this end, the BNPP Defendants have proposed a 21-day extension of time to the Liquidators, with an invitation to extend that period if needed, which they have refused, citing their belief that the Court should rule on the Rule 37(e) Motions before they submit their responsive briefing on the Rule 12(b)(2) Motions. The BNPP Defendants do not agree that the Liquidators' proposed sequencing of the Rule 37(e) and Rule 12(b)(2) Motions is necessary or even appropriate.

The Liquidators' Rule 37(e) Motions rest in part on establishing prejudice. *See* Fed. R. Civ. P. 37(e)(1). The Liquidators have argued that their ability to present evidence of the BNPP Defendants' contacts with the United States has been prejudiced by the loss of ESI. The BNPP Defendants disagree that the Liquidators have suffered any prejudice. To the extent that there is any doubt regarding the question of prejudice, however, the Court should have the benefit of examining the full arguments and evidence presented by both parties in connection with the 12(b)(2) Motions in order to resolve that doubt. With the benefit of the full briefing on the Rule 12(b)(2) Motions, the Court will be better positioned to assess whether the Liquidators have suffered any prejudice at all in their ability to present personal jurisdiction arguments, and to determine what relief is appropriate, if any. Accordingly, the BNPP Defendants believe the Court should have discretion to rule on the Rule 37(e) Motions and the 12(b)(2) Motions in the order it deems appropriate after considering all the relevant arguments and evidence available to it. The schedule the BNPP Defendants have proposed would preserve the Court's discretion to do so, while affording the Liquidators ample time to present their responses to the 12(b)(2) Motions. On the other hand, the schedule the Liquidators request would *require* the Court to rule on the 37(e) Motions prematurely.

[*Remainder of page intentionally left blank*]

After a good faith effort to resolve the dispute through meeting and conferring, the parties are at an impasse. We now seek the Court to direct the parties on how to proceed and respectfully request that the Court address this scheduling dispute at the upcoming March 15, 2023 omnibus conference, or as soon as is practicable.

Respectfully submitted,

| | |
|---|---|
| */s/ Joshua S. Margolin* | */s/ Ari D. MacKinnon* |
| Joshua S. Margolin<br>Selendy Gay Elsberg PLLC<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: 212-390-9000<br>jmargolin@selendygay.com | Ari D. MacKinnon<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>T: 212-225-2000<br>amackinnon@cgsh.com |
| *Counsel to the Liquidators* | *Counsel to the BNPP Defendants* |