UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>        Debtor in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (CGM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>        Defendants. | Adv. Pro. No. 10-03635 (CGM) |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ABN AMRO SCHWEIZ AG, et al.,<br><br>        Defendants. | Adv. Pro. No. 10-03636 (CGM) |

**UNOPPOSED MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS
AND TO FILE REDACTED PERSONAL JURISDICTION BRIEFS**

Kenneth M. Krys and Greig Mitchell, in their capacities as the duly appointed Liquidators and Foreign Representatives of Fairfield Sentry Limited (In Liquidation), Fairfield Sigma Limited (In Liquidation), and Fairfield Lambda Limited (In Liquidation) (the "Liquidators"), respectfully move this Court pursuant to Local Bankruptcy Rule 9018-1 and the Parties' so-ordered Stipulation and Confidentiality Agreement and Protective Orders (the "Protective Orders") entered in *Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3636, Dkt. No. 918

¶ 12 (Bankr. S.D.N.Y. February 16, 2022) and *Fairfield Sentry Ltd. (in Liquidation) v. ABN AMRO Schweiz AG*, Adv. Pro. No. 10-3635, Dkt. No. 849 ¶ 12 (Bankr. S.D.N.Y. February 16, 2022), for an Order permitting the Liquidators and the Defendants in the above-caption action (together, the "Parties") to file (i) under seal certain exhibits filed in connection with the Parties' forthcoming briefing on personal jurisdiction, (ii) redacted versions of personal jurisdiction briefs that reflect or refer to sealed information, and (iii) copies of unredacted documents with the Clerk of Court through electronic means, rather than in hard copy.

This Motion concerns two categories of "Designated Material":

*First*, pursuant to the so-ordered Protective Orders, the parties have exchanged information designated as "Confidential" or "Highly Confidential." For example, the set of produced documents includes wire records with bank account information, emails, and records that contain customer information. The Protective Orders require that any party intending to refer to Confidential or Highly Confidential material in briefing must request that the Court seal that material. *See* Protective Orders at ¶ 3, 12.

*Second*, during the course of the Liquidation, the Liquidators have obtained some materials from non-parties containing information of those non-parties and their customers pursuant to agreements specifying that such materials can only be filed with a court subject to a motion to seal. Some of those materials fall within the definitions of Confidential or Highly Confidential information in the Protective Orders, such as confidential, trade secret, proprietary, or commercially sensitive business, customer, or client information.

The Liquidators anticipate filing briefs concerning the Court's personal jurisdiction over Defendants, including as soon as March 27, 2023. In connection with that briefing, the Liquidators intend to refer to information, and to file as exhibits, Designated Material from both Parties and

non-parties. Absent court order, over the course of the personal jurisdiction briefing, the Parties will have to file numerous nearly-identical sealing motions under Local Rule 9018, unnecessarily burdening the Court.

The Liquidators therefore respectfully request the Court adopt the modified sealing process it has ordered in related cases. *See e.g.*, Order Granting the Liquidators' Motion to File Under Seal Certain Exhibits and to File Redacted Personal Jurisdiction Briefs, *Fairfield Sentry Ltd. (In Liquidation) v. HSBC Private Bank (Suisse) SA*, Adv. Proc. No. 10-03633, Dkt. No. 210 (Bankr. S.D.N.Y. Dec. 13, 2022). This sealing process will enable the Parties and the Court to avoid duplicative briefing on sealing to streamline this proceeding. *Cf.* 11 U.S.C. § 107 (Bankruptcy Courts may enter orders to prevent the public disclosure of "trade secret … or commercial information."); Fed. R. Bankr. P. 9018; *In re Anthracite Cap., Inc.*, 492 B.R. 162, 178 (Bankr. S.D.N.Y. 2013) (sealing "commercial information" may be appropriate when it would "protect parties from the release of information that could cause them harm or give competitors an unfair advantage" (citation omitted)) (Morris, C.J.). This Sealing Motion therefore seeks the Court's approval for leave for the following proposed sealing procedure in advance of that forthcoming briefing:

1. Any Designated Material provided to the Court as an exhibit to any Party's briefing on personal jurisdiction shall be filed under seal.

2. In light of the expected volume of sealed material (which may include thousands of pages), the Parties may file unsealed versions of such Designated Material with the Clerk of Court through electronic means, such as a secure USB drive.

3. Any Party may redact references to Designated Material in its personal jurisdiction briefing, with a non-redacted version of the brief to be provided to the Clerk of Court through electronic means, such as a secure USB drive.

Pg 4 of 5

4. On the filing date, the filing Party must deliver to the Party opposing the filing the unredacted and unsealed versions of sealed material and briefing, through electronic means.

5. Material sealed in connection with a Party's personal jurisdiction briefing will remain under seal for the pendency of the proceeding absent further order of the Court.

6. The Party that has filed the sealed material will be responsible for retrieving the unsealed versions of such information at the end of the proceeding or, if appropriate, moving to unseal that material.

7. This sealing procedure is without prejudice to the rights of any party in interest to file a separate sealing motion addressed to any materials not covered by the procedure set forth herein, or to seek to unseal the sealed material, or any portion thereof.

Accordingly, the Liquidators respectfully request that the Court grant this Sealing Motion. A proposed order to that effect has been submitted to eOrders, consistent with this Chambers' Rules. The Liquidators provided a copy of this motion to all Defendants who have filed motions to dismiss based on personal jurisdiction, and no Defendants indicated any objections.

| | |
|---|---|
| Dated: New York, NY<br>March 23, 2023 | Respectfully submitted, |

By:    */s/ David Elsberg*
SELENDY GAY ELSBERG PLLC

David Elsberg
Maria Ginzburg
Jordan Goldstein
Lena Konanova
David S. Flugman
Joshua S. Margolin

1290 Avenue of the Americas
New York, New York 10104
Telephone: 212-390-9000
delsberg@selendygay.com
mginzburg@selendygay.com
jgoldstein@selendygay.com
lkonanova@selendygay.com
dflugman@selendygay.com
jmargolin@selendygay.com

-and-

BROWN RUDNICK LLP

David J. Molton
Marek P. Krzyzowski
Seven Times Square
New York, New York 10036
Telephone: 212-209-4800
dmolton@brownrudnick.com
mkrzyzowski@brownrudnick.com

*Attorneys for Plaintiffs Foreign Representatives*