**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Fairfield Sentry Limited, et al.,

    Debtors in Foreign Proceedings.

---

Fairfield Sentry Limited (In Liquidation),

                       Plaintiff

             -against-

Theodoor GGC Amsterdam, et al.

                      Defendants.

---

This Memorandum of Law is related to the Following Adversary Proceeding:

10-03635
10-03636

Chapter 15 Case

Case No. 10-13164 (JPM)

Jointly Administered

Adv. Pro. No. 10-03496 (JPM)

Administratively Consolidated

---

**BANK JULIUS BAER & CO. LTD.'S REPLY MEMORANDUM**
**OF LAW IN FURTHER SUPPORT OF ITS MOTION TO**
**<u>DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

A.  PRELIMINARY STATEMENT ...................................................................................1

B.  ARGUMENT .................................................................................................................2

    A.  The Liquidators' New Jurisdictional Allegations Should Be Disregarded..............2

    B.  This Court Lacks Personal Jurisdiction Over BJB in New York.............................4

        1.  The Funds' Investment in BLMIS Does Not Establish Personal Jurisdiction Over BIB ...................................................................................5

        2.  BJB's Alleged Forum Connections Do Not Relate To Or Arise From The Liquidators' Constructive Trust Claim ...................................................7

        3.  The Liquidators' New Allegations Are Not Tied To The Specific Transactions At Issue .....................................................................................7

        4.  The Citco Subscribers' Contacts Cannot Establish Personal Jurisdiction Over BIB ........................................................................................................8

        5.  The BLMIS Trustee Cases Are Inapposite ....................................................9

        6.  The Funds and Citco's ████████████████████ Does Not Establish Personal Jurisdiction over BIB...........................................10

        7.  The ████████████████████████ Do Not Establish Personal Jurisdiction .................................................................................12

    C.  Exercising Personal Jurisdiction Over BJB Would Be Unreasonable...................14

C.  CONCLUSION..............................................................................................................15

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abelesz v. OTP Bank*,
  692 F.3d 638 (7th Cir. 2012) ..................................................................................................12

*Art Assure Ltd., LLC v. Artmentum GmbH*,
  2014 WL 5757545 (S.D.N.Y. Nov. 4, 2014) ............................................................................2

*Asahi Metal Indus. Co. v. Super. Ct. of Ca.*,
  480 U.S. 102 (1987) ................................................................................................................14

*Berdeaux v. OneCoin Ltd.*,
  561 F. Supp. 3d 379 (S.D.N.Y. 2021) .......................................................................................4

*Bickerstaff v. Vassar College*,
  196 F.3d 435 (2nd Cir. 1999) ....................................................................................................2

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ..................................................................................................................5

*Charles Schwab Corp. v. Bank of Am. Corp.*,
  883 F.3d 68 (2d Cir. 2018) ......................................................................................................10

*Fairfield Sentry Limited (In Liquidation) v. Citibank NA London*,
  No. 19-cv-03911-VSB (S.D.N.Y. July 21, 2021) ...............................................................1, 10

*Fairfield Sentry Ltd. (in Liquidation) v. Migani*
  [2014] UKPC 9 (April 19, 2014) ............................................................................................14

*Fischer v. Forrest*,
  286 F. Supp. 3d 590 (S.D.N.Y. 2018) .......................................................................................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ..................................................................................................................9

*GTFM, Inc. v. Fubutu Home & Educ. Media, Inc.*,
  2003 WL 22439791 (S.D.N.Y. Oct. 27, 2003) .........................................................................2

*Hau Yin To v. HSBC Holdings, PLC*,
  700 F. App'x 66 (2d Cir. 2017) ...............................................................................................12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ..................................................................................................................6

*HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*,
  2021 WL 918556 (S.D.N.Y. Mar. 10, 2021) ............................................................................4

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
   529 F. Supp. 3d 111 (S.D.N.Y. 2021)......................................................................................4

*In re Bernard L. Madoff*,
   708 F.3d 422 (2d Cir. 2013)......................................................................................................6

*In re Fairfield Greenwich Advisors LLC and Fairfield Greenwich Bermuda*,
   2009 WL 3157459 (Mass. Sec. Div. Sept. 8, 2009) ..................................................................6

*In re Fairfield Sentry Ltd.*,
   2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018) ...............................................................13

*In re Fairfield Sentry Ltd.*,
   2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020)................................................................8

*In re Fairfield Sentry Ltd. Litig.*,
   458 B.R. 665 (S.D.N.Y. 2011)................................................................................................14

*In re Picard, Tr. for Liquidation of Bernard L. Madoff Inv. Sec. LLC*,
   917 F.3d 85 (2d Cir. 2019).......................................................................................................9

*In re SSA Bonds Antitrust Litig.*,
   420 F. Supp. 3d 219 (S.D.N.Y. 2019)......................................................................................4

*In re Terrorist Attacks on Sept. 11, 2001*,
   714 F.3d 659 (2d Cir. 2013)......................................................................................................2

*Judd Burstein, P.C. v. Long*,
   797 F. App'x 585 (2d Cir. 2019) ..............................................................................................2

*Langenberg v. Sofair*,
   2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006).........................................................................4

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
   732 F.3d 161 (2d Cir. 2013).............................................................................................11, 12

*MacDennid, Inc. v. Deiter*,
   702 F.3d 725 (2d Cir. 2012)......................................................................................................9

*McIntyre Mach., Ltd. v. Nicastro*,
   564 U.S. 873 (2011)..................................................................................................................7

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996)......................................................................................................14

*Mulero-Rodriguez v. Ponte, Inc.*,
   98 F.3d 670 (1st Cir. 1996).......................................................................................................2

*NovelAire Techs., L.L.C. v. Munters AB*,
    2013 WL 6182938 (S.D.N.Y. Nov. 21, 2013) ...........................................................................4

*Phoenix Ancient Art, S.A. v. J. Paul Getty Tr.*,
    2018 WL 1605985 (S.D.N.Y. Mar. 29, 2018) ...........................................................................8

*Picard v. Bank Julius Baer & Co. Ltd.*,
    2022 WL 17726520 (Bankr. S.D.N.Y. Dec. 15, 2022) ................................................9, 10, 12

*Picard v. Barfield Nominees Ltd.*,
    2022 WL 4542915 (Bankr. S.D.N.Y. Sept. 28, 2022) ...............................................................9

*Picard v. BNP Paribas S.A.*,
    594 B.R. 167 (Bankr. S.D.N.Y. 2018) (Bernstein, J.) ..............................................................5

*Picard v. Cathay Life Ins. Co.*,
    2022 WL 16626325 (Bankr. S.D.N.Y. Nov. 1, 2022) ...............................................................9

*Picard v. UBS AG*,
    2022 WL 17968924 (Bankr. S.D.N.Y. Dec. 27, 2022) .............................................................9

*Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp. LLC*,
    2020 WL 10460623 (N.D. Ga. June 19, 2020) .........................................................................3

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    2023 WL 3514105 (Bankr. S.D.N.Y. May 17, 2023) ...............................................................8

*Spetner v. Palestine Inv. Bank*,
    70 F.4th 632 (2d Cir. 2023) ....................................................................................................12

*SPV OSUS Ltd. v. UBS AG*,
    114 F. Supp. 3d 161 (S.D.N.Y. 2015) ...................................................................................5, 7

*V Cars, LLC v. Israel Corp.*,
    902 F. Supp. 2d 349 (S.D.N.Y. 2012) ......................................................................................8

*Vasquez* v. *Hong Kong & Shanghai Banking Corp.*,
    477 F. Supp. 3d 241 (S.D.N.Y. 2020) ......................................................................................2

*Walden v. Fiore*,
    571 U.S. 277 (2014) ...............................................................................................5, 6, 11, 15

## I. PRELIMINARY STATEMENT

While the backdrop for the Citco Brokerage Proceedings[1] may be the Madoff fraud, these cases were brought by foreign plaintiffs against foreign parties regarding foreign redemptions from foreign funds. Indeed, by the Liquidators' own admission, the "transfers at issue were purely foreign." *Fairfield Sentry Limited (In Liquidation) v. Citibank NA London*, No. 19-cv-03911-VSB, Dkt. No. 440 at 24 (S.D.N.Y. July 21, 2021) ("Liquidators' Appeal"). And the alleged wrongful conduct concerns bad faith calculations of the Funds' NAV by the Funds' foreign administrator. Because the sole remaining constructive trust claim, brought under BVI law, arises from these purely foreign transfers, there is no plausible basis for personal jurisdiction.

As alleged in BJB's opening brief, the FAC does not contain a single allegation concerning BJB's U.S. contacts. BJB is mentioned by name in just *two* paragraphs, FAC ¶¶ 15, 44, neither of which relate to forum contacts. Despite failing to state a prima facie case for personal jurisdiction, the Liquidators were permitted to take jurisdictional discovery. Now that discovery is complete, it is settled that the Liquidators cannot establish personal jurisdiction over BJB. The lack of particularized allegations or any evidence establishing personal jurisdiction is fatal to the Liquidators' claim.

This is not a case where jurisdictional facts were disputed and discovery was required to resolve factual disputes; and nothing learned in discovery changed the foreign nature of the redemptions or conduct at issue. Rather, the Liquidators are attempting to rewrite the FAC by introducing wholly new and jurisdictionally irrelevant allegations in their Opp. based on discovery. Not only is this improper, but many of the new allegations are not supported by the evidence cited.

---

[1] Defined terms in BJB's Opening Briefs (cited here as "Br."), ECF No. 760 (10-03635)/ECF No. 827 (10-03636), are incorporated herein. "Opp." refers to the Liquidators' Opposition Briefs, ECF No. 1089 (10-03635)/ECF No. 1190 (10-03636). "Ex." refers to the Liquidators' Exhibits attached to the Declaration of Lena Konanova, ECF No. 1090 (10-03635)/ECF No. 1192 (10-03636). "FAC" refers to the Fifth Amended Complaint, ECF No. 679 (10-03636).

1

Moreover, even if credited, the newly alleged forum contacts cannot establish personal jurisdiction over BJB because they do not arise from or relate to the Liquidators' constructive trust claim. The FAC should be dismissed.

## II.     ARGUMENT

### A.     The Liquidators' New Jurisdictional Allegations Should Be Disregarded

The Liquidators fail to meet their jurisdictional burden post-discovery. Because "jurisdictional discovery has been completed," the Liquidators must demonstrate grounds for exercising personal jurisdiction that are "factually supported" by evidence. *GTFM, Inc. v. Fubutu Home & Educ. Media, Inc.*, 2003 WL 22439791, at *2 (S.D.N.Y. Oct. 27, 2003) (cleaned up). Plaintiffs cannot rely on "argumentative inferences," *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (cleaned up), "legal conclusion[s] couched as a factual allegation," *id.* (cleaned up), or "conclusory statements without any supporting facts," *Art Assure Ltd., LLC v. Artmentum GmbH*, 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (citation omitted). Furthermore, the Court "must assume that the [p]laintiffs have provided all the evidence they possess to support their jurisdictional claims." *Vasquez* v. *Hong Kong & Shanghai Banking Corp.*, 477 F. Supp. 3d 241, 251 (S.D.N.Y. 2020).

While the Court must draw all reasonable inferences in favor of the non-moving party, "[a]n inference is reasonable only if it can be drawn from the evidence <u>without resort to speculation</u>." *Mulero-Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 672 (1st Cir. 1996) (emphasis added) (cleaned up); *see also Judd Burstein, P.C. v. Long,* 797 F. App'x 585, 588 (2d Cir. 2019) (finding that "wholly speculative" allegations "do not give rise to a reasonable inference"); *Bickerstaff v. Vassar College*, 196 F.3d 435, 448 (2nd Cir. 1999) ("[A]n inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact

2

[that is known to exist]") (second alteration in original) (cleaned up).

None of the jurisdictional discovery establishes that BJB had U.S. contacts relating to the claim at issue. Disregarding its burden and lacking actual evidentiary support, the Liquidators resort to rank speculation and false accusations. Accordingly, many of the new allegations should be disregarded because they are (i) not supported by any evidence or (ii) not reasonably inferred from the minimal evidence cited. For example:

- **BJB had "inside knowledge about Madoff's fraud,"** ▮▮▮▮▮▮▮▮▮▮ **and engaged in a "scheme" to profit therefrom.** Opp. at 1, 4, 14, 34-35, 39. . There is absolutely no evidentiary basis for these false allegations and the Liquidators admit they have none. Opp., at 14 n.14. These unsubstantiated accusations flatly contradict the FAC, which merely alleges that Citco's knowledge should be imputed to BJB, FAC ¶ 213, not that BJB had any actual knowledge. Conceding they have no supporting evidence, the Liquidators' repeated assertions are completely improper.

-  Opp. at 18 (emphasis added). ▮▮▮▮▮▮. *See, e.g.*, Ex. 13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Exs. 19, 20.

-  Opp. at 24. Such allegations are purely speculative. None of the transactions at issue were ▮▮▮▮▮▮▮▮▮▮▮▮. And the Liquidators ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

"It is black letter law" that a party "may not alter [its] pleadings through a brief." *Fischer v. Forrest,* 286 F. Supp. 3d 590, 604 (S.D.N.Y. 2018) (quoting *Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir. 1998)), *aff'd,* 968 F.3d 216 (2d Cir. 2020). That includes new allegations that were not properly alleged in the FAC. *See Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp. LLC*, 2020 WL 10460623, at *10 (N.D. Ga. June 19, 2020) ("[Plaintiff] cannot use jurisdictional discovery to acquire a basis for jurisdiction that [it] at no point asserted.").

Accordingly, despite the Liquidators' belated attempt to reframe their case, their unsubstantiated and untimely accusations that BJB had knowledge of wrongdoing must be disregarded.

Similarly, the Liquidators cannot supplement their group pleadings with specific jurisdictional allegations. *See, e.g., NovelAire Techs., L.L.C. v. Munters AB*, 2013 WL 6182938, at *13 (S.D.N.Y. Nov. 21, 2013) (citation omitted) ("Plaintiffs may not make 'conclusory non-fact-specific jurisdictional allegations' against a foreign defendant 'and thus obtain extensive discovery on that issue.'"); *Langenberg v. Sofair,* 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006) (cleaned up) ("[A]s a rule, a plaintiff is not entitled to jurisdictional discovery to enable her to bolster an inadequate pleading.").

Accordingly, the Liquidators' group pleadings are fatal to the FAC. *See* Br. at 2, 10. Contrary to the Liquidators contention, Opp. at 37, personal jurisdiction must be alleged on an individual basis. *See Berdeaux v. OneCoin Ltd*., 561 F. Supp. 3d 379 (S.D.N.Y. 2021) ("A plaintiff must carry his burden" of pleading personal jurisdiction "with respect to each defendant individually."). Indeed, courts overwhelmingly agree that group jurisdictional pleadings are deficient. *In re Aegean Marine Petroleum Network, Inc. Sec. Litig*., 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) (citation omitted) ("[G]roup pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant."); *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, 2021 WL 918556, at *15 (S.D.N.Y. Mar. 10, 2021) ("In relying only on group pleadings, in which it conflates multiple parties and fails to provide specific allegations, plaintiff neglects its burden of establishing personal jurisdiction over each defendant."); *In re SSA Bonds Antitrust Litig*., 420 F. Supp. 3d 219, 233 (S.D.N.Y. 2019) ("[Jurisdictional] [a]llegations in the form of a group pleading are insufficient, even for affiliated corporate entities.").

**B.     This Court Lacks Personal Jurisdiction Over BJB in New York**

The FAC should be dismissed because the Liquidators fail to connect the alleged forum

4

contacts to their constructive trust claim. To establish BJB's minimum contacts for specific personal jurisdiction, the Liquidators must show (1) BJB's "purposeful availment" of the forum that (2) "arise[s] out of or relate[s] to" the alleged misconduct. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 475 (1985). That inquiry "focuses on the relationship among the defendants, the forum, and the litigation" based on the "contacts that the defendant *himself* creates with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (cleaned up).

In the Second Circuit, the strength of the "causal connection" between the forum contacts and the claims needed to establish personal jurisdiction is a sliding scale determined by the strength of the forum contacts. *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 169 (S.D.N.Y. 2015), *aff'd*, 882 F.3d 333 (2d Cir. 2018). The weaker the contacts, the stronger the connection must be to the claims, and vice versa. *Id.* Here, where BJB is a "foreign bank" "acting entirely abroad and with only sporadic or indirect contacts with the United States," precedent typically requires a more direct connection between the forum contacts and the claim. *Id.* at 170. Yet no matter where this case falls on the sliding scale, the Liquidators have failed to tie the forum contacts to the claim at all. Additionally, "each transfer is a separate claim," "and the Trustee must establish the court's jurisdiction with respect to each claim asserted." *Picard v. BNP Paribas S.A.,* 594 B.R. 167, 190 (Bankr. S.D.N.Y. 2018) (Bernstein, J.) (cleaned up). The Liquidators do not even attempt to this make this showing.

        1.    <u>The Funds' Investment in BLMIS Does Not Establish Personal Jurisdiction Over BJB</u>

The Liquidators entire theory of jurisdiction is flawed, mistakenly focusing on investments in BLMIS, rather than the redemptions at issue from the Funds. But even if investments were relevant, BJB did not purposely direct investments into BLMIS in New York. Opp. at 20 The Liquidators concede that they "do not allege that BJB was invested in BLMIS itself." Opp. at 3

5

n.5. Rather, BJB's so-called "investments" in BLMIS/New York were several steps removed and are too attenuated to establish jurisdiction. First, ███████████████████████ ███████████████. *See, e.g.,* Ex. 13. Second, the Citco Subscribers invested in the Funds by purchasing subscriptions for BJB's customers; BJB was not even the registered shareholder. FAC ¶ 15. Third, the Funds allegedly invested *their own money* in New York with BLMIS.[2] FAC ¶ 135. BJB did not invest in BLMIS/New York at all; rather, the Funds did without BJB's direction or control. Indeed, the Second Circuit held that the Funds' investors did not have standing in SIPA proceedings against BLMIS because, among other things, they did not have securities accounts with BLMIS or any control over the Funds' investments in New York. *See In re Bernard L. Madoff*, 708 F.3d 422, 426–27 (2d Cir. 2013).

These third party contacts between the Funds and BLMIS cannot establish personal jurisdiction over BJB. The Supreme Court has "consistently rejected attempts to satisfy the defendant focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."). Thus, the Funds' own investment activity cannot serve as a jurisdictional contact. The law is also clear that the foreseeability of a plaintiff's or third party's contact with the forum is irrelevant. *McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882 (2011) ("[I]t is not enough that [a] defendant might have

---

[2] The Liquidators fail to allege, let alone substantiate, how much, if any, of BJB's customers' money was actually invested in BLMIS versus elsewhere or used to fund redemption payments to other subscribers. *See* Br. at 18 ("*See* Adv. Pro. No. 10-03636 FAC ¶ 138 (alleging that subscription money was used to pay redemptions as a "shortcut")); Consent Order ¶ 42, *In re Fairfield Greenwich Advisors LLC and Fairfield Greenwich Bermuda*, No. 2009-0028, 2009 WL 3157459, at *1 (Mass. Sec. Div. Sept. 8, 2009) ("The redemptions and subscriptions were typically netted out, so the bulk of the outflows from redemptions never had to be transferred out of [BLMIS]").

predicted that its goods will reach the forum State.").

### 2. BJB's Alleged Forum Connections Do Not Relate To Or Arise From The Liquidators' Constructive Trust Claim

The Liquidators' sole remaining claim for constructive trust has nothing to do with the alleged forum contacts. In brief, the Liquidators allege: (i) the BVI Funds' foreign agent and administrator, Citco Fund Services, used an inflated NAV calculation; (ii) Swiss bank BJB redeemed shares for its non-U.S. customers from the Funds (not BLMIS) through the foreign Citco Subscribers; (iii) Citco, including the Citco Subscribers, had knowledge that the NAV calculations were inflated; and (iv) therefore, Citco's bad faith should be imputed to BJB. Adv. FAC ¶¶ 9, 144, 178, 208, 213. The claim does not turn on or arise from investment activity in BLMIS, alleged due diligence on BLMIS and the Funds, or meetings in New York.

Putting aside the lack of factual allegations supporting the Liquidators' conclusory assertions regarding agency and knowledge, the conduct is entirely foreign. *See* Br. at 12, 17, 19. All the parties and relevant non-parties in this case are foreign. And all of the conduct, transactions, and agreements, including the NAV calculations, BJB's redemptions, and the relevant contacts between BJB and the Citco Subscribers took place entirely abroad.

### 3. The Liquidators' New Allegations Are Not Tied To The Transactions At Issue

The Liquidators offer no evidence to tie BJB's alleged communications and meetings in New York to subscriptions in or redemptions from the Funds. *See SPV OSUS Ltd.*, 114 F. Supp. 3d 161 at 170 (rejecting jurisdictional relevance of defendant's contacts with New York when defendant had not relied on those contacts in deciding to invest in BLMIS). Most glaringly, there is no basis to connect ███████████████████████████████████, to a decision to subscribe to the Funds or to the foreign redemptions at issue. The Liquidators' ███████

███████████████████████████████████████████████████████████
7

███████████████████████████. *See* Opp. 7 (citing Liquidators' Exs. 28, 33). Accordingly, these alleged contacts are jurisdictionally irrelevant.[3]

### 4. The Citco Subscribers' Contacts Cannot Establish Personal Jurisdiction Over BJB

The Liquidators attempt to establish jurisdiction over BJB via Citco as its agent is similarly flawed. The Citco Subscribers' knowledge and actions should be imputed to the *Funds*, not BJB. This Court has already held that Citco Bank (one of the "Citco Subscribers") was the *Funds'* agent in the alleged transactions. *In re Fairfield Sentry Ltd.*, 2020 WL 7345988, at *1 (Bankr. S.D.N.Y. Dec. 14, 2020) (Bernstein, J.) ("[T]he Funds were customers of Citco Bank who acted as their agents in connection with the securities contracts pursuant to which the redemption payments were made[.]"). Judge Bernstein's ruling is law of the case. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2023 WL 3514105, at *8 (Bankr. S.D.N.Y. May 17, 2023) (Morris, J.) (recognizing that "law of the case doctrine applies across adversary proceedings within the same main case."). Yet, even if this Court were to impute the Citco Subscribers' knowledge to BJB, the relevant transactions are still foreign and the requisite nexus to New York is still lacking. The Liquidators' claim rests on Citco's alleged bad faith in calculating the Funds' NAV as the Funds' administrator. FAC ¶¶ 209–14. That conduct did not occur in and has no connection to the United

---

[3] *See, e.g.*, *Phoenix Ancient Art, S.A. v. J. Paul Getty Tr.*, 2018 WL 1605985, at *13 (S.D.N.Y. Mar. 29, 2018) ("Meetings [in New York] that do not result in the execution of a contract or are not essential to or do not substantially advance the business relationship rarely provide the basis for jurisdiction pursuant to Section 302(a)(1)"); *id.* (holding that even meetings which "rise to the level of 'transacting business' in New York" nonetheless do not establish personal jurisdiction where the "Plaintiffs' claims do not 'arise out of' those contacts" because there is no "'substantial nexus' between the transaction of business and the cause of action alleged."); *V Cars, LLC v. Israel Corp.*, 902 F. Supp. 2d 349, 361–62 (S.D.N.Y. 2012) (finding contacts are not sufficient where "the only meetings that occurred in New York were 'exploratory,'" nothing was promised, no agreements were negotiated, and the parties merely presented on their businesses.).

States.

### 5. The BLMIS Trustee Cases Are Inapposite

The Liquidators rely on rulings against BJB and its co-defendants denying motions to dismiss for lack of personal jurisdiction cases brought by the BLMIS Trustee, but the BLMIS Trustee cases are not analogous here. *See Picard v. Bank Julius Baer & Co. Ltd. (In re Bernard L. Madoff)* ("*BJB & Co.*"), 2022 WL 17726520 (Bankr. S.D.N.Y. Dec. 15, 2022). As an initial matter, jurisdictional discovery was not conducted and, therefore, those cases were decided based on the less onerous pre-discovery pleading standard. *MacDennid, Inc.* v. *Deiter,* 702 F.3d 725, 727 (2d Cir. 2012). Furthermore, in those cases, the underlying bankruptcy, the bankrupt entity, the initial transfers, and the losses were all located in New York. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 929 (2011) ("When a defendant's act outside the forum causes injury in the forum . . . plaintiff's residence in the forum may strengthen the case for the exercise of specific jurisdiction."). They arise from the "fraudulent *transfer* of property" by the "*domestic* debtor," BLMIS, to the Funds, "not the transferee's receipt of property." *In re Picard, Tr. for Liquidation of Bernard L. Madoff Inv. Sec. LLC*, 917 F.3d 85, 100 (2d Cir. 2019) (emphasis added) (finding that the BLMIS Trustee's claims were not an impermissibly extraterritorial application of the Bankruptcy Code because BLMIS's transfers were "domestic activity.").[4]

By contrast, the Funds are BVI entities in liquidation in the BVI. This action is not based on the transfer of customer property from BLMIS/New York to the Funds.[5] The Liquidators'

---

[4] The Liquidators repeatedly cite cases involving the BLMIS Trustee, all of which are distinguishable on this basis. *See, e.g., Picard v. UBS AG*, 2022 WL 17968924 (Bankr. S.D.N.Y. Dec. 27, 2022); *Picard v. Cathay Life Ins. Co.*, 2022 WL 16626325 (Bankr. S.D.N.Y. Nov. 1, 2022); *Picard v. Barfield Nominees Ltd.*, 2022 WL 4542915 (Bankr. S.D.N.Y. Sept. 28, 2022).

[5] For example, in *BJB & Co.* and other BLMIS Trustee cases, the defendants moved to dismiss based on the Trustee's failure to plausibly allege that the redemption payments from the Funds originated from BLMIS. *See* BJB & Co., 2022 WL 17726520, at *14. While case dispositive in the subsequent transfer cases, the customer property issue is irrelevant here.

constructive trust claim instead is based entirely on foreign transfers: (i) from the BVI Funds to the Citco Subscribers, and (ii) from the Citco Subscribers to BJB. Each of these transactions was initiated and processed by foreign parties acting abroad. Moreover, the constructive trust claim arises from foreign conduct: the alleged bad faith calculation of inflated NAV by the Funds' Dutch administrator, Citco Fund Services. *See, e.g., Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82–83 (2d Cir. 2018) (holding no personal jurisdiction where the sale of financial instruments in California was not causally related to claims that the instruments were fraudulently manipulated in London).

As the Liquidator represented to the District Court in its July 2021 appeal:

> ***The redemption transfers at issue here were purely foreign***. The Citco Administrator (a foreign entity) managed the share register and processed the redemption requests abroad, and the Funds (also foreign entities) transferred redemption payments to Defendants (also chiefly foreign entities). ***[E]very relevant component of the transactions at issue here occurred outside the territorial jurisdiction of the United States***

Liquidators' Appeal at 24 (Emphasis added); *see also* Br. at 16. The Liquidators' attempt to walk back its previous assertions are unavailing. Opp. at 35. The same transfers cannot be purely foreign for extraterritoriality purposes and simultaneously support a finding of purposeful availment of the U.S. forum for personal jurisdiction. Merely to state the argument is to refute it. Even if the tests are not identical, the overlap is substantial and undeniable. And even if the Liquidators can look to contacts beyond the transfers themselves, the contacts must still arise out of and relate to the transfers and wrongful conduct at issue, all of which occurred abroad.

      6.    <u>The Funds and Citco's ▮▮▮▮▮▮▮▮▮▮▮▮ Does Not Establish Personal Jurisdiction over BJB</u>

The Liquidators also contend that the ▮▮▮▮▮▮▮▮▮▮▮▮ supports jurisdiction, but again the purported contacts are disconnected from BJB. For subscriptions (which are not relevant to the claim), ▮▮▮▮▮▮▮▮▮▮▮▮

10

███████████████████████████████████████. Opp. at 10. ████████████████

████████████████████████████████████████████████████████████████████.

*Id.* at 11; Ex. 29 at -772; Ex. 11 at 14–15.  For redemptions, the Liquidators allege that ████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Opp. at 12.

Notwithstanding the acknowledged lack of evidence, the Liquidators argue that ██████████

████████ was "deliberate," "recurring," and "sufficiently related to the harm for which the plaintiff

seeks redress."  Opp. at 28 (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL* ("*Licci IV*"),

732 F.3d 161, 171–73 (2d Cir. 2013)).

      Unable to substantiate the allegations as to the redemptions at issue, the Liquidators cannot

establish jurisdiction on this basis.  Moreover, these allegations would improperly impute a foreign

non-party's conduct to BJB.  *See Walden*, 571 U.S. at 284 (personal jurisdiction turns on "contacts

that the defendant *himself* creates with the forum."). ████████████████████████

████████████████████████████ █████████████████████████████████

████████████████████████ BJB's alleged acquiescence does not constitute purposive behavior.

*See Licci IV.*  732 F.3d at 168 (the defendant's repeated use of its *own* correspondent account

indicated "desirability and a lack of coincidence" that showed purposeful availment) (cleaned up).

For the same reason, whether the Funds or ████████████████████████████

████████ The Liquidators' allegations are thus distinguishable from the BLMIS Trustee case

where BJB allegedly chose to use its *own* U.S. account.  *See BJB & Co.*, 2022 WL 17726520, at

*4; Opp. at 22 (BJB used its own correspondent account "in connection with other redemptions

(<u>not at issue here</u>).") (emphasis added).

      The Liquidators mischaracterize the relatedness test used in *Licci IV*.  The *Licci IV* court

11

asked whether the "wire transfers [we]re a part of the principal wrong at which the plaintiffs' lawsuit [wa]s directed." 732 F.3d at 170; *see also Spetner v. Palestine Inv. Bank*, 70 F.4th 632, 645 (2d Cir. 2023) ("[Defendant's] use" "was sufficiently related to plaintiffs' injuries because it was 'an instrument to achieve the very wrong alleged.'") (quoting *Licci IV*, 732 F.3d at 171). Absent such contacts, courts do not base jurisdiction on the use of a correspondent account. *See, e.g., Abelesz v. OTP Bank*, 692 F.3d 638, 657–58 (7th Cir. 2012) ("[M]any courts have soundly rejected the suggestion that a correspondent banking relationship with a bank in the forum is sufficient to support general jurisdiction over a foreign defendant.") (citation omitted); *Hau Yin To v. HSBC Holdings, PLC*, 700 F. App'x 66, 67 (2d Cir. 2017) (foreign defendants had not "project[ed] [themselves] into [the] state to engage in a sustained and substantial transaction of business" by merely transferring money through a U.S. account).

In *Licci IV*, the defendant allegedly "violated various statutory duties by using its correspondent account to funnel money" to Hizballah through New York. *Licci IV*, 732 F.3d at 169. By contrast, the alleged "wrong" here is not the transfers. Rather, the remaining claim is based solely on Citco Fund Services' alleged bad faith inflation of the NAV. ████████ ████████████████████████████████████████████, was incidental.

The Liquidators conceded that neither BJB nor its alleged agent ████████ ████████████████ for redemptions from Sigma or Lambda. Opp. at 28 n.18. Even if the Court attached significance to ████████████████████████████████████████ ████████, that reasoning does not apply to Sigma and Lambda redemptions, and claims relating to those redemptions should be dismissed.

7. The ████████████████████████████████ Do Not Establish Personal Jurisdiction

As another basis for jurisdiction, the Liquidators invoke ████████████████

12

███████████████████████████████████████████████████████████

█████████████████████████████████, but ███████████████ are irrelevant here. The Liquidators allege that BJB submitted to New York's jurisdiction over *redemption* claims because █████████

████████████████████████████████████████████████████████████

████████████████████████████████████. FAC ¶¶ 22–23. Similarly, they allege (for the first time) that ████████████████████████████████████████████████████

████████████████████████████████████████████. Opp. at 13.

As a matter of law, this Court already held that Subscription Agreements do not relate to redemption requests and therefore are not relevant to jurisdiction in these cases. *In re Fairfield Sentry Ltd.* ("*Fairfield I*"), 2018 WL 3756343, at *11 (Bankr. S.D.N.Y. Aug. 6, 2018) (adhering to the Privy Council's holding "that the Subscription Agreement was irrelevant to actions to recover the inflated redemption payments."). Even if they were relevant, the Liquidators were unable to locate *any* subscription agreements containing a New York choice-of-law provision "executed by the Citco Subscriber in connection with the particular BJB redemptions at issue here." Opp. at 10. Similarly, █████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

Nor can the Liquidators dispute that agreements that actually relate to the claim are ██

████████████████████████. Redemptions from the Funds are governed by the Funds' Articles of Association and *BVI* law. *See Fairfield Sentry Ltd. (in Liquidation) v. Migani* [2014] UKPC 9 (April 19, 2014) at ¶¶ 10, 17 (followed by *Fairfield I*). The B&C Agreements, which are the basis of the alleged agency relationship between BJB and the Citco Subscribers, FAC ¶ 114, are

13

███████████████████████████████████████████

███████████ *See* Ex. 7; *Id.* at BJBC_0000062, § 8 ██████████████████████████████). The discovery record thus shows that ████████████████████████████████████████████.

### C.    Exercising Personal Jurisdiction Over BJB Would Be Unreasonable

The Liquidators have failed to demonstrate that BJB has sufficient minimum contacts with the United States related to the claim for personal jurisdiction to be reasonable or constitutional. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996) (The Court should dismiss the Complaint unless the "assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable under the circumstances of the particular case.") (citation omitted). In evaluating the reasonableness of exercising personal jurisdiction, the Court considers three factors: "the burden on defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Super. Ct. of Ca.*, 480 U.S. 102, 113 (1987).

The interests of the United States in this dispute are at best minimal. This is an "ancillary" Chapter 15 case in which the Court is acting "to aid foreign jurisdictions in administering bankruptcies by preventing debtors from squirreling away assets in the United States." *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 686 (S.D.N.Y. 2011). "Here, there are no assets in the United States," and accordingly, "the ancillary character of the Chapter 15 cases here is at a low ebb." *Id.* at 682.

The dispute arises purely under foreign law, between foreign entities and their foreign shareholders, and the location of the losses and the alleged wrongdoing are both foreign. Indeed, "the cases under the same legal theories could have been (and were) brought in the BVI proceedings." *In re Fairfield Sentry*, 458 B.R. at 686. There is nothing convenient about this forum for *any* of the parties. While the Liquidators may have an interest in obtaining relief, having

14

lost in the BVI, they are not entitled to a second bite at the apple in any alternative forum of their choosing, particularly one that has no connection to the specific transactions and conduct at issue.

Finally, the burden on BJB is significant: witnesses and evidence in this action are all overseas, and merits discovery could expose BJB to civil and criminal liability under Swiss foreign secrecy and privacy laws. *See* Bench Ruling Granting in Part and Den. in Part the Foreign Representatives Mot. Seeking Limited Relief, Adv. Pro. No. 10-03496 (Dkt. 799-2) ("The various respondents have described . . . the strong and undeniable interest of many nations in enforcing their banking secrecy laws."). Accordingly, personal jurisdiction over BJB would not comport with due process. *See Walden*, 571 U.S. at 286.

### III.   CONCLUSION

For the foregoing reasons, and for the reasons stated in BJB's opening brief, BJB respectfully requests that the Court dismiss this action for lack of personal jurisdiction.

Dated: August 24, 2023  
       New York, New York

Respectfully Submitted,

MCKOOL SMITH, P.C.

By */s/ Eric B. Halper*  
Eric B. Halper  
Hal M. Shimkoski  
MCKOOL SMITH, P.C.  
One Manhattan West  
395 9th Avenue, 50th Floor  
New York, New York 10001  
T: (212) 402-9400  
F: (212) 402-9444  
ehalper@mckoolsmith.com  
hshimkoski@mckoolsmith.com

*Attorneys for Defendant*  
*Bank Julius Baer & Co. Ltd.*