UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>           Debtor in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (JPM)<br><br>Jointly Administered |
| FAIRFIELD SENTRY LTD. (IN LIQUIDATION), et al.,<br><br>           Plaintiffs,<br><br>           v.<br><br>ABN AMRO SCHWEIZ AG a/k/a AMRO (SWITZERLAND) AG, et al.,<br><br>Defendants. | Adv. Pro. No. 10-03635 (JPM) |

**ELEVENTH AMENDED SCHEDULING ORDER
ON PERSONAL JURISDICTION BRIEFING AND SUBSEQUENT DISCOVERY**

      **WHEREAS**, on September 28, 2021, the Court entered a scheduling order for briefing motions to dismiss for lack of personal jurisdiction ("PJ Motions");

      **WHEREAS**, on January 14, 2022, the Court amended that scheduling order to facilitate the parties' continued negotiations over jurisdictional discovery;

      **WHEREAS**, the parties stipulated to the Second Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on August 2, 2022, at Adv. Pro. No. 10-03635, ECF No. 914 ("Second Amended Scheduling Order");

      **WHEREAS**, the Second Amended Scheduling Order extended the Liquidators' deadline to file briefs in opposition to defendants' PJ Motions to March 31, 2023, which extension was to seek jurisdictional discovery needed to oppose defendants' PJ Motions;

      **WHEREAS**, the parties stipulated to the Third Amended Scheduling Order on Personal

Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on March 30, 2023, at Adv. Pro. No. 10-03635, ECF No. 1019 ("Third Amended Scheduling Order"), which extended the personal jurisdiction briefing schedule for certain defendants;

**WHEREAS**, the parties stipulated to the Fourth Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on May 15, 2023, Adv. Pro. No. 10-03635, ECF No. 1096 ("Fourth Amended Scheduling Order"), which extended the personal jurisdiction briefing schedule for certain defendants;

**WHEREAS**, the parties stipulated to the Fifth Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on May 25, 2023, Adv. Pro. No. 10-03635, ECF No. 1101 ("Fifth Amended Scheduling Order"), which extended the personal jurisdiction briefing schedule for certain defendants;

**WHEREAS**, the parties stipulated to the Sixth Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on June 8, 2023, Adv. Pro. No. 10-03635, ECF No. 1104 ("Sixth Amended Scheduling Order"), which extended the personal jurisdiction briefing schedule for certain defendants;

**WHEREAS**, the parties stipulated to the Seventh Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on June 26, 2023, Adv. Pro. No. 10-03635, ECF No. 1108 ("Seventh Amended Scheduling Order"), which extension was to negotiate a potential settlement and extended the deadline for certain defendants to file a reply in support of its PJ motion to July 28, 2023;

**WHEREAS**, the Second Amended Scheduling Order requires that the parties shall substantially complete all merits document production by August 22, 2023;

**WHEREAS**, the parties stipulated to the Eighth Amended Scheduling Order on Personal

Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on August 23, 2023, at ECF No. 1128, ("Eighth Amended Scheduling Order");

 **WHEREAS**, the Eighth Amended Scheduling Order adjourned the deadline set forth in the Second Amended Scheduling Order requiring that the parties shall substantially complete all merits document production by August 22, 2023;

 **WHEREAS**, the parties stipulated to the Ninth Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court on November 1, 2023, at ECF No. 1135, ("Ninth Amended Scheduling Order");

 **WHEREAS**, the Ninth Amended Scheduling Order adjourned the deadline set forth in the Second Amended Scheduling Order requiring that the parties shall substantially complete all merits document production by August 22, 2023;

 **WHEREAS**, on December 14, 2023, the parties stipulated to the Tenth Amended Scheduling Order on Personal Jurisdiction Briefing and Subsequent Discovery, so-ordered by the Court at ECF No. 1139 ("Tenth Amended Scheduling Order");

 **WHEREAS**, the Tenth Amended Scheduling order adjourned the deadlines set forth in the Second Amended Scheduling Order requiring that the parties shall substantially complete all merits document productions by August 22, 2023, serve interrogatories (except contention interrogatories) by December 19, 2023, and the December 19, 2023 date by which the parties can first serve contention interrogatories;

 **WHEREAS**, the Second Amended Scheduling Order also contains the following deadlines: (i) The deadline for the Parties to disclose the identity of any expert witness that the designating Party may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705 is February 12, 2024 and (ii) Any request for leave to amend pleadings or join parties shall

3

be made by February 29, 2024;

**WHEREAS**, the parties require additional time to substantially complete all merits document production, serve interrogatories, disclose expert witnesses, consider whether to request for leave to amend pleadings or join parties, and confer regarding a further amended schedule;

**WHEREAS**, the parties will meet and confer and submit a further amended schedule by March 15, 2024;

**WHEREAS**, the parties agree that the deadlines for the substantial completion of all merits document production, service of interrogatories, and service of contention interrogatories, the disclosure of the identity of any expert witness that the designating Party may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705, and any request for leave to amend pleadings or join parties should be adjourned while discussions concerning an amended schedule continue;

**WHEREAS**, there is good cause to extend the case schedule accordingly;

**IT IS NOW, THEREFORE, HEREBY ORDERED,** that:

1. The August 22, 2023 deadline for the parties to substantially complete all merits document production, the December 19, 2023 deadline for serving interrogatories (except contention interrogatories) and the December 19, 2023 date by which the parties can first serve contention interrogatories remain **adjourned**.

2. The February 12, 2024 deadline for the Parties to disclose the identity of any expert witness that the designating Party may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705 is **adjourned**;

3. The February 29, 2024 deadline for the Parties to make a request for leave to amend pleadings or join parties is **adjourned**;

4. The parties shall meet and confer and submit a further amended schedule by **March 15, 2024**; and

5. To the extent not modified herein, the provisions of the September 28, 2021 scheduling order regarding the PJ Motions, the provisions of the October 25, 2021 scheduling order following the parties' Rule 26(f) conference, the provisions of the August 2, 2022 Second Amended Scheduling Order, the provisions of the March 30, 2023 Third Amended Scheduling Order, the provisions of the May 15, 2023 Fourth Amended Scheduling Order, the provisions of the May 25, 2023 Fifth Amended Scheduling Order, the provisions of the June 8, 2023 Sixth Amended Scheduling Order, the provisions of the June 26, 2023 Seventh Amended Scheduling Order, the provisions of the August 23, 2023 Eighth Amended Scheduling Order, the provisions of the November 1, 2023 Ninth Amended Scheduling Order, and the December 14, 2023 Tenth Amended Scheduling Order remain in full force and effect.

**SO ORDERED.**

Dated:   January 30, 2024
         New York, New York

                                          /S/ John P. Mastando III
                                          JOHN P. MASTANDO III
                                          UNITED STATES BANKRUPTCY JUDGE